Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:      *xestrada@bakerlaw.com*
            *aclaypool@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**<br><br>[*Filed Concurrently with Notice of Motion and Motion; Declaration; and (Proposed) Order*]<br><br>DATE:   July 21, 2025<br>TIME:   10:00 AM<br>CTRM:   8D |

## I. INTRODUCTION AND BACKGROUND

Remarkably, Plaintiff Regions Bank d/b/a Ascentium Capital ("Ascentium") will not agree to a simple 30-day extension for Defendant WashWorld, Inc. ("WashWorld") to respond to the complaint, forcing WashWorld to file this motion.

Ascentium filed the Complaint on January 14, 2025, alleging seven causes of action. (ECF No. 1.) It served WashWorld[1] on June 3, 2025, making WashWorld's responsive pleading deadline June 24, 2025. (ECF No. 42.) Following service, WashWorld retained counsel on Friday, June 13, 2025. (Claypool Decl. ¶ 4). The following Monday, June 16, 2025, counsel for WashWorld immediately sought a 30-day extension to respond to the complaint pursuant to Local Rule 8-3. (*Id*. ¶ 5). The parties had a call on June 16, 2025, and reached agreement on a 30-day extension. (*Id*. ¶ 6).

On June 20, 2025, counsel for WashWorld circulated the proposed stipulation. (*Id*. ¶ 8). Then, for the first time, counsel for Ascentium demanded to know whether WashWorld intended to provide any response other than an Answer, and indicated, that he understood WashWorld's request as seeking an extension to answer *only,* despite no mention by either counsel of this restriction on the earlier call. (*Id.* ¶ 6; *id.* at Ex. A). Ultimately, Ascentium changed its position and would only agree to a 15-day extension if WashWorld responded with a Rule 12 motion, or a 30-day extension if WashWorld decided to answer. (*Id.* ¶ 11.)

## II. STANDARD OF LAW

Under Federal Rule of Civil Procedure 6(b), the Court "may, for good cause, extend the time" "if a request is made[] before the original time or its extension expires."

---

[1] By seeking this opposed extension, WashWorld does not waive, and expressly reserves and retains, any and all legal and equitable defenses and objections which may be available to it in this action or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

Rule 6(b), "like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983)).

## III.  ARGUMENT

Good cause exists for a 30-day extension of time to respond to the complaint for three reasons.

*First*, WashWorld retained counsel on June 13, 2025. (Claypool Decl. ¶ 4.) Absent an extension, WashWorld's responsive pleading deadline is June 24, 2025, leaving WashWorld with seven business days to investigate and prepare a response. (ECF No. 42.) The Complaint contains seven causes of action, three of which are against WashWorld only. (ECF No. 1.).  Recognizing the timing constraints, WashWorld diligently requested a 30-day extension of time to respond to the Complaint, to which counsel for Ascentium agreed via phone call on June 16, 2025. (Claypool Decl. ¶¶ 5-7.)  In accordance with this Court's local rules, WashWorld prepared a stipulation pursuant to L.R. 8-3. (*Id.* ¶ 8.) After circulating the stipulation, Counsel for Ascentium walked back their initial agreement to an extension of time to respond. (*Id.* ¶¶ 9-11.) For the first time, counsel for Ascentium indicated he understood WashWorld's request as an extension of time to answer *only*, despite no mention by either counsel of this restriction on the earlier call. (*Id.* ¶¶ 6, 9.) The parties continued the discussion, where WashWorld clarified it had not yet decided on a legal strategy, given the recency of its retainer, hence the need for a 30-day extension to respond. (*Id.* ¶ 10.) Ascentium would only agree to: (1) a 15-day extension if the responsive pleading was a motion under Federal Rule of Civil

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

Procedure 12; or (2) a 30-day extension if WashWorld answered. (*Id.* at Ex. A.)

***Second***, over the next four weeks, counsel for WashWorld has the following pre-existing obligations, including briefing concerning five dispositive motions (*Herrera Vargas v. Northwest Community Hospital, et al.*, No. 1:25-cv-06586 (N.D. Ill.); *Leslie v. Thomson Reuters Corporation*, No. 1:22-cv-07936-JHR (S.D.N.Y.); *In re Albany Gastroenterology Consultants Data Breach Litigation*, No. 901232/2025 (Supreme Court of the State of New York, Albany County); *Banks v. CoStar Realty Information, Inc.*, No. 4:25-cv-00564 (E.D. Mo.) and *Washington, et al. v. Persona Identities, Inc.*, No. 21 L 816 (Circuit Court of Will County, Illinois)); oral argument on a motion for protective order (*In re: Estate of Rylan DeAngelo*, No. CPF-25-519135 (Superior Court of California, San Francisco County)); an answer (*John Wiley & Sons, Inc. v. NICE Global, LLC*, No. 25-cv-2662 (S.D.N.Y)); an opening appellate brief (*Townsend v. The Estates of Hyde Park, LLC*, No. 25-0096 (Appellate Court of Illinois, First Judicial District)); and an answer in a confidential arbitration pending before FINRA. Moreover, Ascentium's proposed 15-day extension (if WashWorld were to respond with a Rule 12 motion) overlaps with a federal holiday, Independence Day.

***Third***, although counsel for Ascentium cited difficulty with serving the other defendants, a 30-day extension for WashWorld to respond to the complaint cannot possibly burden Ascentium. (Claypool Decl. at Ex. A); *see also See Ahanchian,* 624 F.3d at 1260 ("The record shows that Ahanchian's requested relief was reasonable, justified, and would not result in prejudice to any party. . . . Because Ahanchian clearly demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that Ahanchian was acting in bad faith or was misrepresenting his reasons for asking for the extension, the district court abused its discretion in denying Ahanchian's timely motion."). Ascentium represented to the Court that Ascentium

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF TIME TO
RESPOND TO COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

has served three defendants to date, Car Wash Management, LLC (Delaware LLC)[2], West Covina Car Wash LLC, and WashWorld. (ECF No. 43 at 2.) Ascentium further represented that, if unsuccessful, it "may have to apply to the court to serve by publication." (*Id.*). Ascentium also requested the Court continue and enter the Order to Show Cause for 45 days, noting it "will probably dismiss all remaining unserved Defendants without prejudice so the case can proceed without further delay." (*Id.* at 3.) Because WashWorld has already been served, it is unclear why service on other defendants has any impact on WashWorld's response to Ascentium's Complaint.

Accordingly, WashWorld respectfully requests that the Court enter an order granting it 30 days to respond to the Complaint. Because WashWorld filed its motion for an extension of time before the deadline to respond expired, WashWorld further requests that the Court or Clerk deny any request by Ascentium to enter a default.

Dated: June 23, 2025

By: */s/ Xitlaly Estrada*
Xitlaly Estrada

**BAKER & HOSTETLER LLP**

*Attorney for Defendant*
WASHWORLD, INC.

---

[2] Default entered, *see* ECF No. 34.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF TIME TO
RESPOND TO COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants WashWorld, Inc. certifies that this brief contains 1,124 words, which complies with the word limit of L.R. 11-6.1.


Dated: June 23, 2025                                    */s/ Xitlaly Estrada*
                                                        Xitlaly Estrada


**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of June 2025, I filed the foregoing electronically through the CM/ECF system, which will provide notice and service to all counsel of record.


                                              By: */s/ Xitlaly Estrada*
                                                  Xitlaly Estrada

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF TIME TO
RESPOND TO COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS