Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:      *xestrada@bakerlaw.com*
            *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:      *mgannon@bakerlaw.com*
            *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)**<br><br>(1) **NOTICE OF MOTION**<br><br>(2) **MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(3) **DECLARATION**<br><br>(4) **PROPOSED ORDER** |
| JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | DATE:   September 22, 2025<br>TIME:   10:00 AM<br>CTRM:   8D |

WASHWORLD'S MOTION TO DISMISS ASCENTIUM'S COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 22, 2025 at 10:00 A.M., or as soon thereafter as counsel may be heard, in Courtroom 8D of the United States Courthouse, located at United States Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendant Washworld, Inc. ("Washworld") will and hereby does move (the "Motion") for an order dismissing Plaintiff Regions Bank d/b/a Ascentium Capital's ("Ascentium") Complaint. This Motion is made pursuant to Federal Rules of Civil 12(b)(2) and 12(b)(6) on the grounds that this Court does not have personal jurisdiction over Washworld, and Ascentium otherwise fails to state a claim against Washworld upon which relief can be granted.

Washworld bases its Motion on this Notice, the accompanying Memorandum of Points and Authorities, Declaration, and Proposed Order, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

The parties have met and conferred pursuant to L.R. 7-3 by way of teleconference on July 31, 2025.

Dated:  August 15, 2025

**BAKER & HOSTETLER LLP**

By:    */s/ Xitlaly Estrada*
       Xitlaly Estrada

       *Attorneys for Defendant*
       WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

# **TABLE OF CONTENTS**

**Page**

Table of Authorities ...................................................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I.   INTRODUCTION ............................................................................................1

II.  STATEMENT OF FACTS ..............................................................................2

    A.   THE EQUIPMENT FINANCING AGREEMENT ...............................................2

    B.   CAR WASH MANAGEMENT'S FRAUD........................................................3

    C.   WASHWORLD HAS EXTREMELY LIMITED CONTACTS WITH CALIFORNIA ...........................................................................................3

    D.   ASCENTIUM'S COMPLAINT ....................................................................4

III. LEGAL STANDARDS ....................................................................................4

    A.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)......................................4

    B.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)......................................6

IV.  ARGUMENT ....................................................................................................6

    A.   THIS COURT LACKS PERSONAL JURISDICTION........................................6

        1.   General Jurisdiction Cannot Be Exercised Over Washworld ................................................................................6

        2.   Specific Jurisdiction Also Cannot Be Exercised Over Washworld ................................................................................9

            a)   Applicable Legal Standards For Specific Jurisdiction.........................................................................9

            b)   Purposeful Direction and Purposeful Availment. ..........10

            c)   Relatedness .................................................................11

            d)   It Would Be Unreasonable To Exercise Jurisdiction Over Washworld................................................12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

B.   ASCENTIUM HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.............................................16

1.   Ascentium Fails to State a Claim for Money Paid by Mistake/Unjust Enrichment. .....................................................16

a)   Ascentium's Claim Fails Because Ascentium Has Not Alleged An Inadequate Remedy at Law..................16

b)   Ascentium's Claim Fails Because A Contractual Remedy and Legal Remedy for the Same Wrong Is Available...................................................................17

2.   Ascentium Has Failed to State a Claim for Breach of Contract.................................................................................18

3.   Ascentium Fails to State a Claim for Money Had and Received................................................................................19

4.   Ascentium Has An Adequate Remedy at Law. ........................20

5.   Ascentium Fails to State a Claim..............................................20

V.   CONCLUSION .........................................................................................21

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
  355 F.3d 1179 (9th Cir. 2004) .................................................................5

*Amiri v. DynCorp Int'l, Inc.*,
  No. 14-CV-03333 SC, 2015 WL 166910 (N.D. Cal. Jan. 13, 2015) ...................8

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
  1 F.3d 848 (9th Cir. 1993) ...................................................................14

*Asahi Metal Indus. Co., Ltd. v. Super. Ct.*,
  480 U.S. 102 (1987).............................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................6

*Ballard v. Savage*,
  65 F.3d 1495 (9th Cir. 1995) ...............................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................6

*Brand v. Menlove Dodge*,
  796 F.2d 1070 (9th Cir. 1986) .......................................................7, 14

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)............................................................................5

*Cahen v. Toyota Motor Corp.*,
  147 F. Supp. 3d 955 (N.D. Cal. 2015)...................................................7

*Cor. Inv. Bus. Brokers v. Melcher*,
  824 F.2d 786 (9th Cir. 1987) ...............................................................12

*Core-Vent Corp. v. Nobel Indus.*
  AB, 11 F.3d 1482 (9th Cir. 1993)........................................................14

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)....................................................................6, 7, 8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Farm Credit Servs. v. American State Bank*,
339 F.3d 764 (8th Cir. 2003) .................................................................................6

*FDIC v. British-American Ins. Co.*,
828 F.2d 1439 (9th Cir. 1987) ...................................................12, 13, 14, 15

*Gaige v. Exer Holding Co., LLC*,
No. 2:24-CV-06099-AH-(AJRX), 2025 WL 559719 (C.D. Cal.
Mar. 2, 2025) ........................................................................................................16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ..............................................................................................5

*Helicopteros Nacionales de Colombia, S. A. v. Hall*,
466 U.S. 408 (1984)...............................................................................................5

*Hendrickson v. Octagon Inc.*,
225 F. Supp. 3d 1013 (N.D. Cal. 2016)............................................................20

*Ins. Co. of N. Am. v. Marina Salina Cruz*,
649 F.2d 1266 (9th Cir. 1981) ...........................................................................13

*Int'l Shoe Co. v. Wash.*,
326 U.S. 310 (1945)..............................................................................................12

*Justus v. Argosy Intl., Inc.*,
No. CV113120DSFPLAX, 2011 WL 13220310 (C.D. Cal. Oct. 13,
2011) .......................................................................................................................18

*Lake v. Lake*,
817 F.2d 1416 (9th Cir. 1987) .............................................................................9

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) ........................................................................6, 8

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
2009 WL 3063062 (C.D. Cal. July 17, 2009).....................................................5

*McKell v. Wash. Mut., Inc.*,
49 Cal. Rptr. 3d 227 (Cal. App. 2d Dist. 2006)..............................................18

*McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*,
339 F.3d 1087 (9th Cir. 2003) ...........................................................................17

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Meixner v. Wells Fargo Bank, N.A.*,
   101 F. Supp. 3d 938 (E.D. Cal. 2015) ...................................................................17

*Morrill v. Scott Fin. Corp.*,
   873 F.3d 1136 (9th Cir. 2017) ...............................................................................10

*Naxos Res. (U.S.A.) v. Southam Inc.*,
   1996 WL 635387 (C.D. Cal. June 3, 1996)........................................................5, 6

*Oasis W. Realty, LLC v. Goldman*,
   250 P.3d 1115 (Cal. 2011)......................................................................................18

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
   52 F.3d 267 (9th Cir. 1995) ......................................................................................9

*Pac. Atl. Trading Co. v. M/V Main Express*,
   758 F.2d 1325 (9th Cir. 1985)...........................................................................12, 13

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
   96 F.3d 1151 (9th Cir. 1996) ..................................................................................18

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ..................................................................................5

*Pennoyer v. Neff*,
   95 U.S. 714 (1877)....................................................................................................4

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ..................................................................................6

*Rasmussen v. Dublin Rarities*,
   No. C 14-1534 PJH, 2015 WL 1133189 (N.D. Cal. Feb. 27, 2015) ..................20

*Ruiz v. The Bradford Exch., Ltd.*,
   2024 U.S. Dist. LEXIS 100731 (S.D. Cal. May 16, 2024) ...........................17, 20

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ..........................................................................7, 9, 10

*Scott v. Breeland*,
   792 F.2d 925 (9th Cir. 1986) ....................................................................................5

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .............................................................................16, 20

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Talavera v. Glob. Payments, Inc.*,
670 F. Supp. 3d 1074 (S.D. Cal. 2023) .............................................................17

*Taylor v. Portland Paramount Corp.*,
383 F.2d 634 (9th Cir. 1967) .........................................................................5, 8

*Utility Audit Co., Inc. v. City of L.A.*,
112 Cal.App.4th 950 (2003) ..............................................................................19

*Villager Franchise Sys., Inc. v. Dhami, Dhami & Virk*,
No. CVF046393RECSMS, 2006 WL 224425 (E.D. Cal. Jan. 26,
2006) .................................................................................................................17

*Walden v. Fiore*,
571 U.S. 277 (2014)..................................................................9, 10, 11, 12

*Wazana Bros. Int'l, Inc. v. Int'l Laser Grp., Inc.*,
No. CV 12-1850 PA, 2013 WL 12124386 (C.D. Cal. Mar. 25,
2013) ...................................................................................................................6

*Williams v. Progressive Cnty. Mut. Ins. Co.*,
No. 17-CV-2282-AJB-BGS, 2019 WL 1434241 (S.D. Cal. Mar. 29,
2019) ...................................................................................................................8

*Wills v. First Republic Bank*,
No. 19-17001, 2022 WL 501126 (9th Cir. Feb. 18, 2022)................................18

**Rules**

Fed. R. Civ. P. 12(b)(2)................................................................................2, 5, 16

**Other Authorities**

4 Witkin, Cal. Proc. 5th, Plead, §561 .................................................................20

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff Regions Bank d/b/a Ascentium Capital ("Ascentium") claims that Defendants Car Wash Management, LLC and Car Wash Management, LLC (together "Car Wash Management") committed fraud by (1) entering into an Equipment Financing Agreement with Ascentium and (2) representing that Car Wash Management would purchase equipment listed on a quote that it provided to Ascentium. (Compl. ¶¶ 45-47). Car Wash Management never purchased the equipment and defaulted on the Equipment Financing Agreement. (Compl. ¶¶ 28, 47.) Even though Car Wash Management is responsible for any loss, Ascentium wrongly tries to pin the blame on Defendant Washworld, Inc. ("Washworld"), bringing claims against Washworld for unjust enrichment, breach of contract, and money had and received.

But there are three fatal flaws with Ascentium's Complaint against Washworld.

**First**, Ascentium cannot establish ***general jurisdiction***.  Washworld is a Wisconsin corporation with its principal place of business and headquarters in Wisconsin.  Indeed, Ascentium is attempting to drag Washworld into court in California based on nothing more than speculation. Washworld has no employees, offices, warehouses, factories, or bank accounts in California. Although Washworld has relationships with some distributors in California, its California distributors represent 4.8% of its nationwide distributors. Further, only 7.53% of Washworld's revenue from April 2023 to December 2024 was attributable to customer sales in California.  These activities do not (and cannot) evidence a substantial, continuous, and systemic course of business in California.

**Second**, Ascentium cannot establish ***specific jurisdiction*** because its claims do not arise out of or relate to *Washworld's* contacts with California, nor did Washworld purposefully direct its conduct at California or avail itself of California's laws.  All of the underlying events purporting to tie this action to California relate to other defendants and their California-based fraud. But Ascentium's claims against

Washworld relate to a payment made by Ascentium to Washworld's bank account *in Wisconsin*. Further, Ascentium's breach of contract claim is based on a document only signed by Washworld in Wisconsin, and to the extent that Washworld's alleged breach occurred when Washworld allegedly failed to contact Ascentium about the payment, that alleged breach occurred in Wisconsin. Accordingly, Washworld is not subject to specific personal jurisdiction in California.

As such, the exercise of either general *or* specific personal jurisdiction over Washworld in this case offends traditional notions of fair play and substantial justice, and Ascentium's Complaint, as asserted against Washworld, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**Third**, Ascentium fails to state a claim against Washworld.

## II.    STATEMENT OF FACTS

### A.    THE EQUIPMENT FINANCING AGREEMENT

Ascentium is a bank in Alabama. (Compl. ¶ 1.) On or around January 10, 2024, Defendant Car Wash Management sought to finance certain equipment and entered into an Equipment Finance Agreement with Ascentium. (Compl. ¶ 12.) At first, Car Wash Management intended to use another vendor to purchase equipment. (*Id.*) After experiencing a lack of communication, (Compl. at Ex. B), Car Wash Management switched vendors and indicated to Ascentium that Car Wash Management would order the equipment from Washworld. (Compl. ¶ 13.) On or around March 7, 2024, Ascentium and Car Wash Management entered into Addendum No. 2763169, revising the amount financed from $343,394.23 to $346,904.75. (*Id.* ¶ 14.)

Ascentium had previously sent funding instructions to Washworld in February 2023 in connection with other transactions. (*Id.* ¶ 16.) Pursuant to the terms of the Equipment Financing Agreement, Ascentium sent a payment of $309,054.80 to Washworld on March 12, 2024 through an ACH payment, citing Car Wash Management as the customer. (*Id.* ¶ 17.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### B.   CAR WASH MANAGEMENT'S FRAUD

In connection with switching vendors, Car Wash Management presented an unsigned Washworld order form with a quote to Ascentium. (Compl. ¶ 13.) This quote was not signed by Car Wash Management or Washworld. (*See* Compl. at Ex. A.) The order form provided instructions, noting that for an order to be tentatively scheduled for production, the orderer had to submit a down payment and sign and return the order confirmation within 48 hours. (*Id.*) Ascentium further alleges that Car Wash Management "never sent the Quote, Exhibit '2', to Washworld and never ordered, or intended to order, any of the equipment stated in the Quote identified in paragraph 12, Exhibit '2' from Washworld." (*Id.* ¶ 19.) Ascentium concedes that Washworld had to reach out to Car Wash Management after receiving Ascentium's payment to ascertain the corresponding order, and Car Wash Management instructed Washworld to apply part of the balance to a pending order with a remaining balance of $132,509.09 and to send the remaining amount of $176,552.71 to Car Wash Management. (*Id.* ¶ 21)

Based on these events, Ascentium alleges that Car Wash Management fraudulently induced Ascentium to submit funds to Washworld. And despite conceding that Car Wash Management never sent the quote to Washworld and that Washworld had to seek clarity *after* Ascentium sent an ACH payment to Washworld, Ascentium alleges without supporting detail that Washworld somehow "had reason to know" or "should have known" of Car Wash Management's fraud (*Id.* ¶ 20.), even though all of the pertinent events occurred within one week: on March 12, 2024, Ascentium sent a payment notification email to Washworld, and on March 19, 2024, Washworld sent money to Car Wash Management.

### C.   WASHWORLD HAS EXTREMELY LIMITED CONTACTS WITH CALIFORNIA

Washworld is a manufacturer of car wash equipment. (Declaration of Zach Jensen ("Jensen Decl."), ¶ 1.)  It is a Wisconsin corporation with its corporate headquarters and principal place of business in De Pere, Wisconsin.  (*Id.* ¶¶ 1-4.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Washworld provides equipment to distributors for resale. (*Id.* ¶ 10.) Car Wash Management is one such distributor. (*Id.* ¶ 14.)

However, Washworld *itself* does <u>not</u> conduct any general business operations or have any offices, facilities or places of business, telephone listings, or mailing addresses in California. (*See id.*, ¶ 5.) Washworld also does <u>not</u> have any employees in California. (*Id.* ¶ 7.) Washworld does not have any bank accounts in California. (*Id.* ¶ 6.) Moreover, Washworld generates a small percentage of its revenue from customer sales in California. (*See id.*, ¶ 8.)

### D.   ASCENTIUM'S COMPLAINT

Ascentium alleges seven purported causes of action for: (1) breach of Equipment Financing Agreement (against Car Wash Management); (2) breach of guaranty (Defendant Ortiz); (3) breach of guaranty (against West Covina Car Wash); (4) fraud/concealment (against Car Wash Management, Williams, Ortiz, and Does-10); (5) recovery for payment of money by mistake, unjust enrichment (against Washworld); (6) breach of contract (against Washworld); and (7) money had and received (against Washworld). (*See generally* Compl.)

Tellingly, Ascentium does *not* allege that Washworld is a citizen of California in its Complaint. (Compl. ¶¶ 1-8) (allegations regarding the parties). Instead, Ascentium alleges only that Washworld "a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin and is authorized to and doing business in the County of Los Angeles, State of California." (Compl. ¶ 6.) But Ascentium's Complaint contains no allegations establishing that this Court has personal jurisdiction over Washworld.

## III.   LEGAL STANDARDS

### A.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

Personal jurisdiction is necessary for any judgment that imposes a personal obligation, such as a judgment for money damages. *See Pennoyer v. Neff*, 95 U.S. 714, 720-722 (1877). Thus, a "lack of personal jurisdiction" is a defense to any claim for

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

relief. *See* Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)"). "When a defendant moves to dismiss for lack of personal jurisdiction, the ___***plaintiff***___ bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (emphasis added).

Although a pleading's factual allegations are generally accepted as true, they "are [not] enough to confer personal jurisdiction" in the face of contrary evidence. *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967). "[O]nce the defendant has contradicted allegations contained in the complaint, the plaintiff ... must present ***admissible evidence*** to support the … exercise of personal jurisdiction." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 2009 WL 3063062, *1 (C.D. Cal. July 17, 2009) (Gutierrez, J.), *rev'd on other grounds*, 647 F.3d 1218 (9th Cir. 2011) (emphasis added); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("[T]he plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'").

"General jurisdiction exists when a defendant is domiciled in the forum state or [its] activities there are 'substantial' or 'continuous and systematic,'" *Helicopteros Nacionales de Colombia, S. A. v. Hall,* 466 U.S. 408, 414-16 (1984), that it is a state "in which the corporation is fairly regarded as at home," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If general jurisdiction is established, the court may exercise jurisdiction as to any cause of action, even if unrelated to the defendant's intrastate activities. *Naxos Res. (U.S.A.) v. Southam Inc.,* 1996 WL 635387, at *2 (C.D. Cal. June 3, 1996) (Rea, J.).

If general jurisdiction ultimately fails, however, the court may determine whether it has specific jurisdiction, which exists only when (1) the defendant has sufficient "minimum contacts" with the forum and (2) "assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Corp.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

*v. Rudzewicz*, 471 U.S. 462, 476 (1985) (int. quot. omitted).  If specific jurisdiction is established, the court may exercise jurisdiction over a nonresident defendant *only* on claims related to its activities within the state.  *Naxos*, 1996 WL 635387, at *2.

### B.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wazana Bros. Int'l, Inc. v. Int'l Laser Grp., Inc.*, No. CV 12-1850 PA (PJWX), 2013 WL 12124386, at *2 (C.D. Cal. Mar. 25, 2013) (Anderson, J.) (citing *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003)).

## IV.   ARGUMENT

### A.   THIS COURT LACKS PERSONAL JURISDICTION.

#### 1.   General Jurisdiction Cannot Be Exercised Over Washworld

"The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015).  As such, "[o]nly in an '***exceptional case***' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (emphasis added); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction.").

To that end, general jurisdiction "requires affiliations so continuous and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler*, 571 U.S. at 133 n.11. Indeed, even a corporation's "continuous and systematic course of business" in the forum state will generally not be sufficient to confer general jurisdiction if the corporation is neither incorporated in nor has its principal place of business in the forum state. *Id.* at 138 (rejecting idea that corporations are subject to general jurisdiction in every state in which they engage in a substantial, continuous, and systematic course of business).

In *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004), the Ninth Circuit held that general jurisdiction in California did not exist over an Ohio car dealership that regularly purchased automobiles that were manufactured in Asia and imported by California entities, regularly retained the services of a California-based direct-mail marketing company, hired a California sales training company for consulting services, and maintained an Internet website accessible by anyone capable of using the Internet, including California residents. Some of the defendant's sales contracts with its automobile suppliers even included a choice-of-law provision specifying California law. The court held that such contacts fell "well short" of the continuous and systematic contacts required to find that general jurisdiction existed. *Id.* at 800-01; *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite significant contacts with forum).

Here, Washworld's contacts with California do not rise to the "substantial" or "continuous and systematic" level required to exercise general jurisdiction over it, particularly where Washworld is a Wisconsin corporation with a principal place of business in Wisconsin. (Compl. ¶ 6.) Under *Daimler*, "[t]hese facts, alone, are strong evidence that [Washworld is] not at home in California." *See Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 964 (N.D. Cal. 2015); *Daimler*, 134 S. Ct. at 760 ("With respect to a corporation, the place of incorporation and principal place of

business are 'paradig[m] . . . bases for general jurisdiction.'"). Ascentium thus attempts to shoehorn this case into the "exceptional case" where general jurisdiction exists over a company that is not "at home" in California. But Ascentium is unable to make that showing. Ascentium cites approximately 20 previous transactions between Washworld and Ascentium, but Ascentium is an Alabama bank. (Compl. ¶ 15.) Moreover, Washworld has no offices, warehouses, or factories in California, no employees in California, and no bank accounts in California. (Jensen Decl. ¶¶ 5-8.) Further, of its 104 distributors, only five are located in California. (*Id.* ¶ 10.)

It is well-settled that a defendant is not "at home" in a forum simply because its "sales are sizeable." *Daimler*, 134 S. Ct. at 761 (describing this theory as "unacceptably grasping"). Rather, Daimler instructs courts to consider "a corporation's activities in their entirety, nationwide and worldwide." *Id.* at 762 n.20. Here, between April 2023 through December 2024, only 7.53% of Washworld's total revenue came from California. (Jensen Decl. ¶ 8.) This Court cannot exercise general jurisdiction over Washworld based on its comparatively limited business in California. *See, e.g., Williams v. Progressive Cnty. Mut. Ins. Co.*, No. 17-CV-2282-AJB-BGS, 2019 WL 1434241, at *5 (S.D. Cal. Mar. 29, 2019) (holding no general jurisdiction where the defendant's California premiums represented only 7.9% of their nationwide premiums."); *Amiri v. DynCorp Int'l, Inc.*, No. 14-CV-03333 SC, 2015 WL 166910, at *4-5 (N.D. Cal. Jan. 13, 2015) (rejecting general jurisdiction theory based on, among other things, "several hundred million dollars of contracts . . . in California" in light of the "much larger, worldwide business"); *see also Martinez*, 764 F.3d at 1070 (rejecting general jurisdiction argument where entity entered into between $225 and $250 million in contracts with California corporation). To hold otherwise would fly in the face of *Daimler*.

Ascentium's wholly conclusory allegations are too attenuated to support any finding that general jurisdiction exists over Washworld. *See Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("[M]ere allegations of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant."). In sum, Washworld is not "at home" in California, and there is no basis for Washworld "to be haled into court in" California "to answer for any of [Washworld's] activities" elsewhere. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

### 2.   Specific Jurisdiction Also Cannot Be Exercised Over Washworld

#### a)   Applicable Legal Standards For Specific Jurisdiction

Ascentium also has not (and cannot) establish specific jurisdiction over Washworld. Specific jurisdiction, the second part of the jurisdictional inquiry, concerns "contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  It requires a showing of:

➢ **purposeful direction or availment**, *i.e.*, that the out-of-state defendant itself *purposefully* directed its conduct toward the forum state or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

➢ **relatedness**, *i.e.*, that plaintiff's cause of action arises out of or results from *the defendant's* forum-related contacts; ***and***

➢ **reasonableness**, *i.e.*, that the forum's exercise of personal jurisdiction is reasonable, such that it comports with fair play and substantial justice.

*See Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

"If ***any*** of the three requirements is not satisfied, jurisdiction in the forum would ***deprive*** the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (emphasis added).  <u>***Ascentium bears the burden***</u> of satisfying the purposeful direction, availment, and relatedness factors, *see Schwarzenegger*, 374 F.3d at 802—but even if they are established, the reasonableness requirement may still defeat the exercise of local jurisdiction, *Asahi Metal Indus. Co., Ltd. v. Super. Ct.*, 480 U.S. 102, 115 (1987). Because Ascentium cannot satisfy any of the three requirements set forth above, this Court cannot exercise specific jurisdiction

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

9

over Washworld.

**b)   Purposeful Direction and Purposeful Availment.**

As the Ninth Circuit has made clear, the first prong of the specific jurisdiction test actually refers to "two distinct concepts": purposeful availment and purposeful direction. *See Schwarzenegger*, 374 F.3d at 802. Which test applies depends on the type of claim at issue. *See id.* While the purposeful availment test typically applies in contract cases, the purposeful direction test "is most often used in suits sounding in tort." *Id.*; *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

Ascentium's breach of contract claim is governed by the purposeful availment test. Ascentium's claims for unjust enrichment and money had and received are premised on breach of contract and underlying fraud, but Ascentium cannot satisfy either test.

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). But Washworld does not enter into contracts with its distributors, (Jensen Decl. ¶ 11), and as discussed below, no contract governs the relationship between Ascentium and Washworld. At most, Washworld manufactures equipment and provides it to its nationwide distributors for resale.

Purposeful direction refers to (1) an intentional act *by the defendant* (2) expressly *aimed at the forum state* and (3) "causing harm that the defendant knows is likely to be suffered **in the forum state**." *See Schwarzenegger*, 374 F.3d at 803 (emphasis added). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. 277, 290 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether *the defendant's* conduct connects [it] to the forum in a meaningful way." *Id.* (emphasis added).

Here, Ascentium cannot establish purposeful direction. Ascentium alleges

10

Defendant Ortiz resides in this District and defendants Car Wash Management and West Covina Car Wash do business in this District. "In addition, Plaintiff is informed and believes that the personal property which is the subject of the allegations in this case is within this Judicial District." (Compl. ¶ 10.) But later in its Complaint, Ascentium concedes that the personal property in this case is not within this judicial district because *it does not exist*. Car Wash Management "never sent the Quote, Exhibit '2', to Washworld *and never ordered, or intended to order, any of the equipment stated in the Quote* identified in paragraph 12, Exhibit '2' from Washworld." (Compl. ¶ 19 (emphasis added).) Further, a refusal to return money received in Wisconsin is not an intentional action aimed at California, that would cause harm likely to be suffered in California where Ascentium is an Alabama bank, a non-resident of California.

Thus, Ascentium cannot establish the first element of specific jurisdiction, and the Complaint should be dismissed as against Washworld for lack of sufficient minimum contacts on this basis alone.

### c)      Relatedness

Relatedness ensures a sufficient link between the defendant's in-state conduct and the causes of action at issue. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). To demonstrate "relatedness," the plaintiff's evidence must show that the subject harm would not have occurred "but for" the defendant's *forum-related activities*. *Id.* (emphasis added). In other words, the plaintiff cannot be the only link between the defendant and the forum; "the defendant's conduct … must form the necessary connection with the forum State …." *Walden*, 571 U.S. at 285. But the allegations in the Complaint are smoke and mirrors for two reasons.

First, Ascentium concedes that Car Wash Management "*never sent the Quote, Exhibit '2', to Washworld and never ordered, or intended to order, any of the equipment* stated in the Quote identified in paragraph 12, Exhibit '2' from Washworld." (Compl. ¶ 19 (emphasis added).). Although WashWorld works with distributors nationwide, to suggest that this harm would have occurred but for

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Washworld's forum-related activities falls short. But for Car Wash Management's fraud arising from its order form (with quote) that Washworld had never seen, Ascentium would not have sent payment to Washworld.

Second, none of Ascentium's claims relate to Washworld's forum-related activities. Ascentium brings claims for unjust enrichment, breach of contract, and money had and received. But the money Ascentium seeks to recover, allegedly retained by Washworld, was sent to Washworld *in Wisconsin*. (Jensen Decl. ¶¶ 4-7.) As such, Ascentium cannot establish that Washworld has engaged in any activities in California that relate to Ascentium's alleged claims sufficient to confer specific jurisdiction—that is, Ascentium cannot establish that the alleged harm suffered by Ascentium would not have occurred "but for" *Washworld's* activities in California. *See Walden*, 571 U.S. at 290. Ascentium's attempt to drag Washworld into court in California is based *not* on Washworld's own affiliation with the state, as it *must* be, but on the alleged fraudulent activities of others (Car Wash Management, West Covina Car Wash, Ortiz, and Williams), which is insufficient.

### d) It Would Be Unreasonable To Exercise Jurisdiction Over Washworld

To satisfy due process, personal jurisdiction over a nonresident defendant must also be reasonable. *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). To wit, local jurisdiction must comport with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). Therefore, even if the first two prongs of the specific jurisdiction test are satisfied (which, in this case, they both are **not**), the Court must still determine whether the exercise of such jurisdiction is *reasonable*. *See, e.g., Cor. Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987); *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1329 (9th Cir. 1985).

This determination requires the balance of seven factors: (1) the extent of the defendant's purposeful interjection; (2) the burden on the defendant to establish a

defense in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in efficient relief; and (7) the existence of an alternative location for trial.  *See FDIC*, 828 F.2d at 1442.  Here, subjecting Washworld to jurisdiction in California would be ***unreasonable*** because *at least* five of the seven reasonableness factors militate ***against*** the exercise of specific jurisdiction over Washworld, and two are of little significance.

### a.    Factor 1:  Purposeful Interjection

As discussed above, because the purposeful availment prong of specific jurisdiction is ***not*** satisfied here, it likewise ***cannot*** be shown that Washworld purposefully interjected itself into California.  Namely, Washworld is headquartered outside California and as discussed above, has not (and could not have) interjected itself into Car Wash Management's fraud when Car Wash Management never provided Washworld with the quote on which Ascentium brings its claims.  Thus, it has not engaged in any intentional activity within California's borders that relate to the claims at issue, and, as such, the purposeful interjection factor weighs **against** the exercise of local jurisdiction over Washworld.

### b.    Factor 2:  Burden

The burden of defending in the forum is the "primary concern" of the personal jurisdiction defense.  *See FDIC*, 828 F.2d at 1444; *Pac. Atl. Trading Co.*, 758 F.2d at 1330.  As the Ninth Circuit Court has observed:

> If the burdens of trial are too great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to sue elsewhere. A defendant has no such luxury. The burdens on a defendant are of particular significance if, as here, **the defendant has done little to reach out to the forum state**.

*Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1272 (9th Cir. 1981) (emphasis added).

This is just such a case. The burden of defending this action in California would

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

be prejudicial because all of Washworld's witnesses and records are located in Wisconsin.  For example, Washworld's witnesses relevant to this action primarily work and reside in or near De Pere, Wisconsin, where its corporate headquarters and evidence concerning the same are located.  (*See* Jensen Decl., ¶ 9.)  They will, thus, need to travel well over two thousand miles to reach the forum state.  Furthermore, pertinent paper and electronic records related thereto are all stored at Washworld's corporate headquarters in Wisconsin.  (*See id.*) Therefore, the burden on Washworld of defending against this action in California militates **against** exercising specific jurisdiction over it here.  *See FDIC*, 828 F.2d at 1444.

### c.   __Factor 3__:  **Sovereignty Conflict**

"The conflict with the sovereignty of the defendant's state is not a very significant factor in cases involving only U.S. citizens."  *Brand*, 796 F.2d at 1076.  Therefore, this factor does not weigh heavily in favor of either side of the jurisdictional analysis where, as here, all of the parties are U.S. citizens and corporations.  Sovereignty concerns are therefore of little significance here.

### d.   __Factor 4__:  **The Interests Of the Forum State**

California has little to no interest in adjudicating this action as between Ascentium, an Alabama bank, and Washworld, a Wisconsin corporation—and little to no expectation that any such dispute would be litigated in this forum.  In other words, California's supposed interest is no greater or more specific than that of ***any*** other forum in the United States.  *See Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 852 (9th Cir. 1993).  Thus, California's interest, if any, militates against exercising specific jurisdiction over Washworld here.

### e.   __Factor 5__:  **The Most Efficient Resolution**

This factor weighs against the exercise of local jurisdiction, as it concerns the efficiency of the judicial forum.  In analyzing this fifth factor, courts in the Ninth Circuit look primarily to where the witnesses and the evidence are likely to be located.  *See Core-Vent Corp. v. Nobel Indus.* AB, 11 F.3d 1482, 1489 (9th Cir. 1993). Here, all

of Washworld's witnesses reside in Wisconsin. The relevant records (paper and electronic) in Washworld's possession or control (if any) are also located in Wisconsin. (Jensen Decl., ¶ 9.) Accordingly, the most efficient resolution of this dispute as it pertains to Washworld militates against it being adjudicated in California.

### f.    <u>Factor 6</u>:  **Plaintiff's Preference**

While this factor could arguably weigh in favor of exercising local jurisdiction, the Ninth Circuit has made clear that Ascentium's interest in California as the forum is "not of paramount importance" in the Ninth Circuit. Additionally, Ascentium is not at home in California as an Alabama bank.

### g.    <u>Factor 7</u>:  **Suitable Alternative Forum**

Ascentium bears the burden of proving the *unavailability* of an alternative forum. *See FDIC*, 828 F.2d at 1445. Unless Ascentium can prove that it would be *precluded* from suing Washworld outside of California or that it would not be entitled to full and effective relief in an alternative forum, it cannot meet its burden. *See FDIC*, 828 F.2d at 1445 (argument that California would be a more convenient forum was insufficient to meet burden). Therefore, this factor weighs ***against*** the exercise of personal jurisdiction over Washworld in California as well.

\* \* \*

Accordingly, given that *at least* five of the seven reasonableness factors militate ***against*** the exercise of specific jurisdiction over Washworld, and two are of little significance, it would be *unreasonable* to exercise personal jurisdiction over Washworld in California. Notwithstanding, because Ascentium cannot establish that Washworld has availed itself of the privileges of doing business in or the benefits of the laws of California or directed its actions at California, or that Ascentium would not have suffered its alleged injuries and damages "but for" Washworld's alleged activities in California, it would be unreasonable to exercise personal jurisdiction over Washworld here, ***regardless*** of how an analysis of the reasonableness factors ultimately balances out. Therefore, Ascentium cannot establish that Washworld has sufficient

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

minimum contacts with California to support local jurisdiction, and the Complaint should be dismissed as against Washworld for lack of personal jurisdiction under Rule 12(b)(2).

**B.    ASCENTIUM HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**1.    Ascentium Fails to State a Claim for Money Paid by Mistake/Unjust Enrichment.**

As an initial matter, Ascentium's exact claim here is unclear, as Ascentium has used different labels and terminology throughout the Complaint, including "Recovery for Payment of Money by Mistake, Unjust Enrichment," (*See* Caption, Compl. at 1), "Recovery of Money Paid by Mistake," (Compl. at 11), and "an unjust enrichment," (Compl. ¶ 56.). Washworld is unaware of a cause of action for money paid by mistake distinct from a claim for money had and received in California, and accordingly Washworld addresses a claim for unjust enrichment.

Ascentium's claim for unjust enrichment must be dismissed for multiple reasons. First, Ascentium has failed to plead an inadequate remedy at law. Second, California does not recognize a claim for unjust enrichment where a contractual remedy is available or a legal remedy for the same wrong is available against another defendant.

**a)    Ascentium's Claim Fails Because Ascentium Has Not Alleged An Inadequate Remedy at Law.**

This Court must dismiss the claim for unjust enrichment for the independent reason that Ascentium has failed to allege that it has an inadequate remedy at law, thus necessitating the need for restitution. *Gaige v. Exer Holding Co., LLC*, No. 2:24-CV-06099-AH-(AJRX), 2025 WL 559719, at *8 (C.D. Cal. Mar. 2, 2025) ("The Ninth Circuit requires that a complaint seeking an equitable remedy, such as unjust enrichment, plead the inadequacy of a legal remedy.") (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). Ascentium has an adequate remedy at law: its breach of contract and breach of guaranty claims against Car Wash

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Management, Ortiz, and West Covina Car Wash. As such, "[w]here 'monetary damages provide[] an adequate remedy,' a federal court may not consider the merits of equitable claims for restitution, disgorgement, or injunctive relief." *Ruiz v. The Bradford Exch., Ltd.*, 2024 U.S. Dist. LEXIS 100731, at *5 (S.D. Cal. May 16, 2024) (citation omitted).

### b)     Ascentium's Claim Fails Because A Contractual Remedy and Legal Remedy for the Same Wrong Is Available.

California courts do not recognize a claim for unjust enrichment where a contract exists or where a legal remedy for the same wrong is available against a different party. *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 960–61 (E.D. Cal. 2015); *Talavera v. Glob. Payments, Inc.*, 670 F. Supp. 3d 1074, 1110 (S.D. Cal. 2023) (quoting *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003)); *Villager Franchise Sys., Inc. v. Dhami, Dhami & Virk*, No. CVF046393RECSMS, 2006 WL 224425, at *7 (E.D. Cal. Jan. 26, 2006) ("Plaintiff is not entitled to an equitable remedy for any unjust enrichment of Defendants where a contractual remedy is available."). Yet, that is exactly what Ascentium is attempting to do through its claim against Washworld.

Ascentium and Car Wash Management Company entered into an Equipment Financing Agreement with Car Wash Management, LLC on or about January 10, 2024. (Compl. ¶ 12.) Ascentium alleges that Car Wash Management provided Ascentium with a quote on an order form, and pursuant to that Equipment Financing Agreement, Ascentium sent payment to Washworld. (Compl. ¶¶ 13-14, 17.) Notably, at no point does Ascentium allege that the Equipment Financing Agreement is void, and Ascentium brings a claim for breach of contract against Car Wash Management for failing to make payments due under the Equipment Financing Agreement and claims for breach of guaranty against Defendants Ortiz and West Covina Car Wash in their capacity as guarantors. Ascentium seeks payment of the entire loan balance for a total of $350,997.00, plus interest, from three separate defendants: Car Wash Management,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ortiz, and West Covina Car Wash.[1] (Compl. ¶¶ 28, 36, 42.)

Because the subject matter of Ascentium's unjust enrichment claim, the payment Ascentium made pursuant to the Equipment Financing Agreement, is covered by the breach of contract claim and breach of guaranty claims, this Court must dismiss the claim against Washworld. *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) ("The particular subject matter of this claim . . . is also covered by contract. . . . As the Investors' rights to payment in relation to other obligations of Casablanca are squarely set out in the debentures, their unjust enrichment claim is precluded.").

**2.      Ascentium Has Failed to State a Claim for Breach of Contract.**

Ascentium's sixth cause of action is for breach of contract, alleging a breach of Funding Instructions. (Compl. ¶¶ 57-61; *see also id.* at Ex. 4). Under California law, Ascentium is required to plead "'(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.'" *Wills v. First Republic Bank*, No. 19-17001, 2022 WL 501126, *1 (9th Cir. Feb. 18, 2022) (quoting *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011)).

To satisfy the first element, Ascentium is required to plead "the contract 'either by its terms – set out verbatim in the complaint or a copy the contract attached to the complaint and incorporated therein by reference or by its legal effect.'" *Justus v. Argosy Intl., Inc.*, No. CV113120DSFPLAX, 2011 WL 13220310, *3 (C.D. Cal. Oct. 13, 2011) quoting *McKell v. Washington Mut., Inc.*, 49 Cal. Rptr. 3d 227, 253 (Cal. App. 2d Dist. 2006). Ascentium attaches the purported contract as Exhibit 4. (Compl. at Ex. 4.)

Importantly, for a contract to exist, there must be an exchange for a promise. Despite attaching the purported contract to the Complaint, Ascentium is unable to

---

[1] The Clerk has already defaulted Car Wash Management, LLC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

identify any exchange for a promise, and that is because there is none. Ascentium's claim is based on breach of funding instructions. (Compl. at Ex. 4.) But the funding instructions provide Washworld's bank account information to Ascentium such that Ascentium can disburse funds to Washworld if Ascentium and a third party enter into an equipment finance agreement. (*Id.*) But the funding instructions do not identify any exchange for a promise or require Ascentium or Washworld to take any action.

Ascentium next makes conclusory allegations that Ascentium performed its obligations under the contract, and Defendant breached its obligation. But there is nothing in the Complaint to establish the terms of the alleged contract, and more specifically, any obligation that Ascentium or Washworld was required to perform. This is because on its face, the Funding Instructions are clearly not a contract. Indeed, Ascentium does not identify what legal obligation(s) it assumed pursuant to the Funding Instructions, (Compl. at Ex. 4; id. ¶ 60), where the only information transmitted was Defendant's bank account information. In fact, Ascentium is unable to identify any condition Ascentium was required to perform: "***To the extent there were conditions to be performed*** by Ascentium in connection with the Funding Instructions such conditions, covenants and promises were performed by Ascentium." (Compl. ¶ 60 (emphasis added).) To be clear, Ascentium's payment was not performance. Nothing in Exhibit 4 itself required Ascentium or Washworld to take ***any*** action. The payment was pursuant to a separate agreement to which Washworld is not a party – the Equipment Financing Agreement.

Therefore, Ascentium's breach of contract claim fails as a matter of law, and it should be dismissed.

### 3.    Ascentium Fails to State a Claim for Money Had and Received.

A claim for money had and received applies to "money paid by mistake, money paid pursuant to a void contract, or a performance by one party of an express contract." *Utility Audit Co., Inc. v. City of L.A.*, 112 Cal.App.4th 950, 958 (2003). "In short, ***it is***

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*a claim for restitution*." *Hendrickson v. Octagon Inc*., 225 F.Supp.3d 1013, 1032 (N.D. Cal. 2016) (citing 4 Witkin, Cal. Proc. 5th, Plead, §561) (emphasis added). Here, Ascentium's claim fails for two reasons. First, like Ascentium's claim for unjust enrichment, Ascentium has failed to establish it lacks an adequate remedy at law. Second, Ascentium fails to state a claim for money had and received.

### 4.   Ascentium Has An Adequate Remedy at Law.

In the Ninth Circuit, Ascentium must establish that it lacks an adequate remedy at law before obtaining equitable relief in federal court. *See Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020). Courts have applied this requirement to claims for restitution. *Id*. As such, this Court may not consider the merits of equitable claims for restitution, including money had and received, where monetary damages adequately resolve Ascentium's claim. *Ruiz v. The Bradford Exch., Ltd*., 2024 U.S. Dist. LEXIS 100731, at *5 (S.D. Cal. May 16, 2024). Ascentium's claim must be dismissed on this basis alone, as Ascentium has failed to allege an inadequate remedy at law.

### 5.   Ascentium Fails to State a Claim.

The elements of a cause of action for money had and received are: (1) the defendant received money, (2) the money received by the defendant was for the use of Ascentium, and (3) the defendant is indebted to Ascentium. *Rasmussen v. Dublin Rarities*, No. C 14-1534 PJH, 2015 WL 1133189, at *12 (N.D. Cal. Feb. 27, 2015). Stated another way, Ascentium must show a statement of indebtedness in a certain sum, the consideration it provided (i.e., goods sold, work done, etc.), and nonpayment.

In its Complaint, Ascentium alleges that Car Wash Management and Ascentium entered into an Equipment Financing Agreement where Ascentium would advance funds for Car Wash Management to purchase equipment, and Car Wash Management would repay Ascentium pursuant to the contractual terms. (Compl. ¶¶ 12-14 ("Ascentium . . . executed and delivered . . . an Addendum, Agreement No. 2763169 changing the amount financed from $343,394.23 to $346,904.75 and the payment

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

schedule for 1 payment at $34,339.71, 71 payments at $5,918.76, 1 payment at $5,918.76 and 70 payments at $5,987.29. . . ."); *see also* Compl. at Ex. 1.) The money Ascentium alleges it wired to Washworld was not for the use of Ascentium but instead was for the use of Car Wash Management, who contractually agreed to repay Ascentium, plus interest. (*See* Compl. at Ex. 1; *id.* ¶¶ 27-28.)

Further, is Car Wash Management, not Washworld, that is indebted to Ascentium. Ascentium attempts to recover $309,054.80, plus interest, despite having conceded that, after Washworld received the payment, Car Wash Management instructed Washworld to apply to the payment to an existing order[2] "that had a remaining balance due of $132,509.09" and Washworld "sent a payment back to CWM in the amount of $176,552.71 on March 19, 2024." (Compl. ¶ 21.). That is to say, Ascentium's well-plead allegations concede that Car Wash Management is indebted to Ascentium for this sum funded under the Equipment Financing Agreement. Washworld received a payment identifying "Car Wash Management, Inc." as the customer, contacted Car Wash Management, and at Car Wash Management's instruction, applied funds to an outstanding order and sent the remaining money to Car Wash Management. (Compl. ¶ 21.)

It would be inequitable to force Washworld to return $309,054.80, which, as alleged, includes $176,552.71 *in Car Wash Management's possession*, not Washworld's, and $132,509.09 applied to a valid, outstanding Car Wash Management order.

## V.   CONCLUSION

For the foregoing reasons, Washworld respectfully requests that this Motion be granted and the Complaint be dismissed as against Washworld for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

---

[2] Ascentium does not challenge that this was a valid order.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated:  August 15, 2025          **BAKER & HOSTETLER LLP**

By:  _/s/ Xitlaly Estrada_
          Xitlaly Estrada

Defendant WASHWORLD, INC.


### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2025, I filed the foregoing electronically through the CM/ECF system, which will provide notice and service to all counsel of record. I further certify that a copy was sent via email to counsel for Mr. Ortiz by agreement of the parties.


_/s/ Xitlaly Estrada_
Xitlaly Estrada