Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:     *xestrada@bakerlaw.com*
           *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:     *mgannon@bakerlaw.com*
           *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL, | Case No.: 2:25-cv-00359-CAS-KS |
| Plaintiff, | **CROSS DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)** |
| v. | |
| CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive, | **(1) NOTICE OF MOTION** |
| | **(2) MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | **(3) DECLARATION** |
| JOSE RENE ORTIZ, | **(4) PROPOSED ORDER** |
| Cross Complainant, | DATE:    September 29, 2025 |
| v. | TIME:    10:00 AM |
| ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive, | CTRM:    8D |
| Cross Defendants. | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 29, 2025 at 10:00 A.M., or as soon thereafter as counsel may be heard, in Courtroom 8D of the United States Courthouse, located at United States Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendant Washworld, Inc. ("Washworld") will and hereby does move (the "Motion") for an order dismissing Cross Complainant Jose Rene Ortiz's ("Ortiz") Cross Complaint. This Motion is made pursuant to Federal Rules of Civil 12(b)(2) and 12(b)(6) on the grounds that this Court does not have personal jurisdiction over Washworld, and Ortiz otherwise fails to state a claim against Washworld upon which relief can be granted.

Washworld bases its Motion on this Notice, the accompanying Memorandum of Points and Authorities, Declaration, and Proposed Order, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

The parties have met and conferred pursuant to L.R.7-3 by way of teleconference on August 4, 2025.

Dated:  August 15, 2025

**BAKER & HOSTETLER LLP**

By:   */s/ Xitlaly Estrada*
Xitlaly Estrada

*Attorneys for Defendant*
WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# **TABLE OF CONTENTS**

**Page**

Table of Authorities ...................................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

I. INTRODUCTION ..................................................................................1

II. STATEMENT OF FACTS.....................................................................2

    A. ORTIZ'S EMPLOYMENT AND THE EQUIPMENT FINANCING AGREEMENT ................................................................................2

    B. WASHWORLD HAS EXTREMELY LIMITED CONTACTS WITH CALIFORNIA ..............................................................................3

    C. ORTIZ'S COMPLAINT ..............................................................3

III. LEGAL STANDARDS..........................................................................3

    A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2).....................3

    B. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).....................5

IV. ARGUMENT..........................................................................................5

    A. THIS COURT LACKS PERSONAL JURISDICTION.....................5

        1. General Jurisdiction Cannot Be Exercised Over Washworld ...........................................................................5

        2. Specific Jurisdiction Also Cannot Be Exercised Over Washworld ...........................................................................8

        a) Applicable Legal Standards For Specific Jurisdiction ..............8

        b) Purposeful Direction and Purposeful Availment.......................9

        c) Relatedness.................................................................................10

        d) It Would Be Unreasonable To Exercise Jurisdiction Over Washworld .................................................................................11

    B. ORTIZ HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ...................................................................15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1. Ortiz's Claim Fails Because He Has Not Alleged An Inadequate Remedy at Law.........................................................15

2. Ortiz Fails to State a Claim for Money Had and Received. .....15

V. CONCLUSION .............................................................................17

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ..................................................................................4

*Amiri v. DynCorp Int'l, Inc.*,
No. 14-CV-03333 SC, 2015 WL 166910 (N.D. Cal. Jan. 13, 2015) ...................7

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
1 F.3d 848 (9th Cir. 1993) ......................................................................................13

*Asahi Metal Indus. Co., Ltd. v. Super. Ct.*,
480 U.S. 102 (1987)....................................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................5

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) ..................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................5

*Brand v. Menlove Dodge*,
796 F.2d 1070 (9th Cir. 1986) ............................................................................6, 13

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....................................................................................................5

*Cahen v. Toyota Motor Corp.*,
147 F. Supp. 3d 955 (N.D. Cal. 2015)....................................................................6

*Cor. Inv. Bus. Brokers v. Melcher*,
824 F.2d 786 (9th Cir. 1987) ..................................................................................11

*Core-Vent Corp. v. Nobel Indus.*
AB, 11 F.3d 1482 (9th Cir. 1993)..........................................................................13

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)............................................................................................5, 6, 7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*FDIC v. British-American Ins. Co.*,
　828 F.2d 1439 (9th Cir. 1987) .......................................................................11, 12, 13, 14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
　564 U.S. 915 (2011)............................................................................................................4

*Haas v. Travelex Ins. Servs. Inc.*,
　555 F. Supp. 3d 970 (C.D. Cal. 2021) ................................................................................17

*Helicopteros Nacionales de Colombia, S. A. v. Hall*,
　466 U.S. 408 (1984)............................................................................................................4

*Hendrickson v. Octagon Inc.*,
　225 F.Supp.3d 1013, 1032 (N.D. Cal. 2016).....................................................................15

*Ins. Co. of N. Am. v. Marina Salina Cruz*,
　649 F.2d 1266 (9th Cir. 1981) ...........................................................................................12

*Int'l Shoe Co. v. Washington*,
　326 U.S. 310 (1945)...........................................................................................................11

*Khoja v. Orexigen Therapeutics, Inc.*,
　899 F.3d 988 (9th Cir. 2018) .............................................................................................17

*Lake v. Lake*,
　817 F.2d 1416 (9th Cir. 1987) .............................................................................................8

*Martinez v. Aero Caribbean*,
　764 F.3d 1062 (9th Cir. 2014) ........................................................................................5, 7

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
　2009 WL 3063062 (C.D. Cal. July 17, 2009).....................................................................4

*Morrill v. Scott Fin. Corp.*,
　873 F.3d 1136 (9th Cir. 2017) .............................................................................................9

*Naxos Res. (U.S.A.) v. Southam Inc.*,
　1996 WL 635387 (C.D. Cal. June 3, 1996).....................................................................4, 5

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
　52 F.3d 267 (9th Cir. 1995) .................................................................................................8

*Pac. Atl. Trading Co. v. M/V Main Express*,
　758 F.2d 1325 (9th Cir. 1985) .......................................................................................11, 12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

v

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ........................................................................4

*Pennoyer v. Neff*,
95 U.S. 714 (1877)..........................................................................................4

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ........................................................................5

*Rasmussen v. Dublin Rarities*,
No. C 14-1534 PJH, 2015 WL 1133189 (N.D. Cal. Feb. 27, 2015) ..................15

*Ruiz v. The Bradford Exch., Ltd*.,
2024 U.S. Dist. LEXIS 100731 (S.D. Cal. May 16, 2024) ...............................15

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ....................................................................6, 8, 9

*Scott v. Breeland*,
792 F.2d 925 (9th Cir. 1986) ..........................................................................4

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) .........................................................................15

*Taylor v. Portland Paramount Corp.*,
383 F.2d 634 (9th Cir. 1967) .......................................................................4, 7

*Utility Audit Co., Inc. v. City of L.A.*,
112 Cal.App.4th 950 (2003) ..........................................................................15

*Walden v. Fiore*,
571 U.S. 277 (2014)...................................................................8, 9, 10, 11

*Walter v. Hughes Commc'ns, Inc.*,
682 F. Supp. 2d 1031 (N.D. Cal. 2010)..........................................................17

*Wazana Bros. Int'l, Inc. v. Int'l Laser Grp., Inc.*,
No. CV 12-1850 PA (PJWX), 2013 WL 12124386 (C.D. Cal. Mar. 25, 2013) ....................................................................................................5

*Williams v. Progressive Cnty. Mut. Ins. Co.*,
No. 17-CV-2282-AJB-BGS, 2019 WL 1434241 (S.D. Cal. Mar. 29, 2019) .............................................................................................................7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**Rules**

Fed. R. Civ. P. 12(b) ...............................................................................................2, 4, 5, 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

Cross Complainant Jose Rene Ortiz ("Ortiz") alleges he was fraudulently induced to sign a personal guaranty guaranteeing Plaintiff Regions Bank d/b/a Ascentium Capital ("Ascentium") payment should Defendant Car Wash Management, LLC, a Delaware LLC, ("Car Wash Management") default on the Equipment Financing Agreement that it entered into with Ascentium. (Cross Compl.[1] at 209-10, ¶¶ 4-6 (citing ECF No. 1, Ex. 7).)

Now being sued for breach of guaranty by Ascentium, Ortiz has filed a Cross Complaint alleging, among other claims, a claim for money had and received against Washworld. But Ortiz's bizarre theory of liability suggests that Washworld is somehow indebted to Ortiz if Ortiz is found liable for breach of guaranty.

But there are three fatal flaws with Ortiz's Cross Complaint against Washworld.

**<u>First</u>**, Ortiz cannot establish ***general jurisdiction***.  Washworld is a Wisconsin corporation with its principal place of business and headquarters in Wisconsin. Washworld has no employees, offices, warehouses, factories, or bank accounts in California. Although Washworld has relationships with some distributors in California, its California distributors represent 4.8% of its nationwide distributors. Further, only 7.53% of Washworld's revenue from April 2023 to December 2024 was attributable to customer sales in California.  These activities do not (and cannot) evidence a substantial, continuous, and systemic course of business in California.

**<u>Second</u>**, Ortiz cannot establish ***specific jurisdiction*** because his claims do <u>not</u> arise out of or relate to *Washworld's* contacts with California, nor did Washworld purposefully direct its conduct at California or avail itself of California's laws.  All of the underlying events purporting to tie this action to California relate to other cross-defendants and their California-based fraud. But Ortiz's claims against Washworld

---

[1] The paragraph numbering in the Cross Complaint is not continuous, so Washworld cites to the ECF Page ID to avoid confusion.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

relate to a payment made by Ascentium to Washworld's bank account *in Wisconsin*. Accordingly, Washworld is not subject to specific personal jurisdiction in California.

As such, the exercise of either general *or* specific personal jurisdiction over Washworld in this case offends traditional notions of fair play and substantial justice, and Ortiz's Cross Complaint, as asserted against Washworld, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**Third**, Ortiz fails to state a claim against Washworld.

## II.    STATEMENT OF FACTS

### A.    ORTIZ'S EMPLOYMENT AND THE EQUIPMENT FINANCING AGREEMENT

Ortiz worked for Cross Defendant Andrew Williams ("Williams") at various car wash centers, including Car Wash Management, LLC, a Delaware LLC, Car Wash Management, LLC, a Hawaii LLC, (collectively "Car Wash Management") and West Covina Car Wash, LLC ("West Covina") throughout 2023 and 2024. (Cross Compl. at 208, ¶ 1.) During his employment, either Williams or Car Wash Management entered into an Equipment Financing Agreement with Plaintiff Regions Bank d/b/a Ascentium Capital ("Ascentium"). (*Id.* at 209, ¶ 4.) Ortiz alleges he did not know the terms or the purpose of the loan, what was to be purchased, or where the funds were going. (*Id.*) Based on Ascentium's allegations in its complaint, Ortiz alleges Ascentium sent a payment to Washworld for the equipment Car Wash Management allegedly (but fraudulently) ordered. (*Id.* at 210, ¶ 7.)

Williams allegedly fraudulently induced Ortiz to sign a personal guaranty for this loan by making unspecified fraudulent statements or misrepresentations. (*Id.* at 210, ¶ 6.). Car Wash Management failed to make the required payments on the Equipment Financing Agreement, causing Ascentium to seek recovery of those funds against Ortiz in his capacity as personal guarantor. (*Id.* at 211, ¶ 10.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## B. WASHWORLD HAS EXTREMELY LIMITED CONTACTS WITH CALIFORNIA

Washworld is a manufacturer of car wash equipment. (Declaration of Zach Jensen ("Jensen Decl."), ¶ 1.)  It is a Wisconsin corporation with its corporate headquarters and principal place of business in De Pere, Wisconsin.  (*Id.* ¶¶ 1, 4.) Washworld provides equipment to distributors for resale.  (*Id.* ¶ 10.)  Car Wash Management is one such distributor.  (*Id.* ¶ 14.)

However, Washworld *itself* does <u>not</u> conduct any general business operations or have any offices, facilities, places of business, telephone listings, or mailing addresses in California.  (*See id.*, ¶ 5.)  Washworld also does <u>not</u> have any employees in California. (*Id.* ¶ 7.)  Washworld does not have any bank accounts in California. (*Id.* ¶ 6.) Moreover, Washworld generates a small percentage of its revenue from customer sales in California.  (*See id.*, ¶ 8.).

## C. ORTIZ'S COMPLAINT

Ortiz alleges three purported causes of action for: (1) fraud, concealment, and misrepresentation (against Williams and Roes 1-10); (2) breach of contract (against Williams, Car Wash Management, West Covina Car Wash, and Roes 11-20); and (3) money had and received (against Washworld).  (*See generally* Cross Compl.)

Tellingly, Ortiz does *not* allege that Washworld is a citizen of California in its Cross Complaint. (Cross Compl. at 206-07, ¶¶ 1-7) (allegations regarding the parties).) Instead, Ortiz alleges only that Washworld is a "Wisconsin Corporation," with its "principal place of business in Wisconsin." (*Id.* at 207, ¶ 7.) Ortiz further alleges Washworld "was and is authorized to and doing business in the State of California in and about the County of Los Angeles." (*Id*.)  But Ortiz's Cross Complaint contains no allegations establishing that this Court has personal jurisdiction over Washworld.

## III. LEGAL STANDARDS

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

Personal jurisdiction is necessary for any judgment that imposes a personal

obligation, such as a judgment for money damages. *See Pennoyer v. Neff*, 95 U.S. 714, 720-722 (1877). Thus, a "lack of personal jurisdiction" is a defense to any claim for relief. *See* Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)"). "When a defendant moves to dismiss for lack of personal jurisdiction, the ***plaintiff*** bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (emphasis added).

Although a pleading's factual allegations are generally accepted as true, they "are [not] enough to confer personal jurisdiction" in the face of contrary evidence. *Taylor v. Portland Paramount Corp*., 383 F.2d 634, 639 (9th Cir. 1967). "[O]nce the defendant has contradicted allegations contained in the complaint, the plaintiff ... must present ***admissible evidence*** to support the … exercise of personal jurisdiction." *Mavrix Photo, Inc. v. Brand Techs., Inc*., 2009 WL 3063062, *1 (C.D. Cal. July 17, 2009) (Gutierrez, J.), *rev'd on other grounds*, 647 F.3d 1218 (9th Cir. 2011) (emphasis added); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("[T]he plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'").

"General jurisdiction exists when a defendant is domiciled in the forum state or [its] activities there are 'substantial' or 'continuous and systematic,'" *Helicopteros Nacionales de Colombia, S. A. v. Hall,* 466 U.S. 408, 414-16 (1984), that it is a state "in which the corporation is fairly regarded as at home," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If general jurisdiction is established, the court may exercise jurisdiction as to any cause of action, even if unrelated to the defendant's intrastate activities. *Naxos Res*. *(U.S.A.) v. Southam Inc.,* 1996 WL 635387, at *2 (C.D. Cal. June 3, 1996) (Rea, J.).

If general jurisdiction ultimately fails, however, the court may determine whether it has specific jurisdiction, which exists only when (1) the defendant has

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

sufficient "minimum contacts" with the forum and (2) "assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (int. quot. omitted). If specific jurisdiction is established, the court may exercise jurisdiction over a nonresident defendant *only* on claims related to its activities within the state. *Naxos*, 1996 WL 635387, at \*2.

### B.    FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wazana Bros. Int'l, Inc. v. Int'l Laser Grp., Inc.*, No. CV 12-1850 PA (PJWX), 2013 WL 12124386, at \*2 (C.D. Cal. Mar. 25, 2013) (Anderson, J.) (citing *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003)).

## IV.    ARGUMENT

### A.    THIS COURT LACKS PERSONAL JURISDICTION.

#### 1.    General Jurisdiction Cannot Be Exercised Over Washworld

"The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). As such, "[o]nly in an '***exceptional case***' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (emphasis added); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("[O]nly a limited set of affiliations with a

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

forum will render a defendant amenable to all-purpose jurisdiction.").

To that end, general jurisdiction "requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler*, 571 U.S. at 133 n.11. Indeed, even a corporation's "continuous and systematic course of business" in the forum state will generally not be sufficient to confer general jurisdiction if the corporation is neither incorporated in nor has its principal place of business in the forum state. *Id.* at 138 (rejecting idea that corporations are subject to general jurisdiction in every state in which they engage in a substantial, continuous, and systematic course of business).

In *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004), the Ninth Circuit held that general jurisdiction in California did not exist over an Ohio car dealership that regularly purchased automobiles that were manufactured in Asia and imported by California entities, regularly retained the services of a California-based direct-mail marketing company, hired a California sales training company for consulting services, and maintained an Internet website accessible by anyone capable of using the Internet, including California residents. Some of the defendant's sales contracts with its automobile suppliers even included a choice-of-law provision specifying California law. The court held that such contacts fell "well short" of the continuous and systematic contacts required to find that general jurisdiction existed. *Id.* at 800-01; *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite significant contacts with forum).

Here, Washworld's contacts with California do not rise to the "substantial" or "continuous and systematic" level required to exercise general jurisdiction over it, particularly where Washworld is a Wisconsin corporation with a principal place of business in Wisconsin. (Cross Compl. at 207, ¶ 7.) Under *Daimler*, "[t]hese facts, alone, are strong evidence that [Washworld is] not at home in California." *See Cahen*

*v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 964 (N.D. Cal. 2015); *Daimler*, 134 S. Ct. at 760 ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"). Ortiz thus attempts to shoehorn this case into the "exceptional case" where general jurisdiction exists over a company that is not "at home" in California. But Ortiz is unable to make that showing. Moreover, Washworld has no offices, warehouses, or factories in California, no employees in California, and no bank accounts in California. (Jensen Decl. ¶¶ 5-7.) Further, of its 104 distributors, only five are located in California. (*Id.* ¶ 10.)

It is well-settled that a defendant is not "at home" in a forum simply because its "sales are sizeable." *Daimler*, 134 S. Ct. at 761 (describing this theory as "unacceptably grasping"). Rather, Daimler instructs courts to consider "a corporation's activities in their entirety, nationwide and worldwide." *Id.* at 762 n.20. Here, between April 2023 through December 2024, only 7.53% of Washworld's total revenue came from California. (Jensen Decl. ¶ 8.)  This Court cannot exercise general jurisdiction over Washworld based on its comparatively limited business in California. *See, e.g., Williams v. Progressive Cnty. Mut. Ins. Co.*, No. 17-CV-2282-AJB-BGS, 2019 WL 1434241, at *5 (S.D. Cal. Mar. 29, 2019) (holding no general jurisdiction where the defendant's California premiums represented only 7.9% of their nationwide premiums."); *Amiri v. DynCorp Int'l, Inc.*, No. 14-CV-03333 SC, 2015 WL 166910, at *4-5 (N.D. Cal. Jan. 13, 2015) (rejecting general jurisdiction theory based on, among other things, "several hundred million dollars of contracts . . . in California" in light of the "much larger, worldwide business"); *see also Martinez*, 764 F.3d at 1070 (rejecting general jurisdiction argument where entity entered into between $225 and $250 million in contracts with California corporation). To hold otherwise would fly in the face of *Daimler*.

Ortiz's wholly conclusory allegations are too attenuated to support any finding that general jurisdiction exists over Washworld.  *See Taylor v. Portland Paramount*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("[M]ere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant."). In sum, Washworld is not "at home" in California, and there is no basis for Washworld "to be haled into court in" California "to answer for any of [Washworld's] activities" elsewhere. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

### 2. Specific Jurisdiction Also Cannot Be Exercised Over Washworld

#### a) Applicable Legal Standards For Specific Jurisdiction

Ortiz also has not (and cannot) establish specific jurisdiction over Washworld. Specific jurisdiction, the second part of the jurisdictional inquiry, concerns "contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). It requires a showing of:

➢ **purposeful direction or availment**, *i.e.*, that the out-of-state defendant itself *purposefully* directed its conduct toward the forum state or perform some act by which he *purposefully* avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

➢ **relatedness**, *i.e.*, that plaintiff's cause of action arises out of or results from *the defendant's* forum-related contacts; ***and***

➢ **reasonableness**, *i.e.*, that the forum's exercise of personal jurisdiction is reasonable, such that it comports with fair play and substantial justice.

*See Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

"If ***any*** of the three requirements is not satisfied, jurisdiction in the forum would ***deprive*** the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (emphasis added). ***Ortiz bears the burden*** of satisfying the purposeful direction, availment, and relatedness factors, *see Schwarzenegger*, 374 F.3d at 802—but even if they are established, the reasonableness requirement may still defeat the exercise of local jurisdiction, *Asahi Metal Indus. Co., Ltd. v. Super. Ct.*, 480 U.S. 102, 115 (1987). Because Ortiz cannot satisfy any of the

8

three requirements set forth above, this Court cannot exercise specific jurisdiction over Washworld.

### b) Purposeful Direction and Purposeful Availment.

As the Ninth Circuit has made clear, the first prong of the specific jurisdiction test actually refers to "two distinct concepts": purposeful availment and purposeful direction. *See Schwarzenegger*, 374 F.3d at 802. Which test applies depends on the type of claim at issue. *See id.* While the purposeful availment test typically applies in contract cases, the purposeful direction test "is most often used in suits sounding in tort." *Id.*; *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

Ortiz's money had and received claim is premised on breach of contract and underlying fraud, but Ortiz cannot satisfy either test.

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). But Washworld does not enter into contracts with its distributors, which necessarily includes employees of the distributors, such as Ortiz. (Jensen Decl. ¶ 11.) At most, Washworld manufactures equipment and provides it to its nationwide distributors for resale.

Purposeful direction refers to (1) an intentional act *by the defendant* (2) expressly *aimed at the forum state* and (3) "causing harm that the defendant knows is likely to be suffered *in the forum state*." *See Schwarzenegger*, 374 F.3d at 803 (emphasis added). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. 277, 290 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether *the defendant's* conduct connects [it] to the forum in a meaningful way." *Id.* (emphasis added).

Here, Ortiz cannot establish purposeful direction. Ortiz alleges other cross defendants reside and do business in this District. (Cross Compl. at 208.) In addition,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ortiz alleges "the property alleged in the complaint is located within this Judicial District." (*Id.*) But later in his Cross Complaint, Ortiz concedes that (1) he did not pay any money to Washworld; and (2) he had no idea what the loan was for and the Cross Complaint contains zero other allegations that discuss the alleged "property" located within this Judicial District. (*See generally* Cross Compl.). Further, a refusal for Washworld to return money sent by Ascentium and received in Wisconsin is not an intentional action aimed at California, that would cause harm likely to be suffered in California, where Ortiz **is not the entity that made the payment**. (*Id.* at 210, ¶ 5.)

Thus, Ortiz cannot establish the first element of specific jurisdiction, and the Complaint should be dismissed as against Washworld for lack of sufficient minimum contacts <u>on this basis alone</u>.

### c)      Relatedness

Relatedness ensures a sufficient link between the defendant's in-state conduct and the causes of action at issue.  *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).  To demonstrate "relatedness," Ortiz's evidence must show that the subject harm would not have occurred "but for" the defendant's **forum-related activities**.  *Id.* (emphasis added).  In other words, Ortiz cannot be the only link between the defendant and the forum; "the defendant's conduct … must form the necessary connection with the forum State …." *Walden*, 571 U.S. at 285. But there are no allegations in the Cross Complaint to establish relatedness.

First, Ortiz concedes that he did not "know of the terms of the alleged agreement as to what if anything was to be purchased with said funds, or if the funds were to go generally to the company . . . [he] never received any of the alleged funds paid by [Ascentium], never retained any such funds not received, never knew when the funds were paid and/or to whom or for what, and never had any kind of benefit to [Ascentium] personally or in any capacity of such loan." (Cross Compl. at 209-10, ¶¶ 4-5.)

Although Washworld works with distributors nationwide, to suggest that this harm would have occurred but for Washworld's forum-related activities falls short. But

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

for Car Wash Management's fraud, Ascentium would not have sent payment to Washworld. And but for Williams' alleged fraud, Ortiz would not have signed a personal guaranty.

Second, none of Ortiz's claims relate to Washworld's forum-related activities. Ortiz brings a claim for money had and received. But the money Ortiz seeks to recover, allegedly retained by Washworld, was sent by Ascentium (not Ortiz) to Washworld *in Wisconsin*. (Jensen Decl. ¶¶ 5-7.) As such, Ortiz cannot establish that Washworld has engaged in any activities in California that relate to Ortiz's alleged claim sufficient to confer specific jurisdiction—that is, Ortiz cannot establish that the alleged harm he suffered would not have occurred "but for" *Washworld's* activities in California. *See Walden*, 571 U.S. at 290. Ortiz's attempt to drag Washworld into court in California is based *not* on Washworld's own affiliation with the state, as it *must* be, but on the alleged fraudulent activities of others (Car Wash Management and Williams), which is insufficient.

### d)    It Would Be Unreasonable To Exercise Jurisdiction Over Washworld

To satisfy due process, personal jurisdiction over a nonresident defendant must also be reasonable. *FDIC v. British-American Ins. Co*., 828 F.2d 1439, 1442 (9th Cir. 1987). To wit, local jurisdiction must comport with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). Therefore, even if the first two prongs of the specific jurisdiction test are satisfied (which, in this case, they both are **not**), the Court must still determine whether the exercise of such jurisdiction is *reasonable*. *See, e.g., Cor. Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987); *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1329 (9th Cir. 1985).

This determination requires the balance of seven factors: (1) the extent of the defendant's purposeful interjection; (2) the burden on the defendant to establish a defense in the chosen forum; (3) the extent of conflict with the sovereignty of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD'S MP&A I/S/O MOTION TO DISMISS ORTIZ'S CROSS COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in efficient relief; and (7) the existence of an alternative location for trial. *See FDIC*, 828 F.2d at 1442. Here, subjecting Washworld to jurisdiction in California would be *unreasonable* because *at least* five of the seven reasonableness factors militate *against* the exercise of specific jurisdiction over Washworld, and two are of little significance.

### a.    Factor 1:  Purposeful Interjection

As discussed above, because the purposeful availment prong of specific jurisdiction is *not* satisfied here, it likewise *cannot* be shown that Washworld purposefully interjected itself into California. Namely, Washworld is headquartered outside California and has not (and could not have) interjected itself into Car Wash Management's fraud. Thus, it has not engaged in any intentional activity within California's borders that relate to the claims at issue, and, as such, the purposeful interjection factor weighs **against** the exercise of local jurisdiction over Washworld.

### b.    Factor 2:  Burden

The burden of defending in the forum is the "primary concern" of the personal jurisdiction defense. *See FDIC*, 828 F.2d at 1444; *Pac. Atl. Trading Co.*, 758 F.2d at 1330. As the Ninth Circuit Court has observed:

> If the burdens of trial are too great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to sue elsewhere. A defendant has no such luxury. The burdens on a defendant are of particular significance if, as here, **the defendant has done little to reach out to the forum state**.

*Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1272 (9th Cir. 1981) (emphasis added).

This is just such a case. The burden of defending this action in California would be prejudicial because all of Washworld's witnesses and records are located in Wisconsin. For example, Washworld's witnesses relevant to this action primarily work and reside in or near De Pere, Wisconsin, where its corporate headquarters and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

evidence concerning the same are located.  (*See* Jensen Decl., ¶ 9.)  They will, thus, need to travel well over two thousand miles to reach the forum state.  Furthermore, pertinent paper and electronic records related thereto are all stored at Washworld's corporate headquarters in Wisconsin.  (*See id.*) Therefore, the burden on Washworld of defending against this action in California militates **against** exercising specific jurisdiction over it here.  *See FDIC*, 828 F.2d at 1444.

### c.     Factor 3:  Sovereignty Conflict

"The conflict with the sovereignty of the defendant's state is not a very significant factor in cases involving only U.S. citizens."  *Brand*, 796 F.2d at 1076. Therefore, this factor does not weigh heavily in favor of either side of the jurisdictional analysis where, as here, all of the parties are U.S. citizens and corporations. Sovereignty concerns are therefore of little significance here.

### d.     Factor 4:  The Interests Of the Forum State

California has little to no interest in adjudicating an action concerning a payment made by Ascentium, an Alabama bank, to Washworld, a Wisconsin corporation— particularly where Ortiz concedes that, although he is a California resident, Ortiz was never in possession of these funds. (Cross Compl. at 210, ¶ 5.)  In other words, California's supposed interest is no greater or more specific than that of ***any*** other forum in the United States. *See Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 852 (9th Cir. 1993).  Thus, California's interest, if any, militates against exercising specific jurisdiction over Washworld here.

### e.     Factor 5:  The Most Efficient Resolution

This factor weighs against the exercise of local jurisdiction, as it concerns the efficiency of the judicial forum.  In analyzing this fifth factor, courts in the Ninth Circuit look primarily to where the witnesses and the evidence are likely to be located. *See Core-Vent Corp. v. Nobel Indus.* AB, 11 F.3d 1482, 1489 (9th Cir. 1993). Here, all of Washworld's witnesses reside in Wisconsin.  The relevant records (paper and electronic) in Washworld's possession or control (if any) are also located in Wisconsin.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD'S MP&A I/S/O MOTION TO DISMISS ORTIZ'S CROSS COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

(Jensen Decl., ¶ 9).  Accordingly, the most efficient resolution of this dispute as it pertains to Washworld militates against it being adjudicated in California.

### f.    Factor 6:  Ortiz's Preference

While this factor could arguably weigh in favor of exercising local jurisdiction, Ascentium, the Alabama bank that made the payment, is not at home in California, and that payment forms the basis for Ortiz's claim against Washworld.

### g.    Factor 7:  Suitable Alternative Forum

Ortiz bears the burden of proving the *unavailability* of an alternative forum.  *See FDIC*, 828 F.2d at 1445.  Unless Ortiz can prove that he would be *precluded* from suing Washworld outside of California or that he would not be entitled to full and effective relief in an alternative forum, he cannot meet his burden.  *See FDIC*, 828 F.2d at 1445 (argument that California would be a more convenient forum was insufficient to meet burden).  Therefore, this factor weighs ***against*** the exercise of personal jurisdiction over Washworld in California as well.

* * *

Accordingly, given that *at least* five of the seven reasonableness factors militate ***against*** the exercise of specific jurisdiction over Washworld, it would be *unreasonable* to exercise personal jurisdiction over Washworld in California.  Notwithstanding, because Ortiz cannot establish that Washworld has availed itself of the privileges of doing business in or the benefits of the laws of California or directed its actions at California, or that Ortiz would not have suffered its alleged injuries and damages "but for" Washworld's alleged activities in California, it would be unreasonable to exercise personal jurisdiction over Washworld here, ***regardless*** of how an analysis of the reasonableness factors ultimately balances out.  Therefore, Ortiz cannot establish that Washworld has sufficient minimum contacts with California to support local jurisdiction, and the Cross Complaint should be dismissed as against Washworld for lack of personal jurisdiction under Rule 12(b)(2).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**B.      ORTIZ HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

A claim for money had and received applies to "money paid by mistake, money paid pursuant to a void contract, or a performance by one party of an express contract." *Utility Audit Co., Inc. v. City of L.A.*, 112 Cal.App.4th 950, 958 (2003). "In short, ***it is a claim for restitution***." *Hendrickson v. Octagon Inc.*, 225 F.Supp.3d 1013, 1032 (N.D. Cal. 2016) (citing 4 Witkin, Cal. Proc. 5th, Plead, §561) (emphasis added).

Ortiz's claim must be dismissed for multiple reasons. First, Ortiz has failed to plead an inadequate remedy at law. Second, Ortiz fails to state a claim for money had and received.

**1.      Ortiz's Claim Fails Because He Has Not Alleged An Inadequate Remedy at Law.**

This Court must dismiss the claim for money had and received for the independent reason that Ortiz has failed to allege that he has an inadequate remedy at law, thus necessitating the need for restitution. In the Ninth Circuit, Ortiz must establish that he lacks an adequate remedy at law before obtaining equitable relief in federal court. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Courts have applied this requirement to claims for restitution. *Id.* As such, this Court may not consider the merits of equitable claims for restitution, including money had and received, where Ortiz has failed to allege an inadequate remedy at law. *Ruiz v. The Bradford Exch., Ltd.*, 2024 U.S. Dist. LEXIS 100731, at *5 (S.D. Cal. May 16, 2024). Ortiz's claim must be dismissed on this basis alone, as he has failed to allege an inadequate remedy at law.

**2.      Ortiz Fails to State a Claim for Money Had and Received.**

The elements of a cause of action for money had and received are: (1) Washworld received money, (2) the money received by Washworld was for the use of Ortiz, and (3) Washworld is indebted to Ortiz. *Rasmussen v. Dublin Rarities*, No. C 14-1534 PJH, 2015 WL 1133189, at *12 (N.D. Cal. Feb. 27, 2015). Stated another

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

way, Ortiz must show a statement of indebtedness in a certain sum, the consideration it provided (i.e., goods sold, work done, etc.), and nonpayment.

In its Cross Complaint, Ortiz alleges that Car Wash Management and Ascentium entered into an Equipment Financing Agreement where Ascentium would advance funds for Car Wash Management to purchase equipment (Cross Compl. at 209, ¶ 4.) But Ortiz concedes that he never received these funds, did not make any payment to Washworld, nor has he identified any relationship that would support Ortiz being some sort of third party beneficiary to Car Wash Management and Ascentium's Equipment Financing Agreement. (*Id.* at 209-10, ¶¶ 3, 5.)  The money Ortiz alleges Ascentium sent to Washworld was not for the use of Ortiz but instead was for the use of Car Wash Management.

Next, Ortiz has failed to identify a sum certain to which he is indebted. The allegations are somewhat unintelligible, but Ortiz's theory appears to be that if he is found to be liable as a personal guarantor on Car Wash Management's defaulted loan, Washworld is somehow indebted in an undisclosed sum to Ortiz:

> [Ortiz] is informed and believes and thereon alleges per [Ascentium's] Complaint that the alleged "Mistaken payment" subject funds ***were paid over by [Ascentium] to [Washworld]*** and that [Washworld] retained said funds for purposes not permitted according to [Ascentium] and did not refund [Ascentium], nor anyone, nor notify [Ortiz] of even receipt of said funds.

> [Ortiz] is informed and believes and thereon alleges that [Washworld] has retained all or part of said funds ***for their own benefit*** and after being requested and demanded to return the funds has failed and refused to do so despite knowledge that the funds did not belong to them, or to the alleged contracting car wash related entity. ***[Washworld] has therefore become indebted to [Ortiz] who is alleged to be indebted to [Ascentium], for the money had and received for their alleged use and benefit*** or the alleged use and benefit of one or more of the CoDefendants in this case.

(Cross Compl. at 212, ¶¶ 13-14 (emphasis added).) But Washworld is unaware of any case law to support such a theory, and Ortiz has failed to identify a "definite" sum to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

which he is entitled, nor has he sufficiently pleaded facts showing that any purported indebtedness is capable of being reduced to a sum certain. *Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1048 (N.D. Cal. 2010) ("[The allegations] fail[] to state a 'definite sum' to which Plaintiffs are justly entitled . . . They cite no authority for the proposition that money received as a result of deceptive advertising practices can be recoverable under a theory of money had and received."); *Haas v. Travelex Ins. Servs. Inc.*, 555 F. Supp. 3d 970, 982 (C.D. Cal. 2021).

Further, Ortiz and West Covina Car Wash are jointly and severally liable to each other, so to the extent that Ortiz is liable, his claim should be against West Covina Car Wash, not Washworld. (*See* ECF No. 1 at Ex. 7[2] ("If there is more than one guarantor of the Obligor's obligations under the Agreements, the liabilities of each such guarantor shall be joint and several.").)

It would be inequitable to force Washworld to return an unspecified sum to Ortiz when he has failed to establish why the money sent by Ascentium to Washworld was for the use of Ortiz, or why Washworld would be indebted to Ortiz for this amount.

## V.    CONCLUSION

For the foregoing reasons, Washworld respectfully requests that this Motion be granted and the Cross Complaint be dismissed as against Washworld for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

Dated:  August 15, 2025          **BAKER & HOSTETLER LLP**

By:  */s/ Xitlaly Estrada*
        Xitlaly Estrada

        Defendant WASHWORLD, INC.

---

[2] Ortiz fails to attach the personal guaranty to his Cross Complaint, but as the guaranty forms the basis for his claims of fraud and money had and received, and he references it in his Cross Complaint, Washworld may reference it its motion to dismiss. (*See* Cross Compl. at 210 ¶ 6.); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2025, I filed the foregoing electronically through the CM/ECF system, which will provide notice and service to all counsel of record. I further certify that a copy was sent via email to counsel for Mr. Ortiz by agreement of the parties.

*/s/ Xitlaly Estrada*
Xitlaly Estrada

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD'S MP&A I/S/O MOTION TO DISMISS ORTIZ'S CROSS COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS