Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

<table>
<tr><td>

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,

    Plaintiff,

    v.

CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,

    Defendants.

JOSE RENE ORTIZ,

    Cross Complainant,

    v.

ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, CAR WASH MANAGEMENT, LLC,, a Delaware Limited Liability Company,

</td><td>

Case No. 2:25-cv-00359 CAS (KSx)

**PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**[Declarations of Jerry Noon and Andrew K. Alper, Request for Judicial Notice and Evidentiary Objections Submitted concurrently herewith]**

**Date:**    **September 22, 2025**
**Time:**    **10:00 AM**
**CTRM:**    **8D**

</td></tr>
</table>

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5679403v2 | 100287-0289

1

CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WASHWORLD, INC., a Wisconsin Corporation, and ROES 1 to 35, inclusive,

Cross Defendants.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5679403v2 | 100287-0289

2

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# TABLE OF CONTENTS

Page

I.    STATEMENT OF FACTS ................................................................................1

II.   THE MOTION TO DISMISS FOR LACK OF PERSONAL
      JURISDICTION SHOULD BE DENIED ........................................................3

      A.    Legal Standard for a Motion to Dismiss Pursuant to Federal Rules
            of Civil Procedure, Rule 12(b)(2) ........................................................3

      B.    Sufficient Minimum Contacts Exist to Satisfy Constitutional
            Requirements .........................................................................................8

III.  THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
      SHOULD BE DENIED ...................................................................................10

      A.    Legal Standard for a Motion to Dismiss Pursuant to Federal Rules
            of Civil Procedure, Rule 12(b)(6) .......................................................10

      B.    The Money Paid By Mistake/Unjust Enrichment Claim .......................10

      C.    Ascentium can plead inconsistent theories of relief ............................12

      D.    The Breach of Contract Claim .............................................................13

      E.    The Money Had and Received Claim ....................................................15

IV.   CONCLUSION ..............................................................................................16

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS
PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AT&T v. Compagnie Bruxelles Lambert*,
94 F.3d 586, 588 (9th Cir. 1996) ....................................................................... 4

*Ballard v. Savage*,
65 F.3d 1495, 1798 (9th Cir. 1995) ................................................................... 3

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 ..................................................................................................... 10

*Franklin H. Wright v. Hughes, Socol, Piers, Resnick, LTD*,
No. CV 17-90-MWF(EX), 2017 WL 6032521 (C.D. Cal. May 4, 2017) ................................................................................................................ 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408, 416 (1984) ................................................................................... 4

*In re W. States Wholesale Nat. Gas Antitrust Litig.* (Western States),
715 F.3d 716, 741 (9th Cir. 2013).) ................................................................... 3

*International Shoe Co. v. Washington*,
326 U.S. 310, 316 (1945) ................................................................................... 4

*Lake v. Lake*,
817 F.2d. 1416 (9th Cir. 1987) .......................................................................... 4

*LP Digital Solution v. Signifi Solutions, Inc.*,
921 F.Supp.2d 997 (C.D. Cal. 2013) ............................................................. 3, 4

*Matrixx Initiatives, Inc. v. Siracusano*,
563 U.S. 27 (2011) ........................................................................................... 10

*Mavrix Photo Inc. v. Brand Tech., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ........................................................................... 5

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ..................................................................... 4, 5, 7

*Usher v. City of Los Angeles*,
828 F.2d 556 (9th Cir. 1987) ........................................................................... 10

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## State Cases

*Bleecher v. Conte*
    (1981) 29 Cal. 3d. 345 ...................................................................................14

*Durell v. Sharp Healthcare*,
    183 Cal.App.3d 1350 (2010) ....................................................................11

*First Nationwide Savings v. Perry*
    11 Cal App 4th 1657 (1992) ....................................................................11

*Lectrodryer v. SeoulBank*,
    77 Cal.App.4th 723 (2000) .......................................................................11

*Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc.*,
    29 Cal.App.5th 230, 239 Cal. Rptr. 3d 900 (2018) ...............................16

*Reichert v. General Insurance Co.*
    (1968) 68 Cal. 2d 822 .............................................................................14

*Unity Audit Co., Inc. v. City of L. A.*
    (2003) 112 Cal. App. 4th 950 ............................................................15, 16

## Federal Statutes

Federal Rules of Civil Procedure Rule 4(k)(1)(A) ..........................................4

Federal Rules of Civil Procedure Rule 8 ......................................................12

Federal Rules of Civil Procedure Rule 12(b)(2).................................1, 3, 16

Federal Rules of Civil Procedure Rule 12(b)(6)........................1, 7, 10, 16

## Other Authorities

California's Unfair Competition Law or the Consumers Legal Remedies
    Act...........................................................................................................12

Consumers Legal Remedies Act....................................................................12

California Unfair Competition Law ...............................................................12

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS
PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE CHRISTINA SNYDER UNITED STATES DISTRICT COURT JUDGE AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff REGIONS BANK, an Alabama State Bank, dba Ascentium Capital ("Ascentium") hereby opposes Defendant Washworld, Inc ("Washworld")'s Motion to Dismiss Ascentium's Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"), as follows:

## I.    STATEMENT OF FACTS

On or about January 10, 2024, Car Wash Management, LLC ("Car Wash Management") with an address of 310 S. Vincent Ave., West Covina, CA 91790, entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Ascentium in order for Ascentium to make a loan to Car Wash Management to finance the acquisition of car wash equipment for the financed amount of $343,394.23 pursuant to which Car Wash Management, after an initial payment, was required to make 71 more monthly payments.  Car Wash Management is also sometimes referred to herein as the "Debtor".  In connection with execution of the EFA, Debtor also executed, among other documents,  an Authorization to Perform Verbal Verification, Prepayment Addendum, Authority and Incumbency Certificate, and Commencement Agreement whereby Debtor requested that Ascentium pay the supplier of the Equipment which was Washworld before the Equipment was delivered, installed and operational.

The equipment was ordered from Washworld a known supplier of equipment to Ascentium because Ascentium had made many loans to Washworld customers both before and after this transaction. Ascentium has entered into 25 loan transactions where Washworld supplied the equipment out of 49 transactions submitted to Ascentium through Washworld for funding the purchase of carwash equipment from Ascentium. Of the 25 transactions, 3 transactions were funded to California based users of Washworld equipment and there were 2 other California based transactions

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

that were not funded by Ascentium. (See Declaration of Jerry Noon "Noon Decl." ¶8). The EFA was amended to reflect a modified payment term after it was initially executed.

As acknowledged in the Motion, at the time of execution of the EFA and the execution of the Addendum to the EFA, Car Wash Management was a distributor for Washworld and, according to Washworld, distributors have access to Washworld's order forms. In order for Ascentium to pay the loan proceeds directly to Washworld to purchase the equipment for Car Wash Management's use and benefit, Washworld executed a contract with Ascentium called Funding Instructions on or about March 11, 2024, which sets forth the specific terms under which Ascentium would pay Washworld the proceeds of the loans it made to its borrower so the equipment would be paid for.  Ascentium paid the sum of $309,054.80 to Washworld. (Noon Decl. ¶11).  The Funding Instructions state, among other terms:

> "Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction.  If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium."

Car Wash Management also executed a Delivery and Acceptance Certificate representing to Ascentium that all the equipment had been delivered and Ascentium should fund the loan evidenced by the EFA (Noon Decl. ¶11).  As it turns out, Washworld never delivered the equipment that is the subject of the Purchase Order sent to Ascentium to reflect the equipment being sold to Car Wash Management that Ascentium was paying to Washworld. After Washworld received the $309,054.80 from Ascentium to purchase the equipment that was the subject of the Purchase Order,  instead of contacting Ascentium to ask why it was receiving this money since Washworld contends it was not aware of any such purchase transaction, it contacted

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Car Wash Management who told Washworld to pay $132,509.09 of the $309,054.80 funded by Ascentium to an order for one of Car Wash Management's customers in Chula Vista, California called Conserve Fuels (per the communications Ascentium had with Washworld employee Jim Koch) and the balance of $176,552.71 was to be sent to Car Wash Management.  Washworld ignored the specific terms of the Funding Instructions which requires Washworld to return to Ascentium any funds that Washworld is not entitled to for the purchase of new equipment being sold by Washworld to its customer.  (Noon Decl. ⁋⁋14-15).

It must be noted, nowhere in the Washworld  Motion to Dismiss does Washworld deny the facts set forth in the Complaint and, in fact, essentially states that it is entitled to keep the $309,054.80 it received from Ascentium, just because it received the money.  Washworld is therefore indebted to Ascentium in the sum of $309,054.80 plus interest and the Motion to Dismiss lacks merit.

## II.  THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION SHOULD BE DENIED

### A.  Legal Standard for a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2)

In evaluating a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of demonstrating that the court has jurisdiction." (*In re W. States Wholesale Nat. Gas Antitrust Litig*. (Western States), 715 F.3d 716, 741 (9th Cir. 2013).)

In deciding a motion to dismiss, "[t]he court may consider evidence presented in affidavits to assist it in its determination and may order discovery on jurisdictional issues." (Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).) When "a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." (*LP Digital Solution v. Signifi Solutions, Inc*., 921 F.Supp.2d 997, 1003 (C.D. Cal. 2013) (citing *Ballard v. Savage*, 65 F.3d 1495, 1798 (9th Cir. 1995).) Further,

"[p]laintiff's version of facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." (*Id.* (citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).)

General jurisdiction exists if a defendant engages in "continuous and systematic general business contacts." (*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).)

The defendant "must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice'." (*Franklin H. Wright v. Hughes, Socol, Piers, Resnick, LTD*, No. CV 17-90-MWF(EX), 2017 WL 6032521 * 1 (C.D. Cal. May 4, 2017) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).)

When there is no applicable federal statute, the court "applies the law of the state in which the district court sits" and California's long-arm statute comports with federal due process. (*Schwarzenegger*, 374 F.3d at 800-801 (citing Fed.R.Civ.P. 4(k)(1)(A).) The Ninth Circuit has "established a three-prong test for analyzing a claim of specific jurisdiction:

(1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

(*Schwarzenegger*, 374 F.3d at 802; see also *Lake v. Lake*, 817 F.2d. 1416, 1421

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5679403v2 | 100287-0289                    4

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS
PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

(9th Cir. 1987).)

A plaintiff bears the burden of satisfying the first two prongs, then the burden shifts to the defendant to present a "compelling case that the exercise of jurisdiction would not be reasonable." (*Mavrix Photo Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (internal citations and quotation marks omitted); see also *Schwarzenegger*, 374 F.3d at 802.).

Clearly Ascentium does not have the full story here, but the facts in this case learned to date by Ascentium are the following:

1.    The Declaration of Zach Jensen ("Jensen Decl.") admits that Car Wash Management is a distributor of Washworld. But exactly what does that mean? What is or was that business relationship with Washworld's California Distributor, Car Wash Maangement?  Is there an agency relationship? If Car Wash Management is writing orders on Washworld forms supplied to them by Washworld then what exactly has Washworld authorized Car Wash Management to do for Washworld? Is there California jurisdiction simply because of Washworld's relationship with its 5 California distributors?

2.    Washworld has a website that clearly shows it is continuously and systematically doing business in California.  For example, the website states in pertinent part, as follows:

> "Washworld is known for our world class customer service. With over 100 Distributors worldwide and a Technical Support Department, we can assist operators day or night, 24/7. Utilizing Washworld's exclusive Washview® Remote, you and our technical professionals are able to track your wash site performance from anywhere in the world often preventing the need for an on-site service call. Best of all, there is never a charge for Washworld technical support after the sale. At Washworld, we stand behind our vehicle wash systems and strive to provide the assistance you, our customer, need so that you're never alone. This is yet another example of our motto, 'Our World Revolves Around Your World' in action."

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

https://www.washworldinc.com/tech-support

The website also lists who and where its distributors are located and those located in California including Car Wash Management. There are no less than 2 other Southern California Distributors for Washworld and others in Northern  California. See Washworld.com/find-my- distributor (Declaration of Jerry Noon ¶16)).

3.    The loan was entered into by Ascentium with Car Wash Management which is located in West Covina and doing business in San Diego. The money for the non-existent equipment was paid to Washworld by Automated Clearing House Debit ("ACH") and received by Washworld on March 11, 2024. According to the Director of National Accounts for Washworld, Jim Koch, some of that money was redirected to a different California customer in Chula Vista, California called Conserve Fuels. (See Noon Decl ¶14). The rest of the money was sent to Car Wash Management also in California. At this point, Ascentium knows nothing about that Conserve Foods transaction or why money or equipment was sent by Washworld to Conserve Foods which is yet another California based entity further supporting jurisdiction in California.

4.    Turning back to Paragraph 13 of the Jensen Decl., it is stated  "Orders do not become final until they are accepted by the distributor and Washworld." Yet why would the transaction not become final if a Distributor did not accept it if there was not some close relationship between Car Wash Management, the distributor, and Washworld?

5.    Washworld has done business with Ascentium with customers in California and this Car Wash Management loan is not some "one off" transaction as stated in the Noon Decl.  Instead, there were 49 other transactions referred to Ascentium involving Washworld equipment and 25 of them were completed.

In addition, and as stated in the Washworld website, Washworld is providing 24/7 support for its California Distributors and California orders submitted by a California distributor must be accepted by Washworld.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS
PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Even from the facts that are presumably known and much is not known about this transaction, Washworld purposefully availed itself of the benefits and burdens of conducting business in California. Discovery will probably even show more contacts since the Jensen Decl was purposely "sanitized" so as not to disclose the true facts and almost no foundation was laid for the facts set forth therein other than Mr. Jensen states he is the Chief Operating Officer of Washworld.

Moreover, as noted in the moving papers, on a motion to dismiss the allegations of the complaint are to be taken as true. (See Motion, pg. 5, lines 5-60) As discussed more fully below in addressing the Rule 12(b)(6) Motion, the "Funding Instructions", Exhibit 4 to complaint, states: "Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes or proposals for the application transaction. If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to, or as directed by Ascentium." Ascentium has alleged that Washworld has breached the terms of the Funding Instructions. The Court must take as true the language in the Funding Instructions absent contrary evidence where no such evidence was provided.

Finally, while Washworld raises arguments to address the third prong- jurisdiction in the forum state, which is California, that Jurisdiction must be fair and reasonable, and it is defendant's burden to establish a "compelling case that the exercise of jurisdiction would be unreasonable." (*Schwarzenegger*, 374 F.3d at 802.) Little, if any, evidence is provided to support Washworld's contention that jurisdiction is not reasonable. In fact, the only so called evidence is as follows:

> 5. Washworld does not have any offices, warehouses, factories, or places of business in the State of California and does not maintain a phone number, facsimile number, or mailing address in the State of California.

> 6. Washworld does not have any bank accounts located in the State of California.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5679403v2 | 100287-0289

7

7. Washworld does not have any employees in the State of California.

(Jensen Decl., paragraphs 5, 6 & 7)

While this evidence lacks foundation, the website and the nature of the transactions at issue in this case and its known distributor chain and customer service outreach appear to belie that contention.

**B.     Sufficient Minimum Contacts Exist to Satisfy Constitutional Requirements**

Personal jurisdiction attaches even when subjected to a "minimum contacts" analysis. As noted in *Burger King*, "with respect to interstate contractual obligations, we have emphasized that parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." (471 U.S. at 473.) "Moreover, where individuals purposefully derive benefit from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." (*Id.*, at 474.) "And, because modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity, it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity."  (*Id.*)

Although a party's contract with an out-of-state party cannot "alone . . . automatically establish sufficient minimum contacts in the other party's home forum . . .," the Court will consider such factors as, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . in determining whether the defendant purposefully established minimum contact with the forum." (*Id.*, at 478.)

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

5679403v2 | 100287-0289

8

Here, Washworld, entered into a contract with Ascentium, the Funding Instructions. The contract reveals that the object of the contract was for Washworld to supply equipment to its customers and Ascentium will loan to the money to Washworld customer and would directly remit the loan proceeds which is the sale price of the equipment being acquired directly to Washworld. Washworld was directly benefitted by this contract because it would be paid immediately for goods it was selling by Ascentium and in return there had to be equipment sold and Washworld had to return money received if it was not sold per the purchase orders supplied to Ascentium. Washworld showed its dishonesty by its conduct which is hard to fathom since it destroyed any relationship it had with Ascentium to enter into transactions in the future for funding for Washworld customers by Ascentium and cannot get away with it. And, as stated above, this was not the only time Washworld received money from Ascentum for funding the purchase of equipment.

Washworld has purposely availed itself to the privilege of conducting business in California. As set forth in Washworld's own website, it provided 24/7 technical support to their distributors, no matter where they are located-including California. In fact, the website states: "At Washworld, we stand behind our vehicle wash systems and strive to provide the assistance you, our customer, need so that you're never alone."

Washworld even acknowledges in the Jensen Decl. that 7.35% of its revenue is generated from California and almost 5% of its distributor network is in California. Whether this statement is true or not because of the lack of admissible evidence proffered by Washworld, California obviously has an interest in protecting its citizens who enter into contracts with out-of-state parties for goods to be sold and services to be rendered in California by exercising personal jurisdiction over such out-of-state parties so that disputes can be adjudicated by a California court under California law. Given what appears to be the large national if not international reach of Washworld there is no unreasonable burden for Washworld to be in California

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5679403v2 | 100287-0289                                    9

defending this case. In addition, if this Motion to Dismiss was granted then Washworld would be sued in Wisconsin and this case would continue in California thereby risking inconsistent judgments and multiple litigation with witnesses having to go to both jurisdictions and more legal fees and costs. There simply is no reason for making the parties deal with multiple cases in two states. Therefore, the 12(b)(2) Motion must be denied.

## III. THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD BE DENIED

### A. Legal Standard for a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." (*Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).)

The Complaint must be facially plausible and if so it states a claim "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009); *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555, 560.)

### B. The Money Paid By Mistake/Unjust Enrichment Claim

The "allegations of a complaint must be sufficient to raise a reasonable expectation that discovery will reveal evidence to support the claim and to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).)

Here, the complaint does just that. Washworld received $309,054.80, and Washworld has contended that there was no pending work order from Car Wash Management. Washworld made no inquiry of Ascentium as to why it was being paid money, where the money should go and made the conscious decision to turn the

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

money over to Car Wash Management without contacting Ascentium.  Had Washworld sent an email or picked up a telephone to find out why $309,054.80 magically landed in its bank account from Ascentium this case would not have been filed. But it did not take the logical step of finding out why Ascentium was paying this money to Washworld.  But what did Washworld do?  It contacted its California distributor Car Wash Management from which it no knowledge of the goods being sold and then sent the money to another California company Conserve Fuels and to Car Wash Management and now contends there was nothing wrong with that and it should have no liability to Ascentium.  Despite this, Washworld contends that it did not purposely avail itself of any conduct or action in California and jurisdiction is improper.

In its Motion, Washworld asserts two basis that the claim for relief fails.  First, because unjust enrichment is an "equitable" claim it must allege that it has no adequate remedy at law and, second California does not allow for unjust enrichment when there is a contractual remedy available to it.  Both of Washworld's arguments fail.

First, in California, there is a split of authority on the issue, the Court of Appeal has held that "there is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare*, 183 Cal.App.3d 1350, 1370 (2010).  While "unjust enrichment is synonymous with restitution" (Id.), it is a basis for recovery when tethered to a standalone cause of action.  However, in *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000) the Second district has stated  that unjust enrichment is a claim.  (see also *First Nationwide Savings v. Perry* 11 Cal App 4th 1657 (1992)). Some Courts couch the unjust enrichment claim as a claim for Restitution and others as a claim for breach of implied contract or quasi contract. Ascentium has plead the claim as mistaken payment/ unjust enrichment but however the claims are stated the facts are what they are.

Even if the unjust enrichment is deemed to be an equitable claim, the claim is

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

still proper.  Washworld asserts that when seeking an equitable claim, it must plead the lack of legal remedy citing *Sonner v. Premier Nutrition Corp*., 971 F. 3d. 834, 844 (9th Cir. 2020).  Washworld has miscited the holding with respect to this case. Specifically, the Court stated as follows:

> "At bottom, "[t]hat a State may authorize its courts to give equitable relief unhampered by" the "restriction[]" that 844*844 an adequate remedy at law be unavailable "cannot remove th[at] fetter[] from the federal courts." *York*, 326 U.S. at 105-06, 65 S.Ct. 1464. Guided by that instruction, we hold that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL[California Unfair Competition Law] and CLRA[Consumers Legal Remedies Act] in a diversity action."

The instant action is not one arising from California's Unfair Competition Law or the Consumers Legal Remedies Act.  Even if it was, Washworld is mistaken as to who the adequate remedy at law is against.  This is a cause of action against Washworld, not against Car Wash Management.

**C.    Ascentium can plead inconsistent theories of relief**

Washworld asserts that the equitable claim for unjust enrichment fails because a contractual remedy exists.  Washworld cannot have it both ways.  As set forth below, Washworld claims that the contract it entered into with Ascentium is unenforceable and is not a contract at all.   If the contract is unenforceable, then Ascentium's claim for unjust enrichment is proper as being equitable. At this stage of the litigation and clearly with the need for discovery, Ascentium need not make a decision on what theory of relief it will eventually proceed on.  Specifically, under Rule 8 of the Federal Rules of Civil Procedure, inconsistent claims or defenses may be asserted.  Specifically, the rule states as follows:

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

. . .

(d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

It should be noted that the only claim where Washworld asserts an inconsistent pleading is not the breach of contract claim alleged by Ascentium against it but rather, Ascentium's claim for breach of contract against Car Wash Management and for breach of guaranty against Jose Ortiz.  Even if inconsistent pleading was not allowed, which is allowed, there is nothing inconsistent about pleading separate breach of contract claims against Washworld and breach of contract claims against Car Wash Management for breach of the EFA and  Ortiz for breach of his guaranty.  Car Wash Management is not part of the Breach of the Funding Instructions contract against Washworld and these are totally different theories of recovery.

**D.    The Breach of Contract Claim**

The elements for breach of a contract cause of action are:

(1)    The existence of a contract,

5679403v2 | 100287-0289

13

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

(2)    Plaintiffs' performance or excuse for non-performance,

(3)    Defendants' breach, and

(4)    The resulting damages to Plaintiff.

(*Reichert v. General Insurance Co.*, (1968) 68 Cal. 2d 822, 830).  In the instant case, and as conceded by Washworld, the first element, the existence of a contract, the Funding Instructions, has been met.  Washworld however asserts that the second element, Plaintiff's performance or excuse for non-performance has not been met.  That is simply not the case.  As the California Supreme Court states in *Bleecher v. Conte* (1981) 29 Cal. 3d. 345:

> "The first issue to be decided is whether the agreement lacked mutuality of obligation and, therefore, was unenforceable. A bilateral contract is one in which there are mutual promises given in consideration of each other. (See *Davis v. Jacoby* (1934) 1 Cal.2d 370, 378, 34 P.2d 1026; Rest., Contracts, § 12.) The promises of each party must be legally binding in order for them to be deemed consideration for each other. (1 Witkin, Summary of Cal. Law (8th ed.1973) pp. 32, 162.)
>
> If a party is not assuming a legal duty in making a promise, the agreement is not binding as a bilateral contract. This court expressed the rule in *Mattei v. Hopper* (1958) 51 Cal.2d 119, at page 122, 330 P.2d 625: "[w]hen the parties attempt ... to make a contract where promises are exchanged as the consideration, the promises must be mutual in obligation. In other words, for the contract to bind either party, both must have assumed some legal obligations. Without this mutuality of obligation, the agreement lacks consideration and no enforceable contract has been created. [Citations.]" (See also Civ. Code, § 3391, subd. 1.)

In the instant case, pursuant to the terms of the Funding Instructions signed by Washworld, the Payee under the Funding Instructions, specifically agreed that any funds received from Ascentium would be used for "the sole purpose of advancing funds for Payee's customer to pay the purchase orders…for the applicable transaction. If funds to which Payee is not entitled are deposited into Payee's account …Payee

agrees to promptly remit any such funds to, or as directed by Ascentium…." Here at paragraph 57 of the complaint it is alleged that Washworld received the Mistaken Payment. As the Court in Bleecher, supra stated, upon the recipient of the money, in this case which is Washroom, on its acceptance of the money from Ascentium the mutuality of the obligation-Ascentium's obligation to make payment for equipment orders for Washworld's customer and Washworld's obligation to use the monies received from Ascentium to either pay for the equipment described in the orders or return the money to Ascentium is clearly set forth in the Complaint. Acceptance of the terms of the Funding Instructions bound both Ascentium and Washworld, creating the mutuality of obligation and consideration. Ascentium's delivery of money to Washworld was the only condition required of Ascentium to be performed under the terms of the Funding Instructions. All conditions on its part have been met.

The allegations in the Complaint describe Washworld's breach, the failure to comply with the terms of the funding instructions by failing to remit back to Ascentium to monies that were not used to fund purchase orders for Car Wash Management and Ascentium's resulting damage as a result of Washworlds breach. A claim for breach of contract has been properly pled.

**E.     The Money Had and Received Claim**

As cited in the moving papers, the Court in *Unity Audit Co., Inc. v. City of L. A.* (2003) 112 Cal. App. 4th 950 stated what is required to plead a cause of action for money had and received. The Court stated:

> "As Witkin states in his text, `A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished. It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract.' [Citation.]" (*Kawasho Internat., U.S.A., Inc. v. Lakewood Pipe Service, Inc.* (1983) 152 Cal.App.3d 785, 793 [ 201 Cal.Rptr. 640].) A claim for money had and received can be based upon money paid by mistake, money paid pursuant to a void contract, or a performance by one

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5679403v2 | 100287-0289

15

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

party of an express contract. (See *Schultz v. Harney* (1994) 27 Cal.App.4th 1611, 1623 [ 33 Cal.Rptr.2d 276]; *Kawasho Internat., U.S.A., Inc. v. Lakewood Pipe Service, Inc., supra*, 152 Cal.App.3d at p. 793.) "`Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortious. [Citation.] If unclear the action will be considered based on contract rather than tort. [Citation.]'" (*Roe v. State of California* (2001) 94 Cal.App.4th 64, 69 [113 Cal.Rptr.2d 900].)"

See also, *Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal.App.5th 230, 238, 239 Cal. Rptr. 3d 900 (2018)-"Generally, one who is unjustly enriched at the expense of another is required to make restitution"

Washworld claims that a common count of money had and received is equitable in nature.  That is not the case.  Here, as set forth in *Unity Audit Co,, supra*. the claim is contractual in nature, not equitable.  Further, Ascentium has alleged that a claim for money had and received lies when money is paid by mistake, as pled here or, even if the money was paid pursuant to a void contract, assuming that for some reason the Funding Instructions is found to be an unenforceable contract.  A claim for money had and received has been adequately pled.

## IV.    CONCLUSION

For the foregoing reasons, the Motion(s) under Rule 12(b)(2) and Rule 12(b)(6) should be denied. If the Court is inclined to grant the Motion on the Rule 12(b)(2) grounds, Ascentium requests that the Court continue the hearing to allow Ascentium to conduct discovery to ascertain the relationship between Car Wash Management and all other Distributors in California with Washworld and the nature of Washworld's business and contacts in California, and also to learn about California based Conserve Fuels and the transactions entered into with Conserve Fuels which caused Washworld to pay money received by Washworld from Ascentium to Conserve Fuels. However, the Motions to Dismiss should be denied.

Also, if for any reason the Court believes that any claim must be dismissed Ascentium requests leave to file a First Amended Complaint. Ascentium believes that it may have to file an Amended Complaint in any event after discovery is conducted, but nevertheless this Complaint should not be dismissed without leave to amend. Given the known facts, there appears to be the possibility of alleging other tort claims against Washworld such as Fraud, Conspiracy, Aiding and Abetting Fraud, conversion of the money received, and unfair business practices. Ascentium did not want to allege tort allegations until it conducted further discovery.

DATED:  August 26, 2025          FRANDZEL ROBINS BLOOM & CSATO, L.C.


By:  _____
ANDREW K. ALPER
Attorneys for Plaintiff, REGIONS BANK,
an Alabama State Bank, dba Ascentium
Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5679403v2 | 100287-0289

17

PLAINTIFF REGIONS BANK'S OPPOSITION TO DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)2 AND 12(b)6 OF THE FEDERAL RULES OF CIVIL PROCEDURE