Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,

Plaintiff,

v.

CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,

Defendants.

Case No. 2:25-cv-00359 CAS (KSx)

**DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO MOTION TO DISMISS FILED BY WASHWORLD, INC.**

**Date:** **September 22, 2025**
**Time:** **10:00 a.m.**
**Dept:** **8D**

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

I, ANDREW K. ALPER, declare as follows:

1.     I am an attorney at law duly licensed and authorized to practice law in the State of California and before all United States District Courts in the State of California. I am a Vice President and shareholder of Frandzel Robins Bloom & Csato, L.C. attorneys for Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff") herein.

2.     If called upon to testify to the matters stated herein I could and would competently testify thereto.

3.     I am the attorney at my firm who has personal knowledge of this case and has represented Plaintiff since its formation as Ascentium Capital, LLC before it was acquired by Regions Bank. Prior to filing this lawsuit I directed a letter to Washworld, Inc. making demand for the money that was paid to Washworld, Inc. by Ascentium for equipment never sold by Washworld, Inc. to Car Wash Management, LLC ("CWM").  A true and correct copy of the demand letter is attached hereto, marked Exhibit "1" and is incorporated herein by this reference.

4.     In response I received communications from an attorney in Wisconsin which is not Washworld, Inc's counsel in this case where we discussed the matter but nothing was resolved.

5.     After Washworld, Inc was served among other communications with Katherine Walton one of the attorneys representing Washworld, Inc., was an attempt to meet and confer as to the filing of the Motions to Dismiss. Since Ms. Walton did not file any declaration with the Court about the compliance with the meet and confer process in connection with filing the Motion to Dismiss,  I represent to the Court that we did telephonically discuss these Motions. At that time, I asked Ms. Walton if she was aware of the other many transactions between Ascentium and Washworld, Inc. and she did not admit or deny if she was aware of them. But I advised her of the extensive interactions between our clients with some of them being funding other California transactions. We also discussed the various claims and despite advising Ms. Walton of the sufficiency of the claims Ms. Walton indicated that Washworld,

2

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

Inc. would file the Motion to Dismiss. Ms. Walton never advised me of any of the facts set forth in the Declaration of Zach Jensen only that she believed there were insufficient contacts as matter of both general and specific jurisdiction to require Washworld, Inc. to litigate this case in California.

6.    I thereafter checked the Washworld, Inc. website in order to see if Washworld, Inc. had a presence in California and it clearly had a substantial presence. The declaration of Jerry Noon highlights some of that presence. See the Washworld website at Washworldinc.com and  Washworldinc.com/find-my-distributor for some of the relevant information as to the nationwide business that Washworld, Inc. is conducting. I request the Court to take judicial notice of the website pursuant to Federal Rules of Evidence Rule 201.

7.    The Declaration of Zach Jensen in support of the Motion to Dismiss has little in the way of actual evidence just Mr. Jensen discussing some conclusions and, if for any reason the Court would grant the Rule 12(b)(2) Motion to Dismiss which I do not believe the Court should do, Plaintiff requests that the Court allow Plaintiff to conduct meaningful discovery to ascertain all of the contacts will show from both General and Specific Jurisdiction contacts in California  and to find out more about the distributor system, the agency relationships between the distributors and Washworld, Inc., information about Conserve Fuels which Ascentium has no knowledge of and why it received some of the money that Ascentium paid to Washworld, Inc on the CWM sale transactions, and other matters.

I declare under penalty of perjury under the laws of the State of California and the united States of America that the foregoing is true and correct. Executed on this 26th day of August, 2025, at Los Angeles, California.

By: _____

ANDREW K. ALPER, Declarant

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000