Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067-4301
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:    *xestrada@bakerlaw.com*
              *aclaypool@bakerlaw.com*

Michael D. Gannon *(Pro Hac Vice)*
Katharine H. Walton *(Pro Hac Vice)*
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:    *mgannon@bakerlaw.com*
              *kwalton@bakerlaw.com*

*Attorneys for Defendant and Cross Defendant* WASHWORLD, INC.

[*additional counsel listed in the next page*]

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**JOINT REPORT OF RULE 26(F) MEETING**<br><br>Date:       September 8, 2025<br>Time:       11:00 a.m.<br>Ctrm:      8D<br><br>Case Filed:    January 14, 2025 |
| JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | |

1

**JOINT REPORT OF RULE 26(f) MEETING**

Andrew K. Alper (SBN 088876)
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone: 323-852-1000
Facsimile: 323-651-2577
Email: *aalper@frandzel.com*

*Attorneys for Plaintiff* REGIONS BANK D/B/A ASCENTIUM CAPITAL

Lisa Mitts Patrick (SBN 134522)
**LAW OFFICE OF LISA MITTS PATRICK**
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone: 714-990-3693
Facsimile: 657-234-0012
Email: *lolmp2021@gmail.com*

*Attorneys for Defendant and Cross Claimant* JOSE RENE ORTIZ

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's Order Setting Scheduling Conference [Dkt. 57], Plaintiff Regions Bank d/b/a Ascentium Capital ("Ascentium"), Defendant and Cross Defendant Washworld, Inc. ("Washworld"), and Defendant and Cross Complainant Jose Rene Ortiz ("Ortiz") (collectively the "Parties"),[1] by and through their counsel of record, hereby submit the following Joint Rule 26(f) Report:

**STATEMENT OF THE CASE:**

Ascentium initiated this action on January 14, 2025. Ascentium's Complaint alleges the following causes of action: (1) Breach of Equipment Finance Agreement (against Car Wash Management, LLC); (2) Breach of Guaranty (Ortiz); (3) Breach of Guaranty (West Covina Car Wash LLC); (4) Fraud/Concealment (Car Wash Management, Williams, Ortiz, and Does 1-10); (5) Recovery for Payment of Money by Mistake, Unjust Enrichment (Washworld); (6) Breach of Contract (Washworld); and (7) Money Had and Received. (Washworld) [ECF No. 1].

Ortiz filed a Cross Complaint on July 16, 2025, alleging the following causes of action: (1) Fraud, Concealment, Misrepresentation (against Williams, Roes-10); (2) Breach of Contract (against Williams, Car Wash Management, LLC, West Covina Car Wash, LLC, Roes 11-20); and (3) Money Had and Received (against Washworld, Roes 21-35) [ECF No. 55].

**1. Plaintiff's Statement:**

Plaintiff made a loan to Car Wash Management, LLC ("CWM") for CWM to acquire equipment from Washworld, Inc ("Washworld"). Plaintiff was to be granted a security interest in the equipment acquired with the loan. The loan was personally guaranteed by West Covina Car Wash, LLC ("WCCW") and Ortiz. Plaintiff had done a substantial amount of business with Washworld as the equipment supplier and

---

[1] As of the date of filing this Joint Report, Defendants Car Wash Management, LLC, a Hawaii LLC, and Andrew Paul Williams have not been served. West Covina Car Wash LLC was served but has not appeared. (ECF No. 40.) This Court entered default against Defendant Car Wash Management, LLC, a Delaware LLC, (ECF No. 34).

3

**JOINT REPORT OF RULE 26(f) MEETING**

some of that business was in California. Washworld is located in Wisconsin. All other parties are presumably in California. Pursuant to a contract between Plaintiff and Washworld if Plaintiff made a loan to Washworld's customer for its equipment, Plaintiff would wire money to Washworld to pay for the equipment that is the subject of the loan and only for the purpose of acquiring the equipment and for nothing else. Plaintiff wired the sum of $309,054.80 to Washworld and Washworld apparently was not selling CWM equipment but instead used Plaintiff's money on a different transaction in which $132,509.09 was used for a company known as Conserve Fuels in Chula Vista, California and remitted the balance of the money it received of $179,552.51 back to CWM. Plaintiff was never made aware of the transfer of this money to either CWM or Conserve Fuels or for any other purpose other than the acquisition of new equipment from Washworld by CWM. CWM, Oritz and WCCW did not make the payments due and defaulted. Plaintiff believes that one of the principals of CWM and WCCM, Andrew Williams, was the mastermind behind the misrepresentations and fraud on Plaintiff in never acquiring equipment but obtained the money by misrepresenting the transaction. Plaintiff has not been able to serve Andrew Williams. The amount due to Plaintiff is no less than $324,180.60 plus late charges, interest, attorney's fees and costs from the Defendants. Washworld is obligated to pay $309,054.80 the money it wrongfully obtained and distributed and never advised Plaintiff since there was no transaction with CMW and no equipment and should never have remitted the money or equipment to Conserve Fuels and to CWM or anyone else and should have returned to Plaintiff as it agreed to do pursuant to a contract with Plaintiff called Funding Instructions.

**2. Defendant Ortiz's Statement:**

Defendant Ortiz was only recently brought into the action which was filed back in January. He was served with Plaintiff's Complaint on 6/25/25. His Answer (ECF No. 54) was filed on 7/16/2025. He denied all allegations. Defendant Ortiz alleges little to no personal knowledge of the allegations in the Complaint.

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ortiz filed a Cross Complaint against Andrew Williams and his various business entities (Car Wash Management, LLC, Delaware, and Car Wash Management, LLC Hawaii) concurrently (ECF No. 55) with his Answer. In his Cross Complaint Ortiz alleges (1) Fraud, Concealment and Misrepresentation by Williams (and his companies) in the alleged transaction, (2) Breach of Contract as against those same parties, and (3) a separate cause of action for Money Had and Received as against Washworld, Inc. who allegedly took the subject money from the Plaintiff bank, and did not return it when the bank allegedly mistakenly funded the wrong transaction. Rather Washworld allegedly applied it to some other debt owed by Williams and/or his companies, and sent the rest back to Williams (as per the pleadings) who is alleged to have absconded with it as a result of the subject alleged fraud, concealment and misrepresentations. The Cross Complaint is out for service as of this date, but publication may be necessary.

### 3. Defendant Washworld's Statement:

Car Wash Management is one of Washworld's distributors. As a distributor, Car Wash Management had access to Washworld's order form. Any orders for equipment were conditioned on a down payment and acceptance by both Washworld and the distributor. Distributors did not have the ability or authority to place orders without Washworld's approval.

Car Wash Management fraudulently entered into an Equipment Financing Agreement with Ascentium for $343,394.23 on January 8, 2024. Ortiz and West Covina Car Wash signed a personal guaranty for the loan. It is unclear what, if any, diligence Ascentium undertook in as part of this transaction or in accepting these personal guarantees. As part of Car Wash Management's fraud, Car Wash Management initially planned to use another vendor. Car Wash Management then purported to change vendors to Washworld, and the amount of the Equipment Financing Agreement was revised to $346,904.75 through an addendum signed by Ortiz. In making this change, Car Wash Management provided an estimate to

**JOINT REPORT OF RULE 26(f) MEETING**

Ascentium.

On January 24, 2024, Car Wash Management placed an order for equipment. On March 1, 2024, Car Wash Management requested that additional equipment be added to the January 2024 order. Following receipt of a payment for equipment on March 12, 2024, in the amount of $309,054.80, which identified Car Wash Management as the vendor, Washworld reached out to Car Wash Management for instructions. Car Wash Management fraudulently directed Washworld to apply the funds to the January 2024 pending order and distribute to Car Wash Management the remaining amount for Car Wash Management to purchase the remaining ancillary equipment directly from other vendors.

Washworld denies that it is liable to Ascentium or Ortiz. Car Wash Management fraudulently represented it would order equipment from Washworld, but Car Wash Management never provided the estimate to Washworld at any time. Washworld has no relationship with Ortiz that would subject Washworld to liability for money sent to Washworld by Ascentium.

**SUBJECT MATTER JURISDICTION:**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff, an Alabama bank, and Defendant Ortiz, a California resident, and Defendant Washworld, a Wisconsin corporation with a principal place of business in Wisconsin. The amount in controversy also exceeds $75,000.00 exclusive of interest and costs.

**LEGAL ISSUES:**

**1. Plaintiff's Position:**

Based on the claims alleged in the Complaint, the major legal issues in the case include:

1.    The enforceability of the document called Funding Instructions which Plaintiff contends is an enforceable contract against Washworld whereas Washwolrd denies its enforceability.

6
**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2.     Whether Washworld has further liability in this transaction on other theories not initially alleged in the Complaint such as aider and abettor liability, fraud and conspiracy, conversion of the money it received, and unfair business practices under Business and Professions Code section 17200, et. seq. which may be alleged once discovery has been undertaken.[2]

3.     Whether the Court considers Unjust Enrichment as a remedy for breach of contract or a separate claim?

4.     Whether Unjust Enrichment would be considered an equitable or legal claim and if an equitable remedy whether it can only be maintained if the legal claim is not alleged. Plaintiff disputes this contention made by Washworld in its Motion to Dismiss supported by F.R.C.P. Rule 8(d).

5.     Whether Plaintiff has jurisdiction over Washworld which Plaintiff believes is proper and will be heard in connection with Washworld's Rule 12(b)(2) Motion.

6.     Since Plaintiff has not yet commenced any discovery and because Washworld has not filed an Answer, Plaintiff does not know what all legal issues exist in this case and will set forth other claims and issues as they arise.

7.     Whether there is an Agency relationship between Washworld, CWM, Williams, Ortiz and possibly others making Washworld liable for the claims against the other Defendants.[3]

**2.  Defendant Ortiz's Position:**

Based on the claims alleged in the Complaint, the major legal issues in the case relative to Ortiz include the fraud, concealment and misrepresentations of Defendant Andrew Williams individually and/or by and through his LLCs to all other parties, and also to Ortiz. Also there are issues of lack of consideration and unjust enrichment.

---

[2] It is Washworld's position that this is not a key legal issue in the case, as none of these theories are alleged in the Complaint, and discovery will reveal that there is no good-faith basis for doing so.

[3] It is Washworld's position that this is also not a key legal issue, as Plaintiff's Complaint does not allege an agency theory of liability in the Complaint.

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Williams is, by all indicators, the owner/CEO Manager of record of these companies, who were involved in the transaction with the Plaintiff and Defendant/Cross Defendant Washworld, and of which businesses Ortiz has no ownership or other controlling interests whatsoever, and who will testify he was 'involved' in this matter as a mere employee at best. The evidence will show the transactions lack any consideration as to Ortiz and unjust enrichment of all other involved parties dealing with the funds. Ortiz has little to no knowledge of the subject transaction between the Plaintiff and the Defendants other than to have signed one (of apparently many documents he was not privy to as shown in the Complaint) setting him up to be brought into this action. These Defendants/Cross Defendants include Washworld who was allegedly holding the 'mistaken' payment by the bank and did not return it but rather improperly credited other of Williams' debts and sent the rest to Williams, when returning it would have prevented Williams from allegedly absconding with it, all of which is part of the basis for Ortiz' Cross Complaint as to Washworld should he be held liable to the Plaintiff over any of these funds.

### 3. Defendant Washworld's Position:

Without the benefit of discovery, based on the claims alleged in the Complaint and Cross Complaint, the major legal issues in the case include:

1. Whether Car Wash Management defrauded Ascentium;
2. Whether Ascentium's payment was made by mistake, or whether Ascentium's own diligence should have discovered the fraud;
3. Whether the personal guarantors are responsible for Car Wash Management's default;
4. Whether Ascentium can seek equitable relief if Ascentium has remedies at law providing for monetary damages;
5. Whether Ascentium can recover against multiple parties for the same injury;
6. Whether Washworld breached a contract;

8

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7. Whether Washworld was unjustly enriched;

8. Whether Washworld received money for Ascentium's or Ortiz's use;

9. Whether Washworld fundamentally changed its position based on Car Wash Management's instructions on how to apply the funds; and

10. Whether the payment was for the benefit of Car Wash Management.

## PARTIES AND EVIDENCE

### 1. Plaintiff's Position:

Plaintiff may join any additional parties. Plaintiff anticipates that discovery will provide further information regarding relevant evidence and witnesses and claims. At this time, Plaintiff believes that possible percipient witnesses include

### A.    Plaintiff Regions Bank

All such persons may be served c/o of Plaintiff's Counsel

Andrew K. Alper Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, California 90017
Email: aalper@frandzel.com
Phone: (323) 852-1000
Facsimile: (323) 651-2577

Jerry Noon, Vice President and Manager of Asset Portfolio for Plaintiff. He is the custodian of records and the person most knowledgeable when it comes to Plaintiff's processes and procedures and is the head of the collection department as well. Mr. Noon is aware of the relationship of Washworld, Inc. to Plaintiff, the failure of the Defendants to pay the sums due, and is the responsible person for Plaintiff in this case and Plaintiff's main witness.

Pete Matheny and Tony Zieglar are the salespersons at Plaintiff most familiar with the transactions in the Complaint and have investigated the issues involved in this case and have communicated with the Defendants.

While there may be other persons at Plaintiff who may have knowledge of these transactions, these are the main persons for testimony at this time.

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## B.    Washworld, Inc.

All Such persons may be contacted through counsel for Washworld, Inc.
Xitlaly Estrada and Ava Claypool
Baker & Hostetler, LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, California 90067-4301
Telephone: 310 442-8878
Email: xestrada@bakerlaw.com
            aclaypool@bakerlaw.com
and/or
Michael D. Gannon
Katharine H. Walton
Baker & Hostetler, LLP
One North Wacker Drive, Suite 3700
Chicago, Ill 60606
Telephone: 312-0416-6200
Email: mgannon@bakerlaw.com
            kwalton@bakerlaw.com

The custodian of records and/or the persons most knowledgeable for Washworld, Inc., whoever that person or persons may be who can testify as to relationship and business dealings as to all of the parties to this case; the distributors of Washworld, Inc. and how a distributor functions and what the duties and responsibilities of Washworld and the distributors have to each other and what their role is with respect to sale, repair, operation and maintenance of goods sold or manufactured by Washworld, Inc., and the facts and documents and knowledge of the matters set forth in the Complaint, Cross-complaint, the Motions to Dismiss and any Answers ultimately filed in this case.

Zach Jensen who is the Chief Operating Officer who filed Declarations in support of the motions to dismiss filed by Washworld, Inc. and his background and ability to authenticate documents and records of Washworld, Inc. and Washworld, Inc.'s  relationships with distributors and contacts and business dealings in California. Mr. Jensen will also be questioned about the facts set forth in his Declaration in support of the Motions to Dismiss filed by Washworld, Inc. .

Jim Koch who is the Director of National Accounts who communicated with Plaintiff once Washworld, Inc. who is a percipient witness in this case as to facts and

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

information in the Complaint, Cross-complaint, and any other pleadings. Mr. Koch is a person communicating with Plaintiff in emails between Plaintiff and Washworld after the money was paid to Washworld, Inc. and most of the facts contained in the Complaint as to Washworld, Inc. derived from communications with Mr. Koch.

Josh Theyel is also a percipient witness as he too is in emails between Plaintiff and Washworld concerning the matters involved in the Complaint and Cross-complaint.

Jon Tyczkowski, Controller for Washworld, Inc. who executed the Funding Instructions Contract on behalf of Washworld, Inc. which is the subject of the breach of contract cause of action filed by Plaintiff against Washworld. Mr. Tyczkowski is also believed to be the person in charge of the relationship or business dealings for Washworld, Inc. with Plaintiff.

### C.    Jose Rene Ortiz

Mr. Ortiz can be contacted thorough his attorney of record,
The Law Office of
LISA MITTS PATRICK
112 E. Amerige Ave.
Suite 313
Fullerton, CA 92832
Phone: (714) 990-3693
Fax: (657) 234-0012
Email:lolmp2021@gmail.com

Mr. Ortiz is a defendant and a guarantor of the loan obligation of Car Wash Management, LLC to Plaintiff. Mr. Ortiz may also be a person most knowledgeable for Defendant West Covina Car Wash, LLC which is also a defendant and guarantor. Mr. Ortiz has knowledge of the facts and circumstances regarding the transactions in this case and the involvement of all defendants including the borrower Car Wash Management, LLC and has filed a Cross-complaint. Moreover, despite his contentions Ortiz has signed many of the loan documents on behalf of CWM and/or West Covina Car Wash, LLC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11

**JOINT REPORT OF RULE 26(f) MEETING**

**D.    Conserve Fuels and/or Conserve Car Wash**

Emails and communications with Washworld, Inc. state that money paid by Plaintiff to Washworld, Inc. to acquire equipment actually went in part and was diverted to Conserve Fuels or Conserve Car Wash and was not for Car Wash Management, LLC to acquire equipment from Washworld, Inc.. Plaintiff does not have information on Conserve Fuels or Conserve Car Wash and Plaintiff will have to conduct discovery from Washworld, Inc. and/or other defendants to obtain the necessary information and likely to add this company as a Defendant.

**E.    Andrew Williams**

While Plaintiff believes it has a last known address for Mr. Williams he has not been served despite numerous attempts including staking out the location where Plaintiff believes he is located. He is the principal of Car Wash Management, LLC. West Covina Car Wash, LLC and CW Hawaii and the person who Plaintiff and Washworld, for the most part, communicated with regarding the transactions regarding the loan and was apparently the mastermind of the fraud on Plaintiff.

**F.    Other persons and entities**

Discovery has not commenced and the pleadings are not set and it is too early for Plaintiff to set forth the names of other persons or entities and also any experts.

At this time, Plaintiff is aware of the following relevant documents:

1.    Plaintiff's approval for Financing
2.    Equipment Finance Agreement and Authorization for ACH payments
3     Authorization to Perform Verbal Verification
4.    Prepayment Addendum to Equipment Finance Agreement
5.    Guaranty executed by Ortiz
6.    Guaranty executed by West Covina Car Wash, LLC
7.    Authority and Incumbency Certificate
8.    Commencement Agreement
9.    Delivery and Acceptance Certificate

12

**JOINT REPORT OF RULE 26(f) MEETING**

10.     Driver's License of Ortiz (not produced unless necessary and as allowed by the Court and the parties)

11.     Washworld Invoices for equipment being sold to Car Wash Management LLC and financed by Plaintiff

12.     UCC-1 Financing Statement

13.     Payment Notification to Washworld that it was receiving $309,054.80

14.     Account ledger and history of payment with amount due

15.     Demand letter from Andrew K. Alper to Washworld, Inc.(as redacted for settlement discussions)

16.     Demand letter form Jerry Noon to Defendants

17.     Collection notes with emails between the parties as redacted for privileged and irrelevant information.

18.     Funding Instructions from Washworld, Inc.

19.     List of Transactions where Washworld, Inc was the supplier of goods in transactions either funded by Plaintiff or presented for funding and rejected (redacted until there is a protective order to protect third parties' privacy)

**Defendant Ortiz's Position:**

Ortiz does not anticipate joining any additional parties. Ortiz anticipates that discovery will provide further information regarding relevant evidence and witnesses which are unknown to this party at this time.  At this time, Ortiz believes that possible percipient witnesses include all of the named parties, possible persons at the Plaintiff bank who were involved in the transaction (names unknown), persons at Washworld involved in the transaction (names unknown.)  At this time, Ortiz is not aware of any additional relevant documents besides those attached to the Plaintiff's Complaint other than perhaps others related to the transaction in possession of the parties. Ortiz anticipates the need for discovery on at least the following subjects: the initial transaction between the Plaintiff and Williams, the delivery of the mistaken funds to the Defendant/Cross Defendant Washworld, as well as the structure of the Williams'

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

companies as well as the disposition of the funds. Ortiz anticipates identifying additional witnesses and documents as the case progresses.

### 2. Defendant Washworld's Position:

Washworld does not anticipate joining any additional parties. Washworld anticipates that discovery will provide further information regarding relevant evidence and witnesses. At this time, Washworld believes that possible percipient witnesses include Andrew Williams, Jose Rene Ortiz, Travis Beaudoin, Jim Koch, Jon Tycskowski, Abby Lamine, Richard Andreas, unknown Ascentium employees, and other unknown Car Wash Management employees. At this time, Washworld is aware of the following relevant documents:  (1) email correspondence related to Car Wash Management's January 2024 order; (2) estimates and commission forms related to the January 2024 order; and (3) email confirmation of an ACH payment by Ascentium. Washworld anticipates the need for discovery on at least the following subjects: (1) Ascentium and Car Wash Management's execution of the Equipment Financing Agreement and Addendum; (2) Ascentium's due diligence, including any borrower or risk assessment; (3) Car Wash Management employees' knowledge of the transactions; (4) Ortiz's relationship to Car Wash Management, West Covina Car Wash, and Williams; (5) Car Wash Management's request for pay stations; and (6) Car Wash Management's January 2024 order. Washworld anticipates identifying additional witnesses and documents as the case progresses.

### DAMAGES:

### 1. Plaintiff's Position:

$324,180.60 plus interest, late charges, attorney's fees and costs.

### 2. Defendant Ortiz's Position:

Defendant/Cross Complainant's damages (as against Williams, his companies and/or Washworld, Inc.) consist of those derivative of any damages Williams and/or his companies would be found to owe to the Plaintiff, that Defendant may then allegedly owe to the Plaintiff as alleged personal guarantor or on some other

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

14

**JOINT REPORT OF RULE 26(f) MEETING**

unknown basis, as well as Ortiz' costs of defense.

### 3. Defendant Washworld's Position:

Washworld denies that it is obligated to pay any damages in connection with Ascentium's or Ortiz's claims. Washworld further denies that any act or omission caused by Washworld caused harm or damage to Ascentium or Ortiz.

**INSURANCE:**

### 1. Plaintiff's Position:

None for Plaintiff.

### 2. Defendant Ortiz's Position:

Defendant/Cross Complainant Ortiz is uninsured.

### 3. Defendant Washworld's Position:

There is no insurance coverage applicable to this action.

**MANUAL FOR COMPLEX LITIGATION:**

The Parties do not currently believe the procedures in the Manual on Complex Litigation will be required for this case.

**STATUS OF DISCOVERY:**

No discovery has occurred in this case.

**DISCOVERY PLAN:**

The parties will exchange their Rule 26(a)(1) Initial Disclosures on or before September 8, 2025. It is Ortiz's and Washworld's position that Requests for Admissions, Requests for Production, and Special Interrogatories should comply with the requirements of the Federal Rules of Civil Procedure. Party depositions will proceed by way of noticed depositions and shall not exceed the time, length, or number limitations per party imposed pursuant to the FRCP, unless by court order and/or stipulation as appropriate.

It is Plaintiff's position that Plaintiff cannot commit to the number of depositions and the amount of discovery necessary for this case at this time. If there is an issue with respect to the amount of written discovery or depositions hopefully

**JOINT REPORT OF RULE 26(f) MEETING**

the parties will  stipulate and, if not, Plaintiff will obtain appropriate court orders to deal with the discovery issues.

The parties do not agree on a case schedule and have each proposed the dates set forth in **Exhibit A** attached hereto.

To the extent that any party seeks information regarding Washworld's transactions, pricing, or business model during discovery, Washworld anticipates the need for a protective order to designate material as confidential.

## MOTIONS:

On August 15, 2025, Washworld filed motions to dismiss Ascentium's Complaint and Ortiz's Cross Complaint for lack of personal jurisdiction and failure to state a claim. The motions are set for hearing on September 22, 2025 (Plaintiff's Complaint) and September 29, 2025 (Ortiz's Cross Complaint).

## DISPOSITIVE MOTIONS:

### 1.  Plaintiff's Position:

Unknown at this time. Two of the defendants have been defaulted  CWM and WCCW. They may be severed and judgment could be entered against them. Two Defendants have not been served, Andrew Williams and Car Wash Management, LLC, a Hawaii limited liability company ("CWM Hawaii'). CWM Hawaii is a suspended company in its State of Hawaii but Andrew Williams is the agent for service of process for CWM Hawaii which was named out of an abundance of caution by Plaintiff not knowing if it was involved or not.  Also, Plaintiff needs to learn about the entity known as Conserve Fuels which may end up being a party.  Therefore Plaintiff does not know if it will have dispositive motions or not but it is likely that a Motion for Summary Judgment or Summary Adjudication can be filed against Ortiz by Plaintiff and at the appropriate time obtain default judgment against other entities.

### 2.  Defendant Ortiz's Position:

Likely Summary Judgment depending on facts verified in discovery. Anticipated date by April 2026 based on assumption that Williams will timely be

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT REPORT OF RULE 26(f) MEETING**

brought into the action or later if publication is necessary.

### 3. Defendant Washworld's Position:

Washworld anticipates that it will file a motion for summary judgment if its Rule 12 motions are unsuccessful. Washworld does not believe that setting a discovery schedule or cut-off deadline is appropriate until after the Court determines if it has personal jurisdiction over Washworld.

### SETTLEMENT CONFERENCE/ADR:

No settlement discussions have occurred to date. Pursuant to Civil L.R. 26-1(c), the Parties agree on ADR Procedure No. 2. The Parties are unable to agree on the timing of the conference.  Plaintiff and Ortiz believe a mediation within 90 days would be productive.  Washworld believes a mediation would be most productive approximately one month after the close of fact discovery.

### TRIAL ESTIMATE:

#### 1. Plaintiff's Position:

Unknown at this time. Plaintiff is not asking for a jury at this time but if it is a jury trial the trial time will increase. Also, if this case has equitable claims they may be tried first which could also result in a change in the time of trial. Plaintiff's best estimate at this time Plaintiff would say 3-5 days but it is unknown.

#### 2. Defendant Ortiz's Position:

Ortiz contends that total Trial time should take no more than 7 days including no more than 2 days on his Cross Complaint if Williams is in the action and participates.

#### 3. Defendant Washworld's Position:

Washworld estimates a trial will take 4-6 days.

### PRETRIAL AND TRIAL DATES:

The parties propose the dates set forth in **Exhibit A** attached hereto.

### TRIAL COUNSEL:

Plaintiff's trial counsel at this time: Andrew K. Alper, Frandzel Robins Bloom

17

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

& Csato, L.C.

Defendant Ortiz's trial counsel: Lisa Mitts Patrick, Esq., Law Office of Lisa Mitts Patrick.

Defendant Washworld's trial counsel: Michael Gannon, Katharine Walton.

**INDEPDENENT EXPERT OR MASTER:**

This is not a case where the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**OTHER ISSUES:**

### 1. Plaintiff's Position:

There are currently Motions to Dismiss filed by Washworld, Inc. for September 22, 2025, and September 29, 2025, and those Motions need to get decided since they will determine the amount of discovery necessary, the parties involved in this case, the necessity of amending the Complaint and Cross-complaint at this time, and the time estimates for trial. Moreover, Plaintiff believes that discovery may be necessary in order to determine the sufficiency of the Motions especially given the lack of evidence provided by Washworld in the Motions to Dismiss.

### 2. Defendant Ortiz's Position:

Possible need for Order for service by publication of Williams individually and/or as agent for West Covina Car Wash if continued attempts at service prove fruitless.

### 3. Defendant Washworld's Position:

Washworld does not believe that the entry of a discovery schedule is appropriate until the Court determines whether it has personal jurisdiction over Washworld. To allow the Parties to discuss timing, Washworld's proposed scheduled is based off the final pretrial conference, which WashWorld requests the Court set after ruling on its pending motions.

18
**JOINT REPORT OF RULE 26(f) MEETING**

Dated:  August 29, 2025          Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:  */s/ Katharine H. Walton*
Xitlaly Estrada
Ava Claypool
Michael D. Gannon
Katharine H. Walton

*Attorneys for Defendant and Cross Defendant,* WASHWORLD, INC.

Dated:  August 29, 2025          **FRANDZEL ROBINS BLOOM & CSATO, L.C.**

By:  */s/ Andrew Alper*
Andrew Alper

*Attorneys for Plaintiff* REGIONS BANK d/b/a ASCENTIUM CAPITAL

Dated:  August 29, 2025          **LAW OFFICE OF LISA MITTS PATRICK**

By:  *(see next page)*
Lisa Mitts Patrick

*Attorneys for Defendant and Cross Claimant* JOSE RENE ORTIZ

## ATTESTATION

Pursuant to Civ. L.R. 5-4.3.4, the undersigned hereby attests that all signatories listed above, and on whose behalf this Report is submitted, concur in the Report's content and have authorized its filing.

*/s/ Katharine H. Walton*
Katharine H. Walton

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated:  August 29, 2025          Respectfully submitted,

                                 **BAKER & HOSTETLER LLP**

                                 By: _____
                                     Xitlaly Estrada
                                     Ava Claypool
                                     Michael D. Gannon
                                     Katharine H. Walton

                                 *Attorneys for Defendant and Cross Defendant,*
                                 WASHWORLD, INC.

Dated:  August 29, 2025          **FRANDZEL ROBINS BLOOM & CSATO, L.C.**

                                 By: _____
                                     Andrew Alper

                                 *Attorneys for Plaintiff* REGIONS BANK d/b/a
                                 ASCENTIUM CAPITAL

Dated:  August 29, 2025          **LAW OFFICE OF LISA MITTS PATRICK**

                                 By: _____
                                     Lisa Mitts Patrick

                                 *Attorneys for Defendant and Cross Claimant*
                                 JOSE RENE ORTIZ

## ATTESTATION

Pursuant to Civ. L.R. 5-4.3.4, the undersigned hereby attests that all signatories listed above, and on whose behalf this Report is submitted, concur in the Report's content and have authorized its filing.

*/s/ DRAFT*
Katharine H. Walton

19

**JOINT REPORT OF RULE 26(f) REPORT**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## <u>EXHIBIT A</u>

### PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

| Matter | Plaintiff | Defendant Ortiz[4] | Defendant Washworld | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motions to Amend or Add Parties | January 15, 2026 | 10/25/2025* subject to change after Williams is in | 6 weeks after ruling on Washworld's Rule 12 motions | |
| Fact Discovery Cut-Off (including filing of related motions) | April 30, 2026 | 4/25/2026 | 27 weeks before FPTC | |
| Expert Disclosures | June 26, 2026 | 11/25/2025 (Plaintiff) and 1/25/2026 (Defendants) | 26 weeks before FPTC (if necessary) | |
| Rebuttal Expert Disclosures | July 16, 2026 | 2/25/2026 | 24 weeks before FPTC (if necessary) | |
| Expert Discovery Cut-Off (including filing of related motions) | September 1, 2026 | 10/12/2026 | 22 weeks before FPTC (if necessary) | |
| Last date to hear substantive Motions 10:00 a.m. (Mon.) | July 1, 2026 | 5/25/2026 (30 days after close of fact (discovery) FRCP 56 | 11 weeks before FPTC | |
| Deadline to Complete Settlement Conference | April 30, 2026 | 10/12/2026 | 8 weeks before FPTC | |
| Deadline to File Motions in Limine | August 18, 2026 | 10/18/2026 | 6 weeks before FPTC | |

[4] Unable to determine these dates since Williams has not yet been served. These are general estimates only assuming he enters forthwith.

20

**JOINT REPORT OF RULE 26(f) MEETING**

| Deadline to File Oppositions to Motions in Limine | September 1, 2026 | 10/28/2026 | 4 weeks before FPTC | |
|---|---|---|---|---|
| Final Pretrial Conference | September 22, 2026 | 9/21/2026 (PreTrial Conf Order 11 days before – 9/10/26) | To be set following ruling on Washworld's 12(b) motions | |
| Trial Filings | September 15, 2026 | 9/28/2026 | 2 weeks before FPTC | |
| Trial Date 9:00 a.m. | September 29, 2026 | 11/2/2026 | To be set following ruling on Washworld's 12(b) motions | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

21

**JOINT REPORT OF RULE 26(f) MEETING**

## <u>CERTIFICATE OF SERVICE</u>

I am employed in Cook County, Illinois.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606.  On August 29, 2025, I served a copy of the within document(s):

### JOINT REPORT OF RULE 26(f) MEETING

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876)<br>**FRANDZEL ROBINS BLOOM &<br>CSATO, L.C.**<br>1000 Wilshire Boulevard, Nineteenth Floor<br>Los Angeles, CA 90017<br>Telephone:  323-852-1000<br>Facsimile:  323-651-2577<br>Email:       *aalper@frandzel.com* | *Attorneys for Plaintiff*<br>REGIONS BANK |

☑ **BY EMAIL**:  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Lisa Mitts Patrick (SBN 134522)<br>**LAW OFFICE OF LISA MITTS<br>PATRICK**<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832<br>Telephone:  714-990-3693<br>Facsimile:  657-234-0012<br>Email:       *lolmp2021@gmail.com* | *Attorneys for Defendant and Cross Defendant*<br>JOSE RENE ORTIZ |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on August 29, 2025, at Chicago, Illinois.

/s/ Katharine Walton
Katharine Walton

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

22

**JOINT REPORT OF RULE 26(f) MEETING**