Lisa Mitts Patrick, Esq. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
122 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Phone: (714) 990 – 3693
Fax: (657) 234 – 0012
Email: lolmp2021@gmail.com

Attorneys for Defendant,
JOSE RENE ORTIZ,
aka JOSE R. ORTIZ,
aka JOSE ORTIZ, an individual

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL<br><br>Plaintiff,<br><br>vs.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendant | Case No.: 2:25-CV-00359<br><br>OPPOSITION of CROSS COMPLAINANT JOSE RENE ORTIZ to MOTION of CROSS DEFENDANT WASHWORLD, INC. to DISMISS<br><br>Date: September 29, 2022<br>Time: 10:00 a.m.<br>Place: 8D |
| JOSE RENE ORTIZ,<br>            Cross Complainant<br>vs.<br>ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WASHWORLD, INC., a Wisconsin Corporation, and ROES 1 to 35, inclusive,<br><br>            Cross Defendants. | |

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT
WASHWORLD'S MOTION TO DISMISS - 1

The Motion of Defendant/Cross-Defendant Washworld, Inc. (Doc # 68) (hereinafter Washworld) to Dismiss the Cross Complaint of Defendant/Cross Complainant Jose Rene Ortiz' (hereinafter Ortiz) under Federal Rule Civil Procedure §12(b)2 (jurisdiction) and §12(b)6 (failure to state a claim) should be denied.

The court has jurisdiction, and Cross Complainant Ortiz' case has merit, has been sufficiently pleaded, and should be allowed to proceed. Cross Complainant therefore opposes said Motion.

Alternatively if the Court should find that Cross Complainant Ortiz' Cross if the Court determines that the Cross Complaint lacks sufficient specificity or fails to state a cause of action as alleged, or is otherwise pleaded improperly, Ortiz seeks leave of Court to file an Amended Cross Complaint.

Cross Complainant Ortiz notes that he expected this Motion would have been consolidated with the prior motion filed by Defendant Washworld, Inc. (Doc. #67) as against the Plaintiff's Complaint on the same or similar grounds, set to be heard 9/22/25 (hereinafter "the earlier Motion".) Defendant Washworld, Inc. has filed two separate Motions to Dismiss in this case--the first (Doc #67) as against the Plaintiff's Complaint, and this one (Doc #68) set to be heard on 9/29/25 on essentially the same grounds. It is unknown why Washworld would not have reasonably consolidated both matters for hearing since in essence, the determination of jurisdiction applies to both this Motion and the Motion as against the Plaintiff's Complaint.

Should the Court find in favor of Moving Party at the first hearing on 9/22/25 (Motion to Dismiss as to Plaintiff's Complaint, Doc #67) since the issues of jurisdiction are the same  this would in this case likely be applicable as to this Motion too, and render these issues moot.

In the event the Court may consolidate both matters to be heard concurrently, or if the jurisdictional objection sought as against the Plaintiff's Complaint fails and the case survives against Washworld, Inc. Defendant/Cross Complainant Jose Rene Ortiz responds in opposition to the Washworld, Inc. Motion to Dismiss as follows focusing

then primarily on point IV. herein as to the opposition to the "failure to state a cause of action" portion of their Motion.

## I. THIS COURT HAS JURISDICTION OVER DEFENDANT/CROSS DEFENDANT WASHWORLD, INC.; THE MOTION TO DISMISS SHOULD BE DENIED WHEN GENERAL JURISDICTION EXISTS IF A DEFENDANT HAS MINIMUM CONTACTS WITH THE FORUM STATE, CALIFORNIA.

As previously cited in the Plaintiff's Opposition to the same essential Motion by the Moving Party (Doc #71) set for hearing 9/22/25:

General jurisdiction exists if a defendant engages in "continuous and systematic general business contacts." (Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).) Washworld has.

The Defendant (in this case, Cross-Defendant), i.e. Washworld, "must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice'." (Franklin H. Wright v. Hughes, Socol, Piers, Resnick, LTD, No. CV 17-90-MWF(EX), 2017 WL 6032521 * 1 (C.D. Cal. May 4, 2017) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).) Washworld has and maintaining jurisdiction over them in this instance would not only 'not offend' fair play and substantial justice, but would support it.

When there is no applicable federal statute, the court "applies the law of the state in which the district court sits" and California's long-arm statute comports with federal due process. (Schwarzenegger, 374 F.3d at 800-801 (citing Fed.R.Civ.P. 4(k)(1)(A), and Panavision Int'l, L.P. v. Toeppen 141 F.3d 1316, 1320 (9th Cir. 1998) . The Ninth Circuit has "established a three-prong test for analyzing a claim of specific jurisdiction:

*(1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;*

*(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and*

*(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.*

Noteworthy is the reference to transaction and act in the singular.

A Plaintiff (Cross Complainant in this case) bears the burden of satisfying the first two prongs, then the burden shifts to the Defendant (Cross-Defendant) to present a "compelling case that the exercise of jurisdiction would not be reasonable." (Mavrix Photo Inc. v. Brand Tech., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011) (internal citations and quotation marks omitted); see also Schwarzenegger, 374 F.3d at 802.)  This Moving Party has not made such compelling arguments here.

It is noteworthy that the same arguments that apply to the Plaintiff as to jurisdiction, do not apply separately to this Responding Party. Washworld Inc., seems to want to separate itself from the Plaintiff and the contracts and contacts between it and the other Co-Defendants, and view and argue this issue here, as if this were a separate case brought by Ortiz alone against this party Washworld, Inc. all by itself.  In that circumstance, some of their arguments might hold water. But in this case, we aren't to look at the contacts BETWEEN JUST THESE TWO PARTIES–Ortiz and Washworld-- alone as this is a Cross Complaint, which is tied inextricably to, and arose solely because of the Plaintiff's Complaint and the business interactions between all of the parties that underly the Cross Complaint.

It is wrong, if not wrongful, when Washworld states in their Motion, page 11, lines 4 to 14 that "*Ortiz cannot establish that  Washworld has engaged in any activities in California that 'RELATE' to Ortiz alleged claim, sufficient to confer specific jurisdiction - that is, Ortiz cannot establish that the alleged harm he suffered would not have occurred "but for" Washworld's activities in California.*"

Indeed he can as pleaded, when looking at the underlying facts, and he will at trial. Clearly had Washworld abided by the terms of the agreements set forth by the

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT
WASHWORLD'S MOTION TO DISMISS - 4

Plaintiff and Washworld in their pleadings to date, including in the "Funding Instrument" referred to by Jerry Noon of Ascentium, (Doc #71-2 Declaration of Jerry Noon, page 7, numbered paragraph 9 through page 10, numbered paragraphs 11, 10 and the referenced Exhibit item) by which Washworld was allegedly bound to return money from Ascentium if they did not retain it SOLELY for a particular and specific purchase item(s) for the "Borrower", (who apparently was also Washworld's 'distributor', Ortiz would not have been dragged into this case as the money would not have gone 'missing' or been absconded with by those that Washworld handed the money over to, instead of back to the Plaintiff. The "But for.." attempt by Washworld to extract itself from the Cross Complaint fails. And it fails or should fail in its attempt to extract itself from the Plaintiff's case too.

**II. ORTIZ as DEFENDANT / CROSS COMPLAINANT WITH MINIMAL PERSONAL KNOWLEDGE OF THE UNDERLYING FACTS THAT CAUSED THE PLAINTIFF TO SUE ALL PARTIES HEREIN, INCLUDING WASHWORLD, INC., RELIES LARGELY ON THE EVIDENTIARY FACTS AND DECLARATIONS OF THE PLAINTIFF IN THEIR OPPOSITION TO THE EARLIER MOTION TO DISMISS, AND INCORPORATES THEM BY REFERENCE AND/OR ATTACHMENT, RELATING TO THE CONTACTS BETWEEN PLAINTIFF and WASHWORLD THAT DO SUPPORT A SUFFICIENT PRESENCE IN CALIFORNIA TO WARRANT THE COURT'S BOTH GENERAL AND SPECIFIC JURISDICTION OVER WASHWORLD.**

This Defendant / Cross-Complainant (Responding Party) Ortiz has been brought in as an alleged guarantor of debts of other Co-Defendants CAR WASH MANAGEMENT, LLC and ANDREW WILLIAMS ("Borrowers")--parties that aren't even in the case yet and based on defaults and failures to serve may not ever be--who have alleged to have contracted with the Plaintiff for a loan to purchase specific car wash equipment from Defendant Cross-Defendant Washworld, Inc. that apparently never was purchased.

Per the Complaint and the earlier Motion (#67) and Opposition (Doc #71) and Declarations and Exhibits submitted therewith, the loan proceeds were 'mistakenly' sent by Plaintiff to Defendant/Cross Defendant Washworld, Inc., who did not acknowledge the mistake, nor return the funds, but rather further "mistakenly" paid them over to third parties and/or other Co-Defendants (which this Responding Party was not

even aware of until this Motion and Plaintiff's earlier Opposition to the earlier Motion) who have apparently absconded with the funds leaving Plaintiff to believe their remedy is with not just Washworld, Inc. but also Ortiz personally.  Ortiz has been alleged only to be a 'member' of the subject Car Wash Management LLC and not with any "Borrower" authority (or liability) as owner, co-owner, partner, or otherwise carrying any liability for the acts or omissions of the alleged company (or individual) "Borrower."

All evidence points to the primary culprit if there is one, being Co-Defendant ANDREW WILLIAMS individually and by and through HIS companies named in this action.  If he has committed the fraud and misrepresentations alleged, this Responding party, Ortiz, will be shown to be his victim too.

Because of the nature of the claims, and that Ortiz was a mere employee at best, he was neither shown, nor given virtually any documents relating to this transaction at any time other than during this litigation to date, and will testify that he has virtually no personal knowledge of any of the facts and circumstances of the alleged transactions other than secondhand, let alone any details that would be used to support or deny jurisdiction of this Court. He brings in Cross Defendant Washworld, Inc. largely (but not only) on the derivative allegations of the Plaintiff in their Complaint that if he owes the Plaintiff, then Washworld owes Ortiz.

He is therefore at a factual disadvantage to assert facts in this Opposition to the Motion to Dismiss by Washworld, Inc. that specifically validate the "who and where" facts that are relevant to the jurisdictional issues herein. With little to no personal knowledge of the business transactions between the Plaintiff and Washworld, Inc., and/or even Co-Defendants CAR WASH MANAGEMENT LLC OR ANDREW WILLIAMS despite what he may have been alleged to have signed, he is also unable at this point to address with any affirmation, the full nature of the contacts by Washworld, Inc. with these (or any) parties in California, other than those as referenced in the Declarations of Andrew Alpers and Jerry Noon which were provided in Opposition to Washworld Inc.'s Motion to Dismiss their Complaint (Doc #71) on those same grounds

and are submitted herewith with a Request for Judicial Notice as to some of the facts stated therein.

It has been requested in the earlier Motion and Opposition to it (Doc #71) that the court take judicial notice of the Washworld website pursuant to Federal Rules of Evidence Rule 201 and it is respectfully requested that the court do so as well in this instance.

As to facts available to the general public including this Responding Party, it is evident that "*Washworldinc.com*" and "*Washworldinc.com/find-my-distributor*" themselves contains sufficient proof and evidence that Washworld, Inc., holds itself out as selling its products either directly or by and through distributors here in California, albeit perhaps less than in other states, but still sufficiently for the Court here to maintain jurisdiction over them in this instance. (It must be presumed that not only do they SELL their products in California, but they must SHIP them to customers/distributors here as well.) They even refer to themselves as a "worldwide" company referencing their over 100 distributors including apparently Co-Defendant ANDREW WILLIAMS and his CAR WASH MANAGEMENT LLCs (and his other company West Covina Car Wash, LLC) along with several other distributors in both southern and northern California. The reference to their alleged "global" reach is included even in their name "WashWORLD", Inc. If they wish to avail themselves of the "world" market, they can be challenged in the various jurisdictions they profit from access to.

As to other publically available information to this Responding Party, clearly Washworld, Inc. availed itself of a California customer (whether customer or distributor) to-wit the Co-Defendant CAR WASH MANAGEMENT, LLC it allegedly contracted with, took funds on behalf of the Californians, sent funds back to the California businesses whether they were incorporated in California or not, to-wit the Car Wash Management LLC entity and the new third party "Conserve Fuels" allegedly in Chula Vista, San Diego County, referenced for the first time in the Moving and Opposing papers (Doc #71) in

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S MOTION TO DISMISS - 7

the earlier Motion. Either Washworld had a sufficiently close personal-type relationship with each of them or believed it did,  such as to take it upon themselves to voluntarily send money to them and back to the Car Wash LLC entity from the Ascentium "over" payment rather than return the "unknown" payment to Ascentium. It is also noteworthy as set forth in the Complaint and earlier Opposition (Doc #71) that Washworld 'allows' their distributors to write their own contracts, suggesting minimal oversight.

Also, in the Plaintiff's Opposition to the earlier Motion, in the Declaration of Jerry Noon, he sets forth the various California transactions either completed or attempted between them and Washworld, Inc. As well. (See Declaration numbered paragraph 8 on page 6 through 7).

With even this minimal factual basis, this Court has and  should maintain its jurisdiction over Washworld, Inc. and deny the Motion.

**III. RESPONDING PARTY CONCURS WITH PLAINTIFF IN THEIR OPPOSITION TO THE EARLIER MOTION TO DISMISS, THAT IF THE COURT IS INCLINED TO GRANT THIS MOTION, IT IS REQUESTED THAT A DECISION BE DEFERRED UNTIL AFTER SUFFICIENT DISCOVERY HAS TAKEN PLACE ON THE ISSUES OF THE REACH OF DEFENDANT/CROSS DEFENDANT WASHWORLD, INC.**

Since this Opposing party has minimal information as to the contacts between the other parties, this party also agrees with and supports the request by Plaintiff to the Court in their  Opposition to the earlier Motion, (Declaration of Andrew K. Alper, Page 3, numbered paragraph 7) to at least be permitted to conduct some meaningful discovery between the other parties before this Responding Party Ortiz' lack of factual basis harms him by way of dismissal of his Cross action.

Were Ortiz not sought to be held responsible for funds taken from the Plaintiff by Washworld, Inc. apparently in contravention to certain "Funding Instructions" (described by Jerry Noon in Plaintiff's Declarations in their Opposition to the earlier Motion, page 7, numbered paragraph 9, referencing their Exhibit 3 and page 8, numbered paragraphs 10 and 11), there would be no allegations of alleged guarantor liability as against this Responding Party, Ortiz.

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S MOTION TO DISMISS - 8

It is justifiable therefore for the Court to retain jurisdiction over this Cross Defendant as well to ensure a complete remedy for all parties in this action, including this Defendant / Cross Complainant Ortiz.

It is also reasonable that if the Court is not inclined to deny the Motion that it at least defer a decision on it until after discovery, so that this party in particular (at a significant disadvantage to the facts), can investigate further what can be presented to the Court to dissuade dismissal. Discovery would be to ascertain more of the information about the contacts to-wit the distributor system, the agency relationship between the distributors and the Cross Defendant and as Plaintiff stated in the Declaration of Andrew Alpers page 3, lines 18 to 21, "*information about Conserve Fuels which Ascentium has no knowledge of and why it received some of the money that Ascentium paid to Washworld, Inc. on the CWM sale transaction.*" Responding Party Ortiz was not even aware until now, of an allegation that Washworld, Inc. sent funds to "Conserve Fuels" in Chula Vista, California–funds it is alleged that somehow this Responding Party as guarantor is responsible for.

## IV. THE CROSS COMPLAINANT ORTIZ HAS STATED A PROPER CAUSE OF ACTION; THE MOTION TO DISMISS SHOULD BE DENIED.

In determining whether a claim has been stated and whether a motion for dismissal for failure to state a claim should be denied, under Rule 12(b)(6), the court must "presume all factual allegations of the complaint *[and by extension of a cross complaint]* be true and draw all reasonable inferences in favor of the non moving party." (Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).)

The Complaint *[and by extension, Cross Complaint]* must be facially plausible and if so, it states a claim. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009); Bell Atlantic Corp. v. Twombly 550 U.S. 544, 555, 560.) *[and by extension to Cross Complaints.]*

Rule of Federal Procedure  Section 8,(a)(2) and (3) states:

Claim for Relief. A pleading that states a claim for relief must contain:
(2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The allegations of a Complaint [*and Cross Complaint*] must be sufficient to raise a reasonable expectation that discovery will reveal evidence to support the claim and to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (Matrixx Initiatives, Inc. v. Siracusano, 563 U.S. 27, 46 (2011).)

It is also well established that courts must consider the Complaint in its entirety as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions for  dismissal. (See Dunn v. Castro, 621 F. 3rd 1196, 1205, and Magulta v Samples 375 F. 3r4d 1269, 1274-75 (11th Cir. 2004).  In this case this would also include the Opposition of the Plaintiffs to the earlier of the same Motion to Dismiss (Doc #71).

**Cross Complainant Ortiz has adequately pleaded a claim for relief.**

Washworld argues that the Cross Complaint must fail–no cause of action stated-- as to unjust enrichment an 'equitable' claim as it must have been alleged (pleaded) that there is no adequate remedy at law.  While "unjust enrichment is synonymous with restitution" (Id.), it is a basis for recovery when tethered to a standalone cause of action. Durell v. Sharp Healthcare, 183 Cal.App.3d 1350, 1370 (2010).

Furthermore Moving Party Washworld did not in fact offer authority that the Cross Complainant's pleading was inadequate, only that *"Ortiz must establish that he lacks an adequate remedy at law before obtaining equitable relief in Federal court."* (Motion page 15 lines 15 to 16.) Before Ortiz will obtain equitable relief (emphasis on the verb) he will indeed establish (emphasis again on the verb) that he has no legal remedy as is evident already by the nature of his Cross Complaint. No authority was offered to suggest his pleading at this stage was improper. In the case cited, Ruiz v. The Bradford Exchange, LTD (2024),  there was allegedly a legal remedy, thus the absence of referring to it as inadequate may have had some bearing (even though in a class action case which is also arguably not comparable.)

Here Ortiz has no legal remedy as against Washworld, and in fact, Washworld, Moving Party did not suggest that there was. (While "money had and received" is considered an action at law, it is governed by the principles of equity. See Supra starting at line 22). It is not reasonable to suggest that Cross Complainant would have to allege a breach of contract, or implied contract or quasi contract etc., as there is no contractual relationship (or any relationship) at all between the Cross Complainant and the Cross Defendant to have even suggested such an argument. As between the Plaintiff and Washworld, an argument that there COULD be some remedy at law, might at least arise as they had SOME relationship–any relationship. But these parties Ortiz and Washworld did not. Therefore it would be unreasonable to require a party–in this case Ortiz--to plead the non-existence of something that would be a farce if it were alleged, as a precursor to pleading the equitable remedy of unjust enrichment or any other equitable remedy by Washworld retaining the funds it had no right to as to this party, Ortiz. The arguments in their Motion are not a sufficient or proper basis for the Court to deny the Cross Complainant a remedy in the case and dismiss his pleading.

Also, Cross Complainant's claim labelled (adequately or not) as "money had and received" meets the elements of such a claim for the equitable restoration of money (the Plaintiff's funds) that landed in the possession of another (Washworld) that does not belong to them, and which they <u>knew</u> (we now know based on the supporting Declarations relative to these Motions) didn't belong to them, and if owed by Ortiz to the Plaintiff under a guarantor or any other theory, is then owed by Washworld to Ortiz.

> "Although such an action is one at law, it is governed by principles of equity. It may be brought 'wherever one person has received money which belongs to another, and which "in equity and good conscience" or in other words, in justice and right should be returned...the Plaintiff's right to recover is governed by principles of equity although the action is one at law. <u>Mains v. City Title Ins. Co.</u> (1949) 34 Cal.2d 580, 586.

> "The action for money had and received is based on an implied promise which the law creates to restore money which the defendant in equity and good conscience should not retain. The law implies the promise from the receipt of the money to prevent unjust enrichment. The measure of the liabilty is the amount of money received. <u>Rotea v. Izuel</u> (1939) 14 Cal.2d 605, 611.

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT
WASHWORLD'S MOTION TO DISMISS - 11

"This kind of action to recover back money which ought not in justice to be kept, is very beneficial, and therefore, much encouraged. It lies for money paid by mistake, or upon a consideration which happens to fail, or extortion, or oppression or an undue advantage of the Plaintiff's situation contrary to the laws made for the protection of persons under those circumstances. Minor v. Baldridge (1898) 123 Cal. 187.

That claim is properly stated in the Cross Complaint. The Motion itself even acknowledges the same where it cites to Unity Audit Co., Inc. v. City of Los Angeles (2003) 112 Cal. App. 4th 950, which was referenced by Witkin in his text and which lists the numerous and various basis for such a claim–an express contract, a contract implied in fact, a quasi contract, an indebtedness if in a sum certain, for the reasonable value of services, goods etc. furnished, money paid by mistake, money paid pursuant to a void contract, or a performance by one party of an express contract among other varieties. It can be either contractual if based on a promise, or tortious if based on a breach of non-contractual duty as in this case.  This party takes no position on whether the claim in general is equitable or legal in NATURE  but in this case as to these parties-Ortiz and Washworld, it is naturally equitable.

On page 15 of the Motion, lines 25-26, while Washworld lays out 3 elements and implies in its 2nd element that the money received by Washworld was for the use of Ortiz only (which we should all agree it was not) that is in essence, the conclusion of the Plaintiff by their claims against Ortiz if favorable--that somehow it was Ortiz' money or he should be charged with the benefit of it nonetheless, so as to entitle the Plaintiff to take it such money from him. This is the inequitable nature of the Plaintiff's claim against Ortiz, justifying an equitable remedy against Washworld, if Ortiz is deemed to owe the Plaintiff or the others, anything. The Cross Complaint is thus proper as pleaded and should not be dismissed.

Finally, Washworld also suggests Ortiz' pleading should be dismissed  as it does not state a sum certain in the precise amount of money had and received. This argument must fail when by the very nature of this as a Cross Complaint (not an original action) Ortiz has no idea at this pleading stage what if anything he is owed by Washworld, because he does not know at this pleading stage what if anything he owes

to the Plaintiff (or anyone); his claims are primarily derivative. The manner in which Washworld is alleging the pleadings must be drafted is insincere and without support.

Should Cross Complainant be required to state a sum certain in its pleading, a Amended pleading would be justified to include the exact amount (to which he presently is not privy) of the Plaintiff's claim as against Washworld that has been referenced in the Complaint as several different amounts, but most recently in the Opposition to the earlier Motion as whatever the check was that Washworld cashed (or the ACH sum forwarded) which has been recited recently in the Declaration of Jerry Noon (Doc #71-2) as $309,054.80 and later by Plaintiff's Counsel in his Status Report (Doc #72, page 14, "Damages, 1. Plaintiff's Position", as $324,180.60 plus interest, late charges, attorneys fees and costs.) . Since this is not a sum paid by this party, and this is a second hand fact assumed, this party should not be required to specify it in his pleading or to face dismissal of his pleading because he didn't, but would amend to include it if so permitted.

**V. IF THE COURT FINDS THE CROSS COMPLAINANT ORTIZ HAS STATED INSUFFICIENT FACTS OR HAS OTHERWISE FAILED TO STATE A PROPER CAUSE OF ACTION, CROSS COMPLAINANT RESPECTFULLY REQUESTS LEAVE TO FILE AN AMENDED CROSS COMPLAINT.**

With the additional exchange of underlying factual information in the Motions to Dismiss and the Plaintiff's Opposition to the earlier Motion, Cross Defendant now has some additional knowledge of certain additional facts that would allow for stating a more specific Amended Cross Complaint including the reference in the alleged "Funding Instructions" presented by the Plaintiff to Washworld, Inc., before Washworld was to receive the funds, that Washworld agreed and understood the money would be paid for the sole purpose of acquiring specific equipment. Cross Complainant wasn't aware of that before. Since that clearly didn't happen—Washworld didn't apply funds to a specific purchase item and "allegedly" didn't know what to do with the funds—they in essence breached their agreement with Ascentium to even take the funds in the first place. Also, a more specific sum can be included in the money had and received portion of the

Cross Complaint, as per the Plaintiff's Complaint and other documents though the information is still second-hand.

Though Cross Complainant Ortiz believes his Cross Complaint is sufficient to support these more specific factual allegations which will likely become even more specific post discovery, if the Court determines that the cause of action is not sufficiently stated, opportunity to Amend is sought.

**VI. CONCLUSION.**

Cross Defendant Washworld's Motion to Dismiss on both grounds–lack of jurisdiction 12(b)2 and failure to state a cause of action (12(b)6--should be denied.

Respectfully,
LAW OFFICE OF LISA MITTS PATRICK

Dated: 9/8/25 By: _____

LISA MITTS PATRICK
Attorney for Defendant/Cross Complainant JOSE RENE ORTIZ

# FEDERAL COURT PROOF OF SERVICE
## Case No. 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 122 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On September 8,.2025, I served true copies of the following document(s):

**OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S MOTION TO DISMISS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

(X) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmailcom to the persons at the e-email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 8, 2025 at Fullerton, California.

*Kathleen Micalizzi*
Kathleen Micalizzi

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S MOTION TO DISMISS - 15

## SERVICE LIST
Case No. 2:25-cv-00359

| | |
|---|---|
| Andrew K. Alper, Esq.<br>Thomas M. Robins, Esq.<br>FRANDZEL, ROBINS, BLOOM and CSATO<br>1000 Wilshire Blvd., 19th Floor<br>Los Angeles, CA 90017-2427<br><br>Phone: 323-852-1000<br>Fax: 325-651-2577<br>Email: aalper@franzel.com,<br>trobins@franzel.com | **Attorneys for Plaintiff** |
| Xitlaly Estrada, Esq. (SBN 333403)<br>Ava Claypool, Esq. (SBN 327059)<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301<br>Telephone:     310.820.8800<br>Facsimile:     310.820.8859<br>Email:     xestrada@bakerlaw.com<br>     aclaypool@bakerlaw.com | **Attorneys for Defendant, Cross-Defendant WASHWORLD, INC.** |
| Michael D. Gannon (Pro Hac Vice)<br>Katharine H. Walton (Pro Hac Vice)<br>*BAKER & HOSTETLER LLP*<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606<br>Telephone:     312-416-6200<br>Email:   mgannon@bakerlaw.com<br>     Kwalton@bakerlaw.com | **Attorneys for Defendant, Cross-Defendant WASHWORLD, INC.** |

REQUEST FOR JUDICIAL NOTICE OF DECLARATIONS PREVIOUSLY FILED BY PLAINTIFF IN SIMILAR MOTION TO DISMISS, IN OPPOSITION TO CROSS DEFENDANT WASHWORLD'S MOTION TO DISMISS - 4