Lisa Mitts Patrick, Esq. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
122 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Phone: (714) 990 – 3693
Fax: (657) 234 – 0012
Email: lolmp2021@gmail.com

Attorneys for Defendant,
JOSE RENE ORTIZ,
aka JOSE R. ORTIZ,
aka JOSE ORTIZ, an individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL<br><br>Plaintiff,<br><br>vs.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendant<br><br>JOSE RENE ORTIZ,<br>        Cross Complainant<br>vs.<br>ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WASHWORLD, INC., a Wisconsin Corporation, and ROES 1 to 35, inclusive,<br><br>        Cross Defendants. | Case No.: 2:25-CV-00359<br><br>DECLARATION OF LISA MITTS PATRICK IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF DECLARATIONS PREVIOUSLY FILED BY PLAINTIFF IN SIMILAR MOTION TO DISMISS, IN OPPOSITION TO CROSS DEFENDANT WASHWORLD'S MOTION TO DISMISS [FRE §201]<br><br>Date: September 29, 2022<br>Time: 10:00 a.m.<br>Place: 8D |

DECLARATION OF LISA MITTS PATRICK IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF DECLARATIONS PREVIOUSLY FILED BY PLAINTIFF IN SIMILAR MOTION TO DISMISS, IN OPPOSITION TO CROSS DEFENDANT WASHWORLD'S MOTION TO DISMISS - 1

I, Lisa Mitts Patrick declare, I am an attorney at law duly licensed to practice before all of the courts of the State of California and before all of the United States Courts in California. In this matter I represent Defendant / Cross Complainant Jose Rene Ortiz.

1. If called as a witness, I could and would testify to the following in support of this Request for Judicial Notice. pursuant to Federal Rule of Evidence §201, of certain Declarations already on file with this Court.

2. Defendant / Cross Complainant Jose Rene Ortiz hereby requests, pursuant to Federal Rule of Evidence §201 that the Court take judicial notice of materials filed in this case on or about August 26, 2025, to-wit, Documents #71-1 to 4, to-wit the Declarations of Plaintiff's Attorney Andrew K. Alper (Doc # 71-1) and of Vice President and Portfolio Manager of Plaintiff Ascension, Jerry Noon (Doc #71-2) that contain factual information related to jurisdiction, which is otherwise unavailable to this Responding Party. These Declarations are requested to be made a part of this Responding Party's Opposition to the Motion of Cross Defendant Washworld, Inc., (Doc # 68) to dismiss the meritorious Cross Complaint of Defendant / Cross Complainant Jose Rene Ortiz.

3. For the Court's convenience, a copy of each of said Declarations (without lengthy exhibits) are attached hereto.

I declare under penalty of perjury under the laws of the United States, and of the state of California, that the foregoing is true and correct and that the attached documents are true and accurate copies of those documents submitted previously to the Court via the CM / ECF system and labelled as the aforementioned document numbers.

Respectfully,
LAW OFFICE OF LISA MITTS PATRICK

Dated: 9/5/25   By: _____
LISA MITTS PATRICK
Attorney for Defendant/Cross Complainant JOSE RENE ORTIZ

DECLARATION OF LISA MITTS PATRICK IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF DECLARATIONS PREVIOUSLY FILED BY PLAINTIFF IN SIMILAR MOTION TO DISMISS, IN OPPOSITION TO CROSS DEFENDANT WASHWORLD'S MOTION TO DISMISS - 2

## FEDERAL COURT PROOF OF SERVICE

Case No. 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 122 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On September 8,.2025, I served true copies of the following document(s):

**DECLARATION OF LISA MITTS PATRICK IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF DECLARATIONS PREVIOUSLY FILED BY PLAINTIFF IN SIMILAR MOTION TO DISMISS, IN OPPOSITION TO CROSS DEFENDANT WASHWORLD'S MOTION TO DISMISS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

(X ) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmailcom to the persons at the e-email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( )  By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 8, 2025 at Fullerton, California.

*Kathleen Micalizzi*

Kathleen Micalizzi

DECLARATION OF LISA MITTS PATRICK IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF DECLARATIONS PREVIOUSLY FILED BY PLAINTIFF IN SIMILAR MOTION TO DISMISS, IN OPPOSITION TO CROSS DEFENDANT WASHWORLD'S MOTION TO DISMISS - 3

## SERVICE LIST
Case No. 2:25-cv-00359

| | |
|---|---|
| Andrew K. Alper, Esq.<br>Thomas M. Robins, Esq.<br>FRANDZEL, ROBINS, BLOOM and CSATO<br>1000 Wilshire Blvd., 19th Floor<br>Los Angeles, CA 90017-2427<br><br>Phone: 323-852-1000<br>Fax: 325-651-2577<br>Email: aalper@franzel.com,<br>trobins@franzel.com | **Attorneys for Plaintiff** |
| Xitlaly Estrada, Esq. (SBN 333403)<br>Ava Claypool, Esq.  (SBN 327059)<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA  90067-4301<br>Telephone:       310.820.8800<br>Facsimile:       310.820.8859<br>Email:       xestrada@bakerlaw.com<br>       aclaypool@bakerlaw.com | **Attorneys for Defendant, Cross-Defendant WASHWORLD, INC.** |
| Michael D. Gannon (Pro Hac Vice)<br>Katharine H. Walton (Pro Hac Vice)<br>*BAKER & HOSTETLER LLP*<br>*One North Wacker Drive, Suite 3700*<br>*Chicago, IL 60606*<br>*Telephone:       312-416-6200*<br>*Email:   mgannon@bakerlaw.com*<br>       *Kwalton@bakerlaw.com* | **Attorneys for Defendant, Cross-Defendant WASHWORLD, INC.** |

REQUEST FOR JUDICIAL NOTICE OF DECLARATIONS PREVIOUSLY FILED BY PLAINTIFF IN SIMILAR MOTION TO DISMISS, IN OPPOSITION TO CROSS DEFENDANT WASHWORLD'S MOTION TO DISMISS - 4

Declaration of Plaintiff's Counsel, ANDREW
K. ALPERS in Opposition (Doc #71) to Motion
by Washworld to Dismiss (Doc #67)

Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00359 CAS (KSx)<br><br>**DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO MOTION TO DISMISS FILED BY WASHWORLD, INC.**<br><br>**Date:** September 22, 2025<br>**Time:** 10:00 a.m.<br>**Dept:** 8D |

FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90017-2427<br>(323) 852-1000

1

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

Case 2:25-cv-00359-CAS-KS    Document 74-1    Filed 09/08/25    Page 7 of 19    Page ID
Case 2:25-cv-00359-CAS-KS    Document 71-1    Filed 08/26/25    Page 2 of 3    Page ID
#:474
#:338

I, ANDREW K. ALPER, declare as follows:

1.  I am an attorney at law duly licensed and authorized to practice law in the State of California and before all United States District Courts in the State of California. I am a Vice President and shareholder of Frandzel Robins Bloom & Csato, L.C. attorneys for Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff") herein.

2.  If called upon to testify to the matters stated herein I could and would competently testify thereto.

3.  I am the attorney at my firm who has personal knowledge of this case and has represented Plaintiff since its formation as Ascentium Capital, LLC before it was acquired by Regions Bank. Prior to filing this lawsuit I directed a letter to Washworld, Inc. making demand for the money that was paid to Washworld, Inc. by Ascentium for equipment never sold by Washworld, Inc. to Car Wash Management, LLC ("CWM"). A true and correct copy of the demand letter is attached hereto, marked Exhibit "1" and is incorporated herein by this reference.

4.  In response I received communications from an attorney in Wisconsin which is not Washworld, Inc's counsel in this case where we discussed the matter but nothing was resolved.

5.  After Washworld, Inc was served among other communications with Katherine Walton one of the attorneys representing Washworld, Inc., was an attempt to meet and confer as to the filing of the Motions to Dismiss. Since Ms. Walton did not file any declaration with the Court about the compliance with the meet and confer process in connection with filing the Motion to Dismiss, I represent to the Court that we did telephonically discuss these Motions. At that time, I asked Ms. Walton if she was aware of the other many transactions between Ascentium and Washworld, Inc. and she did not admit or deny if she was aware of them. But I advised her of the extensive interactions between our clients with some of them being funding other California transactions. We also discussed the various claims and despite advising Ms. Walton of the sufficiency of the claims Ms. Walton indicated that Washworld,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

2

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

Inc. would file the Motion to Dismiss. Ms. Walton never advised me of any of the facts set forth in the Declaration of Zach Jensen only that she believed there were insufficient contacts as matter of both general and specific jurisdiction to require Washworld, Inc. to litigate this case in California.

6. I thereafter checked the Washworld, Inc. website in order to see if Washworld, Inc. had a presence in California and it clearly had a substantial presence. The declaration of Jerry Noon highlights some of that presence. See the Washworld website at Washworldinc.com and Washworldinc.com/find-my-distributor for some of the relevant information as to the nationwide business that Washworld, Inc. is conducting. I request the Court to take judicial notice of the website pursuant to Federal Rules of Evidence Rule 201.

7. The Declaration of Zach Jensen in support of the Motion to Dismiss has little in the way of actual evidence just Mr. Jensen discussing some conclusions and, if for any reason the Court would grant the Rule 12(b)(2) Motion to Dismiss which I do not believe the Court should do, Plaintiff requests that the Court allow Plaintiff to conduct meaningful discovery to ascertain all of the contacts will show from both General and Specific Jurisdiction contacts in California and to find out more about the distributor system, the agency relationships between the distributors and Washworld, Inc., information about Conserve Fuels which Ascentium has no knowledge of and why it received some of the money that Ascentium paid to Washworld, Inc on the CWM sale transactions, and other matters.

I declare under penalty of perjury under the laws of the State of California and the united States of America that the foregoing is true and correct. Executed on this 26th day of August, 2025, at Los Angeles, California.

By: _____

ANDREW K. ALPER, Declarant

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Declaration of Jerry Noon of Plaintiff
Ascension, in Opposition (Doc #71) to
Motion by Washworld to Dismiss (Doc #67)

Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California  90017-2427
Telephone:  (323) 852-1000
Facsimile:  (323) 651-2577

Attorneys for Plaintiff
REGIONS BANK dba ASCENTIUM CAPITAL,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendant.<br><br>—————————————————<br><br>JOSE RENE ORTIZ,<br><br>Cross-Complaint,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to | Case No. 2:25-cv-00359 CAS (KSx)<br><br>**DECLARATION OF JERRY NOON IN SUPPORT OF REGIONS BANK dba ASCENTIUM CAPITAL, LLC'S OPPOSITION TO WATERWORLD, INC'S MOTION TO DISMISS COMPLAINT**<br><br>[Filed concurrently with Opposition to Motion; Memorandum of Points and Authorities; Declaration of Andrew K. Alper; Evidentiary Objections; Request for Judicial Notice]<br><br>Date:      September 22, 2025<br>Time:      10:00 AM<br>CTRM:    8D |

5680189v1 | 100287-0289                                    1

35, inclusive,

        Cross Defendants.

## DECLARATION OF JERRY NOON

I, Jerry Noon, declare as follows:

1.     I have been either a Vice President or Senior Vice President and one of the Portfolio Managers of Ascentium Capital LLC, a Delaware limited liability company, at its offices located at Kingwood, Texas, since the date Ascentium Capital, LLC, a Delaware Limited liability Company was organized. Ascentium Capital, LLC was acquired by Regions Bank, an Alabama State Bank on April 1, 2020, and was acquired as a wholly owned subsidiary of Regions Bank. On March 31, 2023, Ascentium Capital, LLC was merged into Regions Bank and Regions Bank now owns all assets and is responsible for all liabilities of Ascentium Capital which is now a division of Regions Bank and no longer a wholly owned subsidiary. The name of Ascentium Capital, LLC is now Regions Bank, an Alabama State Bank doing business as Ascentium Capital and is hereinafter referred to as "Ascentium." I continue to hold the same position of Vice President and Portfolio Manager of Ascentium and have the same duties and responsibilities as I had with Ascentium Capital, LLC prior to its acquisition.

2.     If called upon to testify as a witness, I could and would competently testify to the following facts based upon my own personal knowledge and/or or facts based on my review of the books and records of Ascentium as described below. I am also one of Ascentium's custodians of records as I discuss further below.

3.     I have been employed by Ascentium since 2011 at its inception and have been employed in the leasing and finance industry since 1989. I was a founding member of Ascentium Capital, LLC and I previously served on Ascentium Capital, LLC's senior loan committee. Ascentium is engaged in funding equipment

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5680189v1 | 100287-0289

2

DECLARATION OF JERRY NOON IN SUPPORT OF CROSS-DEFENDANT ASCENTIUM CAPITAL, LLC'S OPPOSITION TO CROSS-COMPLAINANT YELLOW DOG HOLDINGS, LLC'S REVISED MOTION FOR SUMMARY JUDGMENT, ETC.

leases, conditional sale agreements, and loans, including working capital loans, for small businesses nationwide.

4.      Among my duties at Ascentium, I am responsible for the administration, monitoring and collection of the obligations due to Ascentium from lessees, borrowers, and any buyers of vehicles or equipment subject to a conditional sale agreement (and any guarantors of those transactions), In connection with these and other duties I have at Ascentium, I have always been and remain one of its custodians of Ascentium's records as those records relate to the transaction that Ascentium originated for Car Wash Management, LLC ("Borrower") which is the subject of this litigation.

5.      I am one of the custodians of Ascentium's Records as those records pertain to the Defendants. I have personally worked with and on Ascentium's Records and have personal knowledge of the records or where they are kept in the usual and ordinary course of Ascentium's business and that entries therein are made at or about the time of the events recorded by individual employees of Ascentium who have had personal knowledge thereof and who have had a continuing business duty to make those entries and record those entries at or about the time of the events recorded. In particular, the following procedures are used by Ascentium when it handles and/or record information regarding loans and how I became one of Ascentium's custodian of records.

(a)      **Original Documents**: Once the original loan documents evidencing the transactions between Ascentium and its borrowers, lessees, buyers under conditional sale agreements, and guarantors are executed, which original loan documents are part of Ascentium's Records, they are delivered to officers of Ascentium whose duty it is to receive the executed original loan documents and safeguard them. The original loan documents are safeguarded by making copies of them, placing the copies in Ascentium 's credit file associated with the loans to a particular borrower and placing the originals of loan documents in a separate

5680189v1 | 100287-0289

3

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

documentation file. An officer of Ascentium must allow access to the documentation file to be removed if it is needed, and this officer also ensures that the Records and the credit file are replaced as soon as the work with the credit file and/or the Records is done. Original loan documents are not removed from its secured location where they are located except under the supervision of an officer or authorized agent of Ascentium who is authorized to do so, and they are immediately put back in a locked and fireproof location.

(b)    **Records Other Than Original Documents**: Ascentium also keeps a separate credit file concerning each borrower and any guarantors which credit file is also kept in a secured and fireproof location either in Ascentium's office or offsite or in the "cloud." Depending on the amount loaned, Ascentium's credit file typically will contain documents other than the copies of the original loan documents, such as documents received from the borrower or any guarantors including financial statements, tax returns, correspondence, materials about the borrower and any guarantors, and other documents generated by Ascentium in the process of handling loans, such as credit reports, memoranda, collection notes, call reports, financial analysis of the borrower and any guarantors, lien searches, title reports, and the like depending upon the transaction size. Many of these records are also imaged. These Records are also put in the credit file by officers of Ascentium whose duty it is to file and/or generate such Records for the file at or about the time the Records are received, or the information is generated and recorded and to maintain such Records in the credit file. These Records are available to officers and employees of Ascentium working on the file but will only be used by officers or employees of Ascentium who have a business need to have the credit file or to look at the Records and/or information therein. If a Record is ever removed from the credit file, it is replaced as soon as the task is completed that led to the credit file being taken out, and the file then returned to a secured location.

(c)    **Payment History**: Ascentium maintains computerized records of

5680189v1 | 100287-0289                                4

DECLARATION OF JERRY NOON IN SUPPORT OF CROSS-DEFENDANT ASCENTIUM CAPITAL, LLC'S OPPOSITION TO CROSS-COMPLAINANT YELLOW DOG HOLDINGS, LLC'S REVISED MOTION FOR SUMMARY JUDGMENT, ETC.

all financial transactions between it and its borrowers and any guarantors. Officers and employees of Ascentium input data into Ascentium's computer system reflecting payments and other financial transactions, which computer system is specifically designed to record such information, and payments for each particular loan. Ascentium's computer system also tracks whether loans are current and other loan-related information. Only a limited number of designated officers and employees of Ascentium are authorized by Ascentium to enter the data. Data entry changes require the concurrence of a supervisor who is one of Ascentium's officers. Information input to Ascentium's computer system is checked and reconciled the following day for accuracy. Whenever a payment is received on a loan that payment is input within 24 hours of the date and time it is received into Ascentium's computer system by persons authorized and who have a business duty to Ascentium to do so in their ordinary course of business.

(d)     **Transfer to Persons handling Problem Loans and financial transactions**: Once a problem exists in a loan or financial transaction relationship, it is Ascentium's usual and customary practice to transfer the loan or financial transaction to officers or employees of Ascentium who specialize in the handling of problem loans and financial transactions. I am one of those persons who oversees the recovery process or any litigation involving the financial transaction and am ultimately responsible for the matters involving the loan documents referred to herein executed by Borrower, any guarantors, in this case the Supplier of the goods. Washworld, Inc. ("Washworld") and the collection thereof.

(e)     **Trustworthiness**: The foregoing methods have proven to be an accurate and trustworthy means for Ascentium maintaining Records and recording information about Ascentium's loans and financial transactions and its borrowers, guarantors, and other customers. These Records are utilized by employees and other authorized personnel of Ascentium, including me, on a daily basis in the discharge of the normal and ordinary functions of Ascentium and its employees, and such

5680189v1 | 100287-0289

5

DECLARATION OF JERRY NOON IN SUPPORT OF CROSS-DEFENDANT ASCENTIUM CAPITAL, LLC'S OPPOSITION TO CROSS-COMPLAINANT YELLOW DOG HOLDINGS, LLC'S REVISED MOTION FOR SUMMARY JUDGMENT, ETC.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Records regularly are relied upon and are an accurate and proven means of reflecting the current situation with regard to each borrower and any guarantor.

6.    As discussed herein, made a loan to Borrower evidenced by an Equipment Finance Agreement. A true and correct copy of the Equipment Finance Agreement evidencing the loan made by Ascentium to Borrower is attached hereto as Exhibit 1 and incorporated by reference ("EFA").

7.    In its business, a customer who is looking for financing will typically need the financing to acquire personal property such as vehicles and equipment. The customer will have selected the vehicle or equipment from a supplier of its choosing and then request that Ascentium to either acquire the vehicle or equipment from the supplier and lease it to the customer or enter into a Conditional Sale Agreement where Ascentium would be the owner and the customer then buys it from Ascentium, or Ascentium will make a loan secured by the vehicle or equipment. The largest segment of Ascentium's business is making loans secured by the vehicles or equipment acquired by the customer. As can be seen by the EFA in this case Borrower was acquiring certain car wash and related equipment from Washworld, Inc, a Wisconsin corporation ("Washworld") and requested that Ascentium pay Washworld directly to allow Borrower to acquire the equipment. Often the customer finds a lender to finance equipment through the supplier who has done business for similar transactions with the lender on other occasions. Or sometimes the Supplier will advise the customer of a lender which has in the past financed equipment for its customers.

8.    In this case Washworld was a known supplier of equipment to Ascentium because Ascentium had entered into 25 transactions where Washworld supplied the equipment out of 49 other transactions which Washworld submitted to Ascentium where Ascentium turned down many of them and others just did not fund for one reason or another. In total, Ascentium has entered into 25 transactions with Washworld where Ascentium paid proceeds to acquire equipment from Washworld

5680189v1 | 100287-0289

6

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

for its customers all over the United States. Of those transactions, 3 that were booked including Borrower were in California. 2 other transactions were submitted with California customers but did not book or fund. A true and correct copy of a redacted list of those transactions is attached hereto, marked Exhibit "2" and incorporated herein by this reference. The list and information regarding the customers is redacted solely to protect the privacy of customers who are not involved with this case and is available in its unredacted form if there is a protective order signed or otherwise sealed to protect the privacy rights of the third party customers. I only have disclosed a portion of Borrower's transaction and listed transactions as to the States the borrowers on those transactions were located.

9.    In connection with acquiring equipment from Washworld or any supplier, the supplier has to execute a document called Funding Instructions whereby the supplier advises Ascentium where Ascentium is to wire money for the acquisition of the equipment and Washworld agreed that that the money that will be paid will be for the sole purpose of acquiring specific equipment pursuant to a purchase order, invoice, quote or proposal for a specific transaction issued by Washworld. In the event that the supplier receives money that is not part of a specific purchase transaction which it is making a loan for the customer to acquire equipment from Washworld then Washworld will have to return the money to Ascentium. A true and correct copy of the Funding Instructions representing the contract between Ascentium and Washworld for Ascentium to pay money on behalf of a customer to acquire specific equipment together with a voided check from Washworld is attached hereto, marked Exhibit "3" and is incorporated herein by this reference. Without the execution of the Funding Instructions, Ascentium will not pay the supplier for the acquisition of the equipment from the supplier unless it is specifically requested to do so on a case by case basis. Ascentium also does some due diligence on the supplier to make certain that the Supplier is a bona fide supplier of equipment and is financially sound.

5680189v1 | 100287-0289

7

10.   Attached hereto, marked Exhibit "4" and incorporated herein by this reference is the Washworld Purchase Order for Borrower to acquire specific equipment from Washworld which was submitted to Ascentium as part of the funding. Ascentium obtains a security interest in the specific equipment as part of the consideration for making the loan. As can be seen from the documents Borrower is located in West Covina, California according to the Purchase Order. And that West Covina address also is on the EFA and other documents with Ascentium some of which are attached hereto as Exhibit "5". Borrower and West Covina Car Wash, LLC, a guarantor, also represented that they were doing business in West Covina and/or were located in San Diego, California and such addresses are reflected on the demand letter attached hereto as Exhibit "6" and incorporated herein by this reference.

11.   As a result of the executed documents and because Washworld executed the Funding Instructions on or about March 11, 2024, Ascentium paid the sum of $309,054.80 to Washworld as is evidenced by the Payment Notification to Washworld attached hereto, marked Exhibit "7" and incorporated herein by this reference.

12.   Borrower had already executed a Delivery and Acceptance Certificate representing to Ascentium that the equipment had been delivered and it was accepted and that the loan should be funded on January 8, 2024. A true and correct copy of the Delivery and Acceptance Certificate is attached hereto, marked Exhibit "8" and is incorporated herein by this reference.

13.   Ascentium performed all conditions, covenants and promises on all contracts and agreements with the Defendants herein.

14.   Borrower made some of the payments but in mid to late 2024, as the payments were not being collected as Ascentium was collecting payment through Automated Clearinghouse Debit ("ACH') and payments were being dishonored, Ascentium started to suspect that there was something wrong with this transaction.

DECLARATION OF JERRY NOON IN SUPPORT OF CROSS-DEFENDANT ASCENTIUM CAPITAL, LLC'S OPPOSITION TO CROSS-COMPLAINANT YELLOW DOG HOLDINGS, LLC'S REVISED MOTION FOR SUMMARY JUDGMENT, ETC.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Ascentium learned that the money received by Washworld was not applied to the purchase of the equipment in the Purchase Order but instead the payment made to Washworld was diverted to a different customer of Borrower and there was no equipment purchased by Borrower from Washworld that was the subject of the wired funds of $309,054.80 on March 11, 2024. Instead, Ascentium learned from Jim Koch, Director of National Accounts for Washworld, that Washworld was told by Car Wash Management to apply some of the funds in the sum of $132,509.09 to a different transaction meant for an entity named Conserve Fuels located in Chula Vista, California and the remainder of the funds in the sum of $179,552.71 paid back to Borrower which is in California. Mr. Koch also represented to Ascentium that certain equipment that had not been paid for by Conserve Fuels shipped on March 15, 2024, These conversations are reflected in emails and collection notes of Ascentium attached hereto as Exhibit "9". These collection notes are maintained in Ascentium's computers and are required on every transaction to track the status of the transaction and contacts with customers, suppliers, and others for a particular transaction. The collection notes are maintained in the ordinary course of Ascentium's business by persons who have a business duty to make entries in the collection notes at or near the time of the event or transaction which they reflect. Collectors at Ascentium are in my Department and report to me.

15.   Washworld never contacted Ascentium when it received the $309,054.80 to ask Ascentium why Washworld was receiving this money if it did not sell the equipment in the Purchase Order to Borrower. Washworld never told Ascentium that the money was not received for the purchase of any specific equipment for Borrower or anyone else. Washworld did not advise Ascentium that some of the money was being paid back to Borrower and not applied for the purchase of the equipment. This not only breached the Funding Instructions contract but this loan was secured by the new Equipment being acquired and there was no equipment being acquired. Washworld refused to acknowledge that this was a

DECLARATION OF JERRY NOON IN SUPPORT OF CROSS-DEFENDANT ASCENTIUM CAPITAL, LLC'S OPPOSITION TO CROSS-COMPLAINANT YELLOW DOG HOLDINGS, LLC'S REVISED MOTION FOR SUMMARY JUDGMENT, ETC.

problem or return any money to Ascentium. As a result of the foregoing, I had Ascentium's attorney, Andrew K. Alper, direct a demand letter to Washworld for the return of the money. A true and correct copy of that demand letter is attached hereto, marked Exhibit "10" and incorporated herein by this reference. While there is a settlement proposal in the letter the purpose of the letter is to show a demand was made and Washworld refused to admit liability or wrongdoing and then this case was filed.

16. It should be noted that Washworld identifies itself on its website as a worldwide company with over 100 distributors of which Borrower was one of the distributors of Washworld equipment. The website reflects that Borrower is a San Diego Distributor; that SCWS, Inc., is a distributor in Pomona, California; and Pro Elite Car Wash Systems, Inc. is a distributor in El Monte, California and there are other distributors in Northern California as well. The website where this information about Washworld and its distributor network is Washworld.com/find-my-distributor.

Executed on August 22, 2025, at Kingwood, Texas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
JERRY NOON, Declarant

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5680189v1 | 100287-0289

10

DECLARATION OF JERRY NOON IN SUPPORT OF CROSS-DEFENDANT ASCENTIUM CAPITAL, LLC'S OPPOSITION TO CROSS-COMPLAINANT YELLOW DOG HOLDINGS, LLC'S REVISED MOTION FOR SUMMARY JUDGMENT, ETC.