Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:      *xestrada@bakerlaw.com*
            *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:      *mgannon@bakerlaw.com*
            *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL, <br><br>   Plaintiff, <br><br>   v. <br><br> CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive, <br><br>   Defendants. | Case No.: 2:25-cv-00359-CAS-KS <br><br> **DEFENDANT WASHWORLD, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)** <br><br> DATE:      September 22, 2025 <br> TIME:      10:00 AM <br> CTRM:      8D |
| JOSE RENE ORTIZ, <br><br>   Cross Complainant, <br><br>   v. <br><br> ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive, <br><br>   Cross Defendants. | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT.........................................................................................................2

    A.    THIS COURT LACKS PERSONAL JURISDICTION.......................................2

        1.    General Jurisdiction Cannot Be Exercised Over Washworld ................................................................................2

        2.    There Is No Specific Jurisdiction Over Washworld...................4

        3.    Ascentium's Evidentiary Objections Are Meritless. ................10

        4.    Jurisdictional Discovery Is Inappropriate.................................12

    B.    ASCENTIUM HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ..................................................14

        1.    Ascentium Fails to State a Claim for Unjust Enrichment. .......14

        2.    Ascentium Has Failed to State a Claim for Breach of Contract.....................................................................................16

        3.    Ascentium Fails to State a Claim for Money Had and Received....................................................................................19

III.    CONCLUSION ..................................................................................................20

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. W. Airlines, Inc. v. GPA Grp., Ltd*,
877 F.2d 793 (9th Cir. 1989) ..................................................................13

*Apple Inc. v. VoIP-Pal.com, Inc.*,
506 F. Supp. 3d 947 (N.D. Cal. 2020)........................................................4

*Audrey Heredia et al v. Sunrise Senior Living LLC*,
Case No. 8:18-cv-01974-JLS-JDE, Doc. 325 (Feb. 10, 2021)..........................15

*Bank of Am. v. Sanati*,
11 Cal. App. 4th 1079 (1992) ..................................................................16

*BNSF Ry. Co. V. Tyrrell*,
581 U.S. 402 (2017)...............................................................................3

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ..............................................................5, 6

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*,
582 U.S. 255 (2017)................................................................................2

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)................................................................................6

*Camden Sys., LLC v. 409 N. Camden, LLC*,
103 Cal. App. 5th 1068 (2024) ................................................................19

*Chan v. Society Expeditions, Inc.*,
39 F.3d 1398 (9th Cir. 1994) ..................................................................13

*Cho v. Hyundai Motor Co., Ltd.*,
636 F. Supp. 3d 1149 (C.D. Cal. 2022).....................................................15

*Clark v. Am. Honda Motor Co.*,
 No. CV 20-03147 AB (MRWX), 2021 WL 4260232
(C.D. Cal. Sept. 14, 2021) .....................................................................15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*CSI Elec. Contractors, Inc. v. Zimmer Am. Corp.*,
   No. CV 12-10876-CAS AJWX, 2013 WL 1249021 (C.D. Cal. Mar. 25, 2013) ................................................................................................16

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)................................................................................2, 3

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ...................................................................13

*FDIC v. British-American Ins. Co.*,
   828 F.2d 1439 (9th Cir. 1987) ...................................................................9

*Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Com'n*,
   446 U.S. 318 (1980)....................................................................................1

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)....................................................................................8

*Gutierrez v. Girardi*,
   194 Cal. App. 4th 925 (2011) ...................................................................19

*Harris v. Wells Fargo Bank, N.A.*,
   No. EDCV16645JGBKKX, 2016 WL 11525309 (C.D. Cal. Aug. 18, 2016) ...................................................................................................17

*In re Ins. Installment Fee Cases*,
   211 Cal. App. 4th 1395 (2012) .................................................................17

*Jenkins v. Cnty. of Riverside*,
   398 F.3d 1093 (9th Cir. 2005) ...................................................2, 6, 9, 19

*L.A. Times Commc'ns, LLC v. Dep't of Army*,
   442 F. Supp. 2d 880 (C.D. Cal. 2006)......................................................11

*Laub v. U.S. Dep't of Interior*,
   342 F.3d 1080 (9th Cir. 2003) ..................................................................13

*Lee v. Netgain Tech., LLC*,
   No. 21CV1144-LL-MSB, 2022 WL 993552 (S.D. Cal. Apr. 1, 2022) .......................................................................................................8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

*LocusPoint Networks, LLC v. D.T.V., LLC*,
No. 3:14-CV-01278-JSC, 2014 WL 3836792 (N.D. Cal. Aug. 1, 2014) ...................................................................................................6

*Mains v. City Title Ins. Co.*,
34 Cal. 2d 580 (1949) ...................................................................19

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) .........................................................3

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
2009 WL 3063062 (C.D. Cal. July 17, 2009).........................2, 3, 4, 5

*McBride v. Boughton*,
123 Cal. App. 4th 379 (2004) ........................................................20

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ...........................................................8

*NationalEFT, Inc. v. Checkgateway, LLC*,
No. 12CV1498-WQH-JMA, 2013 WL 593759 (S.D. Cal. Feb. 15, 2013) ..........................................................................................8

*Novalk, LLC v. Kinsale Ins. Co.*,
21-cv-01014-BEN-RBB, 2021 WL 4134741 (S.D. Cal. Sept. 10, 2021) ...............................................................................1, 6, 9, 19

*Pac. Dawn LLC v. Pritzker*,
831 F.3d 1166 (9th Cir. 2016) ...........................................1, 6, 9, 19

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ..........................................................4

*Pelayo v. Hyundai Motor Am., Inc.*,
No. 820CV01503JLSADS, 2021 WL 1808628 (C.D. Cal. May 5, 2021) .........................................................................................15

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) ..........................................................6

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ..........................................................5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .................................................................3, 4, 6

*Sher v. Johnson*,
911 F.2d 1357 (9th Cir. 1990) ......................................................................6

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ..................................................................15, 16

*Stuart v. UNUM Life Ins. Co. of Am.*,
217 F.3d 1145 (9th Cir. 2000) ....................................................................11

*Tuazon v. R.J. Reynolds Tobacco Co.*,
433 F.3d 1163 (9th Cir. 2006) ......................................................................3

*U.S. v. Crawford*,
239 F.3d 1086 (9th Cir. 2001) ....................................................................11

*U.S. v. Holmes*,
229 F.3d 782 (9th Cir. 2000) ......................................................................11

*U.S. v. Thompson*,
559 F.2d 552 (9th Cir. 1977) ......................................................................11

*U.S. v. VonWillie*,
59 F.3d 922 (9th Cir. 1995) ........................................................................11

*Util. Audit Co. v. City of L.A.*,
112 Cal. App. 4th 950 (2003) .....................................................................19

*Vaughn v. Certified Life Ins. Co. of Cal.*,
238 Cal. App. 2d 177 (1965) ......................................................................20

*Walden v. Fiore*,
571 U.S. 277 (2014).................................................................................4, 5

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
433 F.3d 1199 (9th Cir. 2006) ......................................................................5

**Rules**

Fed. R. Civ. Proc. 8.................................................................................15

Fed. R. Civ. Proc. 12(b)(2) ........................................................................10

Fed. R. Civ. Proc. 56(c) ...........................................................................................11

Fed. R. Evid. 602 ....................................................................................................10

Fed. R. Evid. 801 ....................................................................................................10

Fed. R. Evid. 802 ....................................................................................................10

Fed. R. Evid. 803(c)(6) ...........................................................................................10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case is simple. The real dispute is only between Car Wash Management and Ascentium. It was Car Wash Management and Ascentium who entered into an Equipment Financing Agreement. It was Car Wash Management that "never sen[t] the [Quote] to Washworld and never order[ed], or intend[ed] to order, any of the equipment stated in the Quote." (ECF No. 1 ¶¶ 12, 19.) It was Car Wash Management that then defaulted on the Equipment Financing Agreement by not repaying Ascentium. (*Id.* ¶ 23.)

Instead of only pursuing claims against Car Wash Management and the two personal guarantors, Ortiz and West Covina Car Wash, Ascentium seeks to recover from Washworld, Inc. ("Washworld")—who, like Ascentium alleges, was also injured by Car Wash Management. There is no legal or equitable basis for Ascentium to pursue Washworld in this suit. Nonetheless, Ascentium seeks recovery from all Defendants, including Washworld, which is not a party to the contract between Ascentium and Car Wash Management, and was not a guarantor like Ortiz and West Covina Car Wash. Undetterred, Ascentium attempts to recover against five different defendants based on the same underlying injury. As such, all claims against Washworld should be dismissed to avoid injustice. It "goes without saying that the courts can and should preclude double recovery by an individual." *Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Com'n*, 446 U.S. 318, 333 (1980).

Instead of responding to the legal arguments presented by Washworld, Ascentium proffers rampant speculation and unfounded attacks that have no relevance to the issues before the Court. (ECF No. 71). Ascentium also fails to address the majority of Washworld's arguments (ECF No. 67) thereby forfeiting its right to oppose the motion. *Novalk, LLC v. Kinsale Ins. Co.*, 21-cv-01014-BEN-RBB, 2021 WL 4134741, at *2 (S.D. Cal. Sept. 10, 2021); *see Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (noting that "the plaintiffs did not raise that argument

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

1

to the district court in their ... opposition to the defendants' motion for summary judgment, so the argument was waived."); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

## II.   ARGUMENT

### A.   THIS COURT LACKS PERSONAL JURISDICTION.

Ascentium intertwines arguments addressing specific and general jurisdiction, making it unclear what exactly Ascentium believes satisfies the exercise of personal jurisdiction over Washworld in this instance.

### 1.   General Jurisdiction Cannot Be Exercised Over Washworld

General jurisdiction over Washworld is not appropriate. As *Daimler* holds, a corporation is "at home" only in its state of incorporation and principal place of business, absent exceptional circumstances. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Washworld is incorporated and headquartered in Wisconsin. (ECF No. 1 ¶ 6.). As such, Washworld cannot fairly be regarded "at home" in California. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) ("But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State.") (quoting *Daimler*, 571 U.S. at 137).

Ascentium argues that general jurisdiction over Washworld is proper because Washworld "has a website that clearly shows it is continuously and systematically doing business in California." (ECF No. 71 at 5). However, the business Washworld does in California with its *five* California based distributors (out of 104) is not the type of "continuous and systematic" contacts that would render Washworld essentially "at home" in California. (ECF No. 67 at 8); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223-24. Ascentium further suggests that general jurisdiction is appropriate because Ascentium sent funds to Washworld for **three** other transactions where a borrower was located in California out of 25 total transactions with Washworld over

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

an unspecified period of time.[1] (ECF No. 71-1 ¶ 8; ECF No. 71 at 6.) Ascentium also suggests that two other transactions with California-based borrowers that Ascentium **declined to book or fund** and Washworld's remote technical support goes to the propriety of exercising general jurisdiction. (ECF No. 71-1 ¶ 8; ECF No. 71 at 6.). However, even if there were substantial forum contacts (and there are not), that is not enough for the court to exercise general jurisdiction. *Mavrix Photo, Inc.*, 647 F.3d at 1224.

"To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic," a Court considers "their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" *Mavrix Photo, Inc.*, 647 F.3d at 1224 (quoting *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1172 (9th Cir. 2006)). "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)).

Ascentium identifies only a handful of California distributors, website statements, and a little over 7.5% of sales in California to try and argue Washworld is at home in California. However, Washworld's limited contacts are not enough. For example, the Supreme Court in *BNSF Ry. Co. V. Tyrrell*, 581 U.S. 402 (2017), held that even 2,000 miles of railroad track and thousands of employees in Montana did not render a company at "home." Ascentium's showing falls woefully short of *Daimler's* demanding standard. Ascentium has not established an exceptional case meriting the application of general jurisdiction,[2] therefore, the Court should dismiss Ascentium's

---

[1] Ascentium attempts to double this number by citing 49 total transactions, but Ascentium cannot expect to establish general jurisdiction over transactions that were never completed, particularly where only two would have been related to California-based borrowers. (ECF No. 71-1, ¶ 8.)
[2] *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014); *see also Daimler AG* 571 U.S. at 137.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3

complaint with prejudice.

### 2.    There Is No Specific Jurisdiction Over Washworld

Ascentium conflates purposeful availment and purposeful direction and improperly relies on third party distributor contacts to establish specific jurisdiction. But unilateral acts of distributors and customers do not establish specific jurisdiction, instead the inquiry must focus on defendant's own contacts with the forum, not those of third parties. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Specific jurisdiction requires that (1) the defendant purposefully availed itself of or directed its activities at the forum, (2) the plaintiff's claim arises out of or relates to those contacts, and (3) the exercise of jurisdiction is reasonable and comports with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Each prong must be satisfied, failure on any prong defeats jurisdiction.

Ascentium "bears the burden of demonstrating that the court has [specific] jurisdiction over [each] defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where … the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Schwarzenegger*, 374 F.3d at 800. But "this standard 'is not toothless'. . . ." *Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F.Supp.3d 947, 956 (N.D. Cal. 2020). Moreover, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc.*, 647 F.3d at 1223.

Here, Ascentium's Complaint fails to tie its claims to any forum directed conduct done by Washworld. The alleged payment at issue originated from Ascentium, a non-California resident, was received in Wisconsin, applied to a valid order in Wisconsin, and partially returned to Car Wash Management from Wisconsin. (ECF No. 1; EF No. 67-1.) None of this conduct occurred in California.  Ascentium's single allegation that Washworld "is authorized to and doing business in the County of Los Angeles, State of California," does not confer jurisdiction over Washworld. (ECF No. 1 ¶ 6.)

4

Ascentium must prove via "admissible evidence"[3] that: (1) Washworld *itself* purposefully directed *its* conduct toward California or availed itself of California's laws; (2) Ascentium's causes of action arise out of or result from *Washworld's* forum-related contacts; and (3) California's exercise of personal jurisdiction over Washworld is reasonable. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006).

As further discussed below, Ascentium cannot and has not established either of these requirements.

### a) No Purposeful Availment.

Ascentium cites Washworld's "California distributors" and generic website statements to show Washworld's alleged purposeful availment to California. However, third-party acts, like those of Car Wash Management cannot be imputed to Washworld, unless Ascentium can establish that Car Wash Management is an alter ego of Washworld: *Walden*, 571 U.S. at 284; *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1071–72 (9th Cir. 2015) (holding that despite the parent company micromanaging the affairs of its subsidiary, this did not warrant finding that the parent and subsidiary were alter egos of each other such that the subsidiary's forum contacts could be imputed to the parent company.) Ascentium offers no evidence of alter ego or domination to support imputing Car Wash Management's forum contacts to Washworld. To reiterate, the wire originated from Ascentium was received in Wisconsin, applied to a Car Wash Management order in Wisconsin, and returned to Car Wash Management from Wisconsin. Washworld did not direct its conduct toward California.

A passive or informational website, accessible nationwide, does not create purposeful availment. *Boschetto v. Hansing*, 539 F.3d 1011, 1018–19 (9th Cir. 2008). In its Opposition,[4] Ascentium fails to explain how its claims against Washworld "arise

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[3] *Mavrix Photo, Inc. v. Brand Techs., Inc*., 2009 WL 3063062, *1 (C.D. Cal. July 17, 2009) (Gutierrez, J.), *rev'd on other grounds*, 647 F.3d 1218 (9th Cir. 2011) (emphasis added).

[4] Ascentium begins its argument on purposeful availment by attacking Washworld's

---

5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

of or relate to" California contacts, beyond pointing to distributors in California and website statements. Further, Ascentium's failure to address Washworld's argument against purposeful direction renders any challenges to this waived. *Novalk*, 2021 WL 4134741, at *2; *Pac. Dawn LLC*, 831 F.3d at 1178 n.7; *Jenkins*, 398 F.3d at 1095 n.4.

A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802; *see also Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) ("Purposeful availment requires that the defendant have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.") (quotations omitted). However, "[a] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008). "A contract is only an intermediate step that connects prior negotiations with future consequences, the real object of a business transaction." *LocusPoint Networks, LLC v. D.T.V., LLC*, No. 3:14-CV-01278-JSC, 2014 WL 3836792, at *4 (N.D. Cal. Aug. 1, 2014).

Instead, Washworld's actions must create a substantial connection with the forum state. *Picot*, 780 F.3d at 1212. "Therefore, courts consider 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine 'whether the defendant purposefully established minimum contacts within the forum.'" *LocusPoint Networks*, 2014 WL 3836792, at *4 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985)).

---

business ethics: "Washworld showed its dishonesty by its conduct which is hard to fathom since it destroyed any relationship it had with Ascentium to enter into transactions in the future for funding for Washworld customers by Ascentium and cannot get away with it." (ECF No. 71 at 9.) But this outburst serves no purpose and does not assist the Court with determining whether jurisdiction is appropriate.

Ascentium relies on the Funding Instructions[5] as its basis for the breach of contract claim against Washworld and argument in favor of specific jurisdiction. Ascentium's reliance is misplaced. Specifically, even if this Court were to construe the Funding Instructions as a contract (they are not), any negotiations or course of dealings between Ascentium and Washworld are insufficient to confer specific jurisdiction because they lack a nexus to California. The Funding Instructions do not refer to California at all, and the Funding Instructions were not executed or performed in California. (ECF No. 71-1 at Ex. 3.)

Ascentium suggests that "California obviously has an interest in protecting its citizens who enter into contracts with out-of-state parties for goods to be sold and services to be rendered in California by exercising personal jurisdiction over such out-of-state parties so that disputes can be adjudicated by a California court under California law." (ECF No. 71 at 9.) But Ascentium is an Alabama bank, (ECF No. 71-1 ¶ 1), and Washworld is a Wisconsin corporation, (ECF No. 1 ¶ 6), so California has no interest in protecting any purported contract between non-resident citizens, such as Washworld and Ascentium. Second, the Noon Declaration concedes that Ascentium's borrowers selected Washworld as the supplier 25 times, where "Ascentium paid proceeds to acquire equipment from Washworld for its customers **all over the United States**." (ECF No. 71-1 ¶ 8 (emphasis added).) Only three funded transactions were related to California-based borrowers. (ECF No. 71-1 ¶ 8.) Notably, Ascentium does not contend that Ascentium or Washworld were located in California when any "alleged" agreement was negotiated. In fact, Ascentium's logo lists a Texas address, and Washworld provided an address in Wisconsin. (ECF No. 71-2 at Ex. 3.); *see*

---

[5] Noon swears under penalty of perjury that "Washworld executed the Funding Instructions on or about March 11, 2024," citing Exhibit 3. (ECF No. 71-1 ¶¶ 9, 11.) Ascentium also includes this false statement in its Opposition. (ECF No. 71 at 2.) But Exhibit 3 shows that the document was signed on February 28, 2023, and the Complaint acknowledges as much: "In connection with Ascentium's past dealings with Washworld, on or about February 28, 2023, Washworld, by its controller, Jon Tyczkowski, an authorized representative, executed and delivered to Ascentium written 'Funding Instructions' . . . ." (ECF No. 1 ¶ 16).

7

*NationalEFT, Inc. v. Checkgateway, L.L.C.*, No. 12CV1498-WQH-JMA, 2013 WL 593759, at *9 (S.D. Cal. Feb. 15, 2013) (no purposeful availment where the contract "d[id] not mention California except when listing Plaintiffs mailing address").

The actual course of dealing likewise does not favor a finding of purposeful availment. Most importantly, although Ascentium entered into an Equipment Financing Agreement with a California-based borrower, Ascentium concedes that Car Wash Management never sent the order form or intended to order that equipment from Washworld. (ECF No. 1 ¶¶ 12, 19.) Furthermore, Ascentium cannot argue specific jurisdiction exists when Ascentium's actions in working with a California-based borrower are ultimately irrelevant in establishing whether Washworld purposefully availed itself of California's laws. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816 (9th Cir. 1988).

### b)     No Relatedness.

Specific jurisdiction is also lacking because Ascentium does not allege any facts to show that the mistaken payment "would not have occurred but for the acts or omission of [Defendants] vis-à-vis [their] activities in, or directed at, California." *Lee v. Netgain Tech., LLC*, No. 21CV1144-LL-MSB, 2022 WL 993552, at *6 (S.D. Cal. Apr. 1, 2022). To the contrary, the mistaken payment is entirely tied to Car Wash Management's actions, and Ascentium concedes that Washworld never received the order form Car Wash Management provided to Ascentium to secure funding. (ECF No. 1 ¶¶ 12, 19.) There is no plausible set of facts to suggest that any of Washworld's actions caused or induced Ascentium to make the loan payment to Washworld. The allegations that Washworld "does business" in California with its five distributors are unrelated to the Funding Instructions (the alleged contract between Ascentium and Washworld), and, therefore, are insufficient to establish specific jurisdiction. *See NationalEFT*, 2013 WL 593759, at *9 ("The allegations and evidence that Checkgateway does business with California businesses unrelated to the contract at issue are not sufficient to confer specific personal jurisdiction."); *Goodyear Dunlop*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." (quotation omitted)).

Ascentium does not respond to Washworld's relatedness argument regarding the application of specific jurisdiction. Accordingly, Ascentium has waived all arguments that could have been raised in its Opposition but were not. *Novalk*, 2021 WL 4134741, at *2; *Pac. Dawn LLC*, 831 F.3d at 1178 n.7; *Jenkins*, 398 F.3d at 1095 n.4.

**c)   It Would Be Unreasonable to Exercise Jurisdiction Over Washworld.**

To satisfy due process, personal jurisdiction over a nonresident defendant must also be reasonable. *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). Ascentium did not respond to Washworld's arguments on each of the seven prongs explaining why jurisdiction would be unreasonable, and again, has waived any argument in opposition. (ECF No. 71 at 7-8); *Novalk*, 2021 WL 4134741, at *2; *Pac. Dawn LLC*, 831 F.3d at 1178 n.7; *Jenkins*, 398 F.3d at 1095 n.4.

Instead, the entirety of Ascentium's Opposition suggests that Washworld's evidence is insufficient because "the website and the nature of the transactions at issue in this case and its known distributor chain and customer service outreach appear to belie [Washworld's] contention." (ECF No. 71 at 8.) But Ascentium's position suffers from a fatal flaw; Ascentium does not connect the dots to explain ***why*** the website and "nature of the transactions" would contradict anything in Washworld's supporting declaration. That is because there is no contradiction, and Ascentium has no plausible explanation for why this information should move the needle.

In a last ditch effort, Ascentium implores the Court to deny Washworld's motion because if it were granted, "Washworld would be sued in Wisconsin and this case would continue in California thereby risking inconsistent judgments and multiple

WASHWORLD'S REPLY IN SUPPORT OF MOTION TO DISMISS ASCENTIUM'S COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

litigation with witnesses having to go to both jurisdictions and more legal fees and costs. There simply is no reason for making the parties deal with multiple cases in two states." (ECF No. 71 at 10.) But inconsistent judgments and litigation costs are irrelevant to whether the Court has personal jurisdiction over Washworld, and Ascentium cannot ask this Court to disregard basic legal principles in its crusade to recover against five defendants for the same injury.

Therefore, Ascentium cannot show that Washworld has sufficient minimum contacts with California to support specific jurisdiction, and the Complaint should be dismissed as against Washworld for lack of personal jurisdiction under Rule 12(b)(2).

### 3. Ascentium's Evidentiary Objections Are Meritless.

Ascentium filed eleven evidentiary objections in response to Zach Jensen's Declaration filed in support of Washworld's Motion to Dismiss (ECF No. 67-1). Ascentium objects to each of the eleven declaration statements it presents on the same two grounds: 1) lack of personal knowledge (Fed. R. Evid. 602) and 2) hearsay (Fed. R. Evid. 801, 802). (ECF No. 71-3). There are no grounds to challenge Mr. Jensen's personal knowledge or attribute his declaration statements to hearsay. Ascentium misunderstands the applicable evidentiary standards. Specifically, Ascentium objects to all eleven declaration statements as inadmissible hearsay because "he is testifying as to the books and records of Washworld yet he has failed to qualify himself as a custodian of record for Washworld or state how the records of Washworld are prepared and maintained to qualify as an exception to the hearsay rule pursuant to Fed. R. Evid. 803(c)(6)." (ECF No. 71-3.)

First, Mr. Jensen's testimony does not rely on any hearsay. "Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Ascentium's objection as to hearsay is inapplicable where, such as here, no out-of-court statements made by others are offered for the truth of the matter asserted.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Second, Ascentium objects in a conclusory fashion to Mr. Jensen's declaration as lacking personal knowledge. Mr. Jensen's declaration complies with the rules set forth in Rule 56(c) and is proper lay testimony based on his personal knowledge and firsthand experience as Washworld's Chief Operating Officer ("COO"). As the COO of Washworld, Mr. Jensen has personal knowledge of and is familiar with the business operations and record keeping practices of Washworld, which is what his declaration seeks to provide information on. (ECF No. 67-1). Courts have found that lay witnesses can testify to inferences or opinions that are drawn from a series of personal observations over time. *See U.S. v. Holmes*, 229 F.3d 782, 788–89 (9th Cir. 2000) (witness's six previous thirty-minute meetings with defendant provided sufficient foundation for her lay opinion testimony identifying him on a surveillance tape).

Mr. Jensen's background and role as the COO makes him responsible for the management and oversight of Washworld's operations, which means he is privy to processes, current business footprint, and sales information for Washworld. This is precisely the type of experience that courts have allowed lay witnesses to rely on to testify to information obtained through their personal observations regarding incidents and their specialized knowledge obtained through their vocation.[6] *See, e.g., Los Angeles Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 887 (C.D. Cal. 2006) (finding that Colonel Dillon's twenty-four years' experience in the U.S. Army, coupled with his experience as Director of ROC, arm him with sufficient personal knowledge regarding the U.S. mission in Iraq, the role of PSCs in Iraq, and the possible consequences of SIRs being made available to the public.); *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1155 (9th Cir. 2000) (finding a Vice President of Corporate

---

[6] *See also U.S. v. Crawford,* 239 F.3d 1086, 1090–91 (9th Cir. 2001) (witness could testify to a university's use of a term, based on his experience with university policies); *U.S. v. VonWillie,* 59 F.3d 922, 929 (9th Cir. 1995) (arresting police officer with experience in narcotics cases was properly permitted to give lay opinion testimony that drug traffickers commonly possess and use weapons to protect their narcotics); *U.S. v. Thompson,* 559 F.2d 552, 554 (9th Cir. 1977) (finding a manager of a restaurant had ample personal knowledge to testify what normal company procedures were on a date prior to his employment).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11

Services had sufficient personal knowledge of company procedures to testify that his employer contributed directly to its employee insurance plan).

As such, and consistent with binding case law on the topic, Ascentium's evidentiary objections should be denied in full.

### 4. Jurisdictional Discovery Is Inappropriate.

Ascentium does not address the facts presented by Washworld (ECF No. 67), or the Declaration of Zach Jensen, (ECF No. 67-1), which outlines all of Washworld's California contacts to allow the Court to make an informed decision. Further, the Noon Declaration admits some of the same information presented in the Jensen Declaration. For example, the Noon Declaration provides that, at times, Washworld fulfills orders from five California-based distributors. (ECF No. 71-1 ¶ 16.) This is the same information in Washworld's declaration. (ECF No. 67-1 ¶ 10.)

Instead of addressing Washworld's arguments and contents of the Jensen Declaration, Ascentium poses a series of hypothetical questions that have little relevance, and which Ascentium concedes are Ascentium's burden to answer. (ECF No. 71 at 3.) And, in many instances, Ascentium already has the answers, and Ascentium has not challenged the veracity of the statements.

| Ascentium's Questions | Answer |
|---|---|
| "The Declaration of Zach Jensen ('Jensen Decl.') admits that Car Wash Management is a distributor of Washworld. But exactly what does that mean?" (ECF No. 71 at 5.) | "As can be seen by the EFA in this case Borrower was acquiring certain car wash and related equipment from Washworld, Inc, a Wisconsin corporation ('Washworld') and requested that Ascentium pay Washworld directly to allow Borrower to acquire the equipment." (ECF No. 71-1 ¶ 7.) |
| "What is or was that business relationship with Washworld's California Distributor, Car Wash Maangement? *[sic]*" (ECF No. 71 at 5.) | "CWM was an authorized dealer of Washworld products." (ECF No. 1 ¶ 15.)  "Often the customer finds a lender to finance equipment through the supplier who has done business for similar transactions with the lender on other occasions. Or sometimes the Supplier will advise the customer of a lender which has in the past financed |

WASHWORLD'S REPLY IN SUPPORT OF MOTION TO DISMISS ASCENTIUM'S COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| | equipment for its customers." (ECF No. 71-1 ¶ 7.) |
|---|---|
| "Is there an agency relationship?"[7] (ECF No. 71 at 5.) | "[D]istributors are not Washworld's agents . . . ." (ECF No. 67-1 ¶ 12.) |
| "If Car Wash Management is writing orders on Washworld forms supplied to them by Washworld then what exactly has Washworld authorized Car Wash Management to do for Washworld?" (ECF No. 71 at 5.) | "Washworld provides equipment to distributors for resale." (ECF No. 67-1 ¶ 10.)<br><br>"Although Washworld distributors have access to the Washworld order form . . . distributors [do not] have the ability to place orders without first submitting them to Washworld for review and approval." (ECF No. 67-1 ¶ 12.) |
| "Is there California jurisdiction simply because of Washworld's relationship with its 5 California distributors?" (ECF No. 71 at 5.) | This is a legal question that requires no additional facts. |

Jurisdictional discovery is appropriate when pertinent facts bearing on the question of jurisdiction are controverted or when a more satisfactory showing of facts is necessary. *Am. W. Airlines, Inc. v. GPA Grp., Ltd*, 877 F.2d 793, 801 (9th Cir. 1989). But not only does Ascentium fail to make a formal request identifying *what* jurisdictional discovery is necessary, Ascentium already has the information it needs. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (holding a court may deny jurisdictional discovery when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction"). Accordingly, no jurisdictional discovery is necessary where the jurisdictional facts in the competing affidavits are consistent with each other.

---

[7] Ascentium has also not alleged any facts in the Complaint to suggest that any of its claims depend on agency liability. Further, "[t]he agency test is satisfied by a showing that the subsidiary functions as the parent corporation's representative in that it performs services that are 'sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001) (quoting *Chan v. Society Expeditions, Inc.,* 39 F.3d 1398, 1405 (9th Cir. 1994)).

BAKER & HOSTETLER LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

**B.     ASCENTIUM HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**1.     Ascentium Fails to State a Claim for Unjust Enrichment.**

Ascentium attempts to muddy the waters by presenting hypothetical scenarios. For instance, Ascentium attempts to establish liability by speculating as to why Washworld did not send an email or "pick up a telephone" regarding the money that "magically landed" in its bank account. (ECF No. 11.) But Ascentium's speculations about Washworld's actions or alleged lack thereof are completely irrelevant to the validity of Ascentium's unjust enrichment claim. Regardless, this speculation is undermined by Ascentium's own Complaint where Ascentium concedes that Washworld did, in fact, contact someone about the order: the vendor Ascentium identified in the ACH transaction—Car Wash Management.

This payment is for:

| | | |
| --- | --- | --- |
| Invoice #: | | Car Wash Management, LLC |
| Payment Type: | | Equipment |
| Customer Name: | | Car Wash Management, LLC |
| Finance Agreement #: | | 2763169 |

You will receive:

| | | |
| --- | --- | --- |
| Payment Method: | | ACH |
| Date: | | Mar 11 2024 |
| Amount: | | $309,054.80 |

(ECF No. 1 at Ex. 5.)

Moving past the speculation, Ascentium argues that there is a split of authority on whether there is a cause of action in California for unjust enrichment. But this fails to address Washworld's actual argument, which is that California courts do not recognize a claim for unjust enrichment where a contract exists or where a legal remedy for the same wrong is available against a different party. (ECF No. 67 at 17-18.)

Here, Ascentium has alleged breach of contract and breach of guaranty against three defendants: Car Wash Management (defaulted), Ortiz, and West Covina Car

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Wash,[8] which protects Ascentium ***from the same harm*** alleged in Ascentium's claim for unjust enrichment. Ascentium's claim for unjust enrichment is unnecessary because it does not increase the remedies available to Ascentium, where Ascentium seeks to recover money paid under its Equipment Financing Agreement with Car Wash Management following Car Wash Management's default, as well as recovery against the personal guarantors. Ascentium has an adequate remedy at law, and permitting recovery against Washworld would result in a windfall to Ascentium.

Finally, Ascentium argues that it is permitted to plead inconsistent theories of relief under Federal Rule of Civil Procedure 8. Although this is true, Ascentium fails to address that Ascentium is still required to plead an inadequate remedy at law to pursue an equitable claim, and Ascentium has not done so. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)[9] (It "is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law." ); *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1172–73 (C.D. Cal. 2022) (collecting cases where courts granted motions to dismiss where a plaintiff failed to allege "that any remedy available at law would be inadequate to make them whole."); *see also Pelayo v. Hyundai Motor Am., Inc.*, No. 820CV01503JLSADS, 2021 WL 1808628, at *9 (C.D. Cal. May 5, 2021) ("But, as this Court has noted in other recent decisions, *Sonner* stands for the proposition that 'a plaintiff's failure to plead inadequate remedies at law dooms the claim for equitable relief at any stage.' ***Here, Plaintiffs have not pointed the Court to any factual allegations demonstrating the inadequacy of legal remedies.***") (emphasis added) (quoting *Audrey Heredia et al v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS-JDE, Doc. 325 (Feb. 10, 2021)); *Clark v. Am. Honda Motor Co.*, No. CV 20-03147 AB (MRWX), 2021 WL

---

[8] Although default as to West Covina Car Wash has not yet been entered, Plaintiff's counsel represented the papers would be filed September 8, 2025.
[9] Ascentium mischaracterizes the holding in *Sonner* as applying only to UCL and CLRA claims, when in fact the Court's holding applied the general principles of equity. Equitable remedies are only available where no adequate remedy at law exists.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4260232, at *4 (C.D. Cal. Sept. 14, 2021) ("The Court previously dismissed Plaintiffs' claims for equitable relief because they did not plead that they lack an adequate remedy at law. The Court so ruled based on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), which held that as a matter of federal, not state, law, a plaintiff may not seek equitable relief unless they have alleged that they lack an adequate remedy at law . . . Accordingly, and as further explained in the prior Order, all claims and pleas for equitable relief are dismissed.").

Ascentium does not allege what benefit Ascentium conferred upon Washworld such that restitution would be appropriate where Ascentium alleges Washworld applied funds at Car Wash Management's instruction to an existing order and returned remaining money to Car Wash Management:

> Washworld contacted [Car Wash Management] regarding the Mistaken Payment and was told by [Car Wash Management] that the payment should be applied to an order by one of its customers in Chula Vista, California, that had a remaining balance due of $132,509.09" and to send "a payment back to [Car Wash Management] in the amount of $176,552.71 on March 19, 2024.

(ECF No. 1 ¶ 21); *CSI Elec. Contractors, Inc. v. Zimmer Am. Corp.*, No. CV 12-10876-CAS AJWX, 2013 WL 1249021, at *5 (C.D. Cal. Mar. 25, 2013) ("[P]laintiff does not allege what benefit, if any, plaintiff conferred upon Zimmer such that restitution would be appropriate. Accordingly, the Court dismisses this claim without prejudice."); *Bank of Am. v. Sanati*, 11 Cal. App. 4th 1079, 1084 (1992). Ultimately, Ascentium fails to allege a valid claim for unjust enrichment and as such, Washworld requests the Court dismiss this claim with prejudice.

## 2. Ascentium Has Failed to State a Claim for Breach of Contract.

Ascentium's claim for breach of contract against Washworld fails because 1) there is no contract between the parties; 2) there was nothing for Ascentium to perform; and 3) there are no contract terms that have been breached by Washworld.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ascentium incorrectly states that Washworld does not challenge the existence of a contract. (ECF No. 71 at 14.) But Washworld's motion directly challenges whether there was any consideration for the purported contract and if the purported contract is a contract at all. (*See* ECF No. 67 at 18-19 ("Importantly, for a contract to exist, there must be an exchange for a promise. Despite attaching the purported contract to the Complaint, Ascentium is unable to identify any exchange for a promise, and that is because there is none.").)

Consideration is a required element for a contract to exist. *Harris v. Wells Fargo Bank, N.A.*, No. EDCV16645JGBKKX, 2016 WL 11525309, at *5 (C.D. Cal. Aug. 18, 2016) ("For a contract to be formed, it must be supported by sufficient consideration. Consideration is the mutual exchange of promises, ***which legally binds each party to perform their respective obligations***. Plaintiffs have not alleged that Wells Fargo promised to do anything in exchange for the submission of a completed loan application. Accordingly, Plaintiffs have not alleged the existence of a valid contract . . . .") (emphasis added). Ascentium fails to identify any exchange for a promise, so its claim for breach of contract fails. *In re Ins. Installment Fee Cases*, 211 Cal. App. 4th 1395, 1415 (2012) ("Additionally, consideration must result from a bargain. That is, the consideration for a promise must be an act or a return promise, ***bargained for and given in exchange for the promise***.") (internal quotations and citation omitted) (emphasis added).

Moving to performance, Ascentium claims it performed by sending money to Washworld. (ECF No. 71 at 15.) But Ascentium entirely misses Washworld's point. The purported contract, (*id.* at Ex. 4), contains **no terms** that require Ascentium **to do anything**. Ascentium cannot point to any contractual term[10] requiring Ascentium to send money to Washworld if a third-party funds a transaction through Ascentium:

---

[10] The alleged "contract" is dated February 28, 2023, (ECF No. 1 at Ex. 4), yet involves a transaction from March 2024, (ECF No. 1 ¶ 17.)

17

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(ECF No. 1 at Ex. 4.) This is because there is no term requiring Ascentium to perform or identifying a duty or obligation that Washworld **contractually** violated.

The Funding Instructions are not a contract, but rather a form to provide account

18

information to Ascentium; this directive does not require performance by either party. As such, Ascentium's breach of contract claim must be dismissed.

### 3.  Ascentium Fails to State a Claim for Money Had and Received.

Ascentium again has failed to raise any arguments in opposition to Washworld's argument that (1) Ascentium is required to plead an inadequate remedy at law; and (2) Ascentium has not sufficiently alleged the elements for a claim for money had and received. Accordingly, Ascentium has waived any argument in response. "[W]here the non-moving   party fails to address an argument raised   by   the   moving   party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived." *Novalk*, 2021 WL 4134741, at *2; *see Pac. Dawn* LLC, 831 F.3d at 1178 n.7; *Jenkins*, 398 F.3d at 1095 n.4.

First, Ascentium suggests that a claim for money had and received is not equitable in nature. (ECF No. 71 at 16.) This is plainly incorrect. A claim for money had and received "is governed by principles of equity . . .." *Mains v. City Title Ins. Co.*, 34 Cal. 2d 580, 586 (1949); *see also Camden Sys., LLC v. 409 N. Camden, LLC*, 103 Cal. App. 5th 1068, 1082 (2024), *reh'g denied* (Aug. 8, 2024) ("The claim is viable 'wherever one person has received money which belongs to another, and ***which in equity*** and good conscience should be paid over to the latter.'") (quoting *Gutierrez v. Girardi*, 194 Cal. App. 4th 925, 937 (2011)) (emphasis added). Even if a claim for money had and received is based on "money paid pursuant to a void contract, or a performance by one party of an express contract[,]" the nature of the claim itself remains equitable. *Util. Audit Co. v. City of Los Angeles*, 112 Cal. App. 4th 950, 958 (2003). Accordingly, Ascentium is required to plead an inadequate remedy at law and has failed to do so.

Second, Ascentium argues that its claim is adequately pled because it is a common count under California law. (ECF No. 71 at 16.) "It is settled in California that a common count, to be sufficiently pleaded, must state not only the indebtedness

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

of the defendant but also *directly or impliedly the relationship or the express or implied legal principle upon which a promise to plaintiff is predicated*." *Vaughn v. Certified Life Ins. Co. of California*, 238 Cal.App.2d 177, 181 (1965) (emphasis added). Ascentium does not plead the express or implied legal principle on which the claim is predicated, as the entirety of Ascentium's claim is two paragraphs. (ECF No. 1, ¶¶ 62-63.) Ascentium postures in its Opposition that its claim is contractual in nature, (ECF No. 71 at 16), but that is a legal argument by counsel unsupported by the allegations in Ascentium's Complaint. Ascentium has failed to state the legal principle upon which the "promise" to Ascentium was predicated.

Third, "[w]hen a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts," the common count should be dismissed if the specific cause of action is dismissed. *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004). Because Ascentium seeks, based on the same facts, to use its common count claim for the same recovery Ascentium seeks in its other defective claims, its common count claim for money had and received should be dismissed.

Finally, Ascentium fails to address the allegations conceding that Car Wash Management is indebted to Ascentium for the sum funded under the Equipment Financing Agreement, and that the money was for Car Wash Management's use:

> We agree to lend to you, and you agree to borrow from us, the Financed Amount set forth above for the financing of the Collateral . . . You irrevocably instruct us to pay the Supplier *on your behalf*, which payment is the funding of our loan to you . . . You agree to pay us: (a) the number of payments in the amount(s) shown above . . . .

(ECF No. 1 at Ex. 1, p. 2 (emphasis added).) Ascentium's claim must be dismissed.

## III. CONCLUSION

For the foregoing reasons, Washworld respectfully requests that the Complaint be dismissed as against Washworld for lack of personal jurisdiction and failure to state

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

a claim upon which relief can be granted.

Dated:  September 8, 2025          **BAKER & HOSTETLER LLP**

By: _/s/ Katharine Walton_
Katharine Walton

Defendant WASHWORLD, INC.


**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 6,478 words, which complies with the word limit of L.R. 11-6.1.

Dated:  September 8, 2025          **BAKER & HOSTETLER LLP**

By: _/s/ Katharine Walton_
Katharine Walton

Defendant WASHWORLD, INC.

## CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On September 8, 2025, I served a copy of the within document(s):

**DEFENDANT WASHWORLD, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

Andrew K. Alper (SBN 088876)
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone:  323-852-1000
Facsimile:  323-651-2577
Email:      *aalper@frandzel.com*

*Attorneys for Plaintiff*
REGIONS BANK

☑ **BY EMAIL**:  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Lisa Mitts Patrick (SBN 134522)
**LAW OFFICE OF LISA MITTS PATRICK**
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone:  714-990-3693
Facsimile:  657-234-0012
Email:      *lolmp2021@gmail.com*

*Attorneys for Defendant and Cross Defendant*
JOSE RENE ORTIZ

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on September 8, 2025, at Chicago, Illinois.

*/s/ Katharine Walton*
Katharine Walton

WASHWORLD'S REPLY IN SUPPORT OF MOTION TO DISMISS ASCENTIUM'S COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES