Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:     *xestrada@bakerlaw.com*
           *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:     *mgannon@bakerlaw.com*
           *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,

Plaintiff,

v.

CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,

Defendants.

JOSE RENE ORTIZ,

Cross Complainant,

v.

ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,

Cross Defendants.

Case No.: 2:25-cv-00359-CAS-KS

**CROSS DEFENDANT WASHWORLD, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)**

DATE:      September 29, 2025
TIME:      10:00 AM
CTRM:      8D

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................1

II.     ARGUMENT .......................................................................................1

        A.      THIS COURT LACKS PERSONAL JURISDICTION. .......................................1

                1.      General Jurisdiction Cannot Be Exercised Over
                        Washworld ..............................................................................2

                2.      Specific Jurisdiction Also Cannot Be Exercised Over
                        Washworld ..............................................................................4

                        a)      Purposeful Direction and Purposeful Availment. ...........4

                        b)      Relatedness ...................................................................6

                        c)      It Would Be Unreasonable To Exercise Jurisdiction
                                Over Washworld ............................................................7

                1.      Jurisdictional Discovery Is Inappropriate. ................................7

        B.      ORTIZ HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN
                BE GRANTED. ...............................................................................8

                1.      Ortiz Fails to State a Claim for Money Had and Received. .......8

                2.      Ortiz's Theory of Liability is Not Contingent. .........................10

III.    CONCLUSION ...................................................................................10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. W. Airlines, Inc. v. GPA Grp., Ltd*,
  877 F.2d 793 (9th Cir. 1989) ...................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................8

*BNSF Ry. Co. V. Tyrrell*,
  581 U.S. 402 (2017) ................................................................................................3

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ...............................................................................5

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
  582 U.S. 255 (2017) ................................................................................................2

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................2, 4

*FDIC v. British-American Ins. Co.*,
  828 F.2d 1439 (9th Cir. 1987) ...............................................................................7

*Jenkins v. Cnty. of Riverside*,
  398 F.3d 1093 (9th Cir. 2005) ........................................................................5, 6, 7

*Laub v. U.S. Dep't of Interior*,
  342 F.3d 1080 (9th Cir. 2003) ...............................................................................8

*Lee v. Netgain Tech., LLC*,
  No. 21CV1144-LL-MSB, 2022 WL 993552 (S.D. Cal. Apr. 1, 2022) ...............................................................................................................6

*Lincoln Nat'l Life Ins. Co. v. McClendon*,
  230 F. Supp. 3d 1180 (C.D. Cal. 2017) .................................................................9

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) ...............................................................................4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ..................................................................................2, 3

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) .......................................................................................5

*MG Freesites Ltd. v. DISH Techs. L.L.C.*,
   712 F. Supp. 3d 1318 (N.D. Cal. 2024) ......................................................................3

*Novalk, LLC v. Kinsale Ins. Co.*,
   21-cv-01014-BEN-RBB, 2021 WL 4134741 (S.D. Cal. Sept. 10,
   2021) ....................................................................................................................5, 6, 7

*Pac. Dawn LLC v. Pritzker*,
   831 F.3d 1166 (9th Cir. 2016) ............................................................................5, 6, 7

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) .....................................................................................5

*Saroya v. University of the Pacific*,
   503 F.Supp.3d 986 (N.D. Cal. 2020) ...........................................................................9

*Schultz v. Harney*,
   27 Cal. App. 4th 1611 (1994) ....................................................................................10

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ...................................................................................3, 4

*Sharma v. Volkswagen AG*,
   524 F. Supp. 3d 891 (N.D. Cal. 2021) .........................................................................8

*Tuazon v. R.J. Reynolds Tobacco Co.*,
   433 F.3d 1163 (9th Cir. 2006) .....................................................................................3

*Walden v. Fiore*,
   571 U.S. 277 (2014).................................................................................................4, 5

*Walter v. Hughes Comm., Inc.*,
   682 F. Supp. 2d 1031 (N.D. Cal. 2010) .......................................................................9

**Rules**

Rule 12(b)(2)..................................................................................................................7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

I.      INTRODUCTION

This case is simple. The real dispute is only between Car Wash Management and Ascentium, and Car Wash Management's two personal guarantors, Ortiz and West Covina Car Wash. Just as Ascentium has failed to set forth sufficient facts to establish personal jurisdiction over Washworld, Ortiz has also failed to set forth facts sufficient to establish personal jurisdiction over Washworld. A federal court sitting in California may not exercise personal jurisdiction over a cross defendant, like Washworld, when a plaintiff or cross-complainant does not allege facts sufficient to show that the injury of which they complain "arises out of" something Washworld did in California. On the contrary, this entire case centers on a transaction between Car Wash Management, a California LLC, its former employee Ortiz, and Ascentium.

Moreover, there is no legal or equitable basis for Ortiz to pursue a claim against Washworld. Nonetheless, Ortiz seeks entirely speculative recovery on the theory that, if Ortiz is liable to Ascentium as a personal guarantor to the Equipment Financing Agreement between Ascentium and Car Wash Management, then Washworld is liable to Ortiz. But there is no legal theory entitling Ortiz to recovery against Washworld if Ortiz is liable on a personal guaranty.

II.     ARGUMENT

A.      THIS COURT LACKS PERSONAL JURISDICTION.

As an initial matter, Ortiz makes no real attempt to present facts or legal arguments in support of general or specific jurisdiction, instead claiming that he has little knowledge of the facts and must rely on Ascentium's opposition to Washworld's motion to dismiss the complaint. But Ortiz cannot expect another party to make his argument for him, nor can he expect this Court to establish personal jurisdiction on a hunch. Ortiz must identify factual or legal arguments to support his claims, and he cannot. Moreover, the Declaration of Zach Jensen, (ECF No. 68-1), set forth evidence establishing the lack of personal jurisdiction in California. But, like Ascentium, Ortiz

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

claims he has insufficient information, yet he ignores all of the information Washworld provided.

Notably, the majority of Ortiz's factual assertions do not cite the Cross Complaint, so it is unclear if the facts Ortiz attempts to reference throughout his Opposition are properly before the Court. What's more, apart from citing the applicable legal standard, (ECF No. 74 at 3-4), Ortiz does not cite *a single case* in the entirety of his argument in support of personal jurisdiction, and there is no clear distinction as to which arguments are intended to support general versus specific jurisdiction.

### 1.    General Jurisdiction Cannot Be Exercised Over Washworld

General jurisdiction over Washworld is not appropriate. As *Daimler* holds, a corporation is "at home" only in its state of incorporation and principal place of business, absent exceptional circumstances. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Washworld is incorporated and headquartered in Wisconsin. (ECF No. 55 ¶ 7.) As such, Washworld cannot fairly be regarded "at home" in California. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) ("But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State.") (quoting *Daimler*, 571 U.S. at 137).

Ortiz argues that general jurisdiction over Washworld is proper because Washworld "refer[s] to themselves as a 'worldwide' company referencing their over 100 distributors including apparently Co-Defendant ANDREW WILLIAMS and his CAR WASH MANAGEMENT LLCs . . .along with several other distributors in both southern and northern California." (ECF No. 74 at 7.) However, the business Washworld does in California with its *five* California based distributors (out of 104) is not the type of "continuous and systematic" contacts that would render Washworld essentially "at home" in California. (ECF No. 68 at 6-7); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223-24 (9th Cir. 2011). Ortiz further suggests that general jurisdiction is appropriate because if Washworld sells products, it must also ship them to California "customers/distributors." (ECF No. 74 at 7). But Ortiz cites no legal

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

authority for the proposition that "shipping" products supports general jurisdiction. *MG Freesites Ltd. v. DISH Techs. L.L.C.*, 712 F. Supp. 3d 1318, 1325–26 (N.D. Cal. 2024) ("Specifically, though Plaintiffs allege that DISH advertises and offers to sell products in the state, and have engaged with authorized retailers within the district, these allegations do not even approach the sort of operations at issue in *Perkins* that would make application of the exception appropriate. Indeed, Plaintiffs have not alleged that Defendants engage in any conduct unique or peculiar to the state of California different from their engagement in commerce throughout the country. It would be improper to subject a corporation to general jurisdiction in every state it does business."). However, even if there were substantial forum contacts (and there are not), that is not enough for the court to exercise general jurisdiction. *Mavrix Photo, Inc.*, 647 F.3d at 1224.

"To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic," a Court considers "their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" *Mavrix Photo, Inc.*, 647 F.3d at 1224 (quoting *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1172 (9th Cir. 2006)). "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)).

Ortiz identifies only a handful of California distributors and website statements to try to argue that Washworld is at home in California. However, Washworld's limited contacts are not enough. For example, the Supreme Court in *BNSF Ry. Co. V. Tyrrell*, 581 U.S. 402 (2017), held that even 2,000 miles of railroad track and thousands of employees in Montana did not render a company at "home." Ortiz's showing falls woefully short of *Daimler's* demanding standard. Ortiz has not established an

exceptional case meriting the application of general jurisdiction,[1] therefore, the Court should dismiss Ortiz's complaint with prejudice.

### 2. Specific Jurisdiction Also Cannot Be Exercised Over Washworld

Ortiz makes no clear argument in support of specific jurisdiction, and he improperly attempts to rely on unilateral acts of distributors and customers. But the inquiry must focus on Washworld's own contacts with the forum, not those of third parties. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Specific jurisdiction requires that (1) the defendant purposefully availed itself of or directed its activities at the forum, (2) the plaintiff's claim arises out of or relates to those contacts, and (3) the exercise of jurisdiction is reasonable and comports with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Each prong must be satisfied, failure on any prong defeats jurisdiction.

Here, Ortiz's Cross Complaint fails to tie its claim for money had and received to any forum-directed conduct done by Washworld. The alleged payment at issue originated from Ascentium, a non-California resident, was received in Wisconsin, applied to a valid order in Wisconsin, and partially returned to Car Wash Management from Wisconsin. (ECF No. 55 at Caption; ECF No. 68-1.) None of this conduct occurred in California.

As further discussed below, Ortiz cannot and has not established any of these requirements.

### a) Purposeful Direction and Purposeful Availment.

Ortiz cites Washworld's "California distributors" and generic website statements to show Washworld's alleged purposeful availment of California. However, third-party acts, like those of Car Wash Management cannot be imputed to

---

[1] *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014); *see also Daimler AG* 571 U.S. at 137.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Washworld, unless Ortiz can establish that Car Wash Management is an alter ego of Washworld: *Walden*, 571 U.S. at 284; *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1071–72 (9th Cir. 2015) (holding that despite the parent company micromanaging the affairs of its subsidiary, this did not warrant finding that the parent and subsidiary were alter egos of each other such that the subsidiary's forum contacts could be imputed to the parent company.) Ortiz offers no evidence of alter ego or domination to support imputing Car Wash Management's forum contacts to Washworld. To reiterate, Ortiz cannot establish specific jurisdiction based on a transaction that Washworld knew nothing about. Washworld did not direct its conduct toward California.

A passive or informational website, accessible nationwide, does not create purposeful availment. *Boschetto v. Hansing*, 539 F.3d 1011, 1018–19 (9th Cir. 2008). In his Opposition, Ortiz fails to explain how his singular claim against Washworld "arises of or relates to" California contacts, beyond pointing to distributors in California and website statements.

Further, Ortiz's failure to address Washworld's argument against purposeful direction renders any challenges to this waived. *Novalk, LLC v. Kinsale Ins. Co.*, 21-cv-01014-BEN-RBB, 2021 WL 4134741, at *2 (S.D. Cal. Sept. 10, 2021); *see Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (noting that "the plaintiffs did not raise that argument to the district court in their ... opposition to the defendants' motion for summary judgment, so the argument was waived."); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

Finally, Ortiz cannot argue specific jurisdiction exists when Ascentium's actions in working with a California-based borrower, Car Wash Management, are ultimately irrelevant in establishing whether Washworld purposefully availed itself of California's laws. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816 (9th Cir. 1988).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### b) Relatedness

Ortiz's theory of liability is as follows: if Ortiz is liable as a personal guarantor to Car Wash Management's Equipment Financing Agreement, then Washworld is liable to Ortiz. (ECF No. 55 at Page ID 209-13.) But specific jurisdiction is lacking because Ortiz does not allege any facts to show that the personal guaranty he alleges he was fraudulently induced to sign "would not have occurred but for the acts or omission of [Defendants] vis-à-vis [their] activities in, or directed at, California." *Lee v. Netgain Tech., LLC*, No. 21CV1144-LL-MSB, 2022 WL 993552, at *6 (S.D. Cal. Apr. 1, 2022). To the contrary, Ortiz's signature on the personal guaranty (whether it was fraudulent or not) is entirely tied to Andrew Williams and Car Wash Management's actions:

> In or about 2024, Co-Defendant WILLIAMS, induced the signature(s) of the Cross Complainant ORTIZ on one or more of the various documents alleged in the Plaintiffs' Complaint, by purposefully knowing and lying to the Cross Complainant about the nature and terms of the subject loan, and misrepresenting to him and others, or otherwise fraudulently making representations to the Cross Complainant as to the need for and basis for his signature on any documents that allegedly contain the Cross Complainant's signature.

(ECF No. 55 at Page ID 210 ¶ 6.)

There is no plausible set of facts to suggest that any of Washworld's actions caused or induced Ortiz to become a personal guarantor to Car Wash Management's Equipment Financing Agreement.

Finally, Ortiz does not respond to Washworld's relatedness argument regarding Ortiz's concession that he had no knowledge of any of the details of the funds (ECF No. 68 at 10.) Accordingly, Ortiz has waived all arguments that could have been raised in its Opposition but were not. *Novalk*, 2021 WL 4134741, at *2; *Pac. Dawn LLC*, 831 F.3d at 1178 n.7; *Jenkins*, 398 F.3d at 1095 n.4.

**c)** **It Would Be Unreasonable To Exercise Jurisdiction Over Washworld**

To satisfy due process, personal jurisdiction over a nonresident defendant must also be reasonable. *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). Ortiz did not respond to Washworld's arguments on each of the seven prongs explaining why jurisdiction would be unreasonable, so he has waived any argument in opposition. (ECF No. 74 at 5-8); *Novalk*, 2021 WL 4134741, at *2; *Pac. Dawn LLC*, 831 F.3d at 1178 n.7; *Jenkins*, 398 F.3d at 1095 n.4.

Therefore, Ortiz cannot show that Washworld has sufficient minimum contacts with California to support specific jurisdiction, and the Cross Complaint should be dismissed as against Washworld for lack of personal jurisdiction under Rule 12(b)(2).

**3.** **Jurisdictional Discovery Is Inappropriate.**

Ortiz does not address the arguments presented by Washworld (ECF No. 68), or the Declaration of Zach Jensen, (ECF No. 68-1), which outline all of Washworld's California contacts to allow the Court to make an informed decision. Further, the information Ortiz seeks to judicially notice, (ECF No. 74 at 7), Washworld's website, admits some of the same information presented in the Jensen Declaration. For example, Washworld fulfills orders from California-based distributors. (ECF No. 74 at 7.) This is the same information in Washworld's declaration. (ECF No. 68-1 ¶ 10.)

Instead of addressing Washworld's arguments and contents of the Jensen Declaration, Ortiz asserts he is at a factual disadvantage and needs "meaningful discovery." (ECF No. 74 at 6.) But Ortiz has not challenged the veracity of the statements in Jensen's declaration, nor does Ortiz make any argument as to why the information provided is insufficient for Ortiz to argue in favor of personal jurisdiction.

Jurisdictional discovery is appropriate when pertinent facts bearing on the question of jurisdiction are controverted or when a more satisfactory showing of facts is necessary. *Am. W. Airlines, Inc. v. GPA Grp., Ltd*, 877 F.2d 793, 801 (9th Cir. 1989). But Ortiz cannot refuse to address any of the facts in the Jensen Declaration but claim

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"meaningful discovery" is necessary. (ECF No. 74 at 8.); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (holding a court may deny jurisdictional discovery when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction").  Moreover, Ortiz fails to identify *what* jurisdictional discovery is necessary, and a request for jurisdictional discovery "must articulate the specific discovery Plaintiffs seek to conduct and how such discovery will enable them to make a prima facie showing of jurisdictional facts with respect to [the Defendant]." *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 905 (N.D. Cal. 2021). Accordingly, no jurisdictional discovery is necessary.

**B.    ORTIZ HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Ortiz alleges that "[i]n or about 2024, Co-Defendant WILLIAMS, induced the signature(s) of the Cross-Complainant ORTIZ on one or more of the various documents alleged in [Ascentium's] Complaint. (ECF No. 55 at Page ID 210.) He further claims that if Ascentium's funds are "in the possession of another," and if those funds are "owed by Ortiz to the Plaintiff under a guarantor or any other theory," then that money "is then owed by Washworld to Ortiz." (ECF No 74 at 11.)

But falling far short of the standard in *Iqbal*, Ortiz's Cross Complaint contains no factual content establishing any relationship or connection between Ortiz and Washworld. (*See generally*  ECF No. 55.) Missing from the Opposition is any legal authority or factual allegations demonstrating why Washworld is indebted to Ortiz at all. The mere fact of a payment by Ascentium does not create an indebtedness from Washworld to Ortiz without some additional facts demonstrating otherwise.

**1.    Ortiz Fails to State a Claim for Money Had and Received.**

Ortiz overlooks all of the elements of a claim for money had and received,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8

dooming the Cross Complaint. The elements of a money had and received claim are: "(1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is indebted to plaintiff." *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1190–91 (C.D. Cal. 2017). Ortiz cannot satisfy the second or third elements.

First, Ortiz must allege that money Washworld received was for Ortiz's use. *Id.* It is undisputed in the Cross Complaint, and in the moving papers, that any money received by Washworld was not for the use of Ortiz. Ortiz plainly concedes as much— that "Washworld lays out 3 elements and implies in its 2nd element that the money received by Washworld was for the use of Ortiz only (**which we should all agree it was not**) . . . ." (ECF No. 75 at 12 (emphasis added).)

Second, Ortiz must show that Washworld is indebted to Ortiz. But Ortiz has made no such showing, and the Cross Complaint contains no allegations to support such an inference. Nowhere in the Opposition is there citation to any legal authority supporting the contention that Washworld is required to return funds *not paid by Ortiz* to Ortiz. Ortiz's conclusory contentions and unsupported legal arguments in the Opposition suggesting that he is entitled to the money had and received by Washworld if Ortiz is found liable for breach of personal guaranty are insufficient to survive a motion to dismiss.

Finally, to recover under a money had and received claim, Ortiz "must show that a definite sum, to which [Ortiz] is justly entitled, has been received by defendant." *Walter v. Hughes Comm., Inc.*, 682 F. Supp. 2d 1031, 1047-48 (N.D. Cal. 2010) (dismissing claim based on allegations that defendant had become indebted to plaintiff "in the amount of early termination fees paid during that period and such other amounts which may have been acquired by means of any practice found by this Court to be illegal, unfair or deceptive" because they failed to state a "definite sum"); *see also Saroya v. University of the Pacific*, 503 F.Supp.3d 986, 1000 (N.D. Cal. 2020) (dismissing claim without leave to amend in part because he "fail[ed] to sufficiently

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

9

allege a sum certain"); *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (1994), *as modified on denial of reh'g* (Sept. 29, 1994) ("A cause of action is stated for money had and received if the defendant is indebted to the plaintiff in **a certain sum** . . . .") (emphasis added).

Instead, Ortiz claims that he is not required to show a definite sum when "Ortiz has no idea at this pleading stage **what if anything** he is owed by Washworld, because he does not know at this pleading stage what if anything he owes to the Plaintiff (or anyone); his claims are primarily derivative." (ECF No. 74 at 12-13 (emphasis added).) His claim must fail for failure to show a definite sum.

### 2. Ortiz's Theory of Liability is Not Contingent.

As the Cross Complainant, Ortiz is responsible for proving each element of his claim. Although some forms of cross claims can be contingent upon the resolution of other issues in a case, that is not the case here. Ortiz brings a claim for money had and received. (ECF No. 55.) He has failed to point to any facts in his Cross Complaint or any case law to support the notion that a claim for money had and received against Washworld is contingent on Ortiz's contractual liability to Ascentium. Ortiz is still required to prove his claim for money had and received, and he cannot do so.

## III.  CONCLUSION

For the foregoing reasons, Washworld respectfully requests that this Motion be granted and the Cross Complaint be dismissed as against Washworld for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

Dated:  September 15, 2025          **BAKER & HOSTETLER LLP**

By:  */s/ Katharine H. Walton*
     Katharine H. Walton

     Defendant WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD'S REPLY IN SUPPORT OF MOTION TO DISMISS ORTIZ'S CROSS COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 3,239 words, which complies with the word limit of L.R. 11-6.1.

Dated:  September 15, 2025       **BAKER & HOSTETLER LLP**

By:  _/s/ Katharine H. Walton_
       Katharine Walton

       Defendant WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On September 15, 2025, I served a copy of the within document(s):

**DEFENDANT WASHWORLD, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876)<br>**FRANDZEL ROBINS BLOOM & CSATO, L.C.**<br>1000 Wilshire Boulevard, Nineteenth Floor<br>Los Angeles, CA 90017<br>Telephone:  323-852-1000<br>Facsimile:  323-651-2577<br>Email:  *aalper@frandzel.com* | *Attorneys for Plaintiff*<br>REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522)<br>**LAW OFFICE OF LISA MITTS PATRICK**<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832<br>Telephone:  714-990-3693<br>Facsimile:  657-234-0012<br>Email:  *lolmp2021@gmail.com* | *Attorneys for Defendant and Cross Defendant*<br>JOSE RENE ORTIZ |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on September 15, 2025, at Chicago, Illinois.

*/s/ Katharine H. Walton*
Katharine Walton

WASHWORLD'S REPLY IN SUPPORT OF MOTION TO DISMISS ORTIZ'S CROSS COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS