UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6) (Dkt. 67 filed on August 15, 2025)

## I.    INTRODUCTION

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("plaintiff" or "Ascentium") filed a complaint against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100.  Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld.  Dkt. 1 ("Compl.").

On July 16, 2025, defendant Jose Ortiz filed an answer.  Dkt. 54.  The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, Car Wash Management, LLC of Delaware, Washworld, West Covina Car Wash LLC, Andrew Paul Williams, and Roes 1-35.  Ortiz alleges three claims for relief: (1) fraud, concealment, misrepresentation against Williams and Roes 1 to 10; (2) breach of contract against Williams, Car Wash Management, LLC of Delaware, Car Wash Management LLC of Hawaii, WCCW, and Roes 11-20; (3) money had and received against Washworld and Roes 21 to 35.  Dkt. 55 ("Cross-compl.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | September 25, 2025 |
|---|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

On August 15, 2025, defendant Washworld filed the instant motion to dismiss the claims asserted against it by plaintiff Ascentium. Dkt. 67 ("Mot."). On August 26, 2025, plaintiff filed an opposition. Dkt. 71 ("Opp."). On September 8, 2025, Washworld filed a reply. Dkt. 75 ("Reply").

On September 22, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that it is an Alabama State Bank doing business under the name of Ascentium Capital with its principal place of business in Alabama. Compl. ¶ 1. Plaintiff alleges that defendant Car Wash Management, LLC ("CWM" or "Debtor") is a limited liability company, organized and existing under the laws of Delaware with its principal place of business in Los Angeles, California. Id. ¶ 2. Plaintiff alleges that defendant West Covina Car Wash LLC is a limited liability company, organized and existing under the laws of California with its principal place of business in Los Angeles, California and whose sole member is CWM. Id. ¶ 3. Plaintiff alleges that defendant Jose Rene Ortiz is an individual who is a member of CWM and resides in Los Angeles, California. Id. ¶ 4. Plaintiff alleges that defendant Andrew Paul Williams is an individual who is a member and/or officer of CWM and resides in San Diego, California. Id. ¶ 5. Plaintiff alleges that defendant Washworld, Inc. was and is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin and is authorized to and doing business in the Los Angeles, California. Id. ¶ 6. Plaintiff alleges that no officers or directors of Washworld are residents of the State of Alabama. See id. ¶ 6.

Plaintiff alleges that on January 10, 2024, CWM, as "Debtor," entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Ascentium to finance the acquisition of equipment for the financed amount of $343,394.23. Id. ¶ 12. Plaintiff alleges that the EFA was intended to finance CWM's purchase of equipment for the operation of a car wash initially from a vendor identified as AVW Equipment Company, Inc. ("AVW"), and that pursuant to the EFA, Ascentium wired $309,054.80 to AVW. Id.

Plaintiff alleges that after the EFA was signed, on February 28, 2024, Williams, on behalf of CWM, orally represented to Pete Matheny, a Vice President of Ascentium, that AVW was unable to deliver the equipment ordered by CWM in a timely fashion and that CWM had experienced other "red flags" regarding some business practices of AVW. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

¶ 13.  Accordingly, CWM was canceling the order with AVW, obtaining a full refund, and was instead ordering the necessary equipment from Washworld.  Id.  Plaintiff alleges that this representation was confirmed in a February 28, 2024 email from Williams to Matheny, copied to Ortiz, which transmitted what was represented to be a purchase quote on a Washworld form ("the Quote").  Id.  Plaintiff alleges that the money paid to AVM was refunded to Ascentium.  Id.

Plaintiff alleges that based on the representations of Williams, on March 7, 2024, Ascentium executed with CWM, by Ortiz, an Addendum Agreement No. 2763169 changing the amount financed from $343,394.23 to $346,904.75.  Id. ¶ 14.

Plaintiff alleges that at the time of the February 28, 2024, email from Williams to Matheny, CWM was an authorized dealer of Washworld products and that CWM was given access to and was authorized to issue quotes on Washworld forms, like the quote Williams allegedly sent to Ascentium.  Id. ¶ 15.  Plaintiff alleges that prior to February, 2024, Ascentium had funded two loan transactions in the form of Equipment Finance Agreements involving the purchase of Washworld equipment where CWM had been the "primary vendor" to Ascentium's customer and approximately 20 transactions where Washworld had been the "primary vendor" or one of its other distributors had been the "primary vendor."  Id.

Plaintiff alleges that on or about February 28, 2023, Washworld, by its controller Jon Tyezkowski, executed and delivered to Ascentium written "Funding Instructions," which listed Washworld's email address as "controller@washworldinc.com" and provided:

> Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction. If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium.

Id. ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Plaintiff alleges that on March 12, 2024, Ascentium sent a "Payment Notification" email to "ajohnson@washworldinc.com" and "controller@washworldinc.com" that stated:

> Invoice # : Car Wash Management, Inc.
> Payment Type : Equipment
> Customer Name : Car Wash Management, Inc.
> Finance Agreement # : 2763169
> Payment Method : ACH
> Date : March 11, 2024
> Amount : $309,054.80

Among other things, the Payment Notification stated:

> If you have questions about this payment, please contact your Vendor Services Representative, Maria Negri, at MariaNegri@ascentiumcapital.com or (281) 902-1938.

Id. ¶ 17.

Plaintiff alleges that on March 11, 2024, Ascentium sent payment to Washworld in the amount of $309,954.00 (the "Mistaken Payment") for posting to the Washworld bank account listed in the Funding Instructions, and that the same was posted and credited to such account on March 12, 2024. Id. ¶ 18.

Plaintiff claims that CWM never sent the Quote to Washworld, and never ordered or intended to order from Washworld, any of the equipment stated in the Quote. Id. ¶ 19. Plaintiff claims that when Washworld received the Mistaken Payment, it knew, had reason to know and/or should have known that there had been no order for equipment from CWM for either itself or a customer of CWM in the amount of the Mistaken Payment or in any amount even approaching the amount of the Mistaken Payment. Id. ¶ 20.

Plaintiff alleges that instead of contacting Ascentium regarding the Mistaken Payment as stated in the Payment Notice and as required by the Funding Instructions, Washworld contacted CWM regarding the Mistaken Payment and was told by CWM that the payment should be applied to an order by one of its customers in Chula Vista, California, that had a remaining balance due of $132,509.09. Id. ¶ 21. Plaintiff alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|----------------------|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

that on March 19, 2024, Washworld applied a portion of the Mistaken Payment to pay that balance and sent a payment back to CWM in the amount of $176,552.71.  Id. Plaintiff alleges that at no time did Washworld make inquiry of Ascentium regarding the reason for the Mistaken Payment, what equipment or purchase order it related to, or whether the amount should be returned to Ascentium.  Instead, plaintiff claims that Washworld concealed the true facts from Ascentium.  Id.

Plaintiff alleges that on May 23, 2024, Pete Matheny of Ascentium sent to Washworld a copy of the Quote on Washworld's form that had been received from Williams.  Id. ¶ 22.  Plaintiff alleges that Washworld never responded in any fashion, did not inform Ascentium that the Quote or any similar quote had been issued by or provided to Washworld, and did not inform Ascentium of certain facts alleged by plaintiff, until September 26, 2024.  Id.

Plaintiff claims that once Ascentium became fully aware of the facts, Ascentium 1) declared the EFA in default and demanded immediate payment of the entire loan balance from CWM, WCCW and Ortiz via a Notice of Default and Acceleration letter ("Acceleration Letter"); and 2) contacted Washworld in an attempt to obtain the return of the Mistaken Payment.  Id. ¶ 23.  Plaintiff alleges that CWM, WCCW and Ortiz failed and refused pay the accelerated balance, id. ¶ 24, and that Washworld failed and refused to respond to Ascentium's attempts to request the return of the Mistaken Payment.  Id. ¶ 25.

Plaintiff alleges seven claims for relief: (1) breach of the Equipment Financing Agreement (EFA) against CWM; (2) breach of guaranty against defendant Jose Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld.  Id. ¶¶ 26-63.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(2) Motion

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant.  Pebble Beach Co.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).  Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001).  Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.  If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process."  Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996).  California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).  The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and must do so to establish specific jurisdiction. Schwarzenegger, 374 F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) "the extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) "the extent of conflict with the sovereignty of the defendant's state," (4) "the forum state's interest in adjudicating the dispute"; (5) "the most efficient judicial resolution of the controversy"; (6) "the importance of the forum to the plaintiff's interest in convenient and effective relief"; and (7) "the existence of an alternative forum." Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

### B.  Rule 12(b)(6) Motion

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999); <u>see</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV.    DISCUSSION**

Defendant Washworld moves to dismiss Ascentium's claims against it on the grounds of both lack of personal jurisdiction and failure to state a claim. Mot. at i. The Court discusses each issue in turn.

**A.    Personal Jurisdiction**

The first issue before the Court is whether it has personal jurisdiction over Washworld. As stated above, the nature of the contacts between a defendant and the forum state determines whether personal jurisdiction is characterized as either general or specific. Washworld argues that plaintiff cannot establish general or specific jurisdiction. Mot. at 6, 9.

**1.    General Jurisdiction**

Defendant argues that the Court lacks general jurisdiction over Washworld because it is a Wisconsin corporation with its principal place of business and headquarters in Wisconsin; moreover, Washworld has no employees, offices, warehouses, factories, or bank accounts in California. <u>Id.</u> at 6, 8. Although Washworld has relationships with distributors in California and earns revenue from customer sales in California, defendant argues that these connections to California are minimal ("its California distributors represent 4.8% of its nationwide distributors"; "only 7.53% of Washworld's revenue from April 2023 to December 2024 was attributable to customer sales in California") and cannot establish general jurisdiction, which "'requires affiliations so continuous systematic as to render the foreign corporation essentially at home in the forum State.'" <u>Id.</u> at 7 (quoting <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 133 n.11 (2014)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                   **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

In opposition, plaintiff argues that "Washworld has a website that clearly shows it is continuously and systematically doing business in California." Opp. at 5. Plaintiff alleges that the Washworld website states that it has "'over 100 Distributors worldwide," id., and that "[t]here are no less than 2 other Southern California Distributors for Washworld and others in Northern California." Id. at 6. Plaintiff also suggests that Washworld's website stating that it provides 24/7 remote technical support for its California distributors favors the Court's exercise of general jurisdiction. See id. Moreover, plaintiff argues that "Washworld has done business with Ascentium with customers in California and this Car Wash Management loan is not some 'one off' transaction …. Instead, there were 49 other transactions referred to Ascentium involving Washworld equipment and 25 of them were completed." Id.

In reply, defendant argues that "the business Washworld does in California with its *five* California based distributors (out of 104) is not the type of 'continuous and systematic' contacts that would render Washworld essentially 'at home' in California." Reply at 2 (emphasis in original). Moreover, defendant argues that even if Washworld had substantial forum contacts in the form of Ascentium financing purchases of Washworld equipment by California customers, these are insufficient to establish general jurisdiction. See id. at 2-3.

The Court finds that it lacks general jurisdiction over Washworld. "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." Ranza v. Nike, Inc., 793 F.3d 1059, 1069 (9th Cir. 2015). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014). Washworld is incorporated and has its principal place of business in Wisconsin. Compl. ¶ 6. Because Washworld's affiliations with California (such as its relatively limited California distributor relationships and California customer sales) are not so exceptionally extensive as to render it "essentially at home" in California, Daimler, 571 U.S. at 133 n.11, the Court finds that general jurisdiction over Washworld is not appropriate.

        2.    Specific Jurisdiction

Defendant next argues that the Court lacks specific jurisdiction over Washworld because the plaintiff cannot establish any of three required prongs for specific jurisdiction. Mot. at 9-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | September 25, 2025 |
|---|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

First, defendant argues that Ascentium cannot establish either purposeful availment or purposeful direction. Id. at 10. Defendant argues that purposeful availment is lacking because "Washworld does not enter into contracts with its distributors, (Jensen Decl. ¶ 11) … [and] no contract governs the relationship between Ascentium and Washworld." Id. Defendant also argues that Ascentium cannot establish purposeful direction because "Car Wash Management 'never sent the Quote … to Washworld and never ordered, or intended to order, any of the equipment stated in the Quote … from Washworld.' (Compl. ¶ 19 (emphasis added).) Further, a refusal to return money received in Wisconsin is not an intentional action aimed at California, that would cause harm likely to be suffered in California where Ascentium is an Alabama bank, a non-resident of California." Id. at 11. Thus, defendant argues that it has not engaged in an intentional act expressly aimed at California nor has it caused harm that the defendant knows is likely to be suffered in California. See id. at 10-11.

Regarding relatedness, defendant argues that "none of Ascentium's claims relate to Washworld's forum-related activities" because "the money Ascentium seeks to recover, allegedly retained by Washworld, was sent to Washworld **in Wisconsin**. (Jensen Decl. ¶¶ 4-7.). As such, Ascentium cannot establish that Washworld has engaged in any activities in California that relate to Ascentium's alleged claims sufficient to confer specific jurisdiction—that is, Ascentium cannot establish that the alleged harm suffered by Ascentium would not have occurred 'but for' **Washworld's** activities in California." Id. at 12 (emphasis in original) (citing Walden v. Fiore, 571 U.S. 277, 290 (2014)).

Third, defendant argues that it would be unreasonable to exercise jurisdiction over Washworld because "*at least* five of the seven reasonableness factors militate **against** the exercise of specific jurisdiction over Washworld." Id. at 12-13 (emphasis in original). First, "because the purposeful availment prong of specific jurisdiction is not satisfied here, it likewise cannot be shown that Washworld purposefully interjected itself into California." Id. at 13. Second, "[t]he burden of defending this action in California would be prejudicial because all of Washworld's witnesses and records are located in Wisconsin." Id. at 13-14. Third, "California has little to no interest in adjudicating this action as between Ascentium, an Alabama bank, and Washworld, a Wisconsin corporation—and little to no expectation that any such dispute would be litigated in this forum." Id. at 14. Fourth, because "all of Washworld's witnesses reside in Wisconsin" and "relevant records (paper and electronic) in Washworld's possession or control (if any) are also located in Wisconsin," the dispute would not be most efficiently resolved in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | September 25, 2025 |
|----------|------------------------|--|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

California. Id. at 14-15. Fifth, Ascentium cannot meet its burden to prove the unavailability of a suitable alternative forum. Id. at 15 (citing FDIC v. British-American Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987)).

In opposition, plaintiff argues that specific jurisdiction over Washworld is proper because it has sufficient minimum contacts with California to satisfy constitutional requirements. Opp. at 8. First, citing Burger King, 471 U.S. at 479, plaintiff argues that "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" indicate that Washworld purposefully established minimum contacts with California. Opp. at 8. Specifically:

> Washworld, entered into a contract with Ascentium[—]the Funding Instructions. The contract reveals that the object of the contract was for Washworld to supply equipment to its customers and Ascentium will loan to the money to Washworld customer and would directly remit the loan proceeds which is the sale price of the equipment being acquired directly to Washworld. Washworld was directly benefitted by this contract because it would be paid immediately for goods it was selling by Ascentium and in return there had to be equipment sold and Washworld had to return money received if it was not sold per the purchase orders supplied to Ascentium … [T]his was not the only time Washworld received money from Ascentum for funding the purchase of equipment.

Id. at 9.

Plaintiff further notes that "Washworld has purposely availed itself to the privilege of conducting business in California" because its website states that it "provided 24/7 technical support to their distributors, no matter where they are located[—]including California." Id. Moreover, "7.35% of its revenue is generated from California and almost 5% of its distributor network is in California." Id.

Regarding the third prong, plaintiff argues that "[l]ittle, if any, evidence is provided to support Washworld's contention that jurisdiction is not reasonable." Opp. at 7. Plaintiff argues that Washworld's assertions that it does not have any office, warehouse, factory, place of businesses, phone number, facsimile number, mailing address, bank account, or employees in California "lacks foundation" given its "website and the nature of the transactions at issue … and its known distributor chain and customer service outreach." Id. at 8. Moreover:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|------------------------|------|---------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

California obviously has an interest in protecting its citizens who enter into
contracts with out-of-state parties for goods to be sold and services to be rendered
in California by exercising personal jurisdiction over such out-of- state parties so
that disputes can be adjudicated by a California court under California law. Given
what appears to be the large national if not international reach of Washworld there
is no unreasonable burden for Washworld to be in California defending this case.

Id. at 9-10.

In reply, defendant first argues that by "fail[ing] to address the majority of
Washworld's arguments … [Ascentium] thereby forfeit[ed] its right to oppose the
motion." Reply at 1 (citing Novalk, LLC v. Kinsale Ins. Co., 21-cv-01014-BEN-RBB,
2021 WL 4134741, at *2 (S.D. Cal. Sept. 10, 2021) and other cases).

Defendant next argues that purposeful availment is lacking because "third-party
acts, like those of Car Wash Management cannot be imputed to Washworld, unless
Ascentium can establish that Car Wash Management is an alter ego of Washworld."
Reply at 5 (citing cases). Moreover, "[a] passive or informational website, accessible
nationwide, does not create purposeful availment." Id. Defendant also argues that the
Funding Instructions upon which Ascentium relies on for its breach of contract claim
fails to establish specific jurisdiction because the "Instructions do not refer to California
at all, and the Funding Instructions were not executed or performed in California." Id. at
7.

Defendant argues that plaintiff cannot establish relatedness because "the mistaken
payment is entirely tied to Car Wash Management's actions, and Ascentium concedes
that Washworld never received the order form Car Wash Management provided to
Ascentium to secure funding …. There is no plausible set of facts to suggest that any of
Washworld's actions caused or induced Ascentium to make the loan payment to
Washworld." Id. at 8. "The allegations that Washworld 'does business' in California
with its five distributors are unrelated to the Funding Instructions (the alleged contract
between Ascentium and Washworld), and, therefore, are insufficient to establish specific
jurisdiction." Id.

Regarding reasonableness, defendant argues that "Ascentium did not respond to
Washworld's arguments on each of the seven prongs explaining why jurisdiction would
be unreasonable, and again, has waived any argument in opposition." Id. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|------------------------|------|---------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

As an initial matter, the Court is unconvinced that plaintiff has waived its right to oppose Washworld's motion by allegedly "fail[ing] to address the majority of Washworld's arguments" in plaintiff's opposition. Reply at 1. Plaintiff's decision to not address all of Washworld's arguments does not constitute a waiver of plaintiff's right to oppose them.

The Court finds that it has specific jurisdiction over Washworld. Washworld purposefully availed itself to California, its California contacts relate to plaintiff's claims, and the Court finds that it would not be unreasonable to exercise jurisdiction over Washworld. First, Washworld purposefully availed itself to California by maintaining business relationships with distributors in California, including CWM. See compl. ¶ 15; opp. at 1. Plaintiff alleges that at the time of the events giving rise to plaintiff's complaint, CWM, a Delaware company with its principal place of business in California, id. ¶ 2, "was an authorized dealer of Washworld products." Defendant admits that CWM was a distributor of Washworld. Opp. at 5 (citing Dkt. 67-1 at 2, Zach Jensen Decl.). Moreover, plaintiff alleges that prior to February 2024, there have been two transactions "involving the purchase of Washworld equipment where CWM had been the "primary vendor" to [plaintiff's] customer." Id. ¶ 15. In other words, Washworld sold equipment to customers via its California distributor CWM. Even though Washworld's Chief Operating Officer claims that "Washworld does not enter into contracts with its distributors, (Jensen Decl. ¶ 11)," Mot. at 10, that alone does not contradict plaintiff's allegations that Washworld purposefully availed itself to California by maintaining a business relationship with its California distributor CWM.

Second, plaintiff's claims relate to Washworld's contacts with California. Plaintiff alleges that Washworld is indebted to plaintiff because plaintiff sent money to Washworld pursuant to plaintiff's financing contract with CWM, an LLC with its principal place of business in California and with which Washworld has a business relationship. See compl. ¶¶ 2; 15-25; 52-63. Plaintiff alleges that Washworld fraudulently failed to return plaintiff's payment and seeks equitable and breach of contract claims against Washworld. Id. ¶¶ 19-25. These claims relate to Washworld's contacts with California, namely, Washworld's business relationship with its California-based distributor CWM. Plaintiff adequately establishes that the harm it alleges would not have occurred "but for" Washworld's forum-related activities; that is, but for Washworld's relationship with its distributor CWM, plaintiff would not have been harmed by Washworld's alleged failure to return plaintiff's funds. See Ballard, 65 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|----------------------|------|--------------------|
| Title    | Regions Bank v. Car Wash Management, LLC et al. | | |

at 1500 (9th Cir. 1995) (holding that "[courts] rely on a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction"; "The question, therefore, is this: but for [defendant's] contacts with the [forum state], would [plaintiff's] claims against the [defendant] have arisen?"). This is because absent Washworld's relationship with CWM, CWM would not have had access to Washworld's order form that plaintiff alleges fraudulently induced plaintiff to submit payment to Washworld. See compl. ¶ 15; reply at 13. Similarly, absent Washworld's relationship with CWM, Washworld would not allegedly have applied plaintiff's "Mistaken Payment," compl. ¶¶ 17-18, to an existing order (for Washworld products) by one of CWM's customers in Chula Vista. Id. ¶ 21. To be sure, but for CWM's alleged fraud arising from its use of the Washworld order form, plaintiff would not have sent payment to Washworld. But it is still true that defendant's relationship with California-based CWM was necessary to give rise to plaintiff's claims against Washworld. Thus, relatedness is not predicated on plaintiff's "unilateral" activity in the forum via its EFA contract with CWM; rather, defendant's conduct in the forum—its maintenance of a relationship with CWM—provides a basis for the relatedness prong. See Walden, 571 U.S. at 286 (2014).

Defendant argues that "third-party acts, like those of Car Wash Management, cannot be imputed to Washworld[] unless Ascentium can establish that Car Wash Management is an alter ego of Washworld." Reply at 5 (citing Walden, 571 U.S. at 284; Ranza, 793 F.3d at 1071–72). Defendant's argument is misplaced. The Court need not impute Car Wash Management's acts to Washworld to establish relatedness. It is Washworld's purposeful business contacts with California-based entity CWM that establish relatedness; that is, plaintiff's equitable and breach of contract claims against Washworld (for its alleged failure to return plaintiff's money paid to Washworld pursuant to an EFA with CWM) relate to Washworld's purposeful business contacts with CWM.

Defendant's attempt to focus on the Funding Instructions agreement between Washworld and plaintiff is unavailing. To be sure, the "Instructions do not refer to California at all, and the Funding Instructions were not executed or performed in California." Reply at 7. But the Funding Instructions nonetheless relate to Washworld's purposeful contacts with California—i.e., Washworld's relationship with its distributor CWM—because the Instructions were provided to Washworld allegedly as part of plaintiff's EFA contract with CWM. Even if Washworld lacked knowledge of this EFA,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | September 25, 2025 |
|---|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

see compl. ¶ 19, that does not negate that the Funding Instructions relate to CWM, one of
defendant's California distributors.

Lastly, even though it is true that "[plaintiff] concedes that Washworld never
received the order form Car Wash Management provided to Ascentium to secure
funding," id. at 8 (citing compl. ¶¶ 12, 19), this does not impact the issue of relatedness.
While CWM's alleged fraud may have been an essential act that gave rise to plaintiff's
claims, the claims still would not have arisen but for Washworld's purposeful business
relationship with CWM that enabled CWM to allegedly orchestrate the fraud.

When plaintiff establishes the first two prongs, it is the defendant's burden to
"present a compelling case" that the third prong, reasonableness, has not been satisfied.
Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third
prong requires the Court to balance seven factors: (1) "the extent of the defendant's
purposeful injection into the forum"; (2) the burdens on defendant from litigating in the
forum state; (3) "the extent of conflict with the sovereignty of the defendant's state," (4)
"the forum state's interest in adjudicating the dispute"; (5) "the most efficient judicial
resolution of the controversy"; (6) "the importance of the forum to the plaintiff's interest
in convenient and effective relief"; and (7) "the existence of an alternative forum."
Ziegler, 64 F.3d at 475.

Washworld has not "carried its heavy burden of rebutting the strong presumption
in favor of jurisdiction." Ballard, 65 F.3d at 1500 (citing Sher v. Johnson, 911 F.2d 1357,
1364 (9th Cir.1990). First, the Court finds that the degree of defendant's purposeful
injection into California, although limited, is not insignificant. See Panavision Int'l, L.P.
v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998) ("'Even if there is sufficient
'interjection' into the state to satisfy the purposeful availment prong, the degree of
interjection is a factor to be weighed in assessing the overall reasonableness of
jurisdiction under the reasonableness prong.'") (citation omitted). Washworld's contacts
with California are not trivial: Around 5% of Washworld's distributors are in California
and around 7.5% of Washworld's revenue is generated from California. Opp. at 9.
Given Washworld's multiple purposeful contacts with California, this factor counsels in
favor of exercising specific jurisdiction over Washworld.

Second, the Court disagrees with Washworld that it would be unreasonably
burdensome to force it to litigate in this Court. See Mot. at 13 (citing FDIC, 828 F.2d at
1442 (9th Cir. 1987)). The law of personal jurisdiction is 'primarily concerned with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | September 25, 2025 |
|---|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

defendant's burden.'" <u>Ziegler</u>, 64 F.3d at 475 (citations omitted).  "'[M]odern advances in communications and transportation have significantly reduced the burden of litigating in [a foreign forum].'"  <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1115 (9th Cir. 2002) (quoting <u>Sinatra v. Nat'l Enquirer, Inc.</u>, 854 F.2d 1191, 1199 (9th Cir.1988).  Although "all of Washworld's witnesses and records are located in Wisconsin," mot. at 14, the Court believes that it would not be unreasonably difficult for defendant to bring necessary witness testimony and evidence to California to litigate.  Therefore, this factor does not counsel against exercising specific jurisdiction over Washworld.

Third, considerations of conflicts with the sovereignty of defendant's state "[are] not a very significant factor in cases involving only U.S. citizens."  <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1076 n.5 (9th Cir. 1986).

Fourth, the Court agrees with Washworld that "California has little to no interest in adjudicating this action as between Ascentium, an Alabama bank, and Washworld, a Wisconsin corporation."  Mot. at 14.  While the Court acknowledges plaintiff's argument that "California obviously has an interest in protecting its citizens who enter into contracts with out-of-state parties for goods to be sold and services to be rendered in California," opp. at 9, neither Washworld nor Ascentium is a California citizen.  Moreover, while California would have an interest in adjudicating the dispute "[i]f California law governed the dispute," <u>FDIC</u>, 828 F.2d at 1444, it is unclear whether California law governs plaintiff's claims, which are equitable and breach of contract claims over an agreement between two non-California residents not entered in California.  <u>See First Intercontinental Bank v. Ahn</u>, 798 F.3d 1149, 1153 (9th Cir. 2015) (describing California's choice of law rules for contract cases).  Therefore, this factor counsels against exercising specific jurisdiction over Washworld.

Fifth, and most significant to this case, the most efficient judicial resolution of this dispute is likely in California.  "'In evaluating this factor, [courts] look[] primarily at where the witnesses and the evidence are likely to be located.'"  <u>Ziegler</u>, 64 F.3d at 475-76 (quoting <u>Core-Vent Corp. v. Nobel Indus. AB</u>, 11 F.3d 1482, 1489 (9th Cir. 1993)).  While all of Washworld's witnesses and records are in Wisconsin, mot. at 14-15, most witnesses and evidence in this case are likely located in California: Defendant CWM has its principal place of business in Los Angeles, defendant WCCW is a California LLC with its principal place of business in Los Angeles, and defendants Ortiz and Williams are California residents, compl. ¶¶ 2-5.  While plaintiff's witnesses and evidence in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | September 25, 2025 |
|---|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

plaintiff's possession are likely not located in California (given that plaintiff is an Alabama bank), plaintiff will need to litigate its claims against the California-based defendants in California. Therefore, to promote judicial economy and avoid the possibility of inconsistent judgments on issues in this case, the Court finds that this factor favors the exercise of specific jurisdiction.

"The convenience and effectiveness of relief for the plaintiff comprise the sixth factor." Ziegler, 64 F.3d at 476. Denying jurisdiction over Washworld would effectively require plaintiff to litigate separate suits in two jurisdictions, for there does not appear to be any other single forum that could exercise personal jurisdiction over Washworld and the California-based defendants. See Dole Food Co., 303 F.3d at 1116. However, "[w]hile litigating in [Wisconsin] would no doubt inconvenience [plaintiff], 'neither the Supreme Court nor our court has given much weight to inconvenience to the plaintiff.'" Ziegler, 64 F.3d at 476 (citing Core-Vent, 11 F.3d at 1490). Thus, although the Court would not ordinarily give much weight to concerns about plaintiff's inconvenience, permitting plaintiff to bring all of its claims California in this case would promote the efficient and consistent administration of justice, as discussed above.

Seventh, as defendant points out, California is not the only suitable forum to adjudicate this dispute. Ascentium could certainly bring suit in defendant's home state of Wisconsin. "'The plaintiff bears the burden of proving the unavailability of an alternative forum.'" Id. (quoting Core-Vent, 11 F.3d at 1490). Because plaintiff has not demonstrated that its claims cannot be properly litigated in Wisconsin, this factor favors defendant.

While two of the reasonableness factors caution against the Court's exercise of specific jurisdiction, the fifth factor strongly favors jurisdiction. Therefore, the Court finds that Washworld has not "carried its heavy burden of rebutting the strong presumption in favor of jurisdiction." Ballard, 65 F.3d at 1500.

### B.  Failure to State a Claim

Defendant argues that Ascentium has failed to state a claim upon which relief can be granted. Mot. at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|----------------------|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

1.     Money Paid by Mistake/Unjust Enrichment

Regarding plaintiff's claim against Washworld for money paid by mistake, Washworld argues that it is "unaware of a cause of action for money paid by mistake distinct from a claim for money had and received in California." Id. at 16.  Regarding plaintiff's claim for unjust enrichment, Washworld argues that the claim fails because (1) Ascentium has failed to plead an inadequate remedy at law; (2) California does not recognize a claim for unjust enrichment where a contractual remedy is available or a legal remedy for the same wrong is available against another defendant.  Id.

First, defendant argues that the Court must dismiss plaintiff's equitable unjust enrichment claim because Ascentium has an adequate remedy at law in the form of its breach of contract and breach of guaranty claims against CWM, Ortiz, and WCCW (citing Ruiz v. The Bradford Exch., Ltd., 2024 U.S. Dist. LEXIS 100731, at *5 (S.D. Cal. May 16, 2024; Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020)).  Id. at 16-17.  Second, defendant argues that California courts do not recognize a claim for unjust enrichment where a contract exists or where a legal remedy for the same wrong is available against a different party.  Id. at 17 (citing district court cases).  Because plaintiff alleges that Ascentium and Car Wash Management Company entered into a valid Equipment Financing Agreement with CWM, and "[b]ecause the subject matter of plaintiff's unjust enrichment claim, the payment Ascentium made pursuant to the Equipment Financing Agreement, is covered by the breach of contract claim and breach of guaranty claims [asserted by plaintiff], this Court must dismiss the claim against Washworld." Id. at 18 (citing Paracor Fin., Inc. v. Gen. Elec. Cap. Corp., 96 F.3d 1151, 1167 (9th Cir. 1996)).

In opposition, plaintiff argues that there is a split authority on the issue of whether unjust enrichment is a claim in California.  Opp. at 11 (citing cases).  Furthermore, plaintiff argues that "[e]ven if the unjust enrichment is deemed to be an equitable claim, the claim is still proper" despite plaintiff's not pleading "the lack of a legal remedy." Plaintiff argues that the Ninth Circuit's holding in Sonner, 971 F. 3d. at 844 that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies," is limited to the context "when a party requests restitution under the UCL [California Unfair Competition Law] and CLRA [Consumers Legal Remedies Act] in a diversity action."  See id. at 12 (quoting Sonner, 971 F. 3d. at 844).  Because plaintiff's "action is not one arising from California's Unfair Competition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|------------------------|------|---------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Law or the Consumers Legal Remedies Act," plaintiff argues that it is not required to plead the lack of an adequate remedy at law before seeking an equitable remedy such as unjust enrichment. Id. Plaintiff further argues that even if this requirement were applicable, "Washworld is mistaken as to who the adequate remedy at law is against. This is a cause of action against Washworld, not against Car Wash Management." Id.

Plaintiff also argues that it may plead inconsistent theories of relief: "At this stage of the litigation and clearly with the need for discovery, Ascentium need not make a decision on what theory of relief it will eventually proceed on." Id. (citing Fed. R. Civ. P. 8). Even if inconsistent pleading were not allowed, plaintiff argues that:

> [T]he only claim where Washworld asserts an inconsistent pleading is not the breach of contract claim alleged by Ascentium against it but rather, Ascentium's claim for breach of contract against Car Wash Management and for breach of guaranty against Jose Ortiz … there is nothing inconsistent about pleading separate breach of contract claims against Washworld and breach of contract claims against Car Wash Management for breach of the EFA and Ortiz for breach of his guaranty. Car Wash Management is not part of the Breach of the Funding Instructions contract against Washworld.

Id.

In reply, Washworld argues that "Ascentium fails to address that Ascentium is still required to plead an inadequate remedy at law to pursue an equitable claim, and Ascentium has not done so." Reply at 15. Moreover, Washworld argues that "Ascentium does not allege what benefit Ascentium conferred upon Washworld such that restitution would be appropriate where Ascentium alleges Washworld applied funds at Car Wash Management's instruction to an existing order and returned remaining money to Car Wash Management." Id. at 16.

As an initial matter, the Court notes that plaintiff's "money paid by mistake" claim appears indistinguishable from its claim for unjust enrichment. 1 Witkin, Summary of California Law (11th ed. 2025), Contracts § 1059 (describing cases in which in which money paid by mistake and unjust enrichment are used interchangeably). The Court therefore proceeds to analyze plaintiff's unjust enrichment claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | September 25, 2025 |
|---|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

Unjust enrichment is available when "a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015). "Some California courts allow a plaintiff to state a cause of action for unjust enrichment, while others have maintained that California has no such cause of action." ESG Cap. Partners, LP v. Stratos, 828 F.3d 1023, 1038 (9th Cir. 2016) (collecting cases). "'In the absence of clear guidance from California courts, the Ninth Circuit 'has construed the common law to allow an unjust enrichment cause of action through quasi-contract.'" Gaige v. Exer Holding Co., LLC, No. 2:24-CV-06099-AH-(AJRX), 2025 WL 559719, at *8 (C.D. Cal. Mar. 2, 2025) (citation omitted). "Unjust enrichment is synonymous with restitution." 1 Witkin, Summary of California Law (11th ed. 2025), Contracts § 1050 (citing Levine v. Blue Shield of California, 117 Cal. Rptr. 3d 262, 278–79 (2010)).

Here, plaintiff alleges that defendant Washworld received $309,054.80 from plaintiff—the Mistaken Payment—and "and made the conscious decision to turn the money over to Car Wash Management without contacting Ascentium." Opp. at 10-11. Thus, plaintiff adequately alleges that Washworld was unjustly conferred a benefit through Washworld's fraud and/or mistake. Even though plaintiff concedes that Washworld subsequently applied plaintiff's Mistaken Payment—at CWM's instruction—to an existing order and returned remaining money to CWM, see compl. ¶ 21, reply at 16, that fact does not defeat plaintiff's unjust enrichment claim because Washworld still received and retained a benefit from plaintiff: a portion of plaintiff's Mistaken Payment that Washworld applied to an outstanding customer order. See compl. ¶ 21.

Defendant is correct that under California law, a party may not pursue a quasi-contract claim for unjust enrichment when an express contract governs the same subject matter. Longest v. Green Tree Servicing LLC, 74 F. Supp. 3d 1289, 1302 (C.D. Cal. 2015) (citing Solano v. America's Servicing Co., 2011 WL 4500874, at *9 (E.D.Cal. Sept. 27, 2011)). However, Rule 8(d) of the Federal Rules of Civil Procedure expressly permits a plaintiff to plead claims in the alternative, and courts have permitted unjust enrichment and breach of contract claims to proceed simultaneously. See Weingand v. Harland Fin. Solutions, Inc., 2012 WL 3763640, at *4 (N.D.Cal. Aug. 29, 2012) ("[E]ven though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative.") (quoting another source). Here, plaintiff's opposition expressly invokes the alternative pleading permitted by Rule 8(d). Opp. at 12-13. Construing plaintiff's complaint in the light most favorable to plaintiffs, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

concludes that plaintiff has pleaded its unjust enrichment claims in the alternative under Rule 8(d).

The Court finds the Ninth Circuit's decision in <u>Sonner</u> does not preclude plaintiff from pleading its unjust enrichment claim at the motion to dismiss stage, even assuming that plaintiff's unjust enrichment claim is equitable in nature.[1]  In <u>Sonner</u>, the Ninth Circuit held that **"**federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under" the UCL and CLRA.  <u>Sonner</u>, 971 F.3d at 837.  "That holding, the Ninth Circuit explained, flowed from the principle that 'a federal court must apply traditional equitable principles before awarding restitution,' an equitable remedy.  <u>Id.</u> at 841.  One well-established equitable principle is that equitable remedies will not be awarded when there is an 'adequate remedy at law.'"  <u>Zeiger v. WellPet LLC</u>, 526 F. Supp. 3d 652, 686–87 (N.D. Cal. 2021) (quoting <u>Sonner</u>, 971 F.3d at 842).

<u>Sonner</u> does not bar plaintiff's pleading its unjust enrichment claim at this stage.  Although the <u>Sonner</u> court held that a "[plaintiff] must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA," the <u>Sonner</u> court's holding arose in the context of a plaintiff who "voluntarily dismissed her sole state law damages claim and chose to proceed with only state law equitable claims for restitution and injunctive relief."  <u>Sonner</u>, 971 F.3d at 844,

---

[1] "Unjust enrichment is an equitable rather than a legal claim."  <u>McKesson HBOC, Inc. v. NY State Common Retirement Fund, Inc.</u>, 339 F.3d 1087, 1091 (9th Cir. 2003).  "There is little doubt that unjust enrichment is an equitable claim." <u>Shum v. Intel Corp.</u>, 630 F. Supp. 2d 1063, 1078 (N.D. Cal. 2009), aff'd, 633 F.3d 1067 (Fed. Cir. 2010).  <u>But see</u> <u>Bilyeu v. Morgan Stanley Long Term Disability Plan</u>, 711 F. App'x 380, 384 (9th Cir. 2017) ("'If restitution to the claimant is accomplished exclusively by a judgment for money, without resort to any of the ancillary remedial devices traditionally available in equity but not at law, the remedy is presumptively legal.'") (quoting Restatement (Third) of Restitution and Unjust Enrichment § 4 cmt. d (2011)); *Developments in the Law—The Intellectual History of Unjust Enrichment*, 133 HARV. L. REV. 2077, 2077 (2020) ("After the fusion of law and equity, unjust enrichment was predominantly categorized as 'equitable.' … Some state courts, misinterpreting unjust enrichment as a purely equitable claim, have put up barriers, such as the rule that equity does not step in if there is an adequate remedy 'at law.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

837. Here however, plaintiff Ascentium has not voluntarily dismissed its breach of contract claim in favor of an equitable unjust enrichment claim; plaintiff merely pleads unjust enrichment in the alternative to its breach of contract claim under Rule 8(d) of the Federal Rules of Civil Procedure. Opp. at 12-13.

Several district courts have suggested that a plaintiff must demonstrate the inadequacy of a legal remedy before pleading equitable relief in the alternative. See, e.g., Sharma v. Volkswagen AG, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) ("The issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy. On that point, Sonner holds that it does not."); Gaige, 2025 WL 559719, at *8 (C.D. Cal. Mar. 2, 2025); Pelayo v. Hyundai Motor Am., Inc., No. 820CV01503JLSADS, 2021 WL 1808628, at *9 (C.D. Cal. May 5, 2021).

However, the Court does not find these holdings persuasive. Sonner involved a distinguishable procedural posture in which plaintiff's operative complaint sought only equitable restitution under state law and did not allege an inadequate legal remedy that was plainly available. Sonner, 971 F.3d at 844. In an attempt to avoid having to persuade a jury to award her tens of millions of dollars in damages, the plaintiff in Sonner "voluntarily abandon[ed] an ostensibly viable [legal] claim" in order to request this amount from the district court judge. Id. at 838. In this context, the Ninth Circuit concluded that plaintiff's tactics were inappropriate and held that a plaintiff must allege an inadequate legal remedy before pursuing equitable restitution. Id. at 844. However, the Sonner court did not impose this requirement on pleadings for equitable relief in the alternative to legal remedies. See id. Thus, Sonner is no bar to plaintiff's pleading unjust enrichment in the alternative to its breach of contract claim at this stage.

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's unjust enrichment claim.

      2.    Breach of Contract

To prevail on a claim for breach of contract under California law,[2] a plaintiff must establish "(1) the existence of the contract, (2) plaintiff's performance or excuse for

---

[2] Although the Court at this time does not decide which state's law applies to plaintiff's breach of contract claim, the Court notes that regardless of which state's law applies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. Gen. Ins. Co., 68 Cal. 2d. 822, 830 (1968)).

Washworld argues that plaintiff's breach of contract claim fails because there was no valid contract between plaintiff and Washworld.  Defendant argues that because "there must be an exchange for a promise" "for a contract to exist," and because "Ascentium is unable to identify any exchange for a promise," there can be no breach of contract claim. Mot. at 18-19.  Specifically, the purported contract on which plaintiff's breach of contract claim is based—the Funding Instructions—"do not identify any exchange for a promise or require Ascentium or Washworld to take any action."  Id. at 19.

In opposition, plaintiff argues that the "Funding Instructions" constituted a valid contract between Washworld and plaintiff.  "'A bilateral contract is one in which there are mutual promises given in consideration of each other.'"  Opp. at 14 (quoting Bleecher v. Conte, 698 P.2d 1154 (1981)).  Here, plaintiff argues that the Funding Instructions involved a mutual exchange of promises because the Instructions established "Ascentium's obligation to make payment for equipment orders for Washworld's customer and Washworld's obligation to use the monies received from Ascentium to either pay for the equipment described in the orders or return the money to Ascentium." Id. at 15.  "Acceptance of the terms of the Funding Instructions bound both Ascentium and Washworld, creating the mutuality of obligation and consideration."  Id.

In reply, Washworld argues that "Ascentium's claim for breach of contract against Washworld fails because 1) there is no contract between the parties; 2) there was nothing

---

(Alabama, Wisconsin, or California), the complaint adequately pleads the essential elements for a breach of contract claim.  See Dupree v. PeoplesSouth Bank, 308 So. 3d 484, 490 (Ala. 2020) ("'The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages.'") (citation omitted); Pagoudis v. Keidl, 988 N.W.2d 606, 612 ("The elements of any breach of contract claim [under Wisconsin law] are (1) the existence of a contract between the plaintiff and the defendant; (2) breach of that contract; and (3) damages.") (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

for Ascentium to perform; and 3) there are no contract terms that have been breached by Washworld." Reply at 16.

The Court finds that plaintiff has sufficiently alleged a breach of contract claim against defendant. Plaintiff alleges (1) it entered with defendant Washworld into a contract—the Funding Instructions—that obligated Ascentium to make payment for equipment orders for Washworld's customer in exchange for Washworld's obligation to use the money received from Ascentium to pay for the equipment described in the orders or to return the money to Ascentium, see compl. ¶¶ 16; (2) plaintiff's performance under the contract by delivering the money to Washworld, id. ¶ 17-18; (3) defendant's breach of the contract by failing to comply with the terms of the Funding Instructions and failing to remit back to Ascentium monies that were not used to fund purchase orders for Car Wash Management, id. ¶¶ 21, 25; (4) plaintiff's damages from Washworld's failure to remit back to Ascentium monies that were not used to fund purchase orders. Id. ¶ 63.

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiffs' breach of contract claim.

> 3.    Money Had and Received

Defendant argues that plaintiff's claim for money had and received "fails for two reasons. First … Ascentium has failed to establish it lacks an adequate remedy at law. Second, Ascentium fails to state a claim for money had and received." Mot. at 20.

Defendant argues that "Ascentium must establish that it lacks an adequate remedy at law before obtaining equitable relief in federal court." Id. (citing Sonner, 971 F.3d at 844). Because "[c]ourts have applied this requirement to claims for restitution … including money had and received" and because "monetary damages adequately resolve Ascentium's claim," the Court may not consider the merits of plaintiff's money had and received claim. Id. Second, defendant argues that plaintiff fails to allege the elements of the claim for money had and received, which are that "(1) the defendant received money, (2) the money received by the defendant was for the use of Ascentium, and (3) the defendant is indebted to Ascentium. Id. at 20 (citing Rasmussen v. Dublin Rarities, No. C 14-1534 PJH, 2015 WL 1133189, at *12 (N.D. Cal. Feb. 27, 2015)). Because "[t]he money Ascentium alleges it wired to Washworld was not for the use of Ascentium but instead was for the use of Car Wash Management" to purchase equipment, the second element is not sufficiently alleged. Id. at 20-21. Furthermore, defendant argues that it "is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|----------------------|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Car Wash Management, not Washworld, that is indebted to Ascentium" because after
Washworld received payment from plaintiff, CWM instructed Washworld to apply the
payment to an existing order and Washworld sent the remainder of the payment back to
CWM. Id. at 21.

In opposition, plaintiff argues that "'[a] claim for money had and received can be
based upon money paid by mistake, money paid pursuant to a void contract, or a
performance by one party of an express contract,'" and is "'proper whenever the plaintiff
claims a sum of money due, either as an indebtedness in a sum certain, or for the
reasonable value of services, goods, etc., furnished.'" Opp. at 15 (quoting Util. Audit Co.
v. City of Los Angeles, 5 Cal. Rptr. 3d 520, 527 (2003)). Thus, plaintiff argues, "a
common count of money had and received is … contractual in nature, not equitable." Id.
at 16. Plaintiff argues that because it allegedly paid money by mistake to Washworld,
regardless "if the money was paid pursuant to a void [or valid] contract," it has
adequately pled a claim of money had and received. Id. at 16.

In reply, Washworld argues that "'[a] claim for money had and received 'is
governed by principles of equity.'" Reply at 19 (quoting Mains v. City Title Ins. Co., 34
Cal. 2d 580, 586 (1949) and other cases). Therefore, "Ascentium is required to plead an
inadequate remedy at law and has failed to do so." Id. Moreover, Washworld argues that
Ascentium has failed to plead a common count under California law because "'in
California[,] … a common count, to be sufficiently pleaded, must state not only the
indebtedness of the defendant but also *directly or impliedly the relationship or the
express or implied legal principle upon which a promise to plaintiff is predicated*.'" Id.
at 19-20 (quoting Vaughn v. Certified Life Ins. Co. of California, 238 Cal.App.2d 177,
181 (1965) (emphasis added)). Because "Ascentium does not plead the express or
implied legal principle on which the claim is predicated, as the entirety of Ascentium's
claim is two paragraphs. (ECF No. 1, ¶¶ 62-63.)[,] … Ascentium has failed to state the
legal principle upon which the 'promise' to Ascentium was predicated." Id. at 20. Third,
Washworld argues that "[b]ecause Ascentium seeks, based on the same facts, to use its
common count claim for the same recovery Ascentium seeks in its other defective claims,
its common count claim for money had and received should be dismissed." Id. (citing
McBride v. Boughton, 123 Cal. App. 4th 379, 394 (2004)). Fourth, Washworld argues
that "Ascentium fails to address the allegations conceding that Car Wash Management
[rather than Washworld] is indebted to Ascentium." Id. at 20 (citing compl., Ex. 1 at 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|----------------------|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

The Court finds that plaintiff has sufficiently alleged a claim for money had and received. "A claim for Money Had and Received makes a defendant indebted to a plaintiff 'for money had and received by the defendant for the use of the plaintiff.'" Lincoln Nat'l Life Ins. Co. v. McClendon, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017) (citation omitted). "Although the claim is one at law, it arises in equity when 'one person has received money which belongs to another and which in equity and good conscience ... should be returned.'" Id. (citing cases). The elements for the claim are as follows: (1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is indebted to plaintiff. Id. (citing Fireman's Fund Ins. Co. v. Commerce & Indus. Co., No. C-98-1060VRW, 2000 WL 1721080, at *8 (N.D. Cal. Nov. 7, 2000)).

As an initial matter, the Court is unpersuaded by defendant's argument that Ascentium must establish that it lacks an adequate remedy at law before pleading money had and received. Even assuming that plaintiff's claim for money had and received is characterized as equitable rather than legal, see McClendon, 230 F. Supp. 3d at 1190, for reasons discussed above, the Court finds that Sonner does not preclude plaintiff from pleading its money had and received claim in the alternative at the motion to dismiss stage.

The Court finds that plaintiff has sufficiently alleged the elements for money had and received. First, defendant Washworld received money from plaintiff. Compl. ¶ 18. Second, the money Washworld received was for plaintiff Ascentium's use because the money was allegedly paid to satisfy plaintiff's obligations under the Funding Instructions and pursuant to plaintiff's separate financing contract with CWM. Id. ¶¶ 14-18. The Court is unpersuaded by defendant Washworld's formalistic argument that because plaintiff intended the funds to be used for the use of Car Wash Management to purchase equipment, plaintiff cannot be the intended beneficiary. See mot. at 20. While defendant is correct that plaintiff transferred funds to Washworld to fulfill purchase orders of Washworld's customer CWM, the funds were nonetheless paid for plaintiff's use "in the sense that Plaintiff would send the money to fulfill its obligations to pay … under [relevant] contract[s]." McClendon, 230 F. Supp. 3d at 1191. "[A]llowing [p]laintiff to recover from [d]efendant would reduce [plaintiff's contractual] obligation[s]." Id. Accordingly, plaintiff has alleged that Washworld is indebted to plaintiff following Washworld's receipt of the money that plaintiff wired to Washworld. Therefore, the Court finds that plaintiff has sufficiently alleged the elements for money had and received.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | September 25, 2025 |
|----------|----------------------|---|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's money had and received claim.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** Washworld's motion to dismiss Ascentium's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |