UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - CROSS-DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6) (Dkt. 68 filed on August 15, 2025)

## I.    INTRODUCTION

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("plaintiff" or "Ascentium") filed a complaint against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100.  Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld.  Dkt. 1 ("Compl.").

On July 16, 2025, defendant Jose Ortiz filed an answer.  Dkt. 54.  The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, Car Wash Management, LLC of Delaware, Washworld, West Covina Car Wash LLC, Andrew Paul Williams, and Roes 1-35.  Ortiz alleges three claims for relief: (1) fraud, concealment, misrepresentation against Williams and Roes 1 to 10; (2) breach of contract against Williams, Car Wash Management, LLC of Delaware, Car Wash Management LLC of Hawaii, WCCW, and Roes 11-20; (3) money had and received against Washworld and Roes 21 to 35.  Dkt. 55 ("Cross-compl.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

On August 15, 2025, cross-defendant Washworld filed the instant motion to dismiss the claims asserted against it by defendant Ortiz. Dkt. 68 ("Mot."). On September 8, 2025, Ortiz filed an opposition. Dkt. 74 ("Opp."). On September 15, 2025, Washworld filed a reply. Dkt. 80 ("Reply").

On September 22, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that it is an Alabama State Bank doing business under the name of Ascentium Capital with its principal place of business in Alabama. Compl. ¶ 1. Plaintiff alleges that defendant Car Wash Management, LLC ("CWM" or "Debtor") is a limited liability company, organized and existing under the laws of Delaware with its principal place of business in Los Angeles, California. Id. ¶ 2. Plaintiff alleges that defendant West Covina Car Wash LLC is a limited liability company, organized and existing under the laws of California with its principal place of business in Los Angeles, California and whose sole member is CWM. Id. ¶ 3. Plaintiff alleges that defendant Jose Rene Ortiz is an individual who is a member of CWM and resides in Los Angeles, California. Id. ¶ 4. Plaintiff alleges that defendant Andrew Paul Williams is an individual who is a member and/or officer of CWM and resides in San Diego, California. Id. ¶ 5. Plaintiff alleges that defendant Washworld, Inc. was and is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin and is authorized to and doing business in the Los Angeles, California. Id. ¶ 6. Plaintiff alleges that no officers or directors of Washworld are residents of the State of Alabama. See id. ¶ 6.

Plaintiff alleges that on January 10, 2024, CWM, as "Debtor," entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Ascentium to finance the acquisition of equipment for the financed amount of $343,394.23. Id. ¶ 12. Plaintiff alleges that the EFA was intended to finance CWM's purchase of equipment for the operation of a car wash initially from a vendor identified as AVW Equipment Company, Inc. ("AVW"), and that pursuant to the EFA, Ascentium wired $309,054.80 to AVW. Id.

Plaintiff alleges that after the EFA was signed, on February 28, 2024, Williams, on behalf of CWM, orally represented to Pete Matheny, a Vice President of Ascentium, that AVW was unable to deliver the equipment ordered by CWM in a timely fashion and that CWM had experienced other "red flags" regarding some business practices of AVW. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

¶ 13.  Accordingly, CWM was canceling the order with AVW, obtaining a full refund, and was instead ordering the necessary equipment from Washworld.  Id.  Plaintiff alleges that this representation was confirmed in a February 28, 2024 email from Williams to Matheny, copied to Ortiz, which transmitted what was represented to be a purchase quote on a Washworld form ("the Quote").  Id.  Plaintiff alleges that the money paid to AVM was refunded to Ascentium.  Id.

Plaintiff alleges that based on the representations of Williams, on March 7, 2024, Ascentium executed with CWM, by Ortiz, an Addendum Agreement No. 2763169 changing the amount financed from $343,394.23 to $346,904.75.  Id. ¶ 14.

Plaintiff alleges that at the time of the February 28, 2024, email from Williams to Matheny, CWM was an authorized dealer of Washworld products and that CWM was given access to and was authorized to issue quotes on Washworld forms, like the quote Williams allegedly sent to Ascentium.  Id. ¶ 15.  Plaintiff alleges that prior to February 2024, Ascentium had funded two loan transactions in the form of Equipment Finance Agreements involving the purchase of Washworld equipment where CWM had been the "primary vendor" to Ascentium's customer and approximately 20 transactions where Washworld had been the "primary vendor" or one of its other distributors had been the "primary vendor."  Id.

Plaintiff alleges that on or about February 28, 2023, Washworld, by its controller Jon Tyezkowski, executed and delivered to Ascentium written "Funding Instructions," which listed Washworld's email address as "controller@washworldinc.com" and provided:

> Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction. If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium.

Id. ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Plaintiff alleges that on March 12, 2024, Ascentium sent a "Payment Notification" email to "ajohnson@washworldinc.com" and "controller@washworldinc.com" that stated:

Invoice # : Car Wash Management, Inc.
Payment Type : Equipment
Customer Name : Car Wash Management, Inc.
Finance Agreement # : 2763169
Payment Method : ACH
Date : March 11, 2024
Amount : $309,054.80

Among other things, the Payment Notification stated:

If you have questions about this payment, please contact your Vendor Services Representative, Maria Negri, at MariaNegri@ascentiumcapital.com or (281) 902-1938.

Id. ¶ 17.

Plaintiff alleges that on March 11, 2024, Ascentium sent payment to Washworld in the amount of $309,954.00 (the "Mistaken Payment") for posting to the Washworld bank account listed in the Funding Instructions, and that the same was posted and credited to such account on March 12, 2024. Id. ¶ 18.

Plaintiff claims that CWM never sent the Quote to Washworld, and never ordered or intended to order from Washworld, any of the equipment stated in the Quote. Id. ¶ 19. Plaintiff claims that when Washworld received the Mistaken Payment, it knew, had reason to know and/or should have known that there had been no order for equipment from CWM for either itself or a customer of CWM in the amount of the Mistaken Payment or in any amount even approaching the amount of the Mistaken Payment. Id. ¶ 20.

Plaintiff alleges that instead of contacting Ascentium regarding the Mistaken Payment as stated in the Payment Notice and as required by the Funding Instructions, Washworld contacted CWM regarding the Mistaken Payment and was told by CWM that the payment should be applied to an order by one of its customers in Chula Vista, California, that had a remaining balance due of $132,509.09. Id. ¶ 21. Plaintiff alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

that on March 19, 2024, Washworld applied a portion of the Mistaken Payment to pay that balance and sent a payment back to CWM in the amount of $176,552.71. Id. Plaintiff alleges that at no time did Washworld make inquiry of Ascentium regarding the reason for the Mistaken Payment, what equipment or purchase order it related to, or whether the amount should be returned to Ascentium. Instead, plaintiff claims that Washworld concealed the true facts from Ascentium. Id.

Plaintiff alleges that on May 23, 2024, Pete Matheny of Ascentium sent to Washworld a copy of the Quote on Washworld's form that had been received from Williams. Id. ¶ 22. Plaintiff alleges that Washworld never responded in any fashion, did not inform Ascentium that the Quote or any similar quote had been issued by or provided to Washworld, and did not inform Ascentium of certain facts alleged by plaintiff, until September 26, 2024. Id.

Plaintiff claims that once Ascentium became fully aware of the facts, Ascentium 1) declared the EFA in default and demanded immediate payment of the entire loan balance from CWM, WCCW and Ortiz via a Notice of Default and Acceleration letter ("Acceleration Letter"); and 2) contacted Washworld in an attempt to obtain the return of the Mistaken Payment. Id. ¶ 23. Plaintiff alleges that CWM, WCCW and Ortiz failed and refused pay the accelerated balance, id. ¶ 24, and that Washworld failed and refused to respond to Ascentium's attempts to request the return of the Mistaken Payment. Id. ¶ 25.

Plaintiff alleges seven claims for relief: (1) breach of the Equipment Financing Agreement (EFA) against CWM; (2) breach of guaranty against defendant Jose Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld. Id. ¶¶ 26-63.

Regarding plaintiff's second claim against Ortiz, plaintiff alleges that "[i]n connection with [CWM] executing and delivering the EFA, Ortiz made, executed, and delivered to Ascentium his Personal Guaranty, Agreement No. 2763169, dated January 5, 2024 (the "Ortiz Guaranty") of the obligations of [CWM] under the EFA." Id. ¶ 33. Plaintiff alleges that it has performed all terms and promises on its part required to be performed pursuant to the terms of the Ortiz Guaranty. Id. ¶ 34. Plaintiff alleges that it has demanded CWM and Ortiz to pay all sums due to Ascentium, but CWM and Ortiz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

have failed to do so. Id. ¶ 35. As a result, plaintiff alleges that Ascentium is entitled to recover all amounts alleged to be due under the EFA in at least the sum of $350,997.00 plus interest, in addition to attorney's fees. Id. ¶ 36-37.

In his cross-complaint, Ortiz alleges that "[i]n or about 2023/2024, [cross-complainant Ortiz] entered into an undefined employment arrangement with [cross-defendant] Williams, and [Roes] 1 to 10, inclusive, to work in one of his car wash centers, including but not limited to [cross defendants] [CWM], [Car Wash Management, LLC of Hawaii], [WCCW], which [Williams] was the stated CEO, [owner,] and sole member of, offering a future equity share." Cross-compl. ¶ 1. Ortiz alleges that the future equity share, as agreed, never materialized. Id. ¶ 1. Ortiz alleges that he "never ran, or invested money in the LLCs or otherwise had any authority of any kind to bind any company or himself with regard to funds of any kind in the businesses, and at no time was [he] anything other than a person working for and/or employed by any of the "car wash related entities" listed in the Plaintiffs Complaint, though Williams informed Ortiz that he would also be called a "member."" Id. Ortiz alleges that "[p]laintiff was not aware of what a 'member' was." Id.

Ortiz alleges that at all relevant times, Ortiz had no management authority, financing authority or any other authority of any kind, "on behalf of any of the said entities" or any other duties and obligations or to act on their behalf, except as an employee. Id. ¶ 3. Ortiz alleges that he left his employment with Williams in or about May 2024, due to other lies and misrepresentations as well as unpaid funds due to Ortiz by Williams and/or the aforesaid car wash related entities. Id.

Ortiz alleges that Williams, either individually or on behalf of the companies he owned, took out a loan from the plaintiff for one of the car wash entities, without disclosing to Ortiz any of the details. Id. ¶ 4. Ortiz alleges that he did not know of the terms of the alleged agreement as to what if anything was to be purchased with said funds, or if the funds were to go generally to the company. Id. Ortiz alleges that he never spoke with or otherwise communicated with anyone at the plaintiff's bank or affiliates, and assumed any such loans were, as stated by Williams, routine business transactions for the company and under which Ortiz would have no personal liability. Id.

Ortiz alleges that he never received "from the alleged transaction" any of the alleged funds paid by the plaintiff, never retained any such funds not received, never knew when the funds were paid and/or to whom or for what, and "never had any kind of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

benefit to the Plaintiff personally or in any capacity of such loan." Id. ¶ 5. Ortiz alleges that he "never even received a full copy of the entire document and terms he was asked to sign and that the Plaintiff provided as Exhibits (pages therefrom) with their Complaint." Id.

Ortiz alleges that in or about 2024, Williams induced the signature(s) of Ortiz on one or more of the various documents alleged in the plaintiff's complaint by purposefully knowing and lying to Ortiz about the nature and terms of the subject loan, and misrepresenting to him and others, or otherwise fraudulently making representations to Ortiz as to the need for and basis for his signature on any documents that allegedly contain Ortiz's signature. Id. ¶ 6.

Ortiz alleges that "[a]t no time was [Ortiz] aware of the status of the subject funds, and that they may have, as alleged in the Complaint, been delivered erroneously … to [Washworld], and that that was not a proper purpose of the loan as alleged in the Complaint, or that [Washworld] retained funds allegedly mistakenly sent by Plaintiffs to them, and/or forwarded additional of those funds to other parties as alleged in the Complaint." Id. ¶ 7.

Ortiz alleges that "[t]he aforementioned conduct was done with oppression, fraud and malice within the meaning of Civil Code §3294 and other laws such that [cross-complainant Ortiz] is entitled to recover punitive and exemplary damages from [Williams]." Id. ¶ 8.

Ortiz alleges that cross defendants "[Williams], [CWM], [Car Wash Management, LLC of Hawaii, WCCW], and [Roes] 11 to 20, inclusive, which were owned by [Williams], either ostensibly, and/or of records filed with the Secretary of State, and each of them, failed to honor the terms of the oral and written agreements by which [Ortiz] was employed, by making the false statements and misrepresentations as set forth in the first cause of action, failing to make payments owed to the [Ortiz], making misrepresentations on [Ortiz's] behalf to other third parties, such as the [p]laintiff and [Washworld], that may have triggered legal obligations of the [Ortiz] that were unbeknownst to [him]." Id. ¶ 10. Ortiz alleges that said breaches of the agreement caused damages to Ortiz in excess of $75,000 and entitles him to attorney's fees and costs. Id. ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Regarding his claim against Washworld, Ortiz alleges that "per the [p]laintiff's [c]omplaint that the alleged 'Mistaken [P]ayment' subject funds were paid over by the [p]laintiff to [Washworld] and that [Washworld] retained said funds for purposes not permitted according to the [p]laintiffs and did not refund the [p]laintiff, nor anyone, nor notify [Ortiz] of even receipt of said funds." Id. ¶ 13.

Ortiz alleges that "[Washworld] has retained all or part of said funds for their own benefit and after being requested and demanded to return the funds has failed and refused to do so despite knowledge that the funds did not belong to them, or to the alleged contracting car wash related entity. [Washworld] has therefore become indebted to the [Ortiz] who is alleged to be indebted to others, for the money had and received for their alleged use and benefit or the alleged use and benefit of one or more of the [c]o-[d]efendants in this case." Id. ¶ 14.

Ortiz claims that "[Ortiz], if held responsible for the funds, is entitled to recover to himself or to any party he is deemed to owe, all amounts paid to [Washworld] via the allegedly 'Mistaken Payment' together with interest thereon." Id. ¶ 15.

Ortiz alleges three claims for relief: (1) fraud, concealment, misrepresentation against cross-defendant Williams, and Roes 1 to 10, inclusive; (2) breach of contract against cross-defendant Williams, CWM, Car Wash Management LLC of Hawaii, WCCW, and Roes 11 to 20, inclusive; (3) money had and received against cross-defendant Washworld and Roes 21 to 35, inclusive. Id. ¶¶ 1-15.

### III.  LEGAL STANDARD

#### A.    Rule 12(b)(2) Motion

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs and must do so to establish specific jurisdiction. Schwarzenegger, 374 F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) "the extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) "the extent of conflict with the sovereignty of the defendant's state," (4) "the forum state's interest in adjudicating the dispute"; (5) "the most efficient judicial resolution of the controversy"; (6) "the importance of the forum to the plaintiff's interest in convenient and effective relief"; and (7) "the existence of an alternative forum." Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

### B.    Rule 12(b)(6) Motion

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Defendant Washworld moves to dismiss Ortiz's claims against it on the grounds of both lack of personal jurisdiction and failure to state a claim. Mot. at i. The Court discusses each issue in turn.

### A.   Personal Jurisdiction

The first issue before the Court is whether it has personal jurisdiction over Washworld. As stated above, the nature of the contacts between a defendant and the forum state determines whether personal jurisdiction is characterized as either general or specific. Washworld argues that Ortiz cannot establish general or specific jurisdiction. Mot. at 5, 8.

#### 1.   General Jurisdiction

Defendant argues that the Court lacks general jurisdiction over Washworld because it is a Wisconsin corporation with its principal place of business and headquarters in Wisconsin; moreover, Washworld has no employees, offices, warehouses, factories, or bank accounts in California. Id. at 6-7. Although Washworld has relationships with distributors in California and earns revenue from customer sales in California, defendant argues that these connections to California are minimal ("of its 104 distributors, only five are located in California"; "between April 2023 through December 2024, only 7.53% of Washworld's total revenue came from California") and cannot establish general jurisdiction, which "'requires affiliations so continuous systematic as to render the foreign corporation essentially at home in the forum State.'" Id. (quoting Daimler AG v. Bauman, 571 U.S. 117, 133 n.11 (2014)).

In opposition, Ortiz argues that "maintaining jurisdiction over [Washworld] in this instance would not only 'not offend' fair play and substantial justice[] but would support it." Opp. at 3. Ortiz suggests that general jurisdiction is appropriate because if Washworld sells products, it must also ship them to California "customers/distributors."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Id. at 7.  Moreover, Ortiz argues that that general jurisdiction over Washworld is proper because Washworld "refer[s] to [itself] as a 'worldwide' company referencing their over 100 distributors including apparently [Williams] and his [CWM] LLCs … along with several other distributors in both southern and northern California." Id. at 7.

In reply, defendant argues that "the business Washworld does in California with its *five* California based distributors (out of 104) is not the type of 'continuous and systematic' contacts that would render Washworld essentially 'at home' in California." Reply at 2 (emphasis in original).  Moreover, defendant argues that "Ortiz cites no legal authority for the proposition that 'shipping' products supports general jurisdiction. Id. at 2-3 (citing MG Freesites Ltd. v. DISH Techs. L.L.C., 712 F. Supp. 3d 1318, 1325–26 (N.D. Cal. 2024)).  Defendant argues that that even if Washworld had substantial forum contacts, these would be insufficient to establish general jurisdiction. See id. at 3.

The Court finds that it lacks general jurisdiction over Washworld.  "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." Ranza v. Nike, Inc., 793 F.3d 1059, 1069 (9th Cir. 2015).  "Only in an 'exceptional case' will general jurisdiction be available anywhere else." Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014).  Washworld is incorporated and has its principal place of business in Wisconsin. Compl. ¶ 6.  Because Washworld's affiliations with California (such as its relatively limited California distributor relationships and California customer sales) are not so exceptionally extensive as to render it "essentially at home" in California, Daimler, 571 U.S. at 133 n.11, the Court finds that general jurisdiction over Washworld is not appropriate.

   2.   Specific Jurisdiction

Defendant next argues that the Court lacks specific jurisdiction over Washworld because Ortiz cannot establish any of three required prongs for specific jurisdiction.  Mot. at 8-9.

First, defendant argues that Ortiz cannot establish either purposeful availment or purposeful direction. Id. at 9-10.  Defendant argues that purposeful availment is lacking because "Washworld does not enter into contracts with its distributors, which necessarily includes employees of the distributors, such as Ortiz. (Jensen Decl. ¶ 11)." Id. at 9.  Defendant also argues that Ortiz cannot establish purposeful direction because "Ortiz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|------------------------|------|---------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

concedes that (1) he did not pay any money to Washworld; and (2) he had no idea what the loan was for[,] and the Cross Complaint contains zero other allegations that discuss the alleged 'property' located within this Judicial District." Id. at 10. "Further, a refusal for Washworld to return money sent by Ascentium and received in Wisconsin is not an intentional action aimed at California, that would cause harm likely to be suffered in California, where Ortiz is not the entity that made the payment." Id. "Thus, Ortiz cannot establish the first element of specific jurisdiction, and the Complaint should be dismissed as against Washworld for lack of sufficient minimum contacts on this basis alone." Id.

Regarding relatedness, defendant argues Ortiz cannot establish this prong because "he did not 'know of the terms of the alleged agreement as to what if anything was to be purchased with said funds, or if the funds were to go generally to the company … [he] never received any of the alleged funds paid by [Ascentium], never retained any such funds not received, never knew when the funds were paid and/or to whom or for what, and never had any kind of benefit to [Ascentium] personally or in any capacity of such loan.'" Id. at 10. Second, defendant argues that "none of Ortiz's claims relate to Washworld's forum-related activities." Id. at 11. "Ortiz brings a claim for money had and received. But the money Ortiz seeks to recover, allegedly retained by Washworld, was sent by Ascentium (not Ortiz) to Washworld in Wisconsin. (Jensen Decl. ¶¶ 5-7.) As such, Ortiz cannot establish that Washworld has engaged in any activities in California that relate to Ortiz's alleged claim sufficient to confer specific jurisdiction—that is, Ortiz cannot establish that the alleged harm he suffered would not have occurred 'but for' **Washworld's** activities in California." Id. (emphasis in original) (citing Walden v. Fiore, 571 U.S. 277, 290 (2014)).

Third, defendant argues that it would be unreasonable to exercise jurisdiction over Washworld because "*at least* five of the seven reasonableness factors militate **against** the exercise of specific jurisdiction over Washworld." Id. at 12 (emphasis in original). First, "because the purposeful availment prong of specific jurisdiction is **not** satisfied here, it likewise **cannot** be shown that Washworld purposefully interjected itself into California." Id. (emphasis in original). Second, "[t]he burden of defending this action in California would be prejudicial because all of Washworld's witnesses and records are located in Wisconsin." Id. at 12. Third, "California has little to no interest in adjudicating an action concerning a payment made by Ascentium, an Alabama bank, to Washworld, a Wisconsin corporation—particularly where Ortiz concedes that, although he is a California resident, Ortiz was never in possession of these funds." Id. at 13. Fourth,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|----------------------|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

because "all of Washworld's witnesses reside in Wisconsin" and "relevant records (paper and electronic) in Washworld's possession or control (if any) are also located in Wisconsin," the dispute would not be most efficiently resolved in California. Id. at 13-14. Fifth, Ortiz cannot meet his burden to prove the unavailability of a suitable alternative forum. Id. at 15 (citing FDIC v. British-American Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987)).

In opposition, Ortiz argues that "in this case, [the Court should not] look [only] at the contacts … [between] Ortiz and Washworld … [because] this is a [cross-complaint], which is tied inextricably to, and arose solely because of[,] the [p]laintiff's [c]omplaint and the business interactions between all of the parties that underly the [cross-complaint]." Opp. at 4. Ortiz argues that Washworld purposefully availed itself to California when it "allegedly contracted with, took funds on behalf of the Californians, [and] sent funds back to the California businesses[,] … [including] the Car Wash Management LLC entity and the new third party 'Conserve Fuels' allegedly in Chula Vista, San Diego County." Id. at 7.

Regarding the relatedness prong, Ortiz argues that:

[H]ad Washworld abided by the terms of the agreements set forth by the [p]laintiff and Washworld in their pleadings to date, including in the [Funding Instructions] … by which Washworld was allegedly bound to return money from Ascentium if they did not retain it SOLELY for a particular and specific purchase item(s) for the 'Borrower', (who apparently was also Washworld's 'distributor', Ortiz would not have been dragged into this case as the money would not have gone 'missing' or been absconded with by those that Washworld handed the money over to, instead of back to the Plaintiff.

Id. at 4-5.

In reply, defendant argues that purposeful availment is lacking because "third-party acts, like those of Car Wash Management cannot be imputed to Washworld, unless Ascentium can establish that Car Wash Management is an alter ego of Washworld." Reply at 4-5 (citing cases). Moreover, "[a] passive or informational website, accessible nationwide, does not create purposeful availment." Id. at 5. Defendant also argues that "Ascentium's actions in working with a California-based borrower, Car Wash

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|------------------------|------|---------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Management, are ultimately irrelevant in establishing whether Washworld purposefully availed itself of California's laws." Id.

Defendant argues relatedness is absent because "Ortiz does not allege any facts to show that the personal guaranty he alleges he was fraudulently induced to sign 'would not have occurred but for the acts or omission of [defendants] vis-à-vis [their] activities in, or directed at, California.'" Id. at 6 (quoting Lee v. Netgain Tech., LLC, No. 21CV1144-LL-MSB, 2022 WL 993552, at *6 (S.D. Cal. Apr. 1, 2022)). "To the contrary, Ortiz's signature on the personal guaranty (whether it was fraudulent or not) is entirely tied to Andrew Williams and Car Wash Management's actions." Id.

Regarding reasonableness, defendant argues that "Ascentium did not respond to Washworld's arguments on each of the seven prongs explaining why jurisdiction would be unreasonable, and again, has waived any argument in opposition." Id. at 9.

As an initial matter, the Court is unconvinced that plaintiff has waived its right to oppose Washworld's motion by allegedly "fail[ing] to address the majority of Washworld's arguments" in plaintiff's opposition. Reply at 1. Plaintiff's decision to not address all of Washworld's arguments does not constitute a waiver of plaintiff's right to oppose them.

The Court finds that it has specific jurisdiction over Washworld. Washworld purposefully availed itself to California, its California contacts relate to Ortiz's claim, and the Court finds that it would not be unreasonable to exercise jurisdiction over Washworld. First, Washworld purposefully availed itself to California by maintaining business relationships with distributors in California, including CWM. See compl. ¶ 15; opp. at 1. Plaintiff alleges that at the time of the events giving rise to plaintiff's complaint, CWM, a Delaware company with its principal place of business in California, id. ¶ 2, "was an authorized dealer of Washworld products." Defendant admits that CWM was a distributor of Washworld. Opp. at 5 (citing Dkt. 67-1 at 2, Zach Jensen Decl.). Moreover, plaintiff alleges that prior to February 2024, there have been two transactions "involving the purchase of Washworld equipment where CWM had been the "primary vendor" to [plaintiff's] customer." Id. ¶ 15. In other words, Washworld sold equipment to customers via its California distributor CWM. Even though Washworld's Chief Operating Officer claims that "Washworld does not enter into contracts with its distributors, (Jensen Decl. ¶ 11)," Mot. at 10, that alone does not contradict plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

allegations that Washworld purposefully availed itself to California by maintaining a business relationship with its California distributor CWM.

Second, Ortiz's claims relate to Washworld's contacts with California. Ortiz appears to allege that Washworld would be indebted to him in the event that Ortiz is found to be "indebted to others[] for money had and received for … the alleged use and benefit of one or more of the [co-defendants] in this case." See cross-compl. ¶ 14; opp. at 12 ("the inequitable nature of the [p]laintiff's claim against Ortiz[] justif[ies] an equitable remedy against Washworld"). In other words, Ortiz alleges that if he is liable to plaintiff as a personal guarantor to CWM's financing agreement with Washworld, Washworld would be liable to him. See opp. at 11. Thus, Ortiz's claim relates to plaintiff Ascentium's claims against Washworld, Ortiz, and other co-defendants. See cross-compl. ¶ 6 (stating that "Ortiz brings in [cross-defendant Washworld] largely (but not only) on the derivative allegations of the Plaintiff in their Complaint that if he owes the Plaintiff, then Washworld owes Ortiz."). Therefore, to the extent to plaintiff's claims against Washworld relate to Washworld's purposeful contacts with California, Ortiz's crossclaim against Washworld also relates to Washworld's purposeful contacts with California.

Plaintiff's claims against Washworld relate to Washworld's contacts with California. Plaintiff alleges that Washworld is indebted to plaintiff because plaintiff sent money to Washworld pursuant to plaintiff's financing contract with CWM, an LLC with its principal place of business in California and with which Washworld has a business relationship. See compl. ¶¶ 2; 15-25; 52-63. Plaintiff alleges that Washworld fraudulently failed to return plaintiff's payment and seeks equitable and breach of contract claims against Washworld. Id. ¶¶ 19-25. These claims relate to Washworld's contacts with California, namely, Washworld's business relationship with its California-based distributor CWM. Plaintiff adequately establishes that the harm it alleges would not have occurred "but for" Washworld's forum-related activities; that is, but for Washworld's relationship with its distributor CWM, plaintiff would not have been harmed by Washworld's alleged failure to return plaintiff's funds. See Ballard, 65 F.3d at 1500 (9th Cir. 1995) (holding that "[courts] rely on a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction"; "The question, therefore, is this: but for [defendant's] contacts with the [forum state], would [plaintiff's] claims against the [defendant] have arisen?"). This is because absent Washworld's relationship with CWM,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|------------------------|------|---------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

CWM would not have had access to Washworld's order form that plaintiff alleges fraudulently induced plaintiff to submit payment to Washworld. See compl. ¶ 15; reply at 13. Similarly, absent Washworld's relationship with CWM, Washworld would not allegedly have applied plaintiff's "Mistaken Payment," compl. ¶¶ 17-18, to an existing order (for Washworld products) by one of CWM's customers in Chula Vista. Id. ¶ 21. To be sure, but for CWM's alleged fraud arising from its use of the Washworld order form, plaintiff would not have sent payment to Washworld. But it is still true that defendant's relationship with California-based CWM was necessary to give rise to plaintiff's claims against Washworld. Thus, relatedness is not predicated on plaintiff's "unilateral" activity in the forum via its EFA contract with CWM; rather, defendant's conduct in the forum—its maintenance of a relationship with CWM—provides a basis for the relatedness prong. See Walden, 571 U.S. at 286 (2014).

Defendant argues that "third-party acts, like those of Car Wash Management, cannot be imputed to Washworld[] unless Ortiz can establish that Car Wash Management is an alter ego of Washworld." Reply at 4-5 (citing Walden, 571 U.S. at 284; Ranza, 793 F.3d at 1071–72). Defendant's argument is misplaced. The Court need not impute Car Wash Management's acts to Washworld to establish relatedness. It is Washworld's purposeful business contacts with California-based entity CWM that establish relatedness; that is, plaintiff's equitable and breach of contract claims against Washworld (for its alleged failure to return plaintiff's money paid to Washworld pursuant to an EFA with CWM) relate to Washworld's purposeful business contacts with CWM.

Because plaintiff's claims against Washworld relate to Washworld's purposeful contacts with California, and because Ortiz's crossclaim against Washworld relates to plaintiff's claim Washworld, Ortiz's crossclaim relates to Washworld's purposeful contacts with California.

When plaintiff establishes the first two prongs, it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) "the extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) "the extent of conflict with the sovereignty of the defendant's state," (4) "the forum state's interest in adjudicating the dispute"; (5) "the most efficient judicial resolution of the controversy"; (6) "the importance of the forum to the plaintiff's interest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

in convenient and effective relief"; and (7) "the existence of an alternative forum." Ziegler, 64 F.3d at 475.

Washworld has not "carried its heavy burden of rebutting the strong presumption in favor of jurisdiction." Ballard, 65 F.3d at 1500 (citing Sher v. Johnson, 911 F.2d 1357, 1364 (9th Cir.1990). First, the Court finds that the degree of defendant's purposeful injection into California, although limited, is not insignificant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998) ("'Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong.'") (citation omitted). Washworld's contacts with California are not trivial: Around 5% of Washworld's distributors are in California and around 7.5% of Washworld's revenue is generated from California. See mot. at 7. Given Washworld's multiple purposeful contacts with California, this factor counsels in favor of exercising specific jurisdiction over Washworld.

Second, the Court disagrees with Washworld that it would be unreasonably burdensome to force it to litigate in this Court. See mot. at 12 (citing FDIC, 828 F.2d at 1442 (9th Cir. 1987)). The law of personal jurisdiction is 'primarily concerned with the defendant's burden.'" Ziegler, 64 F.3d at 475 (citations omitted). "'[M]odern advances in communications and transportation have significantly reduced the burden of litigating in [a foreign forum].'" Dole Food Co. v. Watts, 303 F.3d 1104, 1115 (9th Cir. 2002) (quoting Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir.1988). Although "all of Washworld's witnesses and records are located in Wisconsin," mot. at 12, the Court believes that it would not be unreasonably difficult for defendant to bring necessary witness testimony and evidence to California to litigate. Therefore, this factor does not counsel against exercising specific jurisdiction over Washworld.

Third, considerations of conflicts with the sovereignty of defendant's state "[are] not a very significant factor in cases involving only U.S. citizens." Brand v. Menlove Dodge, 796 F.2d 1070, 1076 n.5 (9th Cir. 1986).

Fourth, the Court disagrees with Washworld that "California has little to no interest in adjudicating an action concerning a payment made by Ascentium, an Alabama bank, to Washworld, a Wisconsin corporation—particularly where Ortiz concedes that, although he is a California resident, Ortiz was never in possession of these funds." Mot. at 13. California has an interest in adjudicating a claim brought by one of its citizens—Ortiz—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

even if his claim relates to a transaction completed wholly outside of California. Moreover, Ortiz's claim also implicates a financing and guaranty agreement entered by California-based entities and residents as well as California common law claims. See compl. ¶¶ 26-51. Therefore, this factor does not counsel against the exercise of specific jurisdiction over Washworld.

Fifth, and most significant to this case, the most efficient judicial resolution of this dispute is likely in California. "'In evaluating this factor, [courts] look[] primarily at where the witnesses and the evidence are likely to be located.'" Ziegler, 64 F.3d at 475-76 (quoting Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1489 (9th Cir. 1993)). While all of Washworld's witnesses and records are in Wisconsin, mot. at 14-15, most witnesses and evidence in this case are likely located in California: Defendant CWM has its principal place of business in Los Angeles, defendant WCCW is a California LLC with its principal place of business in Los Angeles, and defendants Ortiz and Williams are California residents, compl. ¶¶ 2-5. While plaintiff's witnesses and evidence in plaintiff's possession are likely not located in California (given that plaintiff is an Alabama bank), plaintiff will need to litigate its claims against the California-based defendants in California. Therefore, to promote judicial economy and avoid the possibility of inconsistent judgments on issues in this case, the Court finds that this factor favors the exercise of specific jurisdiction.

"The convenience and effectiveness of relief for the [complainant] comprise the sixth factor." Ziegler, 64 F.3d at 476. Denying jurisdiction over Washworld would effectively require Ortiz to litigate separate suits in two jurisdictions, for there does not appear to be any other single forum that could exercise personal jurisdiction over Washworld and the California-based co-defendants. See Dole Food Co., 303 F.3d at 1116. However, "[w]hile litigating in [Wisconsin] would no doubt inconvenience [Ortiz], 'neither the Supreme Court nor our court has given much weight to inconvenience to the [complainant].'" Ziegler, 64 F.3d at 476 (citing Core-Vent, 11 F.3d at 1490). Thus, although the Court would not ordinarily give much weight to concerns about complainant's inconvenience, permitting Ortiz to bring all of its claims California in this case would promote the efficient and consistent administration of justice, as discussed above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Seventh, as defendant points out, California is not the only suitable forum to adjudicate this dispute. Ortiz could certainly bring suit in defendant's home state of Wisconsin. "'The [complainant] bears the burden of proving the unavailability of an alternative forum.'" Id. (quoting Core-Vent, 11 F.3d at 1490). Because Ortiz has not demonstrated that its claims cannot be properly litigated in Wisconsin, this factor favors defendant.

While one of the reasonableness factors cautions against the Court's exercise of specific jurisdiction, the fifth factor strongly favors jurisdiction. Therefore, the Court finds that Washworld has not "carried its heavy burden of rebutting the strong presumption in favor of jurisdiction." Ballard, 65 F.3d at 1500.

**B.      Failure to State a Claim**

Defendant argues that Ortiz has failed to state a claim upon which relief can be granted. Mot. at 15.

Ortiz's sole crossclaim against Washworld is for money had and received. Cross-compl. ¶¶ 12-15. Defendant argues that Ortiz's claim must be dismissed because "Ortiz has failed to plead an inadequate remedy at law" and because "Ortiz fails to state a claim for money had and received." Mot. at 15.

First, defendant argues that "[i]n the Ninth Circuit, Ortiz must establish that he lacks an adequate remedy at law before obtaining equitable relief in federal court." Id. (citing Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020)). Because "[c]ourts have applied this requirement to claims for restitution," "this Court may not consider the merits of equitable claims for restitution, including money had and received, where Ortiz has failed to allege an inadequate remedy at law." Id. (citing Ruiz v. The Bradford Exch., Ltd., 2024 U.S. Dist. LEXIS 100731, at *5 (S.D. Cal. May 16, 2024)).

Second, defendant argues that Ortiz fails to state a claim for money had and received because he fails to establish that "(1) Washworld received money, (2) the money received by Washworld was for the use of Ortiz, and (3) Washworld is indebted to Ortiz." Id. (citing Rasmussen v. Dublin Rarities, No. C14-1534 PJH, 2015 WL 1133189, at *12 (N.D. Cal. Feb. 27, 2015)). Defendant argues that, in other words, Ortiz failed to "show a statement of indebtedness in a certain sum, the consideration it provided (i.e.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

goods sold, work done, etc.), and nonpayment." Id. at 15-16.  Defendant further argues that:

> Ortiz alleges that [CWM] and Ascentium entered into an Equipment Financing Agreement where Ascentium would advance funds for [CWM] to purchase equipment … But Ortiz concedes that he never received these funds, did not make any payment to Washworld, nor has he identified any relationship that would support Ortiz being some sort of third party beneficiary to [CWM] and Ascentium's Equipment Financing Agreement. … The money Ortiz alleges Ascentium sent to Washworld was not for the use of Ortiz but instead was for the use of [CWM].

Id. at 16.

Next, defendant argues that "Ortiz has failed to identify a sum certain to which he is indebted … Ortiz's theory appears to be that if he is found to be liable as a personal guarantor on [CWM's] defaulted loan, Washworld is somehow indebted in an undisclosed sum to Ortiz … But Washworld is unaware of any case law to support such a theory, and Ortiz has failed to identify a 'definite' sum to which he is entitled, nor has he sufficiently pleaded facts showing that any purported indebtedness is capable of being reduced to a sum certain." Id. at 16-17 (citing cases).  "Further, Ortiz and [WCCW] are jointly and severally liable to each other, so to the extent that Ortiz is liable, his claim should be against [WCCW], not Washworld." Id. at 17.

In opposition, Ortiz argues that he has no legal remedy against Washworld, "as is evident already by the nature of his [cross-complaint]"; therefore, Ortiz argues that he is permitted to obtain equitable relief in federal court pursuant to his money had and received claim, a claim that Ortiz characterizes as equitable in this case.  See opp. at 10-12.  Ortiz further argues that the money received by Washworld from plaintiff was not for the use of Ortiz and that it is inequitable that Ortiz "be charged with the benefit of [the money]."  See id. at 12.  Ortiz thus argues that "the inequitable nature of the [p]laintiff's claim against Ortiz[] justif[ies] an equitable remedy against Washworld, if Ortiz is deemed to owe the [p]laintiff or the others, anything."  Id.  Ortiz further argues that his pleading "need not state a sum certain in the precise amount of money had and received" because he is bringing a crossclaim and "does not know at this pleading stage what if anything he owes to the [p]laintiff (or anyone)."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|------------------------|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

In reply, defendant argues that Ortiz fails to provide "any legal authority or factual allegations demonstrating why Washworld is indebted to Ortiz at all. The mere fact of a payment by Ascentium does not create an indebtedness from Washworld to Ortiz without some additional facts demonstrating otherwise." Reply at 8.

"A claim for Money Had and Received makes a defendant indebted to a plaintiff 'for money had and received by the defendant for the use of the plaintiff.'" Lincoln Nat'l Life Ins. Co. v. McClendon, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017) (citation omitted). "Although the claim is one at law, it arises in equity when 'one person has received money which belongs to another and which in equity and good conscience ... should be returned.'" Id. (citing cases). The elements for the claim are as follows: (1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is indebted to plaintiff. Id. (citing Fireman's Fund Ins. Co. v. Commerce & Indus. Co., No. C-98-1060VRW, 2000 WL 1721080, at *8 (N.D. Cal. Nov. 7, 2000)).

The Court finds that Ortiz fails to state a claim for money had and received against Washworld. Although Washworld received money, the money came from plaintiff Ascentium, not Ortiz. See cross-compl. ¶ 13. Ortiz never alleges that he made any payment to Washworld. See generally id. Thus, Ortiz cannot establish that Washworld is "indebted" to him, an element necessary to plead a claim for money had and received. See McClendon, 230 F. Supp. 3d at 1190. Ortiz does not allege that he was a third-party beneficiary to the financing agreement between CWM and plaintiff or a beneficiary to the Funding Instructions agreement between Washworld and CWM. Nor does Ortiz point to the existence of any express or implied indemnification agreement or any joint and several liability relationship between Washworld and Ortiz that could make Washworld indebted to Ortiz in the event that Ortiz is alleged to be or found liable as a personal guarantor of CWM's financing agreement with Ascentium. Thus, Ortiz fails to state any facts that could demonstrate that Washworld is indebted to Ortiz for the money Washworld received from Ascentium.

Accordingly, the Court **GRANTS** defendant's motion to dismiss Ortiz's money had and received claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | September 25, 2025 |
|----------|----------------------|------|--------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Washworld's motion to dismiss Ortiz's crossclaim against Washworld pursuant to Federal Rule of Civil Procedure 12(b)(6), with leave to amend.

Ortiz may file an amended cross-complaint on or before **October 14, 2025**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |