Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310-979-8430
Email:    *xestrada@bakerlaw.com*
          *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago , IL 60606
Telephone: 312-416-6200
Email:    *mgannon@bakerlaw.com*
          *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, dba ASCENTIUM CAPITAL, | Case No. 2:25-cv-00359-CAS-KS |
| Plaintiff, | **WASHWORLD, INC.'S CROSS COMPLAINT FOR:** |
| v. | **1. FRAUDULENT MISREPRESENTATIONS** |
| CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive, | **2. EQUITABLE INDEMNIFICATION** |
| Defendants. | Trial Date:        08/04/2026 |
| JOSE RENE ORTIZ, | |
| Cross Complainant, | |
| v. | |
| ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive, | |
| Cross Defendants. | |

WASHWORLD, INC.,

        Counter Plaintiff,

    v.

REGIONS BANK, D/B/A
ASCENTIUM CAPITAL,

        Counter Defendant.

WASHWORLD, INC.,

        Cross Complainant,

    v.

CAR WASH MANAGEMENT, LLC,

        Cross Defendant.

Washworld, Inc., for its cross claims against Car Wash Management, LLC, hereby alleges as follows:

## PARTIES

1. Washworld, Inc. ("Washworld") is a Wisconsin corporation with a principal place of business in De Pere, Wisconsin.

2. Car Wash Management, LLC ("Car Wash Management") is a Delaware limited liability company. Upon information and belief, Car Wash Management, LLC's members are citizens of California.

## JURISDICTION AND VENUE

3. On information and belief, this Court has diversity jurisdiction under 28 U.S.C. § 1332 because Washworld and Car Wash Management are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper under 28 U.S.C. § 1391(2) because this district is one in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

5. Washworld manufactures car wash equipment for sale nationwide.

6. Washworld works with distributors located nationwide to sell its equipment.

7. Car Wash Management was one of Washworld's distributors.

8. As a distributor, Car Wash Management had access to Washworld's order form so that Car Wash Management could quote orders to end customers and submit those orders to Washworld for review and approval.

9. On or around January 24, 2024, Car Wash Management placed order number 60-5873 for equipment for a customer in Chula Vista, California.

10. Order 60-5873 had a retail value of $229,738.75.

11. Car Wash Management paid a deposit of $35,000 on or around January 26, 2024.

3

12. On or around March 1, 2024, Car Wash Management's CEO, Andrew Williams, sought to modify the order to add pay stations.

13. Because Washworld does not manufacture the pay stations, on or around March 4, 2024, Washworld informed Car Wash Management that Washworld would not modify the existing order to add pay stations, and that Car Wash Management should keep the pay stations on order with the vendor. Car Wash Management agreed, and no further action was taken on the pay stations.

14. On or around March 12, 2024, Washworld received an ACH payment from Regions Bank d/b/a Ascentium Capital ("Ascentium") with the following details:

    a. Invoice #: Car Wash Management, LLC

    b. Payment Type: Equipment

    c. Customer Name: Car Wash Management

    d. Amount: $309,054.80

15. On or around March 13, 2024, Washworld reached out to Car Wash Management about the ACH payment.

16. Williams told Washworld that the ACH payment from Ascentium was for Order 60-5873 because that customer had decided to lease the equipment to free up cash for other projects. Car Wash Management instructed Washworld to apply the funds to Order 60-5873, which still had an outstanding balance.

17. Washworld processed $132,502.09 as payment for Washworld's equipment.

18. As is common practice when a distributor's order contains ancillary equipment produced by another manufacturer, like the pay stations, on or around March 19, 2024, Washworld sent Car Wash Management the remaining $176,552.71 so that Car Wash Management could complete the customer's order and purchase the remaining ancillary equipment.

19. Washworld shipped the Washworld equipment that the customer

4

ordered on March 15, 2025.

20.     On or around May 23, 2024, Pete Matheny of Ascentium contacted Washworld regarding the March 12, 2025 ACH payment.

21.     Matheny, for the first time, sent Washworld an order form for West Covina Car Wash, LLC.

22.     Upon information and belief, Ascentium and Car Wash Management entered into an Equipment Financing Agreement in January 2024.

23.     Car Wash Management provided Ascentium with a fictitious order form for West Covina Car Wash, LLC in March 2024 in connection with its application for financing.

24.     Car Wash Management never submitted the fictitious order form to Washworld.

25.     Car Wash Management never ordered the equipment identified in the fictitious order form from Washworld.

26.     Washworld became aware of the fictitious order form for the first time on or around May 23, 2024.

27.     On or around January 14, 2025, Ascentium sued Washworld for unjust enrichment, breach of contract, and money had and received.

28.     On or around July 16, 2025, Ortiz filed a crossclaim against Washworld for money had and received.

## COUNT I
### (Fraudulent Misrepresentation)

29.     Washworld incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 28 above.

30.     Through its CEO, Andrew Williams, Car Wash Management falsely misrepresented that the money Washworld received from Ascentium on March 12, 2024 should be applied to Order 60-5873, which was an order that differed from the fictitious West Covina Car Wash, LLC order that Car Wash Management used to

5

acquire funding.

31. Car Wash Management falsely instructed Washworld to apply funds from the March 12, 2024 ACH as payment for the Washworld equipment in Order 60-5873.

32. Car Wash Management knew that the Ascentium ACH payment was not intended for Order 60-5873 at the time the misrepresentations were made.

33. Car Wash Management knew of the obviously false nature of their lies and misrepresentations when it instructed Washworld to apply the funds to Order 60-5873.

34. Yet Car Wash Management lied to Washworld with the intent to defraud Washworld.

35. Washworld justifiably relied on Car Wash Management's representations and processed Order 60-5873, which was an order that differed from the fictitious West Covina Car Wash, LLC order that Car Wash Management used to acquire funding.

36. Washworld justifiably relied on Car Wash Management's representations and sent Washworld equipment to the customer.

37. Washworld justifiably relied on Car Wash Management's representations and sent Car Wash Management the remaining $176,552.71 so that Car Wash Management could complete the customer's order and purchase the remaining ancillary equipment, including the pay stations, directly from the manufacturer.

38. As a direct and foreseeable result of Car Wash Management's lies, Washworld processed and completed Order 60-5873.

39. Despite the fraud Car Wash Management perpetuated on Washworld and Ascentium, Ascentium now seeks to recover the $309,054.80 payment, for an order that never existed, from Washworld. Defendant Rene Jose Ortiz also filed a Cross Complaint seeking relief from Washworld based on the fictitious order.

6

40.    As a direct and proximate result of Car Wash Management's fraud (the tort of another), Washworld has been damaged in the amount of its expenditure in attorneys' fees and costs in defending against Ascentium's and Ortiz's suits.

41.    Based on Car Wash Management's tortious conduct, Washworld is entitled to recover compensation for attorneys' fees and expenditures incurred during the litigation.

## COUNT II

## (Equitable Indemnification)

42.    Washworld incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 28 above.

43.    Washworld is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Ascentium alleged against Washworld. Rather it was the acts, omissions, fraud, or other actionable conduct of Car Wash Management which caused the losses or damages in Ascentium's claims.

44.    If Washworld is found to be liable for the fraud Car Wash Management perpetuated on Ascentium, Washworld is entitled to total equitable indemnification from Car Wash Management.

45.    If Washworld is found to be liable for the fraud Car Wash Management perpetuated on Ascentium, as a direct and proximate result of Car Wash Management's fraud, Washworld has been damaged in an amount to be determined at trial.

46.    As a direct and proximate result of Car Wash Management's fraud (the tort of another), Washworld has further been damaged in the amount of its expenditure in attorneys' fees and costs in defending against Ascentium's and Ortiz's suits.

47.    As a direct, legal and proximate result of the acts, omissions, fraud, or other actionable conduct of Car Wash Management, Washworld has incurred and paid expenses for its defense of the Ascentium complaint and Ortiz cross complaint

7

including, without limitation, attorneys' fees, expenses, and damages. Washworld will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

48.     Based on the foregoing, Washworld is entitled to be indemnified by Car Wash Management. As part of the damages are contingent on Washworld's liability to Ascentium (which Washworld denies), and Washworld's expenses are continuing to accrue, Washworld prays for leave to amend this Cross Complaint to assert the true amount of such expenses when Washworld has ascertained the same.

## PRAYER FOR RELIEF

WHEREFORE, Washworld, Inc. prays for judgment on its Cross Complaint as follows:

1.     For attorney's fees and costs for the tort of another in connection with Car Wash Management's fraud;

2.     For equitable indemnity from Car Wash Management, LLC for all costs, fees, expenses, liability, damages, and sums in an amount to be determined at trial, together with legal defense costs, and all costs and fees that Washworld incurs or has incurred in this action.

3.     For prejudgment interest as permitted by law;

4.     For all costs of suit herein as permitted by law;

5.     For any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Washworld demands a trial by jury on all issues so triable.

Dated:  October 10, 2025            BAKER & HOSTETLER LLP


By:  */s/ Xitlaly Estrada*
Ava Claypool
Xitlaly Estrada
Michael D. Gannon
Katharine H. Walton

*Attorneys for Defendant Washworld, Inc.*

9

## <u>CERTIFICATE OF SERVICE</u>

I am employed in Los Angeles, County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Ave of the Stars Suite 2700, Los Angeles, CA 90067. On October 10, 2025, I served a copy of the within document(s):

**WASHWORLD, INC.'S CROSS COMPLAINT**

☑   **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

Andrew K. Alper (SBN 088876)          *Attorneys for Plaintiff*
**FRANDZEL ROBINS BLOOM &**          REGIONS BANK
**CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth
Floor
Los Angeles, CA 90017
Telephone:  323-852-1000
Facsimile:  323-651-2577
Email:      aalper@frandzel.com

Lisa Mitts Patrick (SBN 134522)          *Attorneys for Defendant and Cross*
**LAW OFFICE OF LISA MITTS**          *Defendant*
**PATRICK**                          JOSE RENE ORTIZ
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone:  714-990-3693
Facsimile:  657-234-0012
Email:      lolmp2021@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on October 10, 2025, at Los Angeles, California.

*/s/ Xitlaly Estrada*
Xitlaly Estrada

10

CERTIFICATE OF SERVICE
CASE NO.  2:25-CV-00359-CAS-KS