Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:    *xestrada@bakerlaw.com*
          *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago , IL 60606
Telephone:  312-416-6200
Email:    *mgannon@bakerlaw.com*
          *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants.<br><hr>JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | CASE NO.: 2:25-CV-00359-CAS-KS<br><br>**CROSS DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS FIRST AMENDED CROSS-CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>(1) NOTICE OF MOTION<br><br>(2) MEMORANDUM OF POINTS AND AUTHORITIES<br><br>(3) REQUEST FOR JUDICIAL NOTICE<br><br>(4) DECLARATION<br><br>(5) PROPOSED ORDER<br><br>DATE:    December 1, 2025<br>TIME:    10:00 AM<br>CTRM:    8D |

WASHWORLD, INC.,

                Counter Plaintiff,

      v.

REGIONS BANK, D/B/A
ASCENTIUM CAPITAL,

                Counter Defendant.

WASHWORLD, INC.,

                Cross Claimant,

      v.

CAR WASH MANAGEMENT, LLC,

                Cross Defendant.

WASHWORLD'S MOTION TO DISMISS ORTIZ'S AMENDED CROSS-CLAIM
CASE NO.: 2:25-CV-00359-CAS-KS

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 1, 2025 at 10:00 A.M., or as soon thereafter as counsel may be heard, in Courtroom 8D of the United States Courthouse, located at United States Courthouse, 350 W. First Street, Los Angeles, CA 90012, Cross Defendant Washworld, Inc. ("Washworld") will and hereby does move (the "Motion") for an order dismissing Cross Claimant Jose Rene Ortiz's ("Ortiz") First Amended Cross-Claim. This Motion is made pursuant to Federal Rules of Civil 12(b)(6) on the grounds that Ortiz fails to state a claim against Washworld upon which relief can be granted.

Washworld bases its Motion on this Notice, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, Declaration, and Proposed Order, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated:  October 28, 2025

**BAKER & HOSTETLER LLP**

By:   */s/ Katharine Walton*
Katharine Walton

*Attorneys for Defendant*
WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page**

Table of Authorities ............................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

I.      INTRODUCTION ..........................................................................................1

II.     STATEMENT OF FACTS..............................................................................1

    A.      ORTIZ'S EMPLOYMENT AND THE EQUIPMENT FINANCING AGREEMENT .........................................................................................1

    B.      ASCENTIUM'S COMPLAINT ...................................................................2

    C.      ORTIZ'S AMENDED CROSS COMPLAINT................................................2

III.    LEGAL STANDARD .....................................................................................2

IV.     ARGUMENT...................................................................................................3

    A.      ORTIZ HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. .....................................................................................3

        1.      Ortiz Again Fails to State a Claim for Money Had and Received......................................................................................3

        2.      Ortiz Fails to State a Claim for Equitable Indemnification. .......4

        3.      Ortiz Fails to State a Claim for Unjust Enrichment...................7

V.      CONCLUSION ...............................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmeriGas Propane, LP v. Landstar Ranger, Inc.*
(2014) 230 Cal.App.4th 1153 ..................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................2

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ..................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................2

*Dongguan Beibei Toys Indus. Co. v. Underground Toys USA, LLC*,
No. CV1904993DSFJPRX, 2020 WL 2065034 (C.D. Cal. Mar. 2,
2020) ..................................................................................7

*ESG Cap. Partners, LP v. Stratos*,
828 F.3d 1023 (9th Cir. 2016) ..................................................................................7

*Farm Credit Servs. v. American State Bank*,
339 F.3d 764 (8th Cir. 2003) ..................................................................................3

*Haas v. Travelex Ins. Servs. Inc.*,
555 F. Supp. 3d 970 (C.D. Cal. 2021)..................................................................................4

*JP Express Serv., Inc. v. KG Admin. Servs.*,
No. SACV1800134CJCRAO, 2019 WL 6603176 (C.D. Cal. Sept.
13, 2019) ..................................................................................4

*Leko v. Cornerstone Building Inspection Service*,
86 Cal.App.4th 1109 (2001) ..................................................................................6

*Letizia v. Facebook Inc.*,
267 F. Supp. 3d 1235 (N.D. Cal. 2017)..................................................................................7

*Lincoln Nat'l Life Ins. Co. v. McClendon*,
230 F. Supp. 3d 1180 (C.D. Cal. 2017)..................................................................................4

*Morales v. Conifer Revenue Cycle Sols., LLC*,
2025 WL 1096396 (C.D. Cal. Mar. 31, 2025)..................................................................................8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

*Niel's Motor Homes Inc v. Caterpillar Inc.*,
No. 512CV00636SVWVBK, 2012 WL 13015004 (C.D. Cal. Aug. 2, 2012) ................................................................................................. 7

*Prince v. Pac. Gas & Elec. Co.*,
45 Cal. 4th 1151 (2009) ....................................................................... 5

*Rasmussen v. Dublin Rarities*,
No. C 14-1534 PJH, 2015 WL 1133189 (N.D. Cal. Feb. 27, 2015) ................... 3

*Santa Clara Valley Water Dist. v. Olin Corp.*,
No. C07-03756 RMW, 2007 WL 2890390 (N.D. Cal. Sept. 28, 2007) ............................................................................................ 6

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.*,
143 Cal. App. 4th 1036 (2006) ............................................................. 6

*Walter v. Hughes Commc'ns, Inc.*,
682 F. Supp. 2d 1031 (N.D. Cal. 2010) ................................................... 4

*Wazana Bros. Int'l, Inc. v. Int'l Laser Grp., Inc.*,
No. CV 12-1850 PA, 2013 WL 12124386 (C.D. Cal. Mar. 25, 2013) ................................................................................................. 3

*Zurich Am. Ins. Co. of Illinois v. VForce Inc.*,
No. 218CV02066TLNCKD, 2020 WL 2732046 (E.D. Cal. May 26, 2020) ........................................................................................... 5, 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................ 2

**Other Authorities**

CACI No. 3800 .................................................................................. 5

CACI No. 3801 .................................................................................. 5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Cross Claimant Jose Rene Ortiz ("Ortiz") alleges he was fraudulently induced to sign a personal guaranty guaranteeing Plaintiff Regions Bank d/b/a Ascentium Capital's ("Ascentium") payment should Defendant Car Wash Management, LLC, a Delaware LLC, ("Car Wash Management") default on the Equipment Financing Agreement that Car Wash Management entered into with Ascentium. (ECF No. 94, ¶¶ 1-7).

Following the dismissal of his original cross claim against Washworld, Ortiz filed an Amended Cross Claim alleging a claim for money had and received (***the same claim this Court already dismissed***), equitable indemnification, and unjust enrichment against Washworld. But Ortiz's bizarre theories of liability require Washworld to be indebted to Ortiz if Ortiz is found liable for breach of guaranty or fraud.

Ortiz's Cross Claim must be dismissed with prejudice because Ortiz fails to state a claim against Washworld.

### II.    STATEMENT OF FACTS

### A.    ORTIZ'S EMPLOYMENT AND THE EQUIPMENT FINANCING AGREEMENT

Ortiz worked for Cross Defendant Andrew Williams ("Williams") at various car wash centers, including Car Wash Management, LLC, a Delaware LLC, Car Wash Management, LLC, a Hawaii LLC, (collectively "Car Wash Management") and West Covina Car Wash, LLC ("West Covina") throughout 2023 and 2024. (ECF No. 94 ¶ 1.) During his employment, either Williams or Car Wash Management entered into an Equipment Financing Agreement with Plaintiff Regions Bank d/b/a Ascentium Capital ("Ascentium"). (*Id.* ¶ 4.) Ortiz alleges he did not know the terms or the purpose of the loan, what was to be purchased, or where the funds were going. (*Id.* ¶¶ 4-7.) Based on Ascentium's allegations in its complaint, Ortiz alleges Ascentium sent a payment to

Washworld for the equipment Car Wash Management allegedly (but fraudulently) ordered. (*Id.* ¶ 7.)

Williams allegedly fraudulently induced Ortiz to sign a personal guaranty for this loan by making unspecified fraudulent statements or misrepresentations. (*Id.* ¶ 6.). Car Wash Management failed to make the required payments on the Equipment Financing Agreement, causing Ascentium to seek recovery of those funds against Ortiz in his capacity as personal guarantor. (*Id.* ¶ 10.)

### B.   ASCENTIUM'S COMPLAINT

Ascentium brings two causes of action against Ortiz: (1) fraud (against Car Wash Management, Williams, Ortiz, and Does 1-10; and (2) breach of guaranty (Ortiz). (ECF No. 1).

### C.   ORTIZ'S AMENDED CROSS COMPLAINT

In his amended Cross Complaint, Ortiz alleges five purported causes of action for: (1) fraud, concealment, and misrepresentation (against Williams and Roes 1-10); (2) breach of contract (against Williams, Car Wash Management, West Covina, and Roes 11-20); (3) money had and received (against Washworld); (4) equitable indemnification (against all defendants); and (5) unjust enrichment (against all defendants).  (*See generally* ECF No. 94.)  But all of Ortiz's causes of action against Washworld are premised on Ortiz's liability to Ascentium for fraud or breach of guaranty, causes of action that were not brought against Washworld. (ECF No. 1).

## III.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

662, 678 (2009). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wazana Bros. Int'l, Inc. v. Int'l Laser Grp., Inc.*, No. CV 12-1850 PA (PJWX), 2013 WL 12124386, at *2 (C.D. Cal. Mar. 25, 2013) (Anderson, J.) (citing *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003)).

## IV.   ARGUMENT

### A.   ORTIZ HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

#### 1.   Ortiz Again Fails to State a Claim for Money Had and Received.

The elements of a cause of action for money had and received are: (1) Washworld received money, (2) the money received by Washworld was for the use of Ortiz, and (3) Washworld is indebted to Ortiz. *Rasmussen v. Dublin Rarities*, No. C 14-1534 PJH, 2015 WL 1133189, at *12 (N.D. Cal. Feb. 27, 2015). Stated another way, Ortiz must show a statement of indebtedness in a certain sum, the consideration he provided (*i.e.*, goods sold, work done, etc.), and nonpayment.

Remarkably, Ortiz brings the same claim for money had and received against Washworld that this Court previously dismissed. (ECF No. 87 at 21-23 (dismissing claim for money had and received because "[a]lthough Washworld received money, the money came from plaintiff Ascentium, not Ortiz. Ortiz never alleges that he made any payment to Washworld. Thus, Ortiz cannot establish that Washworld is 'indebted' to him, an element necessary to plead a claim for money had and received.") Through his Amended Cross Claim, Ortiz continues to fail to allege that he made any payment to Washworld, again conceding that Ascentium made the alleged mistaken payment, so Ortiz's claim should be dismissed with prejudice. (ECF No. 94 ¶ 13.)

This claim is also brought on the same theory that this Court has already rejected. Specifically, according to Ortiz, if Ortiz is found to be liable as a personal guarantor

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

on Car Wash Management's defaulted loan, Washworld is somehow indebted in an undisclosed sum to Ortiz. (ECF No. 94, ¶¶ 13-14). Ortiz alleges that Car Wash Management and Ascentium entered into an Equipment Financing Agreement where Ascentium would advance funds for Car Wash Management to purchase equipment (ECF No. 94, ¶ 4.) But Ortiz concedes that he never received these funds, did not make any payment to Washworld, nor has he identified any relationship that would support Ortiz being some sort of third party beneficiary to Car Wash Management and Ascentium's Equipment Financing Agreement. (*Id.*, ¶¶ 4-5.)  The money Ortiz alleges Ascentium sent to Washworld was not for the use of Ortiz. (*Id.* ¶ 4.)

As was the case the first time around, Washworld is still not aware of any case law to support such a theory, and Ortiz has failed to demonstrate that Washworld is indebted to him, "an element necessary to plead a claim for money had and received." (ECF No. 87 at 23.); *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017); *Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1048 (N.D. Cal. 2010) ("[The allegations] fail[] to state a 'definite sum' to which Plaintiffs are justly entitled . . . They cite no authority for the proposition that money received as a result of deceptive advertising practices can be recoverable under a theory of money had and received."); *Haas v. Travelex Ins. Servs. Inc.*, 555 F. Supp. 3d 970, 982 (C.D. Cal. 2021).

It would be inequitable to force Washworld to return an unspecified sum to Ortiz when he has failed to establish why the money sent by Ascentium to Washworld was for the use of Ortiz, or why Washworld would be indebted to Ortiz for this amount. This claim must be dismissed with prejudice.

**2.    Ortiz Fails to State a Claim for Equitable Indemnification.**

California recognizes two types of indemnity, equitable and implied contractual indemnity. *JP Express Serv., Inc. v. KG Admin. Servs.*, No. SACV1800134CJCRAO, 2019 WL 6603176, at *3 (C.D. Cal. Sept. 13, 2019) ("Equitable indemnity has two forms: (1) indemnity implied from a contract that does

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD'S MP&A I/S/O MOTION TO DISMISS ORTIZ'S AMENDED CROSS-CLAIM
CASE NO.: 2:25-CV-00359-CAS-KS

not specifically mention indemnity and, (2) 'traditional equitable indemnity' that arises from the equities of particular circumstances, such as between joint tortfeasors."). Ortiz does not specifically allege whether the basis of his indemnity claim is contractual or equitable. Either way, his claim fails because "the right to indemnity flows from payment of a ***joint legal obligation*** on another's behalf." *AmeriGas Propane, LP v. Landstar Ranger, Inc*. (2014) 230 Cal.App.4th 1153, 1167 (emphasis added).

As a threshold matter, Ortiz's claim for equitable indemnity depends on whether Ortiz and Washworld may be jointly and severally liable for Ortiz's breach of guaranty or fraud. The answer to that question is a resounding no because neither count supports any ***joint legal obligation*** between Ortiz and Washworld. *See Zurich Am. Ins. Co. of Illinois v. VForce Inc*., No. 218CV02066TLNCKD, 2020 WL 2732046, at *8 (E.D. Cal. May 26, 2020) ("[N]either traditional equitable indemnity nor implied contractual indemnity is available 'in the absence of a joint legal obligation to the injured party.'") (quoting *Prince v. Pac. Gas & Elec. Co.*, 45 Cal. 4th 1151, 1160 (2009); *see also* CACI No. 3800; CACI No. 3801 (California jury instructions for equitable indemnity and implied contractual indemnity).

Ascentium brings claims against Ortiz for Breach of Guaranty and Fraud/Concealment. (ECF No. 1, Counts II and IV.) Ascentium's claim for Breach of Guaranty is premised on Car Wash Management's default under the Equipment Financing Agreement, in part because Car Wash Management allegedly failed to make its October 2024 payment. (ECF No. 1 at Ex. 6 ("The EFA is past due because Debtor has failed to pay the monthly payment due October 15, 2024.). Under Ortiz's personal guaranty, he "unconditionally guarantee[d] to Regions Bank d/b/a Ascentium Capital and our successors and assigns ('we', "us" or "our') the prompt payment and performance when due of all of the obligations of the Obligor [Car Wash Management] under the . . . equipment finance agreement.") (*Id.* at Ex. 7). Ascentium's fraud claim is based on a fraudulent misrepresentation, that Car Wash

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Management "through Williams and Ortiz, represented to Ascentium that [Car Wash Management] intended to order the Equipment stated in the Quote" but "Williams and Ortiz never intended to cause Car Wash Management to order the Equipment listed in the Quote." (ECF No. 1 ¶¶ 45-57.)

First, the purpose of equitable indemnity is to allow a joint tortfeasor to recover against another joint tortfeasor for the corresponding share of responsibility. *Santa Clara Valley Water Dist. v. Olin Corp.*, No. C07-03756 RMW, 2007 WL 2890390, at *3 (N.D. Cal. Sept. 28, 2007) ("Well-established California law cabins the doctrine of equitable indemnity to the context of jointly and severally liable tortfeasors' duties to each other."). Here, Ascentium has brought a fraud claim against Ortiz, Williams, and Car Wash Management, but crucially, not against Washworld. (ECF No. 1 ¶¶ 44-51). Ortiz has failed to allege any facts to establish that Washworld is a joint tortfeasor, so his claim must fail. *Leko v. Cornerstone Building Inspection Service,* 86 Cal.App.4th 1109, 1115 (2001) ("Joint and several liability is a prerequisite for equitable indemnity."); *see also Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.*, 143 Cal. App. 4th 1036, 1040 (2006) ("Generally, [equitable indemnity] is based on a duty owed to the underlying plaintiff . . . ."). Here, Ortiz's joint tortfeasors for fraud are Williams and Car Wash Management.

Second, although Ortiz does not explicitly allege that he is seeking implied contractual indemnity, to the extent that the Court construes his claim as one for implied contractual indemnity, "implied contractual indemnity presupposes ***a contractual relationship*** that supports a right to indemnification not rooted in an express contract term." *Zurich Am. Ins. Co. of Illinois*, 2020 WL 2732046, at *8 (emphasis added). Ortiz's claim must be dismissed because he has not alleged a contractual relationship between Ortiz and Washworld. *Id.* at *9 ("VForce's equitable indemnity claim against Forbes — premised on a theory of implied contractual indemnity — fails for two reasons. First, VForce has not alleged the existence of a contractual relationship between itself and Forbes that would suggest express or

implied contractual indemnity is appropriate. As VForce correctly notes, the right to implied contractual indemnity is predicated on the indemnitor's breach of contract. ***Yet, glaringly absent from VForce's Cross-Complaint/Third-Party Complaint are allegations showing any contractual relationship between VForce and Forbes***.") (emphasis added); *Dongguan Beibei Toys Indus. Co. v. Underground Toys USA, LLC*, No. CV1904993DSFJPRX, 2020 WL 2065034, at *4 (C.D. Cal. Mar. 2, 2020) ("However, Underground has not alleged that its contracts with Beibei contain any 'contractual language not specifically dealing with indemnification" that nonetheless trigger an equitable obligation.'"); *Niel's Motor Homes Inc v. Caterpillar Inc.*, No. 512CV00636SVWVBK, 2012 WL 13015004, at *2 (C.D. Cal. Aug. 2, 2012) ("'Implied contractual indemnity is a type of equitable indemnity, predicated on the indemnitor's breach of contract with the indemnitee.' California courts have explained that the rationale underlying such a cause of action is that ***contracting parties have a duty to indemnify each other for certain damages arising from improper performance under the terms of that contract***.") (emphasis added).

Ortiz's claim must be dismissed.

### 3.    Ortiz Fails to State a Claim for Unjust Enrichment

"[A] court may construe [an unjust enrichment] cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotation marks omitted). To plead a claim for unjust enrichment, a plaintiff must allege "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit ***at the plaintiff's expense***." *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1253 (N.D. Cal. 2017) (emphasis added); *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Ortiz brings a claim for unjust enrichment against Defendants Andrew Williams, Car Wash Management, LLC, Washworld, and Roes 1-35. Yet Ortiz makes no effort to identify how each defendant received a benefit at Ortiz's expense, so his claim must fail.

Ortiz explicitly alleges that Washworld received a benefit from Ascentium, not

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ortiz, and Washworld "improperly retained" the benefit "***in part to benefit themselves***." (ECF No. 94 ¶ 23.) Ortiz makes no attempt to explain how the benefit was unjustly retained at ***Ortiz's expense***. He again puts forward the theory that if Ortiz is found to be liable as a personal guarantor on Car Wash Management's defaulted loan, Washworld is somehow indebted in an undisclosed sum to Ortiz. (ECF No. 94, ¶¶ 13-14).

Even if Ortiz could pursue this claims, conclusory allegations that if "ORTIZ is held responsible . . . under the allegation of personal guarantee or otherwise" that "each Defendant [owes Ortiz] in proportion to the sums to be proven that they retained unjustly" are far too tenuous to support the elements of an unjust enrichment claim. (ECF No. 94 ¶ 23.) Ortiz admittedly had no direct relationship with Washworld and therefore did not confer *any* benefit on Washworld. *E.g.*, *Morales v. Conifer Revenue Cycle Sols., LLC*, 2025 WL 1096396, at \*7 (C.D. Cal. Mar. 31, 2025) ("Plaintiffs do not allege any benefit ***they conferred*** on Defendants: Plaintiffs' medical provider contracted with the Defendants; ***the Plaintiffs themselves did not pay Defendants anything*** . . . Plaintiffs therefore cannot have a claim for unjust enrichment against Defendants") (emphasis added).

Again, Ortiz concedes he never conferred any benefit whatsoever on Washworld:

> [Ortiz] was not informed that payment was made, to whom, when, nor the ultimate disposition of funds. Moreover, from the alleged transaction, ORTIZ never received any of the alleged funds paid by the Plaintiff, never retained any such funds not received, never knew when the funds were paid and/or to whom or for what, and never had any kind of benefit to the Plaintiff personally or in any capacity of such loan.

(ECF No. 94 ¶¶ 4-5.) Despite never paying any money to Washworld (the alleged benefit), Ortiz's claim for unjust enrichment fails to address why retention of that benefit was unjustly retained at Ortiz's expense; instead, Ortiz's liability for a breach of guaranty claim by Ascentium entirely stems from an independent legal obligation,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Car Wash Management's default, not Washworld's retention of a benefit. (ECF No. 1 at Ex. 6.) There is no factual basis for his cause of action against Washworld.

Accordingly, Ortiz's unjust enrichment claim should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Washworld respectfully requests that this Motion be granted with prejudice and the First Amended Cross-Claim be dismissed as against Washworld for failure to state a claim upon which relief can be granted.

Dated: October 28, 2025     **BAKER & HOSTETLER LLP**

By: _/s/ Katharine Walton_

Katharine Walton

Defendant WASHWORLD, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 2,678 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 28, 2025     **BAKER & HOSTETLER LLP**

By: _/s/ Katharine Walton_

Katharine Walton

Defendant WASHWORLD, INC.

# CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On October 28, 2025, I served a copy of the within document(s):

**CROSS DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS FIRST AMENDED CROSS-CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876) <br>**FRANDZEL ROBINS BLOOM & CSATO, L.C.** <br>1000 Wilshire Boulevard, Nineteenth Floor <br>Los Angeles, CA 90017 <br>Telephone: 323-852-1000 <br>Facsimile: 323-651-2577 <br>Email: *aalper@frandzel.com* | *Attorneys for Plaintiff* <br>REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522) <br>**LAW OFFICE OF LISA MITTS PATRICK** <br>112 E. Amerige Ave., Suite 313 <br>Fullerton, CA 92832 <br>Telephone: 714-990-3693 <br>Facsimile: 657-234-0012 <br>Email: *lolmp2021@gmail.com* | *Attorneys for Defendant and Cross Defendant* <br>JOSE RENE ORTIZ |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on October 28, 2025, at Chicago, Illinois.

*/s/ Katharine Walton*

WASHWORLD'S MP&A I/S/O MOTION TO DISMISS ORTIZ'S AMENDED CROSS-CLAIM
CASE NO.: 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES