Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-Defendant
Regions Bank, an Alabama State Bank dba
Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC,  a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, <br><br> Defendant. <br><br> JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to 35, inclusive, <br><br> Cross Defendants. | Case No.  2:25-cv-00359 CAS (KSx) <br><br> **REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC., OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW K. ALPER** <br><br> Date:　　December 1, 2025 <br> Time:　　10:00 a.m. <br> Crtrm.:　　8D |

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

WASHWORLD, INC.,

      Plaintiff,

    v.

CAR WASH MANAGEMENT LLC

      Cross-Defendant.

TO THE COURT, TO DEFENDANT AND COUNTER-CLAIMANT WASHWORLD, INC., AND TO ITS ATTORNEYS OF RECORD, AND ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 1, 2025, at 10:00 a.m. in Courtroom 8D of the above-entitled Court located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565, Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff") will move to strike affirmative defenses in the Answer filed by Washworld, Inc. to the Complaint because they failed to comply with Federal Rules of Civil Procedure, Rule 8(c). This Motion will be made pursuant to Federal Rules of Civil Procedure, Rule 12(f) as the Court may strike the pleading as to any insufficient defenses or any redundant, immaterial, or scandalous matter.

In the alternative, if the affirmative defenses are not stricken pursuant to Federal Rules of Civil Procedure, Rule 12(f), Plaintiff moves for a More Definite Statement since the affirmative defenses lack any facts whatsoever and do not give Plaintiff "fair notice" of the defenses being advanced. Plaintiff seeks to strike and/or request a more definite statement as to the second, third, fourth, fifth, sixth, seventh, eighth, tenth, and eleventh affirmative defenses in Washworld, Inc.'s Answer.

This Motion is based upon the Complaint filed by Plaintiff, Defendant Washworld, Inc.'s Answer, Affirmative Defenses and Counterclaims, the Declaration of Andrew K. Alper setting forth attempts to meet and confer with Defendant Washworld, Inc.'s counsel, Memorandum of Points and Authorities set forth herein, the accompanying Motion, and such other and further oral, written, and other papers and pleadings on file herein.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

DATED:  October 28, 2025

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____

ANDREW K. ALPER
Attorneys for Plaintiff, Regions Bank
an Alabama State Bank dba Ascentium Capital

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**MOTION OF REGIONS BANK FOR ORDER STRIKING AFFIRMATIVE DEFENSES OF WASHWORLD, INC. FROM ITS ANSWER**

Plaintiff, Regions Bank, an Alabama State Bank dba Ascentium Capital ("Plaintiff" or "Ascentium") hereby requests that the Court grant Plaintiff's Motion to Strike the following defenses in the Answer, Affirmative Defenses and Counterclaim of Washworld, Inc ("Answer"):

1. Second Affirmative Defense For Unclean Hands;

2. Third Affirmative Defense Entitled No Damages;

3. The Fourth Affirmative Defense Unjust Damages;

4. The Fifth Affirmative Defense for Waiver;

5. The Sixth Affirmative Defense for Conditions Precedent;

6. The Seventh Affirmative Defense for Estoppel;

7. The Eighth Affirmative Defense for Breach of Good Faith and Fair Dealing;

8. The Tenth Affirmative Defense based on One Satisfaction Rule; and

9. The Eleventh Affirmative Defense for Offset;

These Affirmative Defenses has no facts set forth in each affirmative defenses and does not give fair notice of the defense(s) being advanced. If for any reason the Court will not grant the motion to strike in accordance with Federal Rules of Civil Procedure, Rule 12(f), then Plaintiff requests the court order a more definite statement in accordance with Rule 12(e).

WHEREFORE, Plaintiff prays as follows:

1. That the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh affirmative defenses be stricken without leave to amend;

2. That in the event that the Court strikes the affirmative defenses, but does not grant Plaintiff's request that the defenses should be stricken without leave to amend, that leave to amend be given for no more than ten (10) days from the date of the Court's order to plead sufficient affirmative defenses;

3. That in the event the Court does not grant the motion to strike the affirmative defense, then the Court should grant Plaintiff's Motion For More Definite Statement to set forth the facts

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

sufficient for fair notice to Plaintiff;

4.   For reasonable attorney's fees as allowed by law;

5.   For such other and further relief as the court deems just and proper.

DATED:  October 28, 2025              FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff, Regions Bank
an Alabama State Bank dba Ascentium Capital

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Regions Bank dba Ascentium Capital ("Plaintiff") hereby sets forth its Memorandum of Points and Authorities in support of its Motion to Strike and/or Motion for  More Definite Statement

### I.        FACTUAL BACKGROUND

The Answer, Affirmative Defenses and Counterclaim, Washworld, Inc., a Wisconsin corporation ("Washworld") (for the purpose of this Motion this pleading is called an "Answer") continues Washworld's obfuscation of the facts and law in this case and the Declaration of Andrew K. Alper ("Alper Decl') will highlight the problems caused by Washworld and its counsel.   But the facts of this case set forth in the Complaint in which Washworld has filed its Answer are summarized hereinbelow

On or about January 10, 2024, Car Wash Management, LLC ("Car Wash Management") entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Ascentium in order for Ascentium to make a loan to Car Wash Management to finance the acquisition of car wash equipment for the financed amount of $343,394.23 pursuant to which Car Wash Management, after an initial payment, was required to make 71 more monthly payments.  In connection with execution of the EFA, Car Wash Management also executed, among other documents,  an Authorization to Perform Verbal Verification, Prepayment Addendum, Authority and Incumbency Certificate, and Commencement Agreement whereby Car Wash Management requested that Ascentium pay the supplier of the Equipment which was Washworld before the Equipment was delivered, installed and operational.

The car wash equipment was represented to be ordered by Car Wash Management from Washworld, a known supplier of such equipment to Ascentium because Ascentium had made many loans to Washworld customers both before and after this transaction. Ascentium has entered into 25 loan transactions where Washworld supplied the equipment out of 49 transactions submitted to Ascentium involving Washworld for funding the purchase of carwash equipment from Ascentium. See Declaration of Jerry Noon in support of Ascentium's Opposition to Motion to Dismiss

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Complaint filed by Washworld which was Motion was denied by the Court ) "Noon Decl." ¶8). The EFA was amended to reflect modified payment terms after it was initially executed.

Car Wash Management was a distributor of Washworld equipment and, according to Washworld's pleadings, distributors have access to Washworld's order forms. At no time has Washworld disclosed the true relationship between its distributors and Washworld as Washworld continues to hide the ball in that regard (See Declaration of Andrew K. Alper submitted herewith which discussion of the problems in receiving documents or complete responses to Interrogatories from Washworld). In order for Ascentium to pay the loan proceeds directly by borrowers referred to Ascentium by Washworld to purchase the equipment for a borrower (in this case Car Wash Management) use and benefit with the loan proceeds, Washworld executed a contract with Ascentium called Funding Instructions on or about March 11, 2024, which sets forth the specific terms under which Ascentium would pay Washworld the proceeds of the loans it made to its borrower (in this case the Washworld) so the equipment would be paid for directly with the loan proceeds.  Ascentium paid the sum of $309,054.80 to Washworld. (See Noon Decl. ⊩11 and admitted in the Answer and Counterclaim).  The Funding Instructions state, among other terms:

> "Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction.  If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium."

Car Wash Management also executed a Delivery and Acceptance Certificate representing to Ascentium that all the equipment had been delivered and Ascentium should fund the loan evidenced by the EFA (Noon Decl. ⊩11).  As it turns out, Washworld contends that it never delivered the equipment that is the subject of the Purchase Order sent to Ascentium by Car Wash Management to reflect the equipment being sold to the Car Wash Management that Ascentium was paying to Washworld. After Washworld received the $309,054.80 from Ascentium to purchase the equipment that was the subject of the Purchase Order, instead of contacting Ascentium to ask why Washworld was receiving this money Washworld contends it contacted Car Wash Management about the money it received out of the blue as it so contends but instead contacted Car Wash

7

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Management which allegedly told Washworld to pay $132,509.09 of the $309,054.80 funded by Ascentium to an order for one of Car Wash Management's customers called Conserve Fuels (per the communications Ascentium had with Washworld and the balance of $176,552.71 was to be sent to Car Wash Management directly conflicting what is required under the Funding Instructions contract with Ascentium. despite what the Funding Instructions state.  Washworld ignored the specific terms of the Funding Instructions which requires Washworld to return to Ascentium any funds that Washworld is not entitled to for the purchase of new equipment being sold by Washworld to its customer.  (Noon Decl. ¶¶14-15).

It should be noted that in the Counterclaim filed by Washworld against Plaintiff, the terms of the Funding Instructions are ignored but states that money received by Washworld is for a specific loan where goods are being pledged as collateral and if not so used the money is to be returned to Ascentium. The Counterclaim is woefully defective but that is dealt with in a Motion to Dismiss pursuant to FRCP 12 (b)(6) filed concurrently herewith but the facts alleged in the Counterclaim are not sufficient to demonstrate the affirmative defenses either.

## II.    THE AFFIRMATIVE DEFENSES MUST BE STRICKEN FROM THE ANSWER

The Answer of Washworld contains eleven Affirmative Defenses and only one of them, the Eleventh Affirmative Defense for Offset, has more than one sentence.  There are no facts in any of the Affirmative Defenses.

The Answer must state in short and plain terms the defendant's defenses to each claim asserted against it.  See Federal Rules of Civil Procedure ("FRCP"), Rule 8(b)(1)(A).  An affirmative defense must be plead with enough specificity or factual particularity to give Plaintiff "fair notice" of the defense being advanced (See *Simmons v. Navajo County, Ariz.* (9th Cir. 2010) 609 F.3d 1011, 1023 (overruled on other grounds recognized by *KST Data, Inc. v. DXC Tech.*) (9th Cir. 2020) 980 F.3d 709, 713; *Woodfield v. Bowman* (5th Cir. 1999) 193 F.3d 354, 362.)

What constitutes fair notice depends on the particular defense.  It is not enough to simply refer to a statute or document without supporting facts showing its applicability (*Qarbon.com, Inc. v. eHelp Corp.* (N.D. CA 2004) 315 F. Supp.2d 1046, 1049 [Answer alleging Plaintiff "barred from money …by the doctrines of Waiver, Estoppel and Unclean Hands" did not provide fair notice of

affirmative defense because it did not allege facts justifying any of these documents"].

Whether an affirmative defense is governed by the Twombly/Iqbal "plausibility" standard governing complaints to pleading affirmative defenses is still an open issue.  See *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 675; *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.  It appears that the 9th Circuit is not following a Twombly/Iqbal plausibility standard which standard clearly is not met by these affirmative defenses but instead the 9th Circuit appears only to be looking to a "fair notice" standard (see *Kohler v. Flava Enterprises, Inc*. (9th Cir. 2015) 779 F.3d 1016, 1019; A*ubin Indus., Inc. v. Caster Concepts, Inc.* (E.D. CA 2015) 2015 WL 3914000*6 (unpub. Opn.) relying on Kohler).  But there are district courts in the 9th Circuit which have applied Twombly/Iqbal to affirmative defenses (see The Rutter Group, Federal Civil Procedure Before Trial Section 8:1050.17 with cases cited therein).

In this case, it is very clear that affirmative defenses of unclean hands, waiver, estoppel, goof faith and fair dealing, one satisfaction rule and offset need facts because the affirmative defenses have not facts.  The affirmative defenses of no damages, unjust damages, and conditions precedent are really simply a denial of the allegations set forth in the Complaint and are not even affirmative defenses and simply a denial and should be stricken as well.

As a result of the foregoing, Plaintiff requests that the Court strike the affirmative defenses as requested  by Plaintiff given that they do not give fair notice of the affirmative defenses

DATED:  October 28, 2025                    FRANDZEL ROBINS BLOOM & CSATO, L.C.

By:  _____
ANDREW K. ALPER
Attorneys for Plaintiff, Regions Bank
an Alabama State Bank dba Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

**DECLARATION OF ANDREW K. ALPER**

I, Andrew K. Alper, declare as follows:

1.      I am an attorney duly admitted to practice in the State of California and before this Court.  I am a Vice President and Shareholder of Frandzel Robins Bloom & Csato, L.C., attorneys of record for Plaintiff and Counter-Defendant, Regions Bank, an Alabama State Bank dba Ascentium Capital ("Plaintiff").  If called as a witness, I could and would competently testify to all facts within my personal knowledge, except where stated upon information and belief or in which I have requested judicial notice of since they were previously filed in this case.  This declaration is submitted in support of Motion to Strike Affirmative Defenses in Answer, Affirmative Defenses, and Counterclaim of Washworld, Inc.("Washworld')  and Motion to Dismiss the Counterclaims of Washworld, Inc against Plaintiff.  It may be used for other motions to be filed in the near future as well.

2.      I have been the primary attorney at Frandzel Robins Bloom & Csato, L.C. handling this matter on behalf of Plaintiff.

3.      I have had many contacts with counsel for Washworld, Inc. ("Washworld") since this case has been filed, and specifically Katharine Walton,  who seems to be the day to day attorney for Washworld in this case among the 4 attorneys at Baker & Hostetler, LP listed on their pleadings handling this case on behalf of Washworld. There have been one or two occasions I recall when I spoke with Ms. Walton and attorney Michael Gannon has been present but he has not participated in communications with me.

4.      I have been having difficulty dealing with Ms. Walton and the Baker & Hostetler LLP firm during this case getting information, documents and cooperation with them.  For example, I have been trying to select a mediator as ordered by the Court and Ms. Walton has been difficult dealing with in that regard. This process started on September 9, 2025 when I sent the Mediator Panel List to counsel in this case and also suggested a Mediator who I have used many times and obtained good success. The last email I sent to them gave them a selection of five Mediators.  I have not heard anything back from them. True and correct copies of emails between us regarding the selection of a mediator are attached hereto, marked Exhibit "1" and incorporated

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

10

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

herein by this reference.

5.     During this case, there was a Rule 26 meeting and counsel had filed a Joint Report with the Court. The Joint Report set forth evidence that was going to be used in the case and the position of our respective clients.  While I not only cited to evidence, I also sent the Defendants the documents referred to in the Joint Report and later a separate Rule 26 Report.  When I asked Ms. Walton for copies of the documents which comprise the evidence relied on by Washworld, she refused stating there was no obligation to do so.   True and correct copies of the Rule 26 Reports evidencing the foregoing information is attached hereto, marked Exhibit 2," and is incorporated herein by this reference. I also request the Court take judicial notice of the Report filed with the Court. The emails where Ms. Walton refused to send the evidence to me are attached hereto, marked Exhibit "3" and are incorporated herein by this reference.

6.     As a result of their refusal to send the documents upon which they contend support their position in this case, I then prepared discovery in the form of Requests for Production of Documents and Interrogatories.  True and correct copies of those documents are attached hereto, marked Exhibit "4," and are incorporated herein by this reference.

7.     Attached hereto, marked Exhibit "5," and incorporated herein by this reference are the Responses to the discovery by Washworld with no documents produced, full of objections, and stating Washworld would only produce some of the documents with a stipulated protective order, and are generally unresponsive.

8.     Upon receiving their Responses, I advised counsel that the Responses were not sufficient and if they wanted a protective order, to prepare one for my review.  I recommended that counsel use the Los Angeles Superior Court form which I tend to use for Protective Orders as I may revise it based on the case.  I have had no response to my request for the protective order that Washworld said it needed.  I have asked Washworld to meet and confer with me on the discovery issues I raised and that has not yet happened.

9.     I then received the Answer, Affirmative Defenses, and Counterclaim by Washworld that WAshworld filed and served in this case.  Once again, I asked to meet and confer with them as to the sufficiency of their Claims and defenses.  True and correct copies of emails in that regard are

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

11

attached hereto, marked Exhibit "6" and are incorporated herein by this reference.

10. Finally, I received a Response from them after also placing phone calls to Ms. Walton which went unreturned and after directing emails. A true and correct copy of their response is attached hereto, marked Exhibit "7" and are incorporated herein by this reference. Upon receiving the Washworld Response, I responded to counsel for Washworld and indicated that it appears that there was no reason for any further telephone communications regarding the pleading issues. I once again asked them about mediation, the stipulated protective order, and now the new issue they have caused all because of their conduct which has stalled and delayed this case. It is obvious that I will now be proceeding with an ex parte application to enlarge the cutoff dates in this case because I have received basically no discovery which will prevent Plaintiff from bringing in other defendants and also amending the Complaint. Also, there is no mediator, defective pleadings to deal with, and a general inability to cooperate. I have asked Washworld to stipulate to an enlargement of the cutoff dates and counsel has not responded. On the other hand, counsel for Defendant and Cross-defendant Jose Rene Ortiz, Lisa Mitts Patrick, has no objection to extend the various cutoff dates in this case based on what has been occurring.

11. As the Court can see, this has bene a very difficult case for no reason other than counsel which has not been cooperative. This case is about $350,000 yet it is being litigated like it is a major case with millions of dollars in damages and novel theories of law involved. I attempted to convince Washworld to set forth facts with respect to their affirmative defenses in the Answer to the Complaint, but they would not do so. In their Counterclaim, besides being insufficient as a pleading, the alleged damages are without facts as to how they have been damaged after Washworld improperly retained and then transferred money it was never entitled to keep and transfer.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

Executed on this 28th day of October, 2025, at Los Angeles, California.

_____
Andrew K. Alper, Declarant

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC

# EXHIBIT 1





**From:** Andrew Alper
**Sent:** Tuesday, September 9, 2025 1:22 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>; Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Claypool, Ava <aclaypool@bakerlaw.com>
**Subject:** _List of Panel Mediators (1).pdf Regions v. Car Wash Management

_List of Panel
Mediators (1).p...

   For everyone's convenience I am sending the list of panel mediators. There are a number of qualified mediators but some of them I have either worked with or against. I may not eliminate them if you want one of the mediators I have worked with or against but I will advise you if mediators are in that category. On the other hand, I use Phyllis Pollack as a mediator a lot especially in smaller cases because her rates are very reasonable. So that is someone you may want to consider unless you believe somehow there is prejudice because I have used her as a mediator maybe 10 times over the years. If you want to each make 3 choices and so long as they have business or commercial experience then I will probably consent. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:   (323) 852-1000
Facsimile:  (323) 651-2577
E-mail:   aalper@frandzel.com
Web:   www.frandzel.com



**GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



**From:** Andrew Alper
**Sent:** Wednesday, October 1, 2025 10:29 AM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
**Subject:** RE: Reminder to Select Mediator

Ms. Walton, I have no objection even though I had sent an email to you some time ago about mediators and it was ignored. It will also give us the time to review the Answer of Washworld and the documents and information as to WAshworld's defenses especially since no documents were produced by Washworld as stated in the Rule 26 Report to the Court. If you want the extra time then please prepare the stipulation. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:          aalper@frandzel.com
Web:             www.frandzel.com



GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Wednesday, October 1, 2025 9:54 AM
**To:** Andrew Alper <aalper@frandzel.com>; Lisa Patrick <lolmp2021@gmail.com>

Cc: Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
**Subject:** [EXTERNAL] FW: Reminder to Select Mediator

Good morning,

Washworld proposes that the parties request a 14-day extension to select a mediator. While Washworld has already started the process of reviewing potential mediators to propose to the group, our client was out of the country, and we will not be in a position to select a mediator by Friday.

May we reach out to ADR_Coordinator@cacd.uscourts.gov indicating that all parties need additional time to complete the process?

Best,
Kat

> **From:** ADR_Reminder@cacd.uscourts.gov <ADR_Reminder@cacd.uscourts.gov>
> **Sent:** Monday, September 29, 2025 4:00 AM
> **To:** AALPER@FRANDZEL.COM; TROBINS@FRANDZEL.COM; LOLMP2021@GMAIL.COM; Estrada, Xitlaly <xestrada@bakerlaw.com>; Walton, Katharine <kwalton@bakerlaw.com>; Gannon, Michael D. <mgannon@bakerlaw.com>
> **Subject:** Reminder to Select Mediator

[External Email: Use caution when clicking on links or opening attachments.]

**Court: United States District Court, Central District of California**
**Case Number: 2:25-CV-00359**
**Case Name: Regions Bank v. Car Wash Management, LLC et al**
**Date of Order: 09/08/2025**

This automated email has been generated because the case listed above has been flagged as one in which the presiding judge ordered the parties to participate in mediation before a member of the Court's Mediation Panel. This email will be sent to every attorney of record or pro se party whose email address is listed on the docket in this case. Anyone receiving this email message who has contact information for a participating attorney or pro se party whose email address is not on the docket should forward this email immediately.

In general, unless the Court sets other deadlines, parties have 21 days from the date of a referral order to select a mediator from the Court's Mediation Panel. (General Order 11-10, § 7.1.) A list of Panel Mediators is available on the Court's website at www.cacd.uscourts.gov/attorneys/adr/list-panel-mediators. Once a mediator has been selected, the parties should file a form Stipulation Regarding Selection of Mediator (ADR-002). If the parties do not file a Stipulation Regarding Selection of Mediator (ADR-02) within 21 days of the referral order, the ADR Program is required to assign a Panel Mediator to the case. (General Order 11-10, § 7.1.) If the parties are unable to agree on a mediator, the Stipulation Regarding Selection of Mediator (ADR-02) may be used to request that the ADR Program assign a mediator with expertise in an identified area of law.

Please check the deadlines set by the judge in your case. If this case has been referred to the Court's Mediation Panel, and more than 21 days have passed since the date of the referral, please file your Stipulation Regarding Selection of Mediator (ADR-02) immediately if you have not already done so. If the parties are working together to choose a mediator and need additional time to complete the process, you may request that the ADR Program delay making an assignment. To do so, send your request for an extension to ADR_Coordinator@cacd.uscourts.gov, copying all counsel of record and pro se parties who have appeared in the case. If you do not either file your Stipulation Regarding Selection of Mediator (ADR-02) or request additional time in which to do so within 7 days of this email, the ADR Program will begin the process of finding a Panel Mediator to assign to your case.

This email was generated automatically based on the Court's initial referral order. If you have recently filed a Stipulation Regarding Selection of Mediator (ADR-02) or if other intervening events have made assignment of a Panel Mediator unnecessary, no further action is required in response to this email.

Please direct questions about the ADR Program to the ADR Program Office at
ADR_Coordinator@cacd.uscourts.gov.

**Please do not reply to this email. This is not a monitored email box.**

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended recipient
you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result of e-mail transmission.



**From:** Andrew Alper
**Sent:** Tuesday, October 14, 2025 8:09 AM
**To:** Katharine Walton <kwalton@bakerlaw.com>
**Cc:** Lisa Patrick <lolmp2021@gmail.com>; Michael D. Gannon <mgannon@bakerlaw.com>; Xitlaly Estrada <xestrada@bakerlaw.com>
**Subject:** Re: [EXTERNAL] RE: Reminder to Select Mediator

While these two mediators are distinguished and qualified lawyers I am not sure they are right for this relatively small dollar commercial and fraud case. If we are going to mediate I would like to have someone do it who may be the most qualified person to mediate this case. Have you had experience with either of these mediators either in mediation or practice? I am curious as to whether Ms Patrick has alternative choices. Thanks.
Sent from my iPhone

> On Oct 13, 2025, at 12:27 PM, Walton, Katharine <kwalton@bakerlaw.com> wrote:

Andrew,

Washworld proposes
1.  Seth Aronson
    1.  https://www.cacd.uscourts.gov/attorneys/adr/mediator-profile?id=486
2.  Daniel Platt
    1.  https://www.cacd.uscourts.gov/attorneys/adr/mediator-profile?id=427

As to your other comments, we will review and can set up a meeting to confer when you're back next week.

Best,
Kat

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Monday, October 13, 2025 10:28 AM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>

**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
**Subject:** RE: Reminder to Select Mediator

Has anyone looked at the list of mediators I sent some time ago? Please advise as to your choices. I am in receipt of the Washworld Answer-counterclaim and Cross-claim. We will need to meet and confer on a Motion to Strike the Affirmative Defenses in the Answer and to Dismiss pursuant to 12(b)(6) and Motion for More Definite Statement. However, I will be in Minnesota on business this week and will return Friday afternoon. If we can find a time to "meet and confer" while I am out of my office this week I will make some time. Otherwise it will have to wait until next week.

Here is the preview of our meet and confer issues: On the Answer the defenses do not give "fair notice" of the defenses because of the lack of facts. While it appears the plausibility under an Iqbal/Twombley like complaints it may not be the standard in the 9th Circuit for affirmative defenses that issue has not been settled by the courts. However, even under a fair notice basis the defenses are not sufficient (see e.g. Rutter Federal Civil Procedure Before Trial and specifically the cases cited under section 8:1050.16 which have similar defenses that are not sufficient without facts.

With respect to the Counterclaim, forgetting for the time being there are a lack of facts, there are no damages even if everything is true in the Counterclaim which it is not. Also the allegations conflict with the Funding Instructions and the parties conduct. If you want to respond to these contentions by email that is fine but I can make some availability to meet and confer. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:          aalper@frandzel.com
Web:            www.frandzel.com
<image001.jpg>

<image002.jpg>

♻ **GO GREEN: Please consider the environment before you print.**
This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Wednesday, October 1, 2025 9:54 AM
**To:** Andrew Alper <aalper@frandzel.com>; Lisa Patrick <lolmp2021@gmail.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
**Subject:** [EXTERNAL] FW: Reminder to Select Mediator

Good morning,

Washworld proposes that the parties request a 14-day extension to select a mediator. While Washworld has already started the process of reviewing potential mediators to propose to the group, our client was out of the country, and we will not be in a position to select a mediator by Friday.

May we reach out to ADR_Coordinator@cacd.uscourts.gov indicating that all parties need additional time to complete the process?

Best,
KatGroup Federal C

> **From:** ADR_Reminder@cacd.uscourts.gov <ADR_Reminder@cacd.uscourts.gov>
> **Sent:** Monday, September 29, 2025 4:00 AM
> **To:** AALPER@FRANDZEL.COM; TROBINS@FRANDZEL.COM; LOLMP2021@GMAIL.COM; Estrada, Xitlaly <xestrada@bakerlaw.com>; Walton, Katharine <kwalton@bakerlaw.com>; Gannon, Michael D. <mgannon@bakerlaw.com>
> **Subject:** Reminder to Select Mediator

<span style="color:red">[External Email: Use caution when clicking on links or opening attachments.]</span>

**Court: United States District Court, Central District of California**
**Case Number: 2:25-CV-00359**
**Case Name: Regions Bank v. Car Wash Management, LLC et al**
**Date of Order: 09/08/2025**

This automated email has been generated because the case listed above has been flagged as one in which the presiding judge ordered the parties to participate in mediation before a member of the Court's Mediation Panel. This email will be sent to every attorney of record or pro se party whose email address is listed on the docket in this case. Anyone receiving this email message who has contact information for a participating attorney or pro se party whose email address is not on the docket should forward this email immediately.

In general, unless the Court sets other deadlines, parties have 21 days from the date of a referral order to select a mediator from the Court's Mediation Panel. (General Order 11-10, § 7.1.) A list of Panel Mediators is available on the Court's website at www.cacd.uscourts.gov/attorneys/adr/list-panel-mediators. Once a mediator has been selected, the parties should file a form Stipulation Regarding Selection of Mediator (ADR-002). If the parties do not file a Stipulation Regarding Selection of Mediator (ADR-02) within 21 days of the referral order, the ADR Program is required to assign a Panel Mediator to the case. (General Order 11-10, § 7.1.) If the parties are unable to agree on a mediator, the Stipulation Regarding Selection of Mediator (ADR-02) may be used to request that the ADR Program assign a mediator with expertise in an identified area of law.

Please check the deadlines set by the judge in your case. If this case has been referred to the Court's Mediation Panel, and more than 21 days have passed since the date of the referral, please file your Stipulation Regarding Selection of Mediator (ADR-02) immediately if you have not already done so. If the parties are working together to choose a mediator and need additional time to complete the process, you may request that the ADR Program delay making an assignment. To do so, send your request for an extension to ADR_Coordinator@cacd.uscourts.gov, copying all counsel of record and pro se parties who have appeared in the case. If you do not either file your Stipulation Regarding Selection of Mediator (ADR-02) or request additional time in which to do so within 7 days of this email, the ADR Program will begin the process of finding a Panel Mediator to assign to your case.

This email was generated automatically based on the Court's initial referral order. If you have recently filed a Stipulation Regarding Selection of Mediator (ADR-02) or if other intervening events have made assignment of a Panel Mediator unnecessary, no further action is required in response to this email.

Please direct questions about the ADR Program to the ADR Program Office at ADR_Coordinator@cacd.uscourts.gov.

<span style="color:red">Please do not reply to this email. This is not a monitored email box.</span>

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein

and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result of e-mail transmission.

and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result of e-mail transmission.



**From:** Andrew Alper
**Sent:** Saturday, October 18, 2025 12:50 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>; Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Claypool, Ava <aclaypool@bakerlaw.com>
**Subject:** FW: _List of Panel Mediators (1).pdf Regions v. Car Wash Management

So here is what I sent to you in connection with choosing a mediator. Here are some other choices. I have worked with some of these persons in the past and if you want to select one or more of them I will advise you of my relationship, if any, with these potential mediators. There were also a few on the list I was in the same law firm with so I have omitted them.

Frank Cronin, Barry Freeman, Leonard Gumport, Steven Marcus, Byron Moldo, Andrew Pauly, Zev Schectman, and Joan Kessler. Let me know if one or more of them will work for you. Thanks

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:         aalper@frandzel.com
Web:            www.frandzel.com



🌲 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended

1

or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

_____

**From:** Andrew Alper
**Sent:** Tuesday, September 9, 2025 1:22 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>; Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Claypool, Ava <aclaypool@bakerlaw.com>
**Subject:** _List of Panel Mediators (1).pdf Regions v. Car Wash Management



_List of Panel
Mediators (1).p...

For everyone's convenience I am sending the list of panel mediators. There are a number of qualified mediators but some of them I have either worked with or against. I may not eliminate them if you want one of the mediators I have worked with or against but I will advise you if mediators are in that category. On the other hand, I use Phyllis Pollack as a mediator a lot especially in smaller cases because her rates are very reasonable. So that is someone you may want to consider unless you believe somehow there is prejudice because I have used her as a mediator maybe 10 times over the years. If you want to each make 3 choices and so long as they have business or commercial experience then I will probably consent. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:          aalper@frandzel.com
Web:            www.frandzel.com



**GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

# EXHIBIT 2

Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067-4301
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:     *xestrada@bakerlaw.com*
           *aclaypool@bakerlaw.com*

Michael D. Gannon *(Pro Hac Vice)*
Katharine H. Walton *(Pro Hac Vice)*
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:     *mgannon@bakerlaw.com*
           *kwalton@bakerlaw.com*

*Attorneys for Defendant and Cross
Defendant* WASHWORLD, INC.

[*additional counsel listed in the next page*]

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**JOINT REPORT OF RULE 26(F) MEETING**<br><br>Date:     September 8, 2025<br>Time:     11:00 a.m.<br>Ctrm:     8D<br><br>Case Filed:     January 14, 2025 |
| JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**JOINT REPORT OF RULE 26(f) MEETING**

Andrew K. Alper (SBN 088876)
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone: 323-852-1000
Facsimile: 323-651-2577
Email: *aalper@frandzel.com*

*Attorneys for Plaintiff* REGIONS BANK D/B/A ASCENTIUM CAPITAL

Lisa Mitts Patrick (SBN 134522)
**LAW OFFICE OF LISA MITTS PATRICK**
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone: 714-990-3693
Facsimile: 657-234-0012
Email: *lolmp2021@gmail.com*

*Attorneys for Defendant and Cross Claimant* JOSE RENE ORTIZ

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

**JOINT REPORT OF RULE 26(f) MEETING**

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's Order Setting Scheduling Conference [Dkt. 57], Plaintiff Regions Bank d/b/a Ascentium Capital ("Ascentium"), Defendant and Cross Defendant Washworld, Inc. ("Washworld"), and Defendant and Cross Complainant Jose Rene Ortiz ("Ortiz") (collectively the "Parties"),[1] by and through their counsel of record, hereby submit the following Joint Rule 26(f) Report:

**STATEMENT OF THE CASE:**

Ascentium initiated this action on January 14, 2025. Ascentium's Complaint alleges the following causes of action: (1) Breach of Equipment Finance Agreement (against Car Wash Management, LLC); (2) Breach of Guaranty (Ortiz); (3) Breach of Guaranty (West Covina Car Wash LLC); (4) Fraud/Concealment (Car Wash Management, Williams, Ortiz, and Does 1-10); (5) Recovery for Payment of Money by Mistake, Unjust Enrichment (Washworld); (6) Breach of Contract (Washworld); and (7) Money Had and Received. (Washworld) [ECF No. 1].

Ortiz filed a Cross Complaint on July 16, 2025, alleging the following causes of action: (1) Fraud, Concealment, Misrepresentation (against Williams, Roes-10); (2) Breach of Contract (against Williams, Car Wash Management, LLC, West Covina Car Wash, LLC, Roes 11-20); and (3) Money Had and Received (against Washworld, Roes 21-35) [ECF No. 55].

**1. Plaintiff's Statement:**

Plaintiff made a loan to Car Wash Management, LLC ("CWM") for CWM to acquire equipment from Washworld, Inc ("Washworld"). Plaintiff was to be granted a security interest in the equipment acquired with the loan. The loan was personally guaranteed by West Covina Car Wash, LLC ("WCCW") and Ortiz. Plaintiff had done a substantial amount of business with Washworld as the equipment supplier and

---

[1] As of the date of filing this Joint Report, Defendants Car Wash Management, LLC, a Hawaii LLC, and Andrew Paul Williams have not been served. West Covina Car Wash LLC was served but has not appeared. (ECF No. 40.) This Court entered default against Defendant Car Wash Management, LLC, a Delaware LLC, (ECF No. 34).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3

**JOINT REPORT OF RULE 26(f) MEETING**

some of that business was in California. Washworld is located in Wisconsin. All other parties are presumably in California. Pursuant to a contract between Plaintiff and Washworld if Plaintiff made a loan to Washworld's customer for its equipment, Plaintiff would wire money to Washworld to pay for the equipment that is the subject of the loan and only for the purpose of acquiring the equipment and for nothing else. Plaintiff wired the sum of $309,054.80 to Washworld and Washworld apparently was not selling CWM equipment but instead used Plaintiff's money on a different transaction in which $132,509.09 was used for a company known as Conserve Fuels in Chula Vista, California and remitted the balance of the money it received of $179,552.51 back to CWM. Plaintiff was never made aware of the transfer of this money to either CWM or Conserve Fuels or for any other purpose other than the acquisition of new equipment from Washworld by CWM. CWM, Oritz and WCCW did not make the payments due and defaulted. Plaintiff believes that one of the principals of CWM and WCCM, Andrew Williams, was the mastermind behind the misrepresentations and fraud on Plaintiff in never acquiring equipment but obtained the money by misrepresenting the transaction. Plaintiff has not been able to serve Andrew Williams. The amount due to Plaintiff is no less than $324,180.60 plus late charges, interest, attorney's fees and costs from the Defendants. Washworld is obligated to pay $309,054.80 the money it wrongfully obtained and distributed and never advised Plaintiff since there was no transaction with CMW and no equipment and should never have remitted the money or equipment to Conserve Fuels and to CWM or anyone else and should have returned to Plaintiff as it agreed to do pursuant to a contract with Plaintiff called Funding Instructions.

## 2. Defendant Ortiz's Statement:

Defendant Ortiz was only recently brought into the action which was filed back in January. He was served with Plaintiff's Complaint on 6/25/25. His Answer (ECF No. 54) was filed on 7/16/2025. He denied all allegations. Defendant Ortiz alleges little to no personal knowledge of the allegations in the Complaint.

4

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ortiz filed a Cross Complaint against Andrew Williams and his various business entities (Car Wash Management, LLC, Delaware, and Car Wash Management, LLC Hawaii) concurrently (ECF No. 55) with his Answer. In his Cross Complaint Ortiz alleges (1) Fraud, Concealment and Misrepresentation by Williams (and his companies) in the alleged transaction, (2) Breach of Contract as against those same parties, and (3) a separate cause of action for Money Had and Received as against Washworld, Inc. who allegedly took the subject money from the Plaintiff bank, and did not return it when the bank allegedly mistakenly funded the wrong transaction. Rather Washworld allegedly applied it to some other debt owed by Williams and/or his companies, and sent the rest back to Williams (as per the pleadings) who is alleged to have absconded with it as a result of the subject alleged fraud, concealment and misrepresentations. The Cross Complaint is out for service as of this date, but publication may be necessary.

### 3. Defendant Washworld's Statement:

Car Wash Management is one of Washworld's distributors. As a distributor, Car Wash Management had access to Washworld's order form. Any orders for equipment were conditioned on a down payment and acceptance by both Washworld and the distributor. Distributors did not have the ability or authority to place orders without Washworld's approval.

Car Wash Management fraudulently entered into an Equipment Financing Agreement with Ascentium for $343,394.23 on January 8, 2024. Ortiz and West Covina Car Wash signed a personal guaranty for the loan. It is unclear what, if any, diligence Ascentium undertook in as part of this transaction or in accepting these personal guarantees. As part of Car Wash Management's fraud, Car Wash Management initially planned to use another vendor. Car Wash Management then purported to change vendors to Washworld, and the amount of the Equipment Financing Agreement was revised to $346,904.75 through an addendum signed by Ortiz. In making this change, Car Wash Management provided an estimate to

5

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ascentium.

On January 24, 2024, Car Wash Management placed an order for equipment. On March 1, 2024, Car Wash Management requested that additional equipment be added to the January 2024 order. Following receipt of a payment for equipment on March 12, 2024, in the amount of $309,054.80, which identified Car Wash Management as the vendor, Washworld reached out to Car Wash Management for instructions. Car Wash Management fraudulently directed Washworld to apply the funds to the January 2024 pending order and distribute to Car Wash Management the remaining amount for Car Wash Management to purchase the remaining ancillary equipment directly from other vendors.

Washworld denies that it is liable to Ascentium or Ortiz. Car Wash Management fraudulently represented it would order equipment from Washworld, but Car Wash Management never provided the estimate to Washworld at any time. Washworld has no relationship with Ortiz that would subject Washworld to liability for money sent to Washworld by Ascentium.

**SUBJECT MATTER JURISDICTION:**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff, an Alabama bank, and Defendant Ortiz, a California resident, and Defendant Washworld, a Wisconsin corporation with a principal place of business in Wisconsin. The amount in controversy also exceeds $75,000.00 exclusive of interest and costs.

**LEGAL ISSUES:**

**1. Plaintiff's Position:**

Based on the claims alleged in the Complaint, the major legal issues in the case include:

1. The enforceability of the document called Funding Instructions which Plaintiff contends is an enforceable contract against Washworld whereas Washwolrd denies its enforceability.

6
**JOINT REPORT OF RULE 26(f) MEETING**

2.      Whether Washworld has further liability in this transaction on other theories not initially alleged in the Complaint such as aider and abettor liability, fraud and conspiracy, conversion of the money it received, and unfair business practices under Business and Professions Code section 17200, et. seq. which may be alleged once discovery has been undertaken.[2]

3.      Whether the Court considers Unjust Enrichment as a remedy for breach of contract or a separate claim?

4.      Whether Unjust Enrichment would be considered an equitable or legal claim and if an equitable remedy whether it can only be maintained if the legal claim is not alleged. Plaintiff disputes this contention made by Washworld in its Motion to Dismiss supported by F.R.C.P. Rule 8(d).

5.      Whether Plaintiff has jurisdiction over Washworld which Plaintiff believes is proper and will be heard in connection with Washworld's Rule 12(b)(2) Motion.

6.      Since Plaintiff has not yet commenced any discovery and because Washworld has not filed an Answer, Plaintiff does not know what all legal issues exist in this case and will set forth other claims and issues as they arise.

7.      Whether there is an Agency relationship between Washworld, CWM, Williams, Ortiz and possibly others making Washworld liable for the claims against the other Defendants.[3]

**2. Defendant Ortiz's Position:**

Based on the claims alleged in the Complaint, the major legal issues in the case relative to Ortiz include the fraud, concealment and misrepresentations of Defendant Andrew Williams individually and/or by and through his LLCs to all other parties, and also to Ortiz. Also there are issues of lack of consideration and unjust enrichment.

---

[2] It is Washworld's position that this is not a key legal issue in the case, as none of these theories are alleged in the Complaint, and discovery will reveal that there is no good-faith basis for doing so.
[3] It is Washworld's position that this is also not a key legal issue, as Plaintiff's Complaint does not allege an agency theory of liability in the Complaint.

7

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Williams is, by all indicators, the owner/CEO Manager of record of these companies, who were involved in the transaction with the Plaintiff and Defendant/Cross Defendant Washworld, and of which businesses Ortiz has no ownership or other controlling interests whatsoever, and who will testify he was 'involved' in this matter as a mere employee at best. The evidence will show the transactions lack any consideration as to Ortiz and unjust enrichment of all other involved parties dealing with the funds. Ortiz has little to no knowledge of the subject transaction between the Plaintiff and the Defendants other than to have signed one (of apparently many documents he was not privy to as shown in the Complaint) setting him up to be brought into this action. These Defendants/Cross Defendants include Washworld who was allegedly holding the 'mistaken' payment by the bank and did not return it but rather improperly credited other of Williams' debts and sent the rest to Williams, when returning it would have prevented Williams from allegedly absconding with it, all of which is part of the basis for Ortiz' Cross Complaint as to Washworld should he be held liable to the Plaintiff over any of these funds.

### 3. Defendant Washworld's Position:

Without the benefit of discovery, based on the claims alleged in the Complaint and Cross Complaint, the major legal issues in the case include:

1. Whether Car Wash Management defrauded Ascentium;

2. Whether Ascentium's payment was made by mistake, or whether Ascentium's own diligence should have discovered the fraud;

3. Whether the personal guarantors are responsible for Car Wash Management's default;

4. Whether Ascentium can seek equitable relief if Ascentium has remedies at law providing for monetary damages;

5. Whether Ascentium can recover against multiple parties for the same injury;

6. Whether Washworld breached a contract;

8

**JOINT REPORT OF RULE 26(f) MEETING**

7. Whether Washworld was unjustly enriched;

8. Whether Washworld received money for Ascentium's or Ortiz's use;

9. Whether Washworld fundamentally changed its position based on Car Wash Management's instructions on how to apply the funds; and

10. Whether the payment was for the benefit of Car Wash Management.

## PARTIES AND EVIDENCE

### 1. Plaintiff's Position:

Plaintiff may join any additional parties. Plaintiff anticipates that discovery will provide further information regarding relevant evidence and witnesses and claims. At this time, Plaintiff believes that possible percipient witnesses include

### A.    Plaintiff Regions Bank

All such persons may be served c/o of Plaintiff's Counsel

> Andrew K. Alper Frandzel Robins Bloom & Csato, L.C.
> 1000 Wilshire Boulevard, 19th Floor
> Los Angeles, California 90017
> Email: aalper@frandzel.com
> Phone: (323) 852-1000
> Facsimile: (323) 651-2577

Jerry Noon, Vice President and Manager of Asset Portfolio for Plaintiff. He is the custodian of records and the person most knowledgeable when it comes to Plaintiff's processes and procedures and is the head of the collection department as well. Mr. Noon is aware of the relationship of Washworld, Inc. to Plaintiff, the failure of the Defendants to pay the sums due, and is the responsible person for Plaintiff in this case and Plaintiff's main witness.

Pete Matheny and Tony Zieglar are the salespersons at Plaintiff most familiar with the transactions in the Complaint and have investigated the issues involved in this case and have communicated with the Defendants.

While there may be other persons at Plaintiff who may have knowledge of these transactions, these are the main persons for testimony at this time.

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**B.    Washworld, Inc.**

All Such persons may be contacted through counsel for Washworld, Inc.
Xitlaly Estrada and Ava Claypool
Baker & Hostetler, LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, California 90067-4301
Telephone: 310 442-8878
Email: xestrada@bakerlaw.com
          aclaypool@bakerlaw.com
and/or
Michael D. Gannon
Katharine H. Walton
Baker & Hostetler, LLP
One North Wacker Drive, Suite 3700
Chicago, Ill 60606
Telephone: 312-0416-6200
Email: mgannon@bakerlaw.com
          kwalton@bakerlaw.com

The custodian of records and/or the persons most knowledgeable for Washworld, Inc., whoever that person or persons may be who can testify as to relationship and business dealings as to all of the parties to this case; the distributors of Washworld, Inc. and how a distributor functions and what the duties and responsibilities of Washworld and the distributors have to each other and what their role is with respect to sale, repair, operation and maintenance of goods sold or manufactured by Washworld, Inc., and the facts and documents and knowledge of the matters set forth in the Complaint, Cross-complaint, the Motions to Dismiss and any Answers ultimately filed in this case.

Zach Jensen who is the Chief Operating Officer who filed Declarations in support of the motions to dismiss filed by Washworld, Inc. and his background and ability to authenticate documents and records of Washworld, Inc. and Washworld, Inc.'s  relationships with distributors and contacts and business dealings in California. Mr. Jensen will also be questioned about the facts set forth in his Declaration in support of the Motions to Dismiss filed by Washworld, Inc. .

Jim Koch who is the Director of National Accounts who communicated with Plaintiff once Washworld, Inc. who is a percipient witness in this case as to facts and

10

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

information in the Complaint, Cross-complaint, and any other pleadings. Mr. Koch is a person communicating with Plaintiff in emails between Plaintiff and Washworld after the money was paid to Washworld, Inc. and most of the facts contained in the Complaint as to Washworld, Inc. derived from communications with Mr. Koch.

Josh Theyel is also a percipient witness as he too is in emails between Plaintiff and Washworld concerning the matters involved in the Complaint and Cross-complaint.

Jon Tyczkowski, Controller for Washworld, Inc. who executed the Funding Instructions Contract on behalf of Washworld, Inc. which is the subject of the breach of contract cause of action filed by Plaintiff against Washworld. Mr. Tyczkowski is also believed to be the person in charge of the relationship or business dealings for Washworld, Inc. with Plaintiff.

### C.   Jose Rene Ortiz

Mr. Ortiz can be contacted thorough his attorney of record,
The Law Office of
LISA MITTS PATRICK
112 E. Amerige Ave.
Suite 313
Fullerton, CA 92832
Phone: (714) 990-3693
Fax: (657) 234-0012
Email:lolmp2021@gmail.com

Mr. Ortiz is a defendant and a guarantor of the loan obligation of Car Wash Management, LLC to Plaintiff. Mr. Ortiz may also be a person most knowledgeable for Defendant West Covina Car Wash, LLC which is also a defendant and guarantor. Mr. Ortiz has knowledge of the facts and circumstances regarding the transactions in this case and the involvement of all defendants including the borrower Car Wash Management, LLC and has filed a Cross-complaint. Moreover, despite his contentions Ortiz has signed many of the loan documents on behalf of CWM and/or West Covina Car Wash, LLC.

11
**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**D.    Conserve Fuels and/or Conserve Car Wash**

Emails and communications with Washworld, Inc. state that money paid by Plaintiff to Washworld, Inc. to acquire equipment actually went in part and was diverted to Conserve Fuels or Conserve Car Wash and was not for Car Wash Management, LLC to acquire equipment from Washworld, Inc.. Plaintiff does not have information on Conserve Fuels or Conserve Car Wash and Plaintiff will have to conduct discovery from Washworld, Inc. and/or other defendants to obtain the necessary information and likely to add this company as a Defendant.

**E.    Andrew Williams**

While Plaintiff believes it has a last known address for Mr. Williams he has not been served despite numerous attempts including staking out the location where Plaintiff believes he is located. He is the principal of Car Wash Management, LLC. West Covina Car Wash, LLC and CW Hawaii and the person who Plaintiff and Washworld, for the most part, communicated with regarding the transactions regarding the loan and was apparently the mastermind of the fraud on Plaintiff.

**F.    Other persons and entities**

Discovery has not commenced and the pleadings are not set and it is too early for Plaintiff to set forth the names of other persons or entities and also any experts.

At this time, Plaintiff is aware of the following relevant documents:

1.    Plaintiff's approval for Financing

2.    Equipment Finance Agreement and Authorization for ACH payments

3     Authorization to Perform Verbal Verification

4.    Prepayment Addendum to Equipment Finance Agreement

5.    Guaranty executed by Ortiz

6.    Guaranty executed by West Covina Car Wash, LLC

7.    Authority and Incumbency Certificate

8.    Commencement Agreement

9.    Delivery and Acceptance Certificate

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10. Driver's License of Ortiz (not produced unless necessary and as allowed by the Court and the parties)

11. Washworld Invoices for equipment being sold to Car Wash Management LLC and financed by Plaintiff

12. UCC-1 Financing Statement

13. Payment Notification to Washworld that it was receiving $309,054.80

14. Account ledger and history of payment with amount due

15. Demand letter from Andrew K. Alper to Washworld, Inc.(as redacted for settlement discussions)

16. Demand letter form Jerry Noon to Defendants

17. Collection notes with emails between the parties as redacted for privileged and irrelevant information.

18. Funding Instructions from Washworld, Inc.

19. List of Transactions where Washworld, Inc was the supplier of goods in transactions either funded by Plaintiff or presented for funding and rejected (redacted until there is a protective order to protect third parties' privacy)

**Defendant Ortiz's Position:**

Ortiz does not anticipate joining any additional parties. Ortiz anticipates that discovery will provide further information regarding relevant evidence and witnesses which are unknown to this party at this time. At this time, Ortiz believes that possible percipient witnesses include all of the named parties, possible persons at the Plaintiff bank who were involved in the transaction (names unknown), persons at Washworld involved in the transaction (names unknown.) At this time, Ortiz is not aware of any additional relevant documents besides those attached to the Plaintiff's Complaint other than perhaps others related to the transaction in possession of the parties. Ortiz anticipates the need for discovery on at least the following subjects: the initial transaction between the Plaintiff and Williams, the delivery of the mistaken funds to the Defendant/Cross Defendant Washworld, as well as the structure of the Williams'

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

**JOINT REPORT OF RULE 26(f) MEETING**

companies as well as the disposition of the funds. Ortiz anticipates identifying additional witnesses and documents as the case progresses.

### 2. Defendant Washworld's Position:

Washworld does not anticipate joining any additional parties. Washworld anticipates that discovery will provide further information regarding relevant evidence and witnesses. At this time, Washworld believes that possible percipient witnesses include Andrew Williams, Jose Rene Ortiz, Travis Beaudoin, Jim Koch, Jon Tycskowski, Abby Lamine, Richard Andreas, unknown Ascentium employees, and other unknown Car Wash Management employees. At this time, Washworld is aware of the following relevant documents: (1) email correspondence related to Car Wash Management's January 2024 order; (2) estimates and commission forms related to the January 2024 order; and (3) email confirmation of an ACH payment by Ascentium. Washworld anticipates the need for discovery on at least the following subjects: (1) Ascentium and Car Wash Management's execution of the Equipment Financing Agreement and Addendum; (2) Ascentium's due diligence, including any borrower or risk assessment; (3) Car Wash Management employees' knowledge of the transactions; (4) Ortiz's relationship to Car Wash Management, West Covina Car Wash, and Williams; (5) Car Wash Management's request for pay stations; and (6) Car Wash Management's January 2024 order. Washworld anticipates identifying additional witnesses and documents as the case progresses.

## DAMAGES:

### 1. Plaintiff's Position:

$324,180.60 plus interest, late charges, attorney's fees and costs.

### 2. Defendant Ortiz's Position:

Defendant/Cross Complainant's damages (as against Williams, his companies and/or Washworld, Inc.) consist of those derivative of any damages Williams and/or his companies would be found to owe to the Plaintiff, that Defendant may then allegedly owe to the Plaintiff as alleged personal guarantor or on some other

14

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

unknown basis, as well as Ortiz' costs of defense.

### 3. Defendant Washworld's Position:

Washworld denies that it is obligated to pay any damages in connection with Ascentium's or Ortiz's claims. Washworld further denies that any act or omission caused by Washworld caused harm or damage to Ascentium or Ortiz.

### INSURANCE:

#### 1. Plaintiff's Position:

None for Plaintiff.

#### 2. Defendant Ortiz's Position:

Defendant/Cross Complainant Ortiz is uninsured.

#### 3. Defendant Washworld's Position:

There is no insurance coverage applicable to this action.

### MANUAL FOR COMPLEX LITIGATION:

The Parties do not currently believe the procedures in the Manual on Complex Litigation will be required for this case.

### STATUS OF DISCOVERY:

No discovery has occurred in this case.

### DISCOVERY PLAN:

The parties will exchange their Rule 26(a)(1) Initial Disclosures on or before September 8, 2025. It is Ortiz's and Washworld's position that Requests for Admissions, Requests for Production, and Special Interrogatories should comply with the requirements of the Federal Rules of Civil Procedure. Party depositions will proceed by way of noticed depositions and shall not exceed the time, length, or number limitations per party imposed pursuant to the FRCP, unless by court order and/or stipulation as appropriate.

It is Plaintiff's position that Plaintiff cannot commit to the number of depositions and the amount of discovery necessary for this case at this time. If there is an issue with respect to the amount of written discovery or depositions hopefully

15

**JOINT REPORT OF RULE 26(f) MEETING**

the parties will stipulate and, if not, Plaintiff will obtain appropriate court orders to deal with the discovery issues.

The parties do not agree on a case schedule and have each proposed the dates set forth in **Exhibit A** attached hereto.

To the extent that any party seeks information regarding Washworld's transactions, pricing, or business model during discovery, Washworld anticipates the need for a protective order to designate material as confidential.

**MOTIONS:**

On August 15, 2025, Washworld filed motions to dismiss Ascentium's Complaint and Ortiz's Cross Complaint for lack of personal jurisdiction and failure to state a claim. The motions are set for hearing on September 22, 2025 (Plaintiff's Complaint) and September 29, 2025 (Ortiz's Cross Complaint).

**DISPOSITIVE MOTIONS:**

**1. Plaintiff's Position:**

Unknown at this time. Two of the defendants have been defaulted CWM and WCCW. They may be severed and judgment could be entered against them. Two Defendants have not been served, Andrew Williams and Car Wash Management, LLC, a Hawaii limited liability company ("CWM Hawaii'). CWM Hawaii is a suspended company in its State of Hawaii but Andrew Williams is the agent for service of process for CWM Hawaii which was named out of an abundance of caution by Plaintiff not knowing if it was involved or not. Also, Plaintiff needs to learn about the entity known as Conserve Fuels which may end up being a party. Therefore Plaintiff does not know if it will have dispositive motions or not but it is likely that a Motion for Summary Judgment or Summary Adjudication can be filed against Ortiz by Plaintiff and at the appropriate time obtain default judgment against other entities.

**2. Defendant Ortiz's Position:**

Likely Summary Judgment depending on facts verified in discovery. Anticipated date by April 2026 based on assumption that Williams will timely be

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

16

**JOINT REPORT OF RULE 26(f) MEETING**

brought into the action or later if publication is necessary.

### 3. Defendant Washworld's Position:

Washworld anticipates that it will file a motion for summary judgment if its Rule 12 motions are unsuccessful. Washworld does not believe that setting a discovery schedule or cut-off deadline is appropriate until after the Court determines if it has personal jurisdiction over Washworld.

### SETTLEMENT CONFERENCE/ADR:

No settlement discussions have occurred to date. Pursuant to Civil L.R. 26-1(c), the Parties agree on ADR Procedure No. 2. The Parties are unable to agree on the timing of the conference.  Plaintiff and Ortiz believe a mediation within 90 days would be productive.  Washworld believes a mediation would be most productive approximately one month after the close of fact discovery.

### TRIAL ESTIMATE:

### 1. Plaintiff's Position:

Unknown at this time. Plaintiff is not asking for a jury at this time but if it is a jury trial the trial time will increase. Also, if this case has equitable claims they may be tried first which could also result in a change in the time of trial. Plaintiff's best estimate at this time Plaintiff would say 3-5 days but it is unknown.

### 2. Defendant Ortiz's Position:

Ortiz contends that total Trial time should take no more than 7 days including no more than 2 days on his Cross Complaint if Williams is in the action and participates.

### 3. Defendant Washworld's Position:

Washworld estimates a trial will take 4-6 days.

### PRETRIAL AND TRIAL DATES:

The parties propose the dates set forth in **Exhibit A** attached hereto.

### TRIAL COUNSEL:

Plaintiff's trial counsel at this time: Andrew K. Alper, Frandzel Robins Bloom

17

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

& Csato, L.C.

Defendant Ortiz's trial counsel: Lisa Mitts Patrick, Esq., Law Office of Lisa Mitts Patrick.

Defendant Washworld's trial counsel: Michael Gannon, Katharine Walton.

**INDEPDENENT EXPERT OR MASTER:**

This is not a case where the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**OTHER ISSUES:**

### 1. Plaintiff's Position:

There are currently Motions to Dismiss filed by Washworld, Inc. for September 22, 2025, and September 29, 2025, and those Motions need to get decided since they will determine the amount of discovery necessary, the parties involved in this case, the necessity of amending the Complaint and Cross-complaint at this time, and the time estimates for trial. Moreover, Plaintiff believes that discovery may be necessary in order to determine the sufficiency of the Motions especially given the lack of evidence provided by Washworld in the Motions to Dismiss.

### 2. Defendant Ortiz's Position:

Possible need for Order for service by publication of Williams individually and/or as agent for West Covina Car Wash if continued attempts at service prove fruitless.

### 3. Defendant Washworld's Position:

Washworld does not believe that the entry of a discovery schedule is appropriate until the Court determines whether it has personal jurisdiction over Washworld. To allow the Parties to discuss timing, Washworld's proposed scheduled is based off the final pretrial conference, which WashWorld requests the Court set after ruling on its pending motions.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

18

**JOINT REPORT OF RULE 26(f) MEETING**

Dated:  August 29, 2025          Respectfully submitted,

                                 **BAKER & HOSTETLER LLP**


                                 By:    */s/ Katharine H. Walton*
                                        Xitlaly Estrada
                                        Ava Claypool
                                        Michael D. Gannon
                                        Katharine H. Walton

                                 *Attorneys for Defendant and Cross Defendant,*
                                 WASHWORLD, INC.

Dated:  August 29, 2025          **FRANDZEL ROBINS BLOOM & CSATO, L.C.**


                                 By:    */s/ Andrew Alper*
                                        Andrew Alper

                                 *Attorneys for Plaintiff* REGIONS BANK d/b/a
                                 ASCENTIUM CAPITAL


Dated:  August 29, 2025          **LAW OFFICE OF LISA MITTS PATRICK**


                                 By:    *(see next page)*
                                        Lisa Mitts Patrick

                                 *Attorneys for Defendant and Cross Claimant*
                                 JOSE RENE ORTIZ

                          **ATTESTATION**

    Pursuant to Civ. L.R. 5-4.3.4, the undersigned hereby attests that all signatories listed above, and on whose behalf this Report is submitted, concur in the Report's content and have authorized its filing.



                                 */s/ Katharine H. Walton*
                                 Katharine H. Walton

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

19

**JOINT REPORT OF RULE 26(f) MEETING**

Dated: August 29, 2025          Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: _____
        Xitlaly Estrada
        Ava Claypool
        Michael D. Gannon
        Katharine H. Walton

*Attorneys for Defendant and Cross Defendant,*
WASHWORLD, INC.

Dated: August 29, 2025          **FRANDZEL ROBINS BLOOM & CSATO, L.C.**

By: _____
        Andrew Alper

*Attorneys for Plaintiff* REGIONS BANK d/b/a
ASCENTIUM CAPITAL

Dated: August 29, 2025          **LAW OFFICE OF LISA MITTS PATRICK**

By: _____
        Lisa Mitts Patrick

*Attorneys for Defendant and Cross Claimant*
JOSE RENE ORTIZ

## ATTESTATION

Pursuant to Civ. L.R. 5-4.3.4, the undersigned hereby attests that all signatories listed above, and on whose behalf this Report is submitted, concur in the Report's content and have authorized its filing.

*/s/ DRAFT*
Katharine H. Walton

19
**JOINT REPORT OF RULE 26(f) REPORT**

## <u>EXHIBIT A</u>

### PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

| Matter | Plaintiff | Defendant Ortiz[4] | Defendant Washworld | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motions to Amend or Add Parties | January 15, 2026 | 10/25/2025* subject to change after Williams is in | 6 weeks after ruling on Washworld's Rule 12 motions | |
| Fact Discovery Cut-Off (including filing of related motions) | April 30, 2026 | 4/25/2026 | 27 weeks before FPTC | |
| Expert Disclosures | June 26, 2026 | 11/25/2025 (Plaintiff) and 1/25/2026 (Defendants) | 26 weeks before FPTC (if necessary) | |
| Rebuttal Expert Disclosures | July 16, 2026 | 2/25/2026 | 24 weeks before FPTC (if necessary) | |
| Expert Discovery Cut-Off (including filing of related motions) | September 1, 2026 | 10/12/2026 | 22 weeks before FPTC (if necessary) | |
| Last date to hear substantive Motions 10:00 a.m. (Mon.) | July 1, 2026 | 5/25/2026 (30 days after close of fact (discovery) FRCP 56 | 11 weeks before FPTC | |
| Deadline to Complete Settlement Conference | April 30, 2026 | 10/12/2026 | 8 weeks before FPTC | |
| Deadline to File Motions in Limine | August 18, 2026 | 10/18/2026 | 6 weeks before FPTC | |

---

[4] Unable to determine these dates since Williams has not yet been served. These are general estimates only assuming he enters forthwith.

20

**JOINT REPORT OF RULE 26(f) MEETING**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| Deadline to File Oppositions to Motions in Limine | September 1, 2026 | 10/28/2026 | 4 weeks before FPTC | |
| Final Pretrial Conference | September 22, 2026 | 9/21/2026 (PreTrial Conf Order 11 days before – 9/10/26) | To be set following ruling on Washworld's 12(b) motions | |
| Trial Filings | September 15, 2026 | 9/28/2026 | 2 weeks before FPTC | |
| Trial Date 9:00 a.m. | September 29, 2026 | 11/2/2026 | To be set following ruling on Washworld's 12(b) motions | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

21

**JOINT REPORT OF RULE 26(f) MEETING**

# CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606.  On August 29, 2025, I served a copy of the within document(s):

## JOINT REPORT OF RULE 26(f) MEETING

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

Andrew K. Alper (SBN 088876)
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone:  323-852-1000
Facsimile:  323-651-2577
Email:      *aalper@frandzel.com*

*Attorneys for Plaintiff*
REGIONS BANK

☑ **BY EMAIL**:  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Lisa Mitts Patrick (SBN 134522)
**LAW OFFICE OF LISA MITTS PATRICK**
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone:  714-990-3693
Facsimile:  657-234-0012
Email:      *lolmp2021@gmail.com*

*Attorneys for Defendant and Cross Defendant*
JOSE RENE ORTIZ

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on August 29, 2025, at Chicago, Illinois.

*/s/ Katharine Walton*
Katharine Walton

22

**JOINT REPORT OF RULE 26(f) MEETING**

# EXHIBIT 3



GO GREEN: Please consider the environment before you print.

From: Walton, Katharine <kwalton@bakerlaw.com>
Sent: Wednesday, October 1, 2025 10:42 AM
To: Andrew Alper <aalper@frandzel.com>; Lisa Patrick <lolmp2021@gmail.com>
Cc: Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
Subject: [EXTERNAL] RE: Reminder to Select Mediator

Andrew,

Per the Court's instructions, Washworld will send an email to ADR_Coordinator@cacd.uscourts.gov, copying all counsel of record.

Washworld's initial disclosures complied with Rule 26 by providing a description of the documents in its possession that it may use to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(a)(ii).

Best,
Kat

From: Andrew Alper <aalper@frandzel.com>
Sent: Wednesday, October 1, 2025 12:29 PM
To: Walton, Katharine <kwalton@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>
Cc: Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
Subject: RE: Reminder to Select Mediator

Ms. Walton, I have no objection even though I had sent an email to you some time ago about mediators and it was ignored. It will also give us the time to review the Answer of Washworld and the documents and information as to WAshworld's defenses especially since no documents were produced by Washworld as stated in the Rule 26 Report to the Court. If you want the extra time then please prepare the stipulation. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:            (323) 852-1000
Facsimile:       (323) 651-2577
E-mail:            aalper@frandzel.com
Web:              www.frandzel.com

1



**GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Wednesday, October 1, 2025 9:54 AM
**To:** Andrew Alper <aalper@frandzel.com>; Lisa Patrick <lolmp2021@gmail.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
**Subject:** [EXTERNAL] FW: Reminder to Select Mediator

Good morning,

Washworld proposes that the parties request a 14-day extension to select a mediator. While Washworld has already started the process of reviewing potential mediators to propose to the group, our client was out of the country, and we will not be in a position to select a mediator by Friday.

May we reach out to ADR_Coordinator@cacd.uscourts.gov indicating that all parties need additional time to complete the process?

Best,
Kat

> **From:** ADR_Reminder@cacd.uscourts.gov <ADR_Reminder@cacd.uscourts.gov>
> **Sent:** Monday, September 29, 2025 4:00 AM
> **To:** AALPER@FRANDZEL.COM; TROBINS@FRANDZEL.COM; LOLMP2021@GMAIL.COM; Estrada, Xitlaly <xestrada@bakerlaw.com>; Walton, Katharine <kwalton@bakerlaw.com>; Gannon, Michael D. <mgannon@bakerlaw.com>
> **Subject:** Reminder to Select Mediator
>
> [External Email: Use caution when clicking on links or opening attachments.]
>
> **Court: United States District Court, Central District of California**
> **Case Number: 2:25-CV-00359**
> **Case Name: Regions Bank v. Car Wash Management, LLC et al**
> **Date of Order: 09/08/2025**
>
> This automated email has been generated because the case listed above has been flagged as one in which the presiding judge ordered the parties to participate in mediation before a member of the Court's Mediation Panel. This email will be sent to every attorney of record or pro se party whose email address is listed on the docket in this case. Anyone receiving this email message who has contact information for a participating attorney or pro se party whose email address is not on the docket should forward this email immediately.
>
> In general, unless the Court sets other deadlines, parties have 21 days from the date of a referral order to select a mediator from the Court's Mediation Panel. (General Order 11-10, § 7.1.) A list of Panel Mediators is available on the Court's website at www.cacd.uscourts.gov/attorneys/adr/list-panel-mediators. Once a mediator has been selected, the parties should file a form Stipulation Regarding Selection of Mediator (ADR-002). If the parties do not file a Stipulation Regarding Selection of Mediator (ADR-02) within 21 days of the referral order, the ADR Program is required to assign a Panel Mediator to the case. (General Order 11-10, § 7.1.) If the parties are unable to agree on a mediator, the Stipulation Regarding Selection of Mediator (ADR-02) may be used to request that the ADR Program assign a mediator with expertise in an identified area of law.

Please check the deadlines set by the judge in your case. If this case has been referred to the Court's Mediation Panel, and more than 21 days have passed since the date of the referral, please file your Stipulation Regarding Selection of Mediator (ADR-02) immediately if you have not already done so. If the parties are working together to choose a mediator and need additional time to complete the process, you may request that the ADR Program delay making an assignment. To do so, send your request for an extension to ADR_Coordinator@cacd.uscourts.gov, copying all counsel of record and pro se parties who have appeared in the case. If you do not either file your Stipulation Regarding Selection of Mediator (ADR-02) or request additional time in which to do so within 7 days of this email, the ADR Program will begin the process of finding a Panel Mediator to assign to your case.

This email was generated automatically based on the Court's initial referral order. If you have recently filed a Stipulation Regarding Selection of Mediator (ADR-02) or if other intervening events have made assignment of a Panel Mediator unnecessary, no further action is required in response to this email.

Please direct questions about the ADR Program to the ADR Program Office at ADR_Coordinator@cacd.uscourts.gov.

Please do not reply to this email. This is not a monitored email box.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

# EXHIBIT 4

Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendants.<br><br>JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, CAR WASH MANAGEMENT, LLC,, a Delaware Limited Liability Company, | Case No. 2:25-cv-00359 CAS (KSx)<br><br>**PLAINTIFF REGIONS BANK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AND CROSS-DEFENDANT WASHWORLD, INC.** |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5696209v1 | 100287-0289

1

CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WASHWORLD, INC., a Wisconsin Corporation, and ROES 1 to 35, inclusive,

Cross Defendants.

PROPOUNDING PARTY:    REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL

RESPONDING PARTY:    WASHWORLD, INC., a Wisconsin corporation

SET NO.:    ONE

Plaintiff Regions Bank, an Alabama State Bank dba Ascentium Capital, LLC ("Plaintiff") requests that Defendant and Cross-defendant Washworld, Inc. (the "Defendant") provide a written response to the first set of Requests for Production of Documents and produce and permit inspection and copying of the documents listed in this Request pursuant to Fed. R. Civ. P. 34, within 30 days of service of this request. Plaintiff further requests YOU produce the documents described below at the offices of Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, California 90017, at 10:00 a.m. on October 15, 2025. Alternatively, the documents described below may be produced by mail so long as the documents are received by counsel for Plaintiff by 10:00 a.m. on October 15, 2025, at the office of Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, California 90017.

## DEFINITIONS

1.    The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT or DOCUMENTS shall include, but is not limited to, books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

2.     The term "COMMUNICATIONS" as used herein shall mean and refer to any oral or written communication or contact between two or more persons, including, without limitation, written contact by such means as a letter, memorandum, telegram, telex, or any other DOCUMENTS, and oral contact, heard or overheard, by

5696209v1 | 100287-0289

3

such means as a face-to-face meeting, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

3. The terms "PERSON" and "PERSONS," as used herein, means and includes natural persons, partnerships, consortiums, joint ventures, and every other form of legally recognized entity, including corporations.

5. The terms "YOU" and "YOUR" refer to Defendant [and Cross-Defendant], Washworld, Inc., a Wisconsin corporation and to each of its partners, agents, employees, attorneys, representatives, predecessors, successors, accountants, and all other PERSONS or entities acting or purporting to act on its behalf.

6. The term "ASCENTIUM" refers to Plaintiff, Regions Bank, an Alabama State Bank dba Ascentium Capital.

7. The term "COMPLAINT" refers to the COMPLAINT filed by ASCENTIUM in the instant action on January 14, 2025.

8. The term "CWM" refers to Defendant CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company.

9. The term "ORTIZ" refers to Defendant Jose Rene Ortiz.

10. The term "CONSERVE" refers to Conserve Fuels or any other customer with the first name of Conserve.

11. The term "WILLIAMS" refers to Defendant Andrew Paul Williams.

12. The term "RELATING TO" means evidencing, supporting, alluding, responding, concerning, memorializing, referring, constituting, containing, discussing, describing, depicting, embodying, reflecting, describing (in full or in part), regarding, identifying, mentioning, stating, connected with, in respect of, commenting on, showing, analyzing, or otherwise relating to in any way, in whole or in part, the subject matter referred to in the request for production.

13. The term "RULE 26 REPORT" refers to the DOCUMENT attached hereto as Exhibit "1"

14. The term "DECLARATION OF ZACH JENSEN" refers to the

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Declaration attached hereto as Exhibit "2" which was filed in support of YOUR Motion to Dismiss COMPLAINT.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS by and between YOU and CWM from January 1, 2023, to the present.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS for any order of equipment placed by CWM from YOU from January 1, 2023, to the present.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and CWM from January 1, 2023 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS evidencing the receipt of any monies received by YOU from ASCENTIUM.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS, including but not limited to, emails between YOU and ASCENTIUM from January 1, 2023, to the present.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and ASCENTIUM, including but not limited to the Funding Instructions, Exhibit 4 to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS between YOU and WILLIAMS from January 1, 2023, to the present.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and WILLIAMS.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS between YOU and ORTIZ.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and ORTIZ.

**REQUEST FOR PRODUCTION NO. 11:.**

Any and all DOCUMENTS between YOU and CONSERVE.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and CONSERVE.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all distributor agreements between YOU and CWM as referred to in the Declaration of Zach Jensen.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all commission forms between YOU and CWM from January 1, 2023 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS setting forth YOUR approval process to become one of YOUR distributors including, but not limited to, documents that must be submitted by a potential distributor and whether YOU conduct an on site visit of the potential distributor's place of business.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS setting forth YOUR procedures as to how orders submitted by one of YOUR distributors are approved by YOU..

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS setting forth the training procedures YOU provide to YOUR distributors including where and how the training occurs.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS that YOU provide to YOUR distributors so they can sell equipment manufactured and/or distributed by YOU, including, but not limited to order forms, promotional materials and product displays.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS reflecting any repairs to any equipment manufactured or sold by YOU in the State of California.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS reflecting how YOU disbursed any monies received by YOU from ASCENTIUM to any other third parties including, but not limited to, CVW, Williams, and Conserve whether pursuant to the terms of the Funding Instructions, Exhibit 4 to the COMPLAINT, or otherwise.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS and COMMUNICATIONS as to who advised YOU and what was said as to how to disburse the monies YOU received from ASCENTIUM pursuant to the terms of the Funding Instructions, Exhibit 4 to the COMPLAINT, or otherwise.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS reflecting any equipment that YOU delivered to CONSERVE as a result of YOUR receipt of monies from ASCENTIUM pursuant to the terms of the Funding Instructions, Exhibit 4 to the COMPLAINT, or otherwise.

**REQUEST FOR PRODUCTION NO. 23**

Any and all DOCUMENTS and COMMUNICATIONS referred to as evidence in the RULE 26 REPORT.

**REQUEST FOR PRODUCTION NO. 24**

Any and all **DOCUMENTS and COMMUNICATIONS** which are the foundation for any of the evidence set forth in the DECLARATION OF ZACH JENSEN.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**REQUEST FOR PRODUCTION NO. 25**

Any and all **DOCUMENTS** evidencing or **RELATING TO** the duties and responsibilities of a Distributor of **YOUR** products, goods and services.

DATED: September 11, 2025          FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____

ANDREW K. ALPER
Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5696209v1 | 100287-0289

8

PLAINTIFF REGIONS BANK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WASHWORLD, INC

# EXHIBIT 1

Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: *xestrada@bakerlaw.com*
*aclaypool@bakerlaw.com*

Michael D. Gannon *(Pro Hac Vice)*
Katharine H. Walton *(Pro Hac Vice)*
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: 312-416-6200
Email: *mgannon@bakerlaw.com*
*kwalton@bakerlaw.com*

*Attorneys for Defendant and Cross Defendant* WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive, <br><br> Defendants. | Case No.: 2:25-cv-00359-CAS-KS <br><br> **WASHWORLD, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)** <br><br> Case Filed: January 14, 2025 |
| JOSE RENE ORTIZ, <br><br> Cross Complainant, <br><br> v. <br><br> ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive, <br><br> Cross Defendants. | |

DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)
CASE NO.: 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendant and Cross Defendant Washworld, Inc. ("Washworld") makes the following disclosures under Fed. R. Civ. P. 26(a)(1) based on information that is now reasonably available.

The information contained herein and any documents identified, described, or produced are based only upon information presently available to Washworld and are given in a good faith effort to comply with Rule 26(a)(1). These Initial Disclosures are, therefore, made without prejudice to Washworld's right to produce, pursuant to the Federal Rules of Civil Procedure, any information which may subsequently be discovered or determined to be relevant to the subject matter of this action. These Initial Disclosures should not be construed as prejudicing or in any way limiting Washworld with respect to further discovery, research, analysis, or proof.

Each of the following Initial Disclosures is made subject to any and all objections, including but not limited to competency, materiality, relevancy, admissibility, or any other grounds that would require their exclusion in any proceeding. Any and all such objections and grounds are expressly reserved and may be interposed at the time of the trial. Washworld generally asserts the attorney-client privilege and the work product doctrine as to any and all relevant documents which may exist and which are subject to those privileges and doctrines. To the extent any such Initial Disclosure contains or refers to matters otherwise protected from discovery by the attorney-client privilege or the work product doctrine, no waiver is intended, nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged; nor is the relevancy of any such matter conceded.

Except for the explicit facts stated herein, no incidental or implied admissions are intended. Washworld has submitted these Initial Disclosures solely in compliance with Rule 26(a)(1), and these Initial Disclosures are solely for the purpose of and in relation to this action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.      Rule 26(a)(1)(A)(i) - Individuals

1.      Andrew Williams, Car Wash Management. Mr. Williams is likely to have discoverable information about the Equipment Finance Agreement, January 2024 order for equipment, funds placed in escrow, and the underlying fraud.

2.      Travis Beaudoin, Car Wash Management. Mr. Beaudoin has discoverable information relating to Car Wash Management's January 2024 order and March 2024 request to add additional equipment, as well as the delivery of the equipment.

3.      Jose Rene Ortiz. Mr. Ortiz may be contacted through his counsel.  Mr. Ortiz has discoverable information relating to Equipment Financing Agreement, personal guarantees, Car Wash Management's fraud, and Car Wash Management's January 2024 order and March 2024 modification, and Washworld's delivery of equipment.

4.      Jim Koch, Director of National Accounts, Washworld, who may be contacted through undersigned counsel.  Mr. Koch has discoverable information regarding the January 2024 order and March 2024 modification, delivery of equipment, as well as the escrow payment to Car Wash Management and Washworld's order procedure.

5.      Jon Tycskowski, Controller, Washworld, who may be contacted through undersigned counsel.  Mr. Tycskowski has discoverable information regarding the Ascentium funding instructions, January 2024 order, and escrow payment.

6.      Abby Lamine, Sales Administrative Assistant, Washworld, who may be contacted through undersigned counsel.  Ms. Lamine has discoverable information regarding January 2024 order, escrow payment, and delivery of equipment.

7.      Richard Andreas, Vice President Sales & Marketing, Washworld, who may be contacted through undersigned counsel.  Mr. Andreas has discoverable information regarding the escrow payment sent to Car Wash Management, Washworld's order procedure, and distributor relationships.

8.     Josh Theyel, former Distributor Sales Support, Washworld. Mr. Theyel has discoverable information regarding Washworld sales support, the ACH payment from Ascentium, and Car Wash Management's January 2024 order.

9.     Employees of Regions Bank d/b/a Ascentium Capital, who may be contacted through its counsel. Ascentium employees have discoverable information regarding the Equipment Financing Agreement, addendum, and any due diligence performed by Ascentium, the personal guarantees, the order form provided by Car Wash Management, and ACH payment.

10.     Any witness identified by Plaintiff.

11.     Any witness identified by Defendant and Cross-Complainant Ortiz.

12.     Any person identified during the course of discovery.

## II.     Rule 26(a)(1)(A)(ii) – Documents

Washworld identifies the following documents in its possession, custody, or control that it may use to support its defenses to Plaintiff's and Ortiz's claims:

1.     Email correspondence, including attachments, related to Car Wash Management's January 2024 order.

2.     Order estimates for Car Wash Management's January 2024 order.

3.     Commission forms related to Car Wash Management's January 2024 order.

4.     ACH Payment from Ascentium.

5.     Email correspondence related to Ascentium's May 2024 inquiry regarding the ACH payment.

## III.     Rule 26(a)(1)(A)(iii) – Damages

Washworld is not claiming damages at this time, but reserves its right to do so in the future.

## IV.     Rule 26(a)(1)(A)(iv) – Insurance Agreement

Washworld is currently not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

action or to indemnify or reimburse for payments made to satisfy the judgment, if a judgment were rendered against Washworld on Plaintiff's or Ortiz's claims in this action.

Dated: September 8, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Katharine H. Walton*
     Xitlaly Estrada
     Ava Claypool
     Michael D. Gannon
     Katharine H. Walton

*Attorneys for Defendant and Cross Defendant,* WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

## CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606.  On September 8, 2025, I served a copy of the within document(s):

**DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)**

☑ **BY EMAIL**:  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876) <br> **FRANDZEL ROBINS BLOOM & CSATO, L.C.** <br> 1000 Wilshire Boulevard, Nineteenth Floor <br> Los Angeles, CA 90017 <br> Telephone:  323-852-1000 <br> Facsimile:  323-651-2577 <br> Email:  *aalper@frandzel.com* | *Attorneys for Plaintiff* <br> REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522) <br> **LAW OFFICE OF LISA MITTS PATRICK** <br> 112 E. Amerige Ave., Suite 313 <br> Fullerton, CA 92832 <br> Telephone:  714-990-3693 <br> Facsimile:  657-234-0012 <br> Email:  *lolmp2021@gmail.com* | *Attorneys for Defendant and Cross Defendant* <br> JOSE RENE ORTIZ |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on September 8, 2025, at Chicago, Illinois.

_/s/ Katharine Walton_
Katharine Walton

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6

# EXHIBIT 2

Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-442-8878
Email:     *xestrada@bakerlaw.com*
           *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: 312-416-6200
Email:     *mgannon@bakerlaw.com*
           *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,

Plaintiff,

v.

CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,
                    Defendants.

_____

JOSE RENE ORTIZ,

              Cross Complainant,

v.

ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to 35, inclusive,

              Cross Defendants.

Case No.: 2:25-cv-00359-CAS-KS

**DECLARATION OF ZACH JENSEN**

**(1)  NOTICE OF MOTION AND MOTION**

**(2)  MEMORANDUM OF POINTS AND AUTHORITIES**

**(3)  [PROPOSED] ORDER**

DATE:       September 29, 2025
TIME:       10:00 AM
CTRM:       8D

# DECLARATION OF ZACH JENSEN

I, Zach Jensen, declare as follows:

1. I am the Chief Operating Officer of Washworld, Inc. ("Washworld"), a manufacturer of car wash equipment. Washworld is a Wisconsin corporation with its principal place of business in the State of Wisconsin.

2. This declaration is being made in support of Washworld's Motion to Dismiss Cross Complainant Jose Rene Ortiz's Cross Complaint.

3. In my position as Chief Operating Officer, I have personal knowledge of the business operations and records of Washworld, including its relationship with its distributors. The facts set forth in the declaration are based on my knowledge, background, and experience as the Chief Operating Officer. If called to testify as to the facts set forth herein, I could and would competently testify thereto. As to any matter stated herein on information and belief, I am informed and believe them to be true.

## Washworld's Lack of California Contacts

4. Washworld is a corporation formed in, and under the laws of, the State of Wisconsin, with its headquarters in De Pere, Wisconsin.

5. Washworld does not have any offices, warehouses, factories, or places of business in the State of California and does not maintain a phone number, facsimile number, or mailing address in the State of California.

6. Washworld does not have any bank accounts located in the State of California.

7. Washworld does not have any employees in the State of California.

8. Between April 2023 to December 2024, Washworld's revenue from California represented approximately 7.53% of its total revenue over that period.

9. Washworld's witnesses primarily live and work in Wisconsin, and the records relevant to this action are located at Washworld's Wisconsin headquarters.

1

## Distributor Relationships

10. Washworld provides equipment to distributors for resale. Of Washworld's 104 active distributors, only five distributors are in California. This represents approximately 4.8% of Washworld's total distributors.

11. Washworld does not enter into contracts with these distributors.

12. Although Washworld distributors have access to the Washworld order form, the distributors are not Washworld's agents, nor do distributors have the ability to place orders without first submitting them to Washworld for review and approval.

13. Orders do not become final until they are accepted by the distributor and Washworld.

14. Car Wash Management, LLC ("Car Wash Management") was one of Washworld's distributors. In 2023, Car Wash Management's orders represented 1.57% of Washworld's total sales, and in 2024, Car Wash Management's orders represented 1.85% of Washworld's total sales.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 15, 2025 at De Pere, Wisconsin.

Signed by:

*Zach Jensen*

B81E700F7D37450...

Zach Jensen

2

DECLARATION OF ZACH JENSEN
CASE NO.: 2:25-CV-00359-CAS-KS

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.
Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On September 11, 2025, I served true copy(ies) of the **PLAINTIFF REGIONS BANK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AND CROSS-DEFENDANT WASHWORLD, INC.**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: rsantamaria@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September 11, 2025, at Los Angeles, California.

_____
Rebecca Santamaria

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1

PLAINTIFF REGIONS BANK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WASHWORLD, INC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton (pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606-2859 | Tel:   312-416-8187<br>Email:      mgannon@bakerlaw.com<br>      kwalton@bakerlaw.com<br><br>Attorney for Defendant Washworld. Inc. |
| Xitlaly Estrada<br>Ava Claypool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301 | Tel:   310-442-8878<br>Email:      xestrada@bakerlaw.com<br>      aclaypool@bakerlaw.com<br><br>Attorney for Defendant Washworld. Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>122 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: (714) 990- 3693<br>Fax: (657) 234 - 0012<br>Email:      lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |

5696209v1 | 100287-0289

2

PLAINTIFF REGIONS BANK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WASHWORLD, INC

# EXHIBIT 5

Xitlaly Estrada (SBN 333403)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:    *xestrada@bakerlaw.com*
          *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago , IL 60606
Telephone:  312-416-6200
Email:    *mgannon@bakerlaw.com*
          *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSE RENE ORTIZ,
Bank dba ASCENTIUM CAPITAL,

                              Plaintiff,

        v.

ANDREW PAUL WILLIAMS, aka
ANDREW P. WILLIAMS, aka
ANDREW WILLIAMS, an individual,
CAR WASH MANAGEMENT, LLC,,
a Delaware Limited Liability Company,
,

                              Defendants.

—————————————————————

JOSE RENE ORTIZ,

                 Cross Complainant,

        v.

ANDREW PAUL WILLIAMS, CAR
WASH MANAGEMENT, LLC, CAR
WASH MANAGEMENT, LLC,
WASHWORLD, INC., and DOES 1 to
35, inclusive,

                 Cross Defendants.

Case No. 2:25-CV-00359 CAS-KS)

**DEFENDANT WASHWORLD, INC.'S RESPONSES TO ASCENTIUM'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS, SET ONE**

WASHWORLD, INC.,

                Counter Plaintiff,

    v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

                Counter Defendant.

WASHWORLD, INC.,

                Cross Complainant,

    v.

CAR WASH MANAGEMENT, LLC,

                Cross Defendant.

**PARTY:**                REGIONS BANK, dba ASCENTIUM CAPITAL

**RESPONDING PARTY:**    WASHWORLD, INC.

**SET NO.:**          ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedures, Defendant Washworld Inc. ("Washworld") hereby objects to Plaintiff Regions Bank d/b/a Ascentium Capital's ("Ascentium") Requests for Production of Documents, Set One (the "Request" or "Requests"), as follows:

### PRELIMINARY STATEMENT

Washworld has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The objections contained herein are based only upon the information and documentation presently available and known to Washworld. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these objections. Accordingly, Washworld reserves the right to modify its objections herein based upon subsequently ascertained or developed information, documentation, facts and contentions. These objections should not be construed to prejudice Washworld's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Washworld's right to utilize any additional evidence that may be developed.

By making these objections, Washworld does not concede that the information sought is relevant. Each of these objections is based on Washworld's understanding of each individual Request herein. To the extent that Ascentium asserts an interpretation of any Request that is inconsistent with Washworld's understanding, Washworld reserves the right to supplement or amend its objections as appropriate.

The objections or responses are made without intending to waive or waiving but, on the contrary, intending to preserve and preserving: (1) the right to raise in any subsequent proceeding or in the trial of this or any other action all questions of

3

relevancy, materiality, privilege, and evidentiary admissibility of any response herein; (2) the right to object on any ground to the use or introduction into evidence of said Requests responses in any subsequent proceeding or in the trial of this or any other action on any ground; (3) the right to object on any ground at any time to Requests or other discovery involving said responses or the subject matter thereof; and (4) the right to seek entry of an appropriate protective order.

## RECURRING OBJECTIONS

Washworld's objections and responses to each of the Requests is subject to the Recurring Objections set forth below. These Recurring Objections form a part of the specific objections to each of the Requests below and are set forth herein to avoid the duplication and repetition involved in restating them therein. These Recurring Objections may be referenced specifically in response to certain Requests for the purpose of clarity; however, the failure to specifically incorporate a Recurring Objection is not intended and shall not be construed as a waiver of the objection:

1.      Washworld objects to each of the Requests and the definitions contained therein to the extent they seek information and documents protected from disclosure by various privileges, including, but not limited to, the attorney-client privilege and/or attorney work-product doctrines, all privileges set forth in the Federal Rules of Evidence, state or federal trade secret law, and any other applicable statutory, common law, or constitutional privileges. Nothing contained in these responses is intended to be, or should be construed as, a waiver of the attorney-client privilege, the attorney work product doctrine or any other applicable law, rule, privilege or immunity.

2.      Washworld objects that Ascentium's definition of the term "YOU" and "YOUR" is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that these terms are defined to include "its partners, agents,

4

employees, attorneys, representatives, predecessors, successors, accountants, and all other PERSONS or entities acting or purporting to act on its behalf." Washworld further objects to the extent that the definition purports to bring within its meaning Washworld's legal counsel who are properly excluded from discovery pursuant to the attorney-client privilege, work-product doctrine, and any other applicable privilege or immunity.  Washworld will interpret these words to mean Washworld and its employees.

3.      Washworld objects to the timeframe in each of the Requests as overbroad and unduly burdensome. The underlying events occurred in February 2023 and January to March 2024, and the Requests either fail to specify a time period or seek requests for an almost three-year period.

4.      Washworld objects to each of the Requests and the definitions contained therein to the extent each is not reasonably particularized, overbroad, unduly burdensome, harassing and oppressive, and/or seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5.      Washworld objects to each of the Requests and the definitions contained therein to the extent they are vague and ambiguous in that the manner in which specific Requests are phrased creates confusion given the issues involved in the litigation.

6.      Washworld objects to each of the Requests and the definitions contained therein to the extent they seek information and/or documents that are confidential or proprietary, or that constitute a trade secret.  If Washworld provides such information and/or documents, it will do so only subject to and following the

5

entry of an appropriate protective order restricting the use and disclosure of such information and/or documents.

7.    Washworld objects that the Requests are unduly burdensome, oppressive, and harassing to the extent that they seek information and/or documents that are publicly available and/or equally available to Ascentium and/or already in Ascentium's possession, custody, or control.    Washworld reserves the right to produce additional material that may in the future come to its attention or become available, and to use such information in any hearing or proceeding in this matter. Washworld further reserves the right to supplement or amend these responses upon, among other things: further investigation, discovery of additional facts, discovery of additional persons with relevant material, developments in this action or other proceedings or the rebuttal of any of Ascentium's evidence in this case.

8.    Washworld objects to each of the Requests and the definitions contained therein to the extent compliance would require retrieval of electronically-stored information ("ESI") that is not reasonably accessible due to undue burden or cost, pursuant to Fed. R. Civ. P. 26(b)(2)(B).

9.    Washworld objects to producing documents prior to the entry of a protective order.

10.    Washworld has not completed its discovery, investigation, or trial preparation in this case.    Therefore, these Recurring Objections are made without prejudice to Washworld's right to present additional evidence, objections, or contentions in this action based upon information hereinafter obtained or evaluated. Washworld reserves the right to supplement or amend its responses and objections or to present additional evidence of contentions at a later date.

11.    All additional objections are reserved and may be interposed at the time of trial or at any other time.    Washworld is not making any incidental or implied admissions herein.    The fact that Washworld has objected to any of the Requests

should not be taken as an admission that it admits the existence of any fact set forth in or assumed by the Requests, or that it constitutes admissible evidence. The fact that Washworld has objected to any of the Requests is not intended, nor shall be construed, to be a waiver by it of all or any part of any objection to any of the Requests.

## RESPONSES TO DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS by and between YOU and CWM from January 1, 2023, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The time range in the request for "Any and all DOCUMENTS" between Washworld and Car Wash Management begins over a year before the underlying events in this case occurred. The Request is not reasonably limited in scope or time, and seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce

non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order. Pursuant to Fed. R. Civ. P 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS for any order of equipment placed by CWM from January 1, 2023, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The time range in the Request for "Any and all DOCUMENTS for any order of equipment placed by CWM" begins over a year before the underlying events in this case occurred. The Request is not reasonably limited in scope or time, and seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld objects to this Request as duplicative of Request No. 1. See Washworld's response to Request No. 1. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry

8

of a protective order. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and CWM from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The time range in the Request for "any and all documents evidencing any COMMUNICATIONS between YOU and CWM" begins over a year before the underlying events in this case occurred. The Request is not reasonably limited in scope or time, and seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld objects to this Request as duplicative of Requests No. 1 and 2. See Washworld's responses to Requests No. 1 and 2. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry

of a protective order. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS evidencing the receipt of any monies received by YOU from ASCENTIUM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that is overbroad, vague, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request for "Any and all DOCUMENTS evidencing the receipt of any monies received by YOU from ASCENTIUM" over an unspecified time period lacks reasonable limitations in scope and subject matter. Washworld further objects on the ground that the documents sought are equally available to Ascentium. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry

10

of a protective order. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS, including but not limited to, emails between YOU and ASCENTIUM from January 1, 2023, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The time range in the Request for "Any and all DOCUMENTS, including but not limited to, emails between YOU and ASCENTIUM" begins over a year before the underlying events in this case occurred. The Request is not reasonably limited in scope or time, and seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects on the ground that the documents sought are equally available to Ascentium. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2023 through February 28, 2023 related to the Funding Instructions and January 1, 2024 through November 30, 2024 related to Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry

of a protective order. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Washworld is withholding based on its objections.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and ASCENTIUM, including but not limited to the Funding Instructions, Exhibit 4 to the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and ASCENTIUM" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld objects to this Request as duplicative of Requests No. 4 and 5. See Washworld's responses to Requests No. 4 and 5. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects on the ground that the documents sought are equally available to Ascentium. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2023 through February 28, 2023 related to the Funding Instructions and January 1, 2024 through

12

November 30, 2024 related to Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Washworld is withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS between YOU and WILLIAMS from January 1, 2023, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The time range in the request for "Any and all DOCUMENTS" between Washworld and Williams begins over a year before the underlying events in this case occurred. The Request is not reasonably limited in scope or time, and seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects to this Request as duplicative of Requests No. 1, 2, and 3, as Williams was an employee of Car Wash Management. See Washworld's Responses to Nos. 1, 2, and 3. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce

non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order. Pursuant to Fed. R. Civ. P 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and WILLIAMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS evidencing COMMUNICATIONS" between Washworld and Williams covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects to this Request as duplicative of Requests No. 1, 2, 3, and 7, as Williams was an employee of Car Wash Management. See Washworld's Responses to Nos. 1, 2, 3, and 7. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry

of a protective order. Pursuant to Fed. R. Civ. P 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS between YOU and ORTIZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS" between Washworld and Ortiz covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects to this Request as duplicative of Requests No. 1, 2, and 3, as Ortiz was an employee of Car Wash Management. See Washworld's Responses to Nos. 1, 2, and 3. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry

of a protective order.  Pursuant to Fed. R. Civ. P 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and ORTIZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).  The Request for "Any and all DOCUMENTS evidencing COMMUNICATIONS" between Washworld and Ortiz covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects to this Request as duplicative of Requests No. 1, 2, 3, and 9 as Ortiz was an employee of Car Wash Management. See Washworld's Responses to Nos. 1, 2, 3, and 9. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry

of a protective order. Pursuant to Fed. R. Civ. P 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS between YOU and CONSERVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS" between Washworld and Conserv Fuels covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information.  Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will conduct a reasonable search and will produce non-privileged, responsive documents to the extent that they exist and are within its possession, custody, or control, related to the Conserv Fuels transaction between January 1, 2024 through March 31, 2024.

Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS evidencing any COMMUNICATIONS between YOU and CONSERVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS evidencing any COMMUNICATIONS" between Washworld and Conserv Fuels covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects to this Request as duplicative of Request No. 11. See Washworld's Response to No. 11. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will conduct a reasonable search and will produce non-privileged, responsive documents to the extent that they exist and are within its possession, custody, or control, related to the Conserv Fuels transaction between January 1, 2024 through March 31, 2024.

Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all distributor agreements between YOU and CWM as referred to in the Declaration of Zach Jensen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds it is premised on assumptions and misstatements of fact. The Jensen Declaration states that Washworld "does not enter into contracts with these distributors." (ECF No. 67-1 ¶ 11.) Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld states that no documents responsive to this request exist.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all commission forms between YOU and CWM from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The time range in the Request for "Any and all commission forms between YOU and CWM" begins over a year before the underlying events in this case occurred. The Request is not reasonably limited in scope or time, and seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld objects to this Request as duplicative of Request No. 2.

See Washworld's response to Request No. 2. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS setting forth YOUR approval process to become one of YOUR distributors including, but not limited to, documents that must be submitted by a potential distributor and whether YOU conduct an on site visit of the potential distributor's place of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS setting forth YOUR approval process to become one of YOUR distributors" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks documents concerning the distributor approval processes, which are not tied to the

specific transaction or dispute at issue in this litigation. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld responds that it will meet and confer with Ascentium on the relevance of this information and attempt to agree on a limited, relevant, and manageable scope of information, subject to the entry of a protective order. Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS setting forth YOUR procedures as to how orders submitted by one of YOUR distributors are approved by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS setting forth YOUR procedures as to how orders submitted by one of YOUR distributors are approved by YOU" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld

21

further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will conduct a reasonable search and will produce non-privileged, responsive documents to the extent that they exist and are within its possession, custody, or control. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order. Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS setting forth the training procedures YOU provide to YOUR distributors including where and how the training occurs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS setting forth the training procedures YOU provide to YOUR distributors" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks documents concerning the distributor training procedures, which are not tied to the specific transaction or dispute at issue in this litigation. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly

burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld responds that it will meet and confer with Ascentium on the relevance of this information and attempt to agree on a limited, relevant, and manageable scope of information, subject to the entry of a protective order. Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS that YOU provide to YOUR distributors so they can sell equipment manufactured and/or distributed by YOU, including, but not limited to order forms, promotional materials and product displays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS that YOU provide to YOUR distributors so they can sell equipment manufactured and/or distributed by YOU" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks documents concerning promotional materials and product displays, which are not tied to the specific transaction or dispute at issue in this litigation. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of

documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld responds that it will meet and confer with Ascentium on the relevance of this information and attempt to agree on a limited, relevant, and manageable scope of information, subject to the entry of a protective order. Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS reflecting any repairs to any equipment manufactured or sold by YOU in the State of California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS reflecting any repairs to any equipment manufactured or sold by YOU in the State of California" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks documents concerning the repairs to "any equipment manufactured or sold" by Washworld, which are not tied to the specific transaction or dispute at issue in this litigation. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects that the Court has already ruled on personal jurisdiction, and documents related to repairs "to any

equipment manufactured or sold by YOU in the State of California" has no bearing on this litigation. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will not produce documents responsive to this request. Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS reflecting how YOU disbursed any monies received by YOU from ASCENTIUM to any other third parties including, but not limited to, CVW, Williams, and Conserve whether pursuant to the terms of the Funding Instructions, Exhibit 4 to the COMPLAINT, or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS reflecting how YOU disbursed any monies received by YOU from ASCENTIUM to any other third parties" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks documents concerning disbursement of funds to third parties regardless of any relationship to the specific transaction or dispute at issue in this litigation. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome

given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will conduct a reasonable search and will produce non-privileged, responsive documents to the extent that they exist and are within its possession, custody, or control, related to the Conserv Fuels transaction between January 1, 2024 through March 31, 2024. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order. Washworld responds that it will meet and confer with Ascentium on the relevance of any other information and attempt to agree on a limited, relevant, and manageable scope of information, subject to the entry of a protective order. Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS and COMMUNICATIONS as to who advised YOU and what was said as to how to disburse the monies YOU received from ASCENTIUM pursuant to the terms of the Funding Instructions, Exhibit 4 to the COMPLAINT, or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that is overbroad, vague, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS and COMMUNICATIONS as to who advised YOU and what was said as to how to disburse the monies YOU received from ASCENTIUM" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific

26

transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS reflecting any equipment that YOU delivered to CONSERVE as a result of YOUR receipt of monies from ASCENTIUM pursuant to the terms of the Funding Instructions, Exhibit 4 to the COMPLAINT, or otherwise

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS reflecting any equipment that YOU delivered to CONSERVE as a result of YOUR receipt of monies from ASCENTIUM" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The Request seeks information that is neither relevant nor necessary to resolve the claims or defenses in this matter. Washworld further objects to the deadline for production as unduly burdensome given the

27

volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce responsive documents related to the Conserv Fuels transaction between January 1, 2024 through March 31, 2024. Washworld will produce non-privileged, responsive documents on a rolling basis within 90 days of the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS and COMMUNICATIONS referred to as evidence in the RULE 26 REPORT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is unduly burdensome to the extent that it seeks "Any and all DOCUMENTS and COMMUNICATIONS referred to as evidence in the RULE 26 REPORT" that were not identified by Washworld. Washworld will interpret this Request to mean the evidence Washworld identified on page 14 of the Parties' Joint Rule 26(f) report. (ECF No. 72.) Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will produce non-privileged, responsive documents after a reasonable search on a rolling basis within 90 days of the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS and COMMUNICATIONS which are the foundation for any of the evidence set forth in the DECLARATION OF ZACH JENSEN.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). Washworld further objects on the grounds that Washworld submitted the Declaration of Zach Jensen for the limited purpose presenting evidence tied to Washworld's presence in California in connection with its argument against the exercise of personal jurisdiction. The Court has already ruled on personal jurisdiction, (ECF No. 86), so the Request for "Any and all DOCUMENTS and COMMUNICATIONS which are the foundation for any of the evidence set forth in the DECLARATION OF ZACH JENSEN" is not tied to any current dispute in this litigation. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information.  Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld will not produce documents responsive to this request. Washworld is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS evidencing or RELATING TO the duties and responsibilities of a Distributor of YOUR products, goods and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**: In addition to Washworld's Recurring Objections set forth above, which are incorporated herein

by reference as though set forth in full herein, Washworld further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Request for "Any and all DOCUMENTS evidencing or RELATING TO the duties and responsibilities of a Distributor of YOUR products, goods and services" covers an unspecified time period, which lacks reasonable limitations in scope and subject matter. The terms "duties and responsibilities" are vague and ambiguous. The Request seeks documents concerning distributor responsibilities related to Washworld products, goods, and services, which are not tied to the specific transaction or dispute at issue in this litigation. Washworld further objects that to this Request on the ground it seeks confidential and proprietary information. Washworld further objects on the grounds that the Request seeks a large volume of documents unrelated to the specific transaction at issue, imposing an undue burden on Washworld. Washworld further objects to the deadline for production as unduly burdensome given the volume of documents sought. Washworld further objects to producing documents prior to the entry of a protective order.

Subject to and without waiving the foregoing objections, Washworld responds that it will meet and confer with Ascentium on the relevance of this information and attempt to agree on a limited, relevant, and manageable scope of information, subject to the entry of a protective order. Washworld is withholding documents based on these objections.

DEFENDANT WASHWORLD, INC.'S RESPONSES TO ASCENTIUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 2:25-CV-00359 CAS-KS)

Dated: October 14, 2025      **BAKER & HOSTETLER LLP**


By: */s/ Katharine Walton*
   Xitlaly Estrada
   Michael Gannon (*pro hac vice*)
   Katharine H. Walton (*pro hac vice*)

*Attorneys for Defendant*
WASHWORLD, INC.

DEFENDANT WASHWORLD, INC.'S RESPONSES TO ASCENTIUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 2:25-CV-00359 CAS-KS

# CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On October 14, 2025, I served a copy of the within document(s):

## DEFENDANT WASHWORLD, INC.'S RESPONSES TO ASCENTIUM'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS, SET ONE

☑ **BY EMAIL**:  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876)<br>**FRANDZEL ROBINS BLOOM &**<br>**CSATO, L.C.**<br>1000 Wilshire Boulevard, Nineteenth Floor<br>Los Angeles, CA 90017<br>Telephone:  323-852-1000<br>Facsimile:  323-651-2577<br>Email:     *aalper@frandzel.com* | *Attorneys for Plaintiff*<br>REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522)<br>**LAW OFFICE OF LISA MITTS**<br>**PATRICK**<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832<br>Telephone:  714-990-3693<br>Facsimile:  657-234-0012<br>Email:     *lolmp2021@gmail.com* | *Attorneys for Defendant and Cross Defendant*<br>JOSE RENE ORTIZ |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on October 14, 2025, at Chicago, Illinois.

*/s/ Katharine Walton*
Katharine Walton

DEFENDANT WASHWORLD, INC.'S RESPONSES TO ASCENTIUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 2:25-CV-00359 CAS-KS)

# EXHIBIT 6



**From:** Andrew Alper
**Sent:** Wednesday, October 22, 2025 3:43 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>
**Subject:** RE: [EXTERNAL] Case No. 2:25-cv-00359-CAS-KS - Request for Extension

I am not sure we need to meet and confer on the pleading issues any further based on this email. We will prepare the motions to strike and dismiss accordingly. If you believe there is a further need to discuss the pleadings let me know.

I just completed court a few minutes ago so I am not prepared to discuss the discovery issues right now. However you stated that Washworld needed a protective order and I requested you prepare the draft you want to expedite this. We can arrange for a discussion of discovery tomorrow afternoon since I have Court in the morning.

But we can discuss the fact that I have suggested multiple mediators and have not had any responses.

Also because of the delay in getting documents and any substantive responses we will have to seek an extension on the scheduling order for pleadings and discovery. I have communicated with Ms. Patrick who has no objection to an extension. Please let me know about this as well. thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:          aalper@frandzel.com
Web:            www.frandzel.com

1



**From:** Andrew Alper
**Sent:** Sunday, October 19, 2025 11:04 AM
**To:** Katharine Walton <kwalton@bakerlaw.com>
**Cc:** Lisa Patrick <lolmp2021@gmail.com>; Michael D. Gannon <mgannon@bakerlaw.com>; Xitlaly Estrada <xestrada@bakerlaw.com>
**Subject:** Re: [EXTERNAL] Washworld (Ascentium) - Responses to Ascentium's Discovery Requests

Please be advised that the Responses to the discovery are totally improper, interpose baseless objections, refuse to provide documents, request a meet and confer with Ascentium, require a protective order which has not been provided to the other parties in this case, ask for a rolling production, and the list of problems goes on. It is obvious we will have to meet and confer and probably need to (a) file a motion to extend all current deadlines in the case (b) require more time to amend the pleadings (c) it is likely there will be a need for a discovery referee in this case unless the Court wants the Magistrate to handle discovery issues (d) unnecessarily increases the cost of litigation in this case. This is not a meet and confer letter which will in all likelihood take a long time to prepare since almost all of the discovery is not responsive. If you need a long meet and confer letter then it will be written but I would rather discuss the issues with you first. But here is what you can do to kick off this process. Send me the proposed protective order. The LA Superior court has a form protective order if you need one and you can use that with modifications. Second please advise me of your willingness to extend deadlines and discovery in this case before I contact the Court to see if it prefers a conference or a motion.  Thank you.
Sent from my iPhone

On Oct 14, 2025, at 3:04 PM, Walton, Katharine <kwalton@bakerlaw.com> wrote:

Andrew,

Please find attached Washworld's responses to Ascentium's First Set of Interrogatories and Requests for Production. We will prepare a draft protective order for the parties' review and comment.

Best,
Kat

1

**Kat Walton**
She | Her | Hers
Associate

<image001.png>
One North Wacker Drive | Suite 3700
Chicago, IL 60606-2859
T +1.312.416.8187

kwalton@bakerlaw.com
bakerlaw.com
<image002.png>
<image003.png>
<image004.png>

2

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended recipient
you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result of e-mail transmission.
<Washworld (Ascentium) - Responses to Ascentium's First Set of RFPs.pdf>
<Washworld (Ascentium) - Responses to Pltf's First Set of Interrogatories.pdf>

# EXHIBIT 7



GO GREEN: Please consider the environment before you print.

**From:** Andrew Alper
**Sent:** Wednesday, October 22, 2025 3:43 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>
**Subject:** RE: [EXTERNAL] Case No. 2:25-cv-00359-CAS-KS - Request for Extension

I am not sure we need to meet and confer on the pleading issues any further based on this email.  We will prepare the motions to strike and dismiss accordingly. If you believe there is a further need to discuss the pleadings let me know.

I just completed court a few minutes ago so I am not prepared to discuss the discovery issues right now. However you stated that Washworld needed a protective order and I requested you prepare the draft you want to expedite this. We can arrange for a discussion of discovery tomorrow afternoon since I have Court in the morning.

But we can discuss the fact that I have suggested multiple  mediators and have not had any responses.

Also because of the delay  in getting documents and any substantive responses we will have to seek an extension on the scheduling order for pleadings and discovery. I have communicated with Ms. Patrick who has no objection to an extension. Please let me know about this as well. thank you.


**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:           (323) 852-1000
Facsimile:       (323) 651-2577
E-mail:          aalper@frandzel.com
Web:             www.frandzel.com



**GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Wednesday, October 22, 2025 3:34 PM
**To:** Andrew Alper <aalper@frandzel.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
**Subject:** RE: [EXTERNAL] Case No. 2:25-cv-00359-CAS-KS - Request for Extension

Andrew,

I'm in receipt of your voicemail from today. I've been tied up with an urgent matter. I've outlined Washworld's positions in response below. I'm available between 10 AM – 2 PM Pacific tomorrow for a call.

Ascentium's deadline to respond is October 31, 2025, so it is Washworld's position that the parties may confer until Friday and remain in compliance with local rules.


**Affirmative Defenses**
It seems likely that we will remain at issue on this point. As you acknowledged, there is no clear standard applied within the Ninth Circuit, but there is case law to suggest that a "fair notice" standard for affirmative defenses applies, which only requires that they be described in general terms. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Also, Ascentium appears to take an inconsistent position, as Ascentium did not move to strike any of Ortiz's affirmative defenses, and at least four are based on similar grounds.


**Counterclaim**
Regarding the 12(b)(6) issues, our counterclaims contain over 30 paragraphs of factual allegations, which we believe provides sufficient context. Under Rule 8, Washworld is required to allege the existence of a harm or injury, and it has done so. While Washworld disputes it has not sufficiently alleged damages, California law permits nominal damages. (Cal. Civ. Code § 3360; *Sweet v. Johnson*, 169 Cal. App. 2d 630; *Avina v. Spurlock*, 28 Cal. App. 3d 1086). As for the negligence claim, we've alleged reputational damages.

I'm not sure what you're referring to regarding the Funding Instructions or the parties' conduct, but the parties have different views of what happened.


**Motion for a More Definite Statement**

I'm not sure if I understand Ascentium's position on a Rule 12(e) motion, as the original email does not point out the specific defects and details desired.

Best,
Kat

---

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Tuesday, October 21, 2025 1:43 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>; Thomas Robins <trobins@frandzel.com>
**Subject:** RE: [EXTERNAL] Case No. 2:25-cv-00359-CAS-KS - Request for Extension

Called you today to meet and confer on some of the issues and matters. Left a voice mail with a cell phone number as well. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:              (323) 852-1000
Facsimile:         (323) 651-2577
E-mail:              aalper@frandzel.com
Web:                www.frandzel.com



🌲 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Wednesday, October 15, 2025 11:46 AM
**To:** Andrew Alper <aalper@frandzel.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>; Thomas Robins <trobins@frandzel.com>
**Subject:** RE: [EXTERNAL] RE: Case No. 2:25-cv-00359-CAS-KS - Request for Extension

Removing the ADR coordinator from the email thread.

My follow-up email was directed to the ADR coordinator, as she had not confirmed that our second extension request had been approved. The ADR notification instructed parties to request an extension via email, so in this instance, I am not aware of any process to stipulate.

---

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Wednesday, October 15, 2025 1:32 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>
**Cc:** Coordinator ADR <ADR_Coordinator@cacd.uscourts.gov>; Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>; Thomas Robins <trobins@frandzel.com>
**Subject:** Re: [EXTERNAL] RE: Case No. 2:25-cv-00359-CAS-KS - Request for Extension

I thought we all agreed yesterday.  I am out of the office this week so use a /s/ for my signature. Thanks
Sent from my iPhone

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:              (323) 852-1000
Facsimile:         (323) 651-2577
E-mail:              aalper@frandzel.com
Web:                www.frandzel.com





🌲 **GO GREEN: Please consider the environment before you print.**
This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

On Oct 15, 2025, at 1:29 PM, Walton, Katharine <kwalton@bakerlaw.com> wrote:

Good afternoon,

As today is the parties' deadline, I wanted to follow up on the request for an additional 10-day extension.

Respectfully,
Kat

---

**From:** Walton, Katharine
**Sent:** Tuesday, October 14, 2025 11:54 AM
**To:** 'ADR Coordinator' <ADR_Coordinator@cacd.uscourts.gov>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>; aalper@frandzel.com; Thomas Robins <trobins@frandzel.com>
**Subject:** RE: Case No. 2:25-cv-00359-CAS-KS - Request for Extension

Dear Ms. Stanton:

The parties in Case No. 2:25-cv-00359-CAS-KS respectfully request an additional 10-day extension to complete the process of selecting a mediator. We have continued discussions but need more time to confer.

Respectfully,
Kat

---

**From:** ADR Coordinator <ADR_Coordinator@cacd.uscourts.gov>
**Sent:** Wednesday, October 1, 2025 3:48 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; ADR Coordinator <ADR_Coordinator@cacd.uscourts.gov>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Lisa Patrick <lolmp2021@gmail.com>; aalper@frandzel.com; Thomas Robins <trobins@frandzel.com>
**Subject:** RE: Case No. 2:25-cv-00359-CAS-KS - Request for Extension

Dear Counsel:

Thank you for your email. The request for a two-week extension of time is granted to October 15th. If the parties require additional time after that date, please let me know.

Have a great day!

Lori

<image001.png>

---

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Wednesday, October 1, 2025 10:49 AM
**To:** ADR Coordinator <ADR_Coordinator@cacd.uscourts.gov>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Lisa

Patrick <lolmp2021@gmail.com>; aalper@frandzel.com; Thomas Robins <trobins@frandzel.com>
Subject: Case No. 2:25-cv-00359-CAS-KS - Request for Extension

<mark>CAUTION - EXTERNAL:</mark>

Dear ADR Program,

The parties in Case No. 2:25-cv-00359-CAS-KS respectfully request that the ADR Program delay making a panel mediator assignment and provide the Parties with a 14-day extension, up to and including October 17, 2025, to complete the process of selecting a mediator.

Respectfully,

**Kat Walton**
She | Her | Hers
Associate

<image002.png>
One North Wacker Drive | Suite 3700
Chicago, IL 60606-2859
T +1.312.416.8187

kwalton@bakerlaw.com
bakerlaw.com
<image003.png>
<image004.png>
<image005.png>

**From:** ADR_Reminder@cacd.uscourts.gov <ADR_Reminder@cacd.uscourts.gov>
**Sent:** Monday, September 29, 2025 4:00 AM
**To:** AALPER@FRANDZEL.COM; TROBINS@FRANDZEL.COM; LOLMP2021@GMAIL.COM; Estrada, Xitlaly <xestrada@bakerlaw.com>; Walton, Katharine <kwalton@bakerlaw.com>; Gannon, Michael D. <mgannon@bakerlaw.com>
**Subject:** Reminder to Select Mediator

[External Email: Use caution when clicking on links or opening attachments.]

**Court: United States District Court, Central District of California**
**Case Number: 2:25-CV-00359**
**Case Name: Regions Bank v. Car Wash Management, LLC et al**
**Date of Order: 09/08/2025**

This automated email has been generated because the case listed above has been flagged as one in which the presiding judge ordered the parties to participate in mediation before a member of the Court's Mediation Panel. This email will be sent to every attorney of record or pro se party whose email address is listed on the docket in this case. Anyone receiving this email message who has contact information for a participating attorney or pro se party whose email address is not on the docket should forward this email immediately.

In general, unless the Court sets other deadlines, parties have 21 days from the date of a referral order to select a mediator from the Court's Mediation Panel. (General Order 11-10, § 7.1.) A list of Panel Mediators is available on the Court's website at www.cacd.uscourts.gov/attorneys/adr/list-panel-mediators. Once a mediator has been selected, the parties should file a form Stipulation Regarding Selection of Mediator (ADR-002). If the parties do not file a Stipulation Regarding Selection of Mediator (ADR-02) within 21 days of the referral order, the ADR Program is required to assign a Panel Mediator to the case. (General Order 11-10, § 7.1.) If the parties are unable to agree on a mediator, the Stipulation Regarding Selection of Mediator

(ADR-02) may be used to request that the ADR Program assign a mediator with expertise in an identified area of law.

Please check the deadlines set by the judge in your case. If this case has been referred to the Court's Mediation Panel, and more than 21 days have passed since the date of the referral, please file your Stipulation Regarding Selection of Mediator (ADR-02) immediately if you have not already done so. If the parties are working together to choose a mediator and need additional time to complete the process, you may request that the ADR Program delay making an assignment. To do so, send your request for an extension to ADR_Coordinator@cacd.uscourts.gov, copying all counsel of record and pro se parties who have appeared in the case. If you do not either file your Stipulation Regarding Selection of Mediator (ADR-02) or request additional time in which to do so within 7 days of this email, the ADR Program will begin the process of finding a Panel Mediator to assign to your case.

This email was generated automatically based on the Court's initial referral order. If you have recently filed a Stipulation Regarding Selection of Mediator (ADR-02) or if other intervening events have made assignment of a Panel Mediator unnecessary, no further action is required in response to this email.

Please direct questions about the ADR Program to the ADR Program Office at ADR_Coordinator@cacd.uscourts.gov.

Please do not reply to this email. This is not a monitored email box.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On October 28, 2025, I served true copy(ies) of the **REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC., OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW K. ALPER**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: rsantamaria@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 28, 2025, at Los Angeles, California.

_____
Rebecca Santamaria

---

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

Michael D. Gannon (pro hac vice)
Katharine H. Walton-(pro hac vice)
BakerHostetler
One North Wacker Drive, Suite 3700
Chicago, IL 60606-2859

Tel:    312-416-8187
Email: mgannon@bakerlaw.com
         kwalton@bakerlaw.com

Attorney for Defendant Washworld, Inc.

Xitlaly Estrada
Ava Claypool
Baker & Hostetler LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301

Tel:    310-442-8878
Email: xestrada@bakerlaw.com
         aclaypool@bakerlaw.com

Attorney for Defendant Washworld, Inc.

Lisa Mitts Patrick, Esq.
The Law Office Of Lisa Mitts Patrick
122 E. Amerige Ave., Suite 313
Fullerton, CA 92832

Tel: (714) 990- 3693
Fax: (657) 234 - 0012
Email: lolmp2021@gmail.com

Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

2

REGIONS BANK'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC