Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:      *xestrada@bakerlaw.com*
            *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:      *mgannon@bakerlaw.com*
            *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**DEFENDANT WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>*[Filed with Request for Judicial Notice]*<br><br>DATE:    December 1, 2025<br>TIME:    10:00 AM<br>CTRM:    8D |
| JOSE RENE ORTIZ,<br><br>Cross Claimant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | |
| WASHWORLD, INC.,<br><br>Plaintiff,<br><br>v. | |

REGIONS BANK D/B/A
ASCENTIUM CAPITAL,

Counter Defendant.

WASHWORLD, INC.,

Cross Claimant,

v.

CAR WASH MANAGEMENT, LLC

Cross Defendant.

## I.   **INTRODUCTION**

Ascentium's motion to strike several of Washworld's affirmative defenses should be denied because Ascentium has utterly failed to meet its burden. Ascentium acknowledges that Washworld was merely required to give "fair notice" of its affirmative defenses. And yet, Ascentium does not even try to argue that Washworld failed to provide such notice, which is not surprising given Washworld's affirmative defenses are clear and straightforward. Instead, Ascentium complains that the factual support for the defenses is insufficient (ECF No. 103), which has no bearing on whether Ascentium was given fair notice of Washworld's affirmative defenses. Ascentium's motion is undercut by its own actions—it has asserted the same type of affirmative defenses in other cases, as explained below. It is also undercut by the fact that Ascentium has no issue with Defendant Ortiz's affirmative defenses, which overlap with Washworld's affirmative defenses and have the same level of specificity.

Ascentium's motion is a distraction that wastes the Court's and the parties' time and resources. It is no wonder "[m]otions to strike a defense as insufficient are not favored by the federal courts[,] because of their somewhat dilatory and often harassing character." *Reiffer v. HGM Holdings LLC*, 2019 WL 1455325, at *5 (E.D. Cal. Apr. 2, 2019) (cleaned up) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil, § 1381 (3d ed.)); *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022) ("This Court subscribes to the position that courts should deny motions to strike when they do not align with Rule 12(f)'s central purpose of avoiding the unnecessary expenditure of time and money or enhancing efficiency by dispensing with spurious issues prior to trial.").

The motion should be denied.

## II.   **LEGAL STANDARD**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court

3

DEFENDANT WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE
AFFIRMATIVE DEFENSES
CASE NO.  2:25-CV-00359-CAS-KS

"may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is a matter of the district court's discretion." *Bernal v. Rodriguez*, No. 5:16-cv-00152-CAS(DTBx), 2016 WL 6407406, at *3 (C.D. Cal. Oct. 28, 2016) (Snyder, J.). "In determining whether to grant a motion to strike, a district court views the pleadings in a light most favorable to the non-moving party and 'resolves any doubt as to the . . . sufficiency of a defense in defendants' favor.' *DMF, Inc. v. AMP Plus, Inc.*, No. 2:18-cv-07090-CAS-GJSx, 2019 WL 1925457,, at *1 (C.D. Cal. Apr. 29, 2019) (Snyder, J.) (quoting *State of Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

"Neither the United States Supreme Court nor the Ninth Circuit has determined what standard should be used to determine the sufficiency of a defendant's affirmative[] defenses, and accordingly, there has been significant disagreement amongst federal district courts within this Circuit." *Nob Hill Gen. Store Inc. v. Gen. Reinsurance Corp.*, No. 2:23-CV-08447-CAS-AGRx, 2023 WL 8788752, at *3 (C.D. Cal. Dec. 18, 2023) (Snyder, J.) (quoting *Schwarz v. Meinberg*, No. 2:13-cv-00356-BRO-PLA, 2016 WL 4011716, at *3 (C.D. Cal. July 15, 2016). "Within this district, the majority of courts to address the issue have applied the fair notice standard." *Id.* "The standard only necessitates describing the defense in 'general terms,' and 'a detailed statement of facts is not required.'" *Id.*

An affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice of the defense." *Bernal*, 2016 WL 6407406, at *3 (quoting *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010)). "If a court strikes an affirmative defense, leave to amend should be freely granted, provided there is no prejudice to the moving party." *Kohler v. Bed Bath & Beyond of California, LLC*, No. 2:11-cv-4451-RSWL-SP, 2012 WL 424377, at *1 (C.D. Cal. Feb. 8, 2012).

## III.    <u>ARGUMENT</u>

### A.    **Washworld's Defenses Satisfy Notice Pleading**

Ascentium moves to strike nine out of Washword's 11 affirmative defenses, including: unclean hands, no damages, unjust damages, waiver, conditions precedent, estoppel, breach of good faith and fair dealing, one satisfaction rule, and offset. (ECF No. 103 at 4.) Yet Ascentium's motion fails to make the bare minimum effort to outline precisely how it lacks fair notice of each defense.

For starters, of Ascentium's four-page memorandum of law, only one page is dedicated to actual argument; the rest is contested facts[1] unrelated to whether Washworld's affirmative defenses give Ascentium fair notice. (ECF No. 103 at 8-9.)  With respect to its one page of argument,  Ascentium concedes that "the 9th Circuit appears *only* to be looking to a 'fair notice' standard." (ECF No. 103 at 9) (emphasis added).  However, remarkably, Ascentium does not even try to argue how or why Washworld's affirmative defenses do not provide fair notice.  Instead, Ascentium makes a different argument, namely, that there is insufficient factual support for the affirmative defenses:  "it is very clear" that "the affirmative defenses have not [*sic*] facts." (ECF No. 103 at 9.).  But Ascentium's complaints about factual support for the affirmative defenses fail to establish that Ascentium does not have fair notice of the affirmative defenses.  As the moving party, Ascentium simply failed to carry its burden. *Leos v. Rasey*, No. 114CV02029LJOJLTPC, 2017 WL 816301, at *2 (E.D. Cal. Mar. 2, 2017), *report and recommendation adopted,* No. 114CV02029LJOJLTPC, 2017 WL 1153141 (E.D. Cal. Mar. 27, 2017) ("As the moving party, Plaintiff bears the burden on his motion to strike and the standard for granting such a motion is high.").

Moreover, Ascentium failed to address each affirmative defense with

---

[1] Washworld will not burden the Court responding to these contested facts because they are utterly irrelevant to the motion.

5

specificity in its motion as it was required to do.  Fed. R. Civ. P. 7(b) ("The motion must . . . state with particularity the grounds for seeking the order.").  And Ascentium should not be permitted to raise new arguments in its reply.  *Davenport v. Wendy's Co.*, No. 2:14-CV-00931 JAM, 2014 WL 3735611, at *3 (E.D. Cal. July 28, 2014) ("The Court does not consider Plaintiff'' argument—made for the first time in its reply—that Defendant's removal was untimely. It is well-established that a party may not raise a new argument in its reply brief.); *Harrold v. Experian Info. Solutions, Inc.*, 2012 WL 4097708, at *4 n. 2 (N.D.Cal. Sept.17, 2012) (noting that "[s]andbagging with a new legal theory in a reply brief will not be tolerated"); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) (striking new information from a reply brief, while noting this practice "deprived the [opposing party] of an opportunity to respond").

**B.    Ascentium's Past Pleadings Undercut Ascentium's Arguments.**

Ascentium's argument here is disingenuous because Ascentium has raised many of the same defenses without extensive factual pleading in prior litigation: "Plaintiff's claims may be barred, in whole or in part, by the doctrines of ***waiver***, laches, ***estoppel***, ***unclean hands***, accord, payment, in pari delicto, faithless servant, satisfaction, or release."; "The injuries, losses, or damages sustained by Plaintiff, if any, ***were caused in whole or in part by the acts or omissions of Plaintiff***." *Goichai v. Ascentium Capital LLC and Regions Bank*, No. 5:25-cv-11534 (E.D. Mich. May 23, 2025) (ECF No. 4 at 22-24)) (emphasis added).[2]

**C.    Ascentium Has Not Satisfied The 12(e) Standard**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which

---

[2] Ascentium's argument is also undercut by its dealings with Defendant Jose Rene Ortiz.  Specifically, Ascentium has no issue with Ortiz's Affirmative Defenses, which do not include separate factual allegations and contain many of the same affirmative defenses as Washworld, including unclean hands, waiver, estoppel, and proximate cause. (ECF No. 54.).

6

is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion filed pursuant to Rule 12(e) 'must point out the defects complained of and the details desired.'" *Id.* "Generally, '[m]otions for a more definite statement are viewed with disfavor, and are rarely granted.'" *WB Music Corp. v. Future Today, Inc.*, No. 2:18-cv-01238-CAS(FFMx), 2018 WL 4156589, at *1 (C.D. Cal. Aug. 27, 2018) (Snyder, J.).

Here, Ascentium seeks, in the alternative, more definitive statement. This request is contained only in the motion itself. Ascentium's memorandum does not contain any argument in support of this alternative relief. And the motion itself does not identify "the defects complained of and the details desired." Fed. R. Civ. P. 12(e). This request must be denied.

### D.   Declaration

In connection with its motion to strike, Ascentium included a declaration wholly unrelated to its motion.[3] Washworld contests the contents of the declaration, as well as Ascentium's attempt to evade local and federal rules for properly raising any purported issues before the Court. If the Court would like Washworld's position, Washworld will provide a separate response at the Court's request.

### IV.   CONCLUSION

For the foregoing reasons, Washworld respectfully requests that Ascentium's Motion be denied.

---

[3] Washworld also disputes that the declaration complies with Local Rule 7-7, which provides that declarations shall contain "only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)."

7

Dated: November 10, 2025          BAKER & HOSTETLER LLP


By:  */s/ Katharine H. Walton*
     Ava Claypool
     Xitlaly Estrada
     Michael D. Gannon
     Katharine H. Walton

     Attorneys for Defendant WASHWORLD, INC.


## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 1,423 words, which complies with the word limit of L.R. 11-6.1.

Dated:  November 10, 2025          **BAKER & HOSTETLER LLP**

By:   */s/ Katharine Walton*
      Katharine Walton

      Defendant WASHWORLD, INC.

DEFENDANT WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:25-CV-00359-CAS-KS

# CERTIFICATE OF SERVICE

I am employed in Chicago, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On November 10, 2025, I served a copy of the within document(s):

**DEFENDANT WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876)<br>**FRANDZEL ROBINS BLOOM & CSATO, L.C.**<br>1000 Wilshire Boulevard, Nineteenth Floor<br>Los Angeles, CA 90017<br>Telephone:   323-852-1000<br>Facsimile:   323-651-2577<br>Email:        *aalper@frandzel.com* | *Attorneys for Plaintiff*<br>REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522)<br>**LAW OFFICE OF LISA MITTS PATRICK**<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832<br>Telephone:   714-990-3693<br>Facsimile:   657-234-0012<br>Email:        *lolmp2021@gmail.com* | *Attorneys for Defendant and Cross Defendant*<br>JOSE RENE ORTIZ |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on November 10, 2025, at Chicago, Illinois.

*/s/ Katharine Walton*
Katharine Walton

CERTIFICATE OF SERVICE
CASE NO.  2:25-CV-00359-CAS-KS