Lisa Mitts Patrick, Esq. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
122 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Phone: (714) 990 – 3693
Fax: (657) 234 – 0012
Email: lolmp2021@gmail.com

Attorneys for Defendant,
JOSE RENE ORTIZ,
aka JOSE R. ORTIZ,
aka JOSE ORTIZ, an individual

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL<br><br>Plaintiff,<br><br>vs.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendant<br><br>JOSE RENE ORTIZ,<br>　　　　Cross Complainant<br>vs.<br>ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WASHWORLD, INC., a Wisconsin Corporation, and ROES 1 to 35, inclusive,<br><br>　　　　Cross Defendants. | Case No.: 2:25-CV-00359<br><br>OPPOSITION of CROSS COMPLAINANT JOSE RENE ORTIZ to (SECOND) MOTION of CROSS DEFENDANT WASHWORLD, INC. to DISMISS (ECF #100)<br><br>Date: 12/1/25<br>Time: 10:00 a.m.<br>Place: 8D |

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT
WASHWORLD'S (SECOND) MOTION TO DISMISS - 1

Cross Complainant Ortiz, to not grant the dismissal Motion on the basis of lack of factual support allegations until this party has had ample opportunity to know the factual support so as to add it to his pleadings and dissuade dismissal.

## II. ORTIZ' FIRST AMENDED COMPLAINT HAS BEEN PLEADED GENERALLY AS PERMITTED and HAS STATED A PROPER CAUSE OF ACTION; THE MOTION TO DISMISS SHOULD BE DENIED.

In determining whether a claim has been stated and whether a motion for dismissal for failure to state a claim should be denied, under Rule 12(b)(6), the court must "presume all factual allegations of the complaint *[and by extension of a cross complaint]* be true and draw all reasonable inferences in favor of the non moving party." (Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).) [Bracketed Information added.]

The Complaint *[and by extension, Cross Complaint]* must be facially plausible and if so, it states a claim and should not be dismissed. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009); Bell Atlantic Corp. v. Twombly 550 U.S. 544, 555, 560.) *[Applicable by extension to Cross Complaints.]* [Bracketed Information added.]

Rule of Federal Civil Procedure §8 (a) states:

*(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:*

*(1) a **SHORT AND PLAIN** statement of the grounds for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support);*
*(2) a **SHORT AND PLAIN** statement of the claim showing that the pleader is entitled to relief; and*
*(3) a demand for the relief sought which may include relief in the alternative or different types of relief. [Emphasis added.]*

*Rule of Federal Civil Procedure §8(d) also states:*

*(1) IN GENERAL. . Each allegation must be **simple, concise** and direct. No technical form is required.*

*Most importantly, Rule of Federal Civil Procedure §8(e) states:*

*(e) CONSTRUING PLEADINGS: **Pleadings must be construed so as to do justice.** [Emphasis added.]*

OPPOSITION of CROSS COMPLAINANT JOSE RENE ORTIZ to DEFENDANT WASHWORLD'S (SECOND) MOTION TO DISMISS - 3

In this case, the First Amended Cross Complainant of Ortiz as against Washworld, contains short, plain and concise statements of sufficient factual and legal allegations to survive this Motion to Dismiss.  To require this Cross Complainant to do more at the pleading stage, (such as in the FRCP Rule §9 requirement of specificity for fraud, mistake etc. which does not apply to Washworld), as Washworld demands in its Motion violates the rule of general pleading.

The allegations of a Complaint [*and Cross Complaint*] must be sufficient yes, to raise a reasonable expectation that discovery will reveal evidence to support the claim and to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (Matrixx Initiatives, Inc. v. Siracusano, 563 U.S. 27, 46 (2011).) But not all possible facts must be pleaded, especially facts unknown as of yet to the pleading party.

It is well established that courts must consider the Complaint (here the Cross Complaint) in its entirety as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions for  dismissal. (See Dunn v. Castro, 621 F. 3rd 1196, 1205, and Magulta v Samples 375 F. 3r4d 1269, 1274-75 (11th Cir. 2004).  In this case this would also include the earlier Motion to Dismiss our Cross Complaint  (Doc #69) and the Opposition (#74) as well as Washworld's Motion to Dismiss the Plaintiff's Complaint (Doc #67) and the Opposition  (Doc #71) as well as the current Motion by the Plaintiff to Dismiss Washworld's Counter Claim (Doc #102) and the Opposition thereto (Doc #pending), and Plaintiff's Motion to Strike the Affirmative Defenses in Washworld's r Answer (Doc #103) and the Opposition thereto (Doc# pending) and the complete records of the Court in this case.  In the totality of the circumstances and the documents and arguments before this Court previously and presently, it would be error to dismiss Cross Complainant Ortiz's proper First Amended Cross Complaint.

### III. WHEN EVALUATING A MOTION TO DISMISS, THE COURT MUST ASSUME THAT ALL FACTUAL ALLEGATIONS ARE TRUE.

Under Federal Rule of Civil Procedure 12(b)(6) the pleader must file a Complaint (or Cross Complaint) that contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when the Plaintiff

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S (SECOND) MOTION TO DISMISS - 4

(Cross Complainant) pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Washworld's attempt to inject a further requirement that Cross Complainant plead Washworld's version of the facts as they know it, or to require Ortiz to state all facts that might possibly exist to support their case, at the pleading stage is improper especially when as noted herein that this party is essentially an "outsider" to the alleged transactions such that he has limited factual data to so plead. Sufficient legal basis was pleaded and sufficient facts were stated that if true would support this Cross Complainant's claims.

In Ashcroft, the Supreme Court has specifically indicated that determing whether a Complaint (Cross Complaint) states a plausible claim for relief under this standard is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense. Id at 679.  "A court ruling on such a motion [referring to 12(b)(6)] may not properly dismiss a Complaint [Cross Complaint] that states a plausible version of the events merely because the court finds a different version more plausible." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), cert. denied, 133 S. Ct. 846 (2013). Thus, "[t]he question at the pleading stage is not whether there is a plausible alternative to the plaintiff's theory; **the question is whether there are sufficient factual allegations to make the complaint's claim plausible**." Id. at 189. [Emphasis added.]

In this case there are sufficient facts alleged  to make the allegations in the First Amended Cross Complaint wholly plausible. The Motion should be denied.

**IV. THIS MOTION IS QUESTIONABLY BROUGHT IN LESS THAN GOOD FAITH, AND SHOULD BE VIEWED THROUGH THIS LENS.**

Noteworthy is the reference in Federal Rules of Civil Procedure §8(b)(3) relating to defenses, admissions and denials that a party that intends in good faith to deny all allegations of a pleading...may do so by general denial, the operative words being "good faith." While Washworld has yet to deny anything formally in a responsive pleading to this Cross Complaint, the expectation of the parties proceeding in good faith is evident even in the basic rules of pleading. Yet nearly every step in this case has required a Motion by or against Washworld,

from mediator selection, to disclosures, to discovery and protective orders, discussions regarding new dates necessitated by changes of events and Stipulations,  or the as to the pleadings from all parties, until ordered by the Court as if it were just a normal, intended course of action entered without the necessary good faith and professionalism in litigations.

While Washworld certainly has every right to ensure that everything proceeds 'by law' their good faith in the dealings was questioned directly by the Plaintiff as well, in the Plaintiff's Motion to Dismiss Washworld's Counter Claim for Failure to State a Claim et al. (Doc #102) set for hearing concurrently with this Motion, and the  Declarations and Exhibits therein, which the court is requested to note including specifically page 1 of the Declaration of Plaintiff's counsel, paragraph 4 through page 3 paragraph 11.

In this Motion, Washworld's statements alleged as 'fact', out of the gate on page 1, lines 19 to 26 which were previous allegations, not proven facts, not evidence of any of it. It is not proof. It is mere allegation in another pleading. Because it is a fact they think they know, they impliedly argue its omission from a Cross Complaint is somehow material.  The allegations at this stage (and likely facts and proof at Trial) will show Ortiz did not knowingly or voluntarily enter into any kind of agreement with anyone. He didn't own a company or any part of one. He may have signed a document. That signature may prove to be false. But at this stage it is allegation(s) and counter allegation(s) and possibly even conjecture, but not fact or proven fact. There is a different between facts to be pleaded and facts to be proven.

The applicable "legal standard" to their Motion, referenced by Washworld (page 2, lines 22 to 23)  as required here and their case citations is mixing apples and oranges. As they state, to survive a motion to dismiss a Complaint (Cross Complaint) must set forth factual ALLEGATIONS to raise the right to relief beyond the mere speculative. That is true. Ortiz has done that in their First Amended Cross Complaint. But Washworld also cites material then that requires Ortiz to "show" (not to allege) for example at page 3 lines 15 to 16 "a statement of indebtedness in a certain sum, the consideration he provided and non payment." This is what he must in essence prove in order to win his case. There are no such facts 'missing' from his

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT
WASHWORLD'S (SECOND) MOTION TO DISMISS - 6

Cross Complaint which is permitted by Rule to contain "a short and plain" statement of the claims and allegations which Ortiz has done.

This is especially so with this party--Ortiz--being on the outside of the allegations that even the Plaintiff has set forth against him and why ORTIZ would be held responsible to pay the Plaintiff the "missing money". If the Plaintiff prevails, Defendant and Cross Complainant Ortiz will in essence stand in the shoes of the other bad actors here–Defendant ANDREW WILLIAMS and the Defendant Car Wash entitles in particular, who did arguably 'receive' (or constructively receive) the "missing money" (which was allegedly sent to Washworld on their behalf and which Washworld still kept for other accounts, or refunded back to the other bad actors). And it is alleged that Ortiz should be held responsible to pay their debts?  If that is so–that ORTIZ should be held responsible to the Plaintiff, THEN Washworld who is improperly holding the "missing money" that they shouldn't have–and if all allegations are proven true, would in equity, render Washworld justly and fairly responsible to Ortiz  as they would be to any of the other parties too, either jointly or separately. All three of Cross Complainant's causes of action against Washworld are proper.

**V. THE FIRST AMENDED CROSS COMPLAINT ALLEGES FACTS ON ALL CAUSES OF ACTION SUFFICIENT TO STATE A CAUSE OF ACTION; THE MOTION SHOULD BE DENIED.**

**1. MONEY HAD AND RECEIVED CLAIM**

Ortiz' First Amended Cross Complaint addresses the insufficiencies found by the Court in the prior Motion. To refer to the Amended pleading as "bizzare"  (Motion Doc #100, page 1 line 12) is itself bizarre and their alleged surprise at its amendment is insincere.

The remedy sought by Ortiz on alternate grounds all sound in equity–fairness vs. black letter law--and all elements of the claim are pleaded with sufficient facts stated in the allegations to support his claim(s) if all are taken as true as in a proper legal pleading. Since the Motion refers to the California Jury Instructions (CACI) with regard to this cause of action substantively, the Court in Unity Audit Co., Inc. v. City of L. A. (2003) 112 Cal. App. 4th 950 stated what is required to plead a cause of action for money had and received in California. The Court stated:

*"As Witkin states in his text, `A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished. It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract.' [Citation.]" (Kawasho Internat., U.S.A., Inc. v. Lakewood Pipe Service, Inc. (1983) 152 Cal.App.3d 785, 793 [ 201 Cal.Rptr. 640].)*

*A claim for money had and received can be based upon money paid by mistake, money paid pursuant to a void contract, or a performance by one party of an express contract. (See Schultz v. Harney (1994) 27 Cal.App.4th 1611, 1623 [ 33 Cal.Rptr.2d 276]; Kawasho Internat., U.S.A., Inc. v. Lakewood Pipe Service, Inc., supra, 152 Cal.App.3d at p. 793.)*

Without a doubt, it is alleged that the subject "money" that was "had" and "received" and which is equitably owed back to Ortiz by Washworld, if Ortiz is held liable for it, , was paid by (alleged) 'mistake' or retained by 'mistake' here.

*"`Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual;    if based on breach of a noncontractual duty it is tortious. [Citation.] If unclear the action will be considered based on contract rather than tort." (Roe v. State of California (2001) 94 Cal.App.4th 64, 69 [113 Cal.Rptr.2d 900].)"*

Ortiz First Amended Complaint addressed Washworld's objections and the Court's concerns in the prior Motion on the Money Had and Received cause of action, to-wit the lack of allegation of Ortiz seeking this allegedly equitable remedy as he has no legal remedy and a more specific amount demanded as and for relief. The First Amended Cross Complaint did that. The only grounds that Washworld raises in this Motion to said cause of action now, is that Ortiz did not allege that he personally received the money that is in dispute...the "missing money". He does not have to do so to plead a valid cause of action.  Nothing in their Motion supports this as a required element though the facts are nonetheless stated to support it and they did not raise this as requisite before.

As reflected in the Motion (page 3, line 13, "element 2"), Washworld argues that the money received by Washworld had to be for only "the use" of Ortiz, and that fact is alleged by Washworld to 'not be true', arguing thus that as not pleaded, Ortiz' pleading is defective.  Again Washworld is looking to the facts of what can or will be proven later, not to an allegation in a general pleading which is wholly supported by plausibility. There are many more specific facts and details that can and will be determined in discovery in this case–the point of discovery--that

will (or may not) support these causes at Trial, but their proof is not required in the initial pleadings stage.

The facts are that in the event that Ortiz is held responsible as guarantor–the only possible basis--it will be on the basis as IF HE HAD INDEED RECEIVED THE MONEY FOR ORTIZ' (or his companies' use) (as it is falsely alleged that he is an owner of the subject companies) and that he or "his (alleged) companies" benefitted somehow from receipt of something that in reality he will show he did not actually receive, but he is being charged with as if he did. Thus the alleged element of money "for use" of Ortiz would apply if and when he becomes liable for it which is thoroughly pleaded. The cases cited (which were also cited in prior Motions by other parties) show that even a "quasi-contract" argument–an equitable remedy akin to a form of restitution-- (which the facts as alleged support) could give rise to the Cross Complainant's causes of action.

Al of these facts and the elements of law are sufficiently pleaded and support whatever legal interpretations are ultimately given them at Trial, Summary Judgment or otherwise in light of the facts submitted in evidence. Cross Complainant is not required to prove that he himself paid Washworld. Washworld is allegedly holding the "missing money" (or improperly released it) that Ortiz may be held responsible for thus rendering Washworld indebted to him at the time when Ortiz may be held responsible. In all pleadings in this case to date, it is argued by both active parties, the Plaintiff Ascentium and Defendant Washworld, that Ortiz' should be charged with the money. If he is charged with the money there would be no difference between whether he ACTUALLY did receive the money from the Plaintiff bank who (without Ortiz' involvement whatsoever) sent it off to the Defendant Washworld who (again without Ortiz' involvement whatsoever) kept some of it and sent some back to the other bad actor Defendants in the case–Car Wash entities and/or WILLIAMS (again without Ortiz' involvement whatsoever.) If Ortiz is held liable, it would be because he's treated as if was the defacto possessor and obligor of the "missing money" (an essentially constructive possessor) the same as the actually responsible parties. There's no failure of allegations as to that (or any element) in his Cross complaint for money had and received.

While there is a certain amount of speculation involved in this determination as to when/how Ortiz may be held responsible if at all and in what amounts (and if he is not held responsible clearly the Cross Complaint would be dismissed or his case would fail) Federal Rules of Civil Procedure §13(e) permits a supplemental pleading to be filed asserting a counterclaim that "MATURED" or was acquired by the party after serving the earlier pleading. This confirms that this party's Cross Complaint is permissible at this stage and may be supplemented if and when their claim "matures", i.e. at the time they may be held responsible for the "missing money", and all without the necessity to file a later and/or separate lawsuit since this all arises from the same transaction and occurrence that permits a Cross Complaint under  Federal Rules of Civil Procedure §13(A)(1)(a).

On the sub-issue in the prior Motion, corrected in this First Amended Cross Complaint, of an 'undisclosed sum' the First Amended Cross Complaint identifies a sum as certain as possible at the pleading stage of the case that identifies the amounts alleged by the Plaintiff to be due the Plaintiff BY ORTIZ (and the other Defendants)  specifically, numerically based on the Plaintiff's allegations and is a probable maximum amount that could be less or more depending on documents exchanged during discovery, information gleaned during depositions, whether interest is claimed and/or supported etc. It is impossible for the Cross Complainant to further identify amounts except those that form the BASIS of what he is alleged to owe other parties. (See amounts specified in First Amended Complaint, Doc# 94, page 10, lines 18 to 24). Oddly, in the Motion their own statement of the required elements of the Money Had and Received claim (Motion page 3 lines 12 to 15) does not mention any requirement for stating a sum certain whatsoever. However since it was addressed previously the Amended Complaint references as certain a sum as the facts permit at the pleading stage.

All the necessary facts supporting the required elements of this cause of action aren't required in general pleadings–only a "short, plain" "simple and concise" statement of his claims. Ortiz may not have all PROOF at this stage such that his allegations are  based on other allegations or on information and belief, which will be proven (or not) at Trial. This is sufficient in his pleadings now.

OPPOSITION of CROSS COMPLAINANT JOSE RENE ORTIZ to DEFENDANT WASHWORLD'S (SECOND) MOTION TO DISMISS - 10

## 2. EQUITABLE INDEMNITY

Cross Complainant has sufficiently pleaded a claim for equitable indemnity. Washworld on page 5 of their Motion in suggests that "contractual indemnity" vs "equitable" indemnity must be labelled as such since California "only" recognizes the claim in those various forms. If the indemnity claim were contractual it would have been labelled and pleaded as contractual in nature and therefore legal not equitable. There should be no need to call traditional, regular equitable indemnity "traditional equitable indemnity" to satisfy Washworld here.

There is a mix of arguments by both active parties herein (Plaintiff Ascentium and Defendant/Cross Defendant Washworld) and cases each has cited on whether such claims are even legal or equitable and this pleading party takes no position, other than the intent of his pleadings is indeed equitable in nature–on the basis of fairness not contract in that this party had no direct relationship of any kind (contractual or otherwise) with either the Plaintiff bank, or the Defendant Washworld a car wash equipment/parts distributor.   While the Court indeed "may" construe such a cause of action as in quasi contract, (which would bring it under Solano cited herein supra under "Unjust Enrichment")  the Court equally may not. Nothing in the Motion or the case cited by moving party,  "Astiana v. Hain Celestial"  in particular shows the court MUST do so nor that the Cross Complainant must plead such language.

Washworld also does not seem to recognize the potential for finding a joint legal obligation as the Cross Complaint has alleged without calling it such. If Plaintiff bank prevails on their claims no doubt they will seek a joint and several judgment to get the money restored to them from whatever source/party can make good on it. Their authority to suggest there is no joint legal obligation or potential for one, is just disengenuous again.  These are not sufficient grounds to deny Cross Complainant his day in court as against Washworld if he is found liable to anyone for any reason as sufficient facts are pleaded.

Although Washworld also goes on to demand an allegation that as a "threshold matter, the claim depends on "whether there is joint and several liability" and this was not pleaded, they have cited to no authority for that proposition that that is the only way the court could find liability for equitable indemnity. The cases they cited suggests only that there is no joint legal

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT
WASHWORLD'S (SECOND) MOTION TO DISMISS - 11

obligation in those instances, not as it relates to a pleading requirement. In any event there are facts sufficiently pleaded to show a joint relationship (and likely joint liability) between Ortiz and Washworld as actually holding the money or responsible for it (even if they weren't holding it) and whether the responsibility is ultimately determined to be in tort as to Washworld and in contract as to Ortiz or even vice versa, the allegations are sufficiently pleaded to justify denying Washworld's Motion to Dismiss Ortiz' Cross Complaint.

It is noteworthy that the Plaintiff in their Opposition (ECF #71) to Defendant Washworld's Motion to Dismiss (page 17, lines 1 to 8) states specifically that although they have not pleaded their original Complaint sounding in tort as against Defendant Washworld, reservation of rights to do so are taken  such that after discovery if they believe it's justified, they may. This then leaves this party 'in limbo' as to whether Washworld is or might become a tortfeasor and/or a joint tortfeasor with this party in that event. The court should not apply this standard unless it aids in the survival of this Amended Cross Complaint. It appears it does not.

**3. UNJUST ENRICHMENT**

The cause of action for unjust enrichment is valid. It is a cause of action that is essentially synonymous with restitution, and in California, has evolved from the fact (understanding) that: *"one person should not be permitted to unjustly enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution is made"*. (Melchior v. New Line Productions, Inc. (2003) 106 Cal.App.4th 779,793.) These facts are pleaded.

The claim of unjust enrichment exists to recognize, capture and administer justice "when the human intellect engages in cunning dishonesty." (Westlaw / Thompsonreuters.com/blog/Cause-of Action-for-Unjust-Enrichment-in-California.)

In County of Solano v. Vallejo Redevelopment Agency, 90 CalRptr. 2d 41 (Ct. App. 1999) it was stated that:

> *"A person is enriched if he or she receives a benefit at another's expense. The term benefit denotes any form of advantage. Thus, a benefit is conferred not only when one adds to the property of another, but also when one saves the other from expense or loss.*

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S (SECOND) MOTION TO DISMISS - 12

*Even when a person has received a benefit from another, he or she is required to make restitution only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him or her to retain it. For a benefit to be conferred, it is not essential that money be paid directly to the recipient by the party seeking restitution."*

Solano here stands for the proposition that it is not 'essential' that the money be paid directly to the recipient by the party seeking restitution—precisely our situation—it was paid to others (Washworld, held in part and refunded to Williams in part) on their (Ortiz') behalf if the liability alleged is proven.

Washworld's citing to the California Jury Instruction CACI §3800 and relevant California authority to support its proposition as to the quality of the Cross Complainant's pleading is again questionable and insincere. The label and "Directions for Use" specifically apply it to WHEN a plaintiff seeks equitable indemnity from another responsible tortfeasor, (which may or may not be the case here depending on the Plaintiff's intent to so plead as noted above) not to all equitable indemnity claims. The legal elements as stated even there includes references to Indemnitor and Indemnitee and a requirement to pay based on ["describe liability, e.g. 'A court judgment in favor of [name of plaintiff-cross complaint'], the likely scenario here that will entitle this Cross Complainant to the indemnity on an equitable basis from this Cross Defendant Washworld, holding "the missing money." [CACI No. 3800 also refers to other jury instructions relative to cases "in which the indemnitee seeks equitable indemnity against a co-defendant or cross defendant in part of or the original action." In fact in the "Sources and Authority" portion below the use directions cite to numerous California cases that address the actual elements of the cause of action in general including the following:

> "The elements of a cause of action for indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is . . . equitably responsible." (*Bailey v. Safeway, Inc.* (2011) 199 Cal.App.4th 206, 217 [131 Cal.Rptr.3d 41].) For purposes of equitable indemnity, "it matters not whether the tortfeasors acted in concert to create a single injury, or successively, in creating distinct and divisible injury." (*Blecker v. Wolbart* (1985) 167 Cal.App.3d 1195, 1203 [213 Cal.Rptr. 781].) ]

Washworld's allegation that the damages pleaded in the Amended Cross Complaint are too tenuous is itself tenuous. Washworld sets forth the proposition that language in the Cross Complaint that "*each defendant owes Ortiz in proportion to the sums to be proven that they*

retained unjustly" are "far too tenuous to support the elements of an unjust enrichment claim" (Motion page 8 line 10) which is another instance of citing a proposition without any authority that those words in a general pleading are somehow improper and support their argument that the Cross Complainant's lawful and proper claim should be dismissed. The allegations and amounts in the pleading are not "tenuous" (defined as "flimsy, precarious or weak"). They are as "not" tenuous as this pleader can plead at this time without speculation and supposition which is impermissible in pleadings. The Court can and should find them sufficient as amended.

Ortiz agrees that in general as Washworld states, to plead a claim for unjust enrichment there must be allegations generally of Washworld's receipt of a "benefit." The "benefit "here is in the allegations of their receipt of, and the holding onto of some if not all of the "missing money", and the unjust nature of the retention of that "benefit" (the allegations that they kept the missing money and for whatever purpose, i.e. to put it on someonelse's account or to give it to another Co-Party) and/or that Washworld gave that "missing money" to anyone who is not entitled to it. The specific details of exactly how Washworld received the money and what Washworld exactly did with the money are unknown to this party at this stage, thus the pleading generally as permitted with discovery to flush out all the facts needed to make the proof at trial.

Washworld again disengenuously refers to the "benefit" being received (by Washworld) as being retained "at the Plaintiff's expense" and emphasizes that as if to suggest since Ortiz is not the Plaintiff or one who gave the money directly to Washworld, he cannot state a claim. As noted above in the unlikely event Ortiz is held responsible as guarantor, he would be treated as if he was the party who received the money for some purpose that benefitted him or his alleged companies (he did not own any portion of any company) so it would be "at the Plaintiff–Cross Complainant here's expense." His claim is proper despite that he may not have a direct hand in the delivery of the funds improperly held by Washworld. The full story and specific facts and details are not those that Ortiz would have at this stage of the case and the purpose of discovery, after the pleading stage at which Ortiz' proper allegations are what are made and permitted. Taking all the facts pleaded as true, the Cross Complaint states a sufficient cause of action. This Motion should be denied.

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S (SECOND) MOTION TO DISMISS - 14

Under FRCP §8(e) previously cited, pleadings must be construed so as to do justice. Dismissing this valid and meritorious cross complaint when this party is being dragged into an action and alleged to be responsible for the 'missing money' in a transaction between two parties he has no direct relationship with, when it is held at least in part by this Cross Defendant Washworld, and allegedly unjustly as set forth in more detail in the Plaintiff's Complaint, would be wholly unjust as to this party.

**VI.  IF THE COURT FINDS THE CROSS COMPLAINANT ORTIZ HAS STATED INSUFFICIENT FACTS OR HAS OTHERWISE FAILED TO STATE A PROPER CAUSE OF ACTION, CROSS COMPLAINANT RESPECTFULLY REQUESTS LEAVE TO FILE A FURTHER  AMENDED CROSS COMPLAINT and ALL WITHOUT PREJUDICE.**

With the additional exchange of more underlying factual information in the various Motions and responses filed herein and various discovery responses and Disclosures, this Defendant/Cross Complainant has some further knowledge of certain additional facts that could be included in new pleadings if they are deemed factually insufficient, that would permit a more specific Amended Cross Complaint.

Though Cross Complainant Ortiz believes his First Amended Cross Complaint is sufficient to support the stated factual and legal allegations, more specific factual allegations (which will likely become even more specific post discovery) can be alleged based on what's known now, and of course with better PROOF at Trial. If the Court determines that the cause of action is not sufficiently stated, opportunity to Amend is respectfully requested. If denied, it is requested to be denied WITHOUT PREJUDICE so that Cross Complainant may again assert his claims against Washworld, Inc., if not in this Cross Complaint, then in a separate action, if/when his claims mature.

**VII. CONCLUSION.**

Cross Defendant Washworld's Motion to Dismiss under (12(b)6--should be denied.

Respectfully,
LAW OFFICE OF LISA MITTS PATRICK

Dated: 11/10/25 By: _____

LISA MITTS PATRICK
Attorney for Defendant/Cross Complainant JOSE RENE ORTIZ

# FEDERAL COURT PROOF OF SERVICE

## Case No. 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 122 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On November 11, 2025, I served true copies of the following document(s):

**OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S (SECOND) MOTION TO DISMISS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

(X) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmailcom to the persons at the e-email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 11, 2025 at Fullerton, California.

Kathleen Micalizzi

OPPOSITION OF CROSS COMPLAINANT JOSE RENE ORTIZ TO DEFENDANT WASHWORLD'S (SECOND) MOTION TO DISMISS - 16

**SERVICE LIST**

Case No. 2:25-cv-00359

| | |
|---|---|
| Andrew K. Alper, Esq.<br>Thomas M. Robins, Esq.<br>FRANDZEL, ROBINS, BLOOM and CSATO<br>1000 Wilshire Blvd., 19th Floor<br>Los Angeles, CA 90017-2427<br><br>Phone: 323-852-1000<br>Fax: 325-651-2577<br>Email: aalper@franzel.com,<br>trobins@franzel.com | **Attorney for Plaintiff REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL** |
| Xitlaly Estrada, Esq. (SBN 333403)<br>Ava Claypool, Esq. (SBN 327059)<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301<br>Telephone:      310.820.8800<br>Facsimile:      310.820.8859<br>Email:      xestrada@bakerlaw.com<br>      aclaypool@bakerlaw.com | **Attorneys for Defendant/Cross Defendant WASHWORLD, INC.** |
| Michael D. Gannon (Pro Hac Vice)<br>Katharine H. Walton (Pro Hac Vice)<br>BAKER & HOSTETLER LLP<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606<br>Telephone:      312-416-6200<br>Email:   mgannon@bakerlaw.com<br>      Kwalton@bakerlaw.com | **Attorneys for Defendant/Cross Defendant WASHWORLD, INC.** |