Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
Christopher D. Crowell (State Bar No. 253103)
ccrowell@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-
Defendant Regions Bank, an Alabama State
Bank dba Ascentium Capital

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, et al., <br><br> Defendants. | Case No.  2:25-cv-00359 CAS (KSx) <br><br> **PLAINTIFF AND COUNTERCLAIMANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS** |
| JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS et al., <br><br> Cross Defendants. | <u>Hearing</u> <br> Date:    December 1, 2025 <br> Time:    10:00 a.m. <br> Crtrm.:  8D |
| WASHWORLD, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> REGIONS BANK D/B/A ASCENTIUM CAPITAL, <br><br> Counter-Defendant. | |

5758614v1 | 100287-0289

1

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

WASHWORLD, INC.,

      Cross-Claimant,

  vs.

CAR WASH MANAGEMENT, LLC,

      Cross-Defendant.

Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff"), submits this Reply Memorandum in Support of Plaintiff's Motion to Dismiss Counterclaims of Washworld, Inc. ("Washworld"), or Alternatively for a More Definite Statement ("Motion").

## I.     INTRODUCTION

Washworld does not plausibly allege that Plaintiff breached any provision of the "Funding Instructions" document which forms the basis for Washworld's breach-of-contract counterclaim. The Funding Instructions did not (as Washworld alleges) require Plaintiff to identify the transaction for which Plaintiff was advancing funds. Washworld's counterclaim for breach of the implied covenant of good faith and fair dealing fails for the same reason: the implied covenant exists to make the agreement's promises effective and does not extend beyond the terms of the contract at issue. Washworld's contract-based counterclaims are also defective because Washworld does not plausibly allege any actual damages resulting from Plaintiff's alleged breaches. Washworld's negligence counterclaim fails because Plaintiff did not breach any duty owed to Washworld and because Washworld does not allege any cognizable damages.

## II.     SUPPLEMENTAL STATEMENT OF FACTS

### A.     The Funding Instructions

In February, 2023, Washworld signed Funding Instructions. [Washworld Answer filed October 10, 2025 (Dkt. 88) ("Answer"), at ¶ 16; Complaint filed January

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

14, 2025 (Dkt. 1) ¶ 16, Ex. 4.] The Funding Instructions require Washworld to give Plaintiff at least 30 days advance written notice "regarding any changes in its depository financial institution or other instructions." [Id.] Washworld agreed in the Funding Instructions that "any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes or proposals for the applica[ble] transaction. If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to, or as directed by Ascentium." [Id.]

The Funding Instructions further state that "Payee agrees to deliver any equipment which is the subject of these Funding Instructions to customer's address set forth in the purchase orders, invoices, quotes or proposals for the applicable transaction, unless Ascentium agrees to an alternate delivery address in writing." [Id.]

### B.    The Transaction at Issue in this Action

In or around December, 2023, Car Wash Management, LLC ("Car Wash Management"), sought financing from Plaintiff to purchase car wash equipment from AVW Equipment Company, Inc. [Washworld Counterclaim filed October 10, 2025 (Dkt. 88) ("Counterclaim") ¶¶ 12 and 16.] In January, 2024, Plaintiff and Car Wash Management signed an Equipment Financing Agreement. [Id. ¶ 15.] Car Wash Management also signed a Delivery and Acceptance Certificate certifying delivery and receipt of the equipment ("Delivery Certificate"). [Id. ¶ 20.] In March, 2024, Car Wash Management provided Plaintiff with a Washworld order form, which indicated that Car Wash Management was changing vendors. [Id. ¶ 24.] According to Washworld, this order form was fraudulent; Car Wash Management never ordered the equipment from Washworld. [Id. ¶ 29.]

Plaintiff wired $309,054.80 to Washworld on March 11, 2024. [Id. ¶ 36.] Washworld "contacted Car Wash Management regarding the ACH, and Car Wash Management instructed Washworld to apply the funds to an [unrelated] pending order. Washworld … applied $132,509.99 to [the unrelated] pending order and returned

$176,552.71 to Car Wash Management on March 19, 2024." [Answer ¶ 21.]

### C.   Washworld's Counterclaim

Washworld, in Count 1, alleges that Plaintiff "materially breached the Funding Instructions by: a. failing to provide Washworld with a copy of the order form; b. failing to identify the transaction or order number on the ACH payment or in any other correspondence; and c. failing to identify the end-customer on the ACH payment or in any other correspondence." [Counterclaim ¶ 41.] According to Washworld, "Plaintiff's failure to provide this document and information breached the Funding Instructions because Ascentium failed to identify the applicable transaction." [Id. ¶ 42.]

In Count 2 of the Counterclaim, Washworld alleges that Plaintiff's conduct breached the implied covenant of good faith and fair dealing in the Funding Instructions. [Id. ¶¶ 47-49.]

The Counterclaim finally includes a negligence claim. [Id. ¶¶ 53-63.]

## III.   ARGUMENT

### A.   The Counterclaim Fails to State a Plausible Claim for Breach of Contract or Breach of the Implied Covenant of Good Faith and Fair Dealing

Washworld does not state a valid claim for breach of the Funding Instructions because nothing in the Funding Instructions required Plaintiff to provide Washworld with a copy of the order form or any other information about Car Wash Management. See Frances T. v. Village Green Owners Assn. (1986) 42 Cal.3d 490, 512-513 ("The rights and responsibilities of contracting parties are determined by the terms of their contract[.] Plaintiff's allegation that defendants breached that contract by failing to install additional lighting must fail because she does not allege that any provision in any of the writings imposed such an obligation on defendant.").[1]

---

[1] This Court has not yet determined which state's law governs the Funding Instructions. See Dkt. No. 86 at 23 n.1. Washworld's Opposition to the Motion applies California

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

PLAINTIFF REGIONS BANK'S REPLY MEMORANDUM ISO MOTION TO DISMISS COUNTERCLAIMS

Nor does Washworld state a valid claim for breach of the implied covenant of good faith and fair dealing in the Funding Instructions.

> The implied covenant is aimed at making effective the agreement's promises and requires that neither party do anything which will deprive the other of the benefits of the agreement. The implied covenant is inherently limited—it does *not* extend beyond the terms of the contract at issue. The covenant cannot be endowed with an existence independent of its contractual underpinnings or impose substantive duties or limit beyond those incorporated in the specific terms of the agreement.

Pemberton v. Nationstar Mortgage LLC, 331 F.Supp.3d 1018, 1041-1042 (S.D. Cal. 2018) (internal citations and quotations omitted) (emphasis in original).

Because the Funding Instructions did not require Plaintiff to provide Washworld with information about Car Wash Management, Plaintiff's alleged failure to provide this information did not breach the implied covenant of good faith and fair dealing in the Funding Instructions.

Washworld's contract-based claims also fail because Washworld does not plausibly allege any actionable damages resulting from Plaintiff's alleged breach. The Counterclaim's boilerplate allegation that "Washworld has suffered damages in an amount to be proven at trial," see Counterclaim ¶¶ 44 and 51, is insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not do").[2]

law to the Funding Instructions so Plaintiff will do the same.

[2] Washworld argues that it has sufficiently alleged damages because California law permits an award of nominal damages for breach of contract even in the absence of actual damages. See Elation Systems, Inc. v. Fenn Bridge LLC (2021) 71 Cal.App.5th 958. Elation Systems is contra to Ninth Circuit authority. See Aguilera v. Pirelli

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## B.   The Counterclaim Fails to State a Valid Claim for Negligence

In its Opposition to the Motion, Washworld argues that Wisconsin rather than California law applies to its negligence claim against Plaintiff. However, the Court need not decide that issue because Washworld fails to state a valid claim for negligence even if Wisconsin law applies. See Nguyen v. Barnes & Noble, Inc., 763 F.3d 1171, 1175 (9th Cir. 2014) (when the laws of the two states "dictate the same outcome," the court need not engage in a conflict of laws analysis).

"In Wisconsin a duty to use ordinary care is established whenever it is foreseeable that a person's act or failure to act might cause harm to some other person. Under the general framework governing the duty of care, a person is not using ordinary care and is negligent, if the person, without intending to do harm does something (or fails to do something) that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property." Alvarado v. Sersch, 262 Wis.2d 74, 82 (2003).

Washworld argues that the Counterclaim states a valid negligence claim because Plaintiff wired funds to Washworld after receiving the Delivery Certificate certifying that Car Wash Management had already received the equipment from another vendor.

---

Armstrong Tire Corp., 223 F.3d 1010, 1015 (9th Cir. 2000) ("Under California law, a breach of contract claim requires a showing of appreciable and actual damage[.] To be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm not yet realized."). The Court of Appeals' interpretations of state law are "binding in the absence of any subsequent indication from the California courts that [its] interpretation was incorrect" and "[i]n the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." Owen ex rel. Owen v. U.S., 713 F.2d 1461, 1464 (9th Cir. 1983) (internal quotation omitted). Washworld's Counterclaim clearly fails to state a plausible claim for actual damages. If Washworld seeks only nominal damages, Washworld should amend its Counterclaim to make that clear and permit the Court to decide whether Elation Systems or Aguilera controls.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Not so. Plaintiff did not create an unreasonable risk of injury to Washworld simply by wiring the funds to Washworld. Washworld's decision to apply some of the funds to an unrelated order and then pay the balance to Car Wash Management, all in violation of the Funding Agreement and without notifying Plaintiff, was the wrongful act. Moreover, the allegation is counterintuitive. While Washworld alleges that there was a Delivery Certificate executed for the delivery of equipment what it does not allege is that it was **paid** for the equipment that was delivered. And that was the purpose of the wire transfer. To **pay** Washworld.

Hoida, Inc. v. M & I Midstate Bank, 291 Wis.2d 283 (2006), is also instructive here. In Hoida, a subcontractor on a construction project sued the construction lender after the general contractor and the owner of the property forged signatures on the loan disbursement forms and then fraudulently misappropriated construction loan proceeds and failed to pay the subcontractor. The subcontractor alleged that the lender was negligent in disbursing funds without identifying the subcontractors and verifying that sufficient work had been completed. Id. at 300.

The Wisconsin Supreme Court affirmed the trial court's dismissal of the subcontractor's claims. Id. at 290. Because the lender could not have reasonably "foreseen that the general contractor and the owner would act together to forge the architect's signature on Application and Certification for Payment forms and to convert the loan proceeds for the project to their own use," and because the lender complied with its obligations under the loan documents regarding loan disbursements, the lender was not liable for negligence. Id. at 311.

Just as the forged signatures were not reasonably foreseeable in Hoida, it was not reasonably foreseeable that Car Wash Management would submit what is contended by Washworld, a fraudulent Washworld order form, to Plaintiff or that Washworld would breach the Funding Agreement by applying the funds to an unrelated order and then paying the balance to Car Wash Management. And, just as in Hoida, Plaintiff in this case complied with its obligations under the Funding Agreement in advancing funds to

PLAINTIFF REGIONS BANK'S REPLY MEMORANDUM ISO MOTION TO DISMISS COUNTERCLAIMS

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Washworld. Accordingly, Plaintiff—as a matter of law—is not liable to Washworld in negligence.

The result is the same if California law governs. "Absent extraordinary and specific facts, a bank does not owe a duty of care to a noncustomer" to investigate suspicious activities of the bank's customer. Gil v. Bank of America (2006) 138 Cal.App.4th 1371, 1381; see also Software Design & Application, Ltd. v. Hoefer & Arnett, Inc. (1996) 49 Cal.App.4th 472, 479 (same); Casey v. U.S. Bank Nat. Assn. (2005) 127 Cal.App.4th 1138, 1149 (same). Courts are "reluctant to recognize duties in this context because such duties run the risk of violating the bank's … customers' right to privacy and … forcing the bank .. to ask as the guarantor of their customers' transactions." QDOS, Inc. v. Signature Financial, LLC (2017) 17 Cal.App.5th 990, 1000 n.3 (internal citations and quotations omitted). Under this precedent, Plaintiff did not owe Washworld a duty to investigate and detect Car Wash Management's fraud.

Washworld's negligence claim is also fatally defective for the same reason Washworld's contract-based claims are defective: Washworld has failed to allege any cognizable damages. Washworld's conclusory allegation that it "suffered damages as a result of Ascentium's breaches, including reputational damages," see Counterclaim ¶ 64, is insufficient under Iqbal and Twombly. And it is hard to imagine Washworld can conjure up damages. Plaintiff pays Washworld money, Washworld applies it to a different unknown invoice that was due to Washworld and then remits the rest of the money it received from Plaintiff to Car Wash Management yet Washworld was damaged in this transaction. That is not only implausible but it is a contention made in bad faith.

The one other area of damage is reputation damages yet nowhere does it state in the Counterclaim how its reputation was damages when it wrongfully received money and used some of it and gave the rest back to the so-called fraudulent agency and distributor Car Wash Management. So exactly where are any facts evidencing that there are reputation damages?

## IV. CONCLUSION

The Counterclaim fails to state a valid claim for breach of the Funding Instructions, for breach of the implied covenant of good faith and fair dealing in the Funding Instructions, or for negligence. The Court should grant the Motion.

DATED: November 14, 2025

FRANDZEL ROBINS BLOOM & CSATO, L.C.
ANDREW K. ALPER
CHRISTOPHER D. CROWELL

By: /s/ Andrew K. Alper
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank dba Ascentium Capital

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank dba Ascentium Capital, certifies that this brief (including headings, footnotes, and quotations but excluding the caption, the signature block, and this certification) contains 2,269 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 14, 2025

/s/ Andrew K. Alper
Andrew K. Alper

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On November 14, 2025, I served true copy(ies) of the **PLAINTIFF AND COUNTERCLAIMANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on November 14, 2025, at Los Angeles, California.

/s/Rebecca Santamaria
Rebecca Santamaria

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5758614v1 | 100287-0289

1

PLAINTIFF REGIONS BANK'S REPLY MEMORANDUM ISO MOTION TO DISMISS COUNTERCLAIMS

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton (pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago. IL 60606-2859 | Tel:    312-416-8187<br>Email:    mgannon@bakerlaw.com<br>kwalton@bakerlaw.com<br><br>Attornev for Defendant Washworld. Inc. |
| Xitlaly Estrada<br>Ava Claypool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles. CA 90067-4301 | Tel:    310-442-8878<br>Email:    xestrada@bakerlaw.com<br>aclaypool@bakerlaw.com<br><br>Attornev for Defendant Washworld. Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>122 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: (714) 990- 3693<br>Fax: (657) 234 - 0012<br>Email:    lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5758614v1 | 100287-0289

2

PLAINTIFF REGIONS BANK'S REPLY MEMORANDUM ISO MOTION TO DISMISS COUNTERCLAIMS