Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
Christopher D. Crowell (State Bar No. 253103)
ccrowell@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-
Defendant, Regions Bank, an Alabama
State Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, et al., <br><br> Defendants. | Case No.  2:25-cv-00359 CASE (KSx) <br><br> **PLAINTIFF REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC., OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** |
| JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS et al., <br><br> Cross Defendants. | <u>Hearing</u> <br> Date:     December 1, 2025 <br> Time:     10:00 a.m. <br> Crtrm.:  8D |
| WASHWORLD, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> REGIONS BANK D/B/A ASCENTIUM CAPITAL, <br><br> Counter-Defendant. | |

5759843v2 | 100287-0289

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

WASHWORLD, INC.,

        Cross-Claimant,

    vs.

CAR WASH MANAGEMENT, LLC,

        Cross-Defendant.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff"), submits this Reply Memorandum in Support of Plaintiff's Motion to Strike Affirmative Defenses in Answer to Complaint filed by Washworld, Inc. ("Washworld"), or in the Alternative Motion for a More Definite Statement ("Motion").

## I.    INTRODUCTION

The Motion asks the Court to strike the Second through Eighth, Tenth, and Eleventh Affirmative Defenses in Washworld's Answer to Plaintiff's Complaint. The Court should grant the Motion because the Answer does not give Plaintiff fair notice of the nature of these affirmative defenses.

## II.    ARGUMENT

Under Federal Rule of Civil Procedure 8, the "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (emphasis added) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Vogel v. AutoZone Parts, Inc., 2013 WL 2395905 at *1 (C.D. Cal. May 31, 2013) (Snyder, J.) (internal quotation omitted) (same).[1]

---

[1] This Court has held that the pleading requirements imposed by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), do not apply to affirmative defenses. See Choi v. 8th Bridge Capital, Inc., 2018 WL 3469053

The affirmative defenses at issue in this Motion state the nature of the defenses but provide absolutely no information about Washworld's grounds for asserting them. Kohler is instructive here. Kohler was an action alleging that a restaurant did not comply with accessibility requirements under the Americans with Disabilities Act. 280 F.R.D. at 563.

The Court struck a defense asserting that the plaintiff's claims were "barred by the applicable statute of limitations" without referencing the specific statute of limitations or pleading any facts. 280 F.R.D. at 568. The Court also struck a defense asserting that the "purported architectural barriers provide effective access to Plaintiff" and a separate defense claiming that alterations "were made to ensure that the facility would be readily accessible to the maximum extent possible." Id. Because the defendant did not "at least identify the type of effective access and alterations that form the grounds for its defenses," the Court found that these defenses failed to provide fair notice and accordingly struck them. Id. The Court also struck various other affirmative defenses, also based on the principle that the "bare assertion" of a defense, without more, provides inadequate notice to the plaintiff. Id. at 568-569.

The affirmative defenses at issue here are, if anything, are even more barebones than those at issue in Kohler and are plainly insufficient to give Plaintiff fair notice of Washworld's basis for asserting them.

And the Request for Judicial Notice of a Michigan case in a different jurisdiction with different procedure and the case subject matter is entirely different than the case at bar has no bearing whatsoever this Motion. Apparently Washworld is criticizing Plaintiff's opposing counsel for not moving to strike some of the defenses in that case. Then Washworld cites to *Reyn's Pasta Bella, LLC, etc. v. Visa USA, etc. et. al* 442 F3d 741,750 (9th Cir. 2006) for the proposition that the Court can take judicial notice of other cases. But the entire issue before the Court in the *Reyn* case is

at *7 (C.D. Cal. July 16, 2018) (Snyder, J.); Vogel, 2013 WL 2395905 at *1 n.1, while other Courts have applied the Twombley/Iqbal plausibility requirement.

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

whether the case at bar had to be dismissed because of issue preclusion from a prior case and whether the issues in the *Reyn's* case had previously been litigated. In order to ascertain if there was issue preclusion the Court had to review the pleadings in the prior action and of course it would take judicial notice of pleadings to determine the issue in that case. That is a far cry from looking at an Answer that had been filed by Michigan counsel for Plaintiff with some potential affirmative defenses that were not sufficiently plead and did not give fair notice of the defense. But that case has nothing to do with this case and is totally irrelevant. This Court is to be concerned with the Complaint and Answer and Affirmative defenses alleged in the Answer determined by this Motion and the Affirmative Defenses are insufficient as a matter of law similar to the Counterclaim filed by Washworld in this case.

## III.     **CONCLUSION**

For these reasons, and those set forth in the moving papers, Plaintiff requests that the Court grant the Motion.

DATED:  November 14, 2025      FRANDZEL ROBINS
BLOOM & CSATO, L.C.
ANDREW K. ALPER
CHRISTOPHER D. CROWELL


By: /s/ Andrew K. Alper
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-
Defendant Regions Bank, an Alabama
State Bank dba Ascentium Capital

5759843v2 | 100287-0289

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank dba Ascentium Capital, certifies that this brief (including headings, footnotes, and quotations but excluding the caption, the signature block, and this certification) contains 779 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 14, 2025          /s/ Andrew K. Alper
                                  Andrew K. Alper

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5759843v2 | 100287-0289                    5

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On November 14, 2025, I served true copy(ies) of the **PLAINTIFF REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER TO COMPLAINT FILED BY WASHWORLD, INC., OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on November 14, 2025, at Los Angeles, California.

_____
/s/Rebecca Santamaria
Rebecca Santamaria

5759843v2 | 100287-0289

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

Michael D. Gannon (pro hac vice)
Katharine H. Walton-(pro hac vice)
BakerHostetler
One North Wacker Drive, Suite 3700
Chicago, IL 60606-2859

Tel:    312-416-8187
Email: mgannon@bakerlaw.com
          kwalton@bakerlaw.com

Attorney for Defendant Washworld, Inc.

Xitlaly Estrada
Ava Claypool
Baker & Hostetler LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301

Tel:    310-442-8878
Email: xestrada@bakerlaw.com
          aclaypool@bakerlaw.com

Attorney for Defendant Washworld, Inc.

Lisa Mitts Patrick, Esq.
The Law Office Of Lisa Mitts Patrick
122 E. Amerige Ave., Suite 313
Fullerton, CA 92832

Tel: (714) 990- 3693
Fax: (657) 234 - 0012
Email: lolmp2021@gmail.com

Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5759843v2 | 100287-0289

2

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES