Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:      *xestrada@bakerlaw.com*
            *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago , IL 60606
Telephone:  312-416-6200
Email:      *mgannon@bakerlaw.com*
            *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, dba ASCENTIUM CAPITAL, | Case No.: 2:25-cv-00359-CAS-KS |
| Plaintiff, | **CROSS DEFENDANT WASHWORLD, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CROSS-CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| v. | |
| CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive, | |
| Defendants. | DATE:    December 1, 2025<br>TIME:    10:00 AM<br>CTRM:    8D |
| JOSE RENE ORTIZ, | |
| Cross Claimant, | |
| v. | |
| ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive, | |
| Cross Defendants. | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD, INC.,

        Counter Plaintiff,

    v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

        Counter Defendant.

WASHWORLD, INC.,

        Cross Claimant,

    v.

CAR WASH MANAGEMENT, LLC,

        Cross Defendant.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     ARGUMENT..........................................................................................................1

    A.      ORTIZ'S OPPOSITION IS UNTIMELY. ........................................................1

    B.      ORTIZ MISAPPLIES THE LEGAL STANDARD AND MISINTERPRETS WASHWORLD'S POSITION. ........................................................................1

    C.      ORTIZ HAS FAILED TO STATE A CLAIM FOR MONEY HAD AND RECEIVED. ........................................................................................2

    D.      ORTIZ FAILS TO STATE A CLAIM FOR EQUITABLE INDEMNIFICATION. ........................................................................3

    E.      ORTIZ FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT .................5

    F.      ORTIZ SHOULD NOT BE GIVEN LEAVE TO AMEND. ...............................7

III.    CONCLUSION .....................................................................................................8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

## I.   INTRODUCTION

Ortiz has once again failed to present any viable cause of action against Washworld. Specifically, Ortiz continues to try to shift his own liability to Ascentium for fraud or breach of guaranty onto Washworld, even though there is no relationship whatsoever between Ortiz and Washworld. (ECF No. 114-2 at 11 ("[Ortiz] had no direct relationship of any kind (contractual or otherwise) with . . . Defendant Washworld a car wash equipment/parts distributor."). There are no legal grounds to do so, and Ortiz's amended cross claim must be dismissed, this time with prejudice.

## II.   ARGUMENT

### A.   ORTIZ'S OPPOSITION IS UNTIMELY.

As an initial matter, Ortiz's opposition was not timely filed.  Washworld filed its motion to dismiss on October 28, 2025 and noticed it for hearing on December 1, 2025. (ECF No. 100.).  Ortiz's deadline to oppose the motion was November 10, 2025.[1] Ortiz filed his Opposition on November 11, 2025, and the second page of the opposition was omitted from this filing. (ECF No. 110.) Ortiz then filed a corrected version with the missing page on November 12, 2025. (ECF No. 114, 114-2.) Pursuant to Local Rules 7-12, in its discretion, the Court may decline to consider the filing, which Washworld respectfully requests the Court do.

### B.   ORTIZ MISAPPLIES THE LEGAL STANDARD AND MISINTERPRETS WASHWORLD'S POSITION.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." As this Court recognized in *The Wimbeldon Fund, SPC (Class TT) v. Graybox, LLC*:

> A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, **a district court properly dismisses a claim if "there is a 'lack of a**

---

[1] "Each opposing party shall . . . not later than twenty-one (21) days before the date designated for the hearing of the motion . . . serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum . . . ." L.R. 7-9.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**cognizable legal theory** or the absence of sufficient facts alleged under a cognizable legal theory.'" "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, **a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**."

No. 2:15-cv-6633-CAS (SSx), 2019 WL 2413023, at *3 (C.D. Cal. June 6, 2019) (Snyder, J.) (emphasis added).

Here, Ortiz seizes on the "short and plain statement" requirement but ignores the requirement that he must show that he is "entitled to relief" under "a cognizable legal theory." *See* Fed. R. Civ. P. 8(a)(2). Ortiz also misinterprets Washworld's position. Notably, in its opening brief, Washworld did not attack a lack of facts in Ortiz's amended cross-claim, as Ortiz suggests. Instead, Washworld argued that Ortiz has not demonstrated any entitlement to relief under a cognizable legal theory.

### C.    ORTIZ HAS FAILED TO STATE A CLAIM FOR MONEY HAD AND RECEIVED.

This Court previously dismissed Ortiz's original claim for money had and received because Ortiz did not allege that he made any payment to Washworld, a required element of this claim:

> The Court finds that Ortiz fails to state a claim for money had and received against Washworld. Although Washworld received money, **the money came from plaintiff Ascentium, not Ortiz**. Ortiz never alleges that he made any payment to Washworld. **Ortiz cannot establish that Washworld is "indebted" to him, an element necessary to plead a claim for money had and received.**

(ECF No. 87 at 23 (emphasis added).)

Ortiz's amended cross-claim fails for the same reason. Ortiz still does not allege that he made any payment to Washworld. In fact, in addition to conceding that he had no knowledge of the payment, Ortiz explicitly alleges that Ascentium made the alleged mistaken payment, not him:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- "[Ortiz] was not informed that payment was made, to whom, when, nor the ultimate disposition of funds." (ECF No. 94 ¶ 4.)

- "At no time was the Cross Complainant aware of the status of the subject funds, and that they may have, as alleged in the Complaint, been delivered erroneously (as alleged in the Complaint) to Cross Defendant WASHWORLD . . . ." (ECF No. 94 ¶ 7.)[2]

- "Cross Complainant ORTIZ is informed and believes and thereon alleges that WASHWORLD has unjustly, unfairly and improperly retained all or part of said funds **received from the Plaintiff ASCENTIUM** . . . ." (ECF No. 94 ¶ 14 (emphasis added).)

Ortiz's claim for money had and received must be dismissed because Ortiz cannot establish that Washworld is indebted to him. Additionally, this claim should be dismissed with prejudice because any amendment will be able to cure this claim given that Ortiz did not send money to Washworld.

### D. ORTIZ FAILS TO STATE A CLAIM FOR EQUITABLE INDEMNIFICATION.

As an initial matter, Washworld notes that because Ortiz's claim for equitable indemnification did not specify whether it was for traditional equitable indemnification or implied contractual indemnity, Washworld addressed grounds for dismissal under both types of indemnity. In response, Ortiz makes clear he was limiting his claim equitable indemnification.[3] Accordingly, Washworld only addresses a claim for traditional equitable indemnification.

As explained in Washworld's opening brief, under California law, a claim for

---

[2] For purposes of a 12(b)(6) motion to dismiss, there is no dispute that Ortiz's allegations are accepted as true. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Ortiz takes issue with Washworld accepting Ortiz's allegations as true, including Ortiz's allegation that he did not know the terms or the purpose of the loan, what was to be purchased, or where the funds were going. (ECF No. 114-2 at 6.) Ortiz cannot use his purported lack of factual knowledge as both a sword and shield.

[3] Specifically, Ortiz states that he should not have to "label" his claim "to satisfy Washworld," further explaining that "if the indemnity claim were contractual it would have been labeled and pleaded as contractual in nature and therefore legal not equitable." (ECF No. 114-2 at 11.)

WASHWORLD'S REPLY ISO MOTION TO DISMISS ORTIZ'S AMENDED CROSS-CLAIM
CASE NO.: 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

equitable indemnification must be supported by some kind of joint obligation. This principle has been reaffirmed by the California Supreme Court and multiple California appellate courts. *Prince v. Pacific Gas & Electric Co*., 202 P.3d 1115, 1120 (Cal. 2009) ("Unlike express indemnity, traditional equitable indemnity requires no contractual relationship between an indemnitor and an indemnitee. Such indemnity 'is premised on a **joint legal obligation** to another for damages . . . .'") (emphasis added); *Great Western Drywall, Inc. v. Interstate Fire & Casualty Co*., 74 Cal. Rptr. 3d 657, 663 (Ct. App. 4th Dist. 2008) ("Under the equitable indemnity doctrine, defendants are entitled to seek apportionment of loss between the wrongdoers in proportion to their relative culpability so there will be 'equitable *sharing* of loss **between multiple tortfeasors**.'") (emphasis added); *BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc*., 14 Cal. Rptr. 3d 721, 723 (Ct. App. 4th Dist. 2004) ("Although the body of law defining and applying principles of equitable indemnity has not fully gelled but is still evolving, one thing is clear: **The doctrine applies only among defendants who are jointly and severally liable to the plaintiff** . . . One factor is necessary, however. With limited exception, **there must be some basis for tort liability against the proposed indemnitor**.") (emphasis added)*; Expressions at Rancho Niguel Ass'n. v. Ahmanson Developments, Inc*., 103 Cal. Rptr. 2d 895, 898 (Ct. App. 4th Dist. 2001) ("Equitable indemnity principles govern the allocation of loss or damages **among multiple tortfeasors whose liability for the underlying injury is joint and several**.") (emphasis added); *see also Munoz v. Davis*, 190 Cal. Rptr. 400, 405 (Ct. App. 2d Dist. 1983) (affirming the order sustaining a demurrer without leave to amend where "no basis for equitable indemnity exists between the driver and the attorney because **they are not jointly and severally liable for the same injury**.") (emphasis added).

Ascentium has brought two claims against Ortiz, a claim for breach of a personal guaranty and a claim for fraud against Car Wash Management, Williams, and Ortiz. (ECF No. 101, 101-1 (Counts II and IV).) As mentioned above, Ortiz states

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

his claim for equitable indemnification is not based on contract, leaving only the claim for fraud, which is an intentional tort. (ECF No. 114-2 ("The intent of his pleadings is indeed equitable in nature-**on the basis of fairness not contract** . . . .") (emphasis added); *see also City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 482 (1998), *as modified on denial of reh'g* (Jan. 6, 1999) ("Fraud is an intentional tort.")

However, with regard to Ascentium's underlying fraud claim against Ortiz, Ortiz fails to identify any joint obligation giving rise to his claim.[4] A claim for equitable relief must still be based on existing law, and there is no support for a claim for traditional equitable indemnification against Washworld based on Ascentium's claim of fraud against Ortiz. *See The Wimbledon Fund, SPC*, 2019 WL 2413023, at *6 ("'The common law equitable indemnity doctrine relates to the allocation of loss among multiple tortfeasors . . . 'The doctrine applies only among defendants who are jointly and severally liable to the plaintiff.' . . . **[I]ntentional tortfeasors may generally only seek equitable indemnity from other concurrent intentional tortfeasors**.") (emphasis added).

In a last-ditch attempt to save his claim, Ortiz suggests that his claim should survive based on speculation that Ascentium could later amend its complaint to include a claim upon which Ortiz might somehow be able to establish joint liability. However, Washworld should not be forced to expend resources, time, and money on Ortiz's speculation. Ortiz's claim for equitable indemnification must be dismissed.

### E.    ORTIZ FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Ascentium has sued Ortiz for breach of a personal guaranty, a claim grounded in contract. (ECF No. 101, 101-1 (Count II).) Ortiz seeks to discharge that potential liability by bringing a claim for unjust enrichment against Washworld:

---

[4] Ortiz also posits that Ascentium, if successful, will pursue "a joint and several judgment to get the money restored to them from whatever source/party can make good on it." (ECF No. 110 at 11.) But Ortiz offers no explanation for how a judgment based on fraud can be enforced against a party who is not alleged to have committed the fraud.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

> [A]ll Cross Defendants have become unjustly and unfairly enriched in the retention of such funds, such that each Defendant in proportion to the sums to be proven that they retained unjustly, owes any funds retained, in an amount listed in paragraph 13, or to be proven at Trial, **that this Cross Complainant ORTIZ is held responsible for under the allegation of personal guarantee or otherwise**, payable back to Cross Complainant Ortiz.

(ECF No. 94 ¶ 23 (emphasis added).) But Ortiz denies he is liable for breach of guaranty and disregards the fact that Ortiz has not, in fact, been found to be liable.

Additionally, Ortiz identifies the benefit conferred as Ascentium's payment to Washworld. (ECF No. 94 at Page ID 658 ¶ 23.). Ortiz goes on to allege that he:

(1) "was not informed that payment was made, to whom, when, nor the ultimate disposition of funds";

(2) "never received any of the alleged funds paid by the Plaintiff, never retained any such funds not received, never knew when the funds were paid and/or to whom or for what"; and

(3) "[n]either party-- Plaintiff ASCENTIUM or Cross Defendant WASHWORLD –[notified] this Cross Complainant ORTIZ of the alleged payment of, or receipt of said funds, nor the disposition of said funds."

(ECF No. 94 at Page ID 652 ¶¶ 4, 5, 655 ¶ 13.). In sum, Ortiz claims that Washworld has been unjustly enriched at Ortiz's expense for a benefit Ortiz did not confer, for a benefit Ortiz did not know existed, for funds that were never in Ortiz's possession, and for money that Ortiz did not know was paid. Ortiz further claims that Ascentium's payment to Washworld was unjustly retained at Ortiz's expense because:

> [I]n the unlikely event Ortiz is held responsible as guarantor, he would be treated as if he was the party who received the money for some purpose that benefitted him or his alleged companies (he did not own

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6

any portion of any company) so it would be "at the Plaintiff-Cross Complainant here's expense." His claim is proper despite that he may not have a direct hand in the delivery of the funds improperly held by Washworld.

(ECF No. 114-2 at 14.) But this argument of counsel is unsupported by any legal authority for Ortiz's proposition that, if Ortiz is found liable for breach of personal guaranty, "Ortiz would be treated as the party who received the money." (*Id.*) There has been no unjust enrichment at Ortiz's expense. This claim must be dismissed.

### F.    ORTIZ SHOULD NOT BE GIVEN LEAVE TO AMEND.

Ortiz has not identified legal theories that allow him to recover against Washworld, but Ortiz requests that the Court allow him to conduct discovery to discover whether any facts exist to support his claims. But Ortiz makes no effort to identify what those facts might be or why Ortiz would likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Nor does Ortiz explain or identify any legal theories that would entitle him to relief.  Federal Rule of Civil Procedure Rule 11(b)[5] obligates attorneys to ensure that, when presenting pleadings to the court, "the claims, defenses, and other legal contentions are warranted by existing law. . . ." Fed. R. Civ. P. 11(b). The rule is designed to deter baseless filings that "needlessly increase the cost of litigation." *Id.* Ortiz argues repeatedly that he lacks sufficient facts and needs discovery. But posturing on whether Ortiz will obtain such evidence misses the point. The issue with Ortiz's pleading is not the absence of facts or what Ortiz might solicit in discovery; it is the fact that California law does not support his causes of action against Washworld. Given these shortcomings, Washworld respectfully requests that Ortiz be denied leave to amend.  Indeed, Washworld should not be forced to spend any more time and money responding to another amended pleading from Ortiz at this time. If Ortiz

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[5] Washworld is not asking the Court to impose sanctions; Washworld's purpose in citing Rule 11 is to highlight that claims and legal contentions must be supported by "existing law."

at some point down the road manages to develop a legal basis to bring claims, he may seek leave of Court to file such a claim pursuant to Federal Rule of Civil Procedure 13(e).

## III.   CONCLUSION

For the foregoing reasons, Washworld respectfully requests that this Motion be granted with prejudice and the First Amended Cross-Claim be dismissed as against Washworld for failure to state a claim upon which relief can be granted.

Dated:  November 17, 2025          **BAKER & HOSTETLER LLP**

By:   */s/ Katharine Walton*
     Katharine Walton

Cross Defendant WASHWORLD, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 2,509 words, which complies with the word limit of L.R. 11-6.1.

Dated:  November 17, 2025          **BAKER & HOSTETLER LLP**

By:   */s/ Katharine Walton*
     Katharine Walton

Cross Defendant WASHWORLD, INC.

## CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On November 17, 2025, I served a copy of the within document(s):

**CROSS DEFENDANT WASHWORLD, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CROSS-CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876)<br>**FRANDZEL ROBINS BLOOM & CSATO, L.C.**<br>1000 Wilshire Boulevard, Nineteenth Floor<br>Los Angeles, CA 90017<br>Telephone:  323-852-1000<br>Facsimile:  323-651-2577<br>Email:        aalper@frandzel.com | *Attorneys for Plaintiff*<br>REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522)<br>**LAW OFFICE OF LISA MITTS PATRICK**<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832<br>Telephone:  714-990-3693<br>Facsimile:  657-234-0012<br>Email:        lolmp2021@gmail.com | *Attorneys for Defendant and Cross Defendant*<br>JOSE RENE ORTIZ |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on November 17, 2025, at Chicago, Illinois.

/s/ Katharine Walton

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

9