UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF REGIONS BANK'S MOTION TO STRIKE AFFIRMATIVE DEFENSES IN WASHWORLD'S ANSWER TO PLAINTIFF'S COMPLAINT (Dkt. 103, filed on October 28, 2025)

## I.   INTRODUCTION

The Court finds the present motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  Accordingly, the matter is hereby taken under submission.

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff" or "Ascentium" or "Regions Bank") filed a complaint against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100.  Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld. Dkt. 1 ("Compl.").

On July 16, 2025, defendant Jose Ortiz filed an answer.  Dkt. 54.  The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, CWM, Washworld, WCCW, Williams, and Roes 1-35.  Dkt. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|----------|------------------------|------|-------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

On August 15, 2025, defendant Washworld filed a motion to dismiss the claims asserted against it by plaintiff. Dkt. 67. On September 25, 2025, the Court denied Washworld's motion to dismiss plaintiff's complaint. Dkt. 86.

On October 10, 2025, Washworld filed an answer to plaintiff's complaint, along with counterclaims against plaintiff. Dkt. 88 ("Ans.").

On October 28, 2025, plaintiff filed a motion to dismiss the counterclaims asserted against it by Washworld. Dkt. 102. The same day, plaintiff also filed a motion to strike affirmative defenses in the answer filed by Washworld or in the alternative, a motion for a more definite statement from Washworld. Dkt. 103 ("Mot"). On November 10, 2025, Washworld filed an opposition to plaintiff's motion to strike. Dkt. 107 ("Opp."). On November 14, 2025, plaintiff filed a reply. Dkt. 117 ("Reply").

Plaintiff's motion to strike is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that it is an Alabama State Bank doing business under the name of Ascentium Capital with its principal place of business in Alabama. Compl. ¶ 1. Plaintiff alleges that defendant Car Wash Management, LLC ("CWM" or "Debtor") is a limited liability company, organized and existing under the laws of Delaware with its principal place of business in Los Angeles, California. Id. ¶ 2. Plaintiff alleges that defendant West Covina Car Wash LLC is a limited liability company, organized and existing under the laws of California with its principal place of business in Los Angeles, California and whose sole member is CWM. Id. ¶ 3. Plaintiff alleges that defendant Jose Rene Ortiz is an individual who is a member of CWM and resides in Los Angeles, California. Id. ¶ 4. Plaintiff alleges that defendant Andrew Paul Williams is an individual who is a member and/or officer of CWM and resides in San Diego, California. Id. ¶ 5. Plaintiff alleges that defendant Washworld, Inc. was and is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin and is authorized to and doing business in the Los Angeles, California. Id. ¶ 6. Plaintiff alleges that no officers or directors of Washworld are residents of the State of Alabama. See id. ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Plaintiff alleges that on January 10, 2024, CWM, as "Debtor," entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Ascentium to finance the acquisition of equipment for the financed amount of $343,394.23. Id. ¶ 12. Plaintiff alleges that the EFA was intended to finance CWM's purchase of equipment for the operation of a car wash initially from a vendor identified as AVW Equipment Company, Inc. ("AVW"), and that pursuant to the EFA, Ascentium wired $309,054.80 to AVW. Id.

Plaintiff alleges that after the EFA was signed, on February 28, 2024, Williams, on behalf of CWM, orally represented to Pete Matheny, a Vice President of Ascentium, that AVW was unable to deliver the equipment ordered by CWM in a timely fashion and that CWM had experienced other "red flags" regarding some business practices of AVW. Id. ¶ 13. Accordingly, CWM was canceling the order with AVW, obtaining a full refund, and was instead ordering the necessary equipment from Washworld. Id. Plaintiff alleges that this representation was confirmed in a February 28, 2024 email from Williams to Matheny, copied to Ortiz, which transmitted what was represented to be a purchase quote on a Washworld form ("the Quote"). Id. Plaintiff alleges that the money paid to AVM was refunded to Ascentium. Id.

Plaintiff alleges that based on the representations of Williams, on March 7, 2024, Ascentium executed with CWM, by Ortiz, an Addendum Agreement No. 2763169 changing the amount financed from $343,394.23 to $346,904.75. Id. ¶ 14.

Plaintiff alleges that at the time of the February 28, 2024, email from Williams to Matheny, CWM was an authorized dealer of Washworld products and that CWM was given access to and was authorized to issue quotes on Washworld forms, like the quote Williams allegedly sent to Ascentium. Id. ¶ 15. Plaintiff alleges that prior to February 2024, Ascentium had funded two loan transactions in the form of Equipment Finance Agreements involving the purchase of Washworld equipment where CWM had been the "primary vendor" to Ascentium's customer and approximately 20 transactions where Washworld had been the "primary vendor" or one of its other distributors had been the "primary vendor." Id.

Plaintiff alleges that on or about February 28, 2023, Washworld, by its controller Jon Tyezkowski, executed and delivered to Ascentium written "Funding Instructions," which listed Washworld's email address as "controller@washworldinc.com" and provided:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction. If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium.

Id. ¶ 16.

Plaintiff alleges that on March 12, 2024, Ascentium sent a "Payment Notification" email to "ajohnson@washworldinc.com" and "controller@washworldinc.com" that stated:

Invoice # : Car Wash Management, Inc.
Payment Type : Equipment
Customer Name : Car Wash Management, Inc.
Finance Agreement # : 2763169
Payment Method : ACH
Date : March 11, 2024
Amount : $309,054.80

Among other things, the Payment Notification stated:

If you have questions about this payment, please contact your Vendor Services Representative, Maria Negri, at MariaNegri@ascentiumcapital.com or (281) 902-1938.

Id. ¶ 17.

Plaintiff alleges that on March 11, 2024, Ascentium sent payment to Washworld in the amount of $309,954.00 (the "Mistaken Payment") for posting to the Washworld bank account listed in the Funding Instructions, and that the same was posted and credited to such account on March 12, 2024.  Id. ¶ 18.

Plaintiff claims that CWM never sent the Quote to Washworld, and never ordered or intended to order from Washworld, any of the equipment stated in the Quote.  Id. ¶ 19. Plaintiff claims that when Washworld received the Mistaken Payment, it knew, had reason to know and/or should have known that there had been no order for equipment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

from CWM for either itself or a customer of CWM in the amount of the Mistaken Payment or in any amount even approaching the amount of the Mistaken Payment.  Id. ¶ 20.

Plaintiff alleges that instead of contacting Ascentium regarding the Mistaken Payment as stated in the Payment Notice and as required by the Funding Instructions, Washworld contacted CWM regarding the Mistaken Payment and was told by CWM that the payment should be applied to an order by one of its customers in Chula Vista, California, that had a remaining balance due of $132,509.09.  Id. ¶ 21.  Plaintiff alleges that on March 19, 2024, Washworld applied a portion of the Mistaken Payment to pay that balance and sent a payment back to CWM in the amount of $176,552.71.  Id. Plaintiff alleges that at no time did Washworld make inquiry of Ascentium regarding the reason for the Mistaken Payment, what equipment or purchase order it related to, or whether the amount should be returned to Ascentium.  Instead, plaintiff claims that Washworld concealed the true facts from Ascentium.  Id.

Plaintiff alleges that on May 23, 2024, Pete Matheny of Ascentium sent to Washworld a copy of the Quote on Washworld's form that had been received from Williams.  Id. ¶ 22.  Plaintiff alleges that Washworld never responded in any fashion, did not inform Ascentium that the Quote or any similar quote had been issued by or provided to Washworld, and did not inform Ascentium of certain facts alleged by plaintiff, until September 26, 2024.  Id.

Plaintiff claims that once Ascentium became fully aware of the facts, Ascentium 1) declared the EFA in default and demanded immediate payment of the entire loan balance from CWM, WCCW and Ortiz via a Notice of Default and Acceleration letter ("Acceleration Letter"); and 2) contacted Washworld in an attempt to obtain the return of the Mistaken Payment.  Id. ¶ 23.  Plaintiff alleges that CWM, WCCW and Ortiz failed and refused pay the accelerated balance, id. ¶ 24, and that Washworld failed and refused to respond to Ascentium's attempts to request the return of the Mistaken Payment.  Id. ¶ 25.

In its answer to plaintiff's complaint, Washworld asserts the following affirmative defenses:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim): Ascentium has failed to state facts sufficient to constitute a cause of action upon which relief can be granted against Washworld.

SECOND AFFIRMATIVE DEFENSE (Unclean Hands): Ascentium's causes of action are barred, in whole or in part, by the doctrine of unclean hands.

THIRD AFFIRMATIVE DEFENSE (No Damages): Ascentium's causes of action are barred because Ascentium has not incurred any damages caused by Washworld.

FOURTH AFFIRMATIVE DEFENSE (Unjust Damages): Any award of damages against Washworld would also be improper as unjust.

FIFTH AFFIRMATIVE DEFENSE (Waiver): Ascentium has waived any right to obtain the requested relief as a result of its own acts, conduct, and omissions.

SIXTH AFFIRMATIVE DEFENSE (Conditions Precedent): Ascentium's claims are barred, in whole or in part by Ascentium's failure to comply with conditions precedent.

SEVENTH AFFIRMATIVE DEFENSE (Estoppel): Ascentium's cause of action is barred, in whole or in part, by the doctrine of estoppel.

EIGHTH AFFIRMATIVE DEFENSE (Good Faith and Fair Dealing): To the extent that the fact-finder determines that a contract was formed, Ascentium's claims are barred, in whole or in part by Ascentium's breach of the obligation of good faith and fair dealing implicit in every contractual relationship.

NINTH AFFIRMATIVE DEFENSE (Express Contract): To the extent that the fact-finder determines that a contract was formed, Ascentium's claim for unjust enrichment and money had and received claim fail to state a claim upon which relief can be granted because there is an express contract.

TENTH AFFIRMATIVE DEFENSE (One Satisfaction Rule): Ascentium's claims may be barred, in whole or in part, by the One Satisfaction Rule, which prevents a plaintiff from obtaining more than one recovery for the same injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

> ELEVENTH AFFIRMATIVE DEFENSE (Offset): To the extent Ascentium is awarded any damages, such damages must be reduced by the amount of Washworld's claims against Ascentium. Ascentium's claim for damages should also be offset or reduced to the extent that such claimed damages are compensated by other sources or caused by events unrelated to Washworld's conduct.

Ans. at 15-17 (cleaned up).

## III.    LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Federal Rule of Civil Procedure 12(f).  Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."  A motion to strike is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material.  Where the moving party claims that a defense is insufficient, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  Simmons v. Navajo County, 609 F.3d 1011, 1023 (9th Cir. 2010) (quotation marks omitted).  The essential function of a Rule12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  Because of "the limited importance of pleadings in federal practice," motions to strike are disfavored.  Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

Under Federal Rule of Civil Procedure 8, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824 (9th Cir. 1979); see Fed. R. Civ. P. 8(a)(2) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it. …").  To meet this lenient "fair notice" standard, a defendant need only state "the nature and grounds for the affirmative defense."  See, e.g., Vogel v. Linden Optometry APC, CV 13–0295, 2013 WL 1831686 (C.D. Cal. Apr. 30, 2013); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

## IV. DISCUSSION

Plaintiff argues that the Court should strike the second through eleventh defenses asserted by Washworld because "[t]hese Affirmative Defenses ha[ve] no facts set forth in [them] and do[] not give fair notice of the defense(s) being advanced." Mot. at 4. Plaintiff argues that Washworld's asserted defenses do not give "fair notice" of the defense being advanced, given that only one of Washworld's eleven affirmative defenses "has more than one sentence." Id. at 8. Plaintiff argues that "[i]t is not enough to simply refer to a statute or document without supporting facts showing its applicability." Id. (citing Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)). Plaintiff argues that to be sufficient, Washworld's "affirmative defenses of unclean hands, waiver, estoppel, goof faith and fair dealing, one satisfaction rule and offset need facts" that are lacking. Id. at 9. Furthermore, plaintiff argues that Washworld's "affirmative defenses of no damages, unjust damages, and conditions precedent are really simply a denial of the allegations set forth in the Complaint … [that] should be stricken." Id. Plaintiff further argues that "[w]hether an affirmative defense is governed by the Twombly/Iqbal 'plausibility' standard governing complaints … is still an open issue." Id. at 9.

In the alternative, should the Court decline to strike Washworld's second through eleventh affirmative defenses, plaintiff moves for a more definitive statement regarding these defenses under Rule 12(e). See id. at 2.

In opposition to plaintiff's motion to strike, Washworld argues that its affirmative defenses "are clear and straightforward" and provide fair notice to plaintiff. Opp. at 3. Washworld argues that "Ascentium's complaints about factual support for the affirmative defenses fail to establish that Ascentium does not have fair notice of the affirmative defenses." Id. at 5. Moreover, Washworld claims that "Ascentium failed to address each affirmative defense with specificity in its motion as it was required to do [under] Fed. R. Civ. P. 7(b)." Id. at 5-6. Finally, Washworld argues that plaintiff's motion in the alternative for a more definitive statement under Rule 12(e) should be denied because "Ascentium's memorandum does not contain any argument in support of this alternative relief." Id. at 7.

In reply, plaintiff argues that "[t]he affirmative defenses at issue in this Motion state the nature of the defenses but provide absolutely no information about Washworld's grounds for asserting them." Reply at 3 (citing Kohler v. Islands Restaurants, LP, 280

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

F.R.D. 560, 563 (S.D. Cal. 2012) for the proposition that the "bare assertion of [a] defense provides inadequate notice.").

As an initial matter, the Court finds that pleading standards articulated by the Supreme Court in Twombly and Iqbal do not apply to the pleading of affirmative defenses. Although district courts have split on the issue as to whether these decisions should apply to the pleading of affirmative defenses, the Ninth Circuit has continued to recognize the validity of the "fair notice" standard in the context of pleading affirmative defenses even after Twombly and Iqbal. See Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015); see also Linden Optometry, 2013 WL 1831686, at *3 (collecting cases).

The Court finds that Washworld's second through eleventh defenses are insufficient under Rule 8 because they fail to provide plaintiff with fair notice of the defenses asserted. As plaintiff points out, none of Washworld's second through eleventh defenses state any facts; they merely refer by name to various legal doctrines and then state that the doctrines apply in this case. Ans. at 15-17. Washworld provides no basis for these defenses in its answer, see generally Ans., and "a reference to a doctrine, like a reference to statutory provisions, is insufficient notice." Qarbon.com Inc., 315 F.Supp.2d at 1049 (N.D. Cal. 2004). "Although [Washworld's] pleading need not be supported by detailed factual allegations, it must at least give notice of the "'grounds upon which it rests.'" Kohler v. Staples the Off. Superstore, LLC, 291 F.R.D. 464, 469 (S.D. Cal. 2013) (citation omitted). Accordingly, the Court finds it appropriate to strike Washworld's second through eleventh affirmative defenses.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to strike Washworld's second through eleventh affirmative defenses, with leave to amend.

Washworld shall file its amended second through eleventh affirmative defenses on or before December 31, 2025.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |