UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Phyllis Preston | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Cross-Plaintiffs:
Lisa Mitts Patrick

Attorneys Present for Cross-Defendants:
Katharine Walton
Michael Gannon

**Proceedings:**   ZOOM HEARING RE: WASHWORLD, INC.'S MOTION TO DISMISS ORTIZ'S FIRST AMENDED CROSS-COMPLAINT (Dkt. 100, filed on October 28, 2025)

## INTRODUCTION

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff" or "Ascentium" or "Regions Bank") filed a complaint against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100. Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld. Dkt. 1 ("Compl.").

On July 16, 2025, defendant Jose Ortiz filed an answer. Dkt. 54. The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, CWM, Washworld, WCCW, Williams, and Roes 1-35. Dkt. 55.

On August 15, 2025, cross-defendant Washworld filed a motion to dismiss the claims asserted against it by defendant Ortiz. Dkt. 68. On September 25, 2025, the Court granted Washworld's motion to dismiss Ortiz's complaint, with leave to amend. Dkt. 87.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|----------|------------------------|------|------------------|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

On October 14, 2025, Ortiz filed its operative first amended cross-complaint against cross-defendants Williams, CWM, Car Wash Management, LLC of Hawaii, WCCW, Washworld, and and Roes 1-35. Ortiz alleges five claims for relief: (1) fraud, concealment, misrepresentation against Williams and Roes 1 to 10; (2) breach of contract against Williams, CWM, Car Wash Management, LLC of Hawaii, WCCW, and Roes 11-20; (3) money had and received against Washworld and Roes 21 to 35; (4) equitable indemnity against all cross-defendants; (5) unjust enrichment against all cross-defendants. Dkt. 94 ("First Amended Cross-Complaint" or "FACC").

On October 28, 2025, cross-defendant Washworld filed the instant motion to dismiss the claims asserted against it by defendant Ortiz. Dkt. 100 ("Mot."). On November 10, 2025, Ortiz filed an opposition. Dkt. 110 ("Opp."). On November 17, 2025, Washworld filed a reply. Dkt. 118 ("Reply").

On December 1, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## I.    BACKGROUND

Plaintiff alleges that it is an Alabama State Bank doing business under the name of Ascentium Capital with its principal place of business in Alabama. Compl. ¶ 1. Plaintiff alleges that defendant Car Wash Management, LLC ("CWM" or "Debtor") is a limited liability company, organized and existing under the laws of Delaware with its principal place of business in Los Angeles, California. Id. ¶ 2. Plaintiff alleges that defendant West Covina Car Wash LLC is a limited liability company, organized and existing under the laws of California with its principal place of business in Los Angeles, California and whose sole member is CWM. Id. ¶ 3. Plaintiff alleges that defendant Jose Rene Ortiz is an individual who is a member of CWM and resides in Los Angeles, California. Id. ¶ 4. Plaintiff alleges that defendant Andrew Paul Williams is an individual who is a member and/or officer of CWM and resides in San Diego, California. Id. ¶ 5. Plaintiff alleges that defendant Washworld, Inc. was and is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin and is authorized to and doing business in the Los Angeles, California. Id. ¶ 6. Plaintiff alleges that no officers or directors of Washworld are residents of the State of Alabama. See id. ¶ 6.

Plaintiff alleges that on January 10, 2024, CWM, as "Debtor," entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Ascentium to finance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | December 1, 2025 |
|---|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | | |

the acquisition of equipment for the financed amount of $343,394.23.  Id. ¶ 12.  Plaintiff alleges that the EFA was intended to finance CWM's purchase of equipment for the operation of a car wash initially from a vendor identified as AVW Equipment Company, Inc. ("AVW"), and that pursuant to the EFA, Ascentium wired $309,054.80 to AVW.  Id.

Plaintiff alleges that after the EFA was signed, on February 28, 2024, Williams, on behalf of CWM, orally represented to Pete Matheny, a Vice President of Ascentium, that AVW was unable to deliver the equipment ordered by CWM in a timely fashion and that CWM had experienced other "red flags" regarding some business practices of AVW.  Id. ¶ 13.  Accordingly, CWM was canceling the order with AVW, obtaining a full refund, and was instead ordering the necessary equipment from Washworld.  Id.  Plaintiff alleges that this representation was confirmed in a February 28, 2024 email from Williams to Matheny, copied to Ortiz, which transmitted what was represented to be a purchase quote on a Washworld form ("the Quote").  Id.  Plaintiff alleges that the money paid to AVM was refunded to Ascentium.  Id.

Plaintiff alleges that based on the representations of Williams, on March 7, 2024, Ascentium executed with CWM, by Ortiz, an Addendum Agreement No. 2763169 changing the amount financed from $343,394.23 to $346,904.75.  Id. ¶ 14.

Plaintiff alleges that at the time of the February 28, 2024, email from Williams to Matheny, CWM was an authorized dealer of Washworld products and that CWM was given access to and was authorized to issue quotes on Washworld forms, like the quote Williams allegedly sent to Ascentium.  Id. ¶ 15.  Plaintiff alleges that prior to February 2024, Ascentium had funded two loan transactions in the form of Equipment Finance Agreements involving the purchase of Washworld equipment where CWM had been the "primary vendor" to Ascentium's customer and approximately 20 transactions where Washworld had been the "primary vendor" or one of its other distributors had been the "primary vendor."  Id.

Plaintiff alleges that on or about February 28, 2023, Washworld, by its controller Jon Tyezkowski, executed and delivered to Ascentium written "Funding Instructions," which listed Washworld's email address as "controller@washworldinc.com" and provided:

Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

invoices, quotes, or proposals for the application transaction. If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium.

Id. ¶ 16.

Plaintiff alleges that on March 12, 2024, Ascentium sent a "Payment Notification" email to "ajohnson@washworldinc.com" and "controller@washworldinc.com" that stated:

Invoice # : Car Wash Management, Inc.
Payment Type : Equipment
Customer Name : Car Wash Management, Inc.
Finance Agreement # : 2763169
Payment Method : ACH
Date : March 11, 2024
Amount : $309,054.80

Among other things, the Payment Notification stated:

If you have questions about this payment, please contact your Vendor Services Representative, Maria Negri, at MariaNegri@ascentiumcapital.com or (281) 902-1938.

Id. ¶ 17.

Plaintiff alleges that on March 11, 2024, Ascentium sent payment to Washworld in the amount of $309,954.00 (the "Mistaken Payment") for posting to the Washworld bank account listed in the Funding Instructions, and that the same was posted and credited to such account on March 12, 2024. Id. ¶ 18.

Plaintiff claims that CWM never sent the Quote to Washworld, and never ordered or intended to order from Washworld, any of the equipment stated in the Quote. Id. ¶ 19. Plaintiff claims that when Washworld received the Mistaken Payment, it knew, had reason to know and/or should have known that there had been no order for equipment from CWM for either itself or a customer of CWM in the amount of the Mistaken

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

Payment or in any amount even approaching the amount of the Mistaken Payment. Id. ¶ 20.

Plaintiff alleges that instead of contacting Ascentium regarding the Mistaken Payment as stated in the Payment Notice and as required by the Funding Instructions, Washworld contacted CWM regarding the Mistaken Payment and was told by CWM that the payment should be applied to an order by one of its customers in Chula Vista, California, that had a remaining balance due of $132,509.09. Id. ¶ 21. Plaintiff alleges that on March 19, 2024, Washworld applied a portion of the Mistaken Payment to pay that balance and sent a payment back to CWM in the amount of $176,552.71. Id. Plaintiff alleges that at no time did Washworld make inquiry of Ascentium regarding the reason for the Mistaken Payment, what equipment or purchase order it related to, or whether the amount should be returned to Ascentium. Instead, plaintiff claims that Washworld concealed the true facts from Ascentium. Id.

Plaintiff alleges that on May 23, 2024, Pete Matheny of Ascentium sent to Washworld a copy of the Quote on Washworld's form that had been received from Williams. Id. ¶ 22. Plaintiff alleges that Washworld never responded in any fashion, did not inform Ascentium that the Quote or any similar quote had been issued by or provided to Washworld, and did not inform Ascentium of certain facts alleged by plaintiff, until September 26, 2024. Id.

Plaintiff claims that once Ascentium became fully aware of the facts, Ascentium 1) declared the EFA in default and demanded immediate payment of the entire loan balance from CWM, WCCW and Ortiz via a Notice of Default and Acceleration letter ("Acceleration Letter"); and 2) contacted Washworld in an attempt to obtain the return of the Mistaken Payment. Id. ¶ 23. Plaintiff alleges that CWM, WCCW and Ortiz failed and refused pay the accelerated balance, id. ¶ 24, and that Washworld failed and refused to respond to Ascentium's attempts to request the return of the Mistaken Payment. Id. ¶ 25.

Regarding plaintiff's second claim against Ortiz, plaintiff alleges that "[i]n connection with [CWM] executing and delivering the EFA, Ortiz made, executed, and delivered to Ascentium his Personal Guaranty, Agreement No. 2763169, dated January 5, 2024 (the "Ortiz Guaranty") of the obligations of [CWM] under the EFA." Id. ¶ 33. Plaintiff alleges that it has performed all terms and promises on its part required to be performed pursuant to the terms of the Ortiz Guaranty. Id. ¶ 34. Plaintiff alleges that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

has demanded CWM and Ortiz to pay all sums due to Ascentium, but CWM and Ortiz have failed to do so. Id. ¶ 35. As a result, plaintiff alleges that Ascentium is entitled to recover all amounts alleged to be due under the EFA in at least the sum of $350,997.00 plus interest, in addition to attorney's fees. Id. ¶ 36-37.

In his first amended cross-complaint, Ortiz alleges that "[i]n or about 2023/2024, [cross-complainant Ortiz] entered into an undefined employment arrangement with [cross-defendant] Williams, and [Roes] 1 to 10, inclusive, to work in one of his car wash centers, including but not limited to [cross defendants] [CWM], [Car Wash Management, LLC of Hawaii], [WCCW], which [Williams] was the stated CEO, [owner,] and sole member of, offering a future equity share." FACC. ¶ 1. Ortiz alleges that the future equity share, as agreed, never materialized. Id. ¶ 1. Ortiz alleges that he "never ran, or invested money in the LLCs or otherwise had any authority of any kind to bind any company or himself with regard to funds of any kind in the businesses, and at no time was [he] anything other than a person working for and/or employed by any of the 'car wash related entities' listed in the Plaintiff's Complaint, though Williams informed Ortiz that he would also be called a 'member.'" Id. Ortiz alleges that "[p]laintiff was not aware of what a 'member' was." Id.

Ortiz alleges that at all relevant times, Ortiz had no management authority, financing authority or any other authority of any kind, "on behalf of any of the said entities" or any other duties and obligations or to act on their behalf, except as an employee. Id. ¶ 3. Ortiz alleges that he left his employment with Williams in or about May 2024, due to other lies and misrepresentations as well as unpaid funds due to Ortiz by Williams and/or the aforesaid car wash related entities. Id.

Ortiz alleges that Williams, either individually or on behalf of the companies he owned, took out a loan from the plaintiff for one of the car wash entities, without disclosing to Ortiz any of the details. Id. ¶ 4. Ortiz alleges that he did not know of the terms of the alleged agreement as to what if anything was to be purchased with said funds, or if the funds were to go generally to the company. Id. Ortiz alleges that he never spoke with or otherwise communicated with anyone at the plaintiff's bank or affiliates, and assumed any such loans were, as stated by Williams, routine business transactions for the company and under which Ortiz would have no personal liability. Id.

Ortiz alleges that he never received "from the alleged transaction" any of the alleged funds paid by the plaintiff, never retained any such funds not received, never

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

knew when the funds were paid and/or to whom or for what, and "never had any kind of benefit to the Plaintiff personally or in any capacity of such loan." Id. ¶ 5. Ortiz alleges that he "never even received a full copy of the entire document and terms he was asked to sign and that the Plaintiff provided as Exhibits (pages therefrom) with their Complaint." Id.

Ortiz alleges that in or about 2024, Williams induced the signature(s) of Ortiz on one or more of the various documents alleged in the plaintiff's complaint by purposefully knowing and lying to Ortiz about the nature and terms of the subject loan, and misrepresenting to him and others, or otherwise fraudulently making representations to Ortiz as to the need for and basis for his signature on any documents that allegedly contain Ortiz's signature. Id. ¶ 6.

Ortiz alleges that "[a]t no time was [Ortiz] aware of the status of the subject funds, and that they may have, as alleged in the Complaint, been delivered erroneously … to [Washworld], and that that was not a proper purpose of the loan as alleged in the Complaint, or that [Washworld] retained funds allegedly mistakenly sent by Plaintiffs to them, and/or forwarded additional of those funds to other parties as alleged in the Complaint." Id. ¶ 7.

Ortiz alleges that "[t]he aforementioned conduct was done with oppression, fraud and malice within the meaning of Civil Code §3294 and other laws such that [cross-complainant Ortiz] is entitled to recover punitive and exemplary damages from [Williams] and/or 'the car wash related entities.'" Id. ¶ 8.

Ortiz alleges that cross defendants "[Williams], [CWM], [Car Wash Management, LLC of Hawaii, WCCW], and [Roes] 11 to 20, inclusive, which were owned by [Williams], either ostensibly, and/or of records filed with the Secretary of State, and each of them, failed to honor the terms of the oral and written agreements by which [Ortiz] was employed, by making the false statements and misrepresentations as set forth in the first cause of action, failing to make payments owed to the [Ortiz], making misrepresentations on [Ortiz's] behalf to other third parties, such as the [p]laintiff and [Washworld], that may have triggered legal obligations of the [Ortiz] that were unbeknownst to [him]." Id. ¶ 10. Ortiz alleges that said breaches of the agreement caused damages to Ortiz in excess of $75,000 and entitles him to attorney's fees and costs. Id. ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

Regarding his money had and received claim against Washworld, Ortiz alleges that "[Washworld] has improperly and unjustly retained [the funds associated with the Mistaken Payment]." Id. ¶ 13. Ortiz alleges that "[Washworld] further did not … notify [Ortiz] of the alleged payment … or receipt of said funds … which the [plaintiff] seeks to hold [Ortiz] responsible for … as if [Ortiz] HAD received it either from [p]laintiff directly or from [Washworld] [and had] benefitted [from] said funds." Id. Ortiz claims that "[should he] become[] affirmatively indebted to anyone in this matter … [Washworld should] become indebted to [Ortiz]" and Ortiz should be entitled to judgment against Washworld … for the money 'had' which on its face was for the 'use' of [Williams] and 'the car wash related entities,' but by implication of the alleged personal guarantee [of Ortiz] would then be CHARGED to [Ortiz] as if he 'had' it 'for his use' and benefit." Id. ¶ 14. Ortiz alleges that "if [he is] held responsible for the funds, [he] is entitled to recover to himself or to any party he is deemed to owe, all amounts paid to [Washworld] via the allegedly 'Mistaken Payment' together with interest thereon." Id. ¶ 15.

Regarding his equitable indemnity claim against all cross-defendants, including Washworld, Ortiz alleges that "each of [the cross defendants] so negligently, carelessly and recklessly failed to use reasonable care in the heretofore described financial dealings between them" such that "[Ortiz] is entitled to be indemnified by any or each of these [cross defendants] for any sums he is held liable for." Id. ¶¶ 18-21. Ortiz further alleges that because he lacks any legal remedy against any cross defendant, including Washworld, he is entitled in equity to an award of damages in any amount he is found to be liable to any cross defendant. Id. ¶ 20.

Regarding his unjust enrichment claim against all cross-defendants, including Washworld, Ortiz alleges that Washworld improperly retained the "Mistaken Payment" and that the "car wash related entities" also "became unjustly enriched" by failing to return the money they received from Washworld back to plaintiff. Id. ¶ 23. Ortiz claims that should he be found liable to plaintiff as a personal guarantor to plaintiff's contract with CWM, all cross defendants would owe him the amount that he is liable for because they were unjustly enriched. Id. Ortiz further alleges that because he lacks any legal remedy against any cross defendant, including Washworld, he is entitled in equity to an award of damages in any amount he is found to be liable to any cross defendant. Id. ¶ 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

## II.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|----------|------------------------|------|-------------------|
| Title    | Regions Bank v. Car Wash Management, LLC; et al. | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III.   DISCUSSION

Washworld moves to dismiss Ortiz's crossclaims pursuant to Rule 12(b)(6).

### A.      Money Had and Received

Washworld argues that Ortiz has again failed to state a claim for money had and received because he fails to establish that "(1) Washworld received money, (2) the money received by Washworld was for the use of Ortiz, and (3) Washworld is indebted to Ortiz."  Mot. at 3 (citing Rasmussen v. Dublin Rarities, No. C14-1534 PJH, 2015 WL 1133189, at *12 (N.D. Cal. Feb. 27, 2015)).  Defendant argues that, in other words, Ortiz failed to "show a statement of indebtedness in a certain sum, the consideration it provided (i.e., goods sold, work done, etc.), and nonpayment."  Id.  Defendant further argues that:

> Ortiz alleges that [CWM] and Ascentium entered into an Equipment Financing Agreement where Ascentium would advance funds for [CWM] to purchase equipment … But Ortiz concedes that he never received these funds, did not make any payment to Washworld, nor has he identified any relationship that would support Ortiz being some sort of third party beneficiary to [CWM] and Ascentium's Equipment Financing Agreement. … The money Ortiz alleges Ascentium sent to Washworld was not for the use of Ortiz.

Id. at 4.

Accordingly, Ortiz's claim fails because he "has failed to demonstrate that Washworld is indebted to him, 'an element necessary to plead a claim for money had and received.'"  Id. (quoting dkt. 87 at 23).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

In opposition, Ortiz argues that he states a money had and received claim because "Washworld is allegedly holding the 'missing money' (or improperly released it) that Ortiz may be held responsible for[,] thus rendering Washworld indebted to him at the time when Ortiz may be held responsible." Opp. at 9.

In reply, Washworld argues that Ortiz's money had and received claim fails because "Ortiz still does not allege that he made any payment to Washworld … [and] explicitly alleges that Ascentium made the alleged mistaken payment, not him." Reply at 2.

"A claim for Money Had and Received makes a defendant indebted to a plaintiff 'for money had and received by the defendant for the use of the plaintiff.'" Lincoln Nat'l Life Ins. Co. v. McClendon, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017) (citation omitted). "Although the claim is one at law, it arises in equity when 'one person has received money which belongs to another and which in equity and good conscience ... should be returned.'" Id. (citing cases). The elements for the claim are as follows: (1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is indebted to plaintiff. Id. (citing Fireman's Fund Ins. Co. v. Commerce & Indus. Co., No. C-98-1060VRW, 2000 WL 1721080, at *8 (N.D. Cal. Nov. 7, 2000)).

The Court finds that Ortiz again fails to state a claim for money had and received against Washworld. Although Washworld received money, the money came from plaintiff Ascentium, not Ortiz. See FACC ¶ 13. Ortiz never alleges that he made any payment to Washworld. See generally id. Thus, Ortiz cannot establish that Washworld is "indebted" to him, an element necessary to plead a claim for money had and received. See McClendon, 230 F. Supp. 3d at 1190. Ortiz does not allege that he was a third-party beneficiary to the financing agreement between CWM and plaintiff or a beneficiary to the Funding Instructions agreement between Washworld and CWM. Nor does Ortiz point to the existence of any express or implied indemnification agreement that could make Washworld indebted to Ortiz in the event that Ortiz is alleged to be or found liable as a personal guarantor of CWM's financing agreement with Ascentium. Thus, Ortiz fails to state any facts that could demonstrate that Washworld is indebted to Ortiz for the money Washworld received from Ascentium.

Because Ortiz has yet again failed to allege that he made any payment to Washworld, the Court finds that granting Ortiz leave to amend his money had and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

received claim against Washworld could not possibly cure its deficiency. <u>Schreiber Distrib. Co.</u>, 806 F.2d at 1401.

Accordingly, the Court **GRANTS** Washworld's motion to dismiss Ortiz's money had and received crossclaim, with prejudice.

### B.  Equitable Indemnification

Washworld argues that Ortiz fails to state a claim for "traditional" equitable indemnification because Ortiz fails to allege that Ortiz and Washworld share a joint legal obligation to plaintiff.  Mot. at 5.  Washworld argues that because "'the right to indemnity flows from payment of a joint legal obligation on another's behalf,'" Ortiz's claim for equitable indemnity against Washworld is viable only if Ortiz and Washworld are jointly and severally liable for some or all of plaintiff's claims against Ortiz, namely claims for breach of guaranty and fraud.  <u>Id.</u>  Washworld argues that "[plaintiff] has brought a fraud claim against Ortiz, Williams, and [CWM], but crucially, not against Washworld … Ortiz's joint tortfeasors for fraud are Williams and [CWM]."  <u>Id.</u> at 6. However, because "Ortiz has failed to allege any facts to establish that Washworld is a joint tortfeasor … his claim must fail."  <u>Id.</u>

Second, Washworld argues that "to the extent that the Court construes [Ortiz's] claim as one for implied contractual indemnity," Ortiz's claim fails because "'implied contractual indemnity presupposes a contractual relationship that supports a right to indemnification not rooted in an express contract term'" and Ortiz fails to allege any contractual relationship between Ortiz and Washworld.  <u>Id.</u> at 6 (emphasis omitted).

In opposition, Ortiz argues that he has pled sufficient facts "to show a joint [liability] relationship … between Ortiz and Washworld" because both are responsible for Ascentium's missing funds.  Opp. at 12.

In reply, Washworld repeats that "Ortiz fails to identify any joint obligation giving rise to his claim" because Ascentium sued Ortiz for breach of personal guaranty and for fraud, but did not sue Washworld for fraud, an intentional tort.  Reply at 5.  Thus, Washworld argues that the equitable indemnification doctrine—which Washworld argues applies only to other concurrent intentional tortfeasors—does not apply against Washworld.  <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

"The common law equitable indemnity doctrine relates to the allocation of loss among multiple tortfeasors. The duty to indemnify may arise and indemnity may be allowed when in equity and good conscience the burden of a judgment should be lifted from a person seeking indemnity to one from whom indemnity is sought." Fireman's Fund Ins. Co. v. Haslam, 29 Cal. App. 4th 1347, 1353 (1994). "The doctrine applies only among defendants who are jointly and severally liable to the plaintiff." BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc., 119 Cal. App. 4th 848, 852 (2004). Still, "joint and several liability in the context of equitable indemnity is fairly expansive …. It can apply to acts that are concurrent or successive, joint or several, as long as they create a detriment caused by several actors." Id. While implied contractual liability can provide a basis for joint and several liability, joint and several liability generally stems from a duty that the indemnitor owes the plaintiff. See 5 Witkin, Summary of Cal. Law (11th) Torts § 225 (2018). Equitable indemnity need not be premised on identical claims alleged against joint and several tortfeasors; rather, "[t]he claims must relate to the same legal injury, but do not have to be identical claims." Employers Ins. of Wausau v. Musick, Peeler, & Garrett, 948 F. Supp. 942, 944 (S.D. Cal. 1995) (citing Molko v. Holy Spirit Assn., 46 Cal.3d 1092, 1127–28 (1988)). See also In re JTS Corp., 617 F.3d 1102, 1117 (9th Cir. 2010) (under California law, "[w]hether individuals are joint tortfeasors … depends upon whether they caused 'one indivisible injury' or 'the same wrong' … "the plaintiff need not allege the same tort against the tortfeasors, but must only claim that the tortfeasors caused the same harm") (citation omitted); AmeriGas Propane, L.P. v. Landstar Ranger, Inc., 184 Cal. App. 4th 981, 989, 109 Cal. Rptr. 3d 686, 692 (2010) ("The test for indemnity is thus whether the indemnitor and indemnitee jointly caused the plaintiff's injury.").

The Court finds that Ortiz has sufficiently alleged a claim for equitable indemnity against Washworld. Washworld is correct that "'[w]ell-established California law cabins the doctrine of equitable indemnity to the context of jointly and severally liable tortfeasors' duties to each other,'" mot. at 6 (citation omitted), but Washworld is incorrect in arguing that Ortiz and Washworld are not joint tortfeasors simply because plaintiff asserts different claims against Washworld (breach of contract and money had and received) and Ortiz (breach of guaranty and fraud). Equitable indemnity need not be premised on identical claims alleged against joint and several tortfeasors; rather, "[t]he claims must relate to the same legal injury, but do not have to be identical claims." Employers Ins. of Wausau, 948 F. Supp. at 944. Here, plaintiff's claims against Washworld and Ortiz "relate" to the same legal injury to plaintiff, namely, plaintiff's loss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

of its funds. Plaintiff alleges (and Ortiz re-alleges) that CWM, Williams, and Ortiz fraudulently induced plaintiff to send Washworld funds, a portion of which Washworld wrongfully sent to CWM and the remainder of which Washworld wrongfully retained. Compl. ¶¶ 13-25. These allegations establish that Ortiz and Washworld's are joint tortfeasors because their conduct—breach of contract and money had and received in the case of Washworld; fraud in the case of Ortiz—caused "the same wrong" to plaintiff, namely the loss of plaintiff's money. In re JTS Corp., 617 F.3d 1102, 1117 (9th Cir. 2010). Accordingly, because Ortiz sufficiently demonstrates that Ortiz and Washworld (among other parties) are alleged to have "jointly caused the plaintiff's injury," Ortiz states a claim for equitable indemnification against Washworld. AmeriGas Propane, L.P, 184 Cal. App. 4th at 989 (2010).

Accordingly, the Court **DENIES** Washworld's motion to dismiss Ortiz's equitable indemnity crossclaim.

### C.    Unjust Enrichment

Washworld argues that Ortiz fails to state a claim for unjust enrichment against Washworld because Ortiz does not allege that Washworld received a benefit and unjustly retained it at Ortiz's expense. Mot. at 7. "Ortiz explicitly alleges that Washworld received a benefit from Ascentium, not Ortiz, and Washworld 'improperly retained' the benefit 'in part to benefit themselves.'" Id. at 7-8. However, "Ortiz makes no attempt to explain how the benefit was unjustly retained at Ortiz's expense" given that "Ortiz … had no direct relationship with Washworld and therefore did not confer any benefit on Washworld." Id. at 8 (emphases omitted). Washworld argues that "Ortiz's liability for a breach of guaranty claim by Ascentium entirely stems from an independent legal obligation, [CWM]'s default, not Washworld's retention of a benefit." Id. at 8-9.

In opposition, Ortiz argues that to state an unjust enrichment claim, "it is not 'essential' that the money be paid directly to the recipient by the party seeking restitution-precisely [Ortiz's] situation." Opp. at 12 (citing Cnty. of Solano v. Vallejo Redevelopment Agency, 90 Cal. Rptr. 2d 41, 52 (1999)). Furthermore, Ortiz argues that Washworld's receipt of a benefit may come at Ortiz's expense in the event that Ortiz is held responsible as a guarantor for Ascentium's missing funds. See id. at 14.

In reply, Washworld argues that "Ortiz claims that Washworld has been unjustly enriched at Ortiz's expense for a benefit Ortiz did not confer, for a benefit Ortiz did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL       'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

know existed, for funds that were never in Ortiz's possession, and for money that Ortiz did not know was paid." Reply at 6. Thus, Washworld argues that "[t]here has been no unjust enrichment at Ortiz's expense."

The Ninth Circuit has explained that:

Some California courts allow a plaintiff to state a cause of action for unjust enrichment, while others have maintained that California has no such cause of action. Compare Prakashpalan, 223 Cal. App. 4th at 1132, 167 Cal. Rptr. 3d 832 (allowing plaintiffs to state a cause of action for unjust enrichment) with Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370, 108 Cal. Rptr. 3d 682 (2010) ("There is no cause of action in California for unjust enrichment.") (internal quotation marks and citation omitted). While California case law appears unsettled on the availability of such a cause of action, this Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract. See Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'") (quoting Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231, 166 Cal. Rptr. 3d 864 (2014)). … To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense. Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (2000).

ESG Cap. Partners, LP v. Stratos, 828 F.3d 1023, 1038 (9th Cir. 2016)

The Court finds that Ortiz fails to state a claim for unjust enrichment against Washworld. Ortiz fails to alleges that he "received and unjustly retained a benefit at the plaintiff's expense" because Ortiz never alleges that he paid any money or conferred any benefit to Washworld that Washworld unjustly retained. Id. Rather, Ortiz alleges that plaintiff sent money to Washworld and that Washworld was unjustly enriched by that transfer of money by plaintiff. FACC ¶¶ 13-14. Thus, Ortiz fails to allege that he conferred a benefit to Washworld that resulted in Washworld's unjust enrichment. See Morales v. Conifer Revenue Cycle Sols., LLC, No. 2:23-CV-01987-AB-AGR, 2025 WL 1096396, at *7 (C.D. Cal. Mar. 31, 2025) (dismissing plaintiffs' unjust enrichment claim where the plaintiffs' medical provider contracted with the defendants but where plaintiffs themselves did not pay defendants anything or provide defendants with any benefit).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | December 1, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC; et al. | | |

Although Ortiz cites <u>Cnty. of Solano</u>, 90 Cal. Rptr. 2d at 52, for the proposition that "it is not essential that money be paid directly to the recipient by the party seeking restitution," that statement was made in the context of a defendant who contractually agreed to pay a third party but instead paid a co-defendant, resulting in the co-defendant's unjust enrichment at the expense of the third party. Here, however, Ortiz never alleges that Ascentium agreed to pay Ortiz anything; therefore, Ascentium's payment of its own funds to Washworld did not unjustly enrich Washworld *at Ortiz's expense*. Should Ortiz be found liable as a personal guarantor of CWM's financing agreement with Ascentium, Washworld may be liable to Ortiz under a theory of equitable indemnity, as discussed above.

Because Ortiz has failed to allege that he made any payment or conferred any benefit to Washworld, the Court finds that granting Ortiz leave to amend his unjust enrichment claim could not possibly cure its deficiency. <u>Schreiber Distrib. Co.</u>, 806 F.2d at 1401.

Accordingly, the Court **GRANTS** Washworld's motion to dismiss Ortiz's unjust enrichment crossclaim, with prejudice.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Washworld's motion to dismiss Ortiz's crossclaim for money had and received, with prejudice.

The Court **GRANTS** Washworld's motion to dismiss Ortiz's unjust enrichment crossclaim, with prejudice.

The Court **DENIES** Washworld's motion to dismiss Ortiz's equitable indemnity crossclaim.

IT IS SO ORDERED.

| | 00 | : | 18 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |