Xitlaly Estrada (SBN 333403)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:      *xestrada@bakerlaw.com*
            *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:      *mgannon@bakerlaw.com*
            *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**CROSS DEFENDANT WASHWORLD, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CROSS CLAIM**<br><br>Complaint Filed:  01/14/2025<br>Trial Date:        12/01/2026 |
| JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | |
| WASHWORLD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>REGIONS BANK D/B/A ASCENTIUM CAPITAL,<br><br>Counter Defendant. | |

WASHWORLD, INC.,

        Cross Complainant,

    v.

CAR WASH MANAGEMENT, LLC

        Cross Defendant.

Cross Defendant Washworld, Inc. ("Washworld"), through its counsel of record, hereby answers Cross Claimant Jose Rene Ortiz's ("Ortiz") First Amended Cross Claim ("FACC") and asserts its affirmative defenses. As a general matter, pursuant to Fed. R. Civ. P. 8(b)(3), Washworld denies each and every allegation in the Complaint except as expressly admitted or qualified below.

## GENERAL ALLEGATIONS[1]

### A.    Parties

1.    As to Paragraph 1 of the FACC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to Ortiz's residency, and on that basis, denies such allegations.

2.    As to Paragraph 2 of the FACC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to Williams' residency, and on that basis, denies such allegations.

3.    As to Paragraph 3 of the FACC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to Car Wash Management, LLC's (Delaware LLC), organization, ownership, and residency, and on that basis, denies such allegations.

4.    As to Paragraph 4 of the FACC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to Car Wash Management, LLC's (Hawaii LLC) organization, ownership, and residency, and on that basis, denies such allegations.

5.    As to Paragraph 5 of the FACC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to West Covina Car Wash LLC, LLC's organization, ownership, and residency, and on that basis, denies such allegations.

---

[1] Washworld is using the same headings as Ortiz did in the FACC to ensure there is no confusion, but Washworld's use of the same headings is not intended as a concession of, or its agreement with, the substance of these headings.

6.     As to Paragraph 6 of the FACC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to Williams' ownership of the "car wash related entities." The remaining allegations in this paragraph purport to define "car wash related entities" and "Ascentium," so no response is required. To the extent a response is required, Washworld denies the remaining allegations in Paragraph 6.

7.     As to Paragraph 7 of the FACC, Washworld admits that it is a corporation organized and existing under the laws of Wisconsin with a principal place of business in Wisconsin. Washworld denies the remaining allegations in Paragraph 7.

**B.     Jurisdiction and Venue**

Ortiz did not use numbered paragraphs for this section of the FACC. Washworld admits only based on the allegations in the FACC that there is diversity of citizenship and that Ortiz purports to seek an amount in excess of $75,000. Washworld admits only that based on the allegations in the FACC venue is proper in this District.  Except as expressly admitted, Washworld denies each and every remaining allegation contained this section in their entirety.

**FIRST CAUSE OF ACTION**

**(Fraud, Concealment, Misrepresentation)**

1.     As to Paragraph 1 of the FACC, Washworld states that because Count I is against Williams and Roes 1-10, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies such allegations.

2.     As to Paragraph 2 of the FACC, Washworld states that because Count I is against Williams and Roes 1-10, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required,

Washworld denies that Williams has any ownership or "other interest" in Washworld. Washworld further denies that Williams was authorized to issue quotes on Washworld's behalf. Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis, denies such allegations.

3.    As to Paragraph 3 of the FACC, Washworld states that because Count I is against Williams and Roes 1-10, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, denies such allegations.

4.    As to Paragraph 4 of the FACC, Washworld states that because Count I is against Williams and Roes 1-10, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis, denies such allegations.

5.    As to Paragraph 5 of the FACC, Washworld states that because Count I is against Williams and Roes 1-10, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis, denies such allegations.

6.    As to Paragraph 6 of the FACC, Washworld states that because Count I is against Williams and Roes 1-10, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis, denies such allegations.

7.    As to Paragraph 7 of the FACC, Washworld states that because Count I is against Williams and Roes 1-10, Washworld has no obligation to respond under

Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld denies that it unjustly retained funds. Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis, denies such allegations.

8. As to Paragraph 8 of the FACC, Washworld states that because Count I is against Williams and Roes 1-10, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis, denies such allegations.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

9. As to Paragraph 9 of the FACC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FACC set forth above, both numbered and unnumbered, as though fully set forth herein.

10. As to Paragraph 10 of the FACC, Washworld states that because Count II is against Williams, Car Wash Management, West Covina Car Wash, LLC, and Roes 11-20, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis, denies such allegations.

11. As to Paragraph 11 of the FACC, Washworld states that because Count II is against Williams, Car Wash Management, West Covina Car Wash, LLC, and Roes 11-20, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis, denies such allegations.

## THIRD CAUSE OF ACTION

### (Money Had and Received)

Ortiz's third cause of action for money had and received against Washworld was dismissed with prejudice on December 1, 2025 (ECF No. 123), so no response is required. To the extent a response is required, Washworld denies the allegations in Paragraphs 12-16.

## FOURTH CAUSE OF ACTION

### (For Equitable Indemnity)

17.    As to Paragraph 17 of the FACC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FACC set forth above, both numbered and unnumbered, as though fully set forth herein.

18.    As to Paragraph 18 of the FACC, Washworld denies each and every allegation contained in Paragraph 18 in its entirety.

19.    As to Paragraph 19 of the FACC, Washworld denies each and every allegation contained in Paragraph 19 in its entirety.

20.    As to Paragraph 20 of the FACC, Washworld denies each and every allegation contained in Paragraph 20 in its entirety.

21.    As to Paragraph 21 of the FACC, Washworld denies each and every allegation contained in Paragraph 21 in its entirety.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

Ortiz's fifth cause of action for unjust enrichment against Washworld was dismissed with prejudice on December 1, 2025 (ECF No. 123), so no response is required. To the extent a response is required, Washworld denies the allegations in Paragraphs 22-24.

## JURY DEMAND

Washworld demands a trial by jury on all issues so triable.

CROSS DEFENDANT WASHWORLD, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CROSS CLAIM
CASE NO.  2:25-CV-00359-CAS-KS

## AFFIRMATIVE DEFENSES

Washworld asserts and alleges each of the following affirmative defenses set forth below.  In asserting these affirmative defenses, Washworld is not assuming the burden to establish any fact or proposition where that burden is properly imposed on Ortiz.  Washworld reserves the right to assert additional affirmative defenses based on facts that are revealed during discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Ortiz has failed to state facts sufficient to constitute a cause of action upon which relief can be granted against Washworld because there is no judgment or finding of fault against Ortiz.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Ortiz's claim for equitable indemnity is barred, in whole or in part, by the doctrine of unclean hands, because Ascentium alleges that Ortiz induced Ascentium to make a payment to Washworld. Because Ortiz engaged in fraudulent conduct, he cannot seek equitable relief.

## THIRD AFFIRMATIVE DEFENSE

### (No Common Liability)

Ortiz's claim for equitable indemnity is barred because there is no obligation giving rise to joint and several liability between Ortiz and Washworld. To the extent that liability arises, which Washworld denies, liability arises from independent acts.

## FOURTH AFFIRMATIVE DEFENSE

### (Indemnity Barred)

Ortiz's claim for equitable indemnity is barred because California law does not permit a party found liable for fraud to seek indemnity against non-concurrent intentional tortfeasors, and Washworld did not participate in any fraud.

## FIFTH AFFIRMATIVE DEFENSE

### (No Relationship)

There is no contract in this case that creates a relationship where indemnity between Ortiz and Washworld is implied.

## SIXTH AFFIRMATIVE DEFENSE

### (Contractual Allocation of Risk)

Ortiz's claim for equitable indemnity is without merit because Ortiz's Personal Guaranty allocates responsibility for the money Ascentium loaned to Car Wash Management, LLC, to Car Wash Management, LLC, Ortiz, and West Covina Car Wash, LLC.

## RESERVATION OF RIGHTS

Washworld presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Washworld reserves the right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Washworld prays as follows:

1. That Ortiz take nothing by reason of the FACC;

2. That the Court enter Judgment for Washworld and against Ortiz; and

3. For such other and further relief as the Court may deem proper.

Dated:  December 15, 2025

**BAKER & HOSTETLER LLP**

By:  */s/ Xitlaly Estrada*
Xitlaly Estrada
Michael D. Gannon
Katharine H. Walton

*Attorneys for Defendant Washworld, Inc.*

CROSS DEFENDANT WASHWORLD, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CROSS CLAIM
CASE NO.  2:25-CV-00359-CAS-KS

# CERTIFICATE OF SERVICE

I am employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, California 90067. On December 15, 2025, I served a copy of the within document(s):

## CROSS DEFENDANT WASHWORLD, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

Andrew K. Alper (SBN 088876)
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone: 323-852-1000
Facsimile: 323-651-2577
Email: *aalper@frandzel.com*

*Attorneys for Plaintiff*
REGIONS BANK

Lisa Mitts Patrick (SBN 134522)
**LAW OFFICE OF LISA MITTS PATRICK**
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone: 714-990-3693
Facsimile: 657-234-0012
Email: *lolmp2021@gmail.com*

*Attorneys for Defendant and Cross Defendant*
JOSE RENE ORTIZ

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on December 15, 2025, at Los Angeles, California.

*/s/ Xitlaly Estrada*
Xitlaly Estrada

10

CERTIFICATE OF SERVICE
CASE NO. 2:25-CV-00359-CAS-KS