Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00359 CAS (KSx)<br><br>**DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO REQUEST FOR ENTRY OF DEFAULT FILED BY WASHWORLD, INC. ON AMENDED ANSWER AND AMENDED COUNTERCLAIMS AGAINST REGIONS BANK**<br><br>**No hearing date** |

1

I, ANDREW K. ALPER, declare as follows:

1.    I am an attorney at law duly licensed and authorized to practice law in the State of California and before all United States District Courts in the State of California. I am a Vice President and shareholder of Frandzel Robins Bloom & Csato, L.C. attorneys for Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff") herein.

2.    If called upon to testify to the matters stated herein I could and would competently testify thereto.

3.    I am the attorney at my firm who has personal knowledge of this case. Despite many communications between counsel for Washworld, Inc with respect to this case including the demand to meet and confer on Plaintiff's Motion to Dismiss the First Amended Counterclaim, which counsel for Washworld stalled and delayed meeting and conferring, and despite numerous letters as to discovery issues, Washworld's counsel decided to take the default of Plaintiff this morning.  Moreover, Washworld's counsel had been advised that the Motion to Dismiss  had been prepared and was waiting to see if Washworld would agree to remove a Confidential designation from some documents produced before filing the Motion. The foregoing is the evidence regarding the bad faith conduct of Washworld by and through its counsel in filing a Request for Entry of Default.

4.    After being served with the First Amended Answer and Counterclaim on December 31, 2025, by email, on January 9, 2026, I sent a meet and confer letter to counsel for Washworld in connection with filing a Motion to Dismiss the First amended Counterclaim. A true and correct copy of the meet and confer letter is attached hereto, marked Exhibit "1" and incorporated herein by this reference.

5.    There was no written response but a meeting was set for January 13, 2026. A true and correct copy of the meeting invitation is attached hereto, marked Exhibit "2" and incorporated herein by this reference.

6.    Katharine Walton with Michael Gannon and I  conferred remotely and of course there was no agreement to amend or dismiss claims. Therefore, at the end of

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO ENTRY OF DEFAULT AGAINST PLAINTIFF ON THE COUNTERCLAIM

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

the meeting counsel for Washworld was advised that a Motion to Dismiss the First Amended Counterclaim was forthcoming.

7.      Meantime, I was also having discovery issues with counsel for Washworld and attached hereto, marked Exhibit "3" and incorporated herein by this reference is the latest of the two demand letters to counsel on discovery that has not been complied with by Washworld.

8.      At the time that Washworld filed the Amended Answer and Counterclaim Washworld also propounded Interrogatories and a Request for Production for Production of Documents to Plaintiff. I am not going to attach the discovery as part of the Declaration since it is voluminous and the Court does not need it to make the determination not to enter the default. I have been diligently working on the discovery at the same time and in fact when I received the request for entry of default this morning I had just prepared documents for redaction and to mark as confidential to produce them.

9.      Over the holiday weekend I prepared most of the Motion to Dismiss the First Amended Counterclaim to file but did not complete it for two reasons. First, there were some cosmetic issues I needed my staff to clean the Motion up and, second, there was an issue with respect to a document that I wanted produced as part of the Motion directly conflicting with the contentions set forth in the Amended Counterclaim that Washworld had marked as confidential under our Stipulated Protective Order. In fact, attached hereto, marked Exhibit "4" and incorporated herein by this reference is an email I sent to Ms. Walton and the other Washworld counsel asking them to remove the Confidential designation so I would not have to apply to the Court to get leave to attach to the Motion to Dismiss or making a sealing motion. At the same time that Washworld was filing the Request for Entry of Default this morning without any notice to me that Washworld was going to file it,  Washworld was of course turning down the Request to change the designation on the documents that are marked as confidential. A true and correct copy of the email to me is attached

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5821074v1 | 100287-0289

3

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO ENTRY OF DEFAULT AGAINST PLAINTIFF ON THE COUNTERCLAIM

hereto, marked Exhibit "5" and incorporated herein by this reference.

10.    As a result of the conduct of Washworld and its counsel I will now file the Motion to Dismiss Amended Counterclaim today without that document because I do not have time to file the appropriate Motion to get leave of court to file this document or for a sealing order given the fact that Washworld is attempting to take the default of Plaintiff preventing it from being filed. This is an obvious blatant attempt to unnecessarily make Plaintiff incur needless and costly attorney's fees for no reason other than to use sharp practice tactics without any civility whatsoever and I request that the Court decline to enter the Request for Entry of Default. I anticipate filing the Motion to Dismiss the First amended Counterclaim today.

11.    While I also have hearings throughout the day if the Court wants to set a hearing regarding this matter I will do what I can to appear.

I declare under penalty of perjury under the laws of the State of California and the united States of America that the foregoing is true and correct. Executed on this 20th day of January, 2026, at Los Angeles, California.

By: _____
ANDREW K. ALPER, Declarant

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# EXHIBIT 1



January 9, 2026

**VIA EMAIL AND U.S. MAIL**
kwalton@bakerlaw.com
mgannon@bakerlaw.com
xestrada@bakerlaw.com
aclaypool@bakerlaw.com

Katharine Walton
Baker & Hostetler, LLP
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606

Re:    Regions Bank dba Ascentium Capital ("Ascentium") v. Car Wash Management, etc. et. al.
        Your Client:  Washworld, Inc. ("Washworld")

Dear Ms. Walton:

Since you are the day to day attorney on this matter this initial "meet and confer" letter is directed to you but the other attorneys referred to on your firm's pleadings are copied by email. The purpose of this letter is to meet and confer on the Amended Counterclaim which Ascentium contends fails to state sufficient facts to constitute a claim upon which relief may be granted ("Claim). While there are many affirmative defenses which are also subject to a motion to strike, at this time Ascentium is not writing a meet and confer letter as to those affirmative defenses and will deal with them on summary judgment or at trial. Nothing stated or omitted herein is meant to waive any and all defenses to the allegations and affirmative defenses set forth in in the Washworld Answer.

As you know, Ascentium's prior Motion to Dismiss pursuant to Rule 12 (b) (6) was granted except as to the negligence claim. I refer you to the Court's Minute Order of November 25, 2025, and the cases and rationale set forth therein. The Washworld Amended Counterclaim alleges some new allegations to the negligence Claim and alleges a breach of the implied covenant of good faith and fair dealing and negligent misrepresentation. These Claims can all be dealt with at the same time in this meet and confer letter because they arise out of the same factual allegations.

| Frandzel Robins Bloom & Csato, L.C. | Los Angeles Office | Fresno Office |
| --- | --- | --- |
| Attorneys at Law | 1000 Wilshire Boulevard, 19th Floor<br>Los Angeles, CA 90017-2427 | 516 West Shaw, Suite 200<br>Fresno, CA 93704-2515 |
| www.frandzel.com | Tel 323.852.1000  Fax 323.651.2577 | Tel 559.221.2591  Fax 559.221.2660 |

# FRANDZ≡L

Washworld, Inc.
January 9, 2026
Page 2


Washworld alleges that Ascentium has some duties to Washworld in connection with Ascentium paying Washworld the sum of $309,054.80 for the purpose of Car Wash Management ("CWM") acquiring equipment from Washworld. Washworld certainly cannot point to duties in the Funding Instructions since none exist. So instead Washworld on information and belief contends that Ascentium did not investigate CWM or Ortiz properly and essentially was negligently lending. While Washworld will see in discovery that such allegations are false, such Claims do not exist in California and, absent a special relationship between the parties which certainly does not exist nor has it been alleged in this case, no such duties exist as a matter of law (see Nymark v. Heart Fed Savings & Loan Assn (1991) 231 Cal App 3d 1089; Jolley v. Chase Home Finance LLC (2013) 213 Cal App 4th 872; Sheen v. Wells Fargo Bank (2022) 12 Cal 5th 90 (2022)). Further, as stated on the prior pleadings by Ascentium in connection with the last Motion to Dismiss, as to noncustomers such as Washworld, lenders owe no duties to noncustomers as well (see Gil v. Bank of America (2006) 138 Cal. App 4th 1371, 1381; Casey v. U.S. Bank Nat. Assn (2005) 127 Cal App 4th 1138, 1149). Because each of the Claims is based on alleged duties which do not exist as a matter of law or contract, the Claims do not state a claim upon which relief can be granted

. As far as the Breach of the Covenant of Good Faith and Fair Dealing please review CACI Jury Instruction No. 325 which sets forth the elements of the cause of action or Claim and the cases cited thereafter. There is no contract on which to base this Claim and no facts are alleged as to how such Claim arises.

The same holds true with the Negligent Misrepresentation Claim and I direct your attention to CACI No, 1993 with the elements of the cause of action or claim and the cases cited thereafter. What is particularly interesting about this Claim is that there was never any representation made by Ascentium to Washworld which was or could have been negligent. Washworld cannot have it both ways. On the one hand it is alleged that Washworld knew nothing about this transaction or why this money was being paid and therefore had to call CWM to find out why Ascenitum was paying this money yet, on the other hand, Ascentium was making negligent misrepresentations to Washworld There has to be some representation made to have it become negligent to which Washworld reasonably and justifiably relied. These contradictory allegations result in not being able to cobble together any Claim for Relief.

Finally, Ascentium remains mystified how Washworld was damaged by Ascentium sending Washworld money which it is not entitled to and Washworld did not know why this money was sent. And there are no facts alleged as to how the "reputational" damages have occurred. Certainly, filing the lawsuit is not an actionable damage since that is a privileged act. Washworld needs to allege some facts upon which these damages are based of which none exist.

5812843v1 | 100287-0289



Washworld, Inc.
January 9, 2026
Page 3


Please advise me if Washworld is going to amend or dismiss the Counterclaim and, if not, whether we need to have any further meet and confer on this topic. Thank you.

Very truly yours,

FRANDZEL ROBINS BLOOM & CSATO, L.C.

ANDREW K. ALPER
aalper@frandzel.com

cc: Jerry Noon

# EXHIBIT 2

| | |
|---|---|
| **Subject:** | FW: Ascentium/Washworld conferral |
| **Location:** | Microsoft Teams Meeting |
| **Start:** | Tue 1/13/2026 11:30 AM |
| **End:** | Tue 1/13/2026 11:45 AM |
| **Show Time As:** | Tentative |
| **Recurrence:** | (none) |
| **Meeting Status:** | Not yet responded |
| **Organizer:** | Walton, Katharine |

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:           (323) 852-1000
Facsimile:       (323) 651-2577
E-mail:          aalper@frandzel.com
Web:             www.frandzel.com



 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

-----Original Appointment-----
**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Monday, January 12, 2026 3:26 PM
**To:** Walton, Katharine; Andrew Alper; Gannon, Michael D.
**Subject:** Ascentium/Washworld conferral
**When:** Tuesday, January 13, 2026 1:30 PM-1:45 PM (UTC-06:00) Central Time (US & Canada).
**Where:** Microsoft Teams Meeting

_____

# Microsoft Teams Need help?

## Join the meeting now

Meeting ID: 249 316 374 192 95

Passcode: uA3U4cM6

## Dial in by phone

+1 216-452-2377,,337542786# United States, Cleveland

(833) 444-6582,,337542786# United States (Toll-free)

Find a local number

Phone conference ID: 337 542 786#

For organizers: [Meeting options](#) | [Reset dial-in PIN](#)

Dial-in by Video System: From a video conferencing system please call "[t.meetingID@joingw.com](mailto:t.meetingID@joingw.com)" where you replace "meetingID" with the Meeting ID found above. E.g. "[t.123456789@joingw.com](mailto:t.123456789@joingw.com)"

_____

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended recipient
you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result of e-mail transmission.

For organizers: [Meeting options](#) | [Reset dial-in PIN](#)

Dial-in by Video System: From a video conferencing system please call "[t.meetingID@joingw.com](mailto:t.meetingID@joingw.com)" where you replace "meetingID" with the Meeting ID found above. E.g. "[t.123456789@joingw.com](mailto:t.123456789@joingw.com)"

# EXHIBIT 3



January 16, 2026

**VIA U.S. MAIL AND E-MAIL**

Katharine Walton, Esq.
Baker & Hostetler LLP
One North Wacker Drive, Suite 3700
Chicago, IL 60606
E-mail: kwalton@bakerlaw.com

Re:    Regions Bank etc. v. Car Wash Management, LLC etc. et al.
       <u>C.D. Cal. Case No. 2:25-cv-00359-CAS (KSx)</u>

Dear Ms. Walton:

As you know, my law firm represents Regions Bank dba Ascentium Capital ("Ascentium") in the above-referenced civil action which also involves your law firm's client Washworld, Inc. ("Washworld").  After you review this letter, please contact me to discuss its contents and arrange the meet and confer as required by the Court prior to taking any further action to obtain the discovery which is insufficient.

Ascentium served Washworld with (a) a First Set of Requests for Production of Documents on September 11, 2025 ("RFPs") and (b) a First Set of Interrogatories the following day ("Interrogatories," and with the RFPs, "Discovery Requests").  On October 14, 2025, Washworld served Responses to the RFPs ("RFP Responses") and Responses to the Interrogatories ("Interrogatory Responses").  On November 21, 2025, Washworld produced 829 pages of responsive documents ("Document Production").  On December 31, 2025, Washworld served First Supplemental Responses to the Interrogatories ("Supplemental Interrogatory Responses," and with the RFP Responses and the Interrogatory Responses, "Discovery Responses").  This letter (a) supplements my December 28, 2025, letter to you addressing deficiencies with the RFP Responses and the Document Production and my December 29, 2025, letter to you addressing deficiencies with the Interrogatory Responses; and (b) responds to your January 7, 2026, letter ("January 7 letter") to me regarding these matters.

<em>L.R. 37-1</em>

Your January 7 letter, citing to L.R. 37-1, asks Ascentium to identify each RFP Response and Interrogatory Response genuinely in dispute and state, "with respect to each, Ascentium's specific position as to what response or production Ascentium contends is required; and provid[e] any legal authority Ascentium believes is dispositive as to that individual dispute instead of citations to secondary sources."  "Before filing any motion relating to discovery under F.R.Civ.P. 26-37," the moving party must send the party from whom discovery is sought a letter which "must identify *each issue and/or discovery request in dispute*, state briefly as

**Frandzel Robins Bloom & Csato, L.C.**
Attorneys at Law

**Los Angeles Office**
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90017-2427

**Fresno Office**
516 West Shaw, Suite 200
Fresno, CA 93704-2515

www.frandzel.com       Tel 323.852.1000  Fax 323.651.2577       Tel 559.221.2591  Fax 559.221.2660



January 16, 2026
Page 2

Re:   Regions Bank etc. v. Car Wash Management, LLC etc. et al.
      C.D. Cal. Case No. 2:25-cv-00359-CAS (KSx)

to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request) and specify the terms of the discovery order to be sought."  L.R. 37-1 (emphasis added).
Under L.R. 37-1, the moving party's meet-and-confer letter need not address each individual discovery request and response on a stand-alone basis in the manner your letter requests.  Doing so would be impractical and inefficient here, because there are 25 RFPs and 15 Interrogatories and many of the Discovery Responses share common deficiencies.  As I did in my December 28 and 29 letters to you, I will instead identify issues in dispute with respect to the Discovery Responses, as L.R. 37-1 contemplates and permits.

### *The Discovery Responses Improperly Assert General Objections*

Washworld's "Recurring Objections" in the RFP Responses are improper as are Washworld's "General Objections" in the Interrogatory Responses and the Supplemental Interrogatory Responses.  Federal Rule of Civil Procedure ("Civil Rule") 34(b)(2)(B) states in relevant part that "[f]or each item or category [of items requested to be inspected, copied, tested, or sampled], the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Civil Rule 33(b)(4) similarly states that "[t]he grounds for objecting to an interrogatory must be stated with specificity."  Civil Rules 33 and 34 require that objections be stated with specificity, boilerplate general objections are improper in federal court.  *See, e.g., Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1998).  Washworld must amend the Discovery Requests so that they do not include these improper objections.

### *The Court Has Already Entered a Stipulated Protective Order in this Case*

Washworld, in response to each RFP, objects to producing Documents (as the RFPs define this term) "prior to the entry of a protective order."  Ascentium is unable to determine whether Washworld has withheld responsive documents based on the purported absence of a satisfactory protective order.  The Court entered a stipulated Protective Order in this case on November 13, 2025.  Unless Washworld contends that the existing Protective Order is inadequate in some respect, Washworld must amend the RFP Responses to remove these objections and make clear that Washworld is not withholding any Documents on this basis.

### *Washworld's Agreement to Produce Documents on a "Rolling Basis" Is Improper*

The RFP Responses state that Washworld will produce responsive Documents "on a rolling basis" without specifying the date by which Washworld will complete the production.  This



January 16, 2026
Page 3

Re:    Regions Bank etc. v. Car Wash Management, LLC etc. et al.
        C.D. Cal. Case No. 2:25-cv-00359-CAS (KSx)

is improper.  The 2015 Advisory Committee Notes to Civil Rule 34 state that "[w]hen it is necessary to make the production in stages the response should specify the beginning and end dates of the production."  Washworld must comply with this requirement. Moreover, it is also apparent that Washworld has not been producing any documents on a rolling basis and therefore it appears that this Response is not only not proper but inaccurate.

*Washworld Must Produce All Documents in Its Possession, Custody, or Control*

Certain RFPs use the defined term "You," which refers to Washworld and all those acting or purporting to act on its behalf.  Washworld seeks to narrow the scope of these RFPs by interpreting the term "You" to refer only to Washworld and its employees.  This is impermissible.  If there are nonprivileged responsive Documents generated by, sent to, or otherwise related to persons not employed by Washworld but nevertheless acting on Washworld's behalf, Washworld must produce these Documents to the extent they are in Washworld's "possession, custody, or control."  Fed. R. Civ. P. 34(a).

*Washworld Must Provide a Privilege Log*

If Washworld has withheld responsive Documents by claiming that they are privileged or subject to protection as trial-preparation material, Washworld must "describe the nature of the documents [or] communications not produced … and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5).  To do so, Washworld must provide a privilege log especially since it has failed to identify such documents or the basis for withholding them.

*RFPs Nos. 1-12*

RFP Nos. 1-3 and 14 ask Washworld to produce certain Documents relating to Washworld's business relationship with Car Wash Management, LLC ("CWM").  RFP Nos.4-6 ask Washworld to produce certain Documents relating to Washworld's business relationship with Ascentium, including e-mails between Washworld (and those acting on its behalf) and Ascentium.[1]  RFP Nos. 7-10 ask Washworld to produce certain Documents relating to Washworld's business relationship with CWM-affiliated parties José Ortiz and Andrew

---

[1] Washworld objects to these RFPs on the grounds that the Documents Ascentium seeks "are equally available to Ascentium."  "[C]ourts have unambiguously states that this exact objection is insufficient to resist a discovery request."  *Nat'l Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (internal citations omitted).

# FRANDZ≡L

January 16, 2026
Page 4

Re:     Regions Bank etc. v. Car Wash Management, LLC etc. et al.
        C.D. Cal. Case No. 2:25-cv-00359-CAS (KSx)


Williams. RFP Nos. 11-12 ask Washworld to produce certain Documents relating to Washworld's business relationship with Conserve Fuels or any other customer with the same first name.  Washworld in the RFP Responses objects to each of these RFPs on the grounds that they are not reasonably limited in scope and time, and states that Washworld "will produce responsive documents limited to the time period of January 1, 2024 through March 31, 2024 related to the Conserv Fuels transaction."

As you know, this action arises from Washworld's March, 2024, decision to comply with CWM's instructions regarding disposition of the $309,054.80 wire Ascentium sent to Washworld and Washworld failed to contact Ascentium once it received this money to learn what it applied to if Washworld did not know. . Washworld applied $132,509.99 to an equipment order from Conserv Fuels unrelated to the transaction for which Ascentium sent the wire and returned $176,552.71 to CWM.  In fact, from the document produced thus far, Washworld then documented the return of this money as a "commission" paid to Washworld. What was the commission for? In fact, Ascentium specifically asked Washworld for documents as to how distributors such as CWM were compensated and Washworld has failed to comply with the production of any such documents. Ascentium contends that Washworld's decision to comply with CWM's instructions was improper; Washworld disputes this contention. Whether Washworld acted properly may turn on Washworld's prior dealings and overall relationship with CWM, Ascentium, Mr. Ortiz, Mr. Williams, and Conserve.

RFP Nos. 1-12 and 14 therefore seek information that is relevant to Ascentium's claims. Limiting the temporal scope of the requested production to three years is, moreover, proportional to the needs of the case, as Civil Rule 26(b) requires, including because this is the timeframe during which Ascentium and Washworld were doing business with each other.[2]  Washworld's position that it will only produce Documents responsive to these RFPs dating to a three-month time period related to the Conserve Fuels transaction is unwarranted.  Washworld must produce all nonprivileged Documents responsive to these RFPs.

*RFP Nos. 15-18 and 25*

RFP Nos. 15-18 and 25 ask for Documents relating to Washworld's procedures vis-à-vis its distributors.  CWM is, or at relevant times was, a Washworld distributor.  Ascentium therefore needs these Documents to assess whether Washworld complied with its

---

[2] To the extent that RFP Nos. 1-12 are not so limited, Ascentium may agree to this temporal limit if our respective clients are otherwise able to resolve these discovery disputes without the need for judicial intervention.

5819179v1 | 100287-0289



January 16, 2026
Page 5

Re:    Regions Bank etc. v. Car Wash Management, LLC etc. et al.
       <u>C.D. Cal. Case No. 2:25-cv-00359-CAS (KSx)</u>

procedures in its dealings with CWM relating to the specific transaction at issue in this case. The RFP Responses stated that Washworld would "meet and confer with Ascentium on the relevance of this information and attempt to agree on a limited, relevant, and manageable scope of information, subject to entry of a protective order." Yet, more than three months after Washworld served the RFP Responses, Washworld has failed to meet and confer. Moreover, as set forth above, nothing has been produced as to the commission structure of Washworld and its distributors and in particular CWM. All nonprivileged Documents responsive to these RFPS must be produced.

*RFP Nos. 20-24*

RFP Nos. 20-22 ask for Documents relating to Washworld's disbursement of money received from Ascentium, whether in connection with the specific transaction at issue in this action or otherwise. Ascentium needs these Documents not only to understand exactly what happened internally at Washworld in connection with this transaction but also to assess whether Washworld, in connection with this transaction, acted consistently or inconsistently in comparison to other funding transactions involving Ascentium. In response to these RFPs, Washworld again purported to limit the scope of its production to Documents "related to the Conserv Fuels transaction between January 1, 2024 through March 31, 2024" and (in response to RFP Nos. 20 and 21) again represented that it would meet and confer with Ascentium regarding these RFPs. Washworld's temporal and subject-matter limitations are improper for the same reasons set forth above.

RFP No. 24 asks for Documents serving as the evidentiary foundation for Mr. Jensen's August 15, 2025, declaration. While Mr. Jensen's declaration was submitted in connection with disputes about whether California has personal jurisdiction over Washworld, the declaration touches on many areas which are relevant to the disputes in this action, including without limitation Washworld's relationship with its distributors. Having submitted Mr. Jensen's testimony under penalty of perjury, Washworld may not now shirk its responsibility to provide the evidentiary foundation for that testimony.

*Interrogatory No. 1*

Interrogatory No. 1 asks Washworld to describe the requirements to become a Washworld distributor. Since, as noted above, CWM was or is a Washworld distributor, Washworld needs this information to assess whether Washworld complied with its own requirements in its dealings with CWM. Washworld's failure to respond substantively to this Interrogatory (and failure to meet and confer as Washworld indicated it would do in its Response) is unacceptable.

5819179v1 | 100287-0289



January 16, 2026
Page 6

Re:    Regions Bank etc. v. Car Wash Management, LLC etc. et al.
        C.D. Cal. Case No. 2:25-cv-00359-CAS (KSx)

*Interrogatory Nos. 5-6 and 8-9*

Interrogatory Nos. 5 and 6 ask about oral or written communications between Washworld, on the one hand, and CWM or Conserve Fuels, on the other hand, relating to CWM or Conserve Fuels' purchase of Washworld equipment. Interrogatory Nos. 8 and 9 ask about oral or written communications Washworld had with Mr. Williams and Mr. Ortiz. Washworld's proposal to limit the scope of these Interrogatories to the specific transaction directly at issue in this action is unacceptable, for reasons set forth above. Furthermore, if the commission paid by Washworld to CWM was for the Conserv Fuels transaction this commission is more than the amount of the Order and makes little sense. Moreover, Washworld may not simply respond to these Interrogatories by specifying business records pursuant to Civil Rule 33(d) because the Interrogatories ask not only for written but also oral communications.

*Interrogatory No. 7*

Interrogatory No. 7 asks about oral or written communications between Washworld and Ascentium relating to the Funding Instructions (as this Interrogatory defines this term). The Funding Instructions are a key document in this case, for reasons that Ascentium has set forth in various filings. As such, Washworld's contention that responding to this Interrogatory would be unduly burdensome lacks merit. Furthermore, as set forth above, Washworld may not refuse to respond to discovery based on an assertion that the information sought is already in Ascentium's possession, custody, or control.

*Interrogatory No. 11*

Interrogatory No. 11 asks Washworld to state the location of training courses Washworld conducted for its distributors from January 1, 2021 to the present. This is a simple question. Information about Washworld's training is relevant to assess whether Washworld and CWM acted consistently therewith with respect to the transaction at issue in this action.

Please respond as soon as possible. I had hoped that the December 28 and 29 letters would have at least resulted in producing documents and answering questions that were objected to based on the lack of a Protective Order which now exists or producing those documents on a rolling basis or to meet and confer but that did not work instead you demanded that Ascentium comply with L.R. 37-1 even for the most simple matters to deal with. Now that Ascentium has been forced to incur unnecessary fees and costs to even get Washworld to



January 16, 2026
Page 7

Re:     Regions Bank etc. v. Car Wash Management, LLC etc. et al.
        C.D. Cal. Case No. 2:25-cv-00359-CAS (KSx)

comply with its own objections that are moot, I look forward to a response and/or meeting and conferring in the next 5 days. Thank you.

Very truly yours,

FRANDZEL ROBINS BLOOM & CSATO, L.C.

ANDREW K. ALPER
aalper@frandzel.com

CC: Xitlaly Estrada (xestrada@bakerlaw.com; aclaypool@bakerlaw.com)
     Michael D. Gannon (mgannon@bakerlaw.com)

# EXHIBIT 4

| | |
|---|---|
| **From:** | Andrew Alper |
| **Sent:** | Monday, January 19, 2026 8:36 AM |
| **To:** | Walton, Katharine; Gannon, Michael D.; Estrada, Xitlaly; Claypool, Ava |
| **Cc:** | Lainna Olson; Rebecca Santamaria |
| **Subject:** | Regions Bank's Motion to Dismiss-use of documents marked Confidential |

Please be advised that it is Regions Bank's intention to use documents produced by Washworld designated as WW_0000084-88 in connection with the Motion to Dismiss. While we do not believe these documents are confidential I am assuming that you will not agree to remove the designation. Therefore, as I understand the Protective Order will we advise the Court of the nature of the document and ask that the Court allow it to be produced in connection with the Motion to Dismiss. We will not attach it to my declaration in support of the Motion to Dismiss unless the Court allows us to do so. Therefore please advise me whether you will consent to the production of these documents in connection with this motion and use in this case without filing an Application for Leave to Produce the Documents by Seal under L.R. 79-5. Please let me know as soon as possible if you will consent to the filing of these documents and this email is to meet and confer regarding the use of these documents in court without having to seal the documents since the Motion has been prepared in draft and I await your decision. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:          (323) 852-1000
Facsimile:     (323) 651-2577
E-mail:          aalper@frandzel.com
Web:             www.frandzel.com



**GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Walton, Katharine <kwalton@bakerlaw.com> |
| **Sent:** | Tuesday, January 20, 2026 9:18 AM |
| **To:** | Andrew Alper; Gannon, Michael D.; Estrada, Xitlaly; Claypool, Ava |
| **Cc:** | Rebecca Santamaria |
| **Subject:** | [EXTERNAL] RE: Regions Bank's Motion to Dismiss-use of documents marked Confidential |

Good morning,

Washworld will not consent. A Rule 12(b)(6) motion is limited to the allegations within the complaint, and consideration of materials outside the pleadings is not permitted at this stage. You have not provided any explanation as to the purpose for which you intend to use the document, but based on its content, it appears you may be seeking to contest or introduce facts. That is not appropriate in the context of a 12(b)(6) motion. Additionally, the document contains proprietary financial information.

I have removed Lainna Olson from this email, as I do not believe she is affiliated with this case.

Best,
Kat

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Monday, January 19, 2026 10:36 AM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>; Claypool, Ava <aclaypool@bakerlaw.com>
**Cc:** Lainna Olson <lolson@wlrlaw.com>; Rebecca Santamaria <rsantamaria@frandzel.com>
**Subject:** Regions Bank's Motion to Dismiss-use of documents marked Confidential

[External Email: Use caution when clicking on links or opening attachments.]

Please be advised that it is Regions Bank's intention to use documents produced by Washworld designated as WW_0000084-88 in connection with the Motion to Dismiss. While we do not believe these documents are confidential I am assuming that you will not agree to remove the designation. Therefore, as I understand the Protective Order will we advise the Court of the nature of the document and ask that the Court allow it to be produced in connection with the Motion to Dismiss. We will not attach it to my declaration in support of the Motion to Dismiss unless the Court allows us to do so. Therefore please advise me whether you will consent to the production of these documents in connection with this motion and use in this case without filing an Application for Leave to Produce the Documents by Seal under L.R. 79-5. Please let me know as soon as possible if you will consent to the filing of these documents and this email is to meet and confer regarding the use of these documents in court without having to seal the documents since the Motion has been prepared in draft and I await your decision. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |



🖶 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

1

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended recipient
you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result of e-mail transmission.

**PROOF OF SERVICE**

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California.  I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction.  My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On January 20, 2026, I served true copy(ies) of the **DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO REQUEST FOR ENTRY OF DEFAULT FILED BY  WASHWORLD, INC. ON AMENDED ANSWER AND AMENDED COUNTERCLAIMS AGAINST REGIONS BANK** , the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 20, 2026, at Los Angeles, California.

_____
Rebecca Santamaria

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5821074v1 | 100287-0289

1

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO ENTRY OF DEFAULT AGAINST PLAINTIFF ON THE COUNTERCLAIM

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton-(pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606-2859 | Tel:    312-416-8187<br>Email: mgannon@bakerlaw.com<br>        kwalton@bakerlaw.com<br><br>Attorney for Defendant Washworld, Inc. |
| Xitlaly Estrada<br>Ava Claypool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301 | Tel:    310-442-8878<br>Email: xestrada@bakerlaw.com<br>        aclaypool@bakerlaw.com<br><br>Attorney for Defendant Washworld, Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>122 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: (714) 990- 3693<br>Fax: (657) 234 - 0012<br>Email: lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |

5821074v1 | 100287-0289

2

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF OPPOSITION TO ENTRY OF DEFAULT AGAINST PLAINTIFF ON THE COUNTERCLAIM