Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff, Regions Bank
An Alabama State Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, <br><br> Defendant. <br><br> _____ <br><br> JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to | Case No.  2:25-cv-00359 CAS KSx) <br><br> **NOTICE OF MOTION AND MOTION OF COUNTER-DEFENDANT REGIONS BANK TO DISMISS WASHWORLD, INC.'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW K. ALPER; AND PROPOSED ORDER CURRENTLY FILED HEREWITH** <br><br> Date:    February 23, 2026 <br> Time:    10:00 a.m. <br> Crtrm.:  8D |

5820233v2 | 100287-0289

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

35, inclusive,

Cross Defendants.

WASHWORLD, INC.,

Plaintiff,

v.

CAR WASH MANAGEMENT LLC

Cross-Defendant.

TO THE COURT, COUNTER-CLAIMANT, WASHWORLD, INC., ITS COUNSEL OF RECORD AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL:

NOTICE IS HEREBY GIVEN that on February 23, 2026, at 10:00 a.m. or as soon thereafter as counsel may be heard in the above-entitled Court located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565 in Courtroom 8D of the Honorable Christina Snyder, Plaintiff and Counter-defendant Regions Bank dba Ascentium Capital ("Plaintiff") will and does hereby move this Court for an order dismissing the Counterclaim filed by Defendant and Counter-claimant Washworld, Inc., a Wisconsin corporation ("Washworld") as a result of the Counterclaim's failure to state a claim upon which relief may be granted against Plaintiff pursuant to Federal Rules of Civil Procedure (F.R.C.P..) Rule 12(b)(6).  Specifically, the three claims for breach of the implied covenant of good faith and fair dealing, negligence and negligent misrepresentation are predicated on contracts which have not been properly alleged or attached to the Counterclaim as exhibits and the Counterclaim fails to properly state the terms of the contract at issue.  Further, there are no damages alleged in the Counterclaim nor can they be alleged given the facts of this case and damages are a necessary element of all of Washworld's claims. The Counterclaim also fails to properly allege the elements of any Claims against Plaintiff. Washworld also alleges duties of Plaintiff, a lender,  that do not exist as a matter of law and purposely fail to

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

set forth facts which Washworld knows exist in order to cobble together an attempt to state a Claim.

In addition, and in the alternative, if the Court is not inclined to grant the Motion to Dismiss, then Plaintiff moves this Court to grant a Motion for More Definite Statement pursuant to F.R.C.P. Rule 12(e) to set forth the terms of the contract to demonstrate elements of breach of the implied covenant of good faith and fair dealing and how the Claims for negligence and negligent misrepresentation arise.

This Motion is made following communications between counsel for Plaintiff and Washworld, placing counsel on notice of the defects with the Counterclaim as set forth in the accompanying Declaration of Andrew K. Alper submitted herewith. Plaintiff has in good faith attempted to comply with Local Rule 7-3. See Declaration of Andrew K. Alper ("Alper Decl.") as to meeting and conferring on this Motion.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, the Declaration of Andrew K. Alper submitted herewith, and further Reply papers filed to the Opposition by Washworld with respect to this Motion and oral and documentary argument as may be presented to the Court at the time of hearing. Further, this Motion is also based on the Court's prior ruling on Plaintiff's Motion to Dismiss Counterclaim as set forth in the Court's Minute Order of November 25, 2025.

DATED:  January 20, 2026             FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff, Regions Bank,
an Alabama State Bank dba Ascentium
Capital

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Court previously set forth a comprehensive ruling in connection with respect to Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff")  Motion to Dismiss Counterclaim on November 25, 2025, and set forth a recitation of the facts of this case as set forth in the Complaint, Counterclaim and the prior contentions of the parties when the Court sustained the demurrers to the Breach of Contract and Covenant of Good Faith and Fair Dealing claims. Plaintiff is only going to highlight the facts as applicable to the First Amended Counterclaim filed by Washworld, Inc ("Washworld") ("FAC") as is necessary and will not restate the facts in this Points and Authorities since the Court has previously set forth the facts in its prior ruling. Plaintiff will only set forth a short summary of the facts as is necessary for the Court to familiarize itself with this transaction.

Car Wash Management, LLC ("Car Wash Management") entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Plaintiff in order for Plaintiff to make a loan to Car Wash Management to finance the acquisition of car wash equipment for the financed amount of $343,394.23 with respect to equipment presumably being acquired by Car Wash Management from Washworld, its equipment supplier. Pursuant to the terms of the EFA, after an initial payment, Car Wash Management was required to make 71 monthly payments until the loan was paid in full.  In connection with execution of the EFA, Car Wash Management also executed, among other documents,  an Authorization to Perform Verbal Verification, Prepayment Addendum, Authority and Incumbency Certificate, Delivery and Acceptance Certificate, and Commencement Agreement whereby Car Wash Management requested that Plaintiff pay the supplier of the Equipment which was Washworld before the Equipment was delivered, installed and operational. The Commencement Agreement has been purposely ignored by Washworld in its FAC and this document is very important.

5820233v2 | 100287-0289

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Initially the equipment was to have been ordered through AVM Equipment Company, Inc ("AVW') but when AVW could not timely deliver all of the equipment CWM by and through CEO Andrew Williams ("Williams") changed the order to acquire Washworld equipment instead. This was not an issue for Ascentium since Washworld, a known supplier of equipment to Plaintiff because Plaintiff had made multiple loans to Washworld customers both before and after this transaction. Plaintiff has entered into 25 loan transactions where Washworld supplied the equipment out of 49 transactions submitted for funding to Plaintiff. ( See Declaration of Jerry Noon in ¶8 in support of Opposition to Motion to Dismiss Complaint filed by Washworld which Motion was denied by the Court )("Noon Declaration")). The EFA was amended to reflect modified payment terms after it was initially executed and the change to the Washworld equipment.

In addition, Car Wash Management was a distributor of Washworld equipment and, according to Washworld, distributors have access to Washworld's order forms to order equipment. In order for Plaintiff to pay the loan proceeds from its borrower directly to Washworld so Washworld would be paid for the sale of its equipment Washworld had executed a simple one page contract with Plaintiff called Funding Instructions on or about March 11, 2024, which sets forth the specific terms under which Plaintiff would pay Washworld the proceeds of the loans it made to its borrower and Washworld customer  (in this case Car Wash Management) so the equipment would be paid for and there would be no outstanding balance due to Washworld  and the equipment would be delivered to Car Wash Management. Maybe that would make sense if Car Wash Management had not executed the Commencement Agreement but the FAC ignores that fact. As a result of receiving the Washworld order for the Car Wash Management equipment with the description of the equipment, Plaintiff paid the initial sum of $309,054.80 to Washworld. (Noon Decl. ⊩11 and admitted in the Washworld Answer and Counterclaim).  The Funding Instructions state, among a few other terms:

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

"Payee [Washworld] agrees any funds received from Ascentium [Plaintiff] are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction.  If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium [Plaintiff]." (see Complaint and Declaration of Jerry Noon for a copy of the Funding Instructions since it is not attached as exhibit to the Answer or Counterclaim)

While the FAC goes to great pains in stating that Car Wash Management executed a Delivery and Acceptance Certificate representing to Plaintiff that all equipment from AVW had been delivered but this was not true. Washworld contends that Plaintiff was somehow negligent in this transaction because it never obtained a second Delivery and Acceptance Certificate from Car Wash Management  to evidence that the Washworld equipment had been delivered before funding and paying Washworld. While clearly Car Wash Management misrepresented to Ascentium that it had possession of the AVM Equipment by executing the Delivery and Acceptance Certificate, Ascentium and Car Wash Management knew that document was not correct when Car Wash Management advised Ascentium it was acquiring the equipment from Washworld instead. The Commencement Agreement is in a situation where the borrower wants the loan commenced and requests that the lender fund the supplier of the equipment even though it has not been received. AS stated: "The Collateral is being delivered to you at various times and the supplier(s) and vendor(s) …of the Collateral have to be paid for each item of Collateral at or before delivery to you….and the Agreement is non-cancellable and in full force and effect… immediately though even though items of Collateral remain to be delivered to you…." The Commencement Agreement then goes on to state the contractual terms which allowed and requested that Plaintiff pay the supplier which was Washworld even though the equipment had not been delivered.  Therefore, once this Commencement Agreement was signed Plaintiff no longer required another Delivery and Acceptance

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Certificate.

As it turns out, Washworld never delivered the equipment that is the subject of the Purchase Order sent to Plaintiff to reflect the equipment being sold to Car Wash Management. After Washworld received the $309,054.80 from Plaintiff for the purchase by Car Wash Management on the specific order submitted to Plaintiff, instead of contacting Plaintiff to ask why Washworld was receiving this money, instead inexplicably contacted Car Wash Management its distributor and most likely an agent of Washworld which then allegedly asked that Washworld pay $132,509.09 of the $309,054.80 funded by Plaintiff for a customer of Washworld and Car Wash Management called Conserve Fuels totally unrelated to the loan being made by Plaintiff which was represented to fund a different car wash West Covina Car Wash LLC  According to Washworld, this sum paid off a different balance owed to Washworld for different equipment. Washworld then sent the balance of $176,552.71 from the $309,054.80 to Car Wash Management ignoring the terms of the Funding Instructions contract which required Washworld to return to Plaintiff any funds that Washworld is not entitled to the money unless it was for the purchase of new equipment being sold by Washworld to its customer.  (Noon Decl. ¶¶14-15).  Despite this so called other agreement with Conserve Fuels Washworld had absolutely no excuse to return the money to Washworld when the Funding Instructions state just the opposite and the money had to be returned to Plaintiff.  And then as set forth in the Declarationof Andrew K. Alper submitted herewith, Washworld then prepared an invoice to Car Wash Management showing this payment as a Commission paid by Washworld to Car Wash Management (see Declaration of Andrew K. Alper submitted herewith). And now Washworld has the audacity to allege in the Counterclaim its good faith and Plaintiff is liable to Washworld.

Just like the initial Counterclaim the FAC fails to attach a single document to it despite the allegations concerning the contracts and documents.

## II.    SPECIFIC ALLEGATIONS IN THE COUNTERCLAIM

There is no longer a Claim for breach of contract in the FAC. Washworld, which breached the terms of the Funding Instructions and retained the $309,054.80 without ever contacting Plaintiff about why this money was sent to Washworld and then paid itself on the Conserve Fuels invoice and turned the rest of the  money over to Car Wash Management, its own distributor as some unknown commission still grasps at straws to state a Claim in the FAC.  Washworld by its silence in the FAC admits that it never contacted Plaintiff about the $309.054.80 received but that Car Wash Management had a pending order with Washworld, with a final payment outstanding which included Washworld equipment and other equipment to be purchased from other manufacturers not even Washworld. Nevertheless, Washworld took $132,509.09 of Plaintiff's money for itself. And the FAC never describes this other Invoice with Conserve Fuels which Plaintiff has never seen, the equipment that was the subject of that invoice, the name, address, telephone number or any information with respect to this other buyer which is allegedly Conserve Fuels, the age of the invoice or any real facts as to this other equipment buyer another entity related to transactions with Car Wash Management. And it does not describe what the other equipment was involved with this buyer presumably Conserve Fuels and why Washworld was taking money on equipment it did not supply.  The FAC alleges duties imposed on Plaintiff that do not exist as a matter of law. And Washworld still has not attempted to show how it was damaged because Washworld interfered with money which it was not entitled to. As a result of  Plaintiff's breach,

## III.    LEGAL STANDARDS

Federal Rule of Civil Procedure, Rule 12(b) permits a responding party to assert various defenses to complaints or counterclaims by motion including a failure to state a claim upon which relief may be granted (Fed. Rule Civ. Proc. 12(b)(6); *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678. (Stated claim for relief must be plausible on its face also citing *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 570.)  A

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Rule 12(b)(6) motion tests the legal sufficiency of a claim or claims stated in the Complaint [or Counterclaim]. *Rutman Wine  Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829 F.2d 729, 738.  To determine whether a claim is plausible a court must take notice of elements of a claim and a plaintiff [or counterclaimant] must prove the stated claim (*Ashcroft supra* at 556 U.S. at 681).

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING-COUNT I

Count I of the FAC is the breach of the implied covenant of good faith and fair dealing.  It is a little difficult to ascertain if there is a breach of an implied covenant of good faith and fair dealing when the Court nor Plaintiff do not state the terms of the contract upon which this Claim or cause of action is based.  The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract.  The covenant does not exist independently of the underlying contract (see *Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 711-12).  The elements of a breach of implied covenant of good faith and fair dealing cause of action or claim are the existence of a contract, that the plaintiff or in this case Counterclaim did all things required of it under the contract or were excused from performance, facts showing what the Defendant or in this case Counter-defendant did to performance or benefit from the contract, that by doing so the Defendant or in this case the Counter defendant did not act fairly and in good faith, and as a result of the conduct there were damages.  Therefore, the Court will have to look long and hard to find a single element of this Claim or cause of action in the Counterclaim.  (*See Careau & Co. v. Security Pacific Business Credit* (1990) 222 Cal.App.3d, 1371, 1395; *Guz v. Bechtel Nat.'l, Inc.* (2000) 24 Cal.4th 317, 349-50, 352).  Moreover, a [plaintiff] must plead facts showing bad faith and demonstrating a failure or refusal to discharge contractual responsibilities not by an honest mistake, bad judgment or rather by a conscious and deliberate act" (*Careau*

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

supra at 1395).  Clearly that is not the case here. Plaintiff paid money to Washworld to acquire equipment which was paid as a result of its mistake and the fraud perpetrated on it by Washworld which is far from the standard in *Careau.* Finally, this Claim does not even have a damage allegation and without damages it cannot state a Claim.

### NEGLIGENCE-COUNT II

While the Motion to Dismiss as to the Negligence Claim was denied in the prior Motion to Dismiss the Counterclaim because of the addition of new allegations throughout the FAC and because of the similarity to the newly added Third Claim for Negligent Misrepresentation Plaintiff is seeking to dismiss this Claim as well.  The elements of negligence are:

(1) Duty;

(2) Breach of duty;

(3) Causation; and

(4) Damages

(Berkley v. Dowes (2007) 152 Cal. App. 4th 518, 526).

The negligence claim fails to allege a duty element because there is no duty when a financial institution involved in the loan transaction does not exceed its role as a lender of money (See *Nymark v. Heart Fed. Savings & Loan Assn.*, (1991) 231 Cal. App. 3d 1089, 1093, fn. 1); Jolley v. Chase Home Finance, LLC (2013) 213 Cal App 4th 872; *Sheen v. Wells Fargo Bank* (2022) 12 Cal 5th 90).  And there is nothing in the FAC showing that Plaintiff exceeded that role. And when third parties are involved in a lending relationship there is no duty to such parties such as Washworld as well (see *Gil v. Bank of America* (2006) 138 Cal App 4th 1371, 1381: *Software Design & Application, Ltd. V. Hoefer & Arnett, Inc.* (1996) 49 Cal App. 4th 472, 479; *Casey v. U.S. Bank Nat. Assn.* (2005) 127 Cal App. 4th 1138,1149); *QDOS, Inc. v. Signature Financial, Inc.* (2017) 17 Cal. App. 5th 990, 1000 n.3.). Certainly, there is no contract which sets forth any duty or obligations of Plaintiff to Washworld as to what Plaintiff

must do for the benefit of Washworld other than pay it when Plaintiff is asked to pay Washworld by Plainitff's borrower.  There is clearly no breach of a duty since no duty exists.  Causation is yet another problem because the causation that caused Washworld damages, if any exist, is that Washworld never asked Plaintiff why it wired Washworld the $309,054.80 and for what transaction. Assuming Washworld contacted Plaintiff to ask about the wire this case would not have been filed because Plaintiff would have learned that there was no equipment being acquired and that Washworld was not selling anything to its distributor Car Wash management and Plaintiff's borrower and no one would have been damaged.  Of course, then Washworld would not have used this money to pay off the other Conserve Fuels obligation or sent money back to Car Wash Management as a commission. Once again Washworld has no damages nor has it stated a single fact as to the so called reputation damages.

## NEGLIGENT MISREPRESENTATION COUNT III

Washworld was not given leave to file a new Claim for Negligent Misrepresentation when the Motion to Dismiss was granted. The elements of a cause of action or claim for Negligent Misrepresentation are:

1. Misrepresentation of a past or existing fact;

2. Made without a reasonable ground for believing it to be true

3. Made with intent to induce another's reliance on the fact represented

4. Justifiable reliance on the misrepresentation; and

5. Resulting damage  *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal. App. 4th 182, 196; See also Civil Code sections 1709 and 1710 (2))

A Claim or cause of action for Negligent misrepresentation which is a specifies of fraud is subject to a heightened pleading standard and must show sufficient facts as a matter of law (see *Lazar v. Superior Court* (1996) 12 Cal 4th 631, 645). Throughout the FAC it is contended that Washworld had no idea what the transaction was from Plaintiff that caused Plaintiff to wire Washworld $309,054.80. Now, in a bizarre turn

5820233v2 | 100287-0289

10

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

the wiring of the money was a negligent misrepresentation made by Plaintiff to Washworld which caused it damages. This is a little too much to take. Washworld never contacted Ascentium to ask why it was receiving this money. So how could Ascentium had made a negligent misrepresentation? And simply receiving the money cannot possibly show how Washworld justifiably relied on a representation of Plaintiff. Washworld may have a claim against Car Wash Management and Williams for their fraud or negligent misrepresentation but not Plaintiff.

As a result of the foregoing, Plaintiff requests that its Motion to Dismiss be granted and the FAC dismissed.  If for any reason the Court believes that the FAC or Claims in the FAC should not be dismissed Plaintiff has brought up numerous areas where more definite statements are necessary.

DATED:  January 20, 2026          FRANDZEL ROBINS BLOOM & CSATO, L.C.


By: _____
ANDREW K. ALPER
Attorneys for Plaintiff, Regions Bank
an Alabama State Bank dba Ascentium
Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5820233v2 | 100287-0289                           11

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**DECLARATION OF ANDREW K. ALPER**

I, Andrew K. Alper, declare as follows:

1.    I am an attorney duly admitted to practice in the State of California and before this Court.  I am a Vice President and Shareholder of Frandzel Robins Bloom & Csato, L.C., attorneys of record for Plaintiff and Counter-Defendant, Regions Bank, an Alabama State Bank dba Ascentium Capital ("Plaintiff").  If called as a witness, I could and would competently testify to all facts within my personal knowledge, except where stated upon information and belief or in which I have requested judicial notice of since they were previously filed in this case.  This declaration is submitted in support of Motion to Dismiss the First Amended Counterclaim of  Washworld, Inc.("Washworld')  against Plaintiff. While some of the affirmative defenses also fail to contain sufficient facts, Plaintiff is not filing a Motion to Strike Affirmative Defenses as it will deal with them when it files its Motion for Summary Judgment in this case or proceeds to trial.

2.    I have been the primary attorney at Frandzel Robins Bloom & Csato, L.C. handling this matter on behalf of Plaintiff.

3.    After multiple emails to Katharine Walton, who seems to be the day to day attorney for Washworld in this case among the 4 attorneys at Baker & Hostetler, LP listed on their pleadings handling this case on behalf of Washworld, I finally sent a meet and confer letter to Ms. Walton with respect to filing another Motion to Dismiss the First Amended Counterclaim. A true and correct copy of that letter is attached here, marked Exhibit "1" and is incorporated herein by this reference.

4.    Ms. Walton and I then spoke about the Motion to Dismiss and what was in the letter. Michael Gannon of Ms. Walton's firm was also present but did not speak. After a discussion of the pleadings and the content of the letter occurred on January 13, 2026, we were not in agreement and Ms. Walton and Mr. Gannon were advised that the Motion to Dismiss the First Amended Counterclaim was forthcoming.

5820233v2 | 100287-0289

1

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5. During this case there have been and still are discovery issues in connection with discovery propounded by Plaintiff to Washworld. But I believe that one of the documents produced during discovery contradicts certain factual allegations made in the FAC by Washworld. Because this document was marked Confidential although I question whether it is Confidential I could not file it with this Motion without a redesignation of the document, an Application to Court to deem it not Confidential or under a sealing Order. I sent an email to counsel for Washworld to redesignate the document but they refused to do so. In order to get this Motion to Dismiss on file because Washworld is trying to default Plaintiff on the Amended Counterclaim to prevent this Motion from being filed, I will have to separately deal with this issue. This document appears to demonstrate that Washworld and Car Wash Management acted in a way that is inconsistent with the FAC on file herein and whether the Court will deal with the introduction of this document for the Motion to Dismiss or consider this Motion to be for Summary Judgment, this document is going to be introduced in this case one way or the other.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 20th day of January, 2026, at Los Angeles, California.

_____
Andrew K. Alper, Declarant

5820233v2 | 100287-0289                    2

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Regions Bank certified that this brief contains 4,668 words, which complies with the word limit of L.R. 11-6-1.

DATED:  January 19, 2026         FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff, Regions Bank
an Alabama State Bank dba Ascentium
Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5820233v2 | 100287-0289

3

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

# EXHIBIT 1



January 9, 2026

**VIA EMAIL AND U.S. MAIL**
kwalton@bakerlaw.com
mgannon@bakerlaw.com
xestrada@bakerlaw.com
aclaypool@bakerlaw.com

Katharine Walton
Baker & Hostetler, LLP
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606

Re:     Regions Bank dba Ascentium Capital ("Ascentium") v. Car Wash Management, etc. et. al.
        Your Client:  Washworld, Inc. ("Washworld")

Dear Ms. Walton:

Since you are the day to day attorney on this matter this initial "meet and confer" letter is directed to you but the other attorneys referred to on your firm's pleadings are copied by email. The purpose of this letter is to meet and confer on the Amended Counterclaim which Ascentium contends fails to state sufficient facts to constitute a claim upon which relief may be granted ("Claim). While there are many affirmative defenses which are also subject to a motion to strike, at this time Ascentium is not writing a meet and confer letter as to those affirmative defenses and will deal with them on summary judgment or at trial. Nothing stated or omitted herein is meant to waive any and all defenses to the allegations and affirmative defenses set forth in in the Washworld Answer.

As you know, Ascentium's prior Motion to Dismiss pursuant to Rule 12 (b) (6) was granted except as to the negligence claim. I refer you to the Court's Minute Order of November 25, 2025, and the cases and rationale set forth therein. The Washworld Amended Counterclaim alleges some new allegations to the negligence Claim and alleges a breach of the implied covenant of good faith and fair dealing and negligent misrepresentation. These Claims can all be dealt with at the same time in this meet and confer letter because they arise out of the same factual allegations.

**Frandzel Robins Bloom & Csato, L.C.**
Attorneys at Law

www.frandzel.com

**Los Angeles Office**
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90017-2427

Tel 323.852.1000  Fax 323.651.2577

**Fresno Office**
516 West Shaw, Suite 200
Fresno, CA 93704-2515

Tel 559.221.2591  Fax 559.221.2660



Washworld, Inc.
January 9, 2026
Page 2

Washworld alleges that Ascentium has some duties to Washworld in connection with Ascentium paying Washworld the sum of $309,054.80 for the purpose of Car Wash Management ("CWM") acquiring equipment from Washworld. Washworld certainly cannot point to duties in the Funding Instructions since none exist. So instead Washworld on information and belief contends that Ascentium did not investigate CWM or Ortiz properly and essentially was negligently lending. While Washworld will see in discovery that such allegations are false, such Claims do not exist in California and, absent a special relationship between the parties which certainly does not exist nor has it been alleged in this case,  no such duties exist as a matter of law (see Nymark v. Heart Fed Savings & Loan Assn (1991) 231 Cal App 3d 1089; Jolley v. Chase Home Finance LLC (2013) 213 Cal App 4th 872; Sheen v. Wells Fargo Bank (2022) 12 Cal 5th 90 (2022)). Further, as stated on the prior pleadings by Ascentium in connection with the last Motion to Dismiss, as to noncustomers such as Washworld, lenders owe no duties to noncustomers as well (see Gil v. Bank of America (2006) 138 Cal. App 4th 1371, 1381; Casey v. U.S. Bank Nat. Assn (2005) 127 Cal App 4th 1138, 1149). Because each of the Claims is based on alleged duties which do not exist as a matter of law or contract, the Claims do not state a claim upon which relief can be granted

. As far as the Breach of the Covenant of Good Faith and Fair Dealing please review CACI Jury Instruction No. 325 which sets forth the elements of the cause of action or Claim and the cases cited thereafter. There is no contract on which to base this Claim and no facts are alleged as to how such Claim arises.

The same holds true with the Negligent Misrepresentation Claim and I direct your attention to CACI No, 1993 with the elements of the cause of action or claim and the cases cited thereafter. What is particularly interesting about this Claim is that there was never any representation made by Ascentium to Washworld which was or could have been negligent. Washworld cannot have it both ways. On the one hand it is alleged that Washworld knew nothing about this transaction or why this money was being paid and therefore had to call CWM to find out why Ascenitum was paying this money yet, on the other hand, Ascentium was making negligent misrepresentations to Washworld There has to be some representation made to have it become negligent to which Washworld reasonably and justifiably relied. These contradictory allegations result in not being able to cobble together any Claim for Relief.

Finally, Ascentium remains mystified how Washworld was damaged by Ascentium sending Washworld money which it is not entitled to and Washworld did not know why this money was sent.  And there are no facts alleged as to how the "reputational" damages have occurred. Certainly, filing the lawsuit is not an actionable damage since that is a privileged act. Washworld needs to allege some facts upon which these damages are based of which none exist.



Washworld, Inc.
January 9, 2026
Page 3

Please advise me if Washworld is going to amend or dismiss the Counterclaim and, if not, whether we need to have any further meet and confer on this topic. Thank you.

Very truly yours,

FRANDZEL ROBINS BLOOM & CSATO, L.C.

ANDREW K. ALPER
aalper@frandzel.com

cc: Jerry Noon

5812843v1 | 100287-0289

**PROOF OF SERVICE**

**Regions Bank v. Car Wash Management, LLC, etc., et al.
Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California.  I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction.  My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On January 20, 2026, I served true copy(ies) of the **NOTICE OF MOTION AND MOTION OF COUNTER-DEFENDANT REGIONS BANK TO DISMISS WASHWORLD, INC.'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW K. ALPER; AND PROPOSED ORDER CURRENTLY FILED HEREWITH**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 20, 2026, at Los Angeles, California.

_____
Rebecca Santamaria

5820233v2 | 100287-0289

1

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton (pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago. IL 60606-2859 | Tel:   312-416-8187<br>Email:   mgannon@bakerlaw.com<br>kwalton@bakerlaw.com<br><br>Attorney for Defendant Washworld. Inc. |
| Xitlaly Estrada<br>Ava Clayool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles. CA 90067-4301 | Tel:   310-442-8878<br>Email:   xestrada@bakerlaw.com<br>aclaypool@bakerlaw.com<br><br>Attorney for Defendant Washworld. Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>122 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: (714) 990- 3693<br>Fax: (657) 234 - 0012<br>Email:   lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5820233v2 | 100287-0289

2

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED