Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-Defendant
Regions Bank, an Alabama State Bank dba
Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, <br><br> Defendant. <br><br> ───────────────── <br><br> JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to 35, inclusive, <br><br> Cross Defendants. | Case No. 2:25-cv-00359 CASE (KSx) <br><br> **REGIONS BANK'S REQUEST FOR JUDICIAL NOTICE ON MOTION TO DISMISS WASHWORLD, INC.'S FIRST AMENDED COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12)** <br><br> Date: February 23, 2026 <br> Time: 10:00 a.m. <br> Crtrm.: 8D |

5820297v2 | 100287-0289

REGIONS BANK'S REQUEST FOR JUDICIAL NOTICE ON MOTION TO DISMISS WASHWORLD, INC.'S FRIST AMENDED COUNTERCLAIM FOR FAILURE TO STATE A CLAIM

WASHWORLD, INC.,

        Plaintiff,

    v.

CAR WASH MANAGEMENT LLC

        Cross-Defendant.

TO THE HONORABLE CHRISTINA A. SNYDER, TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 16, 2026, at 10:00 a.m. in Courtroom 8D of the above-entitled Court located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565, Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff") Motion to Dismiss Washworld, Inc's First Amended Counterclaim for Failure to State a Claim Upon which Relief Can be Granted and Motion for a More Definite Statement will come on regularly for hearing. In connection therewith Plaintiff requests that the Court take judicial notice of the following papers and pleadings on file in this case pursuant to Federal Rules of Evidence Rule 201:

1. Complaint filed by Plaintiff [Docket number 1];

2. Motion to Dismiss Complaint filed by Washworld, Inc. [Docket number 67]

3. Plaintiff's Opposition to the Motion to Dismiss and Declaration of Jerry Noon in support thereof [Docket number 71 and 71-2]

4. Answer, Affirmative Defenses, and Counterclaim of Washworld, Inc. [Docket number 88]

5. Plaintiff's Motion to Dismiss Counterclaim and Points and Authorities in Support thereof [Docket number102];

6. Plaintiff's Reply to Opposition of Washworld to Motion to Dismiss Counterclaim [Docket number 116]

7. Order from the Court in connection with the hearing on the Motion to Dismiss Counterclaim dated November 25, 2025, attached hereto for the Court's convenience as Exhibit "1" [Docket number 121];

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5820297v2 | 100287-0289

2

8. Washworld's First Amended Counterclaim filed on December 31, 2026 as Docket number 130.

DATED:  January 20, 2026                    FRANDZEL ROBINS BLOOM & CSATO, L.C.


By:  _____
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-Defendant
Regions Bank, an Alabama State Bank dba
Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5820297v2 | 100287-0289

3

# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|----------|----------------------|------|-------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

**Present: The Honorable** CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Not Present

Attorneys Present for Defendants:

Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF REGIONS BANK'S MOTION TO DISMISS WASHWORLD, INC.'S COUNTERCLAIMS (Dkt. 102, filed on October 28, 2025)

## I.    INTRODUCTION

The Court finds the present motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff" or "Ascentium" or "Regions Bank") filed a complaint against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100. Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld. Dkt. 1 ("Compl.").

On July 16, 2025, defendant Jose Ortiz filed an answer. Dkt. 54. The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, CWM, Washworld, WCCW, Williams, and Roes 1-35. Dkt. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | | Date | November 25, 2025 |
|---|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | | |

On August 15, 2025, defendant Washworld filed a motion to dismiss the claims asserted against it by plaintiff. Dkt. 67. On September 25, 2025, the Court denied Washworld's motion to dismiss plaintiff's complaint. Dkt. 86.

On October 10, 2025, Washworld filed an answer to plaintiff's complaint, along with counterclaims against plaintiff. Dkt. 88 ("Counter-compl.").

On October 28, 2025, plaintiff filed the instant motion to dismiss the counterclaims asserted against it by Washworld. Dkt. 102 ("Mot"). On November 10, 2025, Washworld filed an opposition. Dkt. 109 ("Opp."). On November 14, 2025, plaintiff filed a reply. Dkt. 116 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that it is an Alabama State Bank doing business under the name of Ascentium Capital with its principal place of business in Alabama. Compl. ¶ 1. Plaintiff alleges that defendant Car Wash Management, LLC ("CWM" or "Debtor") is a limited liability company, organized and existing under the laws of Delaware with its principal place of business in Los Angeles, California. Id. ¶ 2. Plaintiff alleges that defendant West Covina Car Wash LLC is a limited liability company, organized and existing under the laws of California with its principal place of business in Los Angeles, California and whose sole member is CWM. Id. ¶ 3. Plaintiff alleges that defendant Jose Rene Ortiz is an individual who is a member of CWM and resides in Los Angeles, California. Id. ¶ 4. Plaintiff alleges that defendant Andrew Paul Williams is an individual who is a member and/or officer of CWM and resides in San Diego, California. Id. ¶ 5. Plaintiff alleges that defendant Washworld, Inc. was and is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin and is authorized to and doing business in the Los Angeles, California. Id. ¶ 6. Plaintiff alleges that no officers or directors of Washworld are residents of the State of Alabama. See id. ¶ 6.

Plaintiff alleges that on January 10, 2024, CWM, as "Debtor," entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Ascentium to finance the acquisition of equipment for the financed amount of $343,394.23. Id. ¶ 12. Plaintiff alleges that the EFA was intended to finance CWM's purchase of equipment for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

operation of a car wash initially from a vendor identified as AVW Equipment Company, Inc. ("AVW"), and that pursuant to the EFA, Ascentium wired $309,054.80 to AVW. Id.

Plaintiff alleges that after the EFA was signed, on February 28, 2024, Williams, on behalf of CWM, orally represented to Pete Matheny, a Vice President of Ascentium, that AVW was unable to deliver the equipment ordered by CWM in a timely fashion and that CWM had experienced other "red flags" regarding some business practices of AVW. Id. ¶ 13. Accordingly, CWM was canceling the order with AVW, obtaining a full refund, and was instead ordering the necessary equipment from Washworld. Id. Plaintiff alleges that this representation was confirmed in a February 28, 2024 email from Williams to Matheny, copied to Ortiz, which transmitted what was represented to be a purchase quote on a Washworld form ("the Quote"). Id. Plaintiff alleges that the money paid to AVM was refunded to Ascentium. Id.

Plaintiff alleges that based on the representations of Williams, on March 7, 2024, Ascentium executed with CWM, by Ortiz, an Addendum Agreement No. 2763169 changing the amount financed from $343,394.23 to $346,904.75. Id. ¶ 14.

Plaintiff alleges that at the time of the February 28, 2024, email from Williams to Matheny, CWM was an authorized dealer of Washworld products and that CWM was given access to and was authorized to issue quotes on Washworld forms, like the quote Williams allegedly sent to Ascentium. Id. ¶ 15. Plaintiff alleges that prior to February 2024, Ascentium had funded two loan transactions in the form of Equipment Finance Agreements involving the purchase of Washworld equipment where CWM had been the "primary vendor" to Ascentium's customer and approximately 20 transactions where Washworld had been the "primary vendor" or one of its other distributors had been the "primary vendor." Id.

Plaintiff alleges that on or about February 28, 2023, Washworld, by its controller Jon Tyezkowski, executed and delivered to Ascentium written "Funding Instructions," which listed Washworld's email address as "controller@washworldinc.com" and provided:

> Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction. If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium.

Id. ¶ 16.

Plaintiff alleges that on March 12, 2024, Ascentium sent a "Payment Notification" email to "ajohnson@washworldinc.com" and "controller@washworldinc.com" that stated:

> Invoice # : Car Wash Management, Inc.
> Payment Type : Equipment
> Customer Name : Car Wash Management, Inc.
> Finance Agreement # : 2763169
> Payment Method : ACH
> Date : March 11, 2024
> Amount : $309,054.80

Among other things, the Payment Notification stated:

> If you have questions about this payment, please contact your Vendor Services Representative, Maria Negri, at MariaNegri@ascentiumcapital.com or (281) 902-1938.

Id. ¶ 17.

Plaintiff alleges that on March 11, 2024, Ascentium sent payment to Washworld in the amount of $309,954.00 (the "Mistaken Payment") for posting to the Washworld bank account listed in the Funding Instructions, and that the same was posted and credited to such account on March 12, 2024. Id. ¶ 18.

Plaintiff claims that CWM never sent the Quote to Washworld, and never ordered or intended to order from Washworld, any of the equipment stated in the Quote. Id. ¶ 19. Plaintiff claims that when Washworld received the Mistaken Payment, it knew, had reason to know and/or should have known that there had been no order for equipment from CWM for either itself or a customer of CWM in the amount of the Mistaken Payment or in any amount even approaching the amount of the Mistaken Payment. Id. ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Plaintiff alleges that instead of contacting Ascentium regarding the Mistaken Payment as stated in the Payment Notice and as required by the Funding Instructions, Washworld contacted CWM regarding the Mistaken Payment and was told by CWM that the payment should be applied to an order by one of its customers in Chula Vista, California, that had a remaining balance due of $132,509.09.  Id. ¶ 21.  Plaintiff alleges that on March 19, 2024, Washworld applied a portion of the Mistaken Payment to pay that balance and sent a payment back to CWM in the amount of $176,552.71.  Id. Plaintiff alleges that at no time did Washworld make inquiry of Ascentium regarding the reason for the Mistaken Payment, what equipment or purchase order it related to, or whether the amount should be returned to Ascentium.  Instead, plaintiff claims that Washworld concealed the true facts from Ascentium.  Id.

Plaintiff alleges that on May 23, 2024, Pete Matheny of Ascentium sent to Washworld a copy of the Quote on Washworld's form that had been received from Williams.  Id. ¶ 22.  Plaintiff alleges that Washworld never responded in any fashion, did not inform Ascentium that the Quote or any similar quote had been issued by or provided to Washworld, and did not inform Ascentium of certain facts alleged by plaintiff, until September 26, 2024.  Id.

Plaintiff claims that once Ascentium became fully aware of the facts, Ascentium 1) declared the EFA in default and demanded immediate payment of the entire loan balance from CWM, WCCW and Ortiz via a Notice of Default and Acceleration letter ("Acceleration Letter"); and 2) contacted Washworld in an attempt to obtain the return of the Mistaken Payment.  Id. ¶ 23.  Plaintiff alleges that CWM, WCCW and Ortiz failed and refused pay the accelerated balance, id. ¶ 24, and that Washworld failed and refused to respond to Ascentium's attempts to request the return of the Mistaken Payment.  Id. ¶ 25.

In its answer to plaintiff's complaint, Washworld asserts counterclaims against plaintiff.  Counter-compl. at 18.  Washworld alleges that it manufactures car wash equipment for sale nationwide, works with approximately 104 active distributors to sell its equipment, and that Washworld's distributors work with lenders to purchase equipment.  Id. ¶¶ 6-8.  Washworld alleges that to facilitate these transactions, Washworld provides its bank account information to lenders, including Ascentium.  Id. ¶ 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Washworld alleges that on or about February 28, 2023, Washworld provided its bank account information to Ascentium, so that, if Ascentium had a transaction in the future where Washworld agreed to be the vendor, Ascentium could fund that transaction. Id. ¶ 10. Washworld alleges that ten months later, Ascentium and CWM, one of Washworld's distributors, entered into an Equipment Financing Agreement. Id. ¶ 11.

Washworld alleges that on or around December 2023, Car Wash Management sought to finance equipment through Ascentium and that the equipment CWM sought to purchase was to be installed at WCCW, an LLC formed just a few weeks prior, around December 11, 2023, located at 310 S. Vincent Avenue in West Covina, California, the location of an existing single-tunnel car wash. Id. ¶¶ 12-14.

Washworld alleges that on or around January 5, 2024, Ascentium and CWM entered into an Equipment Financing Agreement in the amount of $343,394.23 to fund the purchase of equipment for the WCCW site, and that CWM chose AVW Equipment Company, Inc. as the initial vendor. Id. ¶ 15-16. Washworld alleges that prior to finalizing the Equipment Financing Agreement, Car Wash Management's CEO, Andrew Williams, suggested that an employee, Jose Rene Ortiz, and the newly formed West Covina Car Wash LLC be guarantors for the transaction. Id. ¶ 17. Washworld alleges that Williams personally vouched for Ortiz, suggesting that Ortiz owned 80% of Car Wash Management. Id. ¶ 18.

Washworld alleges that Ascentium did not perform or conduct any diligence into: (1) the ownership structure of CWM; (2) the ability of the personal guarantors to repay the loan if CWM defaulted on the Equipment Financing Agreement; or (3) the location where the equipment was to be installed. Id. ¶ 19. Washworld further alleges that on or around January 8, 2024, CWM executed a Delivery and Acceptance Certificate, in which CWM certified that "all of the property which is to be leased, financed, or sold, as applicable, pursuant to the . . . equipment finance agreement . . . has been delivered to and received by the undersigned" and "the Equipment confirms in all respects to that ordered by the undersigned." Id. ¶ 20.

Washworld alleges that on or around January 2024, Ascentium funded the loan and sent funds to AVW Equipment Company, Inc., but on or around February 2024, CWM orally told Ascentium that AVW Equipment Company, Inc. was unable to deliver the equipment Car Wash Management ordered, equipment that Car Wash Management certified it already had in its possession on January 8, 2024. Id. ¶ 21-22. Washworld

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

further alleges that on or around March 5, 2024, AVW Equipment Company, Inc. returned the funds. Id. ¶ 23.

Washworld alleges that CWM then provided Ascentium with a Washworld order form, suggesting Car Wash Management was changing vendors, that Ascentium asked minimal, if any, questions related to CWM's decision to cancel its order from AVW Equipment Company, Inc., and that Ascentium did not ask why Car Wash Management needed to cancel an order when Car Wash Management had already certified that it received the equipment from AVW Equipment Company, Inc. approximately two months prior. Id. ¶ 24-26.

Washworld alleges that on the order form that CWM provided to Ascentium, CWM claimed it would purchase, among other equipment, a Razor Touch Free Wash System from Washworld, but that CWM never sent this fictitious order form to Washworld, and that CWM never ordered the equipment from Washworld. Id. ¶ 27-29. Instead, Washworld alleges that Ascentium amended the Equipment Financing Agreement to reflect the new proposed total, $346,904.75. Id. ¶ 30. Washworld alleges that Ascentium did not verify if CWM had placed the order from or sent the order to Washworld, nor did Ascentium send Washworld a copy of the order form or a copy of the Equipment Financing Agreement. Id. ¶¶ 31-34. Furthermore, Washworld alleges that Ascentium did not require CWM to complete a new Delivery and Acceptance Certificate after CWM vendors. Id. ¶ 36.

Washworld alleges that Ascentium wired $309,054.80 to Washworld on or around March 11, 2024 without identifying the transaction or order number, end user or site, or specific equipment to be financed in the ACH payment notification. Id. ¶ 36-37. Washworld alleges that in the payment notification, Ascentium represented that it had "issued a payment for your customer's financing," and identified CWM as the vendor. Id. ¶ 38. Washworld alleges that in March 2024, CWM had a pending order with Washworld, with final payment outstanding, which included Washworld equipment and ancillary equipment to be purchased from other manufacturers. Id. ¶ 39.

Washworld alleges three claims for relief against Ascentium: (1) breach of the Funding Instructions contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence. Id. ¶¶ 40-64.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|----------|------------------------|------|-------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

Ascentium moves to dismiss Washworld's counterclaims pursuant to Rule 12(b)(6). Mot. at 2.

As a threshold matter, this Court must apply California choice of law principles in determining the appropriate substantive law to apply to Washworld's counterclaims. See Bridge Fund Capital Corp. v. Fastbucks Franchise Corp., 622 F.3d 996, 1002 (9th Cir.2010) ("A federal court sitting in diversity applies the forum state's choice of law rules."). California applies a three step 'governmental interest' analysis in determining choice of law questions:

> (1) the court examines the substantive laws of each jurisdiction to determine whether the laws differ as applied to the relevant transaction, (2) if the laws do differ, the court must determine whether a true conflict exists in that each of the relevant jurisdictions has an interest in having its law applied, and (3) if more than one jurisdiction has a legitimate interest ... the court [must] identify and apply the law of the state whose interest would be more impaired if its law were not applied.

Downing v. Abercrombie & Fitch, 265 F.3d 994, 1005 (9th Cir. 2001).

Having reviewed the applicable caselaw, the Court finds that the substantive laws of each jurisdiction that could possibly govern any of Washworld's counterclaims—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Alabama, Wisconsin, and California—do not meaningfully differ for purposes of resolving the present motion.[1]  Accordingly, the Court applies California law.

### A.    Breach of Contract

Ascentium argues Washworld fails to state a claim for breach of contract because Washworld never attached the contract in its counterclaim, nor did it set forth or allege "the salient terms" of the contract.  Id. at 8.  Ascentium argues that "[t]he Counterclaim is silent as to what obligations Washworld had to perform under the contract so it is unknown what performance was excused."  Id.  Ascentium further argues that Washworld fails to allege that Washworld suffered damages.  Id.

In opposition, Washworld argues that "Ascentium's failure to provide details related to its transaction with Car Wash Management breached the Funding Instructions."  Opp. at 5.  Moreover, Washworld argues that to state a breach of contract claim, it need not allege that it suffered actual damages.  Id. at 5-6.

In reply, plaintiff argues that "Washworld does not state a valid claim for breach of the Funding Instructions because nothing in the Funding Instructions required Plaintiff to provide Washworld with a copy of the order form or any other information about Car Wash Management."  Reply at 4.

To prevail on a claim for breach of contract, a plaintiff must establish "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. Gen. Ins. Co., 68 Cal. 2d. 822, 830 (1968)).[2]

---

[1] The Court disagrees with Washworld's argument that any differences in California and Wisconsin negligence laws are "material" for purposes of this motion.  See opp. at 9.  To state a negligence claim, both states require the plaintiff to allege that it suffered actual damages as opposed to nominal damages.  See Landon v. TSC Acquisition Corp., No. 2:23-CV-01377-SVW-PD, 2024 WL 5317240, at *6 n.1 (C.D. Cal. Nov. 1, 2024); Hennekens v. Hoerl, 160 Wis. 2d 144, 153 (1991).

[2] The Court notes that California, Alabama, and Wisconsin law allow for an award of nominal damages in breach of contract cases where the plaintiff suffered no actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

The Court finds that Washworld fails to sufficiently allege a breach of contract counterclaim against Ascentium. Washworld alleges that "Ascentium materially breached the Funding Instructions by … [1] failing to provide Washworld with a copy of the order form; [2] failing to identify the transaction or order number on the ACH payment or in any other correspondence; and [3] failing to identify the end-customer on the ACH payment or in any other correspondence." Counter-compl. ¶ 41. Washworld further alleges that "[o]n or about February 28, 2023, Washworld provided its bank account information to Ascentium, so that, if Ascentium had a transaction in the future where Washworld agreed to be the vendor, Ascentium could fund that transaction." Id. ¶ 10. However, Washworld fails to allege whether the Funding Instructions contract that Ascentium breached was a written, oral, or implied-in-fact contract; moreover, Washworld fails to allege what the express or implied terms of the contract are. Thus, Washworld fails to allege that Ascentium's conduct breached the terms of the Funding Instructions contract. See Sarmiento v. Fresh Harvest, Inc., 573 F. Supp. 3d 1378, 1382 (N.D. Cal. 2021) ("On a motion to dismiss, the Court's review is limited to the face of the counterclaim and matters judicially noticeable.").

Accordingly, the Court **GRANTS** Ascentium's motion to dismiss Washworld's breach of contract counterclaim.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

Ascentium argues that Washworld fails to state a claim for breach of the implied covenant of good faith and fair dealing. Mot. at 8. Ascentium argues that Washworld's claim fails because Washworld fails to allege that Ascentium "did not act fairly and in good faith" and moreover, "[i]t is well settled that where a [party] alleges a [breach of] contract claim and a covenant claim that are both from the same practices and seeking the same damages, … the breach of the covenant claim is superseded and should be dismissed." Id. at 9. Finally, Ascentium argues that Washworld has failed to allege that it suffered damages. Id.

---

damages. See Perry v. Newsom, 18 F.4th 622, 639 n.4 (9th Cir. 2021) (citing Cal. Civ. Code § 3360); Roberson v. C.P. Allen Const. Co., 50 So. 3d 471, 477 (Ala. Civ. App. 2010); White v. Benkowski, 37 Wis. 2d 285, 289 (1967).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|----------|------------------------|------|-------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

In opposition, Washworld argues that plaintiff "did not act in good faith and deal fairly with Washworld" because "Ascentium failed to exercise sufficient diligence in connection with the loan agreement for $343,394.23 by declining to investigate '(1) the ownership structure of Car Wash Management; (2) the ability of the personal guarantors to repay the loan if Car Wash Management defaulted on the Equipment Financing Agreement; or (3) the location where the equipment was to be installed.'" Opp. at 7. Washworld argues that "Ascentium consciously chose to turn a blind eye to glaring issues with Car Wash Management's loan, thus thwarting Washworld's reasonable expectation that Ascentium would not proceed to fund a transaction for hundreds of thousands of dollars when Ascentium had information to question the legitimacy of Car Wash Management's order." Id. at 8.

In reply, plaintiff argues that "[b]ecause the Funding Instructions did not require Plaintiff to provide Washworld with information about Car Wash Management, Plaintiff's alleged failure to provide this information did not breach the implied covenant of good faith and fair dealing in the Funding Instructions." Reply at 5.

"[A] claim for breach of the implied covenant of good faith and fair dealing [must] 'go beyond the statement of a mere contract breach' and not 'rel[y] on the same alleged acts [or] simply seek the same damages or other relief already claimed in a companion contract cause of action.'" Env't Furniture, Inc. v. Bina, 2010 WL 5060381, at *3 (C.D. Cal. Dec. 6, 2010) (quoting Careau & Co. v. Sec. Pac., 222 Cal.App.3d 1371, 1395 (1990)). "In fact, plaintiffs must plead facts showing bad faith and demonstrating 'a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act.'" Id.

The Court finds that Washworld fails to state a claim for breach of the implied covenant of good faith and fair dealing against Ascentium. As discussed above, Washworld fails to allege the terms of Ascentium's contract with Washworld. Thus, the Court cannot determine whether Washworld's claim against Ascentium for breach of the implied covenant of good faith and fair dealing arises from Ascentium's breach of the contract or from on some other alleged breach.

Accordingly, the Court **GRANTS** Ascentium's motion to dismiss Washworld's counterclaim for breach of the implied covenant of good faith and fair dealing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

### C.     Negligence

Ascentium argues that Washworld fails to state a claim for negligence because it cannot establish that Washworld owed a duty to Ascentium.  Mot. at 9 (citing Nymark v. Heart Fed. Savings & Loan Assn., (1991) 231 Cal. App. 3d 1089, 1093, fn. 1 for the proposition that "there is no duty when a financial institution involved in the loan transaction does not exceed its role as a lender of money").  Here, Ascentium argues that Washworld fails to allege that Ascentium exceeded its role as a lender for CWM.  Id. Ascentium further argues that Washworld cannot establish that Ascentium caused Washworld damages because Washworld suffered no damages: "Washworld receiv[ed] Plaintiff's money and g[ave] nothing in return."  Id.  Regarding Washworld claim that it suffered reputational damages, Ascentium argues that Washworld fails to allege any facts that Washworld suffered reputational damages.  Id.

In opposition, Washworld argues that under Wisconsin law, Washworld states a negligence counterclaim because "at the pleadings stage, Washworld need only allege facts to establish that Ascentium's conduct was a substantial factor in causing its injury." Opp. at 11.  Moreover, Washworld argues that under California law, Washworld states a negligence counterclaim because "Washworld has sufficiently alleged it was injured by Ascentium's negligence because Washworld fulfilled an order for Car Wash Management, including shipping equipment to an end-customer's site and returning funds for ancillary equipment purchases to Car Wash Management."  Opp. at 14.

In reply, plaintiff argues that Washworld fails to state a valid claim for negligence even if Wisconsin law applies because "it was not reasonably foreseeable that Car Wash Management would submit what is contended by Washworld, a fraudulent Washworld order form, to Plaintiff or that Washworld would breach the Funding Agreement by applying the funds to an unrelated order and then paying the balance to Car Wash Management."  Reply at 6-7.  Moreover, plaintiff argues that Washworld's negligence claim is also fatally defective because Washworld has failed to plead non-conclusory allegations of damages.  Id. at 8.

The elements of an ordinary negligence claim are (1) duty, (2) breach, (3) causation, and (4) damages.  Johnson v. Prasad, 224 Cal.App.4th 74, 78 (2014). "Conclusory allegations of damages, unsupported by any facts, are insufficient."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

The Court finds that Washworld fails to state a claim for negligence against Ascentium. Here, Washworld argues that "Ascentium had a duty of reasonable care to perform basic diligence in its transactions and provide vendors with basic details regarding funded transactions" but that "Ascentium did not perform basic diligence" such as "provid[ing] Washworld with basic information regarding Ascentium's transaction with [CWM]." Cross-compl. ¶¶ 54-56. Washworld further alleges that Ascentium was negligent in failing to conduct due diligence with respect to its business relationship with CWM and that "Ascentium knew or should have known that [CWM]'s purported transaction was fraudulent." See id. ¶¶ 60-61. Washworld further alleges that "[a]s a direct result of Ascentium's negligence, Washworld fulfilled an order from [CWM] including (1) shipping equipment to an end-customer's site and (2) returning funds for ancillary equipment purchases to [CWM]." Id. ¶ 63. Washworld then alleges that it "suffered damages as a result of Ascentium's breaches, including reputational damages." Id. ¶ 64. The Court finds that Washworld has alleged a negligence counterclaim against Washworld. Although Washworld's claim that it suffered damages is not supported by specific facts, such allegations are sufficient at the motion-to-dismiss stage.

Accordingly, the Court **DENIES** Ascentium's motion to dismiss Washworld's negligence counterclaim.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Ascentium's motion to dismiss Washworld's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing, with leave to amend.

The Court **DENIES** Ascentium's motion to dismiss Washworld's negligence counterclaim.

Washworld may file amended crossclaims against Ascentium on or before December 31, 2025.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## **PROOF OF SERVICE**

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California.  I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction.  My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On January 20, 2026, I served true copy(ies) of the **REGIONS BANK'S REQUEST FOR JUDICIAL NOTICE ON MOTION TO DISMISS WASHWORLD, INC.'S FIRST AMENDED COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12)**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### **SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I placed the envelope for collection and mailing at Los Angeles, California.  The envelope was mailed with postage fully prepaid via First Class Mail.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 20, 2026, at Los Angeles, California.

_____
Rebecca Santamaria

1

REGIONS BANK'S REQUEST FOR JUDICIAL NOTICE ON MOTION TO DISMISS WASHWORLD, INC.'S
FIRST AMENDED COUNTERCLAIM  FOR FAILURE TO STATE A CLAIM

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

Michael D. Gannon (pro hac vice)
Katharine H. Walton-(pro hac vice)
BakerHostetler
One North Wacker Drive, Suite 3700
Chicago, IL 60606-2859

Tel:    312-416-8187
Email: mgannon@bakerlaw.com
          kwalton@bakerlaw.com

Attorney for Defendant Washworld, Inc.

Xitlaly Estrada
Ava Clayool
Baker & Hostetler LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301

Tel:    310-442-8878
Email: xestrada@bakerlaw.com
          aclaypool@bakerlaw.com

Attorney for Defendant Washworld, Inc.

Lisa Mitts Patrick, Esq.
The Law Office Of Lisa Mitts Patrick
122 E. Amerige Ave., Suite 313
Fullerton, CA 92832

Tel: (714) 990- 3693
Fax: (657) 234 - 0012
Email: lolmp2021@gmail.com

Attorneys for Defendant and Cross-Complainant
Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose
Ortiz, an individual

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5820297v2 | 100287-0289

2