# EXHIBIT 1

| | |
|---|---|
| **From:** | Walton, Katharine |
| **To:** | "Andrew Alper" |
| **Cc:** | Gannon, Michael D.; Estrada, Xitlaly |
| **Subject:** | RE: Request to Enter Default |
| **Date:** | Tuesday, January 20, 2026 3:43:22 PM |

We disagree with your characterizations of both the facts our conduct.

It is evident that you are attempting to improperly shift responsibility to us, despite the fact that the record shows that the failure to comply with the applicable rules was yours—and yours alone.

First, you did not raise the confidential-document issue until yesterday, well after your response was due.  And even though yesterday was a holiday, we responded to you today, explaining that that such materials are not properly considered on a Rule 12(b)(6) motion.

Second, we had our meet and confer on January 13, which was prior to your response deadline.  And we did not delay the meet and confer.  To recap, you requested a conferral on January 6.  I responded within 24 hours with availability for January 8 and 9, well before your deadline.  That same day, you stated you were unsure of your January 9 schedule and did not propose specific times for the conferral. On January 9, I again asked for concrete time ranges.  You then proposed Tuesday (January 13) or Wednesday (January 14) morning of the following week; we promptly provided ranges for both, and you selected January 13, again before the deadline. The declaration you filed today mischaracterizes the meet and confer process and omits the actual sequence of events.

In sum, Ascentium simply missed its deadline.  That is why default is appropriate.  There has been no bad faith on our part.

Finally, we note that Ascentium has framed nearly every step taken by Washworld as bad faith when the parties simply disagree on issues.  Counsel can disagree while remaining civil, and we will continue to do so. By contrast, your statement that we should "expect similar treatment" does not comport with the Court's civility and professionalism requirements. Ascentium did not comply with its filing deadline, and your response to that fact should not include threats or suggestions of retaliatory conduct.

Best,
Kat

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Tuesday, January 20, 2026 11:38 AM
**To:** Walton, Katharine <kwalton@bakerlaw.com>
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>; Estrada, Xitlaly <xestrada@bakerlaw.com>
**Subject:** Request to Enter Default

[External Email: Use caution when clicking on links or opening attachments.]

This request for default is in the utmost of bad faith. We had to wait for the meet and confer with you to occur before filing it which you delayed. Then you were aware of the issue with the Confidential document and instead chose to file this Request for Default without a word. WE will oppose this and you can expect similar treatment in the future.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |



🌲  GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.