Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:      *xestrada@bakerlaw.com*
            *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:      *mgannon@bakerlaw.com*
            *kwalton@bakerlaw.com*

*Attorney for Defendant and Counter Plaintiff* WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS AND MOTION FOR MORE DEFINITE STATEMENT**<br><br>DATE:    February 23, 2026<br>TIME:    10:00 AM<br>CTRM:    8D |
| JOSE RENE ORTIZ,<br><br>Cross Claimant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR | |

WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,

Cross Defendants.

WASHWORLD, INC.,

Counter Plaintiff,

v.

REGIONS BANK D/B/A ASCENTIUM CAPITAL,

Counter Defendant.

WASHWORLD, INC.,

Cross Claimant,

v.

CAR WASH MANAGEMENT, LLC

Cross Defendant.

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     STATEMENT OF FACTS ......................................................................... 1

III.    LEGAL STANDARD ............................................................................... 3

IV.     ARGUMENT ............................................................................................. 3

    A.      Ascentium's Motion Again Fails to Apply Rule 12(b)(6)'s Standard ......................................................................................... 3

    B.      This Court Has Already Found That Washworld Has Sufficiently Pled Negligence ............................................................................. 5

    C.      Washworld Sufficiently States a Claim for Negligent Misrepresentation ..................................................................... 8

    D.      Washworld Has Sufficiently Alleged A Breach of the Covenant of Good Faith and Fair Dealing .............................................. 12

    E.      Ascentium's Request For a More Definite Statement Should Be Denied .................................................................................. 15

    F.      Declaration ..................................................................... 16

V.      CONCLUSION ......................................................................... 17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................3

*California Dep't of Toxic Substances Control v. NL Indus., Inc.*,
No. 220CV11293SVWAGR, 2021 WL 6496813 (C.D. Cal. Dec. 22, 2021) ................................................................................3

*Digi Fama LLC v. SnapNHD, LLC*,
No. CV2011792RSWLJEMX, 2021 WL 8773299 (C.D. Cal. Sept. 15, 2021) ..............................................................................17

*Fierro v. Cap. One, N.A.*,
620 F. Supp. 3d 1105 (S.D. Cal. 2022)................................................12

*Hamman v. Cava Grp., Inc.*,
2023 WL 8374747 (S.D. Cal. Dec. 4, 2023) .....................................6, 7

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ..............................................................17

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*,
89 Cal. Rptr. 3d 473, 171 Cal. App. 4th 35 (Cal. Ct. App. 2009).......8

*Panacci v. A1 Solar Power, Inc.*,
No. 15–CV–00532–JCS, 2015 WL 3750112 (N.D. Cal. June 15, 2015) ................................................................................16

*Pareto v. FDIC*,
139 F.3d 696 (9th Cir. 1998) ................................................................3

*Portland Retail Druggists Ass'n v. Kaiser Foundation Health Plan*,
662 F.2d 641 (9th Cir. 1981) ................................................................4

*PSA Grp., LLC v. Nations Transaction Servs., Inc.*,
Case No. CV 10-1220 CAS (JEMx), 2010 BL 388007 (C.D. Cal. July 28, 2010)................................................................................4

ii

*Robbins v. Coca-Cola-Co.*,
    No. 13–CV–132–IEG NLS, 2013 WL 2252646 (S.D.Cal. May 22, 2013) ...............................................................................................16

*Sanas.AI Inc. v. Krisp Techs., Inc.*,
    No. 25-CV-05666-RS, 2025 WL 3684922 (N.D. Cal. Dec. 19, 2025) .................................................................................................7

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...............................................................3

*Velasquez v. HSBC Fin. Corp.*,
    No. 08-4592 SC, 2009 WL 112919 (N.D. Cal. Jan. 16, 2009) .........................16

*WB Music Corp. v. Future Today, Inc.*,
    No. 2:18-cv-01238-CAS(FFMx), 2018 WL 4156589 (C.D. Cal. Aug. 27, 2018) ......................................................................................16

**Rules**

Fed. R. Civ. P. 8 .................................................................................15

Fed. R. Civ. P. 12 ..........................................................................*passim*

Fed. R. Civ. P. 15(a)(2) .......................................................................17

Local Rule 7-7.....................................................................................16

Rule 9 ...........................................................................................9, 10

**Other Authorities**

Judicial Council of California Civil Jury Instructions No. 325 ...............................12

WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS AND MOTION FOR MORE DEFINITE STATEMENT
CASE NO.  2:25-CV-00359-CAS-KS

## I.  INTRODUCTION

Remarkably, Ascentium again moves to dismiss Washworld's negligence claim, even though this Court previously held that this claim was sufficiently pled. Here, Ascentium tries to paint the picture that there are "new allegations" that justify its second bite at the apple, but as explained below, this is simply not the case—the negligence claim is unchanged from before.

And even though Ascentium concedes that Washworld's negligent misrepresentation claim bears a striking "similarity" to the negligence claim, Ascentium nonetheless takes aim at this claim as well.  Here, Ascentium errs by ignoring the allegations of claim altogether and then arguing facts that are simply not pertinent to the elements of the claim.  Instead of accepting Washworld's allegations as true, Ascentium is apparently trying to controvert Washworld's facts with Ascentium's own version of events, which is improper on a motion to dismiss.

Finally, with regard to Washworld's claim of a breach of the covenant of good faith and fair dealing, Ascentium is again simply ignoring all of the allegations in Washworld's pleading, including the identification of what Ascentium contends is the contractual relationship between the parties.

In sum, Washworld has sufficiently stated the elements of its claims, as explained in detail below.  As such, Ascentium's motion to dismiss must be denied.

## II.  STATEMENT OF FACTS

Washworld manufactures car wash equipment and works with over 100 distributors nationwide (ECF No. 130 at Counterclaims, ¶¶ 6-7.) At times, Washworld's distributors use lenders like Ascentium to finance purchases (*Id.* ¶ 8.) To facilitate its distributors' independent transactions with Ascentium, on February 28, 2023, Washworld provided its bank details to Ascentium. (*Id.* ¶¶ 9-10.)

Ten months later, Ascentium entered into a separate legal agreement with Car Wash Management, ("CWM") the Equipment Financing Agreement ("EFA"),

1

where Ascentium agreed to fund money for CWM to purchase equipment from AVW Equipment Company, Inc. ("AVW"). (*Id.* ¶¶ 11-21.) The equipment was to be installed at West Covina Car Wash LLC, a newly formed LLC. (*Id.* ¶¶ 12-13.) CWM's CEO, Andrew Williams, proposed Jose Rene Ortiz and West Covina Car Wash LLC as guarantors for the loan, claiming Ortiz owned 80% of CWM (*Id.* ¶¶ 17-18.) Ascentium failed to verify CWM's ownership structure and the ability of the transaction's financial guarantors, Jose Rene Ortiz and West Covina Car Wash, to repay CWM's loan. (*Id.* ¶ 19.) Yet, on or around January 5, 2024, Ascentium agreed to finance $343,394.23. (*Id.* ¶¶ 15-16.)

On January 8, 2024, CWM certified it had received the equipment, and Ascentium later funded the loan and sent money to AVW. (*Id.* ¶¶ 20-21.)   In February 2024, CWM claimed AVW couldn't deliver the equipment that CWM had certified it had already received, and AVW returned the funds to Ascentium on March 5, 2024. (*Id.* ¶¶ 22-23.)

CWM then presented a Washworld order form to Ascentium, indicating a vendor change. (*Id.* ¶ 24.) Ascentium asked few, if any, questions about the change from AVW to Washworld despite CWM's prior certification that it was already in possession of AVW equipment in the Delivery and Acceptance Certificate that CWM completed as part of the loan. (*Id.* ¶¶ 25-26.) But CWM never sent the order estimate it provided to Ascentium to Washworld, nor did CWM place an order for the equipment specified in the order form (*Id.* ¶¶ 28-29.) Ascentium then amended the EFA for an increased total of $346,904.75 without verifying the order or communicating the order to Washworld. *Id.* ¶¶ 31–34). Ascentium also failed to request that CWM execute a new Delivery and Acceptance Certificate. (*Id.* ¶ 36.)

On March 11, 2024, Ascentium wired $309,054.80 to Washworld, but the payment lacked transaction details, an order number, identity of the end user, or the specific equipment order. (*Id.* ¶¶ 37-38.) The notification only identified CWM as

2

the vendor. (*Id.* ¶ 39.) In March 2024, CWM had a pending order with Washworld, with final payment outstanding, which included Washworld equipment and ancillary equipment to be purchased from other manufacturers. (*Id.* ¶ 40.)

## III.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a counterclaim must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a motion pursuant to Rule 12(b )( 6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.  ARGUMENT

### A.    Ascentium's Motion Again Fails to Apply Rule 12(b)(6)'s Standard.

"When the legal sufficiency of a complaint (or counterclaim) is tested by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the factual allegations in the counterclaim must be taken as true." *California Dep't of Toxic Substances Control v. NL Indus., Inc.*, No. 220CV11293SVWAGR, 2021 WL 6496813, at *1 (C.D. Cal. Dec. 22, 2021). Yet Ascentium's motion transparently seeks to contradict the factual allegations in Washworld's counterclaims with Ascentium's own version of facts.[1]    These contradictory

---

[1]Examples include referencing a Commencement Agreement, which is not referenced anywhere in Washworld's Counterclaims, allegations related to labeling an escrow payment as a commission, statements that Ascentium and Car Wash Management knew the original Delivery and Acceptance Certificate was incorrect, assertions that Washworld acted in bad faith, that Washworld perpetrated fraud on Ascentium, and attempts to use a declaration submitted with Ascentium's previous

3

allegations must not be considered. *PSA Grp., LLC v. Nations Transaction Servs., Inc.*, Case No. CV 10-1220 CAS (JEMx), 2010 BL 388007, at *3 (C.D. Cal. July 28, 2010) (Snyder, J.) ("Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, ***a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials.")*** (emphasis added).

Although Ascentium's motion suggests its motion can be construed as a motion for summary judgment, such treatment is inappropriate. The Ninth Circuit has repeatedly held that summary judgment should not be granted, and conversion from a motion to dismiss to summary judgment is disfavored, when the non-moving party has not had an adequate opportunity for discovery. *See  Portland Retail Druggists Ass'n v. Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) ("Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop 'facts essential to justify (a party's) opposition' to the motion."). Fact discovery in this case runs through June 30, 2026 (ECF No. 112) and Washworld only recently received Ascentium's discovery responses on January 21, 2026, one day after Ascentium filed its motion to dismiss on January 20, 2026. (Walton Declaration ¶ 4.)

Converting the motion to dismiss into a motion for summary judgment would be unfairly prejudicial to Washworld. *Portland Retail*, 662 F.2d at 645 ("If the conversion occurs unexpectedly, the nonmoving party is left at the disadvantage of being unprepared to respond; hence notice is required. The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context.").

motion to dismiss. (*See generally* ECF No. 134.) None of these purported contradictory "facts" form part of Washworld's counterclaim.

4

## B.      This Court Has Already Found That Washworld Has Sufficiently Pled Negligence

The Court has already found that Washworld has sufficiently pled negligence, and there is nothing new here for the Court to consider.  Specifically, Ascentium previously filed a Rule 12(b)(6) motion to dismiss Washworld's original counterclaims, including its negligence claim. (ECF No. 102). The Court denied Ascentium's motion to dismiss the negligence claim and permitted Washworld's negligence claim to proceed, finding that "[t]he Court finds that [Ascentium] has alleged a negligence counterclaim against Washworld." (ECF No. 121 at 14).

In an attempt to justify its second bite at the apple, Ascentium contends that "new" factual allegations justify its repeat argument, but Ascentium fails to identify any such "new" allegations.  This is not surprising given that, other than removing a single allegation related to the application of Wisconsin law,[2] Washworld did not change *any* of its allegations pertaining to negligence because the Court already determined that Washworld had sufficiently stated a claim for negligence. (*See* Walton Declaration at Exhibit A, Redline.)

To the extent that Ascentium is attempting to dismiss Washworld's negligence claim based on new argument and/or theories, such attempts should be denied because Federal Rule of Civil Procedure 12(g)(2) generally prohibits a party from filing a successive motion to dismiss under Rule 12(b) that raises defenses or objections which were available but omitted from an earlier motion. Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), *a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion*.")

---

[2] *See* ECF No. 88 at Counterclaims, ¶ 53 ("Under Wisconsin law, a person is negligent if they fail to exercise ordinary care, or the care which a reasonable person would use in similar circumstances.").

(emphasis added). Rule 12(h)(2) only permits the failure to state a claim to be raised in a "in any pleading allowed or ordered under Rule 7(a)," "by a motion under Rule 12(c)," or at trial.

Logically, this rule is intended to prevent the very type of piecemeal litigation that Ascentium is engaging in now. That is, if a party files a renewed motion to dismiss under Rule 12(b) on grounds that were previously available and the claim itself has not changed, courts within the Ninth Circuit consistently hold that such a motion is procedurally improper and must be denied when the claim remains unchanged. That is precisely the case here, where Ascentium, without pointing to any specific allegations, contends that it should get a second bite at Washworld's unchanged negligence claim.[3] (*See* Walton Declaration at Ex. A.)

*Hamman v. Cava Grp., Inc.* considered this exact issue, where a defendant moved to dismiss a plaintiff's second amended complaint. No. 22-CV-593-MMA (MSB), 2023 WL 8374747, at *2–3 (S.D. Cal. Dec. 4, 2023). In denying the motion to dismiss, the court held that:

> Plaintiffs contend that Defendant could have made its arguments in its previous motion to dismiss and therefore Rule 12(g) precludes it from now asserting them . . . Here, the factual footing **has not substantively changed between the FAC and SAC, both of which largely share the same factual material. Indeed, the redline comparison submitted by Plaintiffs with their SAC demonstrates very minimal alterations between the FAC and SAC**, aside from the deletion of Plaintiffs' biocide and fraudulent omission claims that were dismissed in the Court's previous Order. Therefore, because the allegations are not substantively different in the SAC, Defendant's arguments could have been raised in its previous motion to dismiss and the instant motion violates Rule 12(g)(2)'s ban on successive Rule 12(b) motions.

---

[3] Notably, Washworld's claim only incorporates by reference the common factual allegations, not the specific allegation in any other count.

*Id.* (emphasis added); *see also Sanas.AI Inc. v. Krisp Techs., Inc.*, No. 25-CV-05666-RS, 2025 WL 3684922, at \*1 (N.D. Cal. Dec. 19, 2025) ("Defendant Krisp Technologies ("Krisp") has filed a second Rule 12(b)(6) motion to dismiss claims asserted in Plaintiff Sanas AI's first amended complaint. ***This successive motion is improper under Rule 12 as set forth below and therefore denied*** . . . Under Rule 12(g)(2), "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) makes clear that failure-to-state-a-claim defenses that are not raised in a Rule 12 motion are not waived. They may be raised under Rule 7(a), Rule 12(c), or at trial. ***Accordingly, a defendant who fails to assert a Rule 12(b)(6) defense, i.e. a failure-to-state-a-claim defense, in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)*** . . . However, even if judicial economy were served by deciding this successive motion on the merits, a proposition this court doubts, the Federal Rules of Civil Procedure control, and they do not permit successive Rule 12(b)(6) motions on the same complaint.") (emphasis added).

Even if the Court were to reach the merits of Ascentium's motion, which it need not in light of Rule 12(g)(2), this Court already correctly reached the conclusion that Washworld plausibly alleged all of the elements of negligence, including duty, breach of duty, causation, and damages, contrary to Ascentium's claims. Specifically, this Court found:

> Here, Washworld argues that "Ascentium had a duty of reasonable care to perform basic diligence in its transactions and provide vendors with basic details regarding funded transactions" but that "Ascentium did not perform basic diligence" such as "provid[ing] Washworld with basic information regarding Ascentium's transaction with [CWM]." Cross-compl. ¶¶ 54–56. Washworld further alleges that Ascentium was negligent in failing to conduct due diligence with respect to its business relationship with CMW and that

7

Ascentium "knew or should have known that [CWM]'s purported transaction was fraudulent." See id. ¶¶ 60-61. Washworld further alleges that "[a]s a direct result of Ascentium's negligence, Washworld fulfilled an order from [CWM] including (1) shipping equipment to an end-customer's site and (2) returning funds for ancillary equipment purchases to [CWM]." Id. at 63. Washworld then alleges that it "suffered damages as a result of Acentium's breaches, including reputational damages." Id. at 64.  The Court finds that Washworld has alleged a negligence counterclaim against [Ascentium]."

As confirmed by this Court, Washworld adequately pled the elements of duty, breach of duty, causation, and damages.  Here, Ascentium is recycling some of the very same arguments and case law that it already presented to this Court the first time around, which the Court considered and rejected (compare ECF No. 134 at 9-10 with ECF No. 121 at 13-14).  Moreover, Ascentium's attempt to contradict the factual allegations in Washworld's pleadings with its own version of facts should be rejected.  As noted above, on a motion to dismiss, Washworld's allegations must be taken as true.  Ascentium's motion to dismiss Washworld's negligence claim must be denied.

## C.  Washworld Sufficiently States a Claim for Negligent Misrepresentation

Tellingly, Ascentium admits the "similarity" between this claim and the claim of negligence that has already been approved by this Court.  (ECF No. 134 at 9). Like negligence discussed above, Washworld's claim of negligent misrepresentation is also properly pled.

Negligent misrepresentation requires (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. *Nat'l*

8

*Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 89 Cal. Rptr. 3d 473, 483, 171 Cal. App. 4th 35 (Cal. Ct. App. 2009).

Ascentium claims that Washworld's Amended Counterclaim cannot satisfy the Rule 9 heightened pleading standard, but Washworld's Counterclaim clearly sets out the who, what, where, when, and how of the alleged negligent misrepresentation by Ascentium. Specifically, Washworld alleges that:

- Ascentium sent Washworld a payment notification on March 11, 2024 stating that Ascentium had "sent funds to Washworld for 'Equipment' for 'Customer Name' Car Wash Management, LLC," thereby representing that it was funding a legitimate Washworld order that existed for CWM, (ECF No. 130 ¶ 79);

- Ascentium's ACH notice identified CWM as the customer but did not include any order number, end-user identification, delivery site, or description of the equipment, creating the factual appearance that an existing valid order had been placed with Washworld, (*id.* ¶¶ 37-40);

- Ascentium had already received a Delivery & Acceptance Certificate from CWM in January stating all AVW equipment was delivered, even though AVW later returned the funds on March 5, showing this certification was false, (*id.* ¶¶ 70-74);

- Ascentium did not investigate why AVW returned the money or why CWM needed to switch vendors for equipment it claimed to already have received, (*id.* ¶¶ 75-77);

- Ascentium did not verify whether CWM had submitted any order to Washworld or if Washworld had accepted an order, and did not provide Washworld with a copy of the order form or the EFA, (*id.* ¶ 77);

9

- Ascentium had no reasonable grounds to believe its representation was true given these red flags and its failure to verify any part of the purported Washworld transaction, (*id.* ¶ 81);

- "Ascentium intended that Washworld rely on the payment notification and process an order for Car Wash Management," (*id.* ¶ 82);

- "Washworld reasonably relied on Ascentium's representation that Ascentium had funded an order for Car Wash Management," (*id.* ¶ 83);

- Washworld received the ACH notice with no conflicting transaction information and thus rationally understood the payment as funding for a real order tied to its distributor, CWM, (*id.* ¶¶ 37-40);

- "Washworld was harmed because Washworld shipped equipment and returned funds to Car Wash Management," (*id.* ¶ 84); and

- "Washworld's reliance on Ascentium's representation was a substantial factor in causing Washworld's harm," (*id.* ¶ 85).

Washworld has alleged sufficient facts to support its claim under Rule 9.

Ascentium tries to launch an improper factual challenge to Washworld's pleading by arguing that, "because Washworld never contacted Ascentium to ask why it was receiving this money," "how could Ascentium [have] made a negligent representation?" (ECF No. 134 at 10-11). There are two problems with this argument. First, it ignores that the issue of whether there was a negligent misrepresentation is a factual determination that cannot be resolved in Ascentium's favor on a motion to dismiss. Second, it is wrong because it ignores the allegations above, namely, that (1) Ascentium sent a payment notification to Washworld representing that it was funding a legitimate Washworld order that existed for CWM, (2) Ascentium identified CWM as the customer but failed to include any order number, end-user identification, delivery site, or description of the equipment, creating the factual appearance that an existing valid order had been placed with

10

Washworld, (3) Ascentium had already received a Delivery & Acceptance Certificate from CWM in January stating all AVW equipment was delivered, even though AVW later returned the funds on March 5, showing this certification was false, (4) Ascentium did not investigate why AVW returned the money or why CWM needed to switch vendors for equipment it claimed to already have received, (5) Ascentium did not verify whether CWM had submitted any order to Washworld or if Washworld had accepted an order, and did not provide Washworld with a copy of the order form or the EFA, and (6) Ascentium had no reasonable grounds to believe its representation was true given these red flags and its failure to verify any part of the purported Washworld transaction.  In short, Washworld has sufficiently pled that Ascentium made a negligent misrepresentation to Washworld that Ascentium was funding a valid CWM order.  Ascentium's complaint about Washworld not contacting Ascentium "to ask why it was receiving this money" is a red herring because it focuses on Washworld, not Ascentium's negligent misrepresentation.

Similarly, Ascentium improperly tries to dispute the element of reasonable reliance: "simply receiving the money cannot possibly show how Washworld justifiably relied on a representation of Plaintiff." (ECF No. 134 at 11).  Again, whether reliance was reasonable is a factual determination that cannot be resolved in Ascentium's favor on a motion to dismiss.  And yet again, Ascentium is wrong on the merits—Washworld did plead reasonable reliance. Specifically, Washworld's claim alleges that Ascentium affirmatively represented through its payment notification that Ascentium had "issued a payment for [the] customer's financing" for Car Wash Management, LLC (ECF No. 130 ¶ 79).  Washworld understood the ACH notification as confirmation that CWM had a funded order with Ascentium (*id.* ¶ 83). Washworld then reasonably relied on Ascentium's representation that a valid financed transaction existed.  The fact that Washworld received money from Ascentium does not somehow make Washworld's reliance unreasonable.  In fact, it

11

makes Washworld's reliance even more reasonable. Thus, even if the Court were to reach the issue, Ascentium's attack on reasonable reliance fails on the face of the pleadings.

Finally, Ascentium's passing reference to the fact that Washworld "was not given leave" to assert negligent misrepresentation should be brushed aside. It is not a basis for dismissal.[4] Courts have broad discretion to allow amended pleadings, and Washworld's claim arises from the same nucleus of operative facts as negligence, as even Ascentium concedes by acknowledging the "similarity" between negligence and negligent misrepresentation (ECF No. 134 at 9). Accordingly, if the Court concludes formal leave is required, it should grant leave *nunc pro tunc* rather than dismiss a well-pleaded claim focuses on the same core dispute.

### D.   Washworld Has Sufficiently Alleged A Breach of the Covenant of Good Faith and Fair Dealing.

The factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) Washworld fulfilled its obligation under the contract or was excused from performing; (3) all conditions required for Ascentium's performance occurred; (4) that Ascentium unfairly interfered with Washworld's right to receive the benefit of the contract; and (5) Washworld was harmed by Ascentium's conduct. *See* Judicial Council of California Civil Jury Instructions No. 325; *Fierro v. Cap. One, N.A.*, 620 F. Supp. 3d 1105, 1109 (S.D. Cal. 2022).

Ascentium argues that Washworld's claim fails because Washworld does not identify any actual contract or its terms, and without a valid underlying contract, an implied-covenant claim cannot exist. (ECF No. 134 at 8.) Ascentium further

---

[4] Notably, when Mr. Ortiz was given leave to amend his cross claims against Washworld, Mr. Ortiz's amended pleading advanced additional theories absent from the original claim.

contends that none of the necessary elements, performance or excuse, unfair interference in contractual benefits, bad-faith conduct, or damages, are pled, requiring the Court to "look long and hard" to find even a single element in the counterclaim. (*Id.*)

Ascentium is wrong on all counts, as Washworld's Amended Counterclaim alleges each required element of this claim in detail:

**Existence of Contract and Relevant Terms**: According to Ascentium, the Funding Instructions constitute a written contract: "Ascentium alleges that the Funding Instructions, attached hereto as Exhibit 1, is a written contract between Ascentium and Washworld." (ECF No. 130 ¶ 42).

- "Under the Funding Instructions, Ascentium was supposed to 'advanc[e] funds for Payee's customer to pay the purchase orders, invoices, quotes or proposals for the application transaction.'" (ECF No. 130 ¶ 44);

- "Washworld 'agree[s] to deliver any equipment which is the subject of these Funding Instructions to customer's address set forth in the purchase orders, invoices, quotes or proposals for the applicable transaction.'" (ECF No. 130 ¶ 45); and

- "The Funding Instructions also provided that '[i]f funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to, or as directed by Ascentium.'" (ECF No. 130 ¶ 48).

**Washworld's Performance Was Excused:**

- "Washworld was excused from having to deliver equipment because Ascentium did not identify the equipment that was 'the subject of these Funding Instructions' or identify the 'address set forth in the purchase order, quotes, or proposals.'" (ECF No. 130 ¶ 46);

13

- "Washworld was further excused from having to deliver equipment because Ascentium never provided the purchase order, invoice, or quote for Car Wash Management's transaction." (ECF No. 130 ¶ 47);

- "Washworld was excused from having to remit funds to Ascentium because Ascentium chose not to provide Washworld with information that was the subject of the Equipment Financing Agreement, and Washworld was unable to discover Car Wash Management's fraud on its own. This allowed Car Wash Management to perpetuate fraud on Washworld by directing Washworld to apply the funds to a separate order." (ECF No. 130 ¶ 50); and

- "Washworld could not perform under the Funding Instructions without the essential information required for Washworld to identify the purpose of the payment in the March 12, 2024 payment notification, including information such as: (1) the purported order form Car Wash Management provided to Ascentium, (2) an order number, and (3) the identity of the car wash site and end-customer information." (ECF No. 130 ¶ 52).

**All conditions required for Ascentium's performance occurred**: "All conditions required for Ascentium's performance occurred because Ascentium entered into an Equipment Financing Agreement with CWM that obligated Ascentium to send funds, so Ascentium knew the subject of the Funding Instructions but failed to share that information with Washworld." (ECF No. 130 ¶ 51).

**Ascentium's Unfairly Interfered with Washworld's Benefits**:

- "Ascentium consciously chose what information to include on its ACH payment notifications (i.e., vendor name), and Ascentium could have easily provided information relevant to the transaction but declined to do so." (ECF No. 130 ¶ 49);

14

- "By choosing not to provide this information, Ascentium did not act fairly or in good faith because Ascentium, not Washworld, was in possession of the purported order, Equipment Financing Agreement, and identity of the car wash site and end-customer information." (ECF No. 130 ¶ 53); and

- "Ascentium's failure to discharge Washworld's contractual responsibilities, despite Ascentium's decision to not provide Washworld with any of the relevant documentation or information, was in bad faith. Further, this failure allowed Car Wash Management to perpetuate fraud on Washworld by instructing Washworld to apply funds to an already pending Car Wash Management order." (ECF No. 130 ¶ 54).

**Harm**: "Washworld was harmed by Ascentium's conduct because Washworld processed an order for Car Wash Management that turned out to be a different order than the purported order that formed part of the Equipment Financing Agreement." (ECF No. 130 ¶ 55). Further, Washworld appended the purported contract to its First Amended Counterclaim.[5] (*See* ECF No. 130-1 (appending contract).

Ascentium's motion to dismiss Washworld's claim for implied breach of the covenant of good faith and fair dealing must be denied.

### E. Ascentium's Request For a More Definite Statement Should Be Denied.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.

---

[5] Washworld's Count I is brought under Federal Rule of Civil Procedure 8, which permits inconsistent claims or defenses.

15

R. Civ. P. 12(e). "A motion filed pursuant to Rule 12(e) 'must point out the defects complained of and the details desired.'" *Id.* "Generally, '[m]otions for a more definite statement are viewed with disfavor, and are rarely granted.'" *WB Music Corp. v. Future Today, Inc.*, No. 2:18-cv-01238-CAS(FFMx), 2018 WL 4156589, at \*1 (C.D. Cal. Aug. 27, 2018) (Snyder, J.).

Here, Ascentium's attempt to identify "the defects complained of and the details desired" consists of a single sentence. (ECF No. 134 at 2.) Ascentium raises no true challenge to the clarity of Washworld's counterclaims, so Ascentium's request must be denied. *See Panacci v. A1 Solar Power, Inc.*, No. 15–CV–00532–JCS, 2015 WL 3750112, at \*9 (N.D. Cal. June 15, 2015) ("Defendants' Motion is not a true challenge to the intelligibility of the Complaint—because the Complaint is not unintelligible—but rather, Defendants' Motion is a request for details that are plainly obtainable through discovery."); *Velasquez v. HSBC Fin. Corp.*, No. 08-4592 SC, 2009 WL 112919, at \*1 (N.D. Cal. Jan. 16, 2009) ("A Rule 12(e) motion is not a substitute for discovery; such a motion attacks unintelligibility in a pleading, not mere lack of detail. If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied."); *Robbins v. Coca-Cola-Co.*, No. 13–CV–132–IEG NLS, 2013 WL 2252646, at \*4 (S.D.Cal. May 22, 2013) (finding the defendant's "motion to dismiss belies any suggestion that the complaint is too vague for Defendant to frame a response").

### F.    Declaration

In connection with its motion to dismiss, Ascentium included a declaration containing assertions that are wholly unrelated to its motion.[6] Washworld contests these assertions, as well as Ascentium's attempt to evade local and federal rules for

---

[6] Washworld also disputes that the declaration complies with Local Rule 7-7, which provides that declarations shall contain "only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)."

properly raising any purported issues before the Court, but Washworld will not burden the Court with a formal response. However, if the Court would like Washworld's position, Washworld will provide a separate response at the Court's request.

## V.    CONCLUSION

For the foregoing reasons, Washworld respectfully requests that Ascentium's Motion to Dismiss be denied. If the Court grants any part of Ascentium's motion, Washworld respectfully requests leave to amend. *Digi Fama LLC v. SnapNHD, LLC*, No. CV2011792RSWLJEMX, 2021 WL 8773299, at *8 (C.D. Cal. Sept. 15, 2021) (recognizing "[l]eave to amend should be granted with 'extreme liberality.'") (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Dated: February 2, 2026                 BAKER & HOSTETLER LLP


                                        By:  /s/ Katharine Walton
                                        Ava Claypool
                                        Xitlaly Estrada
                                        Michael D. Gannon
                                        Katharine H. Walton

                                        Attorneys for Counter Plaintiff
                                        WASHWORLD, INC.


## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 4,651 words, which complies with the word limit of L.R. 11-6.1.

Dated:  February 2, 2026          **BAKER & HOSTETLER LLP**

By:   */s/ Katharine Walton*
      Katharine Walton

Counter Plaintiff WASHWORLD, INC.

WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS AND MOTION FOR MORE DEFINITE STATEMENT
CASE NO.  2:25-CV-00359-CAS-KS

# <u>CERTIFICATE OF SERVICE</u>

I am employed in Chicago, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On February 2, 2026, I served a copy of the within document(s):

**WASHWORLD, INC.'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS AND MOTION FOR MORE DEFINITE STATEMENT**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

Andrew K. Alper (SBN 088876)
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone:  323-852-1000
Facsimile:  323-651-2577
Email:       *aalper@frandzel.com*

*Attorneys for Plaintiff*
REGIONS BANK

Lisa Mitts Patrick (SBN 134522)
**LAW OFFICE OF LISA MITTS PATRICK**
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone:  714-990-3693
Facsimile:  657-234-0012
Email:       *lolmp2021@gmail.com*

*Attorneys for Defendant and Cross Defendant*
JOSE RENE ORTIZ

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on February 2, 2026, at Chicago, Illinois.

CERTIFICATE OF SERVICE
CASE NO.  2:25-CV-00359-CAS-KS

*/s/ Katharine Walton*
Katharine Walton

20