Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-
Defendant Regions Bank, an Alabama State
Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, et al., <br><br> Defendants. | Case No.  2:25-cv-00359 CAS (KSx) <br><br> **PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS** |
| JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS et al., <br><br> Cross Defendants. | <u>Hearing</u> <br> Date:    February 23, 2025 <br> Time:    10:00 a.m. <br> Crtrm.:  8D |
| WASHWORLD, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> REGIONS BANK D/B/A ASCENTIUM CAPITAL, <br><br> Counter-Defendant. | |

5838730v2 | 100287-0289

WASHWORLD, INC.,

      Cross-Claimant,

    vs.

CAR WASH MANAGEMENT, LLC,

      Cross-Defendant.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5838730v2 | 100287-0289

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................1

     A.   General Pleading Issues ...................................................................1

     B.   Factual Allegations in the First Claim .............................................2

     C.   Factual Allegations in the Second Claim..........................................4

     D.   Factual Allegations in the Third Claim.............................................5

II.  ARGUMENT ....................................................................................................6

     A.   The Counterclaim Fails to State a Plausible Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing ...........................6

     B.   The Amended Counterclaim Fails to State a Valid Claim for Negligence and Negligent Misrepresentation..........................................7

III. CONCLUSION ................................................................................................10

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Pemberton v. Nationstar Mortgage LLC,*
    331 F.Supp.3d 1018...........................................................................................7

**State Cases**

*Casey v. U.S. Bank Nat. Assn.*
    (2005) 127 Cal.App.4th 1138...........................................................................8

*Frances T. v. Village Green Owners Assn.*
    (1986) 42 Cal.3d 490.......................................................................................6

*Gil v. Bank of America*
    (2006) 138 Cal.App.4th 1371...........................................................................8

*Nymark v. Heart Fed Sav. & Loan Assn*
    (1991) 231 Cal App 3d 109.............................................................................8

*Oaks Management Corporation v. Superior Court*
    (2006) 145 Cal. App 4th 453,466 ....................................................................8

*QDOS, Inc. v. Signature Financial, LLC*
    (2017) 17 Cal.App.5th 990..............................................................................8

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*
    (1996) 49 Cal.App.4th 472..............................................................................8

**Rules**

Federal Rule of Civil Procedure 8 ...........................................................................2

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff"), submits this Reply Memorandum in Support of Plaintiff's Motion to Dismiss the First Amended Counterclaims ("Amended Counterclaim") of Washworld, Inc. ("Washworld"), or Alternatively for a More Definite Statement ("Motion").

## I.   INTRODUCTION

### A.   General Pleading Issues

The Opposition papers demonstrate that Washworld will file papers and pleadings with conflicting facts and contentions in some attempt to file a contrived Counterclaim against Plaintiff. A look at the Amended Answer and Amended Counterclaims will demonstrate these conflicts.

First, the Amended Answer denies almost every substantive allegation in the Complaint on information and belief. For example, Exhibit "1" to the Complaint includes the Equipment Finance Agreement which is the loan agreement between Car Wash Management ("CWM") and Plaintiff. One of the documents also attached as part of Exhibit "1" is a document called a Commencement Agreement. The Commencement Agreement essentially states the borrower, CWM, may not have the equipment in its possession but Plaintiff is authorized to pay the supplier of the equipment even though the equipment is not delivered and start the term of the loan once the supplier is paid. What the Complaint does not have attached as an exhibit or referred to in the Complaint is the Delivery and Acceptance Certificate referred to in paragraph 20 of the Counterclaim. Nor is that Delivery and Acceptance Certificate attached as an exhibit to the Counterclaim for the Court to review. It is interesting how Washworld denied every substantive allegation in the Complaint in paragraphs 11-14 of the Complaint in its Answer but then many of these allegations and others remarkably appear as facts in the Counterclaim as allegations regarding the transactions involved in the case at bar.

5838730v2 | 100287-0289

1

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

The Counterclaim does not even state that the Funding Instructions are a contract as it begins "Under Federal Rule of Civil Procedure 8, Washworld's Counterclaim Count I is brought in the event that the Funding Instructions are found to be contract by the fact-finder, which Washworld disputes."(see Page 20 lines 12-14 of the Counterclaim). Therefore, the Claim based on breach of the implied covenant of good faith and fair dealing is alleged to be a breach of a contract which in Washworld's view does not exist.

After many of the allegations in the Complaint were denied in the Amended Answer to the Complaint, Washworld then discusses receiving the payment of money and the receipt of a document called Payment Notification from Plaintiff (see paragraphs 38 and 39 of the Counterclaim). In paragraph 40 of the Counterclaim it is alleged that even though the Payment Notification did not state what the exact equipment was the subject of the Washworld Order was that Plaintiff was financing, in March, 2024, Washworld had an unstated pending Order with some customer from CWM, its distributor, with a final payment outstanding, which included both Washworld equipment and other equipment. Paragraph 40 does not state anything about the terms of the Order in the Counterclaim nor even states the name of the customer who placed the Order but it is also unknown what the "ancillary equipment" was in this Order for equipment that was not to be supplied by Washworld and to be purchased from other manufacturers  when Washworld was not going to fulfill the Order.  This paragraph is clearly Washworld's attempt not to set forth the true facts or any facts regarding the other CWM Order and why Washworld would be paid  money from Plaintiff for equipment it had nothing to do with. It is clear that Plaintiff paid Washworld $309,954.00 for the CWM transaction but only $132,509.09 went towards this unpaid Order referred to in paragraph 40 and the other $176,552.71 was paid to CWM and not returned to Plaintiff even under the tortured facts in the Counterclaim.

**B.      Factual Allegations in the First Claim**

In Count I for breach of the implied covenant of good faith and fair dealing,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

paragraph 42 now affirmatively states that the contract called Funding Instructions which Washworld disputes as a contract now **the contract** that is the subject of this Claim. Paragraphs 43 and 44 then state what duties Plaintiff had pursuant to the terms of the Funding Instructions. However, a search of the 1 page Funding Instructions does not disclose any duties. Washworld now alleges that it was excused from having to deliver the equipment that is the subject of the Equipment Finance Agreement to CWM because Plaintiff did not describe the equipment in the contract or in any communications with Washworld (see paragraphs 45-47 of the Counterclaim). However, what Washworlds fails to state and is contradicted by its own Amended Answer is that the Funding Instructions stated that if Washworld had any questions about this payment [of $309.954.00] to contact Plaintiff's vendor service agent Maria Negri  (this is even admitted in Paragraph 17 of the Washworld Amended Answer). The Payment Notification also states the specific contract under which the payment was being made as  Finance Agreement #2763169. While not part of the pleadings at this juncture but has been produced to Washworld in discovery by Plaintiff, is that this form for Payment Notification was sent many times to Washworld on other transactions without any issues or problems since this transaction was but one of many transactions involving the sale of Washworld equipment Plaintiff funded.  But now Washworld alleges that it did not know what the payment was for and therefore had to contact CWM. Not Plaintiff but CWM. And apparently because Washworld did not know what the payment was for it could keep the money to pay some other contract that had nothing to do with Plaintiff and then remit the money never intended to be paid to Washworld by the other undisclosed CWM Order (paragraph 40 of the Counterclaim) '. If Washworld only retained the $132,509.09 for that so-called other Order maybe the argument would be plausible but why would Washworld send the money to CWM on the "ancillary equipment" especially since the Funding Instructions specifically tie the money to an Ascentium funded Washworld Order and if there was no specific equipment to return the money?

5838730v2 | 100287-0289

3

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

In addition, through the crafty pleading of the Counterclaim Washworld is not being honest because in the other transactions it entered into with Plaintiff the Equipment Finance Agreement entered into by Plaintiff with its borrower was not provided to Washworld nor did Plaintiff provide the Orders or Invoices.

And then Washworld does not even attempt to allege how it was damaged but states in paragraph 55 that it was harmed because Washworld had filled a different order. These are not damages caused by Plaintiff's conduct or damages at all. Washworld used the $132,509.09 to pay another order but there is no statement that once Washworld learned that the money was not intended to for the other unnamed Order it did not make demand on either the customer (which Plaintiff believes was Conserv Fuels) or CWM, its distributor, to pay on the Conserv Fuels Order or for Conserv Fuels to pay Washworld but nevertheless return the money to Plaintiff. Washworld does not show how it was harmed or damaged since it alleges no attempt to recover the money for the sale of the goods from either CWM or its customer.

## C.    Factual Allegations in the Second Claim

While the Second Claim for negligence is only slightly amended from the original Counterclaim, it is because of the conflict in allegations with the negligent misrepresentation Claim that it becomes an issue once again and the subject of the Motion to Dismiss or for More Definite Statement.  The Court can recall that Paragraph 22 of the Counterclaim states that in February, 2024, CWM advised Plaintiff that the prior vendor, AVM Equipment Company, Inc. was unable to deliver the equipment and that is why the vendor was changed to Washworld. Yet that did not stop Washworld from alleging in paragraph 60 of the Counterclaim that Plaintiff had some duty to determine why AVW returned the money that was paid by Plaintiff for the acquisition of equipment that was not delivered. And once again this contention was stated in paragraph 63b as well. And then in 63d there is the discussion of the Delivery and Acceptance Receipt which is not part of the Complaint and not attached as exhibit to the Counterclaim  and Washworld is now contending that a second

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Delivery and Acceptance Certificate by CWM needed to be signed **before** Plaintiff could pay Washworld.  This is nonsensical for three reasons. First, Washworld has already demonstrated in the Counterclaim that it would not deliver equipment unless the equipment was paid for prior to delivery so how could CWM sign a Delivery and Acceptance Certificate for the Washworld equipment stating it was delivered when it was never paid for and Washworld would not deliver it unless Washworld was paid? Second, that is the exact reason why the Commencement Agreement (Exhibit "1" to the Complaint) was signed so that vendors or suppliers could be paid and once  a vendor or supplier like Washworld was paid it would deliver the equipment since the vendor or supplier will not deliver if it is not paid for.  And once the Commencement Agreement is signed it did not need the Delivery and Acceptance Receipt singed. Third, since CWM already signed a false Delivery and Acceptance Certificate as alleged by Washworld why wouldn't it sign another false Delivery and Acceptance Certificate stating it had the Washworld equipment when it did not. This argument is nonsense.

As stated above in the Payment Notification, Washworld had the name, phone number and email address of Plaintiff's vendor service agent to contact regarding the payment and a reference to the contract number of the CWM transaction but chose not to ignore the terms of the Funding Instructions and the Payment Notification. It had the essential information needed to ascertain why this payment was made unlike what it has stated in the Second Claim as Plaintiff's lack of due diligence in paragraph 63 e. Moreover, what the evidence in this case will show is that this was the same process used in other transactions entered into by Plaintiff with Washworld customers without any issues. Moreover, in paragraph 60 a of the Counterclaim as discussed below Plaintiff had no duties to Washworld to fund the sale of the Washworld equipment for a customer.  And the damages fail for the same reasons set forth above.

### D.    Factual Allegations in the Third Claim

Finally, as to the new Negligent Misrepresentation Claim in the Third Claim

5838730v2 | 100287-0289

5

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

for which Washworld chose not to get leave from the Court to allege after the initial Motion to Dismiss was granted and had no such Claim, the contradictions continue. In paragraphs 75 and 76 it is alleged that Plaintiff did not ask AVW, the prior equipment supplier, why the funds were returned or ask CWM why the suppliers had to be changed yet paragraph 22 of the Counterclaim contradicts this allegation. The bottom line is that, on the one hand, Plaintiff never contacted Washworld to make a representation according to the Counterclaim because the only communications between Plaintiff and Washworld was the payment of the $309,954.00 by the transfer and the Payment Notification and certainly there were no representations made in those documents. But the Payment Notification stated that if there were any questions or issues who to contact at Plaintiff and given Washworld a contract number as a reference. So what representation was made by Plaintiff to Washworld if the only communication was the Payment Notification? The other allegations in the Negligent Misrepresentation Claim are repetitious of the prior allegations and clearly there were no damages nor could Washworld rely on any representation made by Plaintiff nor would such reliance be reasonable if Washworld chose to never contact Plaintiff about the receipt of the payment and no representation was made.

## II.    ARGUMENT

### A.    The Counterclaim Fails to State a Plausible Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

The only requirements or duties under the Funding Instructions were required by Washworld other than Plaintiff sending money to Washworld. Upon receipt of $309,054.80 Washworld was to deliver CWM the equipment that was subject to Finance Agreement No. 2763169. Apparently, failing to provide information to Washworld, that was not required under the Funding Instructions or pursuant to any agreement, was done in bad faith. Nowhere in the Funding Instructions is it required that Plaintiff provide Washworld with a copy of the order form or any other information about CWM. See *Frances T. v. Village Green Owners Assn.* (1986) 42

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Cal.3d 490, 512-513 ("The rights and responsibilities of contracting parties are determined by the terms of their contract[.] Further, the funding instructions put an affirmative duty on Washworld that if they have ANY questions as to what to do with the money received from Plaintiff, it was to call Plaintiff to find out what to do with the funds or why it was being received. Washworld chose not to contact Plaintiff. A prerequisite to establishing a breach of the covenant of good faith and fair dealing claim is the existence of a valid contract. (*Pemberton v. Nationstar Mortgage LLC*, 331 F.Supp.3d 1018, *infra*.) Washworld will not admit the Funding Instructions is a contract and its attempt at a breach of contract Claim was dismissed by the Court in its Counterclaim but now Washworld alleges duties that the contract does not impose nor are or can be implied. The implied covenant of good faith and fair dealing Claim is limited as follows:

> The implied covenant is aimed at making effective the agreement's promises and requires that neither party do anything which will deprive the other of the benefits of the agreement. The implied covenant is inherently limited—it does *not* extend beyond the terms of the contract at issue. The covenant cannot be endowed with an existence independent of its contractual underpinnings or impose substantive duties or limit beyond those incorporated in the specific terms of the agreement.

*Pemberton v. Nationstar Mortgage LLC*, 331 F.Supp.3d 1018, 1041-1042 (S.D. Cal. 2018) (internal citations and quotations omitted) (emphasis in original).

Washworld's contract-based claims also fail because Washworld does not allege any actionable damages resulting from Plaintiff's alleged breach as discussed above.

**B.    The Amended Counterclaim Fails to State a Valid Claim for Negligence and Negligent Misrepresentation**

The underlying premise of Washworld's negligent misrepresentation claim is that by Plaintiff sending a Payment Notification to Washworld that the Payment

Notification must be the negligent misrepresentation. It had to be the negligent misrepresentation since no other representation was made by Plaintiff to Washworld as set forth in the conflicting negligence claim.  As set forth in the moving papers, it is difficult to comprehend how Plaintiff sending money to Washworld constitutes a representation let alone a misrepresentation. Even Washworld admits receiving the money so it was not a misrepresentation.

As part of both the negligence claim and the Negligent misrepresentation Claim their must be a duty. There is no negligent lending claim in California as to the borrower (see *Nymark v. Heart Fed Sav. & Loan Assn* (1991) 231 Cal App 3d 109 fn 1; *Oaks Management Corporation v. Superior Court* (2006) 145 Cal. App 4th 453,466). And in this situation this doctrine of negligent lending and duties extends ever more to persons who are not customers like Washworld. Specifically, "Absent extraordinary and specific facts, a bank does not owe a duty of care to a noncustomer" to investigate suspicious activities of the bank's customer. *Gil v. Bank of America* (2006) 138 Cal.App.4th 1371, 1381; *see also Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.* (1996) 49 Cal.App.4th 472, 479 (same); *Casey v. U.S. Bank Nat. Assn.* (2005) 127 Cal.App.4th 1138, 1149 (same). Courts are "reluctant to recognize duties in this context because such duties run the risk of violating the bank's … customers' right to privacy and … forcing the bank .. to ask as the guarantor of their customers' transactions." *QDOS, Inc. v. Signature Financial, LLC* (2017) 17 Cal.App.5th 990, 1000 n. 3 (internal citations and quotations omitted). At the time the Equipment Finance Agreement was entered into with CWM, Plaintiff had no reason to believe that the transaction was fraudulent.  Washworld argues that Plaintiff should have known the agreement was fraudulent because it did not obtain a second Delivery and Acceptance Certificate from CWM before Plaintiff paid Washworld, similar to what it received from AVW, the original vendor of the equipment being acquired with the loan proceeds.  First, there is no requirement that Plaintiff had to obtain a delivery and acceptance certificate but most importantly, and

as previously set forth above, CWM executed the Commencement Agreement which Plaintiff was relying on to make the loan.  In other words, Plaintiff had no reasonable grounds to believe that at the time it funded the loan Plaintiff knew that all the equipment might never be delivered.  But even if it did obtain another fraudulent Delivery and Acceptance Certificate from CWM,  Plaintiff did not owe Washworld a duty to investigate and detect CMW's fraud and then give Washworld a gift of money that it could keep and do whatever it wants to do with it.

Going one step further, let us assume that a representation was made to Washworld and at the time that representation was made, Plaintiff had no reason to believe that representation was true.  The claim still fails as Washworld could not have reasonably relied on the representation.  Washworld claims that it reasonably relied on the representation (the funding instructions) and believed that the payment was tied to a  real order to its distributor CWM (Amended Counterclaim ¶¶37-40). The statement lacks credibility.  First, the Payment Notification states "Ascentium has initiated an electronic funds transfer to your bank account for financing deal #2763169…." .  Washworld knew of should have known what the payment applied to.  Further, and to show that Washworld's reliance was not justified, the Payment Notification provided a phone number and email of an employee of Plaintiff to be contacted if Washworld had any questions regarding the payment.  Washworld failed to contact the Plaintiff.  Washworld was given the opportunity to address any questions it may have had regarding the payment-it chose not to.  The was no reasonable reliance by Washworld in the alleged representation.

Finally, Washworld's negligent misrepresentation claim is also fatally defective for the same reason Washworld's breach of the covenant of good faith and fair dealing fails-- Washworld has failed to allege any cognizable damages. Washworld claims it suffered harm because it shipped equipment and returned funds to CWM. The problem with that argument is that it was paid (with Plaintiff's money) for the equipment it shipped.  Moreover, Washworld fails to allege that once it found out that

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

the money should not have been used to pay this other Order it does not allege it did anything to get paid by the customer who received the equipment. There are no damages alleged or can be alleged. The two negligence claims are tied together. In the negligence claim Washworld states that Plaintiff breached duties to Washworld and did not advise Washworld of the facts involved in this matter and then in the Negligent misrepresentation Claim Plaintiff misrepresented the transaction to Washworld. It cannot have it both ways.

## III.  CONCLUSION

The Amended Counterclaim fails to state a valid claim for breach of the implied covenant of good faith and fair dealing and for negligent misrepresentation. The Court should grant the Motion.

DATED:  February 5, 2026          FRANDZEL ROBINS BLOOM & CSATO, L.C.

By:  /s/Andrew K. Alper
     ANDREW K. ALPER
     Attorneys for Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank dba Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5838730v2 | 100287-0289

10

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank dba Ascentium Capital, certifies that this brief (including headings, footnotes, and quotations but excluding the caption, the signature block, and this certification) contains 3,841 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 5, 2026            _____/s/Andrew K. Alper_____
                                          Andrew K. Alper

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

**PROOF OF SERVICE**

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 6, 2026, I served true copy(ies) of the **PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 6, 2026, at Los Angeles, California.

/s/Rebecca Santamaria
Rebecca Santamaria

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5838730v2 | 100287-0289

1

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

Michael D. Gannon (pro hac vice)
Katharine H. Walton-(pro hac vice)
BakerHostetler
One North Wacker Drive, Suite 3700
Chicago. IL 60606-2859

Tel:   312-416-8187
Email:       mgannon@bakerlaw.com
       kwalton@bakerlaw.com

Attornev for Defendant Washworld. Inc.

Xitlaly Estrada
Ava Clayool
Baker & Hostetler LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles. CA 90067-4301

Tel:   310-442-8878
Email:       xestrada@bakerlaw.com
       aclaypool@bakerlaw.com

Attornev for Defendant Washworld. Inc.

Lisa Mitts Patrick, Esq.
The Law Office Of Lisa Mitts Patrick
122 E. Amerige Ave., Suite 313
Fullerton, CA 92832

Tel: (714) 990- 3693
Fax: (657) 234 - 0012
Email:       lolmp2021@gmail.com

Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz. aka Jose Ortiz. an individual

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5838730v2 | 100287-0289

2

PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS