UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Daniel Torrez | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                   Not Present

**Proceedings:**   (IN CHAMBERS) PLAINTIFF REGIONS BANK'S MOTION
TO DISMISS WASHWORLD, INC.'S COUNTERCLAIM
(Dkt. 134, filed on January 20, 2026)

## I.   INTRODUCTION

The Court finds the present motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff" or "Ascentium" or "Regions Bank") filed this action against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100. Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld. Dkt. 1 ("Compl.").

On July 16, 2025, defendant Jose Ortiz filed an answer. Dkt. 54. The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, CWM, Washworld, WCCW, Williams, and Roes 1-35. Dkt. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

On August 15, 2025, defendant Washworld filed a motion to dismiss the claims asserted against it by plaintiff. Dkt. 67. On September 25, 2025, the Court denied Washworld's motion to dismiss plaintiff's complaint. Dkt. 86.

On October 10, 2025, Washworld filed an answer to plaintiff's complaint, along with counterclaims against plaintiff. Dkt. 88 ("Counter-Compl.").

On October 28, 2025, plaintiff filed a motion to dismiss the counterclaims asserted against it by Washworld. Dkt. 102 ("Mot"). On November 25, 2025, the Court granted plaintiff's motion to dismiss Washworld's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing, with leave to amend. The Court denied plaintiff's motion to dismiss Washworld's counterclaim for negligence. Dkt. 121.

On December 31, 2025, Washworld filed a first amended answer to plaintiff's complaint, along with counterclaims against plaintiff for breach of the implied covenant of good faith and fair dealing, negligence, and negligent misrepresentation. Dkt. 130 ("First Amended Counter-Compl." or "FACC").

On January 20, 2026, plaintiff filed the instant motion to dismiss Washworld's First Amended Counter-Complaint. Dkt. 134 ("Mot."). On February 2, 2026, Washworld filed an opposition. Dkt. 138 ("Opp."). On February 9, 2026, plaintiff filed a reply. Dkt. 140 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that it is an Alabama State Bank doing business under the name of Ascentium Capital with its principal place of business in Alabama. Compl. ¶ 1. Plaintiff alleges that defendant Car Wash Management, LLC ("CWM" or "Debtor") is a limited liability company, organized and existing under the laws of Delaware with its principal place of business in Los Angeles, California. Id. ¶ 2. Plaintiff alleges that defendant West Covina Car Wash LLC is a limited liability company, organized and existing under the laws of California with its principal place of business in Los Angeles, California and whose sole member is CWM. Id. ¶ 3. Plaintiff alleges that defendant Jose Rene Ortiz is an individual who is a member of CWM and resides in Los Angeles, California. Id. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Plaintiff alleges that defendant Andrew Paul Williams is an individual who is a member and/or officer of CWM and resides in San Diego, California. Id. ¶ 5. Plaintiff alleges that defendant Washworld, Inc. was and is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin and is authorized to and doing business in the Los Angeles, California. Id. ¶ 6. Plaintiff alleges that no officers or directors of Washworld are residents of the State of Alabama. See id. ¶ 6.

Plaintiff alleges that on January 10, 2024, CWM, as "Debtor," entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Ascentium to finance the acquisition of equipment for the financed amount of $343,394.23. Id. ¶ 12. Plaintiff alleges that the EFA was intended to finance CWM's purchase of equipment for the operation of a car wash initially from a vendor identified as AVW Equipment Company, Inc. ("AVW"), and that pursuant to the EFA, Ascentium wired $309,054.80 to AVW. Id.

Plaintiff alleges that after the EFA was signed, on February 28, 2024, Williams, on behalf of CWM, orally represented to Pete Matheny, a Vice President of Ascentium, that AVW was unable to deliver the equipment ordered by CWM in a timely fashion and that CWM had experienced other "red flags" regarding some business practices of AVW. Id. ¶ 13. Accordingly, CWM was canceling the order with AVW, obtaining a full refund, and was instead ordering the necessary equipment from Washworld. Id. Plaintiff alleges that this representation was confirmed in a February 28, 2024 email from Williams to Matheny, copied to Ortiz, which transmitted what was represented to be a purchase quote on a Washworld form ("the Quote"). Id. Plaintiff alleges that the money paid to AVM was refunded to Ascentium. Id.

Plaintiff alleges that based on the representations of Williams, on March 7, 2024, Ascentium executed with CWM, by Ortiz, an Addendum Agreement No. 2763169 changing the amount financed from $343,394.23 to $346,904.75. Id. ¶ 14.

Plaintiff alleges that at the time of the February 28, 2024, email from Williams to Matheny, CWM was an authorized dealer of Washworld products and that CWM was given access to and was authorized to issue quotes on Washworld forms, like the quote Williams allegedly sent to Ascentium. Id. ¶ 15. Plaintiff alleges that prior to February 2024, Ascentium had funded two loan transactions in the form of Equipment Finance Agreements involving the purchase of Washworld equipment where CWM had been the "primary vendor" to Ascentium's customer and approximately 20 transactions where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Washworld had been the "primary vendor" or one of its other distributors had been the "primary vendor." Id.

Plaintiff alleges that on or about February 28, 2023, Washworld, by its controller Jon Tyezkowski, executed and delivered to Ascentium written "Funding Instructions," which listed Washworld's email address as "controller@washworldinc.com" and provided:

> Payee [Washworld] agrees any funds received from Ascentium are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction. If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium.

Id. ¶ 16.

Plaintiff alleges that on March 12, 2024, Ascentium sent a "Payment Notification" email to "ajohnson@washworldinc.com" and "controller@washworldinc.com" that stated:

> Invoice # : Car Wash Management, Inc.
> Payment Type : Equipment
> Customer Name : Car Wash Management, Inc.
> Finance Agreement # : 2763169
> Payment Method : ACH
> Date : March 11, 2024
> Amount : $309,054.80

Among other things, the Payment Notification stated:

> If you have questions about this payment, please contact your Vendor Services Representative, Maria Negri, at MariaNegri@ascentiumcapital.com or (281) 902-1938.

Id. ¶ 17.

Plaintiff alleges that on March 11, 2024, Ascentium sent payment to Washworld in the amount of $309,954.00 (the "Mistaken Payment") for posting to the Washworld

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

bank account listed in the Funding Instructions, and that the same was posted and credited to such account on March 12, 2024. Id. ¶ 18.

Plaintiff claims that CWM never sent the Quote to Washworld, and never ordered or intended to order from Washworld, any of the equipment stated in the Quote. Id. ¶ 19. Plaintiff claims that when Washworld received the Mistaken Payment, it knew, had reason to know and/or should have known that there had been no order for equipment from CWM for either itself or a customer of CWM in the amount of the Mistaken Payment or in any amount even approaching the amount of the Mistaken Payment. Id. ¶ 20.

Plaintiff alleges that instead of contacting Ascentium regarding the Mistaken Payment as stated in the Payment Notice and as required by the Funding Instructions, Washworld contacted CWM regarding the Mistaken Payment and was told by CWM that the payment should be applied to an order by one of its customers in Chula Vista, California, that had a remaining balance due of $132,509.09. Id. ¶ 21. Plaintiff alleges that on March 19, 2024, Washworld applied a portion of the Mistaken Payment to pay that balance and sent a payment back to CWM in the amount of $176,552.71. Id. Plaintiff alleges that at no time did Washworld make inquiry of Ascentium regarding the reason for the Mistaken Payment, what equipment or purchase order it related to, or whether the amount should be returned to Ascentium. Instead, plaintiff claims that Washworld concealed the true facts from Ascentium. Id.

Plaintiff alleges that on May 23, 2024, Pete Matheny of Ascentium sent to Washworld a copy of the Quote on Washworld's form that had been received from Williams. Id. ¶ 22. Plaintiff alleges that Washworld never responded in any fashion, did not inform Ascentium that the Quote or any similar quote had been issued by or provided to Washworld, and did not inform Ascentium of certain facts alleged by plaintiff, until September 26, 2024. Id.

Plaintiff claims that once Ascentium became fully aware of the facts, Ascentium 1) declared the EFA in default and demanded immediate payment of the entire loan balance from CWM, WCCW and Ortiz via a Notice of Default and Acceleration letter ("Acceleration Letter"); and 2) contacted Washworld in an attempt to obtain the return of the Mistaken Payment. Id. ¶ 23. Plaintiff alleges that CWM, WCCW and Ortiz failed and refused pay the accelerated balance, id. ¶ 24, and that Washworld failed and refused

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

to respond to Ascentium's attempts to request the return of the Mistaken Payment. Id. ¶ 25.

In its first amended answer to plaintiff's complaint, Washworld asserts counterclaims against plaintiff. FACC at 20. Washworld alleges that it manufactures car wash equipment for sale nationwide, works with approximately 104 active distributors to sell its equipment, and that Washworld's distributors work with lenders to purchase equipment. Id. ¶¶ 6-8. Washworld alleges that to facilitate these transactions, Washworld provides its bank account information to lenders, including Ascentium. Id. ¶ 10.

Washworld alleges that on or about February 28, 2023, Washworld provided its bank account information to Ascentium, so that, if Ascentium had a transaction in the future where Washworld agreed to be the vendor, Ascentium could fund that transaction. Id. ¶ 10. Washworld alleges that ten months later, Ascentium and CWM, one of Washworld's distributors, entered into an Equipment Financing Agreement. Id. ¶ 11.

Washworld alleges that on or around December 2023, CWM sought to finance equipment through Ascentium, and that the equipment CWM sought to purchase was to be installed at WCCW, an LLC formed just a few weeks prior, around December 11, 2023, located at 310 S. Vincent Avenue in West Covina, California, the location of an existing single-tunnel car wash. Id. ¶¶ 12-14.

Washworld alleges that on or around January 5, 2024, Ascentium and CWM entered into an Equipment Financing Agreement in the amount of $343,394.23 to fund the purchase of equipment for the WCCW site, and that CWM chose AVW Equipment Company, Inc. as the initial vendor. Id. ¶ 15-16. Washworld alleges that prior to finalizing the Equipment Financing Agreement, Car Wash Management's CEO, Andrew Williams, suggested that an employee, Jose Rene Ortiz, and the newly formed WCCW LLC be guarantors for the transaction. Id. ¶ 17. Washworld alleges that Williams personally vouched for Ortiz and suggested that Ortiz owned 80% of CWM. Id. ¶ 18.

Washworld alleges that Ascentium did not perform or conduct any diligence into: (1) the ownership structure of CWM; (2) the ability of the personal guarantors to repay the loan if CWM defaulted on the Equipment Financing Agreement; or (3) the location where the equipment was to be installed. Id. ¶ 19. Washworld further alleges that on or around January 8, 2024, CWM executed a Delivery and Acceptance Certificate, in which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

CWM certified that "all of the property which is to be leased, financed, or sold, as applicable, pursuant to the . . . equipment finance agreement . . . has been delivered to and received by the undersigned" and "the Equipment confirms in all respects to that ordered by the undersigned." Id. ¶ 20.

Washworld alleges that on or around January 2024, Ascentium funded the loan and sent funds to AVW Equipment Company, Inc., but on or around February 2024, CWM orally told Ascentium that AVW Equipment Company, Inc. was unable to deliver the equipment CWM ordered—equipment that CWM certified it already had in its possession on January 8, 2024. Id. ¶ 21-22. Washworld further alleges that on or around March 5, 2024, AVW Equipment Company, Inc. returned the funds. Id. ¶ 23.

Washworld alleges that CWM then provided Ascentium with a Washworld order form, suggesting CWM was changing vendors, that Ascentium asked minimal, if any, questions related to CWM's decision to cancel its order from AVW Equipment Company, Inc., and that Ascentium did not ask why CWM needed to cancel an order when CWM had already certified that it received the equipment from AVW Equipment Company, Inc. approximately two months prior. Id. ¶ 24-26. Washworld alleges that Ascentium consciously chose to turn a blind eye to clear issues with CWM's loan when Ascentium had information to question the legitimacy of CWM's order. Id. ¶ 27.

Washworld alleges that on the order form that CWM provided to Ascentium, CWM claimed it would purchase, among other equipment, a Razor Touch Free Wash System from Washworld, but that CWM never sent this fictitious order form to Washworld, and that CWM never ordered the equipment from Washworld. Id. ¶ 28-30. Instead, Washworld alleges that Ascentium amended the Equipment Financing Agreement to reflect the new proposed total, $346,904.75. Id. ¶ 31. Washworld alleges that Ascentium did not verify if CWM had placed the order from or sent the order to Washworld, nor did Ascentium send Washworld a copy of the order form or a copy of the Equipment Financing Agreement. Id. ¶¶ 32-35. Furthermore, Washworld alleges that Ascentium did not require CWM to complete a new Delivery and Acceptance Certificate after CWM changed vendors. Id. ¶ 36.

Washworld alleges that Ascentium wired $309,054.80 to Washworld on or around March 11, 2024 without identifying the transaction or order number, end user or site, or specific equipment to be financed in the ACH payment notification. Id. ¶ 37-38. Washworld alleges that in the payment notification, Ascentium represented that it had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

"issued a payment for your customer's financing," and identified CWM as the vendor. Id. ¶ 39. Washworld alleges that in March 2024, CWM had a pending order with Washworld, with final payment outstanding, which included Washworld equipment and ancillary equipment to be purchased from other manufacturers. Id. ¶ 40.

Washworld alleges that the Funding Instructions is a written contract between Ascentium and Washworld. Id. ¶ 42.

Washworld alleges three claims for relief against Ascentium: (1) breach of the implied covenant of good faith and fair dealing; (2) negligence; (3) negligent misrepresentation. Id. ¶¶ 41-85.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|----------|----------------------|------|-------------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Ascentium moves to dismiss Washworld's amended counterclaims pursuant to Rule 12(b)(6). Mot. at 2.

### A. Breach of the Implied Covenant of Good Faith and Fair Dealing

Ascentium argues that Washworld fails to state a claim for breach of the implied covenant of good faith and fair dealing. Mot. at 8. Ascentium argues that Washworld fails to state the terms of the contract upon which Washworld's claim for the breach of the implied covenant of good faith and fair dealing is based. Id. Moreover, Ascentium argues that Washworld fails to allege that Ascentium did not act fairly or in good faith. See id. Finally, Ascentium argues that Washworld fails to allege that it suffered any damages. Id. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

In opposition, Washworld argues that it has adequately alleged each element necessary to establish a claim for breach of the implied covenant of good faith and fair dealing. Opp. at 12-15.

In reply, plaintiff argues that Washworld fails to state a claim for breach of the implied covenant of good faith and fair dealing because "[n]owhere in the Funding Instructions is it required that Plaintiff provide Washworld with a copy of the order form or any other information about CWM." Reply at 6.

"[A] claim for breach of the implied covenant of good faith and fair dealing [must] 'go beyond the statement of a mere contract breach' and not 'rel[y] on the same alleged acts [or] simply seek the same damages or other relief already claimed in a companion contract cause of action.'" Env't Furniture, Inc. v. Bina, 2010 WL 5060381, at *3 (C.D. Cal. Dec. 6, 2010) (quoting Careau & Co. v. Sec. Pac., 222 Cal.App.3d 1371, 1395 (1990)). "In fact, plaintiffs must plead facts showing bad faith and demonstrating 'a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act.'" Id. "[T]he implied covenant of good faith and fair dealing is implied in *every* contract, and one does not need allege or prove a breach of contract claim in order to bring a breach of implied covenant claim." Way v. JP Morgan Chase Bank, N.A., No. 216CV02244TLNKJN, 2018 WL 2117630, at *4 (E.D. Cal. May 8, 2018) (emphasis in original) (citation omitted).

The Court finds that Washworld sufficiently alleges a claim for breach of the implied covenant of good faith and fair dealing against Ascentium. Washworld alleges that the Funding Instructions is a written contract between Ascentium and Washworld. FACC ¶ 42. Washworld further alleges that "[u]nder the Funding Instructions, Ascentium was supposed to 'advanc[e] funds for Payee's customer to pay the purchase orders, invoices, quotes or proposals for the application transaction,'" and that "Washworld 'agree[d] to deliver any equipment which is the subject of these Funding Instructions to customer's address set forth in the purchase orders, invoices, quotes or proposals for the applicable transaction.'" Id. ¶¶ 44-45 (quoting dkt. 130-1, Funding Instructions). Washworld further alleges that "Washworld was excused from having to deliver equipment because Ascentium did not identify the equipment that was 'the subject of these Funding Instructions' or identify the 'address set forth in the purchase order, quotes, or proposals.'" Id. ¶ 46. Washworld alleges that Ascentium's failure to provide this information—which Washworld alleges Ascentium was obligated to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

under the Funding Instructions—breached the implied covenant of good faith and fair dealing "because Ascentium, not Washworld, was in possession of the purported order, Equipment Financing Agreement, and identity of the car wash site and end-customer information." See id. ¶ 53. Moreover, Washworld alleges that it was "harmed by Ascentium's conduct" which "allowed [CWM] to perpetuate fraud on Washworld by instructing Washworld to apply funds to an already pending [CWM] order." Id. ¶ 54-55.

The above allegations sufficiently state that Ascentium, by advancing funds to Washworld but failing to identify the equipment that was "the subject of these Funding Instructions" and failing to identify the "address set forth in the purchase order, quotes, or proposals," breached the implied covenant of good faith and fair dealing in the Funding Instructions. Id. ¶¶ 44-45. Washworld alleges that it suffered damages as a result. See id. ¶ 54-55. Moreover, the Court construes Washworld's claims to allege that Ascentium consciously and deliberately failed or refused to discharge its contractual responsibilities under the Funding Instructions in bad faith. See Careau & Co., 222 Cal.App.3d at 1395; Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977) ("On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff.").

Accordingly, the Court **DENIES** Ascentium's motion to dismiss Washworld's counterclaim for breach of the implied covenant of good faith and fair dealing.

### B.    Negligence

Because the Court previously denied Ascentium's motion to dismiss Washworld's negligence claim, dkt. 121 at 14, Ascentium may not reassert its instant objections to Washworld's negligence counterclaim, which were available to Ascentium when it filed its earlier motion to dismiss. See Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

Accordingly, the Court **DENIES** Ascentium's motion to dismiss Washworld's negligence counterclaim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

### C.   Negligent Misrepresentation

Ascentium argues Washworld's allegations fail to satisfy the heightened pleading standard required to state a negligent misrepresentation claim. Mot. at 10. Ascentium argues that because "Washworld never contacted Ascentium to ask why it was receiving … money [from Ascentium]," Washworld has failed to alleged that Asccentium made a negligent misrepresentation. Id. at 11. Moreover, Ascentium argues that "simply receiving … money [from Ascentium] cannot possibly show how Washworld justifiably relied on a representation of Plaintiff." Id.

In opposition, Washworld argues that it has plead sufficient facts to satisfy the heightened pleading standard of Rule 9(b); moreover, Washworld argues that "whether reliance was reasonable is a factual determination that cannot be resolved in Ascentium's favor on a motion to dismiss." Opp. at 10-11.

In reply, Ascentium argues that to state a claim for negligent misrepresentation, Washworld must—but has failed to—establish that Ascentium owed Washworld a duty "to investigate and detect CWM's fraud." Reply at 8-9 (citing Gil v. Bank of America, 138 Cal.App.4th 1371, 1381 (2006)). Ascentium further argues that it did not make any negligent misrepresentation to Washworld because "[a]t the time the Equipment Finance Agreement was entered into with CWM, Plaintiff had no reason to believe that the transaction was fraudulent." Id. at 8.

"Under California law, to state a claim for negligent misrepresentation, the plaintiff must allege: (1) a misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the misrepresentation; (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and (5) resulting damage." Pulley v. Wells Fargo Bank, N.A., No. 13-CV-05904 NC, 2015 WL 1393417, at *6 (N.D. Cal. Mar. 26, 2015). "In California, negligence is a separate and distinct tort from negligent misrepresentation. … However, both torts require the existence of some type of legal relationship giving rise to a duty of care. … Furthermore, since it is well-settled in the Ninth Circuit that negligent misrepresentation claims are a species of fraud, Plaintiffs' allegations must satisfy Rule 9(b)'s heightened pleading requirement." Gerbery v. Wells Fargo Bank, N.A., No. 13-CV-614-MMA DHB, 2013 WL 3946065, at *11 (S.D. Cal. July 31, 2013) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00359-CAS-KS | Date | February 10, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

The Court finds that Washworld adequately states a claim for negligent misrepresentation and has satisfied the heightened pleading requirements of Rule 9(b). First, Washworld alleges that Ascentium made a misrepresentation: Specifically, Washworld alleges that "Ascentium sent a payment notification to Washworld on or around March 11, 2024 representing that Ascentium had sent funds to Washworld for "Equipment" for "Customer Name" Car Wash Management, LLC, [and] representing to Washworld that Ascentium was funding an order for Car Wash Management [placed with Washworld]." FACC ¶ 79.  Moreover, Ascentium alleges that this representation was false because Car Wash Management, LLC never placed such an order with Washworld. See id. ¶¶ 79, 30-32.  Second, Washworld alleges that "Ascentium had no reasonable grounds for believing the representation that Ascentium was funding an order for equipment for customer Car Wash Management was true … ." Id. ¶ 81.  Third, Washworld alleges that "Ascentium intended that Washworld rely on the payment notification and process an order for Car Wash Management." Id. ¶ 82.  Fourth, Washworld alleges that "Washworld reasonably relied on Ascentium's representation that Ascentium had funded an order for Car Wash Management." Id. ¶ 83.  Fifth, Washworld alleges that "[it] was harmed because Washworld shipped equipment [to CWM]." Id. ¶ 84.  Moreover, Washworld alleges that "Ascentium had a duty of reasonable care to perform basic diligence in its transactions and provide vendors with basic details regarding funded transactions" but that "Ascentium did not perform basic diligence" such as "provid[ing] Washworld with basic information regarding Ascentium's transaction with [CWM]." Id. ¶¶ 57-59.  Accordingly, Washworld has adequately alleged the elements of a negligent misrepresentation counterclaim against Ascentium.

Accordingly, the Court **DENIES** Ascentium's motion to dismiss Washworld's negligent misrepresentation counterclaim.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **DENIES** Ascentium's motion to dismiss Washworld's First Amended Counter-Complaint.

IT IS SO ORDERED.

Initials of Preparer    DT