Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-Defendant, Regions Bank

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,

    Plaintiff,

    v.

CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, et al.,

    Defendants.

JOSE RENE ORTIZ,

    Cross-Complaint,

    v.

ANDREW PAUL WILLIAMS et al.,

    Cross Defendants.

WASHWORLD, INC.,

    Counter-Claimant,

    v.

REGIONS BANK D/B/A ASCENTIUM CAPITAL,

    Counter-Defendant.

Case No. 2:25-cv-00359 CASE (KSx)

**PLAINTIFF REGIONS BANK'S ANSWER TO FIRST AMENDED COUNTERCLAIMS OF WASHWORLD, INC.**

5847145v2 | 100287-0289

WASHWORLD, INC.,

      Cross-Claimant,

  vs.

CAR WASH MANAGEMENT, LLC,

      Cross-Defendant.

Plaintiff and Counter-Defendant REGIONS BANK dba ASCENTIUM CAPITAL ("Regions") hereby responds to the Counterclaims of WASHWORLD, INC. ("Washworld") and admits, denies and alleges as follows:

## GENERAL ALLEGATIONS

1. Answering paragraphs 2-5,10-16, 18, 20-23,28, 35-37, and 39, Regions admits the allegations contained in these paragraphs.

2. Answering Paragraph 1, Regions denies the allegations in this paragraph because the Funding Instructions are a contract.

3. Answering paragraph 7, although Washworld contends that it has 104 distributors to sell its equipment because Regions can only obtain this information from Washworld's website and from information provided by Washworld, Regions lacks information and belief to enable it to affirmatively admit this allegation but on information and belief Regions believes that it may be true.

4. Answering paragraph 8, Regions only purchases equipment from a vendor if it is entering into a Lease or Conditional Sale Contract and the transaction in the case at bar is a loan so Regions did not purchase equipment as it made a loan for Car Wash Management, LLC ("CWM") to purchase equipment not Regions as a lender. As a result, for the transaction in the case at bar, the allegation is not correct and therefore for that reason, the allegations in the paragraph are denied.

5. Answering paragraph 9, Regions admits that it has been provided with Washworld's bank account in order to distribute loan proceeds for equipment

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

acquired by a Regions Bank customer if it enters into a loan. Except as admitted herein, Regions lacks sufficient information and belief to enable it to admit the allegations in this paragraph and on that basis denies generally and specifically, each and every, all and singular the allegations in said paragraph.

6.    Answering paragraph 14, Regions lacks sufficient information and belief to enable it to admit the allegations set forth in said paragraph and based thereon, Regions denies generally and specifically, each and every, all and singular the allegations in said paragraph.

7.    Answering paragraph 17, Regions admits that Jose Rene Ortiz ("Ortiz") and West Covina Car Wash, LLC ("WCCW") were guarantors of the loan made by Regions to CWM. Regions further alleges that Ortiz was not simply an employee of CWM and was an owner and/or officer of CWM as is also alleged by Washworld in paragraph 18 of the Counterclaim. As a result, to the extent not admitted Regions denies the allegations set forth therein.

8.    Answering paragraph 18, Regions admits the allegations contained therein without admitting that Ortiz owned 80% of CWM.

9.    Answering paragraphs 19,25-27, 34, and 38 Regions denies generally and specifically, each and every, all and singular the allegations set forth in these paragraphs.

10.    Answering paragraph 24, Regions admits the allegations contained therein except denies that CWM was "suggesting" changing vendors but affirmatively represented that Washworld was the new vendor supplying equipment.

11.    Answering paragraph 29, Regions admits that Washworld has advised Regions that the Order form was never sent to Washworld.  Regions lacks sufficient information and belief to enable it to affirmatively admit the allegations contained thereon because neither Ortiz nor Andrew Paul Williams ("Williams") has ever admitted not sending the Order to Washworld, and therefore the allegations are denied based for that reason.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

12. Answering paragraph 30, based on the statements made by Washworld to Regions the statement may be true but Regions cannot affirmatively admit this allegation since it has never been confirmed to Regions by CWM and therefore, for that reason, Regions lacks information and belief to affirmatively admit the allegation and, based thereon, it is denied.

13. Answering paragraph 31, except for the word "Instead" the paragraph is admitted.

14. Answering paragraph 32, the paragraph is vague and ambiguous and the order was verified by CWM and Ortiz but except for the fact that a Payment Notification was sent to Washworld which could be a "verification" the remainder of the paragraph is denied.

15. Answering paragraph 38, the allegation is only partially true and Regions alleges that the transaction was identified so that Washworld could contact Regions about the transaction by reference to CWM and the contract number. Therefore, Regions denies generally and specifically the allegations set forth in the paragraph.

16. Answering paragraph 40, Regions admits that Washworld has indicated that the facts alleged in the paragraph are true but Regions lacks sufficient information and belief at this time to enable it to admit all of the allegations contained therein and based on said lack of information and belief denies the allegations contained therein.

## COUNT I

17. Answering paragraph 41, Regions incorporates its responses to paragraphs 1-40, Inclusive as if set forth in full.

18. Answering paragraph 42, no Funding Instructions are attached to the Counterclaim served on Regions. Regions admits that the Funding Instructions attached to Regions Complaint is a contract between Regions and Washworld. Except as specifically admitted herein, the remainder of the paragraph is denied.

19. Answering paragraphs 43, 46, 47,50-55, Regions denies generally and

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

specifically, each and every, all and singular the allegations set forth in the paragraphs and specifically alleges that Washworld has been damaged by any conduct of Regions.

20. Answering paragraphs 45, 46, and 48, Regions admits that the Funding Instructions have the words in quotations but these quoted are not the only terms of the Funding Instructions and therefore to the extent that Washworld quotes this language to the exclusion of other language in the Funding Instructions Regions denies that this is the only language applicable to this transaction as the entire contract representing the Funding Instructions is applicable.

21. Answering paragraph 49, Regions alleges that Washworld and Regions had entered into many other transactions prior to or at the same time as the CWM transaction and each Payment Notification states similar information and there was never any issue with the Payment Notification raised by Washworld until it realized that it should have never used the funding of the $309,054.80 and had to return it to Regions which it failed to do. Further, the Funding Notification specifically stated that if there were any questions or issues that Regions' agent should be contacted which Washworld failed to do. Therefore, while Regions "consciously chose" the information in the Payment Notification it denies any further implication in the paragraph that there was some nefarious or bad faith choice and therefore to the extent applicable denies the allegations set forth in the paragraph.

## COUNT II

22. Answering paragraph 56, Regions incorporates by reference its responses to paragraphs 1-40, Inclusive above as if set forth in full herein.

23. Answering paragraphs 57-67, Regions denies generally and specifically, each and every, all and singular the allegations contained therein and alleges that Washworld has not been damaged by the conduct alleged in the Counterclaim.

## COUNT III

24. Answering paragraph 68, Regions incorporates by reference its responses

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

to paragraphs 1-40, Inclusive about as if set forth in full herein.

25. Answering paragraphs 69-71, Regions admits the allegations contained therein.

26. Answering paragraph 72, while Regions believes that the allegation is true Regions cannot affirmatively admit the allegations contained therein since it is possible but unlikely that AVW Equipment Company, Inc. ("AVW") may have shipped some or all of the equipment to CWM and the WCCW location when the Delivery and Acceptance Certificate was signed but Regions cannot unequivocally admit that CWM or WCCW never had the AVW equipment or any of it at one time and for that reason the allegation is denied.

27. Answering paragraph 73, Regions denies the allegation although it did receive payment from AVW and the funds paid were returned because AVW was not a party to the Equipment Financing Agreement and was paid at the direction of CWM and Ortiz and not because it was a party to the Equipment Finance Agreement. Therefore, because the allegation is untrue it is denied by Regions.

28. Answering paragraph 74, admits the allegation set forth therein except that the statement "almost two months" is vague and ambiguous and is denied because of the ambiguity with the date when Washworld could nave alleged the exact date.

29. Answering paragraphs 75-78, 81, 84 and 85, Regions denies generally and specifically, each and every, all and singular the allegation set forth in said paragraphs.

30. Answering paragraph 79, Regions admits that a Payment Notification was sent to Washworld and alleges that the terms of the Payment Notification set forth what was stated and not only the portions quoted by Washworld in paragraph 79. To the extent that the Payment Notification conflicts with the allegations of this paragraph the paragraph is denied.

31. Answering paragraph 80, admit that no new Delivery and Acceptance

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Certificate was executed by CWM and that Regions did not require it. Except as expressly admitted herein, the paragraph is denied generally and specially, each and every all and singular.

32.     Answering paragraphs 82 and 83, Regions admits that the Payment Notification advised Washworld that Regions was funding its purchase of Washworld equipment pursuant to a\ specific Order at CWM's request for equipment to be located at WCCW in connection with a loan made by Regions to CWM. Except as expressly admitted herein, Regions denies generally and specifically each and every, all and singular the allegations set forth in said paragraph.

## FIRST AFFIRMATIVE DEFENSE

33.     Each Count of the Counterclaim fails to state a Claim upon which relief can be granted and therefore it must be dismissed with prejudice.

## SECOND AFFIRMATIVE DEFENSE

34.     The facts and allegations set forth in Regions Complaint which may be superseded in the future by Amended Complaints are incorporated herein by this reference as if set forth in full and set forth the liability of Washworld to Regions.

## THIRD AFFIRMATIVE DEFENSE

35.     Any damages which may have been incurred by Washworld which Regions contends that Washworld has no damages are offset by the $309,054.80 paid to Washworld for equipment it never sold to CWM or delivered to CWM and Washworld's conversion of the money.

## FOURTH AFFIRMATIVE DEFENSE

36.     The acts of CWM and Williams and Ortiz alleged in the Complaint and in any subsequent amended Complaint are attributed to Washworld since CWM was a distributor of Washworld equipment and acts as its agent and representative. The fact that CWM was allowed to use and write Washworld purchase orders for equipment further demonstrates its agency relationship and to the extent that Washworld is determined to be an agent of CWM Washworld would be liable to the same extent

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

that CWM is liable to Regions as alleged in the Complaint and in any subsequent amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

37.    As alleged in the Complaint and in any subsequent Complaint, Washworld acted with unclean hands in this transaction with CWM and such unclean hands is a defense to the allegations set forth in the Counterclaim.

## SIXTH AFFIRMATIVE DEFENSE

38.    Regions and Washworld had entered into many transactions prior to and at the same time or shortly thereafter as the CWM transaction in the case at bar. In each such transaction, Regions had paid Washworld loan proceeds from the loan or other financial transaction entered into with a buyer of Washworld equipment who was receiving a loan or equipment from Washworld. The same or similar Order forms were used for Washworld equipment in each such transaction. The same or similar Payment Notifications in other loan or financial transactions were used. At no time did Washworld ever object to the use of the Payment Notification or find the Payment Notification was insufficient. Most of the Washworld Order forms were never signed either by the distributor or Washworld. At all times there was specific equipment which was the subject of the Regions loan and sold by Washworld delivered and installed and the transactions were completed without incident. However, in this CWM loan transaction, and despite the past course of dealing by the parties and use of the same or similar documentation only in this Counterclaim is it being alleged that Regions breached the implied covenant of good faith and fair dealing and was negligent or making a negligent misrepresentation. Washworld and Regions acted under the same course of dealing and trade usage as with the other transactions both with Washworld and other sellers of goods pursuant to Uniform Commercial Code section 1303 (in California which is similar in Wisconsin) and therefore as a result of the parties course of dealing and trade usage, Washworld cannot recover on its Claims in the Counterclaim.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## SEVENTH AFFIRMATIVE DEFENSE

39.    As discussed in the Complaint or any subsequent amended complaint and in the Sixth Affirmative Defense, Washworld is estopped by its own conduct to recover any of the alleged damages in the Counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE

40.    Washworld cannot recover because of its own negligent conduct in never contacting Regions once it received the $309,054.80 to ask what transaction the money was paid for, by failing to refer to the Contract number in the Payment Notification, by failing to contact the Regions agent referred to in the Payment Notification and had it done any minimal investigation it could nave notified that there was no CWM order for equipment and but for its conduct no one would have been damaged. In addition, there is no reason or rationale for payment to Washworld of money for CWM to acquire additional equipment or ancillary equipment from someone other than Washworld and this money should have been returned to Regions and Washworld was totally negligent and breach the duties it had to Regions under the Funding Instructions even if the Conserv Fuels transaction was a pending Order with Washworld. Therefore, that additional money in the sum of $176,552.71 should have alerted Washworld that it had to be returned to Regions since there was no reason or rationale to have provided it to CWM to buy equipment having nothing to do with Washworld.

## NINTH AFFIRMATIVE DEFENSE

41.    To the extent that there are any implied covenants of good faith and fair dealing arising out of the Funding Instructions which have been alleged by Washworld in the Counterclaims, it was Washworld who breached such implied covenants of good faith and fair dealing not Regions.

## TENTH AFFIRMATIVE DEFENSE

42.    If Washworld was damaged by any of the conduct alleged in the Counterclaim or in its Cross-claims it is by the acts of other parties and not Regions

and any such damages must be paid by other persons and entities and not Regions.

## ELEVENTH AFFIRMATIVE DEFENSE

43. Any alleged damages incurred by Washworld must be reduced by its own comparative or contributory negligence in the States of California and/or Wisconsin as is deemed the appropriate choice of law.

## TWELFTH AFFIRMATIVE DEFENSE

44. Washworld is either barred or its damages must be reduced by its laches in taking no action against any of the other parties in this case or Conserv Fuels or others and failing to pursue its rights and remedies prejudicing Regions.

## THIRTEENTH AFFIRMATIVE DEFENSE

45. In the Counterclaim it is alleged that Washworld has been damaged as a result of producing and shipping goods for a different order and not the CWM order which is the subject of this case (which it has failed to identify in the Counterclaim but the parties know it is Conserv Fuels). Regions is informed and believes and thereon alleges that at no time has Washworld attempted to mitigate the damages of Washworld and the damages by Regions by returning the $132,509.09 to Regions and then making demand for payment or taking any action with respect to the Conserv Fuels transaction which is free equipment for Conserv Fuels which has been unjustly enriched. Regions is informed and believes that Washworld has never made demand on Conserv Fuels, or on CWM, WCCW, Williams, Ortiz or anyone else involved in this transaction to recover the $132,509.09 and therefore Washworld has failed to mitigate its damages and the damages of Regions.

## FOURTEENTH AFFIRMATIVE DEFENSE

46. By its wrongful conduct and breach of contract as stated in the Complaint or in any subsequent Complaint, Washworld has aided and abetted a fraud on Regions and its conduct is an unfair business practice as defined in Business and Professions Code section 17200, et. seq.

Regions reserves its rights to assert additional and unstated defenses and claims

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

as discovery has commenced and discovery may show additional and/or different defenses and claims.

WHEREFORE. Regions prays for Judgment as follows:

1.    That the Counterclaims be dismissed with prejudice;

2.    That Washworld take nothing by its Claims and that Judgment be entered in favor of Regions and against Washworld;

3.    To the extent that any Claims alleged allow for reasonable attorney's fees that Regions be allowed its reasonable attorney's fees and costs other than statutory costs as allowed by law

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems just and proper.

DATED:  February 20, 2026          FRANDZEL ROBINS BLOOM & CSATO, L.C.


By: _____
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-
Defendant Regions Bank, an Alabama State
Bank dba Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

PLAINTIFF REGIONS BANK'S ANSWER TO FIRST AMENDED COUNTERCLAIMS OF WASHWORLD, INC.

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California.  I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction.  My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 20, 2026, I served true copy(ies) of the **PLAINTIFF REGIONS BANK'S ANSWER TO FIRST AMENDED COUNTERCLAIMS OF WASHWORLD, INC.**  the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 20, 2026, at Los Angeles, California.

_/s/Rebecca Santamaria_
Rebecca Santamaria

5847145v2 | 100287-0289

PLAINTIFF REGIONS BANK'S ANSWER TO FIRST AMENDED COUNTERCLAIMS OF WASHWORLD, INC.

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton (pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago. IL 60606-2859 | Tel:   312-416-8187<br>Email:      mgannon@bakerlaw.com<br>         kwalton@bakerlaw.com<br><br>Attorney for Defendant Washworld. Inc. |
| Xitlaly Estrada<br>Ava Claypool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles. CA 90067-4301 | Tel:   310-442-8878<br>Email:      xestrada@bakerlaw.com<br>         aclaypool@bakerlaw.com<br><br>Attorney for Defendant Washworld. Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>122 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: (714) 990- 3693<br>Fax: (657) 234 - 0012<br>Email:      lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |

FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90017-2427<br>(323) 852-1000

5847145v2 | 100287-0289

2