Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, | Case No.  2:25-cv-00359 CAS KSx) |
| Plaintiff, | **DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S MOTION FOR LEAVE TO FILE FIST AMENDED COMPLAINT** |
| v. | |
| CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, | Date:    March 23, 2026 Time:    10:00 a.m. Crtrm.:  8D |
| Defendant. | |
| JOSE RENE ORTIZ, | |
| Cross-Complaint, | |
| v. | |
| ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to | |

5852394v1 | 100287-0289

1

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

35, inclusive,

      Cross Defendants.

WASHWORLD, INC.,

      Plaintiff,

  v.

CAR WASH MANAGEMENT LLC

      Cross-Defendant.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

I, ANDREW K. ALPER, declare as follows:

1.     I am an attorney at law duly licensed and authorized to practice law in the State of California and before all United States District Courts in the State of California. I am a Vice President and shareholder of Frandzel Robins Bloom & Csato, L.C. attorneys for Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff") herein.

2.     If called upon to testify to the matters stated herein I could and would competently testify thereto.

3.     I am the attorney at my firm who has personal knowledge of this case and I am the person at my firm who has prepared papers and pleadings in this case although other attorneys may have assisted me. In connection with this case, I have communicated with Katharine Walton on behalf of Washworld, Inc. ("Washworld") (at times Michael Gannon was present but the communications have been with Katharine Walton), a Defendant, Counterclaimant and Cross-defendant. I have communicated with attorney Lisa Mitts Patrick who represents Defendant, Cross-complainant and Cross-defendant Jose Rene Ortiz ("Ortiz").

4.     To start with, attached hereto, marked Exhibit "1" and incorporated by this reference is the current Scheduling Order for the Court's convenience as Docket number 112. Second, attached hereto, marked Exhibit "2" and incorporated herein by this reference is a copy of the Court's Stipulated Protective Order, as docket number

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

115. These documents are relevant to this Motion for Leave to Amend the Complaint ("Motion"). I request the Court to take judicial notice of these pleadings.

5. During this case I commenced discovery as to Oritz and to Washworld starting with Washworld in September, 2025, requesting Answers to Interrogatories and a Request for Production of Documents. I received many objections, no documents, requests to meet and confer and refusal to produce documents by Washworld without a Protective Order. To eliminate issues on discovery I immediately agreed to execute a Stipulation for a Protective Order so that those issues with respect to producing documents would be eliminated. Once the Protective Order was issued Washworld did not produce documents and multiple demands were made on Washworld to produce the documents. Moreover, until I made demand with respect to any discovery that Washworld stated it needed to meet and confer they never initiated any meet and confer process. Thus, I had to make demand on them to even comply with Washworld's Discovery Responses. Many of the documents produced were produced as Confidential which meant that in order to file and disclose them to the Court, I either had to convince Washworld's counsel that they were not Confidential or file a Motion to Seal documents produced or go through the meet and confer process as to documents and if there is no agreement file a Motion to get the designation changed as required under the Protective Order.  Attached hereto for the Court's convenience, marked Exhibit "3" and incorporated herein by this reference is a summary of the discovery conducted and documents which have been produced. This is something we are keeping to keep track of the discovery in this case and not prepared for this Motion. As can be seen by the Discovery Log there were documents last produced or or about February 12, 2026, by Washworld which are still insufficient. Moreover, I have "met and conferred" with counsel for Washworld about lifting the Confidential designation for documents bates stamped WW 0000084-88 since I wanted to use them in connection with the recent Motion to Dismiss the First Amended Counterclaims and also attach them as exhibits to an Amended Complaint

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

but Washworld still contends that they are Confidential and cannot be produced in Court. I suspect that once I completely review all of the documents produced by Washworld in which there were many produced, which I intend to do shortly since there will be a complete process on the Confidentiality designation by Washworld, there will be other documents in the same category. In addition, we have "met and conferred" as to responses to the Interrogatories and Requests to Produce Documents and are still going through that process. No further amended Responses have been received only a few pretty nebulous documents.

6.    I have discussed these issues with the marking of documents as Confidential the discovery issues because given the delays and issues between Washworld and Plaintiff,  I was not in position to file an Amended Complaint because I wanted to include all parties, facts and Claims only once and initially asked Washworld and Ortiz if they would stipulate to extend the time for filing amended pleadings and Washworld indicated it would consider 30 days as an extension but wanted to know how that would affect the other dates in the Scheduling Order. I advised Washworld that I was not sure quite as to the effect on other scheduled dates because we had to serve the Amended Complaint (including on defaulted parties) and then also did not know whether Washworld in particular would file another Rule 12(b)(6) or other Motion to Dismiss and that would affect the other scheduled dates. Therefore, because of this uncertainty I could not affirmatively state that all dates could be moved 30 or 60 days or any specific date. I have no objection to extending the other dates in the Scheduling Order. When I advised Washworld and also Ms. Patrick on behalf of Ortiz I would initially agree to a 60 day extension even though I do not believe that is a sufficient amount of time, I was met by no agreement from Washworld. In addition, despite the fact that I indicated if we extend the time and if Plaintiff filed an Amended Complaint and this was stipulated to by Washworld and Ortiz, they would not be waiving their right to file any pleadings they want with respect to the Amended Complaint but only stipulating to allow the filing of it. At that

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

point I was advised that Washworld would not waive its right to object to the filing of any Amended Complaint and I then realized we were not coming to any agreements and have to file a Motion for Leave to File the Amended Complaint now even though this may not be the final Complaint filed after the discovery is complete. I should also mention that Ortiz has no objections to what I have proposed.  A true and correct copy of the emails between the parties on this subject showing the meet and confer attempts are attached hereto, marked Exhibit "4" and incorporated herein by this reference.

7.      In addition, I am expecting the first discovery responses from Ortiz on February 23, 2026, and I do not know if they will be sufficient or not or what documents may be produced and what Answers I may receive. Nevertheless, I am filing this Motion because of the time limitation in the Scheduling Order.

8.      The Amended Complaint essentially seeks to add the following:

(a)      A new Conversion Claim against Washworld.

(b)      Facts regarding Ortiz's contention which was recently made in discovery from Washworld to Ortiz that he did not communicate with Plaintiff on this transaction however Plaintiff has stated facts to the contrary in the Amended Complaint stating certain affirmative and documented oral representations to Plaintiff that the Washworld equipment had been delivered to CWM.

(c)      Facts as to Washworld's payment of the  $176,552.71 from Plaintiff's money to CWM which are different than represented to Plaintiff. These facts are contained in a "Confidential" document or series of documents which Plaintiff cannot at this time attach to the Amended Complaint until allowed by the Court because Washworld refuses to remove the Confidential designation.

(d)      Some miscellaneous clean up of the prior Complaint which are not substantial changes prejudicing the parties.

9.      The Defendants are not prejudiced by the filing of the Amended Complaint as there is plenty of time to conduct discovery and Plaintiff is willing to

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

extend any discovery cutoffs or other scheduled cutoff dates in this case. In fact, there should be no reason to file this Motion and the fact that Washworld would not stipulate to the filing of the Amended Complaint creates an unnecessary delay and expense and waste of Court time.

I declare under penalty of perjury under the laws of the State of California and the United States of America.

Executed this 20th day of February, 2026, at Los Angeles, California.

By: _____
ANDREW K. ALPER, Declarant

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5852394v1 | 100287-0289

6

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

# EXHIBIT 1

Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,

Plaintiff,

v.

CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,

Defendants.

---

JOSE RENE ORTIZ,

Cross Complainant,

v.

ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, CAR WASH MANAGEMENT, LLC.,

Case No. 2:25-cv-00359 CAS (KSx)

**ORDER MODIFYING SCHEDULING ORDER [CURRENTLY DOCKET NO. 79]**

**No Hearing Date set at this time**

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

5752438v1 | 100287-0289

1

ORDER MODIFYING SCHEDULING ORDER [docket no 79]

a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WASHWORLD, INC., a Wisconsin Corporation, and ROES 1 to 35, inclusive,

Cross Defendants.

WASHWORLD, INC.,

Counter Plaintiff,

v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL, Counter Defendant.

WASHWORLD, INC.,

Cross Claimant,

v.

CAR WASH MANAGEMENT, LLC,

Cross Defendant.

Upon review of the Joint Stipulation Requesting That The Court Modify Case Schedule [which is docket no. 79] ("the Stipulation"), and good cause appearing to the Court,

IT IS ORDERED, ADJUDGED AND DECREED that the parties Stipulation is granted, and the Scheduling Order [Docket no. 79] is modified, as follows:

| | Current Dates/Deadline | New Dates/Deadline |
|---|---|---|
| Request for leave to file amended pleadings or to add parties | November 14, 2025 | February 27, 2026 |
| Settlement Completion Cutoff | April 30, 2026 | May 15, 2026 |

5752438v1 | 100287-0289

2

ORDER MODIFYING SCHEDULING ORDER [docket no 79]

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

| | | |
|---|---|---|
| Factual Discovery Cut-off | April 30, 2026 | June 30, 2026 |
| Last Day to File Motions | May 15, 2026 | July 17, 2026 |
| Exchange of Expert Reports Cut-off | May 1, 2026 | July 1, 2026 |
| Exchange of Rebuttal Reports Cut-off | May 15, 2026 | July 16, 2026 |
| Expert Discovery Cut-off | June 26, 2026 | August 31, 2026 |
| *Zoom Status Conference re: Settlement | **May 11, 2026**, at **11:00 AM** | **June 29, 2026**, at **11:00 AM** |
| Pretrial Conference/ Hearing on Motions in Limine | **July 20, 2026**, at **11:00 AM** | **October 26, 2026**, at **11:00 AM** |
| Jury Trial (Est. 3-7 Days) | **August 4, 2026**, at **9:30 AM** | **December 1, 2026**, at **9:30 AM** |

*Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures and Schedules.

IT IS SO ORDERED.

DATED: November 6, 2025

By: _Christina A. Snyder_

HON. CHRISTINA A. SNYDER
DISTRICT COURT JUDGE

5752438v1 | 100287-0289

3

ORDER MODIFYING SCHEDULING ORDER [docket no 79]

# EXHIBIT 2

Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email:    xestrada@bakerlaw.com
          aclaypool@bakerlaw.com

Michael D. Gannon *(Pro Hac Vice)*
Katharine H. Walton *(Pro Hac Vice)*
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: 312-416-6200
Email:    mgannon@bakerlaw.com
          kwalton@bakerlaw.com

*Attorneys for Defendant and Cross Defendant* WASHWORLD, INC.

*[additional counsel listed in the next page]*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**<br><br>Case Filed:    January 14, 2025 Trial Date:    August 4, 2026 |
| JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Andrew K. Alper (SBN 088876)
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone: 323-852-1000
Facsimile: 323-651-2577
Email: *aalper@frandzel.com*

*Attorneys for Plaintiff* REGIONS BANK D/B/A ASCENTIUM CAPITAL

Lisa Mitts Patrick (SBN 134522)
**LAW OFFICE OF LISA MITTS PATRICK**
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone: 714-990-3693
Facsimile: 657-234-0012
Email: *lolmp2021@gmail.com*

*Attorneys for Defendant and Cross Claimant* JOSE RENE ORTIZ

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

## STIPULATION

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Regions Bank d/b/a Ascentium Capital ("Ascentium"), Defendants Jose Rene Ortiz ("Ortiz") and Washworld, Inc, ("Washworld") (collectively "the Parties" or singularly a "Party") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Stipulated Protective Order").

The Parties acknowledge that the protection the Stipulation Protective Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## GOOD CAUSE STATEMENT

This action involves customer and pricing information and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the

3

prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## **PROTECTIVE ORDER**

The Parties have agreed to the terms of this Stipulated Protective Order; accordingly, it is ORDERED:

1.    Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.

4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Information or documents that are available to the public may not be designated as Confidential Information.

3.    Designation.

(a)    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)    The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4.    Depositions. All deposition testimony taken in this case shall not be treated as Confidential Information unless the attorneys for the party to whose Confidential Information the deponent has provided or has had access to designate all or a portion of the transcript that contains Confidential Information either orally during the deposition or within 30 days after the transcript is delivered to any party or the witness.  If no designation is made, either orally during the deposition or in

5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

writing within 30 days after receipt of the transcript, the transcript shall not be considered to contain any Confidential Information, unless otherwise ordered by the Court.

5.     Protection of Confidential Material.

(a)     General Protections. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)     Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9) and in Section 11 below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel. Counsel for the Parties and employees of counsel who have responsibility for the action;

(2)     Parties. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)     Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the

6

preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)     Others by Consent. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.     Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent,

7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

waives any protection for deposition testimony. If a Party designates a document as Confidential Information after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with L.R. 79-5.

8. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

9. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging Party must explain the basis for its, his or their belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(b) Judicial Intervention. A Party that elects to challenge a confidentiality designation shall prepare a joint stipulation pursuant to Local Rule 37-2.2 identifying the challenged material and setting forth in detail the basis for the challenge. Within seven days of receipt, the opposing Party must deliver its portion of the stipulation. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order. A Party may notice its motion in accordance with Local Rule 37-3.

10. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(b)     The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential Information by the other party to this case.

13.     Challenges by Members of the Public to Sealing Orders. A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to

10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.

(c)  Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product (set forth in, for example, notes, memoranda, briefs, case materials, emails, etc.), including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)  Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.  Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

16.  No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil

---

[1] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

11

Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.    Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

WE SO MOVE and agree to abide by the terms of this Order.

Dated:  November 12, 2025        Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:    */s/ Katharine H. Walton*
Xitlaly Estrada
Ava Claypool
Michael D. Gannon
Katharine H. Walton

*Attorneys for Defendant, Cross Defendant, and Cross Claimant* WASHWORLD, INC.

Dated:  November 12, 2025        **FRANDZEL ROBINS BLOOM & CSATO, L.C.**

By:    */s/ Andrew K. Alper*
Andrew K. Alper

*Attorneys for Plaintiff* REGIONS BANK d/b/a ASCENTIUM CAPITAL

Dated:  November 12, 2025        **LAW OFFICE OF LISA MITTS PATRICK**

By:    */s/ Lisa Mitts Patrick*
Lisa Mitts Patrick

*Attorneys for Defendant and Cross Claimant* JOSE RENE ORTIZ

12

## ATTESTATION

Pursuant to Civ. L.R. 5-4.3.4, the undersigned hereby attests that all signatories listed above, and on whose behalf this Report is submitted, concur in the Report's content and have authorized its filing.

*/s/ Katharine H. Walton*
Katharine H. Walton

GOOD CAUSE APPEARING, the Court hereby approves the Stipulation and enters the Protective Order.

IT IS SO ORDERED.

Dated:  November 13, 2025

Karen L. Stevenson
Chief U.S. Magistrate Judge

AGREED PROTECTIVE ORDER
CASE NO. 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL, | Case No. 2:25-cv-00359-CAS-KS |
| Plaintiff, | Complaint Filed          01/14/2025<br>Trial Date:          08/04/2026 |
| v. | |
| CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive, | |
| Defendants. | |
| JOSE RENE ORTIZ, | |
| Cross Claimant, | |
| v. | |
| ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive, | |
| Cross Defendants. | |
| WASHWORLD, INC., | |
| Counter Plaintiff, | |
| v. | |
| REGIONS BANK D/B/A ASCENTIUM CAPITAL, | |
| Counter Defendant. | |

14

WASHWORLD, INC.,

           Cross Claimant,

     v.

CAR WASH MANAGEMENT, LLC

           Cross Defendant.

**ATTACHMENT A**
**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

Dated: _____          _____

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

15

# EXHIBIT 3

**Regions Bank / Car Wash Mgmt [100287-0289]**
**DISCOVERY LOG**

| Doc ID | PDF | Title | Served | Method |
|---|---|---|---|---|
| 5696209 | 5696983 | Plaintiff Regions Bank's First Set Of Requests For Production Of Documents To Defendant And Cross-Defendant Washworld, Inc. | 9/11/25 | Em/M |
| 5698103 | 5698513 | Plaintiff Regions Bank's First Set Of Interrogatories To Defendant Washworld, Inc. | 9/12/25 | Em/M |
| N/A | 5800298 | Washworld's First Request for Production to Ascentium | 12/23/25 | Email |
| N/A | 5800297 | Washworld's First Special Interrogatories to Ascentium | 12/23/25 | Email |
| N/A | 5804845 | Washworld's First Special Interrogatories to Jose Rene Ortiz | 12/31/25 | Email |
| N/A | 5804846 | Washworld's First Requests for Production to Jose Rene Ortiz | 12/31/25 | Email |
| 5813384 | 5819821 | Regions Bank's First Set of Interrogatories to Rene Ortiz | 1/16/26 | Email/M |
| 5819300 | 5819820 | Regions Bank's First Set of Requests for Production to Rene Ortiz | 1/16/26 | Email/M |

**RESPONSES**

| Doc ID | PDF | Title | Served | Method |
|---|---|---|---|---|
| n/a | 5696782 | Washworld's Initial Disclosures | 9/8/25 | Em |
| 5694812 | 5695367 | Regions Bank's Initial Disclosures | 9/10/25 | Em/M |
| n/a | 5704496 | ASC00001-ASC00100 | 9/18/25 | Em/Sharefile |
| n/a | 5741225 | Washworld's Response to First Set of Interrogatories | 10/14/25 | Email |
| n/a | 5741224 | Washworld's Response to First Set of Requests for Production | 10/14/25 | Email |
| n/a | 5771277 | WW_0000001-WW_0000289 [Washworld Production].  It consists of 829 pages and is 451.13 MB in size | 11-21-25 | Em/Kiteworks |
| N/A | 5804916 | Washworld's First Supplemental Responses to Ascentium's First Special Interrogatories | 12/31/25 | Email |
| 5822409 | 5826770 | Regions Bank's Response to Washworld's RFP-1 | 1/21/26 | Email/Mail |
| 5822272 | 5826769 | Regions Bank's Response to Washworld's SI-1 | 1/21/26 | Email/Mail |
| n/a | 5829949 | CONFIDENTIAL - ASC000101-ASC00133, 191-261, 276-277, 288-290, | 1/27/26 | Em/Sharefile |
| n/a | 5829953 | ASC00134-ASC00295 | 1/27/26 | Em/Sharefile |
| n/a | 5829954 | ASC00296-ASC00377 | 1/27/26 | Em/Sharefile |
| n/a | 5829955 | ASC00378-ASC00503 | 1/27/26 | Em/Sharefile |
| n/a | 5829952 | CONFIDENTIAL - ASC00504-ASC00544 | 1/27/26 | Em/Sharefile |
| n/a | 5829956 | ASC00545-ASC00556 | 1/27/26 | Em/Sharefile |

**Regions Bank / Car Wash Mgmt [100287-0289]**
**DISCOVERY LOG**

| Doc ID | PDF ID | Title | Served | Method |
|---|---|---|---|---|
| n/a | 5829951 | CONFIDENTIAL - ASC00422 | 1/27/26 | Em/Sharefile |
| n/a | 5829950 | CONFIDENTIAL – ASC00191-ASC00201 | 1/27/26 | Em/Sharefile |
| 5829990 | 5829993 | Proof of Service Re: Regions Bank's Production of Documents in Response to Washworld, Inc.'s First Set of Requests for Production of Documents | 1/27/26 | |
| | 5480479 | Ortiz Response to Washworld's Request for Produce, Set One | 2/6/26 | Email |
| | 5840480 | Ortiz Response to Washworld's Special Interrogatories, Set One | 2/6/26 | Email |
| 5841031 | 5841278 | Regions Supplemental Response to Special Interrogatories Set One from Washworld with Ex 1 and 2 notes stamped ASC00557 and ASC00558 | 2/10/26 | Em/Mail |
| 5840918 | 5842320 | Regions Supplemental Response to Request for Production of Documents, Set One from Washworld with Ex 1 notes stamped ASC00557-ASC00558 | 2/10/26 | Em/Mail |
| n/a | 5841287 | ASC00557-ASC00558 served attached to Supp Responses 5842320 and 5841287 above | 2/10/26 | Em/Mail |
| n/a | 5851795 | Washworld Supplemental Production WW_0000830-WW_0000874 | 2/12/26 | Email |
| n/a | 5851798 | Washworld Supplemental Production ZIP File with Native docs WW_0000830-WW_0000874 | 2/12/26 | Email |
| | 5852535 | CONFIDENTIAL Supplemental Production by Washworld (Native Excel format):  WW_0000833, WW_0000840, WW_0000848, WW_0000850, WW_0000852, WW_0000854, WW_0000856, WW_0000861 | 2/12/26 | Email |

# EXHIBIT 4



**FRANDZEL**

Chambers
SPOTLIGHT

CA

2025
Frandzel Robins Bloom &
Csato L.C.

GO GREEN: Please consider the environment before you print.

**From:** Andrew Alper
**Sent:** Friday, February 20, 2026 1:31 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; lolmp2021@gmail.com
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>
**Subject:** RE: [EXTERNAL] Regions Bank v Car Wash Management

I know you understand that I have a deadline to file this Motion for leave to Amend next week so with no agreements I have to proceed accordingly. If you want to stipulate for leave to file the Amended complaint while reserving your right to Answer or otherwise pleads that is fine. I am not going to require an Answer if you believe you have the right to otherwise plead. However, all this does is slow things down in this case. Moreover, next week I anticipate discovery the remaining discovery issues with you and the issues with Confidentiality with respect to the documents produced which should not be confidential. This is effecting our ability to plead as well. Please reconsider just stipulating to filing the First Amended Complaint reserving your right to plead. I have prepared the Motion and the Amended Complaint and will file it next week. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

1

Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:         aalper@frandzel.com
Web:            www.frandzel.com



 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Tuesday, February 17, 2026 2:13 PM
**To:** Andrew Alper <aalper@frandzel.com>; lolmp2021@gmail.com
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>
**Subject:** RE: [EXTERNAL] Regions Bank v Car Wash Management

Washworld has only taken a position on Ascentium's request to extend the deadline to amend the pleadings. Washworld offered to stipulate to a 30-day extension on February 13. The only additional step we have taken is to ask Ascentium to explain how a 60-day extension would affect the remaining case schedule so that we can evaluate that request. We cannot take a position on a 60-day extension until we see how Ascentium proposes to adjust any other deadlines affected by such an extension. We've also explained to you that our client contact is out of the office this week. If Ascentium chooses to file an opposed motion because our client is out of the office and Ascentium has declined to indicate how any other case deadlines will be impacted, that is Ascentium's position alone.

We expressly included a reservation of rights because Ascentium's emails have raised issues unrelated to Ascentium's request to extend the deadline to amend pleadings, so we made clear that nothing in our communications should be construed as agreement on any of those other matters. We will evaluate those requests if and when they are made.

We have asked on multiple occasions that you engage in civil communications. You asked about an extension of time, and we responded to that request.

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Tuesday, February 17, 2026 3:05 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; lolmp2021@gmail.com
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>
**Subject:** RE: [EXTERNAL] Regions Bank v Car Wash Management

Then apparently if you will oppose the right to amend then there is no reason to agree to a stipulation to extend the time.  This is delaying the inevitable litigation. This is especially true where important documents such as the invoice for the commissions as but one example cannot be filed with the court because it is deemed to be confidential and we will have to litigate whether that and other documents which will be compiled should not be deemed to be confidential. I suspect we will end up with motions on deeming the documents to be confidential since they need to be part of the court file whether as exhibits to the complaint or in connection with motions for summary judgment or otherwise. I do not want to continually file motions to seal. The confidentiality, the failure to

2

timely produce documents and respond to the interrogatories has prejudiced my client in this case and will continue to do so. 30 days or even 60 days is not going to help here but I was willing to agree to 60 days without the necessity of incurring further fees and costs in at least getting the Amended Complaint on file. I will file a motion and attach your emails on meeting and conferring on this matter. If you want to make any further record as to meeting and conferring go ahead and respond to this email or just wait until the motion(s) are filed and oppose them.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:             (323) 852-1000
Facsimile:        (323) 651-2577
E-mail:            aalper@frandzel.com
Web:               www.frandzel.com



 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Tuesday, February 17, 2026 12:55 PM
**To:** Andrew Alper <aalper@frandzel.com>; lolmp2021@gmail.com
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>
**Subject:** RE: [EXTERNAL] Regions Bank v Jose Ortiz.

Even if the schedule may ultimately require further adjustment as you noted below, we cannot evaluate your request for a 60-day extension in a vacuum, so we need to see how the remaining deadlines would be impacted. Please provide Ascentium's proposed modifications to the deadlines in the scheduling order so we can evaluate Ascentium's request.

As we noted last week, Washworld will stipulate to a 30-day extension of time. Please note that our client contact is out of the office this week, so we cannot stipulate to a 60-day extension of the deadline to amend pleadings at this time. We will reach out to him once you provide a proposed schedule, but we do not anticipate being able to provide an answer until he returns. We'll follow up with him on Monday.

To be clear, we expressly reserve the right to object to leave to amend, the scope of any proposed amendments, the addition of parties, and the sufficiency of any newly pleaded claims or factual allegations.

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Tuesday, February 17, 2026 1:39 PM
**To:** Walton, Katharine <kwalton@bakerlaw.com>; lolmp2021@gmail.com
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>
**Subject:** RE: [EXTERNAL] Regions Bank v Jose Ortiz.

Once we file an Amended Complaint it may throw everything off anyway if a defendant chooses to file a 12(b)(6) or other motion. Likewise since there will be at least one new party that party will have to be served. I suspect that renaming Williams and trying to serve him will not do any good to get a default judgment so at this point I did not plan on doing that but ultimately it is up to the client.  I can give you a new schedule but it may be moot. Now if you want to stipulate to the filing of the Amended Complaint that will speed things up so I will not need a motion. If you stipulate we can reserve your right to plead and you will not be required in the Stipulation to Answer with respect to new Claims and facts.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:              (323) 852-1000
Facsimile:         (323) 651-2577
E-mail:             aalper@frandzel.com
Web:                www.frandzel.com



 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Walton, Katharine <kwalton@bakerlaw.com>
**Sent:** Tuesday, February 17, 2026 10:10 AM
**To:** Andrew Alper <aalper@frandzel.com>; lolmp2021@gmail.com
**Cc:** Gannon, Michael D. <mgannon@bakerlaw.com>
**Subject:** RE: [EXTERNAL] Regions Bank v Jose Ortiz.

Washworld needs to understand how your proposed extension request will impact the rest of the court schedule. Can you please share a proposed revised schedule?

Please keep Mike Gannon copied on correspondence.

Best,
Kat

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Monday, February 16, 2026 12:34 PM
**To:** lolmp2021@gmail.com
**Cc:** Walton, Katharine <kwalton@bakerlaw.com>
**Subject:** RE: [EXTERNAL] Regions Bank v Jose Ortiz.

[External Email: Use caution when clicking on links or opening attachments.]

Thank you. Ms. Walton I would request at least 60 days and have no issue moving other dates if you need to do that. We have other issues to deal with as well with filing the pleading including the issues with confidential documents and discovery. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:          aalper@frandzel.com
Web:            www.frandzel.com



 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** lolmp2021@gmail.com <lolmp2021@gmail.com>
**Sent:** Monday, February 16, 2026 10:23 AM
**To:** Andrew Alper <aalper@frandzel.com>
**Cc:** kwalton@bakerlaw.com
**Subject:** [EXTERNAL] RE: Regions Bank v Jose Ortiz.
**Importance:** High

This is holiday weekend, sorry no response on a Sunday/holiday. Have I ever not stipulated to something reasonably agreeable? Yes, I will agree so you need not do (more) unnecessary motions, though I would think or this, a court will require a motion anyway if it's their date you are extending. (I find no prior request in prior emails by the way.)  In any event, you may represent that I will agree.

/s/
LISA MITTS PATRICK
Attorney at Law
112 E. Amerige Ave., Ste 313
Fullerton, CA 92832

Phone: 714-990-3693
Fax: 657-234-0012
Email: lolmp2021@gmail.com

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Sunday, February 15, 2026 4:13 PM

**To:** Lisa Patrick <lolmp2021@gmail.com>
**Subject:** Regions Bank v Jose Ortiz.

I have asked whether you would stipulate to extending the time for Regions Bank to file an amended complaint since it has been attempting to get documents and responses to discovery before doing so. I have not heard from you. Therefore if I do not have a response from you by close of business tomorrow I will advise the court that I do not have your consent and will file the motion to extend the time. If you would like to discuss this matter please contact me. Thank you.
Sent from my iPhone
**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:            (323) 852-1000
Facsimile:        (323) 651-2577
E-mail:           aalper@frandzel.com
Web:              www.frandzel.com





GO GREEN: Please consider the environment before you print.
This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended recipient
you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result of e-mail transmission.







**FRANDZEL**

**GO GREEN: Please consider the environment before you print.**

**From:** lolmp2021@gmail.com <lolmp2021@gmail.com>
**Sent:** Monday, February 16, 2026 10:37 AM
**To:** Andrew Alper <aalper@frandzel.com>
**Cc:** kwalton@bakerlaw.com
**Subject:** RE: [EXTERNAL] Regions Bank v Jose Ortiz.

I am o.k. with whatever you need on this.

/s/
LISA MITTS PATRICK
Attorney at Law
112 E. Amerige Ave., Ste 313
Fullerton, CA 92832

Phone: 714-990-3693
Fax: 657-234-0012
Email: lolmp2021@gmail.com

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Monday, February 16, 2026 10:34 AM
**To:** lolmp2021@gmail.com
**Cc:** kwalton@bakerlaw.com
**Subject:** RE: [EXTERNAL] Regions Bank v Jose Ortiz.

Thank you. Ms. Walton I would request at least 60 days and have no issue moving other dates if you need to do that. We have other issues to deal with as well with filing the pleading including the issues with confidential documents and discovery. Thank you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:            (323) 852-1000
Facsimile:        (323) 651-2577
E-mail:           aalper@frandzel.com
Web:              www.frandzel.com



 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** lolmp2021@gmail.com <lolmp2021@gmail.com>
**Sent:** Monday, February 16, 2026 10:23 AM
**To:** Andrew Alper <aalper@frandzel.com>
**Cc:** kwalton@bakerlaw.com
**Subject:** [EXTERNAL] RE: Regions Bank v Jose Ortiz.
**Importance:** High

This is holiday weekend, sorry no response on a Sunday/holiday. Have I ever not stipulated to something reasonably agreeable? Yes, I will agree so you need not do (more) unnecessary motions, though I would think or this, a court will require a motion anyway if it's their date you are extending. (I find no prior request in prior emails by the way.)  In any event, you may represent that I will agree.

/s/
LISA MITTS PATRICK
Attorney at Law
112 E. Amerige Ave., Ste 313
Fullerton, CA 92832

Phone: 714-990-3693
Fax: 657-234-0012

Email: lolmp2021@gmail.com

---

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Sunday, February 15, 2026 4:13 PM
**To:** Lisa Patrick <lolmp2021@gmail.com>
**Subject:** Regions Bank v Jose Ortiz.

I have asked whether you would stipulate to extending the time for Regions Bank to file an amended complaint since it has been attempting to get documents and responses to discovery before doing so. I have not heard from you. Therefore if I do not have a response from you by close of business tomorrow I will advise the court that I do not have your consent and will file the motion to extend the time. If you would like to discuss this matter please contact me. Thank you.
Sent from my iPhone
**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:         aalper@frandzel.com
Web:            www.frandzel.com





🖎 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.