Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff, Regions Bank
An Alabama State Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,,

　　　　　Plaintiff,

　　　v.

CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,

　　　　　Defendant.

_____

JOSE RENE ORTIZ,

　　　　　Cross-Complaint,

　　　v.

ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to

Case No.  2:25-cv-00359 CAS KSx)

**REPLY OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S. OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DECLARATION OF ANDREW K. ALPER**


Date:　　March 23,026
Time:　　10:00 a.m.
Crtrm.:　8D

5871719v1 | 100287-0289

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

35, inclusive,

    Cross Defendants.

WASHWORLD, INC.,

    Plaintiff,

    v.

CAR WASH MANAGEMENT LLC

    Cross-Defendant.

TO THE COURT, AND TO ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL:

Plaintiff and Counter-Defendant Regions Bank doing business as Ascentium Capital ("Ascentium") submits the following reply to the Opposition of Washworld, Inc. ("Washworld") to Ascentium's Motion for Leave to File First Amended Complaint (the "Motion") as follows:

## I. **INTRODUCTION**

Washworld's Opposition to the Motion is only what could have been expected from Washworld in this litigation. Washworld's Opposition, which is really its attempt at a Rule 12(b)(6) Motion asserts that Ascentium cannot file the amended complaint because it has not pled a claim for relief for conversion and the conversion claim is nothing more than a repackaged breach of contract claim. As set forth in greater detail below the argument lacks merit, the argument also flies directly in the face of Washworld's denial of the allegation in Ascentium's complaint where Washworld states "Washworld admits that the quote in Paragraph 16, as modified, is a portion of the language contained in Exhibit 4 but denies that the alleged language formed a contract or was binding on Washworld." (First Amended Answer-¶16). Therefore, given Washworld's Amended Answer since Washworld denies that it entered into a contract with Ascentium in response Ascentium now also pleads a

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Claim for relief for conversion.

The Opposition then goes on to state that leave should not be granted because the amendment would be futile because a breach of contract does not become a tort unless there is "independent duty" arising from tort law. What Washworld fails to address is that pursuant to Federal Rule of Civil Procedure Rule 8(d)(2) and (3) it is entirely appropriate to plead alternative facts and therefore a party may plead a separate Claim regardless of the consistency between the Claims. As set forth in greater detail herein, and notwithstanding Washworld's Opposition, a Claim for relief has been pled.

Washworld also claims that Ascentium should not allowed to bring Andrew Williams ("Williams") back into this action. First, it is perplexing as to why Washworld would care if Williams is or is not a party to this action unless Washworld has more facts to hide. His presence in this action does not affect the Claims against Washworld. Defendant and Cross-complainant Jose Rene Ortiz contends it served Williams with the Cross-complaint at the same time that he was being dismissed by the Court because Ascentium was unable to serve him. Accordingly, Ascentium wants to take another attempt at serving Williams and main antagonist in this case and there are now additional facts in the Amended Complaint.

Finally, Washworld claims that this Motion should be denied because Ascentium's counsel failed to meet and confer with counsel for Washworld prior to the filing of this Motion. As set forth in the both the Declaration of Andrew K. Alper ("Alper Decl.") filed in support of this Motion and the Alper Decl. in support of this Reply not only did Mr. Alper meet and confer he agreed to enter into a stipulation for leave to amend with all parties retaining their rights to file a motion to dismiss after the amended complaint was filed. Counsel for Washworld refused to enter into that stipulation. Moreover, this is part and parcel of the conduct of Washworld trying to hide behind meet and confer contentions and has been impeding the parties from trying this case.

2

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## II.      A PARTY MAY PLEAD INCONSISTENT THEORIES OF RELIEF

Federal Rule of Civil Procedure Rule 8(d)(2)and (3) provides:

> (2) *Alternative Statements of a Claim or Defense.*  A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (3) *Inconsistent Claims or Defenses.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

The Opposition makes much of the fact that the newly added Conversion Claim fails because the "economic loss rule requires Ascentium to recover in contract for purely economic loss due to unmet expectations, unless Ascentium can demonstrate harm above and beyond a broken contractual promise." (Opposition, pg 1, lines 26-27, pg. 2, lines 1-2).  Ascentium is not trying to convert the breach of contract claim (where Washworld has continually denied that an enforceable  contract exists) but rather the separate independent tort of conversion. [1] Even though the Opposition attempts to point out that a claim for Conversion has not been pled, there is no doubt that this Claim has not only been properly pled but Ascentium will prevail on it.  The Court in *PCO, Inc v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP* (2007) 150 Cal. App. 4th 384 discussed the elements of a cause of action for conversion of money.  The Court stated:

> "A cause of action for conversion requires allegations of plaintiff's ownership or right to possession of property; defendant's wrongful act toward or disposition of the property, interfering with plaintiff's possession;  and damage to plaintiff.  [Citation.]   Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent

---

[1] The conversion cause of action does not incorporate by reference the allegations of the breach of contract claim for relief.

3

accepts a sum of money to be paid to another and fails to make the payment.   [Citation.]"   (McKell v. Washington Mutual, Inc. (2006) 142 Cal.App.4th 1457, 1491, 49 Cal.Rptr.3d 227;  see Haigler v. Donnelly (1941) 18 Cal.2d 674, 681, 117 P.2d 331;  Fischer v. Machado (1996) 50 Cal.App.4th 1069, 1072-1074, 58 Cal.Rptr.2d 213 [sales agent liable for conversion of proceeds from consignment sale of farm products];  Software Design & Application, Ltd. v. Hoefer & Arnett, Inc. (1996) 49 Cal.App.4th 472, 485, 56 Cal.Rptr.2d 756 ["money cannot be the subject of a conversion action unless a specific sum capable of identification is involved."].) A "generalized claim for money [is] not actionable as conversion."   (Vu v. California Commerce Club, Inc. (1997) 58 Cal.App.4th 229, 235, 68 Cal.Rptr.2d 31;  5 Witkin, Summary of California Law (10th ed.2005), Torts, §  703, pp. 1026-1027.)

. . .

The California Supreme Court stated, "While it is true that money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved [citation], it is not necessary that each coin or bill be earmarked."   (Haigler v. Donnelly, supra, 18 Cal.2d at p. 681, 117 P.2d 331.)   This statement appears to be in conformity with the modern view of the law.  *Id. at* 395-396

The Claim for Conversion does not require a manual taking of the money; it is only an assumption of control; or ownership over the property or that the alleged converter applied the property for its own use (*Shopoff & Cavallo LLP v. Hyon (2008) 167 Cal. App. 4th 1489,1507).* Any act of dominion and control over the money inconsistent with the rights of another is conversion (*Plummer v. Day/Esienberg* (2010) 184 Cal. App. 4th 38, 50). It is a strict liability tort (*Voris v. Lampert* (2019) 7 Cal. 5th 1141, 1158).

In the instant case, in the Eighth Claim for relief in paragraph 68 of the Amended Complaint it is alleged that Washworld received $309,054.52 which money was to be paid not for the borrower, Car Wash Management ("CWM"), to acquire new equipment from Washworld but it was paid to pay off an existing order to Conserv Fuels and then the rest was apparently a commission it paid to CWM presumably on the Conserv Fuels transaction. For Washworld to have applied the money and/or sent it to CWM as a commission demonstrates the necessary facts of conversion. in accordance with the Funding Instructions (the document that

4

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Washworld contends is not a contract)-specifically to fund the acquisition of equipment by CWM for CWM.  Instead of complying with the terms of the Funding Instructions, as alleged at paragraph 74 of the Amended Complaint, Washworld also converted the $309,054.52 by paying $176,552.71 as a commission to CWM. Washworld had no right to the $309,054.52 when it failed to use those monies for anything other than to comply with terms of the Funding Instructions as this money was paid for the sole purpose of CWM acquiring new equipment from Washworld and for no other reason.  Upon receipt of the monies from Ascentium, Washworld had dominion and control over those monies.  Washworld never states in its pleadings that it did not receive this sum and the evidence is clear that it received the sum. Therefore, Washworld wrongfully disbursed those funds an act of dominion and control.  A specific sum capable of identification has also been pled.  As a result of these wrongful acts, Ascentium has been damaged in the sum of $309,054.52.

Ascentium's Claim for conversion against Washworld is not a contract claim that as somehow "morphed" into a conversion claim.  Rather, the claim alleges separate facts to support a claim for conversion.  Pursuant to Federal Rules of Civil Procedure, Rule 8(d)(2) and (3) this is appropriate.  Washworld's argument that a contract claim only becomes a tort claim when there is an independent duty is without merit.

As set forth in the Alper Decl., Ascentium has always agreed that after the complaint is amended, Ascentium has no objection to Washworld filing a motion to dismiss the conversion claim for failure to state a claim but rather than allow the Amended Complaint to be filed, Washworld turned this Motion into a Rule 12(b)(6) Motion to Dismiss to further delay this case and make the parties spend money they should not have to be spending.

## III.    WILLIAMS SHOULD BE ADDED BACK TO THIS ACTION

Without any claim of prejudice if Williams is added back into this action as a party, Washworld states that since Willams was previously dismissed by the Court

REPLY OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S.
OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

and therefore Ascentium should not get a second chance to have him brought back in as a party to this action even though some of the facts have changed and new allegations have been added.  Pursuant to this Court's Order to Show Cause Dated May 23, 2025 (ECF 35)  Ascentium was required to show cause why this case should not be dismissed for lack of prosecution as to all defendants, including Williams.  The show cause hearing was set for no later than June 16, 2025.  The filing of a proof of service would have been a satisfactory response to the Order to Show Cause.  Ascentium was able to serve all defendants with the exception of Williams and Car Wash Management, LLC, a Hawaii corporation on September 19, 2025.  Accordingly, Williams was dismissed without prejudice.  As set forth in the Alper Decl., prior to Williams dismissal, Ascentium spent thousands of dollars trying to locate Williams but was unable to do so which led to Ascentium's dismissal of Williams.

Subsequent to the dismissal, apparently Ortiz was able to serve Williams with his Crossclaim on November 4, 2025 (see Docket number 105). Request for default was thereafter filed as to Williams.  It is Ascentium's position that since it is filing an Amended Complaint, that Amended Complaint should also include Williams so that Ascentium's claims against him can be properly litigated especially since Washworld has an address where it contends Williams was served.  Washworld has failed to show any prejudice or any reason why Williams should not be brought back into this action as a defendant.  Given that there will be an Amended Complaint, Ascentium will have to serve the other Defendants as well some of which have been defaulted. While Ascentium assumes there will be no Answer from any other defaulted Defendant nevertheless that will necessarily cause some delay to get the case at issue.  If the Defendants are not served with the Amended Complaint within 60 days then Ascentium agrees to dismiss them as part of the Court's Order allowing the filing of the Amended Complaint.

REPLY OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S. OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## IV. ASCENTIUM MET AND CONFERRED WITH WASHWORLD PRIOR TO FILING THIS MOTION

As set forth in the Alper Decl. filed in support of this Motion and the Alper Decl. filed with this Reply, Mr. Alper met and conferred with counsel for Washworld to see if it would stipulate first to an extension of the time to file Amended Pleadings for no less than 60 days and then when Washworld refused and offered 30 days on certain conditions, discussed stipulating to the filing of the First Amended Complaint. In fact, as the fact show, the proposed Stipulation would have preserved Washworld's right to file a motion to dismiss after the filing of the First Amended Complaint. Rather than agree to this, Washworld stated it would not waive its rights to object to any amended pleading (See Alper Decl. in support of Motion for Leave to Amend ¶6). To show the disingenuousness of Washworld's argument that Ascentium did not meet and confer with respect to the filing of an amended complaint, in the Opposition at page 17, lines 17-19, Washworld acknowledged that on February 7, 2026, Ascentium requested an extension of the deadline for leave to file amended pleadings and add parties. Yet, on page 18, lines 13-4 Washworld claims on February 20, 2026, that was the first time Ascentium said it would file a motion for leave to amend. That is because Washworld refused to stipulate to the enlargement of the date to file motions for leave to file amended pleadings for no less than 60 days and then refused to stipulate to allow the filing of the Amended Complaint without ever seeing the Amended Complaint.

These actions are consistent with Washworld's scorched earth policy when it comes to this litigation. As set forth in the Alper Decl., Mr. Alper describes some of the many things Washworld has done during this case which will cause Ascentium to be bringing further motions and court intervention. Trying to take Ascentium's default on the Amended Counterclaim after the parties met and conferred on a Motion to Dismiss the Amended Counterclaim was a "classic".

The bottom line is that Ascentium met and conferred with Washworld prior to

7

the filing of the instant Motion and Washworld cannot use its own hard ball tactics to justify an alleged breach of rules of this Court. In fact, the filing of this Motion demonstrates that Washworld never had any intent to meet and confer and agree to allow the filing of the Amended Complaint so this fact in and of itself demonstrates Washworld's bad faith in making the contention there was no meet and confer process.

For all the reasons set forth in the Motion and this Reply, the Motion for Leave to File First Amended Complaint should be granted.

DATED:  March 6,  2026                FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff, Regions Bank
an Alabama State Bank dba Ascentium
Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

8

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On March 6, 2026, I served true copy(ies) of the **REPLY OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S. OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DECLARATION OF ANDREW K. ALPER**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on March 6, 2026, at Los Angeles, California.

_____
Rebecca Santamaria

---

1

REPLY OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S.
OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice) | Tel:    312-416-8187 |
| Katharine H. Walton-(pro hac vice) | Email: mgannon@bakerlaw.com |
| BakerHostetler | kwalton@bakerlaw.com |
| One North Wacker Drive, Suite 3700 | |
| Chicago, IL 60606-2859 | Attorney for Defendant Washworld, Inc. |
| | |
| Xitlaly Estrada | Tel:    310-442-8878 |
| Ava Claypool | Email: xestrada@bakerlaw.com |
| Baker & Hostetler LLP | aclaypool@bakerlaw.com |
| 1900 Avenue of the Stars, Suite 2700 | |
| Los Angeles, CA 90067-4301 | Attorney for Defendant Washworld, Inc. |
| | |
| Lisa Mitts Patrick, Esq. | Tel: (714) 990- 3693 |
| The Law Office Of Lisa Mitts Patrick | Fax: (657) 234 - 0012 |
| 122 E. Amerige Ave., Suite 313 | Email: lolmp2021@gmail.com |
| Fullerton, CA 92832 | |
| | Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

2

REPLY OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S.
OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT