Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
REGIONS BANK, an Alabama State
Bank, dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,,

Plaintiff,

v.

CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,

Defendant.

JOSE RENE ORTIZ,

Cross-Complaint,

v.

ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to

Case No.  2:25-cv-00359 CAS KSx)

**DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE FIST AMENDED COMPLAINT**

Date:    March 23, 2026
Time:    10:00 a.m.
Crtrm.:  8D

5871581v1 | 100287-0289

1

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

35, inclusive,

    Cross Defendants.

WASHWORLD, INC.,

    Plaintiff,

    v.

CAR WASH MANAGEMENT LLC,

    Cross-Defendant.

I, ANDREW K. ALPER, declare as follows:

1.    I am an attorney at law duly licensed and authorized to practice law in the State of California and before all United States District Courts in the State of California. I am a Vice President and shareholder of Frandzel Robins Bloom & Csato, L.C. attorneys for Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff") herein.

2.    If called upon to testify to the matters stated herein I could and would competently testify thereto.

3.    I am the attorney at my firm who has personal knowledge of this case and I am the person at my firm who has prepared papers and pleadings in this case although other attorneys may have assisted me. In connection with this case, I have communicated with Katharine Walton on behalf of Washworld, Inc. ("Washworld") (at times Michael Gannon was present but the communications have been with Katharine Walton except for a recent letter from Mr. Gannon), a Defendant, Counterclaimant and Cross-defendant. I have communicated with attorney Lisa Mitts Patrick who represents Defendant, Cross-complainant and Cross-defendant Jose Rene Ortiz ("Ortiz").

4.    I prepared and filed a "meet and confer" declaration in connection with this Motion for Leave to File an Amended Complaint ("Motion") and I request the Court to take judicial notice of this Declaration. As one of the many grounds that

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Washworld states in its Opposition to the Motion is the Motion should not be considered because there is an alleged failure to comply with Local Rule 7-3 in meeting and conferring. Nowhere is there any Declaration from Washworld by its' counsel, Katharine Walton or Michael Gannon of Baker & Hostetler, that Plaintiff did not comply with the Local Rule. Nowhere is there a contention in a Declaration showing prejudice to Washworld. And it would have been easy for Washworld to allow the Motion to be granted and then file a Rule 12 (b) (6) Motion to Dismiss. Instead Washworld's "fail to meet and confer argument" is made on Pages 17-20 of the Opposition. Obviously, given the Opposition papers that Washworld filed to the Motion it is abundantly clear that no amount of meeting and conferring in this case would have resulted in an agreement to file the Motion and allow Washworld to thereafter file its responsive pleading. In fact, it is clear from the Opposition that the Opposition is mostly a Rule 12 (b) (6) Motion and not so much an Opposition to the Motion since the Motion was timely filed per the Scheduling Order and creates no prejudice. This Motion was timely filed despite my attempt to obtain an enlargement of the time to file amended pleadings as a result of the problems with obtaining discovery some of which was stated in my Declaration accompanying the Motion and some of the issues are further discussed below. The reason these matters are being discussed is to demonstrate some of the issues Plaintiff has had to deal with and why the alleged failure to meet and confer by Washworld is just another one of the roadblocks placed in this litigation.

5.      First, the Rule 7-3 Objection is coming from the same law firm that after meeting and conferring on Plaintiff's Motion to Dismiss Washworld's Amended Counterclaim and, despite the contentious ongoing litigation between Washworld and Plaintiff, Washworld attempted to immediately take the Default of Plaintiff without any notice and knowing that the Motion to Dismiss the Amended Counterclaim was being prepared following a meet and confer on January 13, 2026. The attempt to take the default was on January 20, 2026, without any phone call, warning, demand,

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

correspondence or communication. As soon as the request for default was filed, I immediately filed a request to strike the entry of default because of the Washworld litigation tactics of asking for default to be entered and also filed the Rule 12 (b)(6) Motion to Dismiss Counterclaim all on the same day, January 20, 2026 (see Docket numbers 131-134 and 136). I request the Court to take judicial notice of these pleadings. After the default of Plaintiff was not entered because the Motion to Dismiss was filed, Ms. Walton filed a Declaration at Docket number 137 trying to justify her conduct in attempting to take the default of Plaintiff.  In addition and what is germane to the lack of meet and confer argument in the Opposition to the Motion, after Washworld delayed production of documents for months, when documents were finally produced, hundreds of documents were marked as CONFIDENTIAL and therefore under the Stipulated Protective Order, I requested of Ms. Walton and Mr. Gannon in writing that the designation of CONFIDENTIAL from certain documents be removed since I wanted to attach some of them to the Amended Complaint and introduce others in this litigation. As stated above, pursuant to the Protective Order, because of the alleged CONFIDENTIALITY of the documents they could not be attached as an exhibit to the Amended Complaint nor can they be filed with the Court. Of course, the initial request to remove the designation of CONFIDENTIALITY applied only to a few documents produced as WWW0000084-89 but Washworld refused to remove that designation. Therefore, at this time, they are not attached as exhibits to the proposed Amended Complaint.  Moreover, Ms. Walton and I have exchanged letters about all of the documents marked as CONFIDENTIAL by Washworld none of which can be used in Court at this time and there was no agreement to remove designations of CONFIDENTIALITY and therefore the Court will probably see pleadings filed by Plaintiff in accordance with the Stipulated Protective Order to eliminate the CONFIDENTIAL designation from hundreds of documents produced by Washworld in the near future.

6.     In addition to the foregoing, Plaintiff and Washworld continue to have

discovery disputes with respect to the initial discovery propounded by Plaintiff to Washworld and this dispute may also need Court intervention since these issues have not been resolved.

7.     As stated in my Declaration in support of the Motion, I included a chart of the discovery propounded and responded to in this case. Among the discovery propounded in this case was discovery propounded on  Defendant and Cross-complainant Jose Rene Ortiz ("Ortiz') on December 31, 2025, and January 16, 2026, which has been long overdue. I believe I received the Responses only yesterday afternoon but I have not had an opportunity to review this discovery since (a) it was only received yesterday; (b) I was in Court in Fresno in the afternoon; and (c ) I have had other matters to attend to including the preparation of this Reply.

8.     These are some of the reasons why I requested that the parties enlarge the time to file amended pleadings in this case and requested a modification of the Scheduling Order which counsel for Ortiz, Lisa Mitts Patrick, agreed to do. However, Ms. Walton refused to allow more than 30 days to file any amended pleadings and then reserved Washworld's right to oppose any Motion for Leave to Amend which would only further delay matters. Ms. Walton also wanted us to agree on an extension of other deadlines in this case which I am not opposed to doing but I could not propose any specific deadlines at this time because Plaintiff has to serve the Amended Complaint on defaulted parties, wait for pleadings from the parties in response to the Amended Complaint and let the litigation play out after the Amended Complaint was filed. Therefore, Ms. Walton would not accept this as an explanation as to why I did not want to extend other discovery deadlines in this case right now and continued to take the position she has taken in the case.  Further, the discovery and CONFIDENTIALITY issues with documents and responses will not be resolved within 30 days and, given past history in this case, Washworld had to know that these matters would not be resolved in 30 days. Therefore, for Washworld to contend that there was no proper meet and confer flies in the face of the issues and problems in this

5871581v1 | 100287-0289

5

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

throughout this case. That is also why this Motion had to be filed prior to the Motion cutoff date of February 27, 2026, even though this Amended Complaint is not necessarily the final Complaint in this case since the initial discovery requested is not close to being complete and further discovery will be conducted.

I declare under penalty of perjury under the laws of the State of California and the United States of America.

Executed this 6th day of March, 2026, at Los Angeles, California.

By: _____
ANDREW K. ALPER, Declarant

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5871581v1 | 100287-0289

6

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

5871581v1 | 100287-0289

1

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT