UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF REGIONS BANK'S MOTION TO FILE FIRST AMENDED COMPLAINT (Dkt. 146, filed on February 23, 2026)

## I.   INTRODUCTION

The Court finds that the instant motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff" or "Ascentium" or "Regions Bank") filed this action against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100. Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld. Dkt. 1 ("Compl.").

On July 16, 2025, defendant Jose Ortiz filed an answer. Dkt. 54. The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, CWM, Washworld, WCCW, Williams, and Roes 1-35. Dkt. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

On August 15, 2025, defendant Washworld filed a motion to dismiss the claims asserted against it by plaintiff. Dkt. 67. On September 25, 2025, the Court denied Washworld's motion to dismiss plaintiff's complaint. Dkt. 86.

On October 10, 2025, Washworld filed an answer to plaintiff's complaint, along with counterclaims against plaintiff. Dkt. 88 ("Counter-Compl.").

On October 28, 2025, plaintiff filed a motion to dismiss the counterclaims asserted against it by Washworld. Dkt. 102 ("Mot"). On November 25, 2025, the Court granted plaintiff's motion to dismiss Washworld's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing, with leave to amend. The Court denied plaintiff's motion to dismiss Washworld's counterclaim for negligence. Dkt. 121.

On December 31, 2025, Washworld filed a first amended answer to plaintiff's complaint, along with counterclaims against plaintiff for breach of the implied covenant of good faith and fair dealing, negligence, and negligent misrepresentation. Dkt. 130 ("First Amended Counter-Compl." or "FACC").

On January 20, 2026, plaintiff filed a motion to dismiss Washworld's First Amended Counter-Complaint. Dkt. 134. On February 11, 2026, the Court denied plaintiff's motion. Dkt. 142.

On February 20, 2026, plaintiff filed an answer to Washworld's First Amended Counter-Complaint. Dkt. 145.

On February 23, 2026, plaintiff filed the instant motion for leave to file a first amended complaint ("FAC"). Dkt. 146 ("Mot."). On March 2, 2026, Washworld filed an opposition. Dkt. 147 ("Opp."). On March 6, 2026, plaintiff filed a reply. Dkt. 150 ("Reply").[1]

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] Plaintiff filed three replies which appear largely identical. Dkts. 148, 149, 150. The Court considers dkt. 150 to be plaintiff's reply brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

## II.    BACKGROUND

The background of this case is known to the parties and set forth in the Court's February 11, 2026 order.  Dkt. 142.

## III.    LEGAL STANDARD

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a).  Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).  However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  This is because once the scheduling order is in place, the Court must modify the scheduling order to permit an amendment.  W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court has already set a deadline of February 27, 2026 for adding parties and amending pleadings.  Dkt. 112.  Therefore, movants must demonstrate "good cause" for bringing this motion under Rule 16; if "good cause" is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a).

### A.    Rule 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause."  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  Accordingly, while the Court may consider the "existence or degree of prejudice" to the opposing party, the focus of the Court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend.  Id.  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985).

### B.    Rule 15

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

When leave to amend is requested, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir.2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), overruled on other grounds, 856 F.3d 605, 616 (9th Cir. 2017) (internal quotation marks and citation omitted).

## IV.    DISCUSSION

Ascentium argues that it seeks leave to file a First Amended Complaint "to add new facts not known at the time the original complaint was filed and to add an additional claim for relief for conversion against Defendant and Counter-Claimant Washworld." Mot. at 2. Plaintiff states that "[t]he [new] facts added [in the FAC] are that CWM, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|----------|------------------------|------|----------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

connection with the fraud upon the Plaintiff[,] orally represented to Plaintiff that it had received the equipment from Washworld even though it never did; that Washworld failed to disclose that the $176,552.71 was paid to CWM as a commission; and finally, as a result of these facts, [the FAC] include[s] an additional Claim for relief against Washworld for conversion." Id. at 8. In its proposed FAC, dkt. 146, Ex. 1, plaintiff also seeks to re-add claims against Williams, against whom plaintiff's claims were previously dismissed without prejudice because plaintiff was unable to locate and serve him. Dkts. 82, 83.

Plaintiff argues that leave to amend should be granted because "[a]llowing the amendment will not cause any prejudice to any of the parties [as] discovery is still ongoing." Id. at 10. Plaintiff argues that it "remains ready, willing and able to stipulate to the filing of the [FAC] without prejudicing any party's right to file a response including a Rule 12(b)(6) motion … [but that] Washworld has not indicate[d] a willingness to do this which necessitates this Motion[,] delaying the case further." Id. at 9. Furthermore, plaintiff "offers that all other dates be continued 90 days but it is amenable to different dates to change the dates in the Scheduling Order." Id.

In opposition, Washworld argues that plaintiff's motion should be denied because its proposed FAC adds a claim for conversion against Washworld that is futile. Opp. at 3. Washworld argues that the conversion claim is futile because "[c]onduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from independent principles of tort law." Id. at 4 (quoting Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (1994)). Moreover, Washworld argues that the conversion claim is futile because it is barred by the economic loss rule, which "requires a [plaintiff] to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." Id. at 4 (quoting Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (2004)). Here, Washworld argues that because "[b]ecause Ascentium seeks tort-based recovery based on an alleged breach of contract, and because Ascentium does not allege any independent duty, the economic loss rule bars its conversion claim, which is futile." Id.

Washworld further argues that plaintiff's proposed conversion claim is futile because plaintiff lacked a possessory right to the funds that it wired to Washworld, given

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

that these funds were remitted to Washworld as "collateral" for CWM's purchase of certain equipment financed by Washworld. Id. at 9.

Washworld also argues that leave to amend should be denied because Ascentium was unduly delayed in seeking leave to file a FAC to assert a claim of conversion against Washworld. Id. at 12. Washworld argues that this delay "would inflict prejudice on Washworld, including accelerated and duplicative discovery, deposition re-sequencing, potentially resetting mediation, and pushing trial into 2027." Id. at 12.

Finally, Washworld argues that leave to amend should be denied because plaintiff "refused to confer" prior to the filing its motion, in violation of Local Rule 7-3. Id. at 17-20.

In reply, plaintiff argues that its proposed claim for conversion against Washworld is proper under Federal Rule of Civil Procedure 8(d)(2) and (3), which allow a party to plead alternative, inconsistent theories for relief. Reply. at 3. Plaintiff further argues that Williams should be added back to plaintiff's action because "Washworld has an address where it contends Williams was served" and following the Court's dismissal of plaintiff's claims against Williams without prejudice, dkt. 83, defendant "Ortiz was able to serve Williams with his Crossclaim on November 4, 2025." Id. at 6 (citing dkt. 105). Plaintiff further argues that it met and conferred with Washworld prior to filing its motion because plaintiff's counsel, on February 7, 2026, conferred with Washworld's counsel to inquire whether Washworld would stipulate to a sixty-day extension of time to file amended pleadings, but that Washworld refused plaintiff's offer as to a stipulation. Id. at 7.

The Court finds it appropriate to grant plaintiff leave to amend to file a First Amended Complaint. As an initial matter, while the Court notes that plaintiff may not have complied with Local Rule 7-3[2], the Court nonetheless finds it appropriate to consider plaintiff's motion on the merits.

---

[2] Local Rule 7-3 states:

    [C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss … the substance of the contemplated motion and any potential resolution. … at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration … that sets forth … the date(s) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

The Court finds that there is good cause to grant plaintiff leave to file a FAC because plaintiff was reasonably diligent in filing its instant motion after learning new facts. As to defendant Williams who was previously dismissed from the case on September 19, 2025 following plaintiff's failure to locate and serve him, dkt. 83, Ortiz was subsequently able to locate and serve his crossclaims on Williams on November 4, 2025. Dkt. 105. Because Williams' address is now known to plaintiff, there is good cause to re-add Williams to plaintiff's action. While it is unclear to the Court why plaintiff did not move earlier (i.e., shortly after November 4, 2025) to re-assert its claims against Williams, the Court nonetheless finds that plaintiff was reasonably diligent in seeking amendment. See Johnson, 975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

Consideration of the Foman factors for leave to amend also favors granting plaintiff's motion. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (Rule 15(a) "is to be applied with extreme liberality.").

First, regarding undue delay, plaintiff suggests that its motion is proper because it seeks to add new facts that provide a basis for its new claim of conversion against Washworld. Mot. at 8. However, as Washworld points out, it is unclear why these new facts are necessary to allege a claim of conversion against Washworld; instead the necessary factual allegations underlying plaintiff's new conversion claim were already pleaded in plaintiff's initial complaint filed on January 14, 2025, and it appears that plaintiff was unduly delayed in seeking to bring a conversion claim. See opp. at 13-16. Accordingly, this factor is favors denying leave to amend. See Jordan, 669 F.3d at 1324 ("Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied.").

Second, there is no evidence that plaintiff brought its instant motion in bad faith. Even if plaintiff was unreasonably delayed in making this motion, this alone, without

---

conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion.
Here, plaintiff's counsel did not appear to have discussed the instant motion with Washworld's counsel until February 20, 2026, less than seven days before plaintiff filed the instant motion. See opp. at 18; reply at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|----------|------------------------|------|-----------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

more, does not establish bad faith. See Ruben v. Marina City Club Condo. Owners Ass'n, No. 2:13-CV-01628-ODW, 2013 WL 6072998, at *2 (C.D. Cal. Nov. 18, 2013) ("Although … delay may suggest bad faith, it is not sufficient to prove bad faith by itself."). Accordingly, this factor favors granting leave to amend.

Third, "[t]he crucial factor in determining whether leave to amend should be granted is the resulting prejudice to the opposing party. Where no such prejudice is shown, leave to amend should be freely given." Jordan, 669 F.2d at 1324. Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). Washworld argues that granting plaintiff leave to file a FAC would prejudice Washworld by requiring duplicative discovery and potentially resetting mediation. Opp. at 12. The Court is unpersuaded by Washworld's arguments that granting plaintiff's motion would unduly prejudice Washworld. Discovery is ongoing, and plaintiff's newly proposed conversion claim against Washworld largely relies on the same allegations as plaintiff's existing claims against Washworld—a fact that Washworld concedes in its opposition. Opp. at 13-16. The Court anticipates that additional discovery required will be minimal and will not impose undue costs nor unduly delay resolution of the case. Thus, the Court finds that this "crucial" factor favors granting leave to amend. Jordan, 669 F.2d at 1324.

Fourth, while Washworld argues that plaintiff's conversion claim is futile, the Court at this stage declines to make such a determination, which is more properly addressed on a motion to dismiss. See SAEs Getters S.p.A. v. Aeronex, Inc., 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion ... such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend."). The Court notes that plaintiff's conversion claim does not appear futile. Thus, this factor favors granting leave to amend.

Fifth, plaintiff has not previously amended its complaint. Accordingly, this factor favors granting leave to amend.

While plaintiff may have been unduly delayed in seeking leave to file its FAC, the remaining Foman factors—including the "crucial" factor of prejudice to the opposing parties, Jordan, 669 F.2d at 1324—favor granting leave to amend. Furthermore, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | March 16, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Ninth Circuit has counseled that "[u]ndue delay by itself [] is insufficient to justify denying a motion to amend." <u>Bowles</u>, 198 F.3d at 758. Given that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" and that "[t]his policy is "to be applied with extreme liberality," the Court finds it appropriate to grant plaintiff's motion for leave to amend. <u>Eminence Cap.</u>, 316 F.3d at 1051

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Ascentium's motion for leave to amend to file a First Amended Complaint.

Plaintiff shall file its First Amended Complaint within three days of this Order.

Plaintiff shall serve its First Amended Complaint on Williams within seven days of this Order.

The Court **VACATES** the hearing scheduled for March 23, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |