Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310-979-8430
Email:    *xestrada@bakerlaw.com*
          *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago , IL 60606
Telephone: 312-416-6200
Email:    *mgannon@bakerlaw.com*
          *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

REGIONS BANK, dba ASCENTIUM CAPITAL,

Plaintiff,

v.

CAR WASH MANAGEMENT, LLC,
CAR WASH MANAGEMENT, LLC,
WEST COVINA CAR WASH LLC,
JOSE RENE ORTIZ, ANDREW PAUL
WILLIAMS, WASHWORLD, INC.,
DOES 1-100, inclusive,

Defendants.

JOSE RENE ORTIZ,

Cross Complainant,

v.

ANDREW PAUL WILLIAMS, CAR
WASH MANAGEMENT, LLC, CAR
WASH MANAGEMENT, LLC,
WASHWORLD, INC., and DOES 1 to
35, inclusive,

Cross Defendants.

**NO.: 2:25-CV-00359-CAS-KS**

**DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS IN PART PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

(1) **NOTICE OF MOTION**

(2) **MEMORANDUM OF POINTS AND AUTHORITIES**

(3) **DECLARATION**

(4) **PROPOSED ORDER**

DATE:    May 11, 2026
TIME:    10:00 AM
CTRM:    8D

WASHWORLD, INC.,

      Counter Plaintiff,

    v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

      Counter Defendant.

WASHWORLD, INC.,

      Cross Claimant,

    v.

CAR WASH MANAGEMENT, LLC,

      Cross Defendant.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 11, 2026 at 10:00 A.M., or as soon thereafter as counsel may be heard, in Courtroom 8D of the United States Courthouse, located at United States Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendant Washworld, Inc. ("Washworld") will and hereby does move (the "Motion") for an order dismissing in part Plaintiff Regions Bank d/b/a Ascentium Capital's ("Ascentium") Amended Complaint. This Motion is made pursuant to Federal Rules of Civil 12(b)(6) on the grounds that Ascentium fails to state a claim for conversion against Washworld.

Washworld bases its Motion on this Notice, the accompanying Memorandum of Points and Authorities, Declaration, and Proposed Order, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated:  March 31, 2026

**BAKER & HOSTETLER LLP**

By:    */s/ Katharine Walton*
Katharine Walton

*Attorneys for Defendant*
WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

I.      INTRODUCTION ........................................................................................1

II.    STATEMENT OF FACTS ...........................................................................1

III.   LEGAL STANDARD ..................................................................................2

IV.   ARGUMENT................................................................................................3

V.    CONCLUSION ............................................................................................6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Ascentium's conversion claim against Washworld must be dismissed because Ascentium failed to allege a key requirement of that claim.  Specifically, conversion requires that Ascentium had an immediate right to possession of the funds that it transferred to Washworld at the time of the alleged conversion.  Ascentium never pled this, which is not surprising given that, once the funds were voluntarily transferred from Ascentium to Washworld, Ascentium only had a contractual right of future repayment by Car Wash Management, LLC ("CWM") and a security interest in the collateral.  Ascentium simply had no immediate right to possession of the funds at the time of the alleged conversion.

As such, Ascentium's conversion claim must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### II.    STATEMENT OF FACTS

Ascentium alleges that it entered into Equipment Finance Agreement No. 2763169 ("EFA") with CWM to finance CWM's purchase of car wash equipment, with repayment to occur over time through scheduled installment payments. (ECF No. 154 ¶ 12). Under the EFA, the financed transaction was structured as a secured lending arrangement. The EFA identified specific equipment and related personal property as the "collateral" and provided that CWM granted Ascentium a security interest in that collateral to secure CWM's payment and performance obligations under the EFA (ECF No. 154 ¶ 12 & Ex. 1). The EFA also set forth an installment payment schedule under which CWM would repay the loan, which was later modified by addendum to adjust both the financed amount and the repayment terms. (ECF No. 154 ¶¶ 12, 14 & Exs. 1, 3). CWM contractually agreed to repay Ascentium as follows: one payment of $34,339.71, one payment of $5,918.76, and 70 payments of $5,987,29. (ECF No. 154 Ex. 3.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ascentium further alleges that the EFA documents contemplated that Ascentium would fund the transaction by disbursing the financed amount directly to the equipment supplier. (ECF No. 154 ¶ 12). Consistent with that contractual term of the EFA, on or around March 11, 2024, Ascentium transmitted an ACH payment of $309,054.80 directly to Washworld with no restriction placed on the funds (e.g., the money was not put in escrow, was not subject to express conditions (beyond Car Wash Management), and was not restricted by a written disbursement agreement). (ECF No. 154 ¶¶ 17–18).

Although Ascentium alleges that the payment was later discovered to be "mistaken," Ascentium does not allege that the ACH transfer was unauthorized at the time Ascentium made the ACH payment. (ECF No. 154 ¶¶ 17–18, 71). Nor does Ascentium allege that Ascentium retained possession, dominion, or control over the ACH funds sent to Washworld at the time of transfer. That is because Ascentium cannot; the EFA documents defined Ascentium's right to a future expectancy of repayment by CWM and a security interest in the equipment collateral, rather than continued possessory interest in funds once disbursed. (ECF No. 154 ¶ 12 & Ex. 1).

## III.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wazana Bros. Int'l, Inc. v. Int'l Laser Grp., Inc.*, No. CV 12-1850 PA (PJWX), 2013 WL 12124386, at *2 (C.D. Cal. Mar. 25, 2013) (Anderson,

J.) (citing *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003)). And the Court is not "required to accept as true allegations that contradict exhibits attached to the Complaint . . . ." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## IV. ARGUMENT

A conversion claim requires more than an allegation that money was paid and later wrongfully retained. Under California law, Ascentium must plead facts showing it had ownership or an immediate right to possession of the specific property **at the time of the alleged conversion**. Ascentium's claim fails for this reason, as it cannot demonstrate Ascentium had any immediate right to possession of the funds at the time of the alleged conversion.

"Conversion is the wrongful exercise of dominion over the property of another." *Greka Integrated, Inc. v. Lowrey*, 133 Cal. App. 4th 1572, 1581, 35 Cal.Rptr.3d 684 (2005) (citation omitted). To state a claim for conversion, Ascentium must allege the following elements: (1) ownership or right to possession of the property; (2) wrongful disposition of the property right; and (3) damages. *Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003). Where the alleged property is money, the claim is even narrower. The money must be a specific, identifiable sum, and the *plaintiff must have had an immediate right to possess that sum*. *Kim v. Westmoore Partners, Inc.*, 201 Cal. App. 4th 267, 284, 133 Cal. Rptr. 3d 774, 789 (2011).

The first element of conversion is fatal to Ascentium's claim. California law requires Ascentium to plead **ownership or an immediate right** to possession of the property at the time of the alleged conversion. *Voris v. Lampert*, 7 Cal. 5th 1141, 1150, 446 P.3d 284, 290 (2019). But once money is voluntarily delivered under an agreement, the payor generally retains only contract rights. That required possessory interest is absent here. Ascentium alleges it wired $309,054.52 to Washworld in March 2024 pursuant to its financing arrangement with Car Wash Management. (ECF No. 154 ¶ 18). Under the EFA, Ascentium's rights were limited, at the time of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

March 2024 payment, to (1) a contractual right to future repayment by CWM; and (2) a security interest in collateral, not the money disbursed to Washworld:

- "Security Interest: You hereby grant to us a security interest under the Uniform Commercial Code ('UCC') in the Collateral and all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing. Such security interest is granted to secure payment and performance by you of your obligations hereunder." (ECF No. 154 at Ex. 1 § 3.)

- "COLLATERAL: Items of equipment, inventory and personal property related thereto as generally described herein… a more detailed description of the property being financed shall be maintained by us among our books and records… Personal Property Description: CONVEYOR & EQUIPMENT FOR BAY." (ECF No. 154 at Ex. 1 at "COLLATERAL".)

- Personal Property: The Collateral will be and shall remain personal property… You shall keep the Collateral free from any and all liens and encumbrances other than those in our favor. You hereby irrevocably authorize us… to file… any financing statement(s) or security agreement(s) with respect to the Collateral. (ECF No. 154 at Ex. 1 § 8.)

- "PAYMENT SCHEDULE: 1 @ $34,339.71, 71 @ $5,918.76" (ECF No. 154 at Ex. 1.)

- "The Financed Amount is hereby changed from $343,394.23 to $346,904.75. The Payment Schedule is hereby changed from 1 @ $34,339.71, 71 @ $5,918.76 to 1 @ $34,339.71, 1 @ $5,918.76, 70 @ $5,987.29" ((ECF No. 154 at Ex. 3.)

These contractual rights under the EFA establish that Ascentium did not have either an ownership or an immediate right to possess the funds paid to Washworld. "[T]he simple failure to pay money owed does not constitute conversion," and "a mere contractual right of payment, without more," is insufficient; the plaintiff must

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

identify a specific, identifiable fund in the defendant's hands to which the **_plaintiff has a present possessory right_**. *Upside Health, Inc. v. Cabeau, Inc.*, 2023 WL 7278288, at *5 (Cal. Ct. App. Nov. 3, 2023) (quoting and applying *Voris v. Lampert*, 7 Cal. 5th 1141, 1150–52 (2019)).

A security interest, standing alone, does not give a secured party such as Ascentium a present right to possession of money already disbursed to Washworld before CWM's default. When CWM defaulted many months after the March 2024 ACH payment, Ascentium had a later-arising enforcement right pursuant to the EFA against CWM and the guarantors, but that later-arising right does not retroactively convert an earlier voluntary payment into a tortious taking of Ascentium's property.

The timing is dispositive. California law requires the right to possession to exist at the time of the alleged conversion. *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 446 (1997) ("A party need only allege that it is entitled to immediate possession at the time of conversion."). Ascentium's own allegations demonstrate that neither Ascentium, nor Washworld, discovered Car Wash Management's fraud until months later, with Ascentium first reaching out to Washworld in May 2024 and declaring the Equipment Finance Agreement in default in October 2024 (ECF No. 154 ¶¶ 23-24, 29). Ascentium's conversion claim is purely an attempt to shift Ascentium's loss due to Car Wash Management's fraud onto Washworld. CWM's later default did not transform the earlier payment to Washworld into a conversion of Ascentium's property.

Conversion is a possessory tort, not a substitute for breach of contract, unjust enrichment, or money had and received. *See generally Voris v. Lampert*, 7 Cal. 5th 1141 (2019). Ascentium's allegations, taken as true, establish only that it funded a transaction, expected future repayment as from CWM under the EFA, and later claimed the payment should be recovered after the transaction failed, Ascentium discovered the alleged fraud, and CWM defaulted. That does not constitute a present property interest in the payment made to Washworld in March 2024. Because

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

Ascentium did not have an immediate right to possess the funds when they were paid, Ascentium cannot state a claim for conversion.

Accordingly, the conversion claim should be dismissed under Fed. R. Civ. P. 12(b)(6). Because the defect is legal and follows from the nature of Ascentium's rights under the EFA, dismissal should be with prejudice, as Ascentium cannot allege facts showing that, notwithstanding the disbursement, it retained a present possessory interest in a specific, identifiable fund.

## V.   CONCLUSION

For the foregoing reasons, Washworld respectfully requests that the conversion claim of Ascentium's Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated:  March 31, 2026        **BAKER & HOSTETLER LLP**

By:  /s/ Katharine Walton
Katharine Walton

Defendant WASHWORLD, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 1,736 words, which complies with the word limit of L.R. 11-6.1.

Dated:  March 31, 2026        **BAKER & HOSTETLER LLP**

By:  /s/ Katharine Walton
Katharine Walton

Defendant WASHWORLD, INC.

## CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On March 31, 2026, I served a copy of the within document(s):

**DEFENDANT WASHWORLD, INC.'S MOTION TO DISMISS IN PART AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876) **FRANDZEL ROBINS BLOOM & CSATO, L.C.** 1000 Wilshire Boulevard, Nineteenth Floor Los Angeles, CA 90017 Telephone: 323-852-1000 Facsimile: 323-651-2577 Email: *aalper@frandzel.com* | *Attorneys for Plaintiff* REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522) **LAW OFFICE OF LISA MITTS PATRICK** 112 E. Amerige Ave., Suite 313 Fullerton, CA 92832 Telephone: 714-990-3693 Facsimile: 657-234-0012 Email: *lolmp2021@gmail.com* | *Attorneys for Defendant and Cross Defendant* JOSE RENE ORTIZ |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on March 31, 2026, at Chicago, Illinois.

*/s/ Katharine Walton*

WASHWORLD'S MP&A I/S/O MOTION TO DISMISS ASCENTIUM'S AMENDED COMPLAINT
CASE NO.: 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES