Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff, Regions Bank
An Alabama State Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, <br><br> Defendant. | Case No.  2:25-cv-00359 CAS KSx) <br><br> **OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S. MOTION TO DISMISS PART OF FIRST AMENDED COMPLAINT** <br><br> Date:    May 11, 2026 <br> Time:    10:00 a.m. <br> Crtrm.:  8D |
| JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to | |

5916786v1 | 100287-0289

1

35, inclusive,

    Cross Defendants.

WASHWORLD, INC.,

    Counter-Claimant,

    v.

REGIONS BANK D/B/A ASCENTIUM CAPITAL,

    Counter-Defendant

WASHWORLD, INC.,

    Plaintiff,

    v.

CAR WASH MANAGEMENT LLC

    Cross-Defendant.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

TO THE COURT, AND TO ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL:

Plaintiff and Counter-Defendant Regions Bank doing business as Ascentium Capital ("Plaintiff") submits the following Opposition to the Washworld, Inc. ("Washworld") Motion To Dismiss Part of Plaintiff's Amended Complaint (the "Motion") as follows:

## I.    **INTRODUCTION**

Car Wash Management, LLC ("CWM") entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Plaintiff in order for Plaintiff to make a loan to CWM to finance the acquisition of car wash equipment for the financed amount of $343,394.23 with respect to equipment presumably being acquired by CWM initially from AVW Equipment Company, Inc. ("AVW") an equipment supplier selected by CWM. Pursuant to the terms of the EFA, after an initial payment, CWM was required to make 71 monthly payments until the loan was paid in full.  In

connection with execution of the EFA, CWM also executed, among other documents, an Authorization to Perform Verbal Verification, Prepayment Addendum, Authority and Incumbency Certificate, Delivery and Acceptance Certificate, and Commencement Agreement whereby CWM requested that Plaintiff pay the supplier of the Equipment which was AVW. The loan was also personally guaranteed by Defendant and Cross-defendant Jose Rene Ortiz ("Ortiz") and another entity known as West Covina Car Wash ("WCCW").

Initially the equipment was to have been ordered through AVM but according to CWM when AVW could not timely deliver all of the equipment, CWM by and through CEO Andrew Williams ("Williams") the supplier of the equipment was changed to Washworld. The EFA was amended to reflect modified payment terms after it was initially executed and the change in supplier to the Washworld equipment and also an Addenda to the EFA was executed slightly increasing the amount of the funding and the payments.

In addition, CWM was a distributor of Washworld equipment and, according to Washworld, distributors have access to Washworld's order forms to order equipment. In order for Plaintiff to pay the loan proceeds for its borrower which was CWM (or any Washworld customer acquiring Washworld equipment) directly to Washworld to acquire the equipment so Washworld would be paid for the sale of its equipment Washworld had executed a simple one page contract with Plaintiff called Funding Instructions, which sets forth the specific terms under which Plaintiff would pay Washworld the proceeds for any loans being financed so Plaintiff's borrower and Washworld's customer (in this case CWM) so the equipment would be paid for and there would be no outstanding balance due to Washworld and the equipment would then be delivered to CWM. As a result of receiving the Washworld order for the CWM equipment, which was the subject of the loan, Plaintiff paid the initial sum of $309,054.80 to Washworld. The Funding Instructions state, among other terms:

"Payee [Washworld] agrees any funds received from Ascentium

5916786v1 | 100287-0289

3

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

[Plaintiff] are for the sole purpose of advancing funds for Payee's customer to pay the purchase orders, invoices, quotes, or proposals for the application transaction.  If funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to or as directed by Ascentium [Plaintiff]."

The Commencement Agreement executed by CWM by and through Defendant Ortiz was executed because the borrower wanted the equipment paid for before it was delivered and the borrower requested that Plaintiff fund the supplier of the equipment even though the equipment has not been received. As stated in the Commencement Agreement: "The Collateral is being delivered to you at various times and the supplier(s) and vendor(s) …of the Collateral have to be paid for each item of Collateral at or before delivery to you….and the Agreement [the EFA] is non-cancellable and in full force and effect… immediately though even though items of Collateral remain to be delivered to you…." The Commencement Agreement then goes on to state the contractual terms which allowed and requested that Plaintiff pay the supplier which was Washworld even though the equipment had not been delivered.  Therefore, once this Commencement Agreement was signed, Plaintiff no longer required another Delivery and Acceptance Certificate like the one CWM signed with AVW.

In addition, Plaintiff orally verified with Ortiz that the Washworld equipment had been delivered and that it could fund Washworld.

On March 11, 2024, when Plaintiff paid the sum of $309,054.80 to Washworld it also issued a document called Payment Notification which stated the name of the customer, the applicable contract number, the amount wired to Washworld and the name of the person for Washworld to contact if it had any questions or issues regarding this payment or the transaction. This is not the first time that Plaintiff and Washworld had done business. Almost every transaction between Washworld and Plaintiff was done the same way and had a similar Payment Notification. Plaintiff had funded around 20 such transactions with Washworld.

OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S. MOTION TO DISMISS PART OF FIRST AMENDED COMPLAINT

Washworld never delivered the equipment to CWM that is the subject of the Washworld Purchase Order sent to Plaintiff by CWM. Notwithstanding the fact that Washworld never delivered the equipment that was the subject of the purchase order, CWM orally represented to Plaintiff that it in fact received that equipment.

After Washworld received the $309,054.80 from Plaintiff for the purchase by CWM for the specific equipment submitted to Plaintiff, instead of contacting Plaintiff to ask why Washworld was receiving this money since Washworld contends that this Purchase Order is false, Washworld inexplicably contacted CWM its distributor and customer which may be the agent of Washworld and not Plaintiff with respect to why this money was being received. According to Washworld, Williams told Washworld that $132,509.09 of the $309,054.80 was to fund a different order for a customer of Washworld and CWM called Conserve Fuels totally unrelated to the loan being made by Plaintiff where allegedly there was an outstanding order open and Washworld was owed this sum. Washworld then was advised by Williams of CWM that the rest of the money was for the purpose of acquiring "ancillary" equipment not from Washworld but from a different supplier. Therefore, Washworld sent the balance of $176,552.71 to CWM ignoring the terms of the Funding Instructions contract which required Washworld to return to Plaintiff any funds that Washworld is not entitled to the money unless it was for the purchase of new equipment being sold by Washworld to its customer. Why Washworld would be receiving the balance of the $309,054.80 for other non-Washworld equipment defies any logic and Washworld should have known that. But again, purposely and intentionally Washworld chose not to contact Plaintiff about the money. Plaintiff has now learned in this case through discovery that Washworld actually paid CWM the $176,552.71 as a commission on the Conserv Fuels transaction and not what Washworld represented to Plaintiff once Plaintiff discovered the fraud.

Based upon facts known to Plaintiff at the time of the filing of the Complaint, Plaintiff filed its complaint alleging claims for relief for Breach of Equipment Finance

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Agreement, Breach of Guaranty, Breach of Guaranty, Fraud/Concealment, Recovery For Payment of Money By Mistake, Unjust Enrichment, Breach of Contract and Money Had and Received.

Subsequent to the filing of the Complaint and after some discovery was conducted (although there are disputes with respect to compliance with the discovery) Plaintiff determined it was necessary to add additional facts and assert an additional claim for relief against Washworld for conversion of the $309, 054.80. Plaintiff had to file a Motion for Leave to File the First Amended Complaint instead choosing to file Opposition essentially making the same claims and contentions as set forth in this Motion to Dismiss the new Claim for Conversion. This Court granted that Motion for Leave to File the Amended Complaint.  Now, Washworld is taking a second bite at the apple and filing this Motion to Dismiss asserting that Plaintiff's claim for conversion fails to state a claim for relief.  As set forth herein, a claim for conversion has been properly pled and the instant motion must be denied.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure, Rule 12(b) permits a responding party to assert various defenses to complaints or counterclaims by motion including a failure to state a claim upon which relief may be granted (Fed. Rule Civ. Proc. 12(b)(6); *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678. (Stated claim for relief must be plausible on its face also citing *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 570.)  A Rule 12(b)(6) motion tests the legal sufficiency of a claim or claims stated in the Complaint [or Counterclaim]. *Rutman Wine  Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829 F.2d 729, 738.  To determine whether a claim is plausible a court must take notice of elements of a claim and a plaintiff [or counterclaimant] must prove the stated claim (*Ashcroft supra* at 556 U.S. at 681).

### A.    A CLAIM FOR RELIEF FOR CONVERSION HAS BEEN PROPERLY PLED

The Motion is founded on the underlying theory that a claim for conversion has

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5916786v1 | 100287-0289

6

OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S. MOTION TO DISMISS PART OF FIRST AMENDED COMPLAINT

not been properly pled because the "economic loss rule requires Ascentium to recover in contract for purely economic loss due to unmet expectations, unless Plaintiff can demonstrate harm above and beyond a broken contractual promise" and somehow Plaintiff's breach of contract claim morphed into the tort claim of conversion. Plaintiff has not attempted to convert the breach of contract claim (where Washworld has continually throughout its pleadings in this case denied that an enforceable contract exists) but rather the First Amended Complaint alleged the separate independent tort of conversion. [1]

Even though the Motion attempts to point out that a claim for Conversion has not been pled, there is no doubt that this Claim has not only been properly pled but Plaintiff will prevail on it. To state a Claim for conversion the elements are: (1) Plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of Plaintiff's property; (3) and damages (see *Lee v. Hanley* (2015) 61 Cal 4th 1225, 1240). For example, the taking of money can be the subjection of a claim for conversion and has been discussed in *PCO, Inc v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP* (2007) 150 Cal. App. 4th 384 which set for the elements of a cause of action for conversion of money. The Court stated:

> "A cause of action for conversion requires allegations of plaintiff's ownership or right to possession of property; defendant's wrongful act toward or disposition of the property, interfering with plaintiff's possession; and damage to plaintiff. [Citation.] Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment. [Citation.]" (McKell v. Washington Mutual, Inc. (2006) 142 Cal.App.4th 1457, 1491, 49 Cal.Rptr.3d 227; see Haigler v. Donnelly (1941) 18 Cal.2d 674, 681, 117 P.2d 331; Fischer v. Machado (1996) 50 Cal.App.4th 1069, 1072-1074, 58 Cal.Rptr.2d 213 [sales agent liable for conversion of proceeds from consignment sale of farm

_____

[1] The conversion cause of action does not incorporate by reference all of the allegations of the breach of contract claim for relief.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

products]; Software Design & Application, Ltd. v. Hoefer & Arnett, Inc. (1996) 49 Cal.App.4th 472, 485, 56 Cal.Rptr.2d 756 ["money cannot be the subject of a conversion action unless a specific sum capable of identification is involved."].) A "generalized claim for money [is] not actionable as conversion." (Vu v. California Commerce Club, Inc. (1997) 58 Cal.App.4th 229, 235, 68 Cal.Rptr.2d 31; 5 Witkin, Summary of California Law (10th ed.2005), Torts, § 703, pp. 1026-1027.)

. . .

The California Supreme Court stated, "While it is true that money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved [citation], it is not necessary that each coin or bill be earmarked." (Haigler v. Donnelly, supra, 18 Cal.2d at p. 681, 117 P.2d 331.) This statement appears to be in conformity with the modern view of the law. *Id. at* 395-396

The Claim for Conversion does not require a manual taking of the money; it is only an assumption of control; or ownership over the property or that the alleged converter applied the property for its own use (*Shopoff & Cavallo LLP v. Hyon (2008) 167 Cal. App. 4th 1489,1507).* Any act of dominion and control over the money inconsistent with the rights of another is conversion (*Plummer v. Day/Esienberg* (2010) 184 Cal. App. 4th 38, 50). It is a strict liability tort (*Voris v. Lampert* (2019) 7 Cal. 5th 1141, 1158).

In the instant case, in the Eighth Claim for Relief paragraph 68 of the Amended Complaint it is alleged that Washworld received $309,054.52 which it then turned around and used for purposes unrelated to the payment of the money but instead paying off an existing order to Conserv Fuels and then the rest was apparently a commission it paid to CWM presumably on the Conserv Fuels transaction. In addition, for Washworld to have applied the money to an existing order having nothing to do with the loan made to CWM and then this money to CWM as a commission demonstrates the necessary facts of conversion. Now while it is true the Funding Instructions (the document that Washworld contends is not a contract)-specifically states any money paid by Plaintiff would be to fund the acquisition of equipment by CWM for CWM, it is this fact that clearly makes the case of conversion

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5916786v1 | 100287-0289

8

even more compelling since Washworld was advised of the purpose of the payment and could not be some innocent bystander who had no knowledge of what to do with it. Instead of complying with the terms of the Funding Instructions, as alleged at paragraph 74 of the Amended Complaint, Washworld also converted the $309,054.52 by paying $176,552.71 as a commission to CWM. Washworld had no right to the $309,054.52 when took possession of the money intermeddling with the right to possession of the money if it was not used for the acquisition of the equipment in the purchase order which is the subject of the EFA. For Washworld to contend that it never had dominion and control over this specific sum clearly files in the face of the facts and any logic or good faith. While in the Motion it is true that Washworld never states that it did not receive this sum and the evidence is clear that it received the sum. But that at best would be a matter of proof and not a pleading issue. Therefore, Washworld's receipt and disbursement of those funds an act of dominion and control. A specific sum capable of identification has also been pled.

Ascentium's Claim for conversion against Washworld is not a contract claim that as somehow "morphed" into a conversion claim. Rather, the claim alleges separate facts to support a claim for conversion. The Motion must be denied.

## III.   CONCLUSION

For all the reasons set forth in the Opposition as well as the facts and allegation in the First Amended Complaint, Washworld's Motion must be denied.

DATED: April 20, 2026                     FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff, Regions Bank an
Alabama State Bank dba Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S.
MOTION TO DISMISS PART OF FIRST AMENDED COMPLAINT

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff and Counter-Defendant Regions Bank, an Alabama State Bank dba Ascentium Capital, certifies that this brief contains 2792 words, which complies with the word limit of L.R. 11-6.1.

DATED:  April 20, 2026          FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
    ANDREW K. ALPER
    Attorneys for Plaintiff, Regions Bank an
    Alabama State Bank dba Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S.
MOTION TO DISMISS PART OF FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On April 20, 2026, I served true copy(ies) of the **OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S. MOTION TO DISMISS PART OF FIRST AMENDED COMPLAINT**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on April 20, 2026, at Los Angeles, California.

_____
Rebecca Santamaria

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5916786v1 | 100287-0289

1

OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S. MOTION TO DISMISS PART OF FIRST AMENDED COMPLAINT

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon | Tel:   312-416-8187 |
| Katharine H. Walton | Email:       mgannon@bakerlaw.com |
| BakerHostetler | kwalton@bakerlaw.com |
| One North Wacker Drive, Suite 3700 | |
| Chicago. IL 60606-2859 | Attornev for Defendant Washworld. Inc. |
| | |
| Xitlaly Estrada | Tel:   310-442-8878 |
| Ava Claypool | Email:       xestrada@bakerlaw.com |
| Baker & Hostetler LLP | aclaypool@bakerlaw.com |
| 1900 Avenue of the Stars, Suite 2700 | |
| Los Angeles. CA 90067-4301 | Attornev for Defendant Washworld. Inc. |
| | |
| Lisa Mitts Patrick, Esq. | Tel: (714) 990- 3693 |
| The Law Office Of Lisa Mitts Patrick | Fax: (657) 234 - 0012 |
| 122 E. Amerige Ave., Suite 313 | Email:       lolmp2021@gmail.com |
| Fullerton, CA 92832 | |
| | Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz. aka Jose Ortiz. an individual |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5916786v1 | 100287-0289

2

OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT REGIONS BANK TO WASHWORLD INC'S.
MOTION TO DISMISS PART OF FIRST AMENDED COMPLAINT