Case No. 2:25-cv-00359-CAS-KS

FILED

2026 APR 21  PM 3: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

**Andrew Paul Williams**

12641 Antioch Rd., Suite #1045

Overland Park, KS 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

**Authorized Representative for Defendant Car Wash Management, LLC**

**(Delaware)**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,** | **Case No. 2:25-cv-00359-CAS-KS** |
| Plaintiff, | Judge: Hon. Christina A. Snyder |
| v. | **DEFENDANT CAR WASH MANAGEMENT, LLC'S NOTICE OF** |
| **CAR WASH MANAGEMENT, LLC, a** | **MOTION AND MOTION TO QUASH** |

| | |
|---|---|
| **Delaware Limited Liability Company;** **ANDREW PAUL WILLIAMS, an individual; et al.,** Defendants. | **SERVICE OF PROCESS OF THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**[Filed concurrently with Declaration of**
**Andrew Paul Williams; Declaration of**
**Jan Williams; Request for Judicial Notice; [Proposed] Order]**

Hearing Date: May 18, 2026
Hearing Time: 10:00 a.m.
Courtroom: 8D, 8th Floor

Action Filed: January 14, 2025
FAC Filed: March 17, 2026
Trial Date: December 1, 2026

## NOTICE OF MOTION AND MOTION TO QUASH

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 18, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8D of the above-entitled Court,

defendant CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company ("CWM" or "the Delaware LLC"), by and through its authorized representative Andrew Paul Williams, will and hereby does move this Court for an Order quashing the purported service of the First Amended Complaint ("FAC") upon CWM, as reflected in the Proof of Service filed by plaintiff Regions Bank dba Ascentium Capital ("Plaintiff" or "the Bank") at Docket No. 157 on April 6, 2026.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(5) on at least six independent grounds, any one of which is dispositive:

(1) The proof of service identifies **the wrong entity**—"Car Wash Management, LLC, a Hawaii Limited Liability Company." The FAC sues the Delaware entity. Service on a Hawaii entity cannot perfect service on a different entity that happens to share a trade name;

(2) The person "served" was a residential co-occupant ("Jane Doe") with no corporate role in CWM—not an officer, managing agent, or authorized agent for service—as required by Federal Rule 4(h)(1)(B), California Corporations Code § 17701.16, and California Code of Civil Procedure § 416.10;

(3) 12136 Avenida Sivrita, San Diego, is a private residence—it is not CWM's "office" or "principal place of business," as required for substituted service on an LLC. Cal. Code Civ. P. § 415.20(a);

(4) Service was effected eight (8) days past the Court-ordered service deadline of March 23, 2026 (Dkt. 153);

(5) The occupant expressly refused service ("No you're not") and physically rejected the documents by pushing them back outside the garage, such that they never remained within anyone's possession or control at the alleged place of service; and

(6) Plaintiff's own sworn representation to this Court on March 6, 2026 (Dkts. 149, 150) confirms that CWM remained unserved—a representation incompatible with Plaintiff's current claim that service was perfected on March 31, 2026 at the residence of an unrelated individual's mother.

This Motion is based upon this Notice of Motion; the concurrently filed Memorandum of Points and Authorities; the Declarations of Andrew Paul Williams and Jan Williams; the Request for Judicial Notice; the complete files and records in this action; and such further oral and documentary evidence as may be presented at the hearing on this Motion.

Pursuant to Local Rule 7-3, CWM's authorized representative attempted meet and confer with counsel for Plaintiff by letter dated April 17, 2026. Counsel for Plaintiff responded but did not agree to withdraw the defective service or stipulate

to an extension of time to respond. The parties were unable to resolve the issues presented by this Motion.

Dated: April 20, 2026

Respectfully submitted,

/s/ Andrew Paul Williams

**Andrew Paul Williams**

Authorized Representative for Defendant

Car Wash Management, LLC (Delaware)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff's purported service on Car Wash Management, LLC fails on every element of the applicable rules. Most obviously, the proof of service names the wrong entity: "Car Wash Management, LLC, a Hawaii Limited Liability Company" (Dkt. 157 at p. 1). The FAC, by contrast, names "Car Wash Management, LLC, a Delaware Limited Liability Company" (Dkt. 154, caption). Plaintiff itself has acknowledged in prior filings that CWM (the Delaware entity) has remained unserved. A proof of service against a Hawaii entity does not—and cannot—perfect service on the Delaware entity that is the actual defendant.

Compounding that threshold defect, the person "served" for the LLC was "Jane Doe"—a residential co-occupant with no corporate role, no authority to accept service on behalf of the LLC. The address used was a private family residence in San Diego—not the LLC's office or principal place of business. The service occurred eight days past the Court-ordered deadline. And the same occupant who "received" service expressly rejected it and physically pushed the documents back outside the garage.

Each of these defects is independently fatal. Together they establish that Plaintiff's service on CWM was a procedural fiction rather than compliance with the rules. The motion should be granted.

## II.   STATEMENT OF FACTS

### A.   *Plaintiff's Admission That CWM Was Never Served*

Plaintiff filed this action against "Car Wash Management, LLC, a Delaware Limited Liability Company" on January 14, 2025. Throughout 2025, Plaintiff repeatedly represented to the Court that it had been unable to effectuate service on CWM. As recently as March 6, 2026, Plaintiff's counsel stated in sworn court filings: "Ascentium was able to serve all defendants with the exception of Williams and Car Wash Management, LLC." (RJN, Exs. B-C [Dkts. 149, 150 at p. 6].) That representation was made only ten days before the Court granted Plaintiff's motion to file the FAC (Dkt. 153).

### B.   *The Court's Seven-Day Service Order*

On March 16, 2026, this Court ordered that Plaintiff "shall serve its First Amended Complaint ... within seven days" of the Order (Dkt. 153). The deadline was March 23, 2026. Plaintiff filed the FAC on March 17, 2026 (Dkt. 154). Plaintiff's first attempt at service did not occur until March 24, 2026—one day late (Dkt. 157 at p. 2). The purported substituted service on CWM did not occur until March 31, 2026—eight days past the Court-ordered deadline (id. at p. 1).

### C.   *The Wrong Entity Named in the Proof of Service*

The Proof of Service filed at Dkt. 157 identifies the "Party Served" as: "CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company." (Dkt. 157 at p. 1, emphasis added.) The FAC, in contrast, names "CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company" (Dkt. 154, caption). Those are two different entities. The Delaware entity—the defendant here—has not been served.

### D.   The Person "Served" Had No Corporate Role

The Proof of Service states that service was made by "leaving with: 'Jane Doe' (refused to provide full name) - Co-Occupant" (Dkt. 157 at p. 1). Jane Doe is Jan Williams, who is identified in her declaration filed concurrently. Mrs. Williams is a residential occupant of 12136 Avenida Sivrita, San Diego. (Jan Williams Decl. ¶ 2.) She is not an officer, director, manager, or member of Car Wash Management, LLC, and is not the company's registered agent for service of process. (Jan Williams Decl. ¶ 13.) She has never been designated or authorized by CWM to accept service of legal process on its behalf, and has never signed any document appointing her as the company's agent for service of process. (Id.)

### E.   Sivrita Is a Private Residence, Not CWM's Office

12136 Avenida Sivrita is a single-family residential property in San Diego. (Jan Williams Decl. ¶ 2.) It is not CWM's office, headquarters, principal place of business, or registered agent address. (Andrew Williams Decl. ¶¶ 11-12.) In

Plaintiff's own prior filings, Plaintiff identified CWM's last-known business address as 7776 Trade Street, Suite E, San Diego. (RJN, Ex. A [Dkt. 43].) Plaintiff made no attempt to serve CWM at that address, or at any business address, in connection with the FAC. Nor did Plaintiff attempt service on the LLC's registered agent.

### F.    The Occupant Rejected Service

When Foss attempted service on March 31, 2026, Mrs. Williams expressly told him he was trespassing on her property. (Jan Williams Decl. ¶ 6.) Foss's own declaration likewise concedes Mrs. Williams replied "No you're not" when he announced substituted service. (Dkt. 157 at p. 3.) After Mrs. Williams pressed the button to close the garage door, Foss took additional steps forward and slid papers onto the ground inside the garage. (Jan Williams Decl. ¶ 7.) Mrs. Williams re-opened the garage door and used her foot to push the papers back out onto the driveway. (Id. ¶ 9.) The papers never came to rest within any person's possession, custody, or control at the alleged place of service.

## III.   LEGAL STANDARD

Service on a limited liability company may be effected only by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, service may be made in accordance with state law. Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1).

Under California law, service on an LLC must be made on an officer, a manager, a member, the agent for service of process, or "any cashier or assistant cashier or any officer of the general partner authorized to receive service of process, or the person in charge of the office where process is to be served." Cal. Corp. Code § 17701.16; Cal. Code Civ. P. § 416.10. Substituted service on an LLC requires leaving documents with "a person apparently in charge of [the LLC's] office or usual place of business." Cal. Code Civ. P. § 415.20(a).

"Strict compliance" with service rules is required. Renoir v. Redstar Corp., 123 Cal. App. 4th 1145, 1150 (2004). Service on an unrelated residential co-occupant at a private home is not valid service on an LLC. Gibble v. Car-Lene Research, Inc., 67 Cal. App. 4th 295, 313 (1998); Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000).

## IV.  ARGUMENT

### 1. The Proof of Service Names the Wrong Entity.

The Proof of Service filed at Dkt. 157 states that the "Party Served" was "Car Wash Management, LLC, a Hawaii Limited Liability Company" (Dkt. 157 at p. 1). The defendant named in the FAC is "Car Wash Management, LLC, a Delaware

Limited Liability Company" (Dkt. 154, caption). These are two distinct juridical entities registered in two different states. Service on one is not service on the other. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Formal process" is required for jurisdiction; actual notice to a different entity is no substitute).

This is not a clerical typo. Plaintiff's counsel—the same counsel who drafted the FAC and specifically alleged in paragraph 2 that CWM is a Delaware LLC—approved and filed a proof of service identifying a Hawaii LLC as the party served. The document therefore does not purport to reflect service on the Delaware defendant. By its own terms, Dkt. 157 does not establish service on CWM the Delaware LLC. It establishes service on a different entity not before this Court.

## 2. Jane Doe Is Not an Officer, Manager, Agent, or Other Person Authorized to Receive Service for the LLC.

Federal Rule 4(h)(1)(B) and California Corporations Code § 17701.16 strictly limit who may accept service for an LLC: an officer, managing or general agent, registered agent for service of process, or an agent authorized by appointment or law. Mrs. Williams holds none of those roles. She is not CWM's registered agent for service of process; she is not an officer, director, manager, or member of CWM; and she has never been designated or authorized by CWM to accept legal process on the company's behalf. (Jan Williams Decl. ¶ 13.) She is, at most, a residential co-

occupant at her family home. Residential co-occupants who lack any statutory or appointed authority cannot accept service for a corporate entity—that is the precise holding of Gibble, 67 Cal. App. 4th at 313, and Larsen, 218 F.3d at 868. Service on Mrs. Williams for CWM is not service on CWM.

Nor can Plaintiff rehabilitate the service by invoking an "apparent authority" theory. That doctrine requires, at minimum, that service be attempted at the entity's actual place of business, where the person served is "apparently in charge." Cal. Code Civ. P. § 415.20(a); Gibble, 67 Cal. App. 4th at 313-14. 12136 Avenida Sivrita is neither CWM's registered office nor its place of business, and Mrs. Williams was not at CWM's office when she was approached in her garage. Apparent authority cannot arise from a private residential setting bearing no connection to the corporate entity.

## 3. 12136 Avenida Sivrita Is Not CWM's Office or Principal Place of Business.

California Code of Civil Procedure § 415.20(a), governing substituted service on an LLC, requires the substituted service to occur at the LLC's "office, place of business, or usual mailing address." 12136 Avenida Sivrita is none of these. The Sivrita residence has never been listed or registered as CWM's office, principal place of business, or mailing address of record in any state filing, governmental record, or public business record. (Jan Williams Decl. ¶ 14; Andrew Williams Decl. ¶¶ 11-12.)

It is the private single-family home of Paul and Jan Williams. (Jan Williams Decl. ¶ 2.)

Plaintiff itself has acknowledged a different address for CWM. In Dkt. 43 (6/10/25), Plaintiff identified CWM's address as "7776 Trade Street, Suite E, San Diego, CA 92121." (RJN, Ex. A.) Plaintiff made no attempt to serve CWM at that Trade Street address—or at any commercial or business address—before purporting to serve the LLC through a residential co-occupant at an unrelated family residence.

## 4. Service Was Made Eight Days Past the Court-Ordered Deadline.

On March 16, 2026, this Court ordered Plaintiff to serve the FAC within seven days (Dkt. 153)—by March 23, 2026. Plaintiff purported to serve CWM on March 31, 2026 (Dkt. 157 at p. 1)—eight days late. Plaintiff has not sought an extension of the Court's deadline at any time. Where a court has imposed a specific service deadline in a specific order, "the appropriate remedy for the failure to comply is the one the deadline was designed to enforce." In re Cabrini Med. Ctr., 489 B.R. 7, 17 (S.D.N.Y. 2012). Service effected past the deadline must be quashed. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

## 5. The Occupant Refused Service and Physically Rejected the Documents.

The Proof of Service reflects that when Foss announced substituted service, Mrs. Williams expressly replied, "No you're not" (Dkt. 157 at p. 3). Mrs. Williams's

declaration adds that she had previously told Foss he was trespassing on her property as he followed her up the driveway holding up his cell phone. (Jan Williams Decl. ¶ 6.) After Foss nonetheless took additional steps forward onto her property and slid papers inside the garage, Mrs. Williams re-opened the garage door and pushed the papers back outside onto the driveway with her foot. (Id. ¶¶ 7, 9.) The papers never remained in the possession, custody, or control of any person at the alleged place of service. Under Cal. Code Civ. P. § 415.20(a), substituted service requires the documents to be "left with" a competent person—not slid onto a floor and then pushed back outside moments later by the same person over her express trespass objection. Bein v. Brechtel-Jochim Grp., Inc., 6 Cal. App. 4th 1387, 1392-93 (1992).

## 6. Plaintiff's Own Admission Establishes CWM Was Not Served.

On March 6, 2026, Plaintiff's counsel informed this Court in sworn filings that "Ascentium was able to serve all defendants with the exception of Williams and Car Wash Management, LLC." (RJN, Exs. B-C [Dkts. 149, 150 at p. 6].) That admission is controlling. Plaintiff's subsequent filing at Dkt. 157—purporting to effectuate service on CWM by leaving papers with an unrelated residential co-occupant at a family home—does not remedy that prior failure. Plaintiff cannot, through a legally defective proof of service filed weeks later, manufacture the jurisdictional fact it previously conceded it lacked.

## V.   CONCLUSION

For each of the six independent reasons set forth above, the purported substituted service of the First Amended Complaint on Car Wash Management, LLC was defective and cannot confer personal jurisdiction. CWM respectfully requests that the Court:

(1) Grant this Motion and quash the purported service reflected in Docket No. 157;

(2) Find that CWM's time to respond to the First Amended Complaint is tolled pursuant to Federal Rule 12(a)(4)(A) until fourteen days after the Court's ruling on this Motion, or, in the alternative, that no response obligation currently exists because service is void; and

(3) Grant such further relief as the Court deems just and proper.

Dated: April 20, 2026

Respectfully submitted,

/s/ Andrew Paul Williams

**Andrew Paul Williams**

Case No. 2:25-cv-00359-CAS-KS

Authorized Representative for Defendant

Car Wash Management, LLC (Delaware)