Case No. 2:25-cv-00359-CAS-KS

**Andrew Paul Williams**

12641 Antioch Rd., Suite #1045

Overland Park, KS 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

**Defendant in Pro Per**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,** | **Case No. 2:25-cv-00359-CAS-KS** |
| Plaintiff, | Judge: Hon. Christina A. Snyder |
| v. | **REQUEST FOR JUDICIAL NOTICE** |
| **CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company;** | **IN SUPPORT OF MOTIONS TO QUASH SERVICE OF PROCESS OF** **FIRST AMENDED COMPLAINT** |

Case No. 2:25-cv-00359-CAS-KS

**ANDREW PAUL WILLIAMS, an individual; et al.,**

        Defendants.

Hearing Date: May 18, 2026

Hearing Time: 10:00 a.m.

Courtroom: 8D, 8th Floor

Action Filed: January 14, 2025

FAC Filed: March 17, 2026

Trial Date: December 1, 2026

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(c), defendant Andrew Paul Williams and defendant Car Wash Management, LLC (collectively, "Defendants") respectfully request that the Court take judicial notice of the following court filings in the above-captioned action, each of which is a record of the United States District Court for the Central District of California and therefore "not subject to reasonable dispute" within the meaning of Federal Rule of Evidence 201(b). See United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003) ("A court may take judicial notice of matters of public record.").

Defendants request that the Court take judicial notice of the following:

## EXHIBITS

**Exhibit A.**    Declaration of Diligence of Robert Sousa and cover filing (Dkt. 43), filed June 10, 2025, in which Plaintiff's process server declared under oath

that "[a]fter due search, careful inquiry and diligent attempts" he had been unable to effect service of process on defendant Andrew Paul Williams, and Plaintiff's counsel stated that "Plaintiff may have to apply to the court to serve by publication." The exhibit also identifies 7776 Trade Street, Suite E, San Diego, California 92121 as a last-known business address for Car Wash Management, LLC.

**Exhibit B.** Document filed by Plaintiff on March 6, 2026 (Dkt. 149), at page 6, stating: "Ascentium was able to serve all defendants with the exception of Williams and Car Wash Management, LLC."

**Exhibit C.** Document filed by Plaintiff on March 6, 2026 (Dkt. 150), at page 6, containing the same representation as Exhibit B that "Ascentium was able to serve all defendants with the exception of Williams and Car Wash Management, LLC."

**Exhibit D.** Order of this Court dated March 16, 2026 (Dkt. 153), granting Plaintiff leave to file a First Amended Complaint and ordering that "Plaintiff shall serve its First Amended Complaint on Williams within seven days of this Order." The resulting service deadline is March 23, 2026.

Case No. 2:25-cv-00359-CAS-KS

**Exhibit E.**   First Amended Complaint filed by Plaintiff on March 17, 2026 (Dkt. 154), which names "CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company" as a defendant.

**Exhibit F.**   Proof of Service of First Amended Complaint on Andrew Paul Williams (Dkt. 156), filed April 6, 2026, which purports to reflect substituted service on Williams at 12136 Avenida Sivrita, San Diego, on March 31, 2026.

**Exhibit G.**   Proof of Service of First Amended Complaint on Car Wash Management, LLC (Dkt. 157), filed April 6, 2026, which identifies the party served as "CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company" and purports to reflect substituted service on the LLC at 12136 Avenida Sivrita, San Diego, on March 31, 2026.

**Exhibit H.**   Order of this Court dated September 19, 2025 (Dkt. 83), dismissing defendant Andrew Paul Williams without prejudice.

## BASIS FOR JUDICIAL NOTICE

Each of the foregoing documents is a filing on the docket of this action and is therefore a public record of the United States District Court for the Central District of California. Federal courts "may take judicial notice of matters of public record" without converting a motion to quash into a motion for summary judgment. Ritchie, 342 F.3d at 908; Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). No

party can reasonably dispute the existence, authenticity, or content of these filings, as each was filed by the parties themselves or entered by the Court.

Defendants request that the Court take judicial notice of the existence and content of these filings for purposes of adjudicating the Motions to Quash, including for purposes of establishing (a) the timing of service relative to the Court's seven-day deadline, (b) Plaintiff's prior sworn representations regarding its inability to serve Williams and CWM, (c) the identity mismatch between the defendant CWM (a Delaware LLC) and the entity named in the Proof of Service (a Hawaii LLC), and (d) Plaintiff's prior awareness of CWM's business address (7776 Trade Street).

Dated: April 20, 2026

Respectfully submitted,

/s/ Andrew Paul Williams

**Andrew Paul Williams**

Defendant in Pro Per