UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                                    'O'

| Case No. | 2:25-cv-00359-CAS-KSx | Date | April 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:**      (IN CHAMBERS) - DEFENDANT CAR WASH MANAGEMENT, LLC'S MOTION TO QUASH SERVICE OF PROCESS OF THE FIRST AMENDED COMPLAINT (Dkt. 161, filed on April 21, 2026)

DEFENDANT ANDREW PAUL WILLIAMS' MOTION TO QUASH SERVICE OF PROCESS OF THE FIRST AMENDED COMPLAINT (Dkt. 164, filed on April 21, 2026)

## I.      INTRODUCTION

The Court finds the present motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff" or "Ascentium" or "Regions Bank") filed this action against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100. Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                                                 **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | April 30, 2026 |
|----------|------------------------|------|-----------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

breach of contract against Washworld; (7) money had and received against Washworld. Dkt. 1 ("Compl.").

On July 16, 2025, defendant Jose Ortiz filed an answer. Dkt. 54. The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, CWM, Washworld, WCCW, Williams, and Roes 1-35. Dkt. 55.

On August 15, 2025, defendant Washworld filed a motion to dismiss the claims asserted against it by plaintiff. Dkt. 67. On September 25, 2025, the Court denied Washworld's motion to dismiss plaintiff's complaint. Dkt. 86.

On October 10, 2025, Washworld filed an answer to plaintiff's complaint, along with counterclaims against plaintiff. Dkt. 88 ("Counter-Compl.").

On October 28, 2025, plaintiff filed a motion to dismiss the counterclaims asserted against it by Washworld. Dkt. 102 ("Mot"). On November 25, 2025, the Court granted plaintiff's motion to dismiss Washworld's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing, with leave to amend. The Court denied plaintiff's motion to dismiss Washworld's counterclaim for negligence. Dkt. 121.

On December 31, 2025, Washworld filed a first amended answer to plaintiff's complaint, along with counterclaims against plaintiff for breach of the implied covenant of good faith and fair dealing, negligence, and negligent misrepresentation. Dkt. 130 ("First Amended Counter-Compl." or "FACC").

On January 20, 2026, plaintiff filed a motion to dismiss Washworld's First Amended Counter-Complaint. Dkt. 134. On February 11, 2026, the Court denied plaintiff's motion. Dkt. 142.

On February 20, 2026, plaintiff filed an answer to Washworld's First Amended Counter-Complaint. Dkt. 145.

On February 23, 2026, plaintiff filed a motion for leave to file a First Amended Complaint. Dkt. 146. On March 16, 2026, the Court granted plaintiff's motion. Dkt. 153. The Court stated that "[b]ecause Williams' address is now known to plaintiff, there is good cause to re-add Williams to plaintiffs action." Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | April 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

On March 17, 2026, plaintiff filed its First Amended Complaint. Dkt. 154 ("FAC"). Plaintiff's FAC adds an eighth claim for conversion against Washworld. Id. at 16-17.

On April 6, 2026, plaintiff filed a proof of service of the FAC on Williams. Dkt. 156. The same day, plaintiff filed a proof of service of the FAC on CWM. Dkt. 157.

On April 21, 2026, CWM filed the instant motion to quash service of process of the FAC. Dkt. 161 ("Mot. by CWM"). The same day, Williams, proceeding pro se, filed the instant motion to quash service of process of the FAC. Dkt. 164 ("Mot. by Williams").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The background of this case is known to the parties and is described in the Court's February 11, 2026 order. Dkt. 142.

## III.    DISCUSSION

### A.    CWM's Motion

CWM's motion was filed by Andrew Paul Williams, an "Authorized Representative for [CWM]." Mot. by CWM at 5. It does not appear that Williams is an attorney. Because CWM is a limited liability company, it must be represented by an attorney under the Local Rules. L.R. 83-2.2.2 ("Only individuals may represent themselves *pro se*. No organization or entity of any other kind (including corporations, *limited liability corporations*, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.") (emphasis added).

Accordingly, the Court strikes CWM's motion because it does not comply with the Local Rules. CWM must be represented by an attorney in compliance with Local Rule 83-2.2.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | April 30, 2026 |
|----------|----------------------|------|----------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

### B.    Williams' Motion

Williams, proceeding *pro se*, argues that plaintiff's service of the FAC on Williams was insufficient.  Mot. by Williams at 6.

First, Williams argues that service was insufficient because it violated the Court's March 16, 2026 Order, dkt. 153, which ordered that "Plaintiff shall serve its First Amended Complaint on Williams within seven days of this Order."  Williams argues that plaintiff's first documented attempt to serve him on March 24, 2026 was one day past the Court's deadline to serve him.

Second, Williams argues that service was insufficient because plaintiff attempted service at 12136 Avenida Sivrita, San Diego, CA 92128-4547 ("12136 Avenida Sivrita"); however, "Williams does not live at 12136 Avenida Sivrita. He moved out over twelve years ago. He does not pay rent, receive mail, hold utilities, vote, or maintain any driver's license. He currently uses his commercial mailbox in Overland Park, Kansas. The Sivrita residence is his parents' home, where he occasionally visits as a guest and where certain childhood belongings remain."  Id. at 13 (citations omitted).  Williams argues that because 12136 Avenida Sivrita is not his "dwelling or usual place of abode," plaintiff's attempted service of the FAC at that address was insufficient.

Third, Williams argues that plaintiff's attempt to effectuate service on him via substituted service was insufficient under California Code of Civil Procedure § 415.20(b) because plaintiff has not established that Williams could not be personally served at his actual residence with "reasonable diligence." Id. at 15-16.

Fourth, Williams argues that plaintiff's attempted service on him at 12136 Avenida Sivrita was defective because the occupant of that address, Jan Williams, refused service and physically rejected the service documents, and because plaintiff's service agent trespassed the property by "slid[ing] the papers onto the ground inside [the occupant's] garage" after being told that the agent was trespassing.  Id. at 16-18.

The Court finds that plaintiff's substituted service on Williams at 12136 Avenida Sivrita was deficient under Rule 12(b)(5) because it does not appear that 12136 Avenida Sivrita is Williams' "dwelling or usual place of abode."  See Fed. R. Civ. P. 4(e)(2)(B). Williams declares: "My current address for legal, business, and personal correspondence is: 12641 Antioch Rd., Suite #1045, Overland Park, Kansas 66213. This commercial mail receiving agency is my current mailing address for legal and business correspondence. My telephone number is (619) 796-6469 and my email is andrew@carwashmgmt.com."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | April 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Dkt. 165 (Declaration of Andrew Paul Williams) ¶ 7.  Because Williams' residential and office addresses are unknown and have not been provided by Williams, see generally Mot. by Williams, plaintiff may properly serve Williams under Cal. Code Civ. Proc. § 415.20(c) ("[I]f the only address reasonably known for the person to be served is a private mailbox obtained through a commercial mail receiving agency, service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the commercial mail receiving agency.").  See Fed. R. Civ. P 4(e)(1) (providing that an individual may be served in a judicial district of the United States by following state law service procedures).  Plaintiff may serve Williams by leaving a copy of the summons and the FAC with the commercial mail receiving agency located at 12641 Antioch Rd., Suite #1045, Overland Park, KS 66213.  Cal. Code Civ. Proc. § 415.20(c).  Plaintiff's effectuating service on Williams in this manner shall be deemed sufficient.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **STRIKES** CWM's motion to quash service.

The Court **ORDERS** CWM—i.e., Car Wash Management, LLC of Delaware—to retain an attorney to represent it in this action within thirty (30) days of this order, in compliance with Local Rule 83-2.2.2.

The Court **GRANTS** Williams' motion to quash service.

The Court **ORDERS** plaintiff, within ten (10) days of this order, to serve Williams by leaving a copy of the summons and the First Amended Complaint with the commercial mail receiving agency located at 12641 Antioch Rd., Suite #1045, Overland Park, KS 66213.  The Court **ORDERS** plaintiff to file proof of service on Williams in this manner within fourteen (14) days of this order.

The Court **VACATES** the hearing scheduled for May 18, 2026.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |