Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:     *xestrada@bakerlaw.com*
           *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:     *mgannon@bakerlaw.com*
           *kwalton@bakerlaw.com*

*Attorney for Defendant*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00359-CAS-KS<br><br>**DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Amended<br>Complaint Filed:    03/17/2026<br>Trial Date:         12/01/2026 |
| JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | |
| WASHWORLD, INC.,<br><br>Plaintiff,<br><br>v. | |

REGIONS BANK D/B/A
ASCENTIUM CAPITAL,

               Counter Defendant.

WASHWORLD, INC.,

             Cross Complainant,

      v.

CAR WASH MANAGEMENT, LLC

             Cross Defendant.

Defendant Washworld, Inc. ("Washworld"), through its counsel of record, hereby answers Plaintiff Regions Bank d/b/a Ascentium Capital's ("Ascentium") First Amended Complaint ("FAC") and asserts its affirmative defenses and counterclaims. As a general matter, pursuant to Fed. R. Civ. P. 8(b)(3), Washworld denies each and every allegation in the FAC except as expressly admitted or qualified below.

## GENERAL ALLEGATIONS[1]

### A. Parties

1.     As to Paragraph 1 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to Ascentium's residency or business registrations, and on that basis, denies such allegations.

2.     As to Paragraph 2 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to Car Wash Management, LLC's organization and residency, and on that basis, denies such allegations.

3.     As to Paragraph 3 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to West Covina Car Wash, LLC's organization and residency, and on that basis, denies such allegations.

4.     As to Paragraph 4 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to Ortiz's residency, and on that basis, denies such allegations.

---

[1] Washworld is using the same headings as Ascentium did in its Complaint to ensure there is no confusion, but Washworld's use of the same headings is not intended as a concession of, or its agreement with, the substance/content of Ascentium's headings.

5.     As to Paragraph 5 of the FAC, Washworld admits that Williams was an officer of Car Wash Management, LLC and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

6.     As to paragraph 6 of the FAC, Washworld admits that it is a corporation organized and existing under the laws of Wisconsin with a principal place of business in Wisconsin and that none of its officers or directors are residents of Alabama. Washworld denies the remaining allegations in Paragraph 6.

7.     As to Paragraph 7 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to unknown defendants, and on that basis, denies such allegations in their entirety.

8.     As to Paragraph 8 of the FAC, Washworld denies each and every allegation contained in Paragraph 8 in its entirety.

**B. Jurisdiction and Venue**

9.     As to Paragraph 9 of the FAC, Washworld admits only that based on the allegations in the FAC that there is diversity of citizenship between Ascentium and the defendants and that Ascentium purports to seek an amount in excess of $75,000.

10.     As to Paragraph 10 of the FAC, Washworld admits only that based on the allegations in the FAC venue is proper in this District.  Except as expressly admitted, Washworld denies each and every remaining allegation contained in Paragraph 10 in its entirety.

**C. The CWM Equipment Finance Agreement**

11.     As to Paragraph 11 of the FAC, Washworld states that it sets forth legal contentions and/or conclusions that do not require any answer by Washworld. To the extent a response is required, Washworld lacks information or knowledge

4

sufficient to form a belief as to the truth of the allegation related to whether this action is subject to the Rees-Levering Act or Unruh Act, and on that basis, denies such allegations.

12.    As to Paragraph 12 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to the transaction between Car Wash Management and Ascentium, and on that basis, denies such allegations.  Washworld states that it also lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to whether Exhibit 1 is a true and accurate copy of the document, and on that basis, denies such allegations. Except as so admitted, denied.

**D.  The Amendment and Switch to Washworld as Vendor**

13.    As to Paragraph 13 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to AVW and the Equipment Financing Agreement, and on that basis, denies such allegations.  Washworld states that it also lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to whether Exhibit 2 is a true and accurate copy of the document provided from Williams to Ascentium, and on that basis, denies such allegations. Except as so admitted, denied.

14.    As to Paragraph 14 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to the transaction between Car Wash Management and Ascentium, and on that basis, denies such allegations.

**E.  The Relationship Between CWM and Washworld**

15.    As to Paragraph 15 of the FAC, Washworld admits that Car Wash Management was a distributor of Washworld products and that Washworld has been the vendor to transactions Ascentium entered into with third-parties. Washworld admits that Car Wash Management had access to a Washworld estimate form but

denies that Car Wash Management was authorized to issue quotes on the form, including the purported form referenced in Paragraph 12. Washworld denies that there was a custom and practice between Ascentium and Washworld that "most of the time these Orders were not signed by Washworld." Except as so admitted, denied.

## F.  The Washworld Funding Instructions

16.    As to Paragraph 16 of the FAC, Washworld admits that its controller completed a form titled "Funding Instructions" that provided Washworld's bank account information to Ascentium. Washworld admits that the document listed its controller's email address. Washworld admits that the quote in Paragraph 16, as modified, is a portion of the language contained in Exhibit 4 but denies that the alleged language formed a contract or was binding on Washworld. Except as so admitted, denied.

## G. The Mistaken Payment

17.    As to Paragraph 17 of the FAC, Washworld admits that on March 12, 2024, ajohnson@washworldinc.com and controller@washworldinc.com received an email from vsr@AscentiumCapital.com. Washworld denies that the table reproduced in Paragraph 17 is an accurate quotation of the contents of the email. Washworld admits that the following language appears in the March 12, 2024 email: "If you have questions about this payment, please contact your Vendor Services Representative, Maria Negri, at MariaNegri@ascentiumcapital.com or (281) 902-1938." Except as so admitted, denied.

18.    As to Paragraph 18 of the FAC, Washworld denies that Ascentium sent a payment in the amount of $309,954.00 on March 11, 2024. As to Exhibit 5, Washworld lacks information or knowledge sufficient to form a belief as to whether Exhibit 5 is a true and accurate copy, and on that basis, denies the allegation.  Except as so admitted, denied.

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.  2:25-CV-00359-CAS-KS

19.    As to Paragraph 19 of the FAC, Washworld denies every allegation in its entirety.

## H. The Fraud

20.    As to Paragraph 20 of the FAC, Washworld admits that Car Wash Management never sent or ordered the equipment in the Quote for West Covina Car Wash at Exhibit 2. Washworld lacks information or knowledge sufficient to form a belief as to whether Car Wash Management intended to order the equipment, and on that basis, denies the allegation. Except as so admitted, denied.

21.    As to Paragraph 21 of the FAC, Washworld denies the allegations in their entirety.

22.    As to Paragraph 22 of the FAC, Washworld denies that it was required to contact Ascentium regarding the ACH payment or that it concealed the "true facts" from Ascentium. Washworld admits that it contacted Car Wash Management regarding the ACH, and Car Wash Management instructed Washworld to apply the funds to a pending order. Washworld admits that it applied $132,509.09 to a pending order and returned $176,552.71 to Car Wash Management on March 19, 2024. Except as so admitted, denied.

23.    As to Paragraph 23 of the FAC, Washworld admits that on May 23, 2024, Pete Matheny of Ascentium sent to Washworld a copy of the Quote at Exhibit 2. Except as so admitted, denied.

24.    As to Paragraph 24 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to Ascentium declaring the Equipment Financing Agreement in default, and on that basis, denies such allegations. Washworld admits that Ascentium contacted Washworld on or around September 26, 2024 but denies that Washworld has any obligation to return a "mistaken payment." Except as so admitted, denied.

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.  2:25-CV-00359-CAS-KS

25.    As to Paragraph 25 of the FAC, Washworld states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation related to Car Wash Management, West Covina Car Wash, and Ortiz's alleged failure and refusal to pay the accelerated balance or to respond to the Acceleration Letter, and on that basis, denies such allegations.

26.    As to Paragraph 26 of the FAC, Washworld denies the allegations in their entirety.

## FIRST CAUSE OF ACTION

### (Against CWM for Breach of EFA)

27.    As to Paragraph 27 of the FAC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FAC set forth above, both numbered and unnumbered, as though fully set forth herein.

28.    As to Paragraph 28 of the FAC, Washworld states that because Count I is against Car Wash Management, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis, denies such allegations.

29.    As to Paragraph 29 of the FAC, Washworld states that because Count I is against Car Wash Management, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis, denies such allegations.

30.    As to Paragraph 30 of the FAC, Washworld states that because Count I is against Car Wash Management, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required,

Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis, denies such allegations.

31. As to Paragraph 31 of the FAC, Washworld states that because Count I is against Car Wash Management, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis, denies such allegations.

32. As to Paragraph 32 of the FAC, Washworld states that because Count I is against Car Wash Management, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis, denies such allegations.

## SECOND CAUSE OF ACTION

### (For Breach of Guaranty against Defendant Ortiz)

33. As to Paragraph 33 of the FAC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FAC set forth above, both numbered and unnumbered, as though fully set forth herein.

34. As to Paragraph 34 of the FAC, Washworld states that because Count II is against Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis, denies such allegations.

35. As to Paragraph 35 of the FAC, Washworld states that because Count II is against Ortiz, Washworld has no obligation to respond under Federal Rule of

Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis, denies such allegations.

36.    As to Paragraph 36 of the FAC, Washworld states that because Count II is against Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis, denies such allegations.

37.    As to Paragraph 37 of the FAC, Washworld states that because Count II is against Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis, denies such allegations.

38.    As to Paragraph 38 of the FAC, Washworld states that because Count II is against Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis, denies such allegations.

### THIRD CAUSE OF ACTION

### (For Breach of Guaranty against WCCW)

39.    As to Paragraph 39 of the FAC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FAC set forth above, both numbered and unnumbered, as though fully set forth herein.

40.    As to Paragraph 40 of the FAC, Washworld states that because Count III is against West Covina Car Wash, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to

the truth of the allegations in Paragraph 40, and on that basis, denies such allegations.

41.     As to Paragraph 41 of the FAC, Washworld states that because Count III is against West Covina Car Wash, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis, denies such allegations.

42.     As to Paragraph 42 of the FAC, Washworld states that because Count III is against West Covina Car Wash, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis, denies such allegations.

43.     As to Paragraph 43 of the FAC, Washworld states that because Count III is against West Covina Car Wash, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis, denies such allegations.

44.     As to Paragraph 44 of the FAC, Washworld states that because Count III is against West Covina Car Wash, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis, denies such allegations.

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.  2:25-CV-00359-CAS-KS

## FOURTH CAUSE OF ACTION

### (For Fraud/Concealment against CWM, Williams, and Ortiz and Does 1-10 Inclusive)

45.     As to Paragraph 45 of the FAC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FAC set forth above, both numbered and unnumbered, as though fully set forth herein.

46.     As to Paragraph 46 of the FAC, Washworld states that because Count IV is against Car Wash Management, Williams, and Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis, denies such allegations.

47.     As to Paragraph 47 of the FAC, Washworld states that because Count IV is against Car Wash Management, Williams, and Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47, and on that basis, denies such allegations.

48.     As to Paragraph 48 of the FAC, Washworld states that because Count IV is against Car Wash Management, Williams, and Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48, and on that basis, denies such allegations.

49.     As to Paragraph 49 of the FAC, Washworld states that because Count IV is against Car Wash Management, Williams, and Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the

extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49, and on that basis, denies such allegations.

50.     As to Paragraph 50 of the FAC, Washworld states that because Count IV is against Car Wash Management, Williams, and Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to Ascentium's reliance in making the payment, and on that basis, denies such allegations. Washworld denies that Ascentium's reliance was reasonable or that Washworld had any contractual obligation to contact Ascentium. Washworld further denies there was a custom and practice and course of dealing with Ascentium related to signed order. Washworld denies each and every remaining allegation contained in Paragraph 50.

51.     As to Paragraph 51 of the FAC, Washworld states that because Count IV is against Car Wash Management, Williams, and Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, Washworld states it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis, denies such allegations.

52.     As to Paragraph 52 of the FAC, Washworld states that it sets forth legal contentions and/or conclusions that do not require any answer by Washworld. Washworld states that because Count IV is against Car Wash Management, Williams, and Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, denied.

53.     As to Paragraph 53 of the FAC, Washworld states that it sets forth legal contentions and/or conclusions that do not require any answer by Washworld.

13

Washworld states that because Count IV is against Car Wash Management, Williams, and Ortiz, Washworld has no obligation to respond under Federal Rule of Civil Procedure 8(b)(1)(b). To the extent that a response is required, denied.

## FIFTH CAUSE OF ACTION

### (Against Washworld for Recovery of Money Paid by Mistake)

54.    As to Paragraph 54 of the FAC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FAC set forth above, both numbered and unnumbered, as though fully set forth herein.

55.    As to Paragraph 55 of the FAC, Washworld states that it sets forth legal contentions and/or conclusions that do not require any answer by Washworld.  To the extent a response is required, Washworld presently lacks information or knowledge sufficient to form a belief as to the underlying fraud, and on that basis, denies such allegations. Washworld denies each and every remaining allegation contained in Paragraph 55 in its entirety.

56.    As to Paragraph 56 of the FAC, Washworld denies each and every allegation contained in Paragraph 56 in its entirety.

57.    As to Paragraph 57 of the FAC, Washworld denies each and every allegation contained in Paragraph 57 in its entirety.

58.    As to Paragraph 58 of the FAC, Washworld denies each and every allegation contained in Paragraph 58 in its entirety.

## SIXTH CAUSE OF ACTION

### (Against Washworld for Breach of Contract)

59.    As to Paragraph 59 of the FAC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FAC set forth above, both numbered and unnumbered, as though fully set forth herein.

60.    As to Paragraph 60 of the FAC, Washworld denies each and every allegation contained in Paragraph 60 in its entirety.

61. As to Paragraph 61 of the FAC, Washworld admits that it contacted Car Wash Management. Washworld denies the remaining allegations in Paragraph 61.

62. As to Paragraph 62 of the FAC, Washworld denies each and every allegation contained in Paragraph 62 in its entirety.

63. As to Paragraph 63 of the FAC, Washworld denies each and every allegation contained in Paragraph 63 in its entirety.

## SEVENTH CAUSE OF ACTION

### (For Money Had and Received Against Washworld)

64. As to Paragraph 64 of the FAC, Washworld incorporates its responses to the allegations and averments of the preceding paragraphs of the FAC set forth above, both numbered and unnumbered, as though fully set forth herein.

65. As to Paragraph 65 of the FAC, Washworld denies each and every allegation contained in Paragraph 65 in its entirety.

## EIGHTH CAUSE OF ACTION

### (For Conversion Against Washworld)

66. Ascentium's eighth cause of action for conversion against Washworld was dismissed with prejudice on April 30, 2026 (ECF No. 167), so no response is required. To the extent a response is required, Washworld denies the allegations in Paragraphs 67-75 in their entirety.

## JURY DEMAND

Washworld demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Washworld asserts and alleges each of the following affirmative defenses set forth below. In asserting these affirmative defenses, Washworld is not assuming the burden to establish any fact or proposition where that burden is properly imposed on Ascentium. Washworld reserves the right to assert additional affirmative defenses based on facts that are revealed during discovery.

15

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Ascentium has failed to state facts sufficient to constitute a cause of action upon which relief can be granted against Washworld.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Ascentium's causes of action are barred, in whole or in part, by the doctrine of unclean hands because Ascentium failed to conduct proper diligence into the Car Wash Management transaction, did not verify the ability of guarantors to repay the loan, did not ask why Car Wash Management needed to switch suppliers, did not ask why AVW returned the first round of funding, did not verify whether Car Wash Management had placed an order with Washworld, did not provide Washworld with a copy of the Equipment Financing Agreement or Quote, did not require Car Wash Management to complete a new Delivery and Acceptance Certificate when the supplier allegedly changed from AVW to Washworld, and did not provide any information regarding the order number, end customer, delivery address, or specific equipment to be ordered when sending the payment notification to Washworld.

## THIRD AFFIRMATIVE DEFENSE

### (No Damages/Failure or Lack of Consideration)

Ascentium's causes of action are barred because Ascentium has not incurred any damages caused by Washworld.  The Funding Instructions lack consideration because Ascentium only provided payments based on a legal duty stemming from separate contracts between Ascentium and its borrowers if Washworld was selected as the supplier. Without these separate contracts that required Ascentium to fund loans, Ascentium made no promises to Washworld, and Washworld made no promises to do anything. Further, there was no bargained-for exchange because

16

Washworld merely provided its bank account information. Accordingly, Ascentium has no damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Unjust Recovery)

Any award of damages against Washworld would also be improper as unjust because third parties' conduct and fraud induced Ascentium to make a payment, Washworld received payment without knowing of the fraud, Washworld detrimentally relied on Ascentium's payment notification indicating funds were for a Car Wash Management order, and Washworld changed its position based on Car Wash Management/Williams' representation that Washworld should apply the funds to a specific order. Washworld in fact shipped equipment to a third party and requiring repayment would be unjust because Washworld would be out both money and equipment, leaving Washworld worse off than if Washworld never received the money.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Ascentium has waived any right to obtain the requested relief as a result of its own acts, conduct, and omissions because Ascentium did not timely discover that the ACH payment was the result of Car Wash Management's fraud on Ascentium, which allowed Car Wash Management to perpetuate fraud on Washworld. By waiting two months to assert that Ascentium had paid the money by mistake, Ascentium, through its conduct, waived its right to request that Washworld remit the money.

## SIXTH AFFIRMATIVE DEFENSE

### (Cal. Civ. Code § 3543)

Ascentium's claims are barred, in whole or in part by Ascentium's failure to perform sufficient due diligence, investigate the ability of the personal guarantors to

repay the loan, provide copies of the Equipment Financing Agreement or appended Quote to Washworld, ask any questions of AVW related to the switch in vendors, and provide any information related to the order number, end customer, delivery address, or specific equipment allegedly ordered in the ACH payment notification to Washworld. Because of Ascentium's negligence  and misplaced trust or confidence in Car Wash Management, "[w]here one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer."

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Ascentium's cause of action is barred, in whole or in part, by Ascentium's own improper conduct, acts or omissions, and Ascentium is therefore equitably estopped from recovering on any of its claims for relief because Ascentium represented through the payment notification on or around March 11, 2024 that Car Wash Management had funding for an order, Washworld acted in reliance on Ascentium's indication that Car Wash Management had received funding for an order, which was reasonable and foreseeable, and Washworld has suffered an injury based on its reliance because Washworld sent equipment to a third party and returned funds to Car Wash Management. Ascentium did not notify Washworld of the alleged fraud until two months later, in May 2024, at which time Washworld had already been injured.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith and Fair Dealing)

To the extent that the fact-finder determines that a contract was formed, Ascentium's claims are barred, in whole or in part by Ascentium's breach of the obligation of good faith and fair dealing implicit in every contractual relationship because Ascentium failed to provide copies of the Equipment Financing Agreement

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.  2:25-CV-00359-CAS-KS

or appended Quote to Washworld, and Ascentium did not provide any information related to the order number, end customer, delivery address, or specific equipment allegedly ordered in the ACH payment notification.

## NINTH AFFIRMATIVE DEFENSE

### (Express Contract)

To the extent that the fact-finder determines that the Funding Instructions are a valid contract, which Washworld disputes, Ascentium cannot recover on its claims for unjust enrichment and money had and received because Ascentium cannot pursue restitution or equitable relief if there is an express contract.

## TENTH AFFIRMATIVE DEFENSE

### (One Satisfaction Rule)

Ascentium's claims may be barred, in whole or in part, by the One Satisfaction Rule, which prevents a plaintiff from obtaining more than one recovery. Ascentium can only receive a single recovery of damages for its injury, so if Ascentium recovers on the claims for breach of contract against Car Wash Management, breach of personal guarantees against Ortiz or West Covina Car Wash, or fraud claims against Car Wash Management, Ortiz, and Williams, Ascentium cannot also recover against Washworld.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

To the extent Ascentium is awarded any damages, such damages must be reduced by the amount of Washworld's claims against Ascentium. Ascentium's claim for damages should also be offset or reduced to the extent that such claimed damages are compensated by other sources or caused by events unrelated to Washworld's conduct.

## **TWELFTH AFFIRMATIVE DEFENSE**

### **(Intentional Acts of Others/Superseding Cause)**

Washworld is informed and believes and, on that basis, alleges without conceding Ascentium is owed any amount, as to one or more of Ascentium's causes of action, that the sole and/or proximate cause of the damages claimed by Ascentium was due to willful, intentional, and/or negligent acts of persons and/or entities other than Washworld.

## **RESERVATION OF RIGHTS**

Washworld presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Washworld reserves the right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Washworld prays as follows:

1. That Ascentium take nothing by reason of the FAC;

2. That the Court enter Judgment for Washworld and against Ascentium;

3. An award to Washworld for costs and attorneys' fees incurred in defense of this action as permitted by law; and

4. For such other and further relief as the Court may deem proper.

# COUNTERCLAIMS

Washworld, Inc., for its counterclaims against Ascentium, hereby alleges as follows:

1.     Under Federal Rule of Civil Procedure 8, Washworld's Counterclaim Count I is brought in the event that the Funding Instructions are found to be a contract by the fact-finder, which Washworld disputes.

## PARTIES

2.     Washworld, Inc. is a Wisconsin corporation with a principal place of business in De Pere, Wisconsin.

3.     Regions Bank d/b/a Ascentium Capital is an Alabama bank with a principal place of business in Alabama.

## JURISDICTION AND VENUE

4.     On information and belief, this Court has diversity jurisdiction under 28 U.S.C. § 1332 because Washworld and Ascentium are citizens of different states, and the amount in controversy exceeds $75,000.

5.     Venue is proper under 28 U.S.C. § 1391(2) because this district is one in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### Funding Instructions

6.     Washworld manufactures car wash equipment for sale nationwide.

7.     Washworld works with approximately 104 active distributors to sell its equipment.

8.     At times, Washworld's distributors work with lenders to purchase equipment.

9.     To facilitate these transactions, Washworld provides its bank account information to lenders, including Ascentium.

21

10. On or about February 28, 2023, Washworld provided its bank account information to Ascentium, so that, if Ascentium had a transaction in the future where Washworld agreed to be the vendor, Ascentium could fund that transaction.

11. Ten months later, Ascentium and Car Wash Management, LLC ("Car Wash Management"), one of Washworld's distributors, entered into an Equipment Financing Agreement.

### Ascentium's Lack of Diligence

12. Upon information and belief, on or around December 2023, Car Wash Management sought to finance equipment through Ascentium.

13. The equipment Car Wash Management sought to purchase was to be installed at West Covina Car Wash LLC, an LLC formed just a few weeks prior, around December 11, 2023, located at 310 S. Vincent Avenue in West Covina, California.

14. The proposed address was the location of an existing single-tunnel car wash. A tunnel car wash is a system that moves a car from one cleaning station to the next inside of a tunnel.

15. On or around January 5, 2024, Ascentium and Car Wash Management entered into an Equipment Financing Agreement in the amount of $343,394.23 to fund the purchase of equipment for the West Covina Car Wash LLC site.

16. Car Wash Management chose AVW Equipment Company, Inc. as the initial vendor.

17. Upon information and belief, prior to finalizing the Equipment Financing Agreement, Car Wash Management's CEO, Andrew Williams, suggested that an employee, Jose Rene Ortiz, and the newly formed West Covina Car Wash LLC be guarantors for the transaction.

18. Williams personally vouched for Ortiz, suggesting that Ortiz owned 80% of Car Wash Management.

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:25-CV-00359-CAS-KS

19. Upon information and belief, Ascentium did not perform or conduct any diligence into: (1) the ownership structure of Car Wash Management; (2) the ability of the personal guarantors to repay the loan if Car Wash Management defaulted on the Equipment Financing Agreement; or (3) the location where the equipment was to be installed.

20. On or around January 8, 2024, Car Wash Management executed a Delivery and Acceptance Certificate, in which Car Wash Management certified that "all of the property which is to be leased, financed, or sold, as applicable, pursuant to the . . . equipment finance agreement . . . has been delivered to and received by the undersigned" and "the Equipment confirms in all respects to that ordered by the undersigned."

21. On or around January 2024, Ascentium funded the loan and sent funds to AVW Equipment Company, Inc.

22. On or around February 2024, Car Wash Management orally told Ascentium that AVW Equipment Company, Inc. was unable to deliver the equipment Car Wash Management ordered, equipment that Car Wash Management certified it already had in its possession on January 8, 2024.

23. On or around March 5, 2024, AVW Equipment Company, Inc. returned the funds.

24. Upon information and belief, Car Wash Management then provided Ascentium with a Washworld order form, suggesting Car Wash Management was changing vendors.

25. Upon information and belief, Ascentium asked minimal, if any, questions related to Car Wash Management's decision to cancel its order from AVW Equipment Company, Inc.

26. Upon information and belief, Ascentium did not ask why Car Wash Management needed to cancel an order when Car Wash Management had already

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.  2:25-CV-00359-CAS-KS

certified that it received the equipment from AVW Equipment Company, Inc. approximately two months prior.

27. Ascentium consciously chose to turn a blind eye to clear issues with Car Wash Management's loan when Ascentium had information to question the legitimacy of Car Wash Management's order.

28. On the order form, Car Wash Management claimed it would purchase, among other equipment, a Razor Touch Free Wash System from Washworld.

29. Car Wash Management never sent this fictitious order form to Washworld.

30. Car Wash Management never ordered the equipment from Washworld.

31. Instead, Ascentium amended the Equipment Financing Agreement to reflect the new proposed total, $346,904.75.

32. Ascentium did not verify if Car Wash Management had placed the order from Washworld.

33. Ascentium did not verify if Car Wash Management had sent the order form to Washworld.

34. Ascentium did not send Washworld a copy of the order form.

35. Ascentium did not send Washworld a copy of the Equipment Financing Agreement.

36. Ascentium did not require Car Wash Management to complete a new Delivery and Acceptance Certificate after Car Wash Management changed vendors.

37. Ascentium wired $309,054.80 to Washworld on or around March 11, 2024.

38. In the ACH payment notification, Ascentium did not identify the transaction or order number, end user or site, or specific equipment to be financed.

39.    In the payment notification, Ascentium represented that it had "issued a payment for your customer's financing," and identified Car Wash Management, LLC as the vendor.

40.    In March 2024, Car Wash Management had a pending order with Washworld, with final payment outstanding, which included Washworld equipment and ancillary equipment to be purchased from other manufacturers.

## COUNT I

## (Breach of the Implied Covenant of Good Faith and Fair Dealing)

41.    Washworld incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 40 above.

42.    Ascentium alleges that the Funding Instructions, attached hereto as Exhibit 1, is a written contract between Ascentium and Washworld.

43.    To the extent that the fact-finder determines that the Funding Instructions constitute a valid contract,[2] implied in the Funding Instructions is a covenant that Ascentium would act in good faith and deal fairly with Washworld in the performance of Ascentium's duties.

44.    Under the Funding Instructions, Ascentium was supposed to "advanc[e] funds for Payee's customer to pay the purchase orders, invoices, quotes or proposals for the application transaction."

45.    Washworld "agree[d] to deliver any equipment which is the subject of these Funding Instructions to customer's address set forth in the purchase orders, invoices, quotes or proposals for the applicable transaction."

46.    Washworld was excused from having to deliver equipment because Ascentium did not identify the equipment that was "the subject of these Funding

_____

[2]Count I is brought pursuant to Federal Rule of Civil Procedure 8, which allows inconsistent defenses and claims.

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.  2:25-CV-00359-CAS-KS

Instructions" or identify the "address set forth in the purchase order, quotes, or proposals."

47. Washworld was further excused from having to deliver equipment because Ascentium never provided the purchase order, invoice, or quote for Car Wash Management's transaction.

48. The Funding Instructions also provided that "[i]f funds to which Payee is not entitled are deposited into Payee's account or otherwise received by Payee, Payee agrees to promptly remit any such funds to, or as directed by Ascentium."

49. Ascentium consciously chose what information to include on its ACH payment notifications (i.e., vendor name), and Ascentium could have easily provided information relevant to the transaction but declined to do so.

50. Washworld was excused from having to remit funds to Ascentium because Ascentium chose not to provide Washworld with information that was the subject of the Equipment Financing Agreement, and Washworld was unable to discover Car Wash Management's fraud on its own. This allowed Car Wash Management to perpetuate fraud on Washworld by directing Washworld to apply the funds to a separate order.

51. All conditions required for Ascentium's performance occurred because Ascentium entered into an Equipment Financing Agreement with Car Wash Management that obligated Ascentium to send funds, so Ascentium knew the subject of the Funding Instructions but failed to share that information with Washworld.

52. Washworld could not perform under the Funding Instructions without the essential information required for Washworld to identify the purpose of the payment in the March 12, 2024 payment notification, including information such as: (1) the purported order form Car Wash Management provided to Ascentium, (2) an order number, and (3) the identity of the car wash site and end-customer information.

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:25-CV-00359-CAS-KS

53. By choosing not to provide this information, Ascentium did not act fairly or in good faith because Ascentium, not Washworld, was in possession of the purported order, Equipment Financing Agreement, and identity of the car wash site and end-customer information.

54. Ascentium's failure to discharge Washworld's contractual responsibilities, despite Ascentium's decision to not provide Washworld with any of the relevant documentation or information, was in bad faith. Further, this failure allowed Car Wash Management to perpetuate fraud on Washworld by instructing Washworld to apply funds to an already pending Car Wash Management order.

55. Washworld was harmed by Ascentium's conduct because Washworld processed an order for Car Wash Management that turned out to be a different order than the purported order that formed part of the Equipment Financing Agreement.

## COUNT II

### (Negligence)

56. Washworld incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 40 above.

57. Ascentium had a duty of reasonable care to perform basic diligence in its transactions and provide vendors with basic details regarding funded transactions.

58. Ascentium did not perform basic diligence.

59. Ascentium did not provide Washworld with basic information regarding Ascentium's transaction with Car Wash Management.

60. Once Ascentium became aware that Car Wash Management intended to switch vendors two months after Ascentium and Car Wash Management entered into an Equipment Financing Agreement, and two months after Car Wash Management certified it had already received the equipment the loan purported to fund, Ascentium had a duty to determine why the vendor returned the money to Ascentium.

61.    It was reasonably foreseeable that Ascentium's lack of diligence would harm Washworld.

62.    It was reasonably foreseeable that Ascentium's failure to provide basic details regarding the Car Wash Management transaction when Ascentium sent an ACH payment to Washworld would harm Washworld.

63.    Ascentium was negligent in, among other things, failing to:

   a. verify if Car Wash Management's personal guarantors had sufficient funds to pay the loan balance if Car Wash Management defaulted;

   b. investigate why Car Wash Management needed to change vendors in March 2024 for equipment Car Wash Management certified it received in January 2024;

   c. verify if Car Wash Management had actually submitted an order to Washworld or if Washworld had accepted the order;

   d. require Car Wash Management to sign and submit a new a Delivery and Acceptance Certificate after Car Wash Management purported to change vendors; and

   e. provide essential information so that Washworld could identify the purpose of the payment sent on or around March 11, 2024, such as (1) a copy of the fictitious West Covina Car Wash, LLC order form, (2) a Washworld order number, and (3) the identification of West Covina Car Wash, LLC as the fictitious end-customer.

64.    Ascentium knew or should have known that Car Wash Management's purported transaction was fraudulent.

65.    Ascentium knew or should have known that Ascentium needed to provide vendors with sufficient details regarding funded transactions.

28

66.     As a direct result of Ascentium's negligence, Washworld fulfilled an order from Car Wash Management, including (1) shipping equipment to an end-customer's site and (2) returning funds for ancillary equipment purchases to Car Wash Management.

67.     Washworld suffered damages as a result of Ascentium's breaches, including reputational damages.

## COUNT III

### (Negligent Misrepresentation)

68.     Washworld incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 40 above.

69.     Ascentium entered into an Equipment Financing Agreement with Car Wash Management in January 2024.

70.     Car Wash Management originally selected a different vendor, AVW Equipment Company, Inc.

71.     At Ascentium's request, Car Wash Management completed a Delivery and Acceptance Certificate on January 8, 2024, certifying that the equipment Car Wash Management ordered "ha[d] been delivered to, and received by" Car Wash Management.

72.     In fact, Car Wash Management did not have equipment from AVW in its possession when it executed the Delivery and Acceptance Certificate.

73.     Ascentium sent payment to AVW pursuant to the Equipment Financing Agreement.

74.     On or around March 5, 2024, almost two months after Car Wash Management certified it already received equipment, AVW returned funds to Ascentium.

75.     Upon information and belief, Ascentium did not ask AVW why the funds were returned.

76. Upon information and belief, Ascentium did not ask why Car Wash Management needed to change suppliers for equipment Car Wash Management certified that Car Wash Management had received by January 8, 2024.

77. Before issuing payment to Washworld six days later, Ascentium did not verify whether Car Wash Management had placed an order for West Covina Car Wash with Washworld.

78. Ascentium did not send the quote or Equipment Financing Agreement to Washworld.

79. Instead, Ascentium sent a payment notification to Washworld on or around March 11, 2024 representing that Ascentium had sent funds to Washworld for "Equipment" for "Customer Name" Car Wash Management, LLC, further representing to Washworld that Ascentium was funding an order for Car Wash Management.

80. Ascentium did not require Car Wash Management to complete a new Delivery and Acceptance Certificate, certifying that it had received any equipment from Washworld before disbursing funds.

81. Ascentium had no reasonable grounds for believing the representation that Ascentium was funding an order for equipment for customer Car Wash Management was true when Ascentium made the representation because Ascentium failed to (1) investigate why Car Wash Management needed to change vendors in March 2024 for equipment Car Wash Management certified it received in January 2024; (2) verify if Car Wash Management had actually submitted an order to Washworld or if Washworld had accepted the order; (3) require Car Wash Management to sign and submit a new a Delivery and Acceptance Certificate after Car Wash Management purported to change vendors; and (4) provide essential information so that Washworld could identify the purpose of the payment such as a copy of the fictitious West Covina Car Wash, LLC order form, a Washworld order

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:25-CV-00359-CAS-KS

number, and the identification of West Covina Car Wash, LLC as the fictitious end-customer.

82.     Ascentium intended that Washworld rely on the payment notification and process an order for Car Wash Management.

83.     Washworld reasonably relied on Ascentium's representation that Ascentium had funded an order for Car Wash Management.

84.     Washworld was harmed because Washworld shipped equipment and returned funds to Car Wash Management.

85.     Washworld's reliance on Ascentium's representation was a substantial factor in causing Washworld's harm.

## PRAYER FOR RELIEF

Washworld, Inc. demands judgment against the Counter Defendant Regions Bank d/b/a Ascentium Capital for damages in an amount to be determined at trial, as well as all costs of this action,  interest,  and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Washworld demands a trial by jury on all issues so triable.

Dated:  May 14, 2026                    BAKER & HOSTETLER LLP


                                        By:  /s/ Katharine H. Walton
                                             Ava Claypool
                                             Xitlaly Estrada
                                             Michael D. Gannon
                                             Katharine H. Walton

                                             *Attorneys for Defendant Washworld, Inc.*

DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.  2:25-CV-00359-CAS-KS

## <u>CERTIFICATE OF SERVICE</u>

I am employed in Chicago, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On May 14, 2026, I served a copy of the within document(s):

**DEFENDANT WASHWORLD, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

Andrew K. Alper (SBN 088876)     *Attorneys for Plaintiff*
**FRANDZEL ROBINS BLOOM &**     REGIONS BANK
**CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone:  323-852-1000
Facsimile:  323-651-2577
Email:       *aalper@frandzel.com*

Lisa Mitts Patrick (SBN 134522)     *Attorneys for Defendant and Cross*
**LAW OFFICE OF LISA MITTS**     *Defendant*
**PATRICK**     JOSE RENE ORTIZ
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone:  714-990-3693
Facsimile:  657-234-0012
Email:       *lolmp2021@gmail.com*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on May 14, 2026, at Chicago, Illinois.

*/s/ Katharine H. Walton*
Katharine H. Walton

32