AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL <br> *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 2:25-cv-00359 CAS (KSx) |
| | ) |
| CAR WASH MANAGEMENT, LLC, etc. et. al <br> *Defendant* | ) ) ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Conserv Fuel, 1945 La Media Pkwy, Chula Vista, CA 91913 and to Conserv Fuel, 6591 Collins Drive Ste E, Moorpark, CA 93021;

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Frandzel Robins Bloom & Csato, L.C 1000 Wilshire Blvd., 19th Floor, Los Angeles, CA 90017 | Date and Time: June 29, 2026 at 1:30 p.m. |
|---|---|

The deposition will be recorded by this method: Stenography, Audio and Video

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment "2" attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Regions Bank, an Alabama State Bank _____, who issues or requests this subpoena, are:

Andrrew K. Alper, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Blvd, 19th Floor, Los Angeles, CA 90017

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

5952549v2 | 100287-0289

Civil Action No. 2:25-cv-07286-AS (United States District Court, Central District of California

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ;or

   ☐ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

     I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

5952549v2 | 100287-0289

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

5952549v2 | 100287-0289

**ATTACHMENT 1**

1.      The person(s) at ConservFuel who are the most qualified and knowledgeable as to ConservFuel entering into purchase orders or invoices with Car Wash Management, LLC ("CWM") or with Washworld, Inc. to acquire car wash and related equipment.

2.      The person(s) at ConservFuel who are the most qualified and knowledgeable as to ConservFuel's payment of purchase orders or invoices it entered into with CWM and/or Washworld, Inc.  including total payments it made to CWM on any purchase order it entered into.

3.      The person(s) at ConservFuel who are the most qualified and knowledgeable as to why Washworld, Inc. paid CWM the sum of $132,509.09 for a purchase order entered into between CWM and ConservFuel or Washworld, Inc. and ConservFuel.

4.      The person(s) at ConservFuel who had communications with CWM and/or Washworld, Inc. regarding entering into purchase orders or invoices and the payment of those purchase orders or invoices,

5.      The person(s) at ConservFuel who are involved and most qualified and knowledgeable with respect to  making the decision to purchase car wash equipment including but not limited to purchasing equipment from CWM and Washworld, Inc.

6.      The person(s) at ConservFuel who are the most qualified and knowledgeable as to any commission received by CWM from Washworld for any purchase order entered into between ConservFuel and CWM.

7.      The person(s) at ConservFuel who are involved and most qualified and knowledgeable as to any contracts and/or purchase orders that were entered into between ConservFuel and West Covina Car Wash ("WCCW").

8.      The person(s) at ConservFuel who had any communications with WCCW regarding entering into any purchase orders, invoices, or contracts.

9.      The person(s) at ConservFuel who are involved and most qualified and knowledgeable as to any payments made by ConservFuel for purchase orders or invoices entered into between it and WCCW.

5952474v2 | 100287-0289

**ATTACHMENT 2**

1.      Any and all documents and writings as that term is defined by Federal Rule of Evidence, Rule 1001 (collectively "writing" or "writings") of any kind or nature with respect to ConservFuel's purchase of goods and/or equipment from Car Wash Management, LLC ("CWM').

2.      Any and all documents and writings of any kind, including but not limited to purchase orders, invoices and contracts,  reflecting the purchase of any goods or equipment from CWM for equipment that came from Washworld, Inc. ("Washworld").

3.      Any and all documents and writings of any kind or nature reflecting the payment(s) for any purchase orders, contracts and/or invoices entered into between ConservFuel and CWM.

4.      Any and all documents and writings of any kind or nature reflecting the payment by Washworld for any goods or equipment purchased by ConservFuel from CWM, including but not limited to the payment of $132,509.09.

5.      Any and all documents and writings of any kind between ConservFuel and Washworld, including but not limited to purchase orders, telephone calls, requests for proposals, correspondence, contracts, invoices and emails.

6.      Any and all documents and writings of any kind between ConservFuel and CWM, including but not limited to purchase orders, telephone calls, requests for proposals, contracts, correspondence and emails.

7.      Any and all documents and writings reflecting any commissions paid to CWM by Washworld for purchase orders, invoices, or contracts entered into between CWM and ConservFuels.

8.      Any and all documents and writings of any kind or nature reflecting any purchase orders, invoices or contracts entered into between ConservFuel and West Covina Car Wash ("WCCW").

9.      Any and all documents and writings of any kind or nature, other than purchase orders, invoices and contracts between ConservFuel and WCCW.

10.      Any and all documents and writings of any kind or nature reflecting any payments by ConservFuel for purchase orders, invoices, or contracts between it and WCCW.

5952492v2 | 100287-0289

11.    Any and all documents and writings of any kind between ConservFuel and Andrew Williams.

12.    Any and all documents and writings of any kind between ConservFuel and Travis Beaudin.

13.    Any and all documents and writings of any kind between ConservFuel and Rene Ortiz.