FILED

CLERK, U.S. DISTRICT COURT

6/1/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>    Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; | Case No. 2:25-cv-00359-CAS-KSx<br><br>**DEFENDANT ANDREW P. WILLIAMS'S EX PARTE APPLICATION TO EXTEND THE DOCKET NO. 169 DEADLINE FOR CAR WASH MANAGEMENT, LLC TO RETAIN COUNSEL AND TO CONTINUE THE FACT-DISCOVERY AND DISPOSITIVE-MOTION CUTOFFS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 6(b), 16(b)(4); L.R. 7-19] |

1

EX PARTE APPLICATION TO EXTEND DKT. 169 DEADLINE AND CONTINUE FACT-DISCOVERY AND DISPOSITIVE-MOTION CUTOFFS; MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. 2:25-cv-00359-CAS-KSx

**ANDREW PAUL WILLIAMS;**

**WASHWORLD,**

**INC.; DOES 1-100, inclusive,**

    Defendants.

_____

**ANDREW PAUL WILLIAMS,**

    Counter-Claimant, Cross-Claimant,

    and Third-Party Plaintiff,

v.

**REGIONS BANK dba ASCENTIUM**

**CAPITAL;**

**JOSE RENE ORTIZ; MARIA L. ORTIZ;**

**THE ORTIZ FAMILY TRUST OF 2024;**

**WASHWORLD, INC.; PETER**

**MATHENY;**

**ROES 1-50, inclusive,**

    Counter-Defendant,

    Cross-Defendants, and

    Third-Party Defendant.

Hon. Christina A. Snyder

Courtroom 8D

Trial Date: December 1, 2026

2

EX PARTE APPLICATION TO EXTEND DKT. 169 DEADLINE AND CONTINUE FACT-DISCOVERY AND

DISPOSITIVE-MOTION CUTOFFS; MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. 2:25-cv-00359-CAS-KSx

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that defendant Andrew P. Williams, appearing pro se, hereby applies ex parte under Local Rule 7-19 and Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4) for an order granting the following relief:

1. Extending the deadline for defendant Car Wash Management, LLC, a Delaware limited liability company ("CWM"), to retain counsel under this Court's April 30, 2026 Civil Minutes Order (Docket No. 169), by thirty days, from June 1, 2026 to July 1, 2026;

2. Continuing the fact-discovery cutoff from June 30, 2026 to August 31, 2026;

3. Continuing the dispositive-motion cutoff to September 30, 2026; and

4. Providing that the December 1, 2026 trial date, and all pretrial dates dependent upon it, remain undisturbed.

This Application is made on an ex parte basis because the Docket No. 169 deadline expires June 1, 2026 and the fact-discovery cutoff expires June 30, 2026, leaving insufficient time for a regularly noticed motion under Local Rule 6-1.

**Notice and Positions of the Parties (L.R. 7-19, 7-19.1)**

As required by Local Rule 7-19, the names, addresses, telephone numbers, and email addresses of opposing counsel are set forth in the accompanying Declaration of Andrew P. Williams. On May 31, 2026, the applicant gave written notice of this ex parte Application to all counsel of record pursuant to Local Rule 7-19.1.

Counsel for Regions Bank dba Ascentium Capital has stated that the Bank will not oppose the requested relief provided the fact-discovery cutoff is also continued, which this Application requests. Counsel for Washworld, Inc. has stated that Washworld does not oppose additional time for CWM to retain counsel, and reserves its position as to scheduling modifications until CWM has appeared through counsel. Counsel for defendant Jose Rene Ortiz does not oppose additional

3

EX PARTE APPLICATION TO EXTEND DKT. 169 DEADLINE AND CONTINUE FACT-DISCOVERY AND DISPOSITIVE-MOTION CUTOFFS; MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. 2:25-cv-00359-CAS-KSx

time for CWM to retain counsel. No party has identified any prejudice arising from the requested relief, and the trial date would remain undisturbed.

This Application is based upon this document, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Andrew P. Williams, the [Proposed] Order lodged herewith, the complete records and files in this action, and such further argument and evidence as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This Application seeks a brief, good-cause extension so that CWM, a limited liability company that cannot appear in propria persona, may complete its diligent and ongoing search for counsel, and so that incoming counsel has a meaningful opportunity to participate in fact discovery before it closes. The requested relief preserves the December 1, 2026 trial date and prejudices no party.

### II.  BACKGROUND

By Civil Minutes Order entered April 30, 2026 (Docket No. 169), the Court directed CWM to retain counsel within thirty days, that is, by June 1, 2026. CWM is a Delaware limited liability company with three members. As an artificial entity, CWM cannot appear pro se and must be represented by counsel to participate in this action.

On CWM's behalf, the applicant has diligently sought limited-scope counsel, including by contacting and conferring with multiple California litigation firms during May 2026, but has not yet completed an engagement. That search is active and ongoing.

In addition, the Court's Electronic Document Submission System is presently backlogged. On June 1, 2026, the Clerk's office confirmed a processing delay of approximately two to three weeks. As a result, documents the applicant submitted

4

EX PARTE APPLICATION TO EXTEND DKT. 169 DEADLINE AND CONTINUE FACT-DISCOVERY AND DISPOSITIVE-MOTION CUTOFFS; MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. 2:25-cv-00359-CAS-KSx

on May 27, 2026 have not yet posted to the docket, and the related summonses on the counterclaim and third-party complaint have not yet issued. The current fact-discovery cutoff is June 30, 2026.

## III. EX PARTE RELIEF IS WARRANTED

Ex parte relief is appropriate where the moving party will be prejudiced if the matter is heard on a regular noticed schedule, and where the moving party is without fault in creating the need for ex parte relief. Both conditions are present. If the Docket No. 169 deadline passes without an extension, CWM faces the prospect of further default. If fact discovery closes on June 30, 2026 before CWM's counsel can appear, CWM will be deprived of any meaningful opportunity to conduct discovery. The deadlines themselves leave no time for a regularly noticed motion under Local Rule 6-1.

## IV. GOOD CAUSE EXISTS UNDER RULES 6(b) AND 16(b)(4)

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend a deadline for good cause on a request made before the deadline expires. This Application is made before the June 1, 2026 deadline. Under Rule 16(b)(4), a scheduling order may be modified for good cause, which focuses on the diligence of the party seeking the modification. The applicant has been diligent, both in searching for counsel and in advancing the case, and the requested continuance is modest and preserves the trial date. Good cause is therefore satisfied.

## V. CONCLUSION

For the foregoing reasons, the applicant respectfully requests that the Court grant the Application and enter the [Proposed] Order lodged herewith.

Dated: June 1, 2026

Respectfully submitted,

_____

5

EX PARTE APPLICATION TO EXTEND DKT. 169 DEADLINE AND CONTINUE FACT-DISCOVERY AND

DISPOSITIVE-MOTION CUTOFFS; MEMORANDUM OF POINTS AND AUTHORITIES

Andrew P. Williams

Defendant in Pro Per

6

EX PARTE APPLICATION TO EXTEND DKT. 169 DEADLINE AND CONTINUE FACT-DISCOVERY AND

DISPOSITIVE-MOTION CUTOFFS; MEMORANDUM OF POINTS AND AUTHORITIES