Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

FILED

CLERK, U.S. DISTRICT COURT

06/10/2026

CENTRAL DISTRICT OF CALIFORNIA

BY___GSA___DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>      Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; ANDREW PAUL WILLIAMS; | Case No. 2:25-cv-00359-CAS-KSx<br><br>**EX PARTE APPLICATION FOR ORDER APPROVING NOTICE OF PENDENCY OF ACTION (LIS PENDENS); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW P. WILLIAMS [Exhibit 1: Proposed Notice of Pendency]** |

1

EX PARTE APPLICATION FOR ORDER APPROVING NOTICE OF PENDENCY OF ACTION

CASE NO. 2:25-cv-00359-CAS-KSx

WASHWORLD, INC.; DOES 1-100, inclusive,

Defendants.

ANDREW PAUL WILLIAMS,

Counter-Claimant, Cross-Claimant, and Third-Party Plaintiff,

v.

REGIONS BANK dba ASCENTIUM CAPITAL; JOSE RENE ORTIZ; MARIA L. ORTIZ; THE ORTIZ FAMILY TRUST OF 2024; WASHWORLD, INC.; PETER MATHENY; ROES 1-50, inclusive,

Counter-Defendant, Cross-Defendants, and Third-Party Defendant.

EX PARTE APPLICATION FOR ORDER APPROVING NOTICE OF PENDENCY OF ACTION

CASE NO. 2:25-cv-00359-CAS-KSx

**EX PARTE APPLICATION FOR ORDER APPROVING NOTICE OF PENDENCY OF ACTION (LIS PENDENS); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW P. WILLIAMS**

TO THE HONORABLE CHRISTINA A. SNYDER, UNITED STATES DISTRICT JUDGE:

Defendant, Counter-Claimant, and Cross-Claimant Andrew P. Williams, appearing in pro se, respectfully applies ex parte for an order approving a Notice of Pendency of Action (lis pendens) as to the real property commonly known as 402 Addleman Avenue, West Covina, California 91792 (APN 8725-008-042) (the "Subject Property"), pursuant to California Code of Civil Procedure section 405.21 as made applicable in this Court by 28 U.S.C. section 1964.

This application is made on the ground that Williams's operative Cross-Claim (Docket No. 177, entered June 2, 2026) asserts real-property claims affecting the Subject Property, and that, because Williams appears in pro se, a notice of pendency may not be recorded unless first approved by a judge of this Court. A copy of the proposed Notice of Pendency of Action is submitted herewith as Exhibit 1, and a [Proposed] Order is lodged concurrently.

<strong>MEMORANDUM OF POINTS AND AUTHORITIES</strong>

**I.  INTRODUCTION**

Williams asserts in this action that Cross-Defendant Jose Rene Ortiz fraudulently transferred the Subject Property into The Ortiz Family Trust of 2024 for no consideration, to place it beyond the reach of creditors including Williams. Williams's Cross-Claim pleads claims for actual and constructive fraudulent transfer and for imposition of a constructive trust and equitable lien on the Subject Property. Those are "real property claims" within the meaning of California Code of Civil Procedure section 405.4, and Williams is entitled to record a notice of

pendency to preserve the status quo, subject only to the judicial-approval requirement that applies because he is self-represented.

## II. LEGAL STANDARD

In a federal action, the recording and effect of a lis pendens are governed by the law of the state in which the property is located. 28 U.S.C. section 1964. Under California Code of Civil Procedure section 405.21, a notice of pendency of action "shall not be recorded unless (a) it has been signed by the attorney of record, [or] (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section." Because Williams appears in pro se, judicial approval is the prerequisite to recording.

A notice of pendency may be recorded where the pleading on file contains a "real property claim," defined as a cause of action that would, if meritorious, affect title to, or the right to possession of, specific real property. Cal. Civ. Proc. Code sections 405.4, 405.20. A claim to set aside a fraudulent transfer of, and to impose a constructive trust or equitable lien upon, specifically identified real property is a real property claim supporting a lis pendens. Kirkeby v. Superior Court, 33 Cal. 4th 642, 647-649 (2004).

## III. WILLIAMS'S CLAIMS ARE REAL PROPERTY CLAIMS AFFECTING THE SUBJECT PROPERTY

Williams's Eleventh Claim (actual fraudulent transfer, Cal. Civ. Code section 3439.04(a)(1)) and Thirteenth Claim (constructive trust and equitable lien) each seek relief that directly affects title to and the right to possession of the Subject Property. The Subject Property is specifically identified by street address, assessor's parcel number (8725-008-042), and legal description (Lot 20 of Tract 33527, Book 892, Pages 38-39, Los Angeles County). The transfer challenged was effected by Grant Deed recorded September 4, 2024 as Document No. 20240594220 for no consideration, exhibiting recognized badges of fraud under

EX PARTE APPLICATION FOR ORDER APPROVING NOTICE OF PENDENCY OF ACTION

CASE NO. 2:25-cv-00359-CAS-KSx

California Civil Code section 3439.04(b). These are precisely the claims for which a lis pendens is authorized. Kirkeby, 33 Cal. 4th at 648.

## IV. PROCEDURAL POSTURE AND EX PARTE NATURE OF THE APPLICATION

Williams seeks approval ex parte because the relief sought is the ministerial judicial approval required by section 405.21 for a self-represented party, and because the protective purpose of a lis pendens is served by prompt recording. Approval does not adjudicate the merits, expand the parties' substantive rights, or impair any party's ability to move to expunge the notice under California Code of Civil Procedure sections 405.30 through 405.39. Any party claiming an interest in the Subject Property retains the full statutory right to seek expungement, at which point Williams would bear the burden of establishing the probable validity of his real property claim. Cal. Civ. Proc. Code section 405.32. Concurrently with recording, Williams will serve the Notice on all adverse parties and all parties with a recorded interest in the Subject Property by registered or certified mail, return receipt requested, as required by section 405.22.

## V. CONCLUSION

Williams respectfully requests that the Court approve the proposed Notice of Pendency of Action (Exhibit 1) and authorize Williams to record it with the Los Angeles County Recorder, so that subsequent purchasers and encumbrancers take with constructive notice of Williams's claims to the Subject Property pending resolution of this action.

### DECLARATION OF ANDREW P. WILLIAMS

I, Andrew P. Williams, declare:

1. I am a Defendant, Counter-Claimant, and Cross-Claimant in this action and appear in pro se. I make this declaration in support of my ex parte application for an order approving a Notice of Pendency of Action. The facts stated herein are

EX PARTE APPLICATION FOR ORDER APPROVING NOTICE OF PENDENCY OF ACTION

CASE NO. 2:25-cv-00359-CAS-KSx

within my personal knowledge, and if called as a witness I could and would testify competently to them.

2. My operative Cross-Claim, entered as Docket No. 177 on June 2, 2026, asserts claims against Cross-Defendants Jose Rene Ortiz, Maria L. Ortiz, and The Ortiz Family Trust of 2024 for actual fraudulent transfer, constructive fraudulent transfer, and imposition of a constructive trust and equitable lien upon the real property commonly known as 402 Addleman Avenue, West Covina, California 91792 (APN 8725-008-042).

3. Based on the Official Records of Los Angeles County, the Subject Property was transferred into The Ortiz Family Trust of 2024 by Grant Deed recorded September 4, 2024 as Document No. 20240594220. To my knowledge and belief, the transfer was made for no consideration.

4. A true and correct copy of the proposed Notice of Pendency of Action that I seek to record is attached hereto as Exhibit 1. Concurrently with recording, and as required by California Code of Civil Procedure section 405.22, I will serve a copy of the Notice by registered or certified mail, return receipt requested, on each adverse party and each party with a recorded interest in the Subject Property, and on all counsel of record.

5. I appear in pro se and therefore cannot record the Notice without this Court's approval under California Code of Civil Procedure section 405.21.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____6/10_____, 2026.

_____*A. P. Williams*_____

Andrew P. Williams, Declarant

6

EX PARTE APPLICATION FOR ORDER APPROVING NOTICE OF PENDENCY OF ACTION

Dated: [DATE], 2026

6/10

Respectfully submitted,

A.P. Williams

_____

Andrew P. Williams, Pro Se

Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

7

EX PARTE APPLICATION FOR ORDER APPROVING NOTICE OF PENDENCY OF ACTION

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,**<br><br>Plaintiff,<br><br>v.<br><br>**CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; ANDREW PAUL WILLIAMS;** | Case No. 2:25-cv-00359-CAS-KSx<br>**[PROPOSED] ORDER APPROVING NOTICE OF PENDENCY OF ACTION (LIS PENDENS)** |

1

**WASHWORLD, INC.; DOES 1-100, inclusive,**

Defendants.

**ANDREW PAUL WILLIAMS,**

Counter-Claimant, Cross-Claimant, and Third-Party Plaintiff,

v.

**REGIONS BANK dba ASCENTIUM CAPITAL; JOSE RENE ORTIZ; MARIA L. ORTIZ; THE ORTIZ FAMILY TRUST OF 2024; WASHWORLD, INC.; PETER MATHENY; ROES 1-50, inclusive,**

Counter-Defendant, Cross-Defendants, and Third-Party Defendant.

**[PROPOSED] ORDER APPROVING NOTICE OF PENDENCY OF ACTION (LIS PENDENS)**

PROPOSED ORDER APPROVING NOTICE OF PENDENCY OF ACTION

CASE NO. 2:25-cv-00359-CAS-KSx

The Court, having considered the Ex Parte Application of Defendant, Counter-Claimant, and Cross-Claimant Andrew P. Williams for an order approving a Notice of Pendency of Action (lis pendens) as to the real property commonly known as 402 Addleman Avenue, West Covina, California 91792 (Assessor's Parcel No. 8725-008-042), and good cause appearing, FINDS and ORDERS as follows:

1. Williams's operative Cross-Claim (Docket No. 177) asserts real property claims, within the meaning of California Code of Civil Procedure section 405.4, affecting title to and the right to possession of the real property commonly known as 402 Addleman Avenue, West Covina, California 91792 (APN 8725-008-042), and legally described as Lot 20 of Tract 33527, in the City of West Covina, County of Los Angeles, State of California, as per map recorded in Book 892, Pages 38 and 39, of Maps, in the Office of the County Recorder of said County (the "Subject Property").

2. Because Williams appears in propria persona, the Notice of Pendency of Action attached to the Application as Exhibit 1 is hereby APPROVED for recording pursuant to California Code of Civil Procedure section 405.21, as made applicable in this Court by 28 U.S.C. section 1964.

3. Williams is authorized to record the approved Notice of Pendency of Action with the Recorder of Los Angeles County, and shall serve a copy of the Notice on all adverse parties and on all parties with a recorded interest in the Subject Property by registered or certified mail, return receipt requested, in accordance with California Code of Civil Procedure section 405.22.

4. This Order approves the recording of the Notice only and does not adjudicate the merits of any claim or defense. Any party claiming an interest in the Subject Property may move to expunge the Notice pursuant to California Code of Civil Procedure sections 405.30 through 405.39.

PROPOSED ORDER APPROVING NOTICE OF PENDENCY OF ACTION

CASE NO. 2:25-cv-00359-CAS-KSx

IT IS SO ORDERED.

Dated: _____, 2026

_____

Hon. Christina A. Snyder

United States District Judge

Dated: [DATE], 2026

Respectfully submitted,

_____

Andrew P. Williams, Pro Se

Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

4

PROPOSED ORDER APPROVING NOTICE OF PENDENCY OF ACTION

**RECORDING REQUESTED BY, AND WHEN RECORDED MAIL TO:**

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

**APN: 8725-008-042**

_____

(Space above this line reserved for Recorder's use only)

# NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

[Cal. Code Civ. Proc. sections 405 et seq.]

**Regions Bank dba Ascentium Capital v. Car Wash Management, LLC, et al.**

United States District Court, Central District of California, Western Division

Case No. 2:25-cv-00359-CAS-KSx (Hon. Christina A. Snyder)

**TO ALL INTERESTED PERSONS AND PARTIES:**

NOTICE IS HEREBY GIVEN that the above-entitled action is pending in the United States District Court for the Central District of California, Western Division, and that the action affects title to, and the right to possession of, the specific real property described below, within the meaning of California Code of Civil Procedure sections 405 et seq.

1.  The Action. Defendant, Counter-Claimant, and Cross-Claimant Andrew P. Williams asserts in this action real-property claims against Cross-Defendants Jose Rene Ortiz, Maria L. Ortiz, and The Ortiz Family Trust of 2024, including claims for actual fraudulent transfer (Cal. Civ. Code section 3439.04(a)(1)) and imposition of a constructive trust and equitable lien, as set forth in the Eleventh and Thirteenth Claims for Relief of Williams's Cross-Claim (Docket No. 177, entered June 2, 2026).

2.  Real Property Affected. The real property affected by this action is commonly known as 402 Addleman Avenue, West Covina, California 91792 (Assessor's Parcel No. 8725-008-042),

transferred into The Ortiz Family Trust of 2024 by Grant Deed recorded September 4, 2024 as Document No. 20240594220 in the Official Records of Los Angeles County (the "Subject Property"), and is legally described as follows:

> Lot 20 of Tract 33527, in the City of West Covina, County of Los Angeles, State of California, as per map recorded in Book 892, Pages 38 and 39, of Maps, in the Office of the County Recorder of said County. APN: 8725-008-042. Commonly known as 402 Addleman Avenue, West Covina, California 91792.

3. Claimant. The party asserting the real-property claims and recording this Notice is Andrew P. Williams, appearing in pro se.

4. Relief Sought. Williams seeks avoidance of the transfer of the Subject Property to the extent necessary to satisfy his claims, attachment of the Subject Property, imposition of a constructive trust and equitable lien upon the Subject Property, and such further relief as the Court deems proper under California Civil Code sections 3439.07 and 3439.08.

5. Service. Pursuant to California Code of Civil Procedure section 405.22, a copy of this Notice has been served by registered or certified mail, return receipt requested, on all known adverse parties and on all parties with a recorded interest in the Subject Property, prior to its recording.

Dated: ___6/10___, 2026

___A.P. Williams___

Andrew P. Williams, Defendant in Pro Se

### DECLARATION OF SERVICE (Cal. Code Civ. Proc. section 405.22)

I declare that on ___6/10___, 2026, I served a copy of the foregoing Notice of Pendency of Action by registered or certified mail, return receipt requested, on each adverse party and each party with a recorded interest in the Subject Property, including Jose Rene Ortiz, Maria L. Ortiz, and The Ortiz Family Trust of 2024 (c/o Law Office of Lisa Mitts Patrick), and on all counsel of record. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___6/10___, 2026.

Andrew P. Williams