Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310-979-8430
Email: *xestrada@bakerlaw.com*
*aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: 312-416-6200
Email: *mgannon@bakerlaw.com*
*kwalton@bakerlaw.com*

*Attorney for*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | **CASE NO.: 2:25-CV-00359-CAS-KS**<br><br>**DEFENDANT WASHWORLD, INC.'S MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM**<br><br>DATE:     July 27, 2026<br>TIME:     10:00 AM<br>CTRM:   8D |
| JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD, INC.,

       Counter Plaintiff,

   v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

       Counter Defendant.

WASHWORLD, INC.,

       Cross Claimant,

   v.

CAR WASH MANAGEMENT, LLC,

       Cross Defendant.

ANDREW PAUL WILLIAMS,

       Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

   v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50.

       Counter Defendants, Cross-Defendants, and Third-Party Defendants.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................................ii

I.      INTRODUCTION ......................................................................................1

II.     STATEMENT OF FACTS ........................................................................2

        A.      THE FINANCING TRANSACTION......................................................2

        B.      MR. ORTIZ PERSONALLY GUARANTEED THE AGREEMENT ....................2

        C.      THE FRAUD CLAIM AGAINST ORTIZ IS BASED ON ALLEGED PRE-
                FUNDING CONDUCT BY ORTIZ, WILLIAMS, AND CWM .........................3

        D.      WASHWORLD'S INVOLVEMENT WAS DIFFERENT AND OCCURRED
                AFTER THE ALLEGED INDUCEMENT.................................................3

        E.      THE TIMELINE CONFIRMS THE CLAIMS ARE NOT JOINT........................4

III.    LEGAL STANDARD .................................................................................5

IV.     ARGUMENT .............................................................................................6

        A.      ORTIZ CANNOT OBTAIN INDEMNITY FROM WASHWORLD FOR
                ASCENTIUM'S BREACH OF GUARANTY CLAIM AGAINST ORTIZ
                BECAUSE  WASHWORLD AND ORTIZ ARE NOT JOINTLY LIABLE
                FOR THE GUARANTY ..................................................................6

        B.      LIKEWISE, ORTIZ CANNOT OBTAIN INDEMNITY FROM
                WASHWORLD FOR ASCENTIUM'S FRAUD CLAIM AGAINST ORTIZ
                BECAUSE WASHWORLD AND ORTIZ ARE NOT JOINTLY LIABLE FOR
                THE FRAUD ...............................................................................8

        C.      ORTIZ'S INTERROGATORY RESPONSES CONFIRM SUMMARY
                JUDGMENT IS APPROPRIATE ..........................................................10

        D.      ORTIZ'S "SAME FUNDS" THEORY FAILS TO ESTABLISH A JOINT
                LIABILITY ................................................................................11

V.      CONCLUSION ........................................................................................12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Sundean*,
  137 Cal. App. 3d 216 (Ct. App. 1982) ..................................................................8

*AmeriGas Propane, LP v. Landstar Ranger, Inc.*,
  109 Cal. Rptr. 3d 686 (Ct. App. 4th Dist. 2010) ...............................................6

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)................................................................................................5

*Bay Development, Ltd. v. Superior Court*,
  50 Cal.3d 1012 (1990) ...........................................................................................7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)................................................................................................5

*Centerline Hous. P'ship v. Palm Communities*,
  No. 821CV00107JVSJDEX, 2022 WL 247951 (C.D. Cal. Jan. 12,
  2022) ......................................................................................................................10

*Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.*,
  2021 WL 5231689 (Cal. Ct. App. Nov. 10, 2021) ............................................10

*Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*,
  148 Cal. App. 4th 937 (2007) ...............................................................................8

*Healixa Inc. v. Int'l Monetary*,
  No. 2:25-CV-00572-RGK-AS, 2025 WL 4058862 (C.D. Cal. Sept.
  5, 2025) .................................................................................................................10

*Hernandez v. Spacelabs Med. Inc.*,
  343 F.3d 1107 (9th Cir. 2003) ...............................................................................5

*King v. Bumble Trading, Inc.*,
  393 F. Supp. 3d 856 (N.D. Cal. 2019)................................................................10

*KingVision Pay-Per-View, Ltd. v. Manente*,
  No. 105CV00280OWWSMS, 2005 WL 8176379 (E.D. Cal. Oct. 5,
  2005) .................................................................................................................8, 9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*McBride v. Boughton*,
123 Cal. App. 4th 379 (2004) ...................................................................................10

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
210 F.3d 1099 (9th Cir. 2000) .....................................................................................5

*Res-Care Inc. v. Roto-Rooter Servs. Co.*,
753 F. Supp. 2d 970 (N.D. Cal. 2010) .......................................................................9

*Rubie's, LLC v. First Am. Title Co.*,
No. 118CV01052DADSKO, 2020 WL 7388093 (E.D. Cal. Dec. 16,
2020) ...........................................................................................................................7

*Travelers Indem. Co. v. Burnett*,
No. CV124373GAFRNBX, 2014 WL 12564352 (C.D. Cal. Apr. 1,
2014) ...........................................................................................................................7

*UnitedHealthcare Ins. Co. v. Sahara Palm Plaza, LLC*,
No. SACV2002221DOCKES, 2022 WL 4700544 (C.D. Cal. July
18, 2022) .....................................................................................................................9

*Weidenfeller v. Star & Garter*,
1 Cal. App. 4th 1 (Ct. App. 4th Dist. 1991) ...............................................................8

**Rules**

Fed. R. Civ. P. 56 .............................................................................................................5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.     INTRODUCTION

This Court allowed Defendant Jose Rene Ortiz's ("Ortiz") equitable indemnity claim against Washworld Inc. ("Washworld") to proceed past the pleading stage based on Ortiz's **allegation** that he and Washworld were both legally responsible for the conduct alleged in Regions Bank d/b/a Ascentium Capital's ("Ascentium") claims against Ortiz. (ECF No. 123.)  At summary judgment, Ortiz must prove **with evidence** that Washworld is jointly liable with him for Ascentium's claims against Ortiz.  He cannot do so.

Ortiz's liability to Ascentium arises from two separate claims:  breach of personal guaranty and fraud.  Neither supports equitable indemnity against Washworld.

First, the contract claim is based on Ortiz's own personal guaranty of Car Wash Management LLC's ("CWM") obligations to Ascentium.  But this claim fails because Washworld did not sign that guaranty, did not guarantee CWM's debt, and did not cause Ortiz to assume the guaranty obligation.  Any liability Ortiz may have on the guaranty is his own contractual liability, not a joint obligation shared with Washworld. Indeed, as explained below, Ortiz has admitted that his indemnity claim is not rooted in contract.

Second, the fraud claim is based on alleged misrepresentations made by Ortiz, Andrew Williams ("Williams"), and CWM.  There is no evidence that Washworld made any misrepresentation to Ascentium, concealed facts from Ascentium, participated in the alleged fraud, or induced Ascentium to fund the transaction. Instead, as explained below, Washworld's alleged liability arises, if at all, from downstream conduct relating to the handling of funds (under independent obligations) **after** the transaction occurred.  In order for Ortiz to seek indemnity for fraud, Ortiz must provide evidence that Washworld was also responsible for the fraud.  There is no such evidence. As a result, Ortiz cannot shift any fraud-based liability to Washworld through equitable indemnity.

In sum, because Ortiz cannot establish joint liability, joint causation, or a shared

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

legal obligation as to either the guaranty claim or the fraud claim, his equitable indemnity claim fails as a matter of law. Summary judgment should be entered in Washworld's favor.

## II.   STATEMENT OF FACTS

### A.   THE FINANCING TRANSACTION

The story begins when CWM entered into an equipment finance agreement (the "Agreement") with Ascentium in January of 2024 in the amount of $343,394.23. (UMF No. 1). As part of that Agreement, Mr. Ortiz executed a (1) financing application; (2) personal guaranty; (3) authorization to perform verbal verification; (4) commencement agreement; (5) authority and incumbency certificate; and (6) delivery and acceptance certificate. (UMF No. 2, Ex. B).

### B.   MR. ORTIZ PERSONALLY GUARANTEED THE AGREEMENT

Ascentium's first claim against Ortiz is a contract-based claim for breach of personal guaranty. In connection with CWM's execution of the Agreement, Ortiz and West Covina Car Wash, LLC ("WCCW") executed and delivered personal guarantees of CWM's obligations under that Agreement. (UMF No. 2, Ex. B, ASC00077; UMF No. 3, Ex. B at ASC00078-79). Under Ortiz's personal guaranty, "[i]f there is more than one guarantor of the Obligor's obligations under the Agreements, the liabilities of each such guarantor shall be joint and several. (UMF No. 4, Ex. B at ASC00077). Here, the guarantors are Ortiz and WCCW. (UMF Nos. 2-3.) CWM failed to make a required payment under the Agreement and defaulted, and Ascentium therefore seeks recovery from Ortiz in his capacity as guarantor. (UMF No. 5).

That guaranty claim is separate from any claim against Washworld. (UMF No. 25, Ex. E.) Washworld did not sign Ortiz's guaranty, did not guarantee CWM's payment obligations, and did not agree to indemnify Ortiz for any liability he may have assumed under his personal guaranty.  (UMF No. 6-9.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**C.**   **THE FRAUD CLAIM AGAINST ORTIZ IS BASED ON ALLEGED <u>PRE-FUNDING</u> CONDUCT BY ORTIZ, WILLIAMS, AND CWM**

Ascentium's second claim against Ortiz is for fraud. That claim is asserted against CWM, Williams, Ortiz, and Does 1-10 — **<u>not</u>** Washworld. (UMF No. 12, Ex. E.) This claim is based on alleged fraudulent statements or misrepresentations that induced Ascentium to enter into and fund the financing transaction. (*Id*. at Ex. E.) The alleged fraudulent conduct occurred in January 2024, before Ascentium funded the transaction in March 2024. (UMF No. 12; *see also* UMF No. 1; Ex. E ¶ 12). Washworld was not involved in the alleged representations by Ortiz, Williams, or CWM that caused Ascentium to approve or fund the financing. (UMF No. 13). Washworld was not aware of the alleged fraudulent conduct that supposedly induced Ascentium to fund. (UMF Nos. 13, 16).

**D.**   **WASHWORLD'S INVOLVEMENT WAS DIFFERENT AND OCCURRED AFTER THE ALLEGED INDUCEMENT**

After Ascentium sued Ortiz for breach of guaranty and fraud, Ortiz attempted to shift liability for events that Ortiz caused to occur to Washworld through an equitable indemnity crossclaim. (ECF No. 94.) Here, on summary judgment, Ortiz must present evidence that Washworld and Ortiz are actually **<u>jointly</u>** responsible for either the fraud or the guaranty. He cannot.

The claims against Washworld arise from a different role and a different point in time such that there are not "independent" torts causing an indivisible injury. In March of 2024, two months after Ascentium entered the Agreement with CWM and Ortiz, Ascentium sent a payment notification to Washworld concerning an ACH payment in the amount of $309,054.80. (UMF No. 17).

Ascentium's claims against Washworld are therefore based on post-funding conduct only — what Washworld allegedly did after Ascentium sent the funds—

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

namely, whether Washworld received, retained, returned, or transferred the money.[1] (UMF No. 20.) These claims are not based on the earlier, alleged pre-funding fraud by Ortiz, Williams, or CWM that induced Ascentium into entering into the Agreement.

Ascentium's guaranty claim against Ortiz arises from Ortiz's January 2024 personal promise to pay CWM's obligations if CWM defaulted. (UMF No. 2, Ex. B, ASC00077). The fraud claim against Ortiz arises from alleged pre-funding misrepresentations by Ortiz, Williams, and CWM made to induce Ascentium to enter into and fund the transaction for WCCW. (UMF No. 12.) The claims against Washworld, by contrast, arise only after funding occurred, from its subsequent handling of funds. Those claims are separate in source, alleged conduct, and critically, distinct points in time.

**E.    THE TIMELINE CONFIRMS THE CLAIMS ARE NOT JOINT**

The relevant sequence is straightforward:

1.    CWM entered into the equipment finance arrangement with Ascentium in January 2024 for $343,394.23. (UMF No. 1.)

2.    Ortiz executed a personal guaranty of CWM's obligations in January 2024. (UMF No. 2.)

3.    Ortiz, Williams, and CWM allegedly engaged in pre-funding conduct that Ascentium claims induced it to fund the transaction. (UMF No. 12; Ex. E.)

4.    Only *afterward*, Ascentium sends $309,054.80 to Washworld by ACH in March of 2024. (UMF No. 17.)

5.    Ascentium later claimed in May 2024 that Washworld improperly retained or failed to return the funds. (UMF No. 22; Ex. E.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[1] Ascentium's claims against Washworld include a contract claim and restitution claims (money had and received and unjust enrichment) that address whether the funds were improperly retained or transferred after the fact.

6.    CWM defaulted in October 2024, and Ascentium sued Ortiz on the guaranty and fraud theories. (UMF No. 5; Ex. E.)

7.    Ortiz then attempted to shift that earlier, separate guaranty and fraud exposure to Washworld through equitable indemnity.  (ECF No. 94)

Washworld's alleged conduct begins only *after* the alleged fraud is complete and the funds are disbursed. Washworld played no role in the alleged inducement and did not undertake Ortiz's guaranty obligations. (UMF Nos. 13-16.) Because the claims arise from non-overlapping conduct at different stages of the transaction, Ortiz cannot establish that he and Washworld are jointly liable for the same legal injury.

## III.    LEGAL STANDARD

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it could affect the outcome of the case, and a dispute is genuine only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once that burden is met, the nonmoving party must identify specific evidence showing a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c)(1). Conclusory allegations, speculation, or unsupported assertions are insufficient to defeat summary judgment. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

In deciding the motion, the Court views the evidence in the light most favorable to the nonmoving party, but the nonmoving party must do more than rely on the pleadings. *Id*. Summary judgment should be granted where the record, taken as a whole, would not permit a reasonable trier of fact to find in the nonmoving party's favor. *Anderson*, 477 U.S. at 248.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## IV.  ARGUMENT

The basis of equitable indemnity is restitution: one party seeks reimbursement because it has discharged a liability that, in fairness, should have been borne by another. *AmeriGas Propane, LP v. Landstar Ranger, Inc.*, 109 Cal. Rptr. 3d 686, 693 (Ct. App. 4th Dist. 2010). Here, Ortiz cannot shift his liability for his breach of guaranty and fraud onto Washworld when Washworld had no part in either the guaranty or the fraud.  Equitable indemnity does not permit Ortiz to recover from Washworld merely because Ascentium has unrelated claims against Washworld that are based on downstream conduct that happened well after Ortiz's guaranty and well after Ortiz, Williams, and CWM fraudulently induced Ascentium to fund the transaction.

### A.  ORTIZ CANNOT OBTAIN INDEMNITY FROM WASHWORLD FOR ASCENTIUM'S BREACH OF GUARANTY CLAIM AGAINST ORTIZ BECAUSE WASHWORLD AND ORTIZ ARE NOT JOINTLY LIABLE FOR THE GUARANTY

Ascentium's contract-based claim against Ortiz is for breach of guaranty. Specifically, the claim relies on Ortiz's own promise to guarantee CWM's obligations under the Agreement. (UMF No. 2, Ex. B at ASC00077). CWM's default and fraud triggered Ortiz's promise to pay:

> On or about January 10, 2024, Debtor entered into the EFA with Ascentium . . . **The Guarantors unconditionally guaranteed the payment and performance when due of all obligations of Debtor under the EFA and all related documents executed by Debtor** . . . **The EFA is past due because Debtor has failed to pay the monthly payment due October 15, 2024**. In addition, Ascentium has been advised that the Collateral was never received nor installed and further **that Debtor has intentionally misdirected the Ascentium loan funding proceeds** for the use of an unauthorized third party for unauthorized collateral.

(UMF No. 5, Ex. C at ASC00085-87) (emphasis added).

But Ortiz cannot obtain indemnity from Washworld for this claim because:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- Washworld did **not** sign Ortiz's guaranty; (UMF No. 6, Ex. B at ASC00077; UMF No. 7).

- Washworld did **not** guarantee CWM's debt; (UMF No. 3, Ex. B at ASC00078-79; UMF No. 8).

- Washworld did **not** cause Ortiz to assume the guaranty obligation. (Ex. F, Ortiz's Responses to Ascentium's Interrogatory Nos. 4, 7; *see also* UCF No. 11, 13.).

Ortiz's potential liability on the guaranty, arises from his own contract with Ascentium to which Washworld was not a party. Ortiz cannot premise his claim on express indemnity because that language is not present in his personal guaranty. (Ex. B at ASC00077).

Ortiz also cannot assert an implied contractual indemnity claim against Washworld, because the existence of a contract between the parties is a prerequisite. *Rubie's, LLC v. First Am. Title Co.*, No. 118CV01052DADSKO, 2020 WL 7388093, at *5 (E.D. Cal. Dec. 16, 2020); *Travelers Indem. Co. v. Burnett*, No. CV124373GAFRNBX, 2014 WL 12564352, at *11 (C.D. Cal. Apr. 1, 2014) ("To succeed on a claim for implied contractual indemnity, there must be a 'contractual relationship between the indemnitee and indemnitor from which is implied an obligation on the part of the indemnitor to assume and pay any foreseeable damages assessed against the indemnitee as a result of the indemnitor's breach of contract.'") (quoting *Bay Development, Ltd. v. Superior Court*, 50 Cal.3d 1012, 1028-35 (1990)).

And here, there is no evidence that Washworld and Ortiz had a contractual relationship, (UMF Nos. 6-7, 11), that Washworld and Ortiz shared any contractual obligation, (UMF No. 6-7, 11), or that Washworld and Ortiz were jointly and severally liable on the guaranty, (UMF No. 2, Ex. B at ASC00077). Ortiz conceded this in an interrogatory response: "[I]n the RESPONDING PARTY'S limited knowledge of equitable indemnity, it is understood that this applies since **there is no contract between these parties**, nor is there any other type of legal form of

indemnity applicable, only equitable based on the court's determination of fairness, **not contract or documents**."[2] (UMF No. 11, Ex. D at Ortiz's Response to Interrogatory No. 28) (emphasis added).

Accordingly, as Ortiz concedes there is no contract between Ortiz and Washworld, he cannot establish an implied contractual indemnity. *Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal. App. 4th 937, 968 (2007) ("Implied contractual indemnity is a type of equitable indemnity predicated on the indemnitor's breach of contract with the indemnitee.").

**B.  LIKEWISE, ORTIZ CANNOT OBTAIN INDEMNITY FROM WASHWORLD FOR ASCENTIUM'S FRAUD CLAIM AGAINST ORTIZ BECAUSE WASHWORLD AND ORTIZ ARE NOT JOINTLY LIABLE FOR THE FRAUD**

Ascentium's fraud claim is against Ortiz, and Ortiz must prove that Washworld actually contributed to the fraud-based scheme carried out by Ortiz. It is well settled that a party who commits intentional misconduct like fraud cannot avoid responsibility by shifting it to a party who did not engage in the same intentional wrongdoing. *Weidenfeller v. Star & Garter*,[3] *KingVision Pay-Per-View, Ltd. v.*

---

[2] Not surprisingly, in view of the facts above, Ortiz has previously conceded that its indemnity claim against Washworld is not rooted in contract. (ECF No. 110 at Page ID 1129 ("If the indemnity claim were contractual it would have been labelled and pleaded as contractual in nature . . . .).)

[3] *Weidenfeller v. Star & Garter*, 1 Cal. App. 4th 1, 6–7 (Ct. App. 4th Dist. 1991) ("In *Allen v. Sundean* the court held <u>a defendant found to have acted intentionally could not obtain partial indemnity from a negligent joint tortfeasor</u> . . . *Godfrey* and *Allen*, therefore, stand for the proposition that <u>an intentional actor cannot rely on someone else's negligence to shift responsibility for his or her own conduct.</u> (emphasis added); *see also Allen v. Sundean*, 137 Cal. App. 3d 216, 226 (Ct. App. 1982) ("<u>We note that the Supreme Court in *Li*, and again in *American Motorcycle*, used language which appears to exclude intentional torts from the comparative fault system.</u> Nor has there been support for an extension of comparative fault principles to intentional torts, as there was to willful misconduct or to strict liability, in other states, among the commentators generally, or in the Uniform Comparative Fault Act. Finally, Code of Civil Procedure section 875, subdivision (d), still provides: 'There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person.'") (emphasis added).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Manente*,[4] and *UnitedHealthcare Ins. Co. v. Sahara Palm Plaza, LLC*[5] all support that intentional fraud cannot be shifted to defendants against whom only non-intentional claims are asserted, like Washworld. Because the evidence shows Washworld did not participate in the alleged fraud, Ortiz cannot shift fraud liability to Washworld.

Here, there is no evidence that Washworld:

- Knew about any alleged misrepresentation by Ortiz, Williams, or CWM (UMF Nos. 14-16);

- Agreed to participate in any fraud (UMF Nos. 13-16);

- Induced Ascentium to fund the transaction (UMF Nos. 13-16, 18); or

- Jointly caused Ascentium's fraud-related loss.

In fact, prior to the funds being sent to Washworld in March 2024, Washworld had no knowledge of **any** communications between Ascentium and Ortiz, Williams, and CWM that occurred before Ascentium funded the transaction. (UMF No. 16.) Ascentium itself acknowledges that it first provided Washworld with the documents related to the Agreement on or around May 23, 2024. (UMF No. 22 at Ex. H, Ascentium's Response to Washworld Interrogatory No. 3).

This explains why Ascentium's fraud claim is brought against Car Wash Management, Williams, and Ortiz, but not Washworld. (UMF No. 12, Ex. E ¶¶ 45-53). Thus, if indemnity were available at all, it could run only among those alleged intentional actors that contributed to the fraudulent scheme. To the extent that Ortiz is permitted to seek equitable indemnification for fraud, his only potential

---

[4] *KingVision Pay-Per-View, Ltd. v. Manente*, No. 105CV00280OWWSMS, 2005 WL 8176379, at *3 (E.D. Cal. Oct. 5, 2005) ("However, a party who commits an intentional tort is not entitled to indemnity from a negligent party.").

[5] *UnitedHealthcare Ins. Co. v. Sahara Palm Plaza, LLC*, No. SACV2002221DOCKES, 2022 WL 4700544, at *9 (C.D. Cal. July 18, 2022) ("An intentional tortfeasor is entitled to seek indemnity <u>from a concurrent intentional tortfeasor . . . but an intentional tortfeasor is barred from seeking partial indemnity from a negligent tortfeasor</u>.") (citing *Res-Care Inc. v. Roto-Rooter Servs. Co.*, 753 F. Supp. 2d 970, 978 (N.D. Cal. 2010)).

indemnitors are his concurrent intentional tortfeasors, Car Wash Management and Williams. (*Id.*)

Washworld is not in that category. Ascentium's claims against Washworld—for breach of contract, unjust enrichment, and money had and received[6]—are not torts under California law, let alone intentional torts. *Centerline Hous. P'ship v. Palm Communities*, No. 821CV00107JVSJDEX, 2022 WL 247951, at *9 (C.D. Cal. Jan. 12, 2022) ("[A]n actor's breach of contract, without more, is not 'wrongful conduct' capable of supporting a tort.") (quoting *Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd*., 2021 WL 5231689, at *1 (Cal. Ct. App. Nov. 10, 2021)); *Healixa Inc. v. Int'l Monetary*, No. 2:25-CV-00572-RGK-AS, 2025 WL 4058862, at *5 (C.D. Cal. Sept. 5, 2025) ("[U]njust enrichment is an equitable claim for relief and not a tort."); *King v. Bumble Trading, Inc.*, 393 F. Supp. 3d 856, 870 (N.D. Cal. 2019) ("A common count is not a specific cause of action, however; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness.") (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004).) Because Washworld is not alleged to have committed any intentional tort, such as fraud, Ortiz cannot, as a matter of law, shift fraud liability to Washworld.

### C.   ORTIZ'S INTERROGATORY RESPONSES CONFIRM SUMMARY JUDGMENT IS APPROPRIATE

Washworld asked Ortiz to identify the facts supporting his claim for equitable indemnification through interrogatories. In response, Ortiz conceded that his only basis for his equitable indemnity claim against Washworld is his opinion that Washworld should indemnify him. According to Ortiz, "WILLIAMS allegedly did not make payments on the loan to the Plaintiff bank and the **Plaintiff got mad and tried to sue WILLIAMS and since they can't find him because he is apparently a snake, they are taking this out on WASHWORLD and on me**. Again I knew none of this until I was sued." (Ex. D, Response to Interrogatory No. 27). Ortiz further

---

[6] (Ex. E ¶¶ 54-65.)

stated, "if [he] end[s] up responsible to the bank, then WASHWORLD should certainly be responsible to [Ortiz] as that was very irresponsible to play with money of this amount so frivolously, and it's only fair (equitable) that [Washworld] share the burden…" (*Id.*). Equitable indemnity cannot rest on Ortiz's subjective opinion where he was expressly asked to identify supporting facts and identified **no facts**.

### D.    ORTIZ'S "SAME FUNDS" THEORY FAILS TO ESTABLISH A JOINT LIABILITY

Washworld expects that Ortiz will argue, as he has before, that there are facts demonstrating a joint liability relationship because, according to Ortiz, both Ortiz and Washworld had involvement with Ascentium's missing funds.  That argument fails. The fact that Washworld received funds from Ascentium does not prove that Washworld participated in Ortiz's fraud.  Nor does it establish that Washworld is jointly liable for Ortiz's breach of his personal guaranty to Ascentium, as discussed above.

Traditional equitable indemnity turns on <u>legal injury</u>, not the mere existence of a shared financial loss.  The doctrine requires that the parties be responsible for the same legal harm, not simply that they be connected to the same dollars.  Thus, Ortiz's focus in his amended crossclaim on the fact that Washworld received and allegedly mishandled the funds is a red herring. (*See generally* ECF No. 94).

Ortiz's equitable indemnity claim fails because Washworld's alleged conduct is downstream of the fraud alleged by Ascentium. Ortiz's theory depends on collapsing two different phases of the transaction into one injury: first, the alleged procurement of financing through CWM's, Williams's, and Ortiz's representations and Ortiz's guaranty; and second, Washworld's later receipt and handling of funds after Ascentium issued the payment. Equitable indemnity does not permit that collapse where the alleged causal chain breaks before Washworld's conduct begins.

Ascentium's payment to Washworld occurred only because Ascentium had already entered into the Agreement with CWM. (UMF No. 1; UMF No. 17.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Washworld was also downstream of and affected by that alleged fraud: the alleged mistaken payment reached Washworld only because the conduct by CWM, Williams, and Ortiz allegedly caused Ascentium to make payment. (UMF No. 12.) In that sense, Washworld was a downstream victim of Ortiz's alleged fraud, not a co-author of the causal event that allegedly injured Ascentium.

Equitable indemnity is designed to allocate loss among parties who are **jointly** responsible for Ascentium's alleged harm—not to impose derivative liability on all participants in a transaction.  As a matter of public policy, it does not make sense to allow a party whose own fraud set a ripple of events in motion to recover against parties who became involved only because of what that party itself initiated. Accepting Ortiz's theory would extend indemnity to any downstream recipient of funds in a transaction involving fraud or breach of a guaranty.  That rule would perversely reward the initial wrongdoer by permitting him to externalize the consequences of his own misconduct onto incidental participants. That would untether the doctrine from its foundational limits—joint liability and shared legal injury—and convert it into a transaction-wide loss-shifting mechanism.  Equitable indemnity does not turn on transactional involvement; it turns on tort liability for the same injury.

## V.    CONCLUSION

Ortiz cannot seek indemnity for the contract claim because his guaranty liability is personal to him and there is no contract between Ortiz and Washworld. Washworld did not sign the guaranty and did not share that contractual obligation. Nor did Washworld cause Ortiz to assume the guaranty, and Ortiz admits his indemnity theory is not grounded in any contract between the parties.

Ortiz cannot seek indemnity for the fraud claim because there is no evidence Washworld participated in the alleged fraud or jointly caused the fraud-based injury. The alleged misrepresentations occurred before funding and involved Ortiz,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Williams, and CWM alone, while Washworld's involvement arose only afterward in connection with the handling of funds and without knowledge of the alleged fraud.

Because Ortiz cannot prove joint liability, joint causation, or a shared legal obligation with Washworld on either claim, and because the undisputed facts show the claims arise from distinct conduct at different times, summary judgment should be granted for Washworld on Ortiz's equitable indemnity claim.


Dated:  June 24, 2026                    **BAKER & HOSTETLER LLP**


By:    */s/ Katharine Walton*
         Katharine Walton

         WASHWORLD, INC.


## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 3,467 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 24, 2026                    **BAKER & HOSTETLER LLP**


By:    */s/ Katharine Walton*
         Katharine Walton

         WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On June 24, 2026, I served a copy of the within document(s):

**WASHWORLD, INC.'S MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S AMENDED CROSSCLAIM**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

Andrew K. Alper (SBN 088876)
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017
Telephone:  323-852-1000
Facsimile:  323-651-2577
Email:      *aalper@frandzel.com*

*Attorneys for Plaintiff*
REGIONS BANK

Lisa Mitts Patrick (SBN 134522)
**LAW OFFICE OF LISA MITTS PATRICK**
112 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Telephone:  714-990-3693
Facsimile:  657-234-0012
Email:      *lolmp2021@gmail.com*

*Attorneys for Defendant and Cross Defendant*
JOSE RENE ORTIZ

☑ **Email:** I hereby certify that on this date a true and correct copy of the foregoing was served via electronic mail on Andrew Williams, appearing pro se, at andrew@carwashmgmt.com. Transmission of the email was completed without error, and no notice of non-delivery was received indicating that service was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on June 24, 2026, at Chicago, Illinois.

*/s/ Katharine Walton*