Thomas D. Sands, Esq (SBN 279020)

THE SANDS LAW GROUP, APLC

205 S. Broadway, Suite 608

Los Angeles, CA 90012

Tel: (213) 788-4412

Email: info@tslg.law

Attorney for Defendant

CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, dba ASCENTIUM CAPITAL, | **Case No. 2:25-cv-00359-CAS-KSx** |
| Plaintiff, | |
| v. | **DEFENDANT CAR WASH** |
| CAR WASH MANAGEMENT, LLC, | **MANAGEMENT, LLC'S ANSWER** |
| CAR WASH MANAGEMENT, LLC, | **TO FIRST AMENDED COMPLAINT;** |
| WEST COVINA CAR WASH LLC, | **AFFIRMATIVE DEFENSES; AND** |
| JOSE RENE ORTIZ, ANDREW PAUL | **DEMAND FOR JURY TRIAL** |
| WILLIAMS, WASHWORLD, INC., | Fed. R. Civ. P. 8, 9(b) |
| DOES 1-100, inclusive, | |
| Defendants. | Hon. Christina A. Snyder |
| | Courtroom 8D |
| _____ | |
| JOSE RENE ORTIZ, | Trial Date: June 8, 2027 |
| Cross Complainant, | |
| v. | |

1

ANSWER TO FIRST-AMENDED COMPLAINT

ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,

Cross Defendants.

_____

WASHWORLD, INC.,

Counter Plaintiff,

V.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

Counter Defendant.

_____

WASHWORLD, INC.,

Cross Claimant,

v.

CAR WASH MANAGEMENT, LLC,

Cross Defendant.

_____

ANDREW PAUL WILLIAMS,

Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ,

2

ANSWER TO FIRST-AMENDED COMPLAINT

MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50.

Counter Defendants, Cross-Defendants, and Third- Party Defendants.

Defendant CAR WASH MANAGEMENT, LLC, a Delaware limited liability company ("CWM"), through its counsel of record, hereby answers Plaintiff Regions Bank, an Alabama State Bank dba Ascentium Capital's ("Plaintiff" or "Bank") First Amended Complaint ("FAC") filed at Docket 154 as follows. CWM denies each and every allegation of the FAC not expressly admitted herein.

## RESPONSES TO ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

**Jurisdiction, Venue, and Parties**

1. Answering paragraph 1 of the FAC, CWM is without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's corporate status, principal place of business, citizenship, or membership composition, and on that basis denies each and every such allegation. CWM specifically denies any allegation or implication that Plaintiff's status confers upon Plaintiff any right to recover from CWM.

2. Answering paragraph 2 of the FAC, CWM admits that CWM was and is a limited liability company organized under the laws of the State of Delaware. CWM further admits that its registered agent is Registered Agent Inc., 8 The Green, Suite A, Dover, Delaware 19901. CWM denies that the entity referenced as 'Car Wash

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

Management, LLC' in the FAC is properly understood to include any Hawaii limited liability company; the Delaware entity Car Wash Management, LLC (the 'CWM Delaware' answering this FAC) is a legally separate entity from any Car Wash Management, LLC (Hawaii) referenced in the FAC. CWM admits that no member of CWM is a citizen of the State of Alabama. CWM specifically denies any allegation that Plaintiff is properly proceeding against any entity other than the Delaware-organized CWM that is the named Defendant in this Action.

3. Answering paragraph 3 of the FAC, CWM admits that Defendant West Covina Car Wash LLC ("WCCW") is a limited liability company organized under the laws of the State of California. CWM admits that CWM is a member of WCCW. CWM denies the allegation that CWM is the SOLE member of WCCW; CWM is, on information and belief, a seventy percent (70%) member of WCCW, with the remaining thirty percent (30%) held by outside investors. CWM lacks knowledge sufficient to admit or deny the citizenship of the outside investor members and on that basis denies each and every other allegation in paragraph 3.

4. Answering paragraph 4 of the FAC, CWM admits that Jose Rene Ortiz ("Ortiz") was a Member of CWM and resides in California. CWM further alleges affirmatively that, prior to a restructuring of CWM's membership directed by Plaintiff's loan officer Peter Matheny as a precondition to the funding of the Equipment Finance Agreement at issue in this Action, Ortiz held a twenty-five percent (25%) Member interest in CWM, not a majority interest. The restructuring of Ortiz's interest to eighty percent (80%) occurred in or about January 2024, contemporaneously with the execution of the Equipment Finance Agreement, and was directed by Mr. Matheny pursuant to demands by Plaintiff's credit officer Lara C. Hernandez documented in writing on December 26 and 27, 2023. CWM specifically denies any implication in paragraph 4 that Ortiz held the membership

ANSWER TO FIRST-AMENDED COMPLAINT

interest reflected in the post-restructure Operating Agreement at all times prior to that restructure.

5.   Answering paragraph 5 of the FAC, CWM admits that Andrew Paul Williams ("Williams") was and is a Member and officer of CWM. CWM admits that Williams is a citizen of the United States. CWM lacks knowledge sufficient to admit or deny the allegation regarding Williams's place of residence and on that basis denies that allegation. CWM further alleges that, prior to the January 2024 restructure of CWM's membership directed by Mr. Matheny, Williams held a sixty percent (60%) Member interest in CWM.

6.   Answering paragraph 6 of the FAC, CWM admits that Washworld, Inc. ("Washworld") was and is a corporation organized under the laws of the State of Wisconsin. CWM admits that Washworld did business in California. CWM lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 6 and on that basis denies the same.

7.   Answering paragraph 7 of the FAC, CWM admits that this Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332. CWM admits venue is proper in the Central District of California. Except as expressly admitted herein, CWM denies the remaining allegations of paragraph 7.

**Background of the Transaction**

8.   Answering paragraph 8 of the FAC, CWM admits that Plaintiff originated an Equipment Finance Agreement bearing CWM as the named borrower. CWM lacks knowledge sufficient to admit or deny the precise internal classifications, designations, or characterizations Plaintiff assigned to the transaction at the time of origination, and on that basis denies the same. Except as expressly admitted, CWM denies each and every remaining allegation of paragraph 8.

9.  Answering paragraph 9 of the FAC, CWM admits that on or about January 5-10, 2024, an Equipment Finance Agreement #2763169 (the "EFA") in the

ANSWER TO FIRST-AMENDED COMPLAINT

principal amount of $343,394.23 was executed bearing CWM as the named borrower. CWM denies any allegation that the EFA was executed solely by CWM acting independently or without the active participation, direction, and instructions of Plaintiff's loan officer Peter Matheny and other agents of Plaintiff. CWM specifically denies any implication that CWM, as a corporate entity, devised or unilaterally orchestrated the structure of the EFA transaction.

10. Answering paragraph 10 of the FAC, CWM admits that documents commonly described in the equipment finance industry as a Personal Guaranty by Jose Rene Ortiz, a Personal Guaranty by West Covina Car Wash LLC, an Authority and Incumbency Certificate, an Authorization to Perform Verbal Verification, a Prepayment Addendum, a Commencement Agreement, a Delivery and Acceptance Certificate, and Funding Instructions, were executed in connection with the EFA. CWM specifically alleges that the only loan-related document signed by Williams in any capacity was the Authority and Incumbency Certificate, which Williams signed in his capacity as Certifier and not as borrower, guarantor, or principal. CWM specifically alleges that Ortiz signed substantially all other loan documents that bear a CWM signature.

11. Answering paragraph 11 of the FAC, CWM admits the existence of the Funding Instructions document. CWM denies any allegation that Washworld was at all times relevant the named or contemplated vendor under the EFA. CWM affirmatively alleges that the original named vendor was AVW Equipment Company, Inc. ("AVW"), and that the substitution of Washworld in place of AVW in or about March 2024 was directed by Plaintiff's loan officer Peter Matheny.

12. Answering paragraph 12 of the FAC, CWM admits that the EFA contemplated equipment for installation at the West Covina car wash facility located at 310 South Vincent Avenue, West Covina, California. Except as expressly admitted, CWM denies the remaining allegations of paragraph 12.

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

13. Answering paragraph 13 of the FAC, CWM admits that the West Covina car wash facility, owned in significant part by WCCW, was located at 310 South Vincent Avenue, West Covina, California. CWM lacks knowledge sufficient to admit or deny any allegation regarding the date of WCCW's formation as alleged by Plaintiff and on that basis denies the same. Except as expressly admitted, CWM denies the remaining allegations of paragraph 13.

14. Answering paragraph 14 of the FAC, CWM admits that the property at 310 S. Vincent Avenue was the location of a tunnel car wash facility. CWM lacks knowledge sufficient to admit or deny the technical description of "tunnel car wash" set forth in paragraph 14 and on that basis denies the same.

15. Answering paragraph 15 of the FAC, CWM admits that on or about January 5-10, 2024, CWM and Plaintiff entered into the EFA in the principal amount of $343,394.23. Except as expressly admitted, CWM denies the remaining allegations of paragraph 15.

16. Answering paragraph 16 of the FAC, CWM admits that at the time of the EFA's execution, AVW Equipment Company, Inc. was named as the initial vendor under the EFA. Except as expressly admitted, CWM denies the remaining allegations of paragraph 16.

17. Answering paragraph 17 of the FAC, CWM denies that Williams suggested that Ortiz personally guarantee the EFA. CWM affirmatively alleges that the structure of the EFA, including the identity of the personal guarantors, was developed and directed by Plaintiff's loan officer Peter Matheny in coordination with Plaintiff's credit officer Lara C. Hernandez and other agents of Plaintiff. CWM lacks knowledge sufficient to admit or deny the precise allegations regarding what Williams "suggested" to Plaintiff at any particular time and on that basis denies the same.

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

18. Answering paragraph 18 of the FAC, CWM denies that Williams "personally vouched" for Ortiz in the manner alleged. CWM admits that, following the January 2024 restructure of CWM's Operating Agreement directed by Mr. Matheny as a precondition to EFA funding and as documented in writing by Ms. Hernandez on December 26-27, 2023, Ortiz held an eighty percent (80%) Member interest in CWM. CWM specifically denies that this post-restructure ownership represented the historic or original ownership structure of CWM. CWM further specifically denies that Williams represented to Plaintiff that Ortiz had owned eighty percent (80%) of CWM at any time prior to the January 2024 restructure.

19. Answering paragraph 19 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations regarding what diligence Plaintiff did or did not perform with respect to CWM, its members, or the EFA transaction, and on that basis denies the same. CWM further specifically alleges that, on December 26, 2023, Plaintiff's own credit officer Lara C. Hernandez identified in writing that Plaintiff "cannot finance a transaction where customer and vendor do not have an arm's length distance" with respect to the proposed CWM transaction. CWM specifically alleges that Plaintiff had documented internal awareness of structural concerns regarding the EFA at the time of origination, regardless of any external diligence Plaintiff may or may not have performed.

20. Answering paragraph 20 of the FAC, CWM admits that a Delivery and Acceptance Certificate dated on or about January 8, 2024 was executed in connection with the EFA. CWM denies any allegation or implication that the Delivery and Acceptance Certificate, as of January 8, 2024, reflected an accurate factual representation of equipment that had in fact been delivered to and received by CWM as of that date. CWM affirmatively alleges that the Delivery and Acceptance Certificate, like other EFA closing documents, was executed at

8

ANSWER TO FIRST-AMENDED COMPLAINT

Plaintiff's loan officer's direction in conformity with Plaintiff's standard form documents.

21. Answering paragraph 21 of the FAC, CWM admits that, in or about January 2024, Plaintiff initially funded the EFA by transmitting the loan proceeds to AVW Equipment Company, Inc. Except as expressly admitted, CWM denies the remaining allegations of paragraph 21.

22. Answering paragraph 22 of the FAC, CWM admits that, in or about February 2024, CWM communicated to Plaintiff that AVW was unable to deliver the equipment. CWM denies the implication in paragraph 22 that the equipment had been delivered and received by CWM as represented in the January 8, 2024 Delivery and Acceptance Certificate; the January 8, 2024 Delivery and Acceptance Certificate did not accurately reflect physical delivery of the equipment to CWM. CWM denies the remaining implications of paragraph 22.

23. Answering paragraph 23 of the FAC, CWM admits that on or about March 5, 2024, AVW returned the EFA funds to Plaintiff. CWM further specifically alleges that, on March 5, 2024 at 1:01 p.m. Pacific Time, Plaintiff's loan officer Peter Matheny sent CWM's CEO a text message stating in substance: "AVW has returned the funds and we're going to rewrite the deal to wash world." This communication from Plaintiff's own agent demonstrates that the vendor substitution from AVW to Washworld was directed by Plaintiff, not by CWM acting unilaterally.

24. Answering paragraph 24 of the FAC, CWM admits that, in or about March 2024, a Washworld order form was provided to Plaintiff in connection with the vendor substitution. CWM specifically alleges that this provision was directed by Mr. Matheny pursuant to his March 5, 2024 text message, as described in CWM's response to paragraph 23. CWM denies any implication that the provision of the Washworld order form was unilaterally orchestrated by CWM.

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

25.  Answering paragraph 25 of the FAC, CWM denies that Plaintiff exercised minimal diligence at the time of the AVW-to-Washworld substitution. CWM affirmatively alleges that Plaintiff's loan officer Peter Matheny actively coordinated and directed the substitution and was at all relevant times an agent of Plaintiff acting within the course and scope of his employment. CWM lacks knowledge sufficient to admit or deny the precise nature or extent of the diligence Plaintiff did or did not perform and on that basis denies the same.

26.  Answering paragraph 26 of the FAC, CWM denies any allegation that Plaintiff failed to inquire about the AVW-to-Washworld vendor substitution because of CWM's misconduct. CWM affirmatively alleges that Plaintiff's loan officer Peter Matheny himself initiated, directed, and effectuated the vendor substitution, as documented in his contemporaneous text messages of March 5 and March 7, 2024.

27.  Answering paragraph 27 of the FAC, CWM admits that an addendum to the EFA was executed in connection with the vendor substitution. CWM specifically alleges that Ortiz, not Williams, signed the AVW-to-Washworld substitution addendum, consistent with Mr. Matheny's March 7, 2024 text instruction: "please have Renee sign the document emailed to him with wet ink." CWM specifically alleges that Williams did not sign the substitution addendum.

28.  Answering paragraph 28 of the FAC, CWM admits that on or about March 11, 2024, a verbal verification was performed in connection with the disbursement of EFA funds to Washworld. CWM specifically alleges that this verbal verification was conducted with Ortiz, not Williams. Except as expressly admitted, CWM denies the remaining allegations of paragraph 28.

29.  Answering paragraph 29 of the FAC, CWM admits that, on or about March 11-12, 2024, Plaintiff wired the sum of approximately $309,054.80 to Washworld. CWM affirmatively alleges that of this $309,054.80, Washworld applied approximately $132,509.09 to an outstanding order placed by a Washworld

ANSWER TO FIRST-AMENDED COMPLAINT

customer known as Conserve Fuels in Chula Vista, California, and refunded approximately $176,552.71 to CWM. CWM lacks knowledge sufficient to admit or deny whether the precise application of the wire was disclosed to Plaintiff at the time and on that basis denies the same.

30. Answering paragraph 30 of the FAC, CWM admits that the EFA was subsequently amended and that the principal amount was increased to $346,904.75 by addendum. Except as expressly admitted, CWM denies the remaining allegations of paragraph 30.

**First Cause of Action - Breach of Equipment Finance Agreement (Against CWM)**

31. Answering paragraph 31 of the FAC, CWM incorporates by reference each of its responses to the foregoing paragraphs as if fully set forth herein.

32. Answering paragraph 32 of the FAC, CWM admits that the EFA was executed bearing CWM as the named borrower. CWM denies any allegation that the EFA was procured free of fraud in the inducement, free of material misrepresentations by Plaintiff's agents, or with the contemporaneous good-faith conduct that California law requires of a contracting party. Except as expressly admitted, CWM denies the remaining allegations of paragraph 32.

33. Answering paragraph 33 of the FAC, CWM lacks knowledge sufficient to admit or deny the specific amounts allegedly owed under the EFA, the calculation of those amounts, the application of any payments received, the accrual of late charges and interest, and the inclusion or exclusion of any setoffs, offsets, or recoupment amounts, and on that basis denies each and every such allegation. CWM affirmatively alleges that any amounts allegedly owed under the EFA are subject to offset by, among other things, (a) Plaintiff's contemporaneous internal knowledge of the structural concerns identified by Ms. Hernandez in writing on December 26-27, 2023, (b) Plaintiff's agent Mr. Matheny's direction of the vendor substitution, and (c)

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

the application of approximately $132,509.09 of EFA proceeds to a third-party transaction with Conserve Fuels Chula Vista as opposed to equipment acquisition for CWM.

34. Answering paragraph 34 of the FAC, CWM admits that CWM has not paid the full amounts Plaintiff alleges are owed under the EFA. CWM denies any allegation that the EFA is enforceable as Plaintiff seeks to enforce it, given the circumstances of its origination and the conduct of Plaintiff's agents.

35. Answering paragraph 35 of the FAC, CWM denies that Plaintiff is entitled to recover from CWM the principal sum alleged or any other amount as a result of any alleged breach by CWM. CWM denies any allegation that Plaintiff has been damaged in any way by CWM.

36. Answering paragraph 36 of the FAC, CWM denies that Plaintiff is entitled to interest from CWM in the amounts or at the rates alleged. CWM denies any allegation that interest charges have accrued in compliance with applicable law.

37. Answering paragraph 37 of the FAC, CWM denies that Plaintiff is entitled to attorneys' fees from CWM. CWM affirmatively alleges that, if any party is entitled to attorneys' fees in this Action, it is CWM, given the conduct of Plaintiff's agents in inducing the EFA and directing its execution and operation.

38. Answering paragraph 38 of the FAC, CWM incorporates by reference each of its responses to the foregoing paragraphs.

39. Answering paragraph 39 of the FAC, CWM admits the existence of a Personal Guaranty executed by Ortiz. CWM lacks knowledge sufficient to admit or deny the precise terms of the Ortiz Personal Guaranty as alleged and on that basis denies the same. The Second Cause of Action is directed against Ortiz, not CWM, and CWM otherwise lacks standing to respond to the allegations of paragraph 39.

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

40. Answering paragraph 40 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 40, which are directed at Ortiz and not at CWM, and on that basis denies the same.

41. Answering paragraph 41 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 41 and on that basis denies the same.

42. Answering paragraph 42 of the FAC, CWM incorporates by reference each of its responses to the foregoing paragraphs.

43. Answering paragraph 43 of the FAC, CWM admits the existence of a Personal Guaranty document executed in the name of WCCW. CWM lacks knowledge sufficient to admit or deny the precise terms or scope of the WCCW Personal Guaranty and on that basis denies the same. CWM affirmatively alleges that WCCW is a defendant in this Action separately represented, and that the Third Cause of Action is directed against WCCW, not CWM.

44. Answering paragraph 44 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 44 and on that basis denies the same.

45. Answering paragraph 45 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 45 and on that basis denies the same.

46. Answering paragraph 46 of the FAC, CWM incorporates by reference each of its responses to the foregoing paragraphs.

47. Answering paragraph 47 of the FAC, CWM denies that CWM, as a corporate entity, knowingly made any false representation of material fact to Plaintiff with the intent to induce reliance. CWM affirmatively alleges that Plaintiff's own credit officer Lara C. Hernandez documented in writing on December 26-27, 2023 the precise structural concern that the Fourth Cause of Action alleges was concealed from Plaintiff. CWM further affirmatively alleges that Plaintiff's own loan officer Peter Matheny directed the conduct now alleged to constitute fraud, including the vendor substitution and the manner of execution of EFA closing documents.

ANSWER TO FIRST-AMENDED COMPLAINT

48. Answering paragraph 48 of the FAC, CWM denies that CWM concealed or failed to disclose any material fact to Plaintiff. CWM affirmatively alleges that the matters alleged to have been concealed were known to Plaintiff contemporaneously, as documented in Plaintiff's own internal email chain dated December 26-27, 2023 between Ms. Hernandez and Mr. Matheny, which Mr. Matheny in turn forwarded to CWM's CEO on December 27, 2023.

49. Answering paragraph 49 of the FAC, CWM denies that Plaintiff justifiably relied on any alleged misrepresentation or omission by CWM. CWM specifically alleges that justifiable reliance is defeated as a matter of law where the very fact alleged to have been concealed was identified and documented by Plaintiff's own credit officer in writing before the transaction was funded.

50. Answering paragraph 50 of the FAC, CWM denies that Plaintiff has been damaged by any alleged fraud or concealment of CWM. CWM affirmatively alleges that any damages Plaintiff may have suffered arose from Plaintiff's own agents' conduct, Plaintiff's own internal supervision failures, and the conduct of third parties acting outside the scope of CWM's authorization and control.

51. Answering paragraph 51 of the FAC, CWM denies that Plaintiff is entitled to punitive damages from CWM. CWM denies that any conduct attributable to CWM rises to the level of malice, oppression, or fraud within the meaning of California Civil Code section 3294.

52. Answering paragraph 52 of the FAC, CWM denies that Plaintiff is entitled to recover restitution from CWM on a theory of unjust enrichment or quasi-contract. CWM affirmatively alleges that CWM has not been unjustly enriched at Plaintiff's expense; any benefit conferred on CWM through the EFA was matched by corresponding obligations and was the product of Plaintiff's own informed decision to fund the transaction notwithstanding Ms. Hernandez's documented December 26-27, 2023 concerns.

ANSWER TO FIRST-AMENDED COMPLAINT

53. Answering paragraph 53 of the FAC, CWM incorporates by reference each of its responses to the foregoing paragraphs. The Fifth Cause of Action is directed at Washworld, and CWM lacks standing to respond on the substance of the allegations between Plaintiff and Washworld. To the extent any allegation of paragraph 53 purports to allege misconduct by CWM, CWM denies the same.

54. Answering paragraph 54 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations regarding the disposition of the $309,054.80 wire as between Plaintiff and Washworld and on that basis denies the same. To the extent paragraph 54 alleges any misconduct by CWM, CWM denies the same.

55. Answering paragraph 55 of the FAC, CWM admits that approximately $132,509.09 of the $309,054.80 wire was applied to an outstanding Washworld order for Conserve Fuels in Chula Vista, California. CWM admits that approximately $176,552.71 of the $309,054.80 wire was refunded to CWM. CWM denies any allegation that CWM unilaterally orchestrated or directed this allocation. CWM affirmatively alleges that the $176,552.71 refunded to CWM was deployed by CWM, together with additional capital, for the acquisition of equipment at the West Covina facility at 310 South Vincent Avenue.

56. Answering paragraph 56 of the FAC, CWM denies any allegation that CWM acted as a knowing participant in Washworld's alleged misapplication of Plaintiff's funds. CWM lacks knowledge sufficient to admit or deny the precise nature of Washworld's processing of the wire and on that basis denies the same.

57. Answering paragraph 57 of the FAC, CWM denies that Plaintiff is entitled to recover from CWM any amount on a money-paid-by-mistake theory.

58. Answering paragraph 58 of the FAC, CWM incorporates its responses to the prior paragraphs.

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

59. Answering paragraph 59 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations regarding Plaintiff's contractual relationship with Washworld and on that basis denies the same.

60. Answering paragraph 60 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 60 and on that basis denies the same. The Sixth Cause of Action is directed at Washworld, not CWM.

61. Answering paragraph 61 of the FAC, CWM incorporates its prior responses.

62. Answering paragraph 62 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 62, which are directed at Washworld, and on that basis denies the same.

63. Answering paragraph 63 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 63 and on that basis denies the same.

64. Answering paragraph 64 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 64 and on that basis denies the same.

65. Answering paragraph 65 of the FAC, CWM incorporates its prior responses.

66. Answering paragraph 66 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 66, which are directed at Washworld, and on that basis denies the same.

67. Answering paragraph 67 of the FAC, CWM admits that the EFA bore CWM as the named borrower and that Ortiz and WCCW signed Personal Guaranty documents in connection with the EFA. Except as expressly admitted, CWM lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 67 and on that basis denies the same.

16

ANSWER TO FIRST-AMENDED COMPLAINT

68.  Answering paragraph 68 of the FAC, CWM lacks knowledge sufficient to admit or deny the precise terms or contents of any Funding Instructions document as between Plaintiff and Washworld and on that basis denies the same.

69.  Answering paragraph 69 of the FAC, CWM incorporates its prior responses and lacks knowledge sufficient to admit or deny the remaining allegations and on that basis denies the same.

70.  Answering paragraph 70 of the FAC, CWM admits that approximately $309,054.80 was wired to Washworld on or about March 12, 2024. CWM lacks knowledge sufficient to admit or deny any further details and on that basis denies the same.

71.  Answering paragraph 71 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations of paragraph 71 and on that basis denies the same.

72.  Answering paragraph 72 of the FAC, CWM denies that it converted any property of Plaintiff. CWM denies that Plaintiff owned, or had the immediate right to possess, any specific, identifiable property of CWM, and denies that any act of CWM wrongfully deprived Plaintiff of any such property. CWM denies each remaining allegation of paragraph 72.

73.  Answering paragraph 73 of the FAC, CWM denies any allegation that CWM exercised wrongful dominion over Plaintiff's property at the time of the $309,054.80 wire to Washworld. CWM affirmatively alleges that the wire was directed by Plaintiff in conformity with Funding Instructions Plaintiff itself developed.

74.  Answering paragraph 74 of the FAC, CWM lacks knowledge sufficient to admit or deny the allegations regarding Washworld's application of funds and on that basis denies the same. To the extent paragraph 74 alleges any misconduct by CWM, CWM denies the same.

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

75.  Answering paragraph 75 of the FAC, CWM denies that CWM converted any property of Plaintiff. CWM denies the implication of paragraph 75 that any "conversion" by Washworld or any other party is attributable to CWM.

**Responses to Prayer for Relief**

CWM denies each and every numbered allegation contained in the Prayer for Relief of the First Amended Complaint, and denies that Plaintiff is entitled to the requested relief, or any other relief, against CWM.

**General Denial**

Except as expressly admitted herein, CWM denies each and every allegation, characterization, inference, and implication contained in the First Amended Complaint. CWM denies that Plaintiff has been damaged in the manner or amounts alleged, or in any other manner or amount, by reason of any conduct or omission of CWM.

AFFIRMATIVE DEFENSES

Without conceding that CWM bears the burden of proof on any of the following matters, CWM asserts the following affirmative defenses to the First Amended Complaint. CWM reserves the right to amend its Answer to add additional affirmative defenses based on facts developed during discovery.

**FIRST AFFIRMATIVE DEFENSE - FAILURE TO STATE A CLAIM**

The First Amended Complaint, and each Cause of Action alleged therein against CWM, fails to state a claim upon which relief may be granted. Specifically, the Fourth Cause of Action for Fraud/Concealment fails because the justifiable reliance element is defeated as a matter of law by Plaintiff's own internal documentary record, including Lara C. Hernandez's December 26-27, 2023 internal Bank email chain identifying the precise structural concern Plaintiff alleges was concealed. The First Amended Complaint further fails the plausibility pleading standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

v. Iqbal, 556 U.S. 662 (2009), and as to the Fourth Cause of Action for Fraud/Concealment fails to allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b), including without limitation the failure to allege as to CWM specifically: (i) the date, time, place, content, and speaker of any specific misrepresentation; (ii) the medium through which any specific misrepresentation was communicated; (iii) how any representation was false when made; and (iv) the basis for any purported justifiable reliance by Plaintiff given Plaintiff's own credit officer Lara C. Hernandez's December 27, 2023 written 'we cannot finance' determination quoted herein.

**SECOND AFFIRMATIVE DEFENSE - FRAUD IN THE INDUCEMENT**

Plaintiff is barred from recovery against CWM because the Equipment Finance Agreement and related documents were procured by fraud in the inducement, including but not limited to: (a) the misrepresentations and material omissions of Plaintiff's loan officer Peter Matheny; (b) the directed restructuring of CWM's membership as a precondition to funding; (c) Plaintiff's contemporaneous internal knowledge of the structural concern that was not disclosed to CWM's CEO in a manner enabling informed consent; and (d) the active direction of EFA execution mechanics by Plaintiff's agent acting within the course and scope of his employment. Specifically, on December 26, 2023 at 5:18 p.m. Central time, Bank credit officer Lara C. Hernandez wrote: 'PG Jose Rene Ortiz owns the tenant entity, which owns the real estate entity and is also the vendor???'. On December 27, 2023 at 6:58 a.m. Central time, Hernandez issued the dispositive credit determination: 'We cannot finance a transaction where customer and vendor do not have an arm's length distance. Would there be a manufacturer the equipment could be purchased from directly and cut-out Car Wash Management as the vendor?' Bank funded the EFA notwithstanding this written determination, without disclosing the determination to CWM, demonstrating fraud in the inducement.

19

ANSWER TO FIRST-AMENDED COMPLAINT

**THIRD AFFIRMATIVE DEFENSE - ESTOPPEL**

Plaintiff is estopped from asserting any claim against CWM based on alleged concealment, misrepresentation, or non-disclosure of facts that were documented in Plaintiff's own internal records and known to Plaintiff at the time of EFA origination. Plaintiff's credit officer Lara C. Hernandez documented in writing on December 26 and 27, 2023 the structural concern Plaintiff now alleges was concealed. Plaintiff is estopped from asserting claims against CWM by reason of, without limitation: (a) Plaintiff's funding of the EFA notwithstanding its own credit officer Lara C. Hernandez's December 27, 2023 written determination that "We cannot finance a transaction where customer and vendor do not have an arm's length distance"; and (b) Plaintiff's documented direction through Peter Matheny of the AVW-to-Washworld vendor substitution without an executed amendment of the EFA.

**FOURTH AFFIRMATIVE DEFENSE - UNCLEAN HANDS**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. Plaintiff knowingly funded the EFA after its credit officer documented the structural concern, directed the vendor substitution through its loan officer, and provided closing documents structured to obscure the very issues Plaintiff now seeks to litigate. Plaintiff cannot invoke this Court's equitable powers while having engaged in such conduct itself. Plaintiff's hands are unclean by reason of, without limitation: (a) Matheny's pattern of structurally irregular originations including the 2021 Yostina Inc./Petit Auto Wash transaction and the 2023 Zavaro Inc. transaction (Loan No. 2729070, duplicate funding of $130,107.47); (b) Plaintiff's failure to act on Hernandez's documented December 27, 2023 'we cannot finance' determination; (c) Plaintiff's concealment of the Hernandez determination from CWM; and (d) Plaintiff's coordination through Matheny of the bundled-into-EFA restructure of CWM's Operating Agreement (reducing Williams from 60% to 10% and elevating Ortiz to 80%) as a precondition to Plaintiff's funding decision. See Precision

Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806 (1945) (unclean hands doctrine).

**FIFTH AFFIRMATIVE DEFENSE - RELIANCE ON BANK LOAN OFFICER'S DOCUMENTED INSTRUCTIONS**

Any conduct by CWM that Plaintiff alleges to constitute breach or fraud was conducted in reliance on the documented instructions and directions of Plaintiff's loan officer Peter Matheny, including without limitation his March 5, 2024 text message instructing the vendor substitution and his March 7, 2024 text message instructing wet-ink signature by Jose Rene Ortiz. CWM cannot be held liable for following the explicit instructions of Plaintiff's own agent acting within the course and scope of his employment. Matheny's documented instructions to CWM through Williams include without limitation: (a) Matheny's December 27, 2023 10:05 a.m. Central time email forwarding the Hernandez chain with cover language directing only operational paperwork: 'Hi Andrew, See email below. Can you get me LLC Operating Agreements for both entities to document Jose's majority ownership?'; (b) Matheny's January 5, 2024 text instruction to bypass Bank's standard internal document upload portal; (c) Matheny's March 5, 2024 1:01 p.m. Pacific time text instruction regarding the AVW-to-Washworld substitution: 'Hi Andrew, AVW has returned the funds and we're going to rewrite the deal to wash world.' CWM reasonably relied on Matheny in his capacity as Vice President of Sales (Petroleum and Car Wash).

**SIXTH AFFIRMATIVE DEFENSE - FAILURE OF CONSIDERATION**

Plaintiff's claims are barred or reduced by failure of consideration. Plaintiff alleges to have funded the EFA in full but the actual disposition of the EFA proceeds was materially different from the consideration CWM was led to believe it was receiving: approximately $132,509.09 was applied to an outstanding Washworld order placed by a third party (Conserve Fuels Chula Vista) and approximately

21

ANSWER TO FIRST-AMENDED COMPLAINT

$176,552.71 was refunded to CWM. CWM did not receive equipment of the value Plaintiff represents to have financed. The EFA fails for lack of, or material failure of, consideration. Plaintiff funded loan proceeds in the amount of $309,054.80 to Washworld, Inc. on or about March 11, 2024. Of that sum, approximately $176,552.71 was applied by Washworld to settle a pre-existing trade balance with the Conserve Fuels Chula Vista project (a separate CWM project distinct from the West Covina car wash project for which the loan was nominally originated). The remaining approximately $132,509.09 was refunded by Washworld to CWM on or about March 19, 2024 and did not represent the acquisition of new equipment by CWM. No Washworld-supplied equipment was delivered to the West Covina car wash site. The EFA's bargained-for exchange of loan proceeds for equipment was therefore materially impaired.

**SEVENTH AFFIRMATIVE DEFENSE - FAILURE TO MITIGATE**

Plaintiff has failed to mitigate its alleged damages. Plaintiff has had actual or constructive knowledge of the alleged default since at least October 2024 but has not taken reasonable steps to mitigate, including, without limitation: (a) failing to timely pursue collection from Cross-Defendant Jose Rene Ortiz on the Personal Guaranty; (b) failing to take action upon discovering the AVW-to-Washworld vendor substitution and the diversion of EFA proceeds; and (c) failing to seek repossession of any collateral. Plaintiff's failure to mitigate bars or reduces recovery.

**EIGHTH AFFIRMATIVE DEFENSE - SETOFF, OFFSET, RECOUPMENT, AND CREDIT**

Plaintiff's claimed damages are subject to setoff, offset, and credit, including for loan proceeds Plaintiff caused to be paid to and retained by the equipment vendor and for other amounts and value for which CWM is entitled to credit. Any recovery against CWM must be reduced accordingly.

ANSWER TO FIRST-AMENDED COMPLAINT

**NINTH AFFIRMATIVE DEFENSE - MATERIAL ALTERATION OF CONTRACT**

The EFA was materially altered by the March 2024 addendum substituting Washworld as vendor in place of AVW. The addendum was signed only by Jose Rene Ortiz, not by CWM acting collectively or by Andrew P. Williams. The material alteration was orchestrated by Plaintiff's loan officer Peter Matheny, as documented in his March 5 and March 7, 2024 text messages. A material alteration not consented to by all relevant parties limits the enforceability of the underlying contract. Plaintiff's claims are barred or reduced by reason of Plaintiff's material alteration of the EFA after its initial execution. The post-funding substitution of Washworld for AVW as the equipment vendor of record, effectuated by Matheny on or about March 5, 2024 by the text-message communication: 'Hi Andrew- AVW has returned the funds and we're going to rewrite the deal to wash world,' constituted a material alteration of the EFA without an executed written amendment, without renewed underwriting, and without the consent of all CWM Members.

**TENTH AFFIRMATIVE DEFENSE - WAIVER**

Plaintiff has waived any right to recover from CWM by its conduct, including but not limited to: (a) the decision to fund the EFA notwithstanding Ms. Hernandez's documented December 26-27, 2023 concerns; (b) Mr. Matheny's active direction of the AVW-to-Washworld substitution; and (c) Plaintiff's failure to investigate or address the diversion of $132,509.09 to Conserve Fuels until many months after the transaction was completed.

**ELEVENTH AFFIRMATIVE DEFENSE - IMPROPER CALCULATION OF DAMAGES**

The damages alleged in the FAC are improperly calculated. They do not account for: (a) credits to which CWM is entitled for amounts diverted to Conserve Fuels Chula Vista; (b) the value of consideration not received by CWM; and (c) the

reduced value of any equipment located at the West Covina facility given its abandonment by CWM in reliance on Plaintiff's representations regarding its asserted security interest. Plaintiff has improperly calculated its alleged damages. The First Amended Complaint at paragraph 18 alleges that Plaintiff wired $309,954.00 to Washworld on March 11, 2024; on information and belief, the actual amount wired was $309,054.80 per Plaintiff's own funding records, with the $899.20 discrepancy unexplained. Further, of the $309,054.80 wired, approximately $132,509.09 was applied by Washworld to a pre-existing Conserve Fuels Chula Vista trade balance and approximately $176,552.71 was refunded by Washworld to CWM on March 19, 2024. Plaintiff's damages calculation must account for these applications and refunds. Plaintiff has further failed to credit any payments made by CWM toward the EFA, including the $34,339.42 first-payment wire pre-funded by CWM as a precondition of Plaintiff's funding decision.

**TWELFTH AFFIRMATIVE DEFENSE - APPORTIONMENT OF FAULT**

Any liability for damages alleged in the FAC must be apportioned among all parties whose acts or omissions contributed to those damages, including but not limited to Plaintiff itself, Plaintiff's loan officer Peter Matheny, co-defendant Jose Rene Ortiz, co-defendant West Covina Car Wash LLC, co-defendant Washworld, Inc., the third-party operating entity Conserve Fuels Chula Vista, and Travis Beaudoin in his individual capacity. CWM's proportional liability, if any, is far less than the full amount Plaintiff claims. Any liability of CWM must be apportioned among all responsible parties pursuant to American Motorcycle Association v. Superior Court, 20 Cal. 3d 578 (1978), and subsequent California authorities applying the doctrine of comparative fault. Other responsible parties include Cross-Defendant Jose Rene Ortiz (who executed all EFA documents as 'duly appointed and qualified officer' of CWM), Third-Party Defendant Peter Matheny (who architected the EFA transaction), Plaintiff Regions Bank (through Matheny and the credit-

24

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

supervision personnel who funded notwithstanding Hernandez's objection), Defendant Washworld, Inc. (which applied EFA proceeds to a pre-existing Conserve Fuels Chula Vista order), and any other persons or entities whose conduct contributed to the alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE - RESERVATION OF DERIVATIVE CLAIMS

CWM expressly reserves all rights, claims, counterclaims, cross-claims, and third-party claims it may have against Plaintiff and any other party arising out of the matters alleged in the First Amended Complaint, to be asserted in this or another action as may be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE - PRIOR AND CONCURRENT MATERIAL BREACH

Plaintiff's prior and concurrent material breaches of its obligations to CWM excused any obligation CWM may otherwise have had to perform under the EFA. A party in material breach cannot enforce performance from the counterparty. Plaintiff's claims are barred or reduced by reason of Plaintiff's prior and concurrent material breaches of the EFA, including without limitation Plaintiff's breach of the implied covenant of good faith and fair dealing by funding the EFA notwithstanding its own credit officer's documented institutional credit objection, by directing the AVW-to-Washworld vendor substitution without an executed amendment, and by failing to disclose to CWM material facts within Plaintiff's contemporaneous knowledge.

## FIFTEENTH AFFIRMATIVE DEFENSE - ABANDONMENT WAS PROCURED BY MISREPRESENTATION

To the extent Plaintiff relies on any theory regarding CWM's abandonment of equipment at the West Covina facility, that abandonment was procured by Plaintiff's misrepresentations that Plaintiff held a valid perfected security interest in such

25

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

equipment. Where abandonment of property is procured by misrepresentation, the abandonment does not extinguish the abandoning party's rights or claims against the misrepresenting party. CWM specifically reserves all rights and claims regarding the equipment located at 310 South Vincent Avenue. To the extent Plaintiff alleges that CWM abandoned the West Covina project, any such abandonment was procured by Plaintiff's misrepresentations and concealments to CWM regarding (a) the integrity of the EFA transaction structure; (b) the substantive credit determination by Hernandez; (c) the Matheny pattern of similar transactions; and (d) the consequences for CWM of funding the EFA. CWM's conduct was not voluntary or with knowledge of material facts and is therefore not actionable as abandonment.

**SIXTEENTH AFFIRMATIVE DEFENSE - RESERVATION OF ADDITIONAL DEFENSES**

CWM reserves the right to amend its Answer to add additional affirmative defenses based on facts developed during discovery, including without limitation facts that may be developed regarding: (a) the conduct of Plaintiff's other employees and agents; (b) the conduct of Co-Defendants and Third Parties; (c) Plaintiff's compliance with applicable banking, lending, and credit regulations; and (d) Plaintiff's internal classification and accounting treatment of the CWM EFA.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution, Defendant Car Wash Management, LLC hereby demands a trial by jury on all issues so triable.

**PRAYER**

WHEREFORE, Defendant Car Wash Management, LLC prays for relief as follows:

1. That Plaintiff take nothing by the First Amended Complaint as against CWM;

2. That the First Amended Complaint be dismissed with prejudice as to CWM;

3. That CWM be awarded its costs of suit incurred herein;

26

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

4.  That CWM be awarded its reasonable attorneys' fees as may be available under any applicable contract or statute;

5.  That the Court grant CWM such other and further relief as the Court may deem just and proper.

**CWM demands a trial by jury on all issues so triable.**

Dated: June 30, 2026                              **THE SANDS LAW GROUP**, **APLC**


By: _____

Thomas D. Sands, Esq.

Attorney for Defendant CAR WASH

MANAGEMENT, LLC

27

ANSWER TO FIRST-AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that, on June 30, 2026, I electronically filed the foregoing: **DEFENDANT CAR WASH MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; AND DEMAND FOR JURY TRIAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail and mail to the following:

| | |
|---|---|
| Via electronic mail:<br>Andrew K Alper<br>Frandzel Robins Bloom and Csato LC<br>1000 Wilshire Boulevard 19th Floor<br>Los Angeles, CA 90017-2427<br>323-852-1000<br>323-651-2577 (fax)<br>aalper@frandzel.com | Via electronic mail:<br>Thomas M Robins, III<br>Frandzel Robins Bloom and Csato LC<br>1000 Wilshire Boulevard 19th Floor<br>Los Angeles, CA 90017-2427<br>323-852-1000<br>323-651-2577 (fax)<br>trobins@frandzel.com |
| Via electronic mail:<br>Ava Noel Claypool<br>BakerHostetler<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301<br>661-400-6413<br>aclaypool@bakerlaw.com;<br>XEstrada@bakerlaw.com;<br>mgannon@bakerlaw.com;<br>kwalton@bakerlaw.com | Via mail:<br>Andrew Paul Williams<br>an individual<br>12641 Antioch Road, Suite 1045<br>Overland Park, KS 66213<br>619-796-6469 |

Dated: June 30, 2026

_____

EMILY CONNELL

28

ANSWER TO FIRST-AMENDED COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx