Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
6/28/2026
CENTRAL DISTRICT OF CALIFORNIA
BY_____jji_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,**<br><br>    Plaintiff,<br><br>v.<br><br>**CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; ANDREW PAUL WILLIAMS;** | **Case No. 2:25-cv-00359-CAS-KSx**<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW P. WILLIAMS; [PROPOSED] ORDER**<br><br>Fed. R. Civ. P. 15(a)(2)<br><br>Hon. Christina A. Snyder |

1

MOTION FOR LEAVE TO FILE SECOND AMENDED PLEADING

**WASHWORLD, INC.; DOES 1-100, inclusive,**

Defendants.

_____

**ANDREW PAUL WILLIAMS,**

Counter-Claimant, Cross-Claimant,

and Third-Party Plaintiff,

v.

**REGIONS BANK dba ASCENTIUM CAPITAL;**

**JOSE RENE ORTIZ; MARIA L. ORTIZ;**

**THE ORTIZ FAMILY TRUST OF 2024;**

**WASHWORLD, INC.; PETER MATHENY;**

**ROES 1-50, inclusive,**

Counter-Defendant,

Cross-Defendants, and

Third-Party Defendant.

Courtroom 8D

Trial Date: June 8, 2027

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

MOTION FOR LEAVE TO FILE SECOND AMENDED PLEADING

CASE NO. 2:25-cv-00359-CAS-KSx

PLEASE TAKE NOTICE that on August 3, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8D of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, before the Honorable Christina A. Snyder, Defendant, Counterclaimant, Cross-Claimant, and Third-Party Plaintiff Andrew P. Williams ("Williams"), appearing in propria persona, will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file the Second Amended Answer, Affirmative Defenses, Counterclaim, Cross-Claim, and Third-Party Complaint (the "Second Amended Pleading").

A true and correct copy of the proposed Second Amended Pleading is attached as Exhibit A to the accompanying Declaration of Andrew P. Williams, together with a version comparing the Second Amended Pleading to the operative First Amended Pleading (Dkt. 186) attached as Exhibit B.

This Motion is made on the ground that leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), and that the Second Amended Pleading narrows the claims and parties asserted by Williams and is offered to streamline the pleadings and to reduce, not multiply, motion practice. Williams sought leave by stipulation; the parties did not all consent, and Williams therefore brings this Motion.

This Motion is made following the conference of counsel required by Local Rule 7-3. Williams conferred with counsel for the parties regarding the proposed amendment, including on June 19, 2026 and thereafter, and the parties were unable to agree to a stipulation permitting the filing.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Andrew P. Williams and the exhibits thereto, the [Proposed] Order, the records and files in this Action, and any argument the Court may permit.

MOTION FOR LEAVE TO FILE SECOND AMENDED PLEADING

CASE NO. 2:25-cv-00359-CAS-KSx

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Williams respectfully requests leave under Federal Rule of Civil Procedure 15(a)(2) to file the Second Amended Pleading. The proposed amendment narrows the claims and parties Williams asserts and revises certain claims to streamline the case. Williams first sought to proceed by stipulation in order to avoid burdening the Court and the parties with a contested motion; because the parties did not all consent, Williams now seeks the Court's leave. Under the liberal standard governing amendment, leave should be granted: there is no undue delay, no bad faith, and no prejudice, fact discovery does not close until November 30, 2026 and trial is set for June 8, 2027, and the amendment is not futile.

## II. BACKGROUND

On June 10, 2026, Williams filed the operative First Amended Answer, Affirmative Defenses, Counterclaim, Cross-Claim, and Third-Party Complaint (Dkt. 186). Williams thereafter met and conferred with counsel for the parties regarding a further, narrowing amendment. The Second Amended Pleading eliminates and revises certain claims and narrows the parties Williams names. Williams circulated a proposed stipulation permitting its filing; not all parties consented. The Court's scheduling order (Dkt. 190) sets a fact-discovery cutoff of November 30, 2026 and a trial date of June 8, 2027. (Williams Decl.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Leave should be granted absent a showing of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment.

MOTION FOR LEAVE TO FILE SECOND AMENDED PLEADING

CASE NO. 2:25-cv-00359-CAS-KSx

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit applies this policy "with extreme liberality," and prejudice to the opposing party is the most significant factor. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Delay alone is insufficient to deny leave, and an outright refusal to grant leave without a justifying reason is an abuse of discretion. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987).

## IV.  ARGUMENT

### A.  There Is No Undue Delay.

Williams filed the operative First Amended Pleading on June 10, 2026, and brings this Motion promptly after conferring with the parties. Fact discovery remains open until November 30, 2026, and trial is months away on June 8, 2027. The request comes at an early stage of the litigation, and in any event delay alone would not justify denial. DCD Programs, 833 F.2d at 186-87.

### B.  There Is No Bad Faith.

The Second Amended Pleading narrows Williams's claims and parties and is offered to streamline the case. Williams proposed a stipulation precisely to avoid a contested motion. An amendment that reduces the issues, and an effort to proceed by agreement, are the opposite of bad faith or a dilatory motive.

### C.  No Party Will Be Prejudiced.

Prejudice is the touchstone of the inquiry, Eminence Capital, 316 F.3d at 1052, and there is none here. The case is at an early stage; no party will lose discovery or trial-preparation time, as the fact-discovery cutoff (November 30, 2026) and trial date (June 8, 2027) are months away and are unaffected. Because the Second Amended Pleading narrows the claims and parties, it reduces rather than increases the burden on the parties and the Court.

### D.  The Amendment Is Not Futile.

MOTION FOR LEAVE TO FILE SECOND AMENDED PLEADING

CASE NO. 2:25-cv-00359-CAS-KSx

The Second Amended Pleading states cognizable claims. Futility is measured by the standard governing a motion to dismiss, and denial of leave on futility grounds is disfavored where the issue is better resolved on a properly noticed motion directed to the amended pleading. Any party may test the Second Amended Pleading under Federal Rule of Civil Procedure 12 after it is filed; no party waives, and each expressly reserves, its rights, claims, defenses, and objections.

**E. The Amendment Reduces, Rather Than Multiplies, the Proceedings.**

To the extent any party suggests that the amendment multiplies the proceedings, the opposite is true. The Second Amended Pleading eliminates and narrows claims and parties, and Williams sought to effect the amendment by stipulation rather than motion. Narrowing the case and seeking agreement are consistent with Federal Rule of Civil Procedure 1's direction to secure the just, speedy, and inexpensive determination of every action.

**V. CONCLUSION**

For the foregoing reasons, Williams respectfully requests that the Court grant leave to file the Second Amended Pleading in the form attached as Exhibit A, deem it filed and served upon entry of the order or within seven (7) days thereafter, and set the parties' time to respond at twenty-one (21) days after it is filed and served, or as the Court may otherwise order.

_A. P. Williams_

Andrew P. Williams

Defendant, Counterclaimant, Cross-Claimant, and Third-Party Plaintiff, In Propria Persona

**DECLARATION OF ANDREW P. WILLIAMS**

6

MOTION FOR LEAVE TO FILE SECOND AMENDED PLEADING

CASE NO. 2:25-cv-00359-CAS-KSx

I, Andrew P. Williams, declare as follows:

1.   I am a Defendant, Counterclaimant, Cross-Claimant, and Third-Party Plaintiff in this action, appearing in propria persona. I have personal knowledge of the matters stated below and, if called as a witness, could and would testify competently to them.

2.   On June 10, 2026, I filed my First Amended Answer, Affirmative Defenses, Counterclaim, Cross-Claim, and Third-Party Complaint (Dkt. 186), which is the operative pleading.

3.   I met and conferred with counsel for the parties regarding a further, narrowing amendment, including with counsel for Plaintiff Regions Bank on June 19, 2026, and with counsel for Washworld, Inc. in June 2026.

4.   Attached as Exhibit A is a true and correct copy of my proposed Second Amended Answer, Affirmative Defenses, Counterclaim, Cross-Claim, and Third-Party Complaint. Attached as Exhibit B is a true and correct copy of a version comparing the proposed Second Amended Pleading to the operative First Amended Pleading.

5.   The Second Amended Pleading narrows the claims and parties I assert and revises certain claims in order to streamline the pleadings.

6.   I circulated a proposed stipulation permitting the filing of the Second Amended Pleading. The parties did not all consent, and I therefore bring this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on [DATE].   6/28

_____

Andrew P. Williams

## [PROPOSED] ORDER

Having considered the Motion of Andrew P. Williams for Leave to File the Second Amended Answer, Affirmative Defenses, Counterclaim, Cross-Claim, and Third-Party Complaint, the supporting papers, and the records and files in this action, and good cause appearing, IT IS HEREBY ORDERED that:

1.  The Motion is GRANTED.

2.  Williams may file the Second Amended Pleading in the form attached as Exhibit A to the Declaration of Andrew P. Williams within seven (7) days of the date of this Order.

3.  Any party may move against, answer, or otherwise respond to the Second Amended Pleading within twenty-one (21) days after it is filed and served, or as the Court may otherwise order.

**IT IS SO ORDERED.**

Dated: _____

_____

Hon. Christina A. Snyder

United States District Judge

MOTION FOR LEAVE TO FILE SECOND AMENDED PLEADING

CASE NO. 2:25-cv-00359-CAS-KSx