Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-Defendant, Regions Bank
An Alabama State Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, <br><br> Defendant. <br><br>――――――――――― <br><br> JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS, CAR | Case No.  2:25-cv-00359 CAS (KSx) <br><br> **REGIONS BANK'S REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH REGIONS BANK'S  MOTION TO DISMISS ANDREW P. WILLIAMS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12(b)(1) and (e) MOTION TO STRIKE COUNTERCLAIM (Rule 12(f) AND FOR LACK OF STANDING PURSUANT TO F.R.C.P. Rule 17)** <br><br> *Filed concurrently with Notice of Motion and Motion to Dismiss Counterclaim; Declaration of Andrew K. Alper; and Proposed Order* <br><br> Date:     August 10, 2026 <br> Time:     10:00 a.m. <br> Crtrm.:  8D |

5994857v2 | 100287-0289

NOTICE AND MOTION OF COUNTER-DEFENDANT REGIONS BANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to 35, inclusive,

Cross Defendants.

WASHWORLD, INC.,

Counter Plaintiff,

v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

Cross Defendants.

WASHWORLD, INC.,

Cross Claimant,

v.

CAR WASH MANAGEMENT, LLC,

Cross Defendant.

ANDREW PAUL WILLIAMS,

Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50, inclusive.

Counter Defendants, Cross-Defendants, and Third-Party Defendants,

5994857v2 | 100287-0289

2

REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH COUNTER-DEFENDANT REGIONS BANK MOTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

TO THE COURT, COUNTER-CLAIMANT, ANDREW P. WILLIAMS AND ALL PARTIES TO THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on August 10, 2026, at 10:00 a.m. or as soon thereafter as counsel may be heard in the above-entitled Court located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565 in Courtroom 8D of the Honorable Christina Snyder, Plaintiff and Counter-defendant Regions Bank dba Ascentium Capital ("Plaintiff") will and does hereby move this Court for an order dismissing the Counterclaim filed by Defendant and Counter-claimant Andrew P. Williams ("Williams") as a result of the Counterclaim's failure to state a claim upon which relief may be granted against Plaintiff pursuant to Federal Rules of Civil Procedure (F.R.C.P.) Rule 12(b)(6). Plaintiff also moves for dismissal of the Counterclaim and the Claims contained based on Williams lack of standing in accordance with F.R.C.P. Rule 17. If the Court does not grant either of the foregoing motions for dismissal then Plaintiff also moves for a More Definite Statement pursuant to Rule 12(e) and to strike pursuant to Rule 12(f).

In connection with the Motion to Dismiss, Plaintiff hereby requests that the court take judicial notice of the following pleadings filed in the bankruptcy of Andrew P. Williams in the United States Bankruptcy Court Southern District of California Bankruptcy case number 24-cv-03761-CL7 and the adversary action filed in the Bankruptcy case as adversary case number 25-ap-90005-CL filed by Erik Anderson, Nick Ashton and Sandra Ashton against Andrew Paul Williams ("Adversary Action") in accordance with Federal Rules Of Evidence Rule 201 as follows:

## **IN THE BANKRUPTCY CASE**

1.  Bankruptcy Docket, Exhibit "1" hereto;

2.  Bankruptcy Petition. Exhibit "2" hereto,

3.  Bankruptcy Schedules, Exhibit "3" hereto;

4.  Bankruptcy Statement of Financial Affairs, Exhibit "4" hereto;

5.      Order of Discharge, Exhibit "5" hereto;

**IN THE ADVERSARY ACTION**

6.      Adversary Docket, Exhibit "6" hereto;

7.      Complaint, Exhibit "7" hereto;

8.      Order granting Default Judgment against Andrew Paul Williams, Exhibit "8" (the underlying default judgment papers are 1090 pages as docket number 12 and Plaintiff is not attaching them to this request for judicial notice for that reason only);

9.      Declaration of Andrew P Williams in support of motion to set aside default and default judgment, Exhibit "9" hereto (Plaintiff is excluding the motion to set aside the default and judgment since it is not evidence)

10.      Supplemental Declaration of Andrew P. Williams in support of Motion to Set Aside Default and Default Judgment, Exhibit "10", hereto.

11.      Order from Court setting the judgment against Andrew P. Wiliams aside, Exhibit "11", hereto;

12.      Answer of Andrew P. Williams to Complaint, Exhibit "12" hereto.

**PLEADINGS FROM THIS CASE**

13.      Opposition to Motion to Dismiss Counterclaim of Washworld [Docket number 194].

14.      Declaration of Jerry Noon [Docket number 71-2].

DATED:  July 8, 2026                FRANDZEL ROBINS BLOOM & CSATO, L.C.


By:  _____
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-defendant, Regions Bank,
an Alabama State Bank dba Ascentium Capital

<div style="margin-left:2em">FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90017-2427<br>(323) 852-1000</div>

5994857v2 | 100287-0289

REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH COUNTER-DEFENDANT REGIONS BANK MOTION FOR FAILURE TO STATE A CLAIM  UPON WHICH RELIEF CAN BE GRANTED

# EXHIBIT 1

**Closed**

# U.S. Bankruptcy Court
## Southern District of California (San Diego)
### Bankruptcy Petition #: 24-03761-CL7

*Assigned to:* Chief Judge Christopher B. Latham
Chapter 7
Voluntary
No asset

*Date filed:* 10/04/2024
*Date terminated:* 01/08/2025
*Debtor discharged:* 01/07/2025
*341 meeting:* 11/07/2024
*Deadline for objecting to discharge:* 01/06/2025
*Deadline for financial mgmt. course:* 01/06/2025

*Debtor disposition:* Standard Discharge

**Debtor**
**Andrew Paul Williams**
12136 Avenida Sivrita
San Diego, CA 92121
SAN DIEGO-CA
SSN / ITIN: xxx-xx-6131

represented by **Ronald E. Stadtmueller**
10755 Scripps Poway Pkwy.,
#370
San Diego, CA 92131
858-564-9310
Email: ronstadtmueller@aol.com

**Trustee**
**Leslie T. Gladstone**
5656 La Jolla Blvd.,
La Jolla, CA 92037
858-454-9887

**United States Trustee**
**United States Trustee**
Office of the U.S. Trustee
880 Front Street
Suite 3230
San Diego, CA 92101
619-557-5013

| Filing Date | # | Docket Text |
|---|---|---|
| 10/04/2024 | 1 (63 pgs) | Voluntary Petition for Individuals Schedules & Statements Fee Amount $ 338.00. Declaration re: Electronic Filing due by 10/18/2024. Filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 2 | Receipt of Statement About Your Social Security Number COURT NOTE: The PDF document is a secured image. filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (related documents Chapter 7 Voluntary Petition) (Stadtmueller, Ronald) (Entered: 10/04/2024) |

| | | |
|---|---|---|
| 10/04/2024 | | Receipt of Chapter 7 Voluntary Petition( 24-03761-7) [misc,1027] ( 338.00) Filing Fee. Fee Amount 338.00 Receipt number A18213417 (re: Doc# 1); (U.S. Treasury) (Entered: 10/04/2024) |
| 10/04/2024 | 3 (4 pgs; 2 docs) | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Interim Trustee Gladstone, Leslie T. with **341(a) meeting to be held on 11/7/2024 at 10:30 AM. via Zoom - Gladstone Meeting ID 260 657 8691, and Passcode 7074482752, Phone (619) 367-1820.** Financial Management Course Due Date: 1/6/2025. Objections for Discharge due by 1/6/2025. (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 4 (1 pg) | Declaration Re: Electronic Filing filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (related documents 1 Chapter 7 Voluntary Petition) (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 5 (4 pgs) | Rights and Responsibilities of Chapter 7 Debtors and their Attorney filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | (1 pg) | Certificate of Credit Counseling for Debtor Dated 9/27/2024 filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. For Court Use Only: 180 days CC Date from case filing: 04/8/2024, (related documents 1 Chapter 7 Voluntary Petition) (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 7 (2 pgs; 2 docs) | Notice of Failure to Comply with Filing Requirements. You must correct the defect no later than 4:30 p.m. on 10/7/24 or your case may be dismissed without further notice. *File a list containing the name and address of each entity included or to be included on Schedules D-H.* within 10/7/24 days U.S.C 109h. (related documents 1 Chapter 7 Voluntary Petition) (Li, J.) (Entered: 10/04/2024) |
| 10/04/2024 | 8 (2 pgs) | BNC Court Certificate of Notice. (related documents 7 Notice of Failure to Comply with filing Requirements) Notice Date 10/06/2024. (Admin.) (Entered: 10/06/2024) |
| 10/07/2024 | 9 (5 pgs) | BNC Court Certificate of Notice re Bankruptcy Case and Meeting of Creditors. (related documents 3 Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) Notice Date 10/09/2024. (Admin.) (Entered: 10/09/2024) |
| 11/07/2024 | 10 (2 pgs; 2 docs) | Certificate of Debtor Education Certification About a Financial Management Course 423 filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (Attachments: # 1 Financial Management Form 423) (related documents 3 Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) (Stadtmueller, Ronald) (Entered: 11/07/2024) |
| 11/07/2024 | 11 (1 pg) | Financial Management Certificate of Education **for Debtor** filed by provider. (Duarte, Alberto) (Entered: 11/07/2024) |
| 11/12/2024 | 12 | Chapter 7 Trustee's Report of No Distribution: I, Leslie T. Gladstone, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any |

| | | |
|---|---|---|
| | | money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. *Debtor appeared.*. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: $ 35400.00, Claims Scheduled: $ 41778.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 41778.00. (Gladstone, Leslie) (Entered: 11/12/2024) |
| 11/15/2024 | 13 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 11/15/2024). filed by Leslie T. Gladstone on behalf of Leslie T. Gladstone. (related documents 9 BNC Court Certificate of Notice re Bankruptcy Case and Meeting of Creditors) (Gladstone, Leslie) (Entered: 11/15/2024) |
| 01/06/2025 | 14 (19 pgs) | Adversary case 25-90005. Complaint by Erik Anderson, Nick Ashton, Sandra Ashton against Andrew Paul Williams. Nature of Suit: 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud) 68 (Dischargeability - 523(a)(6), willful and malicious injury) , Fee Amount $ 350.00 Filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 01/06/2025) |
| 01/07/2025 | 15 (3 pgs; 2 docs) | Order Discharging Debtor(s) in a Chapter 7 case. (Admin.) (Entered: 01/07/2025) |
| 01/08/2025 | 16 | Order Approving Trustee's Report of No Distribution and Closing Case. It appearing to the Court that the Trustee in the above-entitled case has filed a Report of No Distribution and that the said Trustee has performed all other duties required of the Trustee in the administration of said case; now, therefore, IT IS ORDERED that said report be and it hereby is approved and the case is closed; and the Trustee is discharged from and relieved of his trust. Mark T. Schnakenberg, Clerk of Court (Admin.) (Entered: 01/08/2025) |
| 01/08/2025 | 17 (4 pgs) | BNC Court Certificate of Notice re Discharge of Debtor. Notice Date 01/10/2025. (Admin.) (Entered: 01/13/2025) |
| 02/24/2025 | 18 (2 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. Proof of Claim No. 1. Austin Capital Bank. (Cary, B.) (Entered: 02/24/2025) |
| 02/24/2025 | 19 (2 pgs) | BNC Court Certificate of Notice. (related documents 18 Notice of Errors/Deficiencies) Notice Date 02/26/2025. (Admin.) (Entered: 02/26/2025) |

Case 2:25-cv-00359-CAS-KS    Document 204-1    Filed 07/08/26    Page 9 of 189    Page ID #:3091

# EXHIBIT 2

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**Southern District of California**

Case number (If known): _____

Chapter you are filing under:

- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy
06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** <br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br><br> Bring your picture identification to your meeting with the trustee. | **Andrew** <br> First name <br> **Paul** <br> Middle name <br> **Williams** <br> Last name <br><br> Suffix (Sr., Jr., II, III) | First name <br> Middle name <br> Last name <br><br> Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** <br><br> Include your married or maiden names and any assumed, trade names and *doing business as* names. <br><br> Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name <br> Middle name <br> Last name <br><br> First name <br> Middle name <br> Last name <br><br> Business name (if applicable) <br><br> Business name (if applicable) | First name <br> Middle name <br> Last name <br><br> First name <br> Middle name <br> Last name <br><br> Business name (if applicable) <br><br> Business name (if applicable) |

| Debtor 1 | Andrew | Paul | Williams | | Case number (if known) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**3.** Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)

xxx – xx – **6** **1** **3** **1**

OR

**9** xx – xx –

xxx – xx –

OR

**9** xx – xx –

**About Debtor 1:**

**About Debtor 2 (Spouse Only in a Joint Case):**

**4.** Your Employer Identification Number (EIN), if any.

EIN _____

EIN _____

EIN _____

EIN _____

**5.** Where you live

**12136 Avenida Sivrita**
Number     Street

**San Diego     CA     92121**
City     State     ZIP Code

**SAN DIEGO**
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

**7776 Trade Street, Suite E**
Number     Street

_____
P.O. Box

**San Diego     CA     92121**
City     State     ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number     Street

_____
City     State     ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number     Street

_____
P.O. Box

_____
City     State     ZIP Code

**6.** Why you are choosing *this district* to file for bankruptcy

Check one:

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

Debtor 1   **Andrew**        **Paul**          **Williams**                     Case number *(if known)* _____
           First Name       Middle Name      Last Name

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---------|-------------------------------------------|

7.  **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☑ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

8.  **How you will pay the fee**

☑ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments**. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

9.  **Have you filed for Bankruptcy within the last 8 years?**

☑ No
☐ Yes.

| | | | | |
|---|---|---|---|---|
| District _____ | When _____ MM/DD/YYYY | Case number _____ |
| District _____ | When _____ MM/DD/YYYY | Case number _____ |
| District _____ | When _____ MM/DD/YYYY | Case number _____ |

10. **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
☐ Yes.

Debtor _____        Relationship to you _____
District _____ When _____ Case number, if known _____
                         MM/DD/YYYY

Debtor _____        Relationship to you _____
District _____ When _____ Case number, if known _____
                         MM/DD/YYYY

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 3 of 8

| Debtor 1 | Andrew | Paul | Williams | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**11. Do you rent your residence?**

☑ No    Go to line 12.

☐ Yes    Has your landlord obtained an eviction judgment against you?

    ☑ No    Go to line 12.

    ☐ Yes    Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

**Part 3:**    **Report About Any Businesses You Own as a Sole Proprietor**

---

**12. Are you a sole proprietor of any full- or part time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____
Number        Street

_____
City                                State        Zip Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

Debtor 1  **Andrew**        **Paul**          **Williams**                          Case number *(if known)* _____
          First Name        Middle Name       Last Name

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

14.  **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

☑ No
☐ Yes.  What is the hazard?  _____
                            _____

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

If immediate attention is needed, why is it needed?  _____
_____

Where is the property?  _____
                        Number       Street

_____

_____
City            State    Zip Code

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 5:   Explain Your Efforts to Receive a Briefing About Credit Counseling

**15.**   **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

   ☐ **Incapacity.**   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ **Disability.**   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ **Active duty.**   I am currently on active military duty in a military combat zone.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

   ☐ **Incapacity.**   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ **Disability.**   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ **Active duty.**   I am currently on active military duty in a military combat zone.

| Debtor 1 | Andrew | Paul | Williams | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

|  | | |
|---|---|---|
| | If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. | If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

---

**Part 6:    Answer These Questions for Reporting Purposes**

---

**16.** **What kind of debts do you have?**

16a    **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.

☐ Yes. Go to line 17.

16b    **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☑ Yes. Go to line 17.

16c    State the type of debts you owe that are not consumer debts or business debts.

**17.** **Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ No.    I am not filing under Chapter 7. Go to line 18.

☑ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☑ No

☐ Yes

**18.** **How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19.** **How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**20.** **How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor 1    **Andrew**        **Paul**        **Williams**                    Case number *(if known)* _____
_____    _____    _____
First Name        Middle Name        Last Name

---

| Part 7: | Sign Below |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ **/s/ Andrew Paul Williams**                ✗ _____
  Signature of Debtor 1                             Signature of Debtor 2

  Executed on    **10/3/2024**                     Executed on _____
                 MM/DD/YYYY                                  MM/DD/YYYY

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ **/s/ Ronald Stadtmueller**                Date    **10/3/2024**
  Signature of Attorney for Debtor                              MM/DD/YYYY

  **Ronald Stadtmueller**
  Printed name

  **The Bankruptcy Professionals, Ronald E. Stadtmueller**
  Firm name

  **10755 Scripps Poway Pkwy.**
  Number        Street

  **San Diego**                                **CA**            **92131**
  City                                           State            Zip Code

  Contact phone    **(858) 564-9310**        Email address    **rstadt7@gmail.com**

  **140720**                                **California**
  Bar number                                State

---

# EXHIBIT 3

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Andrew | Paul | Williams |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Southern District of California**

Case number _____
(If known):

☐ Check if this is an amended filing

## Official Form 106Sum

# Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

**Your assets**
Value of what you own

1. *Schedule A/B: Property* (Official Form 106A/B)

   1a. Copy line 55, Total real estate, from *Schedule A/B* ................................................................ $ _____ 0.00

   1b. Copy line 62, Total personal property, from *Schedule A/B* ...................................................... $ _____ 1,700.00

   1c. Copy line 63, Total of all property on *Schedule A/B* ................................................................ $ _____ 1,700.00

### Part 2:    Summarize Your Liabilities

**Your liabilities**
Amount you owe

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)

   2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D* .... $ _____ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)

   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ................................. $ _____ 0.00

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* .......................... + $ _____ 41,778.00

   **Your total liabilities**    $ _____ 41,778.00

### Part 3:    Summarize Your Income and Expenses

4. *Schedule I: Your Income* (Official Form 106I)

   Copy your combined monthly income from line 12 of *Schedule I* ................................................................. $ _____ 0.00

5. *Schedule J: Your Expenses* (Official Form 106J)

   Copy your monthly expenses from line 22c of *Schedule J* ........................................................................ $ _____ 535.00

Debtor 1    **Andrew**         **Paul**          **Williams**                    Case number *(if known)* _____
             First Name         Middle Name        Last Name

---

| Part 4: | Answer These Questions for Administrative and Statistical Records |
|---|---|

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

7. **What kind of debt do you have?**

☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☑ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____ 0.00

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

**Total Claim**

From Part 4 on *Schedule E/F*, copy the following:

9a. Domestic support obligations (Copy line 6a.)                                                          $ _____ 0.00

9b. Taxes and certain other debts you owe the government. (Copy line 6b.)                                 $ _____ 0.00

9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.)                       $ _____ 0.00

9d. Student loans. (Copy line 6f.)                                                                        $ _____ 0.00

9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.)   $ _____ 0.00

9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.)              **+** $ _____ 0.00

9g. **Total.** Add lines 9a through 9f.                                                                   $ _____ 0.00

**Fill in this information to identify your case and this filing:**

| Debtor 1 | Andrew | Paul | Williams |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) First Name | | Middle Name | Last Name |

United States Bankruptcy Court for the: **Southern District of California**

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?
   ☑ No. Go to Part 2.
   ☐ Yes. Where is the property?

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here .......................................... → $_____ 0.00

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles
   ☑ No
   ☐ Yes

4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
   ☑ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here .......................................... → $_____ 0.00

| Debtor 1 | **Andrew** | **Paul** | **Williams** | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. Household goods and furnishings
   ☐ No
   ☑ Yes. Describe............................ | misc. household goods | $ 1,000.00

7. Electronics
   ☐ No
   ☑ Yes. Describe............................ | misc. electronics | $ 100.00

8. Collectibles of value
   ☑ No
   ☐ Yes. Describe............................ | | $

9. Equipment for sports and hobbies
   ☐ No
   ☑ Yes. Describe............................ | misc. sporting equipment | $ 300.00

10. Firearms
   ☑ No
   ☐ Yes. Describe............................ | | $

11. Clothes
   ☐ No
   ☑ Yes. Describe............................ | clothing | $ 100.00

12. Jewelry
   ☐ No
   ☑ Yes. Describe............................ | jewelry, less than | $ 100.00

Official Form 106A/B                Schedule A/B: Property                page 2 of 10

Debtor 1    **Andrew**          **Paul**          **Williams**                    Case number *(if known)* _____
            First Name          Middle Name       Last Name

13. **Non-farm animals**

☑ No

☐ Yes. Describe............................    [                                    ]    $ _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**

☑ No

☐ Yes. Describe............................    [                                    ]    $ _____

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here ..............................................................................  ➜   $ _____ 1,600.00

---

| Part 4: | **Describe Your Financial Assets** |
|---|---|

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

☑ Yes ...................................

16.1  | cash on hand, less than |    $ _____ 100.00

17. **Deposits of Money**

☑ No

☐ Yes ...................................    Institution name:

_____    $ _____

18. **Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes ...................................    Institution or issuer name:

_____    $ _____

---

| Debtor 1 | **Andrew** | **Paul** | **Williams** | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No

☑ Yes. Give specific information about them.................................

Name of entity:     % of ownership:

19.1    Car Wash Management, LLC (a Delaware corporation)    60.00    %    $      0.00

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific information about them.................................

Issuer name:

$

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No

☐ Yes. List each account separately.

Type of account:     Institution name:

$

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No

☐ Yes .................................

Institution name or individual:

$

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes .................................

Issuer name and description:

$

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**

26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes .................................

Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

$

Debtor 1    **Andrew**      **Paul**      **Williams**      Case number *(if known)* _____

        First Name        Middle Name      Last Name

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
- ☑ No
- ☐ Yes. Describe..............................

$ _____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
- ☑ No
- ☐ Yes. Describe..............................

$ _____

27. **Licenses, franchises, and other general intangibles**
- ☑ No
- ☐ Yes. Describe..............................

$ _____

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
- ☑ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ...............

Federal:    $ _____

State:    $ _____

Local:    $ _____

Debtor 1    **Andrew**          **Paul**          **Williams**          Case number *(if known)* _____
       First Name     Middle Name     Last Name

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information ...........

|  |  |
|---|---|
| Alimony: | $ _____ |
| Maintenance: | $ _____ |
| Support: | $ _____ |
| Divorce settlement: | $ _____ |
| Property settlement: | $ _____ |

30. **Other amounts someone owes you**

☑ No
☐ Yes. Give specific information. ........                                         $ _____

31. **Interests in insurance policies**

☑ No
☐ Yes. Name the insurance company of each policy and list its value ......
    Company name: _____    Beneficiary: _____    Surrender or refund value:
    $ _____

32. **Any interest in property that is due you from someone who has died**

☑ No
☐ Yes. Describe........................                                         $ _____

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

☑ No
☐ Yes. Describe..............................                                         $ _____

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No
☐ Yes. Describe...............................                                         $ _____

Official Form 106A/B                    **Schedule A/B: Property**                    page 6 of 10

Debtor 1    **Andrew**          **Paul**              **Williams**              Case number *(if known)* _____
            First Name          Middle Name          Last Name

35. **Any financial assets you did not already list**

☑ No

☐ Yes. Describe............................                                                        $ _____

36. Add the dollar value of the portion you own for all of your entries from Part 4, including any entries for pages
    you have attached for Part 4. Write that number here .................................................➔  $ _____ 100.00

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**

    **Current value of the portion you own?**
    Do not deduct secured claims or exemptions.

    ☑ No. Go to Part 6.

    ☐ Yes. Go to line 38.

38. **Accounts receivable or commissions you already earned**

    ☑ No

    ☐ Yes. Describe...........................                                                    $ _____

39. **Office equipment, furnishings, and supplies**

    ☑ No

    ☐ Yes. Describe...........................                                                    $ _____

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

    ☑ No

    ☐ Yes. Describe...........................                                                    $ _____

41. **Inventory**

    ☑ No

    ☐ Yes. Describe...........................                                                    $ _____

42. **Interests in partnerships or joint ventures**

    ☑ No

    ☐ Yes. Describe ...........................  Name of entity:              % of ownership:

                                                  _____  _____ %  $ _____

Debtor 1    **Andrew**          **Paul**              **Williams**          Case number *(if known)* _____
            First Name          Middle Name          Last Name

43.  Customer lists, mailing lists, or other compilations
     ☑ No
     ☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?
              ☐ No
              ☐ Yes. Describe.................

     $ _____

44.  Any business-related property you did not already list
     ☑ No
     ☐ Yes. Give specific information .........

     $ _____

45.  Add the dollar value of the portion you own for all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here .................................................................➔   $ _____ 0.00

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** If you own or have an interest in farmland, list it in Part 1. |
|---|---|

46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?

     **Current value of the portion you own?**

     Do not deduct secured claims or exemptions.

     ☑ No. Go to Part 7.
     ☐ Yes. Go to line 47.

47.  Farm animals
     ☑ No
     ☐ Yes. Describe...........................

     $ _____

48.  Crops - either growing or harvested
     ☑ No
     ☐ Yes. Describe........................

     $ _____

49.  Farm and fishing equipment, implements, machinery, fixtures, and tools of trade
     ☑ No
     ☐ Yes. Describe...........................

     $ _____

Debtor 1    __Andrew__    __Paul__    __Williams__    Case number *(if known)* _____
                First Name      Middle Name      Last Name

50. **Farm and fishing supplies, chemicals, and feed**
    ☑ No
    ☐ Yes. Describe............................ [                              ]    $ _____

51. **Any farm- and commercial fishing-related property you did not already list**
    ☑ No
    ☐ Yes. Describe............................ [                              ]    $ _____

52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here .................................................................. ➔    $ _____ 0.00

## Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ☑ No
    ☐ Yes. Give specific information......... [                              ]    $ _____ 0.00

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ......................... ➔    $ _____ 0.00

Debtor 1    **Andrew**          **Paul**          **Williams**          Case number *(if known)* _____
             First Name          Middle Name      Last Name

| Part 8: | **List the Totals of Each Part of this Form** |
|---|---|

55.  **Part 1: Total real estate, line 2** ..........................................................................  ➔  $ _____ 0.00

56.  **Part 2: Total vehicles, line 5**                                                  $ _____ 0.00

57.  **Part 3: Total personal and household items, line 15**                           $ _____ 1,600.00

58.  **Part 4: Total financial assets, line 36**                                        $ _____ 100.00

59.  **Part 5: Total business-related property, line 45**                              $ _____ 0.00

60.  **Part 6: Total farm- and fishing-related property, line 52**                      $ _____ 0.00

61.  **Part 7: Total other property not listed, line 54**                       **+** $ _____ 0.00

62.  **Total personal property.** Add line 56 through 61 ..................  $ _____ 1,700.00   Copy personal property total ➔ **+** $ _____ 1,700.00

63.  **Total of all property on Schedule A/B.** Add line 55 + line 62 ...........................................................  $ _____ 1,700.00

Official Form 106A/B                          **Schedule A/B: Property**                          page 10 of 10

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Andrew | Paul | Williams |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Southern District of California**

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: Property You Claim as Exempt                                04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2.  **For any property you list on Schedule A/B that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from Schedule A/B | Amount of the exemption you claim<br><br>Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: misc. household goods<br>Line from Schedule A/B: 6.1 | $ 1,000.00 | ☑ $ 1,000.00<br>☐ 100% of fair market value up to any applicable statutory limit | CCP 703.140(b)(3) |
| Brief description: misc. electronics<br>Line from Schedule A/B: 7.1 | $ 100.00 | ☑ $ 100.00<br>☐ 100% of fair market value up to any applicable statutory limit | CCP 703.140(b)(3) |
| Brief description: misc. sporting equipment<br>Line from Schedule A/B: 9.1 | $ 300.00 | ☑ $ 300.00<br>☐ 100% of fair market value up to any applicable statutory limit | CCP 703.140(b)(3) |
| Brief description: clothing<br>Line from Schedule A/B: 11.1 | $ 100.00 | ☑ $ 100.00<br>☐ 100% of fair market value up to any applicable statutory limit | CCP 703.140(b)(3) |

Official Form 106C          Schedule C: The Property You Claim as Exempt                    page 1 of 2

Debtor 1    **Andrew**         **Paul**          **Williams**                    Case number *(if known)* _____
            First Name         Middle Name        Last Name

| | | | |
|---|---|---|---|
| Brief description: | jewelry, less than | $ 100.00 | ☑ $ 100.00 |
| Line from Schedule A/B | 12.1 | | ☐ 100% of fair market value up to any applicable statutory limit |

CCP 703.140 (b)(4) $1750.00

| | | | |
|---|---|---|---|
| Brief description: | cash on hand, less than | $ 100.00 | ☑ $ 100.00 |
| Line from Schedule A/B | 16.1 | | ☐ 100% of fair market value up to any applicable statutory limit |

CCP 703.140 (b)(5)

| | | | |
|---|---|---|---|
| Brief description: | Car Wash Management, LLC (a Delaware corporation) | $ 0.00 | ☑ $ 33,700.00 |
| Line from Schedule A/B | 19.1 | | ☐ 100% of fair market value up to any applicable statutory limit |

CCP 703.140 (b)(5)

3.   **Are you claiming a homestead exemption of more than $189,050?**

(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

☑ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☑ No

   ☐ Yes

Official Form 106C          Schedule C: The Property You Claim as Exempt                    page 2 of 2

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Andrew | Paul | Williams |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Southern District of California**

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1.   **Do any creditors have claims secured by your property?**
     ☑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
     ☐ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

| | Column A | Column B | Column C |
|---|---|---|---|
| | **Amount of claim** | **Value of collateral** | **Unsecured** |
| 2.   **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2.  As much as possible, list the claims in alphabetical order according to the creditor's name. | Do not deduct the value of collateral. | that supports this claim | portion If any |

Add the dollar value of your entries in Column A on this page. Write that number here:          $ _____ 0.00

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 2:    List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Fill in this information to identify your case:

Debtor 1    **Andrew**      **Paul**      **Williams**
       First Name        Middle Name        Last Name

Debtor 2 _____
(Spouse, if filing) First Name      Middle Name      Last Name

United States Bankruptcy Court for the: **Southern District of California**

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property.* If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

### Part 1: List All of Your PRIORITY Unsecured Claims

1. Do any creditors have claims secured by your property?
   - ☑ No. Go to Part 2.
   - ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

   | | Total claim | Priority amount | Nonpriority amount |
   |---|---|---|---|

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.   Do any creditors have nonpriority unsecured claims against you?

☐   No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑   Yes.

4.   List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

| 4.1 | AMEX | Last 4 digits of account number   3833 | $   1,298.00 |
|---|---|---|---|

**AMEX**
Nonpriority Creditor's Name

**P.O. BOX 981537**
Number    Street

**EL PASO        TX      79998**
City            State    Zip Code

**Who incurred the debt?** Check one.

☑   Debtor 1 only

☐   Debtor 2 only

☐   Debtor 1 and Debtor 2 only

☐   At least one of the debtors and another

☐   Check if this claim relates to a community debt

Is the claim subject to offset?

☑   No

☐   Yes

When was the debt incurred?   _____

As of the date you file, the claim is: Check all that apply.

☑   Contingent

☐   Unliquidated

☐   Disputed

Type of NONPRIORITY unsecured claim:

☐   Student loans

☐   Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐   Debts to pension or profit-sharing plans, and other similar debts

☑   Other. Specify   _____

Description:

| AUTHORIZED USER on business credit card, used for business purposes |
|---|

Note:

Debtor 1   **Andrew**         **Paul**            **Williams**            Case number *(if known)* _____
           First Name         Middle Name         Last Name

---

**4.2**   **Anderson, Ashton and Ashton**          Last 4 digits of account number  _____   $ _____ Unknown
          Nonpriority Creditor's Name
                                                   When was the debt incurred?  _____
          **c/o Higgs Fletcher & Mack, LLP**
          **401 West "A" Street, Suite 2600**
          Number      Street                       As of the date you file, the claim is: Check all that apply.
                                                   ☑ Contingent
          **San Diego**         **CA**    **92101**     ☐ Unliquidated
          City                  State    Zip Code  ☑ Disputed

          **Who incurred the debt?** Check one.     Type of NONPRIORITY unsecured claim:
          ☑ Debtor 1 only                          ☐ Student loans
          ☐ Debtor 2 only                          ☐ Obligations arising out of a separation agreement or divorce that
          ☐ Debtor 1 and Debtor 2 only                you did not report as priority claims
          ☐ At least one of the debtors and another ☐ Debts to pension or profit-sharing plans, and other similar debts
                                                   ☑ Other. Specify _____
          ☐ Check if this claim relates to a community debt

          **Is the claim subject to offset?**      Description:
          ☑ No
          ☐ Yes                                    Calif. Superior Court - San Diego County
                                                   24CU003299C

                                                   business lawsuit

          Note:

---

**4.3**   **AUSTINCAPBK**                          Last 4 digits of account number   6674          $ _____ 21,647.00
          Nonpriority Creditor's Name
                                                   When was the debt incurred?  _____
          **8100 SHOAL CREEK**
          Number      Street                       As of the date you file, the claim is: Check all that apply.
                                                   ☑ Contingent
          **AUSTIN**            **TX**    **78757**     ☐ Unliquidated
          City                  State    Zip Code  ☐ Disputed

          **Who incurred the debt?** Check one.     Type of NONPRIORITY unsecured claim:
          ☑ Debtor 1 only                          ☐ Student loans
          ☐ Debtor 2 only                          ☐ Obligations arising out of a separation agreement or divorce that
          ☐ Debtor 1 and Debtor 2 only                you did not report as priority claims
          ☐ At least one of the debtors and another ☐ Debts to pension or profit-sharing plans, and other similar debts
                                                   ☑ Other. Specify _____
          ☐ Check if this claim relates to a community debt

          **Is the claim subject to offset?**      Description:
          ☑ No
          ☐ Yes                                    AUTHORIZED USER on business credit card, used
                                                   for business purposes

          Note:

---

Official Form 106E/F          Schedule E/F: Creditors Who Have Unsecured Claims          page 3 of 7

Debtor 1    **Andrew**         **Paul**          **Williams**         Case number *(if known)* _____
      First Name      Middle Name      Last Name

---

| 4.4 | | |
|---|---|---|

**CAPITAL ONE**
Nonpriority Creditor's Name

**PO BOX 71083**
Number    Street

**CHARLOTTE**     **NC**     **28272-1083**
City          State    Zip Code

Last 4 digits of account number    **2307**

When was the debt incurred?    _____

$    17,937.00

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify _____

**Description:**

> AUTHORIZED USER on business credit card, used for business purposes

Note:

---

| 4.5 | | |
|---|---|---|

**CAPITAL ONE**
Nonpriority Creditor's Name

**PO BOX 71083**
Number    Street

**CHARLOTTE**     **NC**     **28272-1083**
City          State    Zip Code

Last 4 digits of account number    **8288**

When was the debt incurred?    _____

$    16.00

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify _____

**Description:**

> AUTHORIZED USER on business credit card, used for business purposes

Note:

---

Official Form 106E/F          Schedule E/F: Creditors Who Have Unsecured Claims          page 4 of 7

Debtor 1    **Andrew**          **Paul**          **Williams**                    Case number *(if known)* _____
           First Name          Middle Name       Last Name

| 4.6 | **CREDITONEBNK** | Last 4 digits of account number | **6318** | $ | **880.00** |

Nonpriority Creditor's Name

**PO BOX 60500**

Number    Street

**CITY OF INDUSTRY**    **CA**    **91716-0500**

City    State    Zip Code

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who incurred the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify _____

**Description:**

AUTHORIZED USER on business credit card, used for business purposes

**Note:**

| 4.7 | **Ferris & Britton** | Last 4 digits of account number | | $ | **Unknown** |

Nonpriority Creditor's Name

**501 West Broadway, Suite 1450**

Number    Street

**San Diego**    **CA**    **92101**

City    State    Zip Code

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
☑ Contingent
☐ Unliquidated
☐ Disputed

**Who incurred the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify _____

**Description:**

notice only

**Note:**

| Debtor 1 | Andrew | Paul | Williams | Case number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**4.8** Kihack Management, LLC
Nonpriority Creditor's Name

c/o McManus Kolenovic, PC
2122 Island Avenue
Number      Street

San Diego        CA      92102
City                State   Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number _____

When was the debt incurred? _____

$ _____ Unknown

**As of the date you file, the claim is:** Check all that apply.
- ☑ Contingent
- ☐ Unliquidated
- ☑ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify _____

**Description:**

37-2022-00029782-CU-MC-CTL business lawsuit

Note:

---

**4.9** VIP Petroleum, Inc.
Nonpriority Creditor's Name

c/o Shahen Hairapetian
1145 South Fair Oaks Avenue
Number      Street

Pasadena        CA      91105
City                State   Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number _____

When was the debt incurred? _____

$ _____ Unknown

**As of the date you file, the claim is:** Check all that apply.
- ☑ Contingent
- ☐ Unliquidated
- ☑ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify _____

**Description:**

23CHCV00305 Calif. Superior Court - LA County

business lawsuit

Note:

---

**Part 3:   List Others to Be Notified for a Debt That You Already Listed**

5.  Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

---

Debtor 1    **Andrew**     **Paul**     **Williams**     Case number *(if known)* _____

        First Name          Middle Name       Last Name

---

**Part 4:**    **Add the Amounts for Each Type of Unsecured Claim**

6.   Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159. Add the amounts for each type of unsecured claim.

                                                     **Total claim**

|  | | | | Total claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | + $ 0.00 |
| | 6e. | **Total.** Add lines 6a through 6d. | 6e. | $ 0.00 |

                                                     **Total claim**

|  | | | | Total claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | Student loans | 6f. | $ 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| | 6h. | Debts to pension or profit sharing plans, and other similar debts | 6h. | $ 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | + $ 41,778.00 |
| | 6j. | **Total.** Add lines 6f through 6i. | 6j. | $ 41,778.00 |

**Fill in this information to identify your case:**

| Debtor 1 | Andrew | Paul | Williams |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) First Name | | Middle Name | Last Name |

United States Bankruptcy Court for the: __Southern District of California__

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 106G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

    **Person or company with whom you have the contract or lease**        **State what the contract or lease is for**

| Fill in this information to identify your case: | | |
|---|---|---|

Debtor 1  __Andrew__          __Paul__          __Williams__
First Name          Middle Name          Last Name

Debtor 2  _____
First Name          Middle Name          Last Name

United States Bankruptcy Court for the:  __Southern District of California__

Case number (If known):  _____

☐ Check if this is an amended filing

## Official Form 106H

## Schedule H: Your Codebtors                                    12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No

   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No. Go to line 3.

   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

      ☑ No. Go to line 3.

      ☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

      _____
      Name of your spouse, former spouse, or legal equivalent

      _____
      Number          Street

      _____
      City                              State    Zip Code

3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.

*Column 1:* **Your codebtor**                    **Column 2: The creditor to whom you owe the debt**

                                                Check all schedules that apply:

Official Form 106H                    Schedule H: Your Codebtors                    page 1 of 1

**Fill in this information to identify your case:**

Debtor 1    Andrew      Paul      Williams
First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)   First Name      Middle Name      Last Name

United States Bankruptcy Court for the: __Southern District of California__

Case number
(if known):

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM/DD/YYYY

## Official Form 106I

# Schedule I: Your Income      12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | Manager | |
| **Employer's name** | Car Wash Management, LLC | |
| **Employer's address** | 7776 Trade Street, Suite E<br>Number   Street<br>San Diego   CA   92121<br>City    State   Zip Code | Number   Street<br>City    State   Zip Code |
| **How long employed there?** | | |

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ |
| 3. | Estimate and list monthly overtime pay. | 3. | + $ 0.00 | + $ |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 0.00 | $ |
| | Copy line 4 here .......................................................................➔ | 4. | $ 0.00 | $ |
| 5. | List all payroll deductions: | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ |
| | 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ |
| | 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ |
| | 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ |
| | 5e. Insurance | 5e. | $ 0.00 | $ |
| | 5f. Domestic support obligations | 5f. | $ 0.00 | $ |
| | 5g. Union dues | 5g. | $ 0.00 | $ |
| | 5h. Other deductions. Specify: _____ | 5h. | + $ 0.00 | + $ |
| 6. | Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h. | 6. | $ 0.00 | $ |
| 7. | Calculate total monthly take home pay. Subtract line 6 from line 4. | 7. | $ 0.00 | $ |
| 8. | List all other income regularly received. | | | |
| | 8a. Net income from rental property and from operating a business, profession, or farm | | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ |
| | 8b. Interest and dividends | 8b. | $ 0.00 | $ |
| | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive | | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ |
| | 8d. Unemployment compensation | 8d. | $ 0.00 | $ |
| | 8e. Social Security | 8e. | $ 0.00 | $ |

Official Form 106I                               Schedule I: Your Income                               page 2 of 3

| Debtor 1 | **Andrew** | **Paul** | **Williams** | Case number *(if known)* | |
|----------|-----------|----------|--------------|--------------------------|--|
| | First Name | Middle Name | Last Name | | |

**8f. Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.

Specify: _____   8f.   $ _____ 0.00    $ _____

**8g. Pension or retirement income**   8g.   $ _____ 0.00    $ _____

**8h. Other monthly income.** Specify: _____   8h. **+** $ _____ 0.00   **+** $ _____

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h.   9.   $ _____ 0.00    $ _____

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ _____ 0.00   **+** $ _____   **=** $ _____ 0.00

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____   11. **+** $ _____ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies.   12.   $ _____ 0.00

Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☑ Yes. Explain: | debtor has been working for no pay and relies upon friends and relatives for his modest living expenses |

**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | Andrew | Paul | Williams | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: **Southern District of California**

Case number
(If known):

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM/DD/YYYY

## Official Form 106J

# Schedule J: Your Expenses                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☒ No, Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No

      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**        ☒ No

   Do not list Debtor 1 and Debtor 2.      ☐ Yes. Fill out this information for

   Do not state the dependents' names.         each dependent....................

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | | | |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☒ No
   ☐ Yes

| Debtor 1 | Andrew | Paul | Williams | Case number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | | |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $ 0.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. | $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. | $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | $ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. | $ 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. | $ 0.00 |
| 6. | Utilities: | | |
| 6a. | Electricity, heat, natural gas | 6a. | $ 0.00 |
| 6b. | Water, sewer, garbage collection | 6b. | $ 0.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 0.00 |
| 6d. | Other. Specify: **streaming service** | 6d. | $ 15.00 |
| 7. | Food and housekeeping supplies | 7. | $ 150.00 |
| 8. | Childcare and children's education costs | 8. | $ 0.00 |
| 9. | Clothing, laundry, and dry cleaning | 9. | $ 20.00 |
| 10. | Personal care products and services | 10. | $ 0.00 |
| 11. | Medical and dental expenses | 11. | $ 350.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 0.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | 13. | $ 0.00 |
| 14. | Charitable contributions and religious donations | 14. | $ 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. | Life insurance | 15a. | $ 0.00 |
| 15b. | Health insurance | 15b. | $ 0.00 |
| 15c. | Vehicle insurance | 15c. | $ 0.00 |
| 15d. | Other insurance. Specify: _____ | 15d. | $ 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ 0.00 |

| | | |
|---|---|---|
| Official Form 106J | Schedule J: Your Expenses | page 2 of 3 |

| Debtor 1 | **Andrew** | **Paul** | **Williams** | | Case number *(if known)* |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

17. **Installment or lease payments:**

| | | |
|---|---|---|
| 17a. Car payments for Vehicle 1 | 17a. | $ 0.00 |
| 17b Car payments for Vehicle 2 | 17b. | $ 0.00 |
| 17c. Other. Specify: _____ | 17c. | $ 0.00 |
| 17d. Other. Specify: _____ | 17d. | $ 0.00 |

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).**    18.    $ 0.00

19. **Other payments you make to support others who do not live with you.**

Specify: **0** _____    19.    $ 0.00

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**

| | | |
|---|---|---|
| 20a. Mortgages on other property | 20a. | $ 0.00 |
| 20b. Real estate taxes | 20b. | $ 0.00 |
| 20c. Property, homeowner's or renter's insurance | 20c. | $ 0.00 |
| 20d. Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| 20e. Homeowner's association or condominium dues | 20e. | $ 0.00 |

21. **Other.** Specify: _____    21.  **+** $ 0.00

22. **Calculate your monthly expenses.**

| | | |
|---|---|---|
| 22a. Add lines 4 through 21. | 22a. | $ 535.00 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | $ 0.00 |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | $ 535.00 |

23. **Calculate your monthly net income.**

| | | |
|---|---|---|
| 23a. Copy line 12 (*your combined monthly income*) from *Schedule I.* | 23a. | $ 0.00 |
| 23b. Copy your monthly expenses from line 22c above. | 23b. **−** | $ 535.00 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. | $ -535.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes. Explain here:

| |
|---|
| |

**Fill in this information to identify your case:**

Debtor 1    __Andrew__     __Paul__     __Williams__
             First Name         Middle Name        Last Name

Debtor 2     _____
(Spouse, if filing)   First Name         Middle Name        Last Name

United States Bankruptcy Court for the: __Southern District of California__

Case number _____
(If known)

☐ Check if this is an amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| Part 1: | Sign Below |
|---------|------------|

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✗ __/s/ Andrew Paul Williams_____      ✗ _____
   Signature of Debtor 1                             Signature of Debtor 2

   Date __10/3/2024___                        Date _____
        MM/DD/YYYY                             MM/DD/YYYY

# EXHIBIT 4

**Fill in this information to identify your case:**

| Debtor 1 | Andrew | Paul | Williams |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Southern District of California**

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy       04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Give Details About Your Marital Status and Where You Lived Before

1. What is your current marital status?
   - ☐ Married
   - ☑ Not married

2. During the last 3 years, have you lived anywhere other than where you live now?
   - ☐ No.
   - ☑ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| debtor has been unable to rent a home and has been "sofa surfing" with friends and relatives in California for approx. 3 years | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| Number    Street | From **9/1/2021** To **9/1/2024** | Number    Street | From _____ To _____ |
| **San Diego   CA   92121** | | | |
| City   State   ZIP Code | | City   State   ZIP Code | |

3. Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory? (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)
   - ☑ No.
   - ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2:   Explain the Sources of Your Income

4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.
   - ☑ No.
   - ☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |

Debtor 1    **Andrew**         **Paul**          **Williams**        Case number *(if known)* _____

    First Name    Middle Name    Last Name

☐ Wages, commissions, bonuses, tips    $ _____

☐ Operating a business

☐ Wages, commissions, bonuses, tips    $ _____

☐ Operating a business

☐ Wages, commissions, bonuses, tips    $ _____

☐ Operating a business

☐ Wages, commissions, bonuses, tips    $ _____

☐ Operating a business

☐ Wages, commissions, bonuses, tips    $ _____

☐ Operating a business

☐ Wages, commissions, bonuses, tips    $ _____

☐ Operating a business

5. **Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No.

☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | **less than $10,000 in business draws and help from friends and relatives** | $ _____<br>$ _____<br>$ _____ | _____<br>_____<br>_____ | $ _____<br>$ _____<br>$ _____ |
| **For last calendar year:**<br>(January 1 to December 31, 2023) | **less than $10,000 in business draws and help from friends and relatives** | $ _____<br>$ _____<br>$ _____ | _____<br>_____<br>_____ | $ _____<br>$ _____<br>$ _____ |
| **For the calendar year before that:**<br>(January 1 to December 31, 2022) | **less than $10,000 in business draws and help from friends and relatives** | $ _____<br>$ _____<br>$ _____ | _____<br>_____<br>_____ | $ _____<br>$ _____<br>$ _____ |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

| Debtor 1 | Andrew | Paul | Williams | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☑ **No.** **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☑ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

\* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

☐ **Yes.** **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of Payment | Total Amount Paid | Amount You Still Owe | Was this Payment for... |
|---|---|---|---|---|
| Creditor's Name | | $ | $ | ☐ Mortgage ☐ Car ☐ Credit card ☐ Loan repayment |
| Number        Street | | | | ☐ Suppliers or vendors ☐ Other |
| City        State    ZIP Code | | | | |

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No.
☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| Insider's Name | | $ | $ | |
| Number        Street | | | | |
| City        State    ZIP Code | | | | |

Debtor 1    **Andrew**          **Paul**            **Williams**          Case number *(if known)* _____
            First Name          Middle Name         Last Name

8.  Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?

    Include payments on debts guaranteed or cosigned by an insider.

    ☑ No.
    ☐ Yes. List all payments that benefited an insider

    |  | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
    |---|---|---|---|---|
    | _____<br>Insider's Name |  | $ _____ | $ _____ 0.00 |  |
    | _____<br>Number    Street | _____ |  |  |  |
    | _____<br>City    State   ZIP Code | _____ |  |  |  |

---

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.  Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?

    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No.
    ☑ Yes. Fill in the details.

    |  | Nature of the case | Court or agency | Status of the case |
    |---|---|---|---|
    | Case title  **Erik Anderson et.al v Car Wash Management and Andrew Williams et.al.** | dispute over car wash construction | **Superior Court - San Diego**<br>Court Name | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
    | Case number  **24CU003299C** |  | **330 West Broadway**<br>Number          Street<br>**San Diego**    **CA**    **92101**<br>City    State    ZIP Code |  |
    | Case title  **VIP Petroleum v Car Wash Management, Andrew Williams et al** | car wash equipment dispute | **Superior Court - LA County**<br>Court Name | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
    | Case number  **23CHCV00305** |  | **9425 Penfield Ave.**<br>Number          Street<br>**Chatsworth**    **CA**    **91311**<br>City    State    ZIP Code |  |

Official Form 107          Statement of Financial Affairs for Individuals Filing for Bankruptcy          page 4 of 14

Debtor 1  __Andrew__  __Paul__  __Williams__  Case number (if known) _____

First Name  Middle Name  Last Name

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

Case title __Kihack Management LLC v Car Wash Management et al__

Nature of the case: **dispute regarding Uptown Car Wash San Diego**

Court or agency:

**Superior Court, LA County**
Court Name

Case number __37-2022-00029782-CU-MC-CTL__

**600 South Commonwealth Ave**
Number    Street

**Los Angeles    CA    90005**
City    State    ZIP Code

Status of the case:
☑ Pending
☐ On appeal
☐ Concluded

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?

Check all that apply and fill in the details below.

☑ No. Go to line 11.
☐ Yes. Fill in the information below.

| | Describe the Property | Date | Value of the Property |
|---|---|---|---|
| | | _____ | $ _____ |

_____
Creditor's Name

**Explain what Happened**

_____
Number    Street

☐ Property was repossessed.
☐ Property was foreclosed.
☐ Property was garnished.
☐ Property was attached, seized, or levied.

_____
City    State    ZIP Code

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

☑ No.
☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | _____ | $ _____ |

_____
Creditor's Name

_____
Number    Street

_____
City    State    ZIP Code

Last 4 digits of account number: XXXX-_____

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

☑ No

Official Form 107    Statement of Financial Affairs for Individuals Filing for Bankruptcy    page 5 of 14

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

☐ Yes

---

## Part 5:    List Certain Gifts and Contributions

13.  Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

☑ No.
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| _____ <br> Person to Whom You Gave the Gift | | _____ | $ _____ 0.00 |
| _____ <br> Number    Street | | _____ | $ _____ 0.00 |
| _____ <br> City        State  ZIP Code | | | |
| Person's relationship to you _____ | | | |

14.  Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

☑ No.
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| _____ <br> Charity's Name | | _____ | $ _____ 0.00 |
| _____ <br> Number    Street | | _____ | $ _____ 0.00 |
| _____ <br> City        State  ZIP Code | | | |

---

## Part 6:    List Certain Losses

15.  Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☑ No.
☐ Yes. Fill in the details.

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* _____ |
| | First Name | Middle Name | Last Name | |

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | _____ | $ _____ |

## Part 7:   List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?

   Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

   ☐ No.
   ☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Ronald E. Stadtmueller<br>Person Who Was Paid | $2862 ($2500 legal fees, $338 filing fee and $24 credit report fee) paid 10/2024 | _____ | $   2,862.00 |
| 10755 Scripps Poway Parkway #370<br>Number    Street | | _____ | $   0.00 |
| San Diego    CA    92131<br>City    State    ZIP Code | | | |
| <br>Email or Website Address | | | |
| paid by relatives of debtor<br>Person Who Made the Payment, if Not You | | | |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?

   Do not include any payment or transfer that you listed on line 16.

   ☑ No.
   ☐ Yes. Fill in the details.

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* | _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| | | | $ _____ |
| Person Who Was Paid | | | |
| | | | $ _____ |
| Number       Street | | | |
| | | | |
| City            State    ZIP Code | | | |

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**

Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No.
☐ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| | | | _____ |
| Person Who Received Transfer | | | |
| | | | |
| Number       Street | | | |
| | | | |
| City            State    ZIP Code | | | |
| Person's relationship to you  _____ | | | |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☑ No.
☐ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust  _____ | | _____ |

### Part 8:    List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**

Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

☑ No.
☐ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| _____ | XXXX- _____ | ☐ Checking | _____ | $ _____ |
| Name of Financial Institution | | ☐ Savings | | |
| | | ☐ Money market | | |
| _____ | | ☐ Brokerage | | |
| Number     Street | | ☐ Other _____ | | |
| _____ | | | | |
| City     State   ZIP Code | | | | |

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

☑ No.
☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the Contents | Do you still have it? |
|---|---|---|---|
| | | | ☑ No |
| _____ | _____ | | ☐ Yes |
| Name of Financial Institution | Name | | |
| _____ | _____ | | |
| Number     Street | Number     Street | | |
| _____ | _____ | | |
| City     State   ZIP Code | City     State   Zip Code | | |

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

☑ No.
☐ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the Contents | Do you still have it? |
|---|---|---|---|
| | | | ☑ No |
| _____ | _____ | | ☐ Yes |
| Name of Storage Facility | Name | | |
| _____ | _____ | | |
| Number     Street | Number     Street | | |
| _____ | _____ | | |
| City     State   ZIP Code | City     State   Zip Code | | |

**Part 9:**     **Identify Property You Hold or Control for Someone Else**

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

☑ No.
☐ Yes. Fill in the details.

| | Where is the Property? | Describe the Property | Value |
|---|---|---|---|
| | | | $ _____ |
| Owner's Name | | | |
| Number    Street | Number    Street | | |
| City        State   ZIP Code | City        State   Zip Code | | |

## Part 10:  Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

*Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

*Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites

*Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

☑ No.
☐ Yes. Fill in the details.

| | Governmental Unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name of Site | Governmental Unit | | |
| Number    Street | Number    Street | | |
| City        State   ZIP Code | City        State   Zip Code | | |

25. Have you notified any governmental unit of any release of hazardous material?

☑ No.
☐ Yes. Fill in the details.

Debtor 1    **Andrew**      **Paul**      **Williams**        Case number *(if known)* _____
      First Name      Middle Name     Last Name

| | Governmental Unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of Site | Governmental Unit | | |
| Number   Street | Number   Street | | |
| City    State   ZIP Code | City    State   Zip Code | | |

26.   Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

   ☑   No.
   ☐   Yes. Fill in the details.

| | Court or Agency | Nature of the case | Status of the case |
|---|---|---|---|
| | | | ☐ Pending |
| Case title _____ | Court Name | | ☐ On appeal |
| | | | ☐ Concluded |
| Case number _____ | Number    Street | | |
| | City    State   ZIP Code | | |

---

**Part 11:**   **Give Details About Your Business or Connections to Any Business**

27.   Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

     ☐   A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
     ☑   A member of a limited liability company (LLC) or limited liability partnership (LLP)
     ☐   A partner in a partnership
     ☐   An officer, director, or managing executive of a corporation
     ☐   An owner of at least 5% of the voting or equity securities of a corporation

   ☐   No. None of the above applies. Go to Part 12.
   ☑   Yes. Check all that apply above and fill in the details below for each business.

Debtor 1    Andrew ___ Paul ___ Williams ___    Case number *(if known)* _____
              First Name    Middle Name    Last Name

**Best Dam Car Wash in West Covina LLC**
Name of Site

_____
Number    Street

_____
City        State    ZIP Code

Describe the nature of the business

**never operated or conducted business**

Name of accountant or bookkeeper

Employer Identification Number
Do not include Social Security number or ITIN.

EIN: _____

Dates business existed

From _____ To **Present**

---

**Car Wash Systems LLC**
Name of Site

_____
Number    Street

_____
City        State    ZIP Code

Describe the nature of the business

**never operated or conducted business**

Name of accountant or bookkeeper

Employer Identification Number
Do not include Social Security number or ITIN.

EIN: _____

Dates business existed

From _____ To **Present**

---

**Glyde Systems LLC**
Name of Site

_____
Number    Street

_____
City        State    ZIP Code

Describe the nature of the business

**never operated or conducted business**

Name of accountant or bookkeeper

Employer Identification Number
Do not include Social Security number or ITIN.

EIN: _____

Dates business existed

From _____ To **Present**

---

**Car Wash Management, LLC**
Name of Site

**a Delaware corporation**
Number    Street

_____
City        State    ZIP Code

Describe the nature of the business

**2020 to present**

Name of accountant or bookkeeper

Employer Identification Number
Do not include Social Security number or ITIN.

EIN: _____

Dates business existed

From _____ To **Present**

---

Official Form 107       Statement of Financial Affairs for Individuals Filing for Bankruptcy       page 12 of 14

Debtor 1    **Andrew**        **Paul**            **Williams**                     Case number *(if known)* _____
      First Name     Middle Name     Last Name

**Car Wash Mangement, LLC**
Name of Site

**a HI corporation**
Number    Street

_____
City      State   ZIP Code

**Describe the nature of the business**

**operated 2019 to 2020**

**Name of accountant or bookkeeper**

**Employer Identification Number**
Do not include Social Security number or ITIN.

EIN: _____

**Dates business existed**

From _____ To    **Present**

---

**West Covina Car Wash LLC**
Name of Site

_____
Number    Street

_____
City      State   ZIP Code

**Describe the nature of the business**

**operated 11/2023 to 5/2024**

**Name of accountant or bookkeeper**

**Employer Identification Number**
Do not include Social Security number or ITIN.

EIN: _____

**Dates business existed**

From _____ To    **Present**

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business?**

Include all financial institutions, creditors, or other parties.

☒  No.

☐  Yes. Fill in the details below.

                       **Date Issued**

_____
Name                               MM/DD/YYYY

_____
Number    Street

_____
City      State   ZIP Code

---

| Part 12: | Sign Below |
|---|---|

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗  /s/ Andrew Paul Williams           ✗  _____
   Signature of Debtor 1                           Signature of Debtor 2

| Debtor 1 | **Andrew** | **Paul** | **Williams** | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

Date __10/3/2024__              Date _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**

☒  No.

☐  Yes.

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☒  No.

☐  Yes. Name of person _____    Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Andrew | Paul | Williams |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) First Name | | Middle Name | Last Name |

United States Bankruptcy Court for the: **Southern District of California**

Case number *(if known):* _____

☐ Check if this is an amended filing

## Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7                12/15

If you are an individual filing under chapter 7, you must fill out this form if:

■ creditors have claims secured by your property, or

■ you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List Your Creditors Who Have Secured Claims |
|---|---|

1.   For any creditors that you listed in Part 1 of *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D), fill in the information below

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| | | |

| Part 2: | List Your Unexpired Personal Property Leases |
|---|---|

For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| | |

| Part 3: | Sign Below |
|---|---|

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

X   **/s/ Andrew Paul Williams**_____        X   _____
Signature of Debtor 1                                                   Signature of Debtor 2

Date   **10/3/2024**_____                                        Date   _____
          MM/DD/YYYY                                                          MM/DD/YYYY

**Fill in this information to identify your case:**

Debtor 1    Andrew ___ Paul ___ Williams ___
            First Name    Middle Name    Last Name

Debtor 2 ___ ___ ___
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the: **Southern District of California**

Case number (if known): _____

**Check one box only as directed in this form and in Form 122A-1Supp:**

☑ 1. There is no presumption of abuse.

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A–2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A–1

# Chapter 7 Statement of Your Current Monthly Income          12/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☑ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

      ☐ **Living in the same household and are not legally separated.** Fill out both Column A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime and commissions** (before all payroll deductions). | $ 0.00 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | + $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | $ 0.00 | | | |
| Ordinary and necessary operating expenses | − $ 0.00 | − $ 0.00 | | | |
| Net monthly income from business, profession, or farm | $ 0.00 | $ 0.00 | Copy here → | $ 0.00 | $ 0.00 |

| Debtor 1 | Andrew | Paul | Williams | | Case number (if known) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

6. **Net income from rental and other real property**

| | | Debtor 1 | Debtor 2 | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | | $ 0.00 | $ 0.00 | |
| Ordinary and necessary operating expenses | | – $ 0.00 | – $ 0.00 | |
| Net monthly income from rental or other real property | | $ 0.00 | $ 0.00 | Copy here → |

                $ 0.00        $ 0.00

7. **Interest, dividends, and royalties**         $ 0.00        $ 0.00

8. **Unemployment compensation**         $ 0.00        $ 0.00

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list here: ......... ↓

| For you ..................................................... | $ 0.00 |
|---|---|
| For your spouse ..................................... | $ 0.00 |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.        $ 0.00        $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| _____ | $ 0.00 | $ 0.00 |
|---|---|---|
| _____ | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.    $ 0.00 + $ 0.00 = $ 0.00

Total current monthly income

| Debtor 1 | Andrew | Paul | Williams | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

## Part 2: Determine Whether the Means Test Applies to You

12. **Calculate your current monthly income for the year.** Follow these steps:

    12a. Copy your total current monthly income from line 11. .......................... Copy line 11 here ➜  $ _____ 0.00

    Multiply by 12 (the number of months in a year).  x 12

    12b. The result is your annual income for this part of the form.  12b.  $ _____ 0.00

13. **Calculate the median family income that applies to you.** Follow these steps:

    Fill in the state in which you live.  **CA**

    Fill in the number of people in your household.  **1**

    Fill in the median family income for your state and size of household. ..................................... 13.  $ _____ 74,819.00

    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

    14a.  ☑ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
    Go to Part 3. Do NOT fill out or file Official Form 122A-2

    14b.  ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
    Go to Part 3 and fill out Form 122A-2.

---

## Part 3: Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ __/s/ Andrew Paul Williams__  ✗ _____
Signature of Debtor 1  Signature of Debtor 2

Date __10/3/2024__  Date _____
MM/DD/YYYY  MM/DD/YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2

If you checked line 14b, fill out Form 122A–2 and file it with this form.

Fill in this information to identify your case:

Debtor 1     __Andrew__          __Paul__          __Williams__
             First Name          Middle Name       Last Name

Debtor 2     _____    _____  _____
(Spouse, if filing)  First Name  Middle Name       Last Name

United States Bankruptcy Court for the:  __Southern District of California__

☐ Check if this is an amended filing

Case number (if known):  _____

## Official Form 122A—1Supp

# Statement of Exemption from Presumption of Abuse Under § 707(b)(2)        12/15

File this supplement together with *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 122A-1 if you believe that this is required by 11 U.S.C. § 707(b)(2)(C).

### Part 1:    Identify the Kind of Debts You Have

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the answer you gave at line 16 of the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

   ☑ No.   Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse*, and sign Part 3. Then submit this supplement with the signed Form 122A-1.

   ☐ Yes.  Go to Part 2.

### Part 2:    Determine Whether Military Service Provisions Apply to You

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?

   ☑ No.   Go to line 3.

   ☐ Yes.  Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

      ☐ No.   Go to line 3.
      ☐ Yes.  Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse*, and sign Part 3. Then submit this supplement with the signed Form 122A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

   ☑ No.   Complete Form 122A-1. Do not submit this supplement.

   ☐ Yes.  Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

      ☐ No.   Complete Form 122A-1. Do not submit this supplement.
      ☐ Yes.  Check any one of the following categories that applies:

         ☐ I was called to active duty after **September 11, 2001,** for at least 90 days and remain on active duty.

         ☐ I was called to active duty after **September 11, 2001,** for at least 90 days and was released from active duty on _____, which is fewer than 540 days before I file this bankruptcy case.

         ☐ I am performing a homeland defense activity for at least 90 days.

         ☐ I performed a homeland defense activity for at least 90 days ending on _____, which is fewer than 540 days before I file this bankruptcy case.

      If you checked one of the categories to the left, go to Form 122A-1. On the top of page 1 of Form 122A-1, check box 3, The Means Test does not apply now, and sign Part 3. Then submit this supplement with the signed Form 122A-1. You are not required to fill out the rest of Official Form 122A-1 during the exclusion period. The exclusion period means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii).

      If your exclusion period ends before your case is closed, you may have to file an amended form later.

Official Form 122A-1Supp        **Statement of Exemption from Presumption of Abuse Under § 707(b)(2)**        page 1 of 1

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

## Southern District of California

In re

Case No. _____

Debtor      **Andrew Paul Williams**          Chapter   7   _____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept .................................................. $ _____ **2,500.00**

Prior to the filing of this statement I have received ............................. $ _____ **2,500.00**

Balance Due .......................................................................................... $ _____ **0.00**

2.  The source of the compensation paid to me was:

    ☑ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

    ☑ Debtor          ☐ Other (specify)

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    • **Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;**

    • **Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;**

    • **Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;**

    • **Those services as specifically set forth in paragraphs I and II of United States Bankruptcy Court Southern District of California Rights and Responsibilities of Chapter 7 Debtors and Their Attorney are to be provided to the debtor(s) herein.**
    • **Those services as specifically set forth in paragraphs I and II of United States Bankruptcy Court Southern District of California Rights and Responsibilities of Chapter 7 Debtors and Their Attorney are to be provided to the debtor(s) herein.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Official Form 2030          **Disclosure of Compensation Of Attorney For Debtor**          page 1 of 2

Those services as set forth in paragraph III of United States Bankruptcy Court Southern District of California Rights and Responsibilities of Chapter 7 Debtors and Their Attorney or any other services not specifically set forth in paragraphs I and II therein.

Those services as set forth in paragraph III of United States Bankruptcy Court Southern District of California Rights and Responsibilities of Chapter 7 Debtors and Their Attorney or any other services not specifically set forth in paragraphs I and II therein.

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| 10/3/2024 | /s/ Ronald Stadtmueller |
|---|---|
| Date | Signature of Attorney |
| | The Bankruptcy Professionals, Ronald E. Stadtmueller |
| | 10755 Scripps Poway Pkwy. |
| | San Diego, CA 92131 |
| | rstadt7@gmail.com |
| | Name of law firm |

Official Form 2030                 Disclosure of Compensation Of Attorney For Debtor                 page 2 of 2

# United States Bankruptcy Court

## Southern District of California

In re  __Andrew Paul Williams__

Debtor(s)

Case No.  _____

Chapter  __7__

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:  __10/3/2024__

/s/ Andrew Paul Williams

__Andrew Paul Williams__

Signature of Debtor

AMEX
P.O. BOX 981537
EL PASO, TX 79998


Anderson, Ashton and Ashton
c/o Higgs Fletcher & Mack, LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101


AUSTINCAPBK
8100 SHOAL CREEK
AUSTIN, TX 78757


CAPITAL ONE
PO BOX 71083
CHARLOTTE, NC 28272-1083


CREDITONEBNK
PO BOX 60500
CITY OF INDUSTRY, CA 91716-0500


Ferris & Britton
501 West Broadway, Suite 1450
San Diego, CA 92101


Kihack Management, LLC
c/o McManus Kolenovic, PC
2122 Island Avenue
San Diego, CA 92102


VIP Petroleum, Inc.
c/o Shahen Hairapetian
1145 South Fair Oaks Avenue
Pasadena, CA 91105

# EXHIBIT 5

**Information to identify the case:**

| Debtor 1 | Andrew Paul Williams | Social Security number or ITIN   xxx–xx–6131 |
|---|---|---|
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   Southern District of California

Case number:   24–03761–CL7

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Andrew Paul Williams

<u>1/7/25</u>

**By order of the court:**   <u>Mark T. Schnakenberg</u>
Clerk of the Bankruptcy Court

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318 | **Order of Discharge** | page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT 6

Case 2:25-cv-00359-CAS-KS    Document 204-1    Filed 07/08/26    Page 80 of 189    Page ID #:3162

**Closed, MiscTick, Vacate**

## U.S. Bankruptcy Court
## Southern District of California (San Diego)
## Adversary Proceeding #: 25-90005-CL

*Assigned to:* Chief Judge Christopher B. Latham
*Lead BK Case:* 24-03761
*Lead BK Title:* Andrew Paul Williams
*Lead BK Chapter:* 7
*Demand:* $200000

*Date Filed:* 01/06/25
*Date Terminated:* 10/01/25

*Nature[s] of Suit:*  62 Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud
68 Dischargeability - 523(a)(6), willful and malicious injury

### Plaintiffs
------------------------

**Erik Anderson**
c/o Higgs Fletcher & Mack LLP
Attn: Martin A. Eliopulos, Esq.
401 West A Street, Suite 2600
San Diego, CA 92101
619-236-1551

represented by **Martin A. Eliopulos**
Higgs, Fletcher & Mack LLP
401 West A Street, Suite 2600
San Diego, CA 92101
(619) 236-1551
Fax : (619) 696-1410
Email: elio@higgslaw.com
*LEAD ATTORNEY*

### Plaintiffs
------------------------

**Nick Ashton**
c/o Higgs Fletcher & Mack LLP
Attn: Martin A. Eliopulos, Esq.
401 West A Street, Suite 2600
San Diego, CA 92101
619-236-1551

represented by **Martin A. Eliopulos**
(See above for address)
*LEAD ATTORNEY*

### Plaintiffs
------------------------

**Sandra Ashton**
c/o Higgs Fletcher & Mack LLP
Attn: Martin A. Eliopulos, Esq.
401 West A Street, Suite 2600
San Diego, CA 92101
619-236-115

represented by **Martin A. Eliopulos**
(See above for address)
*LEAD ATTORNEY*

V.

California Southern Bankruptcy Court (LIVE)    https://ecf.casb.uscourts.gov/cgi-bin/DktRpt.pl?123691499323071-...

**Defendant**

------------------------

**Andrew Paul Williams**                    represented by **Andrew Paul Williams**
12136 Avenida Sivrita                       PRO SE
San Diego, CA 92121
SSN / ITIN: xxx-xx-6131

| Filing Date | # | Docket Text |
|---|---|---|
| 01/06/2025 | 1 (19 pgs) | Adversary case 25-90005. Complaint by Erik Anderson, Nick Ashton, Sandra Ashton against Andrew Paul Williams. Nature of Suit: 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud) 68 (Dischargeability - 523(a)(6), willful and malicious injury). Fee Amount $ 350.00 Filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 01/06/2025) |
| 01/06/2025 | 2 (3 pgs) | Summons Issued on Andrew Paul Williams Answer Due 02/5/2025; with Certificate of Service. (Eliopulos, Martin) (Entered: 01/06/2025) |
| 01/06/2025 | 3 | Receipt of Complaint( 25-90005-C1 ) [cmp,cmp] ( 350.00) Filing Fee. Fee Amount 350.00 Receipt number A18304967 (re: Doc# 1); (U.S. Treasury) (Entered: 01/06/2025) |
| 01/07/2025 | 4 (3 pgs) | Summons Served on: Andrew Paul Williams and Ronald E. Stadtmueller (courtesy copy). Served On January 7, 2025 filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 01/07/2025) |
| 01/07/2025 | 5 (9 pgs) | *Notice of Compliance Fed Rule 7016 & LR 7016-2 and Proof of Service* filed by Martin A. Eliopulos of Higgs, Fletcher & Mack LLP on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 01/07/2025) |
| 02/14/2025 | 6 (9 pgs; 2 docs) | Request to Enter Default with Certificate of Service. filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Attachments: # 1 Declaration of Jake Sesti iso PLTFs Request to Enter Default of DEF) (Eliopulos, Martin) (Entered: 02/14/2025) |
| 02/18/2025 | 7 (2 pgs; 2 docs) | Notice of Entry of Default (related documents 6 Request to Enter Default) (Li, J.) (Entered: 02/18/2025) |
| 02/18/2025 | 8 (3 pgs) | BNC Court Certificate of Notice. (related documents 7 Notice of Entry of Default) Notice Date 02/20/2025. (Admin.) (Entered: 02/20/2025) |
| 08/14/2025 | 9 (2 pgs; 2 docs) | Notice of Intent to Dismiss Adversary Proceeding without Prejudice for Want of Prosecution. (Rodriguez-Olivas, J.) (Entered: 08/14/2025) |

https://ecf.casb.uscourts.gov/cgi-bin/DktRpt.pl?123639499323071-...

| | | |
|---|---|---|
| 08/14/2025 | 10 (3 pgs) | BNC Court Certificate of Notice. (related documents 9 Notice of Intent to Dismiss Adversary Proceeding without Prejudice) Notice Date 08/16/2025. (Admin.) (Entered: 08/16/2025) |
| 08/14/2025 | 11 | Court Notice Served On: 08/16/2025. Opposition due on 09/08/2025 unless an objector is entitled to additional time under FRBP 9006. (related document 10 ) Notice of Intent to Dismiss Adversary Proceeding without Prejudice (Admin) (Entered: 08/17/2025) |
| 09/04/2025 | 12 (1090 pgs; 7 docs) | *Plaintiffs Notice of Motion and Motion for Default Judgment* filed by Martin A. Eliopulos of Higgs, Fletcher & Mack LLP on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Attachments: # 1 Plaintiffs Memorandum of Points and Authorities in Support of Motion for Default Judgment # 2 Declaration of Jake Sesti in Support of Plaintiffs Motion for Default Judgment # 3 Part I Declaration of Erik Anderson in Support of Request to Enter Default of Defendant Andrew Paul Williams # 4 PartII Declaration of Erik Anderson in Support of Request to Enter Default of Defendant Andrew Paul Williams # 5 [Proposed] Order Granting Plaintiffs Motion for Default Judgment Against Andrew Paul Williams # 6 Proof of Service) (Eliopulos, Martin) (Entered: 09/04/2025) |
| 09/15/2025 | 13 (3 pgs; 2 docs) | Order on Plaintiff's Motion for Default Judgment; with Service by BNC (related documents 12 Notice (miscellaneous)) signed on 9/15/2025. (Li, J.) (Entered: 09/15/2025) |
| 10/01/2025 | 14 | Adversary Proceeding Closed (Li, J.) (Entered: 10/01/2025) |
| 10/03/2025 | 15 (5 pgs) | Motion for Entry of Judgment by Default filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 10/03/2025) |
| 10/06/2025 | 16 (3 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. (related documents 15 Motion for Entry of Judgment by Default) (Li, J.) (Entered: 10/06/2025) |
| 10/07/2025 | 17 (6 pgs; 2 docs) | Judgment by Default; with Service by BNC (related documents 11 Judgment) signed on 10/7/2025. (Li, J.) (Entered: 10/07/2025) |
| 11/07/2025 | 18 (10 pgs; 2 docs) | Notice of Entry of Default Judgment filed by Martin A. Eliopulos of Higgs, Fletcher & Mack LLP on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Attachments: # 1 Proof of Service) (related documents 17 Judgment by Default) (Eliopulos, Martin) (Entered: 11/07/2025) |
| 03/20/2026 | 19 (3 pgs) | Request for Abstract of Judgment Fee Amount $ 46.00 filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (related documents Judgment) (Eliopulos, Martin) (Entered: 03/20/2026) |

| | | |
|---|---|---|
| 03/20/2026 | 20<br>(4 pgs; 2 docs) | Application for Order to Appear for Examination filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Attachments: # 1 Proposed Order to Appear for Examination) (Eliopulos, Martin) (Entered: 03/20/2026) |
| 03/20/2026 | 21<br>(6 pgs; 3 docs) | Request for Issuance of Writ of filed by Martin A. Eliopulos of Higgs, Fletcher & Mack LLP on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Attachments: # 1 Declaration in support of Request for Issuance of Writ of Execution # 2 Writ of Execution) (Eliopulos, Martin) (Entered: 03/20/2026) |
| 03/20/2026 | 22<br>(2 pgs) | Proof of Service filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (related documents 19 Request for Abstract of Judgment, 20 Application for Order to Appear for Examination, 21 Request for Issuance of Writ of Attachment or Execution) (Eliopulos, Martin) (Entered: 03/20/2026) |
| 03/20/2026 | 23 | Receipt of Request for Abstract of Judgment( 25-90005-CL ) [misc,1285] ( 46.00) Filing Fee. Fee Amount 46.00 Receipt number A18759721 (re: Doc# 19); (U.S. Treasury) (Entered: 03/20/2026) |
| 03/25/2026 | 24<br>(4 pgs; 2 docs) | Order to Appear for Examination; with Service by BNC (Related Doc # 20) Signed on 3/25/2026. (Cary, B.) (Entered: 03/25/2026) |
| 03/25/2026 | 27<br>(5 pgs) | BNC Court Certificate of Notice. (related documents 24 Order re: Application to Appear for Examination) Notice Date 03/27/2026. (Admin.) (Entered: 03/27/2026) |
| 03/26/2026 | 25<br>(1 pg) | Abstract of Judgment Fee Amount $46.00 (related documents 19 Request for Abstract of Judgment) (Cary, B.) (Entered: 03/26/2026) |
| 03/27/2026 | 26 | Receipt of Abstract Filing Fee - $46.00 by AC. Receipt Number 303096. (Admin.) (Entered: 03/27/2026) |
| 03/30/2026 | 28<br>(2 pgs) | Court Modified Writ of Execution Issued (related documents 17 Judgment by Default) (Cary, B.) (Entered: 03/30/2026) |
| 05/04/2026 | 29<br>(1 pg) | **Court Minutes.** Hearing Date 05/04/2026, MATTER: HEARING ON SUBMISSION OF ORDER TO APPEAR FOR EXAMINATION **DISPOSITION: See Attached PDF document for details.** (related documents 24 Order re: Application to Appear for Examination) (Paluso, R.) (Entered: 05/05/2026) |
| 05/12/2026 | 30<br>(66 pgs; 2 docs) | Defendant's Motion to Vacate Default and Default Judgment Pursuant to Fed. R. Civ. P. 60(b) filed by Andrew Paul Williams (Attachments: # 1 Declaration) **HEARING Scheduled for 6/8/2026 at 10:30 AM at Courtroom 1, Room 218, Weinberger Courthouse** (related documents 18 Notice (miscellaneous)) (Lewis, L.). Modified on 5/12/2026 (Rodriguez-Olivas, J.). (Entered: 05/12/2026) |
| 05/12/2026 | 31<br>(7 pgs) | Request for Judicial Notice filed by Andrew Paul Williams . (related documents    Motion to Vacate) (Lewis, L.) (Entered: 05/12/2026) |

| Date | Doc # | Description |
|---|---|---|
| 05/12/2026 | 32 (4 pgs) | Notice of Hearing and Motion with Certificate of Service. filed by Andrew Paul Williams . **HEARING Scheduled for 6/8/2026 at 10:30 AM at Courtroom 1, Room 218, Weinberger Courthouse** . Notice Served On: 5/12/2026. Opposition due on 5/26/2026 unless an objector is entitled to additional time under FRBP 9006. (related documents 30 Motion to Vacate) (Lewis, L.) (Entered: 05/12/2026) |
| 05/12/2026 | 33 (4 pgs) | Certificate of Service (related documents 30 Motion to Vacate, 31 Request for Judicial Notice, 32 Notice of Hearing and Motion) filed by Andrew Paul Williams . (Lewis, L.) (Entered: 05/12/2026) |
| 05/12/2026 | 34 (9 pgs) | Motion to Seal Document(s) filed by Andrew Paul Williams . (Lewis, L.) (Entered: 05/12/2026) |
| 05/12/2026 | 37 | COURT NOTE: Exhibit E To Declaration Of Andrew Paul Williams, see document #30 re Declaration. The PDF document is a secured image. filed by Andrew Paul Williams . (related documents 30 Motion to Vacate, 35 Order to Restrict Public Access) (Li, J.)Modified on 5/15/2026 (Li, J.). (Entered: 05/15/2026) |
| 05/14/2026 | 35 (3 pgs; 2 docs) | Order Granting Defendants Motion To Restrict Public Access To Documents; with BNC Service (related documents 34 Motion to Seal Document(s)) signed on 5/14/2026. (Li, J.) (Entered: 05/14/2026) |
| 05/14/2026 | 36 (3 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. (related documents 30 Motion to Vacate, 31 Request for Judicial Notice, 32 Notice of Hearing and Motion, 33 Certificate of Service, 34 Motion to Seal Document(s)) (Li, J.) (Entered: 05/14/2026) |
| 05/14/2026 | 38 (3 pgs) | BNC Court Certificate of Notice. (related documents 36 Notice of Errors/Deficiencies) Notice Date 05/16/2026. (Admin.) (Entered: 05/16/2026) |
| 05/14/2026 | 39 (3 pgs) | BNC Court Certificate of Notice. (related documents 35 Order to Restrict Public Access) Notice Date 05/16/2026. (Admin.) (Entered: 05/16/2026) |
| 05/26/2026 | 40 (9 pgs) | *Plaintiffs'* Opposition *to Motion to Vacate Default and Default Judgment* filed by Martin A. Eliopulos of Higgs, Fletcher & Mack LLP on behalf of on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 05/26/2026) |
| 05/27/2026 | 41 (2 pgs) | Proof of Service filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (related documents 40 Opposition) (Eliopulos, Martin) (Entered: 05/27/2026) |
| 06/01/2026 | 42 (8 pgs) | Defendant-Debtor's Reply in Support of Motion to Vacate Entry of Default and Default Judgment filed by Andrew Paul Williams on behalf of Andrew Paul Williams . (related documents 30 Motion to Vacate) (Crosby, A) (Entered: 06/01/2026) |
| 06/01/2026 | 43 (21 pgs) | Supplemental Declaration of Andrew Paul Williams in Support of Reply to Motion to Vacate Default and Default Judgment filed by |

| | | Andrew Paul Williams. (related documents 42 Reply) (Crosby, A) (Entered: 06/01/2026) |
|---|---|---|
| 06/04/2026 | 44 (56 pgs) | Request for Judicial Notice *in Support of Plaintiffs' Opposition to Motion to Vacate Default and Default Judgment* filed by Martin A. Eliopulos of Higgs, Fletcher & Mack LLP on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 06/04/2026) |
| 06/04/2026 | 45 (2 pgs) | Proof of Service filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (related documents 44 Request for Judicial Notice) (Eliopulos, Martin) (Entered: 06/04/2026) |
| 06/08/2026 | 46 (1 pg) | **Court Minutes. Termination of Hearing DATE: 06/08/2026.** MATTER: MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P.60(b) FILED BY DEFENDANT. **DISPOSITION: See Attached PDF document for details.** (related documents 30 Motion to Vacate) (Rodriguez-Olivas, J.) (Entered: 06/09/2026) |
| 06/16/2026 | 47 (8 pgs; 2 docs) | Order on Defendant's Motion For Relief From Default and Default Judgment; with Service by BNC (Related Doc # 30) Motion to Vacate signed on 6/16/2026. (Lewis, L.) (Entered: 06/16/2026) |
| 06/16/2026 | 48 (8 pgs) | BNC Court Certificate of Notice. (related documents 47 Order re: Motion to Vacate) Notice Date 06/18/2026. (Admin.) (Entered: 06/18/2026) |
| 06/19/2026 | 49 (9 pgs) | Notice of Compliance Fed Rule 7016 & LR 7016-2 and Proof of Service filed by Martin A. Eliopulos of Higgs, Fletcher & Mack LLP on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 06/19/2026) |
| 06/22/2026 | 50 (10 pgs) | Answer to Complaint filed by Andrew Paul Williams on behalf of Andrew Paul Williams . (related documents 1 Complaint) (Lewis, L.) (Entered: 06/22/2026) |
| 06/23/2026 | 51 (2 pgs; 2 docs) | Notice of Pre-Trial Status Conference **HEARING Scheduled for 8/10/2026 at 10:30 AM at Courtroom 1, Room 218, Weinberger Courthouse.** (related documents 1 Complaint) (Rodriguez-Olivas, J.) (Entered: 06/23/2026) |
| 06/23/2026 | 52 (3 pgs) | BNC Court Certificate of Notice. (related documents 51 Notice of Pre-Trial Status Conference Hearing) Notice Date 06/25/2026. (Admin.) (Entered: 06/25/2026) |
| 06/26/2026 | 53 (8 pgs) | *Ex Parte* Application *for an Order to Withdraw Writ of Execution* filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 06/26/2026) |

| 06/26/2026 | 54 (12 pgs) | Statement Release of Abstract of Judgment filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 06/26/2026) |
| 06/29/2026 | 55 (3 pgs; 2 docs) | Order Regarding Ex Parte Application to Withdraw Writ of Execution; with BNC Service (related documents 53 Generic Application or Motion) signed on 6/29/2026. (Li, J.) (Entered: 06/29/2026) |
| 06/29/2026 | 56 (3 pgs) | BNC Court Certificate of Notice. (related documents 55 Order) Notice Date 07/01/2026. (Admin.) (Entered: 07/01/2026) |
| 07/02/2026 | 57 (3 pgs) | Disclosure and Certification on Generative artificial Intelligence Use filed by Andrew Paul Williams . (Lewis, L.) (Entered: 07/02/2026) |

# EXHIBIT 7

MARTIN A. ELIOPULOS, Esq. (Bar No. 149299)
elio@higgslaw.com
JAKE D. SESTI, Esq. (Bar No. 339005)
sestij@higgslaw.com
**HIGGS FLETCHER & MACK LLP**
401 West A Street, Suite 2600
San Diego, CA 92101-7913
Tel: 619.236.1551
Fax: 619.696.1410

Attorneys for Plaintiffs
ERIK ANDERSON, NICK ASHTON and
SANDRA ASHTON

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW PAUL WILLIAMS | Case No. 3:24-bk-03761-CL7 |
|---|---|
| Debtor. | Chapter 7 |
| ERIK ANDERSON, NICK ASHTON, and SANDRA ASHTON, | Adversary Case No. |
| Plaintiffs, | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** [11 U.S.C. § 523(a)(2)(A) and (a)(6)] |
| v. | |
| ANDREW PAUL WILLIAMS, | Dept.:     1 Judge:     Hon. Christopher B. Latham |
| Defendant. | |

Plaintiffs, ERIK ANDERSON, NICK ASHTON, and SANDRA ASHTON (collectively "Plaintiffs"), allege as follows:

1.     This is a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) and/or (a)(6) in the above captioned Chapter 7 case of Debtor, ANDREW PAUL WILLIAMS ("Debtor").

2.     This dispute centers around a fraudulent scheme perpetrated by Debtor, CAR WASH MANAGEMENT, LLC, and JANETTE A. WILLIAMS (collectively, the "State Court Defendants"), to convert and steal $200,000.00 from the Plaintiffs under the guise of opening a car wash in West Covina, California to generate revenue and income for the Plaintiffs. Unfortunately, the car wash never opened, and the State Court Defendants absconded with the plaintiffs' money. Debtor has now filed

HIGGS FLETCHER &
MACK LL
ATTORNEYS A
SAN DIEG

12756260.1

COMPLAINT TO DETERMINE DISCHARGEABILITY

Chapter 7 bankruptcy and seeks to discharge the debt he owes the Plaintiffs. Accordingly, the Plaintiffs seek the Court's assistance in determining whether the debt owed by Debtor to Plaintiffs is nondischargeable pursuant to the bankruptcy code sections set forth above.

## I.

## **PARTIES**

3.    Erik Anderson ("Erik") is and at all relevant times was an individual residing in the County of San Diego, State of California.

4.    Nick Ashton ("Nick") is and at all relevant times was an individual residing in the County of San Diego, State of California.

5.    Sandra Ashton ("Sandra") is and at all relevant times was an individual residing in the County of San Diego, State of California.

6.    Debtor is and at all relevant times was an individual residing in the County of San Diego, State of California.

7.    Janette A. Williams ("Janette") is and at all relevant times was an individual residing in the County of San Diego, State of California.  Janette is Debtor's mother.

8.    Car Wash Management, LLC ("CWM") is and at all relevant times was a Hawaiian limited liability company holding California entity no. 201916210030 with its principal place of business in the County of San Diego, State of California. Based upon information and belief, Debtor and Janette are principals, members and/or managers of CWM.

9.    The Plaintiffs are informed and believe that CWM, on the one hand, and Debtor, on the other hand, are the alter egos of each other, and on that basis allege, there exists a unity of interest and ownership between them such that any individuality and separateness between them does not exist. The Plaintiffs are further informed and believe, and on that basis allege, Debtor commingled and/or used assets of CWM for his personal use, caused assets to be transferred to them and others

12756260.1                                     2

COMPLAINT TO DETERMINE DISCHARGEABILITY

without adequate consideration, and withdrew funds from CWM's bank accounts for their personal use. Moreover, Debtor has completely controlled, dominated, managed, and operated CWM to be merely a conduit for his personal benefit, such that any individuality or separateness of CWM and Debtor does not exist.

10. Adherence to the fiction of the separate existence of Debtor and CWM as entities distinct from and among themselves would permit an abuse of the corporate privilege and would promote injustice in that the Plaintiffs are informed and believe, and on that basis allege, that CWM has become a mere shell and sham without capital or assets, and/or has been so inadequately capitalized that, compared with the business to be done and the risks of loss, its capitalization is illusory.

11. Further adherence to the fiction of the separate existence of CWM as an entity distinct from Debtor permits abuse of the corporate privilege and would sanction a fraud in that Debtor has withdrawn and distributed to themselves or others, large sums of CWM's assets without any consideration, all for the purpose of avoiding and preventing tracing of assets, findings of liability, attachment and execution by creditors, thereby rendering CWM immune from liability, insolvent and/or unable to meet its obligations.

## II.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the matters set forth in this Complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(a) because they arise out of and are related to the above captioned Chapter 7 case before this Court.

13. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I), and this Court may, consistent with Article III of the Constitution, enter final orders or judgments and conduct a trial absent consent of the parties.

14. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a) and (c) because Defendants' Chapter 7 case is

pending in this judicial district.

## III.

## GENERAL ALLEGATIONS

15.    In October 2023, Debtor approached Erik and Nick with a business opportunity to own a car wash. In concept, a new entity would be formed (West Covina Car Wash ("WCCW")) which in turn would hire CWM to oversee construction of the car wash. Debtor provided Erik and Nick with a "proforma" and a "prospectus" promoting the opportunities that could be realized by investing with him in this plan. True and correct copies of these items are attached hereto as **Exhibit A.**

16.    During subsequent discussions in October 2023 among Debtor, Erik, Nick and ultimately Sandra, the parties agreed to form a limited liability company in which CWM would be the primary owner (70%) while Erik, Nick and Sandra would each hold a ten percent (10%) interest.

17.    Erik, Nick, and Sandra would be responsible for signage, painting, and marketing while CWM would build out the car wash.  CWM would contribute $200,000 to the entity while Erik, Nick and Sandra would each contribute $66,666. Debtor assured the Plaintiffs the car wash would open before January 1, 2024.  At the same time, Debtor was anxious and insistent in receiving the Plaintiffs' investment, claiming he had arranged a special lease agreement with the owner of the property where the car wash would be located.

18.    On October 26-27, 2023, Nick, Erik, Sandra, and Debtor (on behalf of CWM) signed an operating agreement for "West Covina Car Wash, a Delaware Limited Liability Company. DBA Dam Car Wash." A true and correct copy of the operating agreement is attached hereto as **Exhibit B.** At the time, CWM was not in good standing with the California Franchise Tax Board or the California Secretary of State, and therefor was legally unable to conduct business in the State of California.

///

19.   Thereafter, Debtor directed the Plaintiffs to deposit their contributions into a bank account which Debtor represented he had set up for WCCW.  At that time, Debtor represented to the Plaintiffs there would be approximately $100,000 for operating capital in the account after considering construction and related costs for the car wash.

20.   However, the Plaintiffs later learned the bank account was held in the name of CWM and wholly controlled by Debtor and the other State Court Defendants.

21.   By December 2023, Debtor was not providing any company financial information to the Plaintiffs despite repeated requests for same.  The Plaintiffs were frustrated as they did not have any transparency or access to the bank account where they had deposited their monies totaling $200,000.00.  This led to a meeting between the Plaintiffs and Debtor that month where he brought a notepad with handwritten estimates of equipment and related costs for the car wash.  During this meeting, Debtor told the Plaintiffs they were approximately $70,000.00 over budget (after just one month!) and that the Plaintiffs would have to make up the deficit through their expected profits.  Until this meeting, Debtor repeatedly told the Plaintiffs the project was on schedule and on budget.

22.   The Plaintiffs later discovered Debtor had been commingling the Plaintiffs' $200,000.00 investment with CWM's funds.  The Plaintiffs demanded Debtor provide an accounting to demonstrate how he was keeping the Plaintiffs' investments separate and apart from any of Debtor's or CWM's other affairs.  Over three months later, Debtor provided a report to the Plaintiffs prepared by Debtor and the other State Court Defendants. Not surprisingly, the report was deficient in several ways and did not provide the transparency and accounting the Plaintiffs were demanding.

///

///

23. The Plaintiffs next demanded Debtor open a new account dedicated to WCCW. Although Debtor opened the account, Debtor never transferred any of the Plaintiffs' monies into the account

24. By April-May 2024, the car wash was nowhere near close to opening. The Plaintiffs quickly learned vendors and contractors (painters, landscapers, designer) had never been paid, building permits had not been obtained and insurance had not been procured, leaving to question where the Plaintiffs' money went. The Plaintiffs were later told by associates of Debtor's that CWM had no money. At this point, Debtor's house of cards began to fall.

25. In a desperate attempt to salvage the situation, Debtor attempted to open the car wash in May 2024 only to be immediately shut down for not having the proper permits. To date, the car wash remains non-operable, and the Debtor has refused to return the Plaintiffs' monies.

26. On July 29, 2024, Plaintiffs filed a complaint against the State Court Defendants in the San Diego County Superior Court as Case No.: 24CU003299C alleging causes of action for: (i) fraud, deceit, and intentional misrepresentation; (ii) negligent misrepresentation; (iii) rescission of contract; (iv) misapplication of money; and (v) conversion (the "State Court Action").

27. On October 4, 2024, Debtor filed the above referenced chapter 7 bankruptcy case. As a result of the Chapter 7 bankruptcy case, the State Court Action is automatically stayed as to Debtor pursuant to 11 U.S.C. §362(a).

28. On December 19, 2024, Debtor filed a First Amended Complaint in the State Court Action for the limited purpose of adding and/or supplementing allegations and/or causes of action against Debtor's mother, Janette. The State Court Action remains pending against the other State Court Defendants.

///

///

///

HIGGS FLEIC...
MACK L...
ATTORNEYS A...
SAN DIE...

12756260.1

6

COMPLAINT TO DETERMINE DISCHARGEABILITY

## IV.

## FIRST CLAIM FOR RELIEF

### Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A)

29.   Plaintiffs incorporate all allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.   A debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretense, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition is not dischargeable.  11 U.S.C. § 523(a)(2)(A).

31.   The Debtor's misrepresentations alleged above were made intentionally, with full knowledge that they were false.

32.   As set forth above, Debtor made false representations to the Plaintiffs regarding Debtor's intentions and promises relative to the car wash enterprise. Debtor made these misrepresentations to the Plaintiffs during preparation of the operating agreement for WCCW and continued making false and fraudulent representations regarding the status and progress of the car wash and monies contributed by the Plaintiffs.

33.   Debtor knew throughout discussions with, and documentation provided to, the Plaintiffs that Debtor did not have the intent to follow through with the promised commitments and representations and that Debtor intended to deceive Plaintiffs.

34.   Debtor knew that the misrepresentations made to the Plaintiffs detailed above were false when Debtor made them, or that Debtor made the representations recklessly and without regard for their truth.

35.   Since the beginning of their relationship, Debtor intended the Plaintiffs to rely upon their misrepresentations regarding their experience, qualifications, and promise to return the Plaintiffs' invested monies plus returns on those investments to induce the Plaintiffs to enter the operating agreement and to pay the monies.

36. The Plaintiffs reasonably relied upon Debtor's misrepresentations. The Plaintiffs would not have entered into the operating agreement or invested their money had they known the truth. The Plaintiffs did not suspect, or have reason to suspect, Debtor's misrepresentations might be untrue until, at the earliest, May 2024.

37. As a direct and proximate result of the foregoing conduct of Debtor, the Plaintiffs have sustained damages of least of $200,000.00, the exact amount of which will be subject to proof at time of trial.

38. It was foreseeable that the fraud committed by Debtor would impact the Plaintiffs negatively and cause damage.

39. The Plaintiffs' reliance on the above misrepresentations was justifiable and a substantial factor in causing the Plaintiffs' harm.

40. The aforementioned wrongful conduct of Debtor violates 11 U.S.C. § 523(a)(2)(A), and, as such, the amount of damages suffered by Plaintiffs as a result of Debtor's wrongful conduct is not dischargeable in this and any other future bankruptcy filed by Debtor.

## V.

## SECOND CLAIM FOR RELIEF

### Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6)

41. Plaintiffs incorporate all allegations contained in paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. A debt for willful and malicious injury by the debtor to another person or to property of another is not entitled to discharge. 11 U.S.C. § 523(a)(6).

43. To satisfy this standard, the debtor's conduct must have been "tortious," and the injury must have been "willful," and "malicious."

44. As detailed above, in October 2023 the Plaintiffs provided Debtor with $200,000.00 to be used toward WCCW and the enterprise related thereto.

///

///

HIGGS FLETC...
MACK LI...
ATTORNEYS...
SAN DIE...

12756260.1                                    8

COMPLAINT TO DETERMINE DISCHARGEABILITY

45.    However, while the Plaintiffs' monies were in the custody and control of the Debtor, Debtor used and misapplied the Plaintiffs' monies for his own use and to the exclusion of the Plaintiffs and the enterprise.

46.    Despite demands for transparency, an accounting and a return of the Plaintiffs' monies, Debtor has refused and continues to refuse to return the monies to the Plaintiffs.

47.    As a direct and proximate result of the Debtor's misapplication of the Plaintiffs' money and breach of his duties as trustee for the Plaintiffs' money, the Plaintiffs has been deprived of the sum of $200,000.00. Further, Debtor failed to use the Plaintiffs' monies for the car wash enterprise causing the Plaintiffs to suffer the loss of anticipated and promised profits and exposing the Plaintiffs to liabilities related to the enterprise.

48.    Debtor's taking of Plaintiff's $200,000.00 was an illegal and "tortious" conversion under California state law in that:

a.    At all times relevant, Plaintiffs had an ownership or right of possession of the $200,000.00;

b.    Debtor converted Plaintiffs' $200,000.00 because Debtor's unauthorized use of the $200,000.00 was a wrongful act or disposition of Plaintiffs' property rights; and

c.    Plaintiffs have been damaged in the amount of at least $200,000.00.

49.    As alleged above, Debtor's actions were done in "willful" and "malicious manner," solely intending to harm Plaintiffs and take as much of Plaintiffs' money as possible.

50.    Debtor's wrongful actions in illegally converting Plaintiffs' $200,000.00 under California law were "willful" because Debtor had a subjective motive to inflict injury on Plaintiffs, and/or knew that injury to Plaintiffs was substantially certain to occur from his conduct.

HIGGS·FLEIC·II.F·&
MACK LI )'
AITORNEYS·A
SAN·DIEC

12756260.1                                        9

COMPLAINT TO DETERMINE DISCHARGEABILITY

51. Debtor's wrongful actions in illegally converting Plaintiffs' $200,000.00 under California law, were "malicious" in that the illegal conversion of Plaintiffs' $200,000.00 by Debtor was:

    a.    A wrongful act;

    b.    Done intentionally;

    c.    Which necessarily caused injury to Plaintiffs; and

    d.    Was done without just cause or excuse.

52. The aforementioned wrongful conduct of Debtor violates 11 U.S.C. § 523(a)(6), and, as such, the amount of damages suffered by Plaintiffs as a result of Debtor's wrongful conduct is not dischargeable in this and any other future bankruptcy filed by Debtor.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court enter judgment against Debtor as follows:

1. That the full amount of damages totaling at least $200,000.00 owed by Debtor to Plaintiffs is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

2. That the full amount of damages totaling at least $200,000.00 owed by Debtor to Plaintiffs is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

3. For costs of this Adversary Proceeding; and

4. For such other and further relief as this Court deems appropriate.

Dated: January 6, 2025           **HIGGS FLETCHER & MACK LLP**

                  By:/s/ *Martin A. Eliopulos*
                  MARTIN A. ELIOPULOS, ESQ.
                  JAKE D. SESTI, ESQ.
                  Attorneys for Plaintiffs
                  ERIK ANDERSON, NICK ASHTON and SANDRA ASHTON



## Car Wash Proforma West Covina

Cars washed at pricing of $9.00, $13.00, $15.00, $20.00 wash packages
Average revenue per wash of        **$14.00**                Hypothetical Average Revenue Per Wash:                    $14.00
All wash packages are 4 pass washes, each pass is one car length
Each Car Wash is capable of washing 1200+ cars per day
Proforma done for Southwest USA weather patterns

Actual wash volume is dependent on competition, speed & type of traffic, visibility, weather and other factors

| | Example 1 | Example 2 | Example 3 | | |
|---|---|---|---|---|---|
| Cars Washed-Yearly Avg. | 109,500 | 146,000 | 182,500 | | |
| Cars Per Day | 300 | 400 | 500 | | |
| | | | | | |
| Automatic Wash Revenue | $1,533,000.00 | $2,044,000.00 | $2,555,000.00 | | |
| | $0.00 | $0.00 | $0.00 | | |
| | | | | | |
| Total Revenue Yearly | $1,533,000.00 | $2,044,000.00 | $2,555,000.00 | | |
| | | | | | |
| Operating Expenses | | | | Operating expenses, cost per car | |
| Variable Expenses | | | | Examples 1,2,3 | |
| Supplies: Soap, Wax, Salt | $54,750.00 | $73,000.00 | $91,250.00 | $0.50 | |
| *Utilities: Gas | $1,095.00 | $1,460.00 | $1,825.00 | $0.01 | |
| *Utilities: Water | $84,315.00 | $112,420.00 | $140,525.00 | $0.77 | |
| *Utilities: Electric | $93,075.00 | $124,100.00 | $155,125.00 | $0.85 | |
| Credit Card Fees | $28,470.00 | $37,960.00 | $47,450.00 | $0.26 | |
| | | | | | |
| Fixed Expenses | | | | Operating expenses, fixed per year | |
| Customer Claims | $3,000.00 | $3,000.00 | $1,000.00 | $3,000.00 | |
| Utilities Phone & Internet | $2,400.00 | $2,400.00 | $2,400.00 | $2,400.00 | |
| Insurance | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | |
| Mowing/Landscaping/Plow | $6,000.00 | $6,000.00 | $2,000.00 | $6,000.00 | |
| Labor ** | $200,000.00 | $200,000.00 | $200,000.00 | $200,000.00 | |
| Management | $0.00 | $0.00 | $0.00 | $0.00 | |
| Misc | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | |
| | | | | | |
| Total Operating Expenses | $506,105.00 | $593,340.00 | $674,575.00 | | |
| Property Tax & Mortgage | $348,000.00 | $348,000.00 | $348,000.00 | | |
| Gross Operating Profit (EBITDA) | $678,895.00 | $1,102,660.00 | $1,532,425.00 | | |

To compare a hypothetical site Input the following in the yellow highlighted cells
Hypothetical Average revenue per wash
Hypothetical Cars Washed - Yearly Avg.
Hypothetical Expenses: Cost Per Car
Hypothetical Expenses: Fixed, Yearly
Estimate Labor As Desired

**EBITDA: Earnings Before Interest, Taxes, Depreciation and Amortization.**
The EBITDA metric is a variation of operating income (EBIT) because it excludes non-operating expenses and certain non-cash expenses. The purpose
of these deductions is to remove the factors that business owners have discretion over, such as debt financing, capital struction, methods of depreciation
and taxes (to some extent). It can be used to showcase a firm's financial performance without accounting for its capital structure

*Utility rates vary

Site Notes:
Reclaim Used

Triple foamer & stand alone dryers installed

Electric, Total Cost Per KWH: $0.1346
Gas, Distribution Cost Per MCF: $0.8615
Gas, Usage Cost Per MCF: $3.8200
Water: Cost Per Cubic Feet: $0.0690; Cost Per CCF: $6.900
Sewer Cost Per Cubic Feet: $0.0406; Cost Per CCF: $4.06

Avg. Water Usuage Per Car: 7.483 Cubic Feet (56 Gallons)
Includes: Washing bay once per week, softeners & R.O. reject

This is meant to be a guide and needs to be tailored to actual items mentioned above such as labor, utilities, pricing, and usage rates. Some washes
experience much higher usage than the # of cars per day shown here.

## West Covina Prospectus

| Item | Cost |
|---|---|
| Painting | $22,000.00 |
| Training | $12,000.00 |
| T-Shirts / uniform | $4,000.00 |
| Landscaping | $4,000.00 |
| Labor, Vacuum | $1,500.00 |
| Labor bay, equip, pump | $3,000.00 |
| Misc\. Parts, fittings | $2,000.00 |
| | |
| Total: | $48,500.00 |

# EXHIBIT B

OPERATING AGREEMENT

For West Covina Car Wash, a Delaware Limited Liability Company, DBA, Dam Car Wash.

## 1. Formation

The members hereby form a Limited Liability Company ("Company") pursuant to the laws of the State of Delaware and agree to the terms and conditions set forth in this Operating Agreement.

## 2. Name

The name of the Company is West Covina Car wash, doing business as Dam Car Wash.

## 2.5. Registered Agent

Registered Agent Inc. 8 The Green, Ste A, Dover, DE 19901

## 3. Purpose

The purpose of the Company is to generate revenue for its members via the sales of car wash services.

## 4. Principal Place of Business

The principal place of business shall be 310 S Vincent Ave, West Covina, CA 91790.

## 5. Members and Contributions

The Members of the Company are:

- [Nick Ashton]: Contribution [$66,666], Ownership [10%]

- [Erik Anderson]: Contribution [$66,666], Ownership [10%]

- [Sandra Ashton]: Contribution [$66,666], Ownership [10%]

- [Car Wash Management LLC]: Contribution [$200,000], Ownership [70%]

## 6. Non-Diluting Membership Interests

Notwithstanding any provisions in this Agreement to the contrary, the membership interests of the Members, as described in Section 5, shall not be subject to dilution or reduction unless unanimously agreed upon in writing by all Members.

## 7. Management

The Company will be managed by its Members. Decisions shall be made by a majority vote unless otherwise stated in this Agreement.

## 8. Distribution of Profits and Losses

Profits and losses shall be distributed to the Members in proportion to their ownership percentages, as described in Section 5.

## 9. Membership Transfers

No Member may transfer or assign their interest in the Company without the unanimous written consent of the other Members.

## 10. Dissolution

The Company may be dissolved upon the unanimous agreement of the Members.

## 11. Amendments

This Agreement may be amended or modified only with the unanimous written consent of all Members.

## 12. Governing Law

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.

## 13. Dispute Resolution

Any disputes arising from this Agreement shall be resolved through mediation or, if unsuccessful, through binding arbitration in Delaware.

## 14. Entire Agreement

This Agreement constitutes the entire agreement between the parties and supersedes all prior discussions, negotiations, and agreements, whether oral or written.

*IN WITNESS WHEREOF*, the undersigned have executed this Operating Agreement as of [Date].

Nick Ashton              10/26/2023

Erik Anderson            10/27/2023

Sandra Ashton            10/26/2023

Car Wash Management       10/26/2023

# EXHIBIT 8

CSD 3000A [07/01/18]
Name, Address, Telephone No. & I.D. No.
Martin A. Elipulos, Esq. (SBN 149299)
Higgs Fletcher & Mack LLP
401 West A Street, Suite 2600
San Diego, CA 92101
Tel: 619-236-1551
Fax: 619-696-1410
Email: elio@higgslaw.com

**Order Entered on**
**September 15, 2025**
**by Clerk U.S. Bankruptcy Court**
**Southern District of California**

## UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re    ANDREW PAUL WILLIAMS

Debtor.

BANKRUPTCY NO.    24-bk-03761-CL7

ERIK ANDERSON; NICK ASHTON; AND SANDRA ASHTON

Plaintiff(s)

ADVERSARY NO.  25-ap-90005-CL

v.  ANDREW PAUL WILLIAMS

Defendant(s)

Date of Hearing:
Time of Hearing:
Name of Judge:   Hon. Christopher B. Latha

## ORDER ON
## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

The court orders as set forth on the continuation pages attached and numbered    2    through    2    with                   jro

exhibits, if any, for a total of 2 pages.  Motion/Application Docket Entry No. 12 .

//

//

//

//

DATED:      September 15, 2025

_____
Judge, United States Bankruptcy Court

CSD 3000A [07/01/18]                                                                                     Page **2** of **2**

ORDER ON  PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

DEBTOR:  ANDREW PAUL WILLIAMS                                          CASE NO.:24-bk-03761-CL7

                                                                      ADV NO.:25-ap-90005-CL

---

The Court, having considered the Motion for Entry of Default Judgment (the "Motion") and all supporting pleadings and papers filed by Plaintiffs, ERIK ANDERSON, NICK ASHTON and SANDRA ASHTON (collectively "Plaintiffs") on September 4, 2025 as ECF #12 in the above-referenced Adversary Proceeding filed against Debtor, ANDREW PAUL WILLIAMS ("Debtor"), and good cause appearing therefore, rules as follows:

1.   The Motion is GRANTED;

2.   The $195,000.00 debt owed by Debtor to Plaintiffs identified and established by Plaintiffs in the Motion, and in an amount less than prayed for by Plaintiffs in the adversary complaint filed on January 6, 2025, as ECF #1 in the above-referenced Adversary Proceeding, is hereby excepted from discharge pursuant to 11 U.S.C. sections 523(a)(2)(A) and (a)(6);and

3.   Judgment is hereby entered in favor of Plaintiffs and against Debtor in the amount of $195,000.00.

IT IS SO ORDERED.

CSD 3000A

Signed by Judge Christopher B. Latham September 15, 2025

# EXHIBIT 9

CSD 1000 [12/01/03]
Name, Address, Telephone No. & I.D. No

Andrew Paul Williams
12641 Antioch Rd Suite #1045
Overland Park KS 66213
(619) 796-6469

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Williams

Tax I.D.(EIN)# _____ (S.S.#XXX-XX-6131    Debtor.

BANKRUPTCY NO. 24-03761-C17
25-90035-CL7
[add if filing in response to hearing]
Date of Hearing: June 8 2226
Time of Hearing 10:30am
Name of Judge: Hon. Christopher B. Latha

Declaration of Andrew

CSD 1000

Andrew Paul Williams
Defendant, Pro Se
Mailing Address: 12641 Antioch Rd., Suite #1045
Overland Park, KS 66213
Telephone: (619) 796-6469
Email: andrew@carwashmgmt.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* | Bankruptcy Case No. 24-03761-CT 7 |
| | Chapter 7 |
| **ANDREW PAUL WILLIAMS,** | |
| | Adv. Proc. No. 25-90005-CL. |
| Debtor. | |
| | **DEFENDANT'S MOTION TO VACATE** |
| | **DEFAULT AND DEFAULT** |
| **ERIK ANDERSON, NICK ASHTON, and** | **JUDGMENT** |
| **SANDRA ASHTON,** | **PURSUANT TO FED. R. CIV. P 60(b)** |
| | **(Made Applicable by Fed. R. Bankr. P.** |
| Plaintiffs. | **9024)** |
| v. | Hearing Date: June 8, 2026 |
| | Hearing Time: 10:30 a.m. |
| **ANDREW PAUL WILLIAMS,** | Judge: Hon. Christopher B. Latham |
| | Dept.: 1, Room 218 |
| Defendant. | |

## DECLARATION OF ANDREW PAUL WILLIAMS
### IN SUPPORT OF MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT

I, Andrew Paul Williams, declare:

1.     I am the defendant in the above-captioned adversary proceeding and the debtor in the underlying Chapter 7 bankruptcy case. I have personal knowledge of the facts stated herein. If called as a witness, I could and would testify competently to the matters set forth in this Declaration.

2. I make this Declaration in support of my Motion to Vacate Default and Default Judgment Pursuant to Federal Rule of Civil Procedure 60(b), filed and served concurrently herewith.

## A. Background and Business Relationship with Plaintiffs.

3. I am the founder and Chief Executive Officer of Car Wash Management LLC ("CWM"), a Delaware limited liability company organized to develop and operate car wash facilities.

4. In or about September-October 2023, I was introduced to Plaintiffs Erik Anderson, Nick Ashton, and Sandra Ashton in connection with their interest in investing in a car wash project. The discussions led to a joint venture in which CWM and the three individual Plaintiffs would together fund the construction of a car wash at 310 South Vincent Avenue, West Covina, California.

5. The vehicle for the project was "West Covina Car Wash, LLC" ("WCCW"), a Delaware LLC formed for the venture, doing business as "Dam Car Wash."

6. The terms of the venture were memorialized in an Operating Agreement dated October 26-27, 2023, attached as Exhibit B to Plaintiffs' Adversary Complaint (ECF No. 1). Under the Operating Agreement, CWM took a 70% membership interest in exchange for a $200,000 capital contribution; Erik Anderson took 10% for $66,666; Nick Ashton took 10% for $66,666; and Sandra Ashton took 10% for $66,666. Plaintiffs' collective contribution at the equity level was thus $199,998.

7. The Operating Agreement attached as Exhibit B to the Complaint is a basic template that the parties signed in October 2023 to permit the venture to commence. Plaintiff Erik Anderson, who is a sophisticated business person, undertook responsibility for drafting a more elaborate operating agreement, working with his own attorney during the venture's formation. That more elaborate agreement was never completed or executed. I expect to produce, in connection with merits litigation, correspondence from Mr. Anderson transmitting his draft of the more elaborate operating agreement.

8. Section 13 of the Operating Agreement provides: "Any disputes arising from this Agreement shall be resolved through mediation or, if unsuccessful, through binding arbitration in Delaware." Section 12 provides that the Operating Agreement is governed by Delaware law. Plaintiffs did not invoke either mediation or arbitration before filing the State Court Action or this Adversary Complaint.

**B. CWM's Substantial Over-Contribution to the Project.**

9. CWM in fact contributed approximately **$350,000** to the West Covina project, that is, approximately **$150,000 in excess** of its $200,000 capital commitment, and approximately 175% of the Plaintiffs' combined $200,000 contribution. The detail of those contributions is reflected in CWM's bank statements and in the bank records that Plaintiffs themselves filed with their Motion for Default Judgment as ECF Nos. 12-3 and 12-4.

10.    Plaintiffs' own filings and the Bank of America records they themselves submitted with their Motion for Default Judgment (ECF Nos. 12-3, 12-4) confirm that Sandra Ashton wired $100,000 from her revocable trust on October 30, 2023, and Erik Anderson wired $95,000 on November 21, 2023, for a total of $195,000. The Operating Agreement attached as Exhibit B to the Complaint stated each Plaintiff's equity commitment at $66,666, totaling $199,998. Plaintiffs collectively contributed approximately $4,998 less than their stated equity commitments under the Operating Agreement.

11.    After cost overruns emerged on the project, in or about December 2024, I disclosed a $90,000 cost overrun to all three Plaintiffs in person at a meeting held at Nick Ashton's apartment in the University Towne Centre (UTC) area of La Jolla, California. Mr. Anderson's father, a former Chief Executive Officer of Blue Shield, was also present. All three Plaintiffs and I (on behalf of CWM) attended the meeting. The Plaintiffs expressed concern that further capital contributions by CWM could result in dilution of their respective 10% equity interests, consistent with Section 6 of the Operating Agreement (Non-Diluting Membership Interests), which prohibited dilution of any Member's interest absent unanimous written consent. Mr. Anderson's father proposed that the additional advances CWM would make to WCCW to cover the cost overrun and to permit the project to continue be characterized as loans from CWM to WCCW (rather than additional equity contributions), thereby preserving the existing 70/30 equity allocation under Section

5 of the Operating Agreement. I agreed to that structure on behalf of CWM. Mr. Anderson and Ms. Ashton agreed. Mr. Nick Ashton was vocal in his reluctance about the loan structure but, in order to permit the project to move forward, agreed as well. The parties accordingly agreed that approximately $95,000 of CWM's continuing advances to WCCW would be treated as a loan repayable to CWM. CWM has never been repaid and continues to bear that loss.

**C. The Car Wash Opened and Operated; Sun Day Carwash Continues to Operate Today.**

12.    Paragraph 25 of the Adversary Complaint alleges that the car wash "remains non-operable." That allegation is materially false.

13.    The car wash at 310 South Vincent Avenue, West Covina, **was built, did open,** and **did operate** for approximately one to two months in or about May-June 2024. During that period the car wash had business permits, commercial insurance, employees, point-of-sale receipts, credit-card processing transactions, and revenue.

14.    Today, the same car wash facility, at the same address, is operating under the trade name "Sun Day Carwash." Sun Day Carwash maintains a Google business listing showing approximately 70 reviews averaging 4.8 stars; a Yelp business listing; and the City of West Covina's official Instagram account publicly featured Sun Day Carwash in a post dated December 15, 2025. The equipment installed by CWM at the West Covina location is the same equipment Sun Day Carwash is using today.

Screenshots of the public Google listing. Yelp listing. and City of West Covina Instagram post are attached as Exhibit B.

15. The replacement value of the equipment installed at 310 South Vincent Avenue is approximately $550.000. The funds I and CWM put into the project were converted into tangible. operating equipment that is producing revenue today. Plaintiffs were responsible under the venture for marketing. signage, exterior vinyl wraps. project administrative paperwork, and other launch-related responsibilities. Plaintiffs did not perform any of these obligations. Plaintiffs also collectively underpaid their stated equity commitments by approximately $5.000 (contributing $195,000 against the $199,998 commitment). When CWM later requested that Plaintiffs contribute additional capital to ensure the project could launch successfully. Plaintiffs refused outright. CWM advanced the additional capital itself. Plaintiffs further demanded that CWM shut the project down rather than complete it. Plaintiffs' refusal to perform their assigned non-financial responsibilities. their refusal to fully fund their stated equity commitments. their refusal to contribute additional capital when requested. and their demand that the project be shut down rather than completed substantially contributed to the venture's underperformance during its operating period and to the project's eventual closure

**D. Bankruptcy Filing: Adversary Complaint.**

16. On October 4, 2024, I filed a voluntary petition for relief under Chapter 7 in this Court (Bankr. Case No. 24-03761-CL7). I was represented in the bankruptcy case by attorney Ronald E. Stadtmueller of San Diego.

17. On the instruction of attorney Stadtmueller, I listed "12136 Avenida Sivrita, San Diego, CA" as my address on the petition. **I did not in fact reside at that address.** That address is my parents' home. I made Mr. Stadtmueller aware of this fact at the time the petition was prepared. Mr. Stadtmueller instructed me to use the address anyway. The correct ZIP code for 12136 Avenida Sivrita is **92128** (Rancho Bernardo).

18. My discharge under Chapter 7 was entered on January 7, 2025. On January 6, 2025, the day before discharge, Plaintiffs filed the Adversary Complaint (ECF No. 1). The Summons issued the same day (ECF No. 2).

19. Service of the Summons and Complaint was made by mail on January 7, 2025, to "12136 Avenida Sivrita, San Diego, CA **92121**", the wrong ZIP code. The correct ZIP for the address is 92128. (See ECF Nos. 4, 5, 6-1.) The wrong ZIP appears in every certificate of service in the record. The two ZIP codes correspond to neighborhoods approximately eight miles apart. **ZIP code 92121 used in the certificate of service does not correspond to any address on Avenida Sivrita; rather, ZIP 92121 is the ZIP code of my business mailing address (7776 Trade Street, San Diego, CA 92121).** I did not receive the Summons and Complaint.

### E. Mr. Stadtmueller's Single-Email Abandonment of the Adversary Proceeding.

20. Mr. Stadtmueller forwarded the Adversary Complaint to me by a single email. The email read in full as follows:

"Mr. Williams, See the attached Adversary Complaint filed in your case alleging non dischargeability of a debt. As you know my representation does not include defense of any Adversary Proceedings. If you wish to discuss the case and receive a referral to someone who may be willing to represent you in this matter please contact me Wednesday. You must file a timely Answer to the Complaint or the plaintiff will be able to obtain a default judgment. Ron."

21. I attach to this Declaration as **Exhibit A** a true and correct copy of Mr. Stadtmueller's email. Mr. Stadtmueller never followed up. He did not telephone me. He did not refer me to any specific counsel. He did not file a notice of limited representation in the adversary proceeding. He took no further action of any kind. He did this knowing that I had no other counsel for the adversary proceeding; that he himself had instructed me to list a non-residence address on the bankruptcy petition; that the Complaint had been served by mail to that address; and that I was, at the time, in serious medical and personal crisis.

### F. My Active Medical Crisis During the Response Period, Documented in Contemporaneous Kaiser

22. I have been a Kaiser Permanente patient for many years and have an extensive Kaiser medical record. During the period from December 30, 2024 through March 3, 2025, the period spanning, including, and continuing after the response window

for the Adversary Complaint. I had **at least eight medical encounters** with Kaiser Permanente, primarily with the Department of Rheumatology, in active management of an Adult-Onset Still's Disease ("AOSD") flare. Because the underlying records contain extensive private health information substantially exceeding what is necessary for purposes of this Motion, I am lodging the records under seal pursuant to a separately filed Motion to File Documents Under Seal. The summary statements set forth in this Section F are based on those records and are supported by the specific dated entries cited.

23.  **Diagnostic baseline.** I was diagnosed with Adult-Onset Still's Disease in February 2017 and have been under active rheumatology care since that time. AOSD is a rare, severe systemic autoimmune disease characterized by recurrent flares of high inflammatory markers, fevers, evanescent rash, severe joint pain, debilitating fatigue, and elevated liver enzymes. The disease can result in multi-organ involvement and typically requires sustained high-dose corticosteroids and biologic immunosuppressant therapy. In my case, AOSD has produced severe, recurrent flares requiring multiple emergency department visits, aggressive intravenous corticosteroid intervention, ongoing biologic immunosuppressant therapy, and Schedule II opioid analgesia for pain management. The disease has had profound and sustained impact on my functional capacity and ability to engage in normal personal and professional activities. (See sealed medical record, Exhibit F.) My

diagnosis and treatment history pre-date the events giving rise to this Adversary Proceeding by approximately seven years.

24. **Pre-response baseline visit, December 30, 2024. Six days before the Adversary Complaint was filed** (Plaintiffs filed January 6, 2025), I was seen by Dr. Firoozeh Motamedi at Kaiser Rheumatology with daily body aches and pains "like having the flu," as documented in her contemporaneous progress note. I had been experiencing those symptoms for an extended period. The note documents that I described feeling "lethargic and as if [I'd] been hit by a bus upon waking," and significantly worse after exertion. The treatment plan documented at that visit included ordering inflammatory labs and considering a switch to another biologic such as canakinumab or tocilizumab. (See sealed medical record, Exhibit E [12/30/2024 Office Visit, Motamedi].)

25. **January 30, 2025, Emergency Department, Kaiser San Diego Medical Center.** On January 30, 2025, within the response period, I presented to the Kaiser ED with whole-body urticarial rash, fatigue, weakness, and severe joint pain that I described to the treating physician as feeling "like being hit by a bus," with difficulty breathing on movement. The treating physician (Dr. K.L. Welker Cassius) diagnosed an AOSD flare, in consultation with rheumatology (Dr. Motamedi). My objective laboratory values demonstrated severe systemic inflammation: **C-reactive protein (CRP) 124.1 mg/L (reference ≤7.4)**; white blood cell count 12.6 (elevated); tachycardia 100-109 beats per minute. I was prescribed **high-dose oral prednisone**

**(60 mg daily for seven days)** and discharged to follow up with rheumatology. (See sealed medical record. Exhibit E [1/30/2025 ED records].)

26.    **February 2, 2025, Second Emergency Department Visit.** Three days later, on February 2, 2025, three days before my answer was due, I returned to the Kaiser ED with throat swelling, the sensation of throat closing, brief difficulty breathing, ongoing myalgias, fatigue, and generalized weakness. The treating physician (Dr. M.B. Del Valle), in consultation with rheumatology, administered **intravenous Solu-Medrol (methylprednisolone 250 mg)**, a high-dose intravenous corticosteroid; intravenous Toradol (ketorolac); and **oxycodone-acetaminophen (Percocet)** for pain. Objective laboratory values continued to show severe inflammation: CRP 109.6 mg/L; ESR 38 (elevated). I was discharged on a Schedule II opioid prescription with a referral to rheumatology the next day. (See sealed medical record, Exhibit E [2/2/2025 ED records].)

27.    **February 3, 2025, Rheumatology Video Visit, Dr. Liu.** The day after the second ED visit, I was seen by Kaiser Rheumatologist Dr. Paul Y. Liu by video. Dr. Liu's progress note confirms the AOSD flare, increases my prednisone to **80 mg daily** with a structured taper, initiates **tocilizumab (Actemra) injectable biologic therapy** every two weeks, and continues my Percocet prescription "as needed for pain." The note documents that I was "diffuse[ly]" rashed, with continued symptoms. Dr. Liu also documents that I had been seen at the ED twice within the prior four days. (See sealed medical record, Exhibit E [2/3/2025 Liu video visit].)

28.     **February 10, 2025, Rheumatology Office Visit, Dr. Motamedi, TREATING PHYSICIAN'S WORK-RESTRICTION NOTE.** On February 10, 2025, five days after my answer was due, and eight days before the Clerk's entry of default, I was seen in person by Dr. Motamedi. Her progress note records that I described to her: severe joint pain moving from joint to joint, recent significant pain in the left second PIP and left ankle, muscle cramping throughout my body, difficulty controlling body temperature with night sweats and chills, a rash that comes and goes, difficulty swallowing, lack of appetite, and weight loss of 10-12 pounds. My objective labs at that visit showed: WBC 18.4 (elevated, with leukocytosis); CRP 40.49 (elevated; reference ≤7.4); ESR 52 (elevated; reference 0-15); ALT 116 (elevated; reference ≤55). The Plan section of Dr. Motamedi's progress note expressly documents:

**"Work Limitations** Patient reports difficulty with daily activities and work due to symptoms. **-Provide work restriction note for 4 weeks."**

29.     **I emphasize this finding.** On February 10, 2025, five days after my answer in the Adversary Proceeding was due, my treating rheumatologist of long standing made a contemporaneous, signed, and dated medical determination that I had **"difficulty with daily activities and work due to symptoms"** and prescribed a **four-week work restriction.** That determination, embedded in a treating physician's contemporaneous progress note, is independent of any retrospective evaluation and

is supported by objective laboratory values reflecting active severe systemic inflammation.

30. **February 12, 2025, Rheumatology Telephone Visit, Dr. Motamedi.** Two days later, Dr. Motamedi spoke with me by telephone. Her progress note documents: "Patient is on prednisone 80 mg daily, he continues to have diffuse myalgias and arthralgias, **hard to get out of the bed and hard to walk.**" My self-reported Percocet use was "1-2 Percocet per day for joint pain." Continued ALT elevation and leukocytosis (WBC 18,000 on prednisone) are documented. (See sealed medical record, Exhibit E [2/12/2025 Motamedi telephone visit].)

31. **February 18, 2025, Clerk's entry of default issued.** (See ECF No. 7.)

32. **Continuing care after default.** On February 25, 2025, Dr. Motamedi's office contacted me by telephone. On March 3, 2025, I had a Hospital Outpatient Visit at Kaiser. (See sealed medical record, Exhibit E [2/25/2025 Motamedi telephone; 3/3/2025 outpatient visit].) My active rheumatology management of this AOSD flare continued throughout this period.

33. **Medication regimen during the response period.** From the February 2, 2025 ED discharge through and beyond the entry of default on February 18, 2025, my documented active medication regimen included: (a) **high-dose prednisone (80 mg daily)**; (b) **tocilizumab (Actemra) 162 mg subcutaneous injection every two weeks** (initiated 2/3/2025); (c) **oxycodone-acetaminophen (Percocet) 5-325 mg,**

taken at 1-2 tablets per day for joint pain; (d) Bactrim DS three times weekly (later discontinued by Dr. Motamedi due to elevated liver enzymes); and (e) Dupixent injectable. This regimen consists of a high-dose oral corticosteroid, a biologic immunosuppressant, and a Schedule II opioid analgesic, each of which independently produces fatigue, cognitive effects, and impaired functional capacity.

34.     **Chronic psychiatric baseline.** Independent of the AOSD flare, I have a long history of severe major depressive disorder, chronic post-traumatic stress disorder, and an anxiety disorder, documented in Kaiser psychiatric records. My Kaiser records reflect Behavioral Health Indicator scores in the severe range (80-89) and PHQ-9 scores in the severe major depression range (17-22) **as far back as November 2021.** My present diagnoses, confirmed by Dr. Reshma G. Bhat, M.D., are: Major Depressive Disorder, Recurrent Episode, Severe (DSM-5 / ICD-10 F33.2); Chronic Posttraumatic Stress Disorder (F43.12); and Anxiety Disorder, Other Specified (F41.8). My treating psychiatrist also contemporaneously documented avoidance behaviors that materially affected my functional capacity during the response period. The specific clinical observations and their documented relationship to the symptoms of my diagnosed conditions are set forth in the sealed Exhibit E and are not described in further detail on the public record.

35.     **Personal circumstances.** During this period, I had no stable residence following the failure of the West Covina venture and the collapse of CWM's revenue. I did not reside at the parents' address listed on my petition. I did not have regular and

reliable access to mail at any one location. In December 2024, my father suffered a heart attack, and his recovery and ongoing care consumed substantial portions of my time and emotional resources during the response period.

36.   **Combined effect.** The combination of (i) two Emergency Department visits during the answer period (1/30/25 and 2/2/25); (ii) intravenous high-dose corticosteroids; (iii) initiation of biologic immunosuppressant therapy; (iv) Schedule I opioid analgesia; (v) **a treating-physician work restriction note dated February 10, 2025 covering a four-week period,** that is, the period spanning the entry of default on February 18, 2025; (vi) chronic severe major depressive disorder and chronic PTSD documented at Kaiser back to 2021; (vii) homelessness; (viii) my father's recent cardiac event; and (ix) abandonment of the adversary case by my bankruptcy counsel through a single email and no follow-up, **rendered me functionally incapable of recognizing, processing, and responding to legal process** mailed to a non-residence address with the wrong ZIP code during the response period. I did not appreciate, in real time, that an Adversary Proceeding had been initiated, that I was unrepresented in it, that an answer was due, that default had been entered, or that judgment had been entered.

36A.   **Convergence of crisis facts during the response period.** I want the Court to understand the convergence of these facts during the response period. I was not merely unwell. Simultaneously, I was: (a) under active emergency hospital care twice within four days for a life-threatening autoimmune flare; (b) initiating biologic immunosuppression

therapy with a Schedule II opioid for pain control; (c) on a four-week treating-physician work restriction; (d) carrying long-documented severe Major Depressive Disorder, chronic PTSD, and an Anxiety Disorder, the full clinical detail of which is set forth in the sealed Exhibit E; (e) without stable housing; (f) watching the West Covina venture, Car Wash Management, LLC's revenue, and my own business reputation collapse in real time, with vendors and customers actively pursuing me and my company for payments and answers I could not provide; (g) responding to my father's recent cardiac event and his ongoing recovery; and (h) abandoned in the Adversary Proceeding by my bankruptcy counsel through a single email and no follow-up. The fair characterization of my circumstances during the response period is not that I was unwell; it is that I was in a documented, acute, life-threatening medical and psychiatric crisis, occurring simultaneously with the collapse of my business and the loss of stable housing, while pro se and effectively abandoned by counsel. No reasonable factfinder could conclude that an individual in those circumstances had the practical capacity to identify, process, and respond to an Adversary Complaint mailed to a non-residence address with the wrong ZIP code. The medical and clinical facts are detailed above and in the sealed Exhibit E.

## G. When I Learned of the Default Judgment; This Motion.

37.    I did not have meaningful actual notice of the default judgment until **March 2026**, when Plaintiffs commenced post-judgment collection by filing the Application for Examination, Abstract of Judgment, and Request for Issuance of Writ of Execution (ECF Nos. 19-22), and the Writ of Execution issued March 30, 2026 (ECF No. 28).

38. Promptly after I came on actual notice of the judgment. I began to gather evidence. locate and review the docket. identify legal grounds. and prepare this Motion. Given my pro se status. the volume of the record. the medical and personal circumstances I have described. and the time required to obtain corroborating evidence. the time elapsed between actual notice and filing of this Motion is reasonable.

39. I have filed this Motion within one year of the entry of the Amended Default Judgment (ECF No. 17. October 7, 2025). satisfying Federal Rule of Civil Procedure 60(c)(1).

**H. Meritorious Defenses I Will Present If Permitted to Litigate on the Merits.**

40. If permitted to file an answer and litigate on the merits. I will present the following defenses. among others: (a) Plaintiffs' own bank records show CWM contributed approximately $350.000 to the project. approximately 175% of the Plaintiff's actual cash contribution. conduct fundamentally inconsistent with the scienter required under §523(a)(2)(A): (b) Plaintiffs are sophisticated investors who reviewed and signed the Operating Agreement. with Plaintiff Anderson having undertaken responsibility for drafting a more elaborate operating agreement (working with his own counsel) that was never executed. defeating any unsophisticated-victim narrative or claim of justifiable reliance: (c) Plaintiffs themselves underpaid their stated equity commitments by approximately $5.000: refused to perform their assigned launch responsibilities (marketing. signage. exterior vinyl wraps. project administrative paperwork. and related promotional activities): refused to contribute

additional capital when CWM later requested it despite cost overruns; and demanded that CWM shut the project down rather than complete it, conduct constituting breaches of Plaintiffs' fiduciary duties as members of WCCW under Delaware law (the governing law per Operating Agreement § 12) and substantially contributing to the venture's underperformance and closure; (d) Section 13 of the Operating Agreement requires mediation followed by binding arbitration in Delaware, which Plaintiffs bypassed; (e) Plaintiffs' alleged $195,000 in losses represents capital contributions to WCCW (a separate Delaware LLC), not funds personally obtained by me; to the extent any portion is recoverable as nondischargeable fraud, the analysis must focus on what I personally received, not on Plaintiffs' gross contributions to a separate entity; and (f) the equipment is operating today at the same location as Sun Day Carwash, demonstrating that the funds were converted to productive assets, not dissipated; and (g) Plaintiff Erik Anderson, the lead plaintiff in this proceeding, personally and directly instructed me, in a verbal communication that occurred in the presence of a third party who was then present, not to open the car wash facility at 310 South Vincent Avenue, West Covina, California. Notwithstanding Plaintiffs' express instruction not to open, I completed construction of the facility using primarily my own and CWM's funds (approximately $350,000 of the approximately $550,000 total project spend); the car wash opened; and it continues to operate today under the trade name "Sun Day Carwash." Plaintiffs' present attempt to recharacterize my completion and opening of the project, conduct that was directly contrary to their own express

instruction, as a "willful and malicious injury" under 11 U.S.C. § 523(a)(6) is logically incoherent. A debtor cannot "willfully injure" a creditor by doing precisely what the creditor expressly directed the debtor not to do, where the result was the conversion of the creditor's prior capital contribution into a tangible operating asset rather than a personal benefit to the debtor.

41.   If granted leave to answer, I will, within 21 days of the Court's Order, file a verified Answer asserting the foregoing affirmative defenses, together with counterclaims against Plaintiffs for: (a) breach of Section 13 of the Operating Agreement (Plaintiffs' bypassing of the contractually mandated mediation and Delaware arbitration through the filing of the State Court Action and this Adversary Proceeding): (b) breach of Plaintiffs' fiduciary duties as members of WCCW under Delaware law (including Plaintiffs' refusal to perform their assigned launch responsibilities, refusal to contribute additional capital when requested, demand to shut the project down rather than complete it, and underpayment of stated equity commitments by approximately $5,000); and (c) breach of contract for Plaintiffs' failure to perform their non-financial obligations under the venture. I will simultaneously move to compel mediation and binding arbitration in Delaware pursuant to Operating Agreement § 13 and the Federal Arbitration Act, 9 U.S.C. § 4. I will also reserve, and intend to pursue, sanctions under Federal Rule of Bankruptcy Procedure 9011 for Plaintiffs' filings in violation of the Operating Agreement's arbitration clause and for Plaintiffs' material misrepresentation in

Complaint paragraph 25 that the car wash "remains non-operable." My counterclaims will seek all available remedies. including compensatory damages. attorneys' fees and costs. specific performance compelling arbitration. and punitive damages where supported by the evidence.

## I. The May 4, 2026 Court Hearing and Plaintiffs' Counsel's Admission of Non-Service.

42. On May 4. 2026. I appeared in person. pro se. in Department 1. Room 218 of the Jacob Weinberger United States Courthouse. before the Honorable Christopher B. Latham. United States Bankruptcy Judge. for the Judgment Debtor Examination scheduled by this Court's Order to Appear for Examination dated March 25, 2026 (ECF No. 24). Plaintiffs' counsel. Martin A. Eliopulos. did not appear in person; he appeared by telephone. Plaintiffs' counsel did not have a court reporter present. citing his secretary's illness. The hearing was recorded by the Court's digital audio recording system.

43. At that hearing. on the record. I stated to the Court that I had not been served any papers in this matter. Plaintiffs' counsel responded by repeatedly inquiring of the Court. on three separate occasions. with increasing emphasis. how I knew about the hearing. stating in substance: "How did he know about this meeting?"; "I want to know how he knew about this meeting"; and "I really want to know how Mr. Williams knew about this meeting." Plaintiffs' counsel further stated, in substance: "We haven't served him papers yet. how does he know about this meeting?"; and "I don't think we have served him papers yet." A copy of the Court's digital audio

recording of the May 4, 2026 hearing has been requested and will be lodged with the Court as a supplemental exhibit when received; a certified written transcript will follow.

44.    The Court did not engage with Plaintiffs' counsel's repeated inquiry into the source of my notice of the hearing. The Court did not address Plaintiffs' counsel's admission of non-service. The Court praised my voluntary appearance, stated on the record that the Court was glad I had shown up, and continued the matter, instructing Plaintiffs' counsel and me to coordinate the rescheduling between ourselves. No testimony was taken. The Court did not set a new examination date. As of the filing of this Motion, no new Order to Appear for Examination has been issued, no new examination date has been set, and Plaintiffs' counsel has not served on me any subpoena, order, or other process related to a continued examination.

45.    The events of the May 4, 2026 hearing are directly relevant to this Motion: (a) Plaintiffs' counsel's on-the-record acknowledgment that he had not served the March 25, 2026 Order to Appear (ECF No. 24) prior to the noticed examination corroborates the pattern of defective service that is also reflected in the original 2025 service of process at the wrong ZIP code, and supports the alternative ground for relief under Rule 60(b)(4); (b) the Court's on-the-record acknowledgment of my voluntary appearance evidences my good-faith conduct under Pioneer's fourth factor and Falk's "non-culpable conduct" factor; and (c) no testimony was taken, and the procedural posture of the underlying judgment, the Writ of Execution (ECF

No. 28), the Abstract of Judgment (ECF No. 19), and any related collection activity therefore remains as it was before May 4, 2026, save that the previously-scheduled examination has been continued without date.

**J. Closing.**

46.    I respectfully request that the Court vacate the Clerk's Entry of Default (ECF No. 7), the Order on Plaintiffs' Motion for Default Judgment (ECF No. 13), the Default Judgment (ECF No. 15), and the Amended Default Judgment (ECF No. 17), grant me leave to file an Answer, and stay all collection activity pending decision.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____5/12_____ , 2026, at ____San Diego____ .

ANDREW PAUL WILLIAMS

Defendant, Pro Se

## EXHIBITS TO DECLARATION OF ANDREW PAUL WILLIAMS

**Exhibit A:** Email from Ronald E. Stadtmueller forwarding the Adversary Complaint and disclaiming representation.

**Exhibit B:** Screenshots of public Google business listing. Yelp listing. and City of West Covina Instagram post (December 15, 2025) for Sun Day Carwash at 310 S. Vincent Ave., West Covina, CA.

**Exhibit C:** Photographs and videos of the car wash equipment in operation at 310 S. Vincent Ave.

**Exhibit D:** POS receipts. credit-card processing records. and contemporaneous transaction documentation showing the car wash's operation.

**Exhibit E:** **[FILED UNDER SEAL]** Kaiser Permanente Southern California medical records. including: (1) Office Visit and Progress Note. Dr. F. Motamedi. December 30, 2024 (Rheumatology); (2) Emergency Department records and After Visit Summary. January 30, 2025: (3) Emergency Department records and After Visit Summary. February 2, 2025: (4) Video Visit Progress Note and After Visit Summary. Dr. P. Liu. February 3, 2025 (Rheumatology); (5) Office Visit Progress Note and After Visit Summary. Dr. F. Motamedi, February 10, 2025 (Rheumatology), including the four-week work-restriction directive: (6) Telephone Visit Progress Note and After Visit Summary, Dr. F. Motamedi. February 12, 2025 (Rheumatology); (7) Initial Video Psychiatric Evaluation by Dr. R. Bhat. April 8, 2026. and corresponding After Visit Summary: and (8) historical psychiatric

records and behavioral-health screening data from 2021-2022, including the BHI, PHQ-9, and GAD-7 score history. Lodged separately under the concurrently filed Motion to File Documents Under Seal.

**Exhibit F:** Documentation of father's December 2024 cardiac event.

**Exhibit G:** Third-party declaration(s) of witness(es) to the operation of the car wash.

**Exhibit H:** Email from Plaintiff Erik Anderson transmitting his draft of the Operating Agreement (Gmail message ID 18dd243a80038dd7), to be filed when authenticated.

# EXHIBIT A

## TO DECLARATION OF ANDREW PAUL WILLIAMS
## IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT

**Email from Ronald E. Stadtmueller, Esq.**
**to Andrew Paul Williams**
**Forwarding Adversary Complaint**

*Dated January 6, 2025, at 8:25 P.M.*

*In re Andrew Paul Williams*

Bankruptcy Case No. 24-bk-03761-CL7

Adversary Proceeding No. 25-ap-90005-CL

United States Bankruptcy Court, Southern District of California

# EXHIBIT A

## Email Communication from Ronald E. Stadtmueller, Esq.

| | |
|---|---|
| **From:** | Ronald E. Stadtmueller, Esq. <ronstadtmueller@aol.com> |
| **To:** | Andrew Paul Williams |
| **Date:** | Monday, January 6, 2025, at 8:25 P.M. |
| **Subject:** | FW: 25-90005-CL Complaint |
| **Attachment:** | AP 25-90005.pdf (Adversary Complaint, ECF No. 1) |

**VERBATIM TEXT OF EMAIL BODY:**

*Mr. Williams,*

*See the attached Adversary Complaint filed in your case alleging non dischargeability of a debt. As you know my representation does not include defense of any Adversary Proceedings. If you wish to discuss the case and receive a referral to someone who may be willing to represent you in this matter please contact me Wednesday.*

*You must file a timely Answer to the Complaint or the plaintiff will be able to obtain a default judgment.*

*Ron*

*Ronald E. Stadtmueller*

*10755 Scripps Poway Pkwy., #370*

*San Diego, CA 92131*

*858-564-9310*

# EXHIBIT A (continued)

### Material Forwarded with Stadtmueller Email — Court NEF

*The following Notice of Electronic Filing ("NEF") issued by the United States Bankruptcy Court for the Southern District of California was forwarded as the body content of the email transmitted by Mr. Stadtmueller. It is reproduced verbatim from the email:*

```
From: info_casb@casb.uscourts.gov <info_casb@casb.uscourts.gov>
Sent: Monday, January 6, 2025 5:45 PM
To: casb_ecf@casb.uscourts.gov
Subject: 25-90005-CL Complaint
```

U.S. Bankruptcy Court
Southern District of California
Notice of Electronic Filing

The following transaction was received from Martin A. Eliopulos entered on 1/6/2025 at 5:45 PM PST and filed on 1/6/2025

Case Name: Anderson et al v. G. Williams
Case Number: 25-90005-CL
Document Number: 1

Docket Text:
Adversary case 25-90005. Complaint by Erik Anderson, Nick Ashton, Sandra Ashton against Andrew Paul Williams. Nature of Suit: 62 Dischargeability - (Dischargeability, false pretenses, false representation, actual fraud) 68 Dischargeability - 523(a)(6), willful and malicious injury), Fee amount $350.00 Filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton.

25-90005-CL Notice will not be electronically mailed to:
Andrew Paul Williams
12136 Avenida Sivrita
San Diego, CA 92121

# EXHIBIT A (continued)

## Significance and Authentication

### SIGNIFICANCE OF THIS EXHIBIT

1. Abandonment by single email. This email — sent on January 6, 2025, at 8:25 P.M. (approximately two hours and forty minutes after the Adversary Complaint was filed) — constituted the entirety of Mr. Stadtmueller's communication to me regarding the adversary proceeding. Mr. Stadtmueller did not telephone me, send any follow-up correspondence, refer me to specific replacement counsel, or file any notice of limited scope of representation. He thereafter took no further action of any kind regarding the adversary matter.

2. Defective service address in court NEF. The forwarded Notice of Electronic Filing reproduced on the preceding page shows that the United States Bankruptcy Court's own electronic notification system recorded my mailing address with the wrong ZIP code: "San Diego, CA 92121." The correct ZIP code for 12136 Avenida Sivrita is 92128. This same incorrect ZIP code recurs in all subsequent service documents filed by Plaintiffs (ECF Nos. 2, 4, 5, and 6-1). The defective address originated in the court's NEF and was never corrected.

3. Notice not electronically mailed. The NEF expressly states that notice "will not be electronically mailed to" me, and identifies only paper service to the wrong-ZIP address. I had no electronic filing account; service was limited to a single mailing addressed to a non-residence with an incorrect ZIP code.

4. Counsel's actual knowledge. Mr. Stadtmueller received the same NEF, observed the incorrect ZIP code, and was at the time my counsel of record in the underlying bankruptcy. He nonetheless transmitted no further communication to me, took no protective step on my behalf, and made no record-correction effort.

### AUTHENTICATION

The foregoing is a true and correct verbatim copy of the email I received from Ronald E. Stadtmueller, Esq., my former bankruptcy counsel, regarding the adversary complaint filed

against me by Erik Anderson, Nick Ashton, and Sandra Ashton (Adv. No. 25-ap-90005-CL). The email was sent from Mr. Stadtmueller's email address (ronstadtmueller@aol.com) at the time and date stated above. The verbatim text reproduced herein, including the forwarded Notice of Electronic Filing from the United States Bankruptcy Court, is reproduced exactly as it appeared in the email I received. I authenticate this exhibit under penalty of perjury under the laws of the United States as part of my Declaration filed concurrently herewith.

# EXHIBIT B

## TO DECLARATION OF ANDREW PAUL WILLIAMS
## IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT

**Public Record Evidence**

**Sun Day Carwash — Currently Operating at 310 S. Vincent Ave**

**West Covina, California 91790**

*In re Andrew Paul Williams*

Bankruptcy Case No. 24-bk-03761-CL7

Adversary Proceeding No. 25-ap-90005-CL

United States Bankruptcy Court, Southern District of California

# EXHIBIT B

*Public Record Evidence of Operating Car Wash at 310 S. Vincent Ave*

## PURPOSE OF THIS EXHIBIT

This exhibit consists of screenshots and printouts from publicly accessible online sources documenting that a car wash business known as "Sun Day Carwash" is currently operating at 310 South Vincent Avenue, West Covina, California 91790 — the same address at which Car Wash Management, LLC ("CWM") constructed and installed car wash equipment using funds contributed by Plaintiffs Erik Anderson, Nick Ashton, and Sandra Ashton (collectively, "Plaintiffs").

These records directly contradict the central allegation of paragraph 25 of the Adversary Complaint (ECF No. 1) that the car wash "remains non-operable." Plaintiffs' own bank records filed at ECF Nos. 12-3 and 12-4 corroborate the substantial expenditures on equipment that remain installed and in active commercial use at this location.

## CONTENTS OF THIS EXHIBIT:

Tab B-1: Sun Day Carwash Official Website (sundaycarwash.com) — Locations Page Confirming Operation at 310 S. Vincent Ave

Tab B-2: City of West Covina Official Instagram Post (December 15, 2025) — Welcoming Sun Day Carwash to the City

Tab B-3: Google Search Results — Sun Day Carwash Business Listing (84 Google reviews, 4.8 stars, currently open)

Tab B-4: Instagram Posts (@socalfam.explores) — Interior Photographs of Car Wash Equipment in Operation

## AUTHENTICATION

I authenticate the screenshots contained herein under penalty of perjury under the laws of the United States as part of my Declaration filed concurrently herewith. Each screenshot was

captured by me from the publicly accessible website indicated and is a true and accurate copy of what appeared on that website at the time of capture.

# TAB B-1

## Sun Day Carwash Official Website — Locations Page

*sundaycarwash.com    Confirmation of West Covina Operation at 310 S. Vincent Ave*



### Where you'll find us.

**Blackstone**  →
6546 N Blackstone Ave, Fresno, CA 93710

**Santa Rosa St.**  →
363 Santa Rosa St, San Luis Obispo, CA 93405

**Calle Joaquin**  →
1460 Calle Joaquin, San Luis Obispo, CA 93405

**Atascadero**  →
9105 Principal Ave, Atascadero, CA 93422

**Paso Robles**  →
2120 Spring St, Paso Robles, CA 93446

**Highland Park**  →
5128 N Figueroa St, Los Angeles CA 90042

**West Covina**  →
310 S Vincent Ave, West Covina, CA 91790

SIGNIFICANCE: This is the official corporate website of Sun Day Carwash. It identifies West Covina at 310 South Vincent Avenue, West Covina, CA 91790 as one of their operating locations. This constitutes an admission by the entity currently operating the car wash that it is, in fact, operating at the exact address at which the equipment funded by Plaintiffs' $195,000 contribution and CWM's approximately $350,000 contribution was installed.

Source: sundaycarwash.com (Sun Day Carwash official website)    Date captured: May 12, 2026

# TAB B-2

## City of West Covina Official Instagram Post

*Verified Municipal Account (@westcovinacity) — December 15, 2025*



SIGNIFICANCE: This post originates from the official, verified municipal Instagram account of the City of West Covina (note the blue verified checkmark next to @westcovinacity). The post, dated December 15, 2025, officially welcomes Sun Day Carwash as a new community sponsor located at 310 South Vincent Avenue, West Covina. This is a governmental confirmation that the car wash at the same address as CWM's installed equipment is operating as an active commercial enterprise.

Source: Instagram @westcovinacity (official verified municipal account) — Post date: December 15, 2025 — Date captured: May 12, 2026

# TAB B-3

## Google Search Results — "Sun Day Car Wash West Covina"

*Aggregated Public Listings (Google Business, Yelp, Instagram)*



SIGNIFICANCE: *Google search results aggregate multiple independent public listings confirming active commercial operation: (i) Google Business profile showing 4.8 stars with 84 Google reviews, address 310 S Vincent Ave, West Covina, CA 91790, phone (626) 587-0044, status "Open" with hours "Closes 8 PM"; (ii) Yelp listing "SUN DAY CARWASH - Updated May 2026 - 20 Reviews"; (iii) Instagram video post from @socalfam.explores referencing "Sun Day Car Wash is NOW OPEN in West Covina." Multiple independent sources confirm operational status.*

*Source: Google Search   Date captured: May 12, 2026*

# TAB B-4

## Instagram Posts — Interior of Operating Car Wash at 310 S. Vincent Ave

*Source: @socalfam.explores    Tagged Location: @sundaycarwash*



*First view: Interior of operating car wash facility showing Sun Day Carwash branded entrance arch ("Bright and Shiny") and equipment in active use. Posted with caption "Sun Day Car Wash is NOW OPEN in West Covina!"*

## TAB B-4 (continued)



*Second view: Tunnel interior showing wash bay with Sun Day Carwash overhead signage and operational wash equipment (curtains, sprayers, conveyor visible) — equipment originally installed by CWM at this location.*

*SIGNIFICANCE OF TAB B-4: These photographs depict the interior of the car wash currently operating at 310 South Vincent Avenue. The wash equipment visible — including the tunnel structure, curtain system, and overhead branding integration — represents the same physical infrastructure that was constructed and installed using the approximately $550,000 in combined Plaintiff and CWM funding. The car wash is not "non-operable" as alleged in paragraph 25 of the Complaint; it is operating as an active commercial business under the Sun Day Carwash brand.*

*Source: Instagram @ socalfam.explores — Location tag: @ sundaycarwash — Date captured: May 12, 2026*

# EXHIBIT 10

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Defendant and Debtor, In Pro Per

FILED

2026 JUN -1 PM 1:21

CLERK
U.S. BANKRUPTCY CT
DISTICT OF CALIF

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re ANDREW PAUL WILLIAMS,<br><br>Debtor.<br><br>―――――――――――――――<br><br>ERIK ANDERSON, NICK ASHTON, and<br><br>SANDRA ASHTON,<br><br>    Plaintiffs,<br><br>v.<br><br>ANDREW PAUL WILLIAMS,<br><br>    Defendant. | Bankr. Case No. 24-03761-CL7<br><br>Chapter 7<br><br>Adv. Proc. No. 25-90005-CL<br><br><br>**SUPPLEMENTAL DECLARATION OF**<br><br>**ANDREW PAUL WILLIAMS IN SUPPORT OF**<br><br>**REPLY TO MOTION TO VACATE DEFAULT**<br><br>**AND DEFAULT JUDGMENT**<br><br><br>Date: June 8, 2026   Time: 10:30 a.m.<br><br>Dept.: 1, Room 218<br><br>Judge: Hon. Christopher B. Latham |

**SUPPLEMENTAL DECLARATION OF ANDREW PAUL WILLIAMS IN SUPPORT OF**

**REPLY TO MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT**

I, ANDREW PAUL WILLIAMS, declare as follows:

1

SUPPL. DECL. ISO MOTION TO VACATE DEFAULT

Case No. 24-03761-CL7 / Adv. Proc. No. 25-90005-CL.

1. I am the Defendant in the above-captioned adversary proceeding. I am over the age of 18 and competent to make this Declaration. I have personal knowledge of the matters stated herein and could and would testify to them competently if called as a witness. This Supplemental Declaration supplements my original Declaration filed at ECF No. 30-1 on May 12, 2026, and is submitted in support of my concurrently-filed Reply in Support of Motion to Vacate Default and Default Judgment.

## I. THE STADTMUELLER EMAIL AND THE FORWARDED NOTICE OF ELECTRONIC FILING (EXHIBIT 1).

2. On January 6, 2025 at 8:25 PM Pacific Time, I received an email from my Chapter 7 bankruptcy counsel Ronald E. Stadtmueller. The email was sent from "ronstadtmueller@aol.com" to my email address "andrew@carwashmgmt.com." The email forwarded the Notice of Electronic Filing originally generated by this Court's CM/ECF system from "info_casb@casb.uscourts.gov" at 5:45 PM Pacific Time the same day. A true and correct copy is attached as Exhibit 1.

3. Plaintiffs' Opposition (ECF No. 40 at 6) characterizes that email as one in which counsel "offered to defend Debtor or refer Debtor to different counsel." That characterization is contradicted by the text of the email itself.

4. The substantive text of Mr. Stadtmueller's email reads in full: "Mr. Williams, See the attached Adversary Complaint filed in your case alleging non dischargeability of a debt. As you know my representation does not include defense of any Adversary Proceedings. If you wish to discuss the case and receive a referral to someone who may be willing to represent you in this matter please contact me Wednesday. You must file a timely Answer to the Complaint or the plaintiff will be able to obtain a default judgment. Ron."

5. Mr. Stadtmueller did not offer to defend me in the adversary proceeding. He stated the opposite: "my representation does not include defense of any Adversary Proceedings." Mr. Stadtmueller did not refer me to different counsel. He offered the possibility of a referral, contingent on my initiating contact on a specific day (Wednesday). I did not initiate that contact

2

SUPPL. DECL. ISO MOTION TO VACATE DEFAULT

Case No. 24-03761-CL.7 / Adv. Proc. No. 25-90005-CL.

and Mr. Stadtmueller did not follow up. I received no further communications from Mr. Stadtmueller related to the adversary proceeding during the response period or thereafter.

## II.   THE COURT'S NOTICE OF ELECTRONIC FILING SHOWS ZIP CODE 92121.

6. The Notice of Electronic Filing attached as part of Exhibit 1 is the automatic message generated by this Court's CM/ECF system at 5:45 PM on January 6, 2025, the moment Plaintiffs' counsel Martin A. Eliopulos electronically filed the adversary complaint. It is a system-generated record reflecting the case caption, document filing information, and the parties' addresses as submitted to the Court by the filing party.

7. The Notice of Electronic Filing states: "25-90005-CL Notice will not be electronically mailed to: Andrew Paul Williams 12136 Avenida Sivrita San Diego, CA 92121."

8. The ZIP code 92121 reflected on the Court's Notice of Electronic Filing is the same wrong ZIP code that appears on every Plaintiff-generated certificate of service in the adversary proceeding docket (ECF Nos. 4, 6, 7, 8, 10, 13, 15, 17, 18).

## III.   THE PETITION BEARS THE INCORRECT ZIP CODE 92121; THE CORRECT ZIP CODE FOR THE ADDRESS IS 92128 (EXHIBIT 2).

9. On October 4, 2024, I filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, captioned In re Andrew Paul Williams, Case No. 24-03761-CL7. At that time I had no residence of my own and was staying temporarily with others; on the advice of my bankruptcy counsel, the petition listed my parents' address, 12136 Avenida Sivrita, as my address of record. The address page of the petition is attached as Exhibit 2.

10. The petition lists the address as "12136 Avenida Sivrita, San Diego, CA 92121." That ZIP code is incorrect. The correct ZIP code for 12136 Avenida Sivrita is 92128, which corresponds to the Rancho Bernardo area of San Diego. The United States Postal Service confirms this: when the Bankruptcy Noticing Center processed the address, the Postal Service's address standardization automatically corrected it to "92128-4547" (ECF Nos. 8 and 10).

3

SUPPL. DECL. ISO MOTION TO VACATE DEFAULT

Case No. 24-03761-CL7 / Adv. Proc. No. 25-90005-CL

11. ZIP code 92121 is a different ZIP code in a different area of San Diego (Sorrento Valley and Mira Mesa), approximately eight miles distant, served by a different United States Postal Service sorting facility. The street address 12136 Avenida Sivrita does not exist within ZIP code 92121.

12. Plaintiffs' Opposition asserts (Opp. 9) that "Plaintiffs served Debtor at the address and zip code set forth in his Chapter 7 petition." The petition does bear ZIP code 92121 (Exhibit 2); that ZIP code, however, is incorrect, as the Postal Service's own standardization of the address to 92128-4547 confirms (ECF Nos. 8 and 10). Plaintiffs mailed the summons and complaint to that incorrect ZIP code, 92121, in which the street address 12136 Avenida Sivrita does not exist. Because I was not residing at that address and the mailing was directed to a ZIP code in which the address does not exist, I did not receive the summons and complaint.

**IV.  PLAINTIFFS' OWN CONTEMPORANEOUS TEXT MESSAGES AND CONDUCT ESTABLISH PERSONAL KNOWLEDGE THAT THE CAR WASH WAS OPERATIONAL (EXHIBIT 3).**

13. Plaintiffs Erik Anderson and Nick Ashton had personal knowledge that the car wash was operational well before they filed Complaint paragraph 25 on January 6, 2025. Their personal knowledge is established by their own contemporaneous text messages and by their personal use of the operating car wash.

14. Authentication of Exhibit 3 text messages. The text-message screenshots attached as Exhibit 3 are true and correct copies of messages exchanged between myself, Plaintiff Erik Anderson, and Plaintiff Nick Ashton during late 2023 and early 2024. They are admissible under Federal Rule of Evidence 901(b)(4) (distinctive characteristics, contents, internal patterns, and circumstances). The authenticating circumstances are:

(a) Source device: The screenshots were captured from my personal mobile telephone, which has remained in my exclusive possession at all relevant times. The messages have not been deleted, altered, or modified.

(b) Identifying telephone numbers: The group thread visible in the screenshots is identified at the top by participant names and telephone numbers. Plaintiff Erik Anderson appears in the thread at

SUPPL. DECL. ISO MOTION TO VACATE DEFAULT

Case No. 24-03761-C1.7 / Adv. Proc. No. 25-90005-CL

the telephone number ending 1151. Plaintiff Nick Ashton appears as a named participant in the same group message thread. Both numbers and names are independently verifiable through Plaintiffs' own filings in this and related proceedings.

(c) Time stamps: Each message bears an automatic system-generated time stamp within the message thread. The time stamps are sequential and consistent.

(d) Distinctive content: The messages discuss specific operational features of the car wash at 310 South Vincent Avenue, West Covina, California, in detail that only the parties to the venture would possess. Plaintiff Anderson's responses ("Hell yeah," "Looking like a real car wash!") reflect direct personal observation.

(e) Chain of custody: The messages were stored continuously on my device from receipt to screenshot capture for this Declaration. I have made no edits, redactions, or modifications. The screenshots reflect the messages as they existed at the time of receipt.

(f) One item within Exhibit 3 is a screenshot that Plaintiff Anderson captured on his own device and transmitted into the group thread (a screenshot within a screenshot). It is authenticated by the same distinctive characteristics described above and by Plaintiff Anderson's own act of transmitting it into the thread.

15. December 14, 2023, property walkthrough scheduling. The messages reflected in Exhibit 3 were exchanged in a group text thread among myself, Plaintiff Erik Anderson, and Plaintiff Nick Ashton. On December 14, 2023, Plaintiff Erik Anderson, from the telephone number ending 1151, wrote: "Is Thursday 12/21 a good day for you to walk the property?" I responded: "That day is good, what time." Plaintiff Anderson responded: "Anytime between 8:00am to 2:00pm. Is 11:00am good for you?" I responded: "That works." The property walkthrough was scheduled and took place on or about December 21, 2023.

16. January 6, 2024, one year before the Complaint was filed. On Saturday, January 6, 2024, at 8:37 PM, I sent the group text message: "We have a day of testing and cleaning and we will be done." Plaintiff Erik Anderson responded: "Hell yeah."

5

SUPPL. DECL. ISO MOTION TO VACATE DEFAULT

Case No. 24-03761-CL7 Adv. Proc. No. 25-90005-CL.

17. January 9, 2024, operational features. On Tuesday, January 9, 2024, at 12:51 PM, I sent the group an itemized list of the car wash's operational features: "Foam bath, spot free rinse dryers, Triple foam, Polish, Foam waterfall, wax, undercarrige, Ceramic." Plaintiffs responded: "Thanks."

18. "Looking like a real car wash!" On a subsequent date reflected in Exhibit 3, I sent Plaintiffs photographs of the operating car wash site, including photographs of vehicles at the wash. Plaintiff Erik Anderson responded: "Looking like a real car wash!"; "Yeah it looks good"; and "Get some new plants in there and it'll be awesome." After I sent additional photographs of a clean, dry, post-wash vehicle, Plaintiff Erik Anderson responded: "Thanks for the pics."

18A. Plaintiff Anderson's shared screenshot of his own vehicle at the operating wash. On a date reflected in Exhibit 3, Plaintiff Erik Anderson transmitted into our group message thread a screenshot he had captured from his own mobile device. That screenshot depicts Plaintiff Anderson's own exchange with a third party, together with imagery of Plaintiff Anderson's own vehicle at the operating car wash site. Plaintiff Anderson personally captured and shared this image, further establishing his contemporaneous personal knowledge that the car wash was operational.

19. February 2024, Plaintiffs personally operated their vehicles through the wash. In or about February 2024, Plaintiff Erik Anderson and Plaintiff Nick Ashton each personally drove their own vehicles through the operating car wash to test the equipment. Each Plaintiff observed his own vehicle being washed by the car wash. Each Plaintiff was physically present at the operating wash site at 310 South Vincent Avenue, West Covina, California, during that operation.

20. Percipient witnesses. Jose Rene Ortiz and Travis Beaudoin were physically present at the car wash site during operations and personally observed Plaintiffs Anderson and Ashton each take their respective vehicles through the operating car wash. Each is a percipient witness to the car wash's operation and to Plaintiffs' personal use of it.

21. The representation in Complaint paragraph 25, filed January 6, 2025, that the car wash "remains non-operable" was not an inadvertent inaccuracy or an interpretive dispute. It was filed

6

by Plaintiffs against the backdrop of their own contemporaneous written acknowledgments of the car wash's operation, and against the backdrop of Plaintiffs' personal use of the operating car wash. Plaintiffs had personal knowledge that paragraph 25 was false at the moment it was filed.

## V. AUTHENTICATION OF EXHIBITS.

22. The exhibits to this Supplemental Declaration are true and correct copies of the originals, as follows:

Exhibit 1: The email from Ronald E. Stadtmueller of January 6, 2025 at 8:25 PM, including the forwarded Notice of Electronic Filing from this Court's CM/ECF system sent at 5:45 PM the same day. Preserved in my email account and printed to PDF for this filing. No alterations.

Exhibit 2: The address page of my Chapter 7 voluntary petition, filed October 4, 2024, in In re Andrew Paul Williams, Case No. 24-03761-CL7, retrieved from the public PACER docket of that case. The petition reflects ZIP code 92121, which is incorrect for the reasons stated in paragraphs 10 through 12.

Exhibit 3: Screenshots of text message exchanges from my mobile device between myself and Plaintiffs Erik Anderson and Nick Ashton, taken from the group message thread that I maintained with Plaintiffs during the relevant period. The screenshots include the time stamps and identifying participant information within the thread itself. I have preserved the original messages on my device and have not altered them. Authenticated under Federal Rule of Evidence 901(b)(4) (distinctive characteristics) as set forth in paragraph 14 above.

## VI. ATTESTATION.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___1___ day of ___June___, 2026.

_A. P. Williams_

Andrew Paul Williams

Defendant, Pro Se

SUPPL. DECL. ISO MOTION TO VACATE DEFAULT

# EXHIBIT 1

Email from Ronald E. Stadtmueller dated January 6, 2025,
including the forwarded Notice of Electronic Filing (showing ZIP 92121).

*The Exhibit 1 email follows immediately behind this cover sheet.*

Case No. 24-03761-CL7 / Adv. Proc. No. 25-90005-CL

**From:** Ronald E. Stadtmueller <ronstadtmueller@aol.com>
**Sent:** Monday, January 6, 2025 8:25 PM
**To:** Andrew Williams <andrew@carwashmgmt.com>
**Subject:** FW: 25-90005-CL Complaint
**Attachment:** AP 25-90005.pdf (Adversary Complaint)

---

Mr. Williams,

See the attached Adversary Complaint filed in your case alleging non dischargeability of a debt. As you know my representation does not include defense of any Adversary Proceedings. If you wish to discuss the case and receive a referral to someone who may be willing to represent you in this matter please contact me Wednesday.

You must file a timely Answer to the Complaint or the plaintiff will be able to obtain a default judgment.

Ron

Ronald E. Stadtmueller

10755 Scripps Poway Pkwy., #370

San Diego, CA 92131

858-564-9310

Confidentiality Notice:

This message is a confidential and privileged communication, intended only for the use of the individual or entity to whom it is addressed, and should not be read or used by anyone else. This message is not intended to give legal advice, such must be sought from the attorney of your choosing. If you have received this message in error, please immediately notify me by return e-mail, delete the message from your system, and retain no hard copies.

**From:** info_casb@casb.uscourts.gov <info_casb@casb.uscourts.gov>
**Sent:** Monday, January 6, 2025 5:45 PM
**To:** casb_ecf@casb.uscourts.gov
**Subject:** 25-90005-CL Complaint

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

U.S. Bankruptcy Court

Southern District of California

Notice of Electronic Filing

The following transaction was received from Martin A. Eliopulos entered on 1/6/2025 at 5:45 PM PST and filed on 1/6 2025

Case Name:

Anderson et al v. Williams

Case Number:

25-90005-CL

Document Number:

1

Case Name:

Andrew Paul Williams

Case Number:

24-03761-CL7

Document Number:

14

Docket Text:

Adversary case 25-90005. Complaint by Erik Anderson, Nick Ashton, Sandra Ashton against Andrew Paul Williams. Nature of Suit: 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud) 68 (Dischargeability - 523(a)(6), willful and malicious injury) , Fee Amount $ 350.00 Filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin)

The following document(s) are associated with this transaction.

Document description:Main Document
Original filename:2025-01-06 - Anderson v. Williams - AP Complaint.pdf
Electronic document Stamp:
[STAMP CASBStamp_ID=875559582 [Date=1/6/2025] [FileNumber=20560759-0] [90ecef6336f58f1c42ffb9b480628f7ac0b0a58caa116febb1ecca8fb6f7bb6fd6639 38f8faece7912fb6490fe26b6e63e3c3ae8b5c1f9907fd38313f68c088d]]
Document description:Main Document
Original filename:2025-01-06 - Anderson v. Williams - AP Complaint.pdf
Electronic document Stamp:
[STAMP CASBStamp_ID=875559582 [Date=1/6 2025] [FileNumber=20560760-0] [27d976df9a1540eaaa44b4a7e04f4f4b21e2736a480dc8fdde1f560436a7868c0f4d8 80ac26c61b31012535099beeb543cc7d35e06aaec043e7f7398819ee36ef]]

25-90005-CL. Notice will be electronically mailed to:

Martin A. Eliopulos on behalf of Plaintiffs Erik Anderson
elio@higgslaw.com , begaym@higgslaw.com

Martin A. Eliopulos on behalf of Plaintiffs Nick Ashton
elio@higgslaw.com , begaym@higgslaw.com

Martin A. Eliopulos on behalf of Plaintiffs Sandra Ashton
elio@higgslaw.com , begaym@higgslaw.com

25-90005-CL Notice will not be electronically mailed to:

Andrew Paul Williams
12136 Avenida Sivrita
San Diego, CA 92121

24-03761-CL7 Notice will be electronically mailed to:

Martin A. Eliopulos on behalf of Plaintiffs Erik Anderson
elio@higgslaw.com , begaym@higgslaw.com

Martin A. Eliopulos on behalf of Plaintiffs Nick Ashton
elio@higgslaw.com , begaym@higgslaw.com

Martin A. Eliopulos on behalf of Plaintiffs Sandra Ashton
elio@higgslaw.com , begaym@higgslaw.com

Leslie T. Gladstone
candic@flgsd.com ,
christinb@flgsd.com;sandray@flgsd.com;ltg@trustesolutions.net;andrewl@flgs
d.com

Ronald E. Stadtmueller on behalf of Debtor Andrew Paul Williams
ronstadtmueller@aol.com

United States Trustee
ustp.region15@usdoj.gov

24-03761-CL7 Notice will not be electronically mailed to:

# EXHIBIT 2

Address pages of Defendant's Chapter 7 voluntary petition,

In re Andrew Paul Williams, Case No. 24-03761-CL7,

reflecting the incorrect ZIP code 92121.

(The correct ZIP code is 92128 - see Supplemental Declaration paragraphs 10-12.)

*The Exhibit 2 petition pages follow immediately behind this cover sheet.*

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**Southern District of California**

Case number (if known): _____

Chapter you are filing under:

☑ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | **Andrew** First name **Paul** Middle name **Williams** Last name _____ Suffix (Sr., Jr., II, III) | _____ First name _____ Middle name _____ Last name _____ Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names and any assumed, trade names and *doing business as* names. Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | _____ First name _____ Middle name _____ Last name _____ First name _____ Middle name _____ Last name _____ Business name (if applicable) _____ Business name (if applicable) | _____ First name _____ Middle name _____ Last name _____ First name _____ Middle name _____ Last name _____ Business name (if applicable) _____ Business name (if applicable) |

Copyright © Financial Software Solutions, LLC

BlueStylus

| Debtor 1 | Andrew | Paul | Williams | | Case number (if known) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)**

xxx – xx – **6** **1** **3** **1**

OR

**9** xx – xx – ___ ___ ___ ___

xxx – xx – ___ ___ ___ ___

OR

**9** xx – xx – ___ ___ ___ ___

About Debtor 1:

About Debtor 2 (Spouse Only In a Joint Case):

**4. Your Employer Identification Number (EIN), if any.**

EIN _____

EIN _____

EIN _____

EIN _____

**5. Where you live**

12136 Avenida Sivrita
Number        Street

San Diego        CA    92121
City        State    ZIP Code

SAN DIEGO
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

7776 Trade Street, Suite E
Number        Street

P.O. Box

San Diego        CA    92121
City        State    ZIP Code

If Debtor 2 lives at a different address:

Number        Street

City        State    ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number        Street

P.O. Box

City        State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

Check one:

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

Official Form 101

Voluntary Petition for Individuals Filing for Bankruptcy

page 2 of 8

Copyright © Financial Software Solutions, LLC

BlueStylus

# EXHIBIT 3

Screenshots of text-message exchanges between Defendant and Plaintiffs Erik Anderson and Nick Ashton (late 2023 - early 2024).

*The Exhibit 3 screenshots follow immediately behind this cover sheet.*







Anderson v. Williams — Adv. Proc. No. 25-90005-CI

Exhibit 3 — Page 3 of 6







# EXHIBIT 11

Order Entered on
June 16, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re:<br><br>ANDREW PAUL WILLIAMS,<br><br>Debtor. | BANKRUPTCY NO.   24-03761-CL7 |
| ERIK ANDERSON, NICK ASHTON, & SANDRA ASHTON,<br><br>Plaintiffs. | ADVERSARY NO.   25-90005-CL |
| v.<br><br>ANDREW PAUL WILLIAMS,<br><br>Defendant. | Date of Hearing:   June 8, 2026<br>Time of Hearing:   10:30 a.m.<br>Name of Judge:   Christopher B. Latham |

## ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT
## AND DEFAULT JUDGMENT

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through seven (7).

DATED:   June 16, 2026

_____
Judge, United States Bankruptcy Court

Page 2 | ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT AND
DEFAULT JUDGMENT

Debtor: Andrew Paul Williams                                      Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS                                      Adversary No. 25-90005-CL

The court has considered Debtor-Defendant Andrew Paul Williams's motion to set aside default
and vacate default judgment (ECF Nos. 30, 31 & 37), Plaintiffs' opposition (ECF No. 40), Debtor's
reply and supporting declaration (ECF Nos. 42 & 43), oral argument at the hearing on the matter,
and its own docket. It will **grant** the motion as follows.

## Background

Debtor filed a voluntary petition on October 4, 2024 (Case No. 24-03761-CL7, ECF No. 1). On
January 6, 2025, Plaintiffs Erik Anderson, Nick Ashton, and Sandra Ashton timely brought this
adversary seeking relief under §§ 523(a)(2) & (a)(6). The complaint generally alleges that Debtor
engaged in a fraudulent scheme inducing Plaintiffs to invest $200,000 in a joint venture to open a
carwash (ECF No. 1). But Debtor never started such a business.[1] *Id.* Instead, he converted the
funds to his own uses. *Id.*

On January 6, 2025 Debtor's former attorney, Ronald E. Stadtmueller, emailed him a copy of the
adversary complaint, noted that the adversary was outside the scope of his representation, and
advised him to file a timely response or face default judgment (ECF No. 30). Debtor was served
process at his address of record on January 7, 2026 (ECF No. 4).

Debtor did not respond to the complaint, and the court entered default in February 2025 (ECF
No. 7). Plaintiffs then moved for default judgment in September 2025 (ECF No. 12). The court
then entered default judgment for Plaintiffs in October 2025 (ECF No. 17). Under it, Debtor is
liable to Plaintiffs for $195,000, and that debt is nondischargeable. *Id.*

Debtor moved for relief via the present motion in May 2026 (ECF No. 30). In it, he explains how
he was medically incapacitated during the time between receiving service and the responsive
pleading deadline. *Id.* He also alleges that he experienced periodic homelessness and was caring
for a relative in the months that followed. *Id.*

## Legal Standards

### Setting Aside Default

The court may set aside an entry of default for good cause. FED. R. CIV. P. 55. To determine that,
a court must consider three factors: (1) whether the party seeking to set aside the default engaged
in culpable conduct that led to the default; (2) whether he has no meritorious defense; or
(3) whether reopening the default judgment would prejudice the other party. *United States v.
Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010).

---

[1] The court notes that Debtor disputes the alleged events, claiming that he did open the carwash for one or two
months (ECF No. 30).

Page 3 | ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
DEFAULT JUDGMENT

Debtors: Andrew Paul Williams
ANDERSON, ET AL. V. WILLIAMS

Bankruptcy No. 24-03761-CL7
Adversary No. 25-90005-CL

This standard is disjunctive – such that satisfaction of any of these factors is sufficient reason to refuse to set aside the default. *Id.; cf. Brady v. United States*, 211 F3d 499, 504 (9th Cir. 2000) ("court's discretion is *'especially broad'* when … it is entry of default that is being set aside, rather than a default judgment") (emphasis supplied).

*Vacating Default Judgment*

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court "may set aside a default judgment under Rule 60(b)."[2]  Rule 60(b) allows relief from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect."  In deciding whether to vacate a default judgment under Rule 60(b)(1), the court applies the same three factors governing the inquiry into "good cause" under Rule 55(c). *Mesle*, 615 F.3d at 1091.

This determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).  However,

> [The court's] discretion [under Rule 60(b)] is limited by three considerations.  First, since Rule 60(b) is remedial in nature, it must be liberally applied. *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).  Second, default judgments are generally disfavored and cases should be decided on their merits. *Id.*  Third, where defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment. *Id.*

*Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original).  Thus, culpability exists "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.  Indeed, under Rule 60(b)(1), ordinary negligence may be the basis for relief so long as it is "excusable." *Pioneer Inv. Svcs. Co.*, 507 U.S. at 394-95.

In deciding whether a defendant has presented a meritorious defense, "[the] underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will

---

[2] Rules 7055 and 9024 of the Federal Rules of Bankruptcy Procedure incorporate Rules 55 and 60 of the Federal Rules of Civil Procedure, respectively.  The court notes that Rule 60(b) applies to "Final Judgment[s], Order[s], or Proceeding[s]."  The standards for setting aside default under Rule 55(c) and vacating default judgment under Rule 60(b)(1) are essentially identical. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

Page 4 | ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
DEFAULT JUDGMENT

Debtors: Andrew Paul Williams                                    Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS                                      Adversary No. 25-90005-CL

be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

> "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group*, 244 F.3d at 700 (citations omitted). All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. *Id.* Rather, that question "would be the subject of the later litigation." *Id.*

*Mesle*, 615 F.3d at 1094.

### Legal Discussion & Analysis

#### Service of Process

Debtor contests service of process because the summons was mailed to a ZIP code that does not correspond to his address (ECF Nos. 30 & 42). Rule 7004(b)(1) permits service by mail to an individual's dwelling or usual place of abode within the United States. FED. R. BANK, PROC. 7004(b)(1). The mailing address Plaintiffs relied on – 12136 Avenida Sivrita, San Diego, CA *92121* – was the very one Debtor listed on his bankruptcy petition (Case No. 24-03761-CL7; ECF No. 1). He now claims the correct ZIP code is 92128. But he certified the accuracy of the information in the petition on October 3, 2024. *Id.* And he had a continuing duty to assure the accuracy and completeness of schedules. *In re Aubry*, 558 B.R. 333, 347 (Bankr. C.D. Cal. 2016) (quoting *In re Searles*, 317 B.R. 368, 378 (B.A.P. 9th Cir. 2004); 11 U.S.C. § 521(a)(1); FED R. BANKR. P. 1007; *In re Rolland*, 317 B.R. 402, 413 (Bankr. C.D. Cal. 2004) ("Full and comprehensive disclosure is critical to the integrity of the bankruptcy process."). Therefore, service was properly made at the address Debtor provided to the parties and court and certified as his mailing address.

In addition, Debtor admits that he received actual notice of the complaint and summons from his former attorney, Mr. Stadtmueller, on January 6, 2025 – during the notice period (ECF No. 30). Mr. Stadtmueller further specified in the email that "[Debtor] must file a timely Answer to the Complaint or the plaintiff will be able to obtain a default judgment." *Id.* In sum, Debtor was properly served and received actual notice of the proceedings in January 2025.

#### Timeliness of the Motion

Debtor-Defendant effectively combined two separate requests for relief in the motion at bar – one to set aside the default and another to vacate the default judgment. (ECF No. 30).

Page 5 | ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
　　　　　DEFAULT JUDGMENT

Debtors: Andrew Paul Williams　　　　　　　　　　　　　　　Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS　　　　　　　　　　　　　　　Adversary No. 25-90005-CL

---

Rule 55 does not prescribe a deadline for moving to set aside entry of default, so this relief was timely requested.

A rule 60(b) motion to vacate a default judgment must be filed within a reasonable time, not exceeding one year. FED. R. CIV. P. 60(c)(1). Such a motion may be denied, even if filed within the one-year period, if it was not diligently brought. *Meadows*, 817 F2d at 520-21. Default judgment was entered in October 2025 – seven months before Debtor sought relief (ECF No. 17). So the motion was made within a reasonable time.

*Good Cause Exists to Set Aside Entry of Default*

No Prejudice to Plaintiffs

If plaintiff will suffer prejudice when the action is reopened, the court may deny the motion for relief. *See Pioneer Inv. Svcs. Co.*, 507 U.S. at 395. To be prejudicial, setting aside default judgment must result in greater harm than simply delaying resolution of case. *Mesle*, 615 F.3d at 1095.

Plaintiffs will not be prejudice if Debtor is allowed to set aside the default's entry. They argue that they undertook the default prove up process, including briefing and compiling more than 1,000 pages of exhibits in support (ECF Nos. 12). But Plaintiffs are not prejudiced by having to prove up their case – a requirement irrespective of Debtor's default. And mere delay is insufficient. *See Mesle*, 615 F3d at 1095.

No Culpable Conduct

There is also no culpable conduct by Debtor. He was medically incapacitated during the response window from December 30, 2024 to February 18, 2025. Nor is there any convincing indication that he intentionally failed to respond following his discharge from the hospital. Rather, he explains that he was experiencing homelessness and caring for his father who was recovering from a heart attack (ECF No. 30).

Despite that his impairment was temporary, Debtor did fail to address the proceedings for over a year following his medical episode. While he may have been negligent in doing so, he stood to gain nothing from the delay. On these facts, the court sees no evidence that his failure to respond to the Complaint was devious, deliberate, willful, or done in bad faith.

Meritorious Defense Proffered

Importantly, Debtor has raised a meritorious defense. The complaint centers around Plaintiffs' $200,000 investment in a carwash that Debtor allegedly converted (ECF No. 1). It says that Debtor procured the investment by promising to open and manage the enterprise called "West Covina Car Wash," but never did. *Id.* Debtor counter-argues that he did open the carwash and operated such

Page 6 | ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
         DEFAULT JUDGMENT

Debtors: Andrew Paul Williams                        Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS                         Adversary No. 25-90005-CL

---

a business for one or two months from May 2024 to June 2024. Now, an unaffiliated entity runs the "Sun Day Carwash" at the same location.

In support of his position, he points to his January 2024 text message to Plaintiff Anderson stating "[w]e have a day of testing and cleaning and we will be done," which Mr. Anderson acknowledged (ECF No. 43). Then, in response to a text message from Debtor with photographs of the site, Anderson wrote "Looking like a real car wash!" *Id.* Debtor further alleges that Plaintiffs Anderson and Ashton each drove a vehicle through the carwash in February 2024 (ECF No. 42). Combined with Debtor's assertion that the carwash operated in May or June 2024, these assertions, if proven, contradict a key allegation of the complaint – that the carwash never opened. He also offers evidence that his affiliated entity contributed approximately $350,000 toward the venture -- more than Plaintiffs' combined contribution. If true, this would also tend to show that Debtor did not abscond with Plaintiffs' investments, but that the business simply failed.

Taking into consideration the totality of the circumstances, the court finds that all three factors point toward finding cause to set aside the entry of default.

### *Vacating Default Judgment Under Rule 60(b)*

As discussed above, Debtor has shown that each of the factors for finding good faith, which mirror the standard for vacating default judgment, are met. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). Debtor also argues that relief is warranted due to excusable neglect and misrepresentation by an opposing party. *See* FED. R. CIV. P. 60(b)(1) & (3). The court now turns to these remaining points.

### Excusable Neglect

Excusable neglect – such as failure to meet a deadline – calls for application of a four-factor equitable test examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Svcs. Co.*, 507 U.S. at 395; *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

The court has found that vacating the default judgment will not prejudice Plaintiffs. *See, supra.* Debtor delayed about 15 months after the entry of default and around seven months post-judgment before finally appearing in court in May 2026. But the court notes that Plaintiffs were not particularly expeditious during that time – triggering an OSC re: dismissal for want of prosecution (ECF No. 9). And Debtor has sufficiently explained his personal and medical hardships justifying his delayed appearance (ECF Nos. 30 & 37). He also maintains that he was experiencing bouts of homelessness and caring for his father who was recovering from a heart attack (ECF No. 30). All things considered, the court finds that Debtor acted in good faith. Accordingly, Debtor's failure to timely respond to the complaint resulted from excusable neglect. FED. R. CIV. P. 60(b)(1).

Page 7 | ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
DEFAULT JUDGMENT

Debtors: Andrew Paul Williams                                      Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS                                       Adversary No. 25-90005-CL

<u>Misrepresentation by the Opposing Party</u>

Debtor also moves for relief under Rule 60(b)(3), based on alleged misrepresentations by Plaintiffs. Among other things, he must show by clear and convincing evidence that *because of the misrepresentation* by the adverse party, he was prevented from fully and fairly presenting his case. *De Saracho v. Custom Food Machinery, Inc.*, 206 F3d 874, 880 (9th Cir. 2000) (emphasis supplied).

The alleged misrepresentation is that the carwash never opened (ECF No. 30). But even if the complaint contains an inaccuracy, that misstatement did not prevent Debtor from responding to the complaint or otherwise presenting his case. So this is not a basis for Rule 60(b)(3) relief.

### Conclusion

In conclusion, Debtor has met his burden of showing that he is entitled to relief under both Rules 55 and 60(b). Such relief will not be prejudicial, Debtor did not engage in culpable conduct, and he presents a meritorious defense to at least some aspects of the nondischargeability action. Thus, taking into account all relevant surrounding circumstances, and considering the policies underlying Rules 55 and 60(b), the court finds Debtor's neglect excusable and good cause for relief. It therefore **grants** Debtor's motion, **sets aside** the default entered February 18, 2025, and **vacates** the default judgment entered October 7, 2025 in this adversary proceeding. Debtor is directed to file and serve his response to the complaint within **21 days** of this order's entry.

IT IS SO ORDERED.

# EXHIBIT 12

FILED
ENTERED
LODGED
RECEIVED

JUN 2 2 2025

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Defendant and Debtor, In Pro Per

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ANDREW PAUL WILLIAMS,<br><br>Debtor.<br>_____<br>ERIK ANDERSON, NICK ASHTON, and<br>SANDRA ASHTON,<br><br>     Plaintiffs,<br><br>v.<br><br>ANDREW PAUL WILLIAMS,<br><br>     Defendant.<br>_____ | Bankr. Case No. 24-03761-CL7<br><br>Chapter 7<br><br>Adv. Proc. No. 25-90005-CL<br><br><br>**DEFENDANT-DEBTOR'S ANSWER TO**<br>**COMPLAINT TO DETERMINE**<br>**DISCHARGEABILITY OF DEBT [11 U.S.C. §§**<br>**523(a)(2)(A) and (a)(6)]**<br><br><br><br>Judge: Hon. Christopher B. Latham |

1

ANSWER TO COMPLAINT

Defendant Andrew Paul Williams ("Defendant"), appearing in pro per, answers the Complaint to Determine Dischargeability of Debt ("Complaint") filed by Plaintiffs Erik Anderson, Nick Ashton, and Sandra Ashton ("Plaintiffs") as follows. Except as expressly admitted below, Defendant denies each and every allegation of the Complaint.

### RESPONSES TO SPECIFIC ALLEGATIONS

1. Admits only that Plaintiffs purport to bring an action under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); denies that any debt owed to Plaintiffs is nondischargeable.

2. Denies. Defendant specifically denies that he perpetrated any fraudulent scheme, that he converted or stole any funds, that the car wash "never opened," and that any party "absconded" with Plaintiffs' money. The car wash opened and operated, and the funds were applied to the venture, which failed.

3-5. Admits Plaintiffs are individuals; lacks knowledge or information sufficient to form a belief as to the precise residences alleged, and on that basis denies the remaining allegations of paragraphs 3-5.

6. Admits Defendant is an individual. Except as expressly admitted, denies the allegations of paragraph 6.

7. Admits Janette A. Williams is Defendant's mother; lacks knowledge or information sufficient to form a belief as to the residence alleged and on that basis denies the remainder of paragraph 7.

8. Admits Defendant is a member of Car Wash Management, LLC. Denies the remaining allegations of paragraph 8, including the characterization of the entity's state of organization, registration, and principal place of business, except as may be reflected in the entity's own records, which speak for themselves.

9. Denies.

10. Denies.

11. Denies.

2

ANSWER TO COMPLAINT

12. Admits this Court has jurisdiction to determine the dischargeability of the alleged debt; the remaining allegations state legal conclusions to which no response is required.

13. Admits this is a core proceeding as to the determination of dischargeability; the remaining allegations state legal conclusions to which no response is required.

14. Admits venue is proper for this adversary proceeding; the remainder states legal conclusions to which no response is required.

15. Admits Defendant presented a car-wash investment opportunity in or about October 2023 and shared business projections; the referenced "proforma" and "prospectus" (Exhibit A) are documents that speak for themselves. Except as so admitted, denies the characterizations in paragraph 15.

16. Admits the parties agreed to form West Covina Car Wash ("WCCW") and that the operating agreement reflects the membership interests; the operating agreement speaks for itself. Except as so admitted, denies.

17. Admits the contribution and role structure as set forth in the operating agreement, which speaks for itself. Denies that Defendant guaranteed or falsely "assured" the car wash would open before any date certain, and denies the remaining characterizations of paragraph 17.

18. Admits an operating agreement for WCCW was signed on or about October 26-27, 2023 (Exhibit B), which speaks for itself. Lacks knowledge or information sufficient to form a belief as to the good-standing allegations, which also state legal conclusions, and on that basis denies the remainder of paragraph 18.

19. Admits the parties agreed that Plaintiffs' contributions would be paid to Car Wash Management, LLC to commence and carry out the car-wash project; denies the characterization of any specific representation regarding "$100,000 for operating capital" as alleged, and denies the remainder of paragraph 19.

20. Denies. Plaintiffs knew and agreed at the outset that their contributions would be paid to and administered by Car Wash Management, LLC to commence and carry out the car-wash project; Plaintiffs' allegation that they "later learned" the funds were held by Car Wash Management,

ANSWER TO COMPLAINT

LLC is false. Defendant denies any improper or exclusive control and denies the remainder of paragraph 20.

21. Denies. Defendant provided information regarding the project; budget variances in a project of this kind are ordinary, and Defendant denies the characterizations and innuendo of paragraph 21.

22. Denies any commingling or misuse of Plaintiffs' funds. Admits financial information and a report were provided to Plaintiffs; denies the report was "deficient" as alleged. The venture's bookkeeping, financial recordkeeping, and account administration were among the responsibilities Plaintiffs undertook and failed to perform.

23. Admits Defendant opened a separate account for West Covina Car Wash at Plaintiffs' request; denies any wrongdoing. By that time, Plaintiffs' contributions had already been applied to the car-wash project, and completing the venture's formation and financial setup was among the responsibilities Plaintiffs undertook and did not perform. Except as so admitted, denies the remaining allegations of paragraph 23.

24. Denies. The car wash opened and operated in or about May 2024; Defendant denies that it "was nowhere near close to opening." Defendant denies that Plaintiffs' funds were not applied to the venture, and denies the characterization attributed to unidentified "associates" that "CWM had no money," which is inadmissible hearsay. Otherwise, denies paragraph 24.

25. Admits the car wash opened and operated in 2024. Denies that the car wash was "immediately shut down," or shut down at all, for lack of permits; there was no permit-based closure. The only permit-related matter was a discussion with the City regarding the placement of the vacuum stations, which did not close the business. Denies that the car wash "remains non-operable" (a car-wash business operates at the site), and denies that Defendant wrongfully "refused to return" funds that were invested in and consumed by the venture. Except as so admitted, denies paragraph 25.

26. Admits a state court action (Case No. 24CU003299C) was filed; the complaint in that action speaks for itself. Except as so admitted, denies.

4

ANSWER TO COMPLAINT

27. Admits Defendant filed a Chapter 7 petition on October 4, 2024, and that the automatic stay applies.

28. Admits a First Amended Complaint was filed in the state court action on or about December 19, 2024; that pleading speaks for itself. Except as so admitted, denies.

### FIRST CLAIM FOR RELIEF (11 U.S.C. § 523(a)(2)(A))

29. Defendant incorporates his responses to paragraphs 1 through 28 as though fully set forth.

30. Paragraph 30 states a legal standard/conclusion to which no response is required; to the extent a response is required, denies that it establishes any nondischargeable debt of Defendant.

31. Denies.

32. Denies. Defendant denies making any false representation regarding his intentions or the car-wash enterprise.

33. Denies. Defendant intended to perform and did pursue the venture; he denies any intent to deceive.

34. Denies.

35. Denies.

36. Denies that any reliance was justifiable; lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective states of mind and on that basis denies paragraph 36.

37. Denies that Defendant's conduct proximately caused the alleged damages; the loss, if any, resulted from a failed business venture, not from fraud. Denies the remainder of paragraph 37.

38. Denies.

39. Denies.

40. Denies. Paragraph 40 states a legal conclusion; to the extent a response is required, denies that any debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

### SECOND CLAIM FOR RELIEF (11 U.S.C. § 523(a)(6))

41. Defendant incorporates his responses to paragraphs 1 through 40 as though fully set forth.

ANSWER TO COMPLAINT

42. Paragraph 42 states a legal standard/conclusion to which no response is required; to the extent a response is required, denies it establishes any nondischargeable debt of Defendant.

43. States a legal conclusion to which no response is required.

44. Admits Plaintiffs contributed funds toward the WCCW venture in or about October 2023; the operating agreement and records speak for themselves. Except as so admitted, denies.

45. Denies. Defendant denies using or misapplying Plaintiffs' funds for his own use; the funds were applied to the venture.

46. Denies the characterization. Defendant denies any obligation to "return" contributed venture capital and denies any willful refusal.

47. Denies. Defendant denies acting as a "trustee" of Plaintiffs' funds, denies misapplication, and denies the alleged damages.

48. Denies each subpart. Defendant denies that any conversion occurred; the funds were contributed capital used in the venture, not property wrongfully taken.

49. Denies.

50. Denies. Defendant denies any subjective motive to injure Plaintiffs and denies knowledge that injury was substantially certain to occur.

51. Denies each subpart.

52. Denies. Paragraph 52 states a legal conclusion; to the extent a response is required, denies that any debt is nondischargeable under 11 U.S.C. § 523(a)(6).

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief or to any relief whatsoever.

### AFFIRMATIVE DEFENSES

(Plaintiffs bear the burden of proving nondischargeability by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279 (1991). Exceptions to discharge are construed strictly against the creditor and in favor of the debtor.)

6

ANSWER TO COMPLAINT

1. FAILURE TO STATE A CLAIM. The Complaint fails to state a claim on which relief can be granted under 11 U.S.C. § 523(a)(2)(A) or (a)(6).

2. NO PERSONAL DEBT OF DEFENDANT. Plaintiffs invested as members of the operating limited liability company; any obligation arising from the venture is the company's, not Defendant's personal debt. There is no personal debt of Defendant to Plaintiffs to except from discharge, and Plaintiffs' alter-ego theory (paragraphs 9 through 11) is denied.

3. NO FALSE REPRESENTATION OR FRAUDULENT INTENT (§ 523(a)(2)(A)). The venture was a genuine, lawful business that failed; Defendant made no knowing false representation and had no intent to deceive. A representation of future performance is not actionable as fraud absent a present intent not to perform, which is denied.

4. THE ENTERPRISE OPENED AND OPERATED. The car wash opened and operated in 2024, and a car-wash business operates at the same site today. Plaintiffs themselves acknowledged its operation (including contemporaneous statements such as "Looking like a real car wash!" and by driving their own vehicles through the operating wash), defeating the central allegation that it "never opened" and any fraud or injury theory premised on that allegation.

5. FUNDS APPLIED TO THE VENTURE; NO CONVERSION (§ 523(a)(6)). The contributed funds were applied to the enterprise, as Plaintiffs' own financial records (ECF Nos. 12-3 and 12-4) reflect, and were not converted or retained by Defendant for personal use.

6. NO WILLFUL AND MALICIOUS INJURY. Section 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate act that leads to injury. Kawaauhau v. Geiger, 523 U.S. 57 (1998). Business losses and alleged mismanagement are not willful and malicious injury, and Defendant had no intent to injure Plaintiffs.

7. FIRST MATERIAL BREACH AND PREVENTION OF PERFORMANCE. Plaintiffs committed the first material breach of the parties' agreement and prevented the venture's performance by refusing to contribute additional capital when required and by demanding that operations cease, then suing on the failure they caused. A party may not predicate a claim upon a failure of performance it caused or prevented.

7

ANSWER TO COMPLAINT

8. PLAINTIFFS' CONDUCT CAUSED THE LOSS. Any loss resulted from Plaintiffs' own failure to perform the marketing, branding, and accounting responsibilities they undertook as managers of the operating entity, their refusal to fund, and ordinary business and permitting causes, not from any wrongful act of Defendant.

9. CONTRIBUTIONS ARE NON-REFUNDABLE EQUITY. Under the limited liability company law and the agreements governing the venture, Plaintiffs' capital contributions were at-risk equity, not refundable or withdrawable on demand, and not a loan or deposit owed back; their loss, if any, is that of co-owners of a failed enterprise, not a debt converted or obtained by fraud.

10. NO JUSTIFIABLE RELIANCE (§ 523(a)(2)(A)). To except a debt as obtained by a false representation, a creditor must prove justifiable reliance on that representation. Field v. Mans, 516 U.S. 59 (1995). Plaintiffs were sophisticated co-venturers and managers of the operating entity, with access to its information and records; any reliance alleged was not justifiable.

11. ESTOPPEL AND WAIVER. Plaintiffs' own contemporaneous statements and conduct acknowledging the venture's operation estop them from, and constitute a waiver of, their contrary allegations.

12. FAILURE TO MITIGATE. Plaintiffs failed to mitigate their alleged damages, including by refusing to fund the venture and by demanding that it cease operations rather than allowing it to continue.

13. UNCLEAN HANDS / IN PARI DELICTO. As co-managers who shared responsibility for the venture and its operations, Plaintiffs' own conduct bars or reduces the equitable relief they seek.

14. DAMAGES UNPROVEN AND REDUCED; SETOFF RESERVED. Any claimed damages are speculative and unproven, were not proximately caused by Defendant, and are reduced by Plaintiffs' proportional share of the venture's losses and by the substantial capital and loan funds Car Wash Management, LLC contributed and advanced to the venture. To the extent any mutual debt exists, Defendant reserves all rights of setoff.

8

ANSWER TO COMPLAINT

15. DEBT IS DISCHARGEABLE. Defendant received a Chapter 7 discharge; any debt to Plaintiffs is dischargeable and not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or (a)(6).

16. NO ALTER EGO. Car Wash Management, LLC and the operating entity are separate legal entities; there is no basis to disregard their separate existence or to impute their conduct to Defendant individually.

17. RESERVATION OF ENTITY CLAIMS. The affirmative claims of Car Wash Management, LLC and the operating entity (breach of contract, breach of fiduciary duty by Plaintiffs as managers, repayment of the loan advanced to the venture, and an accounting) are reserved and not waived, and are asserted, if at all, by Car Wash Management, LLC through counsel in the State Action (Case No. 24CU003299C) and/or the contractually designated arbitral forum.

18. RESERVATION OF ADDITIONAL DEFENSES. Discovery is incomplete; Defendant reserves the right to assert additional defenses as they become known.

**PRAYER**

WHEREFORE, Defendant prays:

1. That Plaintiffs take nothing by their Complaint;

2. That the Court determine the alleged debt is DISCHARGEABLE and not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or (a)(6);

3. That the Complaint be dismissed with prejudice;

4. For Defendant's costs of suit and, to the extent permitted by law, attorney's fees; and

5. For such other and further relief as the Court deems just and proper.

Dated: ___6/17___, 2026

_____

Andrew Paul Williams, Defendant and Debtor, In Pro Per

9

ANSWER TO COMPLAINT

**CERTIFICATE OF SERVICE**

I certify that on _____6/17_____, 2026, I served the foregoing DEFENDANT-DEBTOR'S ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT on counsel for Plaintiffs by electronic mail, addressed to: Martin A. Eliopulos (elio@higgslaw.com); Jake Sesti (sestij@higgslaw.com); and Linda Dominguez (dominguezl@higgslaw.com), Higgs Fletcher & Mack LLP.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____6/17_____, 2026.

_____

Andrew Paul Williams

ANSWER TO COMPLAINT

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On July 8, 2026, I served true copy(ies) of the **REGIONS BANK'S REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH REGIONS BANK'S MOTION TO DISMISS ANDREW P. WILLIAMS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12(b)(1) and (e) MOTION TO STRIKE COUNTERCLAIM (Rule 12(f) AND FOR LACK OF STANDING PURSUANT TO F.R.C.P. Rule 17)**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: lvillarreal@frandzel.com.

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 8, 2026, at Los Angeles, California.

_____
Lexi Villarreal

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5994857v2 | 100287-0289

5

REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH COUNTER-DEFENDANT REGIONS BANK
MOTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton (pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606-2859 | Tel:    312-416-8187<br>Email:        mgannon@bakerlaw.com<br>kwalton@bakerlaw.com<br><br>Attorneys for Defendant Washworld, Inc. |
| Katharine Walton<br>Michael D. Gannon<br>Xitlaly Estrada<br>Ava Claypool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301 | Tel:    310-442-8878<br>Email: : mgannon@bakerlaw.com,<br>kwalton@bakerlaw.com<br>xestrada@bakerlaw.com<br>aclaypool@bakerlaw.com<br><br>Attorneys for Defendant Washworld, Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: 714-990- 3693<br>Fax: 657-234 - 0012<br>Email:        lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz. aka Jose Ortiz. an individual |
| Thomas D. Sands<br>The Sands Law Group, APLC<br>205 S Broadway Ste 608<br>Los Angeles, CA 90012 | Tel: 213-788-4412<br>Fax: 833-329-7263<br><br>Email: info@tslg.law<br><br>Attorneys for CAR WASH MANAGEMENT. LLC. |
| Andrew Paul Williams<br>12641 Antioch Rd. Suite # 1045<br>Overland Park, KS 66213-1701 | Tel: 619-796-6469<br>Email:<br>andrew@carwashmgmt.com<br><br>Pro Per |

5994857v2 | 100287-0289

REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH COUNTER-DEFENDANT REGIONS BANK MOTION FOR FAILURE TO STATE A CLAIM  UPON WHICH RELIEF CAN BE GRANTED