Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

FILED

CLERK, U.S. DISTRICT COURT

7/06/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____LRO_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,** | Case No. 2:25-cv-00359-CAS-KSx |
| Plaintiff, | **DECLARATION OF ANDREW P. WILLIAMS IN SUPPORT OF OPPOSITIONS TO WASHWORLD'S MOTIONS (DKTS. 192 AND 194)** |
| v. | |
| **CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ;** | Hon. Christina A. Snyder |

1

DECLARATION ISO OPPOSITIONS TO WASHWORLD MOTIONS (DKTS. 192 AND 194)

**ANDREW PAUL WILLIAMS;**

**WASHWORLD,**

**INC.; DOES 1-100, inclusive,**

        Defendants.

_____

**ANDREW PAUL WILLIAMS,**

        Counter-Claimant, Cross-Claimant,

        and Third-Party Plaintiff,

v.

**REGIONS BANK dba ASCENTIUM**

**CAPITAL;**

**JOSE RENE ORTIZ; MARIA L. ORTIZ;**

**THE ORTIZ FAMILY TRUST OF 2024;**

**WASHWORLD, INC.; PETER**

**MATHENY;**

**ROES 1-50, inclusive,**

        Counter-Defendant,

        Cross-Defendants, and

        Third-Party Defendant.

2

DECLARATION ISO OPPOSITIONS TO WASHWORLD MOTIONS (DKTS. 192 AND 194)

I, Andrew Paul Williams, declare:

1.  I am the defendant, counterclaimant, cross-claimant, and third-party plaintiff in this action. I am over eighteen years of age and competent to testify to the matters stated herein. If called as a witness, I could and would testify competently thereto. My mailing address is 12641 Antioch Road, Suite #1045, Overland Park, Kansas 66213.

2.  I make this declaration in support of my oppositions to Washworld, Inc.'s Motion for Summary Judgment as to Ortiz's Amended Crossclaim for Equitable Indemnification (Dkt. 192) and Motion to Dismiss my First Amended counterclaims, cross-claims, and third-party complaint (Dkt. 194).

## PRIOR EXCHANGED DISCOVERY

3.  Before June 19, 2026, I had not received any prior exchanged discovery responses or document productions from Ascentium, Washworld, or Ortiz. I filed my First Amended pleading on June 10, 2026 (Dkt. 186).

4.  On June 19, 2026, I conferenced with Andrew K. Alper, counsel for Regions Bank dba Ascentium Capital, regarding Regions Bank only. Mr. Alper stated Ascentium had already exchanged discovery with Washworld.

5.  I learned for the first time that other parties had been litigating from a shared discovery file never provided to me.

6.  On June 22, 2026, I executed Attachment A to the Stipulated Protective Order (Dkt. 115) and requested access to all discovery already exchanged.

7.  On June 23, 2026, Mr. Alper emailed that he would send me Ascentium's discovery responses and production once I signed and absent objection.

DECLARATION ISO OPPOSITIONS TO WASHWORLD MOTIONS (DKTS. 192 AND 194)

8. On June 26, 2026, Mr. Alper emailed that he would be releasing the discovery next week now that I had signed the Protective Order.

9. On June 26, 2026, Katharine Walton agreed Washworld would produce its prior responses and production the following week.

10. On June 30, 2026, I sent a formal L.R. 37-1 letter requesting prior exchanged discovery by noon Eastern Time on July 1, 2026. Exhibit A is a chronology of those written requests.

11. On June 30, 2026, Ms. Walton emailed that Washworld would circulate productions only if I agreed to a July 24 extension and withdrew Wave 1 discovery. Exhibit B is a true copy.

12. On July 1, 2026, Mr. Alper conditioned release on signature by Car Wash Management, LLC (Delaware), a condition not stated in his June 23 or June 26 emails. Exhibit C is a true copy.

13. As of the date of this declaration, I have received none of Ascentium's prior productions to Washworld, Washworld's October 14, 2025 responses, November 21, 2025 production, December 31, 2025 supplements, or Ortiz's exchanged responses.

**WASHWORLD'S USE OF WITHHELD MATERIALS**

14. Washworld filed Dkts. 192 and 194 on June 24, 2026. Those motions rely on exchanged discovery including interrogatory excerpts attached as Dkt. 192, Exs. D, F, and H.

15. I have reviewed the public docket entries for Dkts. 192 and 194. I have not received copies of the underlying discovery responses, full document productions, or Bates-labeled records that Washworld cites as undisputed.

4

DECLARATION ISO OPPOSITIONS TO WASHWORLD MOTIONS (DKTS. 192 AND 194)

16. Selective excerpts on the docket do not substitute for the complete productions, native forms, or authentication context I need to oppose summary judgment fairly.

**RULE 56(d) (DKT. 192)**

17. Under Federal Rule of Civil Procedure 56(d), I cannot present facts essential to oppose summary judgment without the withheld file. Essential facts include: (a) full text of Ortiz's interrogatory responses cited in Ex. D; (b) Ascentium's responses and productions cited in Ex. H; (c) Washworld's October 14, 2025 responses and November 21, 2025 production cited in Ex. F; and (d) bank and wire records for fund tracing. Quinn v. Leathem, 518 U.S. 519, 525-26 (1996).

18. I signed the Protective Order on June 22, 2026, served a formal L.R. 37-1 letter on June 30, 2026, and requested a pre-motion telephone conference with Magistrate Judge Stevenson's chambers on July 1, 2026. The withholding is attributable to opposing counsel's conditions, not my lack of diligence.

19. I request denial or deferral of Dkt. 192 until I receive the prior exchanged discovery file and have fourteen days to supplement this opposition.

**PREJUDICE (DKT. 194) AND CH.7 STANDING**

20. The same prejudice affects Dkt. 194. Washworld's standing attacks depend on facts developed in discovery I have not received.

21. I will file motions to reopen my Chapter 7 case (No. 24-03761) under 11 U.S.C. section 350(b) and to compel abandonment under section 554(b) on July 7, 2026. Dismissal on estate-ownership grounds before the bankruptcy court acts is premature.

5

DECLARATION ISO OPPOSITIONS TO WASHWORLD MOTIONS (DKTS. 192 AND 194)

22. I respectfully request that the Court deny Dkts. 192 and 194, or defer ruling until I receive the prior exchanged discovery file and the Court rules on Dkt. 199.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 6, 2026.


/s/ Andrew P. Williams

Andrew P. Williams


**EXHIBIT A**


EXHIBIT A

(to Declaration of Andrew P. Williams)


CHRONOLOGY OF REQUESTS FOR PRIOR EXCHANGED DISCOVERY


June 19, 2026: Telephone meet-and-confer with Andrew K. Alper, counsel for Regions Bank dba Ascentium Capital (Regions only). Mr. Alper stated Ascentium had already exchanged discovery with Washworld.

6

DECLARATION ISO OPPOSITIONS TO WASHWORLD MOTIONS (DKTS. 192 AND 194)

June 22, 2026: Williams executed Attachment A to the Stipulated Protective Order (Dkt. 115) and circulated a signed copy to all counsel, requesting access to all discovery already exchanged in this case.

June 23, 2026: Mr. Alper emailed that he would send Ascentium's discovery responses and production once Williams signed and absent objection from other parties.

June 26, 2026: Mr. Alper emailed all counsel that he would be releasing the discovery next week. Katharine Walton, counsel for Washworld, agreed Washworld would produce its prior responses and production the following week.

June 30, 2026: Williams sent a formal L.R. 37-1 letter to all counsel requesting prior exchanged discovery by noon Eastern Time on July 1, 2026. Ms. Walton emailed that Washworld would circulate productions only if Williams agreed to a July 24 extension and withdrew Wave 1 discovery (Ex. B).

July 1, 2026: Mr. Alper emailed Thomas D. Sands, Esq., copying Williams, conditioning release of Ascentium's prior production on signature of Attachment A by Car Wash

7

DECLARATION ISO OPPOSITIONS TO WASHWORLD MOTIONS (DKTS. 192 AND 194)

Management, LLC (Delaware), a condition not stated in Mr. Alper's June 23 or June 26 emails (Ex. C).

As of July 6, 2026: Williams has received no complete prior exchanged discovery file: no Ascentium production to Washworld, no Washworld October 14, 2025 responses or November 21, 2025 production, no Ortiz exchanged responses, and no Bates index matching materials Washworld cites in Dkt. 192.

8

DECLARATION ISO OPPOSITIONS TO WASHWORLD MOTIONS (DKTS. 192 AND 194)

## EXHIBIT B

(to Declaration of Andrew P. Williams)

From: "Walton, Katharine" <kwalton@bakerlaw.com>
To: Andrew Williams <andrew@carwashmgmt.com>
Cc: "Gannon, Michael D." <mgannon@bakerlaw.com>
Date: Tue, 30 Jun 2026 18:10:40 +0000
Subject: RE: Stipulation regarding second amended pleading

---

Mr. Williams,

We will circulate Washworld's productions and discovery responses today, provided that
Washworld's deadline to respond to the requests for admission, requests for production, and
interrogatories remains extended by two weeks, to July 24, 2026. Please provide your
availability for a conferral next week to identify which requests should be withdrawn in light
of your claims, so that Washworld is not required to respond to unnecessary discovery.

As you have already filed a motion for leave to amend, Washworld will respond in accordance
with the timing set forth in the Local Rules.

Best,
Kat

## EXHIBIT C

(to Declaration of Andrew P. Williams)

From: Andrew Alper <aalper@frandzel.com>
To: Thomas Sands <thomas@tslg.law>, Andrew Williams <andrew@carwashmgmt.com>
Cc: "Gannon, Michael D." <mgannon@bakerlaw.com>, "Walton, Katharine" <kwalton@bakerlaw.com>, Lisa Patrick <lolmp2021@gmail.com
Date: Wed, 1 Jul 2026 14:55:55 +0000
Subject: FW: [EXTERNAL] Regions v. Williams (2:25-cv-00359-CAS-KSx) - Motion to Compel Prior Exchanged Discovery Filed

Please be advised that Mr. Williams individually has made demand on all parties to turn over discovery previously conducted in this case. There is a Stipulated Protective order in this case which all parties need to sign to get the discovery because there are third party privacy and other issues with disclosure. Mr. Williams recently signed the Stipulation for himself. Car Wash Management ("CWM") has not signed the Stipulated Protective Order.  Providing the discovery to Mr. Williams may or may not be providing it to CWM. For one thing, Mr. Williams alleges that Jose Rene Ortiz is the 80% controlling member of CWM in his First Amended Answer, Counterclaim, Cross-claim, and Third Party Claim ("Williams Complaint") and that he is a 10% owner. In October, 2024, Williams contended under penalty of perjury in Court pleadings that he was the 60% owner of CWM. I don't know who is running the show for CWM but I can only assume it is Mr. Williams. In any event, given that CWM has now appeared in this case through you, if Mr. Williams  is the person you are dealing with on behalf of CWM I cannot release the discovery to Mr. Williams because he will have possession of the documents for CWM which has not signed the Stipulated Protective Order.

Much of what Mr. Williams states or alludes to in his email below as to some conspiratorial conduct between the other parties is far from any scintilla of truth. If that was the case Mr. Williams would not have had to file his Motino for Leave to File the Second Amended Answer, Affirmative Defenses, Counterclaim, Cross-claim and Third Party Claim because I wanted to stipulate to the filing so that we can move this case forward but the other parties did not. Further production of documents and answers to interrogatories goi a long way towards some of the substantial amount of  discovery that Mr. Williams has directed to Regions Bank and I suspect the other parties as well.

So let's make this easy. Please sign the Stipulated Protective Order on behalf of CWM. As you know or can imagine, I only speak for Regions Bank and not Washworld or Mr. Ortiz but once that is done I will send the discovery responses and documents in this case to Mr. Williams which we keep in a discovery log. But until you sign the Stipulated Protective Order for CWM, Regions Bank is not going to send the discovery to Mr. Williams because that lets CWM have it without signing the Protective Order and I am not going to subject Regions Bank to potential liability for doing that. Thank you.

While I understand that you do not represent Mr. Williams individually, but as a pro per defendant representing himself he is not entitled to compensation for attorneys fees as a matter of law and therefore the threat of his sanctions is yet another incorrect statement of law.

Please be advised that nothing stated or omitted herein is deemed to be a complete statement of the facts or law and any omission of facts or law is not a waiver or will create an estoppel from Regions Bank exercising its rights and remedies in this case against any and all parties.

Andrew Alper
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

Phone:

(323) 852-1000

Facsimile:

(323) 651-2577

E-mail:

aalper@frandzel.com<mailto:aalper@frandzel.com>

Web:

www.frandzel.com<https://www.frandzel.com>

[Frandzel]

[2026 Chambers Logo_Opti.jpg]

P GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,** | Case No. 2:25-cv-00359-CAS-KSx |
| Plaintiff, | **CROSS-DEFENDANT ANDREW P. WILLIAMS'S** |
| v. | **OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT (DKT. 192)** |
| **CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; ANDREW PAUL WILLIAMS;** | Hearing: July 27, 2026, 10:00 a.m. Hon. Christina A. Snyder |

1

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

WASHWORLD,

INC.; DOES 1-100, inclusive,

    Defendants.

_____

ANDREW PAUL WILLIAMS,

    Counter-Claimant, Cross-Claimant,

    and Third-Party Plaintiff,

v.

REGIONS BANK dba ASCENTIUM

CAPITAL;

JOSE RENE ORTIZ; MARIA L. ORTIZ;

THE ORTIZ FAMILY TRUST OF 2024;

WASHWORLD, INC.; PETER

MATHENY;

ROES 1-50, inclusive,

    Counter-Defendant,

    Cross-Defendants, and

    Third-Party Defendant.

Cross-Defendant Andrew P. Williams respectfully opposes Washworld, Inc.'s Motion for Summary Judgment as to Jose Rene Ortiz's Amended Crossclaim for

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

Equitable Indemnification (Dkt. 192). This opposition is filed with the Declaration of Andrew P. Williams and Exhibits A through C.

## INTRODUCTION

Washworld argues it cannot be jointly liable with Ortiz because Washworld entered the transaction later, did not sign Ortiz's guaranty, and did not participate in pre-funding inducement. Summary judgment is inappropriate for three independent reasons.

First, Williams has not received prior exchanged discovery that Washworld, Ascentium, and Ortiz have used for months under Dkt. 115. Under Rule 56(d), the Court should deny or defer the motion.

Second, material disputes exist on joint liability, fund tracing, and post-funding conduct.

Third, Williams opposes as a cross-defendant with a direct interest in accurate allocation of liability if Ortiz seeks contribution from co-defendants. A grant of summary judgment on Ortiz's indemnity claim would distort allocation among cross-defendants without a full record.

## STATEMENT OF DISPUTED MATERIAL FACTS

Pursuant to Local Rule 56-1, Williams responds to Washworld's Separate Statement (Dkt. 192-4) as follows:

UMF No. 1. Washworld asserts: CWM entered the January 2024 EFA for $343,394.23.

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

Response: UNDISPUTED as to existence; DISPUTED as to Washworld's use of this fact to eliminate joint conduct on the March 2024 vendor substitution and fund flows (Dkt. 186, paragraphs 37C-37E, 41).

UMF No. 2. Washworld asserts: Ortiz executed financing application, personal guaranty, verbal verification authorization, commencement agreement, incumbency certificate, and delivery and acceptance certificate.
Response: UNDISPUTED.

UMF No. 3. Washworld asserts: West Covina Car Wash LLC executed a guaranty of CWM's obligations.
Response: UNDISPUTED.

UMF No. 4. Washworld asserts: Ortiz's guaranty states liabilities are joint and several if more than one guarantor.
Response: UNDISPUTED as to language; DISPUTED as to legal conclusion.

UMF No. 5. Washworld asserts: CWM failed to make a required payment under the EFA.
Response: UNDISPUTED as to default event; DISPUTED as to causation and allocation.

UMF No. 6. Washworld asserts: Only Ortiz signed his personal guaranty.
Response: UNDISPUTED as to signature; DISPUTED as to legal conclusion on joint liability.

UMF No. 7. Washworld asserts: Washworld did not sign Ortiz's personal guaranty.

4

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

Response: UNDISPUTED.

UMF No. 8. Washworld asserts: Washworld did not agree to guarantee CWM's obligations to Ascentium.

Response: UNDISPUTED as to express guaranty; DISPUTED as to receipt and application of loan proceeds.

UMF No. 9. Washworld asserts: Washworld did not agree to indemnify Ortiz.

Response: UNDISPUTED as to express agreement; DISPUTED on equitable allocation.

UMF No. 10. Washworld asserts: Washworld did not enter any written or oral agreement to indemnify Ortiz.

Response: UNDISPUTED as to express contract; DISPUTED on joint tortfeasor analysis.

UMF No. 11. Washworld asserts: Washworld and Ortiz have never entered any contractual relationship.

Response: DISPUTED. Dkt. 186, paragraphs 37D-37E, 41, and 55 allege coordinated substitution, fund application, and post-litigation conduct.

UMF No. 12. Washworld asserts: Ascentium's fraud claim targets pre-funding conduct by Ortiz, Williams, and CWM.

Response: DISPUTED as legal conclusion.

UMF No. 13. Washworld asserts: Washworld was not involved in alleged pre-funding representations.

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

Response: DISPUTED. Williams lacks Ex. F in native form. Dkt. 186, paragraph 111C, alleges Washworld received Matheny's May 23, 2024 quotation (Dkt. 174).

UMF No. 14. Washworld asserts: Washworld did not submit information to Ascentium on any financing application.
Response: DISPUTED.

UMF No. 15. Washworld asserts: Washworld did not participate in pre-funding communications with Ascentium or Ortiz.
Response: DISPUTED.

UMF No. 16. Washworld asserts: Washworld had no knowledge of any financing application before funding.
Response: DISPUTED.

UMF No. 17. Washworld asserts: In March 2024 Ascentium sent Washworld an ACH payment notification for $309,054.80.
Response: UNDISPUTED as to payment; DISPUTED as to passive non-involvement.

UMF No. 18. Washworld asserts: Washworld did not request funds before March 2024.
Response: DISPUTED.

UMF No. 19. Washworld asserts: Ascentium's guaranty claim against Ortiz arises from Ortiz's personal promise to pay.

6

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

Response: UNDISPUTED as to existence of guaranty claim; DISPUTED as to shared liability.

UMF No. 20. Washworld asserts: Ascentium's claims against Washworld are limited to post-March 2024 conduct.
Response: DISPUTED.

UMF No. 21. Washworld asserts: Washworld had no knowledge of the transaction until May 2024.
Response: DISPUTED in light of UMF 17 and Dkt. 186.

UMF No. 22. Washworld asserts: Ascentium did not contact Washworld about the Agreement until May 23, 2024.
Response: DISPUTED as to legal inference on joint liability and fund tracing. Washworld cites Ex. H; Williams has not received native Ex. H or underlying records.

UMF No. 23. Washworld asserts: Before March 2024 payment notification, Washworld had not been contacted regarding financing.
Response: DISPUTED as immaterial characterization.

UMF No. 24. Washworld asserts: Washworld did not receive financing documents until on or around May 23, 2024.
Response: DISPUTED as to relevance.

UMF No. 25. Washworld asserts: Ascentium brought breach, unjust enrichment, and money-had-and-received claims against Washworld.

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

Response: UNDISPUTED as to FAC claims; DISPUTED that those claims prove Washworld is not a joint tortfeasor for indemnity purposes.

## LEGAL STANDARD

Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Under Rule 56(d), the Court may defer ruling or order discovery when the nonmovant cannot present facts essential to justify opposition. Quinn v. Leathem, 518 U.S. 519, 525-26 (1996).

## ARGUMENT

**I.  SUMMARY JUDGMENT MUST BE DENIED OR DEFERRED UNDER RULE 56(d).**

Washworld filed Dkt. 192 on June 24, 2026, six days after Williams signed Dkt. 115. Washworld's papers treat discovery exchanged among Ascentium, Washworld, and Ortiz as the factual backbone of the motion while Williams has not received the complete productions underlying Dkt. 192, Exs. D, F, and H. Declaration, paragraphs 14-19. Selective excerpts on the docket do not substitute for native responses, Bates-labeled productions, or bank records essential to fund tracing. The Court should deny summary judgment under Rule 56(d), or defer ruling for fourteen days after full production to Williams.

**II.  GENUINE DISPUTES PRECLUDE SUMMARY JUDGMENT ON JOINT LIABILITY.**

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

CASE NO. 2:25-cv-00359-CAS-KSx

Equitable indemnity may arise among joint tortfeasors or those otherwise chargeable with the same injury. Bay Development, Ltd. v. Superior Court, 50 Cal. 3d 1012 (1990); AmeriGas Propane, LP v. Landstar Ranger, Inc., 109 Cal. Rptr. 3d 686 (Ct. App. 4th Dist. 2010). Washworld argues no implied contractual indemnity because no contract exists between Ortiz and Washworld (UMF 11). Implied contractual indemnity requires a contractual relationship and is not a joint-tortfeasor claim. West v. Superior Court, 27 Cal. App. 4th 1625, 1633 (1994). Ortiz seeks to shift guaranty exposure, not recover fraud damages from a co-fraudster. Disputed facts include Washworld's March 2024 substitution into the vendor role, traceability of loan proceeds, and post-funding distributor conduct alleged in Dkt. 186.

## III.  WASHWORLD'S TIMELINE AND FUND TRACING THEORIES ARE DISPUTED.

Fund tracing is factual. Williams lacks Ex. H and underlying bank records. Ortiz's interrogatory excerpts in Ex. D are selective.

## IV.  WASHWORLD MAY NOT USE WITHHELD DISCOVERY AS UNDISPUTED.

Williams has complied with Dkt. 115 and requested production under Exs. A-C. Opposing counsel's post-hoc conditions (CWM signature, July 24 extension, withdrawal of Wave 1 discovery) are not lawful bases to withhold complete productions from a Protective Order signatory.

**CONCLUSION**

9

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

Williams respectfully requests that the Court deny Dkt. 192, or defer ruling under Rule 56(d) until Ascentium, Washworld, and Ortiz produce the prior exchanged discovery file to Williams and Williams has fourteen days to supplement.

Dated: July 6, 2026

Respectfully submitted,

/s/ Andrew P. Williams

Andrew P. Williams

Defendant in Pro Per

10

OPPOSITION TO WASHWORLD MSJ (DKT. 192)

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,** | Case No. 2:25-cv-00359-CAS-KSx |
| Plaintiff, | **STATEMENT OF GENUINE DISPUTES (LOCAL RULE 56-2)** |
| v. | |
| **CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; ANDREW PAUL WILLIAMS;** | Re: Dkt. 192<br><br>Hon. Christina A. Snyder |

1

STATEMENT OF GENUINE DISPUTES (DKT. 192)

WASHWORLD,

INC.; DOES 1-100, inclusive,

        Defendants.

_____

ANDREW PAUL WILLIAMS,

        Counter-Claimant, Cross-Claimant,

        and Third-Party Plaintiff,

v.

REGIONS BANK dba ASCENTIUM

CAPITAL;

JOSE RENE ORTIZ; MARIA L. ORTIZ;

THE ORTIZ FAMILY TRUST OF 2024;

WASHWORLD, INC.; PETER

MATHENY;

ROES 1-50, inclusive,

        Counter-Defendant,

        Cross-Defendants, and

        Third-Party Defendant.

## STATEMENT OF GENUINE DISPUTES

2

STATEMENT OF GENUINE DISPUTES (DKT. 192)

Cross-Defendant Andrew P. Williams submits this Statement of Genuine Disputes pursuant to Local Rule 56-2 in opposition to Washworld's Motion for Summary Judgment (Dkt. 192).

| Undisputed Material Fact (Dkt. 192-4) | Genuine Dispute (Yes/No) and Record Citation |
|---|---|
| UMF 1. CWM entered the January 2024 EFA for $343,394.23. | Yes. UNDISPUTED as to existence; DISPUTED as to Washworld's use of this fact to eliminate joint conduct on the March 2024 vendor substitution and fund flows (Dkt. 186, paragraphs 37C-37E, 41). |
| UMF 2. Ortiz executed financing application, personal guaranty, verbal verification authorization, commencement agreement, incumbency certificate, and delivery and acceptance certificate. | No. |
| UMF 3. West Covina Car Wash LLC executed a guaranty of CWM's obligations. | No. |
| UMF 4. Ortiz's guaranty states liabilities are joint and several if more than one guarantor. | Yes. UNDISPUTED as to language; DISPUTED as to legal conclusion. |
| UMF 5. CWM failed to make a required payment under the EFA. | Yes. UNDISPUTED as to default event; DISPUTED as to causation and allocation. |

3

STATEMENT OF GENUINE DISPUTES (DKT. 192)

| | |
|---|---|
| UMF 6. Only Ortiz signed his personal guaranty. | Yes. UNDISPUTED as to signature; DISPUTED as to legal conclusion on joint liability. |
| UMF 7. Washworld did not sign Ortiz's personal guaranty. | No. |
| UMF 8. Washworld did not agree to guarantee CWM's obligations to Ascentium. | Yes. UNDISPUTED as to express guaranty; DISPUTED as to receipt and application of loan proceeds. |
| UMF 9. Washworld did not agree to indemnify Ortiz. | Yes. UNDISPUTED as to express agreement; DISPUTED on equitable allocation. |
| UMF 10. Washworld did not enter any written or oral agreement to indemnify Ortiz. | Yes. UNDISPUTED as to express contract; DISPUTED on joint tortfeasor analysis. |
| UMF 11. Washworld and Ortiz have never entered any contractual relationship. | Yes. Dkt. 186, paragraphs 37D-37E, 41, and 55 allege coordinated substitution, fund application, and post-litigation conduct. |
| UMF 12. Ascentium's fraud claim targets pre-funding conduct by Ortiz, Williams, and CWM. | Yes. DISPUTED as legal conclusion. |
| UMF 13. Washworld was not involved in alleged pre-funding representations. | Yes. Williams lacks Ex. F in native form. Dkt. 186, paragraph 111C, alleges Washworld received Matheny's May 23, 2024 quotation (Dkt. 174). |
| UMF 14. Washworld did not submit information to Ascentium on any | Yes. |

4

STATEMENT OF GENUINE DISPUTES (DKT. 192)

| | |
|---|---|
| financing application. | |
| UMF 15. Washworld did not participate in pre-funding communications with Ascentium or Ortiz. | Yes. |
| UMF 16. Washworld had no knowledge of any financing application before funding. | Yes. |
| UMF 17. In March 2024 Ascentium sent Washworld an ACH payment notification for $309,054.80. | Yes. UNDISPUTED as to payment; DISPUTED as to passive non-involvement. |
| UMF 18. Washworld did not request funds before March 2024. | Yes. |
| UMF 19. Ascentium's guaranty claim against Ortiz arises from Ortiz's personal promise to pay. | Yes. UNDISPUTED as to existence of guaranty claim; DISPUTED as to shared liability. |
| UMF 20. Ascentium's claims against Washworld are limited to post-March 2024 conduct. | Yes. |
| UMF 21. Washworld had no knowledge of the transaction until May 2024. | Yes. DISPUTED in light of UMF 17 and Dkt. 186. |
| UMF 22. Ascentium did not contact Washworld about the Agreement until May 23, 2024. | Yes. DISPUTED as to legal inference on joint liability and fund tracing. Washworld cites Ex. H; Williams has not received native Ex. H or underlying records. |
| UMF 23. Before March 2024 payment notification, Washworld had not been | Yes. DISPUTED as immaterial characterization. |

5

STATEMENT OF GENUINE DISPUTES (DKT. 192)

| contacted regarding financing. | |
|---|---|
| UMF 24. Washworld did not receive financing documents until on or around May 23, 2024. | Yes. DISPUTED as to relevance. |
| UMF 25. Ascentium brought breach, unjust enrichment, and money-had-and-received claims against Washworld. | Yes. UNDISPUTED as to FAC claims; DISPUTED that those claims prove Washworld is not a joint tortfeasor for indemnity purposes. |

Dated: July 6, 2026

/s/ Andrew P. Williams

Andrew P. Williams

Defendant in Pro Per

6

STATEMENT OF GENUINE DISPUTES (DKT. 192)

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL, | Case No. 2:25-cv-00359-CAS-KSx |
| Plaintiff, | **ANDREW P. WILLIAMS'S OPPOSITION TO WASHWORLD'S MOTION TO DISMISS (DKT. 194)** |
| v. | |
| CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; ANDREW PAUL WILLIAMS; | Hearing: July 27, 2026, 10:00 a.m. Hon. Christina A. Snyder |

1

OPPOSITION TO WASHWORLD MTD (DKT. 194)

**WASHWORLD, INC.; DOES 1-100, inclusive,**

Defendants.

**ANDREW PAUL WILLIAMS,**

Counter-Claimant, Cross-Claimant, and Third-Party Plaintiff,

v.

**REGIONS BANK dba ASCENTIUM CAPITAL; JOSE RENE ORTIZ; MARIA L. ORTIZ; THE ORTIZ FAMILY TRUST OF 2024; WASHWORLD, INC.; PETER MATHENY; ROES 1-50, inclusive,**

Counter-Defendant, Cross-Defendants, and Third-Party Defendant.

2

OPPOSITION TO WASHWORLD MTD (DKT. 194)

Defendant, counterclaimant, cross-claimant, and third-party plaintiff Andrew P. Williams respectfully opposes Washworld, Inc.'s Motion to Dismiss (Dkt. 194) targeting Williams's First Amended pleading (Dkt. 186).

## INTRODUCTION

Washworld attacks standing, real-party-in-interest pleading, aiding-and-abetting breach of fiduciary duty, intentional interference with prospective economic advantage, and the UCL claim. The motion should be denied without prejudice pending Dkt. 199 and production of prior exchanged discovery.

## LEGAL STANDARDS

To survive Rule 12(b)(6), a complaint must state a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

## ARGUMENT

### I.  THE MOTION SHOULD BE DENIED WITHOUT PREJUDICE PENDING DKT. 199.

Williams filed Dkt. 199 on June 28-29, 2026. Dkt. 201 sets oppositions to Dkt. 199 due July 10, 2026, reply due July 17, 2026, and a combined hearing on July 27, 2026 with Dkts. 192 and 194. Dismissing Dkt. 186 before the Court rules on leave wastes judicial resources.

### III.  STANDING AND RULE 17 ATTACKS FAIL.

3

OPPOSITION TO WASHWORLD MTD (DKT. 194)

A. Direct Individual Injury. Dkt. 186 pleads fraud and diversion aimed at Williams personally: Matheny's inducement communications (paragraphs 25A-25D, 37C-37E); Williams's reliance as CEO (paragraphs 87X-87AA); reduction of membership from 60% to 10% (paragraphs 24, 87BB); and post-petition conduct (paragraphs 72, 111C-111E, 111J). Under Tooley v. Donaldson, Lufkin and Jenrette, Inc., 845 A.2d 1031, 1033 (Del. 2004), a member may assert direct claims when the harm is to the member personally and recovery runs to the member. Williams's pre-petition fraud and membership-reduction claims are distinct from derivative injury to CWM alone.

B. Chapter 7 Reopen and Abandonment. Williams will file section 350(b) reopen and section 554(b) abandonment motions in Case No. 24-03761 on July 7, 2026. Dismissal on estate-ownership grounds before the bankruptcy court acts is premature. In re Kreisel, 399 B.R. 679, 694 (Bankr. C.D. Cal. 2008); Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004).

C. Rule 17. Williams prosecutes his own claims in his own name. Track B remains for CWM Delaware through Thomas D. Sands (Dkt. 196).

**IV.  AIDING-AND-ABETTING CLAIM SURVIVES.**

Dkt. 186, paragraphs 111G-111L, allege Washworld knowingly assisted Ortiz's breach of fiduciary duties through vendor substitution, fund application, distributor termination, and redirecting leads to ProElite. Washworld argues March 2024 conduct occurred before alleged knowledge (paragraphs 19, 41, 111I). At the pleading stage, Williams alleges assistance both before and after Washworld's actual knowledge, including post-2025 distributor termination (paragraph 72) and lead redirection (paragraphs 111B-111D). Factual disputes on timing and knowledge cannot be resolved on a motion to dismiss.

4

OPPOSITION TO WASHWORLD MTD (DKT. 194)

## V.  INTENTIONAL INTERFERENCE SURVIVES.

Dkt. 186, paragraphs 111B-111E and 72, allege specific wrongful acts including the October 2025 distributor termination and supplier redirection impairing Williams's personal economic relationships as operator and member, distinct from CWM entity goodwill alone.

## VI.  UCL CLAIM SURVIVES.

Dkt. 186, paragraph 174, pleads unlawful, unfair, and fraudulent practices predicated on the interference and aiding-and-abetting theories. Williams seeks restitution of money and property, not nonrestitutionary expectancy damages. At Rule 12(b)(6), the Court accepts well-pleaded facts and does not dissect UCL prongs in isolation.

## VII.  LEAVE TO AMEND.

If the Court identifies any deficiency, Williams requests leave under Rule 15(a)(2). Dkt. 199 already seeks a fraud-focused Second Amended pleading.

## CONCLUSION

Williams respectfully requests that the Court deny Dkt. 194 without prejudice, defer ruling until after Dkt. 199 and production of the prior exchanged file, and grant leave to amend if any claim is deficient.

Dated: July 6, 2026

Respectfully submitted,

5

OPPOSITION TO WASHWORLD MTD (DKT. 194)

/s/ Andrew P. Williams

Andrew P. Williams

Defendant in Pro Per

6

OPPOSITION TO WASHWORLD MTD (DKT. 194)

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,** | Case No. 2:25-cv-00359-CAS-KSx |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | Hon. Christina A. Snyder |
| **CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; ANDREW PAUL WILLIAMS;** | |

1

CERTIFICATE OF SERVICE (OPPOSITIONS DKTS. 192 AND 194)

WASHWORLD, INC.; DOES 1-100, inclusive,

    Defendants.

_____

ANDREW PAUL WILLIAMS,

    Counter-Claimant, Cross-Claimant,

    and Third-Party Plaintiff,

v.

REGIONS BANK dba ASCENTIUM CAPITAL; JOSE RENE ORTIZ; MARIA L. ORTIZ; THE ORTIZ FAMILY TRUST OF 2024; WASHWORLD, INC.; PETER MATHENY; ROES 1-50, inclusive,

    Counter-Defendant,

    Cross-Defendants, and

    Third-Party Defendant.

## CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE (OPPOSITIONS DKTS. 192 AND 194)

I, Andrew Paul Williams, certify that on July 6, 2026, I served the following documents on all parties listed below:

Declaration of Andrew P. Williams in Support of Oppositions to Washworld's Motions (Dkts. 192 and 194), with Exhibits A through C; Opposition to Dkt. 192; Opposition to Dkt. 194.

BY CM/ECF OR EDSS: I will attempt to file through CM/ECF on July 6, 2026, pursuant to the Court's order granting pro se e-filing (Dkt. 200). If CM/ECF is not authorized by end of business on Monday, July 6, 2026, I will file the same day through EDSS. Registered CM/ECF users will be served by Notice of Electronic Filing when the Clerk posts the filing.

BY EMAIL (courtesy copy on submission date):

Andrew K. Alper, Esq. .................... aalper@frandzel.com

Rebecca Santamaria, Esq. ................. rsantamaria@frandzel.com

Michael D. Gannon, Esq. .................. mgannon@bakerlaw.com

Katharine H. Walton, Esq. ................ kwalton@bakerlaw.com

Xitlaly Estrada, Esq. ...................... xestrada@bakerlaw.com

Ava Claypool, Esq. ......................... aclaypool@bakerlaw.com

Lisa Mitts Patrick, Esq. ................... lolmp2021@gmail.com

Thomas D. Sands, Esq. (CWM Delaware) ....... INFO@TSLG.LAW

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 6, 2026.

CERTIFICATE OF SERVICE (OPPOSITIONS DKTS. 192 AND 194)

/s/ Andrew P. Williams

Andrew P. Williams

CERTIFICATE OF SERVICE (OPPOSITIONS DKTS. 192 AND 194)