Lisa Mitts Patrick, ESQ. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
112 E. Amerige Ave, Suite 313
Fullerton, CA 92832
Phone: 714-990-3693 / Fax: 657-234-0012
Email: lolmp2021@gmail.com

Attorney for Defendant,
Cross Complainant, JOSE RENE ORTIZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

REGIONS BANK, an Alabama State Bank dba
ASCENTIUM CAPITAL

                    Plaintiff,

vs.

CAR WASH MANAGEMENT, LLC, a
Delaware Limited Liability Company, CAR
WASH MANAGEMENT, LLC, a Hawaii
 Limited Liability Company, WEST COVINA
CAR WASH LLC, a California Limited
Liability Company, JOSE RENE ORTIZ, aka
JOSE R. ORTIZ aka JOSE ORTIZ, an
individual, ANDREW WILLIAMS, aka
ANDREW P. WILLIAMS, aka ANDREW
WILLIAMS, an individual, WASHWORLD,
INC., a Wisconsin Corporation, DOES 1-100, inclusive,

                    Defendants,

-------------------------------------------------------

JOSE RENE ORTIZ,
                    Cross Complainant,
vs.

ANDREW PAUL WILLIAMS, aka
ANDREW P. WILLIAMS, aka ANDREW
WILLIAMS, an individual, CAR WASH
MANAGEMENT, LLC, a Delaware Limited
Liability Company, CAR  WASH MANAGEMENT,
LLC, a Hawaii Limited Liability Company,
WASHWORLD,  INC., a Wisconsin Corporation,
and ROES 1 to 35,  inclusive,

                    Cross Defendants

-------------------------------------------------------
**AND OTHER RELATED  CROSS ACTIONS**
-------------------------------------------------------

Case No: 2:25-CV-00359

**JOSE  RENE ORTIZ'**
**OPPOSITION**
**TO WASHWORLD'S MOTION**
**FOR SUMMARY JUDGMENT,**
**and REQUEST THAT THE**
**MOTION BE DEFERRED FOR**
**FURTHER DISCOVERY**
 [FRCP 56(d)]

1

JOSE RENE ORTIZ Defendant and Cross Complainant as it relates to this Motion, opposes Cross Defendant WASHWORLD'S Motion for Summary Judgment and requests that it be denied, or at a minimum continued or deferred,  due to the fact that the case is not ripe yet for Summary Judgment due to lack of discovery as will be explained below.

What WASHWORLD omits in their Motion for Summary Judgment are a several important facts that support Responding Party's Opposition to the grant of Summary Judgment at this time, to-wit that the facts are not undisputed and that discovery to address them has not yet been, and cannot yet be had, particularly based on the late entry in the case of primary  Defendant ANDREW WILLIAMS and his company Defendant CAR WASH MANAGEMENT, LLC (Delaware) less than 30 days ago. They are the primary responsible parties to this subject bank loan taken out from the Plaintiff BANK  by the company but never repaid. WASHWORLD's Motion should be denied or at least deferred until after the pleadings are set and after completion of discovery. (FRCP §56(d))

## I. BACKGROUND

While the case is quite messy now, and parties are moving against each other back and forth, when it is all boiled down, the primary and simply stated issue in this case is whether CAR WASH MANAGEMENT, LLC (Delaware) took out a loan from the Plaintiff BANK, received the money themselves or through third parties (WASHWORLD) on their behalf, and failed to repay it; and if so is the money owed by the party that got the loan and/or that kept the money. ORTIZ comes in only as alleged (backup) personal guarantor of WILLIAMS and/or his companies.

In sum, the BANK alleges that they mistakenly sent money via direct deposit, to WASHWORLD for a purchase of equipment that CAR WASH MANAGEMENT LLC, Delaware (CWM) allegedly made, by and through ANDREW WILLIAMS the principal.  While WASHWORLD had no pending orders from CWM, they nevertheless kept the money for an apparently  unrelated debt that  CAR WASH MANAGEMENT LLC owed and then–the problem part--refunded the rest of the cash to WILLIAMS. They did not address the BANK when they did not know what to do with the money they received (pursuant to some long standing deposit arrangements the BANK and WASHWORLD had in prior transactions) and

2

handed the proceeds to the WILLIAMS, rather than return it to the BANK, or at least inquire; then the Plaintiff seeks ORTIZ to pay for it all. These facts cannot be testified to with any certainty by ORTIZ at this time. They are all facts within the knowledge of others as reflected in numerous Motions and other pleadings before this Court, including the Summary Judgment and scattered items of written discovery included both with the Motion and this Opposition (Declaration of Lisa Mitts Patrick.) Since no depositions–not one, though nearly a dozen were scheduled--have taken place in the case yet, ORTIZ is at a complete disadvantage to "prove" facts in this case other than those he knows personally as of this time, which is very little, since he was not involved in the transaction. But the facts are not undisputed.

Ortiz alleges it was CAR WASH MANAGEMENT/WILLIAMS who took out the loan. It was WASHWORLD who got the funds from the BANK, around $300,000.00 and WASHWORLD who retained about half of them and then gave the rest back to WILLIAMS. ORTIZ, not involved in the transaction, should have no obligation whatsoever to anyone in the case. He never saw the money, hardly knew about the transaction at all, and was tricked or coerced into signing documents by his boss, ANDREW WILLIAMS who had in mind ,his own plans apparently, to cover some of his debts, and abscond with the loan money, leaving ORTIZ holding the proverbial "bag" as alleged personal guarantor of the loan and then filing bankruptcy.

ORTIZ was only a W2 employee of CWM--only–a field installer of car wash equipment, and while he made commission from time to time as seller of materials to customers he did installations for he had no management or control over WILLIAMS or his companies at all. He was "given" a nominal membership title in WILLIAMS' LLC, as an employee. He never contributed to the LLC, never got a distribution of profit from it (not even any periodic statements of profit/loss), had no control of the company or its quest for a loan whatsoever. It was merely a label given to him by WILLIAMS upon hire. Members are not responsible for an LLC's debt.

While WILLIAMS NOW ALLEGES IN HIS COMPLAINT THAT SOMEHOW in a transaction that he and the bank 'cooked up' (allegations against PETER MATHENY, BANK REPRESENTATIVE) "they" had to 'restructure' the company (in order to close the loan–days

3

before or possibly that same day) making ORTIZ an 80% owner i.e. alleging now he would be responsible for the company's debts. *(Plaintiff has alleged that in his bankruptcy filing WILLIAMS always referred to ownership of CWM as 60%, nothing less. ORTIZ is unable yet to support this as "fact" but it is a critical one.* ) ORTIZ never knew about this alleged restructure, that he was made responsible for anything, and left the company promptly after learning about WILLIAMS's shady business practices. Prior to then, ORTIZ worked for 27 years for the same stable company in field installations without ever owning a company or any part thereof. He brought business to CWM, most of whom stayed when ORTIZ left, until they too experienced CWM's shady financial dealings.

WILLIAMS admits in his pleading (including discovery requests to Ortiz asking about it), that he filed bankruptcy in October 2024 only a short time after this alleged funded loan took place and he decided not to pay. It is still unknown (no discovery yet) as to how this alleged debt, or the debts of CAR WASH MANAGEMENT, LLC were handled in the bankruptcy court, if at all. He owed ORTIZ thousands on money ORTIZ loaned him on his credit cards for business purchases he was never reimbursed. Despite this, ORTIZ never received notice of the alleged bankruptcy. Most of this lead up however, does not involve the allegations BETWEEN ORTIZ and WASHWORLD.

Ultimately WASHWORLD is still in the case and they should remain so, because they directly received the unidentified loan proceeds funded by the Bank without knowing what to do with them and instead of acting prudently, they gave them back to who it turned out was the one who planned to abscond with them.

Apparently WASHWORLD had no open orders to apply the funds to, so instead of inquiring of the BANK, or instead of returning the funds, they negligently and carelessly kept them and applied the money to another of WILLIAMS or CAR WASH MANAGEMENT's debts and then to make matters much worse, took what was left–around $175,000.00 of the approximately $300,000.00 loan and sent it to WILLIAMS. **No one knows (yet) what WILLIAMS did with the money. How did it come to pass that WASHWORLD sent HIM back the 'excess money'? We need to know this to justify why WASHWORLD should be granted Summary Judgment. But we don't. Discovery is still in the works.**

4

Shortly after getting the money from WASHWORLD, WILLIAMS made only a few of the loan payments, then filed bankruptcy. We know little about this yet either.

Through all this, the parties have sought to blame ORTIZ and hold him responsible as if he knowingly and intentionally, with no consideration of any kind, and no actual knowledge of his alleged role in this "deal" to make good WILLIAMS' personal or business debts so WILLIAMS could take the money and then go bankrupt. Equity should prevent this. While the 'bag' should be held by WILLIAMS, and/or CWM, WASHWORLD had an opportunity to mitigate the damages but negligently didn't, contributing to ORTIZ' damages if any. This is the crux of this messy case. It is not time yet to let WASHWORLD out.

## II.

**MOTION FOR SUMMARY JUDGMENT AGAINST ORTIZ AS CROSS COMPLAINANT AGAINST WASHWORLD, IS NOT APPROPRIATE WHERE THE FACTS ARE DISPUTED and HERE THE FACTS ARE HOTLY DISPUTED. THE MOTION SHOULD BE DENIED OR AT LEAST DEFERRED.**

ANDREW WILLIAMS who is the principal behind this subject financial transaction (to-wit, a loan to his company, either as owner of CAR WASH MANAGEMENT, an LLC he formed in Delaware, Hawaii and California, and/or West Covina Car Wash another of his companies) (a defaulted Defendant) has just now entered the case after months and months of Plaintiff BANK and Cross Complainant ORTIZ trying to serve him. His 1st Amended "Answer"/COMPLAINT was filed only 6/10/26 less than a month ago. The first version from May contained over 170 pages of verified 'facts' that are contrary to other alleged facts (by all parties) and added new parties (he himself also sues Washworld, plus Ortiz, Ortiz' wife and Ortiz' Living Trust as well as an individual BANK representative Peter Matheny) and has made new claims and counter claims back against all these parties. The facts are not only not undisputed, they are not even yet known. A possible further such Amended Answer/COMPLAINT is now pending a Motion.

As stated in the comments from the advisory committee on Rules re FRCP §56, it is noted that "summary judgment procedure is a method for promptly disposing of actions in which

5

there is no genuine issue as to any material fact." Here there is indeed a genuine issue and as to material facts.

Pursuant to FRCP §56 and in particular §56(d):

*(D) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons it cannot represent facts essential to justify its opposition the court may:*

*(1) defer considering the motion or deny it;*

*(2) allow time to obtain affidavits or declarations or to take discovery; or*

*(3) issue any other appropriate order*

This rule is applicable and in this case should be applied by the court to deny this Motion (without prejudice) at this time or at a minimum defer considering it until after sufficient discovery with new parties has taken place.

### III.

### The PLEADINGS ARE NOT SET, MOTION FOR SUMMARY JUDGMENT IS THEREFORE PREMATURE AND SHOULD BE DENIED OR DEFERRED.

While several existing parties have already Answered that of WILLIAMS' pleading, WILLIAMS now has a Motion on calendar the same date as this Summary Judgment Motion 7/27/26 for permission to file a SECOND AMENDED "Answer"/COMPLAINT. While that Complaint omits a couple of the additional parties, the language in it does not. It does not remove references to those parties nor do the stated causes of action, so it is entirely vague, confusing and unclear what the subject causes of action will be after the Court addresses his request, what will need to be Answered again, and what all the parties including WASHWORLD will know or testify to. THIS MOTION IS THEREFORE PREMATURE AND SHOULD BE DENIED.

ORTIZ therefore objects under FRCP 56 to the entirety of WASHWORLD'S Declarations stating untruthfully, that the stated facts are undisputed.

/ / /

/ / /

/ / /

6

## IV.

## WASHWORLD ALREADY RAISED THESE ISSUES TO THE COURT IN EARLY MOTIIONS TO DISMISS WHICH WERE GENERALLY DENIED BY THE COURT.

ORTIZ and WASHWORLD exchanged legal discussion about the propriety of WASHWORLD remaining in the case and the court ruled generally against their early Motion to Dismiss ORTIZ' claims.

Of course Summary Judgment and the proof required is different, (more stringent actually, and after facts have been presumably discovered more certainly, which they have not.) This topic of why WASHWORLD should remain in the case has been addressed. In short, ORTIZ' claims for primarily equitable indemnity apply against WASHWORLD in that their neglect and carelessness in handling this loan money in firstly receiving and choosing to accept and keep it with no context, and then returning the other approximately half of approximately $300,000.00 to WILLIAMS not the bank, has gotten ORTIZ' arguably "on the hook" for the funds when WASHWORLD had control of them, and an opportunity to mitigate the damage, not ORTIZ.

This is no small debt. ORTIZ is entitled to determine if this was done fraudulently or 'in cahoots' with WILLIAMS. What did WASHWORLD do to confirm the funds should go to WILLIAMS. Did they speak? Did they email?  To date ORTIZ has not made that assertion, but discovery has hardly been undertaken with the existing parties and nothing at all with respect to WILLIAMS to find out.

ORTIZ has clean hands in this transaction and if ORTIZ is ultimately held responsible for payment of the money he never saw, never used, never had the benefit of, it is only fair and equitable that WASHWORLD bear equal burden under the laws of equity, since they had the chance to right the situation and instead of doing so, made it worse to the detriment of ORTIZ.

Summary Judgment might eventually be an appropriate vessel to address the issues with the Court if/when there is ever no dispute as to the facts and Declarations can identify the material facts are agreed factually. Then the Court can rule strictly on issues of law, but this is

not the case now. The facts are hotly disputed and with WILLIAMS entry into the case, largely all new from the information the parties exchanged during discovery.

## V.

**THERE HAS BEEN MINIMAL DISCOVERY AND WHILE ALMOST A DOZEN DEPOSITIONS WERE SET, NO DEPOSITIONS HAVE TAKEN PLACE YET DUE TO WILLIAMS LATE ENTRY INTO THE CASE. THIS MOTION FOR SUMMARY JUDGMENT IS THEREFORE PREMATURE AND SHOULD BE DENIED OR DEFERRED**

Discovery between the previous parties was derailed by the entry of WILLIAMS and his company into the case. Without completion of discovery or any depositions, the facts are NOT settled or undisputed so as to support anyone's Motion for Summary Judgment.

WILLIAMS and his companies were served in this action and defaulted by ORTIZ in December 2025. Though WILLIAMS claims he was not served then, he contacted the attorneys for the parties, shortly after service, discussing the case that he alleges he knew nothing about. He was subsequently dismissed by the Plaintiff BANK as something like "too hard to find", or "too hard to collect from" (everyone believed WILLIAMS was evading), but Plaintiff apparently thought better of it, brought him back in, served WILLIAMS and CAR WASH MANAGEMENT, LLC, who was formerly in San Diego and is now apparently in Kansas.

While WILLIAMS spent weeks trying to avoid responding, he was required to file his operative response and did so 6/10/26 (after a prior response in May.) His company on the other hand, CAR WASH MANAGEMENT, LLC (Delaware) has only in the past 2 weeks hired counsel who has apparently responded but minimally. Discovery between all these parties, after a conference with the Magistrate Judge last week, is awaiting WILLIAMS in pro per, and Counsel for CAR WASH MANAGEMENT, to sign a Stipulation to a Protective Order that all parties signed previously as it relates to confidential information exchanged or to be exchanged in discovery. Until then additional discovery stalled.

Meanwhile, WILLIAMS' first Answer/COMPLAINT, and his 2nd, filed on 6/2/26 all allege a multitude of almost 100 'facts' which are hotly disputed by all parties, not just ORTIZ. This will likely be addressed by the Court concurrently with this Summary Judgment Motion set on the same day to address WILLIAMS' request to file another Amended Complaint/Answer,

8

and the other parties' Motions to Dismiss WILLIAMS' pleadings. The case is a mess, and is nowhere near ready for a Summary Judgment Motion by any party in the case.

Where essential facts are in the moving party's exclusive possession, as they are here (WASHWORLD, WILLIAMS and the BANK) a Rule 56(d) Motion for continuance should be granted "almost as a matter of course" as long as the nonmoving party has diligently pursued discovery. FTC v. E.M.A. Nationwide, Inc. (6th Cir. 2014 767 F. 3d 611, 623 fn 7 and Burlington Northern Santa Fe R.R. Co. V. Assiniboine & Sioux Tribes of Ford Peck Reservation (9th Cir. 203) 323 F 3d 767, 774. As demonstrated, ORTIZ has cooperated in all phases of discovery and will continue to do so until all ascertainable facts are actually ascertained.

Ultimately if the facts do show WASHWORLD was not negligent in the use and application of the funds, and/or WILLIAMS makes good on the debt so ORTIZ is otherwise not to be held liable, then ORTIZ will dismiss WASHWORLD without an MSJ, as WASHWORLD's employees have (behind his attorney's back) been "asking" him to do.

## VI.

### MUCH DISCOVERY (ALL DEPOSITIONS) IS PENDING

Prior to WILLIAMS entry into the case, the then existing three parties (BANK, WASHWORLD and ORTIZ) had cooperatively exchanged written discovery *(see Exhibits attached to the Declaration filed in support of this Opposition)* after bouncing around a Confidentiality Agreement/Protective Order and were in the middle of setting many depositions in late June/early July. WILLIAMS' entry into the case changed all of that and depositions which are necessary to 'set the facts straight" and determine what can be settled and what is disputed, have not yet taken place and won't likely even be set until these pleadings are in order.

The Court graciously extended the parties' various dates including discovery completion, Trial, and even the Motion dates *(yet WASHWORLD still chose to file this Motion for Summary Judgment now anyway)* on Stipulation, after WILLIAMS' entry but before his counsel for CAR WASH MANAGEMENT, LLC was in the case at all. Noone knows what CAR WASH MANAGEMENT other than its principal ANDREW WILLIAMS will allege regarding the debt and why WASHWORLD even got the money in the first place, or why they kept it (about half) and why they sent the rest back to WILLIAMS–not back to the Bank or why noone told ORTIZ

9

at all what was going on until after WILLIAMS had defaulted and now that they want him to hold the bag.

The Nonmovant need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact. "Waldridge v. American Hoechst Corp." (7th Cir. 1994) 24 F. 3d 918, 921. That evidence (or lack thereof due to the need for additional discovery) is before the court. The Motion should be denied.

## VII.

## CONCLUSION - THIS MATTER IS NOT YET RIPE FOR SUMMARY JUDGMENT AND SHOULD BE DENIED.

The point is that the facts are not undisputed, the case is not yet ready for Summary Judgment and it should therefore be denied, or deferred/continued for a sufficient length of time to allow the parties to complete discovery before being revisited.

Respectfully,
LAW OFFICE OF LISA MITTS PATRICK

Dated: 7/15/26

LISA MITTS PATRICK, ESQ
Attorney for Defendant /Cross Complainant/Cross
Defendant, JOSE RENE ORTIZ

**FEDERAL COURT PROOF OF SERVICE**

Case No: 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 112 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On 7/15/26, I served true copies of the following document(s):

**JOSE RENE ORTIZ OPPOSITION TO WASHWORLD'S MOTION**

**FOR SUMMARY JUDGMENT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

(X) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmail.com to the persons at the e-email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

() By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

11

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 7/15/26, at Fullerton, California.

*Kathleen Micalizzi*

Kathleen Micalizzi

12

## SERVICE LIST

Case No: 2:25-cv-00359

Andrew K. Alper, Esq.
FRANDZEL, ROBINS, BLOOM and CSATO
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017-2427

Phone: 323-852-1000
Fax: 325-651-2577
Email: aalper@franzel.com

Attorney for Plaintiff, Cross Defendant, REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL

Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310-979-8430
Email: *xestrada@bakerlaw.com*
*aclaypool@bakerlaw.com*
*Attorneys for* WASHWORLD, INC.

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: 312-416-6200
Email: *mgannon@bakerlaw.com*

Thomas D. Sands, Esq (SBN 279020)     *Attorneys for* CAR WASH
**THE SANDS LAW GROUP, APLC**          MANAGEMENT, LLC
205 S. Broadway, Suite 608
Los Angeles, CA 90012
Tel: (213) 788-4412
Email: info@tslg.law

Andrew Williams                        Pro Se
12641 Antioch Rd. Suite # 1045
Overland Park, KS 66213-1701
andrew@carwashmgmt.com

13