Lisa Mitts Patrick, ESQ. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
112 E. Amerige Ave, Suite 313
Fullerton, CA 92832
Phone: 714-990-3693 / Fax: 657-234-0012
Email: lolmp2021@gmail.com

Attorney for Defendant,
Cross Complainant, JOSE RENE ORTIZ

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL

                Plaintiff,

vs.

CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ aka JOSE ORTIZ, an individual, ANDREW WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,

                Defendants,

-------------------------------------------------------

JOSE RENE ORTIZ,
                Cross Complainant,

vs.

ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WASHWORLD, INC., a Wisconsin Corporation, and ROES 1 to 35, inclusive,

                Cross Defendants

-------------------------------------------------------
AND OTHER RELATED CROSS ACTIONS
-------------------------------------------------------

Case No: 2:25-CV-00359

**DECLARATION OF LISA MITTS PATRICK IN SUPPORT OF JOSE RENE ORTIZ' OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT**
(FRCP §56(d))

1

I, LISA MITTS PATRICK DECLARE, I am an attorney authorized to practice before all of the courts of the state of California and in this action I represent JOSE RENE ORTIZ in all capacities-- Defendant, Cross Complainant and Cross Defendant. If called as a witness I would competently testify to the following:

1. The facts in this case as alleged by WASHWORLD in their Motion for Summary Judgment are not undisputed.

2. Additional discovery is needed to determine the actual facts and whether they are undisputed, but discovery cannot have yet been had to this date primarily due to the late entry in the case of Defendant ANDREW WILLIAMS and his company Defendatn CAR WASH MANAGAEMENT, LLC (Delaware) less than 30 days ago. They are the primary responsible parties to this subject bank loan taken out by the company but never repaid and are a welcome addition, but this, and unsettled pleadings even as of yet means the facts are still being determined. Summary Judgment is therefore premature and the court is requested to at a minimum defer it to after completion of discovery and depositions that were put on hold.

3. The crux of the case simply stated is whether CAR WASH MANAGEMENT, LLC (Delaware) took out a loan from the Plaintiff BANK, receiving the money themselves or to third parties (WASHWORLD) on their behalf, and failed to repay it; and if so is the money owed by the party that got the loan and/or that kept the money. ORTIZ comes in only as alleged backup personal guarantor.

4. In their pleadings, primarily their Complaint and Amended Complaint, (Docs #1, 74, 144, 145 and 154) and WASHWORLD'S responses (Docs #88, 89, 126, 130) the BANK alleges that they mistakenly sent money via direct deposit, to WASHWORLD for a purchase of equipment that CAR WASH MANAGEMENT LLC, Delaware (CWM) allegedly made, by and through ANDREW WILLIAMS the principal.  While WASHWORLD had no pending orders from CWM, they nevertheless kept the money for an apparently  unrelated debt that  CAR WASH MANAGEMENT LLC owed and refunded the rest of the cash to WILLIAMS. They apparently  did not address the BANK when they did not know what to do with the money they received (pursuant to some long standing deposit arrangements the BANK and WASHWORLD

2

had in prior transactions) and handed the proceeds to the WILLIAMS, rather than return it to the BANK, or at least inquire; then the Plaintiff seeks ORTIZ to pay. This is why ORTIZ' claims against WASHWORLD are meritorious as alleged in his pleadings (Docs #54, 55 and 94.)

5. These facts however, cannot be affirmed or denied by ORTIZ at this time. They are all facts within the knowledge of others as reflected in numerous Motions and other pleadings before this Court, including the Summary Judgment, WILLIAMS' recent pleadings, and in and scattered items of written discovery, BUT since no depositions have taken place in the case yet, ORTIZ is at a complete disadvantage to "prove" facts in this case other than those he knows personally as of this time, which is very little, since he was not involved in the transaction. He has alleged those facts in discovery responses which are attached hereto as Exhibits "A", "B" and "C." But the facts alleged by WASHWORLD to be as clear as day, undisputed and agreed to by everyone is wholly untrue.

6. ANDREW WILLIAMS who is the principal behind this subject financial transaction (*to-wit, a loan to his company, either as owner of CAR WASH MANAGEMENT, an LLC he formed in Delaware, Hawaii and California, and/or West Covina Car Wash another of his companies) (a defaulted Defendant*) has just now entered the case after months and months of Plaintiff BANK and Cross Complainant ORTIZ trying to serve him. This is reflected in the numerous items on this court's docket. (Defaults and Requests for Default in Docs # 31,33, 34 and 76, 78 97, 98, 127128, 129, 131 and 135)

7. His 1st Amended "Answer"/COMPLAINT (Doc #186) was filed only 6/10/26 less than a month ago. The first version he served in late May (Doc #174) contained over 170 pages of verified 'facts' that are contrary to other alleged facts (by all parties) and added new parties (he himself also sues Washworld, Ortiz, Ortiz' wife and Ortiz' Living Trust as well as an individual BANK representative Peter Matheny) and has made new claims and counter claims back against all these parties. The facts are not only not undisputed, they are not even yet fully alleged. Conversely, ORTIZ in his written discovery responses, copies of which are attached hereto as **Exhibit "A"**, in response to the Bank, and **Exhibit "B"** in response to Washworld, and **Exhibit "C"** in response to Williams shows the parties do not agree on the facts of the matter.

8. While several existing parties have already Answered that of WILLIAMS' pleading, including this party, (Doc#s 202, WILLIAMS now has a Motion on calendar the same date as this Summary Judgment Motion 7/27/26 for permission to file a SECOND AMENDED "Answer"/COMPLAINT. While that Complaint omits a couple of the additional parties, the language in it does not. It does not remove references to those parties nor do the stated causes of action, so it is entirely vague, confusing and unclear what the subject causes of action will be after the Court addresses his request, what will need to be Answered again, and what all the parties including WASHWORLD will know or testify to..

9. ORTIZ and WASHWORLD exchanged legal discussion about this previously and the court ruled generally against their early Motion to Dismiss ORTIZ' claims. Summary Judgment and the standard of proof required is different, (more stringent actually) but this topic of why WASHWORLD should remain in the case has been addressed. In short, ORTIZ' claims for primarily equitable indemnity apply against WASHWORLD in that their neglect in handling this loan money in firstly receiving and choosing to accept and keep it with no context, and then returning the other approximately half of $300,000.00 to WILLIAMS not the bank, has gotten Ortiz' arguably "on the hook" for the funds when WASHWORLD had control of them, not ORTIZ.

10. This is no small debt. ORTIZ should be entitled to determine if this was done fraudulently or between WASHWORLD intentionally, 'in cahoots' with WILLIAMS. What did WASHWORLD do to confirm the funds should go to WILLIAMS before they sent them. Did they speak? Did they email? How did it come to pass? To date ORTIZ has not made that assertion, (that anything was underhanded) but discovery has hardly been undertaken with the existing parties and nothing at all with respect to WILLIAMS to find out.

11. ORTIZ has clean hands in this transaction and if ORTIZ is ultimately held responsible for payment of the money he never saw, never used, never had the benefit of, it is only fair and equitable that WASHWORLD bear equal burden under the laws of equity, since they had the chance to right the situation and instead of doing so, made it worse to the detriment of ORTIZ. His case has merit and requires the necessary discovery to prove it.

12. WILLIAMS and his companies were served in this action and defaulted by ORTIZ in December 2025. Though WILLIAMS claims he was not served then, he contacted the attorneys for the parties, shortly after service, discussing the case that he alleges he knew nothing about. He was subsequently dismissed by the Plaintiff BANK who stated something like WILLIAMS was by then "too hard to find", or "too hard to collect from" (everyone believed WILLIAMS was evading), but Plaintiff apparently thought better of it, brought him back in, served WILLIAMS and CAR WASH MANAGEMENT, LLC, who, formerly in San Diego, is now in Kansas.

13. While WILLIAMS spent weeks trying to avoid responding, he was required to file his response and did so 6/10/26. His company on the other hand, CAR WASH MANAGEMENT, LLC (Delaware) has only in the past 2 weeks hired counsel who has apparently responded but minimally. Discovery between all these parties will continue after a conference with the Magistrate Judge last week. The parties are awaiting WILLIAMS in pro per, and Counsel for CAR WASH MANAGEMENT, to sign a Stipulation to a Protective Order that all parties signed previously as it relates to confidential information exchanged or to be exchanged in discovery.

14. Meanwhile, WILLIAMS' first Answer/COMPLAINT, and his 2nd, filed on 6/2/26 all allege a multitude of almost 100 'facts' which are hotly disputed by all parties, not just ORTIZ. This will likely be addressed by the Court concurrently with this Summary Judgment Motion set on the same day to address WILLIAMS' request to file another Amended Complaint/Answer, and the other parties' Motions to Dismiss WILLIAMS' pleadings. Because of this turmoil in the pleadings, and lack of discovery to date, the case is nowhere near ready for a Summary Judgment Motion by any party in the case.

I declare, under penalty of perjury that the foregoing is true and correct. Executed this 15th day of July, 2026 at Fullerton, California.

_____
LISA MITTS PATRICK, ESQ
Attorney for Defendant /Cross Complainant/Cross Defendant,
JOSE RENE ORTIZ

5

**FEDERAL COURT PROOF OF SERVICE**

Case No: 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 112 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On 7/14/26, I served true copies of the following document(s):

**DECLARATION OF LISA MITTS PATRICK IN OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

(X ) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmail.com to the persons at the e-email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

6

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 7/14/26, at Fullerton, California.

Kathleen Micalizzi

7

## SERVICE LIST

Case No: 2:25-cv-00359

Andrew K. Alper, Esq.
FRANDZEL, ROBINS, BLOOM and CSATO
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017-2427

Phone: 323-852-1000
Fax: 325-651-2577
Email: aalper@franzel.com

Attorney for Plaintiff, Cross Defendant, REGIONS BANK, an Alabama State Bank dba
ASCENTIUM CAPITAL

Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310-979-8430
Email: *xestrada@bakerlaw.com*
*aclaypool@bakerlaw.com*
*Attorneys for* WASHWORLD, INC.

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: 312-416-6200
Email: *mgannon@bakerlaw.com*

Thomas D. Sands, Esq (SBN 279020)      *Attorneys for* CAR WASH
**THE SANDS LAW GROUP, APLC**         MANAGEMENT, LLC
205 S. Broadway, Suite 608
Los Angeles, CA 90012
Tel: (213) 788-4412
Email: info@tslg.law

Andrew Williams                        Pro Se
12641 Antioch Rd. Suite # 1045
Overland Park, KS 66213-1701
andrew@carwashmgmt.com

9

Exhibit A

Lisa Mitts Patrick, ESQ. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
112 E. Amerige Ave, Suite 313
Fullerton, CA 92832
Phone: 714-990-3693 / Fax: 657-234-0012
Email: lolmp2021@gmail.com

Attorney for Defendant,
Cross Complainant, JOSE RENE ORTIZ

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

REGIONS BANK, an Alabama State Bank dba
ASCENTIUM CAPITAL

                    Plaintiff,

vs.

CAR WASH MANAGEMENT, LLC, a
Delaware Limited Liability Company, CAR
WASH MANAGEMENT, LLC, a Hawaii
 Limited Liability Company, WEST COVINA
CAR WASH LLC, a California Limited
Liability Company, JOSE RENE ORTIZ, aka
JOSE R. ORTIZ aka JOSE ORTIZ, an
individual, ANDREW WILLIAMS, aka
ANDREW P. WILLIAMS, aka ANDREW
WILLIAMS, an individual, WASHWORLD,
INC., a Wisconsin Corporation, DOES 1-100, inclusive,

             Defendants,

-------------------------------------------------------

JOSE RENE ORTIZ,
             Cross Complainant,

vs.

ANDREW PAUL WILLIAMS, aka
ANDREW P. WILLIAMS, aka ANDREW
WILLIAMS, an individual, CAR WASH
MANAGEMENT, LLC, a Delaware Limited
Liability Company, CAR  WASH MANAGEMENT,
LLC, a Hawaii Limited Liability Company,
WASHWORLD,  INC., a Wisconsin Corporation,
and ROES 1 to 35,  inclusive,

             Cross Defendants

-------------------------------------------------------

AND OTHER RELATED  CROSS ACTIONS

-------------------------------------------------------

Case No: 2:25-CV-00359

JOSE  RENE ORTIZ RESPONSE
TO REGION'S BANK
INTERROGATORIES, SET ONE

1

REQUESTING PARTY:   REGION'S BANK

RESPONDING PARTY:   JOSE RENE ORTIZ

SET NO:                      ONE (Q#1-19)

RESPONDING PARTY, DEFENDANT/CROSS COMPLAINANT JOSE RENE ORTIZ, provides the following responses to WASHWORLD, INC.'S Interrogatories (Set One). RESPONDING PARTY has not completed discovery, his investigation of facts relating to this case, or his preparation for hearing. Consequently, the following Responses are given without prejudice to RESPONDING PARTY's right to produce supplemental responses at any time and/or produce, at the time of hearing, additional evidence that may be discovered later relating to the matters set forth herein.

**RESPONSE TO INTERROGATORY NO. 16:**

RESPONDING PARTY obtained the role of a sales representative for CAR WASH MANAGEMENT when he started with them. He can't remember when he started, but he worked there only awhile, maybe a year or so. (He will try to find any record that might show when he first started and upon request will supplement this response.) He left the company around May 2024. RESPONDING PARTY had no official title with CAR WASH MANAGEMENT.

**RESPONSE TO INTERROGATORY NO. 17:**

RESPONDING PARTY was employed by ANDREW WILLIAMS via his CAR WASH businesses, and marketed and sold car wash equipment to various customers in southern California, such as gas stations with drive through car washes or car wash stations that had more elaborate equipment. He also helped install and service/repair car wash equipment. He worked independently and maintained a flexible schedule, as he was salaried. He had no ownership interest in any of ANDREW WILLIAMS' companies, and only was made a "member" of one of his LLCs when ANDREW offered that to him as additional salary 'someday' when the company made enough money to bring him in as a stockholder or some percentage of ownership which he did not completely understand. He did see his name as "member" in various places. The company never hit that level of profit, so the expectation of some ownership interest, never

2

materialized. RESPONDING PARTY quit working for WILLIAMS shortly after WILLIAMS refused to pay him back for a loan he had asked for.

**RESPONSE TO INTERROGATORY NO. 18:**

RESPONDING PARTY had no official title with WEST COVINA CAR WASH, other than being referred to as in sales or installation and repair.

**RESPONSE TO INTERROGATORY NO. 19:**

RESPONDING PARTY would travel to business locations in southern California to sell car wash equipment, and worked on installing and servicing various equipment, some at their location, some at their customers'.

**RESPONSE TO INTERROGATORY NO. 20:**

RESPONDING PARTY understood that he had no authority or duties to sign contracts on behalf of CAR WASH MANAGEMENT and WEST COVINA CAR WASH the companies which were owned by ANDREW WILLIAMS in one capacity or another.

**RESPONSE TO INTERROGATORY NO. 21:**

RESPONDING PARTY lacked authority to sign contracts on behalf of CAR WASH MANAGEMENT but as the companies were owned by ANDREW WILLIAMS, when he was asked by ANDREW WILLIAMS, essentially still his boss, to sign company documents (without being given opportunity to read, copy or get legal or any advice about the documents), he did not understand what they were, or in particular, what an Authority and Incumbency Certificate in Exhibit 1 was. He recalls any amounts on the documents he did glance at, being like that amount stated on the first page of Exhibit 1, less than $40,000.00 and believed the documents had something to do with their sales since he was in sales.

ANDREW WILLIAMS approached RESPONDING PARTY with Exhibit 1 while he was working outside on January 8, 2024 around noon alongside at least one other co-worker. WILLIAMS informed RESPONDING PARTY that he needs to sign the forms and said it was just a formality and something he implied he had to, thinking it had something to do with their sales and feeling his employment might be impaired if he questioned ANDREW especially in front of the other employee(s). ANDREW WILLIAMS never gave him a copy or let him read the documents.

3

**RESPONSE TO INTERROGATORY NO. 22:**

Objection, compound. Without waiving the objection in general, see Response to No. 21 RESPONDING PARTY normally worked outside when working with equipment, and that day, along with a coworker by the name of TRAVIS BEAUDOIN who was an "operational manager" for CAR WASH MANAGEMENT.  RESPONDING PARTY and Travis were working outside on January 8, 2024 around noon ANDREW WILLIAMS approached RESPONDING PARTY with Exhibit 1 implying he needed to sign it. Mr. BEAUDOIN witnessed CROSS COMPLAINANT sign Exhibit 1. RESPONDING PARTY also witnessed BEAUDOIN sign another document at that same time, but is unaware as to what that document pertained to and is not familiar with BEAUDOIN's authority. He assumed he had some with his being referred to as a "manager."  RESPONDING PARTY assumed both documents related to sales they were working on.

**RESPONSE TO INTERROGATORY NO. 23:**

RESPONDING PARTY has no recollection of any involvement with cancelling an AVW order and switching it to Washworld, including any communications relating to that transaction.

**RESPONSE TO INTERROGATORY NO. 24:**

RESPONDING PARTY loaned ANDREW WILLIAMS a personal loan once for about $35,000.00 using an advance on his credit card. He has no recollection what ANDREW told him he needed it form, but was assured it would be reimbursed right away. It never was.

**RESPONSE TO INTERROGATORY NO. 25:**

Objection, said request impermissibly requires relation back to other documents in order to determine the call of the question. Without waiving objection, RESPONDING PARTY has made a diligent search and reasonable effort to identify  documents responsive to this request. He can think of only his credit card statements showing the amounts given to ANDREW WILLIAMS. They had no written agreement, only an oral "gentleman's" handshake type of agreement,  and RESPONDING PARTY does not recall there being any kind of text or email thread which would exist relative to this.

4

**RESPONSE TO INTERROGATORY NO. 26:**

Objection, said request impermissibly requires relation back to other documents in order to determine the call of the question, and seeks a legal interpretation and conclusions and opinion to determine the elements of the alleged cause of action pleaded so as to 'refute' all of them. Without waiving objection, RESPONDING PARTY had no actual or perceived management authority, financial authority, contractual authority (except as it related to their selling the equipment to their customers) of any kind, on behalf of any of the said of ANDREW's businesses, or any other duties or obligations or to act on their behalf, except as an employee in sales and sometimes installation or repair. He was merely a 'member' in an LLC which he understood had no ownership implications and he would only become a stockholder with ANDREW once the company's growth hit a certain point and made money, which it never did. He was not given time or opportunity to read what he was asked (impliedly required ) to sign by his employer, to-wit still his 'boss' and never got copies to look at later. He did not know or understand the legal implications of what he was told to sign, thus he had no intention whatsoever to try and 'scam' anyone because he didn't even know that there was going to be a scam by ANDREW. RESPONDING PARTY was as much a victim of ANDREW WILLIAMS as the other parties in this case.

**RESPONSE TO INTERROGATORY NO. 27:**

Objection, said request seeks a legal interpretation and conclusions and opinion to determine the elements of the alleged cause of action pleaded and at this stage without having any discovery information from any other party in this case, this RESPONDING PARTY is not able to identify "all" facts at this, or any time. Without waiving objection, RESPONDING PARTY understands primarily from the other allegations by other parties, since he was not privvy to any of the alleged transactions and subsequent loss of the money, that the Plaintiff made a loan to WILLIAMS and instead of giving WILLIAMS the money, they gave WASHWORLD the money on WILLIAMS' behalf. WASHWORLD did not have an order pending from WILLIAMS or his companies for those funds, but WASHWORLD kept the money anyway, never asked the bank about it, and on their own, decided to apply it to an outstanding invoice WILLIAMS owed them for something entirely different, and then sent the rest of the money to WILLIAMS–not back to the bank. I never knew any of this was happening.



Then WILLIAMS allegedly did not make payments on the loan to the Plaintiff bank and the Plaintiff got mad and tried to sue WILLIAMS and since they can't find him because he is apparently a snake, they are taking this out on WASHWORLD and on me. Again I knew none of this until I was sued. WASHWORLD, by not returning the money to the bank (which it should have done if it didn't know what the money was for when they first got it), they got me on the hook with arguments from the bank that I signed some documents that WILLIAMS got me to sign and are alleging now that I agreed (knowingly) to be responsible for ANDREW WILLIASM or his company's debts, which I most certainly did not. If I end up responsible to the bank, then WASHWORLD should certainly be responsible to me as that was very irresponsible to play with money of this amount so frivolously, and it's only fair (equitable) that they share the burden I shouldn't have in the first place.

**RESPONSE TO INTERROGATORY NO. 28:**

Objection, said request seeks a legal interpretation and conclusions and opinion to determine the elements of the alleged cause of action pleaded and at this stage without having any discovery information from any other party in this case, including the various documents that are believed to be in the possession of each party, that this RESPONDING PARTY has not seen to provide information, or to identify language therein. Further, in the RESPONDING PARTY'S limited knowledge of equitable indemnity, it is understood that this applies since there is no contract between these parties, nor is there any other type of legal form of indemnity applicable, only equitable based on the court's determination of fairness, not contract or documents. Without waiving objection, in the spirit of responding, RESPONDING PARTY is unable to formulate a better response to this question as written.

**RESPONSE TO INTERROGATORY NO. 29:**

See response to No. 21, 22, 26 and 27. I cannot break up what happened by individual statements, or exact dates or communication methods, just the general recollection I have. I do recall in addition however, that at some point just before this lawsuit, I received a call from a Pete Matheny of the bank Ascentium who explained to me that I am being held responsible for some large amount of money on behalf of WILLIAMS and his CAR WASH MANAGEMENT, LLC. WILLIAMS never disclosed to me, any terms and conditions for any agreement with Ascentium so this, and the amount he was alleging was surprising.

6

**RESPONSE TO INTERROGATORY NO. 30:**

Objection, the request impermissibly requires relation back to another document in order to understand the call of the question. Without waiving objection as to Ascentium alleging that I had any intentions at all with the bank, that is categorically false. I did not even know who they were, or what WILLIAMS was doing with them to intend to do anything with them and did not know they were on the documents WILLIAMS made me sign, assuring me it was a formality on something that I understood had to do with our sales. I never got any money. I never saw any money. I never knew there WAS money being sent by the bank to Washworld. I never knew Washworld was sending the money on to WILLIAMS. I never knew WILLIAMS received any money. I never knew he owed the bank any money. I never knew he didn't pay the bank their money. I never kept any money. I never benefitted or profited in any way from this transaction whatsoever.

Discovery is ongoing. If any information has been omitted unintentionally, RESPONDING PARTY reserves the right to amend or supplement these responses or to apply to the Court for relief from such mistake, inadvertence, or excusable neglect.

Respectfully,

LAW OFFICE OF LISA MITTS PATRICK

Dated: _____

LISA MITTS PATRICK, ESQ
Attorney for Defendant

7

## FEDERAL COURT PROOF OF SERVICE

Case No: 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 112 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On 2/20/26, I served true copies of the following document(s):

**RESPONSE OF JOSE RENE ORTIZ TO ASCENTIUM'S SPECIAL INTERROGATORIES, SET ONE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

(X) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmail.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2/20/26, at Fullerton, California.

*Kathleen Micalizzi*

Kathleen Micalizzi

- 15 -

RESPONSE BY ORTIZ TO SPECIAL INTERROGATORIES FROM ASCENTIUM

## SERVICE LIST

Case No: 2:25-cv-00359 Andrew K. Alper, Esq.
FRANDZEL, ROBINS, BLOOM and CSATO
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017-2427

Phone: 323-852-1000
Fax: 325-651-2577
Email: aalper@franzel.com
trobins@franzel.com


Attorney for Plaintiff

Xitlaly Estrada (SBN 333403)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310-979-8430
Email: *xestrada@bakerlaw.com*
*aclaypool@bakerlaw.com*

*Attorney for Defendant* WASHWORLD, INC.

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago , IL 60606
Telephone: 312-416-6200
Email: *mgannon@bakerlaw.com*
*kwalton@bakerlaw.com*

Attorney for Defendant WASHWORLD, INC.

- 16 -

RESPONSE BY ORTIZ TO SPECIAL INTERROGATORIES FROM ASCENTIUM

VERIFICATION - C.C.P. §446 and C.C.P. §2015.5

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, declare:  I am the defendant/cross complainant in the above entitled action;  I have read the foregoing DEFENDANT/CROSS COMPLAINANT RENE JOSE ORTIZ' RESPONSES TO INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF REGIONS BANK, dba ASCENTIUM, know the contents thereof; and the same is true of my own knowledge, except as to matters which are therein stated upon my information and belief, and as to those matters, I believe it to be true.

I certify (or declare) under penalty of perjury under the laws of the state of California, that the foregoing is true and correct.

February 20, 2026
_____
Dated

_____
Signature of Declarant

RENE JOSE ORTIZ
_____
Type or Print Full Name

Exhibit B

Lisa Mitts Patrick, ESQ. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
112 E. Amerige Ave, Suite 313
Fullerton, CA 92832
Phone: 714-990-3693 / Fax: 657-234-0012
Email: lolmp2021@gmail.com

Attorney for Defendant,
Cross Complainant, JOSE RENE ORTIZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL | Case No: 2:25-CV-00359 |
| Plaintiff, | JOSE RENE ORTIZ RESPONSE TO WASHWORLD, INC.'S INTERROGATORIES, SET ONE |
| vs. | |
| CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ aka JOSE ORTIZ, an individual, ANDREW WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, | |
| Defendants, | |
| JOSE RENE ORTIZ, | |
| Cross Complainant, | |
| vs. | |
| ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WASHWORLD, INC., a Wisconsin Corporation, and ROES 1 to 35, inclusive, | |
| Cross Defendants | |

AND OTHER RELATED CROSS ACTIONS

1

REQUESTING PARTY:    WASHWORLD, INC

RESPONDING PARTY:    JOSE RENE ORTIZ

SET NO:                          ONE (Q#16-30)

RESPONDING PARTY, DEFENDANT/CROSS COMPLAINANT JOSE RENE ORTIZ, provides the following responses to WASHWORLD, INC.'S Interrogatories (Set One). RESPONDING PARTY has not completed discovery, his investigation of facts relating to this case, or his preparation for hearing. Consequently, the following Responses are given without prejudice to RESPONDING PARTY's right to produce supplemental responses at any time and/or produce, at the time of hearing, additional evidence that may be discovered later relating to the matters set forth herein.

**RESPONSE TO INTERROGATORY NO. 16:**

RESPONDING PARTY obtained the role of a sales representative for CAR WASH MANAGEMENT when he started with them. He can't remember when he started, but he worked there only awhile, maybe a year or so. (He will try to find any record that might show when he first started and upon request will supplement this response.) He left the company around May 2024. RESPONDING PARTY had no official title with CAR WASH MANAGEMENT.

**RESPONSE TO INTERROGATORY NO. 17:**

RESPONDING PARTY was employed by ANDREW WILLIAMS via his CAR WASH businesses, and marketed and sold car wash equipment to various customers in southern California, such as gas stations with drive through car washes or car wash stations that had more elaborate equipment. He also helped install and service/repair car wash equipment. He worked independently and maintained a flexible schedule, as he was salaried. He had no ownership interest in any of ANDREW WILLIAMS' companies, and only was made a "member" of one of his LLCs when ANDREW offered that to him as additional salary 'someday' when the company made enough money to bring him in as a stockholder or some percentage of ownership which he did not completely understand. He did see his name as "member" in various places. The company never hit that level of profit, so the expectation of some ownership interest, never

2

materialized. RESPONDING PARTY quit working for WILLIAMS shortly after WILLIAMS refused to pay him back for a loan he had asked for.

**RESPONSE TO INTERROGATORY NO. 18:**

RESPONDING PARTY had no official title with WEST COVINA CAR WASH, other than being referred to as in sales or installation and repair.

**RESPONSE TO INTERROGATORY NO. 19:**

RESPONDING PARTY would travel to business locations in southern California to sell car wash equipment, and worked on installing and servicing various equipment, some at their location, some at their customers'.

**RESPONSE TO INTERROGATORY NO. 20:**

RESPONDING PARTY understood that he had no authority or duties to sign contracts on behalf of CAR WASH MANAGEMENT and WEST COVINA CAR WASH the companies which were owned by ANDREW WILLIAMS in one capacity or another.

**RESPONSE TO INTERROGATORY NO. 21:**

RESPONDING PARTY lacked authority to sign contracts on behalf of CAR WASH MANAGEMENT but as the companies were owned by ANDREW WILLIAMS, when he was asked by ANDREW WILLIAMS, essentially still his boss, to sign company documents (without being given opportunity to read, copy or get legal or any advice about the documents), he did not understand what they were, or in particular, what an Authority and Incumbency Certificate in Exhibit 1 was. He recalls any amounts on the documents he did glance at, being like that amount stated on the first page of Exhibit 1, less than $40,000.00 and believed the documents had something to do with their sales since he was in sales.

ANDREW WILLIAMS approached RESPONDING PARTY with Exhibit 1 while he was working outside on January 8, 2024 around noon alongside at least one other co-worker. WILLIAMS informed RESPONDING PARTY that he needs to sign the forms and said it was just a formality and something he implied he had to, thinking it had something to do with their sales and feeling his employment might be impaired if he questioned ANDREW especially in front of the other employee(s). ANDREW WILLIAMS never gave him a copy or let him read the documents.

3

**RESPONSE TO INTERROGATORY NO. 22:**

Objection, compound. Without waiving the objection in general, see Response to No. 21 RESPONDING PARTY normally worked outside when working with equipment, and that day, along with a coworker by the name of TRAVIS BEAUDOIN who was an "operational manager" for CAR WASH MANAGEMENT. RESPONDING PARTY and Travis were working outside on January 8, 2024 around noon ANDREW WILLIAMS approached RESPONDING PARTY with Exhibit 1 implying he needed to sign it. Mr. BEAUDOIN witnessed CROSS COMPLAINANT sign Exhibit 1. RESPONDING PARTY also witnessed BEAUDOIN sign another document at that same time, but is unaware as to what that document pertained to and is not familiar with BEAUDOIN's authority. He assumed he had some with his being referred to as a "manager." RESPONDING PARTY assumed both documents related to sales they were working on.

**RESPONSE TO INTERROGATORY NO. 23:**

RESPONDING PARTY has no recollection of any involvement with cancelling an AVW order and switching it to Washworld, including any communications relating to that transaction.

**RESPONSE TO INTERROGATORY NO. 24:**

RESPONDING PARTY loaned ANDREW WILLIAMS a personal loan once for about $35,000.00 using an advance on his credit card. He has no recollection what ANDREW told him he needed it form, but was assured it would be reimbursed right away. It never was.

**RESPONSE TO INTERROGATORY NO. 25:**

Objection, said request impermissibly requires relation back to other documents in order to determine the call of the question. Without waiving objection, RESPONDING PARTY has made a diligent search and reasonable effort to identify documents responsive to this request. He can think of only his credit card statements showing the amounts given to ANDREW WILLIAMS. They had no written agreement, only an oral "gentleman's" handshake type of agreement, and RESPONDING PARTY does not recall there being any kind of text or email thread which would exist relative to this.

4

**RESPONSE TO INTERROGATORY NO. 26:**

Objection, said request impermissibly requires relation back to other documents in order to determine the call of the question, and seeks a legal interpretation and conclusions and opinion to determine the elements of the alleged cause of action pleaded so as to 'refute' all of them. Without waiving objection, RESPONDING PARTY had no actual or perceived management authority, financial authority, contractual authority (except as it related to their selling the equipment to their customers) of any kind, on behalf of any of the said of ANDREW's businesses, or any other duties or obligations or to act on their behalf, except as an employee in sales and sometimes installation or repair. He was merely a 'member' in an LLC which he understood had no ownership implications and he would only become a stockholder with ANDREW once the company's growth hit a certain point and made money, which it never did. He was not given time or opportunity to read what he was asked (impliedly required ) to sign by his employer, to-wit still his 'boss' and never got copies to look at later. He did not know or understand the legal implications of what he was told to sign, thus he had no intention whatsoever to try and 'scam' anyone because he didn't even know that there was going to be a scam by ANDREW. RESPONDING PARTY was as much a victim of ANDREW WILLIAMS as the other parties in this case.

**RESPONSE TO INTERROGATORY NO. 27:**

Objection, said request seeks a legal interpretation and conclusions and opinion to determine the elements of the alleged cause of action pleaded and at this stage without having any discovery information from any other party in this case, this RESPONDING PARTY is not able to identify "all" facts at this, or any time. Without waiving objection, RESPONDING PARTY understands primarily from the other allegations by other parties, since he was not privvy to any of the alleged transactions and subsequent loss of the money, that the Plaintiff made a loan to WILLIAMS and instead of giving WILLIAMS the money, they gave WASHWORLD the money on WILLIAMS' behalf. WASHWORLD did not have an order pending from WILLIAMS or his companies for those funds, but WASHWORLD kept the money anyway, never asked the bank about it, and on their own, decided to apply it to an outstanding invoice WILLIAMS owed them for something entirely different, and then sent the rest of the money to WILLIAMS–not back to the bank. I never knew any of this was happening.

5

Then WILLIAMS allegedly did not make payments on the loan to the Plaintiff bank and the Plaintiff got mad and tried to sue WILLIAMS and since they can't find him because he is apparently a snake, they are taking this out on WASHWORLD and on me. Again I knew none of this until I was sued. WASHWORLD, by not returning the money to the bank (which it should have done if it didn't know what the money was for when they first got it), they got me on the hook with arguments from the bank that I signed some documents that WILLIAMS got me to sign and are alleging now that I agreed (knowingly) to be responsible for ANDREW WILLIASM or his company's debts, which I most certainly did not. If I end up responsible to the bank, then WASHWORLD should certainly be responsible to me as that was very irresponsible to play with money of this amount so frivolously, and it's only fair (equitable) that they share the burden I shouldn't have in the first place.

**RESPONSE TO INTERROGATORY NO. 28:**

Objection, said request seeks a legal interpretation and conclusions and opinion to determine the elements of the alleged cause of action pleaded and at this stage without having any discovery information from any other party in this case, including the various documents that are believed to be in the possession of each party, that this RESPONDING PARTY has not seen to provide information, or to identify language therein. Further, in the RESPONDING PARTY'S limited knowledge of equitable indemnity, it is understood that this applies since there is no contract between these parties, nor is there any other type of legal form of indemnity applicable, only equitable based on the court's determination of fairness, not contract or documents. Without waiving objection, in the spirit of responding, RESPONDING PARTY is unable to formulate a better response to this question as written.

**RESPONSE TO INTERROGATORY NO. 29:**

See response to No. 21, 22, 26 and 27. I cannot break up what happened by individual statements, or exact dates or communication methods, just the general recollection I have. I do recall in addition however, that at some point just before this lawsuit, I received a call from a Pete Matheny of the bank Ascentium who explained to me that I am being held responsible for some large amount of money on behalf of WILLIAMS and his CAR WASH MANAGEMENT, LLC. WILLIAMS never disclosed to me, any terms and conditions for any agreement with Ascentium so this, and the amount he was alleging was surprising.

6

## RESPONSE TO INTERROGATORY NO. 30:

Objection, the request impermissibly requires relation back to another document in order to understand the call of the question. Without waiving objection as to Ascentium alleging that I had any intentions at all with the bank, that is categorically false. I did not even know who they were, or what WILLIAMS was doing with them to intend to do anything with them and did not know they were on the documents WILLIAMS made me sign, assuring me it was a formality on something that I understood had to do with our sales. I never got any money. I never saw any money. I never knew there WAS money being sent by the bank to Washworld. I never knew Washworld was sending the money on to WILLIAMS. I never knew WILLIAMS received any money. I never knew he owed the bank any money. I never knew he didn't pay the bank their money. I never kept any money. I never benefitted or profited in any way from this transaction whatsoever.

Discovery is ongoing. If any information has been omitted unintentionally, RESPONDING PARTY reserves the right to amend or supplement these responses or to apply to the Court for relief from such mistake, inadvertence, or excusable neglect.

Respectfully,

LAW OFFICE OF LISA MITTS PATRICK

Dated: 2/6/24

LISA MITTS PATRICK, ESQ
Attorney for Defendant

7

# FEDERAL COURT PROOF OF SERVICE

Case No: 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 112 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On 2/6/26, I served true copies of the following document(s):

**RESPONSE OF JOSE RENE ORTIZ TO WASHWORLD'S SPECIAL INTERROGATORIES, SET ONE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

(X ) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmail.com to the persons at the e-email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2/6/26, at Fullerton, California.

*Kathleen Micalizzi*

Kathleen Micalizzi

8

## SERVICE LIST

Case No: 2:25-cv-00359

Andrew K. Alper, Esq.
FRANDZEL, ROBINS, BLOOM and CSATO
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017-2427

Phone: 323-852-1000
Fax: 325-651-2577
Email: aalper@franzel.com
trobins@franzel.com


Attorney for Plaintiff


Xitlaly Estrada (SBN 333403)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310-979-8430
Email: *xestrada@bakerlaw.com*
*aclaypool@bakerlaw.com*

*Attorney for Defendant* WASHWORLD, INC.


Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago , IL 60606
Telephone: 312-416-6200
Email: *mgannon@bakerlaw.com*
*kwalton@bakerlaw.com*

Attorney for Defendant WASHWORLD, INC.

VERIFICATION – C.C.P. §446 and C.C.P. §2015.5

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, declare:  I am the Defendant/Cross Complainant in the above entitled action;  I have read the foregoing DEFENDANT/CROSS COMPLAINANT RENE JOSE ORTIZ' RESPONSES TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT/CROSS COMPLAINANT WASHWORLD, INC. know the contents thereof; and the same is true of my own knowledge, except as to matters which are therein stated upon my information and belief, and as to those matters, I believe it to be true.

I certify (or declare) under penalty of perjury under the laws of the state of California, that the foregoing is true and correct.

February 6, 2026
Dated

Signature of Declarant

RENE JOSE ORTIZ
Type or Print Full Name

Exhibit C

Lisa Mitts Patrick, ESQ. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
112 E. Amerige Ave, Suite 313
Fullerton, CA 92832
Phone: 714-990-3693 / Fax: 657-234-0012
Email: lolmp2021@gmail.com

Attorney for Defendant,
Cross Complainant, JOSE RENE ORTIZ

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

REGIONS BANK, an Alabama State Bank dba
ASCENTIUM CAPITAL

               Plaintiff,

vs.

CAR WASH MANAGEMENT, LLC, a
Delaware Limited Liability Company, CAR
WASH MANAGEMENT, LLC, a Hawaii
Limited Liability Company, WEST COVINA
CAR WASH LLC, a California Limited
Liability Company, JOSE RENE ORTIZ, aka
JOSE R. ORTIZ aka JOSE ORTIZ, an
individual, ANDREW WILLIAMS, aka
ANDREW P. WILLIAMS, aka ANDREW
WILLIAMS, an individual, WASHWORLD,
INC., a Wisconsin Corporation, DOES 1-100, inclusive,

               Defendants,

------------------------------------------------------------

JOSE RENE ORTIZ,
               Cross Complainant,

vs.

ANDREW PAUL WILLIAMS, aka
ANDREW P. WILLIAMS, aka ANDREW
WILLIAMS, an individual, CAR WASH
MANAGEMENT, LLC, a Delaware Limited
Liability Company, CAR WASH MANAGEMENT,
LLC, a Hawaii Limited Liability Company,
WASHWORLD, INC., a Wisconsin Corporation,
and ROES 1 to 35, inclusive,

               Cross Defendants

------------------------------------------------------------

AND OTHER RELATED CROSS ACTIONS

------------------------------------------------------------

Case No: 2:25-CV-00359

JOSE RENE ORTIZ RESPONSE
TO ANDREW WILIAMS'
INTERROGATORIES, SET ONE

1

REQUESTING PARTY:  ANDREW WILLIAMS

RESPONDING PARTY:  JOSE RENE ORTIZ

SET NO:                    ONE (Q#1-25)

RESPONDING PARTY, DEFENDANT/CROSS COMPLAINANT, CROSS DEFENDANT JOSE RENE ORTIZ, provides the following responses to ANDREW WILLIAMS' Interrogatories (Set One). RESPONDING PARTY has not completed discovery, his investigation of facts relating to this case, or his preparation for hearing. Consequently, the following Responses are given without prejudice to RESPONDING PARTY's right to produce supplemental responses at any time and/ or produce, at the time of hearing, additional evidence that may be discovered later relating to the matters set forth herein.

Further the questions are broadly objected to on the basis of FRCP §26(b)1 and other authority, that while each party may have the right to obtain discovery of any non privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case and considering the applicable factors, including questions directed at the RESPONDING PARTY'S wife and Living Trust (his Will/Estate plans) these questions including the extraordinary number of requests and demands in this and other concurrently served discovery from this PROPOUNDING PARTY (Andrew Williams) all questions are violative of this rule, and designed solely to harass and annoy the RESPONDING PARTY who is the former employee of WILLIAMS' his former boss.

**RESPONSE TO INTERROGATORY NO. 1:**

RESPONDING PARTY objects specifically to this question as it seeks his personal bank account information which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data and bank information is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to

2

annoy and harrass the requesting party's former business employee/associate.

**RESPONSE TO INTERROGATORY NO. 2:**

RESPONDING PARTY objects specifically to this question seeking any financial information related in any way to his wife Maria Ortiz which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S wife and any questions relating to her in any way, is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harrass the requesting party's former business employee/associate.

**RESPONSE TO INTERROGATORY NO. 3:**

Paycheck as employee only and occasional reimbursement from travel on CWM/Williams' behalf to install/facilitate installation of customer equipment. RESPONDING PARTY also received periodic commission type payments (he recalls approximately 4%) when chemical products were sold to RESPONDING PARTY's "customers" that he did work for in installations/field work. See CWM records re amounts paid. RESPONDING PARTY has no recollection of amounts, other than the amount of approximately $42,000.00 from RESPONDING PARTY'S personal assets/credit card was paid on behalf of/for WILLIAMS to cover some business expense, and is now a debt that neither WILLIAMS, nor CWM has repaid.

**RESPONSE TO INTERROGATORY NO. 4:**

RESPONDING PARTY objects specifically to this question as it seeks his personal financial and asset information which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data and bank information is beyond the scope of reasonable

3

discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harrass the requesting party's former business employee/associate._

**RESPONSE TO INTERROGATORY NO. 5:**

Objection vague, overbroad and confusing as it misstates facts that RESPONDING PARTY was ever "active operational manager of CWM" and is therefore unanswerable as asked. Without waiving objection, RESPONDING PARTY left CWM approximately May of 2024 when he realized the lies and other shady things he knew, and had heard WILLIAMS was doing that was not proper including that CWM/Williams wasn't paying the payroll taxes that were being deducted from the paychecks, nor funding the 401Ks with deductions. No communications are identifiable except an email RESPONDING PARTY recalls writing to Williams to advise he did not want any part of his shady businesses any more relative to his discontinuing service there. There were no writings known relating to this to address his alleged interest in CWM or any other of Williams' companies.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection calls for speculation and is vague and overbroad. Without waiving objection, almost all customers brought by RESPONDING PARTY to CWM stayed with CWM to RESPONDING PARTY'S knowledge, except for Washworld, and H & S Energy who invited RESPONDING PARTY to come work for them (as they had informed him they no longer trusted to work with CWM or Williams based on past experiences and other information circulating in the industry.) Also, employee of CWM "Frank" ultimately went to H & S. He was not 'taken.' (RESPONDING PARTY has no interest in any other businesses.)

**RESPONSE TO INTERROGATORY NO. 7:**

Objection, asked and answered. RESPONDING PARTY objects specifically to this question as it seeks his personal employment financial data and terms of employment which is confidential and which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo

4

REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harrass the requesting party's former business employee/associate. Without waiving objection, RESPONDING PARTY is compensated only as an employee. See prior answer to questions herein.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection, vague, confusing and assumes facts that are mistaken. The question is unanswerable as phrased. . Without waiving the objection, RESPONDING PARTY does not know who PETE MATHENY is by name. He spoke to a bank representative (possibly said person) once by phone who called him out of the blue, unsure how he got his number, asking that RESPONDING PARTY "get on" Andrew Williams and his company CWM to start making payments (or resume them) on the loan to the bank. The other names are unknown in this context "The Yostina Inc., Petit Auto Wash or Zavaro.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection, the question seeks to impermissibly invade the confidentiality of the Attorney Client Privilege relating to communications which are also objectionably beyond the scope of discovery and not a proper subject of this case. The inquiry is not a  non privileged matter that is relevant to any party's claim or defense <u>and</u> proportional to the needs of the case and considering the appropriate factors per FRCP §26(b)1.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection, calls for speculation. This RESPONDING PARTY has no knowledge about what Washworld did with the loan proceeds, nor that they even got any loan proceeds,  other than has been disclosed to him by other parties in this case.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection, asked and answered. RESPONDING PARTY objects specifically to this question as it seeks his personal financial data which is confidential and which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware),

5

Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harrass the requesting party's former business employee/associate.

**RESPONSE TO INTERROGATORY NO. 12:**

RESPONDING PARTY never knowingly had any control of anything related to CWM's finances. That was Andrew Williams and Travis Beaudoin's domain. At one time RESPONDING PARTY was told he was going to have online access to the account at possibly Bank of America, but never received the password and never in any event, accessed any of CWM's finances.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection, vague, overbroad, impermissibly calls for legal analysis and conclusion and requires relation back to other documents. Without waiving objection, CWM was ANDREW WILLIAMS' company. It always was. RESPONDING PARTY was a mere employee and working primarily in field installations of car wash equipment, (occasionally doing sales when installation customers thought highly of him and his work). He was not knowingly involved in the transaction. RESPONDING PARTY knew almost nothing about it or there had actually been a loan until getting a call from the BANK that WILLIAMS /CWM has not paid on the loan. He was not aware he had allegedly agreed by some signature, to be responsible for the loan in any way whatsoever, especially if it meant if ANDREW WILLIAMS FAILED TO PAY, AS BY THIS TIME RESPONDING PARTY WAS LEARNING OF WILLIAMS' shady business practices and his money troubles. By then, WILLIAMS who informed RESPONDING PARTY the company was running out of money, begged RESPONDING PARTY to use his own credit card to pay vendors twice, which he did, with assurances he would be repaid as soon as the

6

company had a profit. That never occurred and that debt to RESPONDING PARTY is still outstanding.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection, the question seeks to impermissibly invade the confidentiality of the Attorney Client Privilege relating to communications which are also objectionably beyond the scope of discovery and not a proper subject of this case. The inquiry is not a non privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case and considering the appropriate factors per FRCP §26(b)1 and is meant only to harass, annoy and delay the proceedings.

**RESPONSE TO INTERROGATORY NO. 15:**

RESPONDING PARTY objects specifically to this question as it seeks his personal financial data and estate plans (his will/ Living Trust) which is confidential and which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harass the requesting party's former business employee/associate. Without waiving objection, while there is no established obligation of RESPONDING PARTY to disclose his Estate plans to anyone, ironically, it was WILLIAMS who first mentioned to RESPONDING PARTY in casual conversation that he might want to consider setting up an Estate Plan Living Trust, suggesting WILLIAMS knew what he was doing in setting the RESPONDING PARTY up to take a fall when he failed to pay the loan thinking that a Living Trust might protect ORTIZ' assets; however he should know that a Living Trust does not do that.

///

7

**RESPONSE TO INTERROGATORY NO. 16:**

RESPONDING PARTY objects specifically to this question as it seeks his personal financial data and estate plans (his will/ Living Trust) which is confidential and which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harass the requesting party's former business employee/associate. Without waiving objection, there is no established obligation of RESPONDING PARTY to disclose his Estate plans to anyone.

**RESPONSE TO INTERROGATORY NO. 17:**

Yes.

**RESPONSE TO INTERROGATORY NO. 18:**

RESPONDING PARTY objects specifically to this question as it seeks his personal financial data and estate plans (his will/ Living Trust) which is confidential and which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harass the requesting party's former business employee/associate.

**RESPONSE TO INTERROGATORY NO. 19:**

RESPONDING PARTY objects specifically to this question as it seeks his personal financial data and estate plans (his will/ Living Trust) which is confidential and which is not

8

relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harass the requesting party's former business employee/associate.

**RESPONSE TO INTERROGATORY NO. 20:**

RESPONDING PARTY objects specifically to this question as it seeks his personal financial data and estate plans (his will/ Living Trust) which is confidential and which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harass the requesting party's former business employee/associate.

**RESPONSE TO INTERROGATORY NO. 21:**

RESPONDING PARTY objects specifically to this question as it seeks his personal financial data and estate plans (his will/ Living Trust) which is confidential and which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf, and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues, RESPONDING PARTY'S personal financial data is beyond the scope of

reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harass the requesting party's former business employee/associate.

**RESPONSE TO INTERROGATORY NO. 22:**

No.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection, vague and overbroad, mistakenly assumes facts that RESPONDING PARTY knew of WILLIAMS' alleged bankruptcy, and seeks information equally if not more readily available to the asking party. Without waiving objection, no written communications that RESPONDING PARTY recalls with WILLIAMS in the referenced time period.

**RESPONSE TO INTERROGATORY NO. 24:**

Objection, vague, overbroad, impermissibly calls for legal analysis and conclusion and requires relation back to other documents. RESPONDING PARTY has also not completed trial preparations, and all discovery in the case not been complete such that answering "all" is objectionable. Without waiving objection, CWM was ANDREW WILLIAMS' company. It always was. RESPONDING PARTY was a mere employee and working primarily in field installations of car wash equipment, (occasionally doing sales when installation customers thought highly of him and his work). Prior to working with CWM, he worked in installations at the same company for over 27 years. He was never an owner of anything though he and Travis Beaudoin understood they were made members of CWM in a small percentage. He did not pay anything to invest, nor was he given any profits from the company, nor any accountings about its financial condition. He was never knowingly involved any "restructure" and certainly never had an 80% share in WILLIAMS' LLC. From WILLIAMS' own statements in his pleadings, (and those of his bankruptcy), he confirmed he was the owner, and suggested that what really happened was "cooked up" by the BANK through MATHENY and WILLIAMS so he could qualify for the loan. There was no "restructure" that RESPONDING PARTY knew about. RESPONDING PARTY was not knowingly involved in the transaction. RESPONDING PARTY knew almost nothing

10

about it at all or that there had actually been a loan until getting a call from the BANK one day that WILLIAMS /CWM has not paid on the loan and encouraging him to do so lest they go after him. He was not aware he had allegedly agreed by some signature, procured by WILLIAMS under false pretenses, to be responsible for the loan in any way whatsoever, especially if it meant if ANDREW WILLIAMS FAILED TO PAY it . By this time, RESPONDING PARTY WAS learning of WILLIAMS' shady business practices and his money troubles. By then, WILLIAMS who informed RESPONDING PARTY the company was running out of money, begged RESPONDING PARTY to use his own credit card to pay vendors twice, (over $30,000.00) which he did, with assurances he would be repaid as soon as the company had enough money.  That never occurred and that debt to RESPONDING PARTY is still outstanding. As such, WILLIAMS and his company CWM who received the money, or others on their behalf (i.e. WASHWORLD) owes the BANK and by not paying it has breached his fiduciary duty to the company and its employees. WILLIAMS as RESPONDING PARTY's boss, and never an equal or lesser partner in any of his businesses, by falsehoods, misrepresentations, among other acts or omissions is responsible for all alleged damages, under all causes of actions and theories submitted in this action.

**RESPONSE TO INTERROGATORY NO. 25:**

RESPONDING PARTY objects specifically to this question as it seeks his personal financial data  which is confidential and which is not relevant nor proportional to the subject at hand, to-wit in short, whether Car Wash Management, LLC (Delaware), Williams' company took out a loan from the Plaintiff bank, received the funds either directly or on their behalf,  and failed to repay the loan and thus whether it, or its principals should be held responsible for repayment. Even arguendo REQUESTING PARTY's "Answer" raises new issues,  RESPONDING PARTY'S personal financial data is beyond the scope of reasonable discovery, is not proportional to the needs of the parties to address the relevant subject issues and is designed to annoy and harass the requesting party's former business employee/associate.

11

Discovery is ongoing. If any information has been omitted unintentionally, RESPONDING PARTY reserves the right to amend or supplement these responses or to apply to the Court for relief from such mistake, inadvertence, or excusable neglect.

Respectfully,

LAW OFFICE OF LISA MITTS PATRICK

Dated: _____7/9/26_____

_____

LISA MITTS PATRICK, ESQ

Attorney for Defendant /Cross Complainant/Cross Defendant, JOSE RENE ORTIZ

12

## FEDERAL COURT PROOF OF SERVICE

Case No: 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 112 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On 7/10/26, I served true copies of the following document(s):

## RESPONSE OF JOSE RENE ORTIZ TO
## WILLIAMS INTERROGATORIES, SET ONE

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

(X ) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmail.com to the persons at the e-email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

13

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 7/10/26, at Fullerton, California.

*Kathleen Micalizzi*

Kathleen Micalizzi

14

SERVICE LIST

Case No: 2:25-cv-00359

Andrew K. Alper, Esq.

FRANDZEL, ROBINS, BLOOM and CSATO

1000 Wilshire Blvd., 19th Floor

Los Angeles, CA 90017-2427

Phone: 323-852-1000

Fax: 325-651-2577

Email: aalper@franzel.com

Attorney for Plaintiff, Cross Defendant, REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL

Xitlaly Estrada (SBN 333403)

Ava Claypool (SBN 327059)

**Baker & Hostetler LLP**

1900 Avenue of the Stars, Suite 2700

Los Angeles, CA 90067-4301

Telephone: 310-979-8430

Email: *xestrada@bakerlaw.com*

*aclaypool@bakerlaw.com*

*Attorneys for* WASHWORLD, INC.

Michael D. Gannon (*pro hac vice*)

Katharine H. Walton (*pro hac vice*)

**Baker & Hostetler LLP**

One North Wacker Drive, Suite 3700

Chicago, IL 60606

Telephone: 312-416-6200

Email: *mgannon@bakerlaw.com*

15

Thomas D. Sands, Esq (SBN 279020)    *Attorneys for* CAR WASH
**THE SANDS LAW GROUP, APLC**    MANAGEMENT, LLC

205 S. Broadway, Suite 608

Los Angeles, CA 90012

Tel: (213) 788-4412

Email: info@tslg.law


Andrew Williams    Pro Se

12641 Antioch Rd. Suite # 1045

Overland Park, KS 66213-1701

andrew@carwashmgmt.com

16

VERIFICATION - C.C.P. §446 and C.C.P. §2015.5

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, declare:  I am the Defendant, Cross Complainant and Cross Defendant in the above entitled action;  I have read the foregoing **JOSE RENE ORTIZ' RESPONSES TO INTERROGATORIES SET ONE FROM ANDREW WILLIAMS** know the contents thereof; and the same is true of my own knowledge, except as to matters which are therein stated upon my information and belief, and as to those matters, I believe it to be true.

I certify (or declare) under penalty of perjury under the laws of the state of California, that the foregoing is true and correct.

7/10/26
_____

Dated

_____
Signature of Declarant

_____
Type or Print Full Name