Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-00359-CAS-KSx<br><br>**ANDREW P. WILLIAMS'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED PLEADING (DKT. 199)**<br><br>Hearing: July 27, 2026, 10:00 a.m.<br><br>Hon. Christina A. Snyder |

1

REPLY IN SUPPORT OF MOTION FOR LEAVE (DKT. 199)

## INTRODUCTION

Williams moves for leave to file a fraud-focused Second Amended pleading (Dkt. 199-1, lodged). The Court set Dkt. 199 for a combined hearing on July 27, 2026, together with Washworld's Motion for Summary Judgment (Dkt. 192) and Motion to Dismiss (Dkt. 194) (Dkt. 201). Washworld filed a Response to the leave motion on July 10, 2026 (Dkt. 207). This reply is due July 17, 2026.

Williams does not withdraw Dkt. 199. He asks the Court to defer ruling on leave until after the Court resolves Dkts. 192 and 194 and until related bankruptcy-court proceedings affecting estate standing are adjudicated. Deferral is the most efficient use of the Court's single July 27 calendar block and aligns with Williams's opposition to Dkt. 194.

Washworld's Response is a soft oppose. Washworld spends most of its brief on conferral chronology and then asks that, if leave is granted, the Court impose finality conditions, including with-prejudice dismissal of prior claims against Washworld. Those conditions are premature on a deferral request. The Court need not grant, deny, or condition leave today. It should hold the motion.

Deferral is not an admission that Dkt. 186 is deficient. Williams filed Dkt. 199 to sharpen fraud theories already pled. Deferral simply avoids deciding whether to supersede Dkt. 186 before the Court knows whether Dkt. 186 survives dispositive attack.

## LEGAL STANDARD

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Foman, 371 U.S. at 182. The Ninth Circuit applies Rule 15's policy with extreme liberality. DCD Programs, 833 F.2d

2

REPLY IN SUPPORT OF MOTION FOR LEAVE (DKT. 199)

at 186. Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption in favor of granting leave. Eminence Capital, 316 F.3d at 1052.

Nothing in Rule 15 requires immediate resolution of a leave motion when related dispositive motions and collateral proceedings will materially affect the operative pleading and the amendment record. The Court retains discretion to sequence rulings for efficiency.

## ARGUMENT

### I. THE COURT SHOULD DEFER RULING ON DKT. 199 UNTIL AFTER DKTS. 192 AND 194

Dkt. 201 already consolidated briefing and hearing on Dkts. 192, 194, and 199. Washworld's MSJ and MTD target Williams's First Amended pleading (Dkt. 186). If leave is granted, Dkt. 186 will be superseded. If leave is denied, Williams remains on Dkt. 186. Either way, the Court cannot intelligently assess prejudice and futility on Dkt. 199 without knowing whether Dkt. 186 survives Dkts. 192 and 194.

Williams's opposition to Dkt. 194 asks the Court to deny dismissal without prejudice pending Dkt. 199, or defer Dkt. 194 until after the Rule 15 hearing. The same scheduling logic applies here in reverse: defer Dkt. 199 until after the Court sees the outcome of Dkts. 192 and 194.

Granting or denying leave on July 27 before ruling on Dkts. 192 and 194 would waste judicial resources. Opponents would brief Dkt. 186, then immediately confront a new lodged pleading, or would obtain dismissal of a pleading Williams seeks to amend. Sequential resolution avoids that whipsaw.

REPLY IN SUPPORT OF MOTION FOR LEAVE (DKT. 199)

## II. DEFERRAL IS ALSO WARRANTED PENDING CHAPTER 7 REOPEN AND ABANDONMENT PROCEEDINGS

On July 16, 2026, Williams filed motions in Case No. 24-03761-CL7 to reopen his Chapter 7 case under 11 U.S.C. section 350(b) and to compel abandonment under section 554(b). Those motions and supporting papers are Documents 20 through 25 on the bankruptcy docket. Declaration paragraphs 7-8.

Several claims in Dkt. 186 and the proposed Second Amended pleading implicate estate property and standing. See Dunmore, 358 F.3d at 1112. Deciding Rule 15 leave before the bankruptcy court acts on reopen and abandonment risks inconsistent rulings on the same property interests.

A short deferral until the bankruptcy court rules on those pending motions serves justice under Foman and avoids prejudice to all parties.

## III. WASHWORLD'S SOFT OPPOSE DOES NOT REQUIRE ADJUDICATING LEAVE OR IMPOSING WITH-PREJUDICE CONDITIONS TODAY

Washworld does not demand outright denial as its primary ask. It narrates paper service and meet-and-confer timing (Dkt. 207; Dkt. 207-1), invokes the Foman factors, and then asks that any grant of leave be Williams's last amendment opportunity and that prior claims against Washworld be dismissed with prejudice. Dkt. 207.

Those conditions are not ripe on a deferral request. Williams is not asking the Court to grant leave today. The Court therefore need not decide whether this amendment is "final," whether prior pleadings should be locked with prejudice, or whether any theory in Dkt. 199-1 is futile.

Washworld's conferral chronology does not change the sequencing point. Even if Washworld spent resources preparing motions against Dkt. 186, that history

REPLY IN SUPPORT OF MOTION FOR LEAVE (DKT. 199)

supports careful sequencing, not an immediate leave ruling coupled with a with-prejudice lock. A meet-and-confer on the then-operative pleading does not freeze Williams from seeking leave to sharpen fraud theories already pled, and it does not entitle Washworld to a with-prejudice lock as the price of a deferral. Deferral prevents further whipsaw briefing while Dkts. 192 and 194 remain pending. Williams disputes any suggestion of bad faith or dilatory motive. Dkt. 199 was filed to sharpen fraud theories already present in Dkt. 186, not to sandbag Washworld. The Court need not resolve that dispute to hold the motion. Williams also notes that Washworld and Ascentium continue to rely on discovery materials Williams has not received despite signing the Protective Order (Dkt. 115). Declaration paragraphs 3-6. The Court should not decide contested Foman prejudice factors on an incomplete, asymmetric record while holding the leave motion.

Williams expressly objects to Washworld's proposed with-prejudice dismissal of prior claims and to any "final amendment" finding entered as a condition of leave while the motion is merely held. If and when the Court later reaches the merits of leave, the parties can brief appropriate conditions. They should not be imposed today as the price of a deferral.

**IV. BRIEF DEFERRAL DOES NOT PREJUDICE OPPONENTS**

Jose Rene Ortiz has already answered Dkt. 186 (Dkt. 202). Car Wash Management, LLC (Delaware) appeared through counsel and answered (Dkts. 196, 197). Washworld has fully briefed its motions at Dkts. 192 and 194 against Dkt. 186.

No party loses the trial date. The Court's scheduling order (Dkt. 190) sets trial for June 8, 2027. A deferral of weeks, not months, allows orderly sequencing without

REPLY IN SUPPORT OF MOTION FOR LEAVE (DKT. 199)

prejudice to discovery cutoffs or the December 7, 2026 settlement status conference.

If opponents believe specific theories in the lodged Second Amended pleading (Dkt. 199-1) are futile, they may address those theories after the Court rules on Dkts. 192 and 194. Williams does not ask the Court to grant leave today; he asks the Court to hold the question without Washworld's proposed conditions.

## CONCLUSION

For the foregoing reasons, Williams respectfully requests that the Court (1) defer ruling on Dkt. 199 until after it resolves Dkts. 192 and 194 and until Williams's Chapter 7 reopen and abandonment motions are adjudicated; (2) decline to impose Washworld's proposed with-prejudice or "final amendment" conditions while the motion is held; and (3) grant such other relief as the Court deems just.

Dated: July 17, 2026.

Respectfully submitted,

/s/ Andrew P. Williams

Andrew Paul Williams

Defendant in Pro Per

6

REPLY IN SUPPORT OF MOTION FOR LEAVE (DKT. 199)