Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-00359-CAS-KSx<br><br>**ANDREW P. WILLIAMS'S OPPOSITION TO REGIONS BANK'S MOTION TO DISMISS WILLIAMS'S COUNTERCLAIM (DKT. 204)**<br><br>Hearing: August 10, 2026, 10:00 a.m.<br>Courtroom 8D<br>Hon. Christina A. Snyder |

1

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

**INTRODUCTION**

Regions Bank asks this Court to dismiss every counterclaim Williams asserts against it and to enter an order dismissing those claims without leave to amend (Dkts. 204, 204-3). The Bank's primary theories are that Williams lacks standing under Rule 17, that Chapter 7 schedules judicially estop his damages theories, and that the First Amended pleading (Dkt. 186) is too long and procedurally imperfect. The Court should deny the motion, or at minimum deny the Bank's without-leave request, for four reasons.

First, Williams has already filed in the United States Bankruptcy Court for the Southern District of California, Case No. 24-03761-CL7, motions to reopen under 11 U.S.C. section 350(b) and to compel abandonment under section 554(b). Those motions and supporting papers appear as Documents 20 through 25, with filing-fee receipts at Documents 26 and 27. The bankruptcy court has not yet ruled. A without-leave dismissal in this Court would foreclose claims whose estate status is actively being cured.

Second, Dkt. 186 pleads direct and personal injuries that are not merely derivative harm to Car Wash Management, LLC (Delaware) ("CWM"). Williams was not the borrower or guarantor on the Equipment Finance Agreement. He seeks declaratory relief that he is not personally obligated on instruments he did not sign, and he pleads fraud, concealment, and related theories directed at him as an individual.

Third, judicial estoppel is an equitable doctrine applied case by case. Williams is not asking this Court to ignore the bankruptcy schedules. He is asking the bankruptcy court to reopen the case so that estate interests can be addressed in the bankruptcy court and, where appropriate, abandoned under section 554(b). That is the opposite of the concealment-and-profit scenario condemned in Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778 (9th Cir. 2001).

2

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

Fourth, length and organization objections under Rule 8, and any Rule 14 third-party-complaint formatting point, do not justify extinguishing claims without leave. Leave to amend is freely given under Rule 15(a)(2). Williams also has pending a Motion for Leave to File a Second Amended pleading (Dkt. 199), set for hearing on July 27, 2026 (Dkt. 201).

Consistent with that posture, Williams does not ask this Court to adjudicate every corporate or estate theory as his personal property today. Where a claim against the Bank is properly characterized as CWM's or the estate's, the appropriate relief is dismissal without prejudice to reassertion after abandonment or through CWM's counsel, Thomas Sands (Dkts. 196, 197), not a with-prejudice wipe of Williams's personal claims.

## LEGAL STANDARDS

A. Rule 12(b)(6)

To survive dismissal, a pleading must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the non-moving party's favor.

B. Standing and Rule 17

A party must prosecute claims in the name of the real party in interest. Fed. R. Civ. P. 17(a). Shareholders and members ordinarily lack standing to assert derivative corporate injuries, but may pursue injuries that are direct and personal. See Shell Petroleum, N.V. v. Graves, 709 F.2d 593, 595 (9th Cir. 1983); Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1033, 1039 (Del. 2004) (direct vs. derivative turns on who suffered the claimed harm and who would receive the benefit of recovery).

3

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

C. Judicial Estoppel

Judicial estoppel is an equitable doctrine that prevents a party from gaining an advantage by taking inconsistent positions in different proceedings. New Hampshire v. Maine, 532 U.S. 742, 749-51 (2001); Hamilton, 270 F.3d at 782-83. In the bankruptcy context, the Ninth Circuit has held that judicial estoppel is not automatic whenever a claim was omitted from schedules, and that a debtor who reopens and corrects may avoid the harsh application of the doctrine. Ah Quin v. County of Kauai Dept. of Transp., 733 F.3d 267, 271, 276-77 (9th Cir. 2013). The integrity of the bankruptcy process remains a central concern where a debtor conceals claims and then seeks to profit after discharge. Hamilton, 270 F.3d at 784-85.

D. Leave to Amend

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). There is a strong policy favoring amendment. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave is the exception, not the default.

## ARGUMENT

## I. THE COURT SHOULD DENY DISMISSAL WITHOUT LEAVE TO AMEND

The Bank's proposed order asks the Court to dismiss all of Williams's claims against Regions "without leave to amend" (Dkt. 204-3). That request is premature and inequitable.

On July 16, 2026, Williams filed reopen and abandonment motions in his Chapter 7 case (Declaration paragraphs 4-6; Exhibit A). Several counterclaim theories in Dkt. 186 implicate questions of estate property and capacity. Dunmore v. United

4

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

States, 358 F.3d 1107, 1112 (9th Cir. 2004). Until the bankruptcy court acts, a without-leave dismissal would convert unresolved estate-capacity issues into a merits death knell.

Separately, Williams's Motion for Leave to File a Second Amended pleading (Dkt. 199) remains pending and is set for July 27, 2026 (Dkt. 201). The Bank itself acknowledges that Williams circulated a proposed Second Amended pleading and that the Bank was prepared to stipulate to leave, but that Washworld and Ortiz would not join (Dkt. 204-2). The Bank then filed this motion on July 8, 2026, two days before the parties' stipulation extending the Bank's response deadline to July 10, 2026 (Dkt. 204-2). That history shows refinement of the pleading, not bad faith warranting a without-leave bar.

The Court should deny the without-leave request. If any claim against the Bank is dismissed, dismissal should be without prejudice as to estate or corporate theories, and with leave to amend as to personal theories.

## II. WILLIAMS HAS STANDING TO PURSUE DIRECT AND PERSONAL CLAIMS

The Bank argues that every claim against it belongs exclusively to CWM because Williams was not the borrower or guarantor. That overstates the law and misreads Dkt. 186.

A. Declaratory relief (Claim 3) is personal.

Williams seeks a declaration that he is not personally obligated on the Equipment Finance Agreement and related instruments he did not sign. That controversy is between Williams and the Bank. It does not require Williams to stand in CWM's shoes. The Bank sued Williams individually and alleges fraud-orchestration theories against him as a person. He is entitled to ask the Court to declare the scope of his personal exposure in this same action.

5

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

B. Direct-injury theories are pleaded.

Dkt. 186 alleges that Bank personnel, including Matheny, directed a restructure of ownership interests and related conduct that injured Williams as an individual member, not solely as a proxy for CWM. See, e.g., Dkt. 186 paragraphs 24, 25A-25D, 37C-37E, 72, 87BB, 87X-87AA, and 111C-111E (ownership restructure, concealment, and personal-injury allegations). Direct-member injury is distinct from derivative injury to the entity. Tooley, 845 A.2d at 1033, 1039; Shell Petroleum, 709 F.2d at 595. Accepting those allegations as true on a Rule 12(b)(6) motion, Williams has pleaded a personal stake.

The Bank cites Sherman v. British Leyland Motors, Ltd., 601 F.2d 429, 439-40 (9th Cir. 1979), and Fitzgerald v. Gem Funding, LLC, No. 5:21-cv-08641-EJD, slip op. at 15 (N.D. Cal. Sept. 28, 2022), for the proposition that a member cannot assert corporate claims. Williams does not assert CWM's contract claims on the Equipment Finance Agreement. He asserts injuries to himself as an individual from Bank-directed conduct, including declaratory relief on personal exposure and concealment directed at him as pleaded in Dkt. 186 paragraph 87BB, distinct from any recovery that would flow solely to CWM. To the extent other theories against the Bank are corporate or estate property, Section V below asks only for dismissal without prejudice, not for a Rule 17 wipe of personal claims.

C. Soft-landing of corporate and estate theories is appropriate.

Williams does not ask the Court to convert every CWM injury into a personal claim. Where a theory against the Bank is properly CWM's or the estate's, the correct remedy is dismissal without prejudice to reassertion after abandonment or through CWM counsel, not a Rule 17 wipe of personal claims. CWM is a co-defendant in this action and has appeared through Thomas Sands (Dkts. 196, 197). Joinder under Rule 19 does not require naming CWM as a counterclaim defendant

6

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

or extinguishing Williams's personal claims. The Bank's Rule 12(b)(7) suggestion does not support dismissal without leave.

**III. JUDICIAL ESTOPPEL DOES NOT WARRANT DISMISSAL WITHOUT LEAVE**

The Bank asks the Court to take judicial notice of Chapter 7 schedules and then to dismiss Williams's counterclaims as estopped because the schedules list a membership interest in CWM at zero value and do not list claims against Regions or others (Dkt. 204-1). Even assuming the Court takes notice of the existence of those filings, the Bank's leap to without-leave dismissal fails.

A. Estoppel is equitable and fact-intensive.

Judicial estoppel is not automatic whenever a bankruptcy schedule omits a claim. Ah Quin, 733 F.3d at 271, 276-77. The Court must consider whether the party took clearly inconsistent positions, whether the bankruptcy court adopted the earlier position, and whether the party would derive an unfair advantage. New Hampshire, 532 U.S. at 750-51; Hamilton, 270 F.3d at 782-83.

B. Williams is curing capacity in the bankruptcy court.

Williams has filed reopen and abandonment motions (Declaration paragraphs 4-6; Exhibit A). He is not attempting to litigate secretly while concealing assets from a trustee. He is asking the bankruptcy court to reopen the case so that estate interests can be addressed under sections 350(b) and 554(b). That posture distinguishes Hamilton, where the debtor concealed claims and then sought to profit after discharge. Hamilton, 270 F.3d at 784-85. The Bank's Request for Judicial Notice also includes materials from the Anderson nondischargeability adversary; that default was set aside in June 2026 and does not establish that Williams concealed claims from the trustee in bad faith.

C. Schedules are not a Rule 12 merits adjudication.

7

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

Bankruptcy schedules are sworn statements in another proceeding. They are not findings that Williams's pleaded injuries are factually false, that the Bank owed no duty, or that fraud and concealment are implausible. The Bank may use schedules in discovery and at summary judgment. Using them now to impose a without-leave bar collapses equitable estoppel into a merits shortcut.

D. The Court need not decide every estate claim today.

To the extent particular counterclaims against the Bank are estate property until abandonment, the Court may dismiss those claims without prejudice pending the bankruptcy court's ruling, while preserving Williams's personal claims. That approach protects the estate, the trustee, and the Bank without adopting the Bank's proposed order.

**IV. RULE 8 AND RULE 14 DO NOT JUSTIFY A WITHOUT-LEAVE DISMISSAL**

The Bank complains that Dkt. 186 is long, that claim numbering is complex, and that a third-party complaint should have been filed separately under Rule 14. Those are pleading-management points, not grounds to dismiss with prejudice.

Rule 8 requires a short and plain statement, but courts routinely grant leave to reorganize, sever, or amend rather than extinguish claims. Rule 15(a)(2) and Foman favor amendment. Williams's pending Rule 15 motion (Dkt. 199) and the Bank's own meet-and-confer history (Dkt. 204-2) show that narrowing is underway. The Court should deny without-leave dismissal based on Rule 8 or Rule 14 objections.

**V. THE BANK'S CLAIM-BY-CLAIM ATTACKS FAIL OR SUPPORT ONLY WITHOUT-PREJUDICE RELIEF**

A. Negligence and related theories (Claims 1, 5, 20, 21)

8

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

The Bank argues it owed Williams no duty because he was not the borrower. For purposes of this opposition, Williams does not ask the Court to sustain Claims 1, 5, 20, and 21 as personal claims. Those theories may be dismissed without prejudice to estate or Track B assertion. That concession does not support dismissing Claim 3 or any direct personal theory without leave.

B. Fraud, concealment, and aiding theories (Claims 4, 22, 23, 24)

Fraud claims are measured under Rule 9(b) and Iqbal. Dkt. 186 pleads who, what, when, and how as to Bank communications and concealment, including the Hernandez determination and Matheny's role. The Bank's argument that CWM "benefited" from funding proves, at most, a fact dispute about damages and causation. It does not establish that Williams's personal fraud and concealment theories are implausible as a matter of law. Claim 23 (fraud by concealment) is particularly ill-suited to a without-leave bar while Dkt. 199 remains pending and while estate capacity is being addressed in bankruptcy court.

Williams agrees that pre-petition claims against the Bank, including Claims 4, 5, 22, and 24, may be dismissed without prejudice pending abandonment. To the extent the Court concludes Claim 23 is pre-petition estate property rather than a direct personal theory, Claim 23 may likewise be dismissed without prejudice. That alternative does not convert any dismissal into a without-leave bar on Claim 3 or on any personal theory the Court finds pleaded in Dkt. 186 paragraph 87BB.

C. Promissory estoppel (Claim 2)

The Bank attacks Claim 2 under the statute of frauds and parol evidence rules and notes that a proposed Second Amended pleading would drop Claim 2. Williams does not seek to preserve Claim 2 as a personal claim for purposes of this opposition. Claim 2 may be dismissed without prejudice. That concession does not support dismissing every other claim without leave.

D. Declaratory relief (Claim 3)

9

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

Claim 3 should survive. Williams is a defendant sued by the Bank on individual fraud and related theories. He seeks a declaration regarding his personal obligations on instruments he did not execute and the scope of any personal exposure the Bank attributes to him. That is a live controversy in this action. The Bank's argument that declaratory relief is "backward looking" does not eliminate the need to adjudicate Williams's personal liability posture.

E. Intentional interference / Claim 7

The Bank's papers are internally inconsistent: Section III describes a proposed Second Amended pleading as dropping Claim 7 as intentional infliction of emotional distress, while Section V.F briefs Claim 7 as intentional interference with prospective economic advantage. That inconsistency alone cautions against a without-leave order. To the extent Claim 7 asserts CWM's prospective economic relations, it may be dismissed without prejudice to Track B or post-abandonment assertion. It should not drive dismissal of Williams's personal claims.

F. The Bank's "Williams conceded defect" narrative fails.

The Bank treats Williams's willingness to amend as an admission that all claims fail. Rule 15 amendment is not a concession of futility. It is the ordinary way to narrow, clarify, and cure. Eminence Capital, 316 F.3d at 1052. The Bank's meet-and-confer declaration shows Williams sought a stipulated leave path that the Bank was prepared to join until co-defendants refused (Dkt. 204-2). That history supports leave, not a without-leave bar.

VI. DAMAGES SHOULD NOT BE STRICKEN; RULE 12(e) IS UNNECESSARY

The Bank asks the Court to strike damages allegations under Rule 12(f) and, alternatively, for a more definite statement under Rule 12(e). Rule 12(f) motions are disfavored. Damages theories present factual issues for discovery and proof. A more definite statement is unnecessary where Dkt. 186 already supplies extensive

10

OPPOSITION TO REGIONS BANK MTD (DKT. 204)

factual detail and where a Rule 15 motion is pending. The Court should deny the Rule 12(e) and 12(f) requests.

## CONCLUSION

For the foregoing reasons, Williams respectfully requests that the Court:

1. Deny Regions Bank's Motion to Dismiss (Dkt. 204) as to Claim 3 (declaratory relief) and, to the extent the Court finds it direct and personal, Claim 23 as pleaded in Dkt. 186 paragraph 87BB;

2. Deny the Bank's request to dismiss all claims against Regions without leave to amend (Dkt. 204-3);

3. To the extent the Court dismisses Claims 1, 2, 4, 5, 7, 20, 21, 22, or 24, or any other corporate or estate claim against the Bank, do so without prejudice to reassertion after bankruptcy abandonment and/or through CWM counsel;

4. Grant leave to amend as to any personal claim found deficient;

5. Deny the Bank's Rule 12(e) and Rule 12(f) requests; and

6. If the Court takes judicial notice of Dkt. 204-1 materials, limit notice to the existence and filing of those documents, not the truth of disputed factual assertions.

Dated: July 17, 2026

/s/ Andrew P. Williams

Andrew P. Williams

Defendant in Pro Per

11

OPPOSITION TO REGIONS BANK MTD (DKT. 204)