Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:    *xestrada@bakerlaw.com*
          *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:    *mgannon@bakerlaw.com*
          *kwalton@bakerlaw.com*

*Attorneys for*
WASHWORLD, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>Defendants. | **CASE NO.: 2:25-CV-00359-CAS-KS**<br><br>**EX PARTE APPLICATION PURSUANT TO RULE 7-19 REGARDING ORTIZ'S UNTIMELY OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT** |
| JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | |

WASHWORLD, INC.,

        Counter Plaintiff,

    v.

REGIONS BANK, D/B/A
ASCENTIUM CAPITAL,

        Counter Defendant.

WASHWORLD, INC.,

        Cross Claimant,

    v.

CAR WASH MANAGEMENT, LLC,

        Cross Defendant.

ANDREW PAUL WILLIAMS,

        Counter Claimant, Cross-
        Claimant, and Third-Party
        Plaintiff,

    v.

REGIONS BANK dba ASCENTIUM
CAPITAL, JOSE RENE ORTIZ,
MARIA L. ORTIZ, THE ORTIZ
FAMILY TRUST OF 2024,
WASHWORLD, INC., PETER
MATHENY, ROES 1-50.

        Counter Defendants, Cross-
        Defendants, and Third-
        Party Defendants.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Washworld, Inc. ("Washworld") submits this ex parte application under Local Rule 7-19 for an order (1) striking Plaintiff Ortiz's untimely opposition and related filings; (2) awarding Washworld its reasonable attorneys' fees and costs incurred as a result of the untimely filing pursuant to Local Rule 83-7; and (3) alternatively, if the Court considers the late-filed opposition, granting Washworld leave to file a substantive sur-reply and continuing the hearing if necessary.

Good cause exists to grant the requested relief because Ortiz filed his opposition to Washworld's Motion for Summary Judgment nine days after the applicable deadline and after Washworld had already filed its reply. Ortiz did not seek an extension before the deadline expired, did not request leave of Court to file a late opposition, and did not request that Washworld stipulate to a late filing.

Striking and declining to consider Ortiz's untimely opposition will promote the orderly administration of the Court's docket, enforce the Court's scheduling rules, and prevent prejudice to Washworld. Washworld filed its reply on July 10, 2026, after Ortiz failed to file any opposition by the July 6, 2026 deadline. Ortiz then filed his opposition on July 15, 2026, depriving Washworld of its ordinary opportunity to respond to Ortiz's arguments through the normal briefing process. If the Court is inclined to consider Ortiz's late-filed opposition, Washworld respectfully requests leave to submit a substantive sur-reply addressing Ortiz's opposition papers and Rule 56(d) arguments and that the hearing be continued as necessary to permit orderly briefing.

On July 17, 2026, counsel for Washworld emailed counsel for Ortiz requesting a meet and confer regarding Washworld's anticipated ex parte application. Counsel for Ortiz responded that she was unavailable to confer that day, requested that Washworld state the basis for its anticipated application in writing, and indicated that "if [Washworld] ha[d] a motion to make perhaps it's just best to make it." In response,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO RULE 7-19 REGARDING ORTIZ'S UNTIMELY OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:25-CV-00359-CAS-KS

counsel for Washworld provided the substance of the anticipated application, advised that Washworld expected to file the application on Friday or on Monday, and informed counsel for Ortiz that Ortiz would have forty-eight (48) hours from service of the moving papers to file and serve any opposition. Counsel for Washworld further advised that counsel was available to discuss the matter at any time that day, but no further response was received.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO RULE 7-19 REGARDING ORTIZ'S UNTIMELY OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:25-CV-00359-CAS-KS

## I. INTRODUCTION

Ortiz's opposition to Washworld's motion for summary judgment should not be considered. It was due on July 6, 2026. Ortiz filed nothing by that deadline. He did not request an extension, did not seek relief from the Court, did not ask Washworld to stipulate to a late filing, and did not offer any explanation—then **or now**—for missing the deadline. Instead, after Washworld filed its reply noting the absence of any opposition on July 10, 2026, Ortiz filed his opposition papers on July 15, 2026, nine days late and after the reply deadline had passed. (Dkts. 211–213.)

This is not a case of excusable neglect. Counsel for Ortiz reached out to Washworld about the motion on July 2, before his deadline, confirming that Ortiz knew about Washworld's motion and intended to oppose it. (Walton Decl. ¶¶ 8-10.) His opposition repeatedly argues that summary judgment should be denied or deferred because discovery supposedly remains outstanding, because Williams recently appeared, and because pleadings allegedly remain unsettled. (Dkt. 211 at 2.) Those are the same arguments Ortiz's counsel raised with Washworld before the opposition deadline. (Walton Decl. ¶¶ 8-10.) But Ortiz never timely presented them to the Court.

The Court should enforce its Local Rules and decline to consider Ortiz's late opposition. Courts within the Central District have discretion to strike and disregard untimely summary-judgment opposition papers, particularly where the late filing deprives the moving party of its reply rights and burdens the Court's orderly consideration of the motion. *See Re/Max Mega Grp. v. Maxum Indem. Co., No. CV 09–06310 DDP (CTX)*, 2010 WL 11507373, at *4 (C.D. Cal. Sept. 24, 2010), *aff'd*, 471 F. App'x 689 (9th Cir. 2012) ("[W]hile the Court may not grant summary judgment for the sole reason that the non-movant has missed a filing deadline**, it is within the Court's discretion to strike any late-filed papers and to refuse to consider 'late-**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**submitted evidence at summary judgment.**'") (emphasis added).[1]

The Ninth Circuit likewise recognizes that a district court may disregard untimely materials when a party fails to comply with summary-judgment procedures. *See, e.g.*, *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) ("Further, the process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after the deadline set for the introduction of all information needed to make a ruling has passed.").

In any event, Ortiz's opposition does not justify Rule 56(d) relief. Ortiz offers only generalized assertions that "discovery" is incomplete. He does not identify specific facts showing that Washworld was part of Ortiz's guaranty or participated in the alleged fraud, explain why any such facts are essential to opposing Washworld's motion, or demonstrate diligence in pursuing them. To the contrary, despite being in this case for approximately a year, Ortiz has propounded **no** discovery on **any** party. (Walton Decl. ¶ 5.) Rule 56(d) is not a refuge for a party who sat on his rights and then filed late.

## II.    ARGUMENT

### A.    The Court Should Decline to Consider Ortiz's Untimely Opposition

Local Rule 7-9 required Ortiz to file any opposition no later than twenty-one days before the hearing. He did not. And while Washworld recognizes that summary judgment must still be supported by the Rule 56 record, nothing in Rule 56 requires the Court to rescue an opposition filed nine days late, after the reply deadline, and without leave.

Ortiz's late filing caused precisely the prejudice the Local Rules are meant to prevent. Washworld filed its reply after the opposition deadline passed and Ortiz filed nothing. Ortiz then submitted his opposition only after Washworld had prepared and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[1] This is not the first time Ortiz has untimely filed an opposition. He untimely filed his opposition to Washworld's Motion to Dismiss the First Amended Crossclaims. (*See* Dkt. 110, 118.)

filed its reply, depriving Washworld of its ordinary opportunity to respond to Ortiz's arguments and evidence and forcing it to incur additional expense responding to papers filed without leave of Court.

In *Re/Max Mega Grp. v. Maxum Indem. Co.*, Judge Pregerson disregarded a late-filed opposition to a motion for summary judgment where the plaintiff failed to make a timely opposition, prejudicing the moving party's ability to timely reply, later making various filings in opposition without leave of court. 2010 WL 11507373 (C.D. Cal. Sept. 24, 2010), aff'd, 471 F. App'x 689 (9th Cir. 2012). The same result is warranted here. Ortiz has offered less than the plaintiff in Marshall: he offers no explanation at all.

The problem is especially acute because Ortiz's papers seek Rule 56(d) relief. Rule 56(d) expressly requires a showing "by affidavit or declaration" of specified reasons why the nonmovant cannot present facts essential to justify opposition. A party who wants more time to oppose summary judgment must timely ask the Court for that relief. Ortiz did not. He instead allowed the deadline to pass, allowed Washworld to file its reply, and then attempted to inject a Rule 56(d) request into the record nine days late. That is not diligence; it is disregard of the briefing schedule. *Cf. Garza v. Chavez*, No. LA CV 10-07658-VBF, 2014 WL 3572148, at *3 (C.D. Cal. July 18, 2014) ("The Motion does not even come close to meeting [the] requirement [s] of Rule 56(d), given Plaintiff's failure: to identify any fact that further discovery would reveal; to explain why any specific, but not yet obtained facts, would preclude summary judgment if presented to the Court; and to explain how a continuance would allow plaintiff to produce evidence that would establish a material factual issue sufficient to preclude summary judgment.").

Nor is there any plausible claim of surprise. On July 2, 2026—four days before the opposition deadline—Ortiz's counsel emailed Washworld acknowledging the motion, confirming Ortiz intended to oppose it "next week," and asking Washworld to withdraw it. (Walton Decl. ¶¶ 8-10.) Counsel argued then, as Ortiz argues now,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO RULE 7-19 REGARDING ORTIZ'S UNTIMELY OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:25-CV-00359-CAS-KS

that the motion was premature because discovery had not been completed and Williams had recently appeared. (*Id.*) Washworld declined to withdraw the motion. (*Id.*) Ortiz therefore knew about the motion, knew the arguments he intended to make, and knew the deadline. He simply did not comply.

The Court should decline to consider Ortiz's opposition and decide Washworld's motion on the properly submitted record.

**B.     Ortiz's Rule 56(d) Request Fails Because It Is Vague, Untimely, and Unsupported by Diligence**

Even if the Court considers Ortiz's opposition, the Rule 56(d) request should be denied. Rule 56(d) is not triggered by the mere assertion that discovery is incomplete. The nonmovant must identify the specific facts sought, show that those facts are essential to opposing summary judgment, explain why those facts are reasonably expected to exist, and demonstrate diligence in pursuing discovery. See *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018); *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006); *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Ortiz's opposition and declaration of counsel do not meet that standard. Ortiz repeatedly says discovery is incomplete, depositions have not occurred, Williams recently appeared, and additional facts might be uncovered. (Dkt. 211 at 3.) But he does not identify any specific discovery that would create a triable issue on Washworld's motion. He does not identify evidence suggesting that Washworld was a party to Ortiz's guaranty or that Washworld and Ortiz had a contractual relationship. He does not identify evidence suggesting that Washworld procured Ortiz's guaranty, communicated with Ortiz about it, or participated in any fraud allegedly committed by Williams or others. And he does not explain how any deposition testimony from Williams would change those facts.

That omission is dispositive. Rule 56(d) requires a concrete showing that specific unavailable facts are essential to oppose the motion. Ortiz instead seeks

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

discovery into issues collateral to Washworld's motion—what happened to the loan proceeds after Ascentium funded the transaction, why Washworld remitted funds to Williams, and what Williams later did with the money. For example, Ortiz asks, "How did it come to pass that WASHWORLD sent HIM back the 'excess money'?" and says, "We need to know this to justify why WASHWORLD should be granted Summary Judgment." (Dkt. 211 at 4.) But Ortiz does not explain how that discovery would show that Washworld was part of Ortiz's guaranty or participated in the alleged fraud that supposedly caused Ortiz to sign it. Discovery relevant only to other claims, or merely of general interest, is not "essential" to opposing Washworld's motion.

Ortiz's request is also speculative. Ortiz suggests he should be allowed to investigate whether Washworld acted fraudulently or "in cahoots" with Williams, but he admits he has not made that assertion based on evidence. (Dkt. 211 at 7.) Rule 56(d) does not allow a party to postpone summary judgment in hopes of finding support for a theory he cannot currently substantiate (or a claim not even in the case).

Ortiz's lack of diligence independently defeats the request. Ortiz has been a party for approximately a year, yet he propounded **no discovery on any party**. (Walton Decl. ¶ 5.) If Ortiz believed discovery into Washworld's role in the guaranty or the alleged fraud was essential, he had ample opportunity to pursue it. He cannot wait until after his opposition deadline expires, file a Rule 56(d) request, and then rely on discovery he never pursued as a basis to delay summary judgment.

Nor does Williams's recent appearance excuse Ortiz's failure. Ortiz's theory against Washworld is based on facts he has long known: Washworld received funds from Ascentium, applied some funds to existing obligations, and remitted a balance to Williams. (Dkt. 211 at 4.) Ortiz did not need Williams's appearance to pursue discovery from Washworld, Ascentium, or any other party concerning whether Washworld had any role in Ortiz's guaranty or any alleged fraud. His failure to do so cannot be converted into a basis for Rule 56(d) relief.

**C.    Ortiz's Opposition Does Not Create A Triable Issue on Equitable**

Baker & Hostetler llp
Attorneys at Law
Los Angeles

**Indemnity**

Ortiz's opposition also fails on the merits because he identifies no evidence creating a genuine dispute on the issues central to Washworld's motion: Washworld was not a party to Ortiz's guaranty, there was no contract between Ortiz and Washworld, and Washworld did not participate in any alleged fraud by Williams or anyone else. (*See generally* Dkt. 192.) Absent evidence connecting Washworld to the obligation Ortiz allegedly guaranteed or to the alleged fraudulent conduct, Ortiz cannot maintain an equitable indemnity claim against Washworld. Further, Rule 56(e) permits the Court to treat Washworld's facts as undisputed when "a party fails to . . . address another party's assertion of fact as required by Rule 56(c)." Fed. R. Civ. P. 56(e)(2). Ortiz's responses do not meaningfully address any of Washworld's asserted facts.

Ortiz's theory is that he was tricked or coerced by Williams into signing loan or guaranty documents, that he did not understand his alleged role, and that Williams—not Washworld—used Ortiz as the "backup" guarantor. (Dkt. 211 at 3.) Those allegations, even if accepted for purposes of this response, do not implicate Washworld. They concern Ortiz's relationship with Williams, Car Wash Management, and Ascentium—not any conduct by Washworld in procuring Ortiz's guaranty.

Nor does Ortiz identify evidence that Washworld was involved in any alleged fraud. Ortiz speculates that discovery might show Washworld acted fraudulently or "in cahoots" with Williams but admits he has no evidence supporting that assertion. (Dkt. 211 at 7.) Rule 56 does not permit a party to avoid summary judgment based on the hope that discovery might later uncover evidence of wrongdoing or relieve him of the legal consequences of documents he executed. Ortiz needed evidence to create a genuine dispute that Washworld participated in the alleged fraud. He offers none.

Ortiz instead tries to turn Washworld's receipt and handling of funds—events that occurred only after Ortiz executed the loan documents and after the alleged fraud—into a basis for equitable indemnity. But those allegations do not create a triable issue. Ortiz alleges that Washworld received funds from Ascentium, applied some

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

funds to existing obligations, and remitted the balance to Williams. (Dkt. 211 at 4.) Those facts do not show that Washworld was part of Ortiz's guaranty, owed Ortiz any co-obligor duty on that guaranty, had any contract with Ortiz, or participated in fraud that allegedly caused him to sign the guaranty. At most, Ortiz identifies a dispute about what happened to loan proceeds after Ascentium funded the transaction. That dispute is not material to whether Washworld must equitably indemnify Ortiz for liability arising from his own alleged guaranty.

Ortiz's reliance on the prior motion to dismiss ruling is also misplaced. Ortiz argues that Washworld "already raised these issues" and that the Court "generally denied" Washworld's earlier motion to dismiss. (Dkt. 211 at 7.) But a pleading-stage ruling accepting allegations as true, as required under Rule 12, does not establish that Ortiz has sufficient evidence to survive summary judgment under Rule 56. At summary judgment, Ortiz must produce evidence that implied contractual indemnity exists, or that Washworld participated in the alleged fraud that supposedly created that obligation. He has not done so.

### D.    If The Court Considers Ortiz's Late Opposition, Washworld Should Be Given Leave to File a Substantive Sur-Reply

Washworld respectfully submits that the proper course is to disregard Ortiz's late opposition. If, however, the Court is inclined to consider Ortiz's papers, Washworld should be afforded a fair opportunity to respond on the merits. Ortiz filed his opposition after Washworld's reply deadline had passed and after Washworld had already filed its reply based on Ortiz's failure to oppose. Washworld should not be prejudiced by Ortiz's disregard of the Local Rules.

Accordingly, if the Court considers Ortiz's opposition, Washworld requests leave to file a substantive response addressing Ortiz's opposition papers, declaration, exhibits, and separate-statement responses, including Ortiz's failure to identify **evidence** that Washworld was part of the guaranty or involved in the alleged fraud. Washworld further requests that the hearing be continued if necessary to permit orderly

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

briefing.

### E.    Fees and Costs Are Warranted Under Local Rule 83-7

Ortiz's late filing also warrants an award of the fees and costs Washworld incurred as a result of the untimely opposition. Local Rule 83-7 authorizes sanctions for violations of the Local Rules. Ortiz violated the briefing schedule, failed to request relief from the Court, and offered no explanation for doing so.

The prejudice is concrete. Washworld incurred the expense of preparing and filing a reply after Ortiz failed to oppose. Ortiz then filed a late opposition after the reply deadline, forcing Washworld to prepare this response and requiring the Court to address a procedural problem that Ortiz could have avoided by timely filing or timely seeking leave. Sanctions are warranted to compensate Washworld for the unnecessary expense caused by Ortiz's noncompliance and to deter disregard of the Court's briefing rules.

## III.    CONCLUSION

For the foregoing reasons, Washworld respectfully requests that the Court:

1.    Decline to consider Ortiz's untimely opposition and related filings;

2.    Deny Ortiz's request for relief under Rule 56(d) because he has not identified any specific, essential discovery showing that Washworld was part of the guaranty or involved in the alleged fraud;

3.    Grant Washworld's Motion for Summary Judgment on the properly submitted record;

4.    Award Washworld its reasonable attorneys' fees and costs incurred as a result of Ortiz's untimely filing under Local Rule 83-7; and

5.    In the alternative, if the Court considers Ortiz's late opposition, grant Washworld leave to file a substantive sur-reply and continue the hearing if necessary.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated:  July 17, 2026         **BAKER & HOSTETLER LLP**

                        By:  */s/ Katharine Walton*
                             Katharine Walton

                             WASHWORLD, INC.


### CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 2,609 words, which complies with the word limit of L.R. 11-6.1.

Dated:  July 17, 2026         **BAKER & HOSTETLER LLP**

                        By:  */s/ Katharine Walton*
                             Katharine Walton

                             WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On July 17, 2026, I served a copy of the within document(s):

**EX PARTE APPLICATION PURSUANT TO RULE 7-19 REGARDING ORTIZ'S UNTIMELY OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876) **FRANDZEL ROBINS BLOOM & CSATO, L.C.** 1000 Wilshire Boulevard, Nineteenth Floor Los Angeles, CA 90017 Telephone:  323-852-1000 Facsimile:   323-651-2577 Email:        *aalper@frandzel.com* | *Attorneys for Plaintiff* REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522) **LAW OFFICE OF LISA MITTS PATRICK** 112 E. Amerige Ave., Suite 313 Fullerton, CA 92832 Telephone:  714-990-3693 Facsimile:   657-234-0012 Email:        *lolmp2021@gmail.com* | *Attorneys for Defendant and Cross Defendant* JOSE RENE ORTIZ |
| Thomas D. Sands, Esq (SBN 279020) **THE SANDS LAW GROUP, APLC** 205 S. Broadway, Suite 608 Los Angeles, CA 90012 Tel: (213) 788-4412 Email: info@tslg.law | *Attorneys for* CAR WASH MANAGEMENT, LLC |
| Andrew Williams 12641 Antioch Rd. Suite # 1045 Overland Park, KS 66213-1701 andrew@carwashmgmt.com | Pro Se |

BAKER & HOSTETLER LLP ATTORNEYS AT LAW LOS ANGELES

EX PARTE APPLICATION PURSUANT TO RULE 7-19 REGARDING ORTIZ'S UNTIMELY OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:25-CV-00359-CAS-KS

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on July 17, 2026, at Chicago, Illinois.

/s/ Katharine Walton

EX PARTE APPLICATION PURSUANT TO RULE 7-19 REGARDING ORTIZ'S UNTIMELY OPPOSITION TO WASHWORLD'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES