Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-Defendant, Regions Bank An Alabama State Bank dba Ascentium Capital and Third-Party Defendant Peter Matheny

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendant.<br><br>JOSE RENE ORTIZ,<br><br>Cross-Complaint,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to | Case No.  2:25-cv-00359 CAS (KSx)<br><br>**NOTICE OF MOTION AND MOTION OF THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE OF FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIMS AND THIRD PARTY COMPLAINT (F.R.C.P. Rule 4(e)(2)(A) Rule 12(b)(4) and (5); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Filed concurrently with Declarations of Peter Matheny and Andrew K. Alper, Request for Judicial Notice; and Proposed Order*<br><br>Date:    August 24, 2026<br>Time:    10:00 a.m.<br>Crtrm.:  8D |

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE

35, inclusive,

        Cross Defendants.

WASHWORLD, INC.,

        Counter-Claimant,

    v.

REGIONS BANK D/B/A ASCENTIUM CAPITAL,

        Counter-Defendant

WASHWORLD, INC.,

        Cross-Claimant,

    v.

CAR WASH MANAGEMENT LLC

        Cross-Defendant.

ANDREW PAUL WILLIAMS,

        Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

    v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50, inclusive.

        Counter Defendants, Cross-Defendants, and Third-Party Defendants.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

2

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

TO THE COURT, TO THIRD PARTY COMPLAINANT ANDREW P. WILLIAMS AND TO ALL PARTIES TO THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on August 24, 2026, at 10:00 a.m. or as soon thereafter as counsel may be heard in the above-entitled Court located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565 in Courtroom 8D of the Honorable Christina Snyder, Third Party Defendant Peter Matheny, ("Matheny") will and does hereby move this Court for an order quashing the service of the First Amended Answer, Affirmative Defenses, Counterclaim, Cross-claims, and Third Party Claims ("Third Party Claim") filed by Defendant, Cross-defendant, Counter-claimant and Third Party Claimant Andrew P. Williams ("Williams") as a result of lack of personal service in accordance with F.R.C.P. Rule 4(e)(2)(A) Rule 12(b)(4) and (5).

This Motion is made on the grounds that despite the fact that the Proof of Service of the Third Party Claim against Matheny (the "POS") states that Matheny was personally served with a summons; complaint and alternative dispute resolution (ADR) packet (collectively "the Williams Pleadings"), he was never served with any of those documents (see Declaration of Peter Matheny filed concurrently herewith). Further, the POS was filed by Car Wash Management, LLC ("CWM") which is represented by counsel and clearly CWM cannot and did not cause the POS to be filed. Moreover, CWM has not filed any Third Party Claim against Matheny and there would be no reason for CWM to serve the Williams Third Party Claim. Further, the alleged pleading served according to the POS was not the Williams Third Party Claim but the pleading served in the POS is described as a Complaint. The Complaint was filed by Regions Bank and there is now an Amended Complaint but clearly Williams was not serving that pleading on Matheny since Matheny is not a party to the Complaint in this case. Regions Bank is the Plaintiff in this matter and has not served any pleading on Matheny.

Prior to filing this Motion and as set forth in the Declaration of Andrew K.

3

Alper ("Alper Decl.") attempted to comply with Local Rule 7-3 to meet and confer with Williams prior to filing this Motion and that adventure is discussed in the Declaration of Andrew K. Alper submitted herewith. Williams was given every opportunity to withdraw the POS and admit the service was defective but he steadfastly refuses to do so. Williams knows the Third Party Complaint was not served given the POS that was filed no matter what the process server may or may not have told him from a look at the POS but his continued bad faith conduct making Matheny file this Motion should not only not be condoned and granted but Williams should be punished for his conduct.

Counsel for Matheny is making a special appearance for Matheny on this Motion but will represent Matheny when either this Third Party Claim or the Second Amended Third Party Claim Williams is attempting to file once it is filed. Counsel for Matheny has agreed to accept service of the Second Amended Third Party Claim if it is filed so the special appearance is only for this motion to contest the service.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, the Declarations of Peter Matheny and Andrew K. Alper and Request for Judicial Notice submitted herewith, and further Reply papers filed to any Opposition by Williams with respect to this Motion and oral and documentary evidence and argument as may be presented to the Court at the time of hearing.

DATED:  July 20, 2026

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-Defendant, Regions Bank an Alabama State Bank dba Ascentium Capital and for Third Party Defendant Peter Matheny

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

4

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Without dealing with the merits or the lack thereof of the 164 page pleading filed by Andrew P. Williams ("Williams") called First Amended Answer, Affirmative Defenses, Counterclaim, Cross-claims and Third Party Complaint (for purposes in this Motion ("the Third Party Claim"), what is clear, is that Third Party Defendant Peter Matheny ("Matheny") was never served with the Third Party Claim. Rather, as set forth in the Declaration of Peter Matheny ("Matheny Decl.") a scant 29 page incomplete document was left at the front door of Matheny's house. That document appears to be a small part of the 164 page Third Party Claim and does not even contain the Third Party Claim allegations which is later in the 164 pages. Despite the fact that a 29 page document was left on Mr. Matheny's front door, the Proof of Service ("POS") states that Matheny was served with a summons, complaint, and an alternative resolution or ADR packet. This of course is non-sensical and typical of the conduct of Williams. Why would Matheny be served with Plaintiff Regions Bank's Complaint by either Williams or Car Wash Management, LLC ("CWM") when the only complaint in this matter (superseded by a First Amended Complaint) was filed by Plaintiff, Regions Bank ("Plaintiff")?  Matheny is not a party to the Complaint or First Amended Complaint. Further, the POS states that Matheny has black hair but he has gray hair. The POS at the top states that it was filed by CWM which it was not. And CWM is represented by counsel so it cannot file a POS or represent itself in this case. Simply put, the POS is littered with false statements of a process server signed under penalty of perjury which Williams should have never filed. Matheny was never personally served with the entire Third Party Claim nor was he served with the Complaint in this case, nor was he served with any Summons at all let alone one for the Third Party Complaint n was Matheny served with any Alternative Dispute papers or packet as set forth in the POS. At best, 29 pages of the Third Party Complaint was left on his doorstep.

**CONCISE FACTUAL BACKGROUND**

It is impossible to set forth a full recitation of facts of this case because of space limitations but a more complete factual recitation can be found, for example, in Plaintiff's Opposition to Motion to Dismiss Counterclaim filed by Washworld, Inc. ("Washworld") (Docket no. 194) and the Declaration of Jerry Noon (Docket number 71-2 filed on August 25, 2025).

CWM entered into Equipment Financing Agreement No. 2763169 (the "EFA") with Plaintiff in order for Plaintiff to make a loan to CWM to finance the acquisition of car wash equipment for the financed amount of $343,394.23 with respect to equipment presumably being acquired by CWM from Washworld its equipment supplier. Pursuant to the terms of the EFA, after an initial payment, CWM was required to make 71 monthly payments until the loan was paid in full.  In connection with execution of the EFA, CWM, by and through Jose Rene Ortiz ("Ortiz") also executed, among other documents, an Authorization to Perform Verbal Verification, Prepayment Addendum, Delivery and Acceptance Certificate, and Commencement Agreement whereby CWM requested that Plaintiff pay the supplier of the equipment, Washworld, before the equipment was delivered, installed and operational. Ortiz also personally guaranteed the loan. Williams is not a party to the loan nor did he sign any contract to Guaranty the loan. Matheny was Plaintiff's salesman who was handling the CWM's loan for Plaintiff.

As a result of receiving the order for the equipment from Williams on behalf of CWM, Plaintiff paid initial loan proceeds of $309,054.80 to Washworld. (admitted in the Washworld Answer and Counterclaim).

As it turns out, Washworld never delivered the equipment to fund the loan that is the subject of the Purchase Order sent to Plaintiff by CWM through Williams to reflect the equipment being sold to CWM. After Washworld received the $309,054.80 from Plaintiff for CWM, instead of contacting Plaintiff to ask why Washworld was receiving this money if Washworld was not selling this equipment

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

to CWM, instead Washworld inexplicably contacted CWM by and through Williams who directed Washworld to pay $132,509.09 of the $309,054.80 funded by Plaintiff for a **different** customer of Washworld, Conserv Fuels, totally unrelated to the loan being made by Plaintiff. According to Washworld, this sum paid off a different balance owed to Washworld for different equipment so Washworld used the $132,509.09 to pay off a different transaction with Conserv Fuels then sent the balance of $176,552.71 from the $309,054.80 to CWM and/or Williams. Of course, CWM defaulted in making its payments on the EFA and Ortiz defaulted on his Guaranty by not making the monthly payments on the loan. While the equipment on the Purchase Order sent to Plaintiff served as collateral for the loan there was no equipment because Washworld did not sell this equipment to CWM. Williams did not enter into the loan with Plaintiff nor did he personally guaranty it and therefore Williams was never sued for breach of contract.

Matheny was Plaintiff's salesman who was involved in the fraudulent loan without any equipment acquired by CWM from Washworld.

## II.    THE BIZARRE WILLIAMS THIRD PARTY COMPLAINT

Williams who is not contractually obligated to Plaintiff on the EFA for the loan as the EFA was entered into by CWM not Williams with Plaintiff. Also Williams did not Guaranty the EFA as Jose Rene Ortiz ("Ortiz') is the Guarantor; and the only Claim filed against Williams by Plaintiff is based on the orchestration of the fraud on Plaintiff. That notwithstanding, Williams decided **he** would file a massive 164 Page rambling unorganized Counterclaim against Plaintiff and, among other Claims, a Third Party Claims (or Complaint) against Matheny. The Third Party Complaint also includes Cross-claims against Ortiz and Washworld and further Third Party Claims against Mrs. Ortiz and the Ortiz Family Trust. For purposes of this motion, the factual, procedural and substantive defects in the Third Party Claim are not being addressed as many of those defects are already the subject of a separate motion to dismiss filed by Plaintiff and have nothing to do with this

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

7

Motion to Quash. However, the Court is requested to take judicial notice of the Motion to Dismiss Counterclaim filed by Plaintiff to be heard on August 10, 2026. This Motion is brought to quash the service of the Third Party Claim on Matheny even though the POS states Matheny was served with a Complaint not the Third Party Claim or Complaint.

## III.   A MOTION TO QUASH IS APPROPRIATE WHEN A PARTY HAS NOT BEEN PROPERLY SERVED WITH PROCESS

Matheny moves to quash Williams purported service of process on him, whether it be the Third Party Complaint or the Complaint or who knows what else Williams was trying to serve on him, on the basis that he was not served, personally or otherwise, with copies of the Summons and Complaint and the ADR packet as described was served on him in the indicated in the POS or even a complete Third Party Claim.   Rule 12 of the Federal Rules of Civil Procedure ("F.R.C.P.") allows a defendant to challenge a departure from proper procedure for serving a summons and complaint as "insufficient process" and "insufficient service of process". F.R.C.P. Rule 12(b)(4) and (5) provides as follows:

> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> . . .
>
> (4)  Insufficient process;
>
> (5)  Insufficient service of process. . . .

See also, *Norlock v. City of Garland* 768 F. 2d 654, 656 (5th Cir. 1985).

If the plaintiff or, in this case, Williams, is unable to satisfy the burden that proper service has occurred, a district court has broad discretion to either dismiss the action for failure to effectuate service or to quash the defective service and permit re-service.  See *Jones v. Auto Club of S. Cal., 26 F. App'x 740, 742 (9th Cir. 2002)*; *Stevens v. Sec. Pac. Nat't Bank,* 538 F. 2d 1387, 1389 (9th Cir. 1976).

F.R.C.P. Rule 4 provides that service of process on an individual must be

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

made by either personal or substituted service or by following the law for serving process in the state where the district court is located or where service is made. See F.R.C.P. Rule 4(e)(h)(1). Here, notwithstanding what the POS states, as indicated in the Declaration of Peter Matheny ("Matheny Decl.") he was not served by personal or substituted service. Rather, 29 pages of the Third Party Claim were left on Matheny's door step. There was no Summons of any kind served on Matheny. And if it was served it was described in the POS as only a Summons and not a Summons on the Third Party Complaint. Further, there was no ADR packet served on Matheny. As further indication that Matheny was not served, the POS states that the person who was "personally served", has black hair but Matheny's hair is gray. Because the instant action was filed in a district court located in California and Williams purportedly served Matheny in California, California law applies with respect to service. Under California law, a summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of the summons in manner is deemed complete at the time of such delivery. See, California Code of Civil Procedure §415.10.  Importantly, California law does not allow for service, personal or by substituted service, by simply leaving pleadings on a door step. And the Proof of Service does not state it is a substituted service. Here, Williams failed to comply with California Code of Civil Procedure §415.10- and he was never personally served.

In addition to the failure to personally serve Matheny with the complaint and/or the Third Party Claim, service of the operative pleading requires the Defendant, or in this case, Matheny receive adequate notice of the litigation and the opportunity to be heard for due process purposes. *Jackson v. Hayakawa,* 682 F. 2d 1344, 1347 (9th Cir. 1982); *Direct Mail Specialties v. Eclat Computerized Technologies, Inc.* 840 F. 2d. 685 (9th Cir. 1988). Here as indicated in the Matheny Decl. he was only served with 29 pages of the 164 page Third Party Claim. Matheny was not given adequate notice of the litigation and an opportunity to be

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

heard for due process purposes.

And the defects in the POS are many and when pointed out to Williams that the POS was defective on its face, Williams refused to capitulate. And here is a non-exclusive list of the defects in the POS:

1.    The POS was allegedly filed with the Court by CWM. Not even filed by an attorney for CWM but by CWM a limited liability company which must be represented by counsel and is now represented by counsel. The POS was allegedly not submitted or filed by Williams. who states it is true and correct.

2.    A Summons was allegedly served. Summons on what? The only pleading called a Summons is the Summons on the Complaint. The POS does not state that it is a Summons on the Third Party Claim.

3.    The POS states a Complaint was served. It does not State the Third Party Claim was served. If the Summons and Complaint were served on Matheny then Matheny does not have to respond since he is not a party to the Complaint. But given his past conduct in this case, Matheny knows that Williams will try to default him on the Third Party Complaint on a Summons and Complaint that was never served and he will mislead the Court that it was a Summons on Third Party Claim and Third Party Claim.

4.    Matheny does not know what an ADR packet is and it is not described. Matheny did not receive anything other than 29 pages of the Third Party Claim but what is described as the ADR Packet was not served and the description itself is not proper.

5.    As discussed above the description of Matheny is wrong and shows he was never served.

Thus even if the Third party Complaint was served the POS itself is defective. The motion to quash should be granted for this reason as well.

As the Court stated in *Hill v. Sands,* 403 F. Supp 1368, 1370 (N.D.Ill.1975), where service is invalid, the court should quash service, rather than dismiss the

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

10

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE

action.  Here, quashing the service of the Third Amended Summons, Complaint and ADR Packet or whatever allegedly was served on Mathey should be granted.

## IV.    CONCLUSION

As indicated in the Matheny Decl., he was not served personally or via substituted service, with a complaint or a complete version of the Third Party Claim. He was not served with a Summons of any kind. He was not served with the documents called ADR Packet. Since he was not personally served and this motion to quash should be granted.  In addition, the POS is a disqualifying document as to what was served and by who actually served it. For that reason as well the Motion to Quash should be granted.

DATED:  July 20, 2026

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-Defendant, Regions Bank an Alabama State Bank dba Ascentium Capital and Specially Appearing Third Party Defendant Peter Matheny

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Regions Bank certified that this brief contains 2,821 words, which complies with the word limit of L.R. 11-6-1.

DATED: July 20, 2026      FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-Defendant, Regions Bank an Alabama State Bank dba Ascentium Capital and Specially Appearing Third Party Defendant Peter Matheny

12

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.
Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On July 20, 2026, I served true copy(ies) of the **NOTICE OF MOTION AND MOTION OF THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE OF FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIMS AND THIRD PARTY COMPLAINT (F.R.C.P. Rule 4(e)(2)(A) Rule 12(b)(4) and (5); MEMORANDUM OF POINTS AND AUTHORITIES,** the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 20, 2026, at Los Angeles, California.

_____
Lexi Villarreal

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

13

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton-(pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606-2859 | Tel:    312-416-8187<br>Email:        mgannon@bakerlaw.com<br>            kwalton@bakerlaw.com<br><br>Attorneys for Defendant Washworld, Inc. |
| Katharine Walton<br>Michael D. Gannon<br>Xitlaly Estrada<br>Ava Claypool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301 | Tel:    310-442-8878<br>Email: : mgannon@bakerlaw.com,<br>            kwalton@bakerlaw.com<br>            xestrada@bakerlaw.com<br>            aclaypool@bakerlaw.com<br><br>Attorneys for Defendant Washworld, Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: 714-990- 3693<br>Fax: 657-234 - 0012<br>Email:        lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |
| Thomas D. Sands<br>The Sands Law Group, APLC<br>205 S Broadway Ste 608<br>Los Angeles, CA 90012 | Tel: 213-788-4412<br>Fax: 833-329-7263<br><br>Email: info@tslg.law<br><br>Attorneys for CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company |
| Andrew Paul Williams<br>12641 Antioch Rd. Suite # 1045<br>Overland Park, KS 66213-1701 | Tel: 619-796-6469<br>Email:<br>            andrew@carwashmgmt.com<br><br>Pro Per |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE