Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-
Defendant, Regions Bank
An Alabama State Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendant.<br>_____<br>JOSE RENE ORTIZ,<br><br>Cross-Complaint,<br><br>v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to | Case No.  2:25-cv-00359 CAS (KSx)<br><br>**DECLARATION OF ANDREW K. ALPER IN SUPPORT OF THIRD PARTY DEFENDANT PETER MATHENY'S MOTION TO QUASH SERVICE OF ANDREW P. WILLIAMS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM AND THIRD PARTY CLAIM**<br><br>*Filed concurrently with Notice of Motion and Motion to Quash; Declarations of Peter Matheny; Request for Judicial Notice; and Proposed Order*<br><br>Date:    August 24, 2026<br>Time:    10:00 a.m.<br>Crtrm.:  8D |

6008774v2 | 100287-0289

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO EX PARTE APPLICATION

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

35, inclusive,

        Cross Defendants.

WASHWORLD, INC.,

        Counter-Claimant,

    v.

REGIONS BANK D/B/A ASCENTIUM CAPITAL,

        Counter-Defendant

WASHWORLD, INC.,

        Cross-Claimant,

    v.

CAR WASH MANAGEMENT LLC

        Cross-Defendant.

ANDREW PAUL WILLIAMS,

        Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

    v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50, inclusive.
Counter Defendants, Cross-Defendants, and Third-Party Defendants.

    I, ANDREW K. ALPER, declare as follows:

    1.    I am an attorney at law duly licensed and authorized to practice law in the State of California and before all United States District Courts in the State of California. I am a Vice President and shareholder of Frandzel Robins Bloom & Csato, L.C. attorneys for Plaintiff and Counter Defendant Regions Bank dba Ascentium Capital ("Plaintiff") and now Peter Matheny ("Matheny") herein. I am

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO EX PARTE APPLICATION

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

not making a special appearance because I intend to represent Matheny after this Motion to Quash is granted as discussed below.

2.     If called upon to testify to the matters stated herein I could and would competently testify thereto.

3.     I am the attorney at my firm who has personal knowledge of this case and have been communicating with Defendant and Cross-defendant Andrew Williams ("Williams") since he was ordered to obtain counsel for Car Wash Management, LLC ("CWM") and to file responsive pleadings by the Court in its Order on April 30, 2026, (Docket number 169). Williams filed a First Amended Answer, Affirmative Defenses, Counterclaim, Cross-claim and third Party Complaint ("First Amended Williams Complaint"). In connection with the First Amended Williams Complaint, I sent multiple emails to Williams about the problems and issues with the First Amended Williams Complaint. Apparently Williams also had meet and confer discussions with Washworld's counsel as to issues with the Cross-claim as to Washworld. At the time I conferred with Williams which was done via zoom he said that he had not conferred with counsel for Jose Rene Ortiz but was expecting to do so. The bottom line is that Williams agreed to file a Second Amended Answer, Affirmative Defenses, Counterclaim, Cross-claims and Third Party Complaint ("Second Amended Williams Complaint") to deal with some of those issues raised and to, as he put it "streamline" the 164 page First Amended Williams Complaint.

4.     As a result of the foregoing Williams prepared a Stipulation to allow the filing of the Second Amended Williams Complaint which I revised multiple times and it was circulated to all parties for signature. Williams had asked me if I would accept service for Plaintiff's employee Matheny who was a subject of the First Amended Williams Complaint and I said I was not authorized to do so. However, when Williams stated he would file the Second Amended Williams Complaint I agreed to accept service. A true and correct copy of that email is

6008774v2 | 100287-0289

3

attached hereto as Exhibit "1" and incorporated herein by this reference.

5.      It turned out that Washworld and Ortiz did not sign any Stipulation to allow the filing of the Second Amended Williams Complaint and instead Washworld filed a Motion to Dismiss the First Amended Williams Complaint and also a Motion for Summary Judgment. This matter is set for hearing on July 27, 2026. In response Williams filed a Motion for Leave to File the Second Amended Williams Complaint set for hearing on July 27, 2026, as well.

6.      Given the fact that Washworld and Ortiz did not sign any Stipulation and I was concerned that if Plaintiff did not respond to the First Amended Williams Complaint, Williams would attempt to take Plaintiff's default, Plaintiff filed its own Motion to Dismiss the First Amended Williams Complaint along with other related pleadings Motions which is set for hearing on August 10, 2027.

7.      Meantime, despite the fact that these motions are pending Williams decided to attempt to serve Matheny with the First Amended Williams Complaint while his Motion to File Second Amended Williams Complaint was in process. The only possible reason he would do this is to make Matheny incur legal fees and costs in responding to the First Amended Williams Complaint even though he was "streamlining" the First Amended Williams Complaint by the filing of the Second Amended Williams Complaint. I was pretty stunned to see that he would now serve the First Amended Williams Complaint that Williams wanted to amend but I guess nothing should surprise me when it comes to Williams.

8.      When Matheny was served he sent me the pleading that was served on him which was all of 29 pages of the First Amended Williams Complaint that is 164 pages. In fact the Third Party Complaint that is part of the 164 page First Amended Williams Complaint was not part of the first 29 pages of the First Amended Williams Complaint allegedly served on Matheny. Matheny has reviewed the 164 pages of the First Amended Williams Complaint so he certainly knows the difference as to what the First Amended Williams Complaint and what was served

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO EX PARTE APPLICATION

on him. A true and correct copy of what Matheny sent to me reflecting what was dropped on his door step is attached hereto, marked Exhibit "2" and is incorporated herein by this reference. Once I found out about the alleged service I sent an email to Williams advising him of the defective service. A true and correct copy of the email is attached hereto, marked Exhibit "3" and incorporated herein by this reference. Williams did not agree the service was not proper and we arranged a meet and confer for July 14, 2026. A true and correct copy of the email is attached hereto, marked Exhibit "4" and is incorporated herein by this reference.

9.    Williams then doubled down and filed a Proof of Service with the Court as to that defective service on Matheny with the Court dated July 3, 2026 and filed with the Court on July 10, 2026 (see docket number 206). A true and correct copy of the Proof of Service is attached hereto, marked Exhibit "5" and incorporated herein by this reference.

10.    Williams and I never connected on the meet and confer. I was slightly delayed for a 10:30 a.m. call on July 14, 2026, but I called him shortly before 11:00 a.m. I got very frustrated that he would not respond to calls and he let the calls go to voicemail and sent him the emails attached hereto, marked Exhibit "6" and incorporated herein by this reference.

11.    I was even more aggravated when I reviewed the Proof of Service that Willaims caused to be filed not only for the reasons set forth in the Matheny Declaration submitted herewith in that Matheny was the recipient of only 29 pages of the First Amended Williams  Complaint but for the following additional reasons:

A.    At the top left of the Proof of Service it states that the Attorney or Party of Record filing the Proof of Service is Car Wash Management with a partial address. Why would Car Wash Management which is represented by separate counsel as of July 1, 2026, be serving the "Summons, Complaint, and… ADR Packet"? It would not be serving Williams pleadings so Williams filed this Proof of Service using Car Wash Management as the serving party. So the

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6008774v2 | 100287-0289

5

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO EX PARTE APPLICATION

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Proof of Service is defective in that regard as well.

B.    Williams had to know that the Complaint was not served by him on Matheny since the Complaint in this case was filed by Plaintiff not by Williams. Williams in all likelihood meant to say the pleading served was the First Amended Williams Complaint but the Proof of Service states Plaintiff's Complaint was served.

C.    Assuming that Williams had actually provided the attorney service with the Summons on the First Amended Williams Complaint, the First Amended Williams Complaint, and the ADR Packet and the attorney service made a mistake and only dropped the 29 pages, when Williams got the Proof of Service and saw it said Complaint, he should have known better than to file it.

D.    As stated in the Proof of Service Williams did not serve a Summons on First Amended Williams Complaint but simply a Summons which would presumably the Summons on Plaintiff's Complaint.

E.    Matheny does not have black hair but gray hair as described in the Proof of Service.

Williams was advised of issues with both the Proof of Service and the service itself but for him to close his eyes and make Matheny file this Motion is beyond any semblance of good faith.

10.    Williams and I by email agreed to have another meet and confer call on July 20, 2026, although I called him multiple times to confer prior to July 20, 2026, with all calls going to his Google Voice Mail. A true and correct copy of the email sent by Williams to me where he said he would call me on July 20, 2026, to confer is attached hereto, marked Exhibit "7" and incorporated herein by this reference. When I did not get a call from Williams I called him at 8:31 a.m. PST. It went to his voicemail. I then followed this up with my email to him about the fact that he would not confer with me as he represented. A true and correct copy of that email is

6008774v2 | 100287-0289

6

attached hereto, marked Exhibit "8" and is incorporated herein by this reference. I have done everything possible to deal with this bad faith motion and confer with Williams but he will not confer or withdraw it.

11.     Williams should not be allowed to continue to make false representations to the Court and abuse the system and the other parties in this case as he is doing. This is truly a case where sanctions should be awarded for his conduct. While Rule 11 is certainly applicable, it is not possible to file a Rule 11 Motion before the Motion to Quash as to be filed because of the safe harbor provisions in Rule (c) by Plaintiff.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on this 20th day of July, 2026, at Los Angeles, California.

By:   _____

ANDREW K. ALPER, Declarant

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO EX PARTE APPLICATION

# EXHIBIT 1

**Lexi Villarreal**

---

**From:** Andrew Alper <aalper@frandzel.com>
**Sent:** Monday, June 22, 2026 11:16 AM
**To:** Andrew Williams
**Subject:** Peter Matheny service

When you file the Second Amended Answer, etc. and Third Party Claim I now have the authority to accept service on behalf of Peter Matheny. No reason to accept service of the First Amended since it is being amended again. Thanks

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

Phone:       (323) 852-1000
Facsimile:   (323) 651-2577
E-mail:      aalper@frandzel.com
Web:         www.frandzel.com

🌲 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

# EXHIBIT 2

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company; CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company; WEST COVINA CAR WASH LLC; JOSE RENE ORTIZ; | Case No. 2:25-cv-00359-CAS-KSx<br><br>**DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT**<br><br>First Amended Complaint<br>Filed: March 17, 2026<br><br>Trial Date: December 1, 2026 |

1

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,

COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

ANDREW PAUL WILLIAMS;
WASHWORLD,
INC.; DOES 1-100, inclusive,

     Defendants.

ANDREW PAUL WILLIAMS,

     Counter-Claimant, Cross-Claimant,
     and Third-Party Plaintiff,

v.

REGIONS BANK dba ASCENTIUM
CAPITAL;
JOSE RENE ORTIZ; MARIA L. ORTIZ;
THE ORTIZ FAMILY TRUST OF 2024;
WASHWORLD, INC.; PETER
MATHENY;
ROES 1-50, inclusive,

     Counter-Defendant,
     Cross-Defendants, and
     Third-Party Defendant.

Judge: Hon. Christina A. Snyder

Courtroom: 8D

## PRELIMINARY STATEMENT

2

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,

COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

Pursuant to Federal Rules of Civil Procedure 7, 8, 12, 13, and 14, Defendant Andrew P. Williams ("Williams"), appearing pro se, hereby submits this First Amended Answer to the First Amended Complaint of Plaintiff Regions Bank dba Ascentium Capital ("Plaintiff" or "the Bank"), together with his Affirmative Defenses, Counterclaim against the Bank, Cross-Claim against co-Defendant Jose Rene Ortiz ("Ortiz"), Maria L. Ortiz (named on the fraudulent transfer and constructive trust claims only), and The Ortiz Family Trust of 2024 (the "Trust"), and Third-Party Complaint against Peter Matheny ("Matheny"), the loan officer at Ascentium Capital who originated and structured the underlying transaction.

This filing presents the truth of the transaction at the heart of this case: the Equipment Finance Agreement ("EFA") executed in January 2024 in the principal amount of $343,394.23 (subsequently restated as $346,904.75 by the March 7, 2024 Addendum executed by Ortiz alone), ostensibly for car wash equipment to be supplied by Washworld, Inc. for installation at premises owned by West Covina Car Wash LLC, was architected by Matheny in concert with Ortiz. The loan was sized against an existing Washworld quote for an unrelated CWM project in Chula Vista, California (the "Chula Vista Project"), in a structure architected by Matheny under which Washworld, after applying a portion of loan proceeds to settle CWM's pre-existing Chula Vista trade balance, refunded the surplus to CWM, which CWM in fact deployed in its entirety to acquire and install car wash equipment for the tunnel car wash facility at the West Covina site, including tunnel wash systems, water treatment and reclaim equipment, pumping and pneumatic systems, electrical and mechanical components, drying and lighting equipment, vacuum stations, a controller, and chemical-delivery equipment, all as more fully identified in paragraph 41 below. The structure as architected by Matheny was non-standard in form, in that the loan was sized against a quote for one of CWM's

3

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

projects (Chula Vista) while the resulting equipment was deployed across two of CWM's projects (Chula Vista trade balance settlement and West Covina car wash equipment acquisition). Matheny's architecture, as further alleged herein, was not isolated but a continuation of a documented multi-year pattern by Matheny of originating equipment financing transactions for borrowers in the petroleum and car wash retail vertical, including the Yostina Inc./Petit Auto Wash transaction of June through July 2021 ($150,000 financing for which Matheny instructed the vendor what amount and addressee the invoice should reflect) and the Zavaro Inc. transaction of May 2023 through May 2024 ($130,107.47 of duplicate funding disbursed to CWM under Ascentium Finance Agreement No. 2729070 in a circular-financing structure that Matheny later attempted to clean up by directing CWM to wire the duplicate proceeds onward to Zavaro).

Williams's relationship to CWM was as follows. At formation of CWM on or about April 16, 2022, Williams held a sixty percent (60%) majority membership interest. In late 2023 and January 2024, at Matheny's direction and as a precondition to funding the EFA, Williams's majority position was restructured to a ten percent (10%) minority interest, with Ortiz elevated to an eighty percent (80%) controlling interest and sole personal guarantor; the amended Operating Agreement reflecting this restructure was bundled into the EFA closing documents and executed contemporaneously with the EFA in January 2024. At all relevant times concerning the EFA, Williams was therefore a ten percent (10%) minority member of CWM. Williams also held the title of Chief Executive Officer ("CEO") for limited purposes, including for use in communications with banks and vendors and in his email signature, and was a Manager of CWM. Williams's titles, however, did not confer upon him control over the structuring or funding of the EFA, signing authority over the Bank's financing documents, control over the

4

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

disbursement of loan proceeds, or any role in the Bank's internal underwriting and compliance processes. CWM was at all relevant times a small enterprise in which Williams performed wide-ranging operational functions, including customer-facing work, vendor coordination, quote preparation, and routine administrative tasks. Williams did not sign the EFA, the Personal Guaranty, the Authorization to Perform Verbal Verification, the Customer Identification Program form, the Delivery and Acceptance Certificate, the Funding Instructions, the Commencement Agreement, or any Addendum to the EFA. Each of those documents was signed by Ortiz, the eighty percent (80%) controlling member of CWM, who served as the Bank's designated authorized representative for the borrower and as the sole personal guarantor on the loan. Williams's only signature on any Bank financing-related document was on the Authority and Incumbency Certificate, which he signed solely in the capacity of "Certifier" attesting to Ortiz's authority to bind CWM, and not in the capacity of a borrower, principal, or guarantor.

The loan was originated under circumstances in which: (a) the original credit application was submitted in the name of West Covina Car Wash LLC for $250,000, but the Bank ultimately funded a loan in the name of CWM for an amount that grew during processing; (b) the Operating Agreement of CWM presented to the Bank reflected an ownership structure that had been restructured at Matheny's direction prior to submission to the Bank; (c) Matheny instructed Williams in writing to bypass the Bank's standard internal document upload portal and instead transmit loan documents to Matheny personally by email; and (d) the loan was sized against the Washworld Chula Vista quote, resulting in approximately $132,509.09 of loan proceeds being refunded by Washworld back to CWM after settlement of the Chula Vista trade balance, and deployed by CWM in its entirety to acquire and install car wash equipment at the West Covina tunnel

5

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

car wash facility, all of which equipment is presently in operating use at that facility.

Notably, the Bank itself has acknowledged in this litigation, as reflected in its filing at Docket No. 82, that Williams was "probably not collectable." Notwithstanding that admission against interest, the Bank obtained leave to file the operative First Amended Complaint and re-added Williams as a defendant on March 17, 2026. The Bank's decision to pursue Williams personally despite its own assessment of non-collectability is itself evidence that the Bank's continued prosecution of Williams is motivated by purposes other than legitimate recovery.

Williams asserts herein only those claims for which he has standing in his individual capacity, framed to avoid trenching upon (i) claims that may constitute property of his bankruptcy estate under 11 U.S.C. § 541, (ii) claims that are derivative of CWM (which Williams, as a pro se litigant, lacks standing to assert in this action under Rowland v. California Men's Colony, 506 U.S. 194 (1993), and Simon v. Hartford Life, Inc., 546 F.3d 661 (9th Cir. 2008)), and (iii) claims that may be more appropriately asserted by the Chapter 7 Trustee or by CWM through its retained counsel of record. Williams expressly reserves all rights to amend this pleading under Federal Rule of Civil Procedure 15 upon (a) abandonment by the Chapter 7 Trustee of estate property claims under 11 U.S.C. § 554, (b) appearance of counsel for CWM, or (c) such other procedural posture as may be appropriate to permit assertion of preserved claims.

Williams further submits this pleading without waiver of, and expressly reserving, his objection to the sufficiency of the Bank's purported service of the First Amended Complaint upon Williams as detailed in his Twenty-Ninth Affirmative Defense.

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

## I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the Bank's claims pursuant to 28 U.S.C. § 1332 by reason of complete diversity of citizenship and an amount in controversy exceeding $75,000, as alleged in the First Amended Complaint.

2.      This Court has supplemental jurisdiction over the Counterclaim, Cross-Claim, and Third-Party Complaint pursuant to 28 U.S.C. § 1367, because all of the claims asserted herein arise from the same transactions and occurrences as the Bank's claims and form part of the same case or controversy.

3.      This Court additionally has subject matter jurisdiction over the Counterclaim against Plaintiff and the Cross-Claim against Cross-Defendants pursuant to 28 U.S.C. § 1332 by reason of complete diversity of citizenship and an amount in controversy exceeding $75,000.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the negotiation, structuring, funding, and performance of the EFA, the operation of CWM in this District, and Ortiz's alleged diversion of CWM's business in this District. Venue for the UVTA claims herein is also proper in this District because the real property at issue is located in this District.

5.      This Court has personal jurisdiction over Counter-Defendant Regions Bank dba Ascentium Capital because the Bank initiated the underlying litigation in this Court and has voluntarily appeared and litigated herein.

6.      This Court has personal jurisdiction over Cross-Defendants Ortiz and Maria L. Ortiz because each is an individual residing in West Covina, California,

7

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

within this District. Cross-Defendant Ortiz has additionally voluntarily appeared and litigated as a Cross-Complainant herein.

7.    This Court has personal jurisdiction over Cross-Defendant The Ortiz Family Trust of 2024 because the Trust holds title to real property located in West Covina, California, within this District (commonly known as 402 Addleman Avenue, West Covina, California 91792, identified by Los Angeles County Assessor's Parcel Number 8725-008-042), and because the Trust was formed and is administered in California by trustees who reside in California.

8.    This Court has personal jurisdiction over Third-Party Defendant Matheny because, among other reasons, Matheny conducted business in California involving the transactions at issue, communicated repeatedly with persons in California regarding those transactions, structured loan transactions secured by collateral located in California, and directed funds to be wired to California-based parties as part of the conduct giving rise to the claims herein.

## II. PARTIES

9.    Counterclaimant, Cross-Claimant, and Third-Party Plaintiff Andrew P. Williams ("Williams") is an individual. At formation of CWM in April 2022, Williams held a sixty percent (60%) majority membership interest in CWM, as set forth in paragraph 21 below. In late 2023 and January 2024, Williams's membership was restructured to a ten percent (10%) minority interest contemporaneously with the EFA closing, at Matheny's direction and as a precondition to the Bank's funding, as set forth in paragraphs 24 and 25A through 25D below. Williams also served as a Manager of CWM and held the title of Chief Executive Officer ("CEO") for purposes of communications with banks, vendors, and other counterparties, and used the CEO designation in his email signature.

8

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

CWM was a small company in which Williams performed a wide range of operational functions consistent with a small-business environment.

10. Counter-Defendant Regions Bank, doing business as Ascentium Capital ("Regions" or "the Bank"), is an Alabama State Bank with its principal place of business in Birmingham, Alabama, and operates a division known as Ascentium Capital with offices located at 23970 Highway 59 N, Kingwood, Texas 77339. On March 31, 2023, Ascentium Capital, LLC was merged into Regions Bank, and Regions Bank now operates Ascentium Capital as a division. Regions is the Plaintiff and Counter-Defendant in this action.

11. Cross-Defendant Jose Rene Ortiz ("Ortiz") is an individual residing at 402 Addleman Avenue, West Covina, California 91792. At all times relevant to the EFA, Ortiz was and is the eighty percent (80%) controlling member of CWM and served as its principal manager exercising actual operational authority over CWM's business affairs. On information and belief, Ortiz is currently employed by H&S Energy LLC.

12. Cross-Defendant The Ortiz Family Trust of 2024 (the "Trust") is a California trust formed in 2024, the trustees of which are Jose R. Ortiz and Maria L. Ortiz. The Trust is the record title holder of certain real property located at 402 Addleman Avenue, West Covina, California 91792, identified by Los Angeles County Assessor's Parcel Number 8725-008-042 (the "Subject Property"). The Subject Property was transferred into the Trust by Grant Deed executed by Jose R. Ortiz and Maria L. Ortiz on June 13, 2024 and recorded with the Los Angeles County Registrar-Recorder/County Clerk on September 4, 2024 as Document Number 20240594220, in circumstances giving rise to the claims for fraudulent transfer asserted herein. A true and correct copy of the recorded Grant Deed is attached as Exhibit A and incorporated by reference.

9

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

**12A.** Cross-Defendant Maria L. Ortiz ("Maria Ortiz") is an individual residing at 402 Addleman Avenue, West Covina, California 91792, and is the spouse of Cross-Defendant Jose Rene Ortiz. Maria Ortiz is named as a Cross-Defendant solely on the Eleventh and Thirteenth Claims for Relief herein (fraudulent transfer and constructive trust) by reason of her status as (a) co-grantor with Jose R. Ortiz, in their former capacity as "Husband and Wife as Joint Tenants," of the June 13, 2024 Grant Deed transferring the Subject Property into the Trust, and (b) co-trustee of the Trust. Williams asserts no other affirmative claim against Maria Ortiz.

13. As alleged in detail in paragraph 67 below and as appears on the face of the recorded Grant Deed attached as Exhibit A, the recorded Grant Deed transferring the Subject Property into the Trust directs that the recorded instrument be returned to the trustees "c/o Law Office of Lisa Mitts Patrick, 112 E. Amerige Ave. Suite 313, Fullerton, CA 92832," together with Ms. Mitts Patrick's office telephone, facsimile, and email.

14. Third-Party Defendant Peter Matheny ("Matheny") is an individual believed to reside in or near Kingwood, Texas or San Diego, California. At all relevant times, Matheny was employed by Ascentium Capital, LLC and subsequently Regions Bank as a loan officer with primary responsibility for originating and structuring the loan transaction at issue in this action. Public records indicate that Matheny holds the title "Vice President of Sales, Petroleum/C-Store" at Ascentium Capital, a role he has held since May 2020, with his industry vertical being retail petroleum, convenience stores, and fuel wholesalers. On information and belief, Matheny acted in his individual capacity, outside the scope of any legitimate authority granted to him by the Bank, in

10

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,

COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

committing the acts complained of herein, and is therefore individually liable for the resulting damages.

15.    Defendant Car Wash Management, LLC ("CWM Delaware" or "CWM") is a Delaware limited liability company organized on or about April 16, 2022. As of the date of the underlying loan transaction (January 2024), and as restructured at Matheny's direction contemporaneously with the EFA closing, CWM Delaware's members were Ortiz (80%), Travis Beaudoin ("Beaudoin") (10%), and Williams (10%). At formation in April 2022, the membership had been Williams (60%), Ortiz (25%), and Beaudoin (15%); the restructure is alleged in paragraph 24 below. Williams does not assert herein any claim derivative of CWM Delaware. Williams expressly reserves all rights to amend this pleading to assert derivative claims under Federal Rule of Civil Procedure 15 upon appearance of counsel for CWM Delaware, abandonment of estate property by the Chapter 7 Trustee, or such other procedural posture as may permit those claims to be asserted.

16.    Defendant Car Wash Management, LLC, a Hawaii limited liability company ("CWM Hawaii"), is a Hawaii Domestic Limited Liability Company, Hawaii File Number 209975 C5, registered on February 22, 2019. CWM Hawaii was organized for the limited purpose of operating a discrete government services contract performed in the State of Hawaii. CWM Hawaii's operational life ended in approximately 2022 to 2023 upon conclusion of the underlying government contract, after which the entity has been functionally defunct. CWM Hawaii's 2024 annual filing in Hawaii is delinquent and the entity is currently not in good standing. As of the date hereof and at relevant times after the departure of former member Jonathan Kim (Chief Financial Officer of the Hawaii entity), the membership of CWM Hawaii has consisted of Ortiz, Williams, and Beaudoin.

11

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

CWM Hawaii has had no role in, and was not a party to, the EFA or the underlying transaction described herein. The Bank's joinder of CWM Hawaii as a defendant in the First Amended Complaint, notwithstanding the Bank's own pleading admission at FAC ¶ 2 that "the contracting entity in this case was and is the Delaware entity," appears to be a pretextual effort to impute liability across legally distinct entities without basis.

17.    Defendant Travis Beaudoin ("Beaudoin") is an individual believed to reside in San Diego County, California. Beaudoin was, at relevant times, a member of CWM Delaware (15% at formation; 10% after the January 2024 restructure) and a member of CWM Hawaii. On information and belief, Beaudoin departed from CWM around the same time as Ortiz, and currently services car wash equipment in San Diego County. Williams asserts no affirmative claim against Beaudoin herein.

18.    Defendant West Covina Car Wash LLC ("WCCW") is a California limited liability company that owns or operates real property at 310 S. Vincent Avenue, West Covina, California, and is a corporate guarantor on the EFA. On information and belief, Ortiz holds an ownership interest in WCCW.

19.    Defendant Washworld, Inc. ("Washworld") is a Wisconsin corporation with its principal place of business in De Pere, Wisconsin. Washworld manufactures car wash equipment and at all relevant times had a distributor relationship with CWM. On information and belief, Washworld is also a vendor and equipment supplier to H&S Energy LLC, the same entity that currently employs Ortiz and Beaudoin. Washworld is named as a Defendant in the Bank's First Amended Complaint. Williams alleges on information and belief that Washworld was, at the time of the March 2024 funding and disbursement, unaware of the broader Matheny-architected loan structure and acted in good faith pursuant

12

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

to Matheny's and the Bank's wire instructions in handling the loan proceeds described in Section D below.

20.    ROES 1 through 50 are persons or entities whose true identities are presently unknown to Williams. Williams will amend this pleading to include their true names and capacities when ascertained. Williams is informed and believes, and on that basis alleges, that ROES 1 through 50 include: (a) other employees, agents, or officers of the Bank who participated in or had knowledge of the wrongful conduct alleged herein; (b) other co-conspirators with Matheny in the broader scheme of Matheny-originated structurally irregular loan originations; (c) other beneficiaries of the diversion of CWM's business; and (d) other entities that received improper transfers of CWM's assets, customers, or business opportunities.

### III.  FACTUAL ALLEGATIONS

*A.  CWM Formation and Williams's Role*

21.    CWM was organized as a Delaware limited liability company on or about April 16, 2022. The Operating Agreement of CWM executed at that time set forth the original membership interests of CWM as follows: Andrew Williams, sixty percent (60%); Jose Rene Ortiz, twenty-five percent (25%); and Travis Beaudoin, fifteen percent (15%). Each member contributed zero dollars ($0) of capital. Williams held the original majority membership interest in CWM by reason of his role in founding and operating the enterprise.

22.    Pursuant to the operative Operating Agreement of CWM at all times relevant to the EFA (as amended in connection with the EFA closing as alleged in paragraphs 24 and 25A through 25D below), CWM "will be managed by its

13

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,

COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

Members" and "[d]ecisions shall be made by a majority vote unless otherwise stated in this Agreement." By reason of his eighty percent (80%) post-restructure ownership interest, Ortiz held majority control over CWM's decisions and affairs and exercised actual operational authority over CWM's business at all times concerning the EFA.

23.   Williams served at CWM (after the January 2024 restructure) as a Member (10%), as a Manager, and as Chief Executive Officer ("CEO"), the latter title being held primarily for purposes of dealings with banks, vendors, and other counterparties, and used in his email signature. CWM operated as a small business in which Williams performed a wide range of functions, including but not limited to: assisting with the preparation of customer quotes; coordinating with vendors and equipment manufacturers; managing administrative functions; and performing routine operational tasks of every kind ordinary to a small enterprise. Williams's titles, however, did not give him signing authority on the Bank's financing documents, did not give him control over the structuring or funding of the EFA, did not give him control over the disbursement of loan proceeds received by CWM, and did not give him a role in the Bank's internal underwriting or compliance processes. Each of those functions was performed by Ortiz as the eighty percent (80%) controlling member, by Matheny as the Bank's loan officer, or by other personnel of the Bank.

24.   In late 2023 and January 2024, at the direction of Matheny and as a precondition to the Bank's funding of the EFA, the membership of CWM was restructured from its original April 16, 2022 allocation (Williams 60%, Ortiz 25%, Beaudoin 15%) to the allocation that the Bank required in order to fund (Ortiz 80%, Williams 10%, Beaudoin 10%). The restructuring was directed by Matheny so that Ortiz could be presented to the Bank as the controlling member and sole

14

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

personal guarantor. The discussions concerning the restructuring occurred in multiple telephonic conversations between Matheny and members and personnel of CWM, including speakerphone conversations in which Williams, Ortiz, and Beaudoin were each present at various times. The amended Operating Agreement reflecting the post-restructure allocation was bundled into the EFA closing documents and executed contemporaneously with the EFA in January 2024. A copy of the amended Operating Agreement is in the Bank's loan file. As reflected in subsequent written correspondence from Ascentium's credit underwriter Lara C. Hernandez (alleged in paragraphs 25A through 25D below), the Bank itself required "LLC Operating Agreements for both entities to document Jose's majority ownership" as a condition of funding the loan. Williams gave up his original sixty percent (60%) majority position at Matheny's direction in order for Matheny and the Bank to obtain the documentary record they required to fund the EFA on the structure that Matheny had architected.

### B. The Loan Application Process

25.    In or about December 2023, an initial Commercial Credit Application was submitted to Ascentium Capital in the name of West Covina Car Wash LLC for a loan in the amount of approximately $250,000. That application was signed by Ortiz as Member of WCCW, with his Social Security Number, date of birth, home address, and other personal identifying information, on or about December 22, 2023. Williams did not sign the Commercial Credit Application.

25A.    On or about December 26, 2023, at approximately 10:38 a.m. Pacific time, Matheny transmitted to Williams by text message a photograph of the original Ascentium Commercial Credit Application bearing Pete Matheny's name and contact information, the Business Legal Name "West Covina Car Wash,"

15

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

street address "310 St. Vincent Street, West Covina, CA 91790," Contact Name "Rene Ortiz, Title: Member," Federal Tax ID 93-4806991, with Vendor Name "Car Wash Management," Vendor Address "7776 Trade Street, San Diego, CA 92121," and Vendor Contact telephone (808) 465-2291. The same day, on or about December 26, 2023, the Ascentium credit application designated "App # 2763169 for West Covina Car Wash LLC" was declined by Ascentium's credit department on grounds of insufficient time-in-business. In response to that decline, Matheny e-mailed Lara C. Hernandez of Ascentium (with Tony Zieglar of Ascentium copied) at 3:17 p.m. Central time on December 26, 2023, proposing a substitution of borrower entities: "Car Wash Management has several Car Wash locations, but they are on military bases. What if we we're to CCG Car Was Management LLC which Jose Ortiz owns 80% of?" The substitution of CWM as borrower of record in place of WCCW was initiated by Matheny, not by Williams or by any other member of CWM.

25B. On or about December 26, 2023, at 5:18 p.m. Central time, Ascentium's credit underwriter Lara C. Hernandez responded in writing, summarizing the structural relationships and flagging the arm's-length problem with the proposed transaction: "West Covina Car Wash LLC is the landlord, according to the space agreement attached. Car Wash Management LLC is the tenant, according to the space agreement. PG Jose Rene Ortiz owns the tenant entity, which owns the real estate entity and is also the vendor??? West Covina Car Wash LLC is a new LLC that is 30% held by investors, 70% held by Car Wash Management LLC, in which Jose Ortiz owns 80% of CWM." Ms. Hernandez then proceeded the next morning, on or about December 27, 2023, to inform Matheny: "We cannot finance a transaction where customer and vendor do not have an arm's length distance. Would there be a manufacturer the equipment could be purchased

16

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

from directly and cut-out Car Wash Management as the vendor? ... We would need LLC Operating Agreements for both entities to document Jose's majority ownership. Car Wash would be obligor and West Covina as cross corp."

25C.  On or about December 26, 2023, Matheny replied to Ms. Hernandez's 5:18 p.m. December 26, 2023 message (paragraph 25B above), copying Mr. Zieglar, in pertinent part: "Yes exactly! I know it's a very interesting scenario. We've done a few deals through Car wash management the vendor." Matheny's statement, made in writing on Bank time from a Bank e-mail account to a Bank credit underwriter, is an admission of conduct in originating "a few deals through Car wash management the vendor," notwithstanding the arm's-length problem that Ms. Hernandez had identified. The admission, taken together with the documented Yostina Inc./Petit transaction (Section G.3 below) and the Zavaro Inc. transaction (Section G.2 below), corroborates the pattern alleged herein.

25D.  On or about December 27, 2023, at 10:05 a.m. Central time, Matheny forwarded the entire foregoing internal Ascentium e-mail chain to Williams, stating: "Hi Andrw [sic], See email below. Can you get me LLC Operating Agreements for both entities to document Jose's majority ownership?" Notwithstanding Ms. Hernandez's written recommendation that CWM be "cut-out" as the vendor, Matheny did not cause CWM to be removed as the vendor on the transaction; instead, Matheny proceeded with both CWM as borrower of record and CWM as designated vendor, with the loan ultimately funded against a vendor invoice from Washworld and, subsequently, against a wire to AVW Equipment Co., Inc. as set forth below. The Bank, having received Ms. Hernandez's written underwriting recommendation, took no documented action to enforce that recommendation. Matheny's December 27, 2023 e-mail to Williams demanding

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

amended Operating Agreements is the documentary precondition for the bundled-into-EFA restructure alleged in paragraph 24 above.

26.   Following the submission of the WCCW Commercial Credit Application, Matheny indicated that additional documentation was required for the loan to proceed. By text message dated December 28, 2023, after Williams transmitted the Operating Agreement of CWM to Matheny, Matheny responded: "Perfect. Now we just need West Covina."

27.   Between December 28, 2023 and January 5, 2024, the structure of the loan transaction was modified such that the borrower of record on the EFA became CWM rather than WCCW, and WCCW became a corporate guarantor rather than the borrower. The change of borrower entity was directed by Matheny and not by Williams.

28.   On or about January 5, 2024, Matheny instructed Williams by text message: "Email me a copy of the signed docs before we upload. I want to make sure it's good to go." Matheny then sent a follow-up text stating: "I was just told you don't need to use that upload link. Just email to me please."

29.   On information and belief, the "upload link" or "upload portal" referenced by Matheny was the standard internal document submission system maintained by Ascentium Capital for loan documentation. By instructing Williams to bypass that portal and instead transmit loan documents to Matheny personally by email, Matheny circumvented the Bank's internal document audit trail, the Bank's compliance review processes, and the Bank's standard origination protocols.

*C. Execution and Funding of the EFA*

18

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,

COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

30.    The Equipment Finance Agreement bearing Agreement No. 2763169 ("the EFA") was executed by Ortiz as Member of CWM. Williams did not sign the EFA in any capacity. The EFA designates CWM as the borrower and identifies the property to be financed as car wash equipment to be supplied by Washworld.

31.    On or about January 5, 2024, an Authorization to Perform Verbal Verification with respect to Agreement No. 2763169 was executed by Ortiz as Member of CWM. Williams did not sign the Authorization to Perform Verbal Verification.

32.    On or about January 8, 2024, a Customer Identification Program form with respect to Agreement No. 2763169 was executed by Ortiz, providing his date of birth (June 12, 1967) for purposes of identification under federal anti-money-laundering law. Williams did not sign the Customer Identification Program form. Williams's date of birth was not provided to the Bank in connection with the loan.

**33.    On or about January 5, 2024, an Authority and Incumbency Certificate with respect to Agreement No. 2763169 was executed. The Certificate identifies Ortiz as the "duly appointed and qualified officer, manager, partner, member or other appointed official" of CWM authorized to execute and deliver the EFA and related agreements. Williams signed the Authority and Incumbency Certificate solely in his capacity as the "Certifier" who certified that Ortiz held the authority described therein. Williams did not sign as a borrower, principal, or guarantor. Williams's understanding at the time of signature, based on Matheny's contemporaneous oral representations, was that the Authority and Incumbency Certificate served the limited purpose of verifying that Ortiz, as the named officer of CWM authorized to act on CWM's behalf, was properly authorized to execute the EFA and related instruments on behalf of CWM. Matheny did not orally communicate to**

19

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

**Williams that the "Certifier" signature also constituted Williams's personal certification of any other fact about the transaction, its structure, or the parties' relationships. Williams did not understand, and was not given reason by Matheny to understand, that signing as Certifier exposed Williams to any form of personal liability.**

34.    On or about January 5, 2024, a Personal Guaranty with respect to Agreement No. 2763169 was executed by Ortiz as the sole guarantor. Williams did not sign the Personal Guaranty. Williams is not, and has never been, a personal guarantor of the EFA, of CWM's obligations to the Bank, or of any related indebtedness.

35.    On or about January 8, 2024, a Delivery and Acceptance Certificate with respect to Agreement No. 2763169 was executed by Ortiz as Member of CWM, certifying that the equipment had been delivered, conformed to the order, and was in satisfactory condition. Williams did not sign the Delivery and Acceptance Certificate.

36.    On or about January 5, 2024, a Commencement Agreement with respect to Agreement No. 2763169 was executed by Ortiz as Member of CWM. Williams did not sign the Commencement Agreement.

37.    On or about January 5, 2024, Matheny inquired of Williams by text message: "Do you want 50% or 100% released to AVW?", referring to AVW Equipment Co., Inc. ("AVW") of 105 South 9th Avenue, Maywood, Illinois 60153 as the contemplated equipment vendor on the loan. Williams responded: "100%." On or about January 9, 2024, at 12:55 p.m. Pacific time, after Williams had advised Matheny that CWM's 10% first-payment wire to Ascentium (alleged in paragraph 37A below) had been sent, Matheny advised Williams by text message: "Ok I'll let you know once received. Please let Rene know that he will receive a

20

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

call to verbally the release of the funds of 90% to AVW. Our funding department will call Rene at 626-413-0842 & the call should come from a 281#." On or about January 10, 2024, at 11:59 a.m. Pacific time, Matheny advised Williams by text message: "Hi Andrew- Good news! We're good to go and this has funded. I'll give AVW a heads up now." Accordingly, the Bank funded the loan on or about January 10, 2024 with AVW as the equipment vendor of record.

**37A.** As a precondition of funding the loan, the Bank required CWM to pre-fund a first payment of $34,339.42 (representing 10% of an approved loan amount of $343,394.23) by wire transfer to Ascentium. Matheny's e-mail of January 5, 2024 to Williams (subject: "CAR WASH MANAGEMENT, LLC APPROVAL") stated in pertinent part: "See attached 48-60-72-month terms. Loan amount $ 343,394.23 with a 10% first payment. Please use the attached wire doc for first payment of $34,339.42." On or about January 8, 2024, by text message in the evening hours, Matheny transmitted to Williams the corresponding wire instructions, namely: "Regions Bank, 1900 5th Ave. N., Birmingham, AL 35203, ABA Number 062005690, Account Number 0093723237, For credit to: Ascentium Capital LLC, *International SWIFT code for international wires UPNBUS44." On or about January 9, 2024, at 8:37 a.m., Matheny confirmed by text message that the wire instructions were correct ("Good morning- Confirmed that's correct"), and CWM thereafter wired $34,339.42 to Ascentium at Regions Bank that same day, with Williams informing Matheny at 12:55 p.m. on January 9, 2024 by text: "Bank confirmed that wire was sent." CWM received nothing from the Bank in exchange for the $34,339.42 first payment other than the funding of a loan whose principal had been sized against the Washworld Chula Vista quote as set forth in Section D below.

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

**37B.** On or about January 12, 2024, at 11:55 a.m., Williams advised Matheny by text message that AVW had reported it had not received the wire. Matheny responded: "Wrong! Not only that but I emailed Confirmation to Phil. Watch this email shortly" and added, "Check your email. I'm very organized and very rarely would miss something like this." In subsequent text messages, Matheny stated, "of course and remind them we have to hold back 10% because of the amount over 250k. We will release the remaining 10% once delivered." On information and belief, dispute and confusion continued between AVW, the Bank, and Williams concerning whether AVW had in fact received the loan proceeds and concerning the underlying wire instructions, with Matheny acknowledging by text on February 29, 2024, "AVW is confused with everything it sounds like."

**37C.** On or about February 28, 2024, at 6:00 p.m. Pacific time, Williams asked Matheny by text message: "Just checking if AVW sent the money back yet and if there is any movement?" Matheny responded: "Not yet but around 3pm we confirmed with AVW wiring instructions. You'll be the the first to know once we get it back." Williams thereafter asked: "Cool, and washworld stuff is good to go with your underwriters?" Matheny responded: "Oh ya they are the best of best on our end." Williams further asked: "So as soon as we get the money back we are good to go?" Matheny responded: "Yep we'll just make the change from AVW to Wash world." The proposed substitution of Washworld for AVW as the equipment vendor on Loan #2763169 was originated by Matheny acting on behalf of the Bank, not by Williams.

**37D.** On or about March 5, 2024, at 1:01 p.m. Pacific time, Matheny advised Williams by text message: "Hi Andrew- AVW has returned the funds and we're going to rewrite the deal to wash world." On or about March 7, 2024, at 12:59 p.m. Pacific time, Matheny followed up by text message: "Hi Andrew-

22

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

please have Renee sign the document emailed to him with wet ink." On information and belief, Ortiz thereafter signed one or more instruments provided by Matheny purporting to amend Loan #2763169 to substitute Washworld for AVW as the equipment vendor. The substitution of Washworld for AVW was not preceded or accompanied by: (i) a new Commercial Credit Application; (ii) renewed underwriting review by Ascentium's credit department, including by Lara C. Hernandez or any other credit officer; (iii) a new Authorization to Perform Verbal Verification; (iv) a new Authority and Incumbency Certificate; or (v) any amendment of the EFA executed by Williams or by all members of CWM. The decision to permit the substitution, and the decision to fund the substituted vendor (Washworld), was made by the Bank acting through Matheny notwithstanding the Bank's actual knowledge, from the December 26 through 27, 2023 internal communications of Lara C. Hernandez alleged in paragraphs 25A through 25D above, that the original transaction structure presented a non-arm's-length problem.

37E.   Following the documentation of the AVW-to-Washworld substitution as set forth in paragraph 37D above, the Bank thereafter caused approximately $309,054.80 of loan proceeds to be transmitted to Washworld in connection with Loan #2763169 on or about March 11 through 12, 2024. The $309,054.80 wire to Washworld is the same payment that Plaintiff Regions Bank now characterizes in Paragraph 39 and elsewhere of its First Amended Complaint as a "Mistaken Payment." As described in Section D below, Washworld applied approximately $132,509.09 of the $309,054.80 to settle CWM's pre-existing Chula Vista trade balance and refunded the remaining approximately $176,552.71 to CWM at Matheny's direction.

38.   During the period of January 8, 2024 through January 12, 2024, Matheny communicated with Williams by text message regarding the wiring of

23

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,

COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

funds and the timing of disbursement to the equipment vendor. Matheny stated that the Bank intended to release ninety percent (90%) of the funds to AVW initially, with ten percent (10%) held back. The wiring of funds and the disbursement protocol were arranged and executed by Matheny and the Bank's funding department, not by Williams.

### D. The Matheny-Directed Loan Structure: Use of the Chula Vista Washworld Quote and the $132,509.09 Refund to CWM

39.    At the time of the EFA, CWM was simultaneously developing two car wash projects: (a) a tunnel car wash facility at 310 S. Vincent Avenue, West Covina, California (the "West Covina Project"), and (b) a Conserve Fuels-branded gas station and car wash in Chula Vista, California (the "Chula Vista Project"). Conserve Fuels was at relevant times a direct customer of CWM. For the Chula Vista Project, CWM held a Washworld equipment quote outstanding, and Conserve Fuels had paid CWM approximately one-half of the Chula Vista equipment cost upfront, which CWM retained. CWM accordingly owed Washworld a trade balance for the remaining portion of the Chula Vista equipment. For the West Covina Project, CWM required financing for the full complement of car wash equipment necessary to construct and operate a tunnel car wash facility, including tunnel wash systems, water treatment and reclaim, pumping, pneumatic, electrical, mechanical, drying, lighting, vacuum, controller, and chemical-delivery components, all as more fully identified in paragraph 41 below.

40.    In structuring the EFA, Matheny caused CWM to use the existing Washworld Chula Vista quote to size the loan. As architected by Matheny, the structure produced a flow of funds in which the Bank-financed proceeds, after

24

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

Washworld's application of a portion to settle CWM's pre-existing Chula Vista trade balance, were refunded by Washworld to CWM, with the refunded amount used by CWM to acquire and install car wash equipment at the West Covina tunnel car wash facility as detailed in paragraph 41 below. The structure was originated, directed, and managed by Matheny in his capacity as the Bank's loan officer, as evidenced by Matheny's documented December 26 through 27, 2023 internal communications with Lara C. Hernandez alleged in paragraphs 25A through 25D above, by Matheny's documented instructions to Williams concerning the bypass of the Bank's upload portal and the substitution of vendors alleged in paragraphs 28, 29, 37C, and 37D above, and by Matheny's documented pattern in materially identical transactions alleged in Sections G.2 (Zavaro Inc.) and G.3 (Yostina Inc./Petit) below. Williams, who did not sign the EFA or any related funding document and who was not a party to the Bank's internal underwriting communications, did not architect this structure.

41. The Matheny-architected structure operated as follows. On or about January 9, 2024, CWM wired $34,339.42 to Ascentium as the 10% first payment on a loan of $343,394.23. On or about January 10, 2024, the Bank wired the balance of loan proceeds to AVW Equipment Co. as the initial vendor of record. AVW returned those funds to the Bank. On or about March 5, 2024, at 1:01 p.m. Pacific time, Matheny advised Williams by text message that the deal would be "rewrite[n] … to wash world" (as alleged in paragraph 37D above), and Matheny unilaterally caused the substitution of Washworld for AVW as the equipment vendor on Loan #2763169 without renewed underwriting, without a new Commercial Credit Application, and without any executed amendment of the EFA by Williams or by all members of CWM. On or about March 11 through 12, 2024, the Bank wired approximately $309,054.80 to Washworld in accordance with the

25

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

substitution Matheny had directed. Washworld thereafter (a) applied approximately $132,509.09 to CWM's pre-existing Chula Vista trade balance, and (b) refunded the remaining approximately $176,552.71 to CWM. The refunded amount was deployed by CWM to acquire and install car wash equipment for the West Covina car wash facility at 310 S. Vincent Avenue, West Covina, California, including without limitation: (i) tunnel car wash equipment, including wash arches, foamers, applicators, chain and rollers, and lighting; (ii) a dryer system supplied by Premier; (iii) a vacuum system; (iv) a car wash controller; (v) electrical systems, including electrical racking, electrical motors, and hydraulic motors; (vi) a reverse osmosis (RO) water treatment system supplied by Axeon; (vii) a water softener supplied by American Water Products; (viii) a reclaim system supplied by Sta-Rite; (ix) a Laco oil/water separator; (x) pumping systems supplied by Grundfos, together with associated manifolds; (xi) a compressed air system, including an air compressor and an air dryer; (xii) a chemical board; (xiii) car wash media and chemicals supplied by Gallup, Econocraft, and additional vendors; and (xiv) further car wash equipment, parts, and supplies necessary to and supporting the operation of the West Covina car wash facility, all sourced from additional vendors. Each of the items identified in (i) through (xiv) above is car wash equipment, is presently located at the West Covina car wash facility at 310 S. Vincent Avenue, and is in active operating use at that facility. CWM holds contemporaneous transaction records, vendor invoices, and paid receipts evidencing the acquisition by CWM of each category of equipment listed above. The entirety of the approximately $132,509.09 refunded by Washworld to CWM was deployed by CWM in connection with the acquisition of car wash equipment for the West Covina facility, with no portion thereof being deployed for any purpose other than the acquisition of such car wash equipment. The flow of funds described in this

26

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

paragraph (Bank to Washworld to CWM, and CWM to equipment vendors) is established by contemporaneous wire, accounting, and vendor invoice records held by the Bank, Washworld, CWM, and the equipment vendors, and is independent of any oral communications. On information and belief, Washworld was, at the time of the March 2024 funding and disbursement, unaware of the broader Matheny-architected loan structure and acted in good faith pursuant to Matheny's and the Bank's wire instructions; the routing of funds back to CWM via Washworld occurred in accordance with the loan structure that Matheny had originated and managed for the Bank. On further information and belief, Washworld did not deliver any car wash equipment to the West Covina site in connection with Loan #2763169; Washworld's deliveries pursuant to the loan-related disbursement were limited to the Chula Vista Project equipment for which Washworld retained the $132,509.09 portion of the wire described above.

42.    The Bank's collateral position at the West Covina site, as a result of the Matheny-architected transaction, includes the car wash equipment acquired by CWM with the refunded proceeds and identified in paragraph 41 above (a tunnel car wash system including wash arches, foamers, applicators, chain and rollers, and lighting; a dryer system; a vacuum system; a car wash controller; electrical systems including electrical racking, electrical motors, and hydraulic motors; a reverse osmosis water treatment system; a water softener; a reclaim system; an oil/water separator; pumping systems and manifolds; a compressed air system including air compressor and air dryer; a chemical board; car wash media and chemicals; and additional car wash equipment from other vendors), all of which equipment is owned by CWM, is located at 310 S. Vincent Avenue, West Covina, California, and is integrated into the operating tunnel car wash facility at that site. The West Covina car wash facility is currently in operation. The Bank, having funded the

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

EFA in the principal amount of $343,394.23, having accepted the resulting flow of funds without objection at the time of funding, and having contracted for a security interest in the equipment financed thereunder under the express terms of the EFA, has tangible operating car wash equipment at the West Covina site available to it for the exercise of its secured remedies under the EFA. The non-standard character of the Matheny-architected structure was therefore not, as the Bank now alleges in its First Amended Complaint, a diversion of loan proceeds to non-equipment purposes. The loan proceeds were deployed by CWM to acquire equipment of the same character as that contemplated by the EFA (car wash equipment) at the very site identified for installation in the original credit application (310 S. Vincent Avenue, West Covina). What was non-standard was the structural mechanism by which the loan was sized and disbursed (use of an existing Chula Vista vendor quote and a vendor refund of surplus back to the borrower), a mechanism architected by the Bank's own loan officer. Williams was unaware at the time of loan execution and funding of the structural irregularity that Matheny's loan-sizing methodology produced; Williams relied on Matheny's role, conduct, and documented instructions as the Bank's loan officer with apparent authority to originate and structure the loan transaction, on the Bank's actual funding of the loan, and on the Bank's acceptance of the resulting flow of funds, as indicia that the structure was permissible and consistent with the Bank's practice. The Matheny-architected structure of the CWM/EFA was not isolated but a continuation of a documented pattern of conduct by Matheny in originating equipment financing transactions, as further alleged in Section G below.

42A. **Based on a UCC-1 Search Report obtained from the Delaware Department of State through Parasec, dated May 21, 2026, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein by**

28

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

reference, the public Delaware UCC records reflect a single UCC-1 Financing Statement, Initial Filing Number 2024 0175388, filed January 9, 2024, naming as the debtor "CAR WASH MANAGEMENT, LLC" at 310 S Vincent Ave, West Covina, California 91790, and with a collateral description referencing "Agreement No. 2763169" (the EFA at issue in this Action). However, that financing statement names as the secured party of record only "C T CORPORATION SYSTEM, AS REPRESENTATIVE" at 330 N Brand Boulevard, Suite 700, Glendale, California 91203, and does not identify Regions Bank or Ascentium Capital as the secured party. Under 6 Del. C. § 9-506(a), a financing statement substantially satisfying the requirements of subpart 5 of Article 9 is effective only if errors or omissions are not seriously misleading. Naming a representative or agent without identifying the actual secured party (the lender) is seriously misleading as a matter of Delaware law, with the consequence that the Bank's purported security interest in CWM's equipment is unperfected. Williams reserves the right to amend or supplement this allegation upon further discovery, including upon production by the Bank of any additional UCC-1 financing statement or amendment on which the Bank intends to rely. To the extent the Bank has not properly perfected, by compliant UCC-1 filing or otherwise, the security interest contracted for under the EFA, any resulting impairment of the Bank's secured creditor position is attributable to the conduct of the Bank and its loan officer, not to any conduct of Williams.

42B. The Conserve Fuels Chula Vista Project and Matheny's Industry Vertical. CWM's Conserve Fuels-branded gas station and car wash project (the "Chula Vista Project") was a separate and distinct project from the West Covina Project that was the subject of the EFA. At the time of the EFA

29

DEFENDANT ANDREW P. WILLIAMS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

CASE NO. 2:25-cv-00359-CAS-KSx

# EXHIBIT 3

| | |
|---|---|
| **From:** | Andrew Alper <aalper@frandzel.com> |
| **Sent:** | Monday, July 6, 2026 11:02 AM |
| **To:** | Andrew Williams |
| **Cc:** | Pete M. Matheny; Jerry L Noon |
| **Subject:** | Peter Matheny service? |

Mr. Matheny indicated he received 29 pages of the First Amended Answer, Affirmative Defenses, Counterclaim, Cross-claim and Third Party Claim of your 164 page pleading. It was left at his door and not personally served. There was no summons. So he got an improper service of part of the pleading and nothing else—no other pleadings in this case from you which you are required to do in bringing him in. This service is not proper and if you contend it was proper Mr. Matheny will have to file a Motion to Quash and request Rule 11 Sanctions against you. Moreover, the reason why I said that I would accept service of the Second Amended pleading for Matheny s so Matheny would not be served with the First Amended and have to file his own Motion to Dismiss the First Amended which is going to be superseded by the Second Amended or dismissed by the other parties in this case when all Motions to Dismiss are filed. At least the Second Amended Pleading which I agreed to stipulate for you to file has fewer Claims and if any pleading could state a claim (not that it will state a claim) it will be the Second Amended and not the First Amended. The only rationale for having this served at this time is to make Matheny spend more money. But this service is not valid. Since this concerns Mr. Matheny he is on this email as well as is Regions Bank.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |

 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

1

# EXHIBIT 4

| | |
|---|---|
| **From:** | Andrew Williams <andrew@carwashmgmt.com> |
| **Sent:** | Saturday, July 11, 2026 3:32 AM |
| **To:** | Andrew Alper |
| **Cc:** | Rebecca Santamaria; kwalton@bakerlaw.com; mgannon@bakerlaw.com; xestrada@bakerlaw.com; aclaypool@bakerlaw.com; lolmp2021@gmail.com |
| **Subject:** | [EXTERNAL] FW: Peter Matheny service |

Counsel:

I confirm the meet and confer for Tuesday, July 14, 2026, at approximately 10:30 a.m. Pacific Time. Please advise whether you will be sending a link or if I need to.

Without waiving any rights: I continue to rely on Dkt. 206 and the ABC Legal personal service of the summons and third-party complaint on Mr. Matheny on July 3, 2026. I do not agree that service was defective.

Andrew P. Williams

Defendant in Pro Per

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

andrew@carwashmgmt.com

(619) 796-6469

On Fri, Jul 10, 2026 at 03:26 PM, Andrew Alper <aalper@frandzel.com> wrote:

Mr. Williams you just sent an email stating I "later offered to accept service of a Second Amended pleading for Mr. Matheny" which if not expressly states or clearly implies that I agreed to accept service of the Second Amended pleading only after there was service on July 3. Once again. You have not represented the facts correctly. Please see the email below on June 22, 2026 which directly contradicts that statement. Moreover, I advised you on July 6 that this service was defective and you chose not to respond to my email and also chose o file the proof of service. I just want to get some facts straight before our "meet and confer".

I have court on Tuesday at 9:00 a.m so I can be available probably by 10:30. This should not take long.

**Andrew Alper**

FRANDZEL ROBINS BLOOM & CSATO, L.C.

1000 Wilshire Boulevard, 19th Floor

Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |

 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

1

_____

**From:** Andrew Alper
**Sent:** Monday, June 22, 2026 11:16 AM
**To:** Andrew Williams <andrew@carwashmgmt.com>
**Subject:** Peter Matheny service

When you file the Second Amended Answer, etc. and Third Party Claim I now have the authority to accept service on behalf of Peter Matheny. No reason to accept service of the First Amended since it is being amended again.
Thanks
**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

Phone:       (323) 852-1000
Facsimile:   (323) 651-2577
E-mail:       aalper@frandzel.com
Web:          www.frandzel.com

 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

# EXHIBIT 5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| **Car Wash Management**<br>**12641 Overland Park, Suite #1045**<br><br>TELEPHONE NO.: **619-769-6469**　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **REGIONS BANK dba ASCENTIUM CAPITAL** | |

| **United States District Court, Central District of California**<br>STREET ADDRESS: **411 West Fourth St. Room 1053**<br>MAILING ADDRESS: **411 West Fourth St. Room 1053**<br>CITY AND ZIP CODE: **Santa Ana 92701**<br>BRANCH NAME: **Ronald Reagan Federal Building** | |

| PLAINTIFF/PETITIONER: **REGIONS BANK dba ASCENTIUM CAPITAL** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **CAR WASH MANAGEMENT, LLC a Delaware limited liability; et al.** | **2:25-cv-00359-CAS-KS** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**2:25-cv-00359-CAS-KSx** |
|---|---|

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents):*
    **SUMMONS IN A CIVIL ACTION; COMPLAINT; Alternative Dispute Resolution (ADR) Packet**

3. a.　Party served *(specify name of party as shown on documents served):*
    **Peter Matheny**

    b.　☐　Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*

4. Address where the party was served:
    **3633 Ruette De VI, San Diego, CA 92130**

5. I served the party *(check proper box)*

    a.　☒　**by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **07/03/2026** at *(time):* **6:21 PM**
    **Peter Matheny**
    **I delivered the documents to Peter Matheny with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired white male contact 45-55 years of age, 5'8"-5'10" tall and weighing 180-200 lbs.**

    b.　☐　**by substituted service.** On *(date):*　　　　at *(time):*　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

    　　　(1)　☐　**(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    　　　(2)　☐　**(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    　　　(3)　☐　**(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    　　　(4)　☐　I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*　　　from *(city):*　　　**or** ☐ a declaration of mailing is attached.

**Page 1 of 3**

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure. § 417.10

Tracking #: 0230888879

REF: **2:25-cv-00359-CAS-KSx**

| PLAINTIFF/PETITIONER: REGIONS BANK dba ASCENTIUM CAPITAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CAR WASH MANAGEMENT, LLC a Delaware limited liability; et al. | 2:25-cv-00359-CAS-KS |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of *(specify)*

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Trennell Wiley**
b. Address: **9845 Mira Lee Way, 30408, San Diego, CA 92126**
c. Telephone number:
d. The fee for service was: **$ 78.00**
e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:

(i) ☐ owner ☐ employee ☒ independent contractor. For: **ABC Legal Services, LLC**

(ii) ☒ Registration No.: **3947** Registration #: **6779**

(iii) ☒ County: **San Diego** County: **Los Angeles**

**BY FAX**

**Page 2 of 3**

**PROOF OF SERVICE OF SUMMONS**

Tracking #: **0230888879**



REF: **2:25-cv-00359-CAS-KSx**

8. [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ]  **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 07/03/2026

_____
**Trennell Wiley**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

**Page 3 of 3**



# EXHIBIT 6

| | |
|---|---|
| **From:** | Andrew Alper <aalper@frandzel.com> |
| **Sent:** | Tuesday, July 14, 2026 10:59 AM |
| **To:** | Andrew Williams |
| **Subject:** | RE: [EXTERNAL] Peter Matheny service |

Called to meet and confer and the phone was not answered. Sorry I was in court for our 10:30 call today and just concluded. Call any time except between 12:00-1:00 PST during business hours. Thanks

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:          aalper@frandzel.com
Web:            www.frandzel.com



 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Andrew Williams <andrew@carwashmgmt.com>
**Sent:** Tuesday, July 14, 2026 10:56 AM
**To:** Andrew Alper <aalper@frandzel.com>
**Cc:** Rebecca Santamaria <rsantamaria@frandzel.com>
**Subject:** Re: [EXTERNAL] FW: Peter Matheny service

Counsel:

I was available at approximately 10:00 a.m. Pacific Time today, July 14, 2026, for the meet and confer you noticed regarding a contemplated motion to quash service on Mr. Matheny. I did not receive a call from you.

Please advise in writing by the close of business today whether you still wish to meet and confer by telephone and, if so, propose two specific times during business hours. Alternatively, please confirm that you are withdrawing the meet-and-confer / contemplated motion-to-quash positions stated in your July 10 email.

Without waiving any rights: I continue to rely on Dkt. 206 and the ABC Legal personal service of the

1

summons and third-party complaint on Mr. Matheny on July 3, 2026, at 6:21 p.m. Pacific Time. I do not agree that service was defective, and I do not agree that Rule 11 sanctions are warranted. Mr. Matheny's response remains due July 24, 2026, unless a court order provides otherwise.

Andrew P. Williams

Defendant in Pro Per

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

andrew@carwashmgmt.com

(619) 796-6469

On Sat, Jul 11, 2026 at 12:44 PM, Andrew Alper <aalper@frandzel.com> wrote:

> Just plan a telephone call with you Mr Williams. No other counsel need be involved.
> Sent from my iPhone
>
> **Andrew Alper**
> FRANDZEL ROBINS BLOOM & CSATO, L.C.
> 1000 Wilshire Boulevard, 19th Floor
> Los Angeles, CA  90017-2427
>
> Phone:          (323) 852-1000
> Facsimile:      (323) 651-2577
> E-mail:          aalper@frandzel.com
> Web:            www.frandzel.com

🌲 **GO GREEN: Please consider the environment before you print.**
This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

> On Jul 11, 2026, at 3:32 AM, Andrew Williams <andrew@carwashmgmt.com> wrote:
>
> Counsel:
>
> I confirm the meet and confer for Tuesday, July 14, 2026, at approximately 10:30 a.m. Pacific Time. Please advise whether you will be sending a link or if I need to.
>
> Without waiving any rights: I continue to rely on Dkt. 206 and the ABC Legal personal service of the summons and third-party complaint on Mr. Matheny on July 3, 2026. I do not agree that service was defective.
>
> Andrew P. Williams
> Defendant in Pro Per
> 12641 Antioch Road, Suite #1045
> Overland Park, Kansas 66213
> andrew@carwashmgmt.com
> (619) 796-6469
> On Fri, Jul 10, 2026 at 03:26 PM, Andrew Alper <aalper@frandzel.com> wrote:

Mr. Williams you just sent an email stating I "later offered to accept service of a Second Amended pleading for Mr. Matheny" which if not expressly states or clearly implies that I agreed to accept service of the Second Amended pleading only after there was service on July 3. Once again. You have not represented the facts correctly. Please see the email below on June 22, 2026 which directly contradicts that statement. Moreover, I advised you on July 6 that this service was defective and you chose not to respond to my email and also chose o file the proof of service. I just want to get some facts straight before our "meet and confer".

I have court on Tuesday at 9:00 a.m so I can be available probably by 10:30. This should not take long.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |

 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

_____

**From:** Andrew Alper
**Sent:** Monday, June 22, 2026 11:16 AM
**To:** Andrew Williams <andrew@carwashmgmt.com>
**Subject:** Peter Matheny service

When you file the Second Amended Answer, etc. and Third Party Claim I now have the authority to accept service on behalf of Peter Matheny. No reason to accept service of the First Amended since it is being amended again. Thanks

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |

 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

| | |
|---|---|
| **From:** | Andrew Alper <aalper@frandzel.com> |
| **Sent:** | Tuesday, July 14, 2026 2:27 PM |
| **To:** | Andrew Williams |
| **Subject:** | Meet and Confer on Motion to Quash |

I have tried throughout the day to call you to meet and confer to discuss the bad service on Matheny. You have not responded. If I file the Motion to Quash with you knowing what was served on Matheny and the bad proof of Service that was filed you know that I will request sanctions. Let me know by tomorrow when you are available. This is a very short call. For you even to serve Matheny at this point with you filing a motion for leave to file a Second Amended Third Party Claim against him wreaks of your bad faith conduct.

Nd for the record I will not be in the office at least in the afternoon of the 16th and the 17th because I am having a colonoscopy.

I am not going any further in this email because I am pretty unhappy with you and the fact that you are also playing games with the discovery. Please be guided accordingly.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |

  **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

# EXHIBIT 7

| | |
|---|---|
| **From:** | Andrew Alper <aalper@frandzel.com> |
| **Sent:** | Thursday, July 16, 2026 9:26 AM |
| **To:** | Andrew Williams |
| **Subject:** | RE: [EXTERNAL] Meet and Confer on Motion to Quash |

You can book it for that date and time but that will not change the fact that I will keep calling you until you either pick up the phone or we get to July 20. This is necessary so that I can complete the Motion to Quash for filing as soon as possible. You should also be receiving Objections and responses to as you call it Wave 2 and 3 of the Discovery since unlike "Wave 1" where the extension is until after the Second Amended pleading is filed with the Court you refused to grant any extension on Wave 2 and Wave 3. Moreover it now appears that I will have to waste my time preparing objections to the "Wave 1" discovery given that you wrongfully believe that the extension is through July 24 but of course that is what you want to do at this point. In addition some of the Wave 1 discovery has been responded to in this case so what you really need to do is work on Car Wash management signing the Stipulated Protective order so it can be served on you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |



 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Andrew Williams <andrew@carwashmgmt.com>
**Sent:** Thursday, July 16, 2026 9:10 AM
**To:** Andrew Alper <aalper@frandzel.com>
**Subject:** [EXTERNAL] Meet and Confer on Motion to Quash

Counsel:

Yes. My schedule is booked for the rest of this week, so I am not available before then. I can meet and confer at 8:30 a.m. Pacific on Monday, July 20.

To correct the record: I am not ignoring your phone calls. I am booked and working on other matters throughout the day, which is why I cannot take unscheduled calls as they come in. That is the reason I asked that we set a specific time, which we have now done for July 20.

1

Please confirm 8:30 a.m. Pacific on July 20 and I will call you at that time.

Andrew P. Williams
Defendant in Pro Per
12641 Antioch Road, Suite #1045
Overland Park, Kansas 66213
andrew@carwashmgmt.com
(619) 796-6469
On Thu, Jul 16, 2026 at 03:21 PM, Andrew Alper <aalper@frandzel.com> wrote:

> While I am still going to keep calling and you can choose to ignore them and since my pleadings should be finalized and ready to file on 7/20 I can confer with you at 8:30 am PST on 7/20.
> Sent from my iPhone
>
> **Andrew Alper**
> FRANDZEL ROBINS BLOOM & CSATO, L.C.
> 1000 Wilshire Boulevard, 19th Floor
> Los Angeles, CA  90017-2427
>
> Phone:          (323) 852-1000
> Facsimile:      (323) 651-2577
> E-mail:          aalper@frandzel.com
> Web:            www.frandzel.com
>
>
>
>
>
> 🌲  **GO GREEN: Please consider the environment before you print.**
> This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
> To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
>
> > On Jul 16, 2026, at 8:13 AM, Andrew Williams <andrew@carwashmgmt.com> wrote:
> >
> > Counsel:
> >
> > The noticed meet and confer was approximately 10:30 a.m. Pacific on July 14, 2026. I confirmed that time in writing on July 11, and your own July 14 email referred to it as "our 10:30 call." Calling a minute or two before 11:00 a.m. was severely late to that noticed time.
> >
> > I do not take random phone calls during the workday. If you want to meet and confer, please propose a specific time in writing, the same way I would schedule a call with you. Randomly calling while I am busy with other matters does not constitute completing a meet and confer obligation.

2

Without waiving any rights, I continue to rely on Dkt. 206 and the ABC Legal personal service of the summons and third-party complaint on Mr. Matheny on July 3, 2026, at 6:21 p.m. Pacific Time. I do not agree that service was defective, that the proof of service is "bad," or that sanctions or Rule 11 relief are warranted.

I remain ready to complete the short Matheny meet and confer before you file. Please propose a specific morning time on July 20 or July 21 (Pacific).

Andrew P. Williams
Defendant in Pro Per
12641 Antioch Road, Suite #1045
Overland Park, Kansas 66213
andrew@carwashmgmt.com
(619) 796-6469
On Thu, Jul 16, 2026 at 02:51 PM, Andrew Alper <aalper@frandzel.com> wrote:

So you will get a blanket objection and the denial and  no response on 7/24 because the discovery is not due yet. I am waiting for Mr. Matheny to return his declaration in support of the motion to quash  service which he has reviewed and  approved and I finished my declaration setting forth the bad faith filing of a defective Proof of Service among other things. The Motion itself is being done by someone else in my firm since, as you know. I am having a colonoscopy so the Motion will be filed most likely on Monday.

As I said I will continue to attempt to contact you throughout the day today and if you answer your phone you answer it and if not I will advise the court of my attempts to contact you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

Phone:          (323) 852-1000
Facsimile:      (323) 651-2577
E-mail:          aalper@frandzel.com
Web:            www.frandzel.com

 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Andrew Williams <andrew@carwashmgmt.com>
**Sent:** Thursday, July 16, 2026 7:38 AM

# EXHIBIT 8

| | |
|---|---|
| **From:** | Andrew Alper <aalper@frandzel.com> |
| **Sent:** | Monday, July 20, 2026 8:38 AM |
| **To:** | Andrew Williams |
| **Subject:** | motion to quash service for Peter Matheny |

Since you did not call me as you represented you would do this morning to confer on the Motion to Quash I called you and of course it went to your voice mail. I will be filing the motion today. I can't keep trying to do this with you.

**Andrew Alper**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

| | |
|---|---|
| Phone: | (323) 852-1000 |
| Facsimile: | (323) 651-2577 |
| E-mail: | aalper@frandzel.com |
| Web: | www.frandzel.com |

 **GO GREEN: Please consider the environment before you print.**

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On July 20, 2026, I served true copy(ies) of the **DECLARATION OF ANDREW K. ALPER IN SUPPORT OF THIRD PARTY DEFENDANT PETER MATHENY'S MOTION TO QUASH SERVICE OF ANDREW P. WILLIAMS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSS-CLAIM AND THIRD PARTY CLAIM,** the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 20, 2026, at Los Angeles, California.

_____
Lexi Villarreal

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO EX PARTE APPLICATION

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice) Katharine H. Walton-(pro hac vice) BakerHostetler One North Wacker Drive, Suite 3700 Chicago, IL 60606-2859 | Tel:   312-416-8187 Email:        mgannon@bakerlaw.com           kwalton@bakerlaw.com  Attorneys for Defendant Washworld, Inc. |
| Katharine Walton Michael D. Gannon Xitlaly Estrada Ava Claypool Baker & Hostetler LLP 1900 Avenue of the Stars, Suite 2700 Los Angeles, CA 90067-4301 | Tel:   310-442-8878 Email: : mgannon@bakerlaw.com,           kwalton@bakerlaw.com           xestrada@bakerlaw.com           aclaypool@bakerlaw.com  Attorneys for Defendant Washworld, Inc. |
| Lisa Mitts Patrick, Esq. The Law Office Of Lisa Mitts Patrick 112 E. Amerige Ave., Suite 313 Fullerton, CA 92832 | Tel: 714-990- 3693 Fax: 657-234 - 0012 Email:        lolmp2021@gmail.com  Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |
| Thomas D. Sands The Sands Law Group, APLC 205 S Broadway Ste 608 Los Angeles, CA 90012 | Tel: 213-788-4412 Fax: 833-329-7263  Email: info@tslg.law  Attorneys for CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company |
| Andrew Paul Williams 12641 Antioch Rd. Suite # 1045 Overland Park, KS 66213-1701 | Tel: 619-796-6469 Email:        andrew@carwashmgmt.com  Pro Per |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

DECLARATION OF ANDREW K. ALPER IN SUPPORT OF REGIONS BANK'S OPPOSITION TO EX PARTE APPLICATION