Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter
Defendant Regions Bank
an Alabama State Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, <br><br> Defendant. | Case No. 2:25-cv-00359 CAS (KSx) <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF COUNTER-DEFENDANT REGIONS BANK TO OPPOSITION OF ANDREW P. WILLIAMS TO REGIONS BANK'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12(b)(1) and (e) AND FOR LACK OF STANDING PURSUANT TO F.R.C.P. Rule 17) AND DECLARATION OF ANDREW K. ALPER IN SUPPORT THEREOF** <br><br> *[Filed with Request for Judicial Notice]* <br><br> Date: August 10, 2026 <br> Time: 10:00 a.m. <br> Crtrm.: 8D |
| JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. <br><br> ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR | |

6011997v2 | 100287-0289

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to 35, inclusive,

      Cross Defendants.

WASHWORLD, INC.,

      Plaintiff,

  v.

CAR WASH MANAGEMENT LLC

      Cross-Defendant.

WASHWORLD, INC.,

      Cross-Claimant,

  v.

CAR WASH MANAGEMENT LLC

      Cross-Defendant.

ANDREW PAUL WILLIAMS,

      Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

  v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50, inclusive.

      Counter Defendants, Cross-Defendants, and Third-Party Defendants.

6011997v2 | 100287-0289

2

REGIONS BANK'S REPLY TO OPPOSITION OF ANDREW P. WILLIAMS TO REGIONS BANK'S MOTION TO DISMISS COUNTERCLAIM

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

TO THE COURT, COUNTER-CLAIMANT ANDREW P. WILLIAMS, AND TO ALL PARTIES TO THEIR COUNSEL OF RECORD:

Plaintiff and Counter-defendant Regions Bank dba Ascentium Capital ("Plaintiff") files its Reply to the Opposition of Andrew P. Williams ("Williams") to Plaintiff's Motion to Dismiss the Counterclaim filed by Williams against Plaintiff.

## I.

## <u>WILLIAMS OPPOSITION</u>

Williams has been caught in the act by fabricating papers and pleadings before this Court and the Bankruptcy Court as demonstrated in the Motion to Dismiss filed by Plaintiff. Williams filed pleadings in the United States Bankruptcy Court Southern District of California in his bankruptcy case 24-03761-CL7 in factual contradiction to his Counterclaim. After being caught in the act, Williams now tells the Court in his Opposition that Williams "already" filed various Motions in the Bankruptcy Court to reopen his closed bankruptcy and to compel the Bankruptcy Estate to abandon 4 of his Claims in his Counterclaim and two of the claims he wants abandoned by the Trustee are against Plaintiff for fraud and negligent misrepresentation and the other claims are against Third Party Defendant Peter Matheny ("Matheny") and one Claim against Cross-defendant Jose Rene Ortiz ("Ortiz"). The term used by Williams as "already" was that he filed the Motions on July 16, 2026, after the Motion to Dismiss was filed and served on Williams. Even in his Bankruptcy Motion to Reopen the Case and a Motion to Compel Abandonment of Claims, he cannot help but to continue to contradict the facts in the Counterclaim. In Exhibit "A" to his Bankruptcy Motion, in what he calls his Reserved Claims, he states "Each claim is contingent, unliquidated and of nominal expected benefit to this closed no-asset estate (DKT. 12). At the petition date, the Debtor's sixty percent (60%) membership interest in CWM was schedule at $0.00. (DKT. 1, Schedule A/B line 19.1), reflecting petition date equity only…." Thus Williams states multiple false statements continuing to contradict the allegations in

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

the Counterclaim and this latest filing with the Bankruptcy Court was as of July 16, 2026. First, he continues to state that he has a 60% interest in Car Wash Management, LLC ("CWM") in the Bankruptcy Court whereas he states throughout the Counterclaim that in January, 2024 [or March, 2024] before the Petition was filed in October, 2024, that the acts of Matheny and Plaintiff caused him to only have a 10% interest in CWM. Second, he states in this latest filing that the Claims have "nominal expected benefit" to the bankruptcy estate when his damages in the Counterclaim are hundreds of thousands of damages.

In addition, Williams also admits that he is using Artificial Intelligence in the Bankruptcy case and, given the mountains of papers that Williams has been generating in this case, there is no doubt that he must be using Artificial intelligence in this case as well.

In the Opposition papers, Williams reminds the Court that he has filed a Motion for Leave to File a "Second Amended Pleading" so he should not be penalized for this Counterclaim. While the Second Amended Pleading disposes of some of the Claims in this Counterclaim, the facts generally allegedly are the same and the representations made in the Counterclaim are made in the Second Amended Pleading as well.

Williams then asks the Court to allow him to file the Second Amended Pleading and if it grants Plaintiff's Motion to Dismiss it should be with leave to amend.

Williams then asks that the Court consider the Claims to be personal claims to him and not claims of CWM so he does not lack standing. The so-called "personal" claims include the very Claims that he states in the Bankruptcy Court have no value and are contingent and unliquidated whatever that means in the context of this case. If they are contingent what are his Claims contingent on? And exactly what in his Claims needs to be liquidated? And if they have no value why is he filing the Motion to have the Bankruptcy Estate abandon them?

6011997v2 | 100287-0289

2

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Williams states on Page 6 of the Opposition that Matheny wrongfully restructured his interest in CWM but as of July 16, 2026, in the Bankruptcy Court he continues to assert a 60% interest in CWM not a 10% interest as pleaded in the Counterclaim.

Finally, for the purpose of the Reply, Williams goes through his various Claims and never cites to any law in support of the adequacy of the Claims on pages 8, 9 and 10 other than a misdirected cite to the *Eminence Capital* case which is miscited but only stands for the general proposition that leave to amend shall be granted until it appears that no Claim can be stated. But the citation to Eminence Capital has nothing to do with supporting the facts or law set forth in the Counterclaim and Williams has not mustered any facts or law supporting the Claims alleged against Plaintiff in the Counterclaim.

## II.

## <u>WILLIAMS CONDUCT IN THIS CAUSE DOES NOT WARRANT LEAVE TO AMEND</u>

Plaintiff has not opposed Williams' Motion for Leave to Amend to file the Second Amended Pleading as he terms this pleading which would mean there is a Second Amended Counterclaim. That Motion was not opposed because Plaintiff had supported the filing of the Second Amended Pleading which would have eliminated some of the Claims in this case before Plaintiff had to file its responsive pleading and then Plaintiff would not have had to deal with all of the Claims asserted in the existing Counterclaim when it filed its Motion to Dismiss the Counterclaim. However, Plaintiff had agreed to allow the Second Amended Pleading to be file but other parties in this case did not agree. Thus in good faith Plaintiff did not file any Opposition to the Motion for Leave to File the Second Amended Pleading. However, Williams should have likewise granted Plaintiff an extension to respond to the Counterclaim beyond July 10, 2026, so Plaintiff would not have to plead until his Motion for Leave to File the Second Amended Pleading was granted or denied.

6011997v2 | 100287-0289

3

He refused to do so. Therefore, Williams' conduct in forcing Plaintiff to file its Motion to Dismiss the Counterclaim should now be considered in allowing Williams to file a Second Amended Pleading. Of course, the hearing on the Motion for Leave to File Second Amended Pleading, will be heard before this Motion and it is possible that if the Court grants leave to file the Second Amended Pleading this Reply and the Motion to Dismiss may go off calendar but the facts and law set forth in any Motion to Dismiss the Second Amended Pleading [the Counterclaim] will arise again in a Motion to Dismiss the Second Amended Counterclaim.

DATED:  July 21, 2026

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____

ANDREW K. ALPER
Attorneys for Plaintiff and Counter-defendant, Regions Bank,
an Alabama State Bank dba Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6011997v2 | 100287-0289

4

REGIONS BANK'S REPLY TO OPPOSITION OF ANDREW P. WILLIAMS TO REGIONS BANK'S MOTION TO DISMISS COUNTERCLAIM

## DECLARATION OF ANDREW K. ALPER

I, Andrew K. Alper, declare as follows:

1.  I am an attorney duly admitted to practice in the State of California and before this Court. I am a Vice President and Shareholder of Frandzel Robins Bloom & Csato, L.C., attorneys of record for Plaintiff and Counter-Defendant, Regions Bank, an Alabama State Bank dba Ascentium Capital ("Plaintiff"). If called as a witness, I could and would competently testify to all facts within my personal knowledge, except where stated upon information and belief or in which I have requested judicial notice of since they were previously filed in this case.

2.  This declaration is submitted in support of the Motion to Dismiss the First Amended Answer, Affirmative Defenses, Counterclaim, Cross-claims and Third Party Claims filed by Andrew P. Williams ("Williams"). This First Amended Answer, Affirmative Defenses, Counterclaim, Cross-claim and Third Party Complaint ("Counterclaim") contained numerous representations made by Williams in the Bankruptcy Court directly contradicting the facts alleged in the Counterclaim in which Williams is now trying to clean up as a result of receiving Plaintiff's Motion to Dismiss Counterclaim in his just filed Opposition to the Motion to Dismiss which brings to the surface his many false claims and allegations in the Counterclaim.

3.  In the Opposition he now states he "already" filed a Motion to Reopen the Bankruptcy which he filed on July 16, 2026, only after he received Plaintiff's Motion to Dismiss the Counterclaim which he somehow believes will cure some of the issues and problems he has with the Counterclaims. This "already" was 8 days after Plaintiff filed and served its Motion to Dismiss which exposed the falsity of the representations made in the Bankruptcy Court and in the Counterclaim.  In the Reply papers he attaches copies of only some of the pleadings he has filed in the Bankruptcy Court on July 16, 2026, in support of Motion to Reopen the Bankruptcy and also then filing a Motion to Compel Abandonment of Claims by the Trustee to

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

6011997v2 | 100287-0289                     5

him some of which are fraud and negligent misrepresentation Claims against Plaintiff. But Williams did not attach all of the pleadings he filed on July 16, 2026, only some of them. Plaintiff is asking the Court to take judicial notice of all of them.

4.     As the Court will see from Exhibit A to Williams Motion to Compel Abandonment, he describes the Claims he wants abandoned to him as contingent, unliquidated and of nominal expected benefit to the Estate. However the damages he alleges in the Complaint are not contingent, unliquidated and he contends that his damages are not less than $450,000.00 plus punitive damages in the prayer and millions in the Counterclaim plus attorney's fees and costs. I am not sure than is nominal but especially for someone who stated in his Bankruptcy Schedules and Statement of Financial Affairs that he had no income for three years and lived on less than $10,000 a year from family and friends.

5.     The new Motion to Compel Abandonment he just filed in the Bankruptcy Court, also continues to state he has a 60% interest in Car Wash Management despite throughout the Counterclaim he contends that as a result of the so-called fraudulent loan transaction his interest in Car Wash Management was reduced to 10% in January, 2024. Therefore, even in his newly filed Motion to Compel Abandonment Williams contradicts his Counterclaim.

6.     Finally, it should be noted that Williams admitted in the United States Bankruptcy Court Southern District of California that he has been using Artificial Intelligence. I had always believed that to be the case because in my 47 years of practicing law pro per parties do not create a 172 page pleading and then follow it up with a 164 page pleading and then bombard the other parties in the case with discovery much of which has nothing to do with the facts of this case and is purposely invasive and harassing. Williams should disclose to this Court that he has been using Artificial Intelligence and the Court can act accordingly in accordance with the District Court Rules for persons who are using Artificial Intelligence without disclosure or in absence of a Court Order.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 21st day of July, 2026, at Los Angeles, California.

_____
Andrew K. Alper, Declarant

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6011997v2 | 100287-0289

7

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Regions Bank certified that this brief contains 1,850 words, which complies with the word limit of L.R. 11-6-1.

DATED:  July 21, 2026

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-
defendant, Regions Bank,
an Alabama State Bank dba Ascentium
Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6011997v2 | 100287-0289

8

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.
Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On July 21, 2026, I served true copy(ies) of the **REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF COUNTER-DEFENDANT REGIONS BANK TO OPPOSITION OF ANDREW P. WILLIAMS TO REGIONS BANK'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12(b)(1) and (e) AND FOR LACK OF STANDING PURSUANT TO F.R.C.P. Rule 17) AND DECLARATION OF ANDREW K. ALPER IN SUPPORT THEREOF** , the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 21, 2026, at Los Angeles, California.

_Lexi Villarreal_
Lexi Villarreal

<div style="writing-mode: vertical-rl">FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000</div>

6011997v2 | 100287-0289

9

REGIONS BANK'S REPLY TO OPPOSITION OF ANDREW P. WILLIAMS TO REGIONS BANK'S MOTION TO DISMISS COUNTERCLAIM

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton-(pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606-2859 | Tel:    312-416-8187<br>Email:        mgannon@bakerlaw.com<br>        kwalton@bakerlaw.com<br><br>Attorneys for Defendant Washworld, Inc. |
| Katharine Walton<br>Michael D. Gannon<br>Xitlaly Estrada<br>Ava Claypool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301 | Tel:    310-442-8878<br>Email: : mgannon@bakerlaw.com,<br>        kwalton@bakerlaw.com<br>        xestrada@bakerlaw.com<br>        aclaypool@bakerlaw.com<br><br>Attorneys for Defendant Washworld, Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: 714-990- 3693<br>Fax: 657-234 - 0012<br>Email:        lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |
| Thomas D. Sands<br>The Sands Law Group, APLC<br>205 S Broadway Ste 608<br>Los Angeles, CA 90012 | Tel: 213-788-4412<br>Fax: 833-329-7263<br><br>Email: info@tslg.law<br><br>Attorneys for CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company |
| Andrew Paul Williams<br>12641 Antioch Rd. Suite # 1045<br>Overland Park, KS 66213-1701 | Tel: 619-796-6469<br>Email:<br>        andrew@carwashmgmt.com<br><br>Pro Per |

<div style="writing-mode: vertical-lr">FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90017-2427<br>(323) 852-1000</div>

6011997v2 | 100287-0289

10

REGIONS BANK'S REPLY TO OPPOSITION OF ANDREW P. WILLIAMS TO REGIONS BANK'S MOTION TO DISMISS COUNTERCLAIM