Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counter-Defendant, Regions Bank An Alabama State Bank dba Ascentium Capital

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive, <br><br> Defendant. <br><br>——————————————— <br><br> JOSE RENE ORTIZ, <br><br> Cross-Complaint, <br><br> v. | Case No.  2:25-cv-00359 CAS (KSx) <br><br> **REGIONS BANK'S REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH REGIONS BANK'S REPLY TO OPPOSITION OF ANDREW P WILLIAMS TO MOTION TO DISMISS ANDREW P. WILLIAMS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12(b)(1) and (e) MOTION TO STRIKE COUNTERCLAIM (Rule 12(f) AND FOR LACK OF STANDING PURSUANT TO F.R.C.P. Rule 17)** <br><br> *Filed concurrently with Reply Memorandum of Points and Authorities and Declaration of Andrew K. Alper* <br><br> Date:    August 10, 2026 <br> Time:    10:00 a.m. <br> Crtrm.:  8D |

6010839v2 | 100287-0289

REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH COUNTER-DEFENDANT REGIONS BANK MOTION FOR FAILURE TO STATE A CLAIM  UPON WHICH RELIEF CAN BE GRANTED

ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and ROES 1 to 35, inclusive,

        Cross Defendants.

WASHWORLD, INC.,

        Counter Plaintiff,

    v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

        Cross Defendants.

WASHWORLD, INC.,

        Cross Claimant,

    v.

CAR WASH MANAGEMENT, LLC,

        Cross Defendant.

ANDREW PAUL WILLIAMS,

        Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

    v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50, inclusive.

        Counter Defendants, Cross-Defendants, and Third-Party Defendants,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6010839v2 | 100287-0289

2

REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH COUNTER-DEFENDANT REGIONS BANK MOTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

TO THE COURT, COUNTER-CLAIMANT, ANDREW P. WILLIAMS AND ALL PARTIES TO THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on August 10, 2026, at 10:00 a.m. or as soon thereafter as counsel may be heard in the above-entitled Court located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565 in Courtroom 8D of the Honorable Christina Snyder, Plaintiff and Counter-defendant Regions Bank dba Ascentium Capital ("Plaintiff") will request that the Court take judicial notice of newly filed papers and pleadings in the United States Bankruptcy Court for the Southern District of California by Andrew P. Williams in connection with his Opposition to Plaintiff's Motion to Dismiss Counterclaim filed by Defendant and Counter-claimant Andrew P. Williams ("Williams") as a result of the Counterclaim's failure to state a claim upon which relief may be granted against Plaintiff pursuant to Federal Rules of Civil Procedure (F.R.C.P.) Rule 12(b)(6). Plaintiff also moves for dismissal of the Counterclaim and the Claims contained based on Williams lack of standing in accordance with F.R.C.P. Rule 17. If the Court does not grant either of the foregoing motions for dismissal then Plaintiff also moves for a More Definite Statement pursuant to Rule 12(e) and to strike pursuant to Rule 12(f).

In connection with the Motion to Dismiss, Plaintiff hereby requests that the court take judicial notice of the following pleadings filed in the bankruptcy of Andrew P. Williams in the United States Bankruptcy Court Southern District of California Bankruptcy case number 24-cv-03761-CL7 in accordance with Federal Rules of Evidence Rule 201 as follows:

**IN THE BANKRUPTCY CASE**

1.    The Court Docket for the Bankruptcy Case in the Bankruptcy of Andrew P. Williams, Exhibit "13" hereto (Exhibits "1"-"12" were previously attached to a Request for Judicial Notice filed with the Motion to Dismiss hereto);

2.    Motion to Reopen Bankruptcy Case, Dkt. 20, Exhibit "14" hereto;

REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH COUNTER-DEFENDANT REGIONS BANK MOTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

3.     Declaration of Andrew Williams in support of Motion to Reopen, Dkt. No. 21, attached hereto as Exhibit "15";

4.     Motion to Compel Chapter 7 Trustee to Abandon certain Pre-Petition Claims filed by Andrew Williams Dkt. No. 22, Exhibit "16" hereto;

5.     Declaration of Andrew Paul Williams in support of the Motion to Compel Abandonment of Claims Dkt No. 23, Exhibit "17" hereto;

6.     Disclosure and Certificate on Generative Artificial Intelligence Use in connection with the Motion to Reopen Case and to Compel Abandonment, Dkt No. 24, Exhibit "18" hereto;

7.     Notice of Motion and Motion to Reopen case by Andrew P. Williams, Dkt. No. 25, Exhibit "19" hereto; and

8.     Court's request to Notice hearing on Motion to Compel Abandonment of Claims to Andrew P. Williams Dkt. No. 28, Exhibit "20" hereto.

DATED:  July 21. 2026          FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff and Counter-defendant, Regions Bank,
an Alabama State Bank dba Ascentium Capital

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6010839v2 | 100287-0289

4

# EXHIBIT 13

**Closed**

# U.S. Bankruptcy Court
## Southern District of California (San Diego)
### Bankruptcy Petition #: 24-03761-CL7

*Date filed:* 10/04/2024
*Date terminated:* 01/08/2025
*Debtor discharged:* 01/07/2025
*341 meeting:* 11/07/2024
*Deadline for objecting to discharge:* 01/06/2025
*Deadline for financial mgmt. course:* 01/06/2025

*Assigned to:* Chief Judge Christopher B. Latham
Chapter 7
Voluntary
No asset

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| ***Debtor***<br>**Andrew Paul Williams**<br>12136 Avenida Sivrita<br>San Diego, CA 92121<br>SAN DIEGO-CA<br>SSN / ITIN: xxx-xx-6131 | represented by **Ronald E. Stadtmueller**<br>10755 Scripps Poway Pkwy.,<br>#370<br>San Diego, CA 92131<br>858-564-9310<br>Email: ronstadtmueller@aol.com |

***Trustee***
**Leslie T. Gladstone**
5656 La Jolla Blvd.,
La Jolla, CA 92037
858-454-9887

***United States Trustee***
**United States Trustee**
Office of the U.S. Trustee
880 Front Street
Suite 3230
San Diego, CA 92101
619-557-5013

| Filing Date | # | Docket Text |
|---|---|---|
| 10/04/2024 | l<br>(63 pgs) | Voluntary Petition for Individuals Schedules & Statements Fee Amount $ 338.00. Declaration re: Electronic Filing due by 10/18/2024, Filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 2 | Receipt of Statement About Your Social Security Number COURT NOTE: The PDF document is a secured image. filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (related documents l Chapter 7 Voluntary Petition) (Stadtmueller, Ronald) (Entered: 10/04/2024) |

| 10/04/2024 | | Receipt of Chapter 7 Voluntary Petition( 24-03761-7) [misc,1027] ( 338.00) Filing Fee. Fee Amount 338.00 Receipt number A18213417 (re: Doc# 1); (U.S. Treasury) (Entered: 10/04/2024) |
|---|---|---|
| 10/04/2024 | 3 (4 pgs; 2 docs) | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Interim Trustee Gladstone, Leslie T. with **341(a) meeting to be held on 11/7/2024 at 10:30 AM. via Zoom - Gladstone Meeting ID 260 657 8691, and Passcode 7074482752, Phone (619) 367-1820.** Financial Management Course Due Date: 1/6/2025. Objections for Discharge due by 1/6/2025. (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 4 (1 pg) | Declaration Re: Electronic Filing filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (related documents 1 Chapter 7 Voluntary Petition) (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 5 (4 pgs) | Rights and Responsibilities of Chapter 7 Debtors and their Attorney filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 6 (1 pg) | Certificate of Credit Counseling for Debtor Dated 9/27/2024 filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. For Court Use Only: 180 days CC Date from case filing: 04/8/2024, (related documents 1 Chapter 7 Voluntary Petition) (Stadtmueller, Ronald) (Entered: 10/04/2024) |
| 10/04/2024 | 7 (2 pgs; 2 docs) | Notice of Failure to Comply with Filing Requirements. You must correct the defect no later than 4:30 p.m. on 10/7/24 or your case may be dismissed without further notice. *File a list containing the name and address of each entity included or to be included on Schedules D-H.* within 10/7/24 days U.S.C 109h. (related documents 1 Chapter 7 Voluntary Petition) (Li, J.) (Entered: 10/04/2024) |
| 10/04/2024 | 8 (2 pgs) | BNC Court Certificate of Notice. (related documents 7 Notice of Failure to Comply with filing Requirements) Notice Date 10/06/2024. (Admin.) (Entered: 10/06/2024) |
| 10/07/2024 | 9 (5 pgs) | BNC Court Certificate of Notice re Bankruptcy Case and Meeting of Creditors. (related documents 3 Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) Notice Date 10/09/2024. (Admin.) (Entered: 10/09/2024) |
| 11/07/2024 | 10 (2 pgs; 2 docs) | Certificate of Debtor Education Certification About a Financial Management Course 423 filed by Ronald E. Stadtmueller on behalf of Andrew Paul Williams. (Attachments: # 1 Financial Management Form 423) (related documents 3 Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) (Stadtmueller, Ronald) (Entered: 11/07/2024) |
| 11/07/2024 | 11 (1 pg) | Financial Management Certificate of Education **for Debtor** filed by provider. (Duarte, Alberto) (Entered: 11/07/2024) |
| 11/12/2024 | 12 | Chapter 7 Trustee's Report of No Distribution: I, Leslie T. Gladstone, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any |

| | | |
|---|---|---|
| | | money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. *Debtor appeared..* Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: $ 35400.00, Claims Scheduled: $ 41778.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 41778.00. (Gladstone, Leslie) (Entered: 11/12/2024) |
| 11/15/2024 | 13 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 11/15/2024). filed by Leslie T. Gladstone on behalf of Leslie T. Gladstone. (related documents 9 BNC Court Certificate of Notice re Bankruptcy Case and Meeting of Creditors) (Gladstone, Leslie) (Entered: 11/15/2024) |
| 01/06/2025 | 14 (19 pgs) | Adversary case 25-90005. Complaint by Erik Anderson, Nick Ashton, Sandra Ashton against Andrew Paul Williams. Nature of Suit: 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud) 68 (Dischargeability - 523(a)(6), willful and malicious injury) , Fee Amount $ 350.00 Filed by Martin A. Eliopulos on behalf of Erik Anderson, Nick Ashton, Sandra Ashton. (Eliopulos, Martin) (Entered: 01/06/2025) |
| 01/07/2025 | 15 (3 pgs; 2 docs) | Order Discharging Debtor(s) in a Chapter 7 case. (Admin.) (Entered: 01/07/2025) |
| 01/08/2025 | 16 | Order Approving Trustee's Report of No Distribution and Closing Case. It appearing to the Court that the Trustee in the above-entitled case has filed a Report of No Distribution and that the said Trustee has performed all other duties required of the Trustee in the administration of said case; now, therefore, IT IS ORDERED that said report be and it hereby is approved and the case is closed; and the Trustee is discharged from and relieved of his trust. Mark T. Schnakenberg, Clerk of Court (Admin.) (Entered: 01/08/2025) |
| 01/08/2025 | 17 (4 pgs) | BNC Court Certificate of Notice re Discharge of Debtor. Notice Date 01/10/2025. (Admin.) (Entered: 01/13/2025) |
| 02/24/2025 | 18 (2 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. Proof of Claim No. 1, Austin Capital Bank. (Cary, B.) (Entered: 02/24/2025) |
| 02/24/2025 | 19 (2 pgs) | BNC Court Certificate of Notice. (related documents 18 Notice of Errors/Deficiencies) Notice Date 02/26/2025. (Admin.) (Entered: 02/26/2025) |

| 07/16/2026 | 20 (1 pg) | Motion to Reopen Chapter 7 Case Fee Amount $ 260 Fee Amount $ 260 filed by Andrew Paul Williams (related documents 16 Order Approving Trustee's Report of No Distribution and Closing Case) (Lewis, L.) (Entered: 07/16/2026) |
|---|---|---|
| 07/16/2026 | 21 (4 pgs) | Declaration of Debtor filed by Andrew Paul Williams on behalf of Andrew Paul Williams . (related documents 20 Motion to Reopen Case) (Lewis, L.) (Main Document 21 replaced on 7/16/2026) (Lewis, L.). (Entered: 07/16/2026) |
| 07/16/2026 | 22 (8 pgs) | Motion to Compel Chapter 7 Trustee to Abandon Certain Pre-Petition Claims Abandonment of Property . Fee Amount $ 199.00 filed by Andrew Paul Williams (related documents 1 Chapter 7 Voluntary Petition) (Lewis, L.) (Entered: 07/16/2026) |
| 07/16/2026 | 23 (12 pgs) | Declaration of Andrew Paul Williams in Support of Motions to Reopen and Compel Abandonment filed by Andrew Paul Williams on behalf of Andrew Paul Williams . (related documents 22 Motion to Compel Abandonment of Property) (Lewis, L.) (Entered: 07/16/2026) |
| 07/16/2026 | 24 (2 pgs) | Disclosure and Certification on Generative Artificial Intelligence Use (related documents 20 Motion to Reopen Case, 21 Declaration, 22 Motion to Compel Abandonment of Property, 23 Declaration in Support) filed by Andrew Paul Williams . (Lewis, L.) (Entered: 07/16/2026) |
| 07/16/2026 | 25 (2 pgs) | Notice of Motion and Motion (related documents 20 Motion to Reopen Case) filed by Andrew Paul Williams . (Lewis, L.)COURT NOTE: Debtor insisted on using his own Notice instead of CSD 1182..Modified on 7/16/2026 (Lewis, L.). (Entered: 07/16/2026) |
| 07/16/2026 | 26 | Receipt of Reopen Chapter 7 Filing Fee - $260.00 by EL. Receipt Number 303391. (Admin.) (Entered: 07/16/2026) |
| 07/16/2026 | 27 | Receipt of Motion Filing Fee - $199.00 by EL. Receipt Number 303391. (Admin.) (Entered: 07/16/2026) |
| 07/20/2026 | 28 (2 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. (related documents 22 Motion to Compel Abandonment of Property) (Rodriguez-Olivas, J.) (Entered: 07/20/2026) |

# EXHIBIT 14

CSD 1489 [12/01/24]

Name, Address, Telephone No. & I.D. No.

*Andrew williams*
*12641 Antioch Rd, Suite # 1045*
*Overland park, KS 50213*
*619-796-6469*

2026 JUL 16 AM 11: 1

U.S. ...
S.D. DIST ...

# UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
Andrew Paul Williams

Bankruptcy No. 24-0376 -CL7

Debtor(s)

## MOTION TO REOPEN CASE

The ☐ Trustee ☒ Debtor ☐ Party in interest,  Andrew Paul Williams, Debtor, In Pro Per

hereby moves for the entry of an order reopening the above-referenced case pursuant to Fed. R. Bankr. P. 5010

☐     To file the Certificate of Personal Financial Management Course

☐     To file a Certificate of Eligibility for Discharge (Spousal Support Certification – CSD 2120, 2121, 2122)

☒     To file an Amendment (CSD 1100) and Notice to Creditor (CSD 1101), if required

☐     To file a Motion to Avoid Lien(s)

☐     To file an Adversary Proceeding, except for the following.

> • §523 adversary proceeding to determine dischargeability of debt
> • File an adversary proceeding or motion to remedy an alleged violation of the discharge

☐     To file a Motion to Vacate Dismissal

☒     For other purpose as stated below (specify):
      Limited reopen under 11 U.S.C. section 350(b) for the purpose of granting leave to amend Schedule A

Declarations as required by LBR 9013-7(a)(1) accompany this motion

DATED: July 7, 2026

[SIGN HERE] *A.P. williams*

[Attorney for] Moving Party

---

Reminder: The below actions do not require the reopening of the Bankruptcy case.
> • Motion to Redact/Restrict Public Access
> • Motion for Release of unclaimed funds.
> • Motions for reconsideration of judicial rulings.
> • Any effort to enforce a judgment in an adversary proceeding (e.g., Writs of Execution, Judgment Debtor Examinations, etc.)

# EXHIBIT 15

FILED

2026 JUL 16 AM 11: 05

U.S. BANKRUPTCY CT
SO DIST. OF CALIF.

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Debtor, In Pro Per

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

ANDREW PAUL WILLIAMS,

    Debtor.

Bankr. Case No. 24-03761-CL7

Chapter 7

Declaration

**DEBTOR'S MOTION TO REOPEN CASE PURSUANT TO 11 U.S.C. SECTION 350(b) FOR THE LIMITED PURPOSE OF AMENDING SCHEDULES AND COMPELLING ABANDONMENT OF CERTAIN PRE-PETITION CLAIMS; MEMORANDUM AND DECLARATION**

1

MOTION TO REOPEN CASE (11 U.S.C. 350(b))

Case No. 24-03761-CL7

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that the Debtor will move this Court on a date and time TO BE SET BY THE COURT pursuant to Local Bankruptcy Rule 9013-6, or as soon thereafter as the matter may be heard in Department 1, United States Bankruptcy Court, Southern District of California, 325 West F Street, San Diego, California 92101, for an order reopening this closed Chapter 7 case for the limited purpose of granting leave under Federal Rule of Bankruptcy Procedure 1009(a) to amend Schedule A/B, adjudicating the concurrent Motion to Compel Abandonment under 11 U.S.C. section 554(b), and entering an abandonment order.

## NOTICE OF MOTION AND MOTION

The Debtor moves to reopen this case under 11 U.S.C. section 350(b). This motion is filed concurrently with the Debtor's Motion to Compel Abandonment. The Motion is based on this Notice, the Memorandum below, the Declaration of Andrew Paul Williams and exhibits, the record, and any argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELIEF REQUESTED

An order reopening this closed Chapter 7 case for the limited purpose of (1) granting leave under Rule 1009(a) to amend Schedule A/B, (2) adjudicating abandonment under section 554(b), and (3) entering an abandonment order. Upon leave, the Debtor will file amended schedules listing the Reserved Claims in Exhibit A to the abandonment motion.

### II. JURISDICTION

2

28 U.S.C. sections 1334, 157(b)(2)(A) and (O); 11 U.S.C. sections 350(b), 554(b); Fed. R. Bankr. P. 1009(a), 6007(b). Core proceeding.

## III.  FACTS

1. Petition filed October 4, 2024 (Dkt. 1). Trustee: Leslie T. Gladstone.

2. No-asset estate. Report of No Distribution November 12, 2024 (Dkt. 12). Discharge January 7, 2025 (Dkt. 15). Case closed January 8, 2025 (Dkt. 16).

3. On Schedule A/B lines 33 and 34, Debtor answered No (Dkt. 1). Reserved Claims (Ex. A) were not scheduled. Under section 554(d), they remain estate property. Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001).

4. Reserved Claims are personal pre-petition tort claims in Regions v. CWM, 2:25-cv-00359-CAS-KSx (Dkt. 186), accruing before October 4, 2024.

5. June 11, 2026 trustee demand (Ex. B). No abandonment or substantive response.

## IV.  CAUSE EXISTS UNDER SECTION 350(b)

A. Standard. Section 350(b) permits reopening for cause. In re Herzig, 96 B.R. 264, 266 (9th Cir. BAP 1989). Limited reopening to schedule and abandon is routine in closed no-asset cases.

B. Limited purpose. Reopening seeks only Rule 1009(a) leave, abandonment adjudication, and an abandonment order. No discharge revocation or asset administration.

C. Administrative necessity. Closed case cannot grant section 554(b) relief without reopening. Estate ownership under section 554(d) must be resolved before district prosecution proceeds without cloud.

D. Rule 1009(a). Filed more than one year after petition. Good cause: inadvertent omission (Decl.); no distribution at stake (Dkts. 12, 16); Regions on notice since June 11, 2026; amendment discloses rather than conceals assets.

E. Judicial estoppel. Ah Quin v. County of Kauai Dep't of Transp., 733 F.3d 267, 272-74 (9th Cir. 2013). Reopen-and-amend cures schedule omission.

MOTION TO REOPEN CASE (11 U.S.C. 350(b))

Case No. 24-03761-CL7

## V.  NO PREJUDICE

No-asset estate (Dkt. 12). Abandonment at Debtor's expense. No creditor distribution either way (Dkts. 12, 16).

## VI.  NOTICE

Noticed motion. Debtor will serve Trustee, UST, and creditors of record. Concurrent abandonment motion noticed under Rule 6007(b) and LBR 9013-4(b)(2).

## VII.  CONCLUSION

Order reopening for the limited purpose stated above.

Dated: ____7/7____ , 2026

Respectfully submitted,

Andrew P. Williams
Andrew Paul Williams
Debtor, In Pro Per

4

# EXHIBIT 16

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Debtor, In Pro Per

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

ANDREW PAUL WILLIAMS,

   Debtor.

Bankr. Case No. 24-03761-CL7

Chapter 7

**DEBTOR'S MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON CERTAIN PRE-PETITION CLAIMS PURSUANT TO 11 U.S.C. SECTION 554(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6007(b); MEMORANDUM**

TO THE COURT AND ALL PARTIES OF RECORD:

1

MOTION TO COMPEL ABANDONMENT (11 U.S.C 554(b))

Case No. 24-03761-CL7

PLEASE TAKE NOTICE that the Debtor will move this Court on a date and time TO BE SET BY THE COURT pursuant to Local Bankruptcy Rule 9013-6, or as soon thereafter as the matter may be heard in Department 1, United States Bankruptcy Court, Southern District of California, 325 West F Street, San Diego, California 92101, for an order compelling the Chapter 7 Trustee, Leslie T. Gladstone, to abandon the estate's interest, if any, in the Debtor's personal pre-petition causes of action identified in Exhibit A (the "Reserved Claims"), limited to claims accruing before the petition date, so the Debtor may prosecute them in Regions Bank dba Ascentium Capital v. Car Wash Management, LLC, No. 2:25-cv-00359-CAS-KSx (C.D. Cal.), First Amended Answer, Affirmative Defenses, Counterclaim, Cross-Claim, and Third-Party Complaint (Dkt. 186).

## NOTICE OF MOTION AND MOTION

The Debtor, Andrew Paul Williams, moves this Court for an order compelling abandonment under 11 U.S.C. section 554(b) and Federal Rule of Bankruptcy Procedure 6007(b). This motion is filed concurrently with the Debtor's Motion to Reopen under 11 U.S.C. section 350(b), which seeks leave under Federal Rule of Bankruptcy Procedure 1009(a) to amend Schedule A/B to list the Reserved Claims as contingent and unliquidated. Upon reopening and entry of leave to amend, the Debtor will file amended schedules. The Motion is based on this Notice, the Memorandum of Points and Authorities below, the Declaration of Andrew Paul Williams and exhibits thereto, the record, and any argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  RELIEF REQUESTED

The Debtor seeks an order compelling the Chapter 7 Trustee to abandon the estate's interest, if any, in the Reserved Claims so the Debtor may prosecute them at his own expense in the District Court action.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. sections 1334 and 157(b)(2)(A) and (O). This is a core proceeding under 28 U.S.C. section 157(b)(2)(O).

## III. FACTS

1. The Debtor filed a voluntary Chapter 7 petition on October 4, 2024 (Dkt. 1). Case No. 24-03761-CL7. Leslie T. Gladstone is the Chapter 7 Trustee.

2. This is a no-asset estate. The Trustee filed a Report of No Distribution on November 12, 2024 (Dkt. 12) reporting Assets Abandoned: $0.00; Assets Exempt: $35,400.00; Claims Scheduled: $41,778.00; and no property available for distribution.

3. Discharge entered January 7, 2025 (Dkt. 15). The case closed January 8, 2025 (Dkt. 16). the Trustee was discharged. Reopening under 11 U.S.C. section 350(b) is a prerequisite to this relief.

4. On original Schedule A/B, Part 4, the Debtor answered "No" to line 33 (claims against third parties) and line 34 (other contingent and unliquidated claims) (Dkt. 1). The Reserved Claims were not scheduled. The Debtor did not then recognize these litigation claims as schedule-able estate assets; he seeks leave to amend and disclose them now. Under 11 U.S.C. section 554(d), unscheduled pre-petition claims remain property of the estate and do not revert to the Debtor upon discharge. Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001).

5. The Reserved Claims are the Debtor's personal pre-petition causes of action, distinct from any claims belonging to Car Wash Management, LLC ("CWM"), a Delaware limited liability company. They arise from conduct predating the petition. including the Equipment Finance Agreement ("EFA") and related dealings through early 2024, as pleaded in the District Court

3

action (Dkt. 186). The Debtor seeks abandonment only of claims accruing before the petition date.

6. On original Schedule A/B, Part 2, line 19.1, the Debtor listed a sixty percent (60%) membership interest in CWM with a stated value of $0.00 (Dkt. 1). That schedule line reflected petition-date equity only. At and before the petition date, CWM carried more than three hundred thousand dollars in bank debt under the Regions/Ascentium EFA (financed amount approximately $343,394.23, as amended to $346,904.75, as reflected in Washworld's motion papers, Dkts. 192, 192-4). The Reserved Claims are the Debtor's personal pre-petition causes of action pleaded in the District Court action (Dkt. 186). They are distinct from any claims belonging to CWM and from any distributable CWM equity scheduled at $0.00.

7. The Debtor is prosecuting related litigation in the District Court action. Fact discovery closes November 30, 2026 (Dkt. 190).

8. On June 11, 2026, the Debtor served Trustee Gladstone a written demand to abandon the Reserved Claims (demand letter attached as Exhibit B to the Declaration of Andrew P. Williams). As of this filing, the Trustee has not abandoned the Reserved Claims or filed a substantive response.

## IV.  THE RESERVED CLAIMS (EXHIBIT A)

The Reserved Claims, asserted in the District Court operative pleading (Dkt. 186) and limited to claims accruing before October 4, 2024, are:

Claim 4 (Fraud against Regions Bank, through Matheny);

Claim 5 (Negligent Misrepresentation against Regions Bank);

Claim 8 (Fraud against Jose Rene Ortiz);

Claim 17 (Tortious Interference with Contractual Relations against Peter Matheny);

Claim 28 (Direct Fraud against Peter Matheny).

Each is contingent, unliquidated, and of nominal expected benefit to this closed no-asset estate (Dkt. 12).

## V.   ARGUMENT

### A.   Standard.

Under 11 U.S.C. section 554(b), on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon property of the estate that is burdensome or of inconsequential value and benefit to the estate. The Debtor is a party in interest under 11 U.S.C. section 101(14). This motion is brought under Federal Rule of Bankruptcy Procedure 6007(b) after the Debtor's written demand to the Trustee (Ex. B) produced no abandonment. Although section 554(b) is discretionary, grant is appropriate here because the Trustee reported no property for distribution (Dkt. 12), the case closed with $0 distribution to creditors (Dkt. 16), the Trustee has not prosecuted the Reserved Claims since the June 11, 2026 demand, and abandonment permits the Debtor to pursue the claims at his own expense without affecting creditor distribution.

### B.   The Reserved Claims are of inconsequential value and benefit to this estate.

This is a closed no-asset Chapter 7. The Trustee reported no property for distribution (Dkt. 12) and has not sought to prosecute the Reserved Claims since the June 11, 2026 demand. The inconsequential-value finding rests on the nature of this closed estate, not on a collateral adjudication of CWM's fair market value. The Reserved Claims are the Debtor's personal, contingent, unliquidated tort claims. They would have to be litigated in federal district court at substantial cost relative to any realistic net recovery to this estate after exemptions and administrative expense. This estate has no cash to fund that litigation and no distribution mechanism for any recovery (Dkt. 12, 16). The Debtor listed no distributable CWM equity on Schedule A/B (Dkt. 1, line 19.1) and will prosecute the Reserved Claims at his own expense if abandonment is granted. Any recovery would be speculative and would not change the $0 distribution to creditors in this no-asset case. Regions has argued that unscheduled claims remain estate property (see Regions counsel letter dated June 11, 2026, citing In re Kreisel, 399 B.R.

679, 687-88 (Bankr. C.D. Cal. 2008)); this motion seeks leave to schedule and court-ordered abandonment through the companion reopen motion, not a merits adjudication of fraud damages.

**C. Alternatively, the Reserved Claims are burdensome to the estate.**

Investigating, valuing, and prosecuting multi-defendant fraud claims in federal district court would burden a closed no-asset estate with no distribution mechanism, no estate cash to fund litigation, and no CWM equity base (Dkt. 1, line 19.1; Facts paragraph 6). Abandonment imposes no cost on the estate.

**D. No prejudice to creditors.**

The estate will not pursue these claims. Abandonment permits the Debtor to pursue them at his own expense. Scheduled creditors receive no distribution from this closed no-asset case either way (Dkt. 12, 16). Regions may object as a party in interest, but it would receive no distribution from this estate in any event.

**E. Standing, scheduling, and judicial estoppel.**

Unscheduled pre-petition claims remain estate property under 11 U.S.C. section 554(d). Casano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001) (distinguishing scheduled assets subject to technical abandonment from unscheduled pre-petition claims that remain estate property until separately scheduled and abandoned). Court-ordered abandonment after amended schedules are filed is the prescribed procedure to restore the Debtor's ability to prosecute those claims. Regions has argued that unscheduled claims were not abandoned and remain estate property (see Regions counsel letter dated June 11, 2026, citing In re Kreisel, 399 B.R. 679, 687-88 (Bankr. C.D. Cal. 2008)). This bundled motion addresses that dispute by seeking leave to amend schedules, disclosing the Reserved Claims, and obtaining court-ordered abandonment. Kreisel addressed scheduled claims; here the Debtor seeks leave to schedule and then abandon. On judicial estoppel, the Debtor did not then recognize these litigation claims as schedule-able estate assets when he answered Schedule A/B lines 33 and 34 "No" (Facts paragraph 6). This motion reopens the case, seeks leave to amend under Federal Rule of Bankruptcy Procedure 1009(a) (through the companion reopen motion, filed more than one year after the petition), and

discloses the Reserved Claims. Under Ah Quin v. County of Kauai Dep't of Transp., 733 F.3d 267, 272-74 (9th Cir. 2013), when a debtor reopens and amends to correct an initial schedule omission, courts do not apply a presumption of deceit based on a narrow reading of "mistake" or "inadvertence"; the court must examine the debtor's subjective intent at the time of the original filing. See id. at 274-75. Regions may invoke Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001), but Ah Quin applies where, as here, the debtor reopens and amends to disclose omitted claims in the same proceeding that seeks court-ordered abandonment.

## F.  Reopening and trustee mechanics.

Because the case is closed (Dkt. 16), the court cannot grant section 554(b) relief without reopening. This motion is filed contemporaneously with the companion Motion to Reopen under 11 U.S.C. section 350(b). See In re Herzig, 96 B.R. 264, 266 (9th Cir. BAP 1989) (reopening under section 350(b) reviewed for abuse of discretion). The Court may grant reopening and rule on abandonment in one hearing, or set abandonment for hearing after entry of the reopen order; the Debtor does not seek merits adjudication of the Reserved Claims in this proceeding. Upon reopening, Trustee Gladstone resumes duties for the limited purpose of effectuating abandonment, or the Court may direct the United States Trustee to appoint a successor if the Trustee is unavailable.

## VI.  NOTICE

This is a noticed motion under Federal Rule of Bankruptcy Procedure 6007(b) and Local Bankruptcy Rule 9013-4(b)(2). The Debtor will serve the Trustee, the United States Trustee, and all creditors of record. Opposition is due within 14 days after service of the notice of motion. Local Bankruptcy Rule 9013-6(a)(3).

## VII.  CONCLUSION

7

The Debtor respectfully requests that the Court enter an order compelling the Trustee to abandon the estate's interest in the Reserved Claims accruing before the petition date, effective upon entry, with those claims revesting in the Debtor.

Dated: _____ 7/7_____, 2026

Respectfully submitted,

A.P.Williams

Andrew P. Williams
Andrew Paul Williams
Debtor, In Pro Per

# EXHIBIT 17

Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Debtor, In Pro Per

FILED

2026 JUL 15 AM 11: 35

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

ANDREW PAUL WILLIAMS,

Debtor.

Bankr. Case No. 24-03761-CL7

Chapter 7

**DECLARATION OF ANDREW PAUL WILLIAMS IN SUPPORT OF MOTIONS TO REOPEN AND COMPEL ABANDONMENT**

Judge: Hon. Christopher B. Latham

**DECLARATION OF ANDREW PAUL WILLIAMS**

1

DECLARATION OF ANDREW PAUL WILLIAMS

Case No. 24-03761-CL7

I, Andrew Paul Williams, declare:

1. I am the Debtor in this Chapter 7 case and Defendant in Regions Bank dba Ascentium Capital v. Car Wash Management, LLC, No. 2:25-cv-00359-CAS-KSx (C.D. Cal.). I have personal knowledge of the facts stated herein except where noted as based on records, and if called as a witness I could testify competently to them.

## Schedule omission

2. I filed my voluntary Chapter 7 petition on October 4, 2024 (Dkt. 1).

3. At that time I understood Schedule A/B lines 33 and 34 to ask about legal claims existing as of the petition date. I did not then understand that pre-petition causes of action I had not yet filed or fully identified were schedule-able estate property. I answered No to lines 33 and 34 for that reason.

4. I did not intend to conceal property of the estate. I later recognized that the personal pre-petition causes of action pleaded in the District Court operative pleading (Dkt. 186) are contingent estate assets that should be scheduled and abandoned so I may prosecute them in my own name.

5. I seek leave under Fed. R. Bankr. P. 1009(a) to amend Schedule A/B to list the Reserved Claims as contingent and unliquidated. Good cause exists because the omission was inadvertent, no creditor distribution is at stake (Dkts. 12, 16), and Regions has been on notice since June 11, 2026.

## Reserved Claims and pre-petition accrual

6. Exhibit A identifies Claims 4, 5, 8, 17, and 28 from the operative First Amended pleading (Dkt. 186). I seek abandonment only of claims accruing before October 4, 2024.

DECLARATION OF ANDREW PAUL WILLIAMS

Case No. 24-03761-CL7

7. Each Reserved Claim arises from the same pre-petition course of conduct: the Equipment Finance Agreement and related dealings through early 2024, as pleaded in Dkt. 186.

8. Pre-petition accrual: Claim 4 (Fraud/Regions) Dkt. 186 paragraphs 87A-87C1; Claim 5 (Negligent misrepresentation/Regions) paragraphs 87J-87L; Claim 8 (Fraud/Ortiz) paragraphs 87W-87X; Claim 17 (Tortious interference/Matheny) paragraphs 117G-117I; Claim 28 (Direct fraud/Matheny) paragraphs 165-167.

9. Each Reserved Claim is asserted in my individual capacity in Dkt. 186. I am not seeking abandonment of claims belonging to Car Wash Management, LLC.

10. On original Schedule A/B, line 19.1, I listed a sixty percent (60%) membership interest in CWM with a stated value of $0.00 (Dkt. 1), reflecting petition-date equity only.

**Trustee demand**

11. On June 11, 2026, I served Trustee Leslie T. Gladstone a written demand to abandon the Reserved Claims by email to candic@flgsd.com and by U.S. Mail to 5656 La Jolla Boulevard, La Jolla, California 92037. Exhibit B is a true and correct copy.

12. As of this filing, Trustee Gladstone has not abandoned the Reserved Claims or provided a substantive response.

**Prejudice and prosecution**

13. Fact discovery in the District Court action closes November 30, 2026 (Dkt. 190).

14. If abandonment is granted, I will prosecute the Reserved Claims at my own expense. This closed no-asset estate has no cash to fund litigation and no distribution mechanism for any recovery (Dkts. 12, 16).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

3

Case No. 24-03761-CL 7

Executed on 7/7 , 2026.

Andrew P. Williams
Andrew Paul Williams
Debtor, In Pro Per

4

DECLARATION OF ANDREW PAUL WILLIAMS

Case No. 24-03761-CL 7

## EXHIBIT A - RESERVED CLAIMS

Re: In re Andrew Paul Williams, Case No. 24-03761-CL7
Attached to: Motion to Compel Abandonment (11 U.S.C. section 554(b))

The following pre-petition causes of action, asserted in Regions Bank dba
Ascentium Capital v. Car Wash Management, LLC, No. 2:25-cv-00359-CAS-KSx
(C.D. Cal.), First Amended Answer, Affirmative Defenses, Counterclaim,
Cross-Claim, and Third-Party Complaint (Dkt. 186), accrued before the
petition date of October 4, 2024:

| Claim | Title | Against | Dkt. 186 |
|-------|-------|---------|----------|
| 4 | Fraud | Regions Bank (through Matheny) | 87A-87C1 |
| 5 | Negligent Misrepresentation | Regions Bank | 87J-87L |
| 8 | Fraud | Jose Rene Ortiz | 87W-87X |
| 17 | Tortious Interference | Peter Matheny | 117G-117I |
| 28 | Direct Fraud | Peter Matheny | 165-167 |

Each claim is contingent, unliquidated, and of nominal expected benefit to this
closed no-asset estate (Dkt. 12). At the petition date, the Debtor's sixty percent
(60%) membership interest in CWM was scheduled at $0.00 (Dkt. 1, Schedule A/B
line 19.1), reflecting petition-date equity only. The Debtor seeks abandonment so
he may prosecute the Reserved Claims at his own expense in the District Court action.

Schedule status: Not listed on original Schedule A/B paragraph 34 (answered "No").
Amended schedule to be filed on reopen.

## EXHIBIT B - DEMAND TO ABANDON RESERVED CLAIMS

Re: In re Andrew Paul Williams, Case No. 24-03761-CL7
Attached to: Declaration of Andrew P. Williams (Motions to Reopen and Compel Abandonment)

Andrew Paul Williams
12641 Antioch Road, Suite #1045
Overland Park, KS 66213
andrew@carwashmgmt.com
(619) 796-6469

June 11, 2026

VIA EMAIL AND U.S. MAIL

Leslie T. Gladstone, Chapter 7 Trustee
leslieg@flgsd.com
candic@flgsd.com
5656 La Jolla Boulevard
La Jolla, California 92037

Re: Demand to Abandon Pre-Petition Litigation Claims  -  Case No. 24-03761-CL7

Mr. Gladstone:

I write as the debtor in the above-referenced Chapter 7 case to demand that you abandon the estate's interest, if any, in the following pre-petition causes of action (the "Reserved Claims") asserted in my individual capacity in Regions Bank dba Ascentium Capital v. Car Wash Management, LLC, No. 2:25-cv-00359-CAS-KSx (C.D. Cal.), First Amended Answer, Affirmative Defenses, Counterclaim, Cross-Claim, and Third-Party Complaint (Dkt. 186):

- Claim 4 (Fraud against Regions Bank)
- Claim 5 (Negligent Misrepresentation against Regions Bank)
- Claim 8 (Fraud against Jose Rene Ortiz)
- Claim 17 (Tortious Interference with Contractual Relations against Peter Matheny)
- Claim 28 (Direct Fraud against Peter Matheny)

Each Reserved Claim accrued before my petition date of October 4, 2024. These claims were not listed on my original Schedule A/B. Under 11 U.S.C. section 554(d), they remain property of the estate until scheduled and abandoned.

This is a closed no-asset case. Your Report of No Distribution (Dkt. 12) reported no property for distribution. I will prosecute the Reserved Claims at my own expense if abandoned to me.

Pursuant to 11 U.S.C. section 554(b) and Federal Rule of Bankruptcy Procedure 6007(b), please abandon the Reserved Claims or respond in writing within fourteen (14) days. If you do not abandon, I will seek court-ordered abandonment.

Very truly yours,


Andrew Paul Williams
Debtor, In Pro Per

## EXHIBIT C - TRUSTEE RESPONSE TO ABANDONMENT DEMAND

Re: In re Andrew Paul Williams, Case No. 24-03761-CL7
Attached to: Declaration of Andrew P. Williams (Motions to Reopen and Compel Abandonment)

From: Leslie Gladstone <leslieg@flgsd.com>
To: andrew@carwashmgmt.com
CC: ronstadtmueller@aol.com
Date: Monday, July 6, 2026, 12:56 PM PDT
Subject: Your bankruptcy case
Gmail Message ID: 19f3900af064c44c

Mr. Williams,

As you know, I was your chapter 7 trustee in your bankruptcy case. The case was closed in early 2025 as a no asset case. I note that you were represented by counsel in your case and so I have copied your prior counsel on this communication.

I do not intend to take any action with regard to your correspondence and/or requesting a motion to reopen the case; it appears that the litigation to which you refer was disclosed in the Statement of Financial Affairs and it does not appear to be of benefit to the estate.

I cannot opine as to whether it was abandoned by operation of law; you would need a judge for that purpose.

Thank you,

Leslie Gladstone

EXHIBIT C - TRUSTEE RESPONSE
Case No. 24-03761-CL7

Andrew Paul Williams
12641 Antioch Road, Suite #1045
Overland Park, Kansas 66213
Telephone: (619) 796-6469
Email: andrew@carwashmgmt.com
Debtor, In Pro Per

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA**

In re: ANDREW PAUL WILLIAMS, Debtor.
Bankr. Case No. 24-03761-CL7 | Chapter 7 | Judge: Hon. Christopher B. Latham

[PROPOSED] ORDER REOPENING CASE (11 U.S.C. section 350(b))

The Court having considered the Debtor's Motion to Reopen Case pursuant to 11 U.S.C. section 350(b), the supporting Declaration and exhibits, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. This closed Chapter 7 case is REOPENED for the limited purpose of (a) granting leave under Fed. R. Bankr. P. 1009(a) to amend Schedule A/B to list contingent pre-petition litigation claims identified in Exhibit A to the Debtor's Motion to Compel Abandonment, (b) adjudicating that motion, and (c) entering an abandonment order if granted.

2. The Debtor may file amended Schedule A/B within fourteen (14) days after entry of this Order.

3. The Court will set a hearing on the Motion to Compel Abandonment as noticed, or rule contemporaneously if appropriate.

4. This Order does not revoke the Debtor's discharge or reopen the case for general asset administration.

**IT IS SO ORDERED.**

DATED: _____, 2026

_____
Hon. Christopher B. Latham
United States Bankruptcy Judge

Andrew Paul Williams
12641 Antioch Road, Suite #1045
Overland Park, Kansas 66213
Telephone: (619) 796-6469
Email: andrew@carwashmgmt.com
Debtor, In Pro Per

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re: ANDREW PAUL WILLIAMS, Debtor.
Bankr. Case No. 24-03761-CL7 | Chapter 7 | Judge: Hon. Christopher B. Latham

[PROPOSED] ORDER COMPELLING ABANDONMENT (11 U.S.C. section 554(b))

The Court having considered the Debtor's Motion to Compel Abandonment pursuant to 11 U.S.C. section 554(b) and Fed. R. Bankr. P. 6007(b), the supporting Declaration and exhibits, and good cause appearing,

### IT IS HEREBY ORDERED:

1. The Chapter 7 Trustee, Leslie T. Gladstone, shall abandon the estate's interest, if any, in the Debtor's personal pre-petition causes of action identified in Exhibit A (Claims 4, 5, 8, 17, and 28), limited to claims accruing before the petition date of October 4, 2024.

2. Upon entry, those claims revest in the Debtor, Andrew Paul Williams, who may prosecute them at his own expense.

3. The Trustee shall execute any documents reasonably necessary to effectuate abandonment within fourteen (14) days after entry.

### IT IS SO ORDERED.

DATED: _____, 2026

_____
Hon. Christopher B. Latham
United States Bankruptcy Judge

Andrew Paul Williams
12641 Antioch Road, Suite #1045
Overland Park, Kansas 66213
Telephone: (619) 796-6469
Email: andrew@carwashmgmt.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re: ANDREW PAUL WILLIAMS, Debtor.
Bankr. Case No. 24-03761-CL7 | Chapter 7

## CERTIFICATE OF SERVICE

I, Andrew Paul Williams, declare:

1. I am the Debtor in this case. On ___7/7___, 2026, I served the following documents on the persons and entities listed below by the methods indicated: (a) Notice of Motion (CSD 1182); (b) Debtor's Motion to Reopen Case (11 U.S.C. section 350(b)); (c) Debtor's Motion to Compel Abandonment (11 U.S.C. section 554(b)); (d) Declaration of Andrew Paul Williams with Exhibits A, B, and C; (e) Proposed Order Reopening Case; (f) Proposed Order Compelling Abandonment; and (g) CSD 5013 (GO 210) AI Disclosure.

2. Service was made as follows:

A. Leslie T. Gladstone, Chapter 7 Trustee — Email and U.S. Mail — 5656 La Jolla Blvd., La Jolla, CA 92037; candic@flgsd.com

B. Office of the United States Trustee — U.S. Mail — 880 Front Street, Suite 3230, San Diego, CA 92101

C. Regions Bank dba Ascentium Capital, c/o Andrew K. Alper, Frandzel Robins Bloom & Csato, L.C. — U.S. Mail and Email — 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; aalper@frandzel.com

3. I will serve any additional scheduled creditors of record by U.S. Mail at the addresses on the claims register or matrix contemporaneously with filing, or as the Court may direct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____ , 2026.

Andrew P. Williams
Andrew Paul Williams
Debtor. In Pro Per

# EXHIBIT 18

Andrew Paul Williams

12641 Antioch Road, Suite #1045

Overland Park, KS 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Debtor, In Pro Per

2026 JUL 16 AM 11: 2

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re                         Bankr. Case No. 24-03761-CL7

ANDREW PAUL WILLIAMS,            Chapter 7

     Debtor.

DISCLOSURE AND CERTIFICATION

ON GENERATIVE ARTIFICIAL

INTELLIGENCE USE (CSD 5013)

Judge: Hon. Christopher B. Latham

Pursuant to General Order No. 210, Party: Andrew Paul Williams, Debtor, In Pro Per and Filing Counsel: N/A (pro se) make the following disclosure and certification concerning the use of any generative artificial intelligence ("AI") program in preparing the papers filed concurrently herewith:

- Motion to Reopen Case (11 U.S.C. section 350(b))

- Motion to Compel Abandonment (11 U.S.C. section 554(b))

- Declaration of Andrew Paul Williams in Support

Disclosure

The following generative AI program(s) was/were used:

Cursor

Certification

The filer certifies that he checked those documents for factual and legal accuracy using print reporters, traditional legal databases, or other reliable means outside of AI.

Executed on _____, 2026.

Andrew P. Williams
Andrew Paul Williams
Debtor, In Pro Per

# EXHIBIT 19

Andrew Paul Williams

12641 Antioch Road, Suite #1045

Overland Park, KS 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Debtor, In Pro Per



FILED
ENTERED
LODGED
RECEIVED

JUL 1 6 2026

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY LL                    DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re                    Bankr. Case No. 24-03761-CL7

ANDREW PAUL WILLIAMS,          Chapter 7

　　　Debtor.

NOTICE OF MOTION AND MOTION

(CSD 1182)

Judge: Hon. Christopher B. Latham

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that on a date and time TO BE SET BY THE COURT pursuant to Local Bankruptcy Rule 9013-6, or as soon thereafter as the matter may be heard in Department 1, United States Bankruptcy Court, Southern District of California, 325 West F Street, San Diego, California 92101, the Debtor, Andrew Paul Williams, will and hereby does move the Court for:

(1) an order reopening this closed Chapter 7 case under 11 U.S.C. section 350(b) for the limited purpose of granting leave under Fed. R. Bankr. P. 1009(a) to amend Schedule A/B, adjudicating abandonment, and entering an abandonment order;

(2) an order compelling the Chapter 7 Trustee, Leslie T. Gladstone, to abandon the estate's interest in the Reserved Claims identified in Exhibit A to the abandonment motion, pursuant to 11 U.S.C. section 554(b) and Fed. R. Bankr. P. 6007(b).

This Notice covers both the Motion to Reopen and the Motion to Compel Abandonment filed concurrently herewith.

The Motion is made under 11 U.S.C. sections 350(b) and 554(b); Fed. R. Bankr. P. 1009(a) and 6007(b); Local Bankruptcy Rules 9013-4 and 9013-6; and the Court's inherent authority.

This Motion is based on this Notice; the Memoranda of Points and Authorities; the Declaration of Andrew Paul Williams and exhibits; the complete files and records in this case; and such oral and documentary evidence as may be presented at the hearing.

Opposition, if any, is due within 14 days after service of this Notice. LBR 9013-6(a)(3).

Dated: __7/7__, 2026

_A.P. Williams_

Andrew P. Williams
Andrew Paul Williams
Debtor, In Pro Per

# EXHIBIT 20

NTF
Rev. 02/25

## United States Bankruptcy Court
### Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101-6991

Telephone: 619-557-5620
Website: www.casb.uscourts.gov
Hours: 8:30am - 4:30pm Monday-Friday

**Andrew Paul Williams**
12136 Avenida Sivrita
San Diego, CA 92121
xxx-xx-6131
*No Known Aliases*

Case number: 24-03761-CL7
Chapter: 7
Judge  Christopher B. Latham

## Notice To Filer Of Errors And/Or Deficiencies in Documents

Document Number **22**    filed on: **7/16/26**
Title of Document: **Motion to Compel**

Pursuant to the Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules and Administrative Procedures 1.12
Correcting Filing or Docket Errors, the following errors or deficiencies have been found with your filed document:

Visit the Court website CM/ECF Training & Registration page. The training focuses on court-specific filing
requirements and is available online for you to complete at your own pace with training video included. If you have
questions, please contact the Case Administrator assigned to your case https://www.casb.uscourts.gov/court_phonelist.

### ACTION TAKEN BY COURT

☑  Atty/Debtor/Movant contacted on **7/20/26**           via ☐ Tel/Voice Mail        ☐ Email  ☑ Mail or Other

**OTHER:** Your motion to compel should be noticed for hearing. Please contact the courtroom deputy at
619-557-6019 to reserve a hearing date and time.

Dated: 7/20/26

Mark Schnakenberg
Clerk of the Bankruptcy Court

# Notice Recipients

District/Off: 0974−3             User: Admin.              Date Created: 7/20/2026

Case: 24−03761−CL7              Form ID: 185              Total: 1


**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db        Andrew Paul Williams        12136 Avenida Sivrita        San Diego, CA 92121

                                                                    TOTAL: 1

## PROOF OF SERVICE

**Regions Bank v. Car Wash Management, LLC, etc., et al.
Case No. 25-cv-00359-CAS-KS**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On July 21, 2026, I served true copy(ies) of the **REGIONS BANK'S REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH REGIONS BANK'S REPLY TO OPPOSITION OF ANDREW P WILLIAMS TO MOTION TO DISMISS ANDREW P. WILLIAMS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rule 12(b)(1) and (e) MOTION TO STRIKE COUNTERCLAIM (Rule 12(f) AND FOR LACK OF STANDING PURSUANT TO F.R.C.P. Rule 17)** the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid via First Class Mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 21, 2026, at Los Angeles, California.

Lexi Villarreal

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6010839v2 | 100287-0289

5

REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH COUNTER-DEFENDANT REGIONS BANK MOTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**SERVICE LIST**
**Regions Bank v. Car Wash Management, LLC, etc., et al.**
**Case No. 25-cv-00359-CAS-KS**

| | |
|---|---|
| Michael D. Gannon (pro hac vice)<br>Katharine H. Walton-(pro hac vice)<br>BakerHostetler<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606-2859 | Tel:   312-416-8187<br>Email:        mgannon@bakerlaw.com<br>            kwalton@bakerlaw.com<br><br>Attorneys for Defendant Washworld, Inc. |
| Katharine Walton<br>Michael D. Gannon<br>Xitlaly Estrada<br>Ava Claypool<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301 | Tel:   310-442-8878<br>Email: : mgannon@bakerlaw.com,<br>            kwalton@bakerlaw.com<br>            xestrada@bakerlaw.com<br>            aclaypool@bakerlaw.com<br><br>Attorneys for Defendant Washworld, Inc. |
| Lisa Mitts Patrick, Esq.<br>The Law Office Of Lisa Mitts Patrick<br>112 E. Amerige Ave., Suite 313<br>Fullerton, CA 92832 | Tel: 714-990- 3693<br>Fax: 657-234 - 0012<br>Email:        lolmp2021@gmail.com<br><br>Attorneys for Defendant and Cross-Complainant Jose Rene Ortiz, aka Jose R. Ortiz, aka Jose Ortiz, an individual |
| Thomas D. Sands<br>The Sands Law Group, APLC<br>205 S Broadway Ste 608<br>Los Angeles, CA 90012 | Tel: 213-788-4412<br>Fax: 833-329-7263<br><br>Email: info@tslg.law<br><br>Attorneys for CAR WASH MANAGEMENT, LLC. |
| Andrew Paul Williams<br>12641 Antioch Rd. Suite # 1045<br>Overland Park, KS 66213-1701 | Tel: 619-796-6469<br>Email:<br>            andrew@carwashmgmt.com<br><br>Pro Per |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6010839v2 | 100287-0289

6