Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:     *xestrada@bakerlaw.com*
           *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:  312-416-6200
Email:     *mgannon@bakerlaw.com*
           *kwalton@bakerlaw.com*

*Attorneys for*
WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, dba ASCENTIUM CAPITAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WEST COVINA CAR WASH LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS, WASHWORLD, INC., DOES 1-100, inclusive,<br><br>　　　　Defendants. | **CASE NO.: 2:25-CV-00359-CAS-KS**<br><br>**WASHWORLD'S SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM**<br><br>DATE:　　August 10, 2026<br>TIME:　　10:00 AM<br>CTRM:　　8D |
| JOSE RENE ORTIZ,<br><br>　　　　Cross Complainant,<br><br>　　v.<br><br>ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>　　　　Cross Defendants. | |

WASHWORLD, INC.,

      Counter Plaintiff,

    v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

      Counter Defendant.

---

WASHWORLD, INC.,

      Cross Claimant,

    v.

CAR WASH MANAGEMENT, LLC,

      Cross Defendant.

---

ANDREW PAUL WILLIAMS,

      Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

    v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50.

      Counter Defendants, Cross-Defendants, and Third-Party Defendants.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.    INTRODUCTION

Ortiz's opposition confirms that summary judgment in Washworld's favor should be granted. Ortiz identifies no evidence creating a genuine dispute as to any fact material to Washworld's motion. Instead, he relies primarily on assertions that discovery remains incomplete, that Andrew Williams recently appeared in the case, and that future discovery may reveal additional information. Those assertions do not create a triable issue and do not satisfy Rule 56(d).

Nor does Ortiz identify discovery that would address the deficiencies identified in Washworld's motion. Ortiz points to no evidence that Washworld was a party to his guaranty, agreed to indemnify him, entered into a contractual relationship with him, participated in procuring the guaranty, communicated with him regarding the guaranty, or otherwise shared responsibility for the fraudulent conduct that allegedly gives rise to his liability. As discussed in Washworld's opening brief, Ortiz's equitable indemnity claim fails absent such evidence. (Dkt. 192 at 11-17.)

Ortiz also fails to satisfy the threshold requirements for Rule 56(d) relief. Although Ortiz argues that additional discovery is needed, he identifies no specific facts he expects to obtain, does not explain how those facts would preclude summary judgment, and does not account for the fact that more than 378 days have elapsed since he first appeared in this litigation without serving discovery on Washworld, Ascentium, Williams, or any third party. Nor does he explain why, despite 84 days having elapsed since Williams was served, he has not sought discovery from Williams while simultaneously contending Williams's involvement justifies postponing summary judgment.

Finally, Ortiz does not meaningfully respond to the legal defects identified in Washworld's motion. He cites no authority explaining how Washworld's alleged post-funding receipt or disposition of proceeds could transform Washworld into a guarantor, create an indemnity obligation running to Ortiz, or establish shared liability for the fraudulent conduct giving rise to Ascentium's claims. Rather than

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

addressing the elements of equitable indemnity, Ortiz asks the Court to deny summary judgment based on the possibility that future discovery might reveal evidence supporting a theory that has no basis whatsoever. Rule 56 does not permit a party to substitute speculation for evidence. Because Ortiz identifies neither evidence creating a genuine dispute of material fact nor a basis for Rule 56(d) relief, Washworld's motion should be granted.

## II.    ARGUMENT

**A.    Ortiz's Rule 56(d) Request Fails Because He Identifies No Specific Material Discovery and Demonstrates No Diligence.**

Ortiz's request for relief under Rule 56(d) should be denied because it rests on generalized assertions that discovery remains incomplete, not a concrete showing that specific discovery is necessary to oppose Washworld's motion. Rule 56(d) is not triggered merely because discovery remains ongoing. Rather, the nonmovant must identify the specific facts sought, explain why those facts are essential to opposing summary judgment, show that the facts are reasonably expected to exist, and demonstrate diligence in pursuing the discovery. *See Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) ("But for purposes of a Rule 56(d) request, the evidence sought must be more than 'the object of pure speculation.' A party seeking to delay summary judgment for further discovery must state 'what other *specific* evidence it hopes to discover [and] the relevance of that evidence to its claims.'") (quoting *California v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998)); *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006); *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Ortiz satisfies none of those requirements. His opposition repeatedly asserts that discovery is incomplete, depositions have not occurred, Williams recently appeared, and additional facts may be uncovered. (Dkt. 211 at 3.) But Ortiz never identifies a specific fact that further discovery is expected to reveal that would

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

overcome the defects identified in Washworld's motion. He points to no evidence suggesting that Washworld agreed to indemnify him, entered into a contractual relationship with him, assumed any obligation under his guaranty, shared liability with him, or participated in the fraudulent conduct that allegedly gave rise to his exposure. Those are the issues raised by Washworld's motion. (Dkt. 192 at 11-17.)

Nor does Ortiz explain how testimony from Williams would create a triable issue regarding Washworld's relationship with Ortiz or Washworld's alleged liability to Ascentium. Ortiz repeatedly suggests that discovery may reveal "who knew what when," but Rule 56(d) requires more than speculation. It requires identification of actual facts expected to be obtained and an explanation of how those facts would preclude summary judgment. Ortiz provides neither. *Stevens*, 899 F.3d at 679 ("A request at that level of generality is insufficient for Rule 56(d) purposes.").

Ortiz's lack of diligence independently defeats his request. Ortiz has been actively participating in this litigation since July 16, 2025, when he first filed papers in this action. (Dkt. 54.) Yet as of the filing of this sur-reply, **378 days** have elapsed since Ortiz first appeared, and during that period he has not served a single discovery request on Ascentium, Washworld, Williams, or any third party. (Walton Decl. ¶ 2.) By contrast, every other party that has appeared in this action has propounded discovery. (*Id.* ¶ 5.)

Williams was served by Ascentium on May 6, 2026. (Dkt. 173.) As of July 29, 2026, **84 days** have elapsed since that service, yet Ortiz still has not served any discovery on Williams despite now suggesting Williams's involvement makes additional discovery essential. (Walton Decl. ¶ 7.) Ortiz has even responded to discovery propounded by Williams without serving discovery of his own. (*Id.*)

These dates are significant because Ortiz's opposition is premised on the assertion that additional discovery is needed before the Court can rule. A party seeking Rule 56(d) relief must explain not only what discovery is needed, but why that discovery was not previously obtained despite ample opportunity to pursue it.

Ortiz offers no such explanation. The record instead reflects that any absence of discovery concerning Washworld's role, Williams's knowledge, or the financing transaction results from Ortiz's own decision not to pursue discovery for more than a year after entering the case.

Even apart from Ortiz's lack of diligence, the discovery he seeks is not material to the issues raised by Washworld's motion. Ortiz repeatedly focuses on post-funding events, including why Washworld received funds, how those funds were applied, and why some amount was later remitted to Williams. (Dkt. 211 at 4.) But Washworld's motion does not turn on the disposition of proceeds after funding occurred. Rather, the motion addresses whether Washworld shared liability with Ortiz, undertook obligations under Ortiz's guaranty, agreed to indemnify Ortiz, or participated in the fraudulent conduct allegedly giving rise to Ortiz's liability. (Dkt. 192 at 11-17.) Ortiz never explains how discovery concerning the subsequent movement of funds would establish any of those elements.

Accordingly, Ortiz's Rule 56(d) request should be denied.

**B.**     **Ortiz Has Not Created a Genuine Dispute of Material Fact.**

Ortiz's opposition fails for a second and independent reason. Even after receiving Washworld's motion and separate statement, Ortiz does not identify admissible evidence creating a genuine dispute regarding any fact material to his equitable indemnity claim.

Rule 56(e) permits the Court to treat facts as undisputed where a party fails to properly address a factual assertion with admissible evidence. Fed. R. Civ. P. 56(e)(2). Once those facts are deemed undisputed, summary judgment is appropriate if the record establishes the absence of evidence supporting an essential element of the nonmovant's claim. Fed. R. Civ. P. 56(e)(3); *Heinemann v. Satterberg*, 731 F.3d 914, 917-18 (9th Cir. 2013). That is precisely the situation here.

**1.**     **Ortiz Identifies No Relationship That Could Support an Indemnity Obligation**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Most fundamentally, Ortiz offers no evidence of any relationship that could support an indemnity obligation running from Washworld to Ortiz.

Ortiz does not dispute that Washworld did not execute his guaranty,[1] did not assume liability under his guaranty, did not agree to indemnify him, and did not enter into any contractual relationship with him concerning the transaction. (UMF Nos. 6-11.) Those facts negate the central premise of Ortiz's equitable indemnity claim for the reasons explained in Washworld's opening brief. (Dkt. 192 at 11-13.) The absence of any agreement, contractual relationship, shared obligation, or indemnity undertaking is therefore effectively undisputed.

## 2. Ortiz Identifies No Evidence Connecting Washworld to the Conduct Allegedly Giving Rise to His Liability.

The same deficiency exists with respect to Ortiz's attempt to tie Washworld to the alleged fraud.

As Washworld explained in its motion, Ascentium's fraud claim concerns alleged conduct by Ortiz, Williams, and CWM that purportedly induced approval and funding of the transaction. (Dkt. 192 at 13-15.) Ortiz identifies no evidence that Washworld participated in any financing application, submitted information to Ascentium, communicated concerning approval of financing, or otherwise participated in the fraudulent conduct allegedly giving rise to that claim. (UMF Nos. 12-16.)

In fact, Ortiz's opposition repeatedly attributes the alleged misconduct to Williams. Even if the Court were to accept those allegations as true, they concern conduct that allegedly occurred before financing was approved and funded and therefore do not create a factual dispute regarding Washworld's lack of involvement in the alleged fraud. Ortiz identifies no evidence that Washworld procured the guaranty, communicated with Ortiz before he signed the guaranty, made

---

[1] Ortiz disputes the legal effect of his personal guaranty but does not dispute executing it. (UMF No. 6.)

representations to Ascentium concerning the transaction, or otherwise participated in the events that allegedly exposed Ortiz to liability. Ortiz can only seek indemnity for fraud from a concurrent intentional tortfeasor, so his claim fails. *UnitedHealthcare Ins. Co. v. Sahara Palm Plaza, LLC*, No. SACV2002221DOCKES, 2022 WL 4700544, at *9 (C.D. Cal. July 18, 2022) ("An intentional tortfeasor is entitled to seek indemnity from a concurrent intentional tortfeasor . . . but an intentional tortfeasor is barred from seeking partial indemnity from a negligent tortfeasor.") (citing *Res-Care Inc. v. Roto-Rooter Servs. Co.*, 753 F. Supp. 2d 970, 978 (N.D. Cal. 2010)).

### 3. Ortiz Identifies No Evidence Contradicting Washworld's Lack of Knowledge Before Funding.

The same problem exists with respect to Washworld's knowledge of the transaction.

Ortiz identifies no evidence contradicting Washworld's showing that it was not aware of the West Covina transaction until after funding had occurred. (UMF Nos. 21-24.) For example, Ortiz identifies no evidence contradicting Washworld's fact that before receiving the March 2024 payment notification, Washworld had not been contacted by Ascentium or Ortiz regarding the underlying financing transaction. (UMF No. 23.) Likewise, Ortiz identifies no evidence disputing Ascentium's interrogatory response that Ascentium did not contact Washworld regarding the Agreement until May 23, 2024. (UMF No. 22.) Nor does he identify evidence showing Washworld possessed financing documents before that time. (UMF No. 24.)

Instead, Ortiz repeatedly responds that facts are "unknown," that additional discovery may provide answers, or that Washworld's evidence is somehow "self-serving." None of those responses constitutes evidence creating a genuine dispute under Rule 56.

Once the unsupported qualifications, "unknown" responses, and requests for additional discovery are set aside, Ortiz has not identified admissible evidence disputing the facts that Washworld was not a party to his guaranty, did not agree to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD'S SUR-REPLY I/S/O MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM
CASE NO.: 2:25-CV-00359-CAS-KS

indemnify him, did not participate in obtaining the financing, and was not involved in the fraudulent conduct allegedly giving rise to his liability. Under Rule 56(e), those facts may be treated as undisputed. Because those undisputed facts negate essential elements of Ortiz's equitable indemnity claim, they independently support entry of summary judgment in Washworld's favor.

### C.     Ortiz's Arguments Do Not Overcome the Defects Identified in Washworld's Motion.

#### 1.     Ortiz's Focus on Post-Funding Conduct Does Not Establish Equitable Indemnity.

Ortiz's central theme is the disposition of funds after Ascentium funded the transaction. He repeatedly asks why Washworld received funds, how those funds were applied, and why certain funds were later remitted to Williams.

But Washworld's motion already explains why those issues do not establish equitable indemnity. The relevant inquiry is not what happened to funds after the transaction was funded; it is whether Washworld shared responsibility for the obligation or wrongdoing giving rise to Ortiz's alleged liability in the first place. (Dkt. 192 at 15-17.)

Ortiz never explains how post-funding conduct could transform Washworld into a guarantor, create an indemnity obligation running to Ortiz, or establish shared responsibility for fraudulent conduct that allegedly occurred before funding.

#### 2.     Ortiz's Fraud Discussion Does Not Create a Triable Issue Against Washworld

Ortiz's discussion of fraud underscores rather than solves the problem.

Ortiz contends that Williams tricked or coerced him into signing financing and guaranty documents and used him as a "backup" guarantor. (Dkt. 211 at 3.) Even if accepted as true for purposes of this motion, those allegations concern Williams, CWM, and potentially Ascentium. They do not implicate Washworld.

Nor do they address the central defect identified in Washworld's motion.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ascentium alleges that Ortiz participated in the conduct that induced approval and funding of the transaction. (UMF No. 12.) Washworld takes no position on whether Ascentium ultimately will prevail on those allegations. But the liability for which Ortiz seeks indemnity arises from alleged fraudulent conduct occurring before financing was approved and funded, whereas the undisputed record establishes that Washworld was not involved in the financing application, approval process, or allegedly fraudulent inducement and became involved only after the transaction had already been consummated and funds had been transmitted. (UMF Nos. 13-16, 21-24.)

Stated differently, whatever fraud Ascentium alleges necessarily preceded Washworld's receipt of any transaction proceeds. Ortiz therefore seeks to impose indemnity liability on Washworld for conduct that allegedly originated with Ortiz, Williams, CWM, and others and that purportedly caused Ascentium to fund the transaction before Washworld had any involvement. Yet Ortiz identifies no evidence that Washworld participated in, directed, ratified, or shared responsibility for that conduct.

Moreover, Washworld's motion explains that equitable indemnity cannot be used to shift liability for intentional misconduct absent evidence that the proposed indemnitor bears responsibility for the same alleged wrongdoing. (Dkt. 192 at 13-15.) Ortiz does not respond to that legal argument and identifies no evidence that Washworld was a concurrent participant in the fraud giving rise to his purported exposure.

**3.      The Court's Prior Motion to Dismiss Ruling Does Not Resolve the Evidentiary Issues Presented Here.**

Ortiz also argues that Washworld previously raised similar issues in its motion to dismiss and that the Court generally denied that motion. (Dkt. 211 at 7.)

That argument ignores the difference between Rule 12 and Rule 56. The question at the pleading stage was whether Ortiz adequately alleged a claim. The question now is whether he has evidence to support it.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

For the reasons discussed above and in Washworld's motion, Ortiz has not produced evidence establishing any agreement, relationship, shared obligation, or shared wrongdoing that would support equitable indemnity. (Dkt. 192 at 11-17.) The Court's earlier ruling does not relieve Ortiz of his burden to make that evidentiary showing now.

## III.   CONCLUSION

Ortiz identifies no evidence creating a genuine dispute of material fact, no specific discovery essential to opposing Washworld's motion, and no legal authority overcoming the defects identified in Washworld's opening brief. The undisputed record establishes that Washworld was not a party to Ortiz's guaranty, never agreed to indemnify Ortiz, had no contractual relationship with him concerning the transaction, and did not participate in the fraudulent conduct allegedly giving rise to Ortiz's liability. (Dkt. 192 at 11-17.)

Because Ortiz relies only on speculation regarding future discovery and theories immaterial to the issues presented by Washworld's motion, Washworld respectfully requests that the Court grant summary judgment in its favor.

Dated:  July 29, 2026

**BAKER & HOSTETLER LLP**

By: _/s/ Katharine Walton_
Katharine Walton

WASHWORLD, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Washworld, Inc., certifies that this brief contains 2,575 words, which complies with the word limit of L.R. 11-6.1.

9

WASHWORLD'S SUR-REPLY I/S/O MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM
CASE NO.: 2:25-CV-00359-CAS-KS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated:  July 29, 2026        **BAKER & HOSTETLER LLP**

By:  */s/ Katharine Walton*
       Katharine Walton

WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD'S SUR-REPLY I/S/O MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM
CASE NO.: 2:25-CV-00359-CAS-KS

**BAKER & HOSTETLER LLP**
ATTORNEYS AT LAW
LOS ANGELES

## CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One North Wacker Drive, Suite 3700, Chicago, IL 60606. On July 29, 2026, I served a copy of the within document(s):

**WASHWORLD'S SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM**

☑ **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below.

| | |
|---|---|
| Andrew K. Alper (SBN 088876) **FRANDZEL ROBINS BLOOM & CSATO, L.C.** 1000 Wilshire Boulevard, Nineteenth Floor Los Angeles, CA 90017 Telephone:  323-852-1000 Facsimile:   323-651-2577 Email:        aalper@frandzel.com | *Attorneys for Plaintiff* REGIONS BANK |
| Lisa Mitts Patrick (SBN 134522) **LAW OFFICE OF LISA MITTS PATRICK** 112 E. Amerige Ave., Suite 313 Fullerton, CA 92832 Telephone:  714-990-3693 Facsimile:   657-234-0012 Email:        lolmp2021@gmail.com | *Attorneys for Defendant and Cross Defendant* JOSE RENE ORTIZ |
| Thomas D. Sands, Esq (SBN 279020) **THE SANDS LAW GROUP, APLC** 205 S. Broadway, Suite 608 Los Angeles, CA 90012 Tel: (213) 788-4412 Email: info@tslg.law | *Attorneys for* CAR WASH MANAGEMENT, LLC |
| Andrew Williams 12641 Antioch Rd. Suite # 1045 Overland Park, KS 66213-1701 andrew@carwashmgmt.com | Pro Se |

WASHWORLD'S SUR-REPLY I/S/O MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM
CASE NO.: 2:25-CV-00359-CAS-KS

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on July 29, 2026, at Chicago, Illinois.

/s/ Katharine Walton

WASHWORLD'S SUR-REPLY I/S/O MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM
CASE NO.: 2:25-CV-00359-CAS-KS