Xitlaly Estrada (SBN 333403)
Ava Claypool (SBN 327059)
**Baker & Hostetler LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310-979-8430
Email:    *xestrada@bakerlaw.com*
          *aclaypool@bakerlaw.com*

Michael D. Gannon (*pro hac vice*)
Katharine H. Walton (*pro hac vice*)
**Baker & Hostetler LLP**
One North Wacker Drive, Suite 3700
Chicago , IL 60606
Telephone:  312-416-6200
Email:    *mgannon@bakerlaw.com*
          *kwalton@bakerlaw.com*

*Attorneys for*
WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS  BANK,  dba  ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR  WASH  MANAGEMENT,  LLC, CAR  WASH  MANAGEMENT,  LLC, WEST  COVINA  CAR  WASH  LLC, JOSE RENE ORTIZ, ANDREW PAUL WILLIAMS,  WASHWORLD,  INC., DOES 1-100, inclusive,<br><br>Defendants.<br>------<br>JOSE RENE ORTIZ,<br><br>Cross Complainant,<br><br>v.<br><br>ANDREW  PAUL  WILLIAMS,  CAR WASH  MANAGEMENT,  LLC,  CAR WASH      MANAGEMENT,      LLC, WASHWORLD, INC., and DOES 1 to 35, inclusive,<br><br>Cross Defendants. | **WASHWORLD, INC.'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM**<br><br><br>DATE:    August 10, 2026<br>TIME:    10:00 AM<br>CTRM:    8D |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WASHWORLD, INC.,

        Counter Plaintiff,

    v.

REGIONS BANK, D/B/A ASCENTIUM CAPITAL,

        Counter Defendant.

---

WASHWORLD, INC.,

        Cross Claimant,

    v.

CAR WASH MANAGEMENT, LLC,

        Cross Defendant.

---

ANDREW PAUL WILLIAMS,

        Counter Claimant, Cross-Claimant, and Third-Party Plaintiff,

    v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L. ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, ROES 1-50.

        Counter Defendants, Cross-Defendants, and Third-Party Defendants.

- 1 -

Cross-Defendant Washworld, Inc. ("Washworld") submits the following responses in support of its Separate Statement of Uncontroverted Facts in support of its Motion for Summary Judgment.

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 1.    Car Wash Management ("CWM") entered into an equipment finance agreement with Ascentium in January of 2024 in the amount of $343,394.23. (Ex. A, ASC00135) | Unable to dispute without further discovery from WILLIAMS who just entered the case and depositions of the parties. Generally inclined to state undisputed. |
| 1. Washworld's Response: In support of this fact, Washworld cites the equipment finance agreement itself. Ortiz's assertion that he is unable to admit or deny the fact without discovery from Williams or party depositions is unsupported. The cited agreement identifies Car Wash Management as the borrower and reflects that it was executed by Jose Ortiz on Car Wash Management's behalf. (Ex. A, ASC00135.) Nothing in Ortiz's response explains how discovery from Williams would bear on whether Car Wash Management entered into the agreement. To the extent Ortiz intends to challenge the agreement's validity or legal effect, those issues do not create a dispute as to the fact that Car Wash Management entered into the agreement. | |
| 2.    In connection with the West Covina Car Wash transaction with Ascentium, Ortiz executed a (1) financing application; (2) personal guaranty; (3) authorization to perform verbal verification; (4) commencement agreement; (5) authority and incumbency certificate; and a (6) delivery and acceptance certificate. (Ex. B, ASC00040, ASC00061, ASC00072-75, ASC00077-81, ASC00083). | Disputed as to what Ortiz "executed" and/or that it represented a legal instrument effective as a "personal guaranty." (Dec. of LMP, Exhibits A, B, C). Unable to provide further proof without discovery from WILLIAMS and depositions of the parties. |
| 2. Washworld's Response: Ortiz's response does not create a genuine dispute as to the fact asserted. The referenced documents reflect that Ortiz signed the financing application, personal | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| guaranty, authorization to perform verbal verification, commencement agreement, authority and incumbency certificate, and delivery and acceptance certificate in connection with the Ascentium transaction. Ortiz does not dispute that his signature appears on those documents, and in fact, his verified responses to the interrogatories concede that he signed them: "Mr. BEAUDOIN witnesses CROSS COMPLANANT sign Exhibit 1." (Dkt. 192-3 at Page ID 2554, Response to Interrogatory No. 22.). Exhibit 1 to Washworld's discovery responses included all of the documents outlined in this fact. (*Id.* at PageID 2546.)<br><br>Instead, Ortiz appears to challenge the legal effect of the documents or his understanding of what he was signing. For example, Ortiz contends that he signed documents presented by Williams because he believed they "had something to do with their sales" and was concerned his employment could be affected if he questioned Williams. (ECF No. 212 at Page ID 3372, Response to Interrogatory No. 21.) Those contentions do not create a dispute regarding whether Ortiz executed the documents. Rather, they go to Ortiz's subjective understanding of the transaction and the legal consequences of the documents he signed.<br><br>Nor does Ortiz explain why additional discovery from Williams is necessary to determine whether Ortiz signed the documents. To the extent Ortiz contends that any document is invalid, unenforceable, or ineffective as a guaranty, that contention does not alter the undisputed fact that Ortiz executed the documents identified in this statement. | |
| 3.     In connection with CWM's execution of the finance agreement, West Covina Car Wash, LLC executed a guaranty of CWM's obligations under the agreement.<br><br>(Ex. B at ASC00078-79.) | Unable to respond without discovery from WILLIAMS and depositions of the parties. On the basis of hearsay, evidence of other parities inclined to state generally undisputed. |
| 3. Washworld's Response:<br><br>The guaranty itself establishes the fact asserted. The document reflects that West Covina Car Wash, LLC executed a guaranty of Car Wash Management's obligations under the finance agreement through Jose Ortiz. (Ex. B at ASC00078–79.) Ortiz offers no explanation as to how discovery from Williams or party depositions would affect these facts. Any argument regarding the | |

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| guaranty's validity, enforceability, or legal effect does not create a dispute as to the contents of the document or the fact that it was executed. | |
| 4.    Ortiz's guaranty states that if there is more than one guarantor, the liabilities of each guarantor are joint and several. <br><br> (Ex. B at ASC00077.) | DISPUTED as to the legal effect of what the document may or may not state. Unable to dispute without discovery from WILLIAMS and depos of the parties. |
| 4. Washworld's Response: <br><br> Ortiz does not dispute that the guaranty contains language stating this contention. Rather, Ortiz purports to dispute only the legal effect of that language. The cited document speaks for itself and expressly states that, where there is more than one guarantor, the liabilities of each guarantor are joint and several. To the extent Ortiz seeks to challenge the enforceability or legal effect of that provision, such argument does not create a dispute as to what the document states. | |
| 5.    CWM failed to make a required payment under the equipment finance agreement. <br><br> (Ex. C at ASC00070, ASC00085-87.) | Unable to dispute without further discovery from WILLIAMS and the depositions of the parties about whether payment was made or how much. |
| 5. Washworld's Response: <br><br> In support of this fact, Washworld cites Ascentium's records, including its notice of default to Car Wash Management and Ortiz. Those records reflect that Car Wash Management failed to make a required payment under the equipment finance agreement. Ortiz identifies no evidence creating a genuine dispute as to what the cited records show. | |
| 6.    Only Ortiz signed his personal guaranty. <br><br> (Ex. B at ASC00077.) | Disputed as to what Ortiz signed or its legal effect. Unable to dispute without further discovery Discovery is needed for proof. |
| 6. Washworld's Response: <br><br> Ortiz does not identify any genuine dispute as to the fact asserted. The personal | |

- 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| guaranty contains a single signature, which is Ortiz's. Moreover, Ortiz admitted in his interrogatory responses that he signed the guaranty. (ECF No. 192-3, PageID 2554, Response to Interrogatory No. 22 ("Mr. BEAUDOIN witnessed Cross-Complainant sign Exhibit 1.")). Exhibit 1 to Washworld's discovery responses included Ortiz's personal guaranty. (*Id.* at PageID 2546.) Ortiz's assertion that additional discovery is needed provides no basis to dispute whether he signed the guaranty, particularly given his own admission. To the extent Ortiz challenges the legal effect or enforceability of the guaranty, such arguments do not create a genuine dispute as to whether Ortiz signed the document and was the sole signatory to the document. | |
| 7.      Washworld did not sign any personal guaranty executed by Jose Rene Ortiz.

(Andreas Decl. ¶ 9) | Generally undisputed based on only hearsay and self serving statements of the parties. |
| 7.  Washworld's Response:

Ortiz identifies no evidence creating a genuine dispute as to this fact. Washworld has submitted competent evidence that it did not sign any personal guaranty executed by Ortiz. The guaranty itself contains no signature by Washworld, and Washworld may establish that fact through the guaranty and testimony based on personal knowledge. (Ex. B at ASC00077.) | |
| 8.      Washworld did not agree to guarantee any obligations of Car Wash Management, LLC to Ascentium.

(Andreas Decl. ¶ 10) | Generally undisputed based only on hearsay and self serving statements of the parties. |
| 8. Washworld's Response:

Washworld does not understand what Ortiz means by "generally undisputed" and therefore treats this statement as undisputed. | |
| 9.      Washworld did not agree to indemnify Ortiz for any liability he may have assumed under his personal guaranty. | Generally undisputed. |

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| (Andreas Decl. ¶¶ 9-11) | |
| 9. Washworld's Response:<br><br>Washworld does not understand what Ortiz means by "generally undisputed" and therefore treats this statement as undisputed. | |
| 10.    Washworld did not enter into any written or oral agreement with Jose Rene Ortiz to indemnify him for any liability.<br><br>(Andreas Decl. ¶ 12) | Generally undisputed. |
| 10.  Washworld's Response:<br><br>Washworld does not understand what Ortiz means by "generally undisputed" and therefore treats this statement as undisputed. | |
| 11.    Washworld and Ortiz have never entered into any contractual relationship.<br><br>(Ex. D at Ortiz's Response to Interrogatory No. 28; Andreas Decl. ¶ 13) | Generally undisputed as to THIS loan transaction only. |
| 11.  Washworld's Response:<br><br>Washworld does not understand what Ortiz means by "generally undisputed as to THIS loan transaction only" and therefore treats this statement as undisputed. In any event, Ortiz identifies no evidence of any contractual relationship between himself and Washworld, whether related to this transaction or otherwise. | |
| 12.    Ascentium's fraud claim is asserted against CWM, Williams, Ortiz, and Does 1-10 based on alleged fraudulent statements or misrepresentations made by these parties that induced Ascentium to enter into and fund the financing transaction.<br><br>(Ex. E, First Amended Compl. ¶¶ 44-51.) | Generally undisputed as to what the pleading asserts. DISPUTED as to the truth of it. Unable to dispute further without further discovery of WILLIAMS and depositions of the parties. |

- 5 -

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 12. Washworld's Response:<br><br>Ortiz's response does not create a genuine dispute as to the fact asserted. This statement concerns the allegations and parties identified in Ascentium's fraud claim, not whether those allegations are true. Ortiz does not dispute that the First Amended Complaint asserts the fraud claim against CWM, Williams, Ortiz, and Does 1-10. Notably, Ortiz does not dispute that Washworld is not named as a defendant to Ascentium's fraud claim. To the extent Ortiz disputes the truth of Ascentium's allegations, that issue is irrelevant to the fact asserted and does not create a genuine dispute. Nor is discovery from Williams necessary to determine what allegations Ascentium chose to assert or against whom those allegations were brought. | |
| 13.    Washworld was not involved in the alleged representations by Ortiz, Williams, or CWM that caused Ascentium to approve or fund the financing.<br><br>(Ex. F, Ortiz's responses to Ascentium's Interrogatory Nos. 4, 7; Andreas Decl. ¶¶ 4-6 ) | Generally undisputed (as to WASHWORLD's involvement re approving the funding. |
| 13. Washworld's Response:<br><br>Washworld does not understand the qualification "generally undisputed (as to WASHWORLD's involvement re approving the funding)" and therefore treats this statement as undisputed. In any event, Ortiz identifies no evidence that Washworld was involved in any alleged representations by Ortiz, Williams, or CWM that caused Ascentium to approve or fund the financing transaction. | |
| 14.    Washworld did not submit any information, documentation, or make any representations to Ascentium in support of any financing application involving Car Wash Management, LLC or Jose Rene Ortiz.<br><br>(Andreas Decl. ¶ 4) | Unknown without Discovery and depositions of the other parties. Otherwise this is just hearsay. |
| 14. Washworld's Response: | |

- 6 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Ortiz identifies no evidence creating a genuine dispute as to this fact. Washworld may establish the absence of any submission, representation, or communication to Ascentium through testimony based on personal knowledge.<br><br>Moreover, Ortiz does not dispute that Washworld was not involved in any representations that caused Ascentium to approve or fund the financing, nor does he dispute that Washworld did not participate in communications with Ascentium or Ortiz regarding financing approval prior to funding. (*See* Ortiz's responsses to UMF Nos. 13, 15.) Given those admissions, Ortiz identifies no basis for claiming that Washworld nevertheless submitted information, documentation, or representations to Ascentium in support of a financing application.<br><br>Finally, despite the hundreds of pages of discovery produced by Ascentium and Washworld, Ortiz identifies no document showing that Washworld submitted any financing application, supporting documentation, information, or representations to Ascentium. | |
| 15.   Washworld did not participate in any communications with Ascentium or Jose Rene Ortiz regarding the approval of financing prior to funding.<br><br>(Andreas Decl. ¶ 5) | Generally undisputed. |
| 15. Washworld's Response:<br><br>Washworld does not understand what Ortiz means by "generally undisputed" and therefore treats this statement as undisputed. | |
| 16.   Washworld had no knowledge of, and was not involved in, any application for financing submitted in connection with the transaction.<br><br>(Andreas Decl. ¶ 6) | Generally undisputed except as to the disposition of the funds. Without discovery of the parties (depositions), ORTIZ is unable to determine who knew what when |
| 16. Washworld's Response:<br><br>Ortiz's qualification does not create a genuine dispute as to the fact asserted. Fact | |

- 7 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| No. 16 concerns whether Washworld had knowledge of, or involvement in, any financing application submitted in connection with the transaction. It does not concern the disposition of financing proceeds. Accordingly, Ortiz's reference to the disposition of funds is irrelevant to the fact asserted.<br><br>Nor does Ortiz identify any evidence that Washworld had knowledge of or participated in any financing application submitted in connection with the transaction. His assertion that additional depositions are needed to determine "who knew what when" is speculative and insufficient to create a genuine dispute of material fact. Indeed, Ortiz does not dispute that Washworld "did not participate in any communications with Ascentium or Jose Rene Ortiz regarding the approval of financing prior to funding." Given that admission, Ortiz provides no basis for claiming that additional discovery is necessary to determine whether Washworld had knowledge of or involvement in the financing application.<br><br>In any event, Ortiz identifies no evidence that Washworld had knowledge of, participated in, or was otherwise involved in any financing application submitted in connection with the transaction. The record contains no such evidence. | |
| 17.    In March of 2024, Ascentium sent a payment notification to Washworld concerning an ACH payment in the amount of $309,054.80.<br><br>(Ex. G, ASC00082) | Generally undisputed but based on hearsay of the parties. |
| 17.  Washworld's Response:<br><br>Washworld does not understand what Ortiz means by "generally undisputed" and therefore treats this statement as undisputed. | |
| 18.    Washworld did not request that the funds be sent and had no direct involvement in Ascentium's decision to transmit the funds prior to March 2024.<br><br>(Andreas Decl. ¶ 18) | DISPUTED. Now that Williams is in without discovery, it is unknown how this came to be. |
| 18.  Washworld's Response: | |

- 8 -

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Ortiz identifies no evidence creating a genuine dispute as to this fact. The Andreas Declaration is based on personal knowledge and constitutes competent evidence regarding Washworld's lack of involvement in Ascentium's funding decision. This fact concerns the absence of conduct by Washworld, which may be established through testimony from a witness with personal knowledge. Ortiz identifies no evidence showing that Washworld requested that funds be transmitted or otherwise participated in Ascentium's decision to fund the transaction.<br><br>Ortiz's assertion that discovery is needed because "it is unknown how this came to be" is insufficient to create a genuine dispute. Ortiz also does not dispute that Washworld "did not participate in any communications with Ascentium or Jose Rene Ortiz regarding the approval of financing prior to funding." In any event, Ortiz offers no evidence contradicting Washworld's showing that it neither requested that the funds be sent nor had any direct involvement in Ascentium's funding decision prior to March 2024. | |
| 19.   Ascentium's guaranty claim against Ortiz arises from Ortiz's alleged personal promise to pay CWM's obligations if CWM defaulted.<br><br>(Ex. B, ASC00040, ASC00077) | Generally undisputed as to where the claim arises from. |
| 19.   Washworld's Response:<br><br>Washworld does not understand what Ortiz means by "generally undisputed as to where the claim arises from" and therefore treats this statement as undisputed. | |
| 20.   Ascentium's claims against Washworld are limited to conduct occurring after Ascentium funded the transaction in March 2024.<br><br>(Ex. E, Compl. ¶¶ 54-65; Andreas Decl. ¶ 7) | Unknown as to transactions between these parties without discovery and depositions. Generally undisputed. |
| 20.   Washworld's Response:<br><br>Washworld does not understand how Ortiz can simultaneously state that this fact is "generally undisputed" while claiming it is "unknown." To the extent Ortiz | |

- 9 -

BAKER & HOSTETLER LLP ATTORNEYS AT LAW LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| does not dispute that Ascentium's claims against Washworld are limited to conduct occurring after the financing was funded, Washworld treats this fact as undisputed. In any event, Ascentium's First Amended Complaint speaks for itself and identifies only post-funding conduct as the basis for Ascentium's claims against Washworld. Ortiz points to no allegation in the Complaint involving pre-funding conduct by Washworld. Further, his assertion that additional discovery and depositions are needed is insufficient to create a genuine dispute regarding the allegations actually asserted in the Complaint. | |
| 21.    Washworld had no knowledge of the West Covina Car Wash transaction until May 2024.<br><br>(Andreas Decl. ¶ 7) | DISPUTED. With the entry of Williams into the case and discovery to be had including the depositions of the parties, it can be learned what their knowledge was. This is only self serving. |

21.  Washworld's Response:

Ortiz identifies no evidence creating a genuine dispute as to this fact. The Andreas Declaration is based on personal knowledge and constitutes competent evidence; Ortiz's characterization of that testimony as "self-serving" does not render it inadmissible.

Moreover, this fact concerns the absence of knowledge by Washworld prior to May 2024. As with other facts addressing the absence of conduct or involvement, Washworld may establish that absence through testimony from a witness with personal knowledge. Despite hundreds of pages of documents produced by Ascentium and Washworld and made available to Ortiz, Ortiz identifies no document showing that Washworld had knowledge of the West Covina Car Wash transaction before May 2024. Further, Ortiz does not explain how discovery from Williams would establish that Washworld had knowledge of the West Covina Car Wash transaction before May 2024.

| 22.    Ascentium did not contact Washworld about the Agreement until May 23, 2024.<br><br>(Ex. H, Ascentium's Response to | Unknown as to the transaction between these parties without discovery and depositions. |

- 10 -

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Washworld Interrogatory No. 3) | |

22. Washworld's Response:

Ortiz identifies no evidence creating a genuine dispute as to this fact. Ascentium's verified interrogatory response establishes that Ascentium did not contact Washworld about the Agreement until May 23, 2024. (Ex. H, Ascentium's Response to Washworld Interrogatory No. 3). To the extent Ortiz contends that additional discovery or depositions are necessary, he does not explain how such discovery would create a dispute regarding Ascentium' s own communications. Nor does he identify any document, testimony, or other evidence showing that Ascentium contacted Washworld before May 23, 2024.

| 23. Before receiving the March 2024 payment notification, Washworld had not been contacted by Ascentium or Jose Rene Ortiz regarding the underlying financing transaction.<br><br>(Andreas Decl. ¶ 15) | Unknown as to when Plaintiff contacted WASHWORLD. Generally undisputed as to ORTIZ not contacting them, but DISPUTE otherwise as they had the money. |
|---|---|

23. Washworld's Response:

Ortiz's response does not create a genuine dispute of material fact. To the extent Ortiz states that it is "generally undisputed" that he did not contact Washworld regarding the underlying financing transaction before March 2024, Washworld agrees.

Ortiz's qualification regarding whether Ascentium contacted Washworld is unsupported by any evidence. The Andreas Declaration constitutes competent evidence based on personal knowledge that, before receiving the March 2024 payment notification, Washworld had not been contacted by either Ascentium or Ortiz regarding the financing transaction. Moreover, this fact concerns the absence of communications. Washworld may establish that absence through testimony from a witness with personal knowledge. Despite hundreds of pages of documents produced by Ascentium and Washworld and made available to Ortiz, Ortiz identifies no document showing that Ascentium contacted Washworld regarding the financing transaction before the March 2024 payment notification.

- 11 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| WASHWORLD'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE: | ORTIZ'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 24.   Washworld did not receive copies of any financing agreement or related documents until on or around May 23, 2024.<br><br>(Andreas Decl. ¶ 16) | Unknown, without additional discovery when WASHWORLD learned what. Their statement is only self serving and hearsay. Additional discovery is required, |

24. Washworld's Response:

Ortiz identifies no evidence creating a genuine dispute as to this fact. The Andreas Declaration is based on personal knowledge and constitutes competent evidence. Ortiz's characterization of that testimony as "self-serving" does not render it inadmissible.

Moreover, this fact concerns the absence of Washworld's receipt of financing documents before May 23, 2024. Washworld may establish that absence through testimony from a witness with personal knowledge. Despite hundreds of pages of documents produced by Ascentium and Washworld and made available to Ortiz, Ortiz identifies no document showing that Washworld received any financing agreement or related financing documents before on or about May 23, 2024.

Ortiz's assertion that additional discovery is required likewise fails to create a genuine dispute. He identifies no basis to believe additional discovery would contradict the evidence cited in support of this fact.

| 25.   Ascentium brought claims for breach of contract, unjust enrichment, and money had and received against Washworld.<br><br>(Ex. E, Compl. ¶¶ 54-65.) | Undisputed as to what their claims are. Unknown if their claims are true, without adequate discovery. |

25. Washworld's Response:

This statement concerns the claims asserted by Ascentium against Washworld, not whether those claims are true or will ultimately succeed. Washworld therefore treats this fact as undisputed.

- 12 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Respectfully submitted,

Dated:  July 29, 2026

**BAKER & HOSTETLER LLP**

By:    */s/ Katharine Walton*

WASHWORLD, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -