UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANT WASHWORLD, INC.'S MOTION FOR SUMMARY JUDGMENT ON ORTIZ'S EQUITABLE INDEMNITY CROSSCLAIM (Dkt. 192, filed on June 24, 2026)

## I.    INTRODUCTION

The Court finds that this matter may be appropriately decided without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff" or "Ascentium" or "Regions Bank") filed this action against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100.  Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld. Dkt. 1 ("Compl.").

On March 17, 2026, plaintiff filed its operative First Amended Complaint.  Dkt. 154 ("FAC").  Plaintiff's FAC adds an eighth claim for conversion against Washworld. Id. at 16-17.  On March 31, 2026, Washworld filed a motion to dismiss plaintiff's eighth claim for conversion against Washworld.  Dkt. 155.  On April 29, 2026, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

granted Washworld's motion to dismiss plaintiff's conversion claim, with prejudice. Dkt. 167.

On July 16, 2025, defendant Jose Ortiz filed an answer. Dkt. 54. The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, CWM, Washworld, WCCW, Williams, and Roes 1-35. Dkt. 55.

On August 15, 2025, cross-defendant Washworld filed a motion to dismiss the claims asserted against it by defendant Ortiz. Dkt. 68. On September 25, 2025, the Court granted Washworld's motion to dismiss Ortiz's complaint, with leave to amend. Dkt. 87.

On October 14, 2025, Ortiz filed his operative first amended cross-complaint against cross-defendants Williams, CWM, Car Wash Management, LLC of Hawaii, WCCW, Washworld, and Roes 1-35. Ortiz alleges five claims for relief: (1) fraud, concealment, misrepresentation against Williams and Roes 1 to 10; (2) breach of contract against Williams, CWM, Car Wash Management, LLC of Hawaii, WCCW, and Roes 11-20; (3) money had and received against Washworld and Roes 21 to 35; (4) equitable indemnity against all cross-defendants, including Washworld; (5) unjust enrichment against all cross-defendants, including Washworld. Dkt. 94 ("Ortiz First Amended Cross-Complaint" or "Ortiz FACC").

On October 28, 2025, cross-defendant Washworld filed a motion to dismiss the claims asserted against it by defendant Ortiz. Dkt. 100. On December 1, 2025, the Court granted Washworld's motion to dismiss Ortiz's crossclaim for money had and received, with prejudice; granted Washworld's motion to dismiss Ortiz's unjust enrichment crossclaim, with prejudice; but denied Washworld's motion to dismiss Ortiz's equitable indemnity crossclaim. Dkt. 123 at 16.

On June 24, 2026, Washworld filed the instant motion for summary judgment on Ortiz's remaining crossclaim against Washworld for equitable indemnity. Dkt. 192 ("Mot."). Washworld concurrently filed a statement of uncontroverted facts ("SUF"), dkt. 192-4, as well as declarations of Richard Andreas, Michael Gannon, and Katherine Walton. Dkts. 192-1 to 3. On July 10, 2026, Washworld filed a reply noting that Ortiz did not file any opposition to Washworld's motion. Dkt. 209.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|----------|------------------------|------|----------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

On July 15, 2026, Ortiz filed an untimely opposition to Washworld's motion for summary judgment.[1]  Dkt. 211 ("Opp.").  Ortiz concurrently filed a statement of genuine disputes, dkt. 213, along with a declaration of Lisa Mitts Patrick.  Dkt. 212.

On July 17, 2026, Washworld filed an *ex parte* application for relief in response to Ortiz's untimely opposition to Washworld's motion for summary judgment.  Dkt. 220.  Washworld argued that if the Court considers Ortiz's late opposition, Washworld should be granted leave to file a substantive sur-reply.  Id. at 7.  On July 22, 2026, the Court granted Washworld's request for leave to file a sur-reply to Ortiz's opposition.  Dkt. 224.

On July 29, 2026, Washworld filed its sur-reply.  Dkt. 225 ("Sur-reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.

CWM entered into an equipment finance agreement with plaintiff Ascentium in January 2024 in the amount of $343,394.23 (the "Transaction" or "Agreement").  SUF ¶ 1.

In connection with CWM's transaction with Ascentium, WCCW executed a guaranty of CWM's obligations under the Agreement.  Id. ¶ 3.

In connection with CWM's transaction with Ascentium, Ortiz executed several documents, including a personal guaranty agreement under which he personally guaranteed CWM's obligations to Ascentium under the Agreement.  Id. ¶ 2.  Ortiz's personal guaranty agreement states that: "If there is more than one guarantor of the Obliger's [i.e., CWM's] obligations under the Agreements, the liabilities of each such

---

[1] Although Ortiz's opposition was untimely, the Court in its discretion considers the opposition and accompanying materials.  The Court strongly admonishes Ortiz to comply with applicable local rules in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

guarantor shall be joint and several." Id. ¶ 4; Dkt. 192-3 at ASC00077.  Only Ortiz signed his personal guaranty agreement.  Id. ¶ 6.

Washworld did not sign any personal guaranty executed by Ortiz.  Id. ¶ 7. Washworld did not agree to guarantee any of CWM's obligations to Ascentium.  Id. ¶ 8. Washworld did not agree to indemnify Ortiz for any liability he may have assumed under his personal guaranty.  Id. ¶ 9.  Washworld did not enter into any written or oral agreement with Ortiz to indemnify him for any liability.  Id. ¶ 10.  Washworld and Ortiz have never entered into any contractual relationship.  Id. ¶ 11.

CWM failed to make a required payment under the equipment finance agreement. Id. ¶ 5.

Ascentium's fraud claim is asserted against CWM, Williams, Ortiz, and Does 1-10 based on alleged fraudulent statements or misrepresentations made by these parties that induced Ascentium to enter into and fund the equipment financing Transaction.  Id. ¶ 12.

Washworld was not involved in the alleged representations by Ortiz, Williams, or CWM that caused Ascentium to approve or fund the financing.  Id. ¶ 13.  Washworld did not submit any information, documentation, or make any representations to Ascentium in support of any financing application involving CWM or Ortiz.  Id. ¶ 14.  Washworld did not participate in any communications with Ascentium or Ortiz regarding the approval of financing prior to funding.  Id. ¶ 15.  Washworld had no knowledge of, and was not involved in, any application for financing submitted in connection with the transaction. Id. ¶ 16.

In March of 2024, Ascentium sent a payment notification to Washworld concerning an ACH payment in the amount of $309,054.80.  Id. ¶ 17.

The parties dispute whether Washworld requested that funds be sent to Washworld and dispute whether Washworld had any direct involvement in Ascentium's decision to transmit the funds prior to March 2024.  Id. ¶ 18.  Ortiz contends that he is unable to properly dispute this fact, given that certain discovery and depositions of the parties have yet to be completed.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|----------|----------------------|------|---------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Ascentium's guaranty claim against Ortiz arises from Ortiz's alleged personal promise to pay CWM's obligations in the event that CWM defaulted on the Agreement. Id. ¶ 19.

Ascentium's claims against Washworld in the operative First Amended Complaint are limited to conduct that occurred after Ascentium funded the transaction in March 2024. Id. ¶ 20.

The parties dispute whether Washworld had knowledge of the WCCW Transaction until May 2024. Id. ¶ 21. Ortiz contends that he is unable to properly dispute this fact, given that certain discovery and depositions of the parties have yet to be completed. Id.

Ascentium did not contact Washworld about the Agreement until May 23, 2024. Id. ¶ 22. Before receiving the March 2024 payment notification, Washworld had not been contacted by Ascentium or Ortiz regarding the underlying equipment financing Transaction. Id. ¶ 23. Washworld did not receive copies of any financing agreement or related documents until on or around May 23, 2024. Id. ¶ 24.

Ascentium brought claims for breach of contract, unjust enrichment, and money had and received against Washworld. Id. ¶ 25.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.    DISCUSSION

Washworld moves for summary judgment on Ortiz's remaining equitable indemnity crossclaim against Washworld because there is no basis for shifting his liability for fraud and his breach of guaranty to Washworld. Mot. at 6.

Washworld argues that Ortiz cannot obtain indemnity from Washworld for Ascentium's breach of guaranty claim against Ortiz because Washworld and Ortiz are not jointly liable for the guaranty, given that Washworld did not sign Ortiz's guaranty, did not guarantee CWM's debt, and did not cause Ortiz to assume his guaranty obligation. Id. at 6-7. Washworld argues that "Ortiz's potential liability on the guaranty[] arises from his own contract with Ascentium to which Washworld was not a party," and that "Ortiz cannot premise his claim on express indemnity because that language is not present in his personal guaranty." Id. at 7. Washworld further argues that because "Ortiz concedes there is no contract between Ortiz and Washworld, he cannot establish an implied contractual indemnity." Id. at 8.

Washworld also argues that Ortiz cannot obtain indemnity from Washworld for Ascentium's fraud claim against Ortiz because Washworld and Ortiz are not jointly liable for the alleged fraud. Id. at 8. Washworld argues that "[i]t is well settled that a party who commits intentional misconduct like fraud cannot avoid responsibility by shifting it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

to a party who did not engage in the same intentional wrongdoing." Id. at 8 (citing cases). Here, Washworld argues that "[b]ecause the evidence shows Washworld did not participate in the alleged fraud, Ortiz cannot shift fraud liability to Washworld." Id. at 9. Washworld argues that it could not have participated in fraud because "prior to [when plaintiff sent] the funds … to Washworld in March 2024, Washworld had no knowledge of any communications between Ascentium and Ortiz, Williams, and CWM that occurred before Ascentium funded the transaction." Id. Washworld thus argues that "if indemnity were available at all, it could run only among those alleged intentional actors that contributed to the fraudulent scheme"—not Washworld, who is alleged to be liable to plaintiff for breach of contract, unjust enrichment, and money had and received, which are not intentional torts like fraud. Id. at 9-10.

Washworld also argues that "[t]he fact that Washworld received funds from Ascentium does not prove that Washworld participated in Ortiz's fraud. Nor does it establish that Washworld is jointly liable for Ortiz's breach of his personal guaranty to Ascentium." Id. at 11. Washworld argues that "Ortiz's equitable indemnity claim fails because Washworld's alleged [wrongful] conduct is downstream of the fraud alleged [against Ortiz] by Ascentium." Id. at 11-12.

In opposition, Ortiz argues that Washworld's motion should be denied pursuant to Fed. R. Civ. P. 56(d). Opp. at 5-6. Ortiz argues that, given that fact discovery has not concluded, Ortiz lacks the ability to present facts essential to oppose Washworld's motion. See id. at 5-6. Ortiz contends that these include facts pertaining to whether Washworld fraudulently requested plaintiff to send funds to Washworld, whether Washworld had any direct involvement in plaintiff's decision to transmit the funds to Washworld, and whether Washworld had knowledge of the WCCW Transaction prior to May 2024. See id. at 7 ("[Ortiz] is entitled to determine if [Washworld sent certain funds to Williams] 'in cahoots' with Williams."); SUF ¶ 21. In other words, Ortiz argues that he should be permitted the opportunity to conduct discovery to determine whether facts exist suggesting that Washworld conspired with or in other ways facilitated Williams' alleged scheme to defraud plaintiff. See Opp. at 7.

In its sur-reply, Washworld argues that "Ortiz's request for relief under Rule 56(d) should be denied because it rests on generalized assertions that discovery remains incomplete, not a concrete showing that specific discovery is necessary to oppose Washworld's motion." Sur-reply at 2. Washworld argues that Ortiz's "opposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

repeatedly asserts that discovery is incomplete, depositions have not occurred, Williams recently appeared, and additional facts may be uncovered. … But Ortiz never identifies a specific fact that further discovery is expected to reveal that would overcome the defects identified in Washworld's motion. … Nor does Ortiz explain how testimony from Williams would create a triable issue regarding Washworld's relationship with Ortiz or Washworld's alleged liability to Ascentium." Id. at 2-3.

Moreover, Washworld argues that "Ortiz's lack of diligence independently defeats his [Rule 56(d)] request." Id. at 3. Washworld argues that "Ortiz has been actively participating in this litigation since July 16, 2025"; however, "[Ortiz] has not [yet] served a single discovery request on Ascentium, Washworld, Williams, or any third party. … By contrast, every other party that has appeared in this action has propounded discovery." Id. at 3. Washworld argues that defendant "Williams was served by Ascentium on May 6, 2026"; however, "[a]s of July 29, 2026, 84 days have elapsed since that service, yet Ortiz still has not served any discovery on Williams despite now suggesting Williams's involvement makes additional discovery essential." Id. at 3 (emphasis omitted). Accordingly, Washworld argues that Ortiz's lack of diligence in pursuing discovery provides an independent basis to deny his Rule 56(d) request.

Rule 56(d) grants a court discretion to defer consideration of the motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The party requesting a continuance must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). "Federal Rule of Civil Procedure 56[d] provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). See also Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv., 323 F.3d 767, 773 (9th Cir. 2003) ("[B]efore a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[d] motion fairly freely.").

The Court finds it appropriate to grant Ortiz's request for relief pursuant to Rule 56(d) and to deny Washworld's motion for summary judgment against Ortiz without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

prejudice.  In this action, plaintiff alleges (and Ortiz re-alleges) that CWM, Williams, and Ortiz fraudulently induced plaintiff to send Washworld funds, a portion of which Washworld wrongfully sent to CWM and the remainder of which Washworld wrongfully retained.  Compl. ¶¶13-25.  Ortiz alleges that Washworld is liable to Ortiz on a theory of equitable indemnity because Washworld "negligently, carelessly and recklessly failed to use reasonable care" in remitting funds to CWM, such that "[Ortiz] is entitled to be indemnified by [Washworld] for any sums he is held liable for."  Ortiz FACC ¶¶ 18-21.  Ortiz has set forth in an affidavit by his counsel that "[Ortiz] should be entitled to determine if [Washworld sent certain funds to Williams] 'in cahoots' with Williams." Dkt. 212, Declaration of Lisa Mitts Patrick ("Patrick Decl.") ¶ 10.  The Court finds that determining such fact may be essential to resisting Washworld's motion for summary judgment because such fact—that Washworld conspired or facilitated Williams' alleged scheme to defraud Washworld via the Transaction—may establish that Ortiz and Washworld are jointly and severally liable to the plaintiff for plaintiff's loss of its funds. See Fireman's Fund Ins. Co. v. Haslam, 29 Cal. App. 4th 1347, 1353 (1994) ("The common law equitable indemnity doctrine relates to the allocation of loss among multiple tortfeasors. The duty to indemnify may arise and indemnity may be allowed when in equity and good conscience the burden of a judgment should be lifted from a person seeking indemnity to one from whom indemnity is sought.").  Moreover, Patrick declares that Ortiz has not had sufficient opportunity to conduct discovery on facts relevant to his equitable indemnity crossclaim, given Williams' late entry into this action less than a month ago.  Patrick Decl. ¶ 2.  Patrick declares "no depositions have taken place in the case yet" and that the facts relevant to his claim against Washworld "are all facts within the knowledge of others." Id. ¶ 5.

Given pro se defendant Williams' late appearance into this case around two months ago, see dkt. 177, the Court finds that Ortiz should be given some additional opportunity to discover facts that appear relevant to his equitable indemnity crossclaim against Washworld and which may defeat Washworld's instant motion for summary judgment.  Accordingly, pursuant to Rule 56(d), the Court finds it appropriate to deny Washworld's instant motion without prejudice.  See California v. Campbell, 138 F.3d at 779.  See also Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56[d] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | July 30, 2026 |
|----------|------------------------|------|----------------|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

to its opposition.'") (citation omitted); <u>Berkeley v. Home Ins. Co.</u>, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (describing "the usual generous approach toward granting Rule 56[d] motions"); <u>Wichita Falls Office Assoc. v. Banc One Corp.</u>, 978 F.2d 915, 919 n.4 (5th Cir. 1992) (Rule 56(d)-based "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence" (internal quotation marks and citation omitted)).

The Court acknowledges Washworld's arguments that Ortiz has failed to diligently pursue discovery from Williams and other parties in this case. The Court admonishes Ortiz that his failure to diligently pursue discovery will foreclose any future requests for relief with respect to Washworld's motion for summary judgment. <u>See</u> <u>Pfingston v. Ronan Engineering Co.</u>, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56[d] motion"). Nonetheless, at this time, the Court finds that, pursuant to Rule 56(d), Ortiz should be given some additional opportunity to pursue discovery as to his equitable reimbursement crossclaim against Washworld.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** Washworld's motion for summary judgment on Ortiz's equitable indemnity crossclaim against Washworld, without prejudice.

Ortiz shall serve discovery requests (at least) on Washworld and Williams within thirty (30) days of the date of this order. Should Ortiz fail to do so within the time permitted, Washworld may renew its motion for summary judgment.

The Court **VACATES** the hearing scheduled for August 10, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|----|----|----|
| Initials of Preparer | | CMJ | |