Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Pro Se Defendant, Counterclaimant,

Cross-Claimant, and Third-Party Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CAR WASH MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-00359-CAS-KSx<br><br>**ANDREW P. WILLIAMS'S OPPOSITION TO THIRD-PARTY DEFENDANT PETER MATHENY'S MOTION TO QUASH SERVICE (DKT. 221)**<br><br>Hearing: August 24, 2026, 10:00 a.m.<br>Courtroom 8D<br>Hon. Christina A. Snyder |

1

OPPOSITION TO MATHENY MTQ (DKT. 221)

# INTRODUCTION

Matheny asks this Court to quash service of Williams's third-party package based on a credibility dispute: a sworn process-server return (Dkt. 206) versus Matheny's declaration that papers were left at his door and that the packet was incomplete (Dkts. 221, 221-3).

The Court should deny the motion.

First, Dkt. 206 is a filed proof of service reflecting personal service on Matheny on July 3, 2026, at 6:21 p.m., at 3633 Ruette De Vl, San Diego, California, by process server Trennell Wiley of ABC Legal, ABC tracking number 0230888879. That return is entitled to substantial weight.

Second, Matheny's doorstep narrative is a credibility dispute against a filed process-server return. Awareness of the lawsuit is not a substitute for Rule 4 service, but Matheny's own papers undercut any claim of pure surprise.

Third, Matheny's clerical form objections (caption wording, hair color, "Complaint" versus third-party complaint phrasing) do not establish that no personal service occurred. At most they invite a credibility trial on a discrete service issue, not a with-prejudice wipe of process.

Fourth, even if the Court found some defect in completeness or form, the ordinary remedy is prompt complete re-service, not erasure of Williams's third-party claims. Consistent with that principle, and without conceding that Dkt. 206 is false or that prior service was invalid, Williams will promptly complete protective personal re-service of the full operative package (including the Second Amended pleading after it is filed under Dkt. 223 on or before August 5, 2026, unless the Court directs earlier cure).

Williams has not sought, and does not seek, entry of default against Matheny while Dkt. 221 is pending. See Fed. R. Civ. P. 12(a)(4).

2

OPPOSITION TO MATHENY MTQ (DKT. 221)

## LEGAL STANDARDS

A motion under Rule 12(b)(5) challenges the method of service. Rule 4(e)(2)(A) authorizes personal delivery of a summons and complaint on an individual. Rule 4(l) contemplates proof of service by the server's affidavit. A filed process-server return is significant evidence of the service it describes. The Court need not accept a defendant's contrary declaration as conclusive when a return of personal service is already on the docket.

Rule 12(b)(4) addresses insufficiency of process (the form of the summons or papers). Technical or clerical defects that do not defeat actual notice are ordinarily cured, not used to terminate claims.

Under Rule 4(m), the Court retains discretion regarding the time for service and may authorize additional time where appropriate. Dismissal of claims or with-prejudice quashing is not required where a ready cure exists.

## ARGUMENT

**I.   DKT. 206 IS SIGNIFICANT EVIDENCE OF PERSONAL SERVICE**

On July 10, 2026, Williams filed Dkt. 206, Proof of Service of Summons Returned Executed as to Peter Matheny (attached as Exhibit A to the accompanying Declaration). The return states:

A. Personal service (not substituted service; not "left at door"); B. Date and time: July 3, 2026, at 6:21 p.m.; C. Address: 3633 Ruette De Vl, San Diego, CA 92130; D. Server: Trennell Wiley, ABC Legal; E. Tracking: ABC 0230888879; F. Documents identified on the return include Summons, Complaint (the third-party package), and ADR materials.

Matheny's motion asks the Court to treat that return as "blatantly false" based solely on Matheny's own declaration. That is a credibility dispute for the Court, not

3

OPPOSITION TO MATHENY MTQ (DKT. 221)

a basis for automatic quash. Williams stands on Dkt. 206 and does not concede it is false.

## II.  MATHENY'S ACCOUNT DOES NOT COMPEL A QUASH

Matheny declares that on July 3, 2026, he was upstairs, heard knocking, saw someone drive away, and found approximately 29 pages at the door (Dkt. 221-3). He attaches those pages as Exhibit 2. He denies receiving a summons or complete package.

Exhibit 2 shows that Matheny possesses some papers from that day. It does not prove that service was a door drop rather than personal delivery, and it does not erase Dkt. 206. Matheny offers no neutral witness, video, or contemporaneous police report contradicting the process server's return. Any expectation that service would be deferred while leave to amend was pending is not a Rule 4 defense. Even taken at face value, Matheny's "29 pages" story is a dispute about what was delivered and whether delivery was personal. It does not establish that Williams abandoned service, served the wrong person, or served an unrelated address. The address on Dkt. 206 matches the address Matheny discusses.

## III. CLERICAL FORM OBJECTIONS DO NOT VOID SERVICE

Matheny attacks (a) hair-color description, (b) use of the word "Complaint" on the POS form rather than a longer third-party caption, and (c) other clerical points. None of those points prove non-service.

Hair-color fields on process-server forms are imperfect identifiers. A mismatch, if any, goes to weight, not automatic nullity.

Describing the operative pleading package as a "Complaint" on a judicial-council-style POS form does not mean Matheny was served with unrelated papers from a

4

OPPOSITION TO MATHENY MTQ (DKT. 221)

different case. The docket context is Williams's Track A / third-party package (see Dkt. 186; later Dkt. 199-1).

Caption or filer-form quirks on a POS PDF likewise do not erase a sworn personal-service return. If the Court finds a form defect that matters, the cure is an amended return or complete re-service, not dismissal of third-party claims.

**IV.  EVEN IF ANY DEFECT EXISTED, THE REMEDY IS CURE, NOT ERASURE**

Matheny's incomplete-packet theory, if credited, is a completeness problem, not a basis to erase third-party claims. Even if Matheny retained only a partial set (Dkt. 221-3, Ex. 2), the ordinary judicial response is to require complete personal service of the operative summons and pleading, then set a responsive deadline under Rule 12(a) (or as the Court orders).

Quashing "any" summons or third-party claim in the broad form of Dkt. 221-4 is overbroad. Williams's third-party claims against Matheny remain pleaded. Service mechanics should not be converted into a merits dismissal.

As to L.R. 7-3, Matheny's papers recount meet-and-confer attempts by Bank counsel (Dkt. 221-2). Williams does not concede any Local Rule failure. The Court should decide the motion on the service record (Dkt. 206 versus Dkt. 221-3), not on conference rhetoric.

**V.  WILLIAMS WILL COMPLETE PROTECTIVE RE-SERVICE WITHOUT CONCEDING PRIOR SERVICE WAS INVALID**

Without waiving Dkt. 206, and without admitting any defect, Williams will promptly arrange protective personal re-service through a licensed process server of the complete operative package on Matheny, including:

OPPOSITION TO MATHENY MTQ (DKT. 221)

A. The operative summons directed to Matheny; and B. The operative third-party pleading. Because Dkt. 223 requires Williams to file exactly Dkt. 199-1 on or before August 5, 2026, Williams intends to complete protective re-service of the Second Amended package promptly after that filing, unless the Court orders earlier cure using the then-operative set.

That protective re-service is belt-and-suspenders. It is offered so the Court may deny the motion as moot in whole or in part, or deny the motion while confirming that any arguable defect has been cured and setting Matheny's response deadline. It is not a concession that prior service was invalid.

## CONCLUSION

For the foregoing reasons, Williams respectfully requests that the Court:

1. Deny Matheny's Motion to Quash (Dkt. 221); 2. Confirm that Dkt. 206 effected personal service, or alternatively find that protective complete re-service cures any arguable defect and set Matheny's deadline to answer or move under Rule 12; 3. To the extent needed, grant leave to file this opposition after the approximate L.R. 7-9 date of August 3, 2026; and 4. Grant such other relief as is just.

Dated: August 4, 2026

Respectfully submitted,

/s/ Andrew Paul Williams

Andrew Paul Williams

Defendant / Third-Party Plaintiff

in Pro Per

6

OPPOSITION TO MATHENY MTQ (DKT. 221)