UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | August 6, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - MOTION OF THIRD PARTY DEFENDANT PETER MATHENY TO QUASH SERVICE OF FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, CROSSCLAIMS AND THIRD PARTY COMPLAINT (F.R.C.P. Rule 4(e)(2)(A) Rule 12(b)(4) and (5) (Dkt. 221, filed on July 20, 2026)

## I.    INTRODUCTION

The Court finds that the instant motions are appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

On January 14, 2025, plaintiff Regions Bank, an Alabama State Bank doing business as Ascentium Capital ("Plaintiff" or "Ascentium" or "Regions Bank") filed this action against Car Wash Management, LLC of Delaware ("CWM"), Car Wash Management LLC of Hawaii, West Covina Car Wash LLC (WCCW), Jose Rene Ortiz ("Ortiz"), Andrew Paul Williams ("Williams"), Washworld, Inc. ("Washworld"), and Does 1-100.  Plaintiff alleges seven claims for relief: (1) breach of equipment finance agreement against CWM; (2) breach of guaranty against Ortiz; (3) breach of guaranty against WCCW; (4) fraud/concealment against CWM, Williams, Ortiz, and Does 1-10; (5) recovery of money paid by mistake and unjust enrichment against Washworld; (6) breach of contract against Washworld; (7) money had and received against Washworld. Dkt. 1 ("Compl.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | August 6, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

On July 16, 2025, defendant Jose Ortiz filed an answer. Dkt. 54. The same day, Ortiz filed a cross-complaint against Car Wash Management, LLC of Hawaii, CWM, Washworld, WCCW, Williams, and Roes 1-35. Dkt. 55.

On August 15, 2025, defendant Washworld filed a motion to dismiss the claims asserted against it by plaintiff. Dkt. 67. On September 25, 2025, the Court denied Washworld's motion to dismiss plaintiff's complaint. Dkt. 86.

On October 10, 2025, Washworld filed an answer to plaintiff's complaint, along with counterclaims against plaintiff. Dkt. 88 ("Counter-Compl.").

On October 28, 2025, plaintiff filed a motion to dismiss the counterclaims asserted against it by Washworld. Dkt. 102 ("Mot"). On November 25, 2025, the Court granted plaintiff's motion to dismiss Washworld's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing, with leave to amend. The Court denied plaintiff's motion to dismiss Washworld's counterclaim for negligence. Dkt. 121.

On December 31, 2025, Washworld filed a first amended answer to plaintiff's complaint, along with counterclaims against plaintiff for breach of the implied covenant of good faith and fair dealing, negligence, and negligent misrepresentation. Dkt. 130 ("Washworld First Amended Counter-Compl." or "Washworld FACC").

On January 20, 2026, plaintiff filed a motion to dismiss Washworld's First Amended Counter-Complaint. Dkt. 134. On February 11, 2026, the Court denied plaintiff's motion. Dkt. 142.

On February 20, 2026, plaintiff filed an answer to Washworld's First Amended Counter-Complaint. Dkt. 145.

On February 23, 2026, plaintiff filed a motion for leave to file a First Amended Complaint ("FAC"). Dkt. 146. On March 16, 2026, the Court granted plaintiff's motion. Dkt. 153.

On March 17, 2026, plaintiff filed its First Amended Complaint. Dkt. 154 ("FAC"). Plaintiff's FAC adds an eighth claim for conversion against Washworld. Id. at 16-17. On March 31, 2026, Washworld filed a motion to dismiss plaintiff's eighth claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | August 6, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

for conversion against Washworld.  Dkt. 155.  On April 29, 2026, the Court granted Washworld's motion to dismiss plaintiff's conversion claim, with prejudice.  Dkt. 167.

On May 12, 2026, plaintiff filed proof of service of its operative FAC on defendant Andrew Paul Williams.  Dkt. 173.

On May 27, 2026, Williams, pro se, filed an answer to plaintiff's operative FAC, along with affirmative defenses, counterclaims, crossclaims, and a third-party complaint. Dkt. 177.  On June 10, 2026, Williams, pro se, filed a first amended answer, affirmative defenses, counterclaims, crossclaims, and a third-party complaint.  Dkt. 186 ("Williams' First Amended Answer" or "Williams' FAA").  In his First Amended Answer, Williams asserts counterclaims against plaintiff Regions Bank; crossclaims against defendant Jose Rene Ortiz, Maria L. Ortiz, and the Ortiz Family Trust of 2024; crossclaims against defendant Washworld; and a third-party complaint against third party defendant Peter Matheny ("Matheny").  See id.

On June 28, 2026, Williams, pro se, filed a motion for leave to file a Second Amended Answer, affirmative defenses, counterclaims, crossclaims, and a third-party complaint ("Williams' Second Amended Answer and Third-Party Complaint").  Dkt. 199.  On July 22, 2026, the Court granted Williams' motion for leave to file his Second Amended Answer and Third-Party Complaint.  Dkt. 223.

On July 20, 2026, third party defendant Peter Matheny filed the instant motion to quash service of Williams' First Amended Answer and Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(4) and (5).  Dkt. 221 ("Mot.").  On August 4, 2026, Williams filed an opposition, Dkt. 229 ("Opp."), and a declaration in support of his opposition which attaches a proof of service of "SUMMONS IN A CIVIL ACTION; COMPLAINT; Alternative Dispute Resolution (ADR) Packet" on Peter Matheny.  Dkts. 228, 228-1.

In his instant motion, Matheny argues that "notwithstanding what [Williams' proof of service] states, as indicated in the Declaration of Peter Matheny … [Matheny] was not served by personal or substituted service. Rather, 29 pages of the Third Party Claim were left on Matheny's door step. There was no Summons of any kind served on Matheny." Mot. at 9.  Moreover, Matheny argues that "the [proof of service] states that the person who was 'personally served'[] has black hair but Matheny's hair is gray."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00359-CAS-KSx | Date | August 6, 2026 |
|---|---|---|---|
| Title | Regions Bank v. Car Wash Management, LLC et al. | | |

In opposition, Williams states that "without admitting any defect [in service], Williams will promptly arrange protective personal re-service through a licensed process server of the complete operative package on Matheny, including: A. The operative summons directed to Matheny; and B. The operative third-party pleading." Opp. at 5-6.

On August 5, 2026, Williams filed his operative Second Amended Answer and Third-Party Complaint. Dkt. 231.

Because Williams states that he will effectuate service of his operative Second First Amended Answer and Third-Party Complaint on Matheny, the Court finds it appropriate to deny as moot Matheny's instant motion to dismiss Williams' First Amended Answer and Third-Party Complaint under Fed. R. Civ. P. 12(b)(4) and (5). See Williamson v. Sacramento Mortg., Inc., No. CIV. S-10-2600 KJM, 2011 WL 4591098, at *1 (E.D. Cal. Sept. 30, 2011) ("[W]hen an amended complaint is filed while a motion to dismiss is pending, it generally moots the motion to dismiss.") (citing cases).

Williams shall properly serve his operative Second Amended Answer and Third-Party Complaint on Matheny in accordance with the Federal Rules of Civil Procedure and this Court's local rules. Should Williams fail to do so, Matheny may renew his motion to quash.

## II.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** as moot Matheny's motion to quash service of Williams' First Amended Answer and Third-Party Complaint against Matheny.

The Court **ORDERS** Williams to properly serve his Second Amended Answer and Third-Party Complaint on Matheny in accordance with the Federal Rules of Civil Procedure and to file proof of service on Matheny within thirty (30) days of the date of this order. See C.D. Cal. L.R. 4-6; 5-3.1.2.

The Court **VACATES** the hearing scheduled for August 24, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |