Lisa Mitts Patrick, Esq. #134522
THE LAW OFFICE OF LISA MITTS PATRICK
122 E. Amerige Ave., Suite 313
Fullerton, CA 92832
Phone: (714) 990 – 3693
Fax: (657) 234 – 0012
Email: lolmp2021@gmail.com

Attorneys for Defendant/Cross Complainant/Cross Defendant
JOSE RENE ORTIZ,
aka JOSE R. ORTIZ,
aka JOSE ORTIZ, an individual

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| REGIONS BANK, an Alabama State Bank dba ASCENTIUM CAPITAL<br><br>Plaintiff,<br>vs.<br><br>CAR WASH MANAGEMENT, LLC, a Delaware Limited Liability Company, CAR WASH MANAGEMENT, LLC, a Hawaii Limited Liability Company, WEST COVINA CAR WASH LLC, a California Limited Liability Company, JOSE RENE ORTIZ, aka JOSE R. ORTIZ aka JOSE ORTIZ, an individual, ANDREW PAUL WILLIAMS, aka ANDREW P. WILLIAMS, aka ANDREW WILLIAMS, an individual, WASHWORLD, INC., a Wisconsin Corporation, DOES 1-100, inclusive,<br><br>Defendant ,<br><br>JOSE RENE ORTIZ,<br>Cross Complainant,<br>v. ANDREW PAUL WILLIAMS, CAR WASH MANAGEMENT, LLC, CAR WASH MANAGEMENT, LLC, WASHWORLD, INC. and ROES 1 to 35 inclusive, | Case No.: 2:25-CV-00359<br><br>CROSS DEFENDANT JOSE RENE ORTIZ' AMENDED ANSWER TO 2ND AMENDED "ANSWER" AND CROSS COMPLAINT/COUNTER CLAIM, THIRD PARTY CLAIMS, OF DEFENDANT/CROSS DEFENDANT ANDREW WILLIAM |

Cross Defendants.

WASHWORLD, INC.

Plaintiff,

v.

REGIONS BANK D/B/A ASCENTIUM CAPITAL

Counter Defendant.

WASHWORLD, INC.,

Cross Complainant,

v.

CAR WASH MANAGEMENT, LLC,

Cross Defendant.

ANDREW WILLIAMS,

Cross Complainant,

v.

REGIONS BANK dba ASCENTIUM CAPITAL, JOSE RENE ORTIZ, MARIA L., ORTIZ, THE ORTIZ FAMILY TRUST OF 2024, WASHWORLD, INC., PETER MATHENY, and ROES 1 to 50, inclusive,

Cross Defendants.

AND ALL RELATED CROSS ACTIONS

Comes now, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual (hereinafter "Cross Defendant" or "ORTIZ") and no others, and in answer to the 2nd amended

Answer/Cross Complaint/Counter Claim of Defendant/Cross Defendant ANDREW WILLIAMS, hereinafter "Cross Complainant" or "WILLIAMS", filed herein in the ECMF system as Document # following the grant of his Motion for leave to file said document, and without service of this documente, copied only through the ECMF system only, herein and admits, denies and alleges as follows:

## GENERAL DENIAL

1. Pursuant to Federal Code of Civil Procedure 8(b)(3) ORTIZ generally denies each and every numbered allegations of the 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim, and/or of the prior Answers/Cross Complaint/Counter Claim/Third Party Claim and each cause of action, and each paragraph in each cause of action, and each and every part thereof, including a denial that WILLIAMS was damaged in the sum or sums alleged or to be alleged, or any other sum whatsoever.
2. ORTIZ further denies that the WILLIAMS was injured or damaged in any of the amounts alleged, or in any other manner or amount whatsoever by reason of any act or omission, fault, conduct or liability on the part of this answering party, whether by breach of any agreements, committed by any acts of fraud or misrepresentation or that he is liable to WILLIAMS for any reason. Any silence by ORTIZ on any specific allegations including the over 170 (with sub items) enumerated factual allegations in a document labelled "2nd Amended Answer" but containing allegations against this Cross Defendant, as well as other parties in the case, and including a third party complaint, all in the same document of over 140 pages as amended, and after the 1st

Amended such document was already answered by this responding party in Document #202, any other documents interpreted by this responding party as Cross Actions in any manner regardless of label, is not to be taken as any form of admission.

3. This Answer specifically pertains to the Cross Actions labelled "Cross Claims" by WILLIAMS, stated particularly against this responding Cross Defendant, that begin on the Cross Complainant's 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claims filed pursuant to grant by Motion in this Court, beginning on page 100 and includes these multiple causes of action that pertain to this responding party JOSE RENE ORTIZ individually: "*8th Claim for Relief: Fraud, 11th Claim for Relief: Fraudulent Transfer Against Cross Defendant Jose Rene Ortiz, California Civil Code §3439.04(a)(1) Living Trust*". Despite that these claims do not involve parties "Maria Ortiz" or "The Living Trust" who appear to no longer be parties in this 2nd Amended Cross Complaint (aka Answer), these parties' names still appear in the caption as though they are proper parties. No dismissals of said parties have been tendered. Remaining named Party JOSE RENE ORTIZ further addresses the other new claims from the 2nd Amended pleading including 19th Claim for Relief: "*Equitable Indemnity and, in the Alternative, Contribution Against Cross Defendant Jose Rene Ortiz and Third Party Defendant Peter Matheny*", 25th Claim for Relief, "*Breach of Fiduciary Duty – Direct Individual Injury – Against Cross Defendant Jose Rene Ortiz,* 26th Claim for Relief, "*Conversion of Member Interest Against Cross*

*Defendant Jose Rene Ortiz"* and 27th Claim for Relief, "*Unjust Enrichment Against Cross Defendant Jose Rene Ortiz."*

4. The allegations in the 8th Claim for Relief, page 100, line 21 to page 105, line 13, and in enumerated paragraphs 87W to 87DD, are specifically denied as they are without merit and are wholly improper, made in bad faith and meant to harass, annoy and cause delay and expense in these proceedings, in violation of FRCP §11 and warrant sanctions

5. The allegations in the 11th Claim for Relief, (title Modified to "*Actual Fraudulent Transfer Against Cross-Defendant Jose Rene Ortiz, California Civil Code §34.9.04(a)(1)*" page 105, line 21 to page 106 line 23, and enumerated paragraphs 97 to 102, are specifically denied as ORTIZ is not in any manner a present creditor of WILLIAMS. (He is a creditor of Williams.) Ortiz admits in paragraph 99, that he and his wife Maria Ortiz created an estate plan to-wit a Living Trust instead of a Will, in or about 2024; with said transfer being a pass through form of ownership, not a form of transferring ownership of the private property away from the Transferors. The remainder of paragraphs 100 to 102 are specifically denied. This cause of action, especially references as to Cross Defendant's wife and the Living Trust, allegedly omitted parties in this 2nd Amended pleading and is wholly improper, made in bad faith and meant to harass, annoy and cause unnecessary delay in these proceedings in violation of FRCP §11 and warrant sanctions.

6. The allegations in the 19th Claim for Relief, "*Equitable Indemnity and, in the Alternative, Contribution Against Cross Defendant Jose Rene Ortiz and Third Party*

*Defendant Peter Matheny*" page 111 line 15 to page 115 line 19, enumerated paragraphs 118 through 128A are denied as they are without merit and are wholly improper, made in bad faith and meant to harass, annoy and cause delay and expense in these proceedings, in violation of FRCP §11 and warrant sanctions.

7. The allegations in the 25th Claim for Relief, "*Breach of Fiduciary Duty – Direct Individual Injury – Against Cross Defendant Jose Rene Ortiz*" page 121 line 4 to page 123 line 17, enumerated paragraphs 151 through 155A are denied as they are without merit and are wholly improper, made in bad faith and meant to harass, annoy and cause delay and expense in these proceedings, in violation of FRCP §11 and warrant sanctions.

8. The allegations in the 26th Claim for Relief, "*Conversion of Member Interest Against Cross Defendant Jose Rene Ortiz*" page 123 line 17 to page 126 line 2 enumerated paragraphs 156 through 160 are denied as they are without merit and are wholly improper, made in bad faith and meant to harass, annoy and cause delay and expense in these proceedings, in violation of FRCP §11 and warrant sanctions.

9. The allegations in the 27th Claim for Relief, "*Unjust Enrichment Against Cross Defendant Jose Rene Ortiz" page 126 line 5, to* 127 line 11, enumerated paragraphs 161 through 164 are denied as they are without merit and are wholly improper, made in bad faith and meant to harass, annoy and cause delay and expense in these proceedings, in violation of FRCP §11 and warrant sanctions.

**FIRST AFFIRMATIVE DEFENSE**

**(IMPOSSIBILITY/FRUSTRATION OF PURPOSE)**

Cross Defendant ORTIZ is informed, and believes and on such information and belief alleges that any and all duties for which Cross Defendant would have been obliged to perform under the any contracts or agreements as alleged in WILLIAMS' 2nd Amended Answer/Cross Complaint/Counter Claim,/Third Party Claims have been be discharged due to impossibility of performing under the contract.

**SECOND AFFIRMATIVE DEFENSE**

**(SUPERSEDING CAUSES)**

Answering Cross Defendant is informed and believes and on that basis, alleges that any and all of WILLIAMS' damages, if any were the direct and proximate result of the intervening and superseding actions of other parties, either served or unserved and not this answering Cross Defendant and that such intervening and superseding actions of other parties, whether or not served, bar recovery herein by WILLIAMS.

**THIRD AFFIRMATIVE DEFENSE**

**(LACHES)**

WILLIAMS who has evaded earlier service of process and is in default on other pleadings in this case, has unreasonably delayed the response to, or commencement of the within action to the substantial prejudice of the answering Cross Defendant and by reason thereof is guilty of laches and WILLIAMS is thereby precluded from recovery within the action.

**FOURTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

WILLIAMS' by his own acts or omissions, with respect to the matters alleged in the Answer/Cross Complaint/Counter Claim/Third Party Claim and/or the 1st Amended and/or 2nd Amended Answer/Cross Complaint/Counter Claim/ Third Party Claim comes to this Court with unclean hands, and by reason of not coming into Court with clean hands, WILLIAMS is precluded from recovery in the within action.

**FIFTH AFFIRMATIVE DEFENSE**

**(PROCEDURAL AND SUBSTANTIVE UNCONSCIONABILITY)**

The answering Cross Defendant is informed, believes and thereon alleges that both the substance and nature of any alleged contract or agreement between WILLIAMS and this answering Cross Defendant were both procedurally and substantively unconscionable such that WILLIAMS is precluded from recovery within the action.

**SIXTH AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CAUSE OF ACTION)**

Each of WILLIAMS' causes of action, individually, fails to state facts sufficient to constitute a cause of action against this answering Cross Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

Answering Cross Defendant is informed and believes and thereon alleges that WILLIAMS has engaged in conduct and activity sufficient to constitute waiver of any alleged breach of contract, breach of warranty, guaranty, breach of duty, act, omission, or any other conduct, if any, as set forth in his Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim.

**EIGHTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

The answering Cross Defendant alleges that WILLIAMS is barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

**(NO CONSIDERATION/NO UNJUST ENRICHMENT)**

This answering Cross Defendant alleges that he did not receive any consideration in any manner from any party in the underlying case of the Plaintiff REGIONS BANK an Alabama State Bank, dba ASCENTIUM CAPITAL, and/or in any of the matters alleged in WILLIAMS' Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim nor was he unjustly enriched in any manner, and as such alleged personal guarantee and/or contractual liability of any kind is void and/or void ab initio.

**TENTH AFFIRMATIVE DEFENSE**

**(ASSUMPTION OF RISK)**

The answering Cross Defendant alleges that the WILLIAMS expressly, voluntarily, and knowingly assumed all risks about which it complains in its Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim and therefore, is barred, either totally or to the extent of said assumption, from any damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(COMPLAINT FRIVOLOUS AND IN BAD FAITH)**

The answering Cross Defendant alleges WILLIAMS' over 150 page verified Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim is frivolous and is not based in good faith under FRCP §11 or any other authority, as to the answering Cross Defendant and/or family members he has frivolously attempted to bring into the action, within the meaning of the Federal Code of Civil Procedure Section 11, and the answering Cross Defendant is entitled to recover sanctions and his reasonable expenses, including attorneys' fees, in defending WILLIAMS' action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

The answering Cross Defendant is informed and believes and thereon alleges that WILLIAMS engaged in conduct and activity with respect to the subject of this litigation, contracts, and incidents, which are the subject of the underlying Plaintiff's Complaint, and WILLIAMS' Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st and/or 2nd Amended Answer/Cross Complaint/Counter Claim/ Third Party Claim and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against the answering Cross Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(SPOLIATION OF EVIDENCE)**

The answering Cross Defendant is informed and believe and thereon alleges that WILLIAMS and/or Co-Defendants and/or their agents failed to preserve evidence, including but not limited to the subject property, including but not limited to money, contract documents, membership records, payroll records, and all documents, fixtures and tangible related thereto, which are the

subject of Plaintiff's underlying Complaint and/or WILLIAMS' Answer/Cross Complaint/Counter Claim and/or his 1st or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim and by way of spoilation of evidence, WILLIAMS and/or Co-Defendants and/or their agents have prevented or precluded this Answering Cross Defendant from properly investigating and preparing an adequate defense to the matters herein alleged, all, to this Cross Defendant's irreparable damage, thereby and thereupon providing a legal basis for relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(LACK OF STANDING)**

The answering Cross Defendant is informed and believes and, on that basis, alleges, that WILLIAMS lacks standing to sue the Cross Defendant with respect to the property and alleged damages described in the underlying Plaintiff's Complaint and/or WILLIAMS' Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st and/or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(UNCERTAINTY)**

The Answer/Cross Complaint/Counter Claim/Third Party Claim and/or 1st and/or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim of ANDREW WILLIAMS and each and every purported cause of action therein in uncertain.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(CAUSE IN FACT)**

WILLIAMS cannot prove any facts showing that the conduct of the Cross Defendant was the cause in fact of any damages alleged in the underlying Plaintiff's Complaint and/or WILLIAMS' Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st and/or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim such that the Cross Defendant is entitled to Judgment in his favor.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(PROXIMATE CAUSE)**

WILLIAMS cannot prove any facts showing that the conduct of the Cross Defendant ORTIZ was the proximate cause of any damages alleged in the underlying Plaintiff's Complaint and/or WILLIAMS' Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st and/or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(STANDARD OF CARE-LACK OF NOTICE)**

The answering Cross Defendant is informed and believes, and on that basis alleges, that at no time prior to the filing of this action did WILLIAMS, or any agent, representative or employee thereof, notify this Cross Defendants of any breach of contract, warranty, or duty to WILLIAMS related to the allegations in the Plaintiff's underlying Complaint, and/or WILLIAMS Answer/Cross Complaint/Counter Claim/Third Party Claim and/or his 1st and/or 2nd Amended Answer/Cross Complaint/Counter Claim/Third Party Claim. By reason of said failure to notify, WILLIAMS is barred from any recovery from this answering Cross Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(NO VIOLATION OF STATUTE)**

The answering Cross Defendant is informed and believe and on that the answering Cross Defendant did not violate a statute, ordinance, or regulation. WILLIAMS' alleged damages were not actually or proximately caused by any statutory violation on behalf of the Cross Defendant. WILLIAMS' damages if any, did not result from an occurrence, the nature of which the claimed statutes, ordinance, or regulations were designed to prevent.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(NO INDUCEMENT)**

The answering Cross Defendant is informed and believes and thereon alleges that there was no conduct by the answering Cross Defendant which would have served as inducement for the purpose of establishing a claim of fraud against him.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(RESERVATION)**

The answering Cross Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may avail itself of additional, as yet unstated, affirmative defenses.

**TWENTY-FIRST AFFIRMTIVE DEFENSE**

**(NO CARE, CONTROL, OR CUSTODY OF THE FUNDS)**

The answering Cross Defendant believes and thereon alleges that care, control, and/or custody of the alleged funds were outside of his care, control and custody and at all relevant times were in the care, control and/or custody of all other parties in this case, including but not limited to primarily WILLIAMS, such that this Cross Defendant has no responsibility for said funds.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE)**

The answering Cross Defendant believes and thereon alleges that WILLIAMS at all times, failed to mitigate their damages.

**PRAYER FOR RELIEF**

WHEREFORE, this Cross Defendant ORTIZ prays as follows:

1. That WILLIAMS take nothing against him by reason of his 2nd Amended Answer/Cross Complaint/Counter Claim, or Third Party Claims.
2. That the Court enter Judgment for ORTIZ against WILLIAMS;
3. For such other and further relief as the Court may deem proper.

Lisa Mitts Patrick
Attorney for JOSE RENE ORTIZ

**DEMAND FOR JURY TRIAL**

The answering Cross Defendant, JOSE RENE ORTIZ, aka JOSE R. ORTIZ, aka JOSE ORTIZ, an individual restates his prior demand, and again demands a trial by jury on all issues triable by jury in this action and all cross-actions.

Lisa Mitts Patrick
Attorney for JOSE RENE ORTIZ

# FEDERAL COURT PROOF OF SERVICE

Case No. 2:25-cv-00359

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over the age of 18 years of age and not a party to this action. My business address is 122 E. Amerige Ave., Suite 313, Fullerton CA, 92832.

On 9/~~4~~18 KM/26, I served true copies of the following document(s):

CROSS DEFENDANT JOSE RENE ORTIZ' ANSWER TO 2ND AMENDED "ANSWER" AND CROSS COMPLAINT/COUNTER CLAIM, THIRD PARTY CLAIMS, OF DEFENDANT/CROSS DEFENDANT ANDREW WILLIAMS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

(X ) BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent from e-mail address lolmp2021@gmailcom to the persons at the e-email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) By Fax. I sent the documents to the above listed parties by fax to the number listed on their pleading and the transmission was complete and with no errors.

( ) By Mail. I placed a true copy of the document in the United States Mail in a sealed envelope with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 9/~~4~~18 KM/26 at Fullerton, California.

Kathleen Micalizzi

Kathleen Micalizzi

## SERVICE LIST

Case No. 2:25-cv-00359

| | |
|---|---|
| Andrew K. Alper, Esq.<br>Thomas M. Robins, Esq.<br>FRANDZEL, ROBINS, BLOOM and CSATO<br>1000 Wilshire Blvd., 19th Floor<br>Los Angeles, CA 90017-2427<br><br>Phone: 323-852-1000<br>Fax: 325-651-2577<br>Email: aalper@frandzel.com, | Attorney for Plaintiff/Cross Complainant/Cross Defendant REGIONS BANK |
| Michael Gannon, Esq.<br>Katharine H. Walton, Esq.<br>Baker Hostetler, LLP<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606<br>Phone: 312-416-6200<br>Email: mgannon@bakerlaw.com<br>Email: kwalton @ baker law | Attorneys for Defendant/Cross Defendant/Cross Complainant WASHWORLD, INC. |
| Xitlaly Estrada, Esq.<br>Baker & Hostetler, LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301<br>Phone: 310-979-8430<br>Email: xestraeda@bakerlaw.com | |
| Andrew Williams in pro per<br>12641 Antioch Road, Suite #1045<br>Overland Park, KS 66213<br>Phone: 619-796-6469<br>Email: andrew@carwashmgt.com | Pro Se Defendant, Cross Defendant/Cross Complainant |
| Thomas D. Sands<br>The Sands Law Group, APLC<br>205 S. Broadway Ste 608<br>Los Angeles, CA 90012<br>Phone: 213-788-4412<br>Fax: 833-329-7263<br>Email: Info@tslg.law | Attorney for Car Wash Management, LLC |